UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DISNEY ENTERPRISES, INC., )
TWENTIETH CENTURY FOX FILM CORPORATION, )
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, )
COLUMBIA PICTURES INDUSTRIES, INC., and )
WARNER BROS. ENTERTAINMENT INC., )
)
      *Plaintiffs*, ) Case No. 1:11-cv-20427-UU
)
vs. )
)
HOTFILE CORP., ANTON TITOV, and )
DOES 1-10. )
)
      *Defendants*. )
)

**PLAINTIFFS' EMERGENCY MOTION FOR ORDER PROHIBITING SPOLIATION AND PRESERVING EVIDENCE**

Based on a clear danger of evidentiary spoliation in this case, plaintiffs hereby seek an emergency order prohibiting defendants Hotfile Corp. and Anton Titov ("defendants") from destroying critical evidence of infringement. In support of their motion, plaintiffs submit the accompanying Memorandum of Law, the Declaration of Ian Foster, Distinguished Service Professor of Computer Science at the University of Chicago, and the Declaration of Duane C. Pozza. In light of the risk of spoliation absent immediate action by the Court, plaintiffs also request an expedited briefing schedule.

Defendants operate the website and service at www.hotfile.com ("Hotfile"), which actively promotes and facilitates massive infringement of plaintiffs' copyrighted works. As further explained in the accompanying Memorandum of Law, plaintiffs seek emergency relief because there is an immediate danger that electronic evidence critical to establishing liability will be altered or destroyed unless the Court grants the requested relief. This Court has granted even

1

more extensive relief under comparable circumstances.  *See, e.g.*, *Dell, Inc. v. BelgiumDomains, LLC*, No. 07-22674, 2007 WL 6862341, at *5 (S.D. Fla. Nov. 21, 2007) (Jordan, J.).

By way of background, on February 8, 2011, defendants were served with the Complaint in this action and a letter providing explanation of the relief requested in this motion, the bases on which plaintiffs are seeking such relief, and notice that this motion would be filed "as promptly as possible."  *See* Declaration of Duane C. Pozza, dated Feb. 22, 2011 ("Pozza Decl.") ¶ 2, Ex. A.  The letter further advised the defendants to "have your counsel contact us to determine if any of the requested relief can be stipulated or otherwise may be unopposed."  Pozza Ex. A.  Counsel for the parties corresponded telephonically and in writing regarding the proposed relief on February 10 and 11, 2011.  On February 15, 2011, counsel for defendants advised that defendants were willing to preserve some categories of evidence.  However, defendants refused to commit to preserve other highly relevant categories of evidence.  Moreover, defendants' claim of willingness to preserve any evidence proved illusory, as defendants refused to agree to enter into a stipulation that might be presented to the Court.  Defendants further refused plaintiffs' request for limited discovery in advance of the Rule 26(f) conference or even to set a date for a Rule 26(f) conference.  *See* Pozza Decl. ¶¶ 3-5 & Exs. C and Y.  On February 16, 2011, plaintiffs' counsel wrote to defendants' counsel explaining that defendants' responses were insufficient to provide meaningful relief to plaintiffs, and inviting defendants to reconsider their position.  As of this filing, defendants' counsel had not responded.  Pozza Decl. ¶ 3 & Ex. D.

Over the just-concluded holiday weekend, online reports began to surface indicating that Defendants have begun disabling – en masse – the accounts and files of infringing users.  *See*

Pozza Decl. ¶ 6 & Ex. E.  This sudden and dramatic change in defendants' business practices only serves to heighten concerns about immediate spoliation of critical evidence.

Accordingly, plaintiffs respectfully move the Court to provide relief of two types.  *First*, Plaintiffs request that the Court enter an order requiring that the defendants preserve critical relevant evidence, including (1) all content files, (2) all content reference data, user data and user activity data, (3) all communications regarding defendants' Hotfile service, including records of communications with registered users and other website operators via any email platform or address used by defendants, (4) all business and marketing plans related to defendants' Hotfile-related businesses, and (5) all internal communications between and among defendants and/or their employees regarding defendants' Hotfile-related businesses.

*Second*, Plaintiffs request that the Court authorize very limited discovery to permit Plaintiffs to take immediately possession of copies of particularly vulnerable data concerning the content files distributed by defendants (*e.g.*, the infringing copies of copyrighted works), as well as a representative sample of those content files, which constitute critical evidence of defendants' infringing activities.

Defendants have been on notice of Plaintiffs' intention to file this motion since February 8, 2011, and through subsequent discussions among counsel.  Plaintiffs' counsel is serving defendants' counsel with a copy of this motion, by hand delivery, contemporaneously with electronic filing.

WHEREFORE, for the reasons stated in the accompanying Memorandum of Law, and Declarations of Ian Foster and Duane Pozza, Plaintiffs move the Court to enter an order requiring the defendants to preserve critical evidence.  A proposed order granting the requested relief has been filed herewith.

Plaintiffs further request that the Court expedite consideration of this Motion and order defendants to respond by 5 p.m. on Thursday, February 24, 2011, and permit plaintiffs to file a reply by 5 p.m. on Friday, February 25, 2011, and have submitted a proposed order with that briefing schedule.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for plaintiffs have conferred with counsel for defendants Hotfile Corp. and Anton Titov in a good faith effort to resolve the issues raised in this Motion, but have been unable to do so, as described in the accompanying Declaration of Duane Pozza.

Dated:  February 22, 2011			By:  s/ Karen L. Stetson
						Karen L. Stetson

						GRAY-ROBINSON, P.A.
						Karen L. Stetson (FL Bar No. 742937)
						1221 Brickell Avenue
						Suite 1600
						Miami, FL 33131
						Phone: 305-416-6880
						Fax: 305-416-6887

MOTION PICTURE ASSOCIATION			JENNER & BLOCK LLP
OF AMERICA, INC.				Steven B. Fabrizio (*Pro Hac Vice Pending*)
Daniel M. Mandil (*Pro Hac Vice to be Filed*)	Duane C. Pozza (*Pro Hac Vice Pending*)
Karen R. Thorland (*Pro Hac Vice to be Filed*)	Luke C. Platzer (*Pro Hac Vice Pending*)
15301 Ventura Blvd.				1099 New York Ave., N.W.
Building E					Suite 900
Sherman Oaks, CA  91403				Washington, DC 20001
						Phone: 202-639-6000
						Fax: 202-639-6066

						*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2011, I caused to be served a copy of the foregoing Plaintiffs' Emergency Motion For Order Prohibiting Spoliation And Preserving Evidence, Memorandum of Law in Support thereof, Proposed Orders, and Declarations of Professor Ian Foster and Duane C. Pozza, with Exhibits, upon the following person(s) via hand service and via electronic mail:

Janet Munn
RASCO KLOCK
283 Catalonia Avenue
2nd Floor
Coral Gables, FL 33134
Ph:305-476-7101
Fx: 305-468-6281
jmunn@rascoklock.com
*Attorney for Defendants*

Dated:  February 22, 2011          GRAY-ROBINSON, P.A.
                                   Karen L. Stetson

                                   By: s/ Karen L. Stetson
                                         Karen L. Stetson

                                   *Attorneys for Plaintiffs*