UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., <br> TWENTIETH CENTURY FOX FILM CORPORATION, <br> UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, <br> COLUMBIA PICTURES INDUSTRIES, INC., and <br> WARNER BROS. ENTERTAINMENT INC., <br><br> *Plaintiffs*, <br><br> vs. <br><br> HOTFILE CORP., ANTON TITOV, and DOES 1-10. <br><br> *Defendants*. | Case No. 1:11-cv-20427-UU <br><br> **[PROPOSED] ORDER ON PLAINTIFFS' EMERGENCY MOTION FOR ORDER PROHIBITING SPOLIATION AND PRESERVING EVIDENCE** |

Upon consideration of Plaintiffs' Emergency Motion for Order Prohibiting Spoliation and Preserving Evidence, and all of the papers submitted in support thereof:

The Motion is hereby GRANTED. The Court finds that there is a legitimate concern for the continuing existence and maintenance of the integrity of evidence absent a preservation order, that plaintiffs will be prejudiced if such information is spoliated, that this concern outweighs any harm to Defendants that may result from a preservation order, and that the Defendants will not be unduly burdened by such an order. The Court further finds that, pursuant to Fed. R. Civ. P. 26(d)(1), there is good cause to authorize limited expedited discovery in advance of the Fed. R. Civ. P. 26(f) conference, as set forth below in Paragraph 2.

1.	It is hereby ORDERED that all Defendants shall preserve, and shall immediately take efforts to prevent from expiring and/or being deleted or overwritten (even if such data would otherwise expire, and/or be deleted or overwritten in the normal course of business, including through the termination of user accounts), all documents and electronically stored

2

information reasonably related to this litigation in their possession, custody, or control, including the following:

    a. All content files uploaded to, stored on and/or downloaded from the website and service at www.hotfile.com, or any computer server operated by or for defendants ("Hotfile");

    b. All electronic data received by Hotfile servers or otherwise created or used by Defendants (including databases) reflecting information about the content files uploaded to, stored on and/or downloaded from Hotfile;

    c. All electronic data received by Hotfile servers or otherwise created or used by Defendants (including databases) reflecting information about the users of Hotfile, whether registered or unregistered, including without limitation any user account or activity records, any records of uploads to or downloads from Hotfile by users, and any records of payments to users or third-parties under any of Hotfile's "Affiliate" programs, including all data that Hotfile uses to determine those payments, and all records identifying those users or third-parties;

    d. All communications between Defendants and users of Hotfile and/or participants in any of Hotfile's "Affiliate" programs, from any electronic communications platforms, or email systems or addresses, Defendants use;

    e. All documents pertaining to business, advertising or marketing plans, or any "Affiliate" rewards or payment programs, related to Defendants' Hotfile businesses, including without limitation all communications about such plans or programs; and

    f.  All communications between or among Defendants and their owners, shareholders, principals, officers, directors, employees, agents, business partners, or contractors regarding Defendants' Hotfile-related businesses.

Defendants are required to preserve all such evidence that is in their possession, custody, or control, even if maintained by third parties, including third parties hosting email communications on Defendants' behalf and third parties Defendants have contracted with to provide data about the activities by users of Hotfile.

2.    It is FURTHER ORDERED that, in accordance with Fed. R. Civ. P. 26(d)(1), Plaintiffs may take certain immediate discovery from Defendants Hotfile Corp. and Anton Titov, in advance of the Fed. R. Civ. P. 26(f) conference, on the following topics:

    a.  Any electronic data received by Hotfile servers or otherwise created or used by Defendants (including databases) containing information regarding the content files uploaded to, stored on and/or downloaded from Hotfile, including without limitation any data identifying downloads and downloaders of such content files, and any data needed to identify a representative sample of such content files; and

    b.  A sample of the content files stored on and/or downloaded from Hotfile as determined by plaintiffs.

IT IS SO ORDERED.

Dated: _____, 2011.

                                              _____
                                              United States District Court Judge