UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., <br> TWENTIETH CENTURY FOX FILM CORPORATION, <br> UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, <br> COLUMBIA PICTURES INDUSTRIES, INC., and <br> WARNER BROS. ENTERTAINMENT INC., <br><br> *Plaintiffs*, <br><br> vs. <br><br> HOTFILE CORPORATION, <br> ANTON TITOV, and DOES 1-10. <br><br> *Defendants*. | Case No. 1:11-cv-20427-UU |

**DECLARATION OF DUANE C. POZZA IN SUPPORT OF PLAINTIFFS'
EMERGENCY MOTION FOR ORDER PROHIBITING SPOLIATION AND TO
PRESERVE EVIDENCE**

I, Duane C. Pozza, hereby declare as follows:

1. I am a partner at the law firm of Jenner & Block LLP, and counsel to the plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. ("plaintiffs"). The statements made in this declaration are based on my personal knowledge including on information provided to me by colleagues or other personnel working under my supervision on this case.

2. Attached hereto as Exhibit A is a true and correct copy of a letter from my colleague Steven Fabrizio to Anton Titov and Hotfile Corp., dated February 8, 2011, which sets forth, *inter alia*, plaintiffs' intent to file this motion on an emergency basis, the relief requested in this motion, and the bases for granting such relief. This letter, along with the complaint and

1

summonses in the above-captioned case, was personally served on Mr. Titov on February 8, 2011. On February 9, 2011, I was contacted telephonically by Janet Munn, who told me that she represented Mr. Titov and Hotfile Corp. ("defendants") in the above-captioned case, and she indicated that she had not received a copy of this letter. I provided a copy of the letter by email to Ms. Munn that same day.

3. Thereafter, my colleague Steven Fabrizio and myself participated in multiple telephonic conferences and email communications with Ms. Munn regarding the relief requested in plaintiffs' motion and the bases for requesting that relief. On February 10, Ms. Munn twice conferred telephonically with Mr. Fabrizio regarding the relief requested in plaintiffs' motion, including once with both myself and Mr. Fabrizio, in which we outlined in detail the categories of evidence that we requested be preserved. On February 11, Ms. Munn and Mr. Fabrizio again conferred regarding any relief to which defendants could agree to stipulate. Attached hereto as Exhibit B is a true and correct copy of an email message sent from myself to Janet Munn on February 11, 2011, summarizing the discussions between counsel to that date regarding the relief requested in this motion. Attached hereto as Exhibit C is a true and correct copy of a letter from Ms. Munn to myself and Mr. Fabrizio dated February 15, 2011, explaining defendants' position as to the requested relief. Attached hereto as Exhibit D is a true and correct copy of an email from myself to Ms. Munn dated February 16, 2011 explaining that defendants' responses were insufficient to provide meaningful relief to plaintiffs. As of February 22, 2011, defendants' counsel had not responded to my February 16 email.

4. Defendants have not agreed to the requested relief. As I noted in my February 16 email, defendants have not agreed to enter a stipulation to preserve relevant data that would be presented to and so ordered by the Court. In my February 16 email, I specifically invited Ms.

2

Munn to advise plaintiffs' counsel if our understanding about defendants' refusal to stipulate to Court-ordered relief was incorrect, but as noted above, I have not received any response from Ms. Munn or other of defendants' counsel to my February 16 email. I also explained in my February 16 email that there is other relevant data that plaintiffs have identified that defendants have not indicated they are fully preserving, including: (1) all data regarding Hotfile users, whether registered or unregistered, including all records of uploads or download by users, (2) additional content reference data regarding content files, including downloads by country and downloads by "Premium" users, (3) all records of payments to users or third-party link site operators under any of Hotfile's "Affiliate" programs, including all data that Hotfile uses to determine those payments, and all records identifying those users or third party link sites, (4) all communications regarding Hotfile, including records of communications with registered users and other website operators via any email address used by defendants, (5) all internal communications between and among defendants and their employees regarding defendants' businesses, (6) any data regarding use of Hotfile or communications with Hotfile that are maintained by third parties at the direction of Hotfile. Rather, defendants have suggested they are preserving only limited categories of data as set forth in Ms. Munn's February 15 letter attached as Exhibit C, including names, file IDs, and URLs of content files, content file size and upload date, content file uploader information, numbers and dates of downloads of content files, and business and marketing plans related to defendants' businesses. Further, defendants' counsel has also indicated that defendants will now suspend deletion of content files from their servers that are deleted by users, though defendants' counsel represented in our previous discussions and in her February 15 letter that, prior to the filing of this litigation, defendants maintained a policy of deleting content files from their servers that were deleted by users after a period of 20 days.

3

5. Additionally, as noted in Ms. Munn's letter and my February 16 email, defendants also have not agreed to plaintiffs' request for expedited discovery of content reference data and content files. Plaintiffs' counsel has offered to stipulate that defendants would be relieved of their burden to continue preserving content files after a random sample of those files had been produced and verified using the expedited discovery process. Defendants still have refused to consent to expedited discovery.

6. Over this past weekend, defendants appear to have made significant changes to their business practices, including disabling user accounts and uploaded content files. Attached hereto as Exhibit E is a true and correct copy of a news article reporting these changes, "Hotfile Goes to War Against Copyright Infringers," posted to the website torrentfreak.com on Saturday, February 19, 2011, as printed from the URL indicated on the webpage on February 21, 2011. Attached hereto as Exhibit F is a true and correct copy of the first two pages of a forum thread titled "Hotfile: Account Termination" on the website at www.wjunction.com, as printed from the URLs indicated on the webpage on February 22, 2011. The thread contains numerous comments from Hotfile users reporting that their Hotfile accounts were terminated and links to their files disabled on February 18, 2011.

7. Attached hereto as Exhibit G is a true and correct copy of the Hotfile FAQ page on the website at www.hotfile.com, as printed from the URL indicated on the webpage on July 28, 2010.

8. Attached hereto as Exhibit H is a true and correct copy of the Hotfile Affiliates page on the website at www.hotfile.com, as printed from the URL indicated on the webpage on July 28, 2010.

9. Attached hereto as Exhibit I is a true and correct copy of the Corrected Reply Brief to Opposition to Motion for Preliminary Injunction filed by Liberty Media Holdings, L.L.C. on February 9, 2010 in *Liberty Media Holdings, L.L.C. v. Hotfile.com et al.*, No. 3:09-cv-02396-D (N.D. Tex).

10. Attached hereto as Exhibit J is a true and correct copy of the Brief in Support of Motion to: (1) Dismiss or in the Alternative Quash Service of the Complaint and Summons; and (2) Dismiss for Lack of Personal Jurisdiction filed by Hotfile.com and Anton Titov on February 4, 2010 in *Liberty Media Holdings, L.L.C. v. Hotfile.com et al.*, No. 3:09-cv-02396-D (N.D. Tex).

11. Attached hereto as Exhibit K is a true and correct copy of the Declaration of Anton Titov in Support of Lemuria Communications Inc.'s Motion to Dismiss filed by Lemuria Communications Inc. on December 20, 2010 in *Perfect 10, Inc. v. Hotfile Corp. et al.*, No. 3:10-cv-02031-MMA-POR (S.D. Cal.).

12. Attached hereto as Exhibit L is a true and correct copy of Articles of Amendment to the Articles of Incorporation of Lemuria Communications Inc., signed by Anton Titov as "President" of Lemuria Communications Inc., filed with the Florida Department of State on September 3, 2010, and publicly available on and printed from the Florida Department of State website.

13. Attached hereto as Exhibit M is a true and correct copy of an email message sent by Constantin Luchian, on behalf of Lemuria Communications Inc., to the Florida Department of State on October 20, 2009, and publicly available on and printed from the Florida Department of State website, requesting that the principal place of business address and mailing address for Lemuria Communications Inc. be changed to 401 E. Las Olas Blvd., Suite 130-508, Fort

Lauderdale, FL 33301.  The UPS Store website, http://www.theupsstorelocal.com/4356/, indicates that UPS Store #4356 is located at 401 E. Las Olas Blvd., Suite 130, Fort Lauderdale, FL 33301.  Persons under my supervision telephoned UPS Store #4356 and spoke with a UPS employee who confirmed that no other businesses are located at that address and suite number, and that the store provides customers with rented mailboxes at that address and suite number.

14.     Attached hereto as Exhibit N is a true and correct copy of the Articles of Incorporation of Lemuria Communications Inc. filed with the Florida Department of State on October 15, 2009, and publicly available on and printed from the Florida Department of State website.

15.     Attached hereto as Exhibit O is a true and correct copy of the Hotfile Terms of Service on the website at www.hotfile.com, as printed from the URL indicated on the webpage on July 8, 2010.

16.     Attached hereto as Exhibit P is a true and correct copy of the Hotfile Privacy Policy on the website at www.hotfile.com, as printed from the URL indicated on the webpage on July 8, 2010.

17.     Attached hereto as Exhibit Q is a true and correct copy of a printout of the webpage located at http://www.allyoulike.com/34920/the-princess-and-the-frog-2009-ts-screener, as captured from that URL on November 10, 2010.  The page displays Hotfile download links for the film *The Princess and the Frog*, described as a "New Release Added" on the page.  Following the download links, the page reads, "LINKS ARE INTERCHANGEABLE SO KINDLY DOWNLOAD EVEN ONE OR TWO HOTFILE LINKS TO HELP SUPPORT ALLYOULIKE [the website].  THANK YOU.  With HOTFILE, when the links get blacklisted, the same links can be re-uploaded and you can simply resume your download."

18.     Attached hereto as Exhibit R is a true and correct copy of a printout of the webpage located at http://www.rlslog.net/third-watch-s02-dvdrip-xvid-ffndvd-saints, as captured from that URL on November 15, 2010.  The page displays Hotfile download links for multiple episodes of the television show *Third Watch*.  On October 18, 2010, a user comment on the page states, "[t]hank you very much for this!!  One of my favorite show and sadly I couldn't find the dvds.  Please please upload season 3-6 too…Also thanks for the hotfile links, people!"

19.     Attached hereto as Exhibit S is a true and correct copy of a printout of the webpage located at http://rlstv.com/2010/03/03/cougar-town-what-are-you-doin-in-my-life-season-1-episode-16, as captured from that URL on November 10, 2010.  The page displays Hotfile download links for an episode of the television show *Cougar Town*.  In a comment posting a Hotfile download link, the post author adds "NO PASS, Enjoy ☺".

20.     Attached hereto as Exhibit T is a true and correct copy of the Order (1) Granting in Part and Denying in Part Plaintiffs' Motion to Require Defendants to Preserve and Produce Server Log Data and for Evidentiary Sanctions; and (2) Granting Plaintiffs' Request for Attorneys' Fees and Costs from *Columbia Pictures Industries, et al. v. Fung*, No. CV 06-5578 SVW (JCx) (C.D. Cal. June 8, 2007).

21.     Attached hereto as Exhibit U is a true and correct copy of the Report and Recommendation of United States Magistrate Judge Re: Plaintiffs' Request for Rule 37 Sanctions, from *Columbia Pictures Industries, et al. v. Fung*, No. CV 06-5578 SVW (JCx) (C.D. Cal. Sept. 19, 2007).

22.     Based on public documents, Anton Titov appears to be residing and doing business in Florida.  As noted in Exhibit L, Mr. Titov is the President of the Florida corporation Lemuria Communications.  Attached hereto as Exhibit V is a true and correct copy of the

7

WHOIS Search Results page for Pulsematch.com on the website at www.godaddy.com, as printed from the URL http://who.godaddy.com/whois.aspx?k=I4bY3UL/IEBWRQUDUtnGHA==&domain=pulsematch.com&prog_id=GoDaddy, on February 22, 2011. The page was obtained by visiting the website www.godaddy.com, selecting "WHOIS search" from the "Resources" section of that page, and entering "pulsematch" into the search box. Exhibit V states that Anton Titov is the administrative contact for Pulsematch.com and lists Anton Titov's email address as "anton@titov.net" and his physical address as an apartment in Miami Beach, Florida. Attached hereto as Exhibit W is a true and correct copy of the WHOIS History for Hotfile.com on 2008-09-12 on the website at www.domaintools.com, as printed from the URL http://domain-history.domaintools.com/?page=details&domain=hotfile.com&date=2008-09-12, on February 22, 2011. According to Exhibit W, as of September 12, 2008, Anton Titov was the administrative contact for the domain hotfile.com, and could be contacted at the email address "sedo@titov.net". Attached hereto as Exhibit X is a true and correct copy of the Hotfile Intellectual Property Policy on the website at www.hotfile.com, as printed from the URL indicated on the webpage on February 22, 2011. According to Exhibit X, Hotfile's designated copyright agent, Constantin Luchian, can be contacted at 1007 N. Federal Highway, Suite 240, Fort Lauderdale, Florida 33304.

23. Attached hereto as Exhibit Y is a true and correct copy of an email from Janet Munn to Mr. Fabrizio dated February 22, 2011, stating that defendants do not consent to scheduling a Rule 26(f) conference on March 14, 2011 and that defendants intend to seek a 30-day extension of time to respond to plaintiffs' Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 22, 2011, at Washington, D.C.

_____
Duane C. Pozza