# EXHIBIT A

**JENNER&BLOCK**

February 8, 2011

**VIA HAND DELIVERY**

To: Anton Titov and
   Hotfile Corp. (c/o Anton Titov)

Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel 202-639-6000
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

Steven B. Fabrizio
Tel 202 639-6040
Fax 202 661-4823
sfabrizio@jenner.com

Re: *Disney Enterprises, Inc. et al. v. Hotfile Corp., Anton Titov, and Does 1-10,* United States District Court for the Southern District of Florida

Dear Mr. Titov:

Enclosed please find a complaint and a summons filed in the above-captioned case, which we are serving on you in your personal capacity, and as a managing agent of the defendant Hotfile Corp. We represent the plaintiff entities Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. ("plaintiffs"), whose copyrighted works have been repeatedly and willfully infringed by your operation of the website and service at www.hotfile.com ("Hotfile").

We are also writing to inform you that plaintiffs intend to file an *ex parte* Emergency Motion for Expedited Discovery and Preservation Order as promptly as possible. Plaintiffs intend to seek the following limited expedited discovery from defendants: (a) production of electronic data (including databases) in defendants' possession, custody, or control containing information identifying or otherwise regarding the electronic files uploaded to, stored on and/or downloaded from Hotfile, including any data identifying downloads of such electronic files or otherwise necessary to identify a representative sample of such electronic files for production; and (b) a representative sample of the electronic files stored on and/or downloaded from Hotfile, to be specified by plaintiffs after reviewing the electronic data described above. Plaintiffs further will seek the following limited discovery from defendants and any payment processor or internet service provider that has a relationship with defendants, in order to identify the defendants Does 1-10: (c) identification of any other person or entity involved in the operation of Hotfile, any person or entity operating a third party website paid for directing user traffic to Hotfile including via Hotfile's "Affiliate" program for third-party website operators, and the persons or entities that have received the greatest amounts of payments under Hotfile's "Affiliate" program for uploaders.

This limited expedited discovery is fully justified by the serious risk of spoliation or alteration of critical evidence in this case. Most of the key evidence in this case is in electronic form and is subject to quick and easy deletion that would render it irretrievable. Moreover, public statements on the Hotfile website indicate that evidence has been and is being routinely deleted. Defendants' policies also allow Hotfile's own users to delete evidence of infringement on Hotfile, and experience in other cases against online copyright infringement defendants has

Anton Titov
February 8, 2011
Page 2

shown time and again that the most incriminating electronic evidence is subject to spoliation during the course of litigation. The evidence we have identified above is directly relevant to plaintiffs' copyright infringement claims. Further, immediate discovery into the identities of the Doe defendants is appropriate at the outset of litigation. For these reasons and others, a court has good cause to permit expedited discovery.

Additionally, given the risk of spoliation, plaintiffs will seek a court order requiring that defendants, and any third parties maintaining evidence on defendants' behalf, preserve all relevant documents, including documents in electronic form. Those documents include: all electronic files uploaded to, stored on and/or downloaded from Hotfile; all electronic data (including databases) regarding the electronic files uploaded to, stored on and/or downloaded from Hotfile; all electronic data (including databases) regarding the users of Hotfile, whether registered or unregistered, including without limitation any user account records, records of payments to users pursuant to Hotfile's "Affiliate" program, and any records of user uploads to or downloads from Hotfile; all communications between defendants and users of Hotfile and/or participants in any of Hotfile's "Affiliate" programs from any email address(es) defendants utilize; all business and marketing plans related to defendants' businesses; and all internal communications between or among defendants and their employees, agents, or contractors regarding defendants' businesses. As noted above, there is a legitimate concern that this highly relevant evidence may be altered or destroyed, and defendants will not be harmed or unduly burdened by preservation of this evidence.

Accordingly, please have your counsel contact me immediately at the phone number or email address indicated above, and we will provide your counsel with a copy of this motion prior to filing it. If we do not hear from one of your representatives, we will email you, and any attorneys we believe to be currently representing you, a copy of the motion at the time of filing. However, I urge you to have your counsel contact us to determine of any of the requested relief can be stipulated or otherwise may be unopposed.

Regardless of the disposition of this anticipated motion, you should also be aware that you are under an obligation to preserve all documents and electronically stored information that are potentially relevant to any litigation. In particular, you are required to suspend your routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents. *See In re Seroquel Products Liability Litigation*, 244 F.R.D. 650, 663 (M.D. Fla. 2007) ("Once a 'litigation hold' is in place, a party and her counsel must make certain that all sources of potentially relevant information are identified and placed 'on hold.'") (quoting *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004)); *Preferred Care Partners Holding Corp. v. Humana, Inc.*, No. 08-20424-CIV, 2009 WL 982460 (S.D. Fla. Apr. 9, 2009) ("Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents") (quoting *Zubulake*, 229 F.R.D. at 431). Courts have regularly held, moreover, that "in the world of electronic data, the preservation obligation is not limited simply to avoiding affirmative acts of destruction," and that "[s]ince computer systems generally have automatic deletion features that periodically purge electronic documents such as

Anton Titov
February 8, 2011
Page 3

e-mail, it is necessary for a party facing litigation *to take active steps to halt that process*." *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 175-76 (S.D.N.Y. 2004) (emphasis added). Your obligation extends also to documents and electronically stored information nominally in the possession of any other persons or companies with whom you may be affiliated. The definition of documents within a party's "control" includes not only possession but also "the legal right, authority, or practical ability to obtain the materials sought upon demand," *S.E.C. v. Credit Bankcorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2001) (emphasis added), and thus "applies where discovery is sought from one corporation regarding materials which are in the physical possession of another, affiliated corporation." *Id.* at 472.

      Again, we look forward to hearing from your counsel as expeditiously as possible.

                              Sincerely,

                              Steven B. Fabrizio

Enclosures