# EXHIBIT C



RASCO KLOCK
REININGER PEREZ ESQUENAZI VIGIL NIETO

**Janet T. Munn, Esq.**
Partner
305.476.7101
jmunn@rascoklock.com

February 15, 2011

**Via Electronic Mail and U.S. Mail**

Steven B. Fabrizio, Esq. (*SFabrizio@jenner.com*)
Duane Pozza, Esq. (*DPozza@jenner.com*)
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412

RE: **Disney Enterprises, Inc., et al. vs. Hotfile Corp., et al.**
     **SDFL Case No.: 11-20427-Ungaro**

Dear Steven and Duane:

This is in response to Duane's email to me of last Friday evening, February 11, 2011. This response is without prejudice to all claims and defenses of all of the Defendants in the above-styled action, including but not limited to defenses and objections regarding jurisdiction and service of process. This response is also without waiver of or prejudice to the rights of Defendants in this litigation to object to any discovery that Plaintiffs might seek in the future, including but not limited to objections on the grounds of over-breadth, relevancy, privilege or protections from discovery, including but not limited to objections based on the attorney-client privilege, the attorney-work product doctrine and the trade secrets or proprietary business information privilege, privacy protections, statutory or constitutional privileges or provisions, or any other privilege or immunity from discovery, under the law of applicable jurisdictions.

By responding to your email of February 11, we are not conceding that the documents or information you have requested be preserved need to be preserved. Furthermore, as explained below, we do not agree that Plaintiffs are entitled to expedited discovery. We are simply responding in good faith to your demands for the immediate production of documents that you contend you need in advance of and despite the deadlines set forth in Federal Rules of Civil Procedure 26, and your demand for preservation of documents you contend are relevant in this action.

Duane stated in the second full paragraph of his February 11 email: "defendants agreed to maintain certain data that defendants maintain in their ordinary course of business." I confirm what I told you in my telephone conversation last week. It is the normal business practice of Hotfile.com ("Hotfile"), to preserve most of the data that you refer to as "content reference information," including at least the following: content file names, file IDs and other constituents of the URLs of content files; content file size; content file upload date; any identifying

Steven B. Fabrizio, Esq.
Duane Pozza, Esq.
February 15, 2011
Page 2

information regarding content file uploaders received by Hotfile, such as IP addresses and e-mail addresses; and the number and date of content file downloads (if any). Hotfile will continue to maintain its business practice of preserving these documents.

As we also discussed last week, when a user of Hotfile's services deletes a file that has been uploaded to Hotfile's site, access to that file is disabled and the file cannot be accessed by users of Hotfile.com, but the file remains on Hotfile's servers for a period of 20 days, after which time the file is automatically deleted. Hotfile has agreed to suspend the deletion process and will leave files deleted by users of Hotfile on the servers. Because this will likely require the purchase of additional file storage space and additional severs, I asked if your clients would be willing to share at least partially in the costs associated with complying with your request that these files not be deleted. We asked this because it is only fair that if your clients are asking that my clients incur additional expenses in complying with your demands for the preservation of evidence that your clients share in those costs. You said they would not. At no time during any of our conversations or other communications, did I say that Hotfile would only suspend the deletion process of those files if your clients agreed to share in the costs for purchasing additional file space and servers. I wish to clear up any misunderstanding on your part regarding this point.

We disagree with your contention that Hotfile's preservation policies and practices create a "risk of spoliation" of relevant evidence. While Hotfile's policies and procedures do provide for the deletion of files in certain circumstances, that does not mean that any relevant evidence would be lost. Nonetheless, we have been very responsive and Hotfile has been very accommodating in an effort to avoid unnecessary disputes and needless litigation by your clients over these issues, including agreeing to incur the additional expenses of buying more servers and file space.

In Duane's February 11 email, he listed eight categories of information that your clients demand Hotfile preserve during the course of this litigation. I have set forth each of the numbered paragraphs from Duane's email below that contain your contentions regarding Defendants' document preservation obligations, and I will respond to each in turn.

1. "All data regarding Hotfile users, whether registered or unregistered, including records of uploads or download by users."

**Response:** I have set forth above the information that Hotfile maintains on users and has agreed to maintain. As I explained in our telephone conversation last week, Hotfile does not keep records of information relating to downloads, other than the number and date of downloads. Hotfile does not store information about users who download files.

2. "All content files. It is defendants' obligation to preserve all such files, which constitute direct evidence of infringement. Further, as we have noted, Hotfile appears to have a policy of routinely deleting at least some files that have not been accessed for a period of time, which also must be suspended."

Steven B. Fabrizio, Esq.
Duane Pozza, Esq.
February 15, 2011
Page 3

**Response:** Hotfile has already agreed to preserve all content files uploaded to Hotfile.com servers. Specifically, as previously explained, Hotfile agreed to suspend the deletion of files to which access has been disabled as the result of a user request or takedown notice. Hotfile also agrees to suspend any data deletion policy that would result in the deletion of an uploaded file that has been inactive or not accessed for a period of time, and will maintain such uploaded files. As you are aware, the expense of preserving all content files is very substantial. You have nonetheless refused to pay for any part of the expense of preserving this data. Furthermore, in light of your explanation of your purpose in obtaining access to content files, I do not believe that you have justified or can justify the retention of all content files uploaded to Hotfile. Hotfile reserves the right to contest any obligation to preserve content files that would normally be deleted pursuant to its standard policies and procedures, and to cease doing so after giving written notice and a reasonable opportunity to your clients to raise any concerns they may have with the court.

3. "All additional content reference data regarding such content files, which may include additional data such as file name and download by country."

**Response:** Your use of the term "content reference data" is ambiguous, and I have to object to it on that basis. Hotfile is preserving metadata regarding content files, as outlined above, and will continue to maintain such records. Hotfile does not store information on downloads by country and, therefore, there is no information to preserve.

4. "All records of payments to users or third-party link site operators under any of Hotfile's "Affiliate" programs, including all data that Hotfile uses to determine those payments, and all records identifying those users or third-party link sites."

**Response:** We do not know what you mean use of the undefined term "third-party link operators." With respect to Hotfile's Affiliate program, Hotfile will preserve any and all identifying information that Hotfile has regarding Affiliates, and all records of payments to Affiliates.

5. "All business and marketing plans related to defendants' businesses."

**Response:** Hotfile agrees to preserve such documents, although the request is overly broad. Hotfile reserves its objections to any request for the disclosure of such documents.

6. "All communications regarding Hotfile, including records of communications with registered users and other website operators via any email address used by defendants."

**Response:** This request is overly broad, unduly burdensome and harassing. It seeks to require Hotfile to preserve all communications regarding any subject relating to Hotfile from anyone, either inside or outside of Hotfile. This request would have Hotfile preserve documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Hotfile cannot agree to this request and declines to do so. If Plaintiffs wish to reformulate their request to one that is reasonable in scope and subject matter, then Hotfile will consider such a request.

Steven B. Fabrizio, Esq.
Duane Pozza, Esq.
February 15, 2011
Page 4

      7.    "All internal communications between and among defendants and their employees regarding defendants' businesses."

      **Response:**    As with request number 6 above, this request is overly broad, unduly burdensome and harassing. It seeks to require Hotfile to preserve all communications of the defendants with their employees that have nothing to do with this lawsuit. This request seeks preservation of documents that are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this action. Hotfile cannot agree to this request and declines to do so. Again, if Plaintiffs wish to reformulate their request to one that is reasonable in scope and subject matter then Hotfile will consider such a request.

      8.    "Any data regarding use of Hotfile or communications with Hotfile that are maintained by third parties at the direction of Hotfile."

      **Response:**  This request, too, is overly broad, unduly burdensome and harassing. This request seeks to require Hotfile to preserve documents that have nothing to do with this lawsuit. This request seeks preservation of documents that are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence in this action. The request is also vague and ambiguous. Hotfile cannot agree with this request and declines to do so, but will consider a request directed to information that is relevant to the claims in this litigation.

      In the final paragraph of Duane's email he includes further demands regarding downloads, including "information such as IP address of the requesting user, the URL requested, and the time of request." As I stated in my telephone call with you last week, and as set forth above, Hotfile creates and maintains records only of the URL of the requested file and of the numbers of downloads. It has agreed to preserve these records.

      With respect to Plaintiffs' request for expedited discovery in advance of the requirements of Rule 26, we do not believe that the request is reasonable or justified.

      First, your demand for expedited discovery of a "representative" sample of content files is simply directed toward discovery on the merits of your claims. You have provided no justification for expedited discovery of this information, and there is none. The only explanation you have offered for expediting this discovery is that it would relieve Defendants of the burden of maintaining all content files indefinitely. However, maintaining all content files indefinitely is not necessary for this purpose. The "sample" of the content stored on Hotfile servers you claim to seek is a sample of the content existing on those servers at a particular point in time. Thus, preserving all content files on those servers at that point in time is sufficient. If, for example, Defendants preserve the content on Hotfile servers as of the commencement of this action, you will be able to obtain the "sample" you claim to want, assuming your claims survive long enough to warrant any discovery at all and that you can justify the discovery you claim to seek. It is not necessary for Defendants to preserve all content uploaded to its servers in the future.

      Moreover, you cannot justify expedited discovery under the guise of claiming to want to reduce the burdens on Defendants to preserve documents, if Defendants are willing to incur

Steven B. Fabrizio, Esq.
Duane Pozza, Esq.
February 15, 2011
Page 5

those burdens. For the time being, they are. As noted above, they will not cease to do so in the absence of a written agreement of the parties or ample notice and an opportunity to address any concerns to the court.

Second, we do not believe that you have provided sufficient cause for expedited discovery into the identities of other potential defendants. Before pursuing such discovery, your clients are obligated to establish that there is at least minimal merit to their claims. Your demands for discovery implicate the constitutional speech rights, privacy rights, and statutory rights of individual users as well as of the Defendants. Defendants cannot be compelled to participate in the deliberately intrusive and burdensome discovery you have demanded until those claims have been found to be viable.

Defendants are entitled to the same protections afforded by the Rules of Civil Procedure as any other litigant. We understand that Plaintiffs would like to dispense with the rules so that they can rush to present their case in a manner that would deprive Defendants of the ability to defend themselves. The unfairness of such an approach is directly contrary to the most basic rules of procedure and due process and we do not believe that the Court will countenance such an approach. Defendants decline the Plaintiffs' unjustified demands for expedited discovery.

We believe that we have more than adequately addressed any reasonable concerns that Plaintiffs have regarding preservation of documents and that motion practice on this issue would be improper. We also believe that there is no justification for seeking expedited discovery in this action as the time frames provided by Rule 26 and Local Rules 16.1 and 26.1 are more than adequate for this case.

We also wish to remind you that your clients as well have obligations to preserve all documents that are relevant to the claims and defenses of the subject matter of this lawsuit. I will be communicating with you in more detail about your clients' evidence preservation obligations. In the meantime, you must confirm that all documents and data potentially relevant to your client's claims or to the likely defenses to those claims are being preserved.

Thank you for your attention to these matters.

Very truly yours,

for: Janet T. Munn