UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.11-20427-CIV-JORDAN/MCALILEY

DISNEY ENTERPRISES, INC., *et al.*,

    Plaintiffs,

vs.

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION

    Plaintiffs initiated this copyright infringement lawsuit on February 8, 2011, and fourteen days later filed their Emergency Motion for an Order Prohibiting Spoliation and to Preserve Evidence [DE 14], which the Honorable Adalberto Jordan referred to me. [DE 34]. Defendants filed a response in opposition to the motion [DE 30], and on March 7, 2011, I held a status conference at which I addressed the issues with the parties. Following that status conference I issued an Order that directed the parties to meet, share information and attempt to reach agreement on their dispute. I directed that they thereafter submit a joint report to the Court, informing the Court of their hoped-for progress in resolving their dispute. [DE 45].

    The parties filed their Joint Report [DE 48], and it documents their inability to reach agreement. I have since made a careful review of the Complaint, motion and response, the Joint Report, the many attachments to these various pleadings and the applicable law, and

conclude that Plaintiffs' motion should be denied.

Plaintiffs own copyrighted motion pictures and television properties. According to the Complaint, Defendants own and operate a website from which users share popular entertainment material, including Plaintiffs' copyrighted works. [*See* DE 1]. In their Emergency Motion Plaintiffs complain that after this lawsuit was filed, Defendants began to disable the accounts and files of infringing users. [DE 14, p. 2]. Although Plaintiffs acknowledge that they can not prove that Defendants sought to destroy evidence, Plaintiffs claim that Defendants' actions had the "effect of skewing the data to show less infringement." [DE 48, p. 3]. Charging that this conduct "serves to heighten concerns about immediate spoilation of critical evidence" [DE 14, p. 3], Plaintiffs ask this Court to enter a broad preservation order directed at Defendants, and to authorize Plaintiffs to take immediate expedited discovery. [*See* DE 14, p. 3; DE 48-1].

Defendants respond that they simply took steps to delete infringing accounts, that is, to terminate the conduct that Plaintiffs complain about. [*See* DE 30; DE 48].[1] Defendants point out that they immediately retained counsel, and then suspended routine deletions of accounts as part of a litigation hold issued in response to the filing of the lawsuit. [*Id.* p. 3]. Moreover, at the status conference, and later in the Joint Report, Defendants have

---

[1] In the recently filed Joint Conference Scheduling Report, Defendants describe their operation as an online file storage and sharing service, which is a platform for users to share non-infringing works, such as music, film and images created and promoted by independent and amateur artists. Defendants maintain that millions of files have been uploaded to the website, and that they publish and enforce a policy that the website not be used for copyright infringement. [*See* DE 54, p. 3].

2

demonstrated their intention to preserve evidence for discovery, and to commence the discovery process.[2]

In their Joint Report both parties cite to a decision from another District, *Capricorn Power Co. Inc. v. Siemens Westinghouse Power Corp.*, that established a three-part balancing test for determining when courts should enter a preservation order.[3] 220 F.R.D. 429 (W.D. Pa. 2004). I find that the evidence and argument put forth by Plaintiffs, when considered in the context of the *Capricorn* balancing test, does not justify entry of Plaintiffs' proposed preservation order. In particular, I am not persuaded, on this record, that Defendants sought to destroy evidence, and I am persuaded, again on the record presently before the Court, that Defendants understand their obligation to preserve evidence and have taken reasonable steps to do so. Defendants are plainly on notice that any future destruction of evidence puts them at great risk of sanctions. The proposed preservation order, filed by Plaintiffs, is extremely broad and given the nature of Defendants' computer-based business, that order would almost appear to be a set-up for unintended non-compliance. The parties have filed their Joint Proposed Scheduling Order and they should go ahead and commence discovery. The Court declines to order the extraordinary remedy sought by Plaintiffs in their pending motion.

---

[2] Defendants also respond to Plaintiffs' Emergency Motion by arguing that if this Court issues a preservation order, that it should be directed at both Plaintiffs and Defendants. Just as Plaintiffs have failed to justify entry of a preservation order against their adversary, so too have Defendants.

[3] I was sorry to see Defendants' counsel, in their section of the Joint Report, mischaracterize that test. [*See* DE 48, p. 8-9].

Accordingly, the Plaintiffs' Emergency Motion for an Order Prohibiting Spoliation and to Preserve Evidence [DE 14], is **DENIED**. The Request of Defendants for Oral Argument on their Emergency Motion [DE 31], is also **DENIED**.

DONE AND ORDERED in chambers at Miami, Florida this 19th day of April, 2011.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Adalberto Jordan
Counsel of Record