UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., ) <br> TWENTIETH CENTURY FOX FILM CORPORATION, ) <br> UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, ) <br> COLUMBIA PICTURES INDUSTRIES, INC., and ) <br> WARNER BROS. ENTERTAINMENT INC., ) <br> ) <br> *Plaintiffs*,                                            ) <br> ) <br> vs.                                                              ) <br> ) <br> HOTFILE CORP., ANTON TITOV, and           ) <br> DOES 1-10.                                                ) <br> ) <br> *Defendants*.                                         ) <br> _____ ) | Case No. 1:11-cv-20427-UU <br><br> **JOINT PROPOSED ESI PLAN** |

After conferring on these matters, plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. and defendants Hotfile Corp. and Anton Titov (collectively, "the parties") have agreed to the following parameters regarding the discovery of electronically stored information ("ESI") and hard copy production format in this case.

The parties understand that agreements related to electronically stored information are not customarily submitted as standalone filings. However, the parties' joint Rule 26(f) report, filed April 15, 2011, indicated to the Court that the parties were close to reaching an agreement pursuant to Fed. R. Civ. P. 26(f)(3)(C), and that they would file such agreement with the Court upon execution. The parties are hereby submitting the referenced agreement so that the Court, if it so desires, can incorporate it with the parties' April 15, 2011 report pursuant to Rule 26(f).

A.  **Identification of Responsive Documents**

1.  <u>Custodians</u>.  Following the exchange of requests for production, the parties agree to meet and confer regarding the custodians for whom the producing party will search and produce custodial documents and ESI.  The parties agree to disclose the custodians whose documents they intend to search for responsive documents, and to cooperate in good faith in exchanging information and input regarding such selection.

2.  <u>Backup Media</u>:  The parties agree that they shall not be required, during the initial collection of documents, to collect documents from backup media.  The parties agree during discovery to meet and confer concerning whether good cause exists to collect documents from backup media for any particular custodian(s) or repository(ies).  In the event the parties are unable to reach agreement and a party specifically requests that the other party collect documents from backup media, the responding party's obligations in responding to such request shall be governed by the Federal Rules of Civil Procedure.  This agreement is without prejudice to the ability of either party to take any position with respect to whether either party's backup media are reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B).

3.  <u>Method for collecting documents</u>:  The parties agree during discovery to meet and confer in good faith concerning whether, for a limited subset of particular custodians, good cause exists for the producing party to collect custodian documents by means of forensic images to be reviewed by counsel prior to production.

4.  <u>Keyword Searching</u>:  With respect to the documents and emails sought with respect to specific subject matter(s) and collected from the custodians referenced in Paragraph (A)(1) *supra*, the parties agree that each party may use reasonable keyword-based searching methods and algorithms to limit its collection and search.  However, use of keyword searching

cannot be used as a means to avoid a party's obligation to search for and/or produce documents or emails it knows or has reason to believe exist, or to search for and produce documents or emails whose responsiveness does not turn on their relationship to a specific subject matter.

### B. Format for Production of Electronically Stored Information

ESI shall be produced, as far as reasonably possible, in the following formats:

1. <u>Tiff Format</u>. The parties will produce all documents as Group IV single page tiff format files imaged at 300 dpi.

2. <u>Unique IDs</u>. The parties will name each tiff file with a unique name matching the Bates number labeled on the corresponding page. Each tiff will contain a branded Bates number located on the lower right side of each image. Bates numbers shall not contain spaces between the prefix and the number.

3. <u>Image Load File</u>. The parties will provide an image load file (Opticon file) that contains document boundaries.

4. <u>Document Text</u>. For documents that were originally stored as native electronic files and which do not have redactions, the extracted, full text from the body of each document will be produced in a separate .txt file named for the beginning Bates number of the document. For documents that were originally stored as native electronic files and which have redactions, OCR text will be produced from the redacted image(s) associated with each document as a separate .txt file for each page of the document named for the Bates number of the page, in the same directory as the corresponding page of the document. Any redacted, privileged material should be clearly labeled to show the redactions on the tiff image.

5. <u>Special File Types</u>. Upon specific request by a receiving party, files created by software programs for which a TIFF image may be inadequate (such as Excel or other spreadsheet

3

programs, PowerPoint or other presentation programs, and Word Processing documents) shall also be produced in native format. The produced file should be named with the Bates number of the first page of the corresponding tiff production of the document (e.g., "ABC00001.xls").

6. <u>De-Duplication</u>. The parties will perform duplicate consolidation, producing a single unique copy of a given e-mail message and its attachments, or standalone file, with references to each custodian/location in which a copy originally appeared as set forth in the metadata specifications below. Documents shall be consolidated both vertically (within custodial data sets) and horizontally (across custodial data sets). In the case of duplicates maintained by custodians in different time zones, it is understood that the image and date/time metadata will reflect an arbitrary custodian's local time zone. Information regarding documents not produced due to de-duplication efforts may be provided by means of a "Duplicate Log" metadata field for produced documents, as described in Paragraph 7 below, or by means of a de-duplication report providing metadata field information for custodians/datasets that possessed copies of files that were not produced.

7. <u>Document Metadata</u>. The parties will produce extracted metadata for each document in the form of a .dat file, and include the following fields, except that if the field contains privileged information, that privileged information may be redacted. Any redactions for privilege reasons shall be recorded on a privilege log to include the following information shown in the table below, as applicable:

| FIELD NAME | DESCRIPTION |
|---|---|
| Bates_Begin | The Bates label of the first page of the document |
| Bates_End | The Bates label of the last page of the document |
| Attach_Begin | The Bates label of the first page of a family of documents (e.g., email and attachment) |
| Attach_End | The Bates label of the last page of a family of documents |

| | |
|---|---|
| Record_Type | The record type of a document (e.g. email, attachment, efile, etc.) |
| Time_Zone | The time zone used to process the document |
| Sent_Date | For email, the sent date of the message |
| Sent_Time | For email, the sent time of the message |
| Create_Date | For efiles or attachments, the document's creation date or operating system creation date |
| Create_Time | For efiles or attachments, the document's creation time or operating system creation time |
| DateLastMod | For efiles or attachments, the document's last modified date or operating system last modified date |
| TimeLastMod | For efiles or attachments, the document's last modified time or operating system last modified time |
| Email_Subject | The subject of an email or the filename of an attachment or stand-alone e-file |
| Author | The author of a stand-alone efile or attachment |
| From | The sender of an email message |
| To | The recipients of an email message, in a semi-colon delimited, multi-value list |
| CC | The copyee(s) of an email message, in a semi-colon delimited, multi-value list |
| BCC | The blind copyee(s) of an email message, in a semi-colon delimited, multi-value list |
| Custodian | The custodian in whose file the document was found, and the custodians of any duplicates, in a semi-colon delimited multi-value list |
| Duplicate Log | The custodian name plus email folder information or native file path and filename, for the document and all duplicates, in a semi-colon delimited, multi-value list.  In the alternative to producing this metadata field for produced documents, the parties may also provide a de-duplication report providing metadata field information for custodians/datasets that possessed copies of files that were not produced due to de-duplication efforts. |
| MD5 | The calculated MD5 hash value of the document |
| Native_File | The file path to the location of the native file if produced natively |
| Conf_Desig | The confidentiality designation, if any, for the document pursuant to any protective order in the case |
| Pagecount | Number of pages in document |

| File_Name | The file name of an attachment to an email or a loose document not attached to an email |
|---|---|
| File_Ext | The file extension of an attachment to an email or a loose document not attached to an email |

8. <u>Retention of Original Documents</u>. Each party agrees to retain native electronic source documents for all ESI produced in this litigation. Each party agrees to use reasonable measures to maintain the original native source documents in a manner so as to preserve the metadata associated with these electronic materials as it existed at the time of the original production in the event the review of such metadata becomes necessary. Notwithstanding this, each party understands and acknowledges that producing the metadata may effect some changes in the metadata itself, and agrees that any metadata change that results from production to requesting parties is permissible.

**C. Non-Production of Certain Electronically Stored Information**

The parties agree that it would be unnecessarily burdensome to produce certain forms of ESI, and will not do so. These include random access memory, with the exception of server log data, which is addressed in Paragraph E below. These also include voicemail messages that are not saved in, and cannot be readily converted to, transferrable formats such as email.

**D. Production of Instant, SMS, and MMS Messages**

The parties agree that to the extent any instant messages or chats of relevant custodians have been saved, such instant messages and chats will be searched and produced. This agreement does not address the obligations of the parties to initiate logging of chats or instant messages going forward; however, the parties will meet and confer in good faith concerning the treatment of such ESI, if any.

The parties agree that it would be unnecessarily burdensome to produce SMS and MMS messages for *every* custodian, and therefore agree that they will not do so. However, the parties agree to meet and confer concerning whether good cause exists to search and produce SMS and MMS messages, as well as other information from mobile handsets that is not duplicative of data stored on email servers, from a limited subset of custodians.

E.  **Production of Databases and Related Information**

The parties disagree regarding the extent to which databases will be produced in this case. In the event and to the extent such production is ordered or agreed upon, databases should be produced in a standard recoverable backup format, such as mysqldump or comparable format. Defendants are currently preserving certain server log data. The parties shall meet and confer regarding the production of server log data, as well as the retention and production of data in any particular dynamic fields in databases or log files.

F.  **Production of Source Code**

The parties disagree regarding whether source code will be produced in this case. In the event and to the extent such production is ordered or agreed upon, the parties shall meet and confer regarding the format of such production. Any such production would also be subject to any provisions of the protective order governing source code.

G.  **Production of Paper Documents**

Hard copy documents shall be produced, as far as reasonably possible, in the following formats:

1.  Tiff Format. The parties will produce all documents originally maintained in paper files as Group IV single page tiff format files imaged at 300 dpi. They will name each tiff file with a unique name matching the Bates number labeled on the corresponding page. Each tiff will

contain a branded Bates number located on the lower right side of each image. Bates numbers shall not contain spaces between the prefix and the number.

2.     Image Load File. The parties will provide an image load file (Opticon file) that contains document boundaries.

3.     Document Text. The OCR text will be produced from the image(s) associated with each document as a separate .txt file for each page of the document named for the Bates number of the page, in the same directory as the corresponding page of the document.

4.     Document Metadata. The parties will produce data for each document in the form of a .dat file including the following fields:

| FIELD NAME | DESCRIPTION |
|---|---|
| Bates_Begin | The Bates label of the first page of the document |
| Bates_End | The Bates label of the last page of the document |
| Attach_Begin | The Bates label of the first page of a family of documents (e.g., email and attachment) |
| Attach_End | The Bates label of the last page of a family of documents |
| Custodian | The custodian in whose file the document was found, and the custodians of any duplicates, in a semi-colon delimited multi-value list |
| Pagecount | Number of pages in document |

5.     Unitization of Documents. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). The parties should re-unitize improperly unitized documents.

6.     Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent document) should be preserved.

**H.  Scope of Agreement**

The Parties agree that this Plan shall govern the conduct of ESI and hard copy document production with respect to the issues addressed in this Plan.  The parties may seek to alter the scope and requirements of this Plan for good cause by Order of the Court.  Nothing in this Plan is intended to waive any privileges or, except as specifically provided herein, to impose obligations different from those contained in the Federal Rules of Civil Procedure.

Dated: May 12, 2011

By: /s/ Luke C. Platzer
Luke C. Platzer

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305-416-6880
Fax: 305-416-6887

*Attorneys for Plaintiffs*


By: /s/ Anthony P. Schoenberg
Anthony P. Schoenberg

RASCO KLOCK
Janet T. Munn (FL Bar No. 501281)
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

FARELLA BRAUN + MARTEL LLP
Roderick M. Thompson (*Pro Hac Vice)*
Anthony P. Schoenberg (*Pro Hac Vice*)
Andrew Leibnitz (*Pro Hac Vice*)
Deepak Gupta (*Pro Hac Vice*)
Janel Thamkul (*Pro Hac Vice*)
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants*