UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-CIV-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

**MOTION AND MEMORANDUM OF LAW OF DEFENDANTS
HOTFILE CORPORATION AND ANTON TITOV FOR SPECIAL
SCHEDULING ORDER REGARDING THE SAFE HARBOR
PROTECTIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

**I.   INTRODUCTION**

Defendants Hotfile Corporation and Anton Titov (collectively, "Hotfile"), respectfully request that the Court enter a special scheduling order in this case to permit the parties to depart from the one summary judgment rule under Local Rule 7.1(c)(2). This special schedule will enable the parties to test by an early motion for summary judgment whether Hotfile is entitled to the safe harbor protections afforded under the Digital Millennium Copyright Act, while reserving the option, at the close of discovery or at an earlier time if appropriate, for the parties to each file one additional summary judgment motion.[1] A finding that Hotfile is eligible for safe harbor protection under the DMCA will substantially narrow (or even eliminate) the dispute between the parties and promote judicial economy.

---

[1] This motion is filed without prejudice to or waiver of the pending motion to dismiss of Hotfile Corporation and Anton Titov.

The parties' Joint Local Rule 16.1 Conference Report filed on April 15, 2011 [D.E. #54] ("Joint Report"), set out their competing views on this issue. In its statement of position, Hotfile explained that this Court had recently adopted an analogous special schedule in a patent case entitled *Quito Enterprises, LLC v. Netflix, Inc., et al.* (Case No. 08-CV-23543-JORDAN), in the context of considering the Rule 26 case management schedule and permitted the defendants to depart from the one summary judgment limitation of Local Rule 7.1(c)(2). *See* September 9, 2009 Order Granting Motion for Special Scheduling Order [D.E. #176], attached as Exhibit "A." Plaintiffs in their statement of position in the Joint Report opposed Hotfile's proposal and suggested that if "the Court is inclined to entertain" this request, it should do so by motion. Subsequent discussions between counsel after filing the Joint Report have not narrowed this disagreement.

Hotfile hereby follows up on this outstanding issue, by filing this motion for special scheduling for leave to depart from Local Rule 7.1(c)(2), by allowing the filing of a separate early motion for summary judgment directed to the DMCA safe harbor protection. In order for the parties to have an opportunity to explain their positions on this important issue and for the Court to have an opportunity to further familiarize itself with the issues involved in this case, including the DMCA safe harbor provisions. Hotfile respectfully requests that the Court set a hearing on this Motion, and has separately filed a Request for Hearing in compliance with Local Rule 7.1(b).

## II. HOTFILE'S PROPOSED ACCELERATED SUMMARY JUDGMENT SCHEDULE WILL PROMOTE EFFICIENT ADJUDICATION OF THE PIVOTALLY CASE DISPOSITIVE DMCA SAFE HARBOR PROTECTION

To streamline this proceeding and potentially limit the extensive burdens and tremendous costs associated with conducting discovery on all matters raised in this case, Defendants request that the Court adopt the a case management schedule whereby any party on or before July 15, 2011 may file a summary judgment motion raising the issue of whether the DMCA safe harbor

protection applies to Hotfile's actions ("The Accelerated Summary Judgment Schedule"). [2] (Plaintiffs could either file their own motion by that date or simply oppose Hotfile's motion.) As a result, discovery would generally be focused on those DMCA safe harbor issues raised by the motion. But Hotfile does not seek, however, any formal limitation on the scope of discovery.

Congress designed the Digital Millennium Copyright Act ("DMCA") as a limitation on copyright infringement liability for internet service providers related to their hosting of online material, indexing and caching of online content and routing of network communications. The DMCA provides "safe harbors" to online service providers such as Hotfile from any monetary relief for claims of copyright infringement, both direct and indirect. 17 U.S.C. § 512(c). Last year, in *Viacom Int. Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514, 516 (S.D.N.Y. 2010), under comparable facts involving uploading of thousands of allegedly copyrighted videos to the YouTube website, the district court granted summary judgment in favor of YouTube on the Safe Harbor defense (resolving "the key legal issue presented on the parties' cross-motions"). The *Viacom* court explained that in establishing the safe harbor Congress was concerned that:

> [W]ithout clarification of their liability, service providers may hesitate to make the necessary investment in the expansion of the speed and capacity of the Internet…In short, by limiting the liability of service providers, the DMCA ensures that the efficiency of the Internet will continue to improve and that the variety and quality of services on the Internet will continue to expand.

718 F. Supp. 2d at 519-524 (discussing legislative history).

Here by allowing a prompt summary judgment motion(s) directed to the DMCA safe harbor issue, discovery will be necessarily focused on what matters for resolution of this issue— any disputed facts required for the Court to determine whether Hotfile is entitled to protection under the DMCA for some or all of the acts of copyright infringement alleged in Plaintiffs' Complaint. Although Plaintiffs do not dispute that the DMCA safe harbor protection is a central issue, they oppose Hotfile's proposal to streamlining resolution of that disputed issue.

---

[2] Hotfile had originally proposed in the Joint Report that this date to be June 15. As initial document discovery, however, is taking longer than anticipated, it is now clear that July 15 would be a more realistic deadline.

Plaintiffs instead propose to engage in a war of attrition against their much smaller foe. Their strategy is to force Hotfile to expend hundreds of thousands of dollars and perhaps more, and be subjected to months of unfocused and unlimited discovery, before the Court would have an opportunity to determine whether Plaintiffs' claims are barred either in whole or in part by the DMCA safe harbor provisions. There is simply no good reason now to delay adjudication of this pivotal threshold issue—if Plaintiffs prevail on the safe harbor issue (and the case does not settle) they would still be entitled to pursue whatever additional discovery they feel is warranted.

In the Joint Report, Plaintiffs asserted that the protections afforded Hotfile from suit under the DMCA "are inextricably intertwined" with the ultimate issues in the case of whether Hotfile engaged in copyright infringement. *See* Joint Report, p. 11. Hotfile disagrees and believes that there are many issues related to liability (e.g., copyright ownership) and damages that should be deferred until the threshold issue of whether Hotfile is entitled the safe harbor protections provided by the DMCA is resolved. Plaintiffs, however, have no difficulty in articulating the narrow issues they believe must be decided to determine if the safe harbor applies, arguing that Hotfile "cannot be eligible" for the DMCA safe harbor protection:

- *If* Hotfile failed to remove or disable access to material where it had "actual knowledge that the material or an activity using the material on the system or network is infringing," or were "aware of facts or circumstances from which infringing activity is apparent," 17 U.S.C. 512(c)(1)(A),
- *If* Hotfile "receive[d] a financial benefit directly attributable to the infringing activity" where it had "the right and ability to control such activity," 17 U.S.C. 512(c)(1)(B), or
- *If* Hotfile failed to reasonably implement a policy to terminate users who are repeat infringers pursuant to 17 U.S.C. 512(i)(1)(A).

*See* Joint Report at pp. 11-12. Plaintiffs argue that these issues will plainly overlap with some liability issues. But that misses the point.

4

Focusing the parties' time and attention on this more narrow subset of issues now will promote judicial efficiencies, as opposed to delaying consideration of these potentially case dispositive issues. Other courts in cases in which the safe harbor defense was raised have recognized the benefit of considering this issue first before determining the ultimate issues of liability and damages. For example, in *Io Group, Inc. v. Veoh Networks, Inc.*, 586 F. Supp.2d 1132, 1141 (N.D. Cal. 2008), the court found it "appropriate and more efficient to first address [defendant's] motion [for summary judgment] as to the applicability of the safe harbor under DMCA section 512(c)" rather than first examining issues of liability. After determining that the safe harbor provisions of the DMCA applied, the *Io* court disposed of the case: "Because an opinion as to [defendant's] liability for copyright infringement would be merely advisory, this court does not reach the issues raised in plaintiff's motion for summary judgment." *Id.* at 1155. In subsequent cases the DMCA has provided safe harbor to Internet service providers from claims of massive copyright infringement like those brought by Plaintiffs here. *See e.g., UMG Recordings, Inc. v. Veoh Networks Inc.*, 665 F. Supp.2d 1099, 1118 (C.D.Cal. 2009).

Further, In *Costar Group, Inc. v. Loopnet, Inc.*, 164 F. Supp.2d 688 (D.Md. 2001), a case cited by Plaintiffs in recent discussions between counsel, the court held that DMCA applied only to part of the period of time in dispute (after LoopNet had designated its agent) but nevertheless found efficiencies of analyzing the DMCA safe harbor question first:

> [B]ecause the parameters of the liability protection provided by the "safe harbor" are not contiguous with the bounds of liability for contributory infringement, the analysis may proceed more efficiently if issues are decided a bit out of order. On summary judgment, it is often appropriate for a court to decide issues out of the traditional order because a dispute of fact is only material if it can affect the outcome of a proceeding... Thus, to the extent, if at all, that [defendant] is entitled to summary judgment in its safe harbor defense, all other issues concerning damages liability for contributory infringement would be rendered immaterial.

*Id.* at 699 (internal citation omitted).

Similarly, the court in *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1098 (W.D. Wa. 2004) recognized that:

> Although it may seem premature to address Amazon's DMCA defense before first determining whether Amazon has violated Corbis's copyrights in the 230 zShops images, such an approach makes sense under the circumstances. *The DMCA gives an Internet service provider ('ISP') extensive protection against liability,* and leaves copyright owners with only limited injunctive relief. As discussed more fully below, the Court finds that Amazon is protected from damages sought by Corbis for the alleged infringement of its copyrights in the images displayed by zShops vendors. The relief sought by Corbis for the alleged infringements is prohibited under the DMCA. As a result, *even if Corbis's copyright infringement claims can b[ear] fruit, Amazon's liability protection ensures that the claims will whither on the vine.*

*Id.* at 1098 (emphasis added). Here, too, the DMCA issue presents a substantial opportunity for judicial efficiencies. By allowing both sides to present this issue promptly, the Court will be in a position to address this pivotal issue at a time in the course of this litigation that will allow the Court to manage the case more efficiently.

In discussions since the Joint Report, Plaintiffs have argued that because Hotfile did not file a registration of its DMCA agent with the copyright office until December 2009, Hotfile should not be able to rely on the DMCA safe harbor protection for the months the website was first in operation earlier in 2009. Plaintiffs therefore argue that no early summary judgment is possible. Defendants disagree on the merits of this argument for several reasons.[3] But that is for another day. For purposes of this motion, as recognized by the *Costar* court, even if the Plaintiffs were correct and Hotfile was not able to benefit from the DMCA safe harbor protection for the first several months of its existence, an early summary judgment motion would still potentially resolve the great bulk of the case (leaving only a few months of Hotfile's early existence in dispute as not potentially covered by the DMCA safe harbor protection), thereby achieving judicial economy and saving the parties substantial amounts of money that will be spent in costly discovery. There thus is no basis to proceed with burdensome discovery on all issues. And there can be no doubt it will indeed be burdensome.

---

[3] For example, contrary to Plaintiffs' characterization, the court in *CoStar* found that the defendant was not entitled to the safe harbor until after it had *designated* an agent, not until after it had *registered* that agent with the Copyright Office. *Costar Group,* 164 F. Supp.2d at 698.

Plaintiffs chose to include in their Complaint some 150 "exemplary" copyrighted movies and television shows (and have so far identified about 8,600 files they say are related to those works that were once on hotfile.com before being deleted pursuant the DMCA takedown procedure), but now demand discovery of each of the tens of millions of files that have been uploaded to Hotfile Fact. Expert discovery concerning these issues will be protracted and expensive. Once discovery is completed, the Court will likely be asked to decide motions for summary judgment raising separate issues of infringement, currently alleged to be both direct and indirect, as well as issues of ownership and potential invalidity of the asserted copyrights. (In the Joint Report, the parties suggested that damages issues should be deferred; but those issues will also require complicated discovery and motion practice.).

This Court has broad discretion to manage this case to limit the significant costs and burdens associated with Plaintiffs' unbounded approach. *See* S.D. Fla. L.R. 16.1(b)(2)(requiring parties to include "proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment" in the Joint Report); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-69 (11th Cir. 1997) (urging district courts to resolve disputes that may narrow issues early in order to control the costs and burdens of broad discovery).

The advantage of Hotfile's proposed Accelerated Summary Judgment Schedule is that it affords the Court and the parties an opportunity to focus early on one factually-independent and likely case-dispositive issue, without prejudicing all parties' rights to litigate other relevant issues should any remain following Hotfile's motion for summary judgment under the DMCA safe harbor provisions. *See, e.g.*, September 9, 2009 Order Granting Motion for Special Scheduling Order [D.E. #176], *Quito Enterprises, LLC v. Netflix, Inc., et al.* attached as Exhibit "A."

## III. HOTFILE'S PROPOSED SCHEDULE WILL NOT DELAY TRIAL OF THIS CASE

An early motion for summary judgment on the DMCA safe harbor provisions has advantages for the efficient management of this action, even if it were not to ultimately fully dispose of all the asserted claims. Following the Court's decision on the DMCA Safe Harbor Immunity summary judgment motion, any remaining issues in the case will be ready for trial as all parties have proposed in May 2012, which is the same time the case would be ready for trial if Defendants' alternative conventional schedule were adopted.

## IV. HOTFILE SEEKS PERMISSION FOR THE PARTIES TO EACH FILE ONE ADDITIONAL MOTION FOR SUMMARY JUDGMENT, IF NECESSARY

Hotfile has proposed the Accelerated Summary Judgment Schedule premised on the filing of an early focused motion for summary judgment on the DMCA safe harbor issues. (As noted, Plaintiffs may wish to file their own motion on some or all of the same issues.) This streamlined motion will address the elements of the section 512(c) safe harbor defense.

If this motion is not completely case dispositive, Hotfile seeks the Court's advance permission, in accordance with S.D. Fla. L.R. 7.1(c)(2), for the parties to each file one additional motion for summary judgment addressing any available ground, including non-infringement and other grounds of invalidity or unenforceability that become clear as the case progresses. *See* Local Rule 7.1(c)(2) (party may not file multiple motions for partial summary judgment without prior permission from the Court).

While determination of whether the DMCA safe harbor protection applies is likely to lead to an early resolution of all issues, Hotfile nevertheless recognizes that an additional motion for summary judgment could be necessary to protect the parties' interests later in the case. The alternative to not permitting an early separate motion for summary judgment on the DMCA safe harbor provisions will result in the parties being forced to expend tremendous time and money to conduct discovery on all issues that may be largely unnecessary and require the Court's time to deal with resolving discovery disputes, all before the Court has a chance to consider and rule on this potentially case dispositive issue. Hotfile believes this would be wasteful, inefficient, and

8

unfair. Accordingly, Hotfile respectfully requests that Hotfile and Plaintiffs be permitted to each file one additional summary judgment motion later, at the close of discovery or at an earlier time if appropriate, should any of Plaintiffs' claims survive a ruling on the DMCA safe harbor provisions.

## CONCLUSION

Hotfile respectfully requests that the Court adopt its proposed Accelerated Summary Judgment Schedule and permit Hotfile and the Plaintiffs to file an early motion for summary judgment on the issue of the safe harbor protections under the DMCA. In the event this Motion early summary judgment motion does not fully dispose of the case, Hotfile requests that the Court grant relief from Local Rule 7.1(c)(2) and allow each side to file one additional motion for summary judgment at the conclusion of discovery in this case or earlier as appropriate.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movants, Roderick M. Thompson, Esq. has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to do so.

DATED: May 27, 2011

By: s/ Roderick M. Thompson
Roderick M. Thompson (*Admitted pro hac vice*)
rthompson@fbm.com
N. Andrew Leibnitz (*Admitted pro hac vice*)
aleibnitz@fbm.com
Anthony P. Schoenberg (*Admitted pro hac vice*)
tschoenberg@fbm.com
Deepak Gupta (*Admitted pro hac vice*)
dgupta@fbm.com
Janel Thamkul (*Admitted pro hac vice*)
jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

And

CASE NO. 11-20427-CIV-JORDAN

And

s/ Janet T. Munn
Janet T. Munn, Fla. Bar No. 501281
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102
Email: jmunn@rascoklock.com

Valentin Gurvits (*Admitted pro hac vice*)
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Phone: 617-928-1800
Fax: 617-928-1802

*Counsel for Defendants*

CASE NO. 11-20427-CIV-JORDAN

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2011, I filed the foregoing document with the Clerk of the Court in the conventional manner. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Janet T. Munn
    Janet T. Munn

**GRAY-ROBINSON, P.A.**
Karen L. Stetson, Fla. Bar No.: 742937
Email: Karen.Stetson@gray-robinson.com
1211 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax:   305.416.6887

**JENNER AND BLOCK, LLP**
Steven B. Fabrizio (*Pro Hac Vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza (*Pro Hac Vice*)
Email: dpozza@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
Email: lplatzer@jenner.com
1099 New York Ave, N.W.
Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax:   202.639.6066

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 08-23543-CIV-JORDAN

| | |
|---|---|
| QUITO ENTERPRISES, LLC, | ) |
| Plaintiff | ) |
| vs. | ) |
| NETFLIX, INC., *et al.*, | ) |
| Defendants | ) |

### ORDER GRANTING MOTION FOR SPECIAL SCHEDULING ORDER

For the reasons stated below, the defendants' motion for a special scheduling order [D.E. 133] is GRANTED.

The defendants have made a sufficient showing that bifurcation of discovery may streamline resolution of this dispute. Based on my discretion to manage cases on my docket and narrow issues early in the litigation to reduce the burdens of broad (and possibly unnecessary) discovery, I will allow the defendants to file a joint summary judgment motion on the issue of invalidity due to prior art. All other merits discovery is stayed for now. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997). This motion for summary judgment is due on September 30, 2009, and is limited to the invalidity of the '152 patent based on the prior art identified at the August 28, 2009 hearing, including LyricTime Jukebox, Newspace, and the two Herz patents. Quito Enterprises, LLC will have until January 31, 2009 to conduct discovery on the alleged invalidity of the '152 patent and to file a response to the defendants' motion. The defendants' joint reply is due two weeks after the plaintiffs file their response. Depending on my initial impressions of the summary judgment motion, I may allow the plaintiff to engage in discovery on the merits during this time period. If the defendants' initial summary judgment motion is denied, additional summary judgment motions on the infringement issue will be permitted.

DONE and ORDERED in chambers in Miami, Florida, this 1st day of September, 2009.

*/s/ Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copy to: All counsel of record