UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.

_____/

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL
RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND
INTERROGATORIES**

Upon consideration of Plaintiffs' Motion to Compel Responses to Requests for

Production of Documents and Interrogatories, and all of the papers submitted in support thereof,

Plaintiffs' request to compel responses is GRANTED.  The Court finds that defendants should be

ordered to produce responses to Requests For Production Nos. 1, 2, 3, 15(b), 16, and

Interrogatory Nos. 6 and 9 as requested in plaintiffs' motion, as follows.

1.     It is hereby ORDERED that Defendants Hotfile Corp. and Anton Titov shall

produce:

a. All Content Reference Data as requested in Plaintiffs' Request for Production No. 1 and defined in Plaintiffs' requests, not limited to data for a subset of content files, and including (a) the IP address from which each such file was downloaded from Hotfile, and (b) the "status" of each such file on the Hotfile Website, including (i) whether the file has been blocked from user access or from Hotfile's servers, (ii) for files that do not remain active, the reason why the file no longer remains active, including whether the file was the subject of a copyright owner claim or notice, whether the Hotfile user deleted the file, whether the file was blocked, removed, or deleted for inactivity, whether the file is no longer active for some other reason.

b. All User Data responsive to Plaintiffs' Request for Production No. 2 and defined in Plaintiffs' requests, not limited to user activity data related to a subset of content files, and including the IP addresses of users who download files from Hotfile and the geographic locations reported by Hotfile users upon registration;

c. All Affiliate Data responsive to Plaintiffs' Request for Production No. 3, not limited to Hotfile Affiliates using IP addresses in the United States or to the top 500 highly paid users, and including all data used to calculate the amounts of payments to Affiliates or determine their proper recipients.

d. A complete response to Plaintiff's Interrogatory No. 9, including individually identifying information for the identified participants in the Affiliate program.

e. All versions of the source code for the Hotfile Website as it now exists or has ever existed, as requested in Plaintiffs' Request for Production No. 16;

f. Aggregate revenues per month related to the operation of Hotfile, and documents sufficient to show such revenues, for any Hotfile-related entity, including Hotfile

Corp. and Hotfile, Ltd., in response to Plaintiffs' Request for Production No. 15(b)

and Plaintiff's Interrogatory No. 6.

IT IS SO ORDERED.

Dated _____, 2011.

_____
United States District Court Judge