UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants*.
_____/

**DECLARATION OF DUANE C. POZZA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**

I, Duane C. Pozza, hereby declare as follows:

1. I am a partner at the law firm of Jenner & Block LLP, and counsel to the plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. ("plaintiffs"). The statements made in this declaration are based on my personal knowledge including on information provided to me by colleagues or other personnel working under my supervision on this case.

2. The parties have met and conferred extensively regarding certain of plaintiffs' document requests and interrogatories to the defendants Hotfile Corp. and Anton Titov ("defendants"). Plaintiffs served an initial set of document requests and interrogatories on April

1

1, 2011, and defendants served their objections on May 5, 2011.  Counsel for the parties met and conferred on May 11, 16, 19, and 20.  During those meet and confer discussions, defendants' counsel has made clear that defendants will not produce the requested documents and information responsive to the following requests:  Request for Production Nos. 1, 2, 3, 15(b), and 16, as well as Interrogatory No. 6 and Interrogatory No. 9.  For Request No. 15(b) and Interrogatory No. 6, plaintiffs have narrowed the documents and information they are seeking at this time as discussed below in paragraph 6.  For each of those requests, defendants are standing on the objections and limitations on production indicated in their responses.  The parties have conferred as to these requests and made a good faith effort to resolve the issues between the parties, but have been unable to reach a resolution.  (The parties continue to meet and confer regarding other requests to defendants.)  Relevant portions of the parties' meet and confer discussions on particular requests are described below.

   3. Regarding Requests Nos. 1 and 2 seeking Content Reference Data and User Data (as defined in those requests), during the meet and confer process, in an attempt to address defendants' burden objection to producing the requested data, plaintiffs' counsel asked defendants' counsel if they would provide an estimate of the size of content reference data or user log data.  Defendants' counsel did not provide such an estimate.  Defendants' counsel did later confirm that Hotfile uses MySQL database software.  In follow-up correspondence, my colleague Steven Fabrizio specifically asked whether defendants would provide an estimate of the size of the log data to be produced.  We have explained to defendants' counsel that the parties could consider ways to address burden concerns if the plaintiffs had more information.  Despite plaintiffs' requests, defendants refused to provide information as to the size of the requested log data.  Attached as Exhibit A is a true and correct copy of an email from myself to

defendants' counsel, dated May 20, 2011, documenting that defendants would not provide the size of the log data (omitting the email chain and attachments).

4.  During the meet and confer process, the parties also discussed defendants' privacy-related objections to producing identifying information for the top 500 highly paid Affiliates. Despite repeated requests, defendants declined to identify any specific privacy law on which they are withholding this information.  Moreover, Hotfile's Terms of Service provides that Affiliates must comply with Hotfile's Privacy Policy, as indicated on page 3 of the attached Exhibit B, a true and correct copy of the Hotfile Terms of Service available at http://hotfile.com/terms-of-service.html, printed from the Hotfile website on May 27, 2011.  A true and correct copy of Hotfile's Privacy Policy available at http://hotfile.com/privacy-policy.html, printed from the Hotfile website on May 27, 2011, is attached hereto as Exhibit C. It provides in relevant part:

> We may disclose Personal Information and any other information about you to government or law enforcement officials *or private parties* if, in our discretion, we believe it is necessary or appropriate for any of the following reasons: to respond to legal requests (including court orders and subpoenas); to protect the safety, property, or rights of Hotfile, any Hotfile user, or any third party; to prevent or stop any illegal, unethical, or legally actionable activity; or to comply with the law.

Ex. C at 2 (emphasis added).

5.  During the meet and confer process, plaintiffs' counsel asked defendants' counsel to provide the volume of source code and the version control software Hotfile uses to maintain the source code and all its versions, in order to understand and discuss defendants' objection that production of source code would be burdensome.  Defendants have refused to provide the volume of source code or identify the version control software.  A true and correct copy of an email exchange dated May 25, 2011 between my colleague Steven Fabrizio and defendants' counsel regarding this request is attached hereto as Exhibit D.

3

6. During the meet and confer process, in regard to Request No. 15(b) and Interrogatory No. 6, plaintiffs narrowed the documents and information they are seeking at this time to the aggregate revenues per month related to the operation of Hotfile. As plaintiffs' counsel explained during the meet and confer process, plaintiffs have done so because they have proposed a procedure that will enable full damages discovery to be postponed until after a liability finding as part of the Joint Scheduling Conference Report. Therefore, the plaintiffs are focused here on a relatively narrow set of financial information directly relevant to liability. Defendants' counsel indicated that that defendants will not provide this information for defendants or for Hotfile Corp.'s wholly owned subsidiary Hotfile, Ltd.

7. Attached hereto as Exhibit E is a true and correct copy of the Order (1) Granting in Part and Denying in Part Plaintiffs' Motion to Require Defendants to Preserve and Produce Server Log Data and for Evidentiary Sanctions; and (2) Granting Plaintiffs Request for Attorneys' Fees and Costs from *Columbia Pictures Industries, et al. v. Fung*, No. CV 06-5578 SVW (JCx) (C.D. Cal. June 8, 2007).

8. Attached hereto as Exhibit F is a true and correct copy of an Order from *Capitol Records, LLC v. MP3Tunes, LLC*, No. 07 Civ. 9931 (WHP)(FM) (S.D.N.Y. May 15, 2008).

9. Defendants' response to Interrogatory No. 9 indicates that Affiliates are being paid substantial sums of money by Hotfile. This response has been designated Highly Confidential by defendants and plaintiffs are seeking leave to file the interrogatory response, excerpted from Defendants' Responses to Plaintiffs' First Set of Interrogatories, dated May 5, 2011, under seal as Exhibit G to this declaration.

Executed on May 31, 2011, at Washington, D.C.

_____
Duane C. Pozza