# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

## DECLARATION OF ANDREW LEIBNITZ IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

I, Andrew Leibnitz, declare as follows:

1. I am an attorney at Farella Braun + Martel LLP and counsel for defendant Hotfile Corporation and Anton Titov. I have personal knowledge of the matters stated herein and, if called and sworn as a witness, I could and would competently testify to the fact set forth herein.

2. On the afternoon of May 27, 2011, during approximately the fifth telephonic negotiation between the parties regarding Plaintiffs' discovery, I asked counsel for Plaintiffs when Plaintiffs expected to file any motion to compel and whether Plaintiffs anticipated filing more than one motion. I asked to ensure that Hotfile had time to confer with its overseas client

and exchange additional information, and to make clear that Hotfile objected to serial motions on single discovery requests in violation of the page limit requirements of the Local Rules. *Id.* Plaintiffs' counsel refused to answer. We then arranged a further meet-and-confer discussion for five days later: Wednesday, June 1, 2011. Nonetheless, the morning of the next business day (*i.e.*, May 31, 2011), Plaintiffs filed the instant Motion.

3. In the Motion and the accompanying Declaration Of Duane C. Pozza, Plaintiffs repeatedly assert that Hotfile "declined to identify any specific privacy law on which they [relied]" in objecting to personally-identifiable information regarding Hotfile's users, including Hotfile's users in Europe. *E.g.*, Pozza Decl. ¶ 4. In fact, Hotfile repeatedly disclosed such authorities prior to the filing of this Motion. Because the relevant authorities are potentially as numerous as the countries in which Hotfile provides services, Hotfile initially referred Plaintiffs to the website for the Electronic Freedom Foundation, www.eff.org. This website includes reference to Directive 95/46/EC, art. 26 ¶ 1(d), 1995 O.J. (L 281) 46 ("European Privacy Directive"). *See* http://www.eff.org/issues/international-privacy-standards. In subsequent meet-and-confer conversations prior to this Motion, I explicitly referred Plaintiffs' counsel to the European Privacy Directive. I understand that Bulgaria – where Plaintiffs know that Hotfile conducts operations – implements the European Privacy Directive on a national level as the "Law For Protection Of Personal Data" referenced in Paragraph 13 herein. For these reasons – and because Plaintiffs precipitously filed this Motion before conclusion of the parties' meet-and-confer discussions – Plaintiffs' counsel cannot credibly claim surprise regarding Hotfile's authorities.

4. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' First Set of Requests for Production, dated April 1, 2011.

5. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' First Set of Interrogatories, dated April 1, 2011.

6. Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' Responses and Objections to Defendant Hotfile Corp.'s First Set of Interrogatories, dated May 5, 2011, redacted or excerpted to protect Plaintiffs' confidential information.

7. Attached hereto as Exhibit D is a true and correct copy of Schedule A to Plaintiffs' Responses and Objections to Hotfile's Corp.'s First Set of Interrogatories.

8. Attached hereto as Exhibit E is a true and correct copy of a meet-and-confer email string between counsel, dated June 8, 2011.

9. Attached hereto as Exhibit F is a true and correct copy of the Declaration of Charles J. Hausman from *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, NO. CV 01-08541 SVW (FMOx) (C.D. Cal. February 14, 2006).

10. Attached hereto as Exhibit G is a true and correct copy of the Declaration of Dr. Richard Waterman from *Arista Records LLC v. Usenet.com, Inc.*, NO. 07-CIV-882 (HB) (S.D.N.Y. February 20, 2009).

11. Attached hereto as Exhibit H is a true and correct copy of the Declaration of Brad R. Newberg from *Arista Records LLC v. Usenet.com, Inc.*, NO. 07-CIV-882 (HB) (S.D.N.Y. February 20, 2009).

12. Attached hereto as Exhibit I is a true and correct copy of Defendant's Response to Plaintiffs' First Set of Requests for Production of Documents, dated May 5, 2011.

13. Attached hereto as Exhibit J is a true and correct copy of Bulgaria's Law For Protection Of Personal Data, Chapter One, Article 1, published in the State Gazette on January 4, 2002 and available online at http://www.aip-bg.org/pdf/pdpa.pdf.

14.     Attached hereto as Exhibit K is a true and correct copy of Directive 95/46/EC Of The European Parliament And Of The Council, No. L 281/31 (October 24, 1995).

15.     Attached hereto as Exhibit L is a true and correct copy of an email string between counsel, dated June 13, 2011.

16.     Attached hereto as Exhibit M is a true and correct copy of the Declaration of Ian Foster in Support of Plaintiffs' Emergency Motion for Order Prohibiting Spoliation and Preserving Evidence, dated February 21, 2011.

17.     Attached hereto as Exhibit N is a true and correct copy of the Declaration of Anton Titov in Support of Plaintiffs' Emergency Motion for Order Prohibiting Spoliation and Preserving Evidence, dated February 27, 2011.

18.     Attached hereto as Exhibit O is a true and correct copy of the Order Denying Plaintiffs' Motion, dated April 19, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __17th__ day of June 2011, at San Francisco, California.

Andrew Leibnitz