# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, LLC; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MAVERICK RECORDING COMPANY; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 07-CIV-8822 (HB)  ECF Case |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| USENET.COM, INC.; SIERRA CORPORATE DESIGN, INC.; and GERALD REYNOLDS, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## DECLARATION OF BRAD R. NEWBERG

1.      I am a partner in the law firm of Newberg & Winters LLP.  I am a member of the

Bars of the District of Columbia and the States of Maryland and Virginia.  My practice focuses

on copyright and trademark matters.  I have personal knowledge of the following facts and, if

called and sworn as a witness, could competently testify thereto.

2.      Attached as Exhibit A is a copy of my curriculum vitae.  I have served as counsel

for major record companies and other content owners.  This work has included assessments of

claims arising under the Copyright Act. Based on my experience, I am familiar with the practices for analyzing works and determining their ownership and copyright status.

3.      I have been asked by the plaintiffs in the above-captioned case to perform and manage an investigation and analysis regarding the files being offered for download to Usenet.com users. I understand that, to perform this analysis, Dr. Richard Waterman designed a protocol to collect a random sample of files available on certain newsgroups carried by Usenet.com. I coordinated and conducted an analysis to determine the character of the content files collected in accordance with Dr. Waterman's protocol, as described in detail below.

4.      My team and I reviewed the first 1,800 functioning content files in the sample collected in accordance with Dr. Waterman's protocol. In reviewing each file, my team and I made reasonable efforts to open and play each file. Any file that we were not able to open or play after reasonable efforts, or that contained no sound or recognizable output (e.g., only static) when opened or played, was classified as "Junk / Damaged Unintelligible," and not considered as one of the 1,800 functioning files. For each file classified as "Junk / Damaged Unintelligible," my team and I reviewed an additional file, in order to get to a total of 1,800 functioning files in the sample.

5.      Under my supervision, my team and I reviewed the files and attempted to identify them and determine the ownership, copyright, and authorization status for each file. Each file was reviewed manually to attempt to determine the identity of the file and its owner. Further investigation was done to determine whether each file was likely authorized for free distribution through Usenet. In our investigation, my team and I relied upon multiple reliable public sources of information containing information on copyright ownership and distribution, including the database available at www.allmusic.com and information available from various online retailers

2

such as Amazon.com. I personally reviewed each file initially reviewed by any other member of my team to verify the analysis and to confirm the infringement status assigned to it.

6. Identified files where the sound recording was confirmed by one of the Record Companies[1] to be owned or exclusively distributed in the United States by one of them or by one of their affiliates and not authorized for free distribution through Usenet were classified as "Confirmed Infringing."

7. After a thorough investigation and analysis, including review of publicly available information regarding the content of each identified file, each of the 1,800 files was assigned one of the following categories:

- "Confirmed Infringing," meaning that the file was confirmed by one of the Record Companies to be owned or exclusively distributed in the United States by one of them or by one of their affiliates and not authorized for free distribution through Usenet;

- "Highly Likely Infringing," meaning that it was highly likely that the file was not authorized for free distribution by its copyright owner, based on publicly available evidence of the commercial exploitation of the content and the lack of any public indication of free distribution;

- "Highly Likely Noninfringing," meaning that it was highly likely that the file was in the public domain or authorized for free distribution;

- "Confirmed Noninfringing," meaning that it was confirmed that the file was in the public domain or authorized for free distribution;

---

[1] The Record Companies are EMI Music North America, Sony BMG Music Entertainment, Universal Music Group, and Warner Music Group Corp.

- "Unknowable," meaning that the file could not be identified or its authorization status could not be determined.

8.     As a result of the above analysis, I determined that 1,695 (or 94.17%) of the files were either confirmed or highly likely infringing.  603 files were confirmed infringing by the Record Companies, and an additional 1092 files were highly likely infringing.

9.     Only 34 (or 1.89%) of the 1,800 files in the sample appear to consist of public domain material or material authorized for free distribution, and were classified as highly likely or confirmed noninfringing.

10.    As for the remaining 71 files, we were unable to determine the identity of the file and/or its authorization status.  These unknowable files constitute 3.94% of the 1,800 files.

11.    A chart listing each file in the sample and its classification is attached as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2009

Brad R. Newberg