# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants.*
_____/

### DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY:          Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox
                            Film Corporation, Universal City Studios Productions
                            LLLP, Columbia Pictures Industries, Inc., and Warner
                            Bros. Entertainment

RESPONDING PARTIES:         Defendants Hotfile Corporation and Anton Titov
                            (collectively "Hotfile")[1]

SET NO.:                    One (1)

### GENERAL OBJECTIONS

  1.     Hotfile has not completed its investigation of facts, witnesses or documents

---

[1] The Defendants reserve their respective rights to assert all appropriate separate defenses. In particular, Mr. Titov has moved to dismiss all claims against him individually and specifically denies that he has the ability to supervise any alleged infringing activity or has a financial interest in such activity. See Motion and Memorandum Etc., filed 3/31/11, Dkt. 50 at 17. Mr. Titov is included in the shorthand term "Hotfile" along with Hotfile Corp. solely as a convenience and in light of the Parties agreement "that discovery requests served by one side on the opposing side will be equally applicable to all parties on the other side." Joint Scheduling Conference Report, filed 4/15/11, Dkt. 54 at 16. Nothing in these responses is an admission by Anton Titov or Hotfile Corp. of any particular relationship between them or any other fact.

relating to this case, has not completed discovery, has not completed analysis of available information, and has not completed preparation for trial.  Hotfile reserves the right to supplement its response to each and every request for production of documents (or part thereof) without obligating itself to do so, and reserves the right to introduce and rely upon such information in the course of this litigation.

2.      All of the responses set forth below are based solely on such information and documents that are available to and specifically known to Hotfile at this time.  It is anticipated that further discovery, independent investigation, and analysis may lead to substantial additions or changes in, and variations from the responses set forth herein.

3.      Hotfile objects to this request for production to the extent that it is vague, ambiguous, overbroad, and requires an unduly burdensome search for and production of, documents that are neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and which will result in unnecessary burden and undue expense to Hotfile.

4.      Hotfile objects to this request for production to the extent that it seeks disclosure of information or documents protected from disclosure or production by the attorney-client privilege, the attorney work-product doctrine, or any other privilege available under statutory, constitutional or common law.  Inadvertent production of any such information or documents shall not constitute waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents, nor shall inadvertent production waive Hotfile's right to object to the use of any such information or documents in any proceedings.

5.      Hotfile objects to this request for production to the extent that it seeks electronically stored information that is not reasonably accessible to Hotfile because of undue burden or cost.

6.      Hotfile objects to this request for production to the extent that it calls for disclosure of private, proprietary, and confidential information.  Hotfile will not produce any documents -- including, but not limited to, documents containing private, proprietary, and/or

confidential information – unless and until a Protective Order is issued in this litigation. Hotfile reserves its right to object to disclosure of any private, proprietary, and confidential information in light of the terms of the Protective Order in this litigation.

7.      Hotfile objects to each of the Requests to the extent it seeks proprietary information of third parties which Hotfile is not authorized to disclose. Hotfile will not produce documents containing private, proprietary, and/or confidential information unless and until a Protective Order is issued in this litigation. Hotfile further reserves its right, notwithstanding any Protective Order, to object to production of any private, proprietary, personal, financial, confidential or other similar information based on any state, federal, or international standards or laws governing privacy.

8.      Hotfile objects to the Definition of "Hotfile users" as vague, ambiguous, and overbroad. As currently defined, that term purportedly refers to every internet user who has ever accessed the Hotfile.com website for any purpose, irrespective of whether a given individual has actually downloaded files from or uploaded files to Hotfile.com. It is impossible for Hotfile to know the identity of every person who has ever accessed the Hotfile website.

To the extent that Plaintiffs' Requests seek information regarding or related to all such internet users, such requests are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9.      Hotfile objects to the Definition of "You" as overbroad. As currently defined, that term would include any entity, business venture, or organization subject to Anton Titov's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute. To the extent that Plaintiffs' Requests seek information regarding or related to all such entities, such requests are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Hotfile objects to the Definition of "Hotfile entity" as overbroad. As currently defined, that term would include any entity, business venture, or organization subject to any

Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute.  To the extent that Plaintiffs' Requests seek information regarding or related to all such entities, such requests are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Hotfile will respond to these Requests on behalf of themselves, and will produce documents within their possession, custody, or control.

11.     Hotfile objects to the Definition of "User Data" as overbroad and unduly burdensome.  As currently defined, that term purportedly includes "all electronic data" within Hotfile's possession regarding any Hotfile user, irrespective of whether such data has any relation or relevance to the present dispute.  To the extent that Plaintiffs' Requests seek "all electronic data" regarding Hotfile users, such requests are unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and violative of United States and foreign privacy laws.

12.     Hotfile objects to the Definition of "Affiliate Data" as overbroad and unduly burdensome.  As currently defined, that term purportedly includes "all electronic data" within Hotfile's possession regarding any Hotfile Affiliate user or the Hotfile Affiliate program generally, irrespective of whether such data has any relation or relevance to the present dispute.  To the extent that Plaintiffs' Requests seek "all electronic data" regarding the Hotfile Affiliate program and Affiliate users, such requests are unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and violative of United States and foreign privacy laws.

13.     Hotfile objects to the providing of information about activities outside the United States as overbroad and unduly burdensome.  "Federal copyright law has no extraterritorial effect, and cannot be invoked to secure relief for acts of infringement occurring outside the United States." *Palmer v. Braun,* 376 F.3d 1254, 1258 (11th Cir. 2004).  Hotfile objects to all requests that seek production of documents related to conduct occurring outside the United States.

14.     Hotfile objects to providing information about alleged copyrighted material other than the titles specifically identified in Exhibit A to the Complaint.   Unless otherwise noted, Hotfile will only respond with respect to such titles, as they are the only alleged copyrighted materials presently in dispute in this action.  Hotfile further objects that it is unreasonably burdensome and wasteful to impose on Hotfile the task of attempting to match any content files uploaded on Hotfile.com to the works identified in Exhibit A to the Complaint.  Hotfile users have uploaded literally tens of millions of content files and Hotfile has no feasible method for determining which of those files may correspond to any of the works identified in Exhibit A to the Complaint.  This unreasonable burden is especially objectionable given that Plaintiffs have represented that they have a listing of the links to content on hotfile.com that Plaintiffs content to house infringing content but Plaintiffs have refused to provide the list to Hotfile for purposes of responding to discovery.

15.     Hotfile objects to this request for production to the extent it imposes on Hotfile obligations that exceed or are inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

16.     Hotfile objects to this request for production to the extent it imposes on Hotfile obligations that are inconsistent with United States or foreign privacy laws.

17.     All responses to this request for production are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve:

    a.     all objections as to the competence, relevance, and admissibility of any documents or information produced in response to these requests for production as evidence for any purpose in subsequent proceedings or at the trial of this or any other action, arbitration, proceeding or investigation;

    b.     the right to object on any ground at any time to the use of any of the documents or information provided in response to these requests for productions, or the subject matter thereof, in any subsequent proceedings or at any trial(s) of this action, or any other action, arbitration, proceeding or investigation; and

CASE NO. 11-20427-JORDAN

        c.      the right to object on any ground at any time to a demand for further responses to this request for production or any other requests, or to other discovery proceedings involving or relating to the subject matter of these requests for production of documents.

      18.     The general objections stated herein are incorporated by reference into each response herein, as if fully set forth below.  While Hotfile has responded to this request for production, it does so without waiving any right to object to any further inquiry or any effort to compel responses beyond those provided herein.  Any response provided herein is subject to, and limited by, all general and specific objections stated herein.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

      Subject to Instruction 22 *supra*, all Content Reference Data.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

      Hotfile incorporates by reference its general objections to this request for production of documents.  Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks Content Reference Data for all files ever uploaded to, stored on and/or downloaded Hotfile.com, without any limitation whatsoever.  This request covers millions of files, many or most of which have no relationship to the two claims of copyright infringement set forth in the Complaint and/or the approximately 150 titles identified in Exhibit A to the Complaint as to which infringement is claimed.  Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would require Hotfile to violate United States or European privacy laws by requesting personal and/or financial information about Hotfile users.  Hotfile further objects to this request to the extent it seeks documents not in the possession, custody, or control of Hotfile and insofar as it would require Hotfile to create documents that do not presently exist.  Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence insofar as it seeks documents or information related to alleged copyright infringement activity occurring entirely outside the United States. As United States copyright law has no extraterritorial effect, such activities are not relevant to the present dispute.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive data in its possession, custody, or control if it exists for video files uploaded or downloaded in the United States whose filename matches one of the copyrighted works specifically identified in the complaint or otherwise identified by Plaintiffs as infringing, to the extent that such documents are located through a reasonable and diligent search, such data to include:

1. the numerals in the Hotfile URL;

2. the Hotfile-assigned identifier;

3. the Hotfile user identification number and redacted IP address for the uploading Hotfile user;

4. the Hotfile user-supplied filename;

5. the size in bytes;

6. the date and time of uploading to Hotfile;

7. the redacted IP address from which each such file was uploaded to Hotfile;

8. the number of times each such file has been downloaded from Hotfile,

9. when each such file was downloaded;

10. whether each such file is a copy of another file and the unique identifier associated with such copies;

11. whether the file remains active; and

12. pursuant to response to Request No. 5, any takedown notice that may be associated with each such file.

## REQUEST FOR PRODUCTION NO. 2:

Subject to Instruction 22 supra, all User Data.

CASE NO. 11-20427-JORDAN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all electronic data" reflecting information about Hotfile users and it seeks information concerning all Hotfile users without any limitation whatsoever. This request purports to cover anyone who has ever uploaded or downloaded files on Hotfile's system, which covers millions of files, many or most of which have no relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles identified in Exhibit A to the Complaint as to which infringement is claimed. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to "Hotfile users" as that term is defined in the Definitions and Instructions. Plaintiffs' definition includes every internet user who has ever accessed the Hotfile website, regardless of whether such user has uploaded or downloaded files from Hotfile. It is impossible for Hotfile to know the identity of every person who has ever accessed the Hotfile website. Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would require Hotfile to violate United States or European privacy laws by requesting personal and/or financial information about Hotfile users. Hotfile further objects to this request to the extent it seeks documents not in the possession, custody, or control of Hotfile and insofar as it would require Hotfile to create documents that do not presently exist.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive data in its possession, custody, or control if it exists in relation to user activity regarding video files uploaded or downloaded in the United States whose filename matches one of the copyrighted works specifically identified in the complaint or otherwise identified by Plaintiffs as infringing, such data to include: user activity records or log files (redacted to protect user confidentiality and privacy but disclosing Hotfile user ID); and

CASE NO. 11-20427-JORDAN

documents sufficient to show the top cumulative payments by user ID to Hotfile's top 500 users worldwide, to the extent that such data are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 3:**

Subject to Instruction 22 *supra*, all Affiliate Data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all electronic data" reflecting information about Hotfile users who participate in Hotfile's Affiliate program without any limitation whatsoever. This request purports to cover anyone who has ever participated in Hotfile's affiliate program, many or most of whom have no relationship to the two claims of copyright infringement set forth in the Complaint and/or the approximately 150 titles identified in Exhibit A to the Complaint as to which infringement is claimed. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to "Hotfile users" as that term is defined in the Definitions and Instructions. Plaintiffs' definition includes every internet user who has ever accessed the Hotfile website, regardless of whether such user has uploaded or downloaded files from Hotfile. It is impossible for Hotfile to know the identity of every person who has ever accessed the Hotfile website. Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would require Hotfile to violate United States or European privacy laws by requesting personal and/or financial information about Hotfile users. Hotfile further objects to this request to the extent it seeks documents not in the possession, custody, or control of Hotfile and insofar as it would require Hotfile to create documents that do not presently exist.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive data in its possession, custody, or control if it exists in relation to Hotfile affiliates using IP addresses in the United States, such data to include: URLs; IP addresses redacted to protect individual confidentiality and privacy; traffic from such URLs and resulting

CASE NO. 11-20427-JORDAN

number of downloads, if such information exists; the number of premium subscriptions resulting from traffic from such URLs; documents sufficient to show the method for calculating payments to affiliates; and documents sufficient to show the top cumulative payments by user ID to Hotfile's top 500 users worldwide, to the extent that such data are located through a reasonable and diligent search.  Hotfile will also produce documents relating to communications between Hotfile and any Hotfile affiliate, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

All Content files.  Production of such files to Plaintiffs shall be deferred until an appropriate sample or subset can be identified based on other documents produced in response to these requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Hotfile incorporates by reference its general objections to this request for production of documents.  Hotfile further objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks all files ever uploaded to, stored on and/or downloaded Hotfile.com, without any limitation whatsoever. This request covers millions of files, many or most of which have no relationship to the two claims of copyright infringement set forth in the Complaint and/or the approximately 150 titles identified in Exhibit A to the Complaint as to which infringement is claimed.   Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to "Hotfile users" as that term is defined in the Definitions and Instructions.  Plaintiffs' definition includes every internet user who has ever accessed the Hotfile website, regardless of whether such user has uploaded or downloaded files from Hotfile. It is impossible for Hotfile to know the identity of every person who has ever accessed the Hotfile website.  Hotfile cannot reasonably be expected to know whether individuals are Hotfile users unless they identify themselves as such.  Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would require Hotfile to violate United States or

CASE NO. 11-20427-JORDAN

European privacy laws insofar as it covers private or personal files that users have uploaded to and/or stored on Hotfile.  Hotfile further objects to this request on the grounds that it seeks confidential and private information that is protected by, among other things, the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*

Hotfile also objects to this request as violative of the Federal Rules of Civil Procedure, which do not permit the promulgation of a request known to be overbroad (such as "all your documents" or "all content files") in anticipation of promulgating a subsequent request known to describe the documents actually sought in the litigation.  No Rule permits Plaintiffs to articulate a request which, by its terms, is immediately held in abeyance pending further discovery.  Hotfile will respond to any subsequent request of Plaintiffs when set forth pursuant to Rule 34 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 5:**

All documents pertaining to:

a)  Any takedown, cease and desist letter, or other notice received by you or any Hotfile Entity regarding any file or activity hosted on the Hotfile Website;

b)  Any actions taken by any Defendant or Hotfile Entity to effectuate the removal of any material from Hotfile's Website;

c)  Any technical assistance provided by any Defendant or Hotfile Entity to any Hotfile user, including with respect to uploading files to Hotfile, downloading files from Hotfile, or performing any other operation on the Hotfile Website;

d)  The features and functionality of the Hotfile Website;

e)  The nature and types of Content Files available on or through the Hotfile Website;

f)  The geolocation of Hotfile users;

g)  The reasons Hotfile users are attracted to the Hotfile Website;

h)  Any online document hosting or "locker" websites, including Rapidshare, Megaupload, and Google Docs;

i)  Any investors or potential investors in any Hotfile Entity;

CASE NO. 11-20427-JORDAN

j)  Hotfile's "Affiliate" program;

k)  Hotfile's "Reseller" program;

l)  Defendants' or any Hotfile Entity's termination, suspension, or limitation of any Hotfile user's access to Hotfile (or to particular features of Hotfile), for any reason other than the Hotfile user's voluntary cancellation of their subscription or nonpayment of the user's subscription fees;

m)  Defendants' or any Hotfile Entity's removal, deletion, or disabling of access (in whole or in part) to any Content Files;

n)  Copyrighted content, copyright laws, copyright infringement, or infringing activity on or through the Hotfile Website;

o)  This Action, the action in *Liberty Media Holdings, LLC v. Hotfile Corp. et al.*, No. 1:11-cv-20056-AJ (S.D. Fla.), the action in *Liberty Media Holdings, LLC v. Hotfile.com, et al.*, No. 3:09-CV-2396-D (N.D. Tex.), and the action in *Perfect 10, Inc. v. Hotfile Corp. et al.*, No. 2:10-cv-02031 (S.D. Cal.), excluding privileged communications with counsel and counsel's protected work product; and

p)  Any marketing, business plan or strategy for the Hotfile Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request on the basis of the attorney client privilege and attorney work-product doctrine. Hotfile further objects to this request to the extent it seeks documents not in the possession, custody, or control of Hotfile. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to "Hotfile users" as that term is defined in the Definitions and Instructions. Plaintiffs' definition includes every internet user who has ever accessed the Hotfile website, regardless of whether such user has uploaded or downloaded files from Hotfile. It is impossible for Hotfile to know the identity of every person who has ever accessed the Hotfile website. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrases "technical assistance," "features and functionality," "attracted," and "nature and types." Hotfile further objects to this request on the grounds that it seeks

CASE NO. 11-20427-JORDAN

information not reasonably calculated to lead to the discovery of admissible evidence, particularly in its request for private business or financial information regarding Hotfile or other persons or entities unrelated to the present litigation. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information regarding all files ever uploaded to, stored on and/or downloaded Hotfile.com, without any limitation whatsoever. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents about Hotfile generally without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents pertaining to other litigation not relevant to the present dispute. Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would require Hotfile to violate United States or European privacy laws by seeking private, personal and/or financial information. Hotfile further objects to this request on the grounds that it seeks confidential and private information that is protected by, among other things, the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, and to the extent that such documents are located through a reasonable and diligent search, comprising:

1.  DMCA takedown requests received by Hotfile regarding files hosted on the Hotfile site;

2.  Documents sufficient to show actions taken by Hotfile to take down files in response to DMCA requests;

CASE NO. 11-20427-JORDAN

3.   Technical assistance provided by Hotfile to Hotfile users with an IP address in the United States, including with respect to uploading files to Hotfile, downloading files from Hotfile, or performing other operations on the Hotfile Website;

4.   Documents sufficient to show the features and functionality of the Hotfile website;

5.   Video files uploaded or downloaded in the United States whose filename matches one of the copyrighted works specifically identified in the complaint or otherwise identified by Plaintiffs as infringing, and Hotfile's support e-mails with users regarding these files;

6.   U.S. IP addresses of users who have uploaded or downloaded files whose filename matches one of the copyrighted works specifically identified in the complaint or otherwise identified by Plaintiffs as infringing, redacted to protect individual user confidentiality and privacy;

7.   User e-mails to Hotfile stating why they are attracted to Hotfile, if any exist;

8.   Discussion of any online document hosting or "locker" websites, including Rapidshare, Megaupload, and Google Docs;

9.   Documents sufficient to show the investors in Hotfile, if any exist;

10.  Documents sufficient to show, for Hotfile affiliates using IP addresses in the United States, the affiliates' URLs; IP addresses redacted to protect individual confidentiality and privacy; traffic from such URLs and resulting number of downloads, if such information exists; the number of premium subscriptions resulting from traffic from such URLs; documents sufficient to show the method for calculating payments to affiliates; (for the top cumulative payments by user ID to Hotfile's top 500 users worldwide see Interrogatory Responses).  Hotfile will also produce related

CASE NO. 11-20427-JORDAN

communications between Hotfile and any Hotfile affiliate, to the extent Hotfile can ascertain that an affiliate is involved in such communications.

11. Documents sufficient to show Hotfile's reseller program and related communications between Hotfile and any Hotfile reseller, to the extent Hotfile can ascertain that a reseller is involved in such communications.

12. Pursuant to ¶ 2 above, documents sufficient to show each Hotfile account that has been terminated, suspended, or limited user's access to Hotfile (or to particular features of Hotfile), for any reason other than the Hotfile user's voluntary cancellation of their subscription or nonpayment of the user's subscription fees, and Hotfile's removal, deletion, or disabling of access (in whole or in part) to, content;

13. Pursuant to ¶ 2 above, documents sufficient to show Hotfile's removal, deletion, or disabling of access (in whole or in part) to content;

14. Nonprivileged documents regarding content copyrighted in the U.S., U.S. copyright law, infringement of U.S. copyright law, or activity on or through the Hotfile Website constituting infringement of U.S. copyright law;

15. Nonpublic court filings in *Liberty Media Holdings, LLC v. Hotfile Corp. et al.*, No. 1:11-cv-20056-AJ (S.D. Fla.), *Liberty Media Holdings, LLC v. Hotfile.com, et al.*, No. 3:09-CV-2396-D (N.D. Tex.), and *Perfect 10, Inc. v. Hotfile Corp. et al.*, No. 2:10-cv-02031 (S.D. Cal.); and

16. Marketing, business plans or strategies for Hotfile, if they exist.

**REQUEST FOR PRODUCTION NO. 6:**

All documents pertaining to communications between you or Hotfile Entity and any Hotfile user, including any communications pertaining to the topics in Request No. 5 *supra*.

CASE NO. 11-20427-JORDAN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile user" as that term is defined in the Definitions and Instructions. Plaintiffs' definition includes every internet user who has ever accessed the Hotfile website, regardless of whether such user has uploaded or downloaded files from Hotfile. It is impossible for Hotfile to know the identity of every person who has ever accessed the Hotfile website. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, particularly in its request for private business or financial information regarding Hotfile or other persons or entities unrelated to the present litigation. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents about Hotfile generally without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents pertaining to other litigation not relevant to the present dispute. Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would require Hotfile to violate United States or European privacy laws insofar as it covers private or personal files that users have uploaded to and/or stored on Hotfile. Hotfile further objects to this request on the grounds that it seeks confidential and private information that is protected by, among other things, the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* and

CASE NO. 11-20427-JORDAN

the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* Hotfile further objects to this request as duplicative of Request For Production No. 5.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control (if they exist) as set forth in Response To Request No. 5 above, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

All documents pertaining to communications with or among any employee, owner, shareholder, principal, officer, director, agent, business partner, or contractor of any Defendant or Hotfile Entity pertaining to the topics in Request No. 5 *supra.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, particularly in its request for private business or financial information regarding Hotfile or other entities unrelated to the present litigation. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents about Hotfile generally without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents pertaining to other litigation not relevant to the present dispute. Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would

CASE NO. 11-20427-JORDAN

require Hotfile to violate United States or European privacy laws insofar as it covers private or personal files that users have uploaded to and/or stored on Hotfile. Hotfile further objects to this request as duplicative of Request For Production No. 5.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control (if they exist) as set forth in Response To Request No. 5 above, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All documents pertaining to communications between you or any Hotfile Entity and any third party pertaining to the topics in Request No. 5 *supra*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, particularly in its request for private business or financial information regarding Hotfile or other entities unrelated to the present litigation. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents about Hotfile generally without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents pertaining to other litigation not relevant to the present dispute. Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would

CASE NO. 11-20427-JORDAN

require Hotfile to violate United States or European privacy laws insofar as it covers private or personal files that users have uploaded to and/or stored on Hotfile. Hotfile further objects to this request as duplicative of Request For Production No. 5 and Request for Production No. 6.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control (if they exist) as set forth in Response To Request No. 5 above, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

All documents pertaining to communications between you or any Hotfile Entity and any participant in Hotfile's "Affiliate" programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents related to any communications between any "Hotfile Entity" and "any participant in Hotfile's 'Affiliate' programs," irrespective of whether those communications are related to the present dispute. Hotfile further objects to this request as overbroad and unduly burdensome insofar as Hotfile may not have the ability to ascertain who is a participant in its Affiliate program. Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would require Hotfile to violate United States or European privacy laws insofar as it covers private or personal files that users have uploaded to and/or stored on Hotfile. Hotfile further objects to this request as duplicative of Request For Production No. 5, Request for Production No. 6, and Request for Production No 8.

CASE NO. 11-20427-JORDAN

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist relating to communications between Hotfile and any Hotfile affiliate about the affiliate program, to the extent that such documents are located through a reasonable and diligent search and to the extent Hotfile is reasonably able to identify participants in its affiliate program.

**REQUEST FOR PRODUCTION NO. 10:**

All documents pertaining to communications between you or any Hotfile Entity and any participant in Hotfile's "Reseller" programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents related to any communications between any "Hotfile Entity" and "any participant in Hotfile's 'Reseller programs," irrespective of whether those communications are related to the present dispute. Hotfile further objects to this request as overbroad and unduly burdensome insofar as Hotfile may not have the ability to ascertain who is a participant in its Reseller program. Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would require Hotfile to violate United States or European privacy laws insofar as it covers private or personal files that users have uploaded to and/or stored on Hotfile. Hotfile further objects to this request as duplicative of Request For Production No. 5, Request for Production No. 6, and Request for Production No 8.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist relating to communications between Hotfile and any Hotfile reseller, to the extent that such documents are

CASE NO. 11-20427-JORDAN

located through a reasonable and diligent search and to the extent Hotfile is reasonably able to identify participants in its reseller program.

**REQUEST FOR PRODUCTION NO. 11:**

All documents pertaining to communications between you or any Hotfile Entity and any copyright owner(s) or their representatives pertaining to:

a) The presence of any copyrighted material on the Hotfile Website, whether with or without authorization;

b) Any means or mechanism for addressing, limiting, or preventing the presence of copyrighted material on the Hotfile Website without authorization, and

c) Any action taken by any Defendant or Hotfile Entity in response to or as a result of such communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request as unduly burdensome to the extent it seeks documents or information that can be obtained with less burden from the parties to this litigation or other third parties and insofar as Hotfile may not have the ability to ascertain who is a "copyright" owner is. The request is also vague and ambiguous in its use of the term "copyright owner."

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent

CASE NO. 11-20427-JORDAN

that such documents are located through a reasonable and diligent search and to the extent

Hotfile is reasonably able to identify "copyright owners."

**REQUEST FOR PRODUCTION NO. 12:**

All documents pertaining to the promotion, advertising, or marketing of the Hotfile

website, including any advertisements or promotional materials considered or used to promote

Hotfile and any communications (whether internal or with third parties) concerning the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Hotfile incorporates by reference its general objections to this request for production of

documents. Hotfile further objects to this request as overbroad and unduly burdensome to the

extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in

that it seeks categories of documents without an ascertainable limitation or relationship to the

two claims of copyright infringement set forth in the Complaint and/ or the approximately 150

titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request

as seeking confidential and/or commercially sensitive materials. Hotfile further objects to this

request as vague and ambiguous, particularly as to the use of the undefined phrase "considered."

Subject to the foregoing general and specific objections, Hotfile will produce non-

privileged, responsive documents in its possession, custody, or control if they exist, to the extent

that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 13:**

All documents pertaining to any sites that host links to files hosted on the Hotfile Website

("Link Sites"), including pertaining to any ownership or control of any Link Sites by you, any

Hotfile Entity, or Lemuria, and communications with operators of any Link Sites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Hotfile incorporates by reference its general objections to this request for production of

documents. Hotfile further objects to this request as overbroad and unduly burdensome to the

extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly

CASE NO. 11-20427-JORDAN

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects that this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence in that Lemuria is not a party to this action. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions and insofar as Hotfile may not have the ability to ascertain who is an operator of a "Link Site."

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search and to the extent Hotfile is reasonably able to identify operators of "Link Sites."

**REQUEST FOR PRODUCTION NO. 14:**

All documents pertaining websites offering the ability to search for files on the Hotfile Website ("Search Sites"), including hotfilesearch.com; hotfile123.com, and hotfileserve.com, including pertaining to any ownership or control of any Search Sites by you, any Hotfile Entity, or Lemuria, and communications with operators of any Search Sites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects that this request seeks documents that are not reasonably calculated to lead to the discovery of admissible

CASE NO. 11-20427-JORDAN

evidence in that Lemuria is not a party to this action.  Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions and insofar as Hotfile may not have the ability to ascertain who is an operator of a "Search Site."

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search and to the extent Hotfile is reasonably able to identify operators of "Search Sites."

**REQUEST FOR PRODUCTION NO. 15:**

All documents pertaining to each Defendant's and Hotfile Entity's financial condition, including:

    a)  Nature and value of assets;

    b)  Income for each month from the launch of the Hotfile Website through the present;

    c)  Each source of income from the launch of the Hotfile Website through the present;

    d)  Monthly expenses; and

    e)  Any transfers of funds to, from, or among each Defendant or Hotfile entity, including the amount and date of each such transfer and identity of all parties to the transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Hotfile incorporates by reference its general objections to this request for production of documents.  Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents."  Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that is seeks virtually all of Hotfile's financial data, without any limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150

CASE NO. 11-20427-JORDAN

titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request on the grounds that it seeks financial information that is private, personal, confidential and commercially sensitive. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, particularly in its request for private business or financial information regarding Hotfile or other persons or entities unrelated to the present litigation. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents from the launch of the Hotfile Website through the present.

**REQUEST FOR PRODUCTION NO. 16:**

All versions of the source code for the Hotfile Website as it now exists or has ever existed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that is seeks all source code for the Hotfile Website, without any limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks all versions of the source code, regardless of whether such source code is from time periods relevant to the present litigation. This is not a patent litigation. Hotfile further objects that this request seeks Hotfile's trade secrets (i.e., it's source code), which are confidential, proprietary and commercially sensitive. The details of every line that ever existed of Hotfile's most closely-held trade secrets are not relevant or properly subject to discovery here.

Demanding that Hotfile produce every line of code ever written for Hotfile is improper and abusive, and on this basis Hotfile objects.

**REQUEST FOR PRODUCTION NO. 17:**

Schema for all databases used in operation of all versions of the Hotfile Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that is seeks all schema for all databases used in operation of all versions of the Hotfile Website, without any limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks all databases used in all versions of the Hotfile Website, regardless of whether such databases are from time periods relevant to the present litigation. Plaintiffs cannot plausibly argue that all schema for every Hotfile database is relevant to this action. Hotfile further objects that this request seeks Hotfile's trade secrets (i.e., schema to its databases), which are confidential, proprietary and commercially sensitive. Hotfile further objects that the phrase "[s]chema for all databases" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 18:**

All documents pertaining to the design or functionality of the Hotfile Website, as it currently exists or has ever existed, including any feature specification, feature requirements definition, system architecture, or other technical documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that is seeks all documents pertaining to the design or functionality of all versions of the Hotfile Website that have ever existed, without any limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrases "design or functionality," "feature specification," "feature requirements definition," "system architecture," and "technical documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks technical information regarding the Hotfile Website, regardless of whether such information is from a time period relevant to the present litigation. Hotfile further objects to this request as duplicative of Request for Production No. 5.

Subject to the foregoing general and specific objections, and subject to Hotfile's Response To Request No. 16 (regarding the impropriety of production of source code), Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 19:**

All documents pertaining to tracking or monitoring the utilization of or traffic to the Hotfile Website, including any reports or data generated from Google Analytics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks technical information regarding the Hotfile Website, regardless of whether such information is from a time period relevant to the present litigation. Hotfile further objects to this request as overbroad and unduly burdensome in that it seeks reports generated from

CASE NO. 11-20427-JORDAN

Google Analytics.  Google Analytics is a website data analysis tool that allows the user to generate a nearly infinite number of reports based on an enormous set of data. To the extent that this request seeks all possible "reports" or all the data generated or analyzed by Google Analytics, such a request is unduly burdensome. Hotfile further objects to this request to the extent it seeks documents not in the possession, custody, or control of Hotfile and insofar as it would require Hotfile to create documents that do not presently exist.

**REQUEST FOR PRODUCTION NO. 20:**

All documents pertaining to the any steps taken to prevent automated downloading from the Hotfile Website, including use of Google's "Captcha" service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Hotfile incorporates by reference its general objections to this request for production of documents.  Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint.  Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks technical information regarding the Hotfile Website, regardless of whether such information is from a time period relevant to the present litigation. Hotfile further objects to this request as duplicative of Request for Production No. 5 and Request for Production No. 18.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search.

CASE NO. 11-20427-JORDAN

**REQUEST FOR PRODUCTION NO. 21:**

All documents pertaining to any actions of, efforts by, or the ability of, Defendants or any Hotfile Entity to terminate, block, or limit the access of any subscriber or user from the Hotfile Website, for any reason, including any consideration of such actions, efforts, or ability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrase "consideration." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents related to termination of users "for any reason." Hotfile further objects to this request on the basis of the attorney client privilege and attorney work product doctrine. Hotfile further objects to this request as duplicative of Request For Production No. 5 and Request For Production No. 11.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search, with such documents redacted to protect user confidentiality and privacy.

**REQUEST FOR PRODUCTION NO. 22:**

All documents pertaining to any policy or practices any Defendant or Hotfile Entity has ever formulated, considered, and/or adopted regarding adverse action against Hotfile users who have infringed copyrights, who you believe may have infringed copyrights, or who have been directly or indirectly accused of infringing copyrights, including any repeat infringer policies implemented, adopted, or considered, and including any action taken to identify the Hotfile users who have uploaded works identified in notices from copyright holders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to "Hotfile users" as that term is defined in the Definitions and Instructions. Plaintiffs' definition includes every internet user who has ever accessed the Hotfile website, regardless of whether such user has uploaded or downloaded files from Hotfile. It is impossible for Hotfile to know the identity of every person who has ever accessed the Hotfile website. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrases "formulated" and "considered." Hotfile further objects to this request on the basis of the attorney client privilege and attorney work product doctrine. Hotfile further objects to this request as duplicative of Request For Production No. 5 and Request For Production No. 11.

CASE NO. 11-20427-JORDAN

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 23:**

All documents pertaining to any policy, methods, or practices any Defendant or Hotfile Entity has ever adopted or considered regarding the removal, blocking, or restriction of unauthorized or potentially unauthorized content from the Hotfile Website, including:

      a)  Any hash-based (MD5, SHA1 or otherwise) technology;

      b)  Any technology or service based on audio, audiovisual, or video fingerprinting (e.g. Vobile, Audible Magic, etc.); and

      c)  Any technology based on filename, filename extension, file type, file size, internal file metadata, or any combination thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request on the basis of the attorney client privilege and attorney work product doctrine. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrase "considered." Hotfile further objects to this request as duplicative of Request For Production No. 5 and Request For Production No. 11.

CASE NO. 11-20427-JORDAN

Subject to the foregoing general and specific objections, and subject to Hotfile's Response To Request No. 16 (regarding the impropriety of production of source code), Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 24:**

All documents pertaining to any policy, methods, or practices you or any Hotfile Entity has ever adopted or considered regarding the removal or blocking of any content from Hotfile for any reason, including unwanted commercial content ("spam"), duplicate or redundant content, content harmful or potentially harmful to Hotfile's systems or the systems of Hotfile users (e.g. viruses), and content deemed to be unlawful or potentially unlawful (e.g. in violation of patent, trademark, copyright, or obscenity or child pornography laws).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrase "considered." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents related to removing or blocking of content "for any reason." Hotfile further objects to this request on the basis of the attorney client privilege and attorney work product doctrine. Hotfile further objects to this request as duplicative of Request for Production No. 5

CASE NO. 11-20427-JORDAN

Subject to the foregoing general and specific objections, and subject to Hotfile's Response To Request No. 16 (regarding the impropriety of production of source code), Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 25:**

All documents pertaining to any policy, methods, or practices any Defendant or Hotfile Entity has ever adopted or considered pertaining to preventing abuse of its system, including any measures to prevent improper downloads, to prevent the creation of false download traffic, and to detect and/or impede bots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request on the basis of the attorney client privilege and attorney work product doctrine. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrases "considered" and "abuse of its system." Hotfile further objects to this request as duplicative of Request for Production No. 5.

Subject to the foregoing general and specific objections, and subject to Hotfile's Response To Request No. 16 (regarding the impropriety of production of source code), Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search.

CASE NO. 11-20427-JORDAN

**REQUEST FOR PRODUCTION NO. 26:**

All documents pertaining to the "Link Checker" accessible at http://hotfile.com/checkfiles.html, including any documents pertaining to the purpose and consumer appeal of the feature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrase "consumer appeal."

Subject to the foregoing general and specific objections, and subject to Hotfile's Response To Request No. 16 (regarding the impropriety of production of source code), Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 27:**

All documents pertaining to the effect or potential effect of the Hotfile service or similar services on the plaintiffs, the motion picture industry, the television industry, or any other industry based on the creation and lawful exploitation of copyrighted works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the

CASE NO. 11-20427-JORDAN

two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request on the basis of the attorney client privilege and attorney work product doctrine. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrase "potential effect." Hotfile further objects to this request as unduly burdensome to the extent it seeks documents or information that can be obtained with less burden from the parties to this litigation or other third parties.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 28:**

All documents reflecting the use of the Hotfile service by any employee, owner, shareholder, principal, officer, director, agent, business partner, or contractor of any Defendant or Hotfile Entity, including:

a) the Hotfile usernames or other Hotfile account information maintained by any such individual or entity;

b) The files uploaded by any such individual or entity;

c) The files downloaded by any such individual or entity; and

d) Any payments made or received by any such individual or entity through the Hotfile "Affiliate" programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150

titles as to which infringement is claimed in the Complaint.  Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions.  Hotfile further objects to this request to the extent that it demands that Hotfile produce documents that would require Hotfile to violate United States or European privacy laws insofar as it covers private or personal files that users have uploaded to and/or stored on Hotfile.  Hotfile further objects to this request as duplicative of Request For Production No. 1, Request For Production No. 2, Request For Production No. 3, and Request For Production No. 5.  Hotfile objects to Request No 28(c) as unreasonably burdensome as a practical matter; Hotfile remains willing to meet and confer regarding the request if Plaintiffs are willing to bear the cost of production.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, and to the extent that such documents are located through a reasonable and diligent search, comprising:

1.  Hotfile's Response to Plaintiffs' Interrogatory No. 1;

2.  The files uploaded by the Hotfile employees, owners, or contractors listed in Hotfile's Response to Plaintiffs' Interrogatory No. 1;

3.  Payments made or received by the aforementioned Hotfile employees, owners, or contractors.

**REQUEST FOR PRODUCTION NO. 29:**

All documents or communications pertaining to ownership or operation of each Hotfile Entity by individuals or entities other than Defendants, and all corporate documents for each Hotfile Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Hotfile incorporates by reference its general objections to this request for production of documents.  Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents."  Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in

CASE NO. 11-20427-JORDAN

that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects that this request seeks confidential, private and personal information.

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist sufficient to show the ownership of Hotfile Corp., to the extent that such documents are located through a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 30:**

All documents pertaining to meetings of each Hotfile Entity's board of directors or other governing body, including but not limited to documents sufficient to show:

a) Name and title of every individual attending each meeting;

b) Agenda for each meeting;

c) Date and time of each meeting;

d) Place of each meeting; and

e) Minutes of each meeting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents pertaining to all board of director meetings, without any limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further

CASE NO. 11-20427-JORDAN

objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions.  Hotfile further objects to this request to the extent it seeks documents not in the possession, custody, or control of Hotfile and insofar as it would require Hotfile to create documents that do not presently exist.  Hotfile further objects to this request on the basis of the attorney client privilege and attorney work-product doctrine.

### REQUEST FOR PRODUCTION NO. 31:

All documents pertaining to the relationship between or among each Hotfile Entity, including:

a) Any officers, directors, employees, or other persons acting or purporting to act on the behalf of, or under the direction or control of, any Hotfile Entity who

    i.   Also serve as an officer, director, or employee of another Hotfile Entity, or

    ii.   have performed any work for another Hotfile Entity.

b) Any common ownership, including documents reflecting whether any shareholder or other owner of one Hotfile Entity is also a shareholder of another Hotfile Entity; and

c) Any property (including real property, bank accounts, office equipment, or computer equipment) owned or otherwise held, controlled, or used by more than one Hotfile Entity, whether in whole or in part, and whether directly or indirectly;

d) Any agreements, contracts, undertakings, or understandings among or between any Hotfile Entities, and all amendments thereto;

e) Any financial arrangements, revenue sharing, and accountings between any Hotfile Entities, including any revenue, income or other valuable consideration, or sources thereof, exchanged between any Hotfile Entities;

f) The provision of any services by any Hotfile Entity to any other Hotfile Entity; and

g) Each Hotfile Entity's role in operating the Hotfile website.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Hotfile incorporates by reference its general objections to this request for production of documents.  Hotfile further objects to this request as overbroad and unduly burdensome to the

CASE NO. 11-20427-JORDAN

extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to nor does it relate to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, particularly in its request for private business or financial information regarding Hotfile or other persons or entities unrelated to the present litigation. Hotfile further objects to this request on the grounds that it seeks financial information that is private, personal, confidential and commercially sensitive. Hotfile further objects to this request as duplicative of Request for Production No. 29.

## REQUEST FOR PRODUCTION NO. 32:

All documents pertaining to the relationship between Lemuria and any Hotfile Entity, including:

a) Any common officers, directors, employees, or agents, or officers, directors, or agents who have performed work for Lemuria and any Hotfile entity;

b) Any common ownership, including shareholders;

c) Any commonly owned, held, or used property, including real property, bank accounts, office equipment, and computer equipment;

d) Any agreements, contracts, undertakings, or understandings; and

e) Any financial arrangements, revenue sharing, and accountings.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the

CASE NO. 11-20427-JORDAN

extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to nor does it relate to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. Hotfile further objects to this request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, particularly in its request for private business or financial information regarding Hotfile or other persons or entities unrelated to the present litigation. Hotfile further objects to this request on the grounds that it seeks information not reasonably calculated to lead to the discovery of admissible evidence in that Lemuria is not a party to the instant case. Hotfile further objects to this request on the grounds that it seeks private and confidential financial information.

**REQUEST FOR PRODUCTION NO. 33:**

All documents or communications pertaining to any Defendant's travels to and from Florida and presence in Florida, including:

a) All documents pertaining to any Defendant's use of a Florida driver's license, a Florida automobile insurance policy, a motor vehicle registered in Florida, as well as any other application or submission mentioning any defendant to the government of Florida or any political subdivision thereof;

b) All other documents pertaining to any Defendant's interaction with the government of Florida or any political subdivision thereof;

c) All documents pertaining to any Defendant's activities in or concerning Florida, including any Defendant's maintenance of any apartment or other residence in Miami Beach or elsewhere in Florida;

d) All contracts for utilities or services related to any Florida property.

CASE NO. 11-20427-JORDAN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that Hotfile has not contested personal jurisdiction in this matter. Hotfile further objects that this request seeks information about time periods that are not relevant to this litigation. Hotfile further objects that this request seeks private, confidential and personal information, including financial information and other personal information having no bearing on this lawsuit whatsoever.

**REQUEST FOR PRODUCTION NO. 34:**

All documents or communications pertaining to any bank account, safe deposit box, real property, leasehold, personal property, or other property or proprietary interest maintained by any Defendant or Hotfile Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that is seeks broad categories of information about Hotfile's property without any limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request on the grounds that it seeks financial and other similar information that is

CASE NO. 11-20427-JORDAN

private, personal, confidential and commercially sensitive.  Hotfile further objects to this request

as overbroad and unduly burdensome to the extent that it seeks information pertaining to any

"Hotfile Entity" as that term is defined in the Definitions and Instructions.  Hotfile further

objects to this request on the grounds that it seeks information not reasonably calculated to lead

to the discovery of admissible evidence, particularly in its request for private business or

financial information regarding Hotfile or other persons or entities unrelated to the present

litigation.

**REQUEST FOR PRODUCTION NO. 35:**

All documents pertaining to any relationship or communications between you or any

Hotfile Entity and any of the following entities:

- a)  InCorporate Now Inc.,
- b)  Webazilla, LLC,
- c)  Webzilla, Inc.,
- d)  Webazilla Ltd.,
- e)  Webazilla B.V.,
- f)  IP Transit, Inc.,
- g)  International Solution Group, Inc.,
- h)  LinkShop, Inc.,
- i)  WZ Communications, Inc.,
- j)  Dedicated Servers LLC,
- k)  Ecorporate, Inc.,
- l)  Neocren, Inc.,
- m)  Any person or entity that operates the website at filesonic.com,
- n)  Any person or entity that operates the website at depositfiles.com,
- o)  Any person or entity that operates the website at bitshare.com, and
- p)  Any person or entity that operates the website at 4shared.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Hotfile incorporates by reference its general objections to this request for production of

documents.  Hotfile further objects to this request as overbroad and unduly burdensome to the

CASE NO. 11-20427-JORDAN

extent that it seeks "All documents." Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks categories of documents without an ascertainable limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/ or the approximately 150 titles as to which infringement is claimed in the Complaint. Hotfile further objects to this request as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions and insofar as Hotfile may not have the ability to ascertain whether someone is affiliated with the entities listed in this request. Hotfile further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrase "relationship."

Subject to the foregoing general and specific objections, Hotfile will produce non-privileged, responsive documents in its possession, custody, or control if they exist, to the extent that such documents are located through a reasonable and diligent search and to the extent Hotfile is reasonably able to identify that a person is affiliated with one of the entities listed in this request.

**REQUEST FOR PRODUCTION NO. 36:**

All documents referenced in your responses to any Interrogatories served by Plaintiffs in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Hotfile incorporates by reference its general objections to this request for production of documents and its general and specific objections to Plaintiffs' Interrogatories. Subject to the foregoing general and specific objections, Hotfile will produce the documents, if any, referenced in its responses to Plaintiffs' first set of Interrogatories.

DATED: May 5, 2011                   By:_____
                                     Roderick M. Thompson (admitted *pro hac vice*)
                                     Andrew Leibnitz (admitted *pro hac vice*)
                                     Anthony P. Schoenberg (admitted *pro hac vice*)

CASE NO. 11-20427-JORDAN

Deepak Gupta (admitted *pro hac vice*)
Janel Thamkul (admitted *pro hac vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone:  415.954.4400
Telecopy: 415.954.4480

And

Janet T. Munn, Fla. Bar No. 501281
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone:  305.476.7101
Telecopy: 305.476.7102
Email: jmunn@rascoklock.com

*Counsel for Defendants Hotfile Corp. and Anton Titov*

CASE NO. 11-20427-JORDAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.

_____/

### CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 235 Montgomery Street, 17th Floor, San Francisco, California 94104.

I HEREBY CERTIFY that on May 5, 2011, I electronically served the following documents on all counsel of record on the attached Service List via their email address(es). The documents served on this date are:

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 5, 2011, at San Francisco, California.

_____
Greg George

CASE NO. 11-20427-JORDAN

## SERVICE LIST: CASE NO. 11-CIV-20427-JORDAN

Karen R. Thorland, Esq.
Motion Picture Association of America, Inc.
15301 Ventura Blvd., Building E
Sherman Oaks, CA 91403
Telephone:    (818) 935-5812
Fax:              (818) 285-4407
Email: Karen_Thorland@mpaa.org

*Attorneys for Plaintiffs*
*Party Name:   Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

Duane C. Pozza, Esq.
Luke C. Platzer, Esq.
Steven B. Fabrizio, Esq.
Jenner & Block
1099 New York Avenue, N.W.,  Ste. 900
Washington, DC 20001-4412
Telephone:     (202) 639-6094
Fax:               (202) 639-6068
Email: dpozza@jenner.com;
lplatzer@jenner.com; sfabrizio@jenner.com

*Attorneys for Plaintiffs*
*Party Name:   Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

Karen Linda Stetson, Esq.
Gray-Robinson P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Telephone:     (305) 416-6880
Fax:               (305) 416-6887
Email: kstetson@gray-robinson.com

*Attorneys for Plaintiffs*
*Party Name:   Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:    617-928-1800
Fax:               617-928-1802
vgurvitz@bostonlawgroup.com

*Attorney for Defendants*
*Hotfile Corp. and Anton Titov*

**Served via electronic mail by agreement**

CASE NO. 11-20427-JORDAN

Janet T. Munn, Esq.
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone:     (305) 476-7101
Fax:                  (305) 476-7102
Email: jmunn@rascoklock.com

*Local Attorney for:     Defendants*
*Party Name:   Hotfile Corp. and Anton Titov*

**Served via electronic mail by agreement**