# EXHIBIT B

DOCKETED ON CM
AUG 15 '07
BY ___ 110

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV-06-5578-SVW(JCx)     Date  August 10, 2007

Title    Columbia Pictures Industries, Inc. v. Gary Fung, et al.

Present: The Honorable Jacqueline Chooljian, United States Magistrate Judge

| Kimberly I. Carter | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendant

None                                              None

Proceedings:    (In Chambers) ORDER (1) GRANTING PLAINTIFFS' EX PARTE APPLICATION; (2) GRANTING PLAINTIFFS' REQUEST FOR SANCTIONS, ATTORNEYS' FEES AND COSTS; AND (3) CAUTIONING DEFENDANTS REGARDING POTENTIAL CONSEQUENCES OF FURTHER VIOLATIONS OF DISCOVERY OBLIGATIONS AND ORDERS

Pending before the court is Plaintiffs' "Ex Parte Application to Enforce Compliance with Court Orders and Compel Deposition of Gary Fung – Fees Requested" ("Ex Parte Application").[1] The Ex Parte Application requests that the court issue an order: (i) directing defendants to comply with the court's June 8, 2007 Order ("June 8 Order") and to produce server log data for defendants' trackers; (ii) directing defendants to comply with the court's July 2, 2007 Order ("July 2 Order") and to provide certain withheld information regarding defendants' administrators and moderators; (iii) directing defendants to comply with the court's February 22, 2007 order ("February 22 Order") and May 31, 2007 order ("May 31 Order") and to produce or re-produce (a) all private and public forum data, and all torrent site data, and (b) the sub-version archive for their source code in a readily accessible and non-corrupt form; (iv) directing defendants to pay plaintiffs' attorneys fees and costs incurred in making this motion, pursuant to Fed. R. Civ. P. 37(b), and (v) expressly warning defendants that their failure fully to comply will result in the court recommending non-monetary sanctions, including evidentiary sanctions and, as appropriate, terminating sanctions.[2]

---

[1] The court has received, reviewed, and considered the Ex Parte Application and supporting declaration of Steven B. Fabrizio with attached exhibits, defendants' opposition thereto and supporting declarations of defendants Gary Fung ("Fung Decl.") and Jared R. Smith with attached exhibits, plaintiffs' reply and supporting declaration of Gianni P. Servodidio with attached exhibits, and the supplemental declaration of Steven B. Fabrizio ("supplemental declaration"). The supplemental declaration contains additional requests for relief not present in the Ex Parte Application. The court has issued a separate order this date directing the parties to file further pleadings regarding the additional requests for relief contained in the supplemental declaration. The instant order does not address such additional requests for relief. The court will issue a separate order regarding such requests for relief upon receipt and review of the additional filings (or upon expiration of the deadline for such filings).

[2] The Ex Parte Application also seeks an order directing that the deposition of defendant Fung commence on July 30, 2007 and continue through August 1, 2007. On July 27, 2007, the court issued a
(continued...)

CV-90 (06/04)                 CIVIL MINUTES - GENERAL                          Page 1 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  CV 06-5578 SVW(JCx)                    Date  August 10, 2007

Title     Columbia Pictures Industries, Inc. v. Gary Fung, et al.

I.  **Request for Order Directing Compliance with Court Orders**

  A.  **June 8 Order – Tracker Server Log Data**

In the June 8 Order, this court directed defendants to preserve and produce certain data for the two trackers associated with the Torrentbox and Podtropolis websites ("defendants' trackers") responsive to plaintiffs' document request nos. 23 and 25. More specifically, the court ordered the preservation and production of (i) redacted IP addresses of the users of defendants' websites who request dot-torrent files or hash links; (ii) the specific dot-torrent file or hash-links requested by users; (iii) the dates and times of such requests; (iv) reports from users' computers confirming that the actual download of the desired content item corresponding to the dot-torrent file or hash-link has been completed by the user; and (v) masked IP addresses of users who are downloading content items and who themselves seek the IP addresses of other users who have a desired content item (collectively "server log data").

  1.  Defendants shall forthwith comply with the June 8 Order and produce the server log data for defendants' trackers, including event-by-event user communications with defendants' trackers tied to/correlated with the corresponding masked (in accordance with the direction provided in the June 8 Order) IP address, file name and date and time of communication and, if applicable, completed content download.

  B.  **July 2 Order – Information Regarding Administrators/Moderators**

In the July 2 Order, this court directed defendants to provide further responses to plaintiffs' interrogatory no. 11. More specifically, the court ordered: (i) defendants, by July 6, 2007, to provide to plaintiffs any unproduced screen names of moderators/administrators of defendants' websites, as well as information regarding the role, time frame, and compensation each such moderator/administrator received; (ii) plaintiffs, by no later than July 10, 2007, to select and to provide to defendants the screen names (or other descriptive information) of five such administrators/moderators; and (iii) defendants within two days of being provided with the five screen names in issue, to disclose to plaintiffs, identifying information for such individuals.[3]

  2.  Defendants shall forthwith comply with the July 2 Order and provide plaintiffs with each and every IP address of the five selected moderators from which the moderator has accessed defendants' sites or posted in defendants' forums, matched with the corresponding time and date information.

---

[2]( continued)
separate ruling with respect to this portion of the Ex Parte Application and will not further address such portion of the Ex Parte Application in this order.

[3]On July 13, 2007, defendants filed an ex parte application to stay enforcement of the portion of the July 2 Order which directed defendants to disclose to plaintiffs, identifying information for the five selected moderators pending appeal of the July 2 Order. This court denied defendants' ex parte application on July 16, 2007. Defendants did not seek review.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-5578 SVW(JCx)                               Date   August 10, 2007

Title   Columbia Pictures Industries, Inc v Gary Fung, et al.

### C.  February 22 and May 31 Orders

In the February 22 Order, the court directed defendants to produce all documents responsive to plaintiffs' document requests which had been withheld solely on the basis of defendants' asserted and overruled objection that the scope of discovery was limited to production of evidence regarding defendants' state of mind and how defendants' websites work.

In the May 31 Order, this court directed defendants to produce certain data, including certain private forum messages and all versions of source code for defendants' websites responsive to plaintiffs' document request nos. 17 and 32.[4]

3. Defendants shall forthwith comply with the February 22 Order and May 31 Order and (a) produce or re-produce all private and public forum data, and all torrent site data with all fields intact and unredacted (except IP addresses which should be masked in the same manner directed in the June 8 Order); and (b) produce, to the extent not already produced, the sub-version archive for their source code in a readily accessible and non-corrupt format.

### II.  Request for Attorneys' Fees and Costs

4. Plaintiffs' request for attorneys' fees and costs is granted. At a minimum, defendants' undisputed failure to produce the screen names of the moderators/administrators until July 10, 2007 and the IP addresses of the five selected moderators until July 23, 2007[5] is sufficient to cause the court to believe that attorneys' fees and costs are warranted. Moreover, defendants have not demonstrated that noncompliance was substantially justified or an award is otherwise unjust. Fed. R. Civ. P. 37(b).

---

[4] With respect to document request no. 17, the court ordered the production of (i) the databases containing the actual torrents hosted on the defendants' websites in native format; (ii) the "Releases" database of records on defendants' websites in native format; (iii) "Thumbnail imagefiles" and NFO files hosted on defendants' websites; (iv) torrentbox.com and podtropolis.com "torrent comments" databases in native format; and (v) all versions of the source code for defendants' websites

With respect to document request no. 32, the court ordered the production of private forum messages of which a defendant and/or defendants' agent is/was a member, or to which a defendant and/or a defendants' agent is/was a party, participant, or otherwise was an intended recipient

[5] To the extent defendants argue that attorneys' fees are not warranted because defendants withheld the information sought in good faith, with the original intent to file a motion for review of the July 2 Order with the assigned District Judge, such argument is unavailing. (Opposition at 3-4). Regardless of whether a motion for review has been filed, this court's ruling remains in effect unless the ruling is stayed or modified by this court or the assigned District Judge. Local Rule 72-2.2 Pursuant to the July 2 Order, defendants were required to provide the identifying information of the five selected moderators by July 13, 2007. However, defendants did not produce any such information until July 23, 2007 – ten (10) days after this court denied defendants' ex parte application to stay enforcement of the portion of the July 2 Order which directed such production  See supra note 3.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 3 of 4 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-5578 SVW(JCx) | Date | August 10, 2007 |
| Title | Columbia Pictures Industries, Inc v. Gary Fung, et al | | |

Plaintiffs are directed to file a declaration setting forth the exact hours worked by counsel in connection with defendants' failure to comply with the February 22, May 31, June 8 and July 2 Orders, the usual hourly fees of such counsel, and proof of any costs incurred by **August 24, 2007**. Defendants may filed an opposition challenging the reasonableness of the hours or hourly rates and costs by **September 7, 2007** The matter of amount of fees and costs to be ordered will then be deemed submitted, and pursuant to Local Rule 7-15, decided without further oral argument.

### III.  Requests Relating to Evidentiary Sanctions

5.  Defendants are cautioned that the failure to produce documents in compliance with this order by August 16, 2007, or any future failure to comply with defendants' discovery obligations or other discovery orders may result in a recommendation to the assigned District Judge to impose further monetary sanctions as well as non-monetary sanctions in a form authorized by Fed. R. Civ. P. 37(b)(2) and/or other applicable law, including but not limited to evidentiary sanctions, an adverse jury instruction, and/or terminating sanctions This order is without prejudice to the right of plaintiffs to move the court for an order seeking further relief in the form of evidentiary sanctions, if, notwithstanding defendants' eventual production of the previously ordered discovery, plaintiffs are in fact prejudiced in using the discovery to pursue third party witnesses and/or conduct necessary expert analyses.

IT IS SO ORDERED.

Initials of Deputy Clerk     kc