CASE NO.: 11-20427-CIV-JORDAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 11-20427-CIV-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

       *Plaintiffs*,

vs.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

       *Defendants*.

---

**UPDATED JOINT SCHEDULING CONFERENCE REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, and the Court's directions at the July 8, 2011 Status Conference, the parties hereby submit their Updated Joint Scheduling Report, which supersedes and replaces the Joint Scheduling Conference Report filed on April 15, 2011 [D.E.#54]. Counsel for the parties met and conferred on April 1, 2011 as required by Rule 26(f) and the Court's March 4, 2011 order, and further conferred on April 13 and 15, 2011, as well as on July 12 and 13, 2011 to discuss this update. This Report outlines the parties' proposed discovery plan and the specific topics indicated in Local Rule 16.1(b). The parties' respective positions are separately stated where the parties are in disagreement.

CASE NO.: 11-20427-CIV-JORDAN

A.      **Nature of Claims and Defenses.**

**Plaintiffs' summary of their claims:**

This is an action for copyright infringement brought by Disney Enterprises, Inc.,

Twentieth Century Fox Film Corp., Universal City Studios Productions LLLP, Columbia

Pictures Industries, Inc., and Warner Bros. Entertainment, Inc. ("plaintiffs") against Hotfile

Corp., Anton Titov ("Defendants" or "Hotfile"), and Does 1-10. Plaintiffs have alleged that

defendants – through their operation of the website located at www.hotfile.com ("hotfile.com" or

"Hotfile") – are engaged in the infringement of plaintiffs' copyrighted motion picture and

television properties on a massive scale.  Compl. ¶ 1.  Defendants encourage their users to

upload infringing copies of plaintiffs' popular entertainment content to Hotfile's computer

servers and to promote those works for download by other users, including by providing

Hotfile's users financial incentives to engage in such conduct.  *Id.* ¶¶ 2-4.  Defendants' model for

generating revenue depends on their users uploading and promoting these infringing works.  *Id.* ¶

3.  Defendants are fully aware of the infringement to which they materially contribute.  *Id.* ¶ 61.

Moreover, defendants obtain a financial benefit from infringement that they have the right and

ability to control, but do not stop.  *Id.* ¶ 62.

As a result of this and other conduct alleged in plaintiffs' complaint, defendants are liable

for copyright infringement.  Defendants are secondarily liable for their users' unlawful

reproductions and distributions of plaintiffs' works under three separate bases for liability:  (i)

inducement of infringement, *id.* ¶ 60; (ii) contributory infringement, *id.* ¶ 61; and (iii) vicarious

infringement, *id.* ¶ 62.  Defendant Titov is jointly and severally liable for each act of

infringement for which defendant Hotfile Corp. is liable because he personally directed and

participated in, and benefited from, Hotfile Corp.'s infringing conduct as alleged herein, and has

been the guiding spirit behind and central figure in Hotfile Corp.'s infringing activities.  *Id*. ¶ 63.

As relief, plaintiffs seek:  (a) damages and defendants' profits; (b) the maximum in

statutory damages ($150,000 per work), Compl. ¶ 67; (c) attorneys' fees and costs, *id*. ¶ 68, and

(d) injunctive relief, *id*. ¶ 69.

Though defendants make unsubstantiated allegations in their statement below that they

indicate "may" be the basis for a counterclaim, defendants have not in fact filed counterclaims,

and therefore plaintiffs are not in a position to respond.

**<u>Hotfile's statement of defenses</u>:**

Hotfile is an online file storage and sharing service.  Using Hotfile's website, open source

software developers can store and share lengthy program files with online communities.

Bloggers can share video footage.  Companies can share voluminous files.  Most threateningly to

studios, independent musicians, photographers and film-makers can promote their albums,

images and movies directly to fans and the public without relying upon studios for distribution or

promotion.  Tens of millions of files have been uploaded to Hotfile.com.

Hotfile's "Terms of Service" and "Intellectual Property and Rights Policy" published on

its website explicitly prohibit copyright infringement.  Moreover, Hotfile terminates users that

repeatedly violate its anti-infringement policies.  Hotfile also uses sophisticated MD5/SHAl

digital fingerprinting technology to detect and block copyrighted works from appearing on its

website.  It even permits qualifying copyright holders – including Plaintiff Warner Bros. – to

have the unfettered ability to unilaterally take down any file on Hotfile's service without any

oversight from Hotfile whatsoever.  Hotfile competes with the services provided by Google®

CASE NO.: 11-20427-CIV-JORDAN

Docs, Windows® Live SkyDrive, RapidShare®, DepositFiles®, MegaUpload®, and MediaFire® –
none of whom are defendants here.

Under the Digital Millennium Copyright Act ("DMCA"), online service providers such
as Hotfile are entitled to "safe harbor" protection from claims of copyright infringement, both
direct and indirect.  17 U.S.C. § 512.  In enacting the DMCA, Congress was concerned that:

> [W]ithout clarification of their liability, service providers may
> hesitate to make the necessary investment in the expansion of the
> speed and capacity of the Internet…In short, by limiting the
> liability of service providers, the DMCA ensures that the efficiency
> of the Internet will continue to improve and that the variety and
> quality of services on the Internet will continue to expand.

*Viacom Int. Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514, 519-524 (S.D.N.Y. 2010) (discussing
legislative history).  Congress recognized that it "will not serve anyone's interest if the Internet's
backbone and infrastructure are sued out of existence for involvement in purportedly aiding
copyright infringement." Nimmer on Copyright § 12B.01[C][1].

Hotfile is an internet service provider protected by the DMCA.  Because Hotfile has
complied with the DMCA safe harbor requirements, Plaintiffs cannot prevail on the copyright
claims.   Hotfile is entitled to judgment as a matter of law as to all of Plaintiffs' claims.

Although Hotfile is still investigating the issue, it appears that an account used on behalf
of at least one the Plaintiffs has badly misused the DMCA takedown procedure causing
thousands of files to be deleted based on a false assertion that the Plaintiff is the legally
authorized representative of the copyright holder with respect to the files in question.  This may
be the basis for a counterclaim for which Hotfile would be entitled to damages.

CASE NO.: 11-20427-CIV-JORDAN

B.      **Discovery Plan**

1.      **Rule 26(a) Disclosures.**

The parties do not believe that any change should be made in the form or requirement for disclosures under Rule 26(a).  The parties have served their initial disclosures.

2.      **Subjects on Which Discovery May be Needed.**

Plaintiffs believe that discovery will be required on the following issues, among others: (1) downloads of plaintiffs' copyrighted works via Hotfile; (2) defendants' knowledge of and intent to foster copyright infringement, including by operation of their Affiliate programs and defendants' role in soliciting content to be uploaded to Hotfile; (3) the means and extent of copyright infringement occurring via Hotfile; (4) defendants' removal of and failure to remove infringing content from their system in response to notices from copyright owners or otherwise; (5) technological measures defendants took, did not take, considered taking, or could have taken to limit infringement on Hotfile; (6) defendants' revenues and profit from their infringing activities; (7) the extent to which copyright infringement acts as a draw to attract users to Hotfile or to which defendants otherwise receive a financial benefit attributable to infringement; (8) defendants' right and ability to control infringement, including by blocking files or terminating users; (9) defendants' compliance with the provisions of the Digital Millennium Copyright Act, including maintenance and implementation of a repeat infringer policy; (10) the identities and involvement of other individuals, investors, or entities involved in the creation or operation of Hotfile, or working in concert with defendants to facilitate infringement.

Defendants believe that discovery will be required on the following issues, among others: (1) Plaintiffs' alleged ownership of copyrights relating to the works in suit; (2) Plaintiffs' (and their agents') takedown notices sent to Hotfile, and the bases for those notices; (3) Plaintiffs' use

of Special Rightsholder Accounts such as those available to Plaintiffs at Hotfile; (4) the DMCA

safe harbors; (5) Internet business models, including those business models employed by Hotfile

and its competitors, including webhosting and cloud computing, and their substantial non-

infringing uses; (6) mechanisms for controlling and limiting copyright infringement on the

Internet, such as digital fingerprinting and password protection; (7) Plaintiffs' and their affiliates'

voluntary posting of their works on the Internet; (8) copyright infringement policies utilized by

Plaintiffs' and their affiliates; (9) evidence refuting the alleged indirect copyright infringement;

and (10) the alleged harm to Plaintiffs of posting works on the Internet.

**3.   Case Management Track and Limitations on Discovery.**

The parties believe that this case should proceed on the standard track pursuant to Local

Rule 16.1(a)(2)(B).  The parties propose a discovery cut-off of December 23, 2011.  That time

period is within the range of days provided for discovery in standard track cases.

The parties also propose that all discovery prior to the discovery cut-off date proposed

above shall be limited to discovery relevant to liability, and that discovery related only to

damages shall be postponed until such time as the Court has the opportunity to conduct a status

conference, following the Court's ruling(s) on all of the parties' summary judgment motions on

liability.  The parties believe that many if not all liability issues may be resolved on summary

judgment, rendering further discovery on damages unnecessary.  The plaintiffs expect that a

liability determination in their favor would likely lead to a settlement or stipulation as to any

remaining damages issues for trial.  The defendants intend to move on summary judgment for a

finding that Hotfile is entitled to DMCA safe harbor protection, which defendants argue is a

complete defense to their liability.  (*See* Defendants' Motion for Special Scheduling Order Etc.,

filed May 27, 2011 [D.E. #70]; Opposition [D.E. #76]; Reply [D.E. #80]).   In any event, the

parties agree that judicial economy is promoted by deferring damages discovery. The parties therefore propose that the Court set a status conference promptly after resolution of the last of the motions for summary judgment on liability issues, in order to determine how to proceed with the remaining issues in the case at that time. The parties will meet and confer following resolution of all motions for summary judgment on liability, and submit a joint report to the Court with their proposal(s) for proceeding within fourteen days of the Court's decision of the last such motion.

The parties have agreed that the number of depositions that each side is permitted to take should be enlarged to 12, exclusive of depositions of expert witnesses. The parties otherwise do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court.

**Plaintiffs' proposal regarding staging discovery**.

**a.  Plaintiffs' Statement**

The parties agree that damages related discovery should be deferred until after the Court rules on liability issue. The parties' remaining disagreement about case management is narrow, but significant. Defendants want staged motions for summary judgment by which they file a motion limited to their DMCA defense almost immediately, before discovery essential to the DMCA issues has been taken. Plaintiffs propose that the parties quickly complete liability-related discovery and then file cross-motions on all liability issues, including plaintiffs' underlying copyright claims and defendants' DMCA defense. The difference between plaintiffs' proposal and defendants' proposal in terms of the timing of summary judgment motions is only a matter of a few months. That time is essential to develop a factual record that the Court will need to decide either the DMCA or copyright issues. Given the need for this factual record – and

the fact that the copyright and DMCA issues are inseparable and require effectively the same discovery – plaintiffs respectfully submit that their proposal is more sensible and fair to both sides.  Although defendants have rejected this approach, plaintiffs also are willing to expedite liability-related discovery so that cross-motions for summary judgment can be brought even sooner.[1]

Defendants' opposition to plaintiffs' proposal is a red herring.  Defendants argue that they are somehow prejudiced by having the Court decide liability issues in the context of a small sample of copyrighted works that were chosen by plaintiffs.  But neither the copyright nor DMCA issues are affected by the specific individual works at issue, or the number of works at issue.  As a prerequisite to proving that defendants are liable for secondary infringement, plaintiffs must show that Hotfile users have engaged in direct infringement.  Although that is hardly an issue that can be disputed, under plaintiffs' proposal, ***defendants will have every opportunity to raise their challenges to direct infringement***.  Liability summary judgments would proceed with a small subset of works.  Plaintiffs' allege that defendants are liable for the infringement of thousands of plaintiffs' copyrighted works.  But, issues as to ownership, infringement and damages as to each of thousands of works would be deferred until the damages phase.  Defendants would not be held liable for any work that defendants have not had their

---

[1] In this joint report, the parties have agreed to a proposed schedule for discovery and summary judgment motions.  However, with every passing day, defendants induce and facilitate infringement of plaintiffs' valuable copyrighted works on a massive scale.  Plaintiffs have always sought a faster schedule and in fact originally proposed a faster schedule.  Plaintiffs agreed to the current schedule only because defendants have made clear by their conduct over the past few months that they will continue to delay discovery and force plaintiffs to file motions to get discovery that is routine in cases like this.  In light of that, the schedule plaintiffs originally proposed, and would still prefer, is not likely realistic.  However, any suggestion by defendants that plaintiffs somehow want to prolong the discovery process is absolutely belied by the history of this case.  If defendants actually wish an early merits resolution, plaintiffs stand ready to expedite liability-related discovery and cross-motions for summary judgment.  To date,

opportunity to challenge.  Defendants argue that they need a "fixed target" of the number of works infringed, but plaintiffs have made clear that they will identify all infringed works in the first phase of discovery – indeed, they have filed a motion to compel certain discovery that will enable identification of all those works infringed.  Defendants have not identified any concrete prejudice to them.[2]

The streamlined process to resolve liability that plaintiffs are proposing has been adopted in many other online infringement cases due to its obvious judicial economy.  Plaintiffs' Opposition to Defendants' Motion for Special Scheduling Order (Dkt #76) at 14 (listing cases). Defendants have cited only one case in state court which rejected a similar proposal; but there, defendants represented that they could accomplish all damages-related discovery within a short period so there was no need for proceeding in stages.  Here, the parties agree that damages issues should be deferred because doing so will almost certainly produce significant judicial economies.

Plaintiffs further address their proposal, and their opposition to defendants' proposal, in their Opposition to Defendants' Motion for Special Scheduling Order (Dkt #76) at 13-15.

---

defendants have refused all of plaintiffs' efforts to expedite discovery and a merits ruling.

[2] Defendants' argument that plaintiffs are seeking discovery regarding 93,000,000 files is also just a diversion.  Plaintiffs intend to conduct a statistical study to demonstrate that Hotfile is used overwhelmingly for copyright infringement and little else.  In comparable cases, courts have touted the value of such statistical analyses.  Pls.' Motion to Compel (Dkt #72), at 8.  Plaintiffs are seeking only *reference data* about all files on Hotfile (not the content files themselves), so that plaintiffs' statistical expert can select a representative sample of files to be part of the statistical analysis.  Obviously, plaintiffs cannot draw a statistically reliable sample without the reference data for all files.  Although defendants try to make much of this by reciting the 93 million number, in fact, the reference database is a relatively small volume of data that would probably take a few hours to copy and produce.  Defendants are resisting the discovery because it will be incriminating.

CASE NO.: 11-20427-CIV-JORDAN

**b.** **Hotfile's Statement**

Plaintiffs incorrectly state that their proposal would postpone Hotfile's ability to file the potentially case-dispositive DMCA safe harbor motion by "only a matter of a few months."  In fact, Hotfile's proposal (discussed below) calls for its motion to be filed this month, whereas the agreed schedule contemplates the filing of dispositive motions in January of 2012.[3]  Between now and then, Plaintiffs contemplate punishing discovery on Hotfile.  Although Plaintiffs suggest that Hotfile should be limited in filing its summary judgment motion "to a small sample of copyrighted works chosen by plaintiffs," Plaintiffs argue that they should be entitled to unlimited discovery with respect to (and indeed have already filed motions to compel) "thousands" of unidentified copyrighted works they hope to find on Hotfile's website.  Plaintiffs cannot have it both ways – either they are limiting this case to the 175 works identified in the Complaint or they are asserting infringement of "thousands" of works.

The one-sidedness of Plaintiffs' proposal flouts basic due process.  Plaintiffs cannot justifiably attempt to establish liability based on 175 works hand-picked by Plaintiffs after more than *one year* of pre-filing investigation – and then deem liability presumed as to "thousands" of other works for purposes of proceeding to the "damages phase" of discovery.  If Plaintiffs intend to assert "thousands" of known copyrighted works against Hotfile, they should do so now, and not unjustifiably force Hotfile to litigate thousands of works in the confines of damages discovery.  Using bold and italicized text does not change the unfairness of Plaintiffs' proposal.  Moreover, Plaintiffs do not explain what would happen if Hotfile were to prevail on the motion

---

[3]  The Special Scheduling Order proposed that the DMCA safe harbor motion(s) should be filed as early as today, July 15, 2011.  See Motion at 2-3 [D.E. #70].  Hotfile will be prepared to file the motion promptly any time after the Court rules.

for summary judgment regarding liability:  are Plaintiffs conceding that they would be foreclosed from asserting copyright infringement for the "thousands" of other works?

Plaintiffs selected the 175 works set forth in Complaint to maximize their chances of success.  These works do not fairly represent "thousands" of other works.  Plaintiffs cannot justifiably avoid the burden of proving all facts necessary to obtain the relief sought with respect to thousands of works while depriving Hotfile of the opportunity to challenge those assertions until after liability issues are already adjudicated.

The unfairness of Plaintiffs' proposal appears in particularly stark relief considering that Plaintiffs have demanded documentation *from Hotfile* regarding over 93,000,000 files while hoping to limit discovery *on themselves* to no more than 175 accused works.  Plaintiffs demand their massive discovery from Hotfile irrespective of any relationship between these over 93,000,000 files and the 175 accused works, and regardless of whether the files were ever uploaded or downloaded in the United States (despite the strictly domestic application of U.S. copyright law).  Such one-sidedness exemplifies Plaintiffs' regrettable but transparent tactic of attempting to win a war of attrition against its much smaller opponent.

Furthermore, as set forth in Hotfile's opposition to the pending motion to compel, the Stored Communications Act forbids Hotfile from disclosing content of users' private files, and requires Plaintiffs to obtain such files directly from Hotfile's users or publicly-available sources. [D.E. # 81 at 3-5.]  After investigating Hotfile for "well over a year," Compl. ¶ 37, Plaintiffs have identified in interrogatory responses only 1,015 allegedly-infringing files (allegedly containing the 175 works) hosted on Hotfile – amounting to less than 0.01% of Hotfile's files. This circumscribes Plaintiffs' allegations.  Plaintiffs cannot pursue claims against files that they have not found through public sources and identified in interrogatory responses.  Thus, no reason

CASE NO.: 11-20427-CIV-JORDAN

exists to proceed on an "exemplary" basis when all parties already know the circumscribed

universe of files subject to dispute.

In any event, the only reasoned precedent cited to this Court on this issue rejected

Plaintiffs' proposed approach. *UMG Recordings, Inc. v. Escape Media Group, Inc*., No.

100152/10 (N.Y. App. Div. June 9, 2010) (attached as Attachment 1). Plaintiffs' approach

should be denied here.

### **Defendants' proposal for early summary judgment motion on DMCA safe harbor.**

#### **a.   Hotfile's Statement**

On May 27, 2011 Hotfile filed a motion seeking a special scheduling order.[4]  The motion

seeks to allow either side to file an early, potentially case-dispositive summary judgment motion

on the issue of whether Hotfile is entitled to the safe harbor protection afforded under the Digital

Millennium Copyright Act ("DMCA Safe Harbor"), reserving the ability, if necessary, to file one

additional summary judgment motion on any remaining issues in the case.  Hotfile believes that

it would promote judicial efficiency by allowing Hotfile (and the Plaintiffs if they so choose) to

bring the crucial DMCA Safe Harbor issue promptly before the Court for resolution, without

burdening the parties with further expensive and time-consuming discovery on other issues.

Unfortunately, the Plaintiffs have opposed this straightforward request. They want delay.  The

longer they can put off allowing the Court to consider the merits of the DMCA Safe Harbor

issue, the more costly the defense of this case for the much smaller Hotfile.

In particular, this streamlined DMCA Safe Harbor motion(s) will address the elements of

the 17 U.S.C. section 512(c) safe harbor defense.  Even if Hotfile were to lose on that issue,

---

[4] *See* Motion and Memorandum of law of Defendants Hotfile Corporation and Anton Titov For
Special Scheduling Order Regarding The Safe Harbor Protections of the Digital Millennium
Copyright Act, filed May 27, 2011 [D.E. # 70], and Opposition [D.E. #76], Reply [D.E. #80].

however, it would potentially still have other defenses to the Plaintiffs' claims.  ("Enactment of section 512 does not bear upon whether a service provider is or is not an infringer . . . Even if a service provider's activities fall outside the limitations on liability specified in the bill, the service provider is not necessarily an infringer").  (S.Rep. No. 105-190, p. 55.)  Therefore, if the DMCA Safe Harbor motion is not completely case dispositive, Hotfile seeks the Court's advance permission, in accordance with S.D. Fla. L.R. 7.1.C.2, to file one additional motion for summary judgment addressing all remaining potentially dispositive issues, including non-infringement. *See* Local Rule 7.1.C.2. (party may not file multiple motions for partial summary judgment without prior permission from the Court).

Contrary to Plaintiffs' arguments, the relief sought would not in any way affect the scope of discovery or timing of any decision by the Court.  Nor would Plaintiffs be prevented from opposing the summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure if they believe they have not been able to obtain needed discovery.  Hotfile's motion for a special scheduling order seeks to have the Court hear the merits of Hotfile's Safe Harbor arguments now, as opposed to the scenario favored by the Plaintiffs of waiting to first complete all discovery and expert depositions—that is, to see if the defendants can survive the crushing expense of Plaintiffs' litigation onslaught.  Hotfile believes the outcome of this case should turn on the merits of the clams and defenses presented—not the relative financial resources of the parties.  Hotfile's motion has been fully briefed, and the issue is ripe for decision.

### b.  Plaintiffs' Statement

Plaintiffs have filed an opposition to defendants' motion for a special scheduling order regarding an additional, early summary judgment motion on their DMCA defense, in which plaintiffs fully explain their arguments in opposition, and plaintiffs refer to and incorporate that

pleading here.  *See* Dkt. #76.  In summary, defendants' proposal would ask the Court to decide a motion for summary judgment before the Court has any record on which to base its decision, and it should be denied for a number of reasons.[5]

First, deciding such a motion on an incomplete summary judgment record would be inconsistent with Eleventh Circuit law holding that summary judgment decisions should be deferred until adequate discovery is taken.  Discovery is just beginning in earnest, and defendants have just begun to produce limited categories of documents in this case.  Discovery that is directly relevant and necessary to adjudicate defendants' DMCA defense is currently months overdue, and the objective of an early motion would be to foreclose plaintiffs from obtaining it.  Dkt. #76 at 3-8.  Second, discovery cannot be initially "focused" on DMCA issues, divorced from the underlying copyright issues, because the discovery needed on DMCA issues is substantially the same as (if not more extensive than) that needed for the underlying copyright liability issues.  Defendants do not identify any discovery relevant to underlying copyright liability not also needed to respond to a DMCA defense.  Defendants identify damages and copyright ownership issues that can be deferred under their proposal, but the parties have already requested that those issues be deferred in any event.  Summary judgment motions on both liability and defenses should be brought at the same time.  *Id*. at 8-10.

Third, "early" summary judgment motions on defendants' DMCA defense would only result in wasteful and duplicative discovery and motions practice.  It is already clear that defendants are not eligible for any DMCA defense for the majority of the conduct at issue. Defendants have admitted facts demonstrating that they did not comply with the threshold

---

[5] Defendants' claim of being underfunded is baseless, as plaintiffs have explained in their Opposition to Defendants' Motion for a Special Scheduling Order (Dkt. #76), at 3 n.7 (portions of which are under seal).  Defendants continue to litigate this case aggressively.

CASE NO.: 11-20427-CIV-JORDAN

DMCA requirement of properly designating an agent until May of 2010, some fourteen months

after beginning operation of the Hotfile service.  Defendants' novel argument that they complied

with the DMCA by merely listing an email address on their website is not even supported by the

one case they cite (which expressly did not reach the issue), *see* Dkt # 85 at 5.  It is also rejected

by the text of the DMCA – which requires designation of the "name" of an agent, including on a

website and with the Copyright Office – and courts considering similar claims.  *See Perfect 10,*

*Inc. v. Rapidshare A.G.*, No. 09-CV-2596 H (WMC), at 12-13 (S.D. Cal. May 18, 2010) (Dkt

#77, Ex. E); *see* Dkt. #76 at 10-13, Ex. E.  Since early summary judgment motions cannot

resolve the case, they will only multiply the burdens on the parties and the Court.

4.   **Proposed Time Limits.**

The parties propose the following deadlines:

| Deadline | Proposal |
|---|---|
| Deadline for serving disclosures under Fed. R. Civ. P. 26(a)(1) | Completed |
| Deadline for joining parties and amending pleadings | September 15, 2011 |
| Deadline for exchanging privilege logs | Parties will meet and confer following resolution of plaintiffs' motion on privilege logs. |
| Deadline for expert disclosures under Fed. R. Civ. 26(a)(2) and Local Rule 16.1(k) | October 28, 2011 |
| Deadline for rebuttal expert reports | December 2, 2011 |
| Discovery cut-off | December 23, 2011 |
| Dispositive motion deadline | January 23, 2012 |
| Final pretrial conference* | On or after May 7, 2012 |
| Trial date* | On or after May 21, 2012 |

* As noted above in Paragraph B.3, depending on the timing of the Court's rulings, the

parties have proposed that a separate status conference may be appropriate to be held following

the last of the Court's decisions on summary judgment motions related to liability, which will further address the final pretrial conference date and trial date.

**5.** **Likelihood of Settlement**

The parties are in ongoing settlement discussions but do not believe that the schedule should be modified at this time based on settlement discussions.

**6.** **Additional Parties and Amended Pleadings.**

**Plaintiffs' Statement**

Plaintiffs believe additional parties may be added to this action in place of the Doe Defendants. Those may include other individuals or entities involved in the operation of Hotfile as well as operators of third-party websites that have partnered with defendants to facilitate infringement via Hotfile. Plaintiffs will seek to identify these potential defendants through discovery. Plaintiffs anticipate amending the pleadings to add those defendants, but do not otherwise anticipate amending the pleadings at this time.[6]

**Defendants' Statement**

Defendants believe that counterclaims against one or more of the Plaintiffs and perhaps related claims against third parties are likely. In the days immediately before the complaint was filed this litigation, Plaintiffs – invoking Hotfile's special tools and procedures for copyright owners (and their agents) to unilaterally delete files suspected to be copyright infringement – caused hotfile.com to take down thousands of files for which Plaintiffs supposedly were authorized to act on behalf of the copyright owner. However, it appears that, with respect to a

---

[6] Plaintiffs do not believe a longer explanation or response to defendants' allegations regarding potential counterclaims not yet filed is necessary here, but note for purposes of clarity that the deposition has been postponed so that defendants may complete production of relevant documents that would enable determination of whether the supposed unauthorized deletions even occurred.

CASE NO.: 11-20427-CIV-JORDAN

significant number of these files  (e.g., free software and pornography), Plaintiffs' deletions were not in fact authorized.  Accordingly, if necessary, Hotfile expects to file counterclaims against some Plaintiffs (and perhaps the third parties) for material misrepresentations in takedown notices pursuant to the DMCA.  17 U.S.C. § 512(f).

To explore these issues, Hotfile promptly sought a Rule 30(b)(6) Deposition of Plaintiff Warner Bros., whose account was used to delete hundreds of thousands of files from hotfile.com. The deposition, originally noticed for April 22, 2011, has not yet been taken.  Plaintiffs have advised that Warner has still not completed its investigation into the (possible) unauthorized deletions.  Warner has twice postponed the deposition pending completion of document productions by both parties.  The parties have just agreed (and are in the process of filing a joint motion seeking confirmation from the Court) that since the Warner deposition will be taken on September 14, 2011, Hotfile may file its answer and any counterclaims on or before September 26, 2011, 12 days after the rescheduled date for that deposition.  Because there is a possibility that Hotfile may also learn of third party involvement, it has agreed to Plaintiffs' proposed September 15, 2011 date to join additional parties.

**7. <u>Proposals for the Formulation and Simplification of Issues.</u>**

The parties agree that discovery requests served by one side on the opposing side will be equally applicable to all parties on the other side, unless otherwise specified by the serving party.

Per the Court's instructions at the July 8, 2011 status conference, the parties agree to negotiate in good faith to limit the designation of confidential materials and to redact confidential materials so as to able to file as many documents as possible exclusively on the public record, and avoid under seal filings.

17

CASE NO.: 11-20427-CIV-JORDAN

The parties disagree on the full scope of information that may be redacted in response to discovery requests.  Plaintiffs' Motion to Compel Responses to Requests for Production of Documents and Interrogatories, filed on May 31, 2011 [D.E. # 72], raises this issue and is fully briefed  *See* Opposition [D.E. #81], Reply [D.E. #85].

The parties do agree that, for database records that are redacted, redactions will be done in a way that preserves the ability to identify the geographic location of the user (such as by providing city and state information or sufficient unredacted IP address information), and that allows for a unique individual user's activities to be identified even when examining different sets of data.

### 8. Admissions of Fact and Documents and Avoidance of Unnecessary Proof and Cumulative Evidence.

In an effort to streamline production of content files on Hotfile, Plaintiffs intend to initially request data regarding the downloads of content files, and then, at a later time, request a subset of content files for production.  Once the requested content files have been obtained, the parties will meet and confer in order to establish procedures to reciprocally mitigate preservation obligations of content files.

### 9. Suggestions on the Advisability of Referring Matters to a Magistrate Judge

The parties do not believe that any non-discovery matters should be referred to a magistrate judge at this time.

### 10. Preliminary Estimate of the Time Required for Trial

The parties believe that 7-9 days will suffice for a trial in this case.

CASE NO.: 11-20427-CIV-JORDAN

**11. Requested Date or Dates for Conferences Before Trial, a Final Pre-Trial Conference, and Trial.**

The parties believe that the case could be ready for final pretrial conference on or after May 7, 2012 and ready for trial on or after May 21, 2012, subject to the convenience of the Court. The parties have proposed a separate status conference to be held following the Court's decision on summary judgment motions on liability, which will further address the final pretrial conference date and trial date.

**12. Electronically Stored Information.**

The parties have met and conferred regarding a plan to facilitate discovery of electronically stored information, and submitted a copy of their plain to the Court.

**13. Protective Order and Procedure for Asserting Claims of Privilege or Protection.**

A Stipulated Protective Order was entered by the Court on May 19, 2011 [D.E. # 71].


By:  s/ Karen L. Stetson
    Karen L. Stetson

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305-416-6880
Fax: 305-416-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA  91403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

*Attorneys for Plaintiffs*

19

CASE NO.: 11-20427-CIV-JORDAN

By:  s/ Janet T. Munn

Janet T. Munn, Fla. Bar No. 501281
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone:  305.476.7101
Telecopy: 305.476.7102
Email: jmunn@rascoklock.com

And

Roderick M. Thompson (admitted *pro hac vice*)
Andrew Leibnitz (admitted *pro hac vice*)
Deepak Gupta (admitted *pro hac vice*)
Janel Thamkul (admitted *pro hac vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone:  415.954.4400
Telecopy: 415.954.4480

*Attorneys for Defendants*