UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-CIV-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

**MEMORANDUM OF LAW OF DEFENDANTS HOTFILE CORPORATION AND ANTON TITOV IN OPPOSITION TO THE MOTION OF PLAINTIFFS AND NON-PARTY THE MPAA TO AUTHORIZE USE OF "CATEGORICAL" PRIVILEGE LOGS**

**I.      INTRODUCTION**

Not content with merely blocking Defendants Hotfile Corporation and Anton Titov (collectively "Hotfile") from accessing legitimately discoverable documents and information, Plaintiffs[1] now attempt to deprive Hotfile of the ability to challenge Plaintiffs' dubious and novel "privilege" objections by seeking Court approval to forego the standard privilege log required by Local Rule 26.1. Instead, Plaintiffs want to use a "categorical privilege log"—a disfavored modification of near universal discovery practice—to prevent Hotfile (and ultimately the Court)

---

[1] Plaintiffs in the action are five major studios, Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studio Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment, Inc. In this motion they are joined by a non-party, the Motion Picture Association of America ("MPAA"), the mastermind behind the investigation and strategic prosecution of this lawsuit. (For purposes of this motion they are collectively referred to as "Plaintiffs").

from assessing the merits of Plaintiffs' aggressive claims of privilege.

This issue is not academic. Plaintiffs have said they will withhold from production "investigation" documents that are not attorney-client communications. The basis for the "privilege" Plaintiffs will claim has been variously described in meet and confer discussions as "trade secret" or "confidential" anti-piracy investigatory techniques. Apparently, this asserted "privilege" goes beyond conventional attorney-client privilege and attorney work product protection. To the extent documents other than attorney-client communications are withheld, Hotfile has serious questions as to the legitimacy of Plaintiffs' sweeping, indiscriminate, and ill-defined work product or "confidentiality" privileges. A typical item-by-item privilege log is especially necessary here to separate legitimate objections from those that are not and for the Court to be in a position to judge the legitimacy of those objections in a motion to compel.

Plaintiffs attempt to justify their obfuscation by arguing "unnecessary burden" but fail to show how their proposed categorical privilege log would provide Hotfile "with information adequate to determine whether to test the privilege." (Docket No. 91, Mot. to Authorize Use of Categorical Privilege Logs, p. 1). Considering the novelty of these objections, the many Plaintiffs in this case (along with non-party MPAA), and the wide range of documents Plaintiffs have objected to producing under blanket claims of an undefined "privilege," a categorical privilege log here will be inherently insufficient to provide adequate information necessary for Hotfile to challenge Plaintiffs' objections. Plaintiffs should not be permitted to deviate from standard discovery practice long followed in this District in order to deprive Hotfile of information necessary to obtain proper discovery.

Plaintiffs brought this action and made unsupported allegations. They chose the venue. But now they wish to be excused from complying with the Local Rules as well as normal discovery procedures with which all other litigants must comply. This has been a consistent theme in this litigation. Before Defendants had even secured lead counsel, Plaintiffs filed an "Emergency" motion to compel evidence preservation. It was denied. *See* (Docket No. 59, Order Denying Mot. to Preserve Evidence, p. 3) ("The proposed preservation order, filed by Plaintiffs,

is extremely broad and…would almost appear to be set-up for unintended non-compliance.") Plaintiffs have also sought the Court's permission to evade their burden of proving infringement for the very copyrighted works for which Plaintiffs' seek damages. *See* (Joint Scheduling Conference Report, pp. 6-8). Now, Plaintiffs seek to be allowed to engage in a court-sanctioned game of "hide the ball" thereby depriving Hotfile of information vital to Hotfile's ability to challenge Plaintiffs' self-styled "privilege" claims. The claim that these five major movie studio plaintiffs (and their ringleader the MPAA) should not be put to the burden of preparing a customary privilege log that every other litigant is required to provide rings hollow. These litigants chose to file this lawsuit after more than a year of preparations. They don't pretend to lack the time and resources to comply fully with their obligations. This Court should deny Plaintiffs motion and require Plaintiffs to comply with Local Rule 26.1.

## II.     ARGUMENT

Federal Rule of Civil Procedure "26(b)(5)(A) requires that a privilege log describe the nature of the documents in sufficient manner so that other parties may assess the claim." *Infinite Energy, Inc. v. Thai Heng Chang*, 2008 WL 4098329, at *2 (N.D.Fla. Aug. 29, 2008). Though the Federal Rule governing privilege logs is not wholly inflexible, any privilege log must "identify the withheld documents and the basis for withholding them…with sufficient specificity to permit the adversary to determine whether it wishes to challenge the privilege claim in court." *S.E.C. v. Thrasher*, 1996 WL 125661, at *1 (S.D.N.Y. March 20, 1996).[2] "Typically, a privilege

---

[2] Plaintiffs' argument that they should be permitted to log pre-litigation documents by category because "these are the very types of documents that, if generated after the commencement of litigation would not have to be logged at all pursuant to this Court's local rule" is a meaningless tautology. Southern District of Florida Local Rule 26.1(g)(3)(C) obviates the need to log "written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action," but expressly requires logging such materials if they were created before the commencement of litigation. The obvious purpose of the rule is not to burden trial counsel with the obligation to log all communications about the pending litigation; it certainly does not excuse logging of pre-suit communications by non-lawyers and were the Local Rule intended to sweep as broadly as Plaintiffs baldly claim, the Rule certainly could have been written to exempt compliance prior to the commencement of the lawsuit. Pointedly, it was not.

log must identify each document and provide basic information, including the author, recipient, date and general nature of the document." *Id.* The Local Rules of this court explicitly require parties to produce document-by-document privilege logs with particularized information for each document withheld, including the nature of the privilege claimed, the subject matter of the document withheld, any recipients and senders of the document, and the date of the document. Southern District of Florida Local Rule 26.1(g)(3)(B). Only if "a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded" is deviation from the standard privilege log requirements permitted. *Thrasher*, 1996 WL 125661, at *1.

    A.    **Plaintiffs' Have Not Established That Categorical Logging Is Appropriate For This Case**

Plaintiffs argue that categorical logging is appropriate in this case because logging as envisioned by this Court's rules would be "unduly burdensome" without offering any direct explanation of why such logging is unnecessarily burdensome. Plaintiffs try to support their argument by analogizing to *Republic Servs., Inc. v. Am. Int'l Specialty Lines Ins Co.*, No. 07-21991-CIV, 2008 WL 4691836, at *3 (S.D. Fla. Oct. 21, 2008), in which the court held that a categorical privilege log was appropriate in part because Plaintiff claimed privilege for more than 2,500 documents. Here, Plaintiffs claim that there are more than 5,000 privileged documents at issue. Plaintiffs conveniently omit that these 5,000 documents are spread between six different parties claiming privilege (the five studio plaintiffs and the MPAA). Assuming an equal distribution of documents across those six parties, each individual party would be obligated to log slightly more than 800 documents each, nowhere near the 2,500 documents at issue in *Republic Services*. Plaintiffs' fuzzy math cannot mask their minimal privilege logging burden.

Moreover, that the Plaintiffs claim privilege over a large number of documents has no bearing on whether or not logging is *unduly* burdensome. Courts find undue burden and permit categorical logging where there is "little dispute" that the documents at issue are exempt from

disclosure. *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 478 ("There is little dispute that most of the documents sought through the present subpoenas…were created during the course of this and related litigation, or before the initiation of this litigation when the subpoenaed firms were representing plaintiffs in anticipation of this and related litigation.")  As discussed *infra*, most of the documents Hotfile seeks were **not** created during the course of this litigation, and there plainly is a dispute as to whether the documents created prior to the litigation were created in anticipation of this litigation.  Because there is a clear dispute regarding the propriety of Plaintiffs' objections to discovery, categorical logging is inappropriate, as it would unfairly deprive Hotfile of the ability to challenge Plaintiffs' strategy of withholding necessary discovery.

> **B.   Plaintiffs' Proposed Categorical Privilege Log Fails To Provide Evidence Necessary For Hotfile To Challenge Claims of Privilege**

Even assuming Plaintiffs can establish that a document-by-document privilege log would be "unduly burdensome," Plaintiffs cannot establish that a more detailed log would be of no material benefit to Hotfile in assessing Plaintiffs' claims of privilege.  In fact, since Hotfile is challenging the broad range of Plaintiffs' privilege objections, a detailed privilege log is necessary to determine which documents will be at issue in Hotfile's motion.[3]

> 1.   Plaintiffs' Proposed Categorical Privilege Log Does Not Give Ample Information Necessary To Test Claim of Work Product Privilege

Plaintiffs broadly claim work product privilege over all documents regarding their efforts to identify allegedly infringing works on Hotfile, regardless of the time period such documents were created.  *See* (Pl.'s Consolidated Responses and Obj. to Hotfile's First Set of Req. For Production of Docs, pp. 10-11.)  Hotfile does not believe that all of the investigation documents that Plaintiffs are claiming as protected work product were created "to aid in forthcoming

---

[3] Where, as here, a party objects to discovery on multiple asserted privilege grounds, a categorical privilege log that does not identify with specificity which documents are subject to which privilege are inappropriate, as it deprives the other party of "the alleged basis for the assertion of privilege…This puts the defendants in the position of being unable to raise objections intelligently."  *In re Rivastigmine Patent Litigation*, 237 F.R.D. 69, 88 (S.D.N.Y. 2006).

litigation," but rather "were generated in the ordinary course of business" and are thus not work product. *See CSX Transp. Inc. v. Admiral Ins. Co.*, 1995 WL 855421, at *2 (M.D.Fla. July 20, 1995). For a long time prior to the commencement of the litigation, Plaintiffs cooperated with Hotfile to identify instances of infringement on the Hotfile site and to have such materials removed.

These activities by so-called anti-piracy departments within the studios and their outside vendors are part of the studios' everyday business. They are carried out at least in part by non-lawyers. As such, at least with respect to the time period before the complaint was filed, Plaintiffs' investigations of alleged piracy on the Hotfile website were undertaken in the ordinary course of business (to facilitate cooperative removal efforts) and not in anticipation of litigation. Essentially, "a court must determine when a contested item was created, and why that item was created in assessing the applicability of the work product doctrine." *Schulte v. NCL (Bahamas) Ltd.*, 2011 WL 256542, at *2 (S.D.Fla. January 25, 2011). Plaintiffs' proposed logging categories do not provide sufficiently detailed evidence to determine when a contested document was created and why it was created. For example, the proposed category "communications between Plaintiffs' in-house counsel and/or antipiracy employees working at their direction and outside copyright enforcement vendors retained by counsel to gather evidence of online copyright infringement and issue to notifications [sic] of infringing activity to Hotfile, *inter alia*, for purposes of identifying infringers for potential enforcement action" could include both recent investigative activity directed at finding alleged infringements upon which Plaintiffs based their current lawsuit and investigative activity from several years ago directed at finding infringements for which Plaintiffs sent non-litigation takedown notices to Hotfile to facilitate a cooperative, statutory antipiracy strategy.[4]

---

[4] Being able to determine which withheld documents are related to Plaintiffs' cooperative antipiracy efforts to remove material from Hotfile is also important for a counterclaim Hotfile intends to bring against at least one of the Plaintiffs—Warner Bros. Entertainment, Inc. ("Warner"). Hotfile has evidence that Warner used an antipiracy tool provided by Hotfile at Warner's request to improperly remove material for which Warner did not own a copyright, and

Furthermore, Hotfile intends to argue that Plaintiffs have affirmatively waived whatever work product protection may cover certain investigative materials by putting the substance of their takedown efforts at issue in the present litigation. Plaintiffs' broad, vague proposed categories for privilege logging provide insufficient detail to allow Hotfile to assess the materials for which Plaintiffs may have waived protection. For example, Plaintiffs have alleged in their Complaint that "defendants have intentionally attempted to stymie plaintiffs' copyright enforcement efforts." (Docket No. 1, Complaint at ¶ 38.) Plaintiffs proposed categories are totally opaque as to which documents may refer to copyright enforcement efforts that defendants have allegedly stymied. Without the document-by-document specificity required in traditional privilege logs, Hotfile will be totally unable to direct discovery motions at particular documents Plaintiffs have improperly refused to produce.

        2.        Plaintiffs' Proposed Categorical Privilege Log Does Not Give Ample Information Necessary To Test Claim of Attorney-Client Privilege

Where a party seeks to withhold a wide range of documents on the basis of the attorney-client privilege, information regarding the parties that sent and received particular communications are necessary to test the privilege. *See Thrasher*, 1996 WL 125661, at *1 (ordering categorical privilege log to provide "a listing of individuals who were authors or addressees or were copied on the documents."); *see also U.S. v. Gericare Medical Supply Inc.*, 2000 WL 33156442, at *4 (S.D.Ala. December 11, 2000) (information identifying senders and recipients of documents important where attorney-client privilege is claimed).

Such information is even more crucial in the present case, where Plaintiffs are claiming privilege over a multitude of documents sent between an unknown number of different parties, including many non-parties to this litigation. *See, e.g. In re Rivastigmine Patent Litigation*, 237 F.R.D. 69, 83 (S.D.N.Y. 2006) (categorical logging inappropriate where log broadly "listed a department as the legal professional whose involvement gives rise to the privilege" because

---

that Warner removed some material without ever verifying the contents of what it was deleting. Hotfile is entitled to full information as to any claims of "privilege" with respect to evidence withheld related to that claim.

"[w]ithout information identifying the individuals involved in the particular communications, it is impossible for the plaintiffs to meet their burden of establishing the 'attorney' element of the attorney-client privilege.")  Without particularized information regarding who sent and received the communications in question, it is impossible for Hotfile to challenge whether the communications were actually with or under the direction or an attorney and/or whether Plaintiffs waived the privilege as to certain documents by disclosing the communications to unprotected third parties, as is likely when communications between a large number of loosely affiliated entities are at issue.

## CONCLUSION

Hotfile respectfully requests that the Court reject Plaintiffs' motion to authorize use of categorical privilege logs.  Plaintiffs have failed to show that logging approximately 800 documents each in a traditional log as envisioned by this Court's rules would be unduly burdensome.  Furthermore, since Plaintiffs have asserted novel and unprecedented blanket claims of privilege, a categorical log would make it impossible for Hotfile to challenge Plaintiffs' claims with any specificity and would deprive both Hotfile and this Court of information necessary to assess the merits of Plaintiffs' privilege claims.  Accordingly, Plaintiffs' motion should be denied.

DATED:  July 20, 2011                                  s/ Janet T. Munn
                                                       Janet T. Munn, Fla. Bar No. 501281
                                                       Rasco Klock
                                                       283 Catalonia Avenue, Suite 200
                                                       Coral Gables, Fl 33134
                                                       Telephone:  305.476.7101
                                                       Telecopy: 305.476.7102
                                                       Email: jmunn@rascoklock.com

s/ Roderick M. Thompson
Roderick M. Thompson (admitted *pro hac vice*)
Andrew Leibnitz (admitted *pro hac vice*)
Anthony P. Schoenberg (*admitted pro hac vice*)
Deepak Gupta (admitted *pro hac vice*)
Janel Thamkul (admitted *pro hac vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone:  415.954.4400
Telecopy: 415.954.4480

And

s/ Valentin Gurvits
Valentin Gurvits (*Admitted pro hac vice*)
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Phone: 617-928-1800
Fax: 617-928-1802

*Counsel for Defendants Hotfile Corp. and Anton Titov*

CASE NO. 11-20427-CIV-JORDAN

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2011, I filed the foregoing document with the Clerk of the Court in the conventional manner. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Janet T. Munn
Janet T. Munn

**GRAY-ROBINSON, P.A.**
Karen L. Stetson, Fla. Bar No.: 742937
Email: Karen.Stetson@gray-robinson.com
1211 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

**JENNER AND BLOCK, LLP**
Steven B. Fabrizio (*Pro Hac Vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza (*Pro Hac Vice*)
Email: dpozza@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
Email: lplatzer@jenner.com
1099 New York Ave, N.W.
Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066