UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.

_____/

### DECLARATION OF LUKE C. PLATZER

I, LUKE PLATZER, hereby declare as follows:

1. I am a partner at the law firm of Jenner & Block LLP, and counsel to the plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. in this action ("Plaintiffs"). The statements made in this declaration are based on my personal knowledge including on information provided to me by colleagues or other personnel working under my supervision on this case.

1. Attached hereto as Exhibit 1 is a true and correct copy of excerpts of specific requests for production from Defendants' First Set of Requests for Production issued to Plaintiffs in this Action.

2. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of specific requests for production from Defendants' Second Set of Requests for Production issued to Plaintiffs in this Action.

3. Attached hereto as Exhibit 3 is a true and correct copy of a 30(b)(6) notice (omitting attachments) served on Plaintiff Warner Bros. Entertainment Inc. in this Action.

4. Attached hereto as Exhibit 4 is a true and correct copy of a subpoena to DtecNet, Inc. that Defendants served upon Plaintiffs in this Action.

5. Attached hereto as Exhibit 5 is a true and correct copy of the cover page of a subpoena to MiMTiD Corp. that Defendants served upon Plaintiffs in this Action. With respect to the topics that are the subject of this motion, the substance of the subpoena is the same as the full subpoena attached as Exhibit 4.

6. Attached hereto as Exhibit 6 is a true and correct copy of the cover page of a subpoena to BayTSP, Inc. that Defendants served upon Plaintiffs in this Action. With respect to the topics that are the subject of this motion, the substance of the subpoena is the same as the full subpoena attached as Exhibit 4.

7. Attached hereto as Exhibit 7 is a true and correct copy of the cover page of a subpoena to Peer Media Technologies that Defendants served upon Plaintiffs in this Action. With respect to the topics that are the subject of this motion, the substance of the subpoena is the same as the full subpoena attached as Exhibit 4.

8. Attached hereto as Exhibit 8 is a true and correct copy of the cover page of a subpoena to OpSec Security Group plc that Defendants served upon Plaintiffs in this Action. With respect to the topics that are the subject of this motion, the substance of the subpoena is the same as the full subpoena attached as Exhibit 4.

9. Attached hereto as Exhibit 9 is a true and correct copy of the declaration of Lance Griffin, in-house counsel for Plaintiff Disney Enterprises, Inc.

10. Attached hereto as Exhibit 10 is a true and correct copy of the declaration of Betsy Zedek, in-house counsel for Plaintiff Twentieth Century Fox Film Corporation.

11. Attached hereto as Exhibit 11 is a true and correct copy of the declaration of Steven Kang, in-house counsel for Plaintiff Universal City Studio Productions, LLLP.

12. Attached hereto as Exhibit 12 is a true and correct copy of the declaration of Vicki Solmon, in-house counsel for Plaintiff Columbia Pictures Industries, Inc.

13. Attached hereto as Exhibit 13 is a true and correct copy of the declaration of David Kaplan, in-house counsel for Plaintiff Warner Bros. Entertainment Inc.

14. I have been engaged in repeated discussions with Deepak Gupta and Roderick Thompson, counsel for Defendants, regarding Defendants' discovery requests to Plaintiffs that relate to Plaintiffs' investigation of the Hotfile Website and their issuance of notifications of infringement to Hotfile and to Lemuria Communications. These negotiations were ongoing when Defendants served their subpoenas on Plaintiffs' antipiracy vendors, and I notified Defendants' counsel of my intent to expand our negotiations to encompass such materials insofar as their requests addressed the same topics as those to which Plaintiffs had objected in Defendants' requests to Plaintiffs.

15. During the ongoing negotiations with Mr. Gupta and Mr. Thompson, I expressed Plaintiffs' position that materials related to Plaintiffs' antipiracy process and pre-Complaint investigation of Hotfile were, as a general proposition, not relevant to the claims in this action. Mr. Gupta and Mr. Thompson explained their theory that such discovery was relevant to proving whether Plaintiffs were "complying with their duties under the DMCA" They also claimed that

Plaintiffs' takedown process generally was relevant to proving Defendants' entitlement to claim the safe harbor under the DMCA, as well as to the feasibility of Defendants' controlling the contents of the files on their website. I articulated Plaintiffs' disagreement with Defendants' theories of relevance and also explained Plaintiffs' position that if the requested materials were relevant to any of Defendants' theories at all, any relevance was marginal and was outweighed by the potential prejudice to Plaintiffs from improper disclosure.

16.     Plaintiffs are producing to Defendants the takedown notices they issued to Hotfile and their records of Hotfile's responses to such notices. Plaintiffs have also agreed to produce documents showing different providers of video fingerprinting technology (a technology commonly used to identify copyrighted movies and television programs represented within a digital file), as well as to conduct a search for nonprivileged documents that analyze the effectiveness of such technology in applications involving content hosted at on online location. If Defendants were to agree to withdraw their further document requests aimed at Plaintiffs' process for investigating and responding to infringement online, I also offered to have each Plaintiff seat a 30(b)(6) deponent to testify regarding each Plaintiffs' general policies and procedures for investigating infringement on Hotfile and issuing notices of infringement, so long as such testimony would remain at a level of generality that would not provide a roadmap for evading those antipiracy efforts. Defendants declined my offer, and Mr. Gupta and I agreed that the meet and confer was concluded on the basis of the impasse we had reached on this as well as other issues.

17.     Plaintiffs notified Defendants of their intent to file this motion a few weeks ago, but deferred filing based on the Court's June 27, 2011 order denying without prejudice the parties' joint motion to extend to sixty days the time to file discovery motions. In accordance

with the Court's instructions at the July 8, 2011 status conference to file such motions by Friday, July 22, 2011, I confirmed earlier this week that Defendants were not open to withdrawing their attempts to take discovery of Plaintiffs' antipiracy process in exchange for the information Plaintiffs had previously offered as described in paragraph 16 above.

18.     In addition to the work the vendors perform for Plaintiffs directly, Plaintiffs' outside counsel at Jenner & Block worked closely with DtecNet, Inc., one of the vendors subpoenaed by Defendants in this action retained by the MPAA, in order to analyze Hotfile as a potential litigation target, to analyze potential claims against Hotfile, and to gather information regarding Hotfile's infringement of the Plaintiffs' works. DtecNet worked at the direction of two Jenner & Block attorneys, Duane Pozza and Rochelle Lundy, during this process.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22d day of July, 2011 in Washington, DC.

_____
Luke C. Platzer