# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.

## RE-NOTICE OF DEPOSITION OF WARNER BROS. ENTERTAINMENT INC. PURSUANT TO F.R.C.P. 30(B)(6)

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Hotfile Corporation ("Hotfile"), by and through its attorneys, will take the deposition upon oral examination of Plaintiff Warner Bros. Entertainment Inc. ("Warner") at 9:30 a.m. on July 20, 2011, a date mutually agreed by the parties, at the offices of Jenner & Block LLP located at 633 West Fifth Street, Suite 3500, Los Angeles, California 90071.

Pursuant to Fed. R. Civ. P. 30(b)(6), Warner is required to produce one or more officer(s), director(s), managing agent(s), or other persons who are designated and consent to testify on its behalf as to each of the subject matters set forth in Schedule A, attached hereto. Pursuant to said Rule, Warner is required to prepare said designee(s) to testify as to matters known by, or reasonably available to, defendant falling within each of the stated subject matters.

26501\2668644.1

The deposition will proceed in accordance with the Federal Rules of Civil Procedure and will continue from day to day (Saturdays, Sundays and legal holidays excluded) until completed unless otherwise agreed.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be recorded stenographically. The deposition may also be recorded by videotape. Real time transcription may also be used.

DATED: July 6, 2011

FARELLA BRAUN & MARTEL LLP

By: _____
Roderick M. Thompson

Attorneys for Defendant
Hotfile Corporation

## SCHEDULE A

## DEPOSITION TOPICS

1. Warner Bros. Entertainment Inc.'s ("Warner's") hotfile.com Special Rightsholder Account (the "Account"), including

   a. Warner or its agents' use of the Account,

   b. Every IP address and individual who has used the Account or is involved in deciding when and how to use the Account,

   c. Warner's procedures used for exercising its ability to delete files using the Account,

   d. Michael Bentkover's responsibilities at Warner and his role in establishing and using the Account,

   e. all persons who have used or are authorized to use the Michael.Bentkover@warnerbros.com email address for purposes of using the Account during the last three years,

   f. Warner's role in the deletion of links on hotfile.com, for each of the files specified in Attachment A, including whether the deletion was authorized by Warner, Michael Bentkover or any person or entity associated with one or more of the Plaintiffs.

2. DMCA takedown notices relating to hotfile.com sent by Warner or its agents, including dect.net and Peer Tech Media,

3. Warner's bases for all the notices and requests referenced in (1) and (2) above.

4. The process that Warner or its agents use to investigate and identify infringing works on the Hotfile website and the challenges they face in doing so.

5. Technologies that Warner uses for identifying, removing, blocking or filtering access to copyright infringing works on the Internet or to generate take down requests as noted in (1) and (2).

6. The challenges and difficulties that Warner faces in discerning between infringement and fair or authorized use of its copyrighted works on the Internet.

7. Hotfile's response to the take down requests referenced in (1) and (2) above.

8.  Warner's contentions as to the applicability of the DMCA safe harbor under 17 U.S.C. § 512(c) to Hotfile.com, including:

   a.  Any facts indicating knowledge of material or an activity using the material on hotfile.com is or was infringing;

   b.  Any facts indicating that Hotfile has failed to expeditiously take down or disable access to specific infringing content of which it had actual knowledge of infringement;

   c.  Any facts indicating that in the absence of such actual knowledge, Hotfile was aware of facts or circumstances from which infringing activity was apparent, yet Hotfile failed to expeditiously takedown such material;

   d.  Any facts indicating that Hotfile receives a financial benefit directly attributable to infringing activity;

   e.  Any facts indicating that Hotfile has the right and ability to control such infringing activity

9.  Warner's or its affiliate's voluntary placement of works on the Internet for promotion, distribution or sale, including without limitation uploads to hotfile.com.

10. All use of the Account to delete files from hotfile.com in February 2011 (including without limitation the thousands of files that were deleted on February 7, 2011, the day before the complaint was filed, examples are listed in Attachment A.)

11. The authorization(s) Warner received from the owners of the works listed in Attachment A, or from any other individual or entity, to delete the files by use of its Account.

12. All deletions using the account made by Didier Wang and Bret Boivin

13. When, how and why the Account or DNCA take down notices were used or not used with respect to any of the works set forth in Attachment B (an expert of the list attached to the complaint).

14. All communications between Warner and any other entity including, but not limited to the other Plaintiffs, MPAA, dect.net or Peer Tech Media, about the Account or Hotfile.

15. All communications between Warner and Hotfile about the Account, including without limitations, requests by Warner to increase the limit on daily deletions of files and the effectiveness of Account.