# EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*
_____/

## DECLARATION OF LANCE GRIFFIN

I, LANCE GRIFFIN, hereby declare as follows:

1. I am an Executive Counsel at The Walt Disney Company ("Disney") and serve as an attorney in Disney's Corporate Legal Antipiracy Group. In that capacity, I supervise antipiracy enforcement activities relating to copyrighted works belonging to the Plaintiff Disney Enterprises, Inc. I make this declaration in support of Plaintiffs' Motion for a Protective Order. Unless otherwise indicated, I have personal knowledge of all facts described herein.

2. Disney uses a combination of internal antipiracy personnel and external antipiracy vendors in its Internet enforcement program. Disney's internal antipiracy personnel include attorneys and non-attorney employees who report to me or other Disney in-house counsel and act at our direction and under our supervision. Disney's policy is that our antipiracy vendors are

supervised by and report to either in-house antipiracy counsel or antipiracy personnel working at counsel's direction.

3. Disney's online copyright enforcement activities include searching for and identifying locations on the Internet where Disney's copyrighted works are being performed or distributed without Disney's authorization, determining potential targets for litigation or other enforcement, and issuing notifications of infringement to those responsible for infringing Disney content online.

4. Disney's antipiracy counsel and litigation counsel rely on the work of Disney's antipiracy personnel and vendors to assist in identifying potential litigation targets and evaluating potential legal claims. Lawyers in the antipiracy group, or those working under their direction or supervision, make decisions such as what works to search for, which Internet sites to monitor, the techniques for identifying and verifying infringement, how evidence is gathered, and the circumstances under which to issue notifications of infringement.

5. Disney has invested considerable time and effort to develop and implement its antipiracy enforcement activities. This includes development and refinement of the process that Disney, working collaboratively with its antipiracy vendors, uses to identify infringing content online and issuing notifications of infringement.

6. Disney would be prejudiced if information about its antipiracy efforts were disclosed to pirates like Defendants that are engaged in the infringement of Plaintiffs' copyrighted content. Information such as how Disney and its vendors identify and verify infringing material online could facilitate circumvention of those efforts (e.g., how and where such searches for online infringements are conducted, which works are searched for, and ways

those techniques can be frustrated) could permit pirates to structure their behavior in a manner that avoids triggering such enforcement.

7. Due to the danger that persons familiar with our enforcement efforts could take steps to circumvent them, Disney does not discuss publicly details of our enforcement efforts. Information about these efforts is largely limited to members of the antipiracy group, relevant business executives, and the antipiracy vendors who locate infringing content online. The vendors understand the details of Disney's antipiracy enforcement efforts are confidential.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of July, 2011 in Burbank, California.

_____
Lance R. Griffin

3