# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.

_____

## DECLARATION OF VICKI R. SOLMON

I, VICKI R. SOLMON, hereby declare as follows:

1. I am Senior Vice President for Anti Digital Theft & Theatrical Distribution at Sony Pictures Entertainment Inc. ("SPE"). In this capacity, I supervise SPE's antipiracy efforts, which include protecting copyrighted works belonging to all of its companies, including but not limited to the Plaintiff Columbia Pictures Industries, Inc. ("Columbia Pictures"). I have been developing and executing Columbia Pictures' antipiracy strategies for approximately twenty-seven years. I make this declaration in support of Plaintiffs' Motion for a Protective Order. Unless otherwise indicated, I have personal knowledge of all facts described herein.

2. Columbia Pictures' antipiracy efforts include, but are by no means limited to, identifying infringement of content on linking sites and on locker sites such as Hotfile. SPE uses a combination of internal personnel and outside antipiracy vendors in order to detect and respond to

infringement of various content. The SPE personnel and vendors that implement Columbia Pictures' antipiracy efforts generally, as well as with respect to locker site and linking site infringement specifically, report to me and act at my direction. I also regularly consult with other in-house and outside counsel in formulating and refining SPE's strategies for investigating and responding to infringement of SPE content, including Columbia Pictures.

3. SPE's antipiracy personnel and/or outside antipiracy vendors search for the unauthorized postings of SPE titles online – including on linking and locker sites – gather information regarding the infringement, and issue notifications of infringement, based on instructions provided by me or by antipiracy personnel who act at my direction. Considerable lawyer and paralegal time is spent each year formulating antipiracy plans for SPE's motion pictures and supervising internal personnel and external antipiracy vendors as they implement those plans. I and other SPE counsel, in turn, rely upon information gathered by SPE's antipiracy personnel and/or vendors at their direction to refine SPE's antipiracy strategies as well as to determine whether to initiate civil litigation or refer particular websites to criminal authorities.

4. SPE's antipiracy personnel closely guard information about SPE's antipiracy strategies, such as the methods used to locate infringing material online and the directions given to our vendors. SPE's antipiracy plan with respect to a specific motion picture is shared only with those individuals (in-house and/or outside vendors) directly involved with protection of that motion picture. On a related note, SPE only shares its antipiracy plans with another company when that company has a joint proprietary interest in the protection of that motion picture. Similarly, SPE's antipiracy personnel only share with SPE's business executives or other employees if there is a specific business need. When SPE retains a vendor to protect a motion picture, to search and takedown unauthorized material, SPE instructs the vendor that SPE considers information shared with them regarding SPE's antipiracy plans to

be highly confidential; further, keeping such information confidential is a condition of their continued employment by SPE.

5. SPE keeps its antipiracy strategies in close confidence because information about how SPE and its vendors locate infringing content online, and issue notifications of infringement, could prejudice SPE and be of value to pirates seeking to evade those enforcement efforts. First, information about the works SPE protects at given times, by revealing SPE's enforcement priorities, would identify to current or putative pirates where particular works are being searched, how often the sites are being scanned, and works that are unlikely to be detected. Second, identification of the online locations SPE and its vendors search for infringing content would also alert those locations to the fact that they are being monitored and could trigger their taking reactive measures. Additionally, SPE protects this information from being disclosed to other vendors, as well as competitors such as other studios and other rights holders. Finally, if the reports SPE's outside vendors generate about infringement of SPE titles were shared with the general public, members of the general public would have a road map for how to find infringing content online, when, and for how long. Therefore, SPE takes the steps described above to ensure that its methods and overall strategies for protecting its works online, including on locker sites such as Hotfile and linking sites that link to locker sites such as Hotfile, remain confidential.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of July, 2011 in Culver City, California.

_____
Vicki R. Solmon