UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants*.
                                                                    /

**PLAINTIFFS' AND THE MPAA'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO AUTHORIZE USE OF CATEGORICAL PRIVILEGE LOGS**

Defendants' Opposition to Plaintiffs' motion conflates two distinct issues, addressed in two different motions, that are currently before the Court. The first, addressed by this motion, concerns the use of a categorical privilege log to describe documents Plaintiffs withhold based on claims of privilege and work product protection. The second, addressed by Plaintiffs' separate Motion for a Protective Order [Docket No. 105] addresses the appropriate scope of discovery into Plaintiffs' pre-complaint investigations into infringement on Hotfile. While Plaintiffs do request in that second, separate motion that the Court should limit inquiry into irrelevant and confidential aspects of Plaintiffs' copyright enforcement processes, Plaintiffs are not requesting, in this motion, permission to withhold documents on their privilege logs based on those relevance and confidentiality objections. Accordingly, contrary to Defendants' assertion, plaintiffs are not proposing any "novel" or "aggressive" categories of privileged documents in this motion. They are proposing that their privilege logs identify privileged categories of documents based on traditional application of the work product doctrine and attorney-client privilege. Defendants have done nothing to refute Plaintiffs' authority showing that categorical

62252.1

privilege logging is both appropriate under the federal rules of civil procedure and under the facts of this case. Accordingly, Plaintiffs respectfully request that the Court permit categorical privilege logging as set forth in Plaintiffs' motion.

## ARGUMENT

### I. CATEGORICAL PRIVILEGE LOGS ARE NOT "DISFAVORED."

Defendants claim without support that categorical privilege logs are "disfavored." Opp. at 1. But they fail to distinguish both the Advisory Committee notes to Rule 26 (which explicitly contemplate this precise approach) as well as the host of decisions cited in Plaintiffs' motion authorizing the use of categorical privilege logs where, as here, the privileged documents are voluminous and no prejudice would befall the nonproducing party. *See* Mot. at 2-3; *see also, e.g.*, *SEC v. Thrasher*, No. 92 Civ. 6987 (JFK), 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996) (authorizing categorical privilege logs where "files in question are extremely voluminous" because request sought "all communications between defense counsel concerning the lawsuit"); *Orbit One Comm'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (authorizing use of categorical privilege log where there was "a large quantity of privileged communications" to be logged because request sought documents concerning the drafting and negotiations of the contract at issue in the dispute).

This Court has also authorized this approach in a case where the number of privileged documents were fewer than they are here. *See Republic Servs. Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. 07-21911-CIV, 2008 WL 4691836, at *3 (S.D. Fla. Oct. 21, 2008). Defendants attempt to distinguish *Republic Services* by arguing that, in that case, the number of privileged documents *on a per party basis* was still greater since this case involves six producing parties rather than one. *See* Opp. at 4. But that is a distinction without a difference. The parties here have agreed to address discovery on a per-side basis and not a per-party basis. That there are multiple plaintiffs does nothing to change the unnecessary burden of preparing a document-by-document log of over five thousand documents. *See* Updated Joint Scheduling Report, Docket No. 101, at 17. Defendants' attempt to distinguish *Republic Services* based upon the number of parties ignores the underlying principle of the decision, which is that categorical privilege logs are an appropriate approach where, as here, document-by-document itemization would be burdensome and unnecessary. Mot. at 2-3.

62252.1

Defendants also rely on *SEC v. Thrasher*. That decision, however, supports the use of a categorical privilege log where a party seeks "wholesale production of documents that are ordinarily covered by the work-product rule." 1996 WL 125661 at *1. That, of course, is precisely what Defendants did here by demanding essentially every document arising out of Plaintiffs' pre-complaint investigation. And Defendants' mere accusation that Plaintiffs' proposed privilege categories are "novel" or "unconventional" does not make them so. For example, Plaintiffs have proposed, as two of their categories, communications between outside counsel and in-house counsel or technical experts "for the purpose of evaluating legal claims against Defendants" or communications between in-house counsel and antipiracy employees/consultants working under their direction for "purposes of identifying infringers for potential enforcement action." Mot. at 5. These categories are classic examples of documents entitled to attorney-client privilege and work product protection. *See infra* Part III.

## II. DEFENDANTS HAVE FAILED TO SHOW HOW THEY WOULD BE PREJUDICED BY USE OF A CATEGORICAL PRIVILEGE LOG.

The privilege categories Plaintiffs have proposed, and the information they have agreed to include in a privilege log, would provide sufficient information to "enable [defendants] to assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5)(A). Accordingly, Defendants are unable to show how "the additional information to be gleaned from a more detailed log" would be of any "material benefit … in assessing whether the privilege claim is well-grounded." *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 87 (S.D.N.Y. 2006) (quotation marks omitted).

Defendants claim that a categorical log should not be used here because there "plainly is a dispute" about Plaintiffs' claims of privilege and work product. *See* Opp. at 5. But the information Defendants claim they need to pursue their avowed "dispute" can be obtained from a categorical privilege log. For example, with respect to Defendants' objection to Plaintiffs' work product claims, Defendants claim that they need to know which documents were created as part of Plaintiffs' pre-complaint investigation specifically for this litigation, and which were created as part of Plaintiffs' copyright enforcement efforts beyond their preparation for this immediate litigation. *See id.* at 5-6.[1] Although that is a false distinction with respect to the merits of work

---

[1] *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 478 (S.D. Cal. 1997), cited by Defendants, expressly permitted using categorical descriptions to log documents created "before the initiation of th[e] litigation." *Id*. To the extent Defendants think they need information to distinguish documents created for this litigation as opposed to Plaintiffs' individual enforcement efforts separate

3

product protection, *see infra* Part III, that is not a theory Defendants need document-by-document narratives to pursue.  There is no reason properly crafted categories would not provide Defendants with any information they claim they need to pursue this theory.[2]  Defendants' theory that Plaintiffs' pre-complaint investigation by their outside counsel and consultants to prepare this case for litigation is different from their individual enforcement investigations for work product purposes is a challenge *to an entire category* of privilege, with respect to which "plaintiffs' claim of work product protection … rises or falls as a unit." *See United States v. Gericare Med. Supply, Inc.*, No. CIV. A. 99-0366-CB-L, 2000 WL 33156442, at *4 (S.D. Ala. Dec. 11, 2000) (holding that "defendants have not explained how a categorical privilege log impaired their ability to test the plaintiff's claim of work product protection" because it was predicated on an entire category of documents).

With respect to Defendants' objections on the grounds of the attorney-client privilege, Defendants claim that they require "particularized information regarding who sent and received the communications" in order to test the claim of privilege.  Opp. at 8.  Defendants' complaint that there is an "unknown number of different parties" is without merit.  *Id.* at 7.  Plaintiffs will be asserting privilege largely with respect to communications within the antipiracy departments at Plaintiffs' respective operating companies, among Plaintiffs' in-house counsel and Plaintiffs' outside counsel and the MPAA, and with a limited number of antipiracy vendors acting as the agents of Plaintiffs' in-house or outside counsel.  These parties will all be identified.  As Plaintiffs have proposed, detailed information as to the parties involved in each category of communications would be provided in the descriptions of the categories themselves – allowing Defendants to make whatever challenges to categories of communications that they want.  There is no reason Defendants need document-by-document information about which in-house lawyer or which antipiracy vendor sent or received each individual document.

---

from this specific litigation, that information can be provided through a categorical log.  *See infra* note 2.

[2] Defendants appear to miss the point that the categories listed in Plaintiffs' original motion were "nonexhaustive example[s]" of the type of information Plaintiffs could provide through categorical logs.  *See* Mot. at 4.  There is no reason why categories could not be broken into distinct temporal subcategories, or that the parties could not meet and confer as necessary to refine those categories as needed to address any disagreements.

62252.1

Defendants' other arguments regarding the merits of any of the proposed categories of privileged documents, *see* Opp. at 6, are premature and irrelevant to this motion. The purpose of this motion is not for the Court to rule on the merits of Plaintiffs' claims of privilege or Defendants' hypothetical attempts to overcome them. Instead, Plaintiffs have proposed a sample of proposed categories and have made clear that they are amenable to including additional or different information in order to provide Defendants with sufficient information so they can evaluate the legitimacy of Plaintiffs' assertion of privilege. If the parties, however, are not able to reach agreement, they can then address the specifics with the court.[3]

### III.   PLAINTIFFS' ASSERTIONS OF PRIVILEGE ARE ENTIRELY CONVENTIONAL.

Defendants complain that a categorical log would be inappropriate in this action because Plaintiffs are making "novel[]," "unprecedented," and "dispute[d]" claims of privilege. Opp. at 2, 5, 8. Specifically, they argue that Plaintiffs have been asserting some form of new investigatory "'privilege' [that] goes beyond conventional attorney-client privilege and attorney work product protection" based on "'trade secret' or 'confidential' anti-piracy investigatory techniques." *Id*. at 2. That is not the case. Plaintiffs have filed a separate Motion for a Protective Order [Docket No. 105] concerning discovery that seeks irrelevant and sensitive information, the disclosure of which could compromise the effectiveness of Plaintiffs' antipiracy enforcement efforts. That motion has nothing to do with this motion and none of the privilege categories Plaintiffs have proposed in this motion are based on relevance, trade secrets or any similar grounds for objecting to the scope of Defendants' requests.

There is nothing "novel" or "unprecedented" about Plaintiffs' position on privilege and work product. Plaintiffs' privilege claims with respect to their pre-complaint investigations are in fact conventional. The investigation conducted by Plaintiffs' outside counsel and in-house counsel to prepare this case for litigation is classic attorney work product – "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, *consultant*, surety, indemnitor, insurer, or

---

[3] Defendants' allusions to a counterclaim that has never been asserted, Opp. at 6 n.4, or to theories of "waiver," *id.* at 7, have no bearing on this motion. Defendants do not even attempt assert how a categorical privilege log could possibly detract from their ability to pursue either argument.

5

62252.1

agent)." Fed. R. Civ. P. 26(b)(3) (emphasis added).[4] The use by counsel of consultants to aid with the investigation does not make the privilege claim any less conventional. Defendants make no serious claim that these materials – which drive a substantial portion of the burden of generating a privilege log in response to Defendants' requests – are not entitled to work product protection.

The same is true of Plaintiffs' *individual* investigations into the infringement of their copyrights on Hotfile for purposes of enforcing their copyrights. Although Defendants complain that some of Plaintiffs' copyright enforcement work is performed by "non-lawyers," Opp. at 6, the work of those antipiracy personnel and vendors is supervised and directed *by* lawyers.[5] It is "clear that the work product doctrine protects materials prepared by an agent of the attorney, provided that material was prepared in anticipation of litigation." *In re Ford Motor Co.*, 110 F.3d 954, 967 (3d Cir. 1997) (protecting work of in-house technical experts working with outside consultants), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599 (2009); *Mitsui Sumitomo Ins. v. Carbel, LLC*, No. 09–21208–CIV, 2011 WL 2682958, at *2 (S.D. Fla. July 11, 2011) ("Work product extends beyond the lawyer's own preparation; it may be protected as long as it has been prepared in anticipation of litigation by *any* representative or agent of the party asserting the privilege.").

Defendants' argument that work product protection does not apply to Plaintiffs' individual enforcement investigations because the documents were created "in the ordinary

---

[4] Many documents arising out of this investigation are likely to be subject to the attorney-client privilege as well, as the attorney-client privilege protects attorney communications with a consultant, made in confidence, for the purpose of assisting the attorney's rendering of legal advice to his or her client. *See United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961); *see also In re Beiter Co.*, 16 F.3d 929, 936 (8th Cir. 1994) (attorney-client privilege extends to communications with independent contractor of corporation); *Royal Bahamian Ass'n v. QBE Ins. Co.*, No. 10-21511-CIV, 2010 WL 3637958, at *3-4 (S.D. Fla. Sept. 10, 2010) (same); *In re CV Therapeutics, Inc. Sec. Litig.*, No. C-03-3709 SI, 2006 WL 1699536, at *7 (N.D. Cal. June 16, 2006) ("[C]ourts have taken an expansive view of protected communications between independent contractors and counsel where the outside consultant functions like an employee in providing information which facilitates the obtaining of legal advice."), *clarified on reconsideration*, 2006 WL 2585038 (N.D. Cal. Aug. 30, 2006).

[5] Plaintiffs' enforcement process was previously described to the Court in the declarations of Plaintiffs' in-house counsel submitted in support of Plaintiffs' Motion for a Protective Order. *See* Declarations of Lance Griffin [Docket No. 106-10] ¶¶ 2-4; Betsy Zedek [Docket No. 106-11] ¶¶ 2-5; Vicki Solmon [Docket No. 106-13] ¶¶ 2-3; and Steve Kang [Docket No. 106-12] ¶¶ 2-7.

course of business," is both wrong and irrelevant to this motion. Although the infringement of Plaintiffs' copyrights may be so pervasive that Plaintiffs' lawyers and persons acting at their direction are forced to regularly respond to such unlawful theft, that does not convert those legal enforcement activities to a business function that is not privileged.[6] Plaintiffs' enforcement of their copyrights through escalating mechanisms prior to filing an infringement complaint, such as issuing formal notifications of infringement, are "grounded in the same set of facts that create[] the anticipation of litigation," *i.e.*, the unlawful infringement of Plaintiffs' works, and are thus subject to conventional attorney work-product protection. *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 909-10 (9th Cir. 2004) (documents entitled to work product protection – even if not *solely* created in anticipation of litigation – because "litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole"). And critically for purposes of this motion, Defendants' challenge goes to *an entire category of documents* and can be made without the need for a document by document privilege log.

## CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court enter an order authorizing Plaintiffs to submit their privilege log in this action using categorical logging.

---

[6] Likewise, notwithstanding Defendants' efforts to manufacture some "dispute," it is immaterial whether "documents created prior to the litigation were created in anticipation of this litigation," Opp. at 5, or some other enforcement action. *See In re Ford Motor Co.*, 110 F.3d at 967 ("The literal language of Rule 26(b)(3) requires that the material be prepared in anticipation of *some* litigation, not necessarily in anticipation of the *particular* litigation in which it is being sought"), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599 (2009).

| | |
|---|---|
| Dated: July 27, 2011 | Respectfully submitted, |
| | By: /s/ Karen L. Stetson |
| | Karen L. Stetson<br>GRAY-ROBINSON, P.A.<br>1221 Brickell Avenue<br>16th Floor<br>Miami, Fl 33131<br>Telephone: (305) 461-6880<br>Facsimile:  (305) 461-6887 |
| MOTION PICTURE ASSOCIATION<br> OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403<br>Phone:  (818) 995-6600<br>Fax:  (818) 285-4403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>Duane C. Pozza (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Telephone: (202) 639-6000<br>Facsimile:  (202) 639-6066<br><br>*Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th Day of July, 2011, I served the following documents on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' and the MPAA's Reply Memorandum in Support of Motion to Authorize Use of Categorical Privilege Logs**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this certificate of Service was executed on this date at Miami, FL.

By: /s/ Karen L. Stetson<br>
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-JORDAN**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone: 617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*