UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
                                                                        /

**PLAINTIFFS' MOTION AND MEMORANDUM TO COMPEL RESPONSES TO SUBPOENA TO THIRD PARTY LEMURIA COMMUNICATIONS, INC.**

Plaintiffs hereby move to compel the production of certain limited categories of documents pursuant to the subpoena served by plaintiffs on April 4, 2011 on third party Lemuria Communications, Inc. ("Lemuria"), the internet service provider for defendants' website hotfile.com ("Hotfile"). Lemuria is not a neutral third party to this litigation. Defendant Titov is Lemuria's owner, manager, president, and sole-listed officer and director. The only apparent reason why Titov founded Lemuria was to ensure that Hotfile would have uninterrupted internet service for its infringing activities. Given Lemuria's close relationship with defendants, Lemuria – which is also potentially one of the Doe defendants in this case – is likely to possess a trove of highly relevant and discoverable documents, many of which concern the daily operation of Hotfile's business and Titov's involvement with Hotfile. To avoid having to produce documents incriminating Hotfile and Lemuria, Lemuria improperly attempts to narrow the scope of the subpoena by limiting its responses only to documents pertaining to the "hosting services" that Lemuria concedes it provides to Hotfile. But plaintiffs are entitled to all documents in Lemuria's possession relating to the operation of Hotfile, including the extent of Lemuria's own

involvement. Accordingly, the Court should order Lemuria to produce all documents sought by plaintiffs because they are relevant and discoverable.

The parties have met and conferred but have been unable to reach a resolution regarding Lemuria's objections to the following requests: 1(a), (b), and (d), 2(d) and (e), 4, 9, and 11. By this motion, plaintiffs move to compel full responses to those requests.[1]

## BACKGROUND

Defendant Titov is the owner, manager, President, and sole-listed officer and director of Lemuria. *See* Declaration of Duane C. Pozza ("Pozza Decl.") Exs. A-C. Titov founded Lemuria, as he put it, "for the purpose of providing web-hosting services, in particular for Hotfile.com." Pozza Ex. A ¶ 5. Lemuria appears to be little more than a shell company for Titov: it originally used a drop box as an address, has no apparent website offering internet services, and does not appear to provide internet hosting services for anyone other than Hotfile. Pozza Decl. ¶ 8; Pozza Ex. D; Declaration of Ian Foster in Support of Plaintiffs' Motion for an Order Preserving Evidence (Doc. # 15) ¶ 16. Lemuria has a contract with a wholly owned subsidiary of defendant Hotfile Corp., a Bulgarian company called Hotfile, Ltd., and Titov claims that Lemuria receives payment for web-hosting services. Pozza Ex. A ¶ 5. Indeed, according to documents produced by third-party Paypal, Inc., Lemuria has been paid and transferred out substantial amounts per month,[2] *see* Pozza Exs. E & F – transfers which, by their amount and number, are unlikely to pertain solely to the limited hosting services that Lemuria provides to Hotfile.

Titov set up Lemuria only after Hotfile's previous internet service provider ("ISP") received a subpoena under the Digital Millennium Copyright Act notifying it of Hotfile's

---

[1] The plaintiffs and Lemuria agreed to extend the time to bring this motion in order to further meet and confer. At the Court's July 8, 2011 status conference, the Court extended the time to file any motions to compel that would otherwise be out of time under the Local Rules to July 22, and in an Order dated July 21, 2011 (Dkt. #103), the Court further extended the time to file such motions until August 3.

[2] The parties have met and conferred regarding the confidentiality of the Paypal documents and specifically, whether the specific amounts of incoming payments and outgoing transfers could be filed without redaction. Defendants would not consent to the filing of such documents without redaction of the specific dollar amounts. Plaintiffs therefore refer the court to Docket Entry 79, previously filed under seal, which is an unredacted version of Exhibit E showing incoming payment amounts to Lemuria. Plaintiffs are willing to provide unredacted versions of Exhibit F under seal at the Court's request.

infringement.  Pozza Ex. G.  At that point, Hotfile faced a substantial risk that its internet access would be cut off based on its widespread infringing activities.  *See* 17 § U.S.C. 512(i) (for ISP to claim safe harbor from infringement liability, it must implement policy of terminating customers that repeatedly engage in infringing activities).  A legitimate ISP would be expected to terminate such a blatant infringer such as Hotfile.  Titov resolved this issue by forming his own ISP, Lemuria, which would ensure that Hotfile had uninterrupted service irrespective of the mounting accusations of copyright infringement against it.  *See* Compl. ¶ 45.

Plaintiffs therefore have asked Lemuria to produce documents relating to its relationship with defendants and the Hotfile website, such as communications with defendants and their cohorts.  These would likely provide direct (and incriminating) evidence of defendants' business activities in operating Hotfile, which, plaintiffs have alleged, are based on profiting from infringement that defendants know of and actively encourage.  *See id*. ¶¶ 24-34.  Documents sought by the subpoena in Lemuria's possession would also be probative of whether Titov created Lemuria not only to prevent Hotfile from losing ISP hosting services based on its infringing activities, but also to enable Hotfile to engage in its infringing activities.  The requested documents will likely also provide evidence of Titov's personal involvement in the operation of Hotfile, which is directly relevant to plaintiffs' claims against defendant Titov personally and may also identify other operators of Hotfile – possibly including Lemuria itself – which will be relevant to identifying the unnamed Doe defendants alleged to be involved in the operation of Hotfile.

## LEGAL STANDARD

Parties may seek discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  For discovery requests to non-parties, courts weigh case-specific factors such as relevance, the need for documents, the breadth, time period and particularity of the requests against the burden imposed on the third party.  *See Echostar Satellite v. Viewtech, Inc.*, No. 10-60069-MC, 2010 WL 2822109, at *3 (S.D. Fla. July 16, 2010).  The party opposing a motion to compel discovery bears the burden of establishing that the requested discovery is improper, unreasonable or burdensome.  *Id*. at *2.

**ARGUMENT**

**I.    LEMURIA MAY NOT LIMIT ITS PRODUCTION TO ONLY DOCUMENTS SHOWING THE FUNCTIONAL "PROVISION OF HOSTING SERVICES."**

Plaintiffs have sought straightforward discovery of the communications and agreements between Hotfile and Lemuria, Lemuria's role in the operation of Hotfile, and financial arrangements between Lemuria and Hotfile. For each such request, Lemuria seeks to limit its production solely to documents related to the "provision of hosting services to Hotfile," arguing that documents related to any other aspect of Lemuria's relationship with Hotfile are not relevant. Lemuria's position is indefensible, apparently adopted to avoid disclosures that may implicate defendants. Lemuria's objections should be rejected.

**A.    Plaintiffs' Requests for Production Nos. 1(a), (b), (d), 2(d), (e), and 11.**

Request for Production No. 1:

All documents pertaining to your relationship with the Hotfile Website, including:

  a) All documents pertaining to communications with Defendants or any Hotfile Entity.

  b) All documents pertaining to Lemuria's role in operating the Hotfile Website.

  …

  d) All documents pertaining to any contracts, agreements, undertakings, or understandings pertaining to Defendants or the Hotfile Website.

Request for Production No. 2:

All documents pertaining to your relationship with any Hotfile Entity, including:

  …..

  d) All documents pertaining to any agreements, contracts, undertakings, or understandings between Lemuria and any Hotfile Entity;

  e) All documents pertaining to any and all financial arrangements, revenue sharing, and accountings between Lemuria and any Hotfile Entity, including any revenue, income, funds, or other valuable consideration exchanged between Lemuria and any Hotfile Entity . . . .

Request for Production No. 11:

Documents sufficient to show all income received by Lemuria, directly or indirectly, in connection with the Hotfile Website, Defendants, or any Hotfile Entity.

4

**B.     Objections and Responses to Requests Nos. 1, 2, and 11.**

<u>Response to Request for Production No. 1:</u>

Lemuria objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lemuria objects to this request as unduly burdensome to the extent it seeks documents or information that can be obtained with less burden from the parties to this litigation or other third parties.

Lemuria further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrases "Support Staff," "undertakings," "understandings," "response to," and "actions taking." Moreover, the undefined phrases "Bandwidth," "Internet Connectivity," and "Transit" appear to carry essentially the same meaning in relation to Lemuria, as do the terms "Co-location space" and "Datacenter facilities."

Lemuria further objects to this request as overbroad and unduly burdensome to the extent that it seeks documents pertaining to any "Hotfile user" as that term is defined in the subpoena. Lemuria cannot reasonably be expected to know the identity of every "Hotfile user" unless individuals identify themselves as such, and thus Lemuria undertakes no obligation to produce documents exchanged with persons other than those who identify themselves as users of Hotfile's website.

Lemuria further objects to this request on the grounds that it seeks confidential and private information that is protected by, among other things, the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*

Lemuria further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Lemuria further objects to this request to the extent it seeks documents not in the possession, custody, or control of Lemuria.

Subject to and without waiving the foregoing general and specific objections, Lemuria responds as follows: Regarding subparts (a), (b), and (d), Lemuria will produce all nonprivileged documents in its possession, custody, or control located after a reasonable search relating to Lemuria's provision of hosting services to Hotfile. Regarding subparts (c), (e), (f), and (g), Lemuria will produce all nonprivileged and responsive documents in its possession, custody, or control located after a reasonable search.

<u>Response to Request for Production No. 2:</u>

Lemuria objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Lemuria objects to this request to the extent it seeks documents or information that can be obtained with less burden from the parties to this litigation or other third parties.

Lemuria further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrases "formation," "undertakings," "financial arrangements," "revenue sharing," "accountings," and "understandings."

5

Lemuria further objects to this request as overbroad and unduly burdensome to the extent that it seeks documents pertaining to any "Hotfile user" as that term is defined in the subpoena.

Lemuria further objects to this request on the grounds that it seeks confidential and private information that is protected by, among other things, the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*

Lemuria further objects to this request on the grounds that it seeks information not reasonably calculated to lead to the discovery admissible evidence, particularly in its request for private financial information regarding Lemuria that is unrelated to the present litigation.

Lemuria further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents." Lemuria further objects to this request to the extent it seeks documents not in the possession, custody, or control of Lemuria.

Subject to and without waiving the foregoing general and specific objections, Lemuria responds as follows: Lemuria will produce all nonprivileged documents in its possession, custody, or control located after a reasonable search relating to Lemuria's provision of hosting services to Hotfile. Regarding subparts (a) and (b), Lemuria will produce documents sufficient to show the ownership and identity of management of Lemuria. Regarding subpart (c), Lemuria has undertaken a reasonable search for documents sufficient to show joint ownership of any property by Lemuria and Hotfile and found no responsive documents. Regarding subpart (f), Lemuria has undertaken a reasonable search for responsive documents and found no responsive documents other than articles of incorporation and bylaws, which will be produced.

Response to Request for Production  No. 11:

Lemuria objects to this request on the grounds that it is overbroad and unduly burdensome.

Lemuria further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrases "in connection with" and "sufficient to show," and with respect to its reference to "income received...indirectly."

Lemuria further objects to this request on the grounds that it seeks information not reasonably calculated to lead to the discovery admissible evidence, particularly in its request for private financial information regarding Lemuria that is unrelated to the present litigation.

Subject to and without waiving the foregoing general and specific objections, Lemuria responds as follows: Lemuria will produce nonprivileged documents in its possession, custody or control located after a reasonable search sufficient to show payments from Hotfile to Lemuria related to Lemuria's provision of hosting services to Hotfile.

**C.     Grounds Assigned for Defendants' Objections:**

The grounds are set forth in the objections.

> **D.     Bases for Compelling Production as to Requests Nos. 1(a), (b), (d), 2(d), (e), and 11:**
>
> > **1.     The Court Should Order Lemuria to Produce Documents Concerning Hotfile and Lemuria's True Relationship With Hotfile.**

Requests 1(a), (b), (d), and 2(d) seek documents pertaining to (1) communications with defendants or any "Hotfile Entity" (defined to be other entities such as Hotfile, Ltd. that are involved in the operation of Hotfile); (2) Lemuria's role in operating the Hotfile website; and (3) any agreements or understandings with defendants or any Hotfile Entity.  Given the intertwined business relationship between Lemuria and Hotfile, and the close relationship between the defendant Titov and Lemuria, all of these requests are directed to the discovery of relevant evidence pursuant to Fed. R. Civ. P. 26(b)(1).  Lemuria's position that plaintiffs limit the scope of the subpoena to only documents that strictly relate to Lemuria's "hosting services" for Hotfile is untenable.[3]

Because Hotfile's operations are overwhelmingly devoted to infringement, *see* Compl. ¶¶ 3-6, 24-27, 45, discovery into Lemuria's communications and contracts with the defendants or other third-party affiliates or entities involved in Hotfile's operations are clearly relevant, even if those documents do not specifically discuss "hosting services."  For example, Lemuria may have communications with Hotfile related to Hotfile's business operations that are unrelated to hosting, or prior to the time that Lemuria even began providing "hosting services."  As such, documents in Lemuria's possession about Hotfile's operations are relevant to whether defendants have sought to induce infringement.  *See, e.g.*, *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 454 F. Supp. 2d 966, 976-83, 989 (C.D. Cal. 2006) (relying on documents about defendants' business operations, including third party communications, in holding that defendants' business model was built on infringement and defendants were liable for inducement).  Plaintiffs are entitled to seek such documents from third parties in discovery.  *See, e.g.*, *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-Civ, 2009 WL 455428, at *3 (S.D. Fla. Feb. 23, 2009) (holding that party may seek discovery from non-party regarding communications and agreements with the party, where non-party provided services related to

---

[3] In an effort to narrow or avoid this dispute, plaintiffs' counsel has sought information from Lemuria's counsel as to whether Lemuria in fact provided other services to Hotfile, to determine whether there may be services Lemuria is providing Hotfile that plaintiffs might exclude (or if any documents were being withheld on this basis at all).  However, Lemuria's counsel would not provide that information.  Pozza Decl. ¶ 3.

7

claims in case, as documents were "reasonably calculated to lead to the discovery of admissible evidence").

Indeed, Lemuria appears to be more closely involved with Hotfile than merely hosting its website. Documents produced by another third party showed that defendant Titov used a Lemuria email address to conduct Hotfile business, including communicating with Hotfile subscribers and with copyright holders. *See* Pozza Exs. H & I. Those documents suggest that Lemuria has been involved in Hotfile's activities or performed other Hotfile-related services. This is corroborated by financial records showing substantial amounts being paid to Lemuria, as well as substantial amounts of money being transferred out of Lemuria's account. Pozza Exs. E & F. The amount of transfers to Lemuria exceeds what would be reasonably expected for providing hosting services to Hotfile. While Titov has claimed in another litigation that Hotfile's payments are all related to the provision of hosting services, Pozza Ex. A ¶ 5, the plaintiffs are entitled to discovery to test those claims rather than relying on Titov's self-serving assertion. Production of the additional documents sought by plaintiffs is directly relevant to defendants' and Lemuria's involvement in Hotfile's operations and infringing activities. *See Echostar*, 2010 WL 2822109, at *5 (granting motion to compel relevant discovery against reseller of unlawful products in part because party alleged that reseller was not a "wholly independent third-party" but instead facilitated or encouraged sale of products with improper purpose).

The requested documents will also help establish the extent of Titov's involvement in Hotfile's infringing activities, including whether Titov created Lemuria in part to protect Hotfile from the potential loss of ISP hosting services. Plaintiffs have alleged that Titov is liable for Hotfile's infringement because he personally directs the activities of Hotfile in a number of ways. *See* Compl. ¶¶ 12, 45. Plaintiffs are therefore entitled to seek documents showing his personal involvement. *See, e.g., Southern Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers,* 756 F.2d 801, 811 (11th Cir. 1985) ("An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement.") (quotation marks omitted); *Playboy Enters., Inc. v. Starware Pub'g Corp.*, 900 F. Supp. 438, 441-42 (S.D. Fla. 1995) (president and shareholder may be found jointly liable for infringement based on personal participation). Lemuria's communications and agreements with Hotfile – whether or not related to hosting services – will show the extent of Titov's involvement in Hotfile's

activities. They will also show whether Titov personally participated in infringement, as plaintiffs have alleged, in part by "establish[ing] Lemuria to avoid interruption of critical Internet hosting services to Hotfile." Compl ¶ 45.

Finally, the requested documents are directed to identifying which entities are in fact operating Hotfile. Indeed, Request 1(b) specifically calls for documents related to Lemuria's role in operating Hotfile – a key question given Titov's use of Lemuria email accounts to conduct Hotfile-related business. The propounded discovery seeks to identify unnamed Doe defendants who plaintiffs have alleged to be involved in Hotfile's operations. *See United States ex rel. Heater v. Holly Cross Hosp., Inc.,* 510 F. Supp. 2d 1027, 1036 (S.D. Fla. 2007) (plaintiffs may conduct discovery to identify Doe defendants).

### 2. The Court Should Order Lemuria to Produce Documents Concerning Financial Arrangements Between Lemuria and Hotfile.

Lemuria also improperly seeks to limit its production of discoverable financial information. Request 2(e) seeks documents pertaining to financial arrangements, revenue sharing, and accountings between Lemuria and any Hotfile Entity, and Request 11 seeks documents "sufficient to show" income received by Lemuria, directly or indirectly, in connection with the Hotfile Website, defendants or any Hotfile Entity. As with documents related to communications and agreements (discussed above), the requested financial documents are relevant to determining Titov's role in operating Hotfile and whether other entities (including Hotfile, Ltd.) are involved in operating Hotfile as well. Moreover, the requested documents are directly relevant to whether Lemuria plays a more direct role in the operation of Hotfile – including as a conduit for Hotfile's revenues, given the substantial amounts paid to and transferred from Lemuria.

Lemuria, however, is improperly seeking to limit its response to these two requests solely to documents sufficient to show income from defendant Hotfile Corp. to Lemuria only to the extent that they relate to the provision of hosting services.[4] Lemuria's proposed limitations are far too narrow. First, Titov himself has claimed that Lemuria has a contract with the entity Hotfile, Ltd., not Hotfile Corp., for hosting services. Pozza Ex. A ¶ 5. As such, limiting the response to Hotfile Corp., as Lemuria has done, will likely deprive the plaintiffs of full

---

[4] This limitation is not reflected in Lemuria's written responses to Request 2(e), but has been made clear by Lemuria's counsel during the meet and confer process. Pozza Decl. ¶ 4.

9

information about numerous other Hotfile-related payments, whether by Hotfile, Ltd. or other entities. Second, as noted above, payments to Lemuria have been substantial. The financial evidence that plaintiffs seek would be probative of whether these payments are in fact for web hosting or for another Hotfile-related purpose, and whether Lemuria is operating at arm's-length from Hotfile or rather is involved in the operation of Hotfile.

For these reasons, Lemuria's limitation on response to Requests 1(a), (b), (d), 2(d), 2(e), and 11 should be overruled, and a full response should be provided.

## II. THE COURT SHOULD ORDER LEMURIA TO PRODUCE DOCUMENTS RELATED TO TITOV'S OPERATION OF LEMURIA.

Requests No. 4 and 9 seek documents that would be probative of whether Lemuria is being operated as an independent entity by Titov or merely for the purpose of serving Hotfile, and whether it is adhering to corporate formalities. That is relevant to the complaint's allegations that Titov established and used Lemuria for the sole purpose of facilitating Hotfile's infringement. Compl. ¶ 45. Lemuria has no basis for refusing production of these documents.

### A. Requests for Production Nos. 4 and 9.

Request for Production No. 4:

Documents sufficient to show each service Lemuria provides to any person other than Defendants or any Hotfile Entity.

Request for Production No. 9:

All documents pertaining to meetings of Lemuria's board of directors or other governing body, including documents sufficient to show:

      a) The name and title of every individual attending each meeting;

      b) The agenda for each meeting;

      c) The date and time of each meeting;

      d) The place of each meeting; and

      e) All minutes or any notes pertaining to each meeting.

### B. Objections and Responses to Requests for Production No. 4 and 9.

Response to Request for Production No. 4:

Lemuria objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Practically by definition, Lemuria's provision of services to anyone other than a defendant in this action lacks any relevance to the allegations in the Complaint. To date, Plaintiffs have identified no reason to

believe otherwise, nor have Plaintiffs identified any phrase or sentence in the Complaint to which responsive documents would be relevant.

Lemuria objects to this request to the extent it seeks documents or information that can be obtained with less burden from the parties to this litigation or other third parties.

Lemuria further objects to this request as vague and ambiguous, particularly as to the use of the undefined phrase "service."

Lemuria further objects to this request on the grounds that it seeks confidential and private information that is protected by, among other things, the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*

Lemuria remains willing to meet-and-confer with Plaintiffs regarding this request.

Response to Request for Production No. 9:

Lemuria further objects to this request as overbroad and unduly burdensome to the extent that it seeks "All documents."

Lemuria further objects to this request as not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information wholly unrelated to the present litigation or Lemuria's alleged involvement therein.

Lemuria further objects to this request insofar as it seeks information protected from discovery under the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and/or any other applicable privilege or doctrine recognized under the law.

Lemuria remains willing to meet-and-confer with Plaintiffs regarding this request.

**C.     Grounds Assigned for Defendants' Objections:**

The grounds are set forth in the objections.

**D.     Bases for Compelling Production as to Requests Nos., 4 and 9:**

Request No. 4 seeks documents "sufficient to show" whether Hotfile provides services to an entity other than Hotfile. Lemuria argues that this information is not relevant because it concerns services to entities other than Hotfile. But, if Lemuria *does not* provide services to other entities, then that is probative of the purpose for which Lemuria was established. The requested documents are relevant to the central issue of whether Titov established Lemuria for the sole or primary purpose of shielding Hotfile from being terminated for its infringing conduct. *Supra* at 2.

Request No. 9 seeks corporate Board records. This request also calls for relevant information because it seeks documents that would show whether Lemuria is engaged in any legitimate activities other than serving Hotfile and whether it is following corporate formalities. Lemuria has stated that it will only produce Board records that are related to Lemuria's provision of hosting services to Hotfile. Pozza Decl. ¶ 4. But again, plaintiffs are seeking to determine whether Lemuria is engaged in any other legitimate operations, so production of Board minutes

11

limited only to Hotfile is insufficient. As such, the Court should hold that Lemuria's Board records are relevant and discoverable.

## CONCLUSION

The Court should compel a complete production of documents in response to Requests Nos. 1(a), (b), and (d), 2(d) and (e), 4, 9, and 11.


Dated: August 3, 2011                          Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, Fl 33131
Telephone: (305) 461-6880
Facsimile: (305) 461-6887


MOTION PICTURE ASSOCIATION
 OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for plaintiffs have conferred with counsel for Lemuria Communications, Inc. in a good faith effort to resolve the issues raised in this Motion without court action, but have been unable to do so, as described in the accompanying Declaration of Duane C. Pozza.


Dated: August 3, 2011                    Respectfully submitted,

                                         By: /s/ Karen L. Stetson
                                         Karen L. Stetson
                                         GRAY-ROBINSON, P.A.
                                         1221 Brickell Avenue
                                         16th Floor
                                         Miami, Fl 33131
                                         Telephone: (305) 461-6880
                                         Facsimile: (305) 461-6887



MOTION PICTURE ASSOCIATION            JENNER & BLOCK LLP
 OF AMERICA, INC.                     Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)    Duane C. Pozza (*Pro Hac Vice*)
15301 Ventura Blvd.                   Luke C. Platzer (*Pro Hac Vice*)
Building E                            1099 New York Ave., N.W.
Sherman Oaks, CA 91403                Suite 900
Phone: (818) 995-6600                 Washington, DC 20001
Fax: (818) 285-4403                   Telephone: (202) 639-6000
                                      Facsimile: (202) 639-6066

                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd Day of August, 2011, I served the following document via overnight delivery to Andrew Leibnitz, counsel for Lemuria Communications, Inc. at his listed address on the attached service list.

In addition, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Motion and Memorandum to Compel Responses to Subpoena to Third Party Lemuria Communications, Inc.**

I further certify that I am admitted to the United States Court for the Southern District of Florida.

By: /s/ Karen L. Stetson
Karen L. Stetson

# SERVICE LIST

## Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
## CASE NO. 11-CIV-20427-JORDAN

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*