UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants*.
_____/

### DECLARATION OF DUANE C. POZZA IN SUPPORT OF
### PLAINTIFFS' MOTION TO COMPEL RESPONSES TO SUBPOENA TO
### THIRD PARTY LEMURIA COMMUNICATIONS, INC.

I, Duane C. Pozza, hereby declare as follows:

1.   I am a partner at the law firm of Jenner & Block LLP, and counsel to the plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. ("plaintiffs"). I submit this declaration in support of Plaintiffs' Motion to Compel Responses to Subpoena to Third Party Lemuria Communications, Inc ("Lemuria"). The statements made in this declaration are based on my personal knowledge including on information provided to me by colleagues or other personnel working under my supervision on this case. If called to testify as a witness, I would testify as follows:

1

2.      The parties have met and conferred extensively regarding plaintiffs' subpoena to Lemuria.  Plaintiffs served the subpoena to Lemuria on April 4, 2011, and Lemuria served its objections on April 18, 2011.  Counsel for plaintiffs and Lemuria met and conferred on May 9, 2011 and June 13 and 20, 2011.  During those meet and confer discussions, Lemuria's counsel has made clear that Lemuria will not produce all of the requested documents and information responsive to the following requests: Request Nos. 1(a), (b), and (d), 2(d) and (e), 4, 9, and 11.  For each of those requests, other than 2(e), described below, Lemuria is standing on the objections and limitations on production indicated in its responses.  Counsel for plaintiffs and Lemuria have conferred as to these requests and made a good faith effort to resolve the issues between the parties, but have been unable to reach a resolution.  Relevant portions of the meet and confer discussion on particular requests are described below.

3.      Regarding Request Nos. 1(a), (b), (d), and 2(d) seeking documents concerning Lemuria's relationship with Hotfile, Lemuria has restricted its production to documents pertaining to "the provision of hosting services to Hotfile."  During the meet and confer process, in an attempt to address Lemuria's relevance objection to producing the requested data, plaintiff's counsel sought clarification as to whether Lemuria provided any other services to Hotfile to determine whether there might be other services provided that may be excluded from the request.  Lemuria's counsel would not identify any other specific services that Lemuria provided to Hotfile.

4.      During the meet and confer process, plaintiffs and Lemuria also discussed Request No. 2(e) seeking documents pertaining to any financial arrangements between Lemuria and any Hotfile Entity.  Although Lemuria's written responses indicated that it was producing "all nonprivileged documents in its possession, custody, or control located after a reasonable

search relating to Lemuria's provision of hosting services to Hotfile," Lemuria's counsel further limited its response during the meet and confer process to the documents to be produced in response to Request No. 11, which include documents sufficient to show income from defendant Hotfile Corp. to Lemuria related to the provision of hosting services. Further, in our meet and confer discussions, counsel for Lemuria has indicated that Lemuria's production in response to Request No. 9 would be limited to Board records related to Lemuria's provision of hosting services to Hotfile.

5. Attached hereto as Exhibit A is a true and correct copy of the Declaration of Anton Titov in Support of Lemuria Communications Inc.'s Motion to Dismiss filed by Lemuria Communications Inc. on December 20, 2010 in *Perfect 10, Inc. v. Hotfile Corp. et al.,* No. 3:10-cv-02031-MMA-POR (S.D. Cal.).

6. Attached hereto as Exhibit B is a true and correct copy of the Articles of Incorporation of Lemuria Communications Inc. filed with the Florida Department of State on October 15, 2009, and publicly available on and printed from the Florida Department of State website.

7. Attached hereto as Exhibit C is a true and correct copy of Articles of Amendment to the Articles of Incorporation of Lemuria Communications Inc., signed by Anton Titov as "President" of Lemuria Communications Inc., filed with the Florida Department of State on September 3, 2010, and publicly available on and printed from the Florida Department of State website.

8. Attached hereto as Exhibit D is a true and correct copy of an email message sent by Constantin Luchian, on behalf of Lemuria Communications Inc., to the Florida Department of State on October 20, 2009, and publicly available on and printed from the Florida Department of

State website, requesting that the principal place of business address and mailing address for Lemuria to be changed to 401 E. Las Olas Blvd., Suite 130-508, Fort Lauderdale, FL 33301. The UPS Store website, http://www.theupsstorelocal.com/4356/, indicates that UPS Store #4356 is located at 401 E. Las Olas Blvd., Suite 130, Fort Lauderdale, FL 33301.  Persons under my supervision telephoned UPS Store #4356 and spoke with a UPS employee who confirmed that no other businesses are located at that address and suite number, and that the store provides customers with rented mailboxes at that address and suite number.  Persons under my supervision also performed a general Internet search for Lemuria Communications Inc., which turned up no apparent website for Lemuria.

9. Attached hereto as Exhibit E is a redacted copy of the Paypal business account information for Lemuria Communications, Inc. produced by Paypal, Inc. ("Paypal").  This document has been designated as "Confidential" according to the terms of the Protective Order entered in this case.  Plaintiffs have met and conferred with Lemuria regarding redactions to this exhibit, and have redacted certain information at the request of Lemuria.  An unredacted version of this exhibit has been filed under seal at Docket #79.

10. Attached hereto as Exhibit F is a redacted copy of Lemuria's withdrawal information from Lemuria's Paypal account produced by Paypal.  This document has been designated as "Confidential" according to the terms of the Protective Order entered in this case. Plaintiffs have met and conferred with Lemuria regarding redactions to this exhibit, and have redacted certain information at the request of Lemuria.

11. Attached hereto as Exhibit G is a true and correct copy of an excerpted portion of the court-issued subpoena, in the matter of *In re: Corbin Fisher: The identification of John Does 1-500 Pursuant to the Digital Millennium Copyright Act of 1998*, No. 09-MC-61349, issued by

the U.S. District Court for the Southern District of Florida on August 28, 2009 and directed at Webazilla, LLC, the former Internet Service Provider for Hotfile.

12.     Attached hereto as Exhibits H and I are redacted copies of email communications produced by third party Constantin Luchian at bates numbers LUCHIAN 0526-27 and 0424-28. These documents have been designated as "Confidential" according to the terms of the Protective Order entered in this case.  Plaintiffs have met and conferred with Lemuria regarding redactions to this exhibit, and have redacted certain information at the request of Lemuria.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 3, 2011, at Washington, D.C.

_____
Duane C. Pozza