# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants*.

_____/

## PLAINTIFFS' CONSOLIDATED RESPONSES AND OBJECTIONS TO DEFENDANT HOTFILE CORP.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Disney Enterprises, Inc.,

Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia

Pictures Industries, Inc., and Warner Bros. Entertainment Inc. (collectively, "Plaintiffs") hereby

respond to Defendant Hotfile Corporation's ("Defendant" or "Hotfile") First Set of Requests for

Production of Documents (the "First Requests").

## GENERAL OBJECTIONS

1.      Plaintiffs object to the First Requests to the extent that they call for the disclosure

of information subject to the attorney-client privilege, the joint defense or common interest

privilege, the work product doctrine or any other applicable privilege or doctrine.  Any

inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client

privilege, the joint defense or common interest privilege, the attorney work product immunity doctrine, or any other applicable privilege or doctrine.

2.      Plaintiffs object to the First Requests to the extent that they call for the disclosure of communications with, facts known by, or opinions held by non-testifying experts retained pursuant or specially employed in anticipation of litigation or preparation of trial, pursuant to Fed. R. Civ. P. 26(b)(4)(B).  Any inadvertent disclosure of such information shall not be deemed a waiver of the protection against discovery afforded by Rule 26(b)(4)(B) or any other applicable privilege or doctrine.

3.      Plaintiffs object to the First Requests to the extent that they call for the disclosure of information beyond that required by the Federal Rules of Civil Procedure or the Local Rules of the Court.

4.      Plaintiffs object to the First Requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, and are ambiguous, duplicative, vague, oppressive, harassing, overbroad or unduly burdensome.

5.      Plaintiffs object to the First Requests to the extent that they call for documents created or maintained by Defendants, for documents already in Defendants' possession, or for information readily accessible to Defendants in the public record, on the grounds that it is unduly burdensome, oppressive, and harassing, and would needlessly increase the cost of litigation.

6.      Plaintiffs object to the First Requests to the extent that they are not limited to time periods reasonably related to the matters at issue in this litigation.  Specifically, Plaintiffs object to the First Requests to the extent that they seek the production by Plaintiffs of documents or materials prepared, generated, duplicated, communicated, distributed, or transmitted prior to Defendants' commencement of operations on Hotfile, as overbroad, as overbroad, unduly burdensome, and seeking information neither relevant to this action nor likely to lead to the discovery of admissible evidence.  To the extent the Plaintiffs to respond to the First Requests, Plaintiffs will produce non-privileged responsive documents created on or after January 1, 2009, as this date is several months prior to Defendants' commencement of operations on the Hotfile

2

website.  Plaintiffs are willing to meet and confer with Defendants regarding whether a search for documents prior to that date may be appropriate with respect to specific items or requests.

7.     Plaintiffs object to the First Requests to the extent that they call for every identical copy of each document, on the grounds that the request is overly broad and unduly burdensome.

8.     Plaintiffs object to the terms "any" and "all" with respect to certain of the document requests.  Plaintiffs undertake to provide such information as they are able to locate after reasonable and diligent investigation.  By answering, Plaintiffs do not certify that "any" or "all" items of responsive information have been obtained and reserve the right to supplement their answers as more information becomes available.

9.     Plaintiffs object to the First Requests to the extent they seeks unavailable information or information not currently in their possession, custody or control.

10.    Plaintiffs object to the First Requests to the extent that they seek proprietary and confidential information not relevant to this proceeding, including but not limited to information related to third parties.

11.    Plaintiffs object to the First Requests to the extent that they seek the production of confidential materials or materials relating to Plaintiffs' trade secrets until such time as the Court enters a protective order providing for additional confidentiality protections for such materials.

12.    By agreeing to search for or produce documents responsive to any particular request, Plaintiffs do not represent that such documents exist.

Plaintiffs incorporate these General Objections into each specific response as if fully set forth in each response.

## OBJECTIONS TO SPECIFIC DEFINITIONS

1.     Plaintiffs object to the definitions of the terms "PLAINTIFFS," "YOU," "YOUR" or "THE STUDIOS" insofar as they extend to entities other than Plaintiffs themselves, such as "parents," "subsidiaries," "distributors," "consultants," and "attorneys in … any other matter." The definition is overbroad, unduly burdensome, and not reasonably calculated to lead to the

3

discovery of admissible evidence.  Defendants are being sued for infringing the works of Plaintiffs, not of Plaintiffs' affiliates, and documents in the possession of Plaintiffs' attorneys in other matters are nearly all likely to be privileged, irrelevant, and unduly burdensome to search and review for purposes of Plaintiffs' production in this matter.  Plaintiffs will produce documents from the Plaintiff entities, and, in limited situations where such production is appropriate and such documents are within their custody and control, from their vendors and counsel in this action in responding to these requests.

2.      Plaintiffs object to the definition of the term "AFFILIATE" as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to seek admissible evidence insofar as it seeks documents from any related companies or persons without regard or limitation to any conceivable relevance to this case.

3.      Plaintiffs object to the definitions of the terms "RELATE," "RELATES," "RELATING TO," "REFER," "REFERRING," as vague, unduly burdensome, and as calling for attorney work product insofar as it requires Plaintiffs to determine which documents "show[]" or "evidenc[e]" a particular proposition.

4.      Plaintiffs object to the definition of the term "DOCUMENT" insofar as it imposes obligations other than those agreed to by the parties in the ESI agreement being negotiated in this Action.

Plaintiffs incorporate these Objections to Specific Definitions into each specific response as if fully set forth in each response.

## OBJECTION TO SPECIFIC INSTRUCTIONS

1.      Plaintiffs object to instruction C as unduly burdensome and as exceeding a responding party's obligations under the Federal Rules of Civil Procedure.

2.      Plaintiffs object to instruction F insofar as it imposes obligations other than those agreed to by the parties in the ESI agreement being negotiated in this Action.

3.      Plaintiffs object to the Request to produce all requested documents within forty-five days as unduly burdensome with respect to "all documents" requested.  Plaintiffs are

4

engaging in a diligent search and will make a production within 45 days of Defendants'
Requests, or at such other time agreed to by the Parties or ordered by the Court, with respect to
such documents are can be reasonably collected and reviewed in such time.

 Plaintiffs incorporate these Objections to Specific Instructions into each specific response
as if fully set forth in each response.

### RESPONSES AND OBJECTIONS TO
### SPECIFIC REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

 All DOCUMENTS that REFER or RELATE to HOTFILE, Anton Titov, Lemuria
Communications, Constantin Luchian, or this litigation including DOCUMENTS exchanged
between and among PLAINTIFFS and/or any other PERSON, including but not limited to the
MPAA, Liberty Media Holdings LLC, Perfect 10, Inc., and DtecNet.

### PLAINTIFFS' RESPONSE TO REQUEST NO. 1:

 Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if
set forth herein.

 Plaintiffs further specifically object to this Request in that  it calls, in very substantial
part, for documents that constitute and reflect Plaintiffs' and their counsels' investigation of
Hotfile and the other identified persons and entities in preparation for this litigation (the
"Investigation Materials").  The Investigation Materials are irrelevant to any issue in this case,
and the Request is not reasonably calculated to lead to the discovery of admissible evidence, and
appears designed solely to harass.  Accordingly, the Plaintiffs will not produce Investigation
Materials.  Additionally and independently, the Investigation Materials were created by or at the
direction of counsel for purposes of this litigation, and reflect attorney legal advice and mental
impressions, and information collected by or at the direction of counsel for purposes of enabling
counsel to provide legal advice, and are therefore protected under the attorney-client privilege
and the attorney work product doctrine.  Finally, the Investigation Materials reveal trade secret

5

processes and methodologies by which the MPAA and the Plaintiffs investigate online piracy and enforce their copyrights against online piracy, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online.  *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002).  For these additional independent reasons, Plaintiffs will not produce investigation materials.

For  documents other than Investigation Materials, Plaintiffs further specifically object to this Request on the ground that documents and communications pertaining to the Defendants among the Plaintiffs and between Plaintiffs and certain third parties, to the extent such third parties (1) assist Plaintiffs in anticipation of litigation at the direction of counsel, (2) assist Plaintiffs in gathering information to inform counsel's ability to render legal advice, or (3) share common legal interests with Plaintiffs adverse to Defendants are likely to be in substantial part or in their entirety privileged and/or protected by the work product doctrine and common interest doctrine.

Given that the request is not reasonably tailored to avoid requesting privileged information, Plaintiffs further object to being required to create a privilege log for documents responsive to this request, as a party may not serve a request for privileged documents solely to burden the opposing party with the burden of creating a privilege log.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce non-privileged, responsive documents that have been located after a diligent and reasonable search.

## REQUEST NO. 2:

All COMMUNICATIONS between YOU and HOTFILE or Constantin Luchian, including but not limited to takedown notices sent by YOU or your DMCA agents to HOTFILE.

## PLAINTIFFS' RESPONSE TO REQUEST NO. 2:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Without waiver of and subject to and incorporating the specific objections as set

forth above, Plaintiffs will produce responsive documents that have been located after a diligent and reasonable search in response to this Request.

**REQUEST NO. 3:**

All documents that REFER or RELATE to YOUR intellectual property rights in relation to any works in which YOU allege that HOTFILE has allegedly infringed (directly or indirectly) a copyright, including copyright registration certificates, copyright deposits, work for hire agreements, assignments and licensing agreements.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 3:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request as vague as to the term "allegedly infringed," insofar as it is unclear whether the Request seeks information regarding all instances of Defendants' infringement of the illustrative works identified in Exhibit A to the Complaint, or whether it seeks information regarding each of Plaintiffs' works that have been infringed by Defendants, including works other than those identified specifically in the Complaint.  In the event the latter meaning is intended, Plaintiffs object that the Request is overbroad and unduly burdensome in light of the massive scale of Defendants' infringement, which has prompted Plaintiffs to submit in excess of a million notifications of infringement to Defendants in the past two years.

Plaintiffs further object on the ground that the Request is premature in that the discovery process has just commenced, and Plaintiffs require information currently in the possession of Defendants and third parties in order to identify the scope of Defendants' voluminous infringement.  Plaintiffs further object that producing documents in response to this Request would be unduly burdensome because Defendants' infringement and Plaintiff's removal of infringing works from Hotfile are ongoing and would require *seriatim* productions that would be best handled by an orderly process agreed to by the Parties or ordered by the Court.

7

Plaintiffs further object to this Request on the ground that the scope of the request – "all documents" – is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claims or defenses in this action.  To the extent copyright ownership is in issue, copyright registration certificates are *prima facie* evidence of ownership, and to the extent the copyright registrant for any relevant works is an entity other than a Plaintiff, short form assignment agreements suffice to establish Plaintiffs' exclusive rights in copyright.  Therefore, there is no relevance to "all documents" pertaining to Plaintiffs' intellectual property rights in such works, and it would be unduly burdensome and harassing to locate and produce "all" such documents.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce copyright registration certificates for the illustrative works identified in Exhibit A to the Complaint, and, in any cases where a Plaintiff is not the copyright registrant for such work, will produce such short-form assignment agreements as necessary to establish the relevant Plaintiff's rights in copyright for the relevant work.  Plaintiffs are willing to meet and confer regarding whether good cause exists to produce any additional ownership-related materials with respect to specific works.

Plaintiffs will update productions in response to this Request on a rolling basis, upon Defendants' producing the relevant documents, which Plaintiffs' have requested, pursuant to such orderly process agreed to by the Parties or ordered by the Court.

**REQUEST NO. 4:**

All DOCUMENTS that REFER or RELATE to YOUR intellectual property rights in any and all works referenced in any and all takedown notices that YOU or your DMCA agents have ever sent to HOTFILE, including copyright registration certificates, copyright deposits, assignments and licensing agreements.

8

**PLAINTIFFS' RESPONSE TO REQUEST NO. 4:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object on the ground that the Request is unduly burdensome. First, due to the ongoing nature of Defendants' infringement and Plaintiffs' ongoing issuance of takedown notices, the Request would require multiple, burdensome *seriatim* productions. Such productions are best handled by an orderly process agreed to by the Parties or ordered by the Court. Second, the scope of the request – "all documents" – is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents related to works other than the illustrative works identified in Exhibit A to the Complaint. Third, even as to the illustrative works identified in Exhibit A to the Complaint, the scope of the request – "all documents" – is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents beyond those sufficient to establish Plaintiffs' copyright ownership or rights in copyright in the relevant works. To the extent copyright ownership is in issue, copyright registration certificates are *prima facie* evidence of ownership, and to the extent the copyright registrant for any relevant works is an entity other than a Plaintiff, short form assignment agreements suffice to establish Plaintiffs' exclusive rights in copyright. Therefore, there is no relevance to "all documents" pertaining to Plaintiffs' intellectual property rights in such works, and it would be unduly burdensome to locate and produce "all" such documents.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce copyright registration certificates for the illustrative works identified in Exhibit A to the Complaint, and, in any cases where a Plaintiff is not the copyright registrant for such work, will produce such short-form assignment agreements as necessary to establish the relevant Plaintiff's rights in copyright for the relevant work. Plaintiffs are willing to meet and confer regarding whether good cause exists to produce any additional ownership-related materials with respect to specific works.

9

Plaintiffs will update productions in response to this Request on a rolling basis, pursuant to such orderly process agreed to by the Parties or ordered by the Court.

**REQUEST NO. 5:**

All DOCUMENTS that REFER or RELATE to any file that YOU allege was or is present on hotfile.com that YOU allege infringes or infringed YOUR copyrights.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 5:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs object that the Request is vague as to "allege," insofar as it is unclear whether the Request seeks information regarding all instances of Defendants' infringement of the illustrative works identified in Exhibit A to the Complaint, or whether it seeks information regarding each of Plaintiffs' works that have been infringed by Defendants, including works other than those identified specifically in the Complaint.  In the event the latter meaning is intended, Plaintiffs object that the Request is overbroad and unduly burdensome in light of the massive scale of Defendants' infringement, which has prompted Plaintiffs to submit in excess of a million notifications of infringement to Defendants in the past two years.

Plaintiffs further specifically object to this Request in that  it calls, in very substantial part, for documents that constitute and reflect Plaintiffs' and their counsels' investigation of Hotfile and the other identified persons and entities in preparation for this litigation.  The Investigation Materials are irrelevant to any issue in this case, and the Request is not reasonably calculated to lead to the discovery of admissible evidence, and appears designed solely to harass.  Accordingly, the Plaintiffs will not produce Investigation Materials.  Additionally and independently, the Investigation Materials were created by or at the direction of counsel for purposes of this litigation, and reflect attorney legal advice and mental impressions, and information collected by or at the direction of counsel for purposes of enabling counsel to provide legal advice, and are therefore protected under the attorney-client privilege and the attorney work product doctrine.  Finally, the Investigation Materials reveal trade secret processes

and methodologies by which the MPAA and the Plaintiffs investigate online piracy and enforce their copyrights against online piracy, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online. *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002). For these additional independent reasons, Plaintiffs will not produce investigation materials.

For all of the same reasons as they object to producing Investigation Materials, Plaintiffs further object to this Request on the basis that it calls, in very substantial part, for documents that constitute and reflect Plaintiffs' and their counsels' investigation of Hotfile for purposes of enforcing their copyrights online and enforcement of their copyrights online. Such documents are equally irrelevant, not reasonably calculated to lead to admissible evidence, harassing, privileged and/or subject to the attorney work product doctrine, and trade secrets.

With respect to documents other than Investigative Materials, Plaintiffs further object that the Request is premature in that evidence regarding the availability without authorization of Plaintiffs' works on the Hotfile website is in the possession of Defendants and third parties, and Plaintiffs have not yet had the opportunity to take discovery regarding such infringement.

Plaintiffs further object that this Request is overbroad and unduly burdensome insofar as it requests "all documents."

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce takedown notices they and their vendors have sent to Defendants, records reflecting notices Plaintiffs and their vendors have sent to Hotfile concerning the infringement of Plaintiffs' copyrights on the Hotfile Website, records reflecting Plaintiffs' use of Hotfile's special rights holders accounts to request removal of files infringing their copyrights from the Hotfile Website, and copies of files downloaded from the Hotfile Website that reflect Defendants' infringement of the illustrative works identified in Exhibit A to the Complaint. In addition, Plaintiffs will update such productions on a rolling basis pursuant to an orderly process that is agreed to by the Parties or prescribed by the Court.

60616.5

**REQUEST NO. 6:**

All printouts, PDF prints, screen captures, and downloaded or streamed files from hotfile.com.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 6:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request in that  it calls, in very substantial part, for documents that constitute and reflect Plaintiffs' and their counsels' investigation of Hotfile and the other identified persons and entities in preparation for this litigation.  The Investigation Materials are irrelevant to any issue in this case, and the Request is not reasonably calculated to lead to the discovery of admissible evidence, and appears designed solely to harass.  Accordingly, the Plaintiffs will not produce Investigation Materials. Additionally and independently, the Investigation Materials were created by or at the direction of counsel for purposes of this litigation, and reflect attorney legal advice and mental impressions, and information collected by or at the direction of counsel for purposes of enabling counsel to provide legal advice, and are therefore protected under the attorney-client privilege and the attorney work product doctrine.  Finally, the Investigation Materials reveal trade secret processes and methodologies by which the MPAA and the Plaintiffs investigate online piracy and enforce their copyrights against online piracy, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online.  *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002).  For these additional independent reasons, Plaintiffs will not produce investigation materials.

For all of the same reasons as they object to producing Investigation Materials, Plaintiffs further object to this Request on the basis that it calls, in very substantial part, for documents that constitute and reflect Plaintiffs' and their counsels' investigation of Hotfile for purposes of enforcing their copyrights online.  Such documents are equally irrelevant, not reasonably

12

calculated to lead to admissible evidence, harassing, privileged and/or subject to the attorney work product doctrine, and trade secrets.

Given that the request seeks information privileged in its entirety, Plaintiffs further object to being required to create a privilege log for documents responsive to this request, as a party may not serve a request for privileged documents solely to burden the opposing party with the burden of creating a privilege log.

With respect to documents other than investigative materials, Plaintiffs further object that the Request seeks information in the possession of Defendants, as Defendants have control over the Hotfile Website and its contents.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce copies of files downloaded from the Hotfile Website that reflect Defendants' infringement of the illustrative works identified in Exhibit A to the Complaint.  In addition, Plaintiffs are undertaking a diligent search to determine whether there are further materials responsive to this request that are not privileged or subject to the work product doctrine, but as of the date of these responses, Plaintiffs' search has not discovered any such documents.  To the extent that Plaintiffs determine to waive work product protection over materials gathered in Plaintiffs' investigation for use in this litigation, Plaintiffs will produce such documents to Defendants at such time.

**REQUEST NO. 7:**

All agreements or other DOCUMENTS relating to any use, transfer, sale, license or other transactions regarding any work that YOU allege HOTFILE has infringed in this action.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 7:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs specifically object to this Request as vague as to the term "allege Hotfile infringed," insofar as it is unclear whether the Request seeks information regarding all instances of Defendants' infringement of the illustrative works identified in Exhibit A to the

60616.5

Complaint, or whether it seeks information regarding each of Plaintiffs' works that have been infringed by Defendants, including works other than those identified specifically in the Complaint.  In the event the latter meaning is intended, Plaintiffs object that the Request is overbroad and unduly burdensome in light of the massive scale of Defendants' infringement, which has prompted Plaintiffs to submit in excess of a million notifications of infringement to Defendants in the past two years.  Plaintiffs further object that, if the latter meaning is intended, producing documents in response to this Request would be unduly burdensome because Defendants' infringement and Plaintiff's removal of infringing works from Hotfile are ongoing and would require *seriatim* productions that would be best handled by an orderly process agreed to by the Parties or ordered by the Court.

Plaintiffs further specifically object to this Request on the grounds that the Request is overly broad, irrelevant, unduly burdensome, and not reasonably calculated to lead to admissible evidence.  Plaintiffs may extensively license or authorize the sale, distribution or streaming of their copyrighted works through legitimate, authorized venues.  Such licenses and authorizations have no relevance to any issue in this action, and are not likely to lead to the discovery of admissible evidence, insofar as such licenses and authorizations do not authorize further distribution through Hotfile.   To the extent copyright ownership is in issue, copyright registration certificates are *prima facie* evidence of ownership, and to the extent the copyright registrant for any relevant works is an entity other than a Plaintiff, short form assignment agreements suffice to establish Plaintiffs' exclusive rights in copyright.  Therefore, there is no relevance to "all documents" pertaining to Plaintiffs' transactions regarding such works, and it would be unduly burdensome to locate and produce "all" such documents.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce copyright registration certificates for the illustrative works identified in Exhibit A to the Complaint, and, in any cases where a Plaintiff is not the copyright registrant for such work, will produce such short-form assignment agreements sufficient to show the relevant Plaintiff's rights in copyright for the relevant work.  Plaintiffs are willing to meet

14

and confer regarding whether good cause exists to produce any additional ownership-related materials with respect to specific works.

## REQUEST NO. 8:

All licenses or other agreements relating to any use (including license to any rights under 17 U.S.C. § 106) of YOUR works that YOU allege HOTFILE infringed or infringes.

## PLAINTIFFS' RESPONSE TO REQUEST NO. 8:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs specifically object to this Request as vague as to the term "allege Hotfile infringed," insofar as it is unclear whether the Request seeks information regarding all instances of Defendants' infringement of the illustrative works identified in Exhibit A to the Complaint, or whether it seeks information regarding each of Plaintiffs' works that have been infringed by Defendants, including works other than those identified specifically in the Complaint.  In the event the latter meaning is intended, Plaintiffs object that the Request is overbroad and unduly burdensome in light of the massive scale of Defendants' infringement, which has prompted Plaintiffs to submit in excess of a million notifications of infringement to Defendants in the past two years.  Plaintiffs further object that, if the latter meaning is intended, producing documents in response to this Request would be unduly burdensome because Defendants' infringement and Plaintiff's removal of infringing works from Hotfile are ongoing and would require *seriatim* productions that would be best handled by an orderly process agreed to by the Parties or ordered by the Court.

Plaintiffs further specifically object to this Request on the grounds that the Request is overly broad, irrelevant, unduly burdensome, and not reasonably calculated to lead to admissible evidence.  Plaintiffs may extensively license or authorize the sale, distribution or streaming of their copyrighted works through legitimate, authorized venues.  Such licenses and authorizations have no relevance to any issue in this action, and are not likely to lead to the discovery of admissible evidence, insofar as such licenses and authorizations do not authorize further

15

distribution through Hotfile.   To the extent copyright ownership is in issue, copyright registration certificates are *prima facie* evidence of ownership, and to the extent the copyright registrant for any relevant works is an entity other than a Plaintiff, short form assignment agreements suffice to establish Plaintiffs' exclusive rights in copyright.  Therefore, there is no relevance to "all documents" pertaining to Plaintiffs' use of such works, and it would be unduly burdensome to locate and produce "all" such documents.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce copyright registration certificates for the illustrative works identified in Exhibit A to the Complaint, and, in any cases where a Plaintiff is not the copyright registrant for such work, will produce such short-form assignment agreements sufficient to show the relevant Plaintiff's rights in copyright for the relevant work.  Plaintiffs are willing to meet and confer regarding whether good cause exists to produce any additional ownership-related materials with respect to specific works.

## REQUEST NO. 9:

All DOCUMENTS concerning any and all takedown notices sent by YOU or your DMCA agents to HOTFILE.

## PLAINTIFFS' RESPONSE TO REQUEST NO. 9:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request as being overbroad as the request for "all documents concerning" the takedown notices sent to Hotfile.  To the extent Plaintiffs' issuance of takedown notices to Hotfile is relevant, such notices can be shown by producing the notices themselves and such nonprivileged records as reflect the fact that such notices were issued.  A further request for "all documents concerning" such notices is overbroad and irrelevant.  Additionally, such further documents concerning such notices, such as internal communications, communications among Plaintiffs, and communications between Plaintiffs and their vendors regarding such notices are (1) likely to be in substantial part privileged and/or

subject to the attorney work product doctrine; (2) likely to be both irrelevant and in substantial part Plaintiffs' trade secrets relating to Plaintiffs' online antipiracy practices, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online, *see DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002), and (3) are not reasonably calculated to lead to the discovery of admissible evidence, as Plaintiffs' internal processes and communications with other Plaintiffs or their vendors regarding such notices are not relevant to any issue in the case.

 Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce takedown notices sent to Hotfile, non-privileged records reflecting such notices sent, and non-privileged records reflecting Plaintiffs' use of the special rights holder accounts provided by Hotfile.

## REQUEST NO. 10:

 All DOCUMENTS that refer or relate to the protections of the DMCA, 17 U.S.C. § 512(c).

## PLAINTIFFS' RESPONSE TO REQUEST NO. 10:

 Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object to this Request as being unduly overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Applicability of Section 512(c) of the DMCA to the Hotfile Website is a question of law that turns on Defendants' conduct, and not on Plaintiffs' lay interpretations, opinions, communications, or statements regarding the statute.

 Plaintiffs further object on the ground that the documents sought in this Request are likely to be overwhelmingly, if not exclusively, privileged and/or subject to the attorney work product doctrine, as constituting communications with counsel for purposes of obtaining and receiving legal advice and in anticipation of litigation. Given that the request seeks information privileged in its entirety, Plaintiffs further object to being required to create a privilege log for

60616.5

documents responsive to this request, as a party may not serve a request for privileged documents solely to burden the opposing party with the burden of creating a privilege log.

Plaintiffs will not produce any documents in response to this Request.

**REQUEST NO. 11:**

All DOCUMENTS concerning the difficulty or challenges of identifying infringing content on the Internet.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 11:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request on the ground that the Request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether Plaintiffs face challenges in identifying infringement of their copyrighted works on the Internet has no bearing on any issue in this case; specifically, it has no bearing on Defendants' ability to identify infringing works in that Defendants have full administrative access to and control over the Hotfile servers on which the infringing content is physically stored.  Plaintiffs further specifically object to this Request on the ground that the Request seeks information that is privileged and/or subject to the work product doctrine. Plaintiffs further object on the ground that documents and communications concerning infringement on Hotfile are irrelevant, and likely to be in substantial part Plaintiffs' trade secrets relating to Plaintiffs' online antipiracy practices, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online.  *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002).

Plaintiffs further object that the Request is overbroad.  This case concerns Defendants' liability for infringement occurring on the Hotfile Website, and the request for "All DOCUMENTS" concerning the identification of infringing content "on the Internet" far exceeds the outer bounds of relevance in this case.

Plaintiffs will not produce any documents in response to this Request.

**REQUEST NO. 12:**

All DOCUMENTS evidencing any visits to hotfile.com or browsing of hotfile.com by YOU or YOUR agents.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 12:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request in that  it calls, in very substantial part, for documents that constitute and reflect Plaintiffs' and their counsels' investigation of Hotfile and the other identified persons and entities in preparation for this litigation.  The Investigation Materials are irrelevant to any issue in this case, and the Request is not reasonably calculated to lead to the discovery of admissible evidence, and appears designed solely to harass.  Accordingly, the Plaintiffs will not produce Investigation Materials. Additionally and independently, the Investigation Materials were created by or at the direction of counsel for purposes of this litigation, and reflect attorney legal advice and mental impressions, and information collected by or at the direction of counsel for purposes of enabling counsel to provide legal advice, and are therefore protected under the attorney-client privilege and the attorney work product doctrine.  Finally, the Investigation Materials reveal trade secret processes and methodologies by which the MPAA and the Plaintiffs investigate online piracy and enforce their copyrights against online piracy, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online.  *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002).  For these additional independent reasons, Plaintiffs will not produce investigation materials.

For all of the same reasons as they object to producing Investigation Materials, Plaintiffs further object to this Request on the basis that it calls, in very substantial part, for documents that constitute and reflect Plaintiffs' and their counsels' investigation of Hotfile for purposes of enforcing their copyrights online.  Such documents are equally irrelevant, not reasonably

calculated to lead to admissible evidence, harassing, privileged and/or subject to the attorney work product doctrine, and trade secrets.

Given that the request seeks information privileged in its entirety, Plaintiffs further object to being required to create a privilege log for documents responsive to this request, as a party may not serve a request for privileged documents solely to burden the opposing party with the burden of creating a privilege log.

Plaintiffs further object that this Request is not reasonably calculated to seek production of admissible evidence, as Plaintiffs' own visits to, or browsing of, the Hotfile Website is not relevant to the question of Defendants' liability.

Without waiver of and subject to and incorporating the specific objections as set forth above,  Plaintiffs have diligently investigated, and will continue to investigate, whether any non-privileged documents responsive to this Request exist.  As of the date of this production, Plaintiffs have been unable to locate any non-privileged documents responsive to this Request.

**REQUEST NO. 13:**

All DOCUMENTS RELATING TO or evidencing the use of HOTFILE's special rights holder accounts on hotfile.com by YOU or YOUR agents.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 13:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request as being overbroad as the request for "all documents" concerning their use of the Hotfile special rights holder accounts.  To the extent Plaintiffs' use of the special rights holder accounts is relevant, such use can be shown by producing nonprivileged records as reflect the use of the accounts.  A further request for "all documents concerning" such use is overbroad and irrelevant.  Additionally, such further documents concerning such use, such as internal communications, communications among Plaintiffs, and communications between Plaintiffs and their vendors regarding such notices are (1) likely to be in substantial part privileged and/or subject to the attorney work product doctrine;

20

(2) likely to be both irrelevant and in substantial part Plaintiffs' trade secrets relating to Plaintiffs' online antipiracy practices, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online, *see DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002), and (3) are not reasonably calculated to lead to the discovery of admissible evidence, as Plaintiffs' internal processes regarding such use of the rights holder accounts are not relevant to any issue in the case.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce non-privileged communications regarding Hotfile's special rights holder accounts, as well as any non-privileged records reflecting Plaintiffs' or their vendors' use of the special rights holders accounts.

## REQUEST NO. 14:

All DOCUMENTS, including but not limited to downloaded and/or electronic files, RELATING TO investigations of hotfile.com or its known users or affiliates.

## PLAINTIFFS' RESPONSE TO REQUEST NO. 14:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request in that  it calls, in very substantial part, for documents that constitute and reflect Plaintiffs' and their counsels' investigation of Hotfile and the other identified persons and entities in preparation for this litigation.  The Investigation Materials are irrelevant to any issue in this case, and the Request is not reasonably calculated to lead to the discovery of admissible evidence, and appears designed solely to harass.  Accordingly, the Plaintiffs will not produce Investigation Materials. Additionally and independently, the Investigation Materials were created by or at the direction of counsel for purposes of this litigation, and reflect attorney legal advice and mental impressions, and information collected by or at the direction of counsel for purposes of enabling counsel to provide legal advice, and are therefore protected under the attorney-client privilege and the attorney work product doctrine.  Finally, the Investigation Materials reveal trade secret processes

21

and methodologies by which the MPAA and the Plaintiffs investigate online piracy and enforce their copyrights against online piracy, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online.  *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002).  For these additional independent reasons, Plaintiffs will not produce investigation materials.

Plaintiffs further object to being required to create a privilege log for documents responsive to this request, as Defendants have failed to make any reasonable effort to target the request at nonprivileged documents.

Without waiver of and subject to and incorporating the specific objections as set forth above,  Plaintiffs will produce copies of files downloaded from the Hotfile Website that reflect Defendants' infringement of the illustrative works identified in Exhibit A to the Complaint.  To the extent that Plaintiffs determine to waive work product protection over materials gathered in Plaintiffs' investigation for use in this litigation, Plaintiffs will produce such documents to Defendants at such time.

## REQUEST NO. 15:

All DOCUMENTS RELATING TO the legitimacy or illegitimacy of the business models of online file-hosting or file-sharing services, including Hotfile.com, RapidShare, MegaUpload, MediaFire, DepositFiles, Google Docs, Xdrive, iLike, Photobucket, Myspace, AOL Video, Amazon Cloud, and Windows Live SkyDrive.

## PLAINTIFFS' RESPONSE TO REQUEST NO. 15:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object that the request is vague as to the meaning of "legitimacy or illegitimacy." Plaintiffs further object on the ground that the Request is not reasonably calculated to seek the production of admissible evidence – Defendants' liability for conduct occurring on its website is a question of law as applied only to Defendants' conduct.

22

Plaintiffs' opinions or internal communications regarding the "legitimacy" of *other* online file-hosting services is not relevant to this question of law.

Plaintiffs further object that documents and communications concerning the legitimacy of other online file-hosting services are privileged or protected by the work product doctrine insofar as the Request seeks evaluations of these third-party file-hosting services undertaken in anticipation of litigation or as a component of Plaintiffs' legal strategy.  Plaintiffs further object that the request inappropriately calls for a legal conclusion, which is not an appropriate use of a request for production.  Insofar as Defendants' liability is a question of law, any nonprivileged lay statements or opinions by Plaintiffs are not relevant to such legal determination.

Without waiver of and subject to and incorporating the specific objections as set forth above,  Plaintiffs will produce non-privileged documents relating Hotfile.

## REQUEST NO. 16:

All DOCUMENTS evidencing any authorized uploading, downloading or sharing on the Internet of any works YOU own, including any work for which YOU allege HOTFILE infringed a copyright.

## PLAINTIFFS' RESPONSE TO REQUEST NO. 16:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request on the grounds that the Request is overly broad, irrelevant, unduly burdensome, and not reasonably calculated to lead to admissible evidence.  Plaintiffs may extensively license or authorize the sale, distribution or streaming of their copyrighted works through legitimate, authorized venues.  Such licenses and authorizations have no relevance to any issue in this action, and are not likely to lead to the discovery of admissible evidence, insofar as such licenses and authorizations do not authorize further distribution through Hotfile.  Plaintiffs further object that the Request is overbroad insofar as it requests documents regarding "any works you own," as opposed to the illustrative works identified in Exhibit A to the Complaint.

Plaintiffs will not produce documents in response to this request.

**REQUEST NO. 17:**

All DOCUMENTS evidencing any authorized uploading, downloading or sharing on the Internet of any works owned by YOUR AFFILIATES, including any music AFFILIATE.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 17:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object to this Request on the grounds that the Request is overly broad, irrelevant, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Plaintiffs' affiliates may extensively license or authorize the sale, distribution or streaming of their copyrighted works through legitimate, authorized venues. Such licenses and authorizations have no relevance to any issue in this action, and are not likely to lead to the discovery of admissible evidence, insofar as such licenses and authorizations do not relate to the works Plaintiffs allege Hotfile to have infringed in this action, and insofar such licenses and authorizations do not authorize further distribution through Hotfile. Plaintiffs further object as irrelevant and unduly burdensome to the Request insofar as it requests documents from Plaintiffs' affiliates, which are not relevant to this action.

Plaintiffs will not produce documents in response to this request.

**REQUEST NO. 18:**

All DOCUMENTS regarding YOUR use of the Internet to market works in which YOU own copyrights, including DOCUMENTS discussing instances or policies regarding voluntary posting or promotional content.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 18:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object on the ground that the Request is overbroad and unduly burdensome (1) as to "the Internet," (2) as to "works in which you own copyrights." First, Defendants' liability turns on Defendants' use of Plaintiffs' works without authorization

on the Hotfile Website, and any marketing or intentional posting of Plaintiffs' works on third-party websites is not relevant to any of the claims or defenses in this lawsuit.  Second, works other than those that Plaintiffs allege Defendants to have infringed in this action are not relevant. Plaintiffs are suing Defendants for infringing full-length motion picture and television works; documents concerning promotional content, such as clips or movie trailers, have no relevance to any issues in the case.

Plaintiffs further specifically object on the ground that the Request is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs' online marketing generally, such as advertising, bears no conceivable relevance to this litigation.

Plaintiffs will not produce documents in response to this request.

**REQUEST NO. 19:**

All DOCUMENTS that REFER or RELATE to works that YOU have made available on the Internet for streaming or downloading, including but not limited to DOCUMENTS relating to all webpages containing links to such works and any COMMUNICATIONS regarding the decisions to make these works available.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 19:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request on the grounds that the Request is overly broad, irrelevant, unduly burdensome, and not reasonably calculated to lead to admissible evidence.  Plaintiffs may extensively license or authorize the sale, distribution or streaming of their copyrighted works through legitimate, authorized venues.  Such licenses and authorizations have no relevance to any issue in this action, and are not likely to lead to the discovery of admissible evidence, insofar as such licenses and authorizations do not relate to the works Plaintiffs allege Hotfile to have infringed in this action, and insofar such licenses and authorizations do not authorize further distribution through Hotfile.  Plaintiffs further object to

25

the request insofar as it request documents regarding the "decision to make those works available" insofar as it requests privileged advice of counsel.

Plaintiffs will not produce documents in response to this request.

**REQUEST NO. 20:**

All DOCUMENTS that REFER or RELATE to works that any of YOUR AFFILIATES, employees or contractors (including actors, writers and directors) have made available or have permitted to be made available on the Internet for streaming or downloading, including but not limited to DOCUMENTS relating to all webpages containing links to such works and any COMMUNICATIONS regarding the making of these works available.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 20:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object to this Request on the grounds that the Request is overly broad, irrelevant, and not reasonably calculated to lead to admissible evidence. Plaintiffs' affiliates may extensively license or authorize the sale, distribution or streaming of their copyrighted works through legitimate, authorized venues. Such licenses and authorizations have no relevance to any issue in this action, and are not likely to lead to the discovery of admissible evidence, insofar as such licenses and authorizations do not relate to the works Plaintiffs allege Hotfile to have infringed in this action, and insofar such licenses and authorizations do not authorize further distribution through Hotfile. Plaintiffs further object as irrelevant and unduly burdensome to the Request insofar as it requests documents from Plaintiffs' affiliates, which are not relevant to this action. Plaintiffs further object to the request insofar as it request documents regarding the "decision to make those works available" insofar as it requests privileged advice of counsel.

Plaintiffs will not produce documents in response to this request.

26

**REQUEST NO. 21 :**

All DOCUMENTS that REFER or RELATE to audio or video works on the Internet that are not copyrighted or that may be downloaded as fair use.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 21:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further object that the Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence – Defendants are being sued for infringement of Plaintiffs' copyrighted works on Hotfile.  To the extent the existence of "fair use" of works other than Plaintiffs' works or "works [other than Plaintiffs' works] on the Internet that are not copyrighted" is relevant at all, Plaintiffs' internal documents, opinions, and communications regarding the existence of such works "on the Internet" is neither relevant nor necessary to any claim that Hotfile has concerning noninfringing uses.  Plaintiffs further object that insofar as non-copyrighted works or works that may be downloaded as fair use exist "on the Internet," such documents are equally available to Defendants and it is unduly burdensome to request such documents from Plaintiffs.  Plaintiffs further object that insofar as non-copyrighted works or works that may be downloaded as fair use exist on the Hotfile Website, such documents are more easily accessible to Defendants than to Plaintiffs, and it is unduly burdensome and harassing to request such documents from Plaintiffs.

Plaintiffs further object on the grounds that the Request is overbroad and vague, and that it would be unduly burdensome to respond to the Request as written given the open-ended nature of the topic and its lack of conduciveness to the creation of intelligible or manageable search terms.

Plaintiffs further object insofar as the Request calls for documents or communications that are protected by the attorney-client privilege or the work product doctrine.

Plaintiffs will not produce any documents in response to this Request.

**REQUEST NO. 22:**

All DOCUMENTS regarding the use of the Internet for distribution of public domain motion pictures.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 22:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further object that the Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence – Defendants are being sued for infringement of Plaintiffs' copyrighted works on Hotfile.  To the extent the existence of "public domain" works other than Plaintiffs' works are relevant at all, Plaintiffs' internal documents, opinions, and communications regarding the existence of such works on "the Internet" is neither relevant nor necessary to any claim that Hotfile has concerning noninfringing uses.  Plaintiffs further object that insofar as public domain works exist "on the Internet," such documents are equally available to Defendants and it is unduly burdensome to request such documents from Plaintiffs.  Plaintiffs further object that insofar as public domain works exist on the Hotfile Website, such documents are more easily accessible to Defendants than to Plaintiffs, and it is unduly burdensome and harassing to request such documents from Plaintiffs.

Plaintiffs further object on the grounds that the Request is overbroad and vague, and that it would be unduly burdensome to respond to the Request as written given the open-ended nature of the topic and its lack of conduciveness to the creation of intelligible or manageable search terms.

Plaintiffs further object insofar as the Request calls for documents or communications that are protected by the attorney-client privilege or the work product doctrine.

Plaintiffs will not produce any documents in response to this Request.

**REQUEST NO. 23:**

All DOCUMENTS concerning YOUR policies regarding the use of digital rights management technology to protect YOUR copyrights.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 23:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence – because Defendants' unauthorized use of Plaintiffs' works on Hotfile would be equally copyright infringing regardless of whether Plaintiffs employed Digital Rights Management ("DRM") technology to protect Plaintiffs' works, the request for such documents would be in no way relevant to any issues in this case.

Plaintiffs further object that the request for "All DOCUMENTS" is unduly burdensome because Plaintiffs devote extensive resources to the protection of their copyrighted works by employing DRM technology, and producing "All DOCUMENTS" regarding these efforts would be an unreasonably extensive undertaking that would not result in any evidence relevant to the issues in this case.

Plaintiffs further object on the ground that documents concerning Plaintiffs' DRM technologies are confidential and proprietary information and that, absent a showing that such documents are remotely relevant to any issues in this case, production of such documents would risk exposure of Plaintiffs' proprietary information.  In addition, Plaintiffs object insofar as their internal communications and documents regarding such technologies are likely to be in substantial part privileged.

Plaintiffs will not produce documents in response to this request.

**REQUEST NO. 24:**

All DOCUMENTS concerning YOUR AFFILIATES' (including music AFFILIATES') policies regarding the use of digital rights management technology to protect copyrights.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 24:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request on the ground that it is

29

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence – because Defendants' unauthorized use of Plaintiffs' works on Hotfile would be equally copyright infringing regardless of whether Plaintiffs' third-party affiliates employed Digital Rights Management ("DRM") technology to protect their own works, the request for such documents would be in no way relevant to any issues in this case.  Plaintiffs further object that the request is not reasonably calculated to lead to the discovery of admissible evidence insofar as Defendants are being sued for infringing the copyrights of Plaintiffs, not of Plaintiffs' third-party affiliates, such that any DRM measures taken by Plaintiffs' third-party affiliates to prevent unauthorized reproduction and distribution of their works would be irrelevant to any issues in this case.

Plaintiffs further object that the request for "All DOCUMENTS" is unduly burdensome because Plaintiffs' affiliates may devote extensive resources to the protection of their copyrighted works by employing DRM technology, and producing "All DOCUMENTS" regarding these efforts would be an unreasonably extensive undertaking that would not result in any evidence relevant to the issues in this case.

Plaintiffs further object on the ground that documents concerning Plaintiffs' third-party affiliates' DRM technologies are confidential and proprietary information and that, absent a showing that such documents are remotely relevant to any issues in this case, production of such documents would risk exposure of Plaintiffs' third-party affiliates' proprietary information.  In addition, Plaintiffs object insofar as their internal communications and documents regarding such technologies are likely to be in substantial part privileged.

Plaintiffs will not produce documents in response to this request.

**REQUEST NO. 25:**

All DOCUMENTS REFERRING or RELATING to any technologies for controlling, limiting access to, identifying, disabling access to or removing unauthorized content on the Internet, including but not limited to digital rights management, filtering, blocking, fingerprinting and watermarking technologies.

60616.5

**PLAINTIFFS' RESPONSE TO REQUEST NO. 25:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to the Request on the grounds that it overbroad, unduly burdensome, and interposed for purposes of harassment insofar as their documents pertaining to content protection technologies are voluminous and Defendants have failed to narrow this request to target documents reasonably relevant to this litigation.

Plaintiffs further object that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence insofar as it requests information regarding DRM and watermarking technologies, as those technologies are irrelevant to any issues in this case.

Plaintiffs further object that the request is irrelevant and not reasonably calculated to lead to the discovery of relevant evidence insofar as it is not subject to any colorable dispute that filtering, blocking, and fingerprinting technologies are commercially available, commercially deployed in large-scale Internet websites, and highly effective at identifying content in a given reference database.  To the extent the availability and effectiveness of such technologies were to be disputed at trial, this topic is properly a subject for expert testimony; Plaintiffs' internal documents and lay statements and communications regarding such technologies would be irrelevant, and the burden of producing "all" documents relating to such technologies would outweigh any marginal relevance.

Plaintiffs further object to the Request on the ground that it seeks privileged information or information subject to the work product and common interest doctrines insofar as Plaintiffs' analysis and consideration of content identification technologies used for removing unauthorized content on the Internet constitute an essential component of litigation strategies and legal advice regarding the same.

Without waiver of and subject to and incorporating the specific objections as set forth above,  Plaintiffs are willing to meet and confer to discuss a reasonable narrowing of this Request.

60616.5

**REQUEST NO. 26:**

All DOCUMENTS, COMMUNICATIONS and agreements between or among YOU, the MPAA or any PERSON that has an interest in the outcome of this lawsuit, including all DOCUMENTS that REFER or RELATE to issues of copyright infringement.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 26:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to the Request on the ground that it is so overbroad and unduly burdensome as to be unintelligible.  Plaintiffs further specifically object to the Request on the ground that, as drafted, in overwhelming part, (1) it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and (2) it appears interposed for purposes of harassment.  Plaintiffs further specifically object to the Request on the ground that it is vague and ambiguous in terms of the meaning of "interest in the outcome of this lawsuit," which could be interpreted to include any person or entity that holds an exclusive right under the Copyright Act to any copyrighted work.

Plaintiffs further specifically object to this Request on the ground that attorneys from MPAA are counsel of record for Plaintiffs in this action and otherwise have an attorney-client relationship with Plaintiffs; the Request, therefore, in very substantial part, calls for privileged documents or documents protected by the attorney-client privilege and/or work product doctrine. Given that the request seeks information privileged in its entirety, Plaintiffs further object to being required to create a privilege log for documents responsive to this request, as a party may not serve a request for privileged documents solely to burden the opposing party with the burden of creating a privilege log.

Plaintiffs further object on the ground that, documents and communications called for by this Request are likely to be Plaintiffs' trade secrets relating to Plaintiffs' online antipiracy practices, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online.  *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002).

Given the sheer breadth of the topic as written, Plaintiffs lack any means of articulating more precise objections, as the request seeks every document and communication irrespective of what the document or communication is about.

To the extent any third party has an "interest" in this action in that the third party would be entitled to any part of the damages awarded any Plaintiff, Plaintiffs will produce documents sufficient to disclose any such agreement.  Insofar as any other conceivably relevant responsive documents and communications are the subject of other Requests, Plaintiffs do not intend to produce documents in response to this Request except than as stated above, .

**REQUEST NO. 27:**

DOCUMENTS sufficient to identify all YOUR personnel, employees, agents, and representatives responsible for DIGITAL BUSINESS, including the business and technical aspects, and the respective titles and responsibilities of such individuals, including organizational charts.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 27:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object on the ground that the Request is not reasonably calculated to seek admissible information, as Plaintiffs' own online distribution of Plaintiffs' copyrighted works is not relevant to Defendants' liability for copyright infringement occurring on Hotfile.

Plaintiffs further object that the Request is unduly burdensome insofar as the Request seeks the identification of relevant persons by means of a document request rather than an Interrogatory.

Without waiver of and subject to and incorporating the specific objections as set forth above,  Plaintiffs are willing to meet and confer with Defendants to discuss whether persons with potentially relevant knowledge can be meaningfully identified by way of an Interrogatory rather than by production of documents.

33

**REQUEST NO. 28:**

All DOCUMENTS discussing methods for monetizing copyrighted works on the Internet.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 28:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object on the ground that the Request is irrelevant and not reasonably calculated to lead to the production of admissible evidence because authorized methods for monetizing copyrighted works on the Internet bear no relevance to Defendants' liability for Defendants' use of Plaintiffs' copyrighted works without authorization or any claim or defense in this action.  Plaintiffs further object on the grounds that the Request is overbroad and unduly burdensome insofar as Plaintiffs may extensively monetize copyrighted works on the Internet and "all documents" related to such practices are likely to be unreasonably voluminous and unrelated to this action.

Although Plaintiffs are willing to meet and confer with Defendants to discuss Defendants' view of the relevance of this Request, at this time, Plaintiffs do not intend to produce any documents in response to this Request.

**REQUEST NO. 29:**

All DOCUMENTS that YOU allege evidence any violation by HOTFILE or its users of any exclusive right belonging to PLAINTIFFS under 17 U.S.C. § 106, or under state law, including all such DOCUMENTS that PLAINTIFFS may use to support their claims in this litigation.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 29:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object to this Request in that  it calls, in very substantial part, for documents that constitute and reflect Plaintiffs' and their counsels' investigation of Hotfile and the other identified persons and entities in preparation for this

34

litigation (the "Investigation Materials").  The Investigation Materials are irrelevant to any issue in this case, and the Request is not reasonably calculated to lead to the discovery of admissible evidence, and appears designed solely to harass.  Accordingly, the Plaintiffs will not produce Investigation Materials.  Additionally and independently, the Investigation Materials were created by or at the direction of counsel for purposes of this litigation, and reflect attorney legal advice and mental impressions, and information collected by or at the direction of counsel for purposes of enabling counsel to provide legal advice, and are therefore protected under the attorney-client privilege and the attorney work product doctrine.  Finally, the Investigation Materials reveal trade secret processes and methodologies by which the MPAA and the Plaintiffs investigate online piracy and enforce their copyrights against online piracy, the disclosure of which to alleged infringers risks compromising Plaintiffs' ability to protect their copyrights online.  *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002).  For these additional independent reasons, Plaintiffs will not produce investigation materials.

Plaintiffs further specifically object on the ground that the Request seeks documents protected by the attorney work product doctrine.  Plaintiffs' counsel's determinations regarding the documents on which Plaintiffs intend to rely at summary judgment or at trial reflect their mental impressions, and are work product.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will produce copies of files downloaded from the Hotfile Website that reflect Defendants' infringement of the illustrative works identified in Exhibit A to the Complaint.  Insofar as Plaintiffs decide to waive work product protection over any other materials assembled in anticipation of litigation, Plaintiffs will produce such materials at such time.

**REQUEST NO. 30:**

All DOCUMENTS that REFER or RELATE to any alleged harm or injury to YOU, past, present, or prospective, that was caused or which will be caused by HOTFILE.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 30:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object to this Request on the ground that the Request is premature as the Court has yet to determine whether to bifurcate proceedings as proposed in Plaintiffs' Rule 26(f) report. Without determinations on this key issue, the burden of assembling and producing all such documents outweighs the minimal (and potentially nonexistent) relevance of such materials at this phase of the litigation.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will meet and confer to discuss an orderly process for discovery of documents concerning actual damages in the event the Court declines to bifurcate this action as Plaintiffs have proposed in the Rule 26(f) report.

**REQUEST NO. 31:**

All DOCUMENTS that REFER or RELATE to YOUR alleged damages in this case, including statutory or willfulness damages.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 31:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object on the grounds that the Request is vague and overbroad insofar as it seeks all evidence that "relates" to Plaintiffs' actual, statutory, or willfulness damages, and fails to specify which categories of documents and communications Defendants contend "relate" to damages. Plaintiffs further object on the ground that the Request calls for potentially privileged documents or documents protected by the work product doctrine insofar as the documents concern analysis about damages incurred or to be recovered as a component of Plaintiffs' legal strategies.

Plaintiffs further specifically object to this Request on the ground that the Request is premature as the Court has yet to determine whether to bifurcate proceedings as proposed in Plaintiffs' Rule 26(f) report. Without determination of this key issue, the burden of assembling

and producing all such documents outweighs the minimal (and potentially nonexistent) relevance of such materials at this phase of the litigation.

Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will meet and confer to discuss an orderly process for discovery of documents concerning actual damages in the event that he Court declines to bifurcate this action as Plaintiffs have proposed in the Rule 26(f) report.

## REQUEST NO. 32:

DOCUMENTS sufficient to IDENTIFY all websites, including their domain names, that are directly or indirectly controlled or owned by You.

## PLAINTIFFS' RESPONSE TO REQUEST NO. 32:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object on the ground that the Request is irrelevant and not reasonably calculated to lead to the discovery of  admissible evidence.  This action concerns Defendants' liability for infringement of Plaintiffs' copyrights occurring on Hotfile. The identification of websites controlled by Plaintiffs are not relevant to any claims or defenses in this case.  Plaintiffs further object that the request is overbroad, in that it seeks information regarding all websites operated by Plaintiffs, irrespective of the nature or purpose of the website.

Plaintiffs further object that the Request is unduly burdensome, and that the information sought in this Request would be more efficiently produced to Defendants in the form of a response to an Interrogatory.

Although Plaintiffs are willing to meet and confer with Defendants to discuss Defendants' view of the relevance of this Request and whether any narrowed request might not be objectionable, Plaintiffs do not intend to produce any documents in response to this Request.

## REQUEST NO. 33:

All DMCA policies and Terms of Service for any website that YOU or YOUR AFFILIATES own or operate.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 33:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object to this Request on the ground that the Request is irrelevant and not reasonably calculated to lead to the production of admissible evidence: (1) DMCA policies and terms of service for websites controlled by Plaintiffs or Plaintiffs' Affiliates are not relevant to any issue in this case, as Plaintiffs' operation of such websites have no bearing on Defendants' infringement of Plaintiffs' copyrights on Hotfile; and (2) information concerning Plaintiffs' Affiliates are not relevant to any issue in this litigation, as this litigation concerns Defendants' infringement of Plaintiffs' copyrights and not the infringement of copyrights owned by nonparties.

Plaintiffs further object on the ground that the Request is unduly burdensome. Plaintiffs further object that, to the extent the DMCA policies and terms of service for any websites they operate are publicly available, they are equally available to Defendants as to Plaintiffs.

Although Plaintiffs are willing to meet and confer with Defendants to discuss Defendants' view of the relevance of this Request and whether any narrowed request might not be objectionable, Plaintiffs do not intend to produce any documents in response to this Request.

**REQUEST NO. 34:**

All DOCUMENTS concerning any resolution and/or settlements you have reached of any lawsuits in which an Internet business alleged secondary copyright infringement against YOU, including settlement agreements, license agreements, injunctions and consent decrees.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 34:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object on the ground that the Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence – any allegations of copyright infringement *against Plaintiffs* are not relevant to any of the issues in this litigation.

Plaintiffs further object that the request for "all documents" is overbroad and would call for the production of privileged documents or communications arising in other disputes and lawsuits.

Plaintiffs will not produce any documents in response to this Request.

**REQUEST NO. 35:**

All DOCUMENTS that YOU reviewed in preparing, or which support, YOUR responses to Defendant's First Set of Interrogatories.

**PLAINTIFFS' RESPONSE TO REQUEST NO. 35:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object on the ground that the Request calls for documents protected by the work product doctrine insofar as the Request seeks documents reviewed by counsel in preparation of Plaintiffs' interrogatory responses.  Plaintiffs further object on the ground that the Request is vague and overbroad, as the Request seeks documents that "support" Plaintiffs' responses and would encompass documents consistent with Plaintiffs' responses, even if Plaintiffs did not rely upon such documents in the formulation of their responses, and further intrudes upon work product insofar as it would require counsel to reveal mental impressions regarding which documents "support" Plaintiffs' responses.

Plaintiffs further object to this Request insofar as documents reviewed or that support Plaintiffs' responses to Hotfile's First Set of Interrogatories are themselves are privileged, subject to the attorney word doctrine, or reflect Plaintiffs' trade secret processes and methodologies by which Plaintiffs investigate online piracy and enforce Plaintiffs' copyrights against online piracy, the disclosure of which to alleged infringers risks compromising their ability to protect copyrights online.  *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002).

Without waiver of and subject to and incorporating the specific objections as set forth above,  Plaintiffs will produce non-privileged, non-trade-secret documents as specifically referenced in Plaintiffs' responses to Defendants' First Set of Interrogatories.

## REQUEST NO. 36:

All DOCUMENTS that constitute, REFER or RELATE to YOUR document retention policies.

## PLAINTIFFS' RESPONSE TO REQUEST NO. 36:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.  Plaintiffs further specifically object on the ground that the Request is overbroad and calls for documents protected by the attorney-client privilege and attorney work product doctrine insofar as the Request seeks "all documents" that "refer or relate to" Plaintiffs' document retention policies.  To the extent Plaintiffs' document retention policies are relevant, which Plaintiffs do not concede, they can be shown through the policies themselves, without the need for a burdensome search for "all documents" related to those policies.  Plaintiffs further object that the request is overbroad insofar as it encompasses document retention policies for business units irrelevant to this litigation.

Without waiver of and subject to and incorporating the specific objections as set forth above,  Plaintiffs will produce, to the extent such documents exist, company-wide document retention policies as well as any specific document retention policies for business units employing the relevant custodians of record.

Dated:  May 5, 2011                    By:  s/ Luke C. Platzer_
                                            Luke C. Platzer

GRAY-ROBINSON, P.A.                    JENNER & BLOCK LLP
Karen L. Stetson (FL Bar No. 742937)   Steven B. Fabrizio (*Pro Hac Vice*)
1221 Brickell Avenue                   Duane C. Pozza (*Pro Hac Vice*)
Suite 1600                             Luke C. Platzer (*Pro Hac Vice*)
Miami, FL 33131                        1099 New York Ave., N.W.
Phone: 305-416-6880                    Suite 900
Fax: 305-416-6887                      Washington, DC 20001
                                       Phone: 202-639-6000
MOTION PICTURE ASSOCIATION             Fax: 202-639-6066
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA  91403


*Attorneys for Plaintiffs*

41

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

    *Plaintiffs*,

 vs.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

    *Defendants*.

_____/

## CERTIFICATE OF SERVICE

  I hereby certify that on this 5th Day of May, 2011, I served the foregoing Plaintiffs' Responses and Objections to Defendants' First Set of Requests for Production on all counsel of record on the attached Service List via their email address(es) as set forth on the Court's CM/ECF filing system.

  I further certify that I am admitted *pro hac vice* in the United States District Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date at Washington, D.C.

        s/ Luke C. Platzer
        Luke C. Platzer

42

60616.5

**SERVICE LIST**

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-JORDAN**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Phone: 617-928-1800
Fax: 617-928-1802
vgurvitz@bostonlawgroup.com

*Attorney for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

60616.5