**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT HOTFILE CORP.'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., Warner Bros. Entertainment Inc., and the Motion Pictures Association of America (collectively, "Plaintiffs") hereby respond to Defendant Hotfile Corporation's ("Defendant" or "Hotfile") First Set of Interrogatories (the "First Interrogatories"):

**GENERAL OBJECTIONS**

1.      Plaintiffs object to the First Interrogatories to the extent that they call for the disclosure of information subject to the attorney-client privilege, the joint defense or common interest privilege, the work product doctrine or any other applicable privilege or doctrine. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client

1

privilege, the joint defense or common interest privilege, the attorney work product immunity doctrine, or any other applicable privilege or doctrine.

2. Plaintiffs object to the First Interrogatories to the extent that they call for the disclosure of communications with, facts known by, or opinions held by non-testifying experts retained pursuant or specially employed in anticipation of litigation or preparation of trial, pursuant to Fed. R. Civ. P. 26(b)(4)(B). Any inadvertent disclosure of such information shall not be deemed a waiver of the protection against discovery afforded by Rule 26(b)(4)(B) or any other applicable privilege or doctrine.

3. Plaintiffs object to the First Interrogatories to the extent that they call for the disclosure of information beyond that required by the Federal Rules of Civil Procedure or the Local Rules of the Court.

4. Plaintiffs object to the First Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, and are ambiguous, duplicative, vague, oppressive, harassing, overbroad or unduly burdensome.

5. Plaintiffs object to the First Interrogatories to the extent that they call for information or documents created or maintained by Defendants, for information or documents already in Defendants' possession, or for information readily accessible to Defendants in the public record, on the grounds that it is unduly burdensome, oppressive, and harassing, and would needlessly increase the cost of litigation.

6. Plaintiffs object to the First Interrogatories to the extent that they are not limited to time periods reasonably related to the matters at issue in this litigation. Specifically, Plaintiffs object to the First Interrogatories to the extent that they seek the production by Plaintiffs of documents or materials prepared, generated, duplicated, communicated, distributed, or transmitted prior to Defendants' commencement of operations on Hotfile, as overbroad, unduly burdensome, and seeking information neither relevant to this action nor likely to lead to the discovery of admissible evidence. To the extent the Plaintiffs respond to the First Requests, MPAA will produce non-privileged responsive documents created on or after January 1, 2009, as

this date is several months prior to Defendants' commencement of operations on the Hotfile website. Plaintiffs are willing to meet and confer with Defendants regarding whether a search for documents prior to that date may be appropriate with respect to specific items or requests.

9.  Plaintiffs object to the First Interrogatories to the extent they seeks unavailable information or information not currently in Plaintiffs' possession, custody or control.

10. Plaintiffs object to the First Interrogatories to the extent that they seek proprietary and confidential information not relevant to this proceeding, including but not limited to information related to third parties.

11. Plaintiffs object to the First Interrogatories to the extent they seek the production of confidential materials or materials relating to the MPPA's trade secrets until such time as the Court enters a protective order providing for additional confidentiality protections for such materials. Pending the entry of a protective order, Plaintiffs are producing these responses subject to the stipulation that disclosure of the portions marked "confidential" shall be limited to the individuals in Paragraph 3(b) of the protective order currently being negotiated by the parties.

Plaintiffs incorporate these General Objections into each specific response as if fully set forth in each response.

## OBJECTIONS TO SPECIFIC DEFINITIONS

1.  Plaintiffs object to the Interrogatories' definition of "IDENTIFY" insofar as it exceeds a responding party's obligations under the Federal Rules of Civil Procedure.

2.  Plaintiffs object to the Interrogatories' definitions of "RELATE," "RELATES," "RELATING TO," "REFER," "REFERRING," as vague, unduly burdensome, and as calling for attorney work product insofar as it requires Plaintiffs to determine what "show[s]" or "evidenc[es]" a particular proposition.

3.  Plaintiffs object to the Interrogatories' definitions of The terms "PLAINTIFFS," "YOU," "YOUR" or "THE STUDIOS" insofar as they seek to require Plaintiffs to provide interrogatory responses and information for entities other than the Plaintiffs, such as their affiliates and their law firms in matters other than the present action. Information in the

3

possession of third parties, such as Plaintiffs' affiliates, agents, and outside counsel other than counsel in the present action, is irrelevant and unduly burdensome to obtain.  Plaintiffs will respond on behalf of the Plaintiff entities.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY all files that were or are available through hotfile.com that YOU allege infringe YOUR copyrights, including each of YOUR works that YOU allege the file infringed, identified by name and United States copyright registration number, the URLs at hotfile.com where YOU allege that file was available, and the time period when YOU allege the file was present on hotfile.com.

### PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 1:

Plaintiffs incorporate each General Objection and Objection to Specific Definitions as if set forth herein.

Plaintiffs object that the Interrogatory is vague, insofar as it is unclear whether the Interrogatory seeks information regarding all instances of Defendants' infringement of the illustrative works identified in Exhibit A to the Complaint, or whether it seeks information regarding each of Plaintiffs' works that have been infringed by Defendants, including works other than those identified specifically in the Complaint.  In the event the latter meaning is intended, Plaintiffs object that the Interrogatory is overbroad and unduly burdensome in light of the massive scale of Defendants' infringement, which has prompted Plaintiffs to submit voluminous notifications of infringement to Defendants in the past two years.  In the event the latter meaning is intended, Plaintiffs further object that the Interrogatory is unduly burdensome and interposed to harass Plaintiffs insofar as Defendants are already in possession of Plaintiffs' voluminous takedown notices to Defendants, which indicate the name of the work infringed, the URL on the Hotfile Website at which such work was infringed, and a date on which an infringing copy of the work was available, and the Interrogatory seeks to improperly require Plaintiffs to analyze data already in Defendants' possession. In addition, Plaintiffs are producing

4

their takedown notices and records reflecting use of Hotfile's copyright owner accounts in this litigation, and Defendants are equally capable of analyzing those notices and reports themselves.

Plaintiffs further object that, irrespective of which meaning is intended, the Interrogatory is premature at this stage in the litigation. Plaintiffs have been limited to external observation of the website accessible at www.hotfile.com and the servers, software, and databases operated as part of the website (collectively the "Hotfile Website") and have not yet had the opportunity to identify each and every infringement of their works on the site. Information necessary to identify each such infringing file, and digital records necessary to identify the dates on which each such file was uploaded to the Hotfile Website, and whether and when each such file was removed from the Hotfile Website, are in the possession of Defendants and Plaintiffs do not yet have access to those records. Moreover, insofar as Defendants' own electronic records contain the information sought by this Interrogatory, particularly with respect to the dates on which each infringing file was available on the Hotfile Website, a request to Plaintiffs is an impermissible attempt to transfer to Plaintiffs the burden of analyzing data that Defendants can analyze themselves.

Plaintiffs also object that the Interrogatory is further premature in light of the bifurcation proposal currently pending before the Court in Plaintiffs' portion of the joint Rule 26(f) report. Given the vast scale of Defendants' infringement of Plaintiffs' works, prompting voluminous notifications of infringement since Hotfile began providing service, it would greatly enhance the efficiency of this litigation to limit the initial phase of the litigation to liability based on a manageable subset of works, and therefore to limit discovery to such works in the first phase. While the Court is considering this proposal, it would be premature to proceed with burdensome discovery regarding every instance of infringement of all of Plaintiffs' works that Defendants and their users have ever infringed using the Hotfile service.

**BY EACH PLAINTIFF INDIVIDUALLY, IN RELEVANT PART:**

Subject to and without waiving the foregoing objections, Plaintiffs state as follows. Instances in which the Complaint works have been available on Hotfile include the URLs listed

5

in the chart attached to these Interrogatory responses as Schedule A.  The copyright registration numbers for each work are listed in Exhibit A to the Complaint.  With respect to the Interrogatory's request to provide "the time period when YOU allege the file was present on hotfile.com," Plaintiffs will supplement this Interrogatory Response as appropriate following Defendants' production of the relevant server data.  Each Plaintiff certifies the chart attached as Schedule A with respect to its own copyrighted works, but not with respect to copyrighted works belonging to any other Plaintiff.

Upon Defendants' production of the relevant server data and any decision from the Court regarding Plaintiffs' bifurcation proposal, Plaintiffs will meet and confer with Defendants regarding an orderly process for the identification of additional works in suit and copyright registration information for such additional works in suit, as well as identification of the dates and URLs at which each infringement of a work in suit by and through the Hotfile Website occurred.

**INTERROGATORY NO. 2:**

Describe the circumstances of YOUR first becoming aware of HOTFILE, including the period when, who the individuals were who became aware of HOTFILE, and all COMMUNICATIONS that occurred regarding Hotfile in that period, and any and all reasons for any delay from that date in bringing suit.

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 2:**

Plaintiffs incorporate each General Objection and Objection to Specific Definitions as if set forth herein.

Plaintiffs object to the term "becoming aware" as vague, insofar as it is unclear whether the Interrogatory is requesting the point in time at which each Plaintiff became aware that the Hotfile Website existed, the point in time at which each Plaintiff became aware as to the infringing nature of activity on the site, or the point in time at which each Plaintiff became aware of the full scope of such infringing activity.