# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
_____/

**PLAINTIFFS' AND THE MPAA'S MOTION TO AUTHORIZE USE OF CATEGORICAL PRIVILEGE LOGS AND MEMORANDUM OF LAW IN SUPPORT**

61856.1

Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studio Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment, Inc. ("Plaintiffs"), and nonparty the Motion Picture Association of America, Inc. ("MPAA"), hereby submit this Motion to Authorize Use of Categorical Privilege Logs and Memorandum of Law in support.

## INTRODUCTION

Plaintiffs and the MPAA estimate that there are more than five thousand documents reflecting attorney work product that are called for by Defendants' document requests. Such documents are voluminous in this case because (1) Plaintiffs and outside litigation counsel engaged in substantial pre-filing analysis and investigation into Hotfile and other potential litigation targets for roughly a year before this litigation was commenced; and (2) nearly all of the custodians of documents concerning Hotfile in Plaintiffs' possession are attorneys (e.g., in-house lawyers, in-house litigation counsel at the MPAA, and outside litigation counsel) or antipiracy employees and vendors acting at the direction of those attorneys. It would be both burdensome and unnecessary to insist that Plaintiffs and the MPAA serve a document-by-document privilege log itemizing each and every privileged document and communication responsive to Defendants' requests.

In such instances, the Federal Rules authorize a producing party to serve a categorical privilege log rather than a document-by-document privilege log. Under Rule 26(b)(5)(A), a party withholding documents on the basis of privilege or work product protection satisfies its obligations under the Federal Rules by "describ[ing] the nature of the documents, communications, or tangible things not produced or disclosed." *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). The purpose of this disclosure is to provide the other party with information adequate to determine whether to test the privilege. Courts have routinely construed this provision to authorize the production of categorical privilege logs where the privileged documents are voluminous and an itemized log would be unnecessarily burdensome, and Plaintiffs and the MPAA respectfully request that this Court do so here.[1]

---

[1] Plaintiffs offered to bilaterally exchange privilege logs in categorical format, but Defendants declined Plaintiffs' offer. *See* Declaration of Luke C. Platzer in Support of

1

## ARGUMENT

**I.    RULE 26 PERMITS DESCRIBING WITHHELD DOCUMENTS BY CATEGORY.**

The requirement in Federal Rule of Civil Procedure 26(b)(5)(A) that a party withholding documents on the basis of attorney-client privilege or attorney work product "describe the nature of the documents, communications, or tangible things not produced or disclosed" with information sufficient to "enable other parties to assess the claim" can be satisfied by the use of a "categorical privilege log …." *Republic Servs., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. 07-21991-CIV, 2008 WL 4691836, at *3 (S.D. Fla. Oct. 21, 2008) (authorizing use of a categorical privilege log where number of privileged documents is substantial). The Advisory Committee Notes to Rule 26 expressly provide for categorical privilege logs, stating that "[Rule 26] does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection," and that "[d]etails concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, *particularly if the items can be described by categories*." Fed. R. Civ. P. 26 advisory committee's Note on 1993 Amendments (emphasis added).

Courts, including in this District, have routinely allowed parties to serve categorical privilege logs where document-by-document itemization would be unnecessarily cumbersome. *See, e.g., Republic Services*, 2008 WL 4691836, at *3 (approving use of categorical log where there were "over 2,500 documents for which Plaintiff claims privilege"); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) ("To lessen the burden posed by reviewing and recording a large quantity of protected communications, [the respondent] may provide a categorical privilege log rather than a traditional, itemized privilege log"); *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 478-79 (S.D. Cal. 1997) ("[M]ost of the documents sought. . .were created during the course of this and related litigation, *or before the initiation of this litigation when the subpoenaed firms were representing plaintiffs in anticipation of this*

---

Plaintiffs' and the MPAA's Motion to Authorize Use of Categorical Privilege Logs, dated July 6, 2011 ("Platzer Decl."), ¶¶ 6-10.

*and related litigation*. . .To force the creation of a document-by-document privilege log of documents of that magnitude is unreasonable and overly burdensome.") (emphasis added); *see also In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 87 (S.D.N.Y. 2006). [2]

## II. THE COURT SHOULD PERMIT PLAINTIFFS TO SERVE A CATEGORICAL PRIVILEGE LOG IN THIS ACTION.

Plaintiffs and the MPAA are in possession of a substantial volume of privileged documents and attorney work product due to Plaintiffs' investigation of Hotfile. This investigation was conducted by Plaintiffs and their current outside litigation counsel and coordinated by the MPAA. *See* Platzer Decl. ¶ 3. Counsel was retained for the purpose of investigating defendants' conduct, evaluating potential claims, and ultimately filing this action. Counsel's work included litigation analysis, consultations with technical and statistical experts, research and investigation to identify publicly available evidence, and ongoing communications with counsel at Plaintiffs and at the MPAA. *See* Platzer Decl. ¶¶ 4-5. These are the very types of documents that, if generated after the commencement of litigation, would not have to be logged at all pursuant to this Court's local rules. *See* Southern District of Florida Local Rule 26.1(g)(3)(C). Thus, the Court should hold that Plaintiffs are only need to describe such pre-litigation documents by category in their privilege log. *See In re Imperial Corp. of Am.* 174 F.R.D. 475, 478-79 (authorizing use of categorical privilege logs where most of the documents were created during the course of litigation or "before the initiation of this litigation").

Moreover, each of the Plaintiff studios, on an ongoing basis, independently investigates online infringement of its copyrighted works for the purpose of identifying and responding to infringement and identifying infringers for potential enforcement action. This too generates numerous communications between in-house counsel, internal

---

[2] Similarly, this Court's Local Rules exempts wholesale from the privilege logging obligation any documents "created after commencement of the action[.]" *See* Southern District of Florida Local Rule 26.1(g)(3)(C). This rule recognizes that there are categories of communications (such as attorney-client communications and attorney work product subsequent to the filing of a complaint) for which the burden of creating itemized logs outweighs any marginal benefit such itemization may have in assessing claims of attorney-client privilege or work product protection. The same principle should be no less true in case such as this one, where comparable and voluminous pre-complaint work product, attorney correspondence, and legal analysis specifically pertaining to this lawsuit were created before the Complaint was filed.

antipiracy personnel acting at their direction, antipiracy vendors retained by counsel to assist with such investigations, and, periodically, attorneys at the MPAA and outside litigation counsel.  Each of the Plaintiffs therefore possesses numerous additional documents responsive to Defendants' broad document requests that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  *See* Platzer Decl. ¶ 4.

Finally, the number of privileged documents is substantial, in part, because some of Defendants' document requests expressly seek information about Plaintiffs' pre-complaint investigations, which thereby guarantees that virtually all privileged documents and attorney work product created as part of that process will be in some way responsive.  For instance, Defendants have requested, *inter alia*, that Plaintiffs produce:

> All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YOUR investigations (or by any of YOUR other agents in any context, including but not limited to anyone acting on YOUR behalf on anti-piracy matters) of HOTFILE, including all DOCUMENTS that REFER or RELATE to YOUR strategies, tactics, techniques, procedures, processes, methods, and operations used in such investigations, as well as any DOCUMENTS related to any files removed from HOTFILE as a result of such investigations, including the removed files themselves.

Platzer Decl. Ex. A at Request for Production No. 38.

**III. PLAINTIFFS' PROPOSED CATEGORICAL PRIVILEGE LOG WILL FULLY ENABLE DEFENDANTS TO ASSESS PLAINTIFFS' CLAIMS OF PRIVILEGE AND WORK PRODUCT PROTECTION.**

Plaintiffs have proposed to Defendants a categorical privilege log that would fully comply with the requirements of Rule 26, and allow Defendants, if they so choose, to challenge each claim of privilege or attorney work product protection that Plaintiffs or the MPAA may assert.  Plaintiffs' proposed privilege log would consist of a number of distinct categories.  While Defendants may not agree that all such categories are entitled to attorney client privilege or to attorney work product protection, the category descriptions would supply Defendants with sufficient information to "enable [them] to assess the claim" of privilege as required by Rule 26.  Fed. R. Civ. P. 26(b)(5)(A).  By way of nonexhaustive example, Plaintiffs' proposed privilege log could contain categories such as the following:

- Communications between current outside litigation counsel and Plaintiffs' in-house counsel regarding Hotfile for the purpose of evaluating legal claims against Defendants.

- Communications between outside litigation counsel and in-house counsel at the MPAA regarding Hotfile for the purpose of evaluating legal claims against Defendants.

- Communications among outside litigation counsel, in-house counsel at the MPAA, and Plaintiffs' in-house counsel regarding Hotfile for the purpose of evaluating legal claims against Defendants.

- Communications between outside litigation counsel and technical experts who were retained to assist counsel in conducting a pre-complaint litigation analyses of Hotfile for the purpose of evaluating legal claims against Defendants..

- Communications between Plaintiffs' in-house counsel and/or antipiracy employees working at their direction and outside copyright enforcement vendors retained by counsel to gather evidence of online copyright infringement and issue to notifications of infringing activity to Hotfile, *inter alia*, for purposes of identifying infringers for potential enforcement action.

Whatever challenges to Plaintiffs' privilege assertions the Defendants may ultimately wish to bring before the Court, it can be done without creating the unnecessary burden of a document-by-document log containing thousands and thousands of privileged documents.

## CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court enter an order authorizing Plaintiffs to submit their privilege log in this action using categorical logging.

Dated: July 6, 2011

Respectfully submitted,

By: /s/ Luke C. Platzer
Luke C. Platzer

| | |
|---|---|
| MOTION PICTURE ASSOCIATION OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403<br>Phone:  (818) 995-6600<br>Fax:  (818) 285-4403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>Duane C. Pozza (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Telephone: (202) 639-6000<br>Facsimile:  (202) 639-6066<br><br>Karen L. Stetson<br>GRAY-ROBINSON, P.A.<br>1221 Brickell Avenue<br>16th Floor<br>Miami, Fl 33131<br>Telephone: (305) 461-6880<br>Facsimile:  (305) 461-6887<br><br>*Attorneys for Plaintiffs and the MPAA* |

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs have conferred with counsel for Defendants Hotfile Corp. and Anton Titov in a good faith effort to resolve the issues raised in this Motion without court action, but have been unable to do so, as described in my accompanying declaration.

Dated: July 6, 2011                         By: /s/ Luke C. Platzer

                                            JENNER & BLOCK LLP
                                            Steven B. Fabrizio (*Pro Hac Vice*)
                                            Duane C. Pozza (*Pro Hac Vice*)
                                            Luke C. Platzer (*Pro Hac Vice*)
                                            1099 New York Ave., N.W.
                                            Suite 900
                                            Washington, DC 20001
                                            Phone: 202-639-6000
                                            Fax: 202-639-6066

MOTION PICTURE                              Karen L. Stetson
ASSOCIATION                                 GRAY-ROBINSON, P.A.
OF AMERICA, INC.                            Karen L. Stetson (FL Bar No.
Karen R. Thorland (*Pro Hac Vice*)          742937)
15301 Ventura Blvd.                         1221 Brickell Avenue
Building E                                  Suite 1600
Sherman Oaks, CA  91403                     Miami, FL 33131
                                            Phone: 305-416-6880
                                            Fax: 305-416-6887


                                            *Attorneys for Plaintiffs and the MPAA*

7