# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants.*
_____/

**DECLARATION OF ANTHONY P. SCHOENBERG IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
REGARDING PLAINTIFFS' ANTIPIRACY INVESTIGATIONS AND ENFORCEMENT
PROCEDURES**

I, ANTHONY P. SCHOENBERG, hereby declare as follows:

1.     I am a partner at the law firm of Farella Braun + Martel LLP and counsel to
Defendants Hotfile Corporation and Anton Titov in this action ("Defendants"). The statements
made in this declaration are based on my personal knowledge including on information provided
to me by my colleagues or other personnel working under my supervision on this case.

2.     On May 2, Plaintiffs served their initial disclosures in which they expressly
identified BayTSP, Inc., Peer Media Technologies, OpSec Security Group plc, MiMTiD Corp.,
and DtecNet, Inc. (the "Antipiracy Vendors") as having sent notifications of infringement to
Hotfile on behalf of one or more of the Plaintiffs. In addition, one Antipiracy Vendor, DtecNet,
was identified as having information "as to the infringement of plaintiffs' copyrighted works
included in the Complaint."

CASE NO. 11-20427-CIV-JORDAN

3.      True and correct copies of the proofs of service to the subpoenas served on the Antipiracy Vendors are attached hereto as Exhibits A through E.

4.      True and correct copies of the emails by which Plaintiffs were served with the subpoenas to the Antipiracy Vendors are attached hereto as Exhibits F and G.

5.      The return dates on all of the subpoenas to the Antipiracy Vendors were in mid-June, and some were given short extensions to respond until no later than July 1, 2011.  The Antipiracy Vendors all served written responses and objections to the subpoenas on or before July 1, 2011.

6.      Defendants' first two sets of document requests to Plaintiffs were served on April 1 and June 28, 2011.  No extensions were given to the Plaintiffs with respect to these document requests, and the Plaintiffs served written responses and objections on May 5 and July 28, 2011.

7.      In a phone call with Luke Platzer to discuss Plaintiffs' (then-contemplated) motion for protective order, in response to my raising a question about the timeliness of this motion, Mr. Platzer suggested to me that the 30-day limitation period under the local rules for making discovery motions did not begin to run until the third party subpoena recipients served their written responses.

8.      I am informed and believe from meet and confer discussions with the Antipiracy Vendors that Plaintiffs unilaterally gathered documents from at least four of the five Antipiracy Vendors.

9.      The Antipiracy Vendors have taken the position in meet and confer discussions that they will not produce many of the categories of responsive documents while this motion is pending.

10.      Attached hereto as Exhibit H is a true and correct copy of the Order Granting Defendant YouTube's Motion to Compel, *Viacom International Inc. v. YouTube, Inc.*, No. C-08-80211-JF, 2009 WL 102808 (N.D. Cal. Jan. 14, 2009) .

11.      Attached hereto as Exhibit I is a true and correct copy of Kevin J. Delaney, *YouTube Magic: Now You See It, Now You Don't*, Wall St. J., Aug. 8, 2007.

2

CASE NO. 11-20427-CIV-JORDAN

12.     Attached hereto as Exhibits J and K are true and correct copies of emails produced by Plaintiff Warner Brothers in discovery in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of August, 2011 in San Francisco, California.

_____
Anthony P. Schoenberg