UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

      Plaintiffs,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

      Defendants.               /

HOTFILE CORP.,

      Counterclaimant,

v.

WARNER BROS. ENTERTAINMENT INC.,

      Counter-Defendant.       /

**ANSWER, AFFIRMATIVE DEFENSES AND DEFENSES OF
DEFENDANT ANTON TITOV TO PLAINTIFFS' COMPLAINT**

Defendant Anton Titov ("Hotfile"), hereby answers and pleads defenses and affirmative defenses to Plaintiffs'[1] Complaint, dated and filed on February 8, 2011 (the "Complaint").

## ANSWER

1.      Titov denies each and every allegation contained in paragraph 1.

2.      Titov admits that when a user uploads content to hotfile.com, a uniform resource locator ("URL") relating to the uploaded file is generated.  Titov admits that the URL can then be shared with others who can download the uploaded file from any internet-enabled location by clicking on the URL.  Titov admits that Hotfile remunerates users and websites that direct traffic to hotfile.com through "affiliate" advertising, a commonly used practice among internet businesses.  Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 2.

3.      Titov denies each and every allegation contained in paragraph 3.

4.      Titov admits that at one time, the FAQ page of the hotfile.com website contained the phrase "[u]pload files only if you **intend** [sic] to promote them" and the Affiliate page of the hotfile.com website contained the phrase "to encourage the good promoters by increasing their earnings and to reduce the earnings for uploaders that mainly use the free hotfile resources for storage."  Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 4.

5.      Titov admits that some estimates have ranked hotfile.com as one of the top 100 visited websites on the Internet.  Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 5.

---

[1] Plaintiffs are: Disney Enterprises, Inc., Twentieth Century Fox Film Corp., Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Brothers Entertainment Inc., and are hereinafter referred to collectively as "Plaintiffs."

6.      Titov denies each and every allegation contained in paragraph 6.

7.      Titov denies each and every allegation contained in paragraph 7.

8.      Titov admits that the Complaint is a civil action purporting to seek damages and injunctive relief for alleged copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et se.,* but denies that Plaintiffs are entitled to any relief.

9.      Paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Titov is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies each and every allegation in paragraph 9.

10.      Titov admits that it operates the hotfile.com website.  Titov admits that hotfile.com can be accessed by users in Florida.  The remaining allegations in paragraph 10 state a legal conclusion to which no response is required.  To the extent a response is required, Titov denies each and every allegation contained in paragraph 10.

11.      Titov admits that Florida corporation Lemuria Communications, Inc., provides hosting services for hotfile.com.  The remaining allegations in paragraph 11 state a legal conclusion to which no response is required.  To the extent a response is required, Titov denies each and every allegation contained in paragraph 11.

12.      The allegations in paragraph 12 state a legal conclusion to which no response is required.  To the extent a response is required, Titov denies each and every allegation contained in paragraph 12, including denies that this Court has personal jurisdiction over him.

13.      Paragraph 13 states a legal conclusion to which no response is required.  To the extent a response is required, Titov denies each and every allegation contained in paragraph 13.

14.     Paragraph 14 states a legal conclusion to which no response is required.  To the extent a response is required, Titov denies each and every allegation contained in paragraph 14.

15.     Titov is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies each and every allegation therein.

16.     Titov is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies each and every allegation therein.

17.     Titov admits that Hotfile is a Panamanian corporation that operates hotfile.com. Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 17.

18.     Titov denies each and every allegation contained in paragraph 18.

19.     Titov is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies each and every allegation therein.

20.     Titov admits that registered and non-registered users can upload content to hotfile.com.  Titov admits that when a user uploads content to hotfile.com, a URL relating to the uploaded file is generated.  Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 20.

21.     Titov admits that users can access and download a file associated with a URL generated by Hotfile by clicking on the URL link or copying the URL into a web browser.  Titov admits that a user can download the linked file for free as a regular user.  Titov admits that users can purchase premium memberships, which grant users access to faster download speeds and

other benefits.  Except as so expressly admitted, Titov is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 and therefore denies each and every allegation therein.

22.     Titov denies each and every allegation in paragraph 22.

23.     Titov admits that it stores content files on its servers.  Titov admits that Hotfile's Terms of Service reserve the right to terminate users or users' access to the Hotfile site.  Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 23.

24.     Titov admits users can sign up for Premium memberships, which cost up to $9 per month.  Titov admits that with Premium memberships, users have access to simultaneous downloads, unlimited high speed downloads, and no initial delays or download time restrictions. Titov admits that non-Premium users are allowed to download one file at a time and that the downloads are at slower speeds than Premium users' downloads with a delay before a file begins to download.  Titov admits that non-Premium users may download one file in a 30-minute period.  Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 24.

25.     Titov denies each and every allegation contained in paragraph 25.

26.     Titov admits that "hotlinks" are URL links by which a recipient can directly access the content file corresponding to the link without visiting hotfile.com.  Titov admits that Premium users can purchase hotlinks.  Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 26.

27.     Titov is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' characterization of the business models of Netflix or iTunes.  Titov denies each and every allegation contained in paragraph 27.

28.     Titov denies each and every allegation contained in paragraph 28.

29.     Titov admits that it has implemented an "Affiliate" program in which uploaders are remunerated in part based on the number of times a file they uploaded has been downloaded. Titov admits that the amount affiliates are paid when their files are downloaded takes into account the rank of the affiliate and the size of the uploaded file.  Titov admits that an affiliate's rank is determined by (1) the ratio of the users who downloaded that affiliates files and the users who become Premium members based on that affiliate's uploaded files, and (2) the ratio of uploaded files to the number of downloaded files.  Except as expressly so admitted, Titov denies each and every allegation in paragraph 29.

30.     Titov admits that affiliates can earn a higher rank if the users who downloaded their uploaded content become premium members.  Titov admits that when a downloading user signs up for a premium membership, the affiliate (if any) who uploaded that content file gets credit for the sale of a premium subscription.  Titov admits that when a downloading user clicks a Hotfile URL link, that user is taken to a download page.  Titov admits that the download page allows a user to sign up for a Premium membership.  Except as expressly so admitted, Titov denies each and every allegation contained in paragraph 30.

31.     Titov admits that its affiliate compensation formula provides earnings for downloads of 100MB to 2000MB sized files that are at rates twice as high as earnings for downloads of 5 -50MB sized files.  Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 31.

32.     Titov admits that the affiliate program is intended to encourage traffic to hotfile.com.  Titov admits that at one time, the FAQ page of the hotfile.com website contained

CASE NO. 11-20427-JORDAN

the phrase "[u]pload files only if you intend [sic] to promote them."  Except as so expressly
admitted, Titov denies each and every allegation contained in paragraph 32.

33.     Titov admits that at one time, the Affiliate page of the hotfile.com website
contained the phrase: "We are trying to encourage the good promoters by increasing their
earnings and to reduce the earnings for uploaders that mainly use the free hotfile resources for
storage."  Except as so expressly admitted, Titov denies each and every allegation contained in
paragraph 33.

34.     Titov denies each and every allegation contained in paragraph 34.

35.     Titov admits that it has two additional affiliate programs listed on the Affiliate
page of the hotfile.com website under "Referral programs."  Titov further admits that at one
point in time, the phrase "earn money spreading links in your site" appeared on the Affiliate page
of the hotfile.com website.  Except as so expressly admitted, Titov denies each and every
allegation contained in paragraph 35.

36.     Titov denies each and every allegation contained in paragraph 36.

37.     Titov denies each and every allegation contained in paragraph 37.

38.     Titov denies each and every allegation contained in paragraph 38.

39.     Titov denies each and every allegation contained in paragraph 39.

40.     Titov denies each and every allegation contained in paragraph 40.

41.     Titov denies each and every allegation contained in paragraph 41.

42.     Titov denies each and every allegation contained in paragraph 42.

43.     Titov denies each and every allegation contained in paragraph 43.

44.     Titov admits that some estimates have ranked hotfile.com as one of the top 100 visited websites on the Internet.  Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 44.

45.     Titov admits that he is the sole officer and director of Lemuria Communications. Except as so expressly admitted, Titov denies each and every allegation contained in paragraph 45.

## ANSWERS TO CLAIMS FOR RELIEF

### Count I – Direct Infringement of Copyright
**(Against All Defendants)**

46-57.  Count I of Plaintiffs' Complaint has been dismissed and therefore does not require a response.

### Count II – Secondary Infringement of Copyright
**(Against All Defendants)**

58.     Titov incorporates by reference its responses to paragraphs 1 through 57 as if fully set forth herein.

59.     Titov denies each and every allegation contained in paragraph 59.

60.     Titov denies each and every allegation contained in paragraph 60.

61.     Titov denies each and every allegation contained in paragraph 61.

62.     Titov denies each and every allegation contained in paragraph 62.

63.     Titov denies each and every allegation contained in paragraph 63.

64.     Titov denies each and every allegation contained in paragraph 64.

65.     Titov denies each and every allegation contained in paragraph 65.

66.     Titov denies each and every allegation contained in paragraph 66.

67.     Titov denies each and every allegation contained in paragraph 67.

68.     Titov denies each and every allegation contained in paragraph 68.

69.     Titov denies each and every allegation contained in paragraph 69.

70.     Any allegation of the Complaint not specifically admitted is hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Titov asserts the following defenses and affirmative defenses in response to Plaintiffs' Complaint and counts purportedly stated therein, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated below.

71.     Plaintiffs' Complaint, and each count purportedly stated therein against Titov, is barred because Titov is not subject to personal jurisdiction in this Court.  Mr. Titov is not a resident of Florida or the United States.  He does not own real property in Florida or the United States.  He does not conduct business or sell goods or services on behalf of himself in Florida or the United States.  Titov's only connection to this jurisdiction that Plaintiffs can point to is his status as minority shareholder of defendant Hotfile, a Panamanian corporation, and as officer and director of Lemuria Corporation, a Florida corporation that is not a party to this action.  Titov's contacts with Florida are insufficient as a matter of law to allow this Court to exercise personal jurisdiction over him.

72.     Plaintiffs' Complaint, and each count purportedly stated therein, is barred under the safe harbor provisions of the Digital Millennium Copyright Act as codified at 17 U.S.C. section 512 *et seq.*, because Hotfile is an Internet Service Provider that meets all the requirements of the Act.

73.     Plaintiffs' Complaint, and each count purportedly stated therein, is barred in whole or in part because Hotfile's allegedly infringing conduct constitutes fair use.  On information and belief, Hotfile users store and transmit user-generated content files, some of which may incorporate copyrighted material.  However such use can be of a small amount, and

its purposes include parody and commentary.  As such use has little or no detrimental effect on the market for the copyrighted work, it constitutes fair use under the Copyright Act, 17 U.S.C. § 107.  Others uses of Hotfile, including "personal cloud storage," also constitute fair use under 17 U.S.C. § 107.

74.     Plaintiffs' Complaint, and each count purportedly stated therein, is barred in whole or in part by an express and/or implied license or due to authorization from Plaintiffs.  On information and belief, some Hotfile users store and transmit content files of which they are the authors or to which they have the authorization or license of the copyright owner.  Plaintiffs or their content-protection agents have on some occasions misidentified such works and alleged them to be infringing.  Hotfile has a license and authorization to such alleged infringements.  Furthermore, Plaintiffs have been aware of Hotfile's Special Rightsholder Accounts and Hotfile's notice and takedown policy under the DMCA and have used these mechanisms for content protection on Hotfile as to some allegedly infringing files.  These means were available for Plaintiffs to takedown and prevent the very uses they now claim are acts of infringement.  Yet, on information and belief, Plaintiffs consciously and deliberately abstained from taking down or deleting such files, which constitutes conduct reasonably interpreted as the grant of an implied license or authorization for the continued storage and sharing of these files.

75.     Plaintiffs' Complaint, and each count purportedly stated therein, fails to state a claim upon which relief can be granted for any allegedly copyrighted work not listed on Exhibit A of the Complaint and any file not identified in Schedule A to Plaintiffs' response to Hotfile Interrogatory No. 1.

76.     Plaintiffs' Complaint, and each count purportedly stated therein, is barred by the doctrine of laches because Plaintiffs, with full notice of Hotfile's operations and of particular

hosted files that they believed to be infringing, unreasonably delayed in filing suit, which delay has prejudiced Hotfile.  On information and belief, Plaintiffs have been investigating Hotfile for over a year in which time they were aware of particular URLs of files that they believed to be infringing and had decided to contend that Hotfile's content protection policies were inadequate. Rather than diligently and promptly bringing suit, however, Plaintiffs and their content protection agents delayed in seeking any remedy.  Not only did Plaintiffs inexplicably fail to bring suit or otherwise give Hotfile notice of their allegations during this period, to the contrary, they repeatedly complimented Hotfile's content protection efforts, offered for Hotfile to become a business affiliate, and refrained from using their Special Rightsholder Accounts to takedown the files they believed were infringing.  The Plaintiffs thereby perpetuated the very infringement they now allege in this case.  The Plaintiffs' unreasonable delay resulted in prejudice by causing Hotfile to leave up the files that are now alleged to infringe, inducing Hotfile to maintain the very content protection policies Plaintiffs now impugn, and causing potentially helpful evidence to be lost.

77.    Plaintiffs' Complaint, and each count purportedly stated therein, is barred by the doctrine of estoppel.  Plaintiffs have been aware of Hotfile for over two years, since the earliest days of its existence.  In that time period Hotfile has consistently expeditiously responded to takedown notices from Plaintiffs and engineered a Special Rightsholder Account system to enable Plaintiffs and other content owners to immediately takedown links from Hotfile that they believed were infringing.  In that period the Studios repeatedly complimented Hotfile's content protection efforts and cooperation, and one Plaintiff offered to discuss with Hotfile a possible business affiliate partnership.  Hotfile relied on these representations believing that the Studios found Hotfile's content protection policies to be more than adequate, enforced those policies and

continued to invest in the growth and expansion of its business.  Despite their repeated compliments and request for a business partnership, on information and belief, Plaintiffs had, during the period when they were complimenting Hotfile, already decided on a strategy to contend in this lawsuit that Hotfile's policies were inadequate, including that they would demand a strengthened repeat infringer policy, and stronger fingerprinting.  Furthermore, on information and belief, Plaintiffs were aware of URLs for particular files on Hotfile they believed to be infringing but deliberately left on the site.  Before bringing suit, Plaintiffs never requested or even suggested that Hotfile modify its policies, did not identify the allegedly infringing links of which they were aware and did not delete the files using their Special Rightsholder Accounts, which the Studios themselves had requested and which they represented was an "ideal" way to protect content.  In view of Plaintiffs' compliments and their silence regarding Hotfile's policies and particular files which they could have readily sought to have revised or rectified, Plaintiffs should be estopped from seeking infringement damages or any other remedy for the pre-Complaint period.

78.     Plaintiffs' Complaint, and each count purportedly stated therein, is barred in whole or in part by the doctrine of waiver.  Plaintiffs voluntary relinquished their right to any remedy for the alleged infringements at issue.  On information and belief, Plaintiffs were aware of the particular infringements they have alleged against Hotfile, but deliberately abstained from promptly bringing these alleged infringements to Hotfile's attention by way of a takedown notice or by utilizing their Special Rightsholder Accounts.  Hotfile to its detriment and prejudice relied on the Studios' inaction with respect to these works, and believing that the Studios found Hotfile's content protection policies to be more than adequate, enforced those policies and continued to invest in the growth and expansion of its business.  Thus, the Studios by their own

actions and inaction have perpetuated the very acts of which they now complain and have voluntarily relinquished any right to a remedy for the particular copyright infringements that they have identified in this lawsuit.

79.     Plaintiffs' Complaint, and each count purportedly stated therein, is barred by the doctrine of unclean hands. Plaintiffs have engaged in a pattern of deceptive and harmful actions toward Hotfile, including complimenting Hotfile's policy to perpetuate alleged infringement, while secretly harboring a strategy to contend that Hotfile's policies were inadequate and should be strengthened, and deliberately and knowingly requesting that Hotfile takedown content that they did not own in order to curtail and undermine Hotfile's substantial non-infringing uses. Because of their unclean hands, the Studios Complaint should be barred.

80.     Plaintiffs' Complaint, and each count purportedly stated therein, is barred by Plaintiffs' failure to mitigate damages. Plaintiffs have identified approximately one thousand files or URLs on Hotfile.com that they allege are infringing. On information and belief, Plaintiffs were aware of these files for a substantial period of time before they filed their Complaint. Plaintiffs had at their disposal tools, including Special Rightsholder Accounts, which they themselves requested and which Hotfile engineered specifically for their benefit, to take down these links. Yet Plaintiffs inexplicably failed to either provide notice to Hotfile under the DMCA or use their Special Rights Holder Accounts to delete the files they allege were infringing. Moreover, after this lawsuit was filed, the Studios refused to provide Hotfile with a list of suspected links. They waited until they were forced to do so in discovery, finally providing a list in May 2011 some three months after filing this action. Hotfile promptly removed or disabled any remaining files that were on the list. The Studios' unexplained failure

to take the simple measure of using notice-and-takedown or the Special Rights Holder accounts to stop the alleged infringement constitutes a failure to mitigate damages.

81.     Plaintiffs' Complaint, and each count purportedly stated therein, is barred in whole or in part because Plaintiffs do not hold the right, title or exclusive license to the copyrights they alleged are being infringed.  Plaintiffs have sent takedown notices alleging infringement of works that they do not appear to own or otherwise possess rights with respect to which they may seek redress under the Copyright Laws.  On information and belief, Plaintiffs do not own all relevant rights for all the works that they seek to have included in this case and as to which they intend to allege infringement.

82.     Plaintiffs' Complaint, to the extent it seeks redress for contributory infringement, is barred based on the doctrine of substantial non-infringing uses.  Hotfile is capable of substantial non-infringing uses, including limited sharing, distribution of authorized and licensed content, sharing of public domain content and "personal cloud storage."  In light of these and other substantial non-infringing uses, the Hotfile system does not contributorily infringe Plaintiffs' copyrights.

83.     Plaintiffs' Complaint, and each count purportedly stated therein against Titov, is barred because there is no basis to hold Titov as an individual liable for the purported acts of copyright infringement alleged in the Complaint against Hotfile.  Titov is neither a "guiding spirit" nor a "moving active conscious force" behind the purported acts of infringement that Plaintiffs allege against Hotfile.  Titov does not have the ability to supervise the alleged infringing activity, does not have a financial interest in the alleged infringing activity and did not personally participate in any infringing activity alleged against Hotfile.  Plaintiffs' bald assertions of personal liability based on purported managerial responsibilities of Titov at Hotfile

CASE NO. 11-20427-JORDAN

and his status as an officer and director of non-party Lemuria are insufficient as a matter of law to establish personal liability against Titov.

## DEMAND FOR JURY TRIAL

Titov demands trial by jury on all claims of Plaintiffs' Complaint so triable.

## PRAYER FOR RELIEF

WHEREFORE, Titov prays for the following relief:

a.      That Plaintiffs take nothing by way of their Complaint, that the Complaint be dismissed with prejudice and that judgment be rendered in favor of Titov;

b.      That Titov be awarded his costs including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505, and costs pursuant to 28 U.S.C. § 1920; and

c.      For such other and further relief the Court deems just and proper.


Dated:  August 22, 2011                         Respectfully submitted,

                                                s/ Janet T. Munn
                                                Janet T. Munn, Fla. Bar No. 501281
                                                Rasco Klock
                                                283 Catalonia Avenue, Suite 200
                                                Coral Gables, Fl 33134
                                                Telephone:  305.476.7101
                                                Telecopy: 305.476.7102
                                                Email: jmunn@rascoklock.com

                                                s/ Roderick M. Thompson
                                                Roderick M. Thompson (admitted *pro hac vice*)
                                                Andrew Leibnitz (admitted *pro hac vice*)
                                                Anthony P. Schoenberg (*admitted pro hac vice*)
                                                Deepak Gupta (admitted *pro hac vice*)
                                                Janel Thamkul (admitted *pro hac vice*)
                                                FARELLA BRAUN + MARTEL LLP
                                                235 Montgomery St.
                                                San Francisco, CA  94104
                                                Telephone:  415.954.4400
                                                Telecopy: 415.954.4480

                                                And

CASE NO. 11-20427-JORDAN

s/ Valentin Gurvits

Valentin Gurvits (*Admitted pro hac vice*)
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Phone: 617-928-1800
Fax: 617-928-1802

*Counsel for Defendant and Counterclaimant Hotfile Corp.*

CASE NO. 11-20427-JORDAN

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2011, I filed the foregoing document with the Clerk of the Court in the conventional manner.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Janet T. Munn
     Janet T. Munn

**GRAY-ROBINSON, P.A.**
Karen L. Stetson, Fla. Bar No.: 742937
Email: Karen.Stetson@gray-robinson.com
1211 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone:  305.416.6880
Fax:     305.416.6887

**JENNER AND BLOCK, LLP**
Steven B. Fabrizio (*Pro Hac Vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza (*Pro Hac Vice*)
Email: dpozza@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
Email: lplatzer@jenner.com
1099 New York Ave, N.W.
Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax:     202.639.6066