# EXHIBIT "B"

# FARELLA BRAUN + MARTEL LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

ANDREW LEIBNITZ
aleibnitz@fbm.com
D 415.954.4932

T 415.954.4400 / F 415.954.4480
www.fbm.com

May 16, 2011

*Via E-Mail (dpozza@jenner.com)*

Duane Pozza, Esq.
Jenner & Block
1099 New York Ave., NW
Washington, D.C. 20001-4412

Re: *Disney et al. v. Hotfile et al. – Subpoena To Lemuria Communications, Inc.*

Dear Duane:

This letter commemorates our meet-and-confer discussion of May 9, 2011 regarding the response of nonparty Lemuria Communications, Inc. ("Lemuria") to the subpoena of Plaintiffs Disney et al. ("Plaintiffs" or "Disney").

Plaintiffs' Request For Production No. 1

We discussed that nonparty Lemuria will not produce any Hotfile content files. Plaintiffs may attempt to obtain those documents directly from Hotfile, a defendant. Should such content files ever be considered within Lemuria's possession, custody, or control, Lemuria would expect to rely on the Electronic Communications Privacy Act in formulating its response.

Regarding Lemuria's agreement to produce nonprivileged documents in its possession, custody, or control located after a reasonable search "relating to Lemuria's provision of hosting services to Hotfile," we discussed the fact that Lemuria provides hosting services to Hotfile. If any topic related to Lemuria is properly subject to discovery here, it is subsumed within this general description. Thus, for example, Lemuria will not withhold any copyright holders' takedown requests related to Hotfile received by Lemuria based on the notion that such requests do not strictly relate to Lemuria's provision of hosting services to Hotfile. While I could not identify on our phone call any Lemuria documents withheld on this ground,[1] please understand that Lemuria does not waive this objection.

---

[1] Without representing that such documents exist, I did note that communications between Lemuria and Hotfile regarding recommendations of janitorial services would have no possible relevance in this case.



Duane Pozza, Esq.
May 10, 2011
Page 2

Regarding Plaintiffs' demand for "[a]ll documents pertaining to any Hotfile users," Lemuria stated in its objections that it could not possibly undertake to research whether every individual in communication with Lemuria uses Hotfile. However, subject to Lemuria's objections, I made clear that Lemuria would produce documents if reasonably clear from the context that the communicant was a Hotfile user. Specifically, as set forth above, Lemuria will produce any takedown notices in its possession related to Hotfile, and will not attempt to argue that such communicants do not sufficiently identify themselves as Hotfile users.

<u>Plaintiffs' Request For Production No. 2</u>

Regarding subparts (a) and (b) (for the sake of shorthand, referred to here as "joint ownership" documents), Plaintiffs reserved the right to seek additional documents following Lemuria's production of documents as indicated in its objections.

Regarding subpart (d) (regarding contracts), Lemuria will produce all nonprivileged responsive documents relating to Lemuria's provision of hosting services to Hotfile to the extent they exist and are located after a reasonable search.

Regarding subpart (e) (regarding financial records), Lemuria will produce the documents identified in its response to Request No. 11. Otherwise, Lemuria intends to stand on its relevance objection. Any additional financial records can be sought directly from Hotfile, a defendant, as opposed to nonparty Lemuria.

Regarding subpart (f) (formation of Lemuria), you asked whether Lemuria possessed any additional documents such as communications with IncorporateNow regarding the formation of Lemuria. No further documents exist.

<u>Plaintiffs' Request For Production No. 3</u>

You asked whether Lemuria is withholding any documents here. Lemuria is not. I confirmed that, where Plaintiffs make a series of objections in their document responses and then agree to produce documents, Plaintiffs are not standing on those objections in providing their response.

<u>Plaintiffs' Request For Production No. 4</u>

This request calls for documents relating to services provided by Lemuria to non-Hotfile entities. By definition, this request seeks irrelevant information. Absent further explanation of the relevance of these documents, Lemuria will not provide documents in response to this request.

<u>Plaintiffs' Request For Production No. 5</u>



Duane Pozza, Esq.
May 10, 2011
Page 3

I asked why nonparty Lemuria should provide any documents in response to this request, which mirrors Request No. 35 to Hotfile. You agreed to table this request for now.

<u>Plaintiffs' Request For Production No. 6</u>

As discussed, Lemuria will produce its articles of incorporation and corporate bylaws in response to this request.

<u>Plaintiffs' Request For Production Nos. 7-8</u>

Regarding these requests (essentially for documents sufficient to show the owners, employees, and contractors of Lemuria), Plaintiffs will receive any existing responsive documents as part of Lemuria's production relating to all documents regarding Lemuria's provision of hosting services to Hotfile.

<u>Plaintiffs' Request For Production No. 9</u>

Plaintiffs seek all documents pertaining to meetings of Lemuria's board of directors or other governing body. Absent further explanation of the relevance of these documents, Lemuria will not provide documents in response to this request.

<u>Plaintiffs' Request For Production No. 10</u>

Plaintiffs seek "all documents pertaining to any Hotfile Litigation." To avoid the onerous task of providing a privilege log, you agreed to limit the request to nonprivileged documents. Beyond that, the parties agreed to disagree. To Lemuria, these documents remain collateral to the instant dispute, and thus irrelevant. In any event, any further documents on Hotfile's litigation can be sought directly from Hotfile itself, which is a party to this litigation. Absent further discussion, Lemuria will not provide documents in response to this request.

<u>Plaintiffs' Request For Production No. 11</u>

Plaintiffs seek "all documents pertaining to any Hotfile Litigation." To avoid the onerous task of providing a privilege log, you agreed to limit the request to nonprivileged documents. Beyond that, the parties agreed to disagree. To Lemuria, these documents remain collateral to the instant dispute, and thus irrelevant. In any event, any further documents on Hotfile's litigation can be sought directly from Hotfile itself, which is a party to this litigation. Absent further discussion, Lemuria will not provide documents in response to this request.

<u>Plaintiffs' Request For Production No. 12</u>

As discussed above, Lemuria will be producing no documents responsive to this request beyond those identified in its existing response.



Duane Pozza, Esq.
May 10, 2011
Page 4

Please feel free to call if you have any questions.

Sincerely,

Andrew Leibnitz

26501\2604820.2