# EXHIBIT "C"

## Leibnitz, Andrew (21) x4932

| | |
|---|---|
| **From:** | Pozza, Duane [DPozza@jenner.com] |
| **Sent:** | Friday, June 17, 2011 11:15 AM |
| **To:** | Leibnitz, Andrew (21) x4932 |
| **Subject:** | RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria |

Andy,

On our call Monday you indicated that additional Lemuria documents were in "processing." What is the status of those? Lemuria's production to date has consisted almost entirely of takedown notices. Our final scheduled discussion to attempt to resolve any remaining issues is Monday, so we should have additional documents before then.

To summarize our discussion on Monday, I understand that the plaintiffs and Lemuria are currently at an impasse on Request 1, subparts (a), (b), and (d), Request 2, subpart (d), and Requests 7 and 8, in regard to Lemuria's objection to producing documents other than those related to Lemuria's provision of hosting services to Hotfile. You are considering the point about the relevance to Titov's personal participation in operating Hotfile, but unless I hear otherwise Monday, my understanding is that defendants do not intend to change their position. You also have not agreed to produce any additional documents in response to Request 2, subparts (a) and (b), and have indicated that we are at an impasse on producing any documents in response to Request 4. As for Request 2, subpart (e) and Request 11, we appear to be an at impasse but will discuss this further next Monday. We were unable to discuss the remaining requests on our call this week, but will discuss them next Monday in an effort to resolve our issues prior to the plaintiffs needing to bring a motion to compel. Let me know if I've misunderstood Lemuria's position on any of the above.

Thanks,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Monday, June 13, 2011 11:19 AM
**To:** Pozza, Duane
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Duane:

Yes, there will be more Lemuria documents. I'm working on them.

It was a struggle to get time at 2pm on Wednesday, Duane. In case this helps, I have a hard stop at 3pm that day too, so we will both be motivated to move quickly. But I understand that 2pm is not most convenient for you, so let me know if you'd prefer to try to schedule for some other time. For example, next Monday is still open for me.

I'll be offline now for some time. Mind sending me your direct phone number?

Regards,
ANDY

    -----Original Message-----
    **From:** Pozza, Duane [mailto:DPozza@jenner.com]
    **Sent:** Monday, June 13, 2011 8:09 AM
    **To:** Leibnitz, Andrew (21) x4932

6/20/2011

**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Andy, feel free to just call me directly at 2 Pacific, if that works for you. We received a production today from Lemuria, bates labeled LEMURIA 00000001-00006542. Is that the extent of Lemuria's production, or do you expect that more is coming?

Can we start at 1 Pacific on Wednesday (or earlier)? I have an engagement beginning at 5 Eastern – I can still meet during that time but would prefer an earlier start if possible.

Thanks,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Monday, June 13, 2011 10:31 AM
**To:** Pozza, Duane
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Let's try for 2pm PST Wednesday.

Do you have a dial-in for today at 2pm PST, or shall I just call you directly?

> -----Original Message-----
> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Monday, June 13, 2011 5:45 AM
> **To:** Leibnitz, Andrew (21) x4932
> **Subject:** Re: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria
>
> Andy, I can start at 2 Pacific. I could also start 15 minutes or half an hour before that, to make sure we have time to fully discuss all of it.
>
> I am free Wednesday afternoon, and will check on what times work best. Do you have a time in mind?
>
> Thanks,
> Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Monday, June 13, 2011 12:35 AM
**To:** Pozza, Duane
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Duane:

How much time do you think we need for Lemuria on Monday? I have a hard stop at 3:00p PST. Shall we move our start time up to 2:00p?

Shall we try to set a time to discuss Hotfile's discovery responses on Wednesday afternoon?

Regards,
ANDY

> -----Original Message-----
> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Thursday, June 09, 2011 7:51 AM
> **To:** Leibnitz, Andrew (21) x4932

**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Yes, though it is a summary of our current state of our disagreements as I understand them, not a complete recapitulation.

-Duane

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Thursday, June 09, 2011 10:35 AM
**To:** Pozza, Duane
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Duane:

I guess what I'm asking is, does your e-mail below reflect the complete current state of our disagreements from your perspective?

Regards,
ANDY

> -----Original Message-----
> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Thursday, June 09, 2011 7:27 AM
> **To:** Leibnitz, Andrew (21) x4932
> **Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria
>
> Great, thanks, Andy.  Also, just to be clear, the plaintiffs' positions as a described in my email below reflect our current positions after a month of emails on this – the email is not meant as a complete recapitulation.  I look forward to seeing the documents and discussing this on Monday at 2:15 Pacific.  Thanks,
>
> Duane
>
> **From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
> **Sent:** Wednesday, June 08, 2011 9:26 PM
> **To:** Pozza, Duane
> **Subject:** Re: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria
>
> Duane:
> In answer to your question below, I expect to have documents in your hands before our next call.
> Regards
> Andy
>
> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Wednesday, June 08, 2011 06:13 PM
> **To:** Leibnitz, Andrew (21) x4932
> **Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria
>
> Andy, I can meet and confer on Tuesday beginning at 12:30 Pacific / 3:30 Eastern.
>
> If you think there are any inaccuracies in my email below, we should certainly discuss them.  One reason I have been pushing for a call is to talk about these issues and be

6/20/2011

clear on Lemuria's position. On the board meeting records, for example, your May 27 email says that Lemuria's production on this will be "subject to the contours set forth in its responses and objections," and Lemuria's response to the request for board records (Request No. 9) is just a blanket objection. Your May 10 letter also states that Lemuria will not produce documents in response to Request No. 9. You may have previously meant to convey the position stated in your email yesterday (as you originally did on our call), but my email is hardly inaccurate given these more recent statements of Lemuria's position.

I'll also ask again – when will Lemuria begin production of responsive documents?

I do look forward to trying to resolve this cooperatively. Thanks,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Tuesday, June 07, 2011 10:37 AM
**To:** Pozza, Duane
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Duane:

I am unavailable this week to further confer regarding Lemuria. However, I can meet next Tuesday, June 14, 2011, starting at 12:30p.

Does your email below represent Plaintiffs' complete attempt to commemorate our disagreements? It is inaccurate, as even a review of my prior e-mail (attached to yours) would help serve to reveal. For example, my e-mail specifically addressed Plaintiffs' demand for "board meeting minutes" related to provision of hosting services. How can you contend that Lemuria has refused to produce any existing and responsive documents? On April 18, 2011, Lemuria has agreed to produce all existing nonprivileged documents in its possession, custody, or control located after a reasonable search related to Lemuria's provision of hosting services to Hotfile. To the extent board meeting minutes fall within that category and exist, they will be produced. While I remain unclear on what Plaintiffs mean by their demand for "Lemuria's corporate documents," Plaintiffs can rest assured that they will be produced to the extent they discuss Lemuria's provision of hosting services to Hotfile.

I am not going to respond further here to the inaccuracies in your e-mail, such as your statement that I have acted "without any cooperative effort," which you know to be untrue. I respectfully submit that such statements, as well as name-calling ("it is clear that Lemuria is stonewalling"), serve no purpose.

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

Message

T 415.954.4400
D 415.954.4932
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Monday, June 06, 2011 8:59 PM
**To:** Leibnitz, Andrew (21) x4932
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Andy, you've continued to ignore my repeated requests for a final meet and confer on Lemuria's subpoena and my request for a production date. I requested a further conference and a production timeline on May 23, May 25, and June 1. At this point, it is clear that Lemuria is stonewalling, even on producing documents that you continue to claim will address our concerns with some of the objections. We requested, and you agreed to, a 30-day extension to bring a motion to compel so that we could try to deal with some of these issues. But we are nearing the deadline for a motion again without any cooperative effort on your part. Given this stonewalling, we cannot agree to postpone moving on any of our requests to Lemuria. I have outlined plaintiffs' current positions below. I'm available on <u>Wednesday afternoon at 3:30 pm</u> and later that afternoon for a meet and confer. Please let me know your availability.

For those document requests that Lemuria has sought to narrow to limit to documents related to the provision of hosting services to Hotfile, including Request 1(a), (b), and (d), 2(d), 7, and 8: As documented in my numerous emails, our understanding was that you would confirm whether Lemuria provides any services other than hosting services to Hotfile, and thus whether you were withholding documents on that ground. But in any event, it is clear from your subsequent responses that you will not do so. We have explained in our complaint and on our previous call that Lemuria's relationship with Hotfile is relevant because, among other reasons, we have alleged that Lemuria is being used to facilitate Hotfile's infringing activities. Given the close connection between Lemuria and Hotfile, any services that Lemuria provided to Hotfile would be relevant. This objection cannot be narrowed if you are unwilling to identify whether there are even other services that Lemuria provides.

For Request 2(a) and 2(b), merely saying that documents will answer our questions and that the debate is "theoretical" does not explain why you believe there is no issue. To be clear, given the delay in producing documents, we cannot wait for a production to determine whether we are somehow satisfied with the limited set of documents sufficient to show ownership and management of Lemuria. Again, we have explained the relevance of the relationship between Hotfile and Lemuria (which does not depend on Lemuria being an alter ego for Hotfile), and we are entitled to all responsive documents

here.  If you would like to exclude counsel from the definition of an "agent" for purposes of this response, that's fine.

For Request 2(e) and 11, we are at an impasse on obtaining all documents on financial arrangements, revenue sharing, and accountings between Lemuria and any Hotfile Entity, the relevance of which we have discussed.  As I stated, I do not believe your response to 2(e) is clear on what you are producing, though your May 10 letter states you are only producing documents specified in response to Request No. 11.  Let me know if I have misunderstood.

For Request No. 4, we have explained its relevance and the parties are at an impasse.

Regarding Request No. 5, our understanding from the meet and confers with defendants is that defendants are not producing these documents as they relate to Lemuria.  Therefore we cannot "table" this request and, as I have noted, we are entitled to obtain these documents from Lemuria.

On Requests No. 6 and 9, as I noted, our understanding was that Lemuria would produce corporate documents and board meeting records if related to hosting services provided to Hotfile.  You have now indicated that Lemuria is standing on its original objections and refusing the produce the requested documents.  Again, these documents are probative of whether Lemuria is being operated in order to facilitate Hotfile's infringement, and should be produced.

On Request No. 10, the parties are at an impasse.

I recognize that for many of these requests, the parties are already at an impasse, and I do not mean to re-hash discussions we have already had.  But for some of these, Lemuria's position or other circumstances have shifted in the period since our call on the subpoena.  I continue to think that discussing these requests would be productive before plaintiffs need to bring a motion to compel.  If you disagree, let me know; otherwise please confirm when you are available.  And please let me know the production date – which should be soon, in light of defendants' request for an early summary judgment motion – so that we can avoid having to move to compel on that issue as well.

Thanks,
Duane

---

**From:** Pozza, Duane
**Sent:** Wednesday, June 01, 2011 6:54 PM
**To:** ALeibnitz@fbm.com
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Andy, you are continuing to fail to respond to my questions about what documents are being withheld.  In two places in my email below, I've asked whether you are following up on certain points to determine whether

documents are being withheld and there is an actual dispute – whether Lemuria provides services other than hosting services and whether there are overlapping employees. I take it from your response that you are no longer planning to follow up on these points.

On both Monday and Wednesday of last week, I suggested that we set up a call to discuss the remaining objections and requested a document production date. You have not responded to either. Therefore, to be clear, I am requesting one more meet-and-confer to attempt to resolve or narrow the remaining issues raised by the subpoena, before we need to move to compel. And, in any event, Lemuria needs to provide an anticipated production date for this process to move forward, in advance of our meet-and-confer. Please let me know on both counts.

-Duane

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Friday, May 27, 2011 7:46 PM
**To:** Pozza, Duane
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al. -- subpoena to Lemuria

Duane:

I write to respond to your bullet points below.

First, you request confirmation that Lemuria is not withholding documents based on the statement that it will provide documents "relating to . . . provision of hosting services to Hotfile." I do not understand how any provision of services *other* than hosting services could possibly be relevant. Is Hotfile's internet file hosting not the subject matter of this lawsuit?

Second, you request documents regarding overlapping officers, directors, employees, or agents of Hotfile and Lemuria. Lemuria has offered to produce documents sufficient to show its ownership and management. I'm unclear on why Plaintiffs require more. As we discussed a few hours ago in the context of Hotfile, Plaintiffs have studiously avoided any allegation of "alter ego" or "veil piercing" as between Hotfile and any other entity. (If you can identify any allegations in the Complaint in which Plaintiffs allege veil piercing, please let me know.) Accordingly, I don't see the relevance of this line of inquiry. Moreover, I should also note that *I* might be considered an "agent" of Lemuria, insofar as I act for Lemuria in this litigation. Please understand that Lemuria is not going to produce or log documents evidencing my legal work for Lemuria in response to Requests 2(a) or (b). In any event, I believe Lumeria's document production and ongoing discovery will answer your questions, making this debate theoretical at best.

In response to your third bullet point, I believe Lemuria's articulation of the documents it will produce in response to Plaintiffs' demands is clear. I don't suspect that we need to rehash our repeated discussions of financial documents or the impropriety of extensive discovery from nonparties.

Your fourth bullet point relates to Demand No. 5. In our meet-and-confer discussion, you stated that you were tabling this request. Subsequently, you have conferred with Hotfile about its document responses and its position as to Hotfile Corp. versus Hotfile Ltd. Lemuria's position on this request has not

changed.

Regarding your fifth bullet point, I will confer with my client as to whether any Board minutes specifically discuss provision of hosting services to Hotfile. I do not recall offering to produce "other corporate documents" -- I'm not particularly sure what that means, or what else you have in mind other than Board minutes -- "related to Lemuria's hosting services." Such a formulation could arguably cover most or indeed all of Lemuria's documents. Lemuria's agreement to produce remained subject to the contours set forth in its responses and objections.

Sixth, Lemuria has not agreed to produce documents other than those set forth in its responses and objections. I'm not even sure what more you seek that is not being provided.

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4932
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Tuesday, May 17, 2011 10:52 AM
**To:** Leibnitz, Andrew (21) x4932; Thompson, Rod (27) x4445
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al.

Andy, this follows up on your letter regarding the response to Lemuria's subpoena. Rod, I am copying you here as I know Andy is not in the office (but appears to be on email), and I am requesting a response today on the issues below, including extension of the 30-day period that applies to discovery motions.

As noted below and in our correspondence, there are various disputes that have arisen out of the meet and confer between plaintiffs and Lemuria. That conference was itself delayed by your schedule: we requested a meet and confer on April 21, provided an outline of issues on April 26, followed up on April 28, May 3, and May 5, but were unable to set a meet and confer with your schedule until May 9, well over two weeks after our first

request. But, given that Lemuria's objections were served on April 18, and we have not heard from you on the stipulation to extend the 30-day period for bringing discovery motions, we need to be clear on whether Lemuria will take the position that the 30-day period applies and runs from April 18. Accordingly, please advise as soon as possible today whether (1) the stipulation on extending the 30-day period is acceptable and can be entered, and (2) if not, whether your contention is that the 30-day period runs from April 18 or from the time Lemuria was able to meet and confer. If we cannot reach agreement on that, we will need to bring a motion to compel on the outstanding issues shortly.

The points below respond to open issues raised by Andy's letter, and I have not re-hashed points we have already documented:

- On the issue of Lemuria's objection, in response to certain requests, to producing documents limited to those "relating to Lemuria's provision of hosting services to Hotfile," we need to be clear on whether you Lemuria is in fact withholding documents based on this objection. We strongly disagree with any such objection, as it seems designed to permit withholding of documents based on some unduly narrow understanding of what is related to a hosting service (including other services that Lemuria has provided). However, after discussing this objection, our understanding was and remains that you would alert us to any documents actually being withheld on this basis. In your letter you state that you could not identify any Lemuria documents withheld on that ground "on our phone call" and you provide a hypothetical example of a document that you would not consider relevant. But I assume you have been able to follow up with Lemuria in the week since the call, and can clarify whether, in fact, Lemuria provides any service to Hotfile other than what is considers to be "hosting" and whether it is withholding any responsive documents (including communications with Hotfile) on the basis that they do not relate to the hosting service. We do not have an interest in bringing a hypothetical dispute to the court – if documents are not actually being withheld – but Lemuria is going to be evasive about withholding documents we will have no choice.

- Regarding Request No. 2(a) and (b), as I noted in my email, my understanding you were checking to see if there were documents related to overlapping officers, directors, employees, or agents, so we could determine whether documents are being withheld. Please confirm.

- Regarding Request No. 2(e), Lemuria's limitation on its response is not stated in its objections. Lemuria's response to 2(e) is covered by the general response in No. 2 that Lemuria will produce documents related to Lemuria's provision of hosting services. There is no limitation in your objections that the production will be limited to those documents produced in response to Request No. 11. Are you amending your response? As for the substance of your objection, as you are aware, defendants are objecting to producing similar responsive documents in response to Request No. 32. The information is relevant to the allegations in the complaint regarding the relationship between Hotfile and Lemuria (as we have discussed) and we are certainly entitled to seek it from Lemuria.

- Regarding Request No. 5, as I noted, we need to confer with defendants to confirm that the requested documents from Lemuria are being produced by defendants, given its objections to the definition of "Hotfile Entity." Given that you represent the defendants as well, please confirm that the information will be produced. Otherwise, we are entitled to seek to obtain these documents from Lemuria.

- Regarding Requests Nos. 6 and 9, as I noted in my email, our understanding of your position on the call was that Lemuria would at least produce Board minutes and other corporate documents if related to Lemuria's hosting services. This is not documented in your letter, however, so please clarify whether Lemuria's response has changed.

- Regarding Request No. 11 (erroneously labeled 12 in your letter), we believe we are entitled to a full response, as we have stated.

Finally, when can we expect a production, now that we have a stipulated protective order under which the parties are producing documents? There is no reason why the same agreement to proceed to produce documents under the protective order should not apply equally to third party represented by the parties' counsel.

Thanks,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Monday, May 16, 2011 5:10 PM

**To:** Pozza, Duane
**Cc:** Yeh, Jennifer V.
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al.

Duane:

Please see the attached correspondence regarding Plaintiffs'
subpoena to Lemuria.

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4932
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Thursday, May 12, 2011 3:11 PM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Yeh, Jennifer V.
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et
al.

Andy, I'm following up on our May 9 meet and confer
regarding the Lemuria subpoena.  Below is a summary of
our understanding of Lemuria's positions and the actions
you are taking to follow up with Lemuria, in anticipation of
the actual document production.  Please let me know if
we're not clear on any of the following points.

As a general matter, you have confirmed that, to the
extent that Lemuria has responded that it will produce
non-privileged documents relating to the provision of
hosting services to Defendants (see, e.g., Response to
Requests No. 1, 2, and 11), it is your understanding that
Lemuria *only* provides hosting services to Hotfile.  In other
words, Lemuria is not attempting to exclude from
production any category of documents relating to other
services provided by Lemuria to Hotfile, and to the extent
that Lemuria does provide non-hosting services to Hotfile,

Lemuria will either produce such documents or alert Plaintiffs to the fact of any withholding of such documents. Please let us know Lemuria is in fact withholding documents on this basis.

**Request for Production No. 1**:
- With regard to 1(e), Lemuria has responded that it will only produce those documents relating to self-identified Hotfile users. During the meet and confer, you have clarified that your definition is not so limited, and that Lemuria will produce any documents from users where the communication can be determined to be related to Hotfile.
- You clarified that, at this time, there is no current dispute regarding the Electronic Communications Privacy Act, 18 U.S.C. Section 2510 *et seq.* or the Stored Communications Act, 18 U.S.C. section 2701 *et seq.*, and Lemuria does not anticipate withholding any documents on these bases.

**Request for Production No. 2**:
- With respect to 2(a) and (b), you stated that it is your understanding that Anton Titov is the sole owner and operator of Lemuria, and you are confirming whether he is the only employee. Lemuria has stated that it will produce documents sufficient to show the ownership and identity of the management of Lemuria. You are inquiring further into whether there are overlapping officers, directors, employees or agents between Lemuria and any Hotfile entity. We continue to believe that all responsive documents should be produced here, but please clarify if any documents are being withheld on the question of overlapping officers, directors, employees, or agents.
- You clarified that you are producing documents in response to 2(d) and 2(e).
- With respect to 2(f), in addition to the production of Lemuria's articles of incorporation and bylaws, you are inquiring into whether there are any communications pertaining to Lemuria's formation and will inform Plaintiffs of whether such documents exist.

**Request for Production No. 3**:
- You have represented that Lemuria is not withholding any non-privileged documents responsive to Request No. 3, including based on any objections that would narrow your

interpretation of this request.

**Request for Production No. 4**:
- We have explained the relevance of this request, but Lemuria has indicated to date that it will not produce responsive documents.

**Request for Production No. 5**:
- Lemuria contends that, with respect to 5(a)-(f), any such documents responsive to these requests will be produced by the Defendants in response to Plaintiffs' First Set of Requests for the Production of Documents No. 35. However, I would note that Defendants appear to have narrowed their response to this request with respect to the definition of "Hotfile Entity." Thus, we may need to confer with Lemuria on this issue further, after further conference with Defendants.

**Request for Production Nos. 6 and 9**:
- Lemuria has declined to categorically produce corporate documents, other than the bylaws and articles of incorporation, in response to these requests. Nevertheless, to the extent that any of these corporate documents are responsive to Plaintiffs' requests for documents pertaining to Lemuria's provision of services to the Defendants, Lemuria intends to produce such documents. For example, Lemuria intends to produce Lemuria's corporate meeting minutes if such minutes relate to the services provided by Lemuria to the Defendants. We do not believe this is a sufficient response, but can revisit this issue after seeing Lemuria's production.

**Request for Production Nos. 7 and 8**:
- Although you believe that Titov is the sole owner and operator of Lemuria, and are checking on whether he is the only employee, you have agreed to inquire further into whether Lemuria has any other employees or agents. Based on that inquiry, we can determine if any documents are being withheld. You have agreed to produce Lemuria's contract with Titov, to the extent such contract exists.

**Request for Production No. 10**:
- Lemuria has so far refused to produce documents in response to this request. I clarified on the call that we are not seeking material protected by

privilege or work product.

**Request for Production No. 11**:

- Lemuria has indicated that it will produce documents sufficient to show payments from any Hotfile entity to Lemuria. Plaintiffs are entitled to a complete response, however. We are also waiting for clarification (as noted above) as to whether Lemuria provides any services other than hosting services to any Hotfile entity.

While we did not discuss this, I also note that Lemuria has a general objection as to the definition of "Hotfile Entity." However, you have not specifically indicated that you are withholding documents based on this objection. Based on our discussion, my understanding is that Lemuria is only withholding certain documents where specifically noted, and thus is not withholding documents based on this objection, but let me know if this is mistaken.

Regards,
Duane

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Friday, May 06, 2011 4:12 PM
**To:** Pozza, Duane
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al.

Sounds good. Talk with you then.

ANDY

-----Original Message-----
**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Thursday, May 05, 2011 11:15 AM
**To:** Leibnitz, Andrew (21) x4932
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al.

And in the interest of nailing this down, I'll propose 1 Eastern. Let me know if that doesn't work. Thanks.

-Duane

**From:** Pozza, Duane
**Sent:** Thursday, May 05, 2011 2:10 PM
**To:** ALeibnitz@fbm.com
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al.

I am available at any time on Monday – preferably early afternoon Eastern.

-Duane

**From:** ALeibnitz@fbm.com
[mailto:ALeibnitz@fbm.com]
**Sent:** Thursday, May 05, 2011 1:41 PM
**To:** Pozza, Duane
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al.

Duane:

Thanks for your message.  I regret to say that I no longer have this afternoon available to talk about Lemuria's subpoena response -- I have a short-turnaround Court filing deadline of tomorrow.  May we please talk on Monday?  I can make myself available anytime.  I will be away from my e-mail for all or most of today, so apologies in advance if I do not respond immediately.

Regards,
ANDY

-----Original Message-----
**From:** Pozza, Duane
[mailto:DPozza@jenner.com]
**Sent:** Thursday, May 05, 2011 9:48 AM
**To:** Leibnitz, Andrew (21) x4932
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al.

Andy, can we speak at 1 Pacific today?

**From:** ALeibnitz@fbm.com
[mailto:ALeibnitz@fbm.com]
**Sent:** Tuesday, May 03, 2011 5:10 PM
**To:** Pozza, Duane
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al.

Duane:

Are you free Thursday afternoon to discuss the Lemuria subpoena?

Regards,
ANDY

**N. Andrew Leibnitz**
**Attorney at Law**

**Farella Braun + Martel LLP**

RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

<div style="border-top: 1px solid black"></div>

T 415.954.4400
D 415.954.4932
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Pozza, Duane
[mailto:DPozza@jenner.com]
**Sent:** Tuesday, May 03, 2011 12:03
PM
**To:** Leibnitz, Andrew (21) x4932
**Subject:** RE: Disney Enterprises et al.
v. Hotfile Corp. et al.

Andy, we should set a time soon to
discuss the Lemuria objections, per my
emails below.  Can you let me know
when you are available?  Thanks.

-Duane

**From:** Pozza, Duane
**Sent:** Thursday, April 28, 2011 5:54
PM
**To:** ALeibnitz@fbm.com
**Subject:** RE: Disney Enterprises et al.
v. Hotfile Corp. et al.

Andy, I understand that you're
traveling for tomorrow's conference,
but can set a time to discuss these
objections when you return early next
week?  Thanks.

-Duane

**From:** Pozza, Duane
**Sent:** Tuesday, April 26, 2011 9:03 PM
**To:** ALeibnitz@fbm.com
**Cc:** Platzer, Luke C; Lundy, Rochelle P.
**Subject:** Re: Disney Enterprises et al.
v. Hotfile Corp. et al.

Andy, I've outlined below the points
on which we request that plaintiffs

and Lemuria meet and confer. The following is not meant to be a comprehensive statement of the parties' position, as we should discuss these points in more detail on the call. Let me know when you can be available for a call.

First, regarding Requests 4, 5(a)-(f), 9, and 10, you have provided objections, stated that Lemuria will not produce documents and invited a meet-and-confer. We disagree with Lemuria's objections and agree we should meet and confer to discuss the bases for those and see if we can reach an agreement on producing responsive documents.

Second, for a number of other requests, you have indicated that the document production will be limited on the basis of certain objections, which we should discuss.

- On Request 1, we should discuss any information that you intend to withhold under the ECPA and SCA, and the bases for doing so, as it is not clear from the objections. Further, as to (a), (b), and (d), you have indicated that Lemuria will produce documents related solely to Lemuria's provision of hosting services, but that limitation is unreasonably narrow, as other services that Lemuria provides to Hotfile would plainly be relevant, and we should discuss any objections on which you are relying to support your position. We also object to your unduly narrow limitation on (e) that you will produce documents that relate only to self-identified Hotfile users, as Lemuria should produce, at a

minimum, documents related to users that Lemuria would have reason to know are Hotfile users.

- On Request 2, it appears that you are standing on objections to (d) and (e), and we should discuss the bases of any such objection to producing clearly responsive documents here. We should also discuss the basis of your limitation to producing responsive documents in response to (a) and (b) regarding joint officers and directors and joint ownership, and your limitation in response to 2(f) and Request 6 to producing responsive production to articles of incorporation and bylaws. These are unduly narrow and unreasonable given relevance of these requests to allegations concerning Hotfile and Lemuria in the complaint. And finally, we should be clear as to whether and on what grounds you intend to withhold any responsive documents here under the ECPA and SCA.

- On Request 3, you have indicated that no responsive documents exist, but we should be clear on whether you are limiting your search on the basis of any objections.

- On Requests 7 and 8, you have objected and stated that you will produce only a limited set of documents in response, even those these requests merely seek documents sufficient to show certain facts. Again, we disagree with

this narrow limitation given the relevance of the request and we should discuss Lemuria's objections.

- On Request 11, you have objected and, similar to your response to Request 1, limited the response to documents related to Lemuria's provision of hosting services to Hotfile. We believe that is unduly narrow, as discussed above, and we should discuss your objections.

-Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Thursday, April 21, 2011 9:09 PM
**To:** Platzer, Luke C
**Cc:** Pozza, Duane; Lundy, Rochelle P.
**Subject:** Re: Disney Enterprises et al. v. Hotfile Corp. et al.

Luke:
Thanks for your message. Before scheduling a call, would you please identify your clients' concerns so that I may best prepare? I would like any discussion to be as productive as possible.
Regards,
Andy

---

**From:** Platzer, Luke C [mailto:LPlatzer@jenner.com]
**Sent:** Thursday, April 21, 2011 05:48 PM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Pozza, Duane <DPozza@jenner.com>; Lundy, Rochelle P. <RLundy@jenner.com>
**Subject:** RE: Disney Enterprises et al. v. Hotfile Corp. et al.

Andy –

We would like to meet and confer

regarding your objections to the
Lemuria subpoena.  Can we perhaps
schedule a call on Monday?

Thanks,
Luke


**From:** ALeibnitz@fbm.com
[mailto:ALeibnitz@fbm.com]
**Sent:** Monday, April 18, 2011 8:29 PM
**To:** Platzer, Luke C; Pozza, Duane;
Fabrizio, Steven B
**Cc:** jmunn@rascoklock.com
**Subject:** RE: Disney Enterprises et al.
v. Hotfile Corp. et al.

Counsel:

Attached please find the response of
Lemuria Communications Inc. to
Plaintiffs' subpoena.

Regards,
ANDY


**N. Andrew Leibnitz**
Attorney at Law


**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104


T 415.954.4400
D 415.954.4932
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Platzer, Luke C
[mailto:LPlatzer@jenner.com]
**Sent:** Monday, April 04, 2011
3:06 PM
**To:** Thompson, Rod (27) x4445;
Leibnitz, Andrew (21) x4932;
Schoenberg, Tony (28) x4963;
Gupta, Deepak (22) x4419;
Thamkul, Janel (28) x4467;
Janet Munn
**Cc:** Fabrizio, Steven B; Pozza,
Duane
**Subject:** Disney Enterprises et

al. v. Hotfile Corp. et al.

Counsel:

Please see the attached Rule 45 subpoena directed at Lemuria Communications, Inc., for which you have agreed to accept service per Mr. Thompson's email of 4:55pm EDT today.

Also, as it has come to our attention that PayPal, Inc. prefers to receive service in Irvine, CA rather than at its headquarters in San Jose, CA, please also see a revised subpoena to be served on PayPal.

Regards,
Luke

**Luke C. Platzer**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6094
Fax (202) 661-4813
LPlatzer@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.