# EXHIBIT "D"

**Leibnitz, Andrew (21) x4932**

| | |
|---|---|
| From: | Pozza, Duane [DPozza@jenner.com] |
| Sent: | Friday, July 29, 2011 10:27 AM |
| To: | Leibnitz, Andrew (21) x4932 |
| Cc: | Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; jmunn@rascoklock.com |
| Subject: | RE: Disney v. Hotfile -- subpoena to Lemuria |

Andy,
We've never received a further response from you on Lemuria's offer regarding Requests 2(e) and 11. I assume from your silence that you will not make any additional representations or provide any additional information regarding your offer to produce only a limited set of documents. Correct me if I've misunderstood. Otherwise, we do not have agreement on Requests 2(e) and 11.

As for redactions, for the sake of convenience I will send a separate email addressing those in the context of motions against both defendants and Lemuria.

Again: what is the ETA for producing the rest of Lemuria's documents? They are long overdue and apparently were being "processed" weeks ago.

Thanks,
Duane

---

**From:** Pozza, Duane
**Sent:** Thursday, July 21, 2011 1:04 PM
**To:** ALeibnitz@fbm.com
**Cc:** RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; jmunn@rascoklock.com
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Andy,
On Request 2(e) and 11, the offer is still under advisement. I'm simply trying to figure what exactly is the concern with either making the representation below, or telling me what you're excluding. If Mr. Titov's uncle was an officer or employee of Hotfile and contributed money to Lemuria, then yes, I do think that fact would be relevant to the complaint allegations that Lemuria is being used by Mr. Titov to facilitate Hotfile's infringement.

As for my second point, I mis-typed. I think we can agree that none of Lemuria's confidential information is disclosed by us making that argument. To be clear, in our motion we intend to state that Lemuria has been paid millions of dollars; that the amounts it has been paid per month exceed the amounts are many multiples in excess of what it would be expected to be paid by Hotfile merely for providing hosting services; and that it is making substantial transfers of money out of its accounts. If you continue to have any confidentiality concerns with those statements, let me know.

As for the two PayPal documents, it is true that the "PayPal Incoming" document has now been filed under seal. We continue to disagree with your refusal to permit disclosure of specific dollar amounts. For purpose of this motion, I expect that we'll redact the specific amounts from the documents as you requested in your July 12 email and note our objections to doing so; I will forward those revised redactions if you'd like.

Finally, what is the ETA for producing Lemuria's documents? I believe that weeks ago you told me they were being "processed."

Thanks,
Duane

1

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Thursday, July 21, 2011 1:59 AM
**To:** Pozza, Duane
**Cc:** RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; jmunn@rascoklock.com; ALeibnitz@fbm.com
**Subject:** Re: Disney v. Hotfile -- subpoena to Lemuria

Duane:
With respect, I fail to see the point of your email. Is this your way of communicating that we have no agreement as to Requests 2(e) and 11 to Lemuria? Feel free to state so directly. (Incidentally, if Anton Titov's uncle contributed funds to Lemuria to provide start-up cash or a bridge loan, what possible difference could that make to Plaintiffs' case?) Additionally, what is your point in your paragraph about confidentiality, and how did Hotfile (as opposed to Lemuria) enter the discussion?
Regards,
Andy

---

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Wednesday, July 20, 2011 10:08 PM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; jmunn@rascoklock.com <jmunn@rascoklock.com>
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Andy, on Requests 2(e) and 11: I've not lost track of the original requests. The definition of "Hotfile Entity" is broader than those three entities you list. Among other things, it includes "principals, executives, officers, directors, employees, agents, representatives, or shareholders" of those entities. You are narrowly limiting your response by providing information only as to those three companies, assuming you cannot confirm (as I've asked) that no other entities are sending payments to Lemuria related to Hotfile. Also, Request 11 seeks documents sufficient to show income received by Lemuria in connection with the Hotfile Website – it is not limited to those three entities.

As for your question about relevance, that has no bearing on whether or not certain information is confidential. But to spell it out even more clearly: Lemuria is being paid amounts per month many multiples in excess of what it would be expected to be paid by Hotfile merely for providing hosting services. You may disagree with that. I trust, however, that we can agree that none of Hotfile's confidential information is disclosed by us making that argument.

Regards,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Thursday, July 14, 2011 6:26 PM
**To:** Pozza, Duane
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; jmunn@rascoklock.com
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Duane:

Stating that your argument is "not speculative" does not make it so. What I requested was some factual basis -- indeed any factual basis -- for asserting that the dollar amounts in Lemuria's cashflow evidences provision of other unnamed services that are somehow discoverable here. Despite multiple requests, I have obtained no response other than your apparent belief that it must be so.

2

In any event, it appears that the Court rendered this discussion moot by sealing the PayPal documents this morning. In its motion against Lemuria, Plaintiffs now may simply refer to the prior sealed exhibits, and need not (and indeed should not) attempt to seal the same documents again.

Regarding Plaintiffs' Requests Nos. 2(e) and 11, I believe you have lost track of the original requests. Both requests are limited to monies exchanged with Defendants or Hotfile entities (as we've discussed, Hotfile Corp., Hotfile Ltd., and Hotfile S.A.) in connection with the Hotfile website. For obvious reasons, neither request calls for disclosure of all monies received by Lemuria from anyone. Lemuria remains willing to produce documents sufficient to show payments between it and Hotfile Corp., Hotfile Ltd., and Hotfile S.A. as set forth in my e-mail below. Let us know if that works to resolve this issue.

Regards,
ANDY

-----Original Message-----
**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Thursday, July 14, 2011 8:19 AM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Fabrizio, Steven B; Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; jmunn@rascoklock.com
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Andy,
You may disagree with our arguments but they are not speculative. In addition to my explanations below, I note that Lemuria is the party raising this issue by purporting to limit its response to certain services and then refusing to disclose what those other services are. We are entitled to make our arguments in our motion, so what is your proposal for resolving the confidentiality designation? The Court has required us to meet and confer about the confidentiality issues.

Also, what is the answer to the question below regarding 2(e) and 11: can you can represent that there are no persons or entities other than Hotfile Corp., Hotfile, Ltd. or Hotfile S.A. sending payments to Lemuria that are in any way related to the Hotfile Website?

-Duane

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Wednesday, July 13, 2011 9:32 PM
**To:** Pozza, Duane
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; jmunn@rascoklock.com; ALeibnitz@fbm.com
**Subject:** Re: Disney v. Hotfile -- subpoena to Lemuria

Duane:
Nothing you have articulated suggests any tie between a non-party Lemuria's specific dollar receipts and the points that Plaintiffs seek to make. This has nothing to do with the fact that we disagree about the substance of proposed motion. The point is that numerical dollar figures do nothing to advance your arguments, and you make no argument to the contrary below. The idea that the absolute value of Lemuria's receipts "must" indicate provision of other services -- and that those services should be discoverable in this case -- is speculation untethered to any facts whatsoever. Please let me know if you have factual support to the contrary. Accordingly, at this time, I'm unclear on what more we have to discuss on this issue. If my consultation with Hotfile's local counsel suggests otherwise, I will be in touch.
Regards,
ANDY

3

**From**: Pozza, Duane [mailto:DPozza@jenner.com]
**Sent**: Wednesday, July 13, 2011 05:33 PM
**To**: Leibnitz, Andrew (21) x4932
**Cc**: Fabrizio, Steven B <SFabrizio@jenner.com>; Platzer, Luke C <LPlatzer@jenner.com>; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; jmunn@rascoklock.com <jmunn@rascoklock.com>
**Subject**: RE: Disney v. Hotfile -- subpoena to Lemuria

Andy, on your offer on Requests 2(e) and 11 let me narrow the question to be more clear: can you can represent that there are no persons or entities other than Hotfile Corp., Hotfile, Ltd. or Hotfile S.A. sending payments to Lemuria that are in any way related to the Hotfile Website?

As for the confidentiality designation, we have stated our view that the amounts themselves suggest that Lemuria is providing other services to or is more closely involved with Hotfile. I understand your argument that documents outside the ambit of hosting services would not be relevant, but that is the substantive point in dispute – if we could agree on that, there would be no need for the motion. And I am not making any categorical statements about all financial information not being confidential. In any event, I do think it will be more productive to talk tomorrow than continue emailing about this. (I am cognizant of the discussions about postponing the motion but we need to resolve the confidentiality issue as to PayPal documents regardless, as we have already filed them under seal once.) I'm also attaching our intended redactions, per your request.

Thanks,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Wednesday, July 13, 2011 1:29 PM
**To:** Pozza, Duane
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; jmunn@rascoklock.com
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Duane:

I do not understand how the specific dollar amounts of Lemuria's finances relates in any way to your argument that Lemuria is somehow failing to produce relevant documents despite its agreement produce its documents relating to provision of hosting services to Hotfile. On what basis can Plaintiffs speculate that Lemuria's finances demonstrate that other relevant documents must exist? What are those documents you believe are being withheld? Wouldn't Plaintiffs contend that their non-public finances (such as amounts spent combatting piracy) are worthy of sealing?

Your e-mail below does not address Requests 2(e) and 11. Where do we stand, in Plaintiffs' view?

Regards,
ANDY

> -----Original Message-----
> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Tuesday, July 12, 2011 7:44 PM
> **To:** Leibnitz, Andrew (21) x4932
> **Cc:** Fabrizio, Steven B; Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; jmunn@rascoklock.com
> **Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria
>
> Andy,
> The specific dollar amounts should not be an issue in this context. The documents show money passing through Lemuria's account; they are not financial statements. The documents are certainly not

4

"Individual financial information" under Section 6B of the ECF Procedures (which refers to "personal information"). We've discussed Lemuria's meritless limitation on producing documents solely related to "provision of hosting services to Hotfile" on a number of occasions. Each of these documents points to Lemuria providing other services to or otherwise being more closely involved with Hotfile. In the case of PayPal documents, the substantial amounts that have been transferred are probative of that. If you still have any issues with publicly filing the dollar amounts, please give me a call in the morning your time tomorrow or let me know a time to call and discuss.

For the Luchian documents, again, these are your client's own emails. While they may have been produced by a third party, your client has the prerogative to produce them in unredacted form and allow them to be filed. In any event, we will circulate redacted versions tomorrow.

We are in agreement on Requests 5(a)-(f) then – Lemuria will provide any written agreements between it and InCorporate Now, Webazilla, Webzilla, or IP Transit rather than plaintiffs move on these requests – assuming (as I believe to be the case) that you mean to include all three of the Webazilla corporate entities listed in Request 5 in your offer.

Thanks,
Duane


**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Tuesday, July 12, 2011 4:16 PM
**To:** Pozza, Duane
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; jmunn@rascoklock.com
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Duane:

Regarding Lemuria redactions, we would like to see the account numbers and IP addresses ("IPs") redacted. I doubt that these redactions are controversial, but let me know if they are.

We would also like specific dollar figures redacted. Lemuria is not a public company, its finances are not publicly known, and redaction of financial information appears consistent with Section 6B of the Court's Administrative Procedures. Why do you need to disclosure specific dollar amounts in a motion to compel? If we understood better why you think these exact figures are important for the Court to consider, we might better be able to address this issue.

Regarding the document beginning LUCHIAN 0526, while I do not speak for InCorporate Now, it seems to me that all personally identifiable information of Mr. Fox should be redacted, as well as his password. Why is this e-mail exchange relevant?

Regarding the document beginning LUCHIAN 0424, while I again cannot speak for the producing party, there appears to be a significant amount of personally identifiable information provided that should be redacted. Also, why do you believe this e-mail exchange to be relevant or necessary in the contemplated motion to compel?

As we did with your partner Luke Platzer regarding the proposed filing of his e-mail exchange with a third party to arrange the service of summons at a hotel room in Nevada upon Anton Titov (apparently referred to by Mr. Platzer's contact as one of "the webazilla f[*]ckers"), please send me redacted copies of any documents intended to be filed publicly prior to filing.

You also posed two questions, set out in black text below:

5

On Request 5(a)-5(f), does the proposal include documents sufficient to identify any lessor of hosting services to Lemuria, as we discussed on our call?

Lemuria does not lease hosting services from anyone. In our prior conversations, we had discussed whether Lemuria leases *servers* from another company, but that inquiry also does not lead to any other companies: Lemuria owns its own servers.

On Requests 2(e) and 11, can you can represent that there are no persons or entities other than Hotfile Corp., Hotfile, Ltd. or Hotfile S.A. sending payments to, or receiving payments from, Lemuria that are in any way related to the Hotfile Website?

No. As we have discussed repeatedly, my firm receives payments from Lemuria related to the Hotfile website: *e.g.*, I represent Lemuria in responding to Plaintiffs' subpoena. Apart from legal fees, Lemuria purchases servers used for provision of hosting services to Hotfile. These are just two examples.

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4932
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Sunday, July 10, 2011 8:27 AM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Fabrizio, Steven B; Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Andy, we are moving forward on filing the motion to compel against Lemuria on Monday. We anticipate filing the attached documents to our motion. In accordance with the Court's statements at Friday's hearing, please indicate any appropriate redactions or confirm that they may be filed publicly. For the PayPal documents, we are fine redacting any account numbers; we do not consider the amounts of transfers to and from Lemuria to be confidential. For the document indicated here as Luchian 1, we are fine redacting any identifying information regarding the Hotfile user; we do not consider the substance of the communications produced by Luchian to be confidential. As these will be filed Monday, please let me know or give me a

6

call before 2pm Monday Eastern time to discuss these. We can also set a time to discuss if that is easier.

Also, please let me know your response to the two questions below (in my July 1 email) regarding Lemuria's outstanding offers on certain documents as soon as possible, as we also need resolve those by early Monday.

Finally, let me know if Lemuria will consent to be served by email pursuant to the same terms to which the parties have stipulated:

Service of any paper by electronic mail, or filing and service of documents to counsel via the Court's ECF system, will be equivalent to service by hand delivery under Fed. R. Civ. P. 5(b)(2)(B), including for purposes of computing time under Rule 6 and the Local Rules. Service on Lemuria is effective by sending the paper by electronic mail to all counsel for defendants listed on the Court's ECF docket, or filing and serving documents via the Court's ECF system. Service by Lemuria on plaintiffs is effective by sending the paper by electronic mail to Steven Fabrizio, Duane Pozza, and Luke Platzer, at the email addresses listed on the Court's ECF docket, or filing and serving documents via the Court's ECF system.

Thanks,
Duane

---

**From:** Pozza, Duane
**Sent:** Friday, July 08, 2011 12:40 PM
**To:** ALeibnitz@fbm.com
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Andy, now that the motion to dismiss has been addressed, I expect that we will shortly resolve the timeliness and timing of filing the parties' anticipated motions to compel, including plaintiffs' motion to compel against Lemuria. You have agreed to extend the time for filing against Lemuria until Monday the 11th. As that is the latest the Lemuria motion can be filed under the current agreement, please give me a call or let me know an answer today to my questions about Lemuria's compromise proposals, listed in my email below, so that they are resolved before Monday.

Thanks,
Duane

---

**From:** Pozza, Duane
**Sent:** Thursday, July 07, 2011 10:38 AM
**To:** ALeibnitz@fbm.com
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Andy, can we have a quick call today to discuss these two questions below? Or just send me an email today if it's easier to respond that way. Afraid I won't be seeing you in Miami this time around.

Thanks –
Duane

---

**From:** Pozza, Duane
**Sent:** Friday, July 01, 2011 6:37 PM

7

**To:** ALeibnitz@fbm.com
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Andy, on the Lemuria subpoena, we left off with two outstanding offers to compromise by Lemuria. Let's try to wrap this up. I had a follow-up question on each one, and if you can let me know the answer, we can move forward. Also, please do let me know when Lemuria's next production will be.

Here again are the questions:

On Request 5(a)-5(f), does the proposal include documents sufficient to identify any lessor of hosting services to Lemuria, as we discussed on our call?

On Requests 2(e) and 11, can you can represent that there are no persons or entities other than Hotfile Corp., Hotfile, Ltd. or Hotfile S.A. sending payments to, or receiving payments from, Lemuria that are in any way related to the Hotfile Website?

Thanks,
Duane

---

**From:** Pozza, Duane
**Sent:** Tuesday, June 28, 2011 7:09 PM
**To:** ALeibnitz@fbm.com
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Andy, just to follow up and be clear on this: As I noted on our call after I sent this email earlier, based on your agreement (reiterated on our call) that any motion to compel that could be brought today under the plaintiffs' and Lemuria's current stipulation to extend time to move to compel could instead be brought after the status conference, plaintiffs have agreed to defer filing a motion to compel against Lemuria until July 11.

There is also still one outstanding question on the potential agreement on Requests 2(e) and 11, which is whether you can represent that there are no persons or entities other than Hotfile Corp., Hotfile, Ltd. or Hotfile S.A. sending payments to, or receiving payments from, Lemuria that are in any way related to the Hotfile Website?

Regards,
Duane

---

**From:** Pozza, Duane
**Sent:** Tuesday, June 28, 2011 2:11 PM
**To:** 'ALeibnitz@fbm.com'
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Andy, in our call earlier you indicated that Lemuria would agree that any motion to compel that could be brought today under the plaintiffs' and Lemuria's current stipulation to extend time to move to compel could instead be brought in two weeks, after the status conference. We would be fine with Monday, July 11 as the date to file that motion. Thus, Lemuria and plaintiffs would agree and stipulate to extend the time for plaintiffs to bring a motion to compel related to the subpoena to Lemuria until Monday, July 11, 2011.

Please confirm, and call me as soon as possible if this does not reflect your understanding for any reason. Based on this representation, plaintiffs can defer filing a motion to compel against Lemuria.

Thanks,
Duane

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Monday, June 27, 2011 8:59 PM
**To:** Pozza, Duane
**Cc:** Fabrizio, Steven B; Platzer, Luke C
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Duane:

By what logic would the Court refuse to consider motions to compel on extended time as to the parties until settling of the pleadings, but permit motions to compel on extended time as to non-parties? Proceeding with a motion to compel despite today's ruling seems like an attempt to bury us in additional paper which the Court may never read.

In any event, would Plaintiffs agree to expedited briefing on any emergency motion to strike (*e.g.*, one-day turnaround, less than three pages double-spaced)? Alternately, would Plaintiffs consider extending Lemuria's time to respond to the substance of the motion to give the Court an opportunity to rule on any emergency motion to strike? I have not had a chance to confer with local counsel or the client regarding these proposals, so I do not know how we may elect to proceed, but wanted to vet these issues with you as expeditiously as possible.

For what it's worth, Lemuria has provided final agreement regarding my proposal for Request 5(a)-(f).

Regards,
ANDY

>   -----Original Message-----
>   **From:** Pozza, Duane [mailto:DPozza@jenner.com]
>   **Sent:** Monday, June 27, 2011 4:34 PM
>   **To:** Leibnitz, Andrew (21) x4932
>   **Cc:** Fabrizio, Steven B; Platzer, Luke C
>   **Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria
>
>   Andy, we're considering your earlier email regarding the effect of today's order on the parties' anticipated motions to compel on their first sets of discovery requests. But I still fail to see how today's order means that a motion to compel against Lemuria, which was not referenced in the joint motion, and which the plaintiffs and Lemuria stipulated could be filed up to tomorrow's date, must be postponed for any reason.
>
>   In any event, we have considered your proposal as to Request 2(e) and 11, which is worded slightly differently than my proposal in addition to containing your additional request regarding PayPal documents. In light of that, can you represent that there are no other persons or entities sending payments to, or receiving payments from, Lemuria that are in any way related to the Hotfile Website? If so, should be able to reach agreement on this. Also please let me know your response on the proposed compromise on Requests 5(a)-(f) – you indicated last week that you were waiting on final confirmation from your client. And finally, we still do need a representation on when remaining documents are being produced.

9

Thanks,
Duane

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Friday, June 24, 2011 8:52 PM
**To:** Pozza, Duane
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Duane:

There is no need for an extension if Plaintiffs do not want one. I was just trying to be helpful.

Have a good weekend,
ANDY

>  -----Original Message-----
> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Friday, June 24, 2011 11:52 AM
> **To:** Leibnitz, Andrew (21) x4932
> **Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria
>
> Andy, we are taking that under advisement and will let you know our response. For 5(a)-(f), to be clear, what extension are you seeking? We will not be filing the motion today. Thanks,
> Duane

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Thursday, June 23, 2011 8:07 PM
**To:** Pozza, Duane
**Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria

Duane:

As discussed earlier today regarding Requests 2(e) and 11, Lemuria would be willing to produce documents sufficient to show payments between it and Hotfile Corp., Hotfile Ltd., and Hotfile S.A. -- provided that Plaintiffs drop their demands for this information from Hotfile's financial services provider(s) (e.g., PayPal).

Regarding 5(a)-(f), my expectation is that, to obviate a motion to compel on Request 5, Lemuria will be willing to provide any written contracts between it and InCorporte Now, Webazilla, Webzilla, or IP Transit -- although I need final confirmation from the client. Might Plaintiffs agree to extending the time to compel by another day?

Regards,
ANDY

>  -----Original Message-----
> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Tuesday, June 21, 2011 8:06 AM
> **To:** Leibnitz, Andrew (21) x4932
> **Subject:** RE: Disney v. Hotfile -- subpoena to Lemuria
>
> Andy,

10

Thanks for the confirmation that the articles of incorporation and bylaws are not confidential.

On the subject of content files, we are not seeking content files hosted by Lemuria on behalf of Hotfile, but if Lemuria is otherwise in a possession of a content file related to Hotfile, we would consider that to be responsive and the file should be produced. For example, Request 1(f) calls for documents about content files, which you have agreed to produce, and under this request we would consider a content file downloaded from or uploaded to Hotfile by a Lemuria employee to be responsive. There would be no Stored Communications Act issue with producing such a file, even under defendants' theory in their opposition to the motion to compel. If you think the distinction is not clear, let me know. And let me know if you intend to take a different position on producing any files we have requested, also let me know

On Requests 2(e) and 11, we can agree to accept documents sufficient to show all payments to and from any Hotfile Entity rather than move on these requests. I have included any payments to a Hotfile Entity, which is slightly different than what we discussed, because those would need to be included to understand what amounts are actually being paid by Hotfile. However, I don't believe that difference will be material. On Requests 5(a)-5(f), if Lemuria will agree to produce documents sufficient to show the contracts between Lemuria and the identified entities, as well as documents sufficient to show the lessor of Lemuria's services, we can agree to defer moving on these requests. Let me know if these compromise proposals are acceptable to Lemuria.

On the remaining documents, I understand you are speaking to your client today and I request specificity on the timing on which documents are being produced. We cannot let a deadline to bring a motion to compel pass without some representation as to when you expect documents to be produced.

Finally, I can represent that we will not bring a motion to compel against Lemuria until after Wednesday (tomorrow). Please let me know your thoughts on the above by today if possible. Thanks,
Duane

---

**Duane Pozza**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6027
Fax (202) 661-4962
DPozza@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Monday, June 20, 2011 7:15 PM
**To:** Pozza, Duane
**Subject:** Disney v. Hotfile -- subpoena to Lemuria

Duane:

Following our conversation this afternoon, this confirms that there are no amendments to the articles or bylaws of Lemuria that have not been produced. These documents are not confidential.

One item we did not discuss today was, in light of our recent discussions on the Stored Communications Act, whether Plaintiffs seek content files from Lemuria. I do not interpret Plaintiffs' demands to call for such content. To be clear, Lemuria will not agree to violate the SCA by producing any content files, even assuming that it has custody or control of any such content.

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415.954.4400
D 415.954.4932
F 415.954.4480
www.fbm.com