UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20427-CIV-JORDAN

DISNEY ENTERPRISES, INC. et al.,  )
        Plaintiffs )
vs. )
HOTFILE CORP. et al., )
        Defendants )

**ORDER SETTING SCHEDULE, REQUIRING MEDIATION, AND
REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE**

This case is set for trial during the Court's two-week trial calendar beginning on June 4, 2012. Calendar call will be held at 9 a.m. on May 29, 2012. No pre-trial conference will be held unless a party requests one no later than 30 days prior to the calendar call or the Court determines that one is necessary. The parties shall adhere to this schedule:

| | |
|---|---|
| September 28, 2011 | The parties shall notify the Court whether they consent to trial and final disposition by Magistrate Judge O'Sullivan. |
| October 7, 2011 | All motions to amend pleadings or join parties are filed. |
| October 28, 2011 | Parties exchange expert witness summaries and reports required by Local Rule 16.1.K. |
| December 2, 2011 | Parties exchange rebuttal expert witness summaries and reports required by Local Rule 16.1.K. |
| December 23, 2011 | All discovery, including expert discovery, is completed. |
| January 13, 2011 | Parties to have completed mediation. |
| January 23, 2011 | All pre-trial motions other than motions *in limine* are filed.[1] |
| May 15, 2011 | Parties to submit joint pre-trial stipulation and proposed jury instructions. |

---

[1] Hotfile Corp. and Anton Titov requested that they be allowed to file an earlier summary judgment based solely on the Digital Millennium Copyright Act's safe-harbor provision. That request is denied. The facts related to any affirmative defense under the DMCA overlap with the movie studios' theory of liability. Accordingly, it is better if the factual dispute is handled at once, after discovery. If the parties feel that the 20-page limitation on summary-judgment motions imposed by the Local Rules is insufficient, they are free to move for an enlargement of the page limitation.

Within thirty days of the date of this order, the parties shall select a mediator certified under Local Rule 16.2.B, shall schedule a time, date, and place for mediation, and shall jointly file a proposed order scheduling mediation in the form specified by Local Rule 16.2.H. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2.

The parties shall submit their proposed jury instructions jointly, though they need not agree on each or any proposed instruction. Where the parties do agree on a proposed instruction, that instruction shall be set forth in roman typeface. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be bold-faced. Every instruction must be supported by citation of authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. The parties shall submit their proposed jury instructions on paper and on a CD in a format compatible with WordPerfect for Microsoft Windows-based computers. Each exhibit must be labeled in accordance with the exhibit list in the joint pre-trial stipulation and shall also bear the case number of this action.

Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all non-dispositive motions and discovery disputes, including those filed pursuant to Federal Rules of Civil Procedure 12, 13, and 14, in this case are referred to Magistrate Judge O'Sullivan. Motions for extensions of the pre-trial motions deadline and trial are not referred to Magistrate Judge O'Sullivan. The parties shall comply with the separate order on discovery procedure entered simultaneously with this order. When filing motions and responses and replies to motions, the parties shall submit courtesy copies to Magistrate Judge O'Sullivan.

The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Stipulations that would so interfere may be made only with the Court's approval. *See* Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1.B, the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* Local Rule 7.1.

If the parties should seek to file anything under seal in this case, they must comply with Local Rule 5.4.B.2, submitting a memorandum describing the information to be sealed and setting forth a reasonable basis for departing from the general policy of public filings. The parties cannot override Local Rule 5.4 through a joint protective order. In other words, if a party who has received material from the opposing party, labeled confidential by that party, intends to file the material with the court, that material cannot be filed with the court under seal just because it has been labeled confidential by the opposing party. The parties must confer in preparing the motion to file under seal to ensure compliance with Local Rule 5.4. Moreover, only material labeled confidential may be filed under seal. Mere filings that reference confidential materials may not be filed under seal. If the parties are successful in filing anything under seal, they must nevertheless file a redacted copy in the public record. Any attempts to file matters under seal that do not comply with Local Rule 5.4 and this order will result in the matters being filed in the public record.

If this matter settles and the parties want the court to retain jurisdiction to enforce the terms of a settlement agreement, a copy of the agreement must be filed with the clerk in the public record. If the settlement agreement **does not contain** confidential or proprietary information that parties wish to redact, they must file a copy of the settlement agreement in the public record with the clerk a the time they file the joint stipulation of dismissal. If the settlement agreement **does contain** confidential or proprietary information that the parties wish to redact, they must accompany the joint stipulation of dismissal with a separate motion to redact portions of the settlement agreement, and file a copy of the redacted agreement in the public record with the clerk. In such a case, they should also submit a copy of an un-redacted version of the settlement agreement to chambers for *in camera* review.

DONE and ORDERED in chambers in Miami, Florida, this 30th day of August, 2011.

*[signature]*
Adalberto Jordan
United States District Judge

Copies to:   Magistrate Judge O'Sullivan
             All counsel of record