UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 11-20427-CIV-JORDAN

| | |
|---|---|
| DISNEY ENTERPRISES, INC. et al., | ) |
| Plaintiffs | ) |
| vs. | ) |
| HOTFILE CORP. et al., | ) |
| Defendants | ) |

**ORDER ON MOTION FOR PROTECTIVE ORDER**

For the following reasons, Disney Enterprises, Inc.'s, Twentieth Century Fox Film Corporation's, Universal City Studios Productions LLLP's, Columbia Pictures Industries, Inc.'s, and Warner Bros. Entertainment Inc.'s motion for protective order [D.E. 104] is GRANTED.

Under the Federal Rules of Civil Procedure, discovery is broad. Nevertheless, discovery must also be relevant: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b).

Hotfile Corp.'s and Mr. Titov's discovery requests ask that the movie studios explain how they monitor, test, and examine whether to issue a Digital Millennium Copyright Act takedown notice. As part of this request, Hotfile and Mr. Titov request communications between the movie studios and their anti-piracy vendors (agents of the movie studios who try to discover copyright infringement). At this point, I find these discovery requests to seek irrelevant information. Indeed, at least one court has found a similar request to be irrelevant. *See DirectTV, Inc. v. Trone*, 209 F.R.D. 455, 460 (C.D. Cal. 2002). As the movie studios underscore, this case concerns Hotfile's and Mr. Titov's actions, not the movie studios' behavior.

In their response to the motion for a protective order, Hotfile and Mr. Titov raise several arguments as to why their discovery requests seek relevant evidence. None, however, are availing.

For instance, Hotfile and Mr. Titov believe that these requests are relevant to the argument that they had knowledge and control over the infringement on www.hotfile.com. I do not see, however, how the actions by the movie studios relate to Hotfile's and Mr. Titov's knowledge and control. Similarly, Hotfile and Mr. Titov argue that the information/material sought is relevant to

their compliance with the Digital Millennium Copyright Act's safe-harbor provision. Essentially, Hotfile and Mr. Titov believe that the movie studios' failure to ask them to remove some copyright material may affect their DMCA affirmative defense. But the DMCA grants immunity so long as Hotfile and Mr. Titov remove infringing material upon request by a copyright holder: "A service provider shall not be liable for monetary relief . . . if the service provider . . . *upon notification of claimed infringement* . . . , responds expeditiously to remove, or disable access to, the material that is claimed to be infringing." 17 U.S.C. § 512(c)(1)(C) (emphasis added). Hence, the movie studios' failure to inform Hotfile and Mr. Titov to remove infringing material is irrelevant to Hotfile's and Mr. Titov's affirmative defenses.

The only arguable claim to relevance that Hotfile and Mr. Titov have comes from paragraph 37 of the movie studios' complaint, which states that Hotfile's massive infringement forces the movie studios to "play catch-up, constantly trying to identify and take down content Hotfile encourages its users to upload and promote" [D.E. 1]. Yet, the rest of this allegation concerns Hotfile's and Mr. Titov's actions, not the movie studios'. Thus, Hotfile and Mr. Titov's request seems irrelevant even here. Hotfile and Mr. Titov are free, of course, to ask the movie studios how or why their efforts to play catch-up fail. If that answer depends on the movie studios' attempts to find infringing work—rather than depending on the operations of Hotfile—then Hotfile and Mr. Titov may seek leave of the court to propound similar discovery requests in the future.

DONE and ORDERED in chambers in Miami, Florida, this 1st day of September, 2011.

                                        _____
                                        Adalberto Jordan
                                        United States District Judge

Copy to:       All counsel of record