UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 11-20427-CIV-JORDAN

| | |
|---|---|
| DISNEY ENTERPRISES, INC. et al., | ) |
| Plaintiffs | ) |
| vs. | ) |
| HOTFILE CORP. et al., | ) |
| Defendants | ) |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

As explained below, Disney Enterprises, Inc.'s, Twentieth Century Fox Film Corporation's, Universal City Studios Productions LLLP's, Columbia Pictures Industries, Inc.'s, and Warner Bros. Entertainment Inc.'s motion to compel responses from Lemuria Communications, Inc. [D.E. 108] is DENIED.

From Lemuria, the movie studios request "documents pertaining to [Lemuria's] relationship with the Hotfile Website," which includes "documents pertaining to communications with . . . any Hotfile Entity," "documents pertaining to Lemuria's role in operating the Hotfile Website," and "documents pertaining to any contracts, agreements, undertakings, or understandings pertaining to . . . the Hotfile Website." Next, the movie studios request "[a]ll documents pertaining to your relationship with any Hotfile Entity." And they ask that Lemuria produce "[d]ocuments sufficient to show each service Lemuria provides to any person other than [Hotfile and Mr. Titov] or any Hotfile Entity" and "documents pertaining to meetings of Lemuria's board of directors or other governing body."

Lemuria, which is not a party to this action, offered to produce documents related to the hosting services it provides Hotfile. The movie studios rejected this limitation. In turn, Lemuria claims that the movie studios' requests are unduly burdensome. I agree and therefore deny the movie studios' motion to compel.

Litigants may seek discovery from non-parties. Under the Federal Rules of Civil Procedure, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). And, where a

party seeks discovery from a non-party, courts must consider the fact that the non-party is not a party to the lawsuit when weighing the burdens imposed by the discovery requests. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Cytodyne Techs. v. Biogenic Techs.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003) (Morris, M.J.). "[T]he status of the person as a non-party is a factor often weighing against disclosure." *Echostar Satellite v. ViewTech,Inc.*, No. 10-mc-60069, 2010 WL 2822109, at *3 (S.D. Fla. July 16, 2010) (Simonton, M.J.).

After balancing the movie studios' interest in the requested information against Lemuria's burden in producing this information, I find the discovery requests to be unduly burdensome.

First, the complaint makes only a few allegations about Lemuria: that Lemuria provides Hotfile "with critical internet hosting services," that Lemuria "engage[s] in the acts of infringement at issue," that Mr. Titov operates Lemuria "to facilitate Hotfile's infringing conduct," and that Mr. Titov is Lemuria's sole officer and director [D.E. 1 ¶¶ 11–12, 45]. Significantly, the complaint nowhere seeks to pierce the corporate veil or to raise claims against Lemuria. *See United Techs. Corp. v. Mazer*, No. 05-80980, 2007 WL 788877, at *2 (S.D. Fla. Mar. 14, 2007) (finding request against non-party over broad and harassing where request asked for documents about its ownership but the complaint set forth no claim for piercing the corporate veil). And the complaint lacks factual detail about Lemruia's alleged engagement in acts of infringement.

Second, the movie studios make a broad claim for discovery, seeking a universe of documents. The movie studios request, without any qualifications, all documents concerning www.hotfile.com, all documents about Lemuria's relationship with Hotfile, all documents relating to the services Lemuria provides to persons *other* than Hotfile, and all documents about Lemuria's board of directors.

Third, the movie studios have easy alternatives to these discovery requests from a non-party—i.e., the movie studios may request this information from Hotfile and Mr. Titov. For example, if Mr. Titov, who is a party to this case, is a director of Lemuria's board, the movie studios may (assuming relevance) serve interrogatories on him requesting a description of Lemuria's board. After all, Hotfile should have a copy of relevant e-mails sent from Lemuria to Hotfile or from Hotfile to Lemuria. Because the movie studios have access to these documents from Hotfile, they have slight need of receiving the documents from Lemuria.

Fourth, Lemuria has already agreed to produce information about the internet hosting services it provides Hotfile. And allegations about Lemuria's hosting services are the only detailed, factual allegations made against Lemuria in the complaint.

Given these factors, the movie studios do not need these requests as much as they claim, and the requests impose a large burden on Lemuria. Hence, to the extent the movie studios seek to compel documents beyond those about the internet hosting services Lemuria provides Hotfile, the motion to compel is denied.

The movie studios reply by arguing that Lemuria may be in cahoots with Mr. Titov and Hotfile. Thus, the movie studios continue, they need this information to decide whether to include Lemuria as a defendant. But this confuses the discovery process. Discovery is to flow from the claims in the complaint. And the movie studios offer no credible explanation why they should get to use discovery on a non-party to decide whether to include that non-party into a case, especially where, as here, the movie studios can seek similar documents from a party.

To be sure, the movie studios cite a qui tam action, *United States ex rel. Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1036 (S.D. Fla. 2007), for the proposition that a plaintiff may undergo discovery to identify Doe defendants. But the *Heater* order nowhere states that the plaintiff could propound burdensome discovery on non-parties in hopes of identifying Doe defendants. Here, nothing prevents the movie studios from seeking robust discovery from Hotfile and Mr. Titov regarding Doe defendants, amending the complaint to add Doe defendants, and seeking full discovery from the newly added defendants.

For these reasons, the movie studios' motion to compel responses from Lemuria Communications, Inc. [D.E. 108] is DENIED.

DONE and ORDERED in chambers in Miami, Florida, this 14th day of September, 2011.

_____
Adalberto Jordan
United States District Judge

Copy to:     All counsel of record