UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 11-20427-CIV-JORDAN

| | |
|---|---|
| DISNEY ENTERPRISES, INC. et al., | ) |
|         Plaintiffs | ) |
| vs. | ) |
| HOTFILE CORP. et al., | ) |
|         Defendants | ) |

**ORDER ON DEFENDANTS' MOTION TO COMPEL**

For the following reasons, Hotfile Corp.'s and Anton Titov's motion to compel responses to discovery [D.E. 111] is GRANTED IN PART AND DENIED IN PART.

I have already granted the movie studios a protective order regarding Hotfile's and Mr. Titov's request for "investigative materials" [D.E. 138]. Thus, Hotfile's and Mr. Titov's request to compel production of that material is denied.[1]

As to the request for documents related to the allegedly infringing files, the motion to compel is granted in part and denied in part.[2] To the extent that Hotfile and Mr. Titov again request material because the material might undermine a claim of Hotfile's knowledge or control, the request is irrelevant. On the other hand, the request is relevant where it seeks copies of the files that the movie studios maintain infringe in this action and where it seeks documents about the movie studios'

---

[1] In their reply, Hotfile and Mr. Titov make arguments based on their counterclaim and affirmative defenses. When Hotfile and Mr. Titov moved to compel production of these documents, however, they had not yet filed an answer. Thus, when Hotfile and Mr. Titov served the request for production of documents, when the movie studios refused to produce those documents, and when Hotfile and Mr. Titov moved to produce those documents, there were no counterclaims or affirmative defenses for which Hotfile and Mr. Titov could seek production of the documents. To the extent Hotfile and Mr. Titov seek the production of documents related to their answer and counterclaim, the motion is denied without prejudice. They are free to serve the movie studios with request for the production of documents related to their answer now that an answer has been filed.

[2] This request for production of documents asks for "[a]ll documents that refer or relate to any file that you allege was or is present on hotfile.com that you allege infringes or infringed your copyrights" [D.E. 111 at 7].

voluntary posting or leaving up of material. By September 26, 2011, the movie studios shall produce documents answering request number 5, so long as the documents relate to copies of the files that the movie studios allege[3] infringe in this action or to movie studios' voluntary posting or leaving of material on www.hotfile.com.

Next, Mr. Titov and Hotfile request, in an interrogatory, that the movie studios identify all files available on www.hotfile.com that the movie studios allege infringe their copyrights. The movie studios argue that this request is irrelevant and unduly burdensome. I disagree. As the movie studios have previously argued, a statistical analysis of Hotfile may be done to discover "the extent of the overall use of Hotfile for infringement" [D.E. 72 at 4]. For Hotfile to do a similar analysis or to contest the movie studios' analysis, it must know what files supposedly infringe the movie studios' copyrights. And while this production may be a Herculean task, as the movie studios claim, Hercules completed every Herculean task. Granted, the movie studios are not demigods, but discovery does not require a tussle with Cerberus or a hydra, and, as the movie studios themselves previously claimed, the statistical analysis in this case goes "to the heart of this litigation" [*Id.* at 9]. Accordingly, by September 26, 2011, the movie studios will answer interrogatory number 1.

Mr. Titov and Hotfile also requested that the movie studios produce "[a]ll documents that refer or relate to audio or video works on the Internet that are not copyrighted or that may be downloaded as fair use" [D.E. 111 at 17]. As the movie studios underscore, this request is unduly burdensome. The request does not even attempt to limit itself to the movie studios' copyrighted works, asking, rather, for documents that refer to *any* audio or video works that are not copyrighted. And the request asks that the movie studios do this for anything on the internet. Because this request is too broad and unduly burdensome, I can limit the extent of discovery. *See* Fed. R. Civ. P. 26(b)(2); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). I do so here and deny this request for production.

---

[3] The movie studios attempt to restrict "allege" to the strict legal definition of the word—that is, those files that the movie studios have legally alleged in their complaint to have infringed their work. In their request, however, Mr. Titov and Hotfile do not use "allege" in such narrow a way but use it instead in the ordinary meaning of the word—i.e., maintain, assert, or claim.

Mr. Titov and Hotfile also request "[a]ll documents regarding your use of the Internet to market works in which you own copyrights, including documents discussing instances or policies regarding voluntary posting or promotional content" [D.E. 111 at 20]. Hotfile and Mr. Titov seek production of documents concerning the movie studios' voluntary posting of copyrighted material on the internet. But the movie studies assert that they have agreed to produce this. Indeed, they have agreed to produce documents that show "(1) any voluntary posting by any [movie studio] of any full-length content on Hotfile, as well as (2) any distribution by an [movie studio] of full-length content anywhere on the Internet, authorized for further distribution and without technological barriers to such further distribution, that is a work . . . or potential work in suit" [D.E. 131 at 22].

Hotfile and Mr. Titov do not believe this to be enough and ask also for policies on voluntary posting or promotional content on the internet, even when the policies concern non-full-length works. Because the movie studios do not explain why this information is irrelevant, this information must be produced by September 26, 2011.

Finally, Mr. Titov's and Hotfile's request that the movie studios produce "[a]ll DMCA policies and Terms of Service for any website that [the movie studios or their affiliates] own or operate" [D.E. 111 at 21], is irrelevant. As I have previously concluded, the DMCA is concerned with Hotfile's actions, not the movie studios' actions. Mr. Titov's and Hotfile's request therefore seeks irrelevant information.

Consequently, Hotfile's and Mr. Titov's motion to compel responses to discovery [D.E. 111] is GRANTED IN PART AND DENIED IN PART.

DONE and ORDERED in chambers in Miami, Florida, this 14th day of September, 2011.

                                                        Adalberto Jordan
                                                        United States District Judge

Copy to:      All counsel of record