UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

# MOTION AND MEMORANDUM OF LAW OF DEFENDANT HOTFILE CORPORATION FOR TWO-DAY ENLARGEMENT OF TIME TO AMEND COUNTERCLAIM

Defendant and Counterclaimant Hotfile Corp. ("Hotfile") hereby moves pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure for a two-day enlargement of time to file its Second Amended Counterclaim, making the Second Amended Counterclaim due on or before October 28, 2011. Hotfile seeks this two-day extension to allow it sufficient time to utilize the information first revealed by Plaintiff and Counter-Defendant Warner Bros. ("Warner") in its belated production of documents bearing upon Hotfile's Counterclaim made just five days ago. There will be no prejudice to Warner from a two-day extension, which is necessitated by Warner's own tardiness. Nonetheless, Warner has stated that it opposes this motion.

CASE NO. 11-20056-WILLIAMS

## MEMORANDUM OF LAW

To combat any claim that its internet file storage service infringes any valid copyrights, Hotfile provides copyright holders such as Warner with the unfettered ability to directly delete or disable any file hosted on Hotfile's website without any limitation or oversight. All that is required from Warner is attestation under penalty of perjury that it is the owner (or authorized representative of the owner) of the copyright to the material deleted from Hotfile's website and that it has a good faith belief that use of the material is not authorized. However, as detailed in the First Amended Counterclaim [Docket No. 144], Warner has indisputably deleted thousands of files from Hotfile's website to which it has no possible claim of copyright protection, including one of the most popular files available on Hotfile.com: an "open source" software program to which no copyright applies. Warner's misrepresentations violate the Digital Millenium Copyright Act, 17 U.S.C. § 512(f) (forbidding knowing misrepresentations in takedown requests).

On September 22, 2011, the parties filed a joint motion that included the stipulation that Hotfile would amend its Counterclaim against Warner to specify the web link (or "URL") for each file wrongfully taken down by Warner "no later than fourteen days after the completion of one day of Hotfile's Rule 30(b)(6) deposition of Warner." [Docket No. 151.] Because Warner's representative gave testimony on October 12, 2011, the current deadline for Hotfile's Second Amended Counterclaim is, at the earliest, October 26, 2011.[1]

At the deposition, Warner's witness revealed for the first time that Warner had withheld information in discovery relating to its takedown requests from Hotfile. Specifically, although

---

[1] The parties disagree as to whether the fourteen-day period runs from October 13th – the day "after completion of one day" of testimony. If so, the current deadline would not occur until October 27, 2011, making this Motion a request for only one day of extended time. Under this interpretation, this Motion seeks only a one day extension.

2

Warner produced a list of all of the URLs it had deleted, Warner had withheld several columns of data from its database records demonstrating the sources of information that it used to make specific takedown requests. (Warner's confidentiality designations foreclose a more detailed explanation on the public record here.) This information impacts Hotfile's Counterclaims under § 512(f), which forbids "knowing" misrepresentations made to support Warner's direct takedown requests. Warner finally produced the additional information to Hotfile for the first time on October 20-21, 2011 – *i.e.*, five and six days ago.

This morning, Hotfile's counsel requested a two-day extension of the time in which to file its Second Amended Counterclaim. Hotfile requested the extension so as to take into account Warner's production of the additional data fields in the last six days. Hotfile also sought to have time to meet-and-confer so as to avoid needless disputes about the scope of changes permitted under the parties' stipulation. (*See* Docket No. 151 (allowing Hotfile to add information as to specific URLs wrongfully deleted but not "further substantive" amendments to Hotfile's counterclaim).) Lastly, Hotfile noted that its local counsel was temporarily unavailable on October 26-27, 2011. Warner refused the two-day extension, and this motion ensued.

This request for extension of time is not filed for purposes of delay or for any improper purpose, but to provide the minimum amount of time needed by counsel for Defendants to prepare the Second Amended Counterclaim. No party will be prejudiced by the Court granting this two-day extension; indeed, during meet-and-confer discussions regarding this Motion, Hotfile asked Warner to identify any prejudice caused by a two-day extension, and Warner could identify none. The Court has authority pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to grant extensions of time, when as here, justice so requires. *See* Fed. R. Civ. P. 6(b)(1)(A).

CASE NO. 11-20056-WILLIAMS

## CONCLUSION

On the basis of the foregoing, Hotfile respectfully requests that it be given up to and including October 28, 2011 to file and serve its Second Amended Answer, Affirmative Defenses, And Counterclaims Of Defendant Hotfile Corporation To Plaintiffs' Complaint. A Proposed Order is submitted as Exhibit A.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant, Roderick Thompson, conferred with all parties or non-parties who may be affected by the relief sought in this motion, including Plaintiffs' counsel, Steven B. Fabrizio, in a good faith effort to resolve the issues, and Mr. Fabrizio refused to grant the requested two-day extension.

s/Roderick Thompson
Roderick Thompson

DATED: October 26, 2011

Respectfully submitted,

By: s/Janet T. Munn
Janet T. Munn, Fla. Bar. No.: 501281
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102
Email: jmunn@rascoklock.com

And

OF COUNSEL

Roderick Thompson
Email: rthompson@fbm.com
Andrew Leibnitz
Email: aleibnitz@fbm.com
Deepak Gupta
Email: dgupta@fbn.com
Farella Braun + Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
Telephone: 415.954.4400
Facsimile: 415.954.4480
*Counsel for Defendants*
*Hotfile Corp. and Anton Titov*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2011, the foregoing document was served on all counsel of record or pro se parties identified below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Janet T. Munn
Janet T. Munn

## SERVICE LIST: CASE NO. 11-CIV-20427

**GRAY-ROBINSON, P.A.**
Karen L. Stetson, Fla. Bar No.: 742937
Email: Karen.Stetson@gray-robinson.com
1211 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone:  305.416.6880
Fax:     305.416.6887

**JENNER AND BLOCK, LLP**
Steven B. Fabrizio (*Pro Hac Vice* )
Email: sfabrizio@jenner.com
Duane C. Pozza (*Pro Hac Vice* )
Email: dpozza@jenner.com
Luke C. Platzer (*Pro Hac Vice* )
Email: lplatzer@jenner.com
1099 New York Ave, N.W.
Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax:     202.639.6066