UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## PLAINTIFFS' MOTION FOR A CASE MANAGEMENT ORDER DEFERRING DAMAGES DISCOVERY

In this motion, Plaintiffs request that the Court order a case management plan that defers voluminous and potentially unnecessary damages discovery until after the Court rules on the parties' cross-motions for summary judgment. The proposed case management plan will almost certainly save both Plaintiffs and Defendants, and the Court, an enormous amount of resources and cost. The plan does not prejudice either side on the merits, and it affords neither side any

1

litigation or tactical advantage. It is self-evidently sensible and, for that reason, is routinely adopted in comparable online copyright infringement cases. Indeed, both sides proposed deferring damages discovery in the initial proposed scheduling order presented to the Court, and Plaintiffs had been operating under the understanding that the Court had adopted it *sub silentio*. It appeared that both sides were operating under that understanding, as neither side has been pursuing any damages related discovery. Yet, now, for reasons inexplicable, Defendants oppose the plan.

## BACKGROUND

The proposed plan is straightforward. Both sides intend to move for summary judgment on liability issues. Plaintiffs have proposed that discovery of issues related exclusively to damages, and which do not bear on liability, should be deferred until after the Court considers and rules on the parties' cross-motions for summary judgment on liability. Thus, in the initial phase, the Court would determine Defendants' liability for their users' copyright infringement; thereafter, the *number* of works infringed by Defendants' users and the damages for those infringements would be assessed. Plaintiffs have identified well over 10,000 distinct copyrighted works, the rights to which are held by Plaintiffs, that have been infringed through the Hotfile website. For damages, Plaintiffs will need to collect and present supporting documentation to show that they own the rights to each work, that each work was infringed through the Hotfile website, and the appropriate level of statutory damages for the infringement of each work. Producing copyright ownership documents and having depositions on ownership issues for over 10,000 separate copyrighted works would require an extraordinary volume of discovery – for all parties – simply owing to the number of copyrighted works at issue. Collectively, the parties

likely will spend hundreds of thousands dollars, and hundreds of hours of lawyer and paralegal time, on damages discovery.

None of that damages discovery will have any bearing on any liability issue. All of the damages discovery, moreover, is likely to be rendered unnecessary by the Court's rulings on the cross-motions for summary judgment. If the Court were to find defendants liable, it is highly likely that the parties would resolve the case through settlement before conducting costly damages discovery. And, of course, if the Court were to find that defendants are not liable, none of the damages discovery would be necessary. If the Court were to rule that a trial is necessary to decide some or all liability issues, then the parties would conduct damages discovery and proceed to trial on both liability and damages issues. To be clear, Plaintiffs are not proposing to bifurcate the case such that there potentially would be separate trials on liability and damages issues. Rather, Plaintiffs simply propose that the onerous damages discovery, which at the end of the day is likely to be unnecessary, be deferred until after the Court rules on the parties' cross-motions for summary judgment. Plaintiffs are not denying Defendants their damages discovery. Defendants will have the exact same opportunity to conduct damages discovery. Nor are Plaintiffs seeking to avoid their burden of proving ownership and infringement of each work on which Plaintiffs will seek damages. Plaintiffs will meet their burden of proof as to each copyrighted work in suit.

As stated, Plaintiffs and Defendants both proposed phasing liability and damages discovery in their initial proposed case management order. Updated Joint Scheduling Conference Report (Dkt. # 101) ("Joint Report") at 6; *see also id.* at 7. The parties' disagreement at that time related to (i) Defendants' request for leave to file an early motion for summary judgment on their Digital Millennium Copyright Act ("DMCA") defense, and

3

(ii) Defendants' argument that they had a right to know at the outset how many works were in suit. Both of those issues have been resolved. The Court rejected Defendants' request to file an early DMCA motion, Order Setting Schedule (Dkt. # 133) at 1 n.1, and Plaintiffs have identified for Defendants each file and work for which Plaintiffs contend Defendants are liable, Order on Defendants' Motion to Compel (Dkt. #147).

Defendants had not raised the issue of damages discovery since the Court entered its Scheduling Order on August 30, 2011. Nevertheless, because the Scheduling Order was silent on the issue and because of the reassignment of the case to Your Honor, Plaintiffs recently sought to confirm their understanding of the case management plan with Defendants, anticipating that the parties would submit a joint motion to the Court to confirm the plan. Defendants, however, did not agree and stated their current position that they oppose phasing liability and damages discovery. The parties attempted to resolve the issue through further discussion, but were not able to reach agreement. Accordingly, Plaintiffs respectfully request that the Court order the proposed phasing of liability and damages discovery as a sensible approach to promote efficiency and judicial economy.

## ARGUMENT

This Court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002); *Svetlick v. Cyber Elec. of Central Fl., Inc.*, No. 10-60426-Civ., 2011 WL 337350, at *1 (S.D. Fla. Jan. 31, 2011). That includes broad discretion to bifurcate issues "[f]or convenience" or to "economize." *See also Harrington v. Cleburne County Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001) (The "Eleventh Circuit recognizes that Rule 42(b) confers broad discretion on the district court in this

area, permitting bifurcation merely in furtherance of convenience" (internal quotations and citations omitted)); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001) (district courts have discretion to bifurcate issues where it "would further convenience, avoid prejudice, or promote efficiency").

Until the instant dispute, the parties have always agreed "that all discovery prior to the discovery cut-off date . . . shall be limited to discovery relevant to liability, and that discovery related only to damages shall be postponed until . . . the Court's ruling(s) on all of the parties' summary judgment motions on liability."  Joint Report (Dkt. # 101) at 6 (joint statement of Plaintiffs and Defendants); *see also id.* at 7 ("judicial economy is promoted by deferring damages discovery") (same).

The proposed phasing of discovery would promote judicial efficiency while saving both parties hundreds of thousands in litigation costs.  Damages discovery undeniably would impose substantial costs on *both* parties, requiring the production and review of documents, as well as depositions, regarding copyright ownership, direct infringement, and the amount of damages for *each* of the more than 10,0000 copyrighted works identified by Plaintiffs.  Regardless of how the Court rules on summary judgment, Plaintiffs' proposed plan will likely conserve substantial resources and in no way increases the costs that would be incurred if this case were to proceed to trial.  Indeed, both parties have acknowledged that "many if not all liability issues may be resolved on summary judgment, rendering further discovery on damages unnecessary."  Joint Report at 6 (joint statement of Plaintiffs and Defendants).  Based on the possible scenarios, it is most likely that no damages discovery will ever need to be conducted.  In light of this calculus,

5

there is no conceivable reason to conduct discovery now into the 10,000 works identified by Plaintiffs.[1]

Significantly, deferring damages discovery does not prejudice either side on the merits; nor does any party gain a tactical advantage. Defendants' liability for secondary copyright infringement is unaffected by whether there are 10 or 10,000 of Plaintiffs' copyrighted works in dispute.[2] Moreover, Plaintiffs would not be bypassing their burden of proving infringement as to each of the works in suit. All that would be established in the liability phase is Defendants' liability as a secondary copyright infringer, not Defendants' liability as to each of the 10,000 copyrighted works at issue in this case.

Defendants' opposition to a plan that will streamline discovery and save hundreds of thousands of dollars is especially perplexing since Defendants repeatedly have sought to avoid discovery on the claim that their "resources are not unlimited" and that they "cannot survive a war of attrition." *E.g.*, Defendants' Reply Memorandum in Support of Special Scheduling Order Regarding the Safe Harbor Protections of the Digital Millennium Copyright Act (Dkt. # 80) at 7.

---

[1] While Defendants now object to deferring damages discovery, since the Court entered its Scheduling Order, Defendants have not sought any discovery on the more than 10,000 copyrighted works identified by Plaintiffs. With an impending discovery deadline of December 23, 2011, it is not likely that Defendants' damages discovery could be completed before the discovery cutoff. Moreover, Plaintiffs too would be entitled to damages discovery, including discovery as to all of Defendants' revenues and profits. Until now, Plaintiffs have been operating under the belief that such discovery would be deferred, and indeed the schedule proposed by the parties and ordered by the Court was premised on the understanding that the discovery period would be used exclusively for liability related discovery. Joint Report (Dkt. #101) at 6 ("all discovery prior to the discovery cut-off date . . . shall be limited to discovery relevant to liability") (joint statement of Plaintiffs and Defendants).

[2] Since secondary copyright infringement technically does not lie in the absence of at least one direct infringement, in their summary judgment motion, Plaintiffs would establish direct infringement by Hotfile users of the few illustrative works (175 in total) specifically named in the Complaint. Plaintiffs have already provided Defendants discovery as to those relatively few works.

Deferring damages discovery is sensible and fair.  Defendants should welcome it – as they did in the parties' initial joint case management proposal to the Court.

Because a phased approach to damages discovery is fair to both sides and best promotes judicial economy, courts in comparable cases routinely approve or order a schedule directing that the parties first focus their discovery on issues related to liability.  *See, e.g., Columbia Pictures Indus., Inc. v. Bunnell*, 06-cv-01093 FMC-JCx (C.D. Cal.), Dkt # 117 ("discovery on . . . the total number of infringing works and damages . . . shall be deferred until after the Court rules on the parties' motions for summary judgment on the core issues of defendants' secondary copyright liability"); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, No. 03-55894 (C.D. Cal.); *Columbia Pictures Indus., Inc. v. Fung*, No. 06-5578 SVW (JCx) (C.D. Cal.); *Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936 (KMW) (S.D.N.Y.).  This Court should do so as well.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs have conferred with counsel for Defendants Hotfile Corp. and Anton Titov in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED: November 7, 2011                    By: /s/ Karen L. Stetson

                                Karen L. Stetson
                                GRAY-ROBINSON, P.A.
                                1221 Brickell Avenue, 16th Floor
                                Miami, FL 33131
                                Telephone: (305) 461-6880
                                Facsimile:  (305) 461-6887

| | |
|---|---|
| MOTION PICTURE ASSOCIATION<br>OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403<br>Phone:  (818) 995-6600<br>Fax:  (818) 285-4403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>Duane C. Pozza (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Telephone: (202) 639-6000<br>Facsimile:  (202) 639-6066<br><br>*Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 7th day of November, 2011, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Motion for a Case Management Order Deferring Damages Discovery**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

9

**SERVICE LIST**

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*