# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
                                                                 /

HOTFILE CORP.,

    Counterclaimant,

v.

WARNER BROS. ENTERTAINMENT INC.,

    Counter-Defendant.
                                                                 /

**DECLARATION OF ANTHONY P. SCHOENBERG IN SUPPORT
OF MOTION OF DEFENDANT AND COUNTER-CLAIMANT HOTFILE
CORPORATION TO COMPEL DISCOVERY FROM PLAINTIFF AND
COUNTER-DEFENDANT WARNER BROS. ENTERTAINMENT
<u>INC. OF WARNER'S TAKEDOWN INVESTIGATIONS</u>**

I, Anthony P. Schoenberg, declare as follows:

1.      I am an attorney at Farella Braun + Martel LLP and counsel for counterclaimant Hotfile Corporation ("Hotfile"). I have personal knowledge of the matters stated herein and, if called and sworn as a witness, I could and would competently testify to the facts set forth herein.

CASE NO. 11-20427-WILLIAMS-TURNOFF

2.	Attached hereto as Exhibit A are excerpts from a true and correct copy of the transcript of the 30(b)(6) Deposition of David Kaplan, taken on October 12, 2011.

3.	Counsel for counter-defendant Warner Bros. Entertainment Inc. ("Warner") originally designated the entirety of the deposition transcript of David Kaplan as Highly Confidential pursuant to the terms of the protective order entered in this case.  Counsel for Warner has since agreed to re-designate as non-confidential only the portions of the transcript excerpted in Exhibit A.  The remaining portions of the deposition transcript remain designated as Highly Confidential, so Hotfile has submitted only the non-confidential portions of the transcript necessary for the purposes of this motion in order to avoid having to file the present motion under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of November 2011, at San Francisco, California.

/s/ Anthony P. Schoenberg
Anthony P. Schoenberg

# EXHIBIT A

```
 1                  UNITED STATES DISTRICT COURT

 2                  SOUTHERN DISTRICT OF FLORIDA

 3

 4    DISNEY ENTERPRISES, INC.,        )
      TWENTIETH CENTURY FOX FILM       )
 5    CORPORATION, UNIVERSAL CITY      )
      STUDIOS PRODUCTIONS LLP,         )
 6    COLUMBIA PICTURES INDUSTRIES,    )
      INC., AND WARNER BROS.           )
 7    ENTERTAINMENT, INC.,             )
                                       )
 8                    Plaintiffs,      )
                                       )
 9         vs.                         )No. 11-20427-Jordan
                                       )
10    HOTFILE CORP., ANTON TITOV,      )
      AND DOES 1-10,                   )
11                                     )
                      Defendants.      )
12                                     )

13

14                    HIGHLY CONFIDENTIAL

15         30(b)(6) Deposition of Warner Bros.

16                    Entertainment, Inc.

17             by and through DAVID KAPLAN

18             WEDNESDAY, OCTOBER 12, 2011

19                 LOS ANGELES, CALIFORNIA

20

21    ATKINSON-BAKER, INC.
      COURT REPORTERS
22    (800) 288-3376
      www.depo.com
23
      REPORTED BY:  JEANINE CURCIONE
24                  CSR NO. 10223, RPR

25    FILE NO.: A505CAB
```

```
 1              Deposition of DAVID KAPLAN, taken on
 2     behalf of Defendant, at 9:37 A.M., Wednesday,
 3     October 12, 2011, at 633 West Fifth Street, Suite
 4     3500, Los Angeles, California, before Jeanine
 5     Curcione, C.S.R. No. 10223, RPR, pursuant to
 6     notice.
 7
 8     APPEARANCES OF COUNSEL:
 9     FOR THE PLAINTIFFS:
10          JENNER & BLOCK, LLP
            BY:  STEVEN FABRIZIO, ESQ.
11          633 West Fifth Street
            Suite 3500
12          Los Angeles, California 90071
13             AND
14          MOTION PICTURE ASSOCIATION OF AMERICA, INC.
            BY:  KRISTA S. COONS, ESQ.
15          15301 Ventura Boulevard
            Building E
16          Sherman Oaks, California 91403
17     FOR THE DEFENDANTS:
18          FARELLA BRAUN & MARTEL, LLP
            BY:  RODERICK M. THOMPSON, ESQ.
19          235 Montgomery Street
            17th Floor Russ Building
20          San Francisco, California 94104
21     ALSO PRESENT:
22          EVAN M. ENGSTROM, ESQ.
23          DAN ACKLEY, VIDEOGRAPHER
24
25
```

```
 1    foundation.                                              12:04:46
 2            THE WITNESS:  Well, I think I would put it       12:04:48
 3    this way.  The -- the statement is based on our          12:04:49
 4    faith of the overall system that we developed.           12:04:54
 5    Errors are made in any system that's being               12:04:58
 6    developed.  The fact that we took any errors that        12:05:00
 7    we discovered and used them to improve the system        12:05:03
 8    I think further gave us confidence that the system       12:05:06
 9    was one that was the best one that we could              12:05:08
10    create.                                                  12:05:10
11            So our good faith belief comes from our          12:05:11
12    faith in the system                                      12:05:15
                                                               12:05:18
                                                               12:05:21
                                                               12:05:22
                                                               12:05:27
```

```
5            MR. THOMPSON:  Okay.                    14:03:57

6       Q.   What did you do in August of 2011 with  14:04:00

7    respect to the two to three month historical    14:04:02

8    review?                                         14:04:08

9       A.   We searched through the results to look 14:04:10

10   for situations where it looked like the URL may 14:04:15

11   indicate that the content was something other than 14:04:19

12   what was intended to be taken down.             14:04:22
```

| | | |
|---|---|---|
| 1 | A. Yes. | 14:11:19 |
| 2 | Q. Did Kazi and Pilch produce a written | 14:11:19 |
| 3 | work product? | 14:11:23 |
| 4 | A. Yes. | 14:11:27 |
| 5 | Q. What form did that take? | 14:11:28 |
| 6 | A. It was a report of the changes | 14:11:31 |
| 7 | to | 14:11:39 |
| 8 | identification of other errors like on the site | 14:11:45 |
| 9 | itself that they -- that looked like -- that it | 14:11:50 |
| 10 | seems to them existed as a result of the three | 14:11:56 |
| 11 | month look back. | 14:11:58 |
| 12 | Q. You said changes | 14:12:01 |
| 13 | . Did they | 14:12:05 |
| 14 | provide recommendations as to what they thought | 14:12:09 |
| 15 | should be changed, or did they just give you a | 14:12:11 |
| 16 | report as to what they found? | 14:12:13 |
| 17 | A. The former. And then in some cases | 14:12:16 |
| 18 | then depending on what it was immediately | 14:12:22 |
| 19 | implemented the change. | 14:12:25 |

| | | |
|---|---|---|
| 7  | MR. FABRIZIO:  I believe the event you are | 13:56:03 |
| 8  | discussing was work product done at the request of | 13:56:05 |
| 9  | counsel in analyzing the counter-claims in this | 13:56:09 |
| 10 | case.  That's why I think it's a privileged matter | 13:56:13 |
| 11 | what the results of our analysis are.  We're happy | 13:56:16 |
| 12 | to as you regularly tell me talk about what was | 13:56:19 |
| 13 | done as a factual matter, but we are entitled to | 13:56:22 |
| 14 | the results of our analysis of your claims just as | 13:56:25 |
| 15 | you're entitled to the legal analysis of our | 13:56:30 |
| 16 | claims. | 13:56:32 |
| 17 | MR. THOMPSON:  And it's privileged as to | 13:56:32 |
| 18 | whether or not he found or Warner found false | 13:56:33 |
| 19 | positives? | 13:56:36 |
| 20 | MR. FABRIZIO:  The results of an analysis | 13:56:37 |
| 21 | that were done by and at the direction of | 13:56:38 |
| 22 | litigation counsel and counsel in this case in the | 13:56:41 |
| 23 | process of analyzing the counter-claims or your -- | 13:56:44 |
| 24 | I think at that point it may have been the | 13:56:49 |
| 25 | threatened counter-claims is clearly -- the | 13:56:52 |

| | | |
|---|---|---|
| 1 | results of that process are clearly work product. | 13:56:54 |
| 2 | That is quintessential work product. | 13:56:59 |
| 3 |     MR. THOMPSON:  [You can't create a false | 13:57:02 |
| 4 | positive either exist or they don't exist.  It | 13:57:05 |
| 5 | wasn't created for you. | 13:57:06 |
| 6 |     MR. FABRIZIO:  They were analyzed.  That's | 13:57:07 |
| 7 | like saying you don't create a legal opinion.  It | 13:57:08 |
| 8 | either exists or it doesn't.  You just express it. | 13:57:11 |

| | | |
|---|---|---|
| 15 | THE WITNESS: I can say it again. The good | 17:01:22 |
| 16 | faith belief that any particular link is linking | 17:01:24 |
| 17 | to infringing content comes from our belief that | 17:01:33 |
| 18 | we've built a system that's very robust and, you | 17:01:36 |
| 19 | know, always capable of being improved when we get | 17:01:39 |
| 20 | information indicating that errors have been made, | 17:01:44 |
| 21 | or it appears that errors have been made, but the | 17:01:48 |

164

| | | |
|---|---|---|
| 6 | MR. FABRIZIO: Let me answer. There was a | 14:16:44 |
| 7 | review and analysis based on the counter-claims | 14:16:47 |
| 8 | that was done as work product. There was what I | 14:16:51 |
| 9 | refer to as an on-going quality control process, | 14:16:53 |
| 10 | an audit if you will, that may have been beginning | 14:16:58 |
| 11 | in that same time period. They are separate | 14:17:00 |
| 12 | processes. As to the latter we have not asserted | 14:17:04 |
| 13 | any claim of privilege whatsoever. As to the | 14:17:06 |
| 14 | former, we have asserted the claim of privilege as | 14:17:08 |
| 15 | I have here today. | 14:17:11 |