UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW FOR ONE ADDITIONAL EXAMINATION DAY FOR THE RULE 30(b)(6) DEPOSITION OF DEFENDANT HOTFILE CORPORATION**

Plaintiffs seek leave from Rule 30(d)'s presumption that deposition examinations be concluded in one seven-hour examination day, in order to fairly examine the principal defendant in this case, defendant Hotfile Corporation ("Hotfile"). Specifically, plaintiffs seek one additional day for the Rule 30(b)(6) deposition of defendant Hotfile. Additional examination

1

time is necessary in this instance because: (1) there are a very limited number of party witnesses available to testify, in part because Hotfile is refusing to make any of its Bulgarian personnel available for deposition, so this Rule 30(b)(6) deposition of Hotfile will be the principal deposition in the case; (2) the deposition must cover many complex topics – every claim and defense in the case – some of which involve very detailed technology issues regard the workings of the Hotfile website; and (3) English is not the witnesses' first language and many of their documents are in Bulgarian or Russian, necessitating the use of translation services that will substantially slow the pace of questioning.  Under the Federal Rules, which make clear that the "seven-hour" rule is not to be rigidly applied, any of these factors alone would more than warrant one additional examination day for plaintiffs' Rule 30(b)(6) deposition of Hotfile.

      Defendants have not only refused the extra day requested by plaintiffs, but are trying to take away deposition time to which plaintiffs are entitled to by rule.  Defendants have taken the unfounded position that plaintiffs are entitled to only *two days total* to conduct *three separate depositions*:  (i) plaintiffs' Rule 30(b)(6) deposition of Hotfile on the affirmative copyright claims and Hotfile's multitude of affirmative defenses, (ii) Counterclaim defendant Warner Bros. Entertainment Inc.'s ("Warner") Rule 30(b)(6) deposition of Hotfile on Hotfile's counterclaims against Warner (which are factually and legally distinct from the main copyright claims), and (iii) plaintiffs' deposition of defendant Anton Titov ("Titov"), in his individual capacity, to address issues related to his personal liability (which are also factually and legally distinct from the main copyright claims).  These are each separate depositions covering separate subject matter.  Plaintiffs and counterclaim defendant Warner must be permitted a reasonable amount of time to conduct their separate examinations of Hotfile.  Accordingly, plaintiffs respectfully request that the Court allow plaintiffs two days for the Rule 30(b)(6) deposition of Hotfile,

without taking away from the time the plaintiffs have to depose defendant Titov in his personal capacity or that counterclaim defendant Warner has to depose Hotfile about Hotfile's counterclaims against Warner.

Since the depositions are scheduled to take place in Bulgaria the first week of December, plaintiffs respectfully request expedited briefing as set forth below.

**I.      Plaintiffs Should Be Permitted Two Deposition Days to Examine Hotfile on the Affirmative Copyright Claims and Hotfile's Defenses to Those Claims.**

The "seven hour" rule was never intended to be a hard and fast rule to be applied woodenly to each case in a one-size-fits-all fashion, as defendants attempt to do here. *See* Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendments (listing factors that warrant additional examination time); *Blackmon v. Bd. of County Comm'rs of Sedgwick County*, No. 05-1029-MLB-DWB, 2011 WL 663195, at *2 (D. Kan. Feb. 14, 2011) (factors set out in Advisory Committee Notes are not "exclusive"); *Arista Records LLC v. Lime Group LLC*, No. 06 Civ. 5936(GEL), 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008) (district court has "broad discretion" to set the length of depositions based on the "circumstances of the case").  Indeed, the Federal Rules could not be more clear that seven hours is a guideline that should (and "must") give way when a full and fair examination will require additional time. *E.g., Marlborough Holdings Group, Ltd. v. Pliske Marine, Inc.*, No. 08-62075-CIV, 2010 WL 4614704, at *1 (S.D. Fla. Nov. 5, 2010); *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 522 (S.D. Fla. 2002).  Plaintiffs are plainly entitled to additional time here:

1. <u>The Hotfile 30(b)(6) Deposition Will Be The Principal Deposition In The Case.</u>  The plaintiffs here have alleged that the defendants, the operators of the website www.hotfile.com, have facilitated copyright infringement on a massive scale, with damages likely to be in the hundreds of millions of dollars.  Yet, there are virtually no party defendant witnesses because

defendants have engineered it that way. Hotfile Corporation claims to have no "employees." *See* Defendants' Opposition to Plaintiffs' Motion to Compel (Dkt # 130) at 6 n.4. Rather, Hotfile contracts out the functions normally performed by employees to a related company owned by two of the three same shareholders that own Hotfile Corporation. Hotfile is hiding behind that structure, and the fact that its personnel are in Bulgaria, in refusing to produce any of its "employees" for deposition under the Federal Rules. While plaintiffs may attempt to compel depositions of certain of Hotfile's "employees" through international process, the timeline of that process is uncertain and, in any event, under Bulgarian law, it would afford a relatively limited examination.

As such, Hotfile's Rule 30(b)(6) deposition will be the principal deposition in the case, and the examination will need to cover every affirmative copyright issue in the case, as well defendants' Digital Millennium Copyright Act ("DMCA") defense and a multitude of other affirmative defenses. Plaintiffs are entitled to additional examination time to "fairly examine" Hotfile. *See Rahman v. The Smith & Wollensky Rest. Group, Inc.*, No. 06 Civ. 6198(LAK)(JCF), 2009 WL 72441, at *4 (S.D.N.Y. Jan. 7, 2009) (granting additional time where examining party was unable to elicit testimony from other witnesses); *Dunkin' Donuts*, 206 F.R.D. at 522 (same).

The evidence needed to establish defendants' liability, moreover, largely is in the possession of Hotfile. As reflected in Exhibit A hereto (Plaintiffs' Rule 30(b)(6) Notice to Hotfile Corporation), plaintiffs' examination of Hotfile will cover numerous core issues, including:

- o Hotfile's intent to foster copyright infringement, including its payment of users it calls "Affiliates" to upload infringing content;

- Hotfile's knowledge of copyright infringement and of the "red flags" of infringement that it ignored;

- Hotfile's material contribution to infringement, including the technical infrastructure and features it built into the service to facilitate infringement;

- Hotfile's financial benefit from and as a result of the massive copyright infringement;

- Hotfile's right and ability to control the infringement on its system, including through technical measures; and

- Hotfile's claimed compliance with the DMCA, including designation of a copyright agent, compliance with takedown notices, and termination of repeat or blatant infringers.

Each of these is a central issue in the case and requires inquiry into very detailed subsidiary facts and documents. In addition, Hotfile has asserted twelve affirmative defenses, and has indicated it will pursue each of them to the fullest. *See* Second Amended Answer, Affirmative Defenses, and Counterclaim of Defendant Hotfile Corp. (Dkt # 161) ("Second Amended Answer") at 9-14 (¶¶ 71-82). The scope of issues that must be covered in a Rule 30(b)(6) deposition of Hotfile, without more, would amply justify an additional day of deposition. *Lime Group LLC*, 2008 WL 1752254, at *2 (considering scope and number of issues to be covered in granting additional time for deposition); *see also McBride v. Medicalodges, Inc.*, No. 06-2535-JWL-GLR, 2008 WL 1774674, at *2 (D. Kan. Apr. 16, 2008) (same).

2. The Deposition Will Need To Cover Highly Complex and Technical Subject Matter.

Plaintiffs will need to examine Hotfile on highly technical issues. These include, by way of brief illustration only: (a) whether and how Hotfile uses content file "hash" values to remove identified infringing content; (b) Hotfile's implementation (post-complaint) of sophisticated "fingerprint" technology to block infringing copies of plaintiffs' works; (c) the internal technical

5

processes by which Hotfile claims it identifies, tracks, and terminates repeat copyright infringers; (d) the technical intricacies of Hotfile's file storage system; and (e) technical features Hotfile built into the system to facilitate its users' copyright infringement.

Further complicating the deposition, Hotfile refused to produce Hotfile's computer source code, arguing that such information could be discovered by deposition. The Court upheld Hotfile's position, noting, however, that plaintiffs could explore technical matters by asking Hotfile about the code and the function of the Hotfile website directly. Order on Motion to Compel (Dkt #128) at 2-3. Thus, plaintiffs' only recourse is to learn about the technical operation of the Hotfile system through the Hotfile 30(b)(6) deposition. Even under the best of circumstances, questioning on highly technical matters requires greater time for a deposition. *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *4 (N.D. Ill. July 19, 2001) (additional time due to "factual complexity" of testimony); *Dunkin' Donuts*, 206 F.R.D. at 522 (additional time due to "complexity" of litigation).

3. <u>Language Barriers And A Need For Translation Services Also Justify Additional Time.</u> English is not the first or primary language of Mr. Titov or any of the other individuals Hotfile may designate on Rule 30(b)(6) topics. Plaintiffs will need to have translators present and available to translate both questions and answers. Working through a translator will substantially reduce the effective examination time, and courts routinely grant additional examination time based on this factor alone. *Marlborough Holdings Group*, 2010 WL 4614704, at *1 (granting additional examination day because "use of a translator will effectively reduce the time available" for the deposition); *see also* Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendments. After plaintiffs requested additional examination time for the Hotfile deposition, defendants for the first time asserted that Mr. Titov would not require a translator and

6

therefore plaintiffs should not have additional time on account of delays caused by translation. However, throughout this case, defendants have repeatedly insisted that plaintiffs would need translators for Mr. Titov (and other witnesses). Mr. Titov conducts most Hotfile business in Bulgarian, and almost all his documents and emails with Hotfile personnel are in Bulgarian. Plaintiffs cannot reasonably proceed without a translator on hand, given the probability that at least some substantial number of questions and answers will need to be translated.

      4.  <u>The Depositions Will Be In Bulgaria, Leaving Plaintiffs No Effective Ability To Seek Additional Time After-The-Fact.</u>  Although Hotfile and Mr. Titov are party defendants and should be required to appear for a deposition in this District, Mr. Titov – whom defendants have indicated will be the primary 30(b)(6) witness – claims that he cannot appear in this District before the close of discovery due to passport issues. Mr. Titov has resided in Miami, Florida and operated Hotfile from this District. However, defendants now claim that Mr. Titov cannot obtain a visa to come to the United States prior to the close of discovery. Because discovery closes on December 23, 2011, plaintiffs must incur substantial expense and inconvenience to fly lawyers, a technologist and court reporters to Sofia, Bulgaria for the Hotfile and Titov depositions.

      Plaintiffs have every intention of proceeding through the Hotfile deposition apace and will conclude the deposition sooner than the allotted time if possible. However, plaintiffs seek an order from the Court so that they can be assured of two full days of examination of Hotfile, since the location of the deposition in Bulgaria effectively forecloses seeking additional time and resuming the deposition at a later date. Mr. Titov is responsible for the situation the parties find themselves in. Defendants should not be permitted to further exploit the situation for their own tactical advantage.

In light of these reasons, plaintiffs respectfully request one additional deposition day to examine Hotfile on the main copyright claims and defenses.

## II. Defendants' Position That Plaintiffs Must Complete the Deposition in Two Days is Baseless.

Defendants insist that all depositions in which Mr. Titov may be the witness, either in his personal capacity or as a corporate designee, must be lumped together when calculating the time allowed for deposition. Thus, defendants assert that they will allow only *two deposition days total* for all depositions in which Mr. Titov may appear as a witness, either as a 30(b)(6) witness or in his personal capacity. There is no basis in law, or on these facts, for that position.

Plaintiffs have noticed *three distinct depositions* – which will be the three primary depositions for the entire action. First, plaintiffs collectively seek a Rule 30(b)(6) deposition of defendant Hotfile related to plaintiffs' claims of copyright infringement and Hotfile's asserted defenses. Second, plaintiffs collectively seek a deposition of defendant Titov, in his individual capacity, as a defendant in his own right, including as to legally and factually distinct issues concerning Mr. Titov's personal liability. Third, counterclaim defendant Warner seeks a Rule 30(b)(6) deposition of counterclaim plaintiff Hotfile related to Hotfile's counterclaims against Warner. No other plaintiff or defendant is party to Hotfile's counterclaims against Warner.

There is no basis for defendants' edict that these three separate depositions must be limited to two days total just because Hotfile intends to designate Mr. Titov as it corporate representative. Defendants do not dispute that plaintiffs are entitled to a full deposition day with Mr. Titov in his individual capacity. Nor do they dispute that plaintiffs are entitled to a full deposition day with Hotfile Corporation. However, defendants somehow claim that counterclaim defendant Warner is not entitled to a separate Rule 30(b)(6) deposition of Hotfile on Hotfile's counterclaim against Warner.

The main copyright claim issues and the counterclaim issues are factually and legally distinct and do not overlap at all. *See* Exhibit B (Warner Bros. Entertainment's Rule 30(b)(6) Notice to Hotfile Corporation on Counterclaim Topics). Hotfile's counterclaims against Warner involve claims that Warner sent several hundred individual DMCA takedown notices to Hotfile that contained "knowing material misrepresentations" in violation of DMCA Section 512(f), and that Hotfile was injured as a result of these takedowns. *See* Second Amended Answer (Dkt #161) at 20-28 (¶¶ 17-35); 17 U.S.C. §512(f). Defendants' effort to deny Warner a counterclaim deposition of Hotfile is also inconsistent with defendants' own course of conduct: Hotfile served and took a Rule 30(b)(6) deposition of Warner on the counterclaim issues, yet defendants have also served *a second and separate* Rule 30(b)(6) deposition notice seeking Warner's deposition on the main copyright claim issues. Warner likely will be taking only *a single deposition* in defense of Hotfile's counterclaims – of Hotfile itself. Warner must be permitted a full deposition day to examine Hotfile on its counterclaim allegations, and that examination time cannot count against plaintiffs' time for examining Hotfile on plaintiffs' affirmative copyright claims.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion should be granted. Respectfully, the Court should allow plaintiffs two deposition days to examine defendant Hotfile Corporation on the main copyright claims and Hotfile's defenses. The Court further should direct defendants that they cannot restrict counterclaim defendant Warner's deposition time to examine Hotfile Corporation on issues relating to the counterclaims.

In light of the date that the depositions are scheduled to begin and the need for the parties to travel to Bulgaria for the deposition, plaintiffs respectfully request expedited briefing, and request that Hotfile be ordered to file its brief no later than November 22, 2011.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs have conferred with counsel for Defendants Hotfile Corp. and Anton Titov in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED: November 16, 2011

By: /s/ Karen L. Stetson

Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue, 16th Floor
Miami, FL 33131
Telephone: (305) 461-6880
Facsimile: (305) 461-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

　*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 16th day of November, 2011, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Motion for One Additional Examination Day for the Rule 30(b)(6) Deposition of Defendant Hotfile Corporation**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
　　Karen L. Stetson

11

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*