# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

# **PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION OF DEFENDANT HOTFILE CORP.**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc., by their attorneys, will take the deposition upon oral examination of Defendant Hotfile Corp. ("Defendant" or "Hotfile") before a certified shorthand reporter at the offices of

1

Kambourov & Partners, 55 Neofit Rilski St., 1000 Sofia, Bulgaria, commencing at 9:00 a.m. on December 7-8, 2011, or at such other time agreed by counsel, pursuant to Fed. R. Civ. P. 30(b)(6), with respect to the matters set forth below in Schedule A. The deposition will proceed in accordance with the Federal Rules of Civil Procedure and will continue from day to day (Saturdays, Sundays and holidays excluded) until completed. This deposition will be recorded stenographically and by videotape.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Hotfile shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf, regarding the topics listed on Schedule A.

Dated: November 15, 2011                    By: _____
                                                 Duane C. Pozza

| | |
|---|---|
| MOTION PICTURE ASSOCIATION OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>Duane C. Pozza (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Phone: 202-639-6000<br>Fax: 202-639-6066<br><br>GRAY-ROBINSON, P.A.<br>Karen L. Stetson (FL Bar No. 742937)<br>1221 Brickell Avenue<br>Suite 1600<br>Miami, FL 33131<br>Phone: 305-416-6880<br>Fax: 305-416-6887<br><br>*Attorneys for Plaintiffs* |

## SCHEDULE A

## DEFINITIONS

The following definitions apply to the Deposition Topics listed below:

1. The words "you," "yours," "yourselves," and "Defendants" means Anton Titov and Hotfile Corp., and includes (i) any directors, officers, accountants, investigators, attorneys, employees, agents, representatives or other persons authorized to act on behalf of Hotfile Corp. or Anton Titov; (ii) all of Hotfile Corp.'s affiliates, divisions, units, predecessors-in-interest, successors-in-interest, subsidiaries, parent corporations, and assigns; (iii) any other person or entity otherwise subject to Hotfile Corp.'s or Anton Titov's control, who controls Hotfile Corp., or is under common control with Hotfile Corp.

2. The terms "Hotfile" and "Hotfile Website" mean the website accessible at www.hotfile.com and hotfile.com and encompasses all servers, software, and databases operated as part of the website.

3. The term "Hotfile Entity" means Hotfile Corp., Hotfile, S.A., and Hotfile, Ltd., as well as any entity that participates in the management or operation of the Hotfile Website, and shall further include principals, executives, officers, directors, employees, agents, representatives, or shareholders of such entity.

4. The term "Lemuria" means Lemuria Communications Inc. ("Lemuria"), including any principals, executives, officers, directors, employees, agents, representatives, or shareholders of Lemuria, all of Lemuria's affiliates, divisions, units, predecessors-in-interest, successors-in-interest, subsidiaries, parent corporations, and assigns, and any other person otherwise understood by you to be subject to Lemuria's control, who controls Lemuria, or is under common control with Lemuria.

5.       The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation."

6.       "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7.       The word "document" shall have the meaning of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

8.       "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9.       "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

10.      The words "pertain to" or "pertaining to" mean relates to, refers to, regarding, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

11.      The term "Hotfile user" means any person who has directed his or her Internet browser to the Hotfile Website or otherwise accessed the Hotfile Website, including any person who has registered with the Hotfile website, any person who has at any time opened a "Premium" account with the Hotfile website, and any person who has at any time been a participant in any of the Hotfile Website's "Affiliate" programs.

12.      The term "Content File" means any electronic file uploaded to, stored on and/or downloaded from the Hotfile Website by any Hotfile user at any time.

13. The term "Affiliate programs" means all offers, programs or practices whereby Hotfile users receive compensation from any Defendant or Hotfile Entity, including the "Affiliate" program for uploading users and the "Referral" programs "for site owners" and "Refer a friend" as described at http://www.hotfile.com/affiliate.html.

14. The term "Content Reference Data" means any electronic data pertaining to the Content Files (apart from the Content Files themselves) received by Hotfile servers or otherwise created, maintained, or used by Hotfile or Defendants. "Content Reference Data" shall include:

    a. the Hotfile URL associated with each such file;

    b. any unique Hotfile-assigned identifier associated such each such file;

    c. any identifiers of the uploading Hotfile user associated with each such file including IP address, username, and Hotfile user identification number;

    d. the Hotfile user supplied filename of each such file;

    e. the size in bytes of each such file;

    f. the date and time each such file was uploaded to Hotfile;

    g. the location and/or IP address from which each such file was uploaded to Hotfile;

    h. the number of times each such file has been downloaded from Hotfile;

    i. the location and/or IP address from which each such file was downloaded from Hotfile;

    j. the dates and time of each download of each such file from Hotfile;

    k. whether each such file was copied using Hotfile's feature by which an uploading user may create additional copies within their account, and if so, the Hotfile URL and any unique identifier associated with each resulting copy;

    l. the "status" of each such file on the Hotfile Website, including:

        i. whether the file remains active;

        ii. whether the file has been blocked from user access, or from Hotfile's servers;

   iii. for files that do not remain active, the reason why the file no longer remains active, including

     1. whether the file was the subject of a copyright owner claim or notice;

     2. whether the Hotfile user deleted the file; or

     3. whether the file was blocked, removed, or deleted for inactivity; or

     4. whether the file is no longer active for some other reason.

15. The term "User Data" means all electronic data received by Hotfile servers or otherwise created, maintained, or used by Hotfile or Defendants reflecting information about Hotfile users, whether registered or unregistered, including any user account or activity records, any records of uploads to or downloads from Hotfile by users (including log files), and all records concerning payments made or owed to users under any of Hotfile's "Affiliate" programs.

16. The term "Affiliate Data" means all electronic data reflecting information about the persons or entities to which Hotfile makes payments, directly or indirectly, as part of any of its "Affiliate" programs, including amounts and dates of payments; the URLs of websites registered by Hotfile users under Hotfile's referral program for site owners; the amounts of traffic from such websites; the number of downloads by users arriving from such websites; the numbers of Hotfile Premium subscriptions resulting from traffic from such websites; formulas, algorithms, or other methods used to calculate those payments; and any data used to calculate the amounts of such payments or determine their proper recipients.

## DEPOSITION TOPICS

1. All data collected or received by Hotfile, including all Content Reference Data, User Data, and Affiliate Data, the databases in which that data is stored, and all actions taken to log any data received by Hotfile.

2. The processes by which users may upload and create copies of files (including

6

remote and FTP upload of files).

3. The processes by which Hotfile makes and stores copies of files, and the file storage architecture and related software of the Hotfile Website,

4. The processes by which Hotfile displays information and permits users to manage their files and by which users receive a link (including a "hotlink") for those files.

5. The processes by which users may create additional copies of previously uploaded files and additional links to those files.

6. The processes by which Hotfile enables or restricts the downloading of Content Files, including whether and how it restricts download speeds or other access to those files by certain users.

7. The processes by which Hotfile enables the downloading of Content Files, including whether it creates multiple copies of those files in the course of downloading.

8. The processes by which Hotfile monitors any "cheating" in downloading.

9. Any policy, methods, or practices any Defendant, Hotfile, or Hotfile Entity has ever adopted or considered pertaining to the deletion of files uploaded by users that have not been downloaded by users within a particular time period (such as 90 days).

10. The Content Files uploaded to or downloaded from Hotfile, including by you or individuals identified in response to Interrogatory No. 1, and your knowledge of whether any of those contained infringing content or content alleged to be infringing.

11. Hotfile's, Defendants', or any Hotfile Entity's processes, procedures, or actions taken to restrict, disable, or remove Content Files for any reason, including notifications of copyright infringement.

12. The circumstances of your creation and the implementation of Hotfile's Special Rightsholder Account ("SRA"), or any other account permitting copyright holders to disable or remove Content Files, as well as the authorization of its use by copyright owners and their agents (including Plaintiffs) and identification of any files removed via any such account.

13. The technical operation of the SRA, including:

   a. Whether files noticed through the SRA are deleted immediately or rendered inaccessible for some period of time prior to deletion;

   b. How the SRA responds to URLs that resolve to subpages of Hotfile instead of URLs that resolve to specific files, such as "list" pages containing multiple URLs that resolve to specific files, as referenced by www.hotfile.com/faq.html. ("Q. How can I create list with all files in folder? A. You can do it with our File Manager - for each your directory you will find "Get link" option. Click it and you will get url of page, containing all your files in this directory.");

   c. Any changes to the SRA over time.

14. Any policy, methods, or practices any Defendant, Hotfile, or Hotfile Entity has ever adopted or considered, or any actions taken, regarding the removal, blocking, or restriction of any content (including unauthorized or copyrighted content) from the Hotfile Website, including via use of:

   a. Any hash-based (MD5, SHA1 or otherwise) technology;

   b. Any technology or service based on audio, audiovisual, or video fingerprinting (e.g. Vobile, Audible Magic, etc.); and

   c. Any technology based on filename, filename extension, file type, file size, internal file metadata, or any combination thereof.

15. The content, design, features and functionalities of the Hotfile Website (including the Hotfile Tool released in July 2011, Hotfile "list" pages, and the Hotfile "Link Checker"), including any feature specification, feature requirements definition, or system architecture, and any changes made to the content, design, features and functionalities of the Hotfile Website over time.

16. Hotfile's implementation of the Hotfile Website in source code and the maintenance of that code in a repository or repositories containing past versions.

17. Hotfile's use of databases in support of the Hotfile Website (including tables in the database and the columns of those tables).

18. Any consideration, discussion or analysis regarding implementation or use of functionality permitting users to search for individual Content Files or URLs on the Hotfile Website, including any reason why the Hotfile Website does not contain such a search functionality.

19. The uses of the Hotfile Website, including the existence and amount of infringing or non-infringing uses, the reasons that users are attracted to the Hotfile Website, the demographic or other characteristics of Hotfile users, and any other information about the characteristics of Hotfile uses or users gained from sources such as Google Analytics or log data.

20. The sites from which users come to the Hotfile Website, and the nature of Hotfile's relationship with any of those sites (including your communications with any of the operators of those sites).

21. Any disciplinary action, or consideration of such action, against a website referring traffic to Hotfile, or the operator of such a website, for any reason including reasons pertaining to copyright infringement or claims or notices of copyright infringement.

22. The design and implementation of each of Hotfile's Affiliate programs, including the calculation of any payments to Affiliates or to any Hotfile users.

23. All efforts to promote, advertise, or market the Hotfile Website, including statements on public forums and payments to contractors to promote Hotfile.

24. Any consideration of or steps taken to implement advertising on Hotfile.

25. All efforts to attract Hotfile users or potential Hotfile users from other "locker" or file storage websites, including Rapidshare and Megaupload.

26. All efforts to attract Hotfile users or potential Hotfile users from other file-sharing or file-trading services, including BitTorrent, eDonkey, or Limewire.

27. Hotfile's use of payment processors, including PayPal and SegPay.

28. The implementation of Hotfile's "Reseller" program.

29. All communications by you or any individual or entity acting on behalf of Hotfile, you, or any Hotfile Entity with any Hotfile user, including to provide technical or other assistance to any Hotfile users.

30. All payments to or from any Hotfile users.

31. All classifications of or privileges provided to any Hotfile users or classes of Hotfile users.

32. Any policy, methods, or practices any Defendant, Hotfile, or Hotfile Entity has ever adopted or considered pertaining to preventing abuse of the Hotfile system, including any measures to prevent improper downloads, to prevent the creation of false download traffic, and to detect or impede bots.

33. Any actions of, efforts by, or the ability of, any Defendant, Hotfile, or any Hotfile Entity to terminate, block, or limit the access of any subscriber or user from the Hotfile Website, for any reason; any consideration of such actions, efforts, or ability; the explanation for any suspension, termination, or limitation on access of any user for any reason, including copyright infringement; and the circumstances surrounding the reinstatement of any user.

34. Any policies and practices by Defendant, Hotfile, or any Hotfile Entity to implement a policy to terminate, suspend or restrict any Hotfile user on the basis of copyright infringement.

35. For every user conceivably suspended, restricted, or terminated for copyright infringement, the facts and circumstances surrounding each termination, including, but not limited to, the users associated with the following Hotfile user IDs:

    i. 32764
   ii. 138846
  iii. 34812
   iv. 397615
    v. 87196
   vi. 508230
  vii. 341959
 viii. 911925
   ix. 126425
    x. 1393891
   xi. 296013
  xii. 725726
 xiii. 1075847
 xiv. 166771
  xv. 316712
 xvi. 934520
 xvii. 1211307
xviii. 98192
 xix. 393329
  xx. 1101456
 xxi. 152289
 xxii. 1295588
xxiii. 346223
xxiv. 1023354
 xxv. 680855
xxvi. 21807
xxvii. 218076
xxviii. 112212
xxix. 597652
 xxx. 412187
xxxi. 105689
xxxii. 96987

  xxxiii. 235052
  xxxiv. 295677
  xxxv. 1521906
  xxxvi. 404651
  xxxvii. 264034
  xxxviii. 1864493
  xxxix. 2102138
  xl. 286330
  xli. 17411
  xlii. 78460
  xliii. 1633993
  xliv. 308101
  xlv. 4061566
  xlvi. 4108532
  xlvii. 114447

36. All communications with any copyright owners regarding infringement on the Hotfile Website.

37. Any actions, policies or practices taken by any Defendant, Hotfile, or any Hotfile Entity to comply with the requirements of the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA"), including designation of an individual to receive copyright notices on the Hotfile website and the Copyright Office.

38. Any actions, policies or practices taken by any Defendant, Hotfile, or any Hotfile Entity to respond to takedown notices or other communications from copyright owners sent pursuant to the DMCA and any changes to those actions, policies or practices over time.

39. All explanations of Hotfile's DMCA policies on the Hotfile Website or to any user, including communications with users regarding takedown notices and any warnings sent to users related to the receipt of takedown notices.

40. The processes by which Hotfile identifies and maintains records of users who have uploaded content identified in DMCA takedown notices, including any related databases, tables, software, or system architecture.

41. All actions taken by the individuals or entities identified in response to Plaintiffs' Interrogatory No. 1, on behalf of or at the direction of Defendants, Hotfile, or any Hotfile Entity, including the scope of responsibilities or work of such individuals or entities, the nature of Defendants' or Hotfile's relationship with those individuals or entities and the involvement of those individuals or entities in the operation of the Hotfile Website.

42. Hotfile's relationship and communications with its internet service providers, including Webazilla, Limelight Networks, and Lemuria, and the circumstances surrounding the formation of Lemuria and the work it performs on behalf of Hotfile.

43. The shareholders, investors, and potential investors in the Hotfile Website, and the circumstances surrounding the formation and operation of Hotfile Corp. and any Hotfile Entity, including the relationship and payments exchanged between Hotfile Corp. and any Hotfile Entity.

44. The revenues received by Defendants or any Hotfile Entity, including profits from the operation of Hotfile and the distribution of those revenues.

45. Hotfile's adherence to corporate formalities, including but not limited to:

    a. the incorporation of Hotfile Corp. and any Hotfile Entity;

    b. Hotfile Corp.'s and any Hotfile Entity's appointment of officers and directors and their involvement in the operation and management of Hotfile Corp. and any Hotfile Entity;

    c.   the maintenance of bank accounts and banking records by Hotfile Corp. and by any Hotfile Entity;

    d.   payments or distributions to any shareholders of Hotfile Corp. or any Hotfile Entity.

46.   The factual bases for each of your affirmative defenses.

47.   All efforts to preserve any data collected or received by Hotfile, or any documents or data requested by Plaintiffs in the litigation, including all circumstances regarding the preservation and deletion of download log data from February 2011.

48.   All efforts to search for and collect responsive documents, data, and information in response to Plaintiffs' discovery requests served in this litigation, including identification of the email addresses, instant messaging handles, computers, and document custodians searched, whether any individuals who provided services or performed work on behalf of Hotfile have email addresses, instant messaging handles or computers that were not searched, and identification of any database queries used to extract responsive data.

49.   The authenticity of any documents or data produced by Defendants during the course of discovery in this litigation.

50.   The bases for your responses to each of Plaintiffs' Interrogatories, including but not limited to Interrogatories Nos. 1, 2, 4, 6, 9, 10, 12, and 13.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th Day of November, 2011, I served the following documents on all counsel of record on the attached service list via their email address(es) as set forth on the attached service list pursuant to the parties' service agreement:

**PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION OF DEFENDANT HOTFILE CORP.**

I further certify that I am admitted *pro hac vice* to the United States Court for the Southern District of Florida and certify that this certificate of Service was executed on this date at Washington, D.C.

By: _____
Duane C. Pozza

# SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-JORDAN**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Phone: 415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Phone: 305-476-7101
Fax: 305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*