# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.

_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.

_____/

## **COUNTERDEFENDANT WARNER BROS. ENTERTAINMENT INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION OF COUNTERCLAIMANT HOTFILE CORP.**

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 30(b)(6), Counterdefendant

Warner Bros. Entertainment Inc., by its attorneys, will take the deposition upon oral examination

of Counterclaimant Hotfile Corp. ("Counterclaimant" or "Hotfile") before a certified shorthand

reporter at the offices of Kambourov & Partners, 55 Neofit Rilski St., 1000 Sofia, Bulgaria,

commencing at 9:00 a.m. on December 6, 2011, or at such other time agreed by counsel, with

1

respect to the matters set forth below in Schedule A.  The deposition will proceed in accordance with the Federal Rules of Civil Procedure and will continue from day to day (Saturdays, Sundays and holidays excluded) until completed.  This deposition will be recorded stenographically and by videotape.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Hotfile shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf, regarding the topics listed on Schedule A.

Dated:  November 15, 2011                    By:  _____
                                                  Duane C. Pozza

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA  91403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305-416-6880
Fax: 305-416-6887

*Attorneys for Plaintiff and Counterdefendant
Warner Bros. Entertainment Inc.*

<u>**SCHEDULE A**</u>

The following definitions apply to the Deposition Topics listed below:

**DEFINITIONS**

1.      The words "you," "yours," "yourselves," and "Counterclaimants" means Anton Titov and Hotfile Corp., and includes (i) any directors, officers, accountants, investigators, attorneys, employees, agents, representatives or other persons  authorized to act on behalf of Hotfile Corp. or Anton Titov; (ii) all of Hotfile Corp.'s affiliates, divisions, units, predecessors-in-interest, successors-in-interest, subsidiaries, parent corporations, and assigns; (iii) any other person or entity otherwise subject to Hotfile Corp.'s or Anton Titov's control, who controls Hotfile Corp., or is under common control with Hotfile Corp.

2.      The terms "Hotfile" and "Hotfile Website" mean the website accessible at www.hotfile.com and hotfile.com and encompasses all servers, software, and databases operated as part of the website.

3.      The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation."

4.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5.      "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

7.      The words "pertain to" or "pertaining to" mean relates to, refers to, regarding, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.      The term "Hotfile user" means any person who has directed his or her Internet browser to the Hotfile Website or otherwise accessed the Hotfile Website, including any person who has registered with the Hotfile website, any person who has at any time opened a "Premium" account with the Hotfile website, and any person who has at any time been a participant in any of the Hotfile Website's "Affiliate" programs.

9.      The term "Content File" means any electronic file uploaded to, stored on and/or downloaded from the Hotfile Website by any Hotfile user at any time.

## DEPOSITION TOPICS

1.      The bases of each factual allegation in Hotfile Corp.'s amended counterclaims ("Counterclaims") against Plaintiff Warner Bros. Entertainment, Inc. ("Warner"), including but not limited to:

   a.   Your allegation that Hotfile "relied on Warner's sophistication and experience in DMCA takedown procedures as well as its representations of its honesty and integrity in business dealings" (Counterclaims ¶ 2) in providing Warner with access to the SRA;

   b.   Your allegation that Hotfile has "at all times…attempted to cooperate in good faith with Warner and the other Studios," (Counterclaims ¶ 11);

4

c.  Your allegation that "[b]y September 2010, Hotfile began noticing suspicious conduct associated with the Warner DMCA takedown notices," (Counterclaims ¶19);

d.  Your allegation that "Warner, Bentkover, and Warner's other agents are well aware that its technology and techniques produce an unacceptably large number of 'false positives,'" (Counterclaims ¶ 32);

e.  Your allegation that Warner "continues to make the same types of erroneous deletions on Hotfile" as those listed in Exhibit A to your Counterclaims and attached to your April 5, 2011 30(b)(6) notice of Warner, (Counterclaims ¶ 33);

f.  Your allegation that "Warner knew its methods for using the SRA were resulting in a large number of wrongful takedowns," (Counterclaims ¶ 34);

g.  Your allegation that Hotfile has "been injured by Warner's wrongful conduct" by "interference with valuable relationships with customers whose files were wrongfully deleted by Warner," (Counterclaims ¶ 38);

h.  Your allegation that Hotfile has "been injured by Warner's wrongful conduct" by "lost income from customers who terminated premium accounts," (Counterclaims ¶ 38);

i.  Your allegation that Hotfile has "been injured by Warner's wrongful conduct" by "damage to its reputation and good will," (Counterclaims ¶ 38);

j.  Your allegation that Hotfile has "been injured by Warner's wrongful conduct" by "costs incurred in investigations and attorneys fees to uncover the full magnitude of Warner's DMCA abuse;" (Counterclaims ¶ 38).

2.      Warner's use of Hotfile's Special Rightsholder Account ("SRA") to issue takedown notices, including any notices you contend were issued wrongfully, and Hotfile's responses to such notices.

3.      Your communications with Warner or any individual that you believed to be acting on behalf of Warner regarding Warner's takedowns (including by means of the SRA).

4.      Users Hotfile has terminated based on (or based in part on) notifications of infringement (whether by means of the SRA or otherwise) issued by Warner that you contend were issued wrongfully.

5.      Users that have canceled their accounts or did not upgrade to premium accounts based on (or based in part on) notifications of infringement (whether by means of the SRA or otherwise) issued by Warner that you contend were issued wrongfully.

6.      For each URL identified in Exhibits A-D of the Counterclaims, the bases for your claim that Warner "knowingly misrepresent[ed]" its good-faith  basis as to the infringing nature of files Warner requested be removed from Hotfile.

7.      For each URL identified in Exhibits A-D of the Counterclaims, the date you first came to believe that the URL had been requested for takedown by Warner in error, the circumstances of your acquiring such awareness, and any notification or information provided to Warner about each URL.

8.      Communications (including complaints, responses, and/or DMCA counternotifications) between Hotfile and any third party (including Hotfile users, Hotfile affiliates, and third-party "link" sites) regarding takedown notices (whether by means of the SRA or otherwise) issued by Warner.

9.      Hotfile's practices and procedures for generating or allowing users to generate DMCA counternotifications, including how those practices and procedures have changed over time.

10.      Hotfile's practices and procedures for responding to DMCA counternotifications, including whether Hotfile retains copies of files that are subject to a notice so that they can be restored in the event of a counternotice, and including how Hotfile's practices and procedures for responding to counternotifications have changed over time.

11.      Any harm or injury you claim to have suffered as a result of notifications of infringement that Hotfile contends were improperly taken down through Warner's use of the SRA tool, including but not limited to:

   a.   damage to your goodwill or reputation due to the disabling or removal of any Content File you contend was improperly taken down;

   b.   loss of revenue from any Hotfile user who has terminated his or her premium account due to the disabling or removal of any Content File you contend was improperly taken down;

   c.   damage to your goodwill or reputation, or loss of revenue from any Hotfile user whose account you terminated for repeat infringement, due to the disabling or removal of any Content File you contend was improperly taken down; or

   d.   costs or expenses you have incurred in investigating the disabling or removal of any Content File you contend was improperly taken down.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th Day of November, 2011, I served the following documents on all counsel of record on the attached service list via their email address(es) as set forth on the attached service list pursuant to the parties' service agreement:

**COUNTERDEFENDANT WARNER BROS. ENTERTAINMENT INC.'S NOTICE OF DEPOSITION OF COUNTERCLAIMANT HOTFILE CORP.**

I further certify that I am admitted *pro hac vice* to the United States Court for the Southern District of Florida and certify that this certificate of Service was executed on this date at Washington, D.C.

By: _____
Duane C. Pozza

8

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-JORDAN**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and
Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and
Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and
Anton Titov*