UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

       *Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

       *Defendants.*
_____/

HOTFILE CORP.,

       *Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

       *Counter-Defendant.*
_____/

**MEMORANDUM OF LAW OF DEFENDANTS HOTFILE CORP. AND ANTON TITOV
IN OPPOSITION TO PLAINTIFFS' MOTION TO DEFER DAMAGES DISCOVERY**

**<u>INTRODUCTION</u>**

Plaintiffs movie Studios' motion seeks a one-sided and unfair advantage. While the

motion pretends to seek a "straightforward" and "sensible" deferral of *all* damages discovery, it

is neither. Only by turning to the proposed order is it clear that Plaintiffs really seek to limit

CASE NO. 11-20427-WILLIAMS-TURNOFF

Defendants Hotfile Corp. and Anton Titov ("Defendants" or "Hotfile") from testing the Studios' copyright liability claims.  The order would allow Defendants to contest liability solely on the basis of the 175 carefully selected works set forth in Complaint to maximize the Studios chances of success.  It would preclude Hotfile from introducing any evidence in defense of the copyright claims with respect to the "thousands" of other works Plaintiffs now also claim are infringed.[1] Further, Plaintiff's motion would not apply to postpone damages discovery and summary judgment issues related to Defendant Hotfile's counterclaim.  Plaintiffs thus seek to put off their obligation to provide discovery and prove damages during the so-called liability phase with respect to their claims while insisting that Hotfile provide discovery and prove all elements of its counterclaim, including injury and damages.

As Hotfile has maintained from the first time Plaintiffs made this lopsided proposal months ago, there must be a level playing field.  Either all damages discovery is deferred (but not liability discovery on any of Plaintiff's alleged infringing works) or none should be deferred.

## PROCEDURAL BACKGROUND

Plaintiffs represent that they "have been operating under the understanding that the Court had adopted their proposals *sub silento*."  Motion, p. 2.  There is no colorable basis for such an assumption.  The Court's Order Setting Schedule, Requiring Mediation, and Referring Certain Motions, which issued on August 30, 2011 (D.E. 133), set December 23, 2011 as the date by which "all discovery including expert discovery is completed."  While the parties had presented their competing views on Plaintiffs' one-sided proposal, most recently in an Updated Joint

---

[1]  Plaintiffs pointedly do not explain—either in their motion or in conversations with counsel for Defendants—what would happen if Defendants prevail on summary judgment of no copyright liability: are Plaintiffs conceding that they would be foreclosed from asserting copyright infringement for the "thousands" of other works?  Similarly, what would be the outcome if Plaintiffs prevail on 25 of the 175 selected works? On just 5 works? Their silence on these issues demonstrates both the one-sided nature of their requested relief and why it is unworkable.

Scheduling Conference report on July 15, the August 30, 2011 Order says nothing about the damages bifurcation issue. Accordingly, Defendants have been preparing their damages case for the counterclaim and recently provided their expert report on those damages as required by that scheduling order. Plaintiffs cannot credibly maintain that the Court somehow "adopted" their proposal by silence—indeed that is undoubtedly why they filed this motion.

Defendants do not now and have never opposed a simple postponement of all damages discovery—on Plaintiffs' claims and Hotfile's counterclaim—as long as it applies even-handedly. The parties made this joint statement in their latest Joint Conference Report:

> The parties also propose that all discovery prior to the discovery cut-off date proposed above shall be limited to discovery relevant to liability, and that discovery related only to damages shall be postponed until such time as the Court has the opportunity to conduct a status conference, following the Court's ruling(s) on all of the parties' summary judgment motions on liability.

See D.E.. 101-1, at 6.

But neither the Joint Report nor the proposed order stated that liability could turn only on Plaintiffs' selected works listed in the Complaint or that the postponement of damages discovery would not apply to Hotfile's Counterclaims.[2] Plaintiffs have no basis to assume that Defendants (but not Plaintiffs) would be prevented from conducting any discovery on the thousands of other works that Plaintiffs contend are infringing or that any postponing of damages discovery would only apply to Plaintiffs' (but not Defendants') claims. Upon receipt of this motion therefore,

---

[2] Plaintiffs may argue in Reply that Hotfile did not file its counterclaim (because Plaintiff Warner delayed in providing the needed discovery) until after the date of the Joint Report. But Hotfile's counsel had made clear both in the Report itself (e.g., pp. 4 and 16-17) and to Plaintiff's counsel that a counterclaim would soon be filed. Plaintiffs knew that the counterclaim would be filed when they made this proposal. There is no reason to justify delaying only Plaintiffs' damages discovery and not comparable discovery on Defendants' counterclaim.

Roderick M. Thompson, Esq., lead counsel for Defendants contacted Steven B. Fabrizio, Esq., lead counsel for Plaintiffs to be sure that the motion really is intended to seek such one-sided relief.  Regrettably, it is; and Defendants are forced to file this opposition.

## ARGUMENT

The motion inaccurately suggests that Defendants are only "now, for reasons inexplicable" opposing Plaintiff's remarkably unfair proposal.  Hotfile's opposition has been loud and consistent for the first.  And it is hardly inexplicable.  Defendants' portion of the Updated Joint Scheduling Conference Report [D.E. 101-1], for example, made this position plain:

> Although Plaintiffs suggest that Hotfile should be limited in filing its summary judgment motion "to a small sample of copyrighted works chosen by plaintiffs," Plaintiffs argue that they should be entitled to unlimited discovery with respect to (and indeed have already filed motions to compel) "thousands" of unidentified copyrighted works they hope to find on Hotfile's website. **Plaintiffs cannot have it both ways – either they are limiting this case to the 175 works identified in the Complaint or they are asserting infringement of "thousands" of works**."

The one-sidedness of Plaintiffs' proposal flouts basic due process.  Plaintiffs cannot justifiably attempt to establish liability based on 175 works hand-picked by Plaintiffs after more than one year of pre-filing investigation – and then deem liability presumed as to "thousands" of other works for purposes of proceeding to the "damages phase" of discovery.  **If Plaintiffs intend to assert "thousands" of known copyrighted works against Hotfile, they should do so**

**now, and not unjustifiably force Hotfile to litigate thousands of works in the confines of damages discovery.**

[D.E. 101-1, p. 10] [Emphasis added.]

Shortly thereafter, in granting in part Defendants' motion to compel discovery, the Court (Jordan, J.) agreed that Plaintiffs cannot have it both ways.  The Court ordered production of documents and an interrogatory response by Plaintiffs with respect to "**all** files available on hotfile.com that the movie studios allege infringe their copyrights." Id., p. 2.  The Court specifically rejected the argument the Studios stubbornly repeat here—that Plaintiffs should be required to produce only discovery (but again without a corresponding reduction on Hotfile's discovery obligations) limited to "those files that the movie studios have legally alleged in their complaint to have infringed."  Id., n. 3.  The Court ordered Plaintiffs to produce discovery on all allegedly infringing files, not just those allegedly infringing the narrow subset of works listed in the Complaint.

Hotfile's position remains unchanged.  If Plaintiffs are now limiting their entire claim to the 175 works selected for inclusion in the complaint, they are free to dismiss the rest of their claims and eliminate discovery obligations.  Absent such a concession, they should not be allowed to prevent or delay discovery into all allegedly infringed works until after the Court determines liability summary judgment motions.  Nor should they be allowed to dictate which works the Court should or should not consider in ruling on summary judgments.  The unfairness and potential prejudice to Defendants is manifest.

Notwithstanding Plaintiffs' representation that their one-sided proposal has been "routinely adopted" in other copyright infringement cases, they quote from a single specific order—*Columbia Pictures Indus., Inc. v. Bunnell*  No. 06-cv-01093 (C.D. Cal.) D.E. # 117 (cited

CASE NO. 11-20427-WILLIAMS-TURNOFF

at p. 7 of the motion)—which turns out to be an Ex Parte Order drafted by these same lawyers and signed by that court without change.  *See* Exhibit A, attached hereto.[3] The only reasoned precedent of which we are aware was cited to the Court in the Updated Joint Scheduling Conference.  The court in *UMG Recordings, Inc. v. Escape Media Group, Inc*., No. 100152/10 (N.Y. App. Div. June 9, 2010) (attached as Exhibit B hereto), considered and rejected Plaintiffs' proposed approach.  The *UMG* court found that bifurcated discovery of liability and damages was inappropriate "since the issues involved are all intertwined" and "that discovery should not be restricted to a representative sample" of works "since defendant is entitled to assert specific affirmative defenses." *Id.* at 3; 4.  Plaintiffs' similar approach proposed here, which would limit discovery to only the **selected** subset of works listed in the Complaint that are not even asserted to be "representative" of all works, should be denied here for similar reasons.

<u>CONCLUSION</u>

The Court should reject Plaintiffs unfair and unprecedented proposal.  A proposed Order is attached to this motion as Exhibit C.

Respectfully submitted,

---

[3] The motion also lists the *Grokster, Fung* and *Lime Group* cases without citation to any specific decision or order, providing no information as to the issues presented or decided in those cases.

CASE NO. 11-20427-WILLIAMS-TURNOFF

DATED:  November 21, 2011

By: s/ Roderick Thompson
Roderick M. Thompson (admitted *pro hac vice*)
Email: rthompson@fbm.com
Andrew Leibnitz (admitted *pro hac vice*)
Email: aleibnitz@fbm.com
Anthony P. Schoenberg (*admitted pro hac vice*)
Email: tschoenberg@fbm.com
Deepak Gupta (admitted *pro hac vice*)
Email: dgupta@fbm.com
Janel Thamkul (admitted *pro hac vice*)
Email: jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone:  415.954.4400
Telecopy: 415.954.4480

And

By: s/ Janet T. Munn
Janet T. Munn, Fla. Bar No. 501281
Email: jmunn@rascoklock.com
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone:  305.476.7101
Telecopy: 305.476.7102

*Counsel for Defendants Hotfile Corp. and Anton Titov*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2011, I filed the foregoing document with the Clerk of the Court in the conventional manner.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   s/Janet T. Munn
Janet T. Munn

**GRAY-ROBINSON, P.A.**
Karen L. Stetson, Fla. Bar No.: 742937
Email: Karen.Stetson@gray-robinson.com
1211 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone:  305.416.6880
Fax:    305.416.6887

**JENNER AND BLOCK, LLP**
Steven B. Fabrizio (*Pro Hac Vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza (*Pro Hac Vice*)
Email: dpozza@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
Email: lplatzer@jenner.com
1099 New York Ave, N.W.
Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax:    202.639.6066