# EXHIBIT B

Case 1:11-cv-20427-KMW Document 168-2 Entered on FLSD Docket 11/21/2011 Page 2 of 5
FILED: NEW YORK COUNTY CLERK 06/09/2010                       INDEX NO. 100152/2010
NYSCEF Case 1:11-cv-20427-AJ Document 101-1 Entered on FLSD Docket 07/15/2011 Page 2 of 5
                                                              RECEIVED NYSCEF: 06/09/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IA PART 39
---------------------------------------x
UMG RECORDINGS, INC.,

               Plaintiff,          **DECISION/ORDER**
                                                          Index No. 100152/10
    -against-

ESCAPE MEDIA GROUP, INC.,

               Defendant.
---------------------------------------x

**E-FILE**

**BARBARA R. KAPNICK, J.:**

Plaintiff UMG Recordings, Inc. ("UMG") claims to be the owner or exclusive United States licensee of the rights in sound recordings recorded prior to February 15, 1972 of some of the most popular and successful recording artists of the 20th Century, including Buddy Holly, The Carpenters, Cat Stevens, Chuck Berry, The Jackson Five, The Mamas and the Papas, Marvin Gaye, The Supremes, The Temptations, and The Who (the "Pre-1972 Recordings"). Defendant Escape Media Group, Inc. ("Escape") owns and operates the website, www.grooveshark.com.

Plaintiff claims that Escape is reproducing and storing the Pre-1972 Recordings on its own servers, without UMG's permission, and distributing copies of the recordings to the users of its website.

Plaintiff's Complaint seeks injunctive relief, an accounting and compensatory and punitive damages based on alleged common law

copyright infringement (first cause of action) and unfair competition (second cause of action).

Plaintiff now moves by letter application for an order: (i) bifurcating discovery in this case on the ground that the issues concerning liability and damages are separate and distinct and involve different witnesses and documents; and (ii) limiting discovery during the initial phase to a representative list of plaintiff's alleged copyrighted sound recordings, and permitting plaintiff to prove its standing to bring this action based on that representative sample.[1] Plaintiff asserts that this schedule will facilitate the filing of early dispositive motions with respect to the core issue in this case, and then would provide a meaningful opportunity to explore settlement or prepare for the next phase of the case.

Defendant opposes plaintiff's request, claiming that bifurcation would unduly prejudice it and would artificially disrupt a ruling with respect to the totality of the action. Specifically, defendant claims that without discovery from plaintiff regarding various aspects of the copyrighted works,

---

[1] To establish a claim of copyright infringement, plaintiff must establish (1) ownership of a valid copyright, and (2) unauthorized copying of the musical works. See, *Arista Records LLC v Usenet.com, Inc.*, 663 FSupp 124 (SDNY 2009).

2

including ownership, use and revenue associated with the works beyond the representative sample proposed by plaintiff, defendant will be unable to adequately raise its affirmative defenses with respect to any other works, or formulate any settlement position.

> It is established that disclosure provisions are to be liberally construed and a trial court is afforded broad discretion in managing disclosure (see *Kavanagh v. Ogden Allied Maintenance Corp.*, 92 N.Y.2d 852, 954, 683 N.Y.S.2d 156, 705 N.E.2d 1197 [1998]). In the exercise of this discretion, competing interests concerning the need for such discovery must be balanced "'against any special burden to be borne by the opposing party'" (*id*. at 954, 683 N.Y.S.2d 156, 705 N.E.2d 1197, quoting *O'Neill v. Oakgrove Constr.*, 71 N.Y.2d 521, 529, 528 N.Y.S.2d 1, 523 N.E.wd 277 [1988]). If discovery has been limited to material and necessary information (see CPLR 3101[a]), the determination will not be distured unless there was a clear abuse of the trial court's discretion (citations omitted).

*American Association of Bioanalysts v New York State Dept. of Health*, 12 AD3d 868, 869 (3rd Dep't 2004). See also, *Don Buchwald & Associates, Inc. v Marber-Rich*, 305 AD2d 338 (1st Dep't 2003).

Based on the papers submitted by counsel for both sides and the oral argument held on the record on May 12, 2010, this Court finds that bifurcated discovery on liability and damages in this case is inappropriate, since the issues involved are all intertwined and should not be approached on a piecemeal basis. Either party may make a dispositive motion at the appropriate time, after complying with the requirements of Rule 24 of § 202.70 of the

3

Uniform Rules for the New York State Trial Courts (Rules of the Commercial Division of the Supreme Court).

Moreover, this Court finds that discovery should not be restricted to a representative sample of the Pre-1972 Recordings, since defendant is entitled to assert specific affirmative defenses with respect to individual recordings. See, *American Association of Bioanalysts v New York State Dept. of Health*, supra at 869-870.[2]

The parties shall enter into a discovery schedule by June 16, 2010 or appear for a conference that morning at 10:00 a.m. with the Court in Courtroom 208 at 60 Centre Street.

This constitutes the decision and order of this Court.

Date:   June / , 2010

_____
Barbara R. Kapnick
J.S.C.

BARBARA R. KAPNICK
J.S.C.

---

[2] By the same letter application, plaintiff also sought an order modifying the parties' Stipulation for the Production and Exchange of Confidential Information to permit access by UMG's in-house counsel to certain confidential information labeled for "Attorneys Eyes Only." That portion of the motion was granted on the record on May 12, 2010. Defendant may move for relief from this Order as to a specific document, if it deems it necessary and appropriate.

4