# EXHIBIT 1

REDACTED

**From:** Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
**Sent:** Friday, October 21, 2011 4:57 PM
**To:** Thompson, Rod (27) x4445
**Subject:** FW: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

You and I had a similar discussion about the number of days we likely will need to Titov's deposition. Since we will be deposing Titov in his individual capacity (as an individual party defendant) and as the corporate representative of Hotfile, the rules provide that we are presumptively entitled to two full days of testimony. The rule, however, is just a presumption and, as Rule 30(d)(1) expressly provides, the court "must allow additional time" if needed to fairly examine the deponent. As the authority Duane cites below makes clear, the need for a translator is ample justification for additional time. I have taken many depositions that required the use of a translator, as I am sure you have as well. The translation process more than doubles the time required for each question. I would like defendants' agreement that we can examine Titov over four days. Please give this thought and let me know as soon as you can. Also, please advise whether Titov has been in touch with the Bulgarian authorities to attempt to expedite obtaining whatever documents he needs to enter the US for his deposition. We also would request to see a copy of his passport to verify that, as he claims, it does not have sufficient blank space for him to use it to come to the US. Thanks. Have a good weekend.

SBF

---

**From:** Pozza, Duane
**Sent:** Friday, October 21, 2011 7:40 PM
**To:** ALeibnitz@fbm.com
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Andy,

1

The basis for adding an extra half-day for each deponent is straightforward here. I don't understand the support for your claim that Atanas Vangelov is on only 50 emails; by my count, defendants produced over 1,700 of Mr. Vangelov's documents. Defendants produced over a thousand documents for Mr. Stoyanov as well, and that does not even count the hundreds of emails on which one of them is copied that are in the possession of other custodians. Mr. Stoyanov and Mr. Vangelov are two of the three ultimate shareholders of Hotfile Corp., and each has the power of attorney to act on behalf of Hotfile Corp. They are also on multiple corporate documents for other entities that have an interest in various Hotfile-related corporations.

As if that were not enough, the need for a deposition to be translated is well understood to be grounds for extending the presumptive seven-hour period. *See Marlborough Holdings Group, Ltd. v. Pliske Marine, Inc.*, No. 08-62075-CIV, 2011 WL 4614704, at *1 (S.D. Fla. Nov. 5, 2010) (granting motion for additional time of one day for deposition because "use of a translator will effectively reduce the time available" for the deposition, and the examining party is allowed the "opportunity to fairly examine the deponent"). FRCP 30(d)(1) provides that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Frankly, we would entitled to an extra day for each here, but we are only asking for a half-day in an effort to accommodate their schedules.

As for the stipulation, thanks for your agreement on those specific points. We do not intend to file the stipulation with the Court in the first instance. But, given that the deposition is taking place abroad and the witnesses may be unavailable in the future, we need to make sure we have a stipulation that could be submitted to the Court in case the testimony must be used at a later date. An email agreement is not sufficient for that. I assume that's not an issue given that we appear to be in agreement on the ground rules for the deposition. (As one minor point, we may want to conduct the deposition at our Bulgarian counsel's offices if available.)

Let me know about the additional day, and which day would work best, and we can modify the stipulation accordingly.
Regards,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Friday, October 21, 2011 3:47 PM
**To:** Pozza, Duane
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Duane:

While I was responding to you message below of 39 hours ago, I received another demand from you to respond to this message. With respect, would you please respond to our request for an answer about the proposed forensic examination of Hotfile's storage servers, which we posed hundreds of hours (more than one week) ago? I cannot believe that your questions of yesterday on the subject – to which you already know answers, such as the location of the servers in Dallas and the deletion of the data in March – genuinely inhibits your response in any way. Repeating Plaintiffs' requests in 39-hour intervals while ignoring our aging requests is not helpful. Nonetheless, below please find Hotfile's response to your 39-hour-old e-mail, which I did not understand to have particular urgency given its subject matter regarding depositions to occur in approximately seven weeks.

We will appear on the 8th and 9th of December in Sofia for deposition pursuant to the FRCP. We expect the law offices of Markov, Penkov & Partners to be available for the deposition (Bl 22, Entr. A, Iztok Dstr., 1113 Sofia).

2

We understand that the deposition will be given under penalty of perjury under the laws of the United States. We understand that there will be a translator.

However, regarding your proposed stipulation, I have never seen its like. Do you expect to file this with the Court?

Concerning the duration of the depositions, Rule 30(d)(1) explicitly limits depositions to "1 day of 7 hours." The Rule does not exempt translated depositions. It is obviously not the witnesses' fault that they speak Bulgarian, and they should not be burdened any more than they already will be. As I understand it, Messrs. Vangelov and Stoyanov were surprised upon receiving the notices of deposition that Plaintiffs intended to interrogate them for even a half-day. Mr. Vangelov's name appears on approximately 50 e-mails. Plaintiffs could examine him for nearly ten minutes regarding every such document and still complete his deposition in seven hours. Mr. Stoyanov similarly authored a limited number of documents in this case, and even less that have any possible relevance to Plaintiffs' allegations. Plaintiffs should not treat these depositions as an opportunity to impose on Bulgarian citizens a needlessly lengthy and unfamiliar legal interrogation in a foreign language. With thrift, I have no doubt that experienced counsel can take the depositions of Messrs. Vangelov and Stoyanov in less than seven hours – even with your chosen translator – and do so comfortably. Of course, we will not oppose reasonable requests at the deposition to extend time into the evening if needed to fairly examine the witnesses, and would be pleased to begin the depositions promptly in the morning should the need for extra time arise. Otherwise, I do not understand why Hotfile would needlessly prolong these depositions without one question having yet been asked absent a far more detailed justification than your conclusory characterization of these witnesses as "key."

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law
**Farella Braun + Martel LLP**
415.954.4932


**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Wednesday, October 19, 2011 5:38 PM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com; Fabrizio, Steven B
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Andy,
Attached is a draft stipulation to conduct the depositions of Mr. Stoyanov and Mr. Vangelov in Bulgaria under the FRCP. This is subject to final client approval. As for dates, December 8 and 9 should work, but I am concerned that the translation is going to substantially slow down the pace of the deposition. Given that these are key witnesses and we want to make only one trip to depose them, I think it would be fair to extend each an extra day each to compensate for the pace of translation. I think we can streamline this by allocating one and half days to each deposition, with agreement to go slightly longer on each day if necessary, so that we finish those in three days total. Please let me know if this is fine and we can modify the stipulation accordingly.

Thanks,
Duane

**From:** Pozza, Duane
**Sent:** Wednesday, October 19, 2011 10:48 AM

3