# EXHIBIT 11

## Leibnitz, Andrew (21) x4932

| | |
|---|---|
| From: | Fabrizio, Steven B [SFabrizio@jenner.com] |
| Sent: | Friday, October 07, 2011 6:50 AM |
| To: | Leibnitz, Andrew (21) x4932 |
| Cc: | Pozza, Duane; Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com |
| Subject: | RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions |

Game playing with polite and measured language is still game playing and we believe the Court will see it for what it is. To be clear, Rod told me <u>unequivocally</u> that your clients had instructed you to refuse the depositions of Messrs. Chuburov, Manov, and Ianakov and that those depositions were effectively a dead issue. "Dead issue" is my language, but Rod's message was equally unequivocal. Thus, we understand that, for these witnesses, we will need to either seek the Court's intervention to compel their depositions or move the rules for international discovery.

To move this forward, we will adjourn the dates of the Chuburov, Manov, and Ianakov. That will give us a chance to analyze the documents produced (and yet to be produced), and we will then be in a position to present you with the nature of evidence that would support our motion. In the meantime, we request that you explain to us what role these witnesses played in the operation and management of Hotfile. That of course is information that you have in your possession. And the meet-and-confer obligation extends in both directions. Information from you as to defendants' view of these witnesses will inform and advance our own analysis of the discovery and decision-making.

Now we would like to "more productively focus on the notices of deposition of Messrs. Vangelov and Stoyanov." Rod indicated to me that, while you were taking the lead on this, defendants were prepared to produce these witnesses for depositions under the federal rules provided the depositions could be conducted in Sofia. Can you please confirm whether that is the case.

Anticipating your intermediate response, we cannot agree to a quid pro quo with the Hotfile 30b6 and Titov depositions. We believe we are entitled to have those witnesses appear in the jurisdiction and are not open to taking the Hotfile 30b6 and Titov depositions in Sofia for the reasons Duane has explained. Moreover, while Duane explained that we are happy to discuss alternative venues in the United States, it is premature to discuss the Hotfile 30b6 and Titov depositions as we have not even noticed them yet. So we would appreciate a response as to Messrs. Vangelov and Stoyanov that is not linked to the Hotfile 30b6 and Titov depositions.

SBF

1

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Friday, October 07, 2011 9:18 AM
**To:** Fabrizio, Steven B
**Cc:** Pozza, Duane; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Steve:

Your e-mail below did not answer Rod's question: are the Studios withdrawing the deposition notices for Messrs. Chuburov, Manov, and Ianakov? While you are correct that Hotfile does not expect to provide depositions of non-managing agents where there is no legal basis to do so, if the studios are not withdrawing those notices, we need to understand your contentions.

With respect, it is not "game playing" for Hotfile to ask for Plaintiffs' evidence in support of depositions they noticed -- presumably with some basis -- and regarding a subject (the deponents' "managing agent" status) on which Plaintiffs undeniably bear the burden of proof. We appreciate that Plaintiffs have provided four cases to Hotfile on Friday which apparently took your side nearly 112 minutes to muster, but, as you know, those cases both granted and denied various requests for "managing agent" depositions based on a highly "case-specific determination of a person's managing agent status." DuPont, 268 F.R.D. at 48. There is nothing improper in asking Plaintiffs to provide at least some support for their position regarding these depositions. That is the point of meeting-and-conferring. Stating that "[d]efendants know" operative facts in no way advances our understanding of which of the nearly three million documents produced by Hotfile that Plaintiffs relied upon in noticing these depositions. If your reference to "key discovery not yet produced" is a suggestion that Plaintiffs cannot presently identify factual support for the depositions noticed last week, Plaintiffs may of course withdraw their notices. While you dismiss Hotfile's present discussion as "tell me what evidence you have and maybe we'll tell you our position," this is incorrect. We will of course tell you our position once we understand your alleged basis for establishing the facts on which you bear the burden of proof. You cannot reasonably expect Hotfile to rebut facts you have not provided. It is implausible that counsel of your sophistication would "immediately move to compel" without providing the Court with further evidentiary support, and relying solely upon the conclusory arguments of counsel set forth in your side's e-mail of 2:30 p.m. on Tuesday, October 4, 2011. Rather than draft a full-fledged motion which would presumably incorporate factual support which you have so far withheld, we respectfully request again that you provide at least some factual support for Plaintiffs' position in response to my questions of the past week. If you continue to believe that supporting your position is a "sham" exercise, we cannot stop you from proceeding as you see fit. However, we will of course reserve all rights in response, especially given that our lead counsel has already indicated our side's open-mindedness to discussing this matter with you. In particular, it would be helpful if Plaintiffs would withdraw the notices of deposition of Messrs. Chuburov, Manov, and Ianakov (regarding at least one of which I have yet to hear any explanation as to how Plaintiffs' own authority does not explicitly forbid his deposition as a former contractor) so that we could more productively focus on the notices of deposition of Messrs. Vangelov and Stoyanov.

Regards,
ANDY
N. Andrew Leibnitz
Attorney at Law
Farella Braun + Martel LLP
415.954.4932


-----Original Message-----
From: Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
Sent: Thursday, October 06, 2011 7:54 AM
To: Thompson, Rod (27) x4445
Cc: Leibnitz, Andrew (21) x4932; Pozza, Duane; Platzer, Luke C; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; 'jmunn@rascoklock.com'; 'vgurvits@bostonlawgroup.com'
Subject: Re: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Rod - why don't you give us your position on the other two so we can decide what to do about the Blue Ant people.

You will forgive me if this feels very much like a game. We provided our notices, then, at your request, the legal authority supporting our view (a hoop we shouldn't have to jump through for a basic proposition of the federal rules). Defendants know whether the three performed functions that would make them subject to noticed depositions. A meet and confer is not to put

2

the other side through the exercise of seeing whether they have marshaled enough evidence from your recently produced discovery (with the key discovery not yet produced) so as to meet their burden of proof. You have the facts and access to the facts. You should make a determination and tell us. It is not a game of "tell me what evidence you have and maybe we'll tell you our position.". That is game playing, pure and simple.

We can save for now our different memories of how equivocal or unequivocal you were in our call.

Please let us have your positions this morning. There is much to do if we need to go the motions or international discovery routes.

SBF

------------------------
Sent from Blackberry

----- Original Message -----
From: Thompson, Rod (27) x4445 [mailto:RThompson@fbm.com]
Sent: Thursday, October 06, 2011 09:12 AM
To: Fabrizio, Steven B
Cc: ALeibnitz@fbm.com <ALeibnitz@fbm.com>; Pozza, Duane; Platzer, Luke C; Anthony P. Schoenberg <TSchoenberg@fbm.com>; Deepak Gupta <DGupta@fbm.com>; Janel Thamkul <JThamkul@fbm.com>; Janet Munn <jmunn@rascoklock.com>; vgurvits@bostonlawgroup.com <vgurvits@bostonlawgroup.com>
Subject: Re: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Steve, I also told you I was not fully informed on the issue and made clear to you that Andy is taking the lead. You asked if the depositions could be taken under the FRCP in Miami and as courtesy I gave you my prediction as to where the meet and confer would end up.

Andy is hardly playing games by asking for justification for all depositions. If the studios are withdrawing three deposition notices, we can focus on the other two.

Rod Thompson

Sent from my tablet

On Oct 6, 2011, at 6:56 AM, "Fabrizio, Steven B" <SFabrizio@jenner.com> wrote:

> Andy - Can you please stop playing games. It is an abuse of the meet-and-confer process. Rod has told me that defendants will agree to produce Messrs. Vangelov and Stoyanov in Sofia under the federal rules. He also told me that you have strict instructions from your clients that your are not going to voluntarily produce the other three in Sofia or anywhere, and that that is not going to change. While we have generally agreed that our private conversations will not be quoted back at each other in court papers, there is a point at which you are just obviously seeking to stonewall and delay.
>
> Please confirm your positions and we can proceed accordingly. If you choose not to, we will immediately move to compel and you can make whatever arguments you believe you ethically can about our allegedly failure to continue a sham of a meet-and-confer after defendants' lead counsel has already stated defendants' position. I am sure a Judge brand new to the case and the parties will appreciate your tactics.
>
> SBF
>
>
> From: Andrew Leibnitz <aleibnitz@fbm.com<mailto:aleibnitz@fbm.com>>
> Date: Thu, 6 Oct 2011 08:27:18 -0500
> To: Duane Pozza <DPozza@jenner.com<mailto:DPozza@jenner.com>>
> Cc: Steven Fabrizio <sfabrizio@jenner.com<mailto:sfabrizio@jenner.com>>, Luke Platzer <LPlatzer@jenner.com<mailto:LPlatzer@jenner.com>>, "Roderick M. Thompson" <rthompson@fbm.com<mailto:rthompson@fbm.com>>, "Anthony P. Schoenberg" <tschoenberg@fbm.com<mailto:tschoenberg@fbm.com>>, Deepak Gupta <dgupta@fbm.com<mailto:dgupta@fbm.com>>, Janel Thamkul <jthamkul@fbm.com<mailto:jthamkul@fbm.com>>, Janet Munn <jmunn@rascoklock.com<mailto:jmunn@rascoklock.com>>, "vgurvits@bostonlawgroup.com<mailto:vgurvits@bostonlawgroup.com>" <vgurvits@bostonlawgroup.com<mailto:vgurvits@bostonlawgroup.com>>

3

> Subject: RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions
>
> Duane:
>
> The point of a meet-and-confer is to get an understanding of each others' positions. Under the authority that you have provided, Plaintiffs bear the burden of proving as a factual matter that all of the proposed deponents are managing agents under the Federal Rules of Civil Procedure. You have never denied Plaintiffs' burden. Accordingly, you cannot reasonably seek to enforce "managing agent" deposition notices without providing even one document supporting your position. As you know, Hotfile has produced a massive amount of discovery in this case, amounting to nearly three million pages of documents. Plaintiffs cannot justifiably wave at Hotfile's entire production and assert that "[y]ou can review the documents as well as we can." The point of the meeting-and-conferring is to understand which of the millions of pages of documents produced in this case you would cite as evidence that the proposed deponents act as Hotfile's managing agents. This will permit Hotfile to make a reasoned decision on this matter. While you state that "[w]e are not going to engage in a lengthy discussion of specific documents showing that Chuburov, Manov, or Ianakov exercise discretion in their operations on behalf of Hotfile," you have undertaken no discussion at all of the factual basis for deposing any individuals as managing agents -- much less a "lengthy" discussion. Accordingly, I respectfully repeat my request that Plaintiffs identify its purported factual support for its assertion that the proposed deponents are all "managing agents" of Hotfile. Your email does not even attempt to provide evidentiary support in response to even one of the questions posed in my e-mail below. Please respond to those questions.
>
> In regard to Anton Titov, why do you believe (again without any recitation of evidence) that Hotfile - with only a handful of individuals who have ever performed work for it - would have more than one managing agent in relation to the subject matter of this litigation? If you have authority suggesting that even the smallest companies must have more than one managing agent in relation to any litigation, please let us know. Hotfile is willing to discuss "managing agent" depositions with Plaintiffs, but you must let us know your basis in order for us to respond.
>
> Of particular note, you did not attempt to justify Plaintiffs' request for the deposition of Stanislav Manov as a current "managing agent" of Hotfile, even though he has not worked for Blue Ant (much less Hotfile) for some time. Plaintiffs' own authority states that "former employees cannot be managing agents of a corporation." Honda, 168 F.R.D. at 541. If Plaintiffs have any evidence supporting his deposition, please let us know.
>
> Thank you for confirming Plaintiffs' position that any of the presently-noticed depositions will occur in Bulgaria. By way of advance notice (and in case this helps with the "logistics" issues to which you previously referred), please know that an interpreter will be required for any of these depositions. Let us know if there are additional logistical issues to discuss.
>
> I look forward to hearing back from you.
> Andy
> N. Andrew Leibnitz
> Attorney at Law
> Farella Braun + Martel LLP
> 415.954.4932
>
> _____
> Steven B. Fabrizio
> Jenner & Block LLP
> 1099 New York Avenue, N.W.
> Suite 900
> Washington, DC 20001-4412
> Tel (202) 639-6040
> Fax (202) 661-4823
> SFabrizio@jenner.com
> www.jenner.com<http://www.jenner.com/>
>
>
>
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
>
>
> _____

4