UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC., TWENTIETH
CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP, COLUMBIA
PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

     *Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and DOES
1-10.

     *Defendants.*                     /

**CORRECTED MEMORANDUM OF LAW OF DEFENDANTS HOTFILE
CORPORATION AND ANTON TITOV IN OPPOSITION TO
PLAINTIFFS' MOTION TO DEPOSE ANTON TITOV
INDIVIDUALLY AND AS HOTFILE'S RULE 30(b)(6)
WITNESS FOR OVER FOUR DAYS; AND DEFENDANTS'
CROSS-MOTION FOR PROTECTIVE ORDER LIMITING THE
<u>DEPOSITIONS OF HOTFILE WITNESSES INCLUDING MR. TITOV</u>**

## I.   __INTRODUCTION__[1]

Plaintiffs misleadingly entitle their Motion as a request "For One Additional Examination Day For The Rule 30(b)(6) Deposition Of Defendant Hotfile Corporation" rather than "For Leave To Depose Hotfile Through Anton Titov For Three Days And Separately Depose Mr. Titov For One Additional Day."  It is only through reading Plaintiffs' Proposed Order that the extent of their unreasonable demand to depose Mr. Titov for four days becomes clear.

No legitimate reason exists to interrogate Hotfile and Mr. Titov for longer than the two days that Hotfile has already offered (in addition to the two-hour videoconference deposition Plaintiffs have already taken of Mr. Titov pursuant to Rule 30(b)(6)).  Mr. Titov, like any other deponent "is entitled to a presumption that his or her testimony will last no more than seven hours even if testifying both individually and as a corporate designee under Rule 30(b)(6)." *San Francisco Bay Area Rapid Transit District v. Spencer*, No. C-04-04632, 2006 WL 2734289 at *1 (N.D. Cal. Sept. 25, 2006).[2]  Hotfile consists of three shareholders and three consultants.  Hotfile therefore offered to treat every minute of Mr. Titov's upcoming two-day deposition as both testimony of Hotfile under Rule 30(b)(6) and individual testimony – providing Plaintiffs with twice the presumptive duration of Hotfile's deposition under the Rules even if one excludes the two-hour 30(b)(6) deposition that Mr. Titov completed on November 17, 2011.  This is reasonable.  In contrast, exactly none of Plaintiffs' cited cases authorize the deposition of one

---

[1]  Defendants are filing a corrected response and motion in order to correct a scriveners' error in the first sentence of the response, to correct other typographical errors and to include a certification of good faith attempt to resolve which was inadvertently omitted from the original filing on November 25, 2011.  No substantive changes to the filing of November 25, 2011, have been made. Undersigned counsel apologizes for the errors.

[2]  This does not include cases where, *after* an individual's deposition, a party attempts to retroactively identify that witness as its corporate designee under Rule 30(b)(6), in which case a second deposition day is warranted.  *DHL Express (USA), Inc. v. Express Save Industries, Inc.*, No. 09-60276-CIV, 2009 WL 3418148 at*3 (S.D. Fla. Oct. 19, 2009).

person for four days on individual and 30(b)(6) grounds under the Federal Rules.  As stated in Plaintiffs' own authority, "the solution to the problem lies in requiring [the interrogating party] to make efficient use of its time."  *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98-C-0509, 2001 WL 817853 at *4 (N.D. Ill. July 19, 2001).

Rather than grant four days of deposition of Anton Titov individually and as Hotfile's corporate designee, the Court should issue a protective order limiting Plaintiffs to two and one-third days of deposition with Anton Titov and one and one-half days of deposition of each of Hotfile's other witnesses.  (The parties have jointly agreed to submit to Hotfile's request for protective order to the Court as part of the instant briefing in hopes of resolving the matter before the parties leave for Bulgaria on December 2, 2011, if the Court is inclined to hear the request.) Hotfile has proposed the following schedule for weeks:

| Deponent | Dates |
|---|---|
| Anton Titov | Nov. 17 (one-third day), Dec. 5, Dec. 6 |
| [Hotfile Shareholder 1][3] | Dec. 7, Dec. 8 (half-day) |
| [Hotfile Shareholder 2] | Dec. 8 (half-day), Dec. 9 |

This amounts to more than five seven-hour days of deposition for three witnesses.  Apart from Plaintiffs' desire to grind Hotfile into submission through litigation, no reason exists to subject Hotfile's witnesses to additional interrogation.  Moreover, to expedite deposition proceedings, Plaintiffs should immediately produce their existing English translations of Bulgarian documents pursuant to *Nature's Plus Nordic A/S v. Natural Organics, Inc.*, 274 F.R.D. 437, 440 (E.D.N.Y. 2011) (commanding production and rejecting work product protection for existing translations or summaries of documents produced in litigation).   For reasons set forth in full below, the Court

---

[3] The identity of Hotfile's two other shareholders have not yet been disclosed in the public record.

should deny Plaintiffs' motion and grant Defendants' Cross-Motion for Protective Order Limiting the Depositions of Hotfile Witnesses Including Mr. Titov.

## II.    FACTUAL BACKGROUND

Hotfile began asking Plaintiffs for their proposed notice of deposition of Hotfile pursuant to Rule 30(b)(6) at least as early as October 13, 2011.  *See* Leibnitz Decl. ¶ 2.[4]  Following additional requests by phone and e-mail, Plaintiffs promised on October 19, 2011 to "get 30(b)(6) topics to [Hotfile] in the near future."  *Id.*

On October 21, 2011, Plaintiffs' counsel stated that Plaintiffs were entitled to two days of deposition from Anton Titov absent translation, which would entitle Plaintiffs to two additional days (or four days in total).  *See* E-mail from Fabrizio to Thompson of 10/21/11 (Leibnitz Decl., Ex. 1) ("Since we will be depositing [sic] Titov in his individual capacity . . . and as the corporate representative of Hotfile, the rules provide that we are presumptively entitled to two full days of testimony. . . . The translation process more than doubles the time required for each question.  I would like defendants' agreement that we can examine Titov over four days.")

On October 26, 2011, Hotfile informed Plaintiffs that Anton Titov would conduct his deposition in English, eliminating any need for more than two days of deposition of Mr. Titov pursuant to Plaintiffs' prior statements.  *See* E-mail from Thompson to Fabrizio of 10/26/11 (Leibnitz Decl., Ex. 2).

On November 2, 2011, Plaintiffs noticed a videoconference deposition of Hotfile on electronically-stored information (ESI) issues to occur only one week later, on November 9, 2011.  Leibnitz Decl., Ex. 3.

---

[4] The Declaration Of Andrew Leibnitz Leibnitz In Support Of Hotfile Corporation's Opposition To Plaintiffs' Motion To Depose Anton Titov Individually And As Hotfile's Rule 30(b)(6) Witness For Over Four Days ("Leibnitz Decl") is attached hereto as Exhibit A.

On Friday, November 4, 2011, Hotfile again requested Plaintiffs' notice of deposition of Hotfile pursuant to Rule 30(b)(6).  Leibnitz Decl. ¶ 3.  In response, Plaintiffs immediately promised to move the following Monday for leave to depose Mr. Titov for four days, even while refusing to provide any notice of the 30(b)(6) topics to which he was expected to speak.  *See* E-mail from Fabrizio to Leibnitz of 11/4/11 (Leibnitz Decl., Ex.4).  Plaintiffs made this threat even though the justification for expanding the deposition from two days to four – *i.e.*, the need for translation – had been eliminated.  When the parties spoke that day, Hotfile requested translations of Bulgarian documents to be used in deposition so as to expedite proceedings, and Plaintiffs refused.

On November 14, 2011, Hotfile asked Plaintiffs for any support for the proposition that a Plaintiff defending a compulsory counterclaim (e.g., Warner) has the right to depose its adversary for a separate, additional day.  Leibnitz Decl. ¶ 4.  Plaintiffs never responded.  *Id.*

Plaintiffs finally served their notices of deposition pursuant to Rule 30(b)(6) on November 15, 2011.  *See* Mot., Exs. A-B.  Despite the fact that Hotfile's files number more than 100 million, Plaintiffs demanded a witness to speak about all of these files (topic 10).  Despite the fact that Hotfile has produced 1,114,385 documents in this case comprising in substantial part communications with users, Plaintiffs demanded a witness to speak about all communications with users (topic 29) and the authenticity of all 1,114,385 documents produced (topic 49).  In total, Plaintiffs identified fifty topics for deposition, including topics such as "[all] factual bases for each of your [twelve] affirmative defenses" (topic 46).  Plaintiff Warner separately noticed a day of deposition on top of the two days of deposition noticed by Plaintiffs jointly, identifying eleven additional topics for deposition.  *Id.*

On November 16, 2011, Hotfile proposed deposition of its witnesses, both individually

and pursuant to Rule 30(b)(6), with Anton Titov testifying on November 17 and December 5-6, Hotfile Shareholder 1 testifying for no more than 10 ½ hours on December 7-8, and Hotfile Shareholder 2 testifying for no more than 10 ½ hours on December 8-9.  E-mail from Thompson to Fabrizio of 11/16/11 (Leibnitz Decl., Ex. 5).

Later that day, Plaintiffs filed this Motion.  Filing the Motion nearly two weeks after promising to seek judicial relief, Plaintiffs nonetheless requested that Hotfile serve its opposition papers within six days. Mot. at 9.

The day after filing this Motion – *i.e*., November 17, 2011 – Plaintiffs conducted a two-hour deposition of Anton Titov pursuant to Rule 30(b)(6).  The proceedings were conducted exclusively in English.

## III. LEGAL STANDARD

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."  Fed. R. Civ. P. 30(d)(1).  "Each deponent is entitled to a presumption that his or her testimony will last no more than seven hours even if testifying both individually and as a corporate designee under Rule 30(b)(6)."  *San Francisco Bay Area Rapid Transit District v. Spencer*, No. C-04-04632, 2006 WL 2734289 at *1 (N.D. Cal. Sept. 25, 2006).  The seven-hour limit "was carefully chosen and extensions of that limit should be the exception, not the rule." *Roberson v. Bair*, 242 F.R.D. 130, 138 (D. D.C. 2007).  The "presumptive" seven-hour limitation was adopted to combat the "undue costs and delays" associated with "overlong depositions." Fed. R. Civ. P. 30 advisory committee notes (2000).

## IV. ARGUMENT

### A. None Of The Exemplary Exceptions To The Seven-Hour Rule Contemplated Under The Federal Rules Apply Here

In promulgating Rule 30(d)(1), the Advisory Committee identified several circumstances

under which extension of the duration of a deposition may be appropriate.

> [I]f the witness needs an interpreter, that may prolong the examination.  If the examination will cover events occurring over a long period of time, that may justify allowing additional time.  In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them.  Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit.  If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred.  In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest.  Similarly, should the lawyer for the witness want to examine the witness, that may require additional time.

Fed. R. Civ. P. 30 advisory committee notes (2000).  None of these exceptions applies here.

### 1.    Mr. Titov Requires No Translation

As proven already in the first two-hour deposition of Hotfile pursuant to Rule 30(b)(6), Mr. Titov speaks English.  Although an interpreter attended the deposition, not a single word of the Bulgarian language was spoken, either by Mr. Titov or the translator.  Indeed, when the attendees discussed translation on the record at the deposition, *Plaintiffs' counsel* rejected the idea.

> THE COURT REPORTER: . . . If we use the interpreter –
>
> MR. FABRIZIO:  No.

*See* Titov 30(b)(6) Dep. at 22:22 - 23 (Leibnitz Decl., Ex. 6).  Plaintiffs cannot credibly argue that translation requires extension of the deposition when they refuse to employ translation.

### 2.    The Examination Will Not Cover Events Occurring Over A Long Period Of Time

Hotfile has only existed since February of 2009.  Plaintiffs could not examine Hotfile for

events occurring over a long period of time even if they strained every faculty.  Unlike Plaintiffs'

cited authority, Plaintiffs cannot examine Hotfile for events spanning seven years.  *Dunkin'*

*Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 522 (S.D. Fla. 2002).  Moreover, even if

Plaintiffs *could* examine Hotfile about seven years of activity, Plaintiffs would still only be

entitled to two seven hours days of deposition of Hotfile pursuant to Rule 30(b)(6) – which

Hotfile has already offered.  *See id.* (permitting fourteen hours of deposition regarding seven

years of financial records comprising thousands of pages).

> **3.     Plaintiffs Refuse To Provide Advance Copies Of Deposition Exhibits As Contemplated Under The Rules Prior To Seeking Additional Deposition Time**

In promulgating the seven-hour rule, the Advisory Committee contemplated that – before

seeking additional time in a case involving numerous documents – the interrogating party would

provide proposed exhibits to the witness in advance of the deposition, such that the interrogating

party would then be entitled to additional deposition time if the witness refused to study those

documents prior to deposition.  Fed. R. Civ. P. 30 advisory committee notes (2000).  Here,

despite repeated requests from Hotfile, Plaintiffs have refused to provide any proposed

deposition exhibits to Hotfile.  *See* E-mail of Leibnitz to Fabrizio of 11/18/11 (Leibnitz Decl.,

Ex. 7).  While Plaintiffs previously adopted this procedure in advance of Hotfile's first

deposition – enabling them to complete Hotfile's deposition on six topics and thirteen subtopics

in two hours – Plaintiffs reject this procedure here so as to obtain Hotfile's "extemporaneous

answers to [Plaintiffs'] questions."  *See* E-mail of Fabrizio to Leibnitz of 11/18/11 (Leibnitz

Decl., Ex. 7).  Plaintiffs cannot justifiably seek to surprise Hotfile for four consecutive days of

deposition questioning.  Indeed, if Plaintiffs wish to conduct their deposition by ambush, they

should not be heard to bemoan a two-day time limit for the deposition.

Plaintiffs' refusal to produce the English translations of Bulgarian documents to be used in Hotfile's deposition is made particularly indefensible given the case law requiring precisely such production.

> [T]he Court finds Plaintiffs' arguments against production of already translated documents unpersuasive.  Although the translated documents receive some protection as ordinary work product . . . Defendant has a substantial need to also have any existing translations in order to understand the content of the documents.  Further, to force the Defendant to have to translate documents already translated would cause an undue hardship.  Similarly, the Plaintiffs are required to produce any English summaries of foreign documents that they have made.

*Nature's Plus Nordic A/S v. Natural Organics, Inc.*, 274 F.R.D. 437, 440 (E.D.N.Y. 2011).

Accordingly – assuming that the Court indulges the parties' joint request to decide this issue as part of the current motion so as to obtain resolution prior to the parties' travel to Bulgaria on December 2, 2011 – the Court should order Plaintiffs to immediately produce their English translations of documents produced in this case as well as English summaries of foreign-language documents.

### 4.    Plaintiffs Identify No Documents That Have Been Requested But Not Produced

Plaintiffs have transmitted literally hundreds upon hundreds of e-mails regarding their discovery demands over the past nine months, filing at least four motions to impose discovery obligations on Hotfile and a related entity – two of which Plaintiffs have lost outright.  [Docket Nos. 59, 145; *see also* Docket Nos. 128 and 146 (denying Plaintiffs' motions in part).]  Many of these motions and e-mails have either involved a request for sanctions or accused Hotfile or its counsel of unethical conduct.  [*E.g.*, Docket No. 14 at 1; Docket No. 72 at 3; Docket No. 85 at 1.]  In their fury, Plaintiffs' lead counsel has even disparaged Hotfile's counsel as evidently incapable of understanding the English language.  Yet for all of this vitriol, Plaintiffs identify no

documents in their Motion that they have requested but which Hotfile has not produced. Plaintiffs' failure to identify any such documents in their opening papers – to which Hotfile would have an opportunity to respond, as opposed Plaintiffs' reply brief – condemns any argument by Plaintiffs on this subject.

### 5.  Plaintiffs Have One Counsel, Not Many, And Act As One

The federal rules do not permit *each party* to depose an adversary for seven hours, yet this is essentially what Plaintiffs seek in demanding four days of deposition for five Plaintiffs.  In fact, Plaintiffs in this case have acted as a unit, filing a joint complaint, proposing joint discovery demands, answering discovery jointly, filing joint motions, and acting through one counsel. Indeed, the Plaintiffs' unitary trade association, the Motion Picture Association of America ("MPAA"), holds itself out as the single mastermind of this litigation.  *See* Leibnitz Decl., Ex. 8 (MPAA press release announcing at the filing of this litigation that "The Motion Picture Association of America, Inc. (MPAA) on behalf of its member studios today filed a lawsuit against the operators of the download hub service Hotfile").  Here, there is no risk of "duplicative questioning" from many counsel as contemplated under the Federal Rules. Plaintiffs cannot credibly argue that the Court should extend Hotfile's deposition on grounds simply because multiple parties make the same infringement allegations against Hotfile.

### 6.  Hotfile Seeks No Additional Time For Questioning

The Rules permit extension of Hotfile's deposition so that Hotfile's counsel may ask questions.  Hotfile seeks no such extension.  Accordingly – as with all of the other exceptions to the seven-hour rule contemplated by the Advisory Committee – Plaintiffs make no credible case for extending Hotfile's deposition beyond the two and one-third days already offered.

**B.      Plaintiffs Cannot Blame Hotfile For Plaintiffs' Failure To Even Attempt To Obtain Depositions Of Additional Witnesses Under The Hague Convention**

Plaintiffs assert that Hotfile has thwarted Plaintiffs' efforts to obtain depositions of individuals abroad who have performed work for Hotfile, thus necessitating the quadrupling of the seven-hour deposition limit in this case.  Mot. at 4.  However, Hotfile bears no culpability for Plaintiffs' failure over the past six months to even seek the deposition of witnesses abroad.

In its initial disclosures of May 2, 2011, Hotfile informed Plaintiffs that it relied upon four contractors to perform tasks of server administration, e-mail support, software development, and data center support.  Leibnitz Decl. ¶ 5.  Three of these individuals are Bulgarian citizens residing in Bulgaria.  One American citizen resides in Texas.

For the following five months, Plaintiffs made no apparent effort to seek the deposition of these individuals.  Eventually, on September 29, 2011 – ignoring the Hague Convention On Taking Evidence Abroad – Plaintiffs demanded the deposition of the three Bulgarian citizens in Miami under the Federal Rules of Civil Procedure.  *See* E-mail from Leibnitz to Pozza of 9/29/11 (Leibnitz Decl., Ex. 9).  Plaintiffs asserted that every Bulgarian individual who had ever done work for Hotfile was Hotfile's "managing agent" and thus subject to deposition under American procedural rules regardless of their citizenship, residence, or any international convention.  *See* E-mail from Leibnitz to Pozza of 10/5/11 (Leibnitz Decl., Ex. 10).  When Hotfile requested factual support for Plaintiffs' characterization of these three individuals as "managing agents" subject to deposition in the absence of the protections of the Hague Convention – a proposition on which Plaintiffs admitted bearing the burden of proof – Plaintiffs commanded Hotfile to "stop playing games," halt the "abuse of the meet-and-confer process," stop "obviously seeking to stonewall and delay," make only "whatever arguments you *ethically* can," and abandon this "sham of a meet-and-confer."  *See* E-mail from Fabrizio to Leibnitz of

10/6/11 (Leibnitz Decl., Ex. 11). The following day, Plaintiffs abandoned their deposition notices without ever identifying a single document supporting their position. *See* E-mail from Fabrizio to Leibnitz of 10/7/11 (Leibnitz Decl., Ex. 11). Having refused to justify their deposition notices under the Federal Rules of Civil Procedure, Plaintiffs cannot credibly fault Hotfile for Plaintiffs' own failure to seek these depositions under the Hague Convention.

Plaintiffs cite *Rahman v. The Smith & Wollensky Restaurant Group, Inc.*, No. 06 Civ. 6198, 2009 WL 72441 at *4 (S.D.N.Y. Jan. 7, 2009), for the proposition that parties may obtain additional deposition time when "unable to elicit testimony from other witnesses." Mot. at 4. However, in *Rahman*, it was not the examining party's fault that other depositions could not proceed: plaintiff Mohammed Rahman was "the only identified class member" in the employment discrimination class action. *Id.* Here, Plaintiffs have taken no identifiable action in the entire pendency of this action to seek the deposition abroad of witnesses identified over six months ago. In any event, the defendant in *Rahman* only succeeded in obtaining eleven hours of Mr. Rahman's deposition, where Hotfile has already offered Mr. Titov for over sixteen hours of deposition here.

Plaintiffs then accuse Hotfile of frustrating Plaintiffs' efforts to depose the three Bulgarian consultants by refusing to directly employ them – as if Hotfile chose to hire consultants rather than employees at its founding over two years ago to aggravate Plaintiffs. Mot. at 4. Plaintiffs overlook the irrelevance of the employment status of the Bulgarian witnesses. Foreign citizens residing abroad do not waive their protections under the Hague Convention simply by working for a party litigating in the United States. *E.I. DuPont De Nemours & Co. v. Kolon Industries, Inc*., 268 F.R.D. 45, 47-48 (E.D. Va. 2010). Plaintiffs would still need to prove their "managing agent" status to avoid the Hague Convention – which

Plaintiffs cannot do.[5]

C.   **The Fact That Defendant's 30(b)(6) Witness Will Be The "Principal" Witness For Hotfile And May Testify Regarding Every Claim And Defense Is A Truism For Any Corporate Deposition And In No Way Justifies Extending A Deposition Beyond Two Days**

In their Motion, Plaintiffs seek four seven-hour days of deposition with Mr. Titov on grounds that "Hotfile's Rule 30(b)(6) deposition will be the principal deposition in the case" and must cover topics relating to "every claim and defense in the case." Mot. at 2, 4. But a corporate party's deposition pursuant to Rule 30(b)(6) is that party's principal deposition in every case almost by definition: it is the deposition where the corporation testifies based upon information reasonably available to it about every topic relevant to any claim or defense identified with particularity in the deposition notice. Fed. R. Civ. P. 30(b)(6). If a party could evade the seven-hour rule by characterizing its opponent's deposition as "the principal deposition in the case," the seven-hour rule would lack meaning.

Plaintiffs also assert that "[t]he evidence needed to establish defendants' liability . . . largely is in the possession of Hotfile." Mot. at 4. This is true in every case where a defendant's conduct is at stake, and particularly where knowledge or intent remains an element of a claim or defense. *Id.* at 4-5 (identifying topics for deposition, including Hotfile's conduct ["material contribution to infringement"], "Hotfile's intent," and "Hotfile's knowledge"). It does not justify quadrupling of deposition durations in every fraud, infringement, discrimination, or tort claim before the Court. Likewise, Hotfile's assertion of twelve affirmative defenses: (1) is hardly

---

[5]  Plaintiffs assert without citation that Bulgarian law "would afford a relatively limited examination" of witnesses. Mot. at 4. As this Court has already ruled in this case, parties cannot rely on Bulgarian law "without quotation or analysis," since "judges are not like pigs, hunting for truffles buried in briefs." [Docket No. 128 at 6.] Here, Plaintiffs do not even cite the Bulgarian authority allegedly involved. Plaintiffs thus cannot credibly argue that Bulgarian law justifies extended deposition time here.

uncommon, *see* Second Amended Answer ¶¶ 71-82 [Docket No. 161]; (2) involves facts with substantial overlap, *id.* ¶ 73 (implied license), ¶ 75 (laches), ¶ 76 (estoppel), ¶ 77 (waiver), ¶ 78 (unclean hands),  79 (failure to mitigate damages); and (3) relies upon the same operative facts as Plaintiffs' case, *id.* ¶ 74 (failure to state a claim), ¶ 80 (absence of exclusive right or title). Nothing about Plaintiffs' case or Hotfile's defenses justifies four days of corporate and individual testimony from Anton Titov.

Plaintiffs mistakenly rely on *Arista Records LLC v. Lime Group LLC*, No. 06-Civ.-5936, 2008 WL 1752254 at *3 (S.D.N.Y. Apr. 16, 2008).  In that case, the court ordered the deposition of the Chief Operating Officer of a defendant "with significant resources" for two and one-half days.  *Id.* at *2-3.  Here, Hotfile – with its three shareholders and three current consultants – has offered the deposition of Mr. Titov for two and one-third days.  Even under Plaintiffs' authority, no basis exists to depose Hotfile and Mr. Titov for four days.

In fact, precedent supports only one day of deposition for Hotfile through Mr. Titov. *See Spencer*, 2006 WL 2734289 at *1 ("Each deponent is entitled to a presumption that his or her testimony will last no more than seven hours even if testifying both individually and as a corporate designee under Rule 30(b)(6).").  While precedent in this District states that an interrogating party may obtain a second deposition of an individual not previously identified as the party's 30(b)(6) witness, *DHL Express (USA), Inc. v. Express Save Industries, Inc.*, No. 09-60276-CIV, 2009 WL 3418148 at*3 (S.D. Fla. Oct. 19, 2009), this does *not* suggest "that the inquiring party has *carte blanche* to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness."  *Sabre v. First Dominion Capital, LLC*, No. 01CIV2145, 2001 WL 1590544 at *2 (S.D.N.Y. Dec. 12, 2001).  Specifically:

> In the case of many closely held corporations, the knowledge of an
> individual concerning a particular subject also constitutes the total

> knowledge of the entity.  In such a situation, the witness could
> simply adopt the testimony he or she provided in a former
> capacity, thereby obviating the need for a second deposition.

*Id.*  Here, Hotfile is a closely-held corporation with three shareholders.  It can come as no surprise to Plaintiffs that the knowledge of one shareholder – Mr. Titov – will coincide with the knowledge of Hotfile on topics currently noticed for deposition.  Accordingly, Plaintiffs may properly claim only one day of deposition – as opposed to the two and one-third days offered by Hotfile or the four days demanded by Plaintiffs.  *See Forte Capital Partners, LLC v. Harris Cramer, LLP*, No. C-07-1237, 2008 WL 4924724 at *3-5 (N.D. Cal. Nov. 14, 2008) (rejecting motion to compel deposition of defendant corporation for more than two days and two hours on grounds that "the deposing party does not have *carte blanche* to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness").

### D.     Every Case Can Claim To Be Complex – But That Does Not Justify Quadrupling Parties' 30(b)(6) Deposition Obligations

Plaintiffs attempt to justify their demand for four days of deposition of Hotfile and Mr. Titov on grounds that "the deposition will need to cover highly complex and technical subject matter."  Mot. at 5.  But nearly every case can claim to be complex, and many cases involve technology, and yet no case is presumptively entitled to more than one seven-hour deposition under Rule 30(b)(6).  This is a copyright infringement case.  The core issues involve compliance with the Digital Millennium Copyright Act ("DMCA"), and not technical issues.  Plaintiffs may of course choose to spend time at deposition in scrutiny of "the technical intricacies of Hotfile's file storage system" and "technical features Hotfile built into [its] system," but this Court has already rejected such inquiries as unnecessary.  Specifically, on August 26, 2011, the Court rejected Plaintiffs' motion to compel production of Hotfile's source code on grounds that the proffered justifications were speculative, *see* Docket No. 128 at 3 ("[t]he notion that examination

of the source code might suggest how to make a better method of infringement detection is

speculative"), unnecessary to the case, *id.* at 2-3 ("plaintiffs' own expert opines that it is possible

to describe a computer program" without delving into the minutiae of computer code), and

inapposite, *id.* at 3 (noting that this is *not* a "patent, breach-of-contract, or copyright dispute

about the source code itself").  While Hotfile will not stop Plaintiffs from indulging in these

inquiries, reasonable time limits remain appropriate regarding depositions which needlessly

detour into minutiae.

> **E.    Hotfile Does Not Require A Translator For Mr. Titov's 30(b)(6) Deposition –
> As Plaintiffs Knew When Moving For A Translation-Based Extension Of Mr.
> Titov's Deposition**

In this Motion filed November 16, 2011, Plaintiffs assert that "defendants have

repeatedly insisted that plaintiffs would need translators for Mr. Titov."  Mot. at 6.  This is

misleading.  After investigating the issue – and three weeks before this Motion – Hotfile

explicitly informed Plaintiffs that Mr. Titov spoke English and would *not* need a translator.  *See*

E-mail from Thompson to Fabrizio of 10/26/11 (Leibnitz Decl., Ex. 2).  Any doubt Plaintiffs

may have had on the issue was removed the day after they filed this Motion when they

conducted a two-hour deposition of Mr. Titov on complex technical database structures entirely

in English.  Hotfile therefore asked Plaintiffs to retract their request for additional deposition

time insofar as it relied upon Hotfile's "repeated[] insist[ence] that plaintiffs would need

translators for Mr. Titov."  *See* E-mail from Thompson to Pozza of 11/19/11 (Leibnitz Decl., Ex.

12).  While Plaintiffs admitted knowing at the time they made the representation that Hotfile was

not requesting a translator, *see* Fabrizio e-mail to Leibnitz of 11/19/11 (Leibnitz Decl., Ex. 12)

("Yes, for weeks . . . you have been telling us Titov will testify without a translator"), Plaintiffs

declined to withdraw the argument.  Mot. at 6.  Plaintiffs cannot justifiably persevere in seeking

an extended deposition of Hotfile due to Hotfile's "repeated[] insist[ence]" on translation.  Mr.

Titov requires no translator.

> **F.    In The Unlikely Event That Plaintiffs Require Additional Time After The Deposition Days In Bulgaria, Plaintiffs May Take The Deposition Of Hotfile By Video Conference As They Have Done Before**

Plaintiffs demand four days of deposition with Hotfile and Anton Titov between

December 5-8, 2011 on grounds that "the location of the deposition in Bulgaria effectively

forecloses seeking additional time and resuming the deposition at a later date."  Mot. at 7.

However, Plaintiffs have already taken one two-hour deposition of Hotfile pursuant to Rule

30(b)(6) by videoconference, a practice encouraged by this Court.  *See Balu v. Costa Crociere*

*S.P.A.*, No. 11-60031-CIV-UNGARO/TORRES, 2011 U.S. Dist. LEXIS 85299 at *5 ("The

Court sees little reason here why a video-conferenced deposition of any corporate representative

witnesses will not suffice.")  In the unlikely event that additional time is required, Plaintiffs

could take videoconference testimony from Hotfile again.[6]

---

[6] Plaintiffs characterize it as a "claim" rather than an indisputable fact that Mr. Titov cannot obtain a visa to travel to the United States prior to the close of discovery on December 23, 2011. Mot. at 7.  However, Mr. Titov has already produced to Plaintiffs the visa rejection from U.S. Vice Consul Andrew Baker in Sofia within nine days of Plaintiffs' request for Mr. Titov's deposition.  *See* Leibnitz Decl., Ex. 13.  Since the last time Mr. Titov renewed his passport in Bulgaria, the Russian Federation has stopped processing renewals in Sofia, and now requires all passports to return to Moscow – necessitating a "three-month delay" as recently announced on the official website of the Russian consulate in Bulgaria.  *See* Leibnitz Decl., Ex. 14 (stating in Russian, "In connection with changes in the legislation of the Russian Federation, the time of obtaining of common-citizenship foreign-travel passports of the Russian citizens who permanently reside outside the territory of the Russian Federation increased to 3 months. The above changes to take effect April 1, 2009.").  Although Plaintiffs have threatened to seek sanctions against Mr. Titov personally, Plaintiffs have never identified any action that Mr. Titov could have taken differently other than monitor the website of the Russian consulate in Bulgaria since April 1, 2009 for an administrative announcement regarding passport renewals for which he had no present need so that he might one day avoid inconveniencing Plaintiffs here.

**G.      Plaintiffs Cite No Authority Supporting The Proposition That A Counterclaim Defendant Has The Right To An Additional Day Of 30(b)(6) Deposition From An Opponent**

Plaintiffs assert with evident incredulity that "defendants somehow claim that counterclaim defendant Warner is not entitled to a separate Rule 30(b)(6) deposition of Hotfile" in addition to Plaintiffs' two-day 30(b)(6) deposition of Hotfile.  Mot. at 8.  Plaintiffs' two-page denunciation of Hotfile's "baseless" position suffers from a vacuum of legal authority.  *Id.* at 8-9. From the first time that Plaintiffs asserted the position that the existence of a compulsory counterclaim automatically entitles Plaintiffs to additional deposition time, Hotfile has asked Plaintiff to provide legal authority for their position.  They have provided none, either in the meet-and-confer discussions or in their Motion.  And to Hotfile's knowledge none exists.

In fact, Plaintiffs' own authority cited elsewhere in its brief refutes Plaintiffs' contention that they can collectively notice a deposition of Hotfile for December 7-8 while one Plaintiff (Warner) separately notices a deposition of Hotfile on December 6.  In *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98-C-0509, 2001 WL 817853 at *4 (N.D. Ill. July 19, 2001), Defendant ComEd served six separate notices of deposition under Rule 30(b)(6), unilaterally dividing its proposed topics for deposition among six separate days despite Plaintiff's designation of one representative on all topics.  The court rejected ComEd's effort.  *See id.* ("ComEd has not provided the Court with any case authority for its argument that it can simply serve six separate notices of deposition under Rule 30(b)(6) and be automatically entitled to six full days of depositions regardless of the number of corporate representatives designated by Canal Barge.")  Here, just as ComEd could not properly divide deposition topics among six days, Plaintiffs cannot unilaterally divide amongst three days those deposition topics related to Plaintiffs' copyright claims, Hotfile's defenses under the DMCA, and Hotfile's compulsory

counterclaim under the same statute. *Id.*

Attempting to deflect scrutiny, Plaintiffs accuse Hotfile of demanding two seven-hour days of deposition from Warner on Hotfile's DMCA defense and its compulsory counterclaim. Mot. at 9.  Plaintiffs misapprehend.  Hotfile has taken five hours of deposition from Warner under Rule 30(b)(6) regarding Hotfile's counterclaims, and now proposes to take two additional hours on Warner's affirmative claims.  This amounts to seven hours, not fourteen.

The court in *Canal Barge* ultimately found that "the solution to the problem lies in requiring ComEd to make efficient use of its time." *Id.*  The court accordingly cut ComEd's demanded 30(b)(6) deposition time in half.  This Court should do the same.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion to depose Anton Titov as Hotfile's Rule 30(b)(6) deponent for over four days should be denied, and Hotfile's Cross-Motion for a protective order limiting its depositions to the five days Hotfile has proposed should be granted. Likewise, Hotfile's request for immediate production of Plaintiffs' English translations of produced documents should be granted.  A proposed Order is attached hereto as Exhibit B.

<u>**CERTIFICATE OF GOOD FAITH ATTEMPT TO RESOLVE**</u>

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant, Roderick M. Thompson, Esq., has conferred with all parties or non-parties, who may be affected by the relief sought in this motion, including counsel for Plaintiffs, Steven B. Fabrizio, Esq., in a good faith effort to resolve the issues, but has been unable to resolve the issues.

s/ Roderick M. Thompson
Roderick M. Thompson

CASE NO. 11-20427-WILLIAMS/TURNOFF

Dated:  November 28, 2011                    Respectfully submitted,


                                             s/ Andrew Leibnitz
                                             Roderick M. Thompson *(Admitted pro hac vice)*
                                             rthompson@fbm.com
                                             Andrew Leibnitz *(Admitted pro hac vice)*
                                             aleibnitz@fbm.com
                                             Anthony P. Schoenberg *(Admitted pro hac vice)*
                                             tschoenberg@fbm.com
                                             Deepak Gupta *(Admitted pro hac vice)*
                                             dgupta@fbm.com
                                             Janel Thamkul *(Admitted pro hac vice)*
                                             jthamkul@fbm.com
                                             FARELLA BRAUN & MARTEL LLP
                                             235 Montgomery St.
                                             San Francisco, CA 94104
                                             Telephone:  415.954.4400
                                             Telecopy:  415.954.4480


                                             *And*

                                             s/ Janet T. Munn
                                             Janet T. Munn, Fla. Bar No. 501281
                                             Rasco Klock
                                             283 Catalonia Avenue, Suite 200
                                             Coral Gables, FL 33134
                                             Telephone:  305.476.7101
                                             Telecopy:  305.476.7102
                                             Email: jmunn@rascoklock.com


                                             *Counsel for Defendants*

CASE NO. 11-20427-WILLIAMS/TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, the foregoing document was served on all counsel of record or pro se parties identified below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By: s/Janet T. Munn
Janet T. Munn

**GRAY-ROBINSON, P.A.**
Karen L. Stetson, Fla. Bar No.: 742937
Email: Karen.Stetson@gray-robinson.com
1211 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone:  305.416.6880
Fax:     305.416.6887

**JENNER AND BLOCK, LLP**
Steven B. Fabrizio (*Pro Hac Vice* )
Email: sfabrizio@jenner.com
Duane C. Pozza (*Pro Hac Vice* )
Email: dpozza@jenner.com
Luke C. Platzer (*Pro Hac Vice* )
Email: lplatzer@jenner.com
1099 New York Ave, N.W.
Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax:     202.639.6066

Karen R. Thorland, Esq.
Email: Karen_Thorland@mpaa.org
Senior Content Protection Counsel
Motion Picture Association of America, Inc.
15301 Ventura Boulevard Building E
Sherman Oaks, CA
Phone: 818.935.5812