# EXHIBIT 4

## Leibnitz, Andrew (21) x4932

| | |
|---|---|
| From: | Fabrizio, Steven B [SFabrizio@jenner.com] |
| Sent: | Friday, November 04, 2011 9:00 AM |
| To: | Leibnitz, Andrew (21) x4932; Pozza, Duane |
| Cc: | Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com |
| Subject: | RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions |

Rod and Andy – Duane and I are free to talk about the Titov, Stoyanov and Vangelov depositions at <u>any time today</u> that you would like. Just pick a time and we will make ourselves available. We simply do not have time for incessant back-and-forth on the same issues. From the tenor of Andy's emails with Duane and my conversations with Rod, it seems that defendants are not going to agree to any additional time for these depositions. We've provided the legal authority that plainly says additional time should be liberally given. We've explained ad nauseam the factual basis for our requests. Both of you keep saying no, but continue to say we are not at an impasse. We believe we have gone above and beyond any meet-and-confer requirements. We will make one last effort to resolve the issues on a call today. Absent some resolution today, we are going to seek the Court's intervention on Monday.

Please advise as to the time that works.

SBF

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Friday, November 04, 2011 3:52 AM
**To:** Pozza, Duane
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Duane:

You have never explained the need for the proposed stipulation regarding the depositions of Messrs. Stoyanov and Vangelov. It is difficult for me to undertake to provide you with a redline when I do not understand what purpose the document serves, or why Hotfile should sign it. Messrs. Stoyanov and Vangelov will appear in Sofia for deposition pursuant to the Federal Rules subject to penalty of perjury under the laws of the United States of America.

I also do not understand your insistence on increasing by 50% the time taken for Mr. Vangelov's deposition beyond the presumptive limit provided by the Federal Rules. You initially proposed 1.5 days for Mr. Vangelov's deposition, stating that you were doubling the necessary time "to compensate for the pace of translation." I then stated that Mr. Vangelov would waive translation, whereupon you doubled your initial demand for his time so that his deposition could again fill 1.5 days – as if seeking to punish Mr. Vangelov for his cooperation. It is as if Plaintiffs labor under predetermined orders to interrogate Mr. Vangelov in a language foreign to him for 50% longer than presumptively allowed. You gave no explanation for reflexively doubling his deposition's duration.

Do Plaintiffs expect to extend his deposition duration any further, or is 1.5 days the outer limit (evidently irrespective of translation)?

Regarding Mr. Stoyanov, we remain willing to permit additional time if needed to depose the witness in any capacity. The starting point of that discussion must be that Plaintiffs will under no circumstances again renege on the 10.5 hour (or 1.5 day) limit for this single translated deposition, which Plaintiffs have now identified as sufficient at least four times.

In hopes of resolving this matter, as you know, I have been asking for articulation of the Rule 30(b)(6) topics for weeks. Please send us those topics which you described as "imminent" weeks ago so that we may rationalize deposition scheduling in full view of all relevant facts.

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law
**Farella Braun + Martel LLP**
415.954.4932

---

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Tuesday, November 01, 2011 7:15 PM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Fabrizio, Steven B; Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Andy, we need to move forward on this stipulation on the depositions of Mr. Vangelov and Mr. Stoyanov. Do you have a redline to provide? And what is the response on the proposal for an extra day of depositions between the two of them? You've not responded to my email of almost a week ago. Given the number of documents, each individual's level of involvement in Hotfile, the distance to travel, and the language issues, a extra half-day for each should hardly be an issue. Please let me know as soon as you can.

Regards,
Duane

---

**From:** Pozza, Duane
**Sent:** Wednesday, October 26, 2011 10:35 PM
**To:** ALeibnitz@fbm.com
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Andy, I don't know what game is being played on counting the number of documents, but Mr. Vangelov appears on at least 500 emails in his own custodial production. Should I not assume that you're aware of all his email addresses (including those using the name "Nasko") and of his extensive involvement in directing Hotfile's operations? Likewise, Mr. Stoyanov appears on at least 400 emails (not including attachments), and is also clearly participating in directing Hotfile's operations.

I appreciate that Mr. Vangelov has now decided that a deposition in English is acceptable. But it's in everyone's interest to minimize the number of trips to Bulgaria for depositions. The fact that most of his emails are in

2

Bulgarian is itself going to cause delay. While we can try to complete the deposition on one day, we should block off an day-and-a-half. The same goes for Mr. Stoyanov.

As for the stipulation, if you have any concerns with it, please send me a redline. It sounds like you're fine with all of its provisions, so what is the issue? Please let me know as soon as possible, so we can minimize travel costs on all sides.

Thanks,
Duane

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Wednesday, October 26, 2011 8:17 PM
**To:** Pozza, Duane
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Duane:

Plaintiffs should not seek 1.5 day depositions with each of Messrs. Vangelov and Stoyanov. Updated for recent productions, the total number of e-mails in which Atanas Vangelov has appeared in the "to," "from," or "cc" field is seventy-two (72). Accordingly, a 7-hour deposition would permit six minutes of examination for every such e-mail he has produced in the case. While he has indeed produced over a thousand documents, these would fit in a single box. Additionally, merely being a shareholder does not justify deposing Mr. Vangelov for 1.5 hours, much less 1.5 days. Finally, Hotfile Corporation created powers of attorney for all three of the shareholders at its outset; the discussion of those documents will not be lengthy. The facts regarding Rumen Stoyanov are similar.

You state below that Plaintiffs would be permitted by law to double the 7-hour deposition duration given the degree to which translation slows depositions. In conferring further with Mr. Vangelov, he has agreed to conduct the deposition in English. Thus, you should be able to conclude Mr. Vangelov's deposition in three-quarters of a day. This will easily permit Plaintiffs to complete both depositions in two days. As stated previously, we remain willing to start early and stay late to complete Mr. Stoyanov's deposition if needed to fairly examine the witness. If the deposition of Mr. Stoyanov proceeds to the end of its seventh hour, we will not interrupt you to leave, but rather will provide reasonable latitude to fairly examine the witness; however, Plaintiffs' goal should be to complete the deposition in seven hours pursuant to Rule 30. Merely stating that Mr. Stoyanov has produced over a thousand documents, holds shares in Hotfile Corporation, and was named as a recipient of a power of attorney at the outset of the corporation hardly justifies a deposition exceeding ten hours, as you propose.

Regarding the proposed stipulation, we are agreed that the deposition will proceed in Bulgaria pursuant to the Federal Rules of Civil Procedure and given under penalty of perjury under the laws of the United States and conducted by U.S. counsel. However, I have never seen a stipulation executed to that effect, much less purporting to waive any rights as to admissibility.

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law
**Farella Braun + Martel LLP**
415.954.4932

3

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Friday, October 21, 2011 4:40 PM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Fabrizio, Steven B; Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Andy,

The basis for adding an extra half-day for each deponent is straightforward here. I don't understand the support for your claim that Atanas Vangelov is on only 50 emails; by my count, defendants produced over 1,700 of Mr. Vangelov's documents. Defendants produced over a thousand documents for Mr. Stoyanov as well, and that does not even count the hundreds of emails on which one of them is copied that are in the possession of other custodians. Mr. Stoyanov and Mr. Vangelov are two of the three ultimate shareholders of Hotfile Corp., and each has the power of attorney to act on behalf of Hotfile Corp. They are also on multiple corporate documents for other entities that have an interest in various Hotfile-related corporations.

As if that were not enough, the need for a deposition to be translated is well understood to be grounds for extending the presumptive seven-hour period. *See Marlborough Holdings Group, Ltd. v. Pliske Marine, Inc.*, No. 08-62075-CIV, 2011 WL 4614704, at *1 (S.D. Fla. Nov. 5, 2010) (granting motion for additional time of one day for deposition because "use of a translator will effectively reduce the time available" for the deposition, and the examining party is allowed the "opportunity to fairly examine the deponent"). FRCP 30(d)(1) provides that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Frankly, we would entitled to an extra day for each here, but we are only asking for a half-day in an effort to accommodate their schedules.

As for the stipulation, thanks for your agreement on those specific points. We do not intend to file the stipulation with the Court in the first instance. But, given that the deposition is taking place abroad and the witnesses may be unavailable in the future, we need to make sure we have a stipulation that could be submitted to the Court in case the testimony must be used at a later date. An email agreement is not sufficient for that. I assume that's not an issue given that we appear to be in agreement on the ground rules for the deposition. (As one minor point, we may want to conduct the deposition at our Bulgarian counsel's offices if available.)

Let me know about the additional day, and which day would work best, and we can modify the stipulation accordingly.
Regards,
Duane


**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Friday, October 21, 2011 3:47 PM
**To:** Pozza, Duane
**Cc:** Fabrizio, Steven B; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Duane:

While I was responding to you message below of 39 hours ago, I received another demand from you to respond to this message. With respect, would you please respond to our request for an answer about the proposed

4

forensic examination of Hotfile's storage servers, which we posed hundreds of hours (more than one week) ago? I cannot believe that your questions of yesterday on the subject – to which you already know answers, such as the location of the servers in Dallas and the deletion of the data in March – genuinely inhibits your response in any way. Repeating Plaintiffs' requests in 39-hour intervals while ignoring our aging requests is not helpful. Nonetheless, below please find Hotfile's response to your 39-hour-old e-mail, which I did not understand to have particular urgency given its subject matter regarding depositions to occur in approximately seven weeks.

We will appear on the 8th and 9th of December in Sofia for deposition pursuant to the FRCP. We expect the law offices of Markov, Penkov & Partners to be available for the deposition (Bl 22, Entr. A, Iztok Dstr., 1113 Sofia). We understand that the deposition will be given under penalty of perjury under the laws of the United States. We understand that there will be a translator.

However, regarding your proposed stipulation, I have never seen its like. Do you expect to file this with the Court?

Concerning the duration of the depositions, Rule 30(d)(1) explicitly limits depositions to "1 day of 7 hours." The Rule does not exempt translated depositions. It is obviously not the witnesses' fault that they speak Bulgarian, and they should not be burdened any more than they already will be. As I understand it, Messrs. Vangelov and Stoyanov were surprised upon receiving the notices of deposition that Plaintiffs intended to interrogate them for even a half-day. Mr. Vangelov's name appears on approximately 50 e-mails. Plaintiffs could examine him for nearly ten minutes regarding every such document and still complete his deposition in seven hours. Mr. Stoyanov similarly authored a limited number of documents in this case, and even less that have any possible relevance to Plaintiffs' allegations. Plaintiffs should not treat these depositions as an opportunity to impose on Bulgarian citizens a needlessly lengthy and unfamiliar legal interrogation in a foreign language. With thrift, I have no doubt that experienced counsel can take the depositions of Messrs. Vangelov and Stoyanov in less than seven hours – even with your chosen translator – and do so comfortably. Of course, we will not oppose reasonable requests at the deposition to extend time into the evening if needed to fairly examine the witnesses, and would be pleased to begin the depositions promptly in the morning should the need for extra time arise. Otherwise, I do not understand why Hotfile would needlessly prolong these depositions without one question having yet been asked absent a far more detailed justification than your conclusory characterization of these witnesses as "key."

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law
**Farella Braun + Martel LLP**
415.954.4932


**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Wednesday, October 19, 2011 5:38 PM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com; Fabrizio, Steven B
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Andy,
Attached is a draft stipulation to conduct the depositions of Mr. Stoyanov and Mr. Vangelov in Bulgaria under the FRCP. This is subject to final client approval. As for dates, December 8 and 9 should work, but I am concerned that the translation is going to substantially slow down the pace of the deposition. Given that these

5

are key witnesses and we want to make only one trip to depose them, I think it would be fair to extend each an extra day each to compensate for the pace of translation. I think we can streamline this by allocating one and half days to each deposition, with agreement to go slightly longer on each day if necessary, so that we finish those in three days total. Please let me know if this is fine and we can modify the stipulation accordingly.

Thanks,
Duane

**From:** Pozza, Duane
**Sent:** Wednesday, October 19, 2011 10:48 AM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com; Fabrizio, Steven B
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Andy, on deposition scheduling, we've stated from the outset that our willingness to depose Mr. Stoyanov and Mr. Vangelov in Bulgaria has no bearing on the location of deposing Mr. Titov, either as a 30(b)(6) witness or in his individual capacity. We plan to notice those depositions and have them go forward in Florida, for reasons we have explained (see, for example, my October 5 email on this topic). We will get 30(b)(6) topics to you in the near future – the topics should not be too surprising, as you can assume they will cover the issues on which we've sought discovery and have discussed at length on numerous meet-and-confers. As I mentioned on our call, we would like to look at dates prior to Thanksgiving for Mr. Titov. Would he be available in Miami or DC the week of the 14th and/or the beginning of the 21st?

Thanks for confirming the availability of Mr. Vangelov and Mr. Stoyanov. I will check and confirm whether those dates work shortly, and also provide any details we have on translator arrangements.

Thanks,
Duane

**From:** Leibnitz, Andrew (21) x4932 [mailto:ALeibnitz@fbm.com]
**Sent:** Tuesday, October 18, 2011 3:20 PM
**To:** Pozza, Duane
**Cc:** Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com; Fabrizio, Steven B
**Subject:** Re: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Duane:

We would like to conduct all depositions in Bulgaria at one time. If Messrs. Stoyanov and Vangelov are the only depositions to be scheduled in Bulgaria, then December 8-9 will work for us. I will repeat the request here that I made again yesterday by phone that Plaintiffs provide any Rule 30(b)(6) topics that may impact these depositions as soon as possible. Please also let us know the identity and qualifications of your proposed translator at your earliest convenience.

I understand that Plaintiffs wish to take the deposition of Anton Titov in his individual and corporate capacities in Florida. Since we will all apparently be in Bulgaria in December -- including Mr. Titov -- would plaintiffs consider taking his deposition in Bulgaria at the same time? Please let us know your thoughts on the topics and proposed dates for Mr. Titov's deposition as soon as possible, since arranging his deposition may be challenging.

Andrew Leibnitz
Farella Braun + Martel LLP

On Oct 17, 2011, at 9:29 AM, "Pozza, Duane" <DPozza@jenner.com> wrote:

Andy,

We've consulted with Bulgarian counsel, who has advised us that there are no possible criminal sanctions for deposing a witness in Bulgaria who voluntarily agrees to give testimony. Our counsel further advises us that we do not need to make any other arrangements with Bulgarian authorities. That said, if you believe there are any applicable laws (including criminal laws), please let us know which ones you believe to apply so we can further consult with our counsel – if you believe there is some procedural issue, or that we are violating some criminal statute, let us know up front. We'll obviously comply with all applicable Bulgarian laws.

Assuming your agreement that the depositions of Mr. Vangelov and Mr. Stoyanov may take place under the Federal Rules of Civil Procedure, we'll send you a stipulation confirming that, and then reissue the notices. In light of the need to plan for international travel, I'm afraid your suggested dates are too soon. What is their availability of the witnesses from Nov. 30 through the end of the following week?

Regards,

Duane

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Thursday, October 13, 2011 1:04 PM
**To:** Fabrizio, Steven B
**Cc:** Pozza, Duane; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Steve:

We have conveyed to our client your withdrawal (at least for now) of the notices of deposition of Messrs. Chuburov, Manov, and Ianakov. Having done that, I am confused by your apparent reservation of the right in your e-mail below to petition the Court for relief regarding their depositions (*i.e.,* "we understand that, for these witnesses, *we will need to either seek the Court's intervention to compel their depositions* or move the rules for international discovery"). So that it does not go unstated, in our view you cannot legitimately attest in support of any motion to compel regarding these depositions that the parties have reached an impasse at this point. Regardless of your perception of your conversation with Rod, please understand that Hotfile is willing to consider in good faith all deposition notices provided by Plaintiffs. We simply seek to understand any basis for those deposition notices as to facts on which Plaintiffs bear the burden before deciding one way or the other. From our preliminary perspective, it appears that Messrs. Chuburov, Manov, and Ianakov: do not exercise any

7

managerial discretion over Hotfile; do not work for Hotfile (indeed, Mr. Manov has not worked for Hotfile or Blue Ant for months); have no particular stake in whether Hotfile prevails in the litigation; and do not supervise anyone at Hotfile, Blue Ant, or indeed anywhere else.

Regarding the proposed depositions of Messrs. Vangelov and Stoyanov, we are inquiring into dates of availability of both witnesses and counsel in Sofia. Understanding that our inquiry into available dates is preliminary, might the 3rd and 4th of November work? In the meantime, have you made any necessary arrangements to avoid any criminal sanction for lawyers taking depositions of Bulgarian citizens pursuant to my e-mail of June 3, 2011? We have taken no action to obtain authorization from any Bulgarian authority, nor have we reserved space at any consulate for the deposition, if such measures are required. I would welcome information regarding your findings concerning the requirements for taking depositions in Bulgaria.

As a final note, can you please provide us with any 30(b)(6) topics you might think relate to Messrs. Vangelov or Stoyanov? As you can imagine, we do not wish to make serial trips to Bulgaria for these depositions.

Regards,

ANDY

**N. Andrew Leibnitz**
Attorney at Law
**Farella Braun + Martel LLP**
415.954.4932

**From:** Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
**Sent:** Friday, October 07, 2011 8:32 AM
**To:** Thompson, Rod (27) x4445; Leibnitz, Andrew (21) x4932
**Cc:** Pozza, Duane; Platzer, Luke C; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

We are awaiting Andy's response to my last email. You are absolutely right about the purpose of the call and my appreciation for your understanding of Disney's need for additional time due to technical issues. As for the rest of our discussion, why don't we just leave that dispute for another day, if at all. We hope to hear from Andy today on the Vangelov and Stoyanov depositions.

SBF

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Friday, October 07, 2011 11:27 AM
**To:** Fabrizio, Steven B; ALeibnitz@fbm.com
**Cc:** Pozza, Duane; Platzer, Luke C; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Steve, I called you as a courtesy in response to your urgent message that I do so as soon as possible. It turned out that you were concerned about further delays in Disney's missing a court-ordered deadline, a subject that need not be repeated here. You appreciated that I called you and assured me the Studios would reciprocate in a similar situation.

You asked about the five depositions and I told you Andy was handling the issue. You proposed that Hotfile should agree to treat the three as "managing agents" for the purposes of allowing their depositions and the studios would agree that it would not be an admission or otherwise binding. I responded that I doubted our clients would not agree to such a scheme, and that they did not intend to submit to a deposition that is not legally required.

Please work with Andy on this issue—as I told you he is in charge and speaks for us.

**From:** Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
**Sent:** Friday, October 07, 2011 6:50 AM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Pozza, Duane; Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Game playing with polite and measured language is still game playing and we believe the Court will see it for what it is. To be clear, Rod told me <u>unequivocally</u> that your clients had instructed you to refuse the depositions of Messrs. Chuburov, Manov, and Ianakov and that those depositions were effectively a dead issue. "Dead issue" is my language, but Rod's message was equally

9

unequivocal. Thus, we understand that, for these witnesses, we will need to either seek the Court's intervention to compel their depositions or move the rules for international discovery.

To move this forward, we will adjourn the dates of the Chuburov, Manov, and Ianakov. That will give us a chance to analyze the documents produced (and yet to be produced), and we will then be in a position to present you with the nature of evidence that would support our motion. In the meantime, we request that you explain to us what role these witnesses played in the operation and management of Hotfile. That of course is information that you have in your possession. And the meet-and-confer obligation extends in both directions. Information from you as to defendants' view of these witnesses will inform and advance our own analysis of the discovery and decision-making.

Now we would like to "more productively focus on the notices of deposition of Messrs. Vangelov and Stoyanov." Rod indicated to me that, while you were taking the lead on this, defendants were prepared to produce these witnesses for depositions under the federal rules provided the depositions could be conducted in Sofia. Can you please confirm whether that is the case.

Anticipating your intermediate response, we cannot agree to a quid pro quo with the Hotfile 30b6 and Titov depositions. We believe we are entitled to have those witnesses appear in the jurisdiction and are not open to taking the Hotfile 30b6 and Titov depositions in Sofia for the reasons Duane has explained. Moreover, while Duane explained that we are happy to discuss alternative venues in the United States, it is premature to discuss the Hotfile 30b6 and Titov depositions as we have not even noticed them yet. So we would appreciate a response as to Messrs. Vangelov and Stoyanov that is not linked to the Hotfile 30b6 and Titov depositions.

SBF

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Friday, October 07, 2011 9:18 AM
**To:** Fabrizio, Steven B
**Cc:** Pozza, Duane; Platzer, Luke C; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions


Steve:

Your e-mail below did not answer Rod's question: are the Studios withdrawing the deposition notices for Messrs. Chuburov, Manov, and Ianakov? While you are correct that Hotfile does not expect to provide depositions of non-managing agents where there is no legal basis to do so, if the studios are not withdrawing those notices, we need to understand your contentions.

With respect, it is not "game playing" for Hotfile to ask for Plaintiffs' evidence in support of depositions they noticed -- presumably with some basis -- and regarding a subject (the deponents' "managing agent" status) on which Plaintiffs undeniably bear the burden of proof. We appreciate that Plaintiffs have provided four cases to Hotfile on Friday which apparently took your side nearly 112 minutes to muster, but, as you know, those cases both granted and denied various requests for "managing agent" depositions based on a highly "case-specific determination of a person's managing agent status." DuPont, 268 F.R.D. at 48. There is nothing improper in asking Plaintiffs to provide at least some support for their position regarding these depositions. That is the point of meeting-and-conferring. Stating that "[d]efendants know" operative facts in no way advances our understanding of which of the nearly three million documents produced by Hotfile that Plaintiffs relied upon in noticing these depositions. If your reference to "key discovery not yet produced" is a suggestion that Plaintiffs cannot presently identify factual support for the depositions noticed last week, Plaintiffs may of course withdraw their notices. While you dismiss Hotfile's present discussion as "tell me what evidence you have and maybe we'll tell you our position," this is incorrect. We will of course tell you our position once we understand your alleged basis for establishing the facts on which you bear the burden of proof. You cannot reasonably expect Hotfile to rebut facts you have not provided. It is implausible that counsel of your sophistication would "immediately move to compel" without providing the Court with further evidentiary support, and relying solely upon the conclusory arguments of counsel set forth in your side's e-mail of 2:30 p.m. on Tuesday, October 4, 2011. Rather than draft a full-fledged motion which would presumably incorporate factual support which you have so far withheld, we respectfully request again that you provide at least some factual support for Plaintiffs' position in response to my questions of the past week. If you continue to believe that supporting your position is a "sham" exercise, we cannot stop you from proceeding as you see fit. However, we will of course reserve all rights in response, especially given that our lead counsel has already indicated our side's open-mindedness to discussing this matter with you. In particular, it would be helpful if Plaintiffs would withdraw the notices of deposition of Messrs. Chuburov, Manov, and Ianakov (regarding at least one of which I have yet to hear any explanation as to how Plaintiffs' own authority does not explicitly forbid his deposition as a former contractor) so that we could more productively focus on the notices of deposition of Messrs. Vangelov and Stoyanov.

Regards,
ANDY
N. Andrew Leibnitz
Attorney at Law
Farella Braun + Martel LLP
415.954.4932


-----Original Message-----
From: Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
Sent: Thursday, October 06, 2011 7:54 AM
To: Thompson, Rod (27) x4445
Cc: Leibnitz, Andrew (21) x4932; Pozza, Duane; Platzer, Luke C; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; 'jmunn@rascoklock.com';
'vgurvits@bostonlawgroup.com'

Subject: Re: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Rod - why don't you give us your position on the other two so we can decide what to do about the Blue Ant people.

You will forgive me if this feels very much like a game. We provided our notices, then, at your request, the legal authority supporting our view (a hoop we shouldn't have to jump through for a basic proposition of the federal rules). Defendants know whether the three performed functions that would make them subject to noticed depositions. A meet and confer is not to put the other side through the exercise of seeing whether they have marshaled enough evidence from your recently produced discovery (with the key discovery not yet produced) so as to meet their burden of proof. You have the facts and access to the facts. You should make a determination and tell us. It is not a game of "tell me what evidence you have and maybe we'll tell you our position.". That is game playing, pure and simple.

We can save for now our different memories of how equivocal or unequivocal you were in our call.

Please let us have your positions this morning. There is much to do if we need to go the motions or international discovery routes.

SBF
-------------------------
Sent from Blackberry

----- Original Message -----
From: Thompson, Rod (27) x4445 [mailto:RThompson@fbm.com]
Sent: Thursday, October 06, 2011 09:12 AM
To: Fabrizio, Steven B
Cc: ALeibnitz@fbm.com <ALeibnitz@fbm.com>; Pozza, Duane; Platzer, Luke C; Anthony P. Schoenberg <TSchoenberg@fbm.com>; Deepak Gupta <DGupta@fbm.com>; Janel Thamkul <JThamkul@fbm.com>; Janet Munn <jmunn@rascoklock.com>; vgurvits@bostonlawgroup.com <vgurvits@bostonlawgroup.com>
Subject: Re: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Steve, I also told you I was not fully informed on the issue and made clear to you that Andy is taking the lead. You asked if the depositions could be taken under the FRCP in Miami and as courtesy I gave you my prediction as to where the meet and confer would end up.

Andy is hardly playing games by asking for justification for all depositions. If the studios are withdrawing three deposition notices, we can focus on the other two.

Rod Thompson

Sent from my tablet

On Oct 6, 2011, at 6:56 AM, "Fabrizio, Steven B" <SFabrizio@jenner.com> wrote:

> Andy - Can you please stop playing games. It is an abuse of the meet-and-confer process. Rod has told me that defendants will agree to produce Messrs. Vangelov and Stoyanov in Sofia under the federal rules. He also told me that you have strict instructions from your clients that your are not going to voluntarily produce the other three in Sofia or anywhere, and that that is not going to change. While we have generally agreed that our private conversations will not be quoted back at each other in court papers, there is a point at which you are just obviously seeking to stonewall and delay.
>
> Please confirm your positions and we can proceed accordingly. If you choose not to, we will immediately move to compel and you can make whatever arguments you believe you ethically can about our allegedly failure to continue a sham of a meet-and-confer after defendants' lead counsel has already stated defendants' position. I am sure a Judge brand new to the case and the parties will appreciate your tactics.
>
> SBF
>
>

12

> From: Andrew Leibnitz <aleibnitz@fbm.com<mailto:aleibnitz@fbm.com>>
> Date: Thu, 6 Oct 2011 08:27:18 -0500
> To: Duane Pozza <DPozza@jenner.com<mailto:DPozza@jenner.com>>
> Cc: Steven Fabrizio <sfabrizio@jenner.com<mailto:sfabrizio@jenner.com>>, Luke Platzer <LPlatzer@jenner.com<mailto:LPlatzer@jenner.com>>, "Roderick M. Thompson" <rthompson@fbm.com<mailto:rthompson@fbm.com>>, "Anthony P. Schoenberg" <tschoenberg@fbm.com<mailto:tschoenberg@fbm.com>>, Deepak Gupta <dgupta@fbm.com<mailto:dgupta@fbm.com>>, Janel Thamkul <jthamkul@fbm.com<mailto:jthamkul@fbm.com>>, Janet Munn <jmunn@rascoklock.com<mailto:jmunn@rascoklock.com>>, "vgurvits@bostonlawgroup.com<mailto:vgurvits@bostonlawgroup.com>" <vgurvits@bostonlawgroup.com<mailto:vgurvits@bostonlawgroup.com>>
> Subject: RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions
>
> Duane:
>
> The point of a meet-and-confer is to get an understanding of each others' positions. Under the authority that you have provided, Plaintiffs bear the burden of proving as a factual matter that all of the proposed deponents are managing agents under the Federal Rules of Civil Procedure. You have never denied Plaintiffs' burden. Accordingly, you cannot reasonably seek to enforce "managing agent" deposition notices without providing even one document supporting your position. As you know, Hotfile has produced a massive amount of discovery in this case, amounting to nearly three million pages of documents. Plaintiffs cannot justifiably wave at Hotfile's entire production and assert that "[y]ou can review the documents as well as we can." The point of the meeting-and-conferring is to understand which of the millions of pages of documents produced in this case you would cite as evidence that the proposed deponents act as Hotfile's managing agents. This will permit Hotfile to make a reasoned decision on this matter. While you state that "[w]e are not going to engage in a lengthy discussion of specific documents showing that Chuburov, Manov, or Ianakov exercise discretion in their operations on behalf of Hotfile," you have undertaken no discussion at all of the factual basis for deposing any individuals as managing agents -- much less a "lengthy" discussion. Accordingly, I respectfully repeat my request that Plaintiffs identify its purported factual support for its assertion that the proposed deponents are all "managing agents" of Hotfile. Your email does not even attempt to provide evidentiary support in response to even one of the questions posed in my e-mail below. Please respond to those questions.
>
> In regard to Anton Titov, why do you believe (again without any recitation of evidence) that Hotfile - with only a handful of individuals who have ever performed work for it - would have more than one managing agent in relation to the subject matter of this litigation? If you have authority suggesting that even the smallest companies must have more than one managing agent in relation to any litigation, please let us know. Hotfile is willing to discuss "managing agent" depositions with Plaintiffs, but you must let us know your basis in order for us to respond.
>
> Of particular note, you did not attempt to justify Plaintiffs' request for the deposition of Stanislav Manov as a current "managing agent" of Hotfile, even though he has not worked for Blue Ant (much less Hotfile) for some time. Plaintiffs' own authority states that "former employees cannot be managing agents of a corporation." Honda, 168 F.R.D. at 541. If Plaintiffs have any evidence supporting his deposition, please let us know.
>
> Thank you for confirming Plaintiffs' position that any of the presently-noticed depositions will occur in Bulgaria. By way of advance notice (and in case this helps with the "logistics" issues to which you previously referred), please know that an interpreter will be required for any of these depositions. Let us know if there are additional logistical issues to discuss.
>
> I look forward to hearing back from you.
> Andy
> N. Andrew Leibnitz
> Attorney at Law
> Farella Braun + Martel LLP
> 415.954.4932
>
> _____
> Steven B. Fabrizio

> Jenner & Block LLP
> 1099 New York Avenue, N.W.
> Suite 900
> Washington, DC 20001-4412
> Tel (202) 639-6040
> Fax (202) 661-4823
> SFabrizio@jenner.com
> www.jenner.com<http://www.jenner.com/>
>
>
>
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
>
>
> _____