# EXHIBIT 10

## Leibnitz, Andrew (21) x4932

| | |
|---|---|
| From: | Leibnitz, Andrew (21) x4932 |
| Sent: | Wednesday, October 05, 2011 8:36 AM |
| To: | Pozza, Duane |
| Cc: | Fabrizio, Steven B; Platzer, Luke C; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com |
| Subject: | RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions |

Duane:

I did indeed receive the case law you provided last Friday. However, your authorities impose the burden on the party seeking discovery to prove as a factual matter that the proposed deponents are "managing agents." My request was for the *facts* that you believe support your position that essentially every one of Hotfile's handful of contractors abroad worked as Hotfile's "managing agent." Of course, I would be interested in any case law you could provide supporting the proposition that nearly every one of the handful of outside contractors ever assisting a party was its managing agent – a proposition that appears to deprive the concept of "managing agent" of any meaning – but the core of my request concerns the facts which you believe support your position. Tracking the factors set forth in your proffered case law:

1. What facts (documents, e-mails, database records, interrogatory responses, or other discovery) motivate you to think that Messrs. Chuburov, Manov, or Ianakov have any discretionary authority whatsoever to act for Hotfile Corporation? What leads you to believe that they dictate – rather than merely implement – Hotfile's policies?

2. What facts lead you to believe them beholden to follow the dictates of Hotfile Corporation as opposed to their actual employer?

3. What facts lead you to think that they have any stake in whether Hotfile wins or loses in its litigation? Do you have any facts to show that they would not simply work for Blue Ant's various clients following any decline in work related to the Hotfile website?

4. What facts demonstrate that they "supervise" anything? I am confident that you have already read your own authority: "Care must be taken not to confuse the analysis by suggesting that parties who are intimately involved in matters concerning the litigation, but do not manage, have attributes of managing agents." *DuPont*, 268 F.R.D. at 49 n.3.

Your generalized and conclusory statements below – e.g., the assertion that the proposed witnesses "are essentially the core of [Hotfile's] operations and regularly exercise discretion to work on behalf of Hotfile Corporation" – are not helpful. Please provide at least some factual evidence upon which you rely. Of course, I welcome factual support in relation to Messrs. Vangelov and Stoyanov as well. You should also recognize that Mr. Manov has not worked for Blue Ant (much less Hotfile Corp.) for some time. *See Honda*, 168 F.R.D. at 541 ("The general rule is that former employees cannot be managing agents of a corporation.") If you have any possible basis on which to depose Mr. Manov as a "managing agent" of Hotfile Corp. at the time of the proposed deposition, please let us know.

On the subject of the geographical location of any of the purportedly-noticed depositions, I do not understand your refusal to commit categorically to the position that any depositions may take place in Sofia provided that they occur pursuant to the FRCP. No point is served by motion practice on that point. None of the individuals have counsel in Miami. Plaintiffs' apparent intent to depose essentially every foreign resident (of the handful that exist) who has ever worked for Hotfile militates against depositions in Miami. Plaintiffs cite no reason to believe that disputes will arise during the deposition requiring the Court's personal intervention. None of the individuals travel regularly for business purposes, and at least one may not even possess a passport. And considering the equities, no reason exists to impose the burdens of travel on the comparatively diminutive Hotfile Corporation as opposed to the Plaintiffs, who appear to

seek the depositions as part of a campaign which at best amounts to "leaving no stone unturned" and at worst evidences a war of attrition designed to murder Hotfile through litigation. Must we really dispute the location of any of these five depositions? If you perceive logistical issues, please let us know to what you refer.

I look forward to hearing back from you.

ANDY

N. Andrew Leibnitz
Attorney at Law
Farella Braun + Martel LLP
415.954.4932

---

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Tuesday, October 04, 2011 2:30 PM
**To:** Leibnitz, Andrew (21) x4932; Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Cc:** Fabrizio, Steven B; Platzer, Luke C
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Andy,

My email to Rod from last Friday points to some caselaw on this topic. Based even on the limited discovery into Hotfile's internal organization to date, the facts are relatively straightforward. Among other things: Mr. Vangelov and Mr. Stoyanov work with Mr. Titov to make high-level decisions about Hotfile Corp. They have helped direct the design, features, and policies of the site (including Hotfile's DMCA policies), and have been involved with setting and conducting the business of the corporation. Mr. Vangelov has also been involved in reaching out to third party vendors and potential advertisers on behalf of Hotfile. Mr. Chuburov directs dealings with Premium members and resellers, is involved in making decisions on the technical aspects of the site, and represents Hotfile in dealings with third party vendors. Mr. Ianakov promotes Hotfile on third-party sites, communicates directly with users, and is involved in employing other contractors to promote Hotfile. Mr. Manov manages DMCA issues on behalf of Hotfile, including dealing with counternotifications and Hotfile's DMCA agent. We have not yet had the opportunity to review your production from yesterday, but I am sure there are additional documents discussing their involvement in that production. The identified "contractors" of Hotfile are essentially the core of its operations and regularly exercise discretion to work on behalf of Hotfile Corporation.

We are amenable to discussing whether depositions of these five individuals may take place in an alternative location, which would include Sofia, as long as they proceed under the FRCP. (That is not the case for any 30(b)(6) deposition or deposition of Titov, which will eventually need to go forward in Miami.) We would need to discuss the logistics of doing so. What did you have in mind?

Regards,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Monday, October 03, 2011 8:06 PM
**To:** Pozza, Duane; RThompson@fbm.com; TSchoenberg@fbm.com; DGupta@fbm.com; JThamkul@fbm.com; jmunn@rascoklock.com; vgurvits@bostonlawgroup.com
**Cc:** Fabrizio, Steven B; Platzer, Luke C
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Duane:

I'm working with Hotfile in relation to Plaintiffs' notices of deposition. So that we can understand your position, can you please give me your factual basis for contending that each of the proposed deponents are "managing agents" of Hotfile Corporation?

On a separate subject, do I understand it to be Plaintiffs' position that depositions may proceed in Sofia, Bulgaria provided they proceed under the FRCP, if they occur?

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law
**Farella Braun + Martel LLP**
415.954.4932

---

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Thursday, September 29, 2011 8:57 PM
**To:** Thompson, Rod (27) x4445; Leibnitz, Andrew (21) x4932; Schoenberg, Tony (28) x4963; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; Janet Munn; vgurvits@bostonlawgroup.com
**Cc:** Fabrizio, Steven B; Platzer, Luke C
**Subject:** Disney Enterprises, Inc. v. Hotfile Corp. -- Plaintiffs' Notice of Depositions

Counsel,

Please see the attached notices of deposition. We have specified dates here as required by the Federal Rules, but we are willing to work with the witnesses' schedules to find other dates if these are not convenient. That said, until we can reach agreement on alternative dates, these dates should be considered operative. Please do advise us immediately if defendant Hotfile Corp. does not intend to voluntarily produce any of these witnesses in Miami for any reason, and if so, the bases on which they will not be produced, so that we can file any motion to compel as appropriate.

Regards,
Duane

---

**Duane Pozza**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6027
Fax (202) 661-4962
DPozza@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.