UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.

_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.

_____/

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ONE ADDITIONAL EXAMINATION DAY FOR THE RULE 30(b)(6) DEPOSITION OF HOTFILE CORPORATION

Defendants' opposition goes to great lengths to distract from the true facts:

1. Plaintiffs are not seeking four days to depose Anton Titov. Plaintiffs are seeking a single additional day (*i.e.,* two days total) to depose defendant Hotfile Corporation on issues related to the main copyright claims and defendants' excessive affirmative defenses. Plaintiffs also have noticed the deposition of defendant Anton Titov in his individual capacity. Plaintiffs

are not seeking additional time beyond the presumptive seven hours for the Titov deposition.

Separately, counterclaim defendant Warner has noticed a deposition of counterclaim plaintiff

Hotfile Corporation on issues related exclusively to Hotfile's counterclaim against Warner, with

which no other party (plaintiff or defendant) has any involvement.  Warner does not seek any

additional time for that deposition.  These three separate depositions cover different issues:

- o Plaintiffs' deposition of Hotfile Corporation will address the main copyright claims,
  which involve three distinct theories of secondary copyright liability.  It will also cover
  defendants' DMCA defense, which itself involves seven distinct issues.  It will also have
  to cover each of defendants' 12 other affirmative defenses.  *See* Mot. at 4-5.

- o Plaintiffs' deposition of Mr. Titov, in large part, will cover issues related to his *personal
  liability as a defendant* in his own right.  The legal standard for holding a corporate
  officer liable for copyright infringement committed through the corporation involves
  distinct legal and factual issues.  The single case defendants cite (Opp. at 13) for the
  proposition that plaintiffs should get just one day total for the depositions of both Hotfile
  and Mr. Titov in fact held the exact opposite.  In *granting* the additional deposition time
  requested, the *Sabre* court held that "the 30(b)(6) deposition of a[] witness is a *separate
  deposition* from the deposition of that same person as an individual witness and is
  presumptively subject to a separate, independent seven-hour time limit."  *Sabre v. First
  Dominion Capital, LLC*, No. 01CIV2145BSJHBP, 2001 WL 1590544, at *2 (S.D.N.Y.
  Dec. 12, 2001) (emphasis added); *see also id*. at *1 ("A deposition pursuant to Rule
  30(b)(6) is substantially different from a witness's deposition as an individual.").
  Moreover, in *Sabre*, the individual was not a defendant, and the examinations of the
  individual and corporation were to cover the identical issues.  *See id.* at *2.  Here, neither

2

is the case:  Mr. Titov is a defendant, and the issues regarding his personal liability are distinct.  This district's own precedent confirms that the Rule 30(b)(6) deposition of Hotfile and the individual deposition of Mr. Titov are subject to independent time limitations.  *Provide Commerce, Inc. v. Preferred Commerce, Inc*., No. 07-80185 Civ, 2008 WL 360588, at *3 (S.D. Fla. Feb.8, 2008); *DHL Express (USA), Inc. v. Express Save Industries Inc*., No. 09-60276, 2009 WL 3418148, at *4 (S.D. Fla. Oct. 19, 2009).[1]

o   Warner's separate deposition of Hotfile will cover *Hotfile's counterclaim* under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f), an independent cause of action that does not share facts or legal issues with any other claim or defense in the case.  Warner will be taking a single fact deposition in defense of the counterclaim, the Rule 30(b)(6) deposition of Hotfile at issue in this motion, which Hotfile is trying to limit.[2]  It would be grossly unfair to counterclaim defendant Warner, as well as to the copyright plaintiffs, to require Warner to combine its Rule 30(b)(6) counterclaim deposition of Hotfile with plaintiffs' Rule 30(b)(6) deposition.  *Dow Chemical Co. v. Reinhard*, No. 07-12012-BC, 2008 WL 1735295, at *4 (E.D. Mi. Apr. 14, 2008) (parties must be entitled to depositions on counterclaims).

Thus, defendants' entire premise that plaintiffs are seeking four days to examine Mr. Titov on the same issues is false.  Plaintiffs seek a single additional day for their Rule 30(b)(6) deposition of Hotfile on the main copyright claims and defenses.

---

[1] It is defendants (Opp. at 13) who misconstrue *Arista Records LLC v. Lime Group LLC*, No. 06-Civ.-5936, 2008 WL 1752254 at *3 (S.D.N.Y. Apr. 16, 2008).  There, in a directly comparable online infringement case, the COO was ordered deposed for 2.5 days.  That was *in addition to* separate depositions of the CEO and the corporation itself through Rule 30(b)(6) depositions.  Plaintiffs here are seeking far less time.

[2] In contrast, on its counterclaim, Hotfile already has taken Warner's Rule 30(b)(6) deposition, noticed a Warner employee individually, and demanded depositions of two additional Warner employees.

2.   Language barriers – whether a translator is to be used or not – is a classic reason to allow additional deposition time.  *Marlborough Holdings Group, Ltd. v. Pliske Marine, Inc.*, No. 08-62075-CIV, 2010 WL 4614704, at *1 (S.D. Fla. Nov. 5, 2010) (where English was the deponent's ***second language***, granting additional examination day even if translator will only be used "intermittently") (emphasis added).  Here, as defendants have insisted repeatedly, English is not Mr. Titov's second language, it is his ***third language***, behind Russian and Bulgarian.  Defendants strain in arguing the language barrier does not, standing alone, compel additional deposition time.

Well before the current dispute, defendants' counsel made plain that if plaintiffs proceeded with a deposition of Mr. Titov without a translator it would be at their own risk.  *See infra* n.3.  As late as October 20, 2011, in the course of the present dispute, defendants' counsel was still playing games with whether Mr. Titov required a translator:

> please know that we have ***not yet confirmed whether Mr. Titov will require a Russian translator***, given that he has never before participated in legal proceedings such as this deposition in any language, much less ***his third language***.

October 20, 2011, Email from Leibnitz to Fabrizio (emphasis added).  Only after plaintiffs cited the language barrier as a reason for additional deposition time did defendants' counsel, for the first time in ten months, announce that "[a]fter conferring further, Mr. Titov has agreed to conduct his deposition in English."  Opp., Ex. 2.[3]  Even then, counsel reiterated that "English is [Mr. Titov's] third language."  *Id.*

---

[3] Defendants' selective quotation from an email from plaintiffs' counsel (Opp. at 15) is misleading.  The full quote, together with the immediately following sentence, is as follows:

> "Yes, for weeks  — ***ever since we told you we wanted more time***, in part, because of the ***language barrier*** — you have been telling us Titov will testify without a translator.  But at every instance prior to that moment, you have been saying we ***proceed at our own risk if we do not have a translator for Titov***."

Opp., Ex. 12 (emphasis added).

The recent ESI deposition of Mr. Titov dramatically emphasized the difficulties posed by the language barrier.  Again, defendants' selective quotation from the deposition transcript is misleading.  Plaintiffs' counsel refrained from using the translator not because the language barrier was not a problem, but because plaintiffs were given only two hours to ask questions about Hotfile's databases (information that plaintiffs' experts needed for expert reports due the next day).  There simply was no time for translations and, importantly, plaintiffs required the testimony more to understand the databases than to establish facts for evidentiary purposes.

However, the language barrier was a significant issue.  The court reporter pleaded, on the record, for the parties to use the translator because the language barrier made it "difficult" and she was "concerned" about her ability to accurately transcribe Mr. Titov's answers.  Titov dep. (rough transcript) at 23:4-6.  On no less that nineteen (19) separate occasions, in a two hour deposition, the court reporter could not record Mr. Titov's answers and noted in the transcript "*difficulty understanding the witness's answer due to language barrier*."  *Id*. at 3:10-11 (emphasis added); *see also id.* at 6:9-10 ("difficulty understanding the witness's answer due to language barrier"), 11:10-11 (same), 12:12-13 (same), 13:13-14 (same), 17:8-9 (same), 18:5-6 (same), 24:23-24 (same), 26:12-13 (same), 27:2-3 (same), 28:23-24 (same), 30:10-11 (same), 31:3-4 (same), 35:8-9 (same), 37:8-9 (same), 56:21-22 (same), 57:7-8 (same), 64:15-16 (same), 67:20-12 (same).[4]  And that does not include the numerous other times the court reporter had to stop the proceeding because she did not understand Mr. Titov and had to have him repeat his

---

[4] Even with the benefit of an audio recording and the luxury of time, in the final transcript, the court reporter still had to add the notation "difficulty understanding the witness's answer due to language barrier" several times.  Titov dep. at 9:20-12, 15:5-6, 33:13-14, 40:4-5, 73:9-10. (Plaintiffs are not providing the Court with the cited transcript pages because defendants designated the transcript "Highly Confidential" under the Protective Order.  However, if defendants dispute the accuracy of the citations, or if the Court would like to see them, plaintiffs will file the transcript under seal.)

answer just so she could transcribe it.  *Gibbs v. American School for the Deaf*, No. 3:05cv563 (MRK), 2007 WL 1079992, at *1 (D. Conn. Apr. 4, 2007) (granting additional time where deposition was "slowed down and interrupted" because of need for translation).

      3.  Independent of the language barrier issues, one additional day for the Rule 30(b)(6) deposition of Hotfile is warranted.  The Federal Rules and this Court's precedents make clear that leave for additional deposition time should be freely given.  *E.g.,* Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendments ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."); *Marlborough*, 2010 WL 4614704, at *1; *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 522 (S.D. Fla. 2002); Mot. at 3.  Additional time is amply justified here:

o   The claims and defenses raise a large number of issues.  *See* Mot. at 4-5.

o   Much of the examination will involve highly technical subject matter.  *See* Mot. at 5-6.[5]

o   There are few other witnesses besides Hotfile and Mr. Titov.  *See* Mot. at 3-4.  Including the Hotfile and Titov depositions at issue in this motion, plaintiffs have noticed a total of four (4) depositions for their entire affirmative copyright case.  In contrast, defendants have noticed no less than nine (9).[6]

---

[5] Contrary to defendant's argument, the Court has not held that the discovery into details of technical issues is irrelevant.  Opp. at 13-14.  In denying plaintiffs' motion for production of source code, the Court in fact noted that plaintiffs could ask Hotfile to "describe" its technical operations.  Order on Motion to Compel (Dkt #128) at 3.

[6] While playing semantics games as to their Bulgarian contract-employees, defendants have directed one of their contract-employees to be available for interviews with defendants' expert, who is in fact relying on information from an employee whom defendants refuse to make available to plaintiffs.  And while the Hague Convention is a theoretical option, even if a deposition were to be ordered, under Bulgarian rules (as defendants well know), questioning is limited and is done primarily by the court, not counsel.  *See* Response Bulgaria to Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ¶¶ 42, 44, 63 (2008), *available at* http://www.hcch.net/index_en.php?act=publications.details&pid=4646&dtid=33.

o Because of Mr. Titov's claimed passport issues, plaintiffs have to incur substantial additional expense to travel to Sofia, Bulgaria.  *See* Mot. at 7.  Despite defendants' optimism, the multiple technical problems on the Bulgarian side during the recent ESI deposition confirm that a video deposition is not a reasonable alternative, which leaves plaintiffs with no effective recourse to seek additional time after-the-fact.

o The case raises copyright issues of great importance and involves potential damages that are likely to be in the tens or hundreds of millions of dollars.  *See* Fed. R. Civ. Pro. 26(b)(2)(c)(iii) (considering, *inter alia*, "the amount in controversy" and "the importance of the issues at stake"); *Arista Records LLC v. Lime Group LLC*, No. 06-Civ.-5936, 2008 WL 1752254 at *2 (S.D.N.Y. Apr. 16, 2008) (granting additional deposition time, noting that "this is a case in which the stakes are high, both sides have significant resources, and [the deponent] is apparently a central figure in the case").

4.  This case has been proceeding on a fast track and defendants have produced the bulk of their documents, many of which are in Russian or Bulgarian, only in the past few months. Plaintiffs are still reviewing documents, and expect to be analyzing and selecting documents right up to the start of (and during the course of) the Hotfile and Titov depositions.  It is simply not practical for plaintiffs to have to provide defendants with their deposition exhibits (e.g., translated Bulgarian documents) in advance of the deposition.  Additionally, doing so would encroach on plaintiffs' work product – which is of course why defendants make the demand.[7]

---

[7] Defendants citation to *Nature's Plus Nordic A/S v. Natural Organics, Inc.*, 274 F.R.D. 437, 439 (E.D.N.Y. 2011), Opp. at 7-8, does not remotely support defendants' demand.  That case would require *defendants* as the *responding party* – not plaintiffs – to turn over translations of produced documents.  *Id*. at 439 ("if a *responding party* to discovery has translations to the foreign documents produced, then it must produce the translated documents as well" (emphasis added)); *id.* at 441 ("when a party responds to an interrogatory by producing documents written in a foreign language, Rule 33(d) requires the *responding party* to provide a translation of those

Plaintiffs provided defendants with extremely detailed Rule 30(b)(6) topics; this can hardly be considered deposition by ambush.  Plaintiffs, however, are entitled to Mr. Titov's candid and contemporaneous responses to their questions about documents – not answers that have been rehearsed and practiced with counsel.  This is precisely why rules have developed to prohibit coaching during a deposition and limiting conferences with counsel while a question is pending. *Developers Sur. and Indem. Co. v. Harding Village, Ltd.*, No. 06-21267-CIV, 2007 WL 2021939, at *5 (S.D. Fla. July 11, 2007) ("statements which have the effect of coaching the witness" during a deposition are prohibited).  Indeed, it is one of the reasons why counsel take depositions rather than conducting all discovery through written interrogatories.

## CONCLUSION

For the foregoing reasons, and those in plaintiffs' opening memorandum, the motion for one additional deposition day for the deposition of defendant Hotfile Corporation should be granted.

DATED: November 28, 2011                    By: /s/ Karen L. Stetson

Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 461-6880
Facsimile:  (305) 461-6887

---

documents (emphasis added)).  If defendants in fact have English translations of any documents they produced only in Russian or Bulgarian, defendants should have produced those translations long ago (and the Court should order production if defendants refuse).  Moreover, defendants do not seek copies of translated documents but rather, seek documents plaintiffs may use as exhibits in these depositions.  That selection of documents reflects the most sensitive "mental impressions" of counsel and is entitled to the highest level of work product protection.  *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986).

MOTION PICTURE ASSOCIATION
  OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone:  (818) 995-6600
Fax:  (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile:  (202) 639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.

_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.

_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 28th day of November, 2011, I served the following document on

all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Reply Memorandum in Support of Motion for One Additional Examination Day
for the Rule 30(b)(6) Deposition of Hotfile Corporation**

I further certify that I am admitted to the United States Court for the Southern District of Florida

and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

1

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and*
*Anton Titov*


BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and*
*Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and*
*Anton Titov*