UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
                                                              /

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
                                                              /

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR A CASE
MANAGEMENT ORDER DEFERRING DAMAGES DISCOVERY**

Divorced from its rhetoric, defendants' opposition proves plaintiffs' point that deferring damages discovery on over 10,000 separate copyrighted works is both sensible and fair.

1. Defendants agreed to deferring damages-related discovery in connection with the initial proposed case management plan. The issues in dispute then were resolved by the Court (denying defendants' motion for an early Digital Millennium Copyright Act ("DMCA") motion

and granting defendants' motion to compel plaintiffs to identify every file on the Hotfile website that plaintiffs contend has been infringed). Beyond those disputes, the parties were in agreement on deferring damages, *and the schedule jointly proposed presumed discovery on liability issues alone*. That is why plaintiffs reasonably believed the Court, in adopting the schedule proposed, also adopted the deferral of damages discovery.[1]

2. Using a manageable number of works for summary judgment does not prejudice defendants. Defendants speak of "175 carefully selected works," Opp. at 2, and recite, without explanation, that the "unfairness and potential prejudice to Defendants is manifest," *id*. at 5. But defendants do not point to any unfairness or potential prejudice, and none is manifest at all. This case is not about whether defendants' users have infringed plaintiffs' copyrights (that is beyond reasonable dispute). Nor is the case about whether these major motion picture studios in fact own the copyrighted works they distribute (that too is beyond reasonable dispute). This case is about whether defendants bear legal responsibility for the infringement happening on and through the Hotfile website – whether defendants are liable as inducers of copyright infringement, contributory copyright infringers or vicarious copyright infringers, and whether the DMCA provides defendants safe harbor for some or all of their conduct. Those issues are the same whether the summary judgment motions concern 10 files or 10,000. *E.g., Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 411, 423-26 (S.D.N.Y. 2011) (granting summary judgment for plaintiffs on inducement of copyright infringement where, on summary judgment, plaintiffs established ownership of 30 copyrighted works out of 3000 works in suit).

---

[1] In point of fact, defendants did not seek discovery as to the 10,000-plus works that plaintiffs identified in response to the Court's Order until the evening before Thanksgiving – on the last day they could serve discovery before the cutoff – and only after plaintiffs pointed out in their motion the glaring absence of any effort by defendants to take damages discovery. Those last minute discovery requests further prove plaintiffs' point. They are nothing but rote inquiries *repeated over 10,000 times*.

2

Still, plaintiffs do not suggest that they will avoid proof of or discovery on those issues. If defendants have a defense unique to, for example, copyrighted work number 5,965, then defendants will get every opportunity to present that defense in the damages phase. Defendants will not be liable for damages for any copyrighted work unless plaintiffs have met their burden of proof as to that work. There can be no prejudice to defendants.[2]

3. It is not unfair or unreasonable to proceed with damages discovery related to defendants' counterclaim against Warner Bros. Entertainment, Inc. ("Warner").[3] The reason is simple: Neither Hotfile nor Warner can resolve the *liability* issues concerning Hotfile's counterclaim without addressing damages. Hotfile's counterclaim alleges that Warner violated 17 U.S.C. § 512(f) by sending DMCA takedown notices that contained knowing and material misrepresentations. By the express terms of the statute, a cause of action under § 512(f) lies only with a service provider "who is injured by such misrepresentation." 17 U.S.C. § 512(f). Injury is an element of liability; damages and liability are thus inseparable. *See Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1029 (N.D. Cal. 2011) (dismissing § 512(f) claim because plaintiff suffered no damages); *Lenz v. Universal Music Corp.*, No. C 07-3783 JF, 2010 WL 702466, at *10 (N.D. Cal. Feb. 25, 2010) (holding that damages must be shown to be proximately caused by the misrepresentation). Warner does not believe Hotfile

---

[2] Plaintiffs' counsel has confirmed the answer to defendants' question as to the legal effect if they prevail on summary judgment, Opp. at 2 n.1. If the Court were to find that defendants are not secondary infringers or that the DMCA immunized their conduct, *res judicata* or issue preclusion would apply to the Court's findings, as they would in any other case. Plaintiffs could not simply relitigate the already decided issues again as to the remaining 10,000-plus works in suit.

[3] Defendants concede, as they must, Opp. at 3, n.2, that at the time of the initial case management proposal, Hotfile had not yet filed its counterclaim against Warner. Defendants are wrong, however, to suggest that any part of the case management proposal anticipated or contemplated a counterclaim. In fact, Warner believed the then-threatened counterclaim would be frivolous and that Hotfile would not file it.

3

suffered any injury as a result of the relative handful of mistaken notices Warner may have sent. Warner's defense to liability, and its planned summary judgment motion on liability, require inquiry into Hotfile's alleged injury. If it plans a summary judgment motion on its counterclaim, Hotfile too will need to present evidence as to injury to establish *liability*.

Additionally, there is no comparison between Hotfile's alleged 512(f) injury and plaintiffs' copyright damages.[4] The damages discovery for Hotfile's counterclaim is nominal; the damages discovery for plaintiffs' copyright claims is extraordinarily voluminous, and will cost each side hundreds of thousands of dollars in expense. As explained, that cost very likely could be avoided altogether by deferring damages discovery until after ruling on summary judgment motions.

4. Finally, defendants dismiss decisions by at least four other federal courts to defer damages discovery as not "reasoned," Opp. at 6, because in three of the cases the courts did not issue written orders.[5] This argument inaccurately assumes that those courts did not reasonably consider the deferral. In those cases, the efficiency and fairness of deferring damages proceedings was undeniable and, indeed, in two of those cases (*Grokster* and *Fung*) the court itself suggested it. While defendants counter with *Escape Media*, that case is a cautionary tale demonstrating the value of plaintiffs' proposed plan. In *Escape Media*, well over a year after the scheduling decision cited by defendants, the parties continue to fight about damages discovery issues, with no end in sight. *See, e.g.*, *UMG Recordings, Inc. v. Escape Media Group, Inc.*, No.

---

[4] Document discovery on Hotfile's counterclaim was completed some time ago. Hotfile has submitted one expert report on damages. Warner intends to depose that expert, and part of Warner's deposition of Hotfile will relate to Hotfile's proof of damages issues. That is the sum total of damages discovery on Hotfile's counterclaim.

[5] Defendants emphasize that the *Bunnell* order was "ex parte" but under the local practice in the Central District of California, ex parte is simply a procedural mechanism to expedite a hearing. It does not mean that defendants were not heard. In fact, defendants fully participated.

100152/10 (N.Y. App. Div. June 9, 2010); Letter Brief dated August 26, 2011 in *UMG Recordings, Inc. v. Escape Media Group, Inc.*, No. 100152/10 at 4 (disputing disclosure of documents related to damages calculation).

## CONCLUSION

For the foregoing reasons, and those stated in their opening memorandum, plaintiffs respectfully request that the Court adopt the proposed case management plan.


DATED: November 28, 2011						By: /s/ Karen L. Stetson

								Karen L. Stetson
								GRAY-ROBINSON, P.A.
								1221 Brickell Avenue, 16th Floor
								Miami, FL 33131
								Telephone: (305) 461-6880
								Facsimile:  (305) 461-6887

MOTION PICTURE ASSOCIATION			JENNER & BLOCK LLP
OF AMERICA, INC.					Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)		Duane C. Pozza (*Pro Hac Vice*)
15301 Ventura Blvd.					Luke C. Platzer (*Pro Hac Vice*)
Building E							1099 New York Ave., N.W.
Sherman Oaks, CA 91403				Suite 900
Phone:  (818) 995-6600				Washington, DC 20001
Fax:  (818) 285-4403					Telephone: (202) 639-6000
									Facsimile:  (202) 639-6066

									*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 28th day of November, 2011, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Reply in Support of Their Motion for a Case Management Order Deferring Damages Discovery**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

6

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*