UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

### WARNER'S MOTION AND MEMORANDUM OF LAW
### TO COMPEL THE PRODUCTION OF TITOV DEPOSITION EX. 27

Hotfile is improperly trying to claim work product over – and claw back – a document it previously produced (twice) and that Warner Bros. Entertainment ("Warner") marked and used an exhibit (hereinafter "Titov Deposition Ex. 27") during the depositions in Bulgaria last week. Defendant Titov, testifying as Hotfile's Rule 30(b)(6) witness, was questioned extensively about Titov Deposition Ex. 27. Hotfile's lead counsel, who defended the deposition, was provided with a copy of the document at the deposition simultaneously with the witness. At no time

1

during the questioning on Titov Deposition Ex. 27 did Hotfile or its counsel raise any objection as to work product or privilege, or make any suggestion that Titov Deposition Ex. 27 had been inadvertently produced. Hotfile asserted work product and demanded to expunge the deposition transcript after the deposition had concluded for the day, and only after Mr. Titov had already given testimony about the document that undermines Hotfile's counterclaim against Warner. As explained by Mr. Titov, Titov Deposition Ex. 27 reflects that ███████████████████████████████████████████████████████████████████████████████████████████████████

Hotfile cannot be permitted to unring the bell and now seek to claw back Titov Deposition Ex. 27 and withhold it from production. If Titov Deposition Ex. 27 ever qualified as work product (a questionable proposition), any claim of privilege has long since been waived. Here, the prejudice to Warner is manifest. As a direct result of the testimony by Hotfile about Titov Deposition Ex. 27, Warner forewent further examination on the subject matter reflected in Titov Deposition Ex. 27, and refrained from marking and examining Mr. Titov on other similar documents.[1] If the concept of waiver is to have any meaning, Hotfile clearly cannot be permitted to wait until after it sees how the examination turns out before deciding that it would prefer to try to preclude the evidence altogether.

---

[1] It bears mention that this is not the first or only document that Hotfile is seeking to claw back as "inadvertently" produced. Many of the other *64 documents* defendants seek to claw back – and which plaintiffs are *not* contesting – were produced in Bulgarian and at least arguably were produced inadvertently. Moreover, as to one (Titov Deposition Ex. 26), the possibility that the Bulgarian language document might be work product was raised at the deposition *before* the witness was questioned on the document. In that instance, counsel for plaintiffs stipulated that the examination of the witness on the document would not, by itself, constitute a waiver of work product if it was later concluded that the document had been inadvertently produced. But the circumstances as to that document (Ex. 26) and the document at issue in this motion (Ex. 27) are dramatically different. Titov Deposition Ex. 27 is in English, was not inadvertently produced, and was the subject of questioning at the deposition without any objection being raised.

## **ARGUMENT**

Under the Protective Order entered in this case, a party may claw back a privileged document that it produced "inadvertently." *See* Stipulated Protective Order, ECF No. 68, at 18 ¶ 20. The Protective Order specifically provides, however, that a party may object to an attempt to claw back a document, and move to compel its production, where the "production of the allegedly inadvertently produced document was not inadvertent or … conduct since production of the allegedly inadvertently produced document constitutes waiver." *Id.* at 19 ¶ 20.[2]

Hotfile cannot carry its burden to show that Titov Deposition Exhibit 27 ever qualified as work product or that its production was truly "inadvertent." But even if both could be shown, any privilege has been waived.

1. At his deposition, Mr. Titov confirmed that  Because Titov Deposition Ex. 27 memorializes the conclusions of an investigation that Hotfile's counsel did not initiate, direct or participate in, Hotfile cannot shield the document from production on the basis of attorney work product. *See, e.g., The Equal Rights Center v. Lion Gables Residential Trust*, No. DKC 07-

---

[2] Consistent with the requirements of Paragraph 20 of the Protective Order, Warner is submitting a copy of Titov Deposition Exhibit 27 (which constitutes a shorter excerpt of the entire, 297-page document) under seal to the Court along with this motion to compel, while destroying other copies in its possession. *See* Declaration of Luke C. Platzer in Support of Warner's Motion to Compel Titov Deposition Exhibit 27 ("Platzer Decl.") (submitted herewith) Ex. C. While Warner is mindful of the Court's direction to avoid the unnecessary filing of motions under seal, the circumstances of this motion (i.e. the requirement under the protective order that Platintiffs destroy their own copies of the document, and to present to the Court the challenged document and testimony) necessitate an under seal filing.

2358, 2010 WL 2483613, at *7 (D. Md. June 15, 2010) ("Where work product protection is invoked, it is that party's burden to show, as to each document, that the work product in question was: (1) prepared by, or under the direction of, an attorney and, (2) was prepared in anticipation of litigation.") (internal quotation marks omitted) (citing cases).

2.  Defendants' production of Titov Deposition Ex. 27 also was not "inadvertent." Hotfile did not produce the document by mistake; Hotfile produced it because it decided to take a legal position earlier in this case that non-lawyers' assessment of the infringement status of files is not work product because those conclusions are facts that do not contain attorney mental impressions. As the Court will recall, Hotfile brought a motion to compel against Warner on this theory, seeking Warner's conclusions as to takedown notices it sent to Hotfile. In that motion, Hotfile argued as follows:

> [T]hat a party "analyzed" facts at the direction of counsel doesn't somehow render those facts protected as work product. Hotfile sought information about pure facts—whether Warner had found instances where it deleted files that it was not authorized to delete—not protected attorney mental impressions about those facts. The facts underlying what may otherwise be protected attorney work product are quintessentially not work product…

Motion and Memorandum of Law of Defendant and Counter-claimant Hotfile Corporation to Compel Discovery from Plaintiff and Counter-Defendant Warner Bros. Entertainment Inc. of Warner's Takedown Investigations, ECF No. 164, at 7.

3.  That Hotfile was not successful in defeating Warner's claim of work product (in part because Warner's analysis was initiated and directed by counsel) does not change the fact that Hotfile made a tactical decision to take a position as to work product and produced Titov Deposition Ex. 27 to maintain consistency with that position. Titov Deposition Ex. 27 is a 297-page document, in English (a smaller excerpt was used at the deposition). It is simply not credible for Hotfile to claim the document was unknowingly or inadvertently produced. Indeed,

Hotfile produced the document not once but twice, once bearing Bates numbers HF02866338, which is Titov Deposition Ex. 27, and again bearing Bates numbers HF00036777. *See* Platzer Decl. ¶ 4 & Ex. C.

4. In the end, however, the circumstances surrounding the creation and production of Titov Deposition Ex. 27 became immaterial when, without objection from Hotfile or its counsel, the document was marked at the Rule 30(b)(6) deposition of Hotfile, and Mr. Titov was extensively questioned on the document. *See* Titov Dep. Tr. at 155:16-160:22 (Platzer Ex. A). By failing to raise a contemporaneous objection at the deposition, and instead waiting until after Mr. Titov had given testimony on the document to decide whether or not to assert privilege, Hotfile has waived any claim of work product protection over the document. *E.g., St. Cyr v. Flying J, Inc.*, No. 3:06-cv-13-J-33-TEM, 2008 WL 2097611 (M.D. Fla. May 16, 2008) (work product waived by voluntary disclosure of letter and email correspondence during deposition where counsel only generally objected, but did not specifically object on the basis of work product); *Carrasco v. Campagna*, No. C-03-4727, 2007 WL 81909, at *3 (N.D. Cal. Jan. 9, 2007) (concluding that work product covering investigatory interviews was waived where witnesses were specifically asked about what they discussed with the investigator, no objections were made, and each witness provided substantive answers); *see generally Stern v. O'Quinn*, 253 F.R.D. 663, 681 (S.D. Fl. 2008) ("Generally speaking, as noted above, work-product protection is waived when protected materials are disclosed in a manner which is either inconsistent with maintaining secrecy against opponents or substantially increases the opportunity for a potential adversary to obtain the protected information") (internal quotation marks and citation omitted).

## CONCLUSION

For the foregoing reasons, Warner respectfully requests that this motion be granted.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Warner has conferred with counsel for Defendant Hotfile Corp. in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED: December 12, 2011

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue, 16th Floor
Miami, FL 33131
Telephone: (305) 461-6880
Facsimile: (305) 461-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
                                                        /

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
                                                        /

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 12th day of December, 2011, I served the following documents on all counsel of record on the attached service list via the Court's CM/ECF filing system:

>  **Warner's Motion And Memorandum Of Law To Compel The Production Of Anton Titov Deposition Ex. 27**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*