UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
 /

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW
TO COMPEL THE DEPOSITION OF ███████████
AND REQUEST FOR EXPEDITED BRIEFING**

Notwithstanding that the Hotfile website is located in the United States and present in this District, Defendant Hotfile Corp. ("Hotfile") has sought to prevent examination of the people who operate the Hotfile website, asserting that its personnel reside in Bulgaria and cannot be noticed for deposition pursuant to the Federal Rules of Civil Procedure. The just completed

1

depositions of Hotfile's shareholders, however, establish clearly that ▮▮▮▮▮▮▮ was (and is) performing duties for Hotfile that require Hotfile to produce him for a noticed deposition. Accordingly, plaintiffs respectfully request that the Court compel Hotfile to produce ▮▮▮▮▮ for deposition by videoconference. Given the December 23, 2011 fact discovery cutoff, and that plaintiffs could not have filed this motion prior to depositions in Bulgaria that concluded just a couple of days ago, plaintiffs request that the Court direct Hotfile to file its opposition no later than 3pm on Wednesday, December 14th (plaintiffs will file any reply on Friday, December 15th).[1]

## Argument

"Pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, a … managing agent of a corporate party may be compelled to testify pursuant to a notice of deposition." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004). The managing agent inquiry is "to be answered pragmatically on an ad hoc basis," with consideration of (i) whether the individual is invested by the corporation with general powers to exercise discretion in dealing with corporate matters; (ii) whether the noticed deponent can be depended upon to carry out the party's direction to give testimony; (iii) whether he can be expected to identify with the interests of the corporation; and (iv) the general responsibilities of the noticed deponent regarding matters involved in litigation. *E.g.*, Wright & Miller, Fed. Prac. & Proc. § 2103 (3d ed.) ("FPP § 2103"); *JSC Foreign Econ. Ass'n*, 220 F.R.D. at 237; *see also Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2008 WL 4487679, at *3-4 (S.D. Fla. Sept. 29, 2008) (individual was managing agent because he exercised

---

[1] While this motion is being filed on Tuesday, December 13, 2011, it was served on Defendants on Monday, December 12, 2011, in an attempt to resolve the parties' disagreement prior to filing.

discretion and his interests were aligned with the corporation).  Typically, courts most heavily weigh the third factor – whether the noticed deponent can be expected to identify with the party.  *See* FPP § 2103; *see also Felman Prod., Inc. v. Indust. Risk Insurers*, No. 3:09-cv-00481, 2010 WL 5110076, at *1-3 (S.D. W.Va. Dec. 9, 2010) (summarizing managing agent standard from various cases).  Although the burden of establishing managing-agent status rests on the party seeking discovery, courts have "resolved doubts under the standard in favor of the examining party."  *Founding Church of Scientology of Washington D.C. v. Webster*, 802 F.2d 1448, 1452 n.4 (D.C. Cir. 1986).

Here, there can be no doubt that ▇▇▇▇▇▇ satisfies the standard and should be produced by Hotfile for deposition pursuant to notice.  ▇▇▇▇▇▇ has worked with Hotfile since its inception.  As discussed below, he has been vested by Hotfile with significant responsibilities directly related to the most critical issues in this litigation, including promotion of the Hotfile website, responding to copyright infringement notices, terminating users for repeated copyright infringement, and interfacing with copyright owners on matters of infringement.  Specifically:

1. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] All transcript citations are to the "rough" deposition transcripts the court reporters provided to both sides at the conclusion of each day's testimony.  Plaintiffs have filed this brief and the excerpts of deposition under seal because (as has been the practice of both sides) defendants

2. ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

3. ███████████████████████████████████

████████████████████████

4. ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████ Hotfile's failure to terminate repeat copyright infringers is a potentially dispositive issue in the case.

5. ███████████████████████████████████

████████████████████████████████████████████████

Those user communications – in which users openly acknowledge they are engaged in copyright infringement – are central evidence in the case.

6. ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

7. ███████████████████████████████████

████████████████████████████████████████████ After

---

provisionally designated the depositions as confidential in their entirety, pending page/line re-designation upon receipt of the final transcripts.  Attempting to negotiate de-designation of the evidence cited herein would have unduly delayed the filing of this motion.

plaintiffs filed the complaint in this action, Hotfile instituted mass terminations of repeat copyright infringers, causing at least some Hotfile users to demand refunds because they could no longer access the copyrighted content they wanted. ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████

8.      Finally, in response to a formal interrogatory, Hotfile identified what it represented to be a list of all users ever terminated, including for reasons related to copyright infringement. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

## Conclusion

Defendants, who all along knew of the important role played by ████████, do not have a substantial basis for refusing to produce ████████ for his noticed deposition, which plaintiffs have agreed to take by videoconference so that ████████ can remain in Bulgaria. For the foregoing reasons, plaintiffs respectfully request that this motion be granted.  In light of the impending discovery deadlines, defendants should be directed to file their opposition by 3pm on December 14th.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs have conferred with counsel for Defendant Hotfile Corp. in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED: December 13, 2011

By: /s/ Karen L. Stetson
Karen L. Stetson

GRAY-ROBINSON, P.A.
1221 Brickell Avenue, 16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 12th day of December 12, 2011, I served the following document on all counsel of record on the attached service list via electronic mail:

> **Plaintiffs' Motion And Memorandum Of Law To Compel The Deposition Of ▆▆▆▆▆ And Request For Expedited Briefing**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

1

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*