# ATTACHMENT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants.*
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

## DECLARATION OF DUANE C. POZZA IN SUPPORT OF PLAINTIFFS' RENEWED MOTION AND MEMORANDUM OF LAW TO COMPEL PRODUCTION OF DOCUMENTS FROM LEMURIA COMMUNICATIONS, INC.

I, Duane C. Pozza, hereby declare as follows:

1.       I am a partner at the law firm of Jenner & Block LLP, and counsel to the plaintiffs

Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios

Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc.

1

("plaintiffs").   The statements made in this declaration are based on my personal knowledge including on information provided to me by colleagues or other personnel working under my supervision on this case.   If called to testify, I would testify as follows:

2.      Attached hereto as Exhibit A is a true and correct copy of excerpts of the deposition of defendant Anton Titov, in his personal capacity and as Fed. R. Civ. P. 30(b)(6) representative of defendant Hotfile Corp., taken from Dec. 5 to Dec. 8, 2011.

3.      Attached hereto as Exhibit B is a true and correct copy of plaintiffs' subpoena to Lemuria Communications, Inc. in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on  December 23, 2011, at Washington, DC.



_____
Duane C. Pozza

# EXHIBIT A

EXHIBIT FILED UNDER SEAL

# EXHIBIT B

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| Disney Enterprises, Inc., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    11-20427-AJ |
| Hotfile Corp., Anton Titov, and Does 1-10 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Lemuria Communications Inc.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Gray-Robinson, P.A., c/o Karen Stetson 1211 Brickell Avenue, Suite 1600 Miami, FL  33131 | Date and Time: 05/06/2011 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    04/04/2011

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Disney Enterprises, Inc., et al. , who issues or requests this subpoena, are:

Luke C. Platzer, Jenner & Block LLP, 1099 New York Avenue NW, Suite 900, Washington DC 20001
Phone: (202) 639-6000
Email:  lplatzer@jenner.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-20427-AJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Lemuria Communications Inc.

was received by me on *(date)*   04/04/2011   .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Electronic mail service on Defendants per their agreement to accept service on behalf of Lemuria

Communications Inc. _____  on *(date)*   04/04/2011   ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____   .

My fees are $ _____  for travel and $ _____  for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   04/04/2011 _____         _____
                                                *Server's signature*

                                    Luke C. Platzer, Partner, Jenner & Block LLP
                                                *Printed name and title*

                              1099 New York Avenue NW, Suite 900, Washington DC 20001
                                            Phone: (202) 639-6000
                                          Email:  lplatzer@jenner.com

                                                *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

For purposes of this Schedule, the following definitions and instructions apply:

1.        "Defendants" refers to Anton Titov and Hotfile Corp., including any principals, executives, officers, directors, employees, agents, representatives, or shareholders of Hotfile Corp., and further including anyone purporting to act on their behalf or you understand to be acting at their direction.

2.        The term "you" or "your" means Lemuria Communications Inc. ("Lemuria"), including any principals, executives, officers, directors, employees, agents, representatives, or shareholders of Lemuria Communications Inc., all of Lemuria's affiliates, divisions, units, predecessors-in-interest, successors-in-interest, subsidiaries, parent corporations, and assigns, and any other person otherwise subject to Lemuria's control, who controls Lemuria, or is under common control with Lemuria.

3.        The terms "Hotfile" and "Hotfile Website" mean the website accessible at www.hotfile.com and hotfile.com and encompass all servers operated as part of the website.

4.        The term "Hotfile Entity" means Hotfile Corp., Hotfile, S.A., and Hotfile, Ltd., and any other entity you understand to be involved with the operation of the Hotfile Website, including their principals, executives, officers, directors, employees, agents, representatives, or shareholders of such entity, and further including anyone purporting to act on their behalf or you understand to be acting at their direction.

5.        The singular shall include the  plural and vice versa; the  terms "and" or "or" shall be both conjunctive and disjuncti  ve; and the term "including" shall m    ean "including without limitation."

6.       "Date" shall m ean the exact date, m onth and year, if ascertainable or, if  not, the best approximation of the date (based upon relationship with other events).

7.       The term  " document" shall have the m     eaning of the t   erm "docum ents or electronically stored inf ormation" in Federal    Rule of Civil Procedur  e 34(a)(1 )(A), and sha  ll expressly include communications.

8.       "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

9.       The words "pertain to"  or "perta ining to" m ean relates to,  ref ers to, r egarding, contains, concerns, describes, embodies, m        entions, constitutes,      constituting, supports, corroborates, de monstrates, proves, evidences, show  s, refutes, disputes, rebuts, controverts or contradicts.

10.      The term  "Hotfile user" m eans any person  who has directed his or her Internet browser to the website and service at www.hotfi le.com, including but not lim ited to any person who has registered with Hotfile, any person   who has opened a "Prem ium" Hotfile account, and any person who is a participant in any of Hotfile's "Affiliate" programs.

11.      The term "Hotfile Litigation" shall mean any litigation filed against any Hotfile Entity alleging copyright infringement, including the case entitled *Disney Enterprises, Inc. et al. v. Hotfile Corp., et al.*, Case No. 1:11-cv-20427-AJ, pending in the United States District Court for the Southern District of Florida; the case entitled *Liberty Media Holdings, LLC v. Hotfile Corp. et al.*, No. 1:11-cv-20056-AJ, pending in the United States District Court for the Southern District of Florida; the action in *Liberty Media Holdings, LLC v. Hotfile.com, et al.*, No. 3:09-CV-2396-D, previously filed in the United States District Court for the Northern District of

Texas; and the action in *Perfect 10, Inc. v. Hotfile Corp. et al.*, No. 2:10-cv-02031 (S.D. Cal.), previously filed in the United States District Court for the Southern District of California.

      12.    To the extent documents are maintained in electronic formats, this subpoena calls for production in electronic format. Documents maintained in electronic formats should be produced in their native formats as they currently exist on your storage media and devices. However, if such native format is one that would not be reasonably usable to persons other than you (i.e. requires the use of proprietary software or computer systems), such data should be produced in a usable format to be discussed with Plaintiffs at a mutually convenient time.

      13.    If any document is not produced on the basis of a claim of privilege or for any other reason, identify the document with particularity, including without limitation the author(s), any recipient(s), any other individual or entity to whom the document has been shown or transmitted, any other individual or entity with whom the document has been discussed, the number of pages, attachments, and appendices, the date of the document, a description of the subject matter sufficient to form the basis of a claimed privilege and to uniquely identify the document, and a short statement of the nature of the claimed privilege or reason for withholding production.

      14.    A protective order is being negotiated in this action and will be provided to you once it is executed by the parties and entered by the Court.

## **DOCUMENTS TO BE PRODUCED**

### **REQUEST NO. 1:**

All documents pertaining to your relationship with the Hotfile Website, including:

a) All documents pertaining to communications with Defendants or any Hotfile Entity.

b) All documents pertaining to Lemuria's role in operating the Hotfile Website.

c) All documents pertaining to Lemuria's provision of services to Defendants, the Hotfile Website or any Hotfile Entity, including the provision of:

    i. Bandwidth;

    ii. Internet connectivity;

    iii. Transit;

    iv. Peering;

    v. Servers and networking equipment;

    vi. Co-location space;

    vii. Datacenter facilities;

    viii. Support staff.

d) All documents pertaining to any contracts, agreements, undertakings, or understandings pertaining to Defendants or the Hotfile Website.

e) All documents pertaining to any Hotfile users, including communications between Lemuria and Hotfile users.

f) All documents pertaining to any content files uploaded to, downloaded from, or hosted on the Hotfile Website.

g) All documents pertaining to the presence of copyrighted material on the Hotfile Website with or without authorization, including:

    i. communications with or copyright takedown notices from copyright owners or their representatives pertaining to Defendants, any Hotfile Entity, or the Hotfile Website ("Copyright Notices"), and

    ii. your response to, or actions taking in relation to, any such Copyright Notices.

**REQUEST NO. 2:**

All documents pertaining to your relationship with any Hotfile Entity, including:

a)  Documents pertaining to any officers, directors, employees, or agents of any Hotfile Entity who are, or ever have been, officers, directors, employees, or agents of Lemuria;

b)  Documents pertaining to any common ownership between Lemuria and any Hotfile Entity, including documents reflecting whether any shareholder or other owner of Lemuria is, or ever has been, a shareholder or owner of any Hotfile Entity;

c)  Documents pertaining to any property (including real property, bank accounts, office equipment, or computer equipment) owned, held, controlled, or used jointly, by Lemuria and any Hotfile Entity, regardless of the relative interest of each;

d)  All documents pertaining to any agreements, contracts, undertakings, or understandings between Lemuria and any Hotfile Entity;

e)  All documents pertaining to any and all  financial arrangements, revenue sharing, and accountings between Lemuria and any  Hotfile Entity, including any revenue, income, funds, or other valuable cons  ideration exchanged between Lemuria and any Hotfile Entity; and

f)  All documents or communications pertaining to Lemuria's formation and the reasons therefore.

**REQUEST NO. 3:**

All documents pertaining to Lemuria's business plans and marketing plans.

**REQUEST NO. 4:**

Documents sufficient to show each service Lemuria provides to any person other than Defendants or any Hotfile Entity.

**REQUEST NO. 5:**

All documents pertaining to any relationship of any kind that exists, or ever has existed, between either Lemuria, Defendants, or any Hotfile Entity, and any of the following entities:

a)  InCorporate Now Inc.,

b)  Webazilla, LLC,

    c)  Webzilla, Inc.,

    d)  Webazilla Ltd.,

    e)  Webazilla B.V.,

    f)  IP Transit, Inc.,

    g)  International Solution Group, Inc.,

    h)  LinkShop, Inc.,

    i)  WZ Communications, Inc.,

    j)  Dedicated Servers LLC,

    k)  Ecorporate, Inc.,

    l)  Neocren, Inc.,

    m) Any person or entity that operates the website at filesonic.com,

    n)  Any person or entity that operates the website at depositfiles.com,

    o)  Any person or entity that operates the website at bitshare.com,

    p)  Any person or entity that operates the website at hotfilesearch.com;

    q)  Any person or entity that operates the website at hotfile123.com; and

    r)  Any person or entity that operates the website at 4shared.com.

**REQUEST NO. 6:**

Lemuria's corporate documents, including articles of corporation and corporate bylaws.

**REQUEST NO. 7:**

Documents sufficient to show all owners, officers, directors, agents, employees of Lemuria, and the nature of the work performed or scope of the agency of each.

**REQUEST NO. 8:**

Documents sufficient to show whether, and the full extent that, any part of the management or operations of Lemuria are carried out by third parties or contractors pursuant to management contracts (or the equivalent) with any third parties.

**REQUEST NO. 9:**

All documents pertaining to meetings of Lemuria's board of directors or other governing body, including documents sufficient to show:

a)  The name and title of every individual attending each meeting;

b)  The agenda for each meeting;

c)  The date and time of each meeting;

d)  The place of each meeting; and

e)  All minutes or any notes pertaining to each meeting.

**REQUEST NO. 10:**

All documents pertaining to any Hotfile Litigation.

**REQUEST NO. 11:**

Documents sufficient to show all income received by Lemuria, directly or indirectly, in connection with the Hotfile Website, Defendants, or any Hotfile Entity.