UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' RENEWED MOTION AND MEMORANDUM OF LAW
TO COMPEL PRODUCTION OF PARTICULAR SOURCE CODE**

From early in this litigation, the plaintiffs have sought the "source code" to the Hotfile website – the computerized instructions that constitute the programs and software operating the site. Defendants' response has been that it is not "necessary" for the plaintiffs to obtain the source code, because they can obtain information showing the key operations of the Hotfile website from non-source code documents and testimony from Hotfile witnesses. When plaintiffs originally moved to compel production of source code, the Court denied their request on the

1

grounds that the source code was confidential and, relying on defendants' arguments, that plaintiffs had not demonstrated that it was "necessary" to obtain all source code. However, the Court held open the possibility that plaintiffs may demonstrate a need to obtain source code based on the course of discovery. As to one particular technical issue (described in more detail below), defendants have failed to produce non-source code documents or a witness who can testify as to the timing of certain changes that are directly relevant to a key issue under the Digital Millennium Copyright Act ("DMCA"). As a result, plaintiffs now renew their motion for source code, limited to source code related to these narrow technical issues in dispute.

During the recent depositions of defendants, plaintiffs learned that  Defendants have been unable to produce documents or a witness identifying when this change took place.

The timing of the change is a critical fact in this case. Hotfile's ▮▮▮▮▮▮▮▮▮▮ potentially disqualifies it from DMCA protection for substantial period of the website's history. Plaintiffs are entitled to know when the change was made. The source code would answer these questions objectively. Plaintiffs therefore seek source code related to this process in order to determine when the change or changes were made.

## BACKGROUND

Defendants have made clear that their central defense in this litigation will be their claim that Hotfile responds to takedown notices, which defendants claim entitles them to the protections of the DMCA. *See, e.g.*, Hotfile's Second Amended Answer (ECF No. 161) ¶ 71. Defendants have touted their supposed compliance with plaintiffs' takedown notices and their claim that Hotfile uses so-called "hash" technology (i.e. technology that identifies when two copies of a file are identical) to block the subsequent uploading of files that have been previously

2

removed in response to a takedown notice.  *See, e.g.*, Declaration of Anton Titov in Support of Defendants' Opposition to Plaintiffs' Motion For Emergency Order Preserving Evidence, ECF No.30-1, at ¶ 10 (touting Hotfile's "MD5/SHA1" technology, i.e. hash technology).

However, at the recent deposition in Bulgaria of Anton Titov (who was also Hotfile's 30(b)(6) representative and lead developer), Mr. Titov revealed that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Specifically, he admitted that for a significant period of Hotfile's history, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Declaration of Duane C. Pozza in Support of Plaintiffs' Renewed Motion to Compel Production of Particular Source Code ("Pozza Decl."), Ex. A (Titov Dep.) at 339:20-340:2; 473:2-475:17.  Even more egregiously, Hotfile ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ – a feature that plaintiffs alleged in their Complaint as being apparently designed to thwart takedown notices in exactly this manner.  *See id.*, Ex. A (Titov Dep.) at 473:19-474:22; *see also* Complaint, ECF No. 1, at ¶ 38.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  When pressed for information about when Hotfile abandoned these previous practices and adopted its claimed current policy of deleting and blocking files, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  At the same time, Mr. Titov admitted that he ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇  Thus, defendants have been unable to produce documents or a witness who can testify

when those key changes were made, leaving the source code as the only available option for further information.

## ARGUMENT

With respect to the narrow factual issues at issue in this motion – when Hotfile started ███████████████████████████████████████████████████████████████████████████████, and when Hotfile started using "hash" information to prevent files from simply being re-uploaded after they were identified as infringing and taken down – defendants should be compelled to provide any specific files and sections of its source code that refer, relate, or are used in the those processes.

In denying plaintiffs' initial motion to compel production of source code in August, the Court nevertheless agreed that "the source code may become necessary in the future" based on the adequacy of further discovery and positions taken by defendants in the case. *See* ECF No. 128 at 4 n.2. At the time, the Court denied plaintiffs' motion to compel *all* source code for the Hotfile website – while explicitly leaving open the possibility that it might compel the production of some source code should it become necessary in the future. *Id*. at 1-4. Indeed, the Court stated that such necessity would arise if defendants were to take a legal position that Hotfile "cannot implement some infringement-stopping mechanism because of the way it coded some operation or function." *Id*. at 4 n.2. As described below, (1) for the narrow portion of Hotfile's source code at issue in this motion, such necessity has now arisen, and (2) Hotfile's principal objection to the production of its source code – that such source code represents a "trade secret" – has no real force with respect to source code showing how Hotfile operated in the past. Accordingly, plaintiffs have shown a compelling need for production of certain limited portions of the source code.

**A. Plaintiffs' Requests for Production (RFP No. 16):**

All versions of the source code for the Hotfile Website as it now exists or has ever existed.[1]

---

[1] This is the text of Plaintiffs' original Request For Production. For purposes of this motion, as noted above, Plaintiffs are moving only on the narrow subset of Hotfile's source code related to its processes for disabling files or URL links in response to takedown notices and its process for using "hash" information to prevent files from being re-uploaded after they have been taken down.

4

### B. Defendants' Objections to Plaintiffs' Request for Production:

Hotfile incorporates by reference its general objections to this request for production of documents. Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that is seeks all source code for the Hotfile Website, without any limitation or relationship to the two claims of copyright infringement set forth in the Complaint and/or the approximately 150 titles as to which infringement is claimed in the Complaint.

Hotfile further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks all versions of the source code, regardless of whether such source code is from time periods relevant to the present litigation. This is not a patent litigation. Hotfile further objects that this request seeks Hotfile's trade secrets (i.e., it's source code), which are confidential, proprietary and commercially sensitive. The details of every line that ever existed of Hotfile's most closely-held trade secrets are not relevant or properly subject to discovery here. Demanding that Hotfile produce every line of code ever written for Hotfile is improper and abusive, and on this basis Hotfile objects.

### C. Grounds Assigned for Defendants' Objections:

The grounds are set forth in the objections.

### D. Bases for Compelling Production as to Request No. 16:

Defendants' principal defense in this action is its claim that it implemented takedown notices it received from the Plaintiffs. *See, e.g.*, Hotfile's Second Amended Answer (ECF No. 161) ¶ 71. That defense depends upon Hotfile's having actually disabled all known copies of an infringing file upon notification, as well as upon preventing their subsequent re-upload. *See* 17 U.S.C. § 512(c)(1)(C) (service provider must "**remove, or disable access to**, the material" claimed as infringing in a notice) (emphasis added); 17 U.S.C. § 512(c)(1)(A) (safe harbor unavailable where a service provider has actual knowledge that file is infringing – as would be the case had Hotfile already removed the identical file for copyright infringement in the past).

Moreover, plaintiffs' claims in this action included extensive allegations of infringement by Hotfile in the past, not just in the past year. It is therefore of paramount importance to establish the precise date range in the past during which Hotfile ███████████████ ███████████████████████████████████████████████████████████████ ███ in order to establish for which past infringements Hotfile may be excluded from claiming

5

the protections of the DMCA due to its failure to implement takedown notices properly.[2]  Indeed, defendants' own interrogatories to plaintiffs demand that plaintiffs identify any infringing files for which Hotfile did not properly implement a takedown notice – discovery plaintiffs cannot meaningfully answer without knowing, for plaintiffs' past takedown notices, which files Hotfile actually disabled and which files it allowed to remain on its system while merely deactivating one of many URLs for downloading the file.  *See* Defendants' Interrogatory No. 20 (demanding that Plaintiffs identify which allegedly infringing files Hotfile failed to properly take down in response to a notice).

Given the importance of this question to the principal defense upon which defendants are relying, it is clear that the relevant portions of the source code are "necessary" to the case.  ECF No. 128 at 4 n.2.  The Court's denial of plaintiffs' earlier source code motion was based on the premise that there were alternative means for plaintiffs to obtain comparable information – such as the Court's suggestion that "plaintiffs can request that Hotfile describe its source code."  ECF No. 128 at 3.  At Mr. Titov's deposition, Plaintiffs made that precise request – but ███████ ████████████████████████████████████████████  *See* Pozza Decl., Ex. A ████ ████████████████████████████████████████████████████████████ ████████  Moreover, Mr. Titov was unable to point to other documents that would show when such a change was made.

On an issue so critical to defendants' primary defense in this case, plaintiffs cannot merely rely upon a memory that Mr. Titov admits is incomplete, when there may be objective evidence providing an exact date.  As Plaintiffs' expert Dr. Ian Foster has previously explained, it is a common practice to maintain source code history in a source code repository, and it is therefore highly likely that Hotfile's source code "would show when particular features were introduced and any changes that Hotfile made to its system over time."  Declaration of Ian Foster in Support of Plaintiffs' Motion to Compel (ECF No. 73-1) at ¶ 12.  Plaintiffs should not be forced to rely on Mr. Titov's incomplete recollections when there may be actual, objective evidence reflecting the dates of Hotfile's design changes.

Finally, the Court's reason for allowing Hotfile to protect its source code in its August ruling – that Hotfile's source code represents a valuable "trade secret," *see* ECF No. 128 at 2 –

---

[2] Plaintiffs also contend that Hotfile is ineligible for the protections of the DMCA for reasons other than a failure to implement takedown notices.

6

cannot possibly apply to the limited sections of Hotfile's source code that Plaintiffs now seek. Plaintiffs are only asking for the source code showing how Hotfile implemented the functions at issue **in the past**, and when Hotfile **abandoned** the previous practices to which Mr. Titov testified. Whatever the commercial sensitivity and value of Hotfile's source code for its current-day implementations, there surely can be no real "trade secret" value to showing how Hotfile coded functions of its website that it has since abandoned or the time at which it abandoned them. The concern that animated the Court's previous denial of much broader discovery into Hotfile's source code, therefore, is not implicated by the much narrower request made in this Motion.

## CONCLUSION

For the reasons stated, Plaintiffs respectfully request that their renewed Motion to Compel be granted.[3]

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs have conferred with counsel for Defendant Hotfile Corp. in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED:  December 23, 2011                              By: /s/ Karen L. Stetson
                                                                          Karen L. Stetson

                                                                          GRAY-ROBINSON, P.A.
                                                                          1221 Brickell Avenue, 16th Floor
                                                                          Miami, FL 33131
                                                                          Telephone: (305) 416-6880
                                                                          Facsimile:  (305) 416-6887

MOTION PICTURE ASSOCIATION                    JENNER & BLOCK LLP
OF AMERICA, INC.                                              Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)                   Duane C. Pozza (*Pro Hac Vice*)

---

[3] Plaintiffs attempted to file the unredacted under seal filing with the Court on December 23, 2011 before 4pm, but the clerk's office was closed. Counsel for Plaintiffs had previously called to confirm that the clerk's office would be open on December 23, 2011, and were not informed of the early closing.

| | |
|---|---|
| 15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403<br>Phone: (818) 995-6600<br>Fax: (818) 285-4403 | Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Telephone: (202) 639-6000<br>Facsimile: (202) 639-6066<br><br>*Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
                                                                      /

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
                                                                      /

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 23rd day of December, 2011, I served the following document on all counsel of record on the attached service list via the Court's ECF System:

> **Plaintiffs' Renewed Motion And Memorandum Of Law To Compel Production of Particular Source Code**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

1

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*