# ATTACHMENT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## DECLARATION OF DUANE C. POZZA IN SUPPORT OF PLAINTIFFS' RENEWED MOTION AND MEMORANDUM OF LAW TO COMPEL PRODUCTION OF PARTICULAR SOURCE CODE

I, Duane C. Pozza, hereby declare as follows:

1. I am a partner at the law firm of Jenner & Block LLP, and counsel to the plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc.

1

("plaintiffs"). The statements made in this declaration are based on my personal knowledge including on information provided to me by colleagues or other personnel working under my supervision on this case. If called to testify, I would testify as follows:

2. Attached hereto as Exhibit A is a true and correct copy of excerpts of the deposition of defendant Anton Titov, in his personal capacity and as Fed. R. Civ. P. 30(b)(6) representative of defendant Hotfile Corp., taken from Dec. 5 to Dec. 8, 2011.

3. Attached hereto as Exhibit B is a true and correct copy of excerpts of plaintiffs' first set of requests for production in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on December 23, 2011, at Washington, DC.

_____
Duane C. Pozza

# EXHIBIT A

EXHIBIT FILED UNDER SEAL

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., <br> TWENTIETH CENTURY FOX FILM CORPORATION, <br> UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, <br> COLUMBIA PICTURES INDUSTRIES, INC., and <br> WARNER BROS. ENTERTAINMENT INC., <br><br> *Plaintiffs*, <br><br> vs. <br><br> HOTFILE CORP., ANTON TITOV, and <br> DOES 1-10. <br><br> *Defendants*. | Case No. 1:11-cv-20427-AJ |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. (collectively, "Plaintiffs") request that Hotfile Corp. and Anton Titov (collectively, "Defendants") produce for inspection and copying, or cause to be copied, the documents described below. Defendants shall make such production within thirty (30) days after the service of these requests, at the offices of Gray-Robinson, P.A., 1221 Brickell Avenue, Suite 1600, Miami, FL 33131, c/o Karen L. Stetson, in accordance with the Federal Rules of Civil Procedure, and in compliance with the Definitions and Instructions set forth below.

### DEFINITIONS AND INSTRUCTIONS

1. The words "you," "yours," "yourselves," and "Defendants" means Anton Titov and Hotfile Corp., and includes (i) any directors, officers, accountants, investigators, attorneys,

1

employees, agents, representatives or other persons acting, authorized to act, or purporting to act, on behalf of Hotfile Corp. or Anton Titov; (ii) all of Hotfile Corp.'s affiliates, divisions, units, predecessors-in-interest, successors-in-interest, subsidiaries, parent corporations, and assigns; (iii) any other person or entity otherwise subject to Hotfile Corp.'s or Anton Titov's control, who controls Hotfile Corp., or is under common control with Hotfile Corp.

2. The terms "Hotfile" and "Hotfile Website" mean the website accessible at www.hotfile.com and hotfile.com and encompasses all servers, software, and databases operated as part of the website.

3. The term "Hotfile Entity" means Hotfile Corp., Hotfile, S.A., and Hotfile, Ltd., as well as any entity involved with or that you claim is involved with the operation of the Hotfile Website, as well as any entity controlled, operated, affiliated with, or owned by any Defendant, in whole or in part, that performs or has performed any services related to the Hotfile Website, and shall further include principals, executives, officers, directors, employees, agents, representatives, or shareholders of such entity.

4. The term "Lemuria" means Lemuria Communications Inc. ("Lemuria"), including any principals, executives, officers, directors, employees, agents, representatives, or shareholders of Lemuria, all of Lemuria's affiliates, divisions, units, predecessors-in-interest, successors-in-interest, subsidiaries, parent corporations, and assigns, and any other person otherwise understood by you to be subject to Lemuria's control, who controls Lemuria, or is under common control with Lemuria.

5. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation."

6. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. The word "document" shall have the meaning of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 24(a)(1)(A).

8. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

10. The words "pertain to" or "pertaining to" mean relates to, refers to, regarding, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

11. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

12. The word "identify," when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

13. The word "identify," when used in reference to a natural person, means and includes the person's full name, position and/or title, and present contact information. Stating that a person can be contacted through counsel is not sufficient. If the person is a Hotfile user, also state the person's account name and user ID.

14. The term "Hotfile user" means any person who has directed his or her Internet browser to the Hotfile Website or otherwise accessed the Hotfile Website, including any person who has registered with the Hotfile website, any person who has at any time opened a "Premium" account with the Hotfile website, and any person who has at any time been a participant in any of the Hotfile Website's "Affiliate" programs.

15. The term "Content File" means any electronic file uploaded to, stored on and/or downloaded from the Hotfile Website by any Hotfile user at any time.

16. The term "Affiliate programs" means all offers, programs or practices whereby Hotfile users receive compensation from any Defendant or Hotfile Entity, including the "Affiliate" program for uploading users and the "Referral" programs "for site owners" and "Refer a friend" as described at http://www.hotfile.com/affiliate.html.

17. The term "Content Reference Data" means any electronic data pertaining to the Content Files (apart from the Content Files themselves) received by Hotfile servers or otherwise created, maintained, or used by Hotfile or Defendants. "Content Reference Data" shall include:

    a. the Hotfile URL associated with each such file;

    b. any unique Hotfile-assigned identifier associated such each such file;

    c. any identifiers of the uploading Hotfile user associated with each such file including IP address, username, and Hotfile user identification number;

    d. the Hotfile user supplied filename of each such file;

    e. the size in bytes of each such file;

    f. the date and time each such file was uploaded to Hotfile;

    g. the location and/or IP address from which each such file was uploaded to Hotfile;

    h. the number of times each such file has been downloaded from Hotfile;

    i. the number of times each such file has been downloaded from Hotfile;

    j. the location and/or IP address from which each such file was downloaded from Hotfile;

    k. the dates and time of each download of each such file from Hotfile;

    l. whether each such file was copied using Hotfile's feature by which an uploading user may create additional copies within their account, and if so, the Hotfile URL and any unique identifier associated with each resulting copy;

    m. the "status" of each such file on the Hotfile Website, including:

        i. whether the file remains active;

        ii. whether the file has been blocked from user access, or from Hotfile's servers;

        iii. for files that do not remain active, the reason why the file no longer remains active, including

            1. whether the file was the subject of a copyright owner claim or notice;

            2. whether the Hotfile user deleted the file; or

            3. whether the file was blocked, removed, or deleted for inactivity; or

            4. whether the file is no longer active for some other reason.

    18. The term "User Data" means all electronic data received by Hotfile servers or otherwise created, maintained, or used by Hotfile or Defendants reflecting information about Hotfile users, whether registered or unregistered, including any user account or activity records, any records of uploads to or downloads from Hotfile by users (including log files), and all records concerning payments made or owed to users under any of Hotfile's "Affiliate" programs.

19. The term "Affiliate Data" means all electronic data reflecting information about the persons or entities to which Hotfile makes payments, directly or indirectly, as part of any of its "Affiliate" programs, including amounts and dates of payments; the URLs of websites registered by Hotfile users under Hotfile's referral program for site owners; the amounts of traffic from such websites; the number of downloads by users arriving from such websites; the numbers of Hotfile Premium subscriptions resulting from traffic from such websites; formulas, algorithms, or other methods used to calculate those payments; and any data used to calculate the amounts of such payments or determine their proper recipients

20. Documents maintained in electronic format shall be produced in accordance with any ESI agreement in this Action.

21. If any document is not produced on the basis of a claim of privilege or for any other reason, identify the document with particularity, including without limitation the author(s), any recipient(s), any other individual or entity to whom the document has been shown or transmitted, any other individual or entity with whom the document has been discussed, the number of pages, attachments, and appendices, the date of the document, a description of the subject matter sufficient to form the basis of a claimed privilege and to uniquely identify the document, and a short statement of the nature of the claimed privilege or reason for withholding production.

22. Plaintiffs do not believe that Defendants may lawfully withhold documents on the basis that they contain identifying information regarding specific Hotfile users. Without prejudice to Plaintiffs' right to seek the identity and additional information pertaining to such users, Defendants may, in the first instance, limit their initial production of documents in response to these Requests for Production containing individually identifying information of

users as described herein. With respect to the top 500 users and/or websites that have received the greatest amounts of payments from Defendants related to Hotfile, and with respect to data requested in Request for Production No. 28 *infra*, Defendants may redact information such as credit card statement or bank account information. Plaintiffs will meet and confer in good faith regarding whether this information should be provided for a greater number of users or websites. For all other database records, if Defendants intend to redact such records, redactions will be done in a way that preserves the ability to identify the geographic location of the Hotfile user (such as by providing city and state information or sufficient unredacted IP address information), and that allows for the unique identification of the user such that an individual user's activities may be identified even when examining different sets of data. Plaintiffs invite Defendants to meet and confer regarding appropriate protocols for implementing these limitations.

23. You are reminded to supplement your responses to these requests and your documents produced in response to these requests in accordance with Rule 26 of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:**

Subject to Instruction 22 *supra*, all Content Reference Data.

**DOCUMENT REQUEST NO. 2:**

Subject to Instruction 22 *supra*, all User Data.

**DOCUMENT REQUEST NO. 3:**

Subject to Instruction 22 *supra*, all Affiliate Data.

      a) Nature and value of assets;

      b) Income for each month from the launch of the Hotfile Website through the present;

      c) Each source of income from the launch of the Hotfile Website through the present;

      d) Monthly expenses; and

      e) Any transfers of funds to, from, or among each Defendant or Hotfile entity, including the amount and date of each such transfer and identity of all parties to the transaction.

**DOCUMENT REQUEST NO. 16:**

All versions of the source code for the Hotfile Website as it now exists or has ever existed.

**DOCUMENT REQUEST NO. 17:**

Schema for all databases used in operation of all versions of the Hotfile Website.

**DOCUMENT REQUEST NO. 18:**

All documents pertaining to the design or functionality of the Hotfile Website, as it currently exists or has ever existed, including any feature specification, feature requirements definition, system architecture, or other technical documents.

**DOCUMENT REQUEST NO. 19:**

All documents pertaining to tracking or monitoring the utilization of or traffic to the Hotfile Website, including any reports or data generated from Google Analytics.

**DOCUMENT REQUEST NO. 20:**

All documents pertaining to the any steps taken to prevent automated downloading from the Hotfile Website, including use of Google's "Captcha" service.

11

Dated: April 1, 2011  By: s/ Luke C. Platzer
 Luke C. Platzer

| | |
|---|---|
| MOTION PICTURE ASSOCIATION OF AMERICA, INC. <br> Karen R. Thorland (*Pro Hac Vice*) <br> 15301 Ventura Blvd. <br> Building E <br> Sherman Oaks, CA 91403 | JENNER & BLOCK LLP <br> Steven B. Fabrizio (*Pro Hac Vice*) <br> Duane C. Pozza (*Pro Hac Vice*) <br> Luke C. Platzer (*Pro Hac Vice*) <br> 1099 New York Ave., N.W. <br> Suite 900 <br> Washington, DC 20001 <br> Phone: 202-639-6000 <br> Fax: 202-639-6066 |

*Attorneys for Plaintiffs*

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305-416-6880
Fax: 305-416-6887