# EXHIBIT 3

Highly Confidential

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20427-WILLIAMS/TURNOFF

- - - - - - - - - - - - - - - - - - - - - - - -

DISNEY ENTERPRISES,
INC., TWENTIETH CENTURY
FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP,
COLUMBIA PICTURES
INDUSTRIES, INC., and
WARNER BROS.
ENTERTAINMENT, INC.,

      Plaintiff,

v.

HOTFILE CORP., ANTON
TITOV, and DOES 1-10,

      Defendants.


HOTFILE CORP.,

      Counterclaimant,

v.

WARNER BROS ENTERTAINMENT
INC.,

      Counterdefendant.

- - - - - - - - - - - - - - - - - - - - - - - -

VOLUME I
H I G H L Y  C O N F I D E N T I A L
(Pursuant to protective order, the following
transcript has been designated highly confidential)

30(b)(6) DEPOSITION OF ANTON TITOV
Radisson Blu Hotel
Sofia, Bulgaria
Monday, December 5, 2011
Job Number: 44174

Highly Confidential

Page 164

1        (Exhibit Titov 26 re-marked for identification.)
2    BY MR. FABRIZIO:
3    Q.  Mr. Titov, I take it that you have no issues reading
4        this document in Bulgarian?
5    A.  No, I don't.
6    MR. THOMPSON:  His counsel does.
7         Mr. Fabrizio, let me also just state while he's
8        reading that, we have become aware in the last week or
9        two or some inadvertent produced documents that were
10       written in Bulgarian that contained work product
11       information.  And I'd ask -- have asked for their
12       return.  I don't know if this is among them or not, not
13       being able to read the Bulgarian.
14   MR. FABRIZIO:  Well, then, we can deal with that afterwards.
15   MR. THOMPSON:  And I'd just like to -- I'll allow this to
16       continue, but I want to reserve a potential objection to
17       the extent this has any work product.
18   MR. FABRIZIO:  Okay.  Fair enough.  You preserve the
19       objection.  Obviously, until we see what it is, I can't
20       say whether we agree or not.
21   MR. THOMPSON:  But you agree there's no waiver by
22       letting me --
23   MR. FABRIZIO:  No, not by letting him answer the following
24       question.
25   BY MR. FABRIZIO:

Highly Confidential

Page 167

```
 1   A.   No, they did not.
 2   Q.   Hotfile had identified what it believed to have been
 3        mistakes in the notices by Warner throughout
 4        February, March, April and even May of 2001; is that not
 5        correct?
 6   MR. THOMPSON:  I'm going to object to the extent that it
 7        calls for work product information which commenced after
 8        the date of early March 2011.
 9             To the extent you can answer without revealing work
10        product information, you can do so.
11   A.   I don't think I can answer.
12   BY MR. FABRIZIO:
13   Q.   Okay.  Well, you identified what you believed to have
14        been mistakes made by Warner prior to early March 2001;
15        is that not correct?
16   A.   Yeah, I believe so.
17   Q.   Okay.  Did you ever bring those mistakes to the
18        attention of Warner prior to filing your counterclaim?
19   A.   Not directly, no.
20   Q.   Indirectly?
21   A.   It is my belief that at some point our counsel
22        communicated with Warner, who knew.
23   MR. FABRIZIO:  Let me ask the court reporter to mark as
24        Titov exhibit 27 a document bearing the Bates number
25        HF02866338 through 369.
```

Highly Confidential

Page 191

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20427-WILLIAMS/TURNOFF

- - - - - - - - - - - - - - - - - - - - - - - - - -

DISNEY ENTERPRISES,
INC., TWENTIETH CENTURY
FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP,
COLUMBIA PICTURES
INDUSTRIES, INC., and
WARNER BROS.
ENTERTAINMENT, INC.,

      Plaintiff,

v.

HOTFILE CORP., ANTON
TITOV, and DOES 1-10,

      Defendants.

HOTFILE CORP.,

      Counterclaimant,

v.

WARNER BROS ENTERTAINMENT
INC.,
      Counterdefendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -

VOLUME II
H I G H L Y   C O N F I D E N T I A L
(Pursuant to protective order, the following
transcript has been designated highly confidential)

30(b)(6) DEPOSITION OF ANTON TITOV
Radisson Blu Hotel
Sofia, Bulgaria
Tuesday, December 6, 2011
AT: 9:10 a.m.
Job No: 44175

TSG Reporting - Worldwide    (877) 702-9580

Highly Confidential

Page 196

1   VIDEOGRAPHER: This is the beginning of tape 1, volume II,
2       and a continuation in the deposition of Mr. Anton Titov.
3       On the record, 9:10.
4   MR. THOMPSON: Mr. Fabrizio, as we've been discussing off
5       the record, the defendants have informed you and now
6       inform the court reporter that exhibits 26 and 27 were
7       inadvertently produced documents that contain work
8       product information, and we ask for their return.
9           I would also ask you to work with me after the
10      deposition to strike the testimony that was given
11      pursuant -- about those documents yesterday. We'll not
12      do that now; I won't take your time.
13          The reason for pulling them back is that beginning
14      on March 2nd, 2011, Hotfile undertook work product
15      investigation of its potential counterclaim against
16      Warner Brothers. These documents were both generated
17      after that date.
18          We provided you a list on Saturday; I recognize you
19      were in transit and may not have seen it. Exhibit 26
20      was among the documents that were on that list.
21      Exhibit 27 was not, but on further investigation, it's
22      dated March 10 and is also protected work product.
23          I'd like to work with you going forward today to the
24      extent you have documents that you want to use with this
25      witness that are dated or generated after March 2nd.

Highly Confidential

Page 197

```
 1      But please give me a chance to examine them to make sure
 2      that they're not also work product before we examine the
 3      witness.
 4          With that, and not to belabor the record, I'd like
 5      to formally request the return of exhibits 26 and 27 and
 6      have them removed from the record.
 7  MR. FABRIZIO: Right. I won't belabor our disagreement on
 8      this on the record. We'll have plenty of time to
 9      discuss it when we're back in the States. But as you
10      out, exhibit 27 wasn't on any -- any list, and that list
11      did come Saturday before a Monday deposition, and I have
12      told you I wouldn't have had a chance to look at it, and
13      didn't and still haven't.
14          So, going forward, I am happy to give you, you know,
15      time to look at the document before we begin questioning
16      the witness; but as for the documents that have already
17      been marked, the only thing I can tell you is that we
18      will -- without waiving -- either party waiving any
19      rights or privileges, we'll see what the situation is
20      and address them when we get back home.
21          I can tell you right now, by way of fair warning,
22      that -- well, exhibit 26 was a document in Bulgarian,
23      and if you can demonstrate that a waiver was or the
24      disclosure was inadvertent, I don't think we'll have
25      issue with it.
```

Highly Confidential

Page 198

```
 1        On the other hand, exhibit 27 appears plainly from
 2   the testimony yesterday not to be work product, and it
 3   is not a document that was produced in Bulgarian; it was
 4   produced in English.  It was a long document, so could
 5   not easily have been missed, and we don't think that the
 6   production of it was inadvertent.  And moreover, the
 7   witness, with counsel present, testified fairly
 8   extensively about the document yesterday, so we believe
 9   that the document was never privileged to the extent it
10   might have been waived on production.  And to the extent
11   it wasn't waived on production, it was certainly waived
12   at this point.
13        But we recognize that you have every right to make
14   a challenge to that, and we will just deal with that in
15   the normal course when we're back in the United States.
16   MR. THOMPSON:  Mr. Fabrizio, very briefly, as I told you off
17   the record, you should update yourself of the law.  When
18   a document is requested to be pulled back, there is no
19   burden; you have no choice but to give it back to us.
20   There's no longer any need to show that we waived any
21   privilege by inadvertent production.  We produced
22   something inadvertently; you are required to provide the
23   documents back to us.  You can challenge it later court.
24        With respect to exhibit 26, as you've noted, that's
25   in the Bulgarian language, and we don't speak Bulgarian;
```

Highly Confidential

Page 199

1  we can't read every document before it was produced.
2  With respect to exhibit 27, the record will speak
3  for itself. I made very clear to you yesterday that
4  I was concerned about a work product privilege with
5  respect to any document dated after late March, and
6  I would check overnight to get a particular date, and
7  I indulged with you a courtesy, and I expected to have
8  the courtesy returned, of you proceeding with the
9  examination, subject to my objection.
10  Now, what I would ask again today is before you mark
11  any document dated after March 2nd, 2011, pertaining to
12  the Warner Brothers counterclaim, that you give me
13  a chance to check to see if we have in fact asserted
14  that the document is privileged -- which is something,
15  frankly, you and your team should have done. We've
16  issued many other emails with document numbers to be
17  taken back, just as your team has. It wasn't only on
18  Saturday. I just want us both to make sure we don't
19  make the same mistake today of allowing examination on a
20  document that should never have been used.
21 MR. FABRIZIO: Well, we -- I will do whatever I can to
22  reasonably give you an opportunity to look at documents
23  today, as I think I did yesterday, and the record will
24  speak for itself. But as to exhibit 27, there was no
25  objection raised, no concern raised. As to exhibit 26,

Highly Confidential

Page 200

```
 1      there certainly was, because it was in Bulgarian, and
 2      neither one of us knew what the full document said, and
 3      you specifically asked me whether I would consider your
 4      allowing the witness to be examined on it, a waiver, and
 5      I specifically said that I would not consider the fact
 6      that Mr. Titov answered questions about that document at
 7      his deposition to be a waiver; that we did not have
 8      anywhere near -- anything, any agreement as to
 9      exhibit 27, and hopefully the record will reflect any
10      objections raised as to exhibit 27.
11           But going forward, we can deal with it.  And as for
12      the rules and what I need to educate myself on, the
13      protective order in this case spells out the procedures
14      for requesting back a document that you believe was
15      inadvertently produced.  And I believe the protective
16      order is what governs this request, and we are honoring
17      the protective order, and that gives us some number of
18      business days to address it, which, fortunately, lets us
19      conclude this deposition and get back to the United
20      States to address it.  And frankly, I am not sure how
21      the protective order or the rules apply once a document
22      has been marked at a deposition and the witness has --
23      has testified extensively on it.  That's something we'll
24      have to look at.
25  MR. THOMPSON:  I can tell you right now.  How it works is
```