UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC., TWENTIETH
CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS
LLLP, COLUMBIA PICTURES INDUSTRIES, INC.,
and WARNER BROS. ENTERTAINMENT INC.,

    *Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and DOES 1-10.

    *Defendants.*                              /

## MEMORANDUM OF LAW OF NONPARTY LEMURIA COMMUNICATIONS, INC. IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Nonparty Lemuria Communications, Inc. ("Lemuria"), has already produced all of the documents demanded by Plaintiffs in their Motion. Lemuria informed Plaintiffs of this fact in writing on December 21, 2011 – prior to the filing of this Motion. Plaintiffs filed this Motion anyway, without even picking up the telephone to speak with Lemuria's counsel. Plaintiffs thus continue their war of attrition, seeking to murder any corporation connected to Defendants simply through the litigation costs imposed. This is improper. This Motion is devoid of any factual basis. It should be denied.

Regarding the specifically-identified categories of documents supposedly not produced by Lemuria, Plaintiffs assert that Lemuria has withheld communications with contractors such as

Blue Ant, Ltd. or its employees (collectively, "Blue Ant") regarding Hotfile activities. Plaintiffs make this assertion based solely upon their unfounded speculation:

> *If* defendant Titov engaged in communications with Messrs. [REDACTED][1] and [REDACTED] about copyright infringement on the Hotfile website, Lemuria (and defendants) *would have been able* to conceal those documents under the guise that those communications were between Lemuria (which Mr. Titov owns and operates) and Blue Ant (which Messrs. [REDACTED] and [REDACTED] own and operate). Likewise, Lemuria and defendants *would have been able* to conceal incriminating communications between and among Mr. Titov and any "employees" of Hotfile under the similar guise that those communications were between Lemuria and Blue Ant personnel.

Mot. at 3 (emphasis added). However, there was no need for Plaintiffs to speculate here: prior to the filing of this Motion, Lemuria explicitly stated to Plaintiffs in writing that it had produced its communications "between Lemuria and any employee or contractor of Blue Ant." There is simply nothing else to produce. Nonparty Lemuria should not have had to file this Opposition.

Plaintiffs also speculate that "Lemuria in particular *could* be used to shield communications between Lemuria and . . . Vobile [*i.e.*, Hotfile's supplier of content-filtering technology]." Mot. at 8-9. Again, Lemuria already stated to Plaintiffs in writing prior to this Motion that Lemuria's production had included any " nonprivileged, responsive communications located after a reasonable search between Lemuria and . . . any Vobile representative." As evident from the terms of this representation, Lemuria did not impose any limitation or condition on its production of these documents. While Plaintiffs spend eight pages of argument attacking the "fiction" of Lemuria's separate corporate existence, such an argument remains as pointless as it is meritless: Lemuria did not withhold Vobile-related communications from its production.

---

[1] Lemuria has redacted the names of the two owners of Blue Ant here. The names appear on page 3 of Plaintiffs' Motion, filed under seal on December 23, 2011.

2

CASE NO. 11-20427-WILLIAMS/TURNOFF

Without the benefit of a single legal citation, Plaintiffs argue that the Court should compel the production of documents from non-party Lemuria based solely on the Plaintiffs' speculation that – because Lemuria and Hotfile have some common owners[2] – "any of them could be in possession of critical documents." Plaintiffs' Motion at p. 8. Florida law does not support the Plaintiffs' attempts to pierce Lemuria's corporate form. *See, e.g., Gov't of Aruba v. Sanchez*, 216 F. Supp. 2d 1320, 1362 (S.D. Fla. 2002)("The GOA contends that the corporate veil should be pierced because Sanchez dominated and controlled MAI, failed to observe corporate formalities and MAI was not adequately capitalized. The law does not support the GOA's attempt to pierce the corporate veil. Under Florida law... courts are reluctant to pierce the corporate veil and will do so only in exceptional cases where there has been extreme abuse of the corporate form")(multiple citations omitted). "Even if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained. ...It is insufficient that a shareholder operated a wholly-owned corporation in a 'loose and haphazard manner;' the corporation did not observe corporate formalities, had no capitalization, and the sole shareholder exercised complete control. ...Under Florida law, to pierce the corporate veil a plaintiff must show that the corporation was organized or employed as a mere device or sham to work a fraud on creditors." *Id.* (multiple internal citations omitted).

In the present case, Lemuria exists as a separate legal (and actual) corporate entity. It is registered and recognized as the Florida Secretary of State as a corporate entity; it is properly

---

[2] Interestingly, even though a variety of corporations within Plaintiffs' organizations also share corporate ownership, the Plaintiffs seem to believe that *their* corporate entities should be respected.

3

capitalized; it files annual reports; and it observes corporate formalities. In the face of this, Plaintiffs offer nothing other than unsubstantiated and baseless conspiracy theories.

Judge Jordan rejected Plaintiffs' motion to compel regarding the instant document demands over three months ago. [*See* Docket No. 145.] On the facts set forth by Plaintiffs on this motion for reconsideration, no possible reason exists to disturb his ruling. Indeed, nonparty Lemuria should never have had to file this brief. Plaintiffs cannot properly impose costs on opponents simply as punishment. Plaintiffs' motion to compel further production of documents from Lemuria should be denied.

Dated: January 5, 2012

Respectfully submitted,

s/ Janet T. Munn
Janet T. Munn, Fla. Bar No. 501281
Email: jmunn@rascoklock.com
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

s/ Andrew Leibnitz
Roderick M. Thompson *(Admitted pro hac vice)*
rthompson@fbm.com
Andrew Leibnitz *(Admitted pro hac vice)*
aleibnitz@fbm.com
Anthony P. Schoenberg *(Admitted pro hac vice)*
tschoenberg@fbm.com
Deepak Gupta *(Admitted pro hac vice)*
dgupta@fbm.com
Janel Thamkul *(Admitted pro hac vice)*
jthamkul@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

CASE NO. 11-20427-WILLIAMS/TURNOFF

AND

s/Valentin Gurvits
Valentin Gurvits *(Admitted pro hac vice)*
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone: 617.928.1800
Telecopy: 617.928.1802

*Counsel for Non-Party Lemuria*

CASE NO. 11-20427-WILLIAMS/TURNOFF

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2012, the foregoing document was served on all counsel of record or pro se parties identified below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Janet T. Munn
    Janet T. Munn

| | |
|---|---|
| Karen L. Stetson, Fla. Bar No.: 742937<br>GRAY-ROBINSON, P.A.<br>Email: Karen.Stetson@gray-robinson.com<br>1211 Brickell Avenue<br>Suite 1600<br>Miami, FL 33131<br>Telephone: 305.416.6880<br>Telecopy: 305.416.6887 | Karen R. Thorland, Esq.<br>Email: Karen_Thorland@mpaa.org<br>Senior Content Protection Counsel<br>Motion Picture Association of America, Inc.<br>15301 Ventura Boulevard Building E<br>Sherman Oaks, CA<br>Telephone:  818-935-5812 |
| Steven B. Fabrizio (*Pro Hac Vice*)<br>Email: sfabrizio@jenner.com<br>Duane C. Pozza (*Pro Hac Vice*)<br>Email: dpozza@jenner.com<br>Luke C. Platzer (*Pro Hac Vice*)<br>Email: lplatzer@jenner.com<br>JENNER AND BLOCK, LLP<br>1099 New York Ave, N.W.<br>Suite 900<br>Washington, DC 20001<br>Telephone: 202.639.6000<br>Telecopy:  202.639.6066 | |