UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM LEMURIA COMMUNICATIONS, INC.

     Lemuria is undoubtedly in possession of documents directly related to the core operations of Hotfile. The basis on which Lemuria has previously withheld these documents – the assertion that it is an arms-length neutral third party doing business with Hotfile – has now been proven to be false. In its opposition, Lemuria does not attempt to rebut the newly discovered evidence of its extensive involvement in all facets of Hotfile's operations. While Lemuria uses careful wording to try to sidestep the question of whether it still has documents about Hotfile's operations, earlier in this litigation, Lemuria went through great pains to avoid producing all but

a narrow category of documents related to Hotfile – those related to "hosting services." In light of the newfound evidence that Lemuria is integrally involved in Hotfile, the Court should order Lemuria to produce the requested documents.

      1.      Lemuria does not actually claim that it lacks additional documents about Hotfile's operations. Instead, Lemuria makes vague and unsupported claims that all "responsive" or "demanded" documents have been produced. Opp. at 1-2. However, if it did not have such documents, its opposition to plaintiffs' *first* motion to compel discovery – where it characterized itself as a neutral third party that would be burdened by producing such documents – would have been pointless. In fact, Lemuria aggressively sought to limit its production to documents about Lemuria's provision of hosting services, and the Court upheld this limitation based on the limited role of Lemuria known at the time. Plaintiffs have now presented unrebutted evidence that Lemuria is much more involved in Hotfile and almost certainly has key documents about a broader range of Hotfile activities. Mot. at 2-5.

Lemuria also suggests that only communications between it and employees or contractors of the company Blue Ant or representatives of Vobile are actually at issue in this motion. *Id*. However, as explained above, the motion is not limited to those specific communications. Plaintiffs seek, for example:

- Communications with Blue Ant's principals – who are also Hotfile's principals – that Lemuria may be shielding on the theory that they are in the possession of Lemuria and Blue Ant, but not Hotfile Corp. These principals are not "employees," and they used Blue Ant to perform a range of activities for Hotfile. These communications may involve discussions of Hotfile's infringement-promoting "Affiliate" program, technical measures Hotfile has taken regarding certain content or users, or other topics directly related to Hotfile's liability for copyright infringement.
- Documents about implementation of Vobile's technology to filter certain kinds of content.
- Documents about Hotfile's software development and dealings with third party vendors that may have provided support for Hotfile.

Moreover, even regarding the communications with Blue Ant employees and Vobile representatives, Lemuria merely quotes portions of an email from its counsel stating that

2

"nonprivileged, responsive documents" regarding communications with Blue Ant employees and Vobile representatives have been produced. As plaintiffs' counsel pointed out in response to that email (and not mentioned in the opposition), the representation that "*responsive*" documents have been produced is evasive, because Lemuria has *limited its response* to documents about Lemuria's hosting services. The additional requested documents must be provided.

2. Lemuria accuses the plaintiffs of "speculation" as to what documents are in the possession of defendants. Opp. at 1-3. That is the same argument that Lemuria made in opposing plaintiffs' first motion to compel production of documents – arguing that plaintiffs cannot prove the existence of documents that only Lemuria knows it has and that it is fighting not to produce. At the time of the first motion, plaintiffs did not have hard evidence that Lemuria was involved in other aspects of Hotfile's operations, and Lemuria itself suggested that it did not. In their renewed motion, plaintiffs presented voluminous evidence from Mr. Titov's own testimony showing that Lemuria is a linchpin of Hotfile's operations, used interchangeably with other Hotfile-related entities. Mot. at 4-5. Lemuria does not even attempt to rebut this evidence, which points directly to Lemuria shielding substantial amounts of documents about Hotfile's operations.

3. Lemuria argues that plaintiffs are trying to "pierce the corporate form" of Lemuria in seeking documents about Hotfile from Lemuria. Opp. at 3. While plaintiffs have produced unrebutted evidence showing that Lemuria and other Hotfile entities are used interchangeably, *see* Mot. at 4-5, plaintiffs do not need to show Lemuria is an alter ego of Hotfile simply to *obtain discovery* from Lemuria (as opposed to seeking to impose liability on Lemuria). Plaintiffs may seek relevant discovery from non-parties that is not unduly burdensome to produce. Order (Doc. #145) at 1. The Court denied plaintiffs' previous motion to compel discovery from Lemuria because it found that the need to obtain the requested evidence from Lemuria was outweighed by the burden on Lemuria as a neutral arms-length third party. *Id*. at 3. However, plaintiffs have now discovered evidence that tips both of those factors toward discovery of Lemuria's documents: Lemuria's history of concealing the extent of its involvement with Hotfile, while acting as a front for Hotfile's operations, means that Lemuria is highly likely to be in possession of high level documents that no other party has, and it undercuts Lemuria's claim that Lemuria

would be unduly burdened by producing these documents.[1]  *See Echostar Satellite v. Viewtech, Inc.*, No. 10-60069-MC, 2010 WL 2822109, at *3 (S.D. Fla. July 16, 2010) (ordering production of relevant discovery from third party that "Plaintiffs allege . . .  has been more than a wholly independent third-party, but rather . . . has facilitated and/or encouraged the sale of the [unlawful device] for improper purposes").

The Court should order Lemuria to produce documents responsive to Requests 1(a), (b), (d), and 2(d) to the subpoena, to the extent those documents relate to Hotfile's operations.

Dated: January 10, 2012                    Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, Fl 33131
Telephone: (305) 461-6880
Facsimile:  (305) 461-6887

MOTION PICTURE ASSOCIATION                 JENNER & BLOCK LLP
 OF AMERICA, INC.                          Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)         Duane C. Pozza (*Pro Hac Vice*)
15301 Ventura Blvd.                        Luke C. Platzer (*Pro Hac Vice*)
Building E                                 1099 New York Ave., N.W.
Sherman Oaks, CA 91403                     Suite 900
Phone:  (818) 995-6600                     Washington, DC 20001
Fax:  (818) 285-4403                       Telephone: (202) 639-6000
                                           Facsimile:  (202) 639-6066

                                           *Attorneys for Plaintiffs*

---

[1] In any event, Lemuria plainly meets the standard for veil-piercing under Florida law.  The case cited by defendants makes the point that under Florida law the controlled corporation be "organized or employed as a mere device or sham to work a fraud on creditors," the so-called "improper conduct" requirement.  *Gov't of Aruba v. Sanchez*, 216 F. Supp. 2d 1320, 1362 (S.D. Fla. 2002).  As plaintiffs pointed out in their motion, Mr. Titov clearly does use Lemuria for the purpose of moving around money that would otherwise be in the possession of him or other Hotfile-related entities.  Mot. at 4-5.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 10th day of January, 2012, I served the following document via overnight delivery and by email to N. Andrew Leibnitz, counsel for Lemuria Communications, Inc. at his listed address on the attached service list.

In addition, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Reply in Support of Their Renewed Motion to Compel Production of Documents from Lemuria Communications, Inc.**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson<br>Karen L. Stetson

# SERVICE LIST

## Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
## CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP<br>Anthony P. Schoenberg<br>tschoenberg@fbm.com<br>Roderick M. Thompson<br>rthompson@fbm.com<br>N. Andrew Leibnitz<br>aleibnitz@fbm.com<br>Deepak Gupta<br>dgupta@fbm.com<br>Janel Thamkul<br>jthamkul@fbm.com<br>235 Montgomery Street<br>San Francisco, CA  94104<br>Phone:  415-954-4400<br><br>*Attorneys for Defendants Hotfile Corp. and Anton Titov* | RASCO KLOCK<br>Janet T. Munn<br>jmunn@rascoklock.com<br>283 Catalonia Ave., Suite 200<br>Coral Gables, FL  33134<br>Phone:  305-476-7101<br>Fax:  305-476-7102<br><br>*Attorney for Defendants Hotfile Corp. and Anton Titov* |

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*