UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' REPLY MEMORANDUM OF LAW
TO COMPEL PRODUCTION OF PARTICULAR SOURCE CODE**

Plaintiffs have requested a narrow piece of source code showing how Hotfile handles a discrete function: disabling and blocking files in response to takedown notices. Defendants now claim in their Opposition brief that the source code will not show what Plaintiffs are seeking, i.e., Hotfile's admitted practice of **not** disabling files in response to notifications of infringement, and how long that practice continued. But Defendants provide no evidence other than unsworn assertions in their brief about what the requested source code shows or does not show, and Defendant Titov, testifying as Hotfile's representative, was unable at his deposition to provide

1

with any degree of reliability the information sought. On an issue with the potential to substantially undermine Hotfile's principal defense in this action, Plaintiffs should not be forced to rely on mere unsworn assertions in a brief, or on the testimony of a party witness devoid of specifics and facing a strong incentive to give self-serving testimony. Plaintiffs need to be able to test those representations against objective evidence. That objective evidence is the specific, narrow section of the source code requested.

It is precisely because this source code is so important that Plaintiffs repeatedly sought it from Defendants and Defendants' counsel told Plaintiffs' counsel (contrary to Defendants' accusation that Plaintiffs did not negotiate this issue with Defendants) that Hotfile was "not going to accede to plaintiffs['] demand for source code." The source code is relevant and necessary to Plaintiffs' case. And while Defendants may claim that the source code that operates their website is a trade secret in its entirety, they have failed to carry their burden of showing that the much narrower segment of that source code sought in this motion – source code implementing the deletion and blocking of files in response to takedown notices – has any commercial value at all, much less that it is a "trade secret" requiring protection from discovery.

## ARGUMENT

**A.     The Narrow Source Code Sought Is Critically Relevant.**

The critical relevance of the source code sought is obvious and Defendants' Opposition to Plaintiffs' motion does not meaningfully contest it. Defendants have made the centerpiece of their strategy in this case to argue that Hotfile's liability should be limited because of the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c). That safe harbor, however, requires, among other things, that a service provider "remove, or disable access to, the material" claimed as infringing in a notice or of which it has "actual knowledge." 17 U.S.C. § 512(c)(1)(A) & (c)(1)(C). While Defendants argue that Plaintiffs are "overreaching" by relying upon these statutory provisions, Opp. at 5 n.1, they are not. When Hotfile admittedly did not disable a file in response to a notice, it did not comply with section 512(c)(1)(C). When Hotfile admittedly did not disable a file that it knew was identical to a file that had been the subject of a notice (because the "hash" of the files was identical), Hotfile did not comply with section 512(c)(1)(A) and/or section 512(c)(1)(C). The centrality of these questions to the case is undeniable.

How those functions are implemented should be reflected in specific parts of Hotfile's source code. And as Plaintiffs' technical expert Dr. Ian Foster previously explained, one would also generally expect parties to retain historical versions of source code, *see* Declaration of Ian Foster in Support of Plaintiffs' Motion to Compel (ECF No. 73-1) at ¶ 12; it is also common for engineers to leave "comments" in source code that explain or disable particular features (a practice Hotfile has not denied). Source code is thus objective evidence of how Hotfile implements the file-deleting and file-blocking functions at issue in this motion – and would also be reasonably expected to contain relevant information about past practice.

**B.      Defendant Titov's Uncertain Testimony And Unsworn Claims In A Brief Are Not An Adequate Substitute For Objective Evidence.**

Rather than contest the relevance of the narrow source code sought here, Defendants' Opposition relies, essentially, on two arguments: (1) the factual assertion that Hotfile's source code would not reveal "the specific date information" about when Hotfile ceased the non-deletion practices to which Titov confessed at his deposition, and (2) the contention that Titov's testimony is in any event an adequate substitute for the source code itself. Opp. at 1. Both arguments miss the point of Plaintiffs' Motion: source code is objective evidence of how the Hotfile system operates. On an issue this central, Plaintiffs should not be forced to rely on unsworn and carefully-worded representations in a legal filing about what the source code would or would not show, or on imprecise statements by a party witness with an incentive to give self-serving testimony, when there is objective evidence that can be consulted instead.

First, because Hotfile's practices in responding to takedown notifications are so critical to whether Hotfile is excluded altogether from the DMCA safe harbor – and because Hotfile admittedly failed to implement practices necessary for compliance with takedown notices for some period after its founding – Mr. Titov, himself a Defendant in this case, faces an obvious incentive to minimize Hotfile's original practices and place the date on which Hotfile abandoned them as early as possible. When Titov testified that he was "not sure" when this practice stopped and thought it was "maybe" around August 2009, Plaintiffs should be entitled to test that imperfect and possibly self-serving recollection against real evidence.

Second, the unsworn and carefully-worded representations by Hotfile in its Opposition brief – which make assertions about what the requested source code would and would not show – raise more questions than they answer. Defendants claim that "a search was conducted" regarding Hotfile's source code, but do not say whether Hotfile's counsel reviewed the code or

3

simply relied upon representations from Titov himself to determine what the code shows or does not show (Opp. at 3). They claim that Hotfile's source code "does not have the *specific* date information that Plaintiffs seek" (Opp. at 1; *see also id.* at 3) (emphasis added) and "would not provide any greater specificity" than Titov's testimony (Opp. at 3), and that Hotfile does not maintain source code revisions, *see* Opp. Ex. A at 4, but stop short of representing that there is no useful information at all in Hotfile's source code about Hotfile's past deletion and blocking practices or Hotfile's changes to them, such as annotations or legacy portions of the code that have been rendered inoperative by being "commented out."[1] Again, on an issue of such importance, deliberate and carefully-worded claims in a legal brief are not an adequate substitute for evidence.

C.  **Defendants' "Trade Secret" Claims Are Overstated And Lack Evidentiary Support.**

For the reasons stated *supra*, the narrow source code sought is necessary to Plaintiffs' claims, satisfying any heightened standard required for obtaining this discovery. However, Defendants overreach when they suggest that the narrow source code sought here – "the narrow subset of Hotfile's source code related to its processes for disabling files or URL links in response to takedown notices and its process for using 'hash' information to prevent files from being re-uploaded after they have been taken down," *see* Motion, ECF No. 200 at 4 n.1.– constitutes a "trade secret" deserving of heightened protection.

Again, Plaintiffs are not seeking the entirety of Hotfile's source code, nor even of competitively sensitive functions – only the source code showing how Hotfile implements the disabling of files and/or URLs in response to notifications of infringement. It is hard to see how this narrow function – which relates to legal compliance rather than to business operations – could be valuable to Hotfile's competitors. Indeed, while Defendants assert that "Hotfile's competitive position could be harmed if [the] source code were disclosed to its competitors as well as other companies," Opp. at 7, they support that assertion only by citing to inapposite testimony from Titov in which he claimed that competitive harm could occur to Hotfile as a result of the disclosure of *all* of Hotfile's source code to competitors. Opp. at 7 (citing ECF 81-17 at ¶¶ 8-9). Nothing in that testimony supports Hotfile's assertion that the specific and narrow

---

[1] *See* Proposed Order, ECF No. 200-2 at 1 (requesting any "including in-file programmer comments," the existence of which Hotfile does not deny).

4

portion of its source code for taking down infringing files derives economic value from being unknown to Hotfile's competitors.

**D.      Plaintiffs Conferred With Defendants Prior To Seeking Relief From The Court.**

Finally, Defendants do not represent accurately the negotiation history in their representation to the Court that "[t]he only discussion related to the substance of this motion consisted of a request made on the record by plaintiffs' counsel on December 7, 2011." Opp. at 1.[2] Contrary to Defendants' accusations, this issue was negotiated and an impasse was reached.

After Titov's initial deposition and the exchange of initial expert reports in this case, Plaintiffs specifically sought from Defendants in writing the specific and narrow source code sought here, specifically "source code related to the blocking or removal of files." *See* Ex. A. After back-and-forth discussions over several days, Defendants counsel represented – again in writing – that Hotfile's position was that Plaintiffs' request for this exact source code was "substantively … improper" and that "we are not going to accede to plaintiffs['] demand for source code." *Id*. Plaintiffs' counsel also notified Defendants – the Tuesday before the Friday on which this motion was filed – of their intention to file it by the end of the discovery period; indeed the parties even negotiated extensively about the briefing schedule in the several days leading up to the filing of this motion. *See* Ex. B. At no point during any of these discussions regarding this motion and its subject matter did Defendants ever represent that the requested source code did not exist (and they still do not), much less ever express the position that additional negotiations would be useful or that Defendants were open to changing their position.

## CONCLUSION

For the reasons stated, Plaintiffs respectfully request that their renewed Motion to Compel the production of Hotfile's source code related to the blocking or removal of files be grated.

---

[2] The transcript attached to Defendants' Opposition relates to a separate issue that arose at Titov's deposition: Defendants' failure to prepare their 30(b)(6) witness on a duly noticed deposition topic, not the production of the source code itself, on which the parties had already reached an impasse. Plaintiffs' request at the deposition was rather to "have Mr. Titov prepare to look at [the source code] and see if that can refresh his memory" because of Titov's inability to testify on the topic as noticed. Opp. Ex. A at 5.

5

DATED:  January 10, 2011                By: /s/ Karen L. Stetson
                                            Karen L. Stetson

                                            GRAY-ROBINSON, P.A.
                                            1221 Brickell Avenue, 16th Floor
                                            Miami, FL 33131
                                            Telephone: (305) 461-6880
                                            Facsimile:  (305) 461-6887

MOTION PICTURE ASSOCIATION              JENNER & BLOCK LLP
OF AMERICA, INC.                        Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)      Duane C. Pozza (*Pro Hac Vice*)
15301 Ventura Blvd.                     Luke C. Platzer (*Pro Hac Vice*)
Building E                              1099 New York Ave., N.W.
Sherman Oaks, CA 91403                  Suite 900
Phone:  (818) 995-6600                  Washington, DC 20001
Fax:  (818) 285-4403                    Telephone: (202) 639-6000
                                        Facsimile:  (202) 639-6066

                                        *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 10th day of January, 2012, I served the following document on all counsel of record on the attached service list via the Court's ECF System:

> **Plaintiffs' Reply Motion And Memorandum Of Law To Compel Production of Particular Source Code**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

1

# SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*