UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
                                                              /

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
                                                              /

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' REBUTTAL REPORT OF DR. RICHARD WATERMAN

Defendants have no basis to move to exclude the identified portions of the rebuttal report of plaintiffs' statistical expert Dr. Richard Waterman on the ground that it is not a proper rebuttal. In his rebuttal report, Dr. Waterman directly responded to a report submitted by defendants' expert Prof. Boyle, who opined that the use of the Hotfile site for non-infringing activities over Hotfile's existence was "substantial," both quantitatively and qualitatively. Dr. Waterman explained in rebuttal that Prof. Boyle's conclusion was undermined by the study Dr. Waterman disclosed in his initial report, and he provided additional explanation about

conclusions bearing directly on the quantification of the extent of non-infringing versus infringing uses of Hotfile over time.  Thus, Dr. Waterman's rebuttal report was a straightforward rebuttal to the "subject matter" of Prof. Boyle's report.  It was also not "new" – it simply applied the methodology discussed in Dr. Waterman's deposition and addressed by defendants' own expert Dr. Daniel Levy in his rebuttal.  Dr. Waterman's rebuttal report is plainly permissible under Fed. R. Civ. P. 26.  In any event, defendants suffer no prejudice from Dr. Waterman's rebuttal opinions here: (i) defendants have already introduced a report by their expert, Dr. Levy, on the same issues they claim are "new," and Dr. Waterman is entitled to address Dr. Levy's criticism in his actual testimony with or without a rebuttal report; (ii) Dr. Waterman's rebuttal relies in part on newly developed evidence and he is not foreclosed from further consideration of that evidence in his testimony; and (iii) defendants still have the opportunity to depose Dr. Waterman on his rebuttal report, just as other rebuttal experts have been deposed by both sides in this case.  Defendants' motion is meritless and should be denied.

## BACKGROUND

Both sides have submitted initial reports, and now rebuttal reports, providing opinions on the extent to which Hotfile is used for infringing activities.  On Nov. 18, 2011, plaintiffs' statistical expert Dr. Waterman submitted an initial report concluding, based on his analysis of the Hotfile site, that "approximately 90.3% of *all* daily downloads of files on Hotfile were downloads of infringing or highly likely infringing content."  Mot. Ex. A at 3 (emphasis added).[1]  Dr. Waterman's conclusions were based on drawing a statistically representative sample from the month prior to the litigation, January 2011.  Dr. Waterman's initial report did *not* purport to limit his conclusions to a specific time period.

Also on Nov. 18, defendants' expert Prof. James Boyle submitted a report analyzing the extent of non-infringing uses of the Hotfile site over the lifetime of Hotfile.  Prof. Boyle

---

[1] Dr. Waterman's study in this case is highly similar to studies that he and others have conducted in other online infringement cases.  These studies have been cited as powerful evidence by courts in finding operators of online websites or services to be liable for infringement.  *See, e.g., Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 922-923 & 940-941 (2005); *Columbia Pictures Industries, Inc. v. Fung*, No. CV 06-5578 SVW (JCx), 2009 WL 6355911, at *8 (C.D. Cal. Dec. 21, 2009); *Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 131-32 (S.D.N.Y. 2009); *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 412 (S.D.N.Y. 2011).  Moreover, as with the study here, each of these studies has been based on analyzing a snapshot of content available or downloaded at a particular point in time.

concluded that "there was a high volume of usage of the Hotfile system for activities that were either clearly non-infringing or highly likely to be non-infringing," Mot. Ex. B at 1, that "[u]sing the Hotfile system to share non-infringing software files was also a *popular* usage of the system in relative and absolute terms," *id*., and that "non-infringing content is frequently uploaded and downloaded on Hotfile and those uses are *substantial* both in terms of raw numbers, and in terms of the *most common* uses of the Hotfile system," *id*. at 18 (emphasis added). Thus, Prof. Boyle, in his initial report, purported to opine generally about the noninfringing uses of Hotfile. He disclaimed using a statistical methodology – which is a weakness of his study – but there is no doubt that Prof. Boyle purported to speak broadly about the claimed noninfringing uses of Hotfile.

At Dr. Waterman's deposition on November 29, defendants pressed on the question of whether Dr. Waterman reached conclusions about infringement on Hotfile for the month from which the sample was taken or for a broader period. Dr. Waterman testified that the study clearly applied to January 2011, and that he believed that if there were no "watershed events" in the site's history prior to January 2011 and "there was stability in the nature of the site, then I would feel quite comfortable that the results that I had for January told me something about what was going on prior to that month . . . ." Mot. Ex. C (Waterman Tr.) at 104:24 – 106:2. The week after his deposition, from December 5 to 8, plaintiffs deposed Hotfile's principal witness Anton Titov over four days of depositions. In his deposition, Mr. Titov testified about the history of Hotfile's operations and the meaning of key data that defendants had produced.[2]

On January 6, 2012, plaintiffs served Dr. Waterman's rebuttal report, as well as rebuttal reports of Dr. Ian Foster and Mr. Scott Zebrak, which challenged Prof. Boyle's conclusion that the non-infringing uses of Hotfile were substantial. Dr. Waterman explained that Prof. Boyle provided no evidence that the identified non-infringing uses of Hotfile were substantial from a "quantitative perspective." Mot. Ex. D at 2. Dr. Waterman then explained how the statistical conclusions he drew about January 2011 could in fact be extrapolated to other time periods based on the available data. *Id*. at 3-4. Also on January 6, defendants submitted two rebuttal reports. One, from Dr. Daniel Levy, addressed the issue of whether the conclusions from the January 2011 statistical sample provided any information about time periods other than January 2011.

---

[2] The plaintiffs had previously deposed Mr. Titov only for a few hours on a limited set of ESI issues. Otherwise, these were the first depositions that plaintiffs took in the case.

Mot. Ex. H at 4-5, 8-12.  The other, from Prof. Boyle, identified and attempted to quantify non-infringing uses of Hotfile not discussed in his initial report, "temporary personal storage and archival backup," and criticized Dr. Waterman for failing to examine those uses.  Rebuttal Report of Professor James Boyle at 4, 8-10 (attached hereto as Exhibit 1).

Under the parties' agreed schedule in this case, expert depositions have been conducted after each round of reports, and four of the experts on each side (including Prof. Boyle) have now been deposed twice.  Thus, defendants have the opportunity to depose Dr. Waterman again, but they have opted to postpone taking that deposition while this motion is pending.

### LEGAL STANDARD

Parties may offer rebuttal evidence that is "intended solely to contradict or rebut evidence *on the same subject matter* identified by another party."  Fed. R. Civ. P. 26(c)(a)(2) (emphasis added).  Courts have broadly construed the phrase "same subject matter," and held that construing it narrowly "would impose an additional restriction on parties that is not included in the Rules."  *TC Systems Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 180 (N.D.N.Y. 2002).  Moreover, district courts have broad discretion in determining what is proper rebuttal evidence that will be admitted.  *Johnson v. Petsmart, Inc.*, No. 6:06-cv-1716-Orl-31UAM, 2007 WL 3024029, at *2 (M.D. Fla. Oct. 15, 2007) (citing *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 601 (9th Cir. 1991)).  Exclusion of expert testimony on procedural grounds is a "drastic remedy."  *S.W. v. City of New York*, No. CV 2009-1777 (ENV) (MDG), 2011 WL 3038776, at *3-*4 (E.D.N.Y. July 25, 2011) (quotation omitted).

### ARGUMENT

**I.     Dr. Waterman's Opinions Were Properly Included in a Rebuttal Report.**

Dr. Waterman's rebuttal report plainly rebuts evidence on the "same subject matter" of defendants' report from their expert, Prof. Boyle:  the extent of infringement versus non-infringement on Hotfile.  Prof. Boyle offers opinions about whether the use of Hotfile for non-infringing activities constituted a "high volume," were "a *popular* usage of the system in relative and absolute terms," and "were substantial both in terms of raw numbers, and in terms of the most common uses of the Hotfile system."  *Supra* 2-3.  In doing so, Prof. Boyle looked at the popularity of certain files across Hotfile's entire existence.  *See* Mot. Ex. B at 2, 6, 10-12, 15, 17; Boyle Dep. Tr. at 61:19 – 62:8 (attached hereto as Exhibit 2).  At his deposition he repeatedly made clear that he was attempting to show that the non-infringing uses he identified were

4

substantial for purposes of the Court evaluating Hotfile's inducement liability and its "substantial non-infringing uses defense." *E.g.*, Ex. 2 (Boyle Dep. Tr.) 40:10-19 ("I understood my instructions to be to examine the use of the Hotfile system in order to offer to the court material that might be useful in the court's determination of whether or not Hotfile had substantial, noninfringing uses as a service…and also to find out the kind of uses in terms of its distribution of noninfringing content that might be relevant to a court's determination over several inducement viability set forth in the *Grokster* case."); *id*. at 39:20-23; 41:18-24; 55:8-56:11; 57:15 – 58:14; 61:19 – 62:8; 104:4 -22; 126:15-23; 165:4 – 166:6.

      Dr. Waterman's rebuttal properly criticizes Prof. Boyle for opining on whether the uses of Hotfile were substantially non-infringing without using a statistical methodology. It also rebuts Prof. Boyle's conclusions by providing further support for Dr. Waterman's conclusions that January 2011 data are relevant to the period before January 2011. Mot. Ex. D at 2. The subject matter is the same: the overall use of Hotfile for infringing versus non-infringing uses. (Dr. Waterman focuses on the prevalence of infringing activity and Prof. Boyle on non-infringing activity, but these are flip sides of the same inquiry.) The fact that Dr. Waterman uses a different methodology than Prof. Boyle does not mean that each is providing testimony on a different "subject matter" – indeed, Dr. Waterman's rebuttal report criticizes Prof. Boyle for not using a statistical methodology to reach his conclusions. *Id*. at 2 ("from a quantitative perspective, there is no basis for concluding that the downloads that Prof. Boyle identified are 'substantial' in terms of the predominant uses of the site"). The fact that Prof. Boyle did not use statistical evidence does not mean that statistical evidence cannot be used to rebut him.

      Courts are clear that rebuttal experts need not use the same methodology to discuss a subject matter as the experts they rebut. *See TC Systems,* 213 F. Supp. 2d 171 at180 (permitting expert rebuttal and rejecting argument that rebuttal experts must use the "same methodology" or be in the same field of study as initial expert); *Park West Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009) (refusing to strike rebuttal report where expert had employed new methodology in order to rebut opposing expert). Further, there is nothing impermissible about Dr. Waterman building upon his initial report in rebuttal. *See Lalli v. U.S. Life Ins. Co.,* No. 10-3591 (SRN/LIB), 2011 WL 2601795, at *2 (D. Minn. July 1, 2011) (permitting rebuttal expert report where it "more fully explains both Plaintiff's and [Defendant's] existing theories of what happened to [Plaintiff]" in order to rebut defendant's expert and thus

5

was "not a new theory of the case"); *S.W.,* 2011 WL 3038776, at *4 (elaboration on original report in rebuttal in response to opposing experts is permissible). The only case cited by defendants on this point, *see* Mot. at 11, n.6 (citing *IBM Corp. v. Fasco Indus., Inc.*, No. 93-20326, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995)), is inapposite, as the Court in that case excluded rebuttal expert reports on entirely different topics (*e.g.*, damages) than the opposing party's expert reports. That is not the case here.

While the fact that Dr. Waterman rebuts Prof. Boyle on the same subject matter is sufficient to show that Dr. Waterman's rebuttal testimony is permissible, defendants are additionally mistaken that his opinion as to periods of time prior to January 2011 is "new." *See, e.g.*, Mot. at 10, 12. Dr. Waterman's initial report does *not* limit the time periods of Hotfile as to which he is drawing conclusions about infringement levels. Mot. Ex. A at 3, 7-8. At his deposition, defendants' counsel questioned Dr. Waterman at length on this topic, and Dr. Waterman repeatedly stated that his statistical conclusions about January 2011 could be extrapolated to other months based on additional information. *See supra* 3; Mot. Ex. C (Waterman Tr.) at 83:22 – 84:9 ("I would say to the extent that the world was similar before January, for example, December, that . . . if I had no reason to believe that the world had changed dramatically, . . . that there was no event of interest that would change behavior, then that the results that I provided would give one a sense of what was likely happening prior to that point."); *id.* at 84:11 – 85:10 ("the extent to which a month of December of 2010 or November 2010 would be expected to be similar or, as I would say, I have no reason to believe that the world changed in some dramatic fashion, there was no massive event of interest, then my sense would be that this would give me good understanding of what was – what was likely to have happened beforehand");  *id.* at 104:24 – 106:2.

In their motion, defendants cite passages from his deposition in which defendants' counsel repeatedly asked Dr. Waterman, again and again, whether he was limiting his opinion to January 2011. Mot. at 4-5. However, these isolated quotes lack context – Dr. Waterman had *already* explained repeatedly in response to the same line of questioning, earlier in the deposition, that his study sampled January 2011 but likely had broader applicability. *See supra* 3. Recognizing this point, defendants' expert Dr. Levy submitted a report arguing that the conclusions of Dr. Waterman's study should be limited to January 2011. Mot. Ex. H at 12 (acknowledging that, "[w]hen comparing January 2011 to prior months, Dr. Waterman states that

6

he has 'no reason to believe that the world changed (in) some dramatic fashion," but disagreeing with his conclusion); *id*. at 10, 12 (analyzing similar trending data also considered by Dr. Waterman in his rebuttal report, but reaching a different conclusion).  In short, the two experts have a substantive disagreement on this issue.  The fact that Dr. Waterman further explained his reasoning based on additional data in an otherwise proper rebuttal report is not grounds for striking it.  *See 103 Investors I, L.P. v. Square D Co.*, 372 F.3d 1213, 1218 (10th Cir. 2004) (reversing district court's exclusion of rebuttal report because it "did not espouse a new theory" as further explanation of theory discussed in initial report is not "new"); *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004) (refusing to "automatically exclude anything an expert could have included in his or her original report" from a rebuttal report because "[s]uch a rule would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing the relevant material.").[3]

## II. In Any Event, Defendants are Not Prejudiced By Any Discussion in Dr. Waterman's Rebuttal Report.

As explained above, the fact that Dr. Waterman's report rebutted Prof. Boyle's report on the same subject matter is sufficient grounds to deny defendants' motion.  But, even accepting defendants' constrained theory of the "same subject matter" (and the Court should not), there would be no grounds for striking the rebuttal report under Rule 37.  Defendants are not prejudiced by admission of Dr. Waterman's testimony in his report.

*First*, defendants have already submitted a report from Dr. Levy on the same points that they argue are "new" in Dr. Waterman's rebuttal.  Mot. Ex. H at 4-5, 8-12.  Defendants will be entitled to further dispute Dr. Waterman's conclusions about periods outside of January 2011 at trial.  Moreover, Dr. Levy did not even submit an initial report – the first time he disclosed any opinions was in a *rebuttal* report.  Thus, neither Dr. Waterman nor plaintiffs have had any opportunity to "rebut" Dr. Levy's many unfounded opinions.  In order to fairly address Dr.

---

[3] Defendants also move to strike other portions of Dr. Waterman's rebuttal report that they omit for "brevity."  Mot. at 8.  These include Dr. Waterman's opinions as to downloads that may have not been recorded in the data file that Dr. Waterman analyzed.  Mot. Ex. D at ¶ 9.  These portions are permissible for the reasons discussed above and in the following section.  Further, Dr. Waterman's discussion in those portions is based on subsequent deposition testimony that postdates his initial report.  *See id.*; Mot. at 14 n. 7 (citing one excerpt of relevant deposition testimony).

Levy's opinion on the merits, Dr. Waterman has to be able to address *Dr. Levy's criticisms* at trial, meaning that the issue of whether the January 2011 data provides information about overall level of infringement in periods prior to January 2011 will be an issue on which both experts can provide testimony at trial. It would be pointless to strike a rebuttal report providing an explanation that, in any event, could be readily addressed at trial. *See In re Prempro Products Liability Litig.*, 514 F.3d 825, 831-32 (8th Cir. 2008) (expert may testify at trial in response to testimony which expert has not previously been able to address); *Fritz v. Consolidated Rail Corp.*, Civ. A. No. 90-7530, 1992 WL 96285, at *3 (E.D. Pa. April 23, 1992) (same); *Mead Johnson & Co. v. Barr Labs*, 38 F. Supp. 2d 289, 297 (S.D.N.Y. 1999) (same).[4]

*Second*, Dr. Waterman's rebuttal cites to new evidence about Hotfile's operations that was unavailable until after his initial report was submitted, and defendants cannot dispute that Dr. Waterman was entitled to review and incorporate additional facts that had been developed since the time of his first report. In their motion, defendants point to examples of disclosures relevant to his rebuttal reports that were available prior to his initial report. Mot. at 13-14. However, Dr. Waterman considered substantial additional evidence that was *not* available at the time of his initial report. In particular, Dr. Waterman testified that he would need to look at the evidence relevant to whether there had been "watershed" events in the history of Hotfile in determining the applicability of January 2011 data to other periods. While plaintiffs had piecemeal evidence about those events, the plaintiffs' development of that evidence was only preliminary until the four-day deposition of Mr. Titov in early December. Dr. Waterman considered Mr. Titov's testimony from those four days in assessing whether there had been dramatic changes in Hotfile's operations prior to January 2011. *See* Mot. Ex. D at 4, ¶ 6, Mot. Ex. G (listing Mr. Titov's deposition testimony as a basis for rebuttal opinion). Testimony addressing facts that were unknown or unavailable at the time of an expert's initial report may be

---

[4] Likewise, defendants' experts can address Dr. Waterman's rebuttal points in order to defend their opinions at trial. Defendants' argument that their experts will have no opportunity to address Dr. Waterman's rebuttal points is unfounded. Further, defendants' argument that they were prejudiced by not being able to ask *plaintiffs' fact witnesses* questions about the course of *Hotfile's* development, see Mot. at 15-16, is facially baseless. The plaintiffs are not in possession of information about Hotfile's development, and have been prevented by defendants' "Highly Confidential" designations under the Protective Order from even seeing the data considered by Dr. Waterman. Those depositions could not have uncovered any evidence remotely related to the application of Dr. Waterman's statistical analysis.

properly included in a rebuttal report. *See S.W.,* 2011 WL 3038776, at *4 (experts may include rebuttal testimony discussing items "that had not been produced at the time they served their initial reports" because "this constitutes information that was previously unknown or unavailable to them"); *Akers v. United States*, Civ. No. 01-1348-HU, 2003 WL 25694925, at *3 (D. Or. May 20, 2003) (expert may include rebuttal testimony "based on receipt of additional discovery materials" where "[d]iscovery was ongoing when he made his initial report").

*Third*, just as plaintiffs had the opportunity to do with Prof. Boyle's rebuttal report, defendants have the opportunity to depose Prof. Waterman on any matters set forth in his rebuttal report. In this case, the parties have agreed to conduct depositions after each round of reports, and each of the four other experts who presented both opening and rebuttal reports have been re-deposed. The opportunity to further depose Dr. Waterman here cures any potential prejudice to defendants. *See S.W.,* 2011 WL 3038776, at *4 (no prejudice to including newly developed facts in rebuttal report where opposing party could depose expert on rebuttal report); *Park West Radiology*, 675 F. Supp. 2d at 326 (same). In fact, striking Dr. Waterman's rebuttal report when defendants have the opportunity to submit both initial and rebuttal reports on the extent of infringing uses of Hotfile would treat the parties differently and prejudice the plaintiffs. For all of defendants' criticisms of Dr. Waterman, Prof. Boyle disclaimed studying a key alleged non-infringing use of Hotfile – "personal storage" – in his opening report, and provided opinions about that use of Hotfile only in his rebuttal report. In Prof. Boyle's deposition taken after his initial report, defendants in fact instructed Prof. Boyle not to answer questions about use of personal storage on Hotfile, claiming it was work product related to the rebuttal report. Ex. 2 (Boyle Dep. Tr.) at 48:10-15; 178:12-22; 198:24 – 199:2. As anticipated at that deposition, Prof. Boyle's rebuttal report in fact includes the opinion that personal storage is yet another substantial non-infringing use of Hotfile, and plaintiffs recently deposed him on that very topic. Likewise, the defendants will have the opportunity to depose Dr. Waterman on his rebuttal report.

## CONCLUSION

The Defendants' Motion to Strike should be denied.

Dated: January 23, 2012    Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.

9

        1221 Brickell Avenue
        16th Floor
        Miami, Fl 33131
        Telephone: (305) 461-6880
        Facsimile: (305) 461-6887

| MOTION PICTURE ASSOCIATION OF AMERICA, INC. | JENNER & BLOCK LLP |
|---|---|
| Karen R. Thorland (*Pro Hac Vice*) | Steven B. Fabrizio (*Pro Hac Vice*) |
| 15301 Ventura Blvd. | Duane C. Pozza (*Pro Hac Vice*) |
| Building E | Luke C. Platzer (*Pro Hac Vice*) |
| Sherman Oaks, CA 91403 | 1099 New York Ave., N.W. |
| Phone: (818) 995-6600 | Suite 900 |
| Fax: (818) 285-4403 | Washington, DC 20001 |
| | Telephone: (202) 639-6000 |
| | Facsimile: (202) 639-6066 |

*Attorneys for Plaintiffs*

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 23rd day of January, 2012, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Opposition to Defendants' Motion to Strike Plaintiffs' Rebuttal Report of Dr. Richard Waterman**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

                                                               By: /s/ Karen L. Stetson
                                                                    Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*