```
 1                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
 2
                      11-20427-CIV-KMW/TURNOFF
 3
 4   DISNEY ENTERPRISES, INC., ET AL,)
                                     )
 5              PLAINTIFFS,          )
                                     )
 6          VS.                      )
                                     )
 7   HOTFILE CORP., ET AL,           )
                                     )
 8              DEFENDANTS.          )
     _____ )
 9
                   (TRANSCRIPT BY DIGITAL RECORDING)
10
11          TRANSCRIPT OF TELEPHONIC MOTION HEARING HAD BEFORE
12   THE HONORABLE WILLIAM C. TURNOFF, IN MIAMI, MIAMI-DADE COUNTY,
13   FLORIDA, ON NOVEMBER 30, 2011, IN THE ABOVE-STYLED MATTER.
14
15
     APPEARANCES:
16
     FOR THE PLAINTIFFS:   STEVEN B. FABRIZIO, AND
17                         LUKE C. PLATZER, ESQS.
                           JENNER & BLOCK
18                         1099 NEW YORK AVENUE, NW
                           WASHINGTON, D.C. 10022 - 202 639-6094
19
     FOR THE DEFENDANTS:   RODERICK M. THOMPSON, AND
20                         N. ANDREW LEIBNITZ, ESQS.
                           FARELLA BRAUN & MARTEL, LLP
21                         235 MONTGOMERY STREET, 17TH FLOOR
                           SAN FRANCISCO, CA 94104 - 415 954-4400
22
                           CARL SCHANZLEH
23                      OFFICIAL COURT REPORTER
                          U. S. COURTHOUSE
24                    299 E. BROWARD BLVD., 202B
                    FORT LAUDERDALE, FLORIDA 33301
25                        954 769-5488
```

2

```
 1   APPEARANCES CONTINUED:

 2   FOR THE DEFENDANTS:    JANET T. MUNN, ESQ.
                            RASCO KLOCK REININGER PEREZS ESQUENAZI
 3                          VIGIL & NIETO
                            283 CATALONIA AVENUE, SUITE 200
 4                          CORAL GABLES, FL 33134 - 305 476-7101

 5

 6

 7

 8

 9

10                        TABLE OF CONTENTS

11   WITNESSES:                    DIRECT  CROSS REDIRECT RECROSS

12
                          INDEX TO EXHIBITS
13
     EXHIBITS                    MARKED FOR        RECEIVED
14                               IDENTIFICATION   IN EVIDENCE

15   DESCRIPTION               PAGE      LINE     PAGE     LINE

16

17

18

19   (MIAMI, MIAMI-DADE COUNTY, FLORIDA;  NOVEMBER 30, 2011, IN OPEN

20   COURT.)

21           THE COURT:  GOOD AFTERNOON, EVERYBODY.  THIS IS

22   WILLIAM TURNOFF.

23           WHAT I'M GOING TO DO IS, I'M GOING TO ASK ONE AT A

24   TIME THE COUNSEL FOR PLAINTIFFS TO IDENTIFY THEMSELVES AND WHO

25   THEY REPRESENT.  THEN WHEN WE HAVE DONE WITH THAT WE WILL TURN
```

1   TO THE APPEARANCES BY THE DEFENDANTS.

2          LET'S START WITH THE PLAINTIFFS.  NAME AND WHO YOU

3   REPRESENT.

4          MR. FABRIZIO:  GOOD AFTERNOON, YOUR HONOR.  MY NAME IS

5   STEVEN FABRIZIO AND I REPRESENT ALL OF THE PLAINTIFFS.

6          THE COURT:  THAT MAKES IT EASY.  OKAY.

7          MR. PLATZER:  GOOD AFTERNOON, YOUR HONOR.  MY NAME IS

8   LUKE PLATZER.  I ALSO REPRESENT ALL OF THE PLAINTIFFS.

9          THE COURT:  OKAY.  ANYBODY ELSE FOR THE PLAINTIFFS?

10          MR. FABRIZIO:  NO.  THAT'S IT, YOUR HONOR.

11          THE COURT:  OKAY.  AND WHO IS HERE FOR THE DEFENDANT?

12          MR. THOMPSON:  GOOD AFTERNOON, YOUR HONOR.  THIS

13   RODERICK THOMPSON AND I REPRESENT BOTH OF THE DEFENDANTS.  WITH

14   ME IN SAN FRANCISCO IS MY PARTNER ANDREW LEIBNITZ.

15          THE COURT:  OKAY.  YOU ARE IN SAN FRANCISCO,

16   MR. THOMPSON.

17          WHERE ARE THE PLAINTIFFS' COUNSEL?

18          MR. FABRIZIO:  WE ARE BOTH IN WASHINGTON, D.C., YOUR

19   HONOR.

20          THE COURT:  OKAY.

21          MS. MUNN:  YOUR HONOR --

22          THE COURT:  GO AHEAD.

23          MS. MUNN:  I'M SORRY, YOUR HONOR.  GOOD AFTERNOON.

24   IT'S JANET MUNN.  I AM HERE IN MIAMI AND I REPRESENT BOTH OF

25   THE DEFENDANTS AS WILL.

1           THE COURT:  OKAY.  WELL, I HAVE ONE DAUGHTER EACH IN

2    SAN FRANCISCO AND D.C.  SO I EXPECT YOU ALL TO INDICATE WHAT A

3    WORLD CLASS JUDGE YOU ARE IN FRONT OF HERE THIS AFTERNOON.

4           MR. FABRIZIO:  ABSOLUTELY.

5           THE COURT:  AND I WILL TELL YOU I'M DOING YOU A FAVOR

6    BY NOT LETTING YOU SEE ME.

7           NOW, LET ME SAY THAT THIS CASE WAS RECENTLY REFERRED

8    TO US BY JUDGE WILLIAMS.  WE HAVE REALLY NEVER HAD ANY

9    INVOLVEMENT WITH THIS CASE BUT WE SAW THAT THERE ARE

10   DEPOSITIONS TO BE TAKEN IN BULGARIA SO WE JUST QUICKLY SET THIS

11   MATTER DOWN TO SEE IF WE COULD RESOLVE ANYTHING.

12          I WILL TELL YOU IN ADVANCE THAT I DO NOT LIKE

13   TELEPHONIC CONFERENCES BECAUSE IT'S ALWAYS MUCH MORE EFFECTIVE

14   WHEN EVERYBODY IS HERE, A LOT MORE IS ACCOMPLISHED, AND ALSO WE

15   HAVE LOGISTICAL PROBLEMS ALWAYS IN THESE CASES WITH THE

16   TECHNOLOGY.  SO THAT BEING THE CASE, I HOPE YOU UNDERSTAND WHY

17   YOU HEARD FROM US SO QUICKLY AND WHY I AM ALLOWING TELEPHONIC

18   CONFERENCING.  ALSO, IF IT'S A ROUTINE MATTER, THAT I WILL

19   ALLOW BY TELEPHONE.  CERTAINLY I DON'T WANT YOU TO TRAVEL IN

20   FROM SAN FRANCISCO.  OKAY?  DID EVERYBODY HERE THAT?

21          MR. FABRIZIO:  YES, YOUR HONOR.

22          MR. THOMPSON:  YES, YOUR HONOR.

23          THE COURT:  OKAY.

24          MR. THOMPSON:  THANK YOU VERY MUCH.

25          THE COURT:  NOW, THIS IS DISNEY ENTERPRISES, INC., ET

1  AL, VERSUS HOTFILE CORP.  IT'S CASE NUMBER 11-20427, JUDGE

2  WILLIAMS.

3      WHAT WE HAVE BEFORE US IS, ONE, DEFENDANT COUNTER

4  CLAIMANT HOTFILE'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS,

5  AND COUNTER DEFENDANT WARNER BROTHERS REGARDING WARNER'S

6  TAKEDOWN INVESTIGATION, AND THEN WE HAVE PLAINTIFFS' MOTION FOR

7  ONE ADDITIONAL EXAMINATION DAY FOR THE RULE 30(B)(6) DEPOSITION

8  OF DEFENDANT COUNTER CLAIMANT HOTFILE CORPORATION.  THE FIRST

9  IS DOCKETS ENTRY 164, THE SECOND IS DOCKET ENTRY 165.

10      LET US TAKE THE SECOND ONE FIRST, WHICH IS THE MOTION

11  FOR ADDITIONAL EXAMINATION DAY.  WHY ANYBODY WANTS AN EXTRA DAY

12  IN BULGARIA IS BEYOND MY 26 YEAR EXPERIENCE, BUT I WILL SAY

13  THAT I LOOKED AT THE CASE AND THE REASON LOOKS PLAUSIBLE.  I

14  WILL QUICKLY ADD THAT IF IT TURNS OUT THAT IT WAS UNNECESSARY,

15  OR VEXATIOUS, OR SOME OTHER IMPROPER REASON THE DEFENDANT WILL

16  HAVE THEIR REMEDY DOWN THE LINE.

17      SO I'M JUST SAYING IT'S NOT A FREE RIDE BUT I'M

18  INCLINED TO GRANT THE ADDITIONAL DAY.  THAT BEING THE CASE LET

19  ME HEAR FROM THE DEFENDANTS.

20      MR. THOMPSON:  YES, YOUR HONOR.  THIS IS RODERICK

21  THOMPSON.

22      FIRST I WOULD LIKE TO ADDRESS A COUPLE OF THE POINTS

23  MADE IN THE REPLY WHICH WE, OF COURSE, HAVE NOT HAD A CHANCE TO

24  RESPONSE TO.  THERE WAS A LENGTHY DESCRIPTION --

25      THE COURT:  IT'S THE PLAINTIFFS' MOTION FOR ADDITIONAL

1  EXAMINATION DAY.

2  MR. THOMPSON:  YES, YOUR HONOR.  YES.  YOU ASKED THE

3  DEFENSE TO SPEAK, DIDN'T YOU?  YES.  I'M SORRY.

4  THE COURT:  I'M SORRY.  OKAY.  YOU SAY THEY FILED A

5  RESPONSE BUT YOU DIDN'T HAVE A CHANCE TO FILE A REPLY.

6  MR. THOMPSON:  RIGHT.

7  THE COURT:  OKAY.

8  MR. THOMPSON:  AND ONE OF -- LET ME BACK UP.

9  UNFORTUNATELY THE WAY THIS HAS PROGRESSED IS THAT THE

10  PLAINTIFFS ORIGINALLY SAID THEY NEEDED FOUR DAYS FOR MR. TITOV

11  IN TOTAL BECAUSE THEY WERE ENTITLED TO DO.  THEY ADMITTED IN

12  THE E-MAILS THEY ARE ENTITLED TO TWO, ONE AS AN INDIVIDUAL AND

13  ONE AS A 30(B)(6) DEPOSITION WITNESS, BUT THEY ASKED FOR US TO

14  AGREE TO FOUR BECAUSE THEY ASSUMED THAT MR. TITOV WOULD NEED TO

15  HAVE A TRANSLATED DEPOSITION.

16  WE CHECKED INTO THE MATTER AND MR. TITOV SPEAKS

17  ENGLISH WELL AND UNDERSTANDS ENGLISH WELL.  WE EVENTUALLY GOT

18  BACK TO THE PLAINTIFFS AND SAID, "NO, YOU DON'T NEED THE

19  TRANSLATION.  TWO DAYS SHOULD BE ENOUGH."

20  IT WAS ONLY AFTER THAT POINT, YOUR HONOR, THAT THEIR

21  TACTICS AND ARGUMENTS CHANGED AND THEY MADE TWO ARGUMENTS NOW

22  THAT IS THE BASIS FOR FOUR DAYS.

23  ONE IS THAT THEY HAVE A COUNTERCLAIM, AND WITHOUT

24  CITING ANY AUTHORITY OR ANY CASE LAW THAT SUGGESTS THIS THEY

25  SAY THAT THE COUNTER -- THE EXISTENCE OF THE COUNTERCLAIM BY

1  ITSELF GIVES THEM ANOTHER DAY.  WE STRONGLY DISAGREE WITH THAT.

2      NUMBER TWO, THEY HAVE ASKED FOR A SECOND DAY OF THE

3  30(B)(6) DEPOSITION FOR THE REASONS THAT THEY TRY TO EXPLAIN AS

4  BEING A COMPLICATED CASE, ET CETERA.

5      UNFORTUNATELY WE ARE LEFT WITH THE SITUATION WHERE WE

6  BELIEVE THAT THE REQUEST FOR FOUR DAYS OF MR. TITOV'S

7  DEPOSITION WHO IS AN INDIVIDUAL DEFENDANT IS MOTIVATED MORE TO

8  PUNISH THAN TO GET TO THE TRUTH.  I HESITATE TO SAY THAT BUT

9  THERE HAS BEEN A LONG HISTORY OF IT AND WE HAVE THE E-MAILS

10  PLACED BEFORE THE COURT.

11      THE SOLUTION -- AND -- I'M SORRY.  THE POINT I STARTED

12  TO MAKE EARLIER IS WE KNOW BECAUSE WE HAVE HAD TWO HOURS OF HIS

13  DEPOSITION TESTIMONY ALREADY BY VIDEO CONFERENCE THAT MR. TITOV

14  CAN IN FACT TESTIFY IN ENGLISH.  HE WAS WELL UNDERSTOOD BY BOTH

15  COUNSEL, AND THE UNFORTUNATE ARGUMENT MADE IN THE REPLY WAS

16  THAT THE REPORTER HAD DIFFICULTY UNDERSTANDING HIM.

17      WELL, THE TRUTH IS THERE, IT WAS A TECHNICAL

18  DEPOSITION.  AS OFTEN HAPPENS WITH TECHNICAL DEPOSITIONS THE

19  REPORTER DIDN'T UNDERSTAND THE TECHNICAL TERMS, THE LAWYERS

20  DID, THE WITNESS DID BUT SHE HAD TROUBLE WRITING DOWN FOR

21  EXAMPLE, IP ADDRESS WHICH CAME OUT AS APE ADDRESS.

22      NUMBER TWO, MR. TITOV, IT WAS HIS FIRST DEPOSITION, HE

23  SPOKE FAST AS HAPPENS WITH WITNESSES.  I'M SURE YOU SEE IT MANY

24  TIMES.  THE REPORTER HAD TROUBLE KEEPING UP.  AND AS YOUR HONOR

25  ALLUDED TO, WITH A VIDEO CONFERENCE ACROSS THE WORLD THERE WAS

 1  SOME TECHNICAL PROBLEMS.  THE PLAINTIFFS SET OFF AND IT DIDN'T

 2  WORK IN BULGARIA.  MR. TITOV COULDN'T SEE US.  WE COULD SEE HIM

 3  BUT HE COULDN'T SEE US.  NOTWITHSTANDING THAT WE WENT FORWARD

 4  WITH THE DEPOSITION.

 5       I THINK MR. FABRIZIO WILL AGREE WITH ME THAT

 6  MR. FABRIZIO COULD UNDERSTAND MR. TITOV AND GOT THE INFORMATION

 7  HE WANTED.  THE REPORTER DID HAVE DIFFICULTY KEEPING UP WITH

 8  THE RAPID ANSWERS AND THE TECHNICAL TERMS, BUT BY THE TIME OF

 9  THE SECOND HALF OF THE DEPOSITION THE TRANSCRIPT READ MUCH MORE

10  CLEANLY AND SHE WAS UNDERSTANDING HIM, HE WAS SLOWING DOWN, AND

11  AS HAPPENS IN DEPOSITIONS THE EXAMINER AND MR. TITOV DIDN'T

12  STEP ON EACH OTHER.

13       FINALLY, THE REPORTER, OFF THE RECORD AT THE END OF

14  THE CALL, EXPLAINED TO US THAT SHE WAS DISTRAUGHT, THAT SHE WAS

15  NOT AS HER BEST BECAUSE SHE HAD LOST -- OR WAS LOSING A GOOD

16  FRIEND WHO WAS IN THE HOSPITAL AND SHE APOLOGIZED PROFUSELY FOR

17  HER DIFFICULTIES THAT DAY.  ALL OF THAT POINT IS, YOUR HONOR,

18  IS THAT MR. TITOV CAN AND DID TESTIFY EFFECTIVELY IN ENGLISH.

19       DID WE LOSE SOMEONE?  I'M SORRY.  THE PHONE MADE A

20  NOISE.

21       MR. FABRIZIO:  THE PLAINTIFFS ARE STILL HERE.

22       MR. THOMPSON:  YOUR HONOR?

23       THE COURT:  I'M HERE.

24       MR. THOMPSON:  OKAY.  I'M SORRY.  I JUST WANT TO MAKE

25  SURE I WAS NOT TALKING TO MYSELF.

 1          SO, WE BELIEVE MR. TITOV CAN TESTIFY EFFECTIVELY IN

 2  ENGLISH AND THAT THE LAW PRESUMPTIVELY ENTITLES THE PLAINTIFFS

 3  TO AT MOST TWO DAYS.  THERE IS SOME CONFLICTING CASE LAW AS TO

 4  WHETHER SOMEONE WHO IS TESTIFYING AS AN INDIVIDUAL CAPACITY AS

 5  WELL AS A 30(B)(6) CAPACITY ONE OR TWO DAYS.

 6          WE ARE WILLING TO GIVE THEM TWO FULL DAYS IN BULGARIA,

 7  WHICH WOULD BE IN ADDITION TO THE TWO HOURS THEY ALREADY HAD.

 8          AND, YOUR HONOR, JUST TO TRY TO OFFER SOME PRACTICAL

 9  SOLUTIONS, WHICH I KNOW IS WHAT REALLY WE SHOULD STRIVE FOR

10  HERE, WE -- THE DEFENDANTS ARE WILLING TO SAY THAT MR. TITOV

11  CAN TESTIFY SIMULTANEOUSLY IN BOTH CAPACITIES.  SO WHEN

12  MR. FABRIZIO IS TAKING HIS DEPOSITION HE DOESN'T HAVE THE WORRY

13  ABOUT ASKING THE SAME QUESTION TWICE, ONCE AS AN INDIVIDUAL AND

14  ONCE TO COVER IT AS A 30(B)(6) WITNESSES.

15          THERE IS SUBSTANTIAL OVERLAP IN THE ISSUES.  IT IS

16  COPYRIGHT INFRINGEMENT.  THEY CLAIM MR. TITOV IS INDIVIDUALLY

17  LIABLE, THEY CLAIM HIS COMPANY IS LIABLE.  IT'S THE SAME

18  QUESTIONS LARGELY.  WE ARE WILLING TO SAY, "JUST DO IT ONCE.

19  GET THE FACTS ON THE RECORD," AND THAT'S AN EFFICIENT WAY TO DO

20  IT.

21          WE'VE ALSO SUGGESTED, AND THIS SUGGESTION WAS

22  REJECTED, THAT BECAUSE SOME OF THE DOCUMENTS ARE WRITTEN IN

23  BULGARIAN THAT MR. FABRIZIO MAY WISH TO USE AND HE WILL HAVE

24  TRANSLATIONS MADE IN ENGLISH TO SHOW MR. TITOV, THAT WE SHOULD

25  SEE THOSE IN ADVANCE OF THE EXAMINATION -- WE ASKED FOR 24

1 HOUSE -- SO THAT ANY ISSUES ABOUT THE TRANSLATION CAN BE WORKED

2 OUT WITHOUT TAKING TIME ON THE TRANSCRIPT.  THIS IS ANOTHER WAY

3 TO MAKE SURE WE HAVE EFFICIENT USE OF THE TWO DAYS TO WHICH

4 THEY ARE ENTITLED TO.

5       WE SUGGEST REGARDLESS OF HOW MANY DAYS WE END UP DOING

6 THAT THE PLAINTIFF SHOULD BE REQUIRED TO GIVE US THOSE

7 TRANSLATIONS IN ADVANCE FOR THE EFFICIENT USE OF THE TIME THAT

8 WE ARE GOING TO BE IN BULGARIA.

9       THE COURT:  AS THINGS STAND NOW BEFORE I RULE, HOW

10 MUCH TIME ARE THEY ENTITLED TO?  IS IT ONE DAY 30(B)(6) AND ONE

11 DAY AS AN INDIVIDUAL EQUALING TWO DAYS.

12       MR. THOMPSON:  YES, YOUR HONOR.

13       THE COURT:  AND THE MOTION, IF I'M READING IT

14 CORRECTLY, IS A MOTION FOR ONE ADDITIONAL EXAMINATION DAY FOR

15 THE 30(B)(6) DEPOSITION, IS THAT CORRECT?

16       MR. FABRIZIO:  THAT'S CORRECT, YOUR HONOR.

17       THE COURT:  SO THAT WOULD BE BEFORE I -- YOU KNOW,

18 THAT WOULD BE IF I GRANT YOUR RELIEF, THAT'S ONE EXTRA DAY

19 WHICH WOULD BE A TOTAL OF THREE DAYS AS WE SPEAK, CORRECT?

20       MR. FABRIZIO:  NO, YOUR HONOR, THAT IS NOT CORRECT.

21 THIS IS STEVEN FABRIZIO FOR PLAINTIFFS.

22       THAT IS ONE OF THE FUNDAMENTAL DISAGREEMENTS WE HAVE,

23 BUT IF I MAY EXPLAIN BRIEFLY, YOUR HONOR.

24       PLAINTIFFS HAVE NOTICED TWO DEPOSITIONS.  THE

25 PLAINTIFFS HAVE NOTICED THE DEPOSITION OF ANTON TITOV IN HIS

```
 1  INDIVIDUAL CAPACITY.  HE IS AN INDIVIDUAL DEFENDANT IN HIS OWN
 2  RIGHT.  PLAINTIFFS HAVE ALSO NOTICED THE 30(B)(6) DEPOSITION OF
 3  HOTFILE CORPORATION.  IT IS THE DEPOSITION OF HOTFILE
 4  CORPORATION OF PLAINTIFFS' AFFIRMATIVE COPYRIGHT CLAIMS AND
 5  DEFENDANTS' DEFENSES ON WHICH PLAINTIFFS ARE SEEKING AN
 6  ADDITIONAL DEPOSITION DAY.
 7              COUNTERCLAIM DEFENDANT WARNER --
 8              THE COURT:  LET ME STOP YOU RIGHT THERE.
 9              AN ADDITIONAL DAY.  YOU MEAN ONE DAY IN CONNECTION
10  WITH THE COUNTERCLAIM, RIGHT?
11              MR. FABRIZIO:  NO, YOUR HONOR.  WARNER IS A
12  COUNTERCLAIM DEFENDANT, AND THE ONLY PARTY -- THE ONLY TWO
13  PARTIES INVOLVED IN THE COUNTERCLAIM ARE COUNTERCLAIM DEFENDANT
14  WARNER AND COUNTERCLAIM PLAINTIFF HOTFILE.  NONE OF THE OTHER
15  PARTIES IN THIS CASE HAVE ANYTHING TO DO WITH THE
16  COUNTERCLAIM --
17              THE COURT:  WHAT I'M TRYING TO GET TO IS --
18              MR. FABRIZIO:  THE COUNTERCLAIM --
19              THE COURT:  COUNSEL, WHAT I'M TRYING TO GET AT IS.
20  PUTTING ASIDE, ONE, YOU ARE ENTITLED -- BEFORE I DO ANYTHING
21  ONE DAY WITH RESPECT TO THE INDIVIDUAL DEPOSITION, RIGHT?  AM I
22  RIGHT SO FAR?
23              MR. FABRIZIO:  YES.
24              THE COURT:  IS THAT RIGHT?
25              MR. FABRIZIO:  YES.  THAT'S CORRECT, YOUR HONOR.
```

 1           THE COURT:  AND YOU'RE CLAIMING THAT YOU ARE ENTITLED
 2  TO ADDITIONAL TIME IN CONNECTION WITH THE COUNTERCLAIM WHERE
 3  THE CORPORATE DEFENDANT IS THE SAME FELLOW, IS THAT CORRECT?
 4           MR. FABRIZIO:  THAT IS NOT QUITE CORRECT, YOUR HONOR.
 5  THAT'S WHAT I'M TRYING TO EXPLAIN.
 6           THE COURT:  LET ME ASK YOU A QUESTION.  LET ME ASK YOU
 7  A QUESTION.
 8           AS A MATTER OF LAW AND RULES ARE YOU AUTOMATICALLY
 9  ENTITLED ON THE COUNTERCLAIM TO TAKE THE DEPOSITION OF A
10  30(B)(6) DESIGNATED WITNESS?  I TAKE THE ANSWER TO THAT WOULD
11  BE YES, IS THAT CORRECT?
12           MR. FABRIZIO:  YES, YOUR HONOR, OF COURSE WE BELIEVE
13  WE ARE.  IF I MAY, THE COUNTERCLAIM IS AN INDEPENDENT CAUSE OF
14  ACTION HAVING NOTHING TO DO WITH ANY OTHER CLAIM OR ISSUES IN
15  THE CASE.
16           THE COURT:  OKAY.  SO THAT IS -- THE ANSWER TO THAT
17  IS, SO RIGHT NOW AS WE STAND, YOUR POSITION IS BEFORE, I
18  ADDRESS THE MOTION, YOU ARE ENTITLED TO ONE DAY INDIVIDUALLY
19  AND ONE DAY AS A CORPORATE REP, RIGHT?
20           MR. FABRIZIO:  AND ONE DAY FOR THE COUNTERCLAIM.
21           THE COURT:  NO.  NO.  NO.  NO.  ONE DAY FOR THE
22  INDIVIDUAL -- WHERE DO YOU GET TWO DAYS FOR THE INDIVIDUAL?
23           MR. FABRIZIO:  NO.  NO.  NOT FOR THE INDIVIDUAL.  WE
24  BELIEVE WE ARE ENTITLED TO ONE DAY WITH MR. TITOV AS AN
25  INDIVIDUAL BECAUSE CONTRACT --

```
 1              THE COURT:  AND THEN ONE DAY -- EXCUSE ME.  ONE DAY

 2   FOR HIM AS AN INDIVIDUAL AND ONE DAY FOR HIM AS A CORPORATE

 3   REPRESENTATIVE IN CONNECTION WITH THE ORIGINAL COMPLAINT, IS

 4   THAT CORRECT?  AND THE SECOND --

 5              MR. FABRIZIO:  YES.

 6              THE COURT:  -- COUNTERCLAIM WOULD BE A THIRD DAY AS A

 7   30(B)(6), RIGHT?

 8              MR. FABRIZIO:  THAT IS CORRECT, YOUR HONOR.  WE

 9   BELIEVE WE ARE ENTITLED --

10              THE COURT:  YOU'VE GOT TO BE SLOW -- COUNSEL.  YOU ARE

11   NOT SPEAKING BULGARIAN BUT YOU'RE SPEAKING VERY FAST.  YOU HAVE

12   TO --

13              MR. FABRIZIO:  SORRY, YOUR HONOR.

14              THE COURT:  YOU HAVE TO BEAR WITH ME HERE.  OKAY?

15              MR. FABRIZIO:  YES, YOUR HONOR.

16              THE COURT:  SO BEFORE I ADDRESS ANYTHING, THE BASICS

17   AS FAR AS YOU ARE CONCERNED IS, IN CONNECTION WITH THE

18   COMPLAINT YOU GET ONE DAY WITH HIM AS AN INDIVIDUAL, YOU GET

19   ONE DAY WITH HIM IN A CORPORATE CAPACITY, SO THAT EQUALS TWO

20   DAYS.  THEN IN CONNECTION WITH THE COUNTERCLAIM, BEFORE I DO

21   ANYTHING, YOU ARE ENTITLED TO ONE DAY, WHICH WOULD EQUAL THREE

22   SO FAR, BUT THE ONE DAY IN CONNECTION WITH THE COUNTERCLAIM IS

23   AS A 30(B)(6) DEPOSITION.  THAT'S BEFORE I DO ANYTHING, IS THAT

24   CORRECT SO FAR?

25              MR. FABRIZIO:  ABSOLUTELY CORRECT, YOUR HONOR.
```

```
 1            THE COURT:  SO WHAT ADDITIONAL RELIEF NOW ARE YOU

 2   REQUESTING IN THIS MOTION?

 3            MR. FABRIZIO:  OKAY, YOUR HONOR.

 4            WE HAD REQUESTED A SECOND DAY TO DEPOSE HOTFILE

 5   CORPORATION ON THE MAIN COUNTERCLAIMS AND AFFIRMATIVE DEFENSES.

 6   THE REASON WE ARE SEEKING ADDITIONAL TIME FOR HOTFILE ON THE

 7   COUNTERCLAIM -- ON THE MAIN COPYRIGHT CLAIMS AND THE

 8   AFFIRMATIVE DEFENSES IS REALLY TWO OR THREEFOLD.

 9            THE COURT:  LET ME STOP YOU RIGHT THERE.  BEAR WITH

10   ME.  BEAR WITH ME.

11            IS THIS A 30(B)(6) DEPOSITION OR IT DOES NOT MAKE ANY

12   DIFFERENCE?

13            MR. FABRIZIO:  IT IS A 30(B)(6) DEPOSITION --

14            THE COURT:  SO YOU'RE ASKING --

15            MR. FABRIZIO:  -- BUT IT DOESN'T MAKE ANY DIFFERENCE.

16            THE COURT:  BUT YOU ARE ASKING FOR TWO DAYS RATHER

17   THAN ONE, CORRECT?

18            MR. FABRIZIO:  EXACTLY, YOUR HONOR.

19            THE COURT:  GO AHEAD.  CONTINUE.

20            MR. FABRIZIO:  OKAY.  THIS IS A LARGE COMPLEX

21   COPYRIGHT CASE IN WHICH THE DEFENDANTS HAVE WHAT THEY CONSIDER

22   TO BE VOLUMINOUS AND SUBSTANTIAL DEFENSES REGARDING THE DIGITAL

23   MILLENNIUM COPYRIGHT ACT.

24            UNDER THE BEST OF CIRCUMSTANCES A FULL DAY DEPOSITION

25   TO COVER ALL OF THOSE ISSUES WOULD BE VERY CHALLENGING.  HERE
```

1  THERE IS A REAL LANGUAGE BARRIER.

2         NOW, MR. THOMPSON AND I OBVIOUSLY DISAGREE ON THIS,
3  BUT THE FACTS ARE THE FACTS.  IT WAS DIFFICULT TO UNDERSTAND
4  HIM IN HIS TWO HOUR DEPOSITION.  IT WASN'T BECAUSE WE WERE
5  TALKING ABOUT PARTICULARLY TECHNICAL MATTERS THAT ARE ANY
6  DIFFERENT THAN WE WILL BE TALKING ABOUT IN BULGARIA.  THE COURT
7  REPORTER WROTE 19 TIMES IN A TWO HOUR DEPOSITION THAT SHE COULD
8  NOT UNDERSTAND -- COULD NOT -- HER EXACT WORDS WERE,
9  "DIFFICULTY UNDERSTANDING THE WITNESS' ANSWER DUE TO LANGUAGE
10  BARRIER."  19 TIMES IN A TWO HOUR DEPOSITION SHE PUT THAT
11  NOTATION, AND THAT IS IN ADDITION TO THE OTHER TIMES THAT SHE
12  HAD TO STOP THE TRANSCRIPT -- THE DEPOSITION AND ASK MR. TITOV
13  TO REPEAT HIMSELF ONCE OR TWICE.

14         SO ENGLISH IS NOT MR. TITOV'S FIRST LANGUAGE, IT IS
15  NOT EVEN HIS SECOND LANGUAGE.  IT IS HIS THIRD LANGUAGE BEHIND
16  RUSSIAN AND BULGARIAN.  SO WE WOULD BE TRYING TO CONVERSE WITH
17  MR. TITOV ON HIGHLY COMPLEX TECHNICAL MATTERS WHEN ENGLISH IS
18  HIS THIRD LANGUAGE.

19         YES, HE DOES SPEAK ENGLISH BUT IT IS A STRETCH TO SAY
20  THAT HE -- THAT WE DON'T HAVE TO HAVE A TRANSLATOR THERE AND
21  THAT THERE WON'T BE INTERMITTENT USE OF THE TRANSLATOR.  THE
22  COURT REPORTER BEGGED US TO USE THE TRANSLATOR.  I WILL TELL
23  YOU I HAVE A VERY, VERY DIFFERENT RECOLLECTION OF WHAT THE
24  COURT REPORTER SAID ABOUT HER FRIEND WHO IS DYING BUT I THINK
25  THAT IS NEITHER HERE NOR THERE.

1       SECOND, WE HAVE ALMOST NO OTHER WITNESSES IN THIS

2  CASE, YOUR HONOR.  IN A CASE OF THIS SIZE WE WILL BE TAKING

3  FOUR PARTY DEPOSITIONS.  THE HOTFILE DEPOSITION AND THE TITOV

4  DEPOSITIONS THAT ARE AN ISSUE IN THIS MOTION AND TWO OTHER

5  SHAREHOLDER DEPOSITIONS ALL IN BULGARIA.  FOUR PARTY

6  DEPOSITIONS TOTAL.

7       THE REASON FOR THIS -- IN FACT, HOTFILE IS A

8  PANAMANIAN COMPANY OPERATED BY RUSSIAN NATIONALS FROM BULGARIA.

9  IT CLAIMS TO HAVE ZERO EMPLOYEES, YOUR HONOR.  (UNINTELLIGIBLE)

10  CONTRACTOR, BUT THOSE CONTRACTORS, YOUR HONOR, ARE -- WORK FOR

11  MANAGEMENT COMPANY THAT IS OWNED BY TWO OF THE HOTFILE

12  SHAREHOLDERS.  SO THEY HAVE STRUCTURED THEIR OPERATIONS SO THAT

13  WE CANNOT EFFECTIVELY GET DEPOSITIONS OF ALL OF THE EMPLOYEE

14  TYPE PEOPLE THAT WE WOULD NORMALLY IN A CASE LIKE THIS.

15       WE HAVE TO ASK EVERY QUESTION AND ADDRESS EVERY ISSUE

16  WITH HOTFILE AS A 30(B)(6) AND WITH MR. TITOV IN HIS INDIVIDUAL

17  CAPACITY.  IT IS A LOT OF MATERIAL THAT EVEN IN TWO DAYS WILL

18  BE A CHALLENGE.

19       THIRD, YOUR HONOR, AND LAST.  I, OF COURSE, PLAN ON

20  MOVING AS QUICKLY AS POSSIBLE THROUGH THE DEPOSITION TESTIMONY.

21  MR. THOMPSON CAN TELL YOU FROM THE DEPOSITION WE ALREADY HAD I

22  DON'T DILLYDALLY.  WE COVERED A LOT OF GROUND IN TWO HOURS.

23  BUT WE ARE HAVING TO TRAVEL TO BULGARIA FOR THESE DEPOSITIONS,

24  NOT THROUGH ANY FAULT OF OUR OWN BUT BECAUSE MR. TITOV HAS A

25  PASSPORT PROBLEM.  HE FAILED TO RENEW HIS PASSPORT IN TIME SO

1  HE CAN'T COME TO THE UNITED STATES.  SO MY CLIENTS ARE HAVING

2  TO SPEND TENS OF THOUSANDS OF DOLLARS TO GO TO BULGARIA TO TAKE

3  THESE DEPOSITIONS.  WE HAVE TO FLY COURT REPORTERS TO BULGARIA

4  SO THAT THE OATH CAN BE ISSUED UNDER U.S. LAW.

5         THE COURT:  YOU HAVE TO FLY WHAT, CORPORATE WHAT?

6         MR. FABRIZIO:  COURT REPORTERS TO BULGARIA.

7         THE COURT:  OH, A COURT REPORTER.  OKAY.

8         MR. FABRIZIO:  SO IT'S NOT JUST ME AS A LAWYER, IT'S

9  NOT JUST MY COLLEAGUE WHO HE NEEDS TO TAKE SOME

10 (UNINTELLIGIBLE) TECHNOLOGIST.  WE HAVE TO FLY COURT REPORTERS

11 FOR TWO.  THIS IS ALL BECAUSE MR. TITOV HAD A PASSPORT SNAFU,

12 WHICH HE SAYS WAS PERFECTLY INNOCENT AND WE DON'T HAVE TO

13 DECIDE WHETHER IT WAS OR IT WASN'T.  WE KNOW THAT IT WASN'T OF

14 ANY FAULT OF OUR OWN.

15        SO, WE HAD NO EFFECTIVE RELIEF.  IN THE NORMAL CASE,

16 YOUR HONOR, WE MIGHT SAY, "LET'S DO THIS IN THREE DAYS," AND IF

17 WE GET TO THE END OF THE THIRD DAY WE WILL CONCLUDE THE

18 DEPOSITION, WE WILL READ THE TRANSCRIPT, WE WILL COME BACK TO

19 THE COURT AND WE WILL SAY, "WE NEED ANOTHER DAY OF MR. TITOV'S

20 DEPOSITION."

21        THAT IS NOT AN EFFECTIVE REMEDY FOR US ANYMORE.  SO WE

22 NEED TO KNOW GOING TO BULGARIA THAT WE HAVE THE FULL FOUR DAYS.

23 ONE DAY FOR MR. TITOV IN HIS INDIVIDUAL CAPACITY, ONE DAY FOR

24 WARNER TO EXAMINE HOTFILE 30(B)(6) ON COUNTERCLAIM ISSUES,

25 WHICH ARE COMPLETELY DISTINCT, AND BY THE WAY MR. TITOV ISSUES

1 ARE LARGELY DISTINCT, AND THEN TWO DAYS FOR HOTFILE AS A

2 30(B)(6) TO COVER EVERY ISSUE IN THE CASE AND EVERY ONE OF

3 DEFENDANTS' 12 OR 13 AFFIRMATIVE DEFENSES.

4            THE COURT:  LET ME ASK YOU A COUPLE OF QUESTIONS.

5            FIRST, WITH RESPECT TO TRANSLATIONS AND OTHER

6 EXHIBITS, DO YOU HAVE ANY PROBLEM MAKING THEM AVAILABLE TO

7 COUNSEL FOR DEFENDANT IN ADVANCE?

8            MR. FABRIZIO:  I DO, YOUR HONOR.  I DO.  BUT LET ME

9 EXPLAIN.

10           FIRST OF ALL AS A PRACTICAL MATTER.  AS I SIT HERE

11 TODAY I HAVE BROKE FOR MY PREPARATION FOR THESE DEPOSITIONS TO

12 TAKE THIS CALL.  I DON'T HAVE ALL OF THE TRANSLATIONS.  I

13 ACTUALLY -- A GREAT MANY OF THEM ARE STILL OUT BEING

14 TRANSLATED, AND I'M HOPING TO GET THEM IN TIME SO THAT I CAN

15 GET THEM PREPARED FOR MYSELF.

16           SO, AS A PRACTICAL MATTER THIS CASE HAS BEEN

17 PROCEEDING ON A FAST TRACK.  EVERYBODY IS SCRAMBLING, AND

18 THAT'S FINE, BUT IT'S NOT GOING TO BE PRACTICAL.  WE WILL BE

19 DECIDING ON DOCUMENTS ON THE PLANE TO BULGARIA.

20           BUT SECOND, AND I SAY MORE IMPORTANTLY, YOUR HONOR,

21 THAT IS A GROSS ENCROACHMENT ON MY WORK PRODUCT.  THE DOCUMENTS

22 THAT I SELECT TO USE AS DEPOSITION EXHIBITS REFLECTS MY MENTAL

23 PROCESSES, AND I MAY NOT USE THEM ALL BUT I WILL REVEAL HAVING

24 ALL OF MY MENTAL PROCESSES.  THERE IS NO AUTHORITY FOR THAT,

25 YOUR HONOR.  DEFENDANTS CITE A SINGLE CASE THAT STANDS FOR THE

 1  OPPOSITE PROPOSITION --

 2          THE COURT:  COUNSEL, THE ONLY REASON I ASKED IS -- I

 3  UNDERSTAND YOUR ARGUMENTS AND I ANTICIPATED IT BUT YOU ARE

 4  ASKING FOR ADDITIONAL TIME.  WHAT THAT MEANS IS, IS THERE MAY

 5  BE ADDITIONAL TIME NECESSARY TO ARGUE ABOUT THE TRANSLATIONS

 6  AND OTHER EXHIBITS YOU ARE USING.  WHAT IS YOUR RESPONSE TO

 7  THAT?

 8          MR. FABRIZIO:  I AM HOPING WE ARE NOT -- MY RESPONSE

 9  IS I'M NOT EXPECTING THAT WE ARE GOING TO BE FIGHTING OVER

10  TRANSLATIONS.  MY ONLY CONCERN IS THAT -- IS THAT -- AND IT

11  WOULD HAPPEN WHETHER WE GAVE THEM THE DOCUMENTS IN ADVANCE OR

12  NOT.  MR. TITOV RIGHTLY -- I MEAN, I'M NOT GOING TO FAULT HIM

13  FOR THIS -- HE WILL READ THE ENGLISH VERSION AND HE WILL

14  PROBABLY WANT TO READ THE BULGARIAN OR RUSSIAN VERSION AS WELL.

15          THESE ARE VERY SHORT DOCUMENTS, YOUR HONOR.  THESE ARE

16  ONE OR TWO PAGE DOCUMENTS.  SO IT WILL CREATE A LITTLE

17  ADDITIONAL DELAY BUT I'M NOT EXPECTING FIGHTS ABOUT THE

18  TRANSLATION.  IT IS NOT AS IF I'M TRANSLATING THEM MYSELF.  WE

19  HAVE A PROFESSIONAL CERTIFIED TRANSLATION SERVICE TRANSLATING

20  THEM.

21          THE COURT:  THAT'S MY NEXT QUESTION IS, WITH RESPECT

22  TO -- ARE YOU GOING TO HAVE AN INTERPRETER PRESENT?

23          MR. FABRIZIO:  ABSOLUTELY, YOUR HONOR.

24          THE COURT:  AND WHO IS GOING TO DETERMINE -- HOW DO

25  YOU DO THAT?  IT IS SOMEBODY CERTIFIED BY THE COURT OF COMMON

 1  PLEAS OF SOFIA, BULGARIA?

 2       MR. FABRIZIO:  NO, YOUR HONOR.  IT'S -- BUT IT IS A

 3  CERTIFIED TRANSLATOR FOR -- I THINK IT WILL BE A RUSSIAN

 4  TRANSLATOR, SOMEONE THAT IS CERTIFIED THE TRANSLATE RUSSIAN

 5  INTO ENGLISH AND ENGLISH INTO RUSSIAN.  AND WE ABSOLUTELY ARE

 6  PLANNING TO HAVE ONE PRESENT.

 7       MR. THOMPSON:  YOUR HONOR --

 8       THE COURT:  IS THERE ANY DISPUTE FROM THE DEFENDANT

 9  CONCERNING THE INTERPRETER?

10       MR. THOMPSON:  YES, YOUR HONOR.  THERE IS A

11  FUNDAMENTAL DISPUTE.  WE DO NOT NEED AN INTERPRETER.

12       THE COURT:  OKAY.  BUT IF THEY HAD ONE THERE, AT A

13  MINIMUM IT IS FOR THEIR USE, YOU FOLLOW ME, BUT I WAS TRYING TO

14  RESOLVE THAT BUT --

15       MR. FABRIZIO:  YOUR HONOR, IF I MAY BECAUSE THIS IS

16  IMPORTANT.

17       MR. TITOV WANTS TO SPEAK IN ENGLISH AND HE DOESN'T

18  WANT ANYTHING TRANSLATED.  NOT ONE QUESTION OR ONE QUESTION WAS

19  TRANSLATED AT THE LAST DEPOSITION.  IF MR. FABRIZIO WANTS TO

20  FLY SOMEONE OVER THAT'S HIS CHOICE.

21       THE COURT:  THAT'S FINE.  THAT'S FINE.  SO THERE IS NO

22  ISSUE THERE, AND IF -- BUT IF THE PLAINTIFFS WANT TO HAVE AN

23  INTERPRETER THERE THAT'S FINE.

24       MR. THOMPSON:  BUT THE POINT IS THE PLAINTIFFS WANT TO

25  HAVE AN INTERPRETER THERE SO THEY CAN MAKE AN ARGUMENT TO YOU

1  THAT MORE TIME IS NECESSARY.  IT IS A RUSE, AND --

2      THE COURT:  NO THAT IS NOT GOING TO BE A FACTOR IN MY

3  CONSIDERATION.

4      MR. THOMPSON:  WELL, OKAY.  YOUR HONOR, MAY I ADDRESS

5  A FEW OF MR. FABRIZIO'S POINTS?

6      THE COURT:  YOU ARE MR. THOMPSON?

7      MR. THOMPSON:  YES, YOUR HONOR.

8      THE COURT:  YOU HAVE FIVE MINUTES.

9      MR. THOMPSON:  OKAY.  VERY QUICKLY.

10     UNFORTUNATELY THIS CASE FROM THE BEGINNING HAS BECOME

11  A EXERCISE IN NAME CALLING AND CASTIGATION.  I'M NOT GOING TO

12  RESPOND TO SOME OF THE NONSENSE HE WAS SAYING THAT A WHOLE

13  CORPORATE ENTITY IS SET UP TO AVOID DEPOSITIONS.  THAT IS

14  NONSENSE, AND I WON'T TAKE THE COURT'S TIME ON IT.  BUT IT IS

15  JUST -- IT DOESN'T ENTITLE THEM TO MORE TIME BY CALLING NAMES.

16     NUMBER TWO, MR. FABRIZIO SAID AT LEAST TWICE THAT THE

17  COUNTERCLAIM IS COMPLETELY SEPARATE AND HAS NOTHING TO DO WITH

18  THE MAIN COPYRIGHT CLAIM.  THAT IS ALSO FUNDAMENTALLY FALSE.

19  THIS IS A COPYRIGHT CASE.

20     THE DEFENSE, AS MR. FABRIZIO MENTIONED, IS DIGITAL

21  MILLENNIUM COPYRIGHT ACT NOTICE AND TAKEDOWN PROCEDURES.  THAT

22  IS EVERY TIME THE STUDIO IS BELIEVED ONE OF THEIR WORKS WAS ON

23  HOTFILE THEY COULD GIVE NOTICE AND IT WILL BE TAKEN DOWN.

24  HOTFILE COMPLIED WITH THAT AND THAT IS A DEFENSE.

25     WHAT HAPPENED IS, THE PLAINTIFF WARNER MISUSED THAT

 1  PROCESS.  IT GAVE NOTICE OF --

 2        THE COURT:  YOU ARE ARGUING ON YOUR MOTION TO COMPEL

 3  RIGHT NOW.

 4        MR. THOMPSON:  NO, YOUR HONOR.  I'M JUST TRYING TO

 5  ILLUSTRATE WHY THE COUNTERCLAIM IS FUNDAMENTALLY INTERTWINED

 6  WITH THE UNDERLYING COPYRIGHT CLAIM.

 7        THE TESTIMONY FROM MR. TITOV WILL BE THE SAME WHETHER

 8  WARNER IS ASKING ABOUT COUNTERCLAIM ISSUES, ABOUT ITS TAKEDOWN,

 9  OR WHETHER HE IS EXPLAINING HOW HOTFILE TOOK DOWN EVERY WORK

10  THAT THE STUDIO HAS REQUESTED.  THE TESTIMONY OVERLAPS

11  SUBSTANTIALLY BETWEEN THE COUNTCLAIM -- IT'S A COMPULSORY

12  COUNTERCLAIM AND THE COPYRIGHT CLAIM.

13        SO, TO SAY THAT THEY ARE ENTITLED THE A WHOLE FULL DAY

14  OF DEPOSITION FOR THE COUNTERCLAIM I BELIEVE IS JUST WRONG.

15  THERE IS NO AUTHORITY FOR THAT.  HE HAS FOUND NO CASE -- I'M

16  AWARE OF NONE THAT SAYS BECAUSE THERE IS A COMPULSORY

17  COUNTERCLAIM YOU GOT A SECOND RULE 30(B)(6) DEPOSITION.  YOU

18  CAN ASK QUESTIONS ABOUT IT CERTAINLY BUT IT SHOULD COME OUT OF

19  THE SAME SEVEN HOURS FOR YOUR RULE 30(B)(6) DEPOSITION.

20        WITH RESPECT TO THE TRANSLATION ISSUE, YOUR HONOR.

21  I'M AFRAID IT SHOWS THE TRUE MOTIVE HERE IS TO HAVE SURPRISE

22  AND NOT FOR THE SEARCH FOR THE TRUTH.  IF THERE IS GOING TO BE

23  A CERTIFIED TRANSLATION, WHY NOT GIVE IT TO MR. TITOV IN

24  ADVANCE SO WE CAN MAKE SURE THERE IS NOT ANY ISSUE ABOUT THE

25  ACCURACY OF THE TRANSLATION?

 1               I HAVE BEEN THROUGH MANY TRANSLATED DEPOSITIONS.  THE

 2   WORST THING YOU WANT TO DO IS HAND A BILINGUAL WITNESS A

 3   DOCUMENT AND ASK THAT WITNESS TO CONFIRM THE TRANSLATION, OR

 4   GIVE HIM THE -- NOT GIVE HIM THE ORIGINAL UNDERLYING

 5   TRANSLATION, THEN YOU GET INTO A LOT OF SIDE SHOWS JUST AS YOUR

 6   HONOR ANTICIPATED.  IT WILL TAKE TIME, IT WILL BE A

 7   DISTRACTION, AND IT WILL EAT UP THE TIME NEEDLESSLY.  WE

 8   SHOULD -- WE'RE GOING TO HAVE A SHORT TIME IN BULGARIA, WE

 9   SHOULD WORK TOGETHER TO MAKE SURE WE USE THE DEPOSITION

10   EFFICIENTLY AND THE TRANSLATION SHOULD BE GIVEN TO US IN

11   ADVANCE.

12               THE COURT:  I AM GOING TO RULE THAT THE MOTION IS

13   GRANTED THAT THE PLAINTIFF WILL BE ENTITLED TO A TOTAL OF FOUR

14   DAYS.

15               THAT BEING THE CASE, EVERYTHING THAT COUNSEL FOR

16   DEFENDANT SAID CONSISTENT WITH THAT COOPERATION, ANYTHING YOU

17   CAN DO TO -- I AM NOT GOING TO ORDER IT, PRIOR DISCLOSURES, SO

18   FORTH AND SO ON, SHOULD BE DONE.

19               THE DEFENDANTS' REMEDY HERE IS IF THERE IS ANY -- IT

20   TURNS OUT THERE IS AN ABUSE OR THIS WAS SPURIOUS OR UNNECESSARY

21   YOU HAVE YOUR REMEDY.  I AM NOT SAYING THAT IT IS.  BUT GIVEN

22   THE FACT THAT YOU ARE GOING TO HAVE TO FLY TO BULGARIA WE ARE

23   GOING TO ERR ON THE SIDE CONSISTENT WITH THE LAW OF THE RULES

24   AND MY DISCRETION TO ALLOW THE FULL FOUR DAYS.

25               YOU COULD ALSO IF THERE -- YOU COULD AGREE -- I WILL

1   LET YOU THINK ABOUT IT UNTIL SHORTLY BEFORE THE DEPOSITION.  IF

2   YOU WANT TO COMMINGLE THE QUESTIONING YOU COULD DO SO.  THAT

3   WOULD SAVE TIME.  THAT IS IN TERMS OF HIS ROLE AS AN INDIVIDUAL

4   AS -- HIS CORPORATE ROLE, THE ROLE IN CONNECTION WITH THE

5   COUNTERCLAIM.  I WILL LET YOU ADDRESS THAT INFORMALLY IN

6   ADVANCE OF THE DEPOSITION.  BUT IT SEEMS TO ME IF YOU CAN DO

7   THAT AND IT DOES NOT MISS UP THE RECORD THAT WOULD SAVE A LOT

8   OF TIME.  BUT I WILL ALLOW FOUR DAYS.  I RATHER DO THAT THAN

9   NOT GRANT IT AND FIND OUT THAT LATER THERE IS A LEGITIMATE

10  REASON FOR FURTHER DEPOSITIONS AND MORE MONEY, MORE TRAVEL

11  TIME, MORE EXPENSE.

12          SO I'M GRANTING THE MOTION WITH THE UNDERSTANDING THAT

13  YOU ARE NOT REQUIRED TO TAKE THE FULL FOUR DAYS.  IF YOU NEED

14  IT, YOU HAVE IT.  IF I DON'T NEED IT, YOU DON'T TAKE IT.  IT IS

15  AS SIMPLY AS THAT.  I URGE ALL CORPORATION CONSISTENT WITH

16  THAT.  COUNSEL FOR DEFENDANTS, YOUR WELL STATED ARGUMENTS ARE

17  NOTED OF RECORD.  THEY ARE COLORABLE, BUT THAT IS MY RULING.

18          WITH RESPECT TO -- THAT'S MY ORDER.  WE ARE GOING TO

19  TURN NOW TO THE DEFENDANT COUNTER CLAIMANT HOTFILE'S MOTION TO

20  COMPEL DISCOVERY FROM PLAINTIFFS.

21          MR. THOMPSON:  YOUR HONOR, THIS IS MR. THOMPSON.  MAY

22  I ASK A COUPLE OF CLARIFYING QUESTIONS ON THE ORDER SO WE ARE

23  CLEAR?

24          THE COURT:  OKAY.

25          MR. THOMPSON:  FIRSTLY, WITH RESPECT TO YOUR -- I

 1  THINK YOUR COMMENT ABOUT COMMINGLING THE DEPOSITIONS.  JUST SO

 2  IT IS CLEAR.  HOTFILE IS WILLING TO DO THAT.  SO HOTFILE IS

 3  VERY MUCH WILLING TO SAY MR. TITOV WILL TESTIFY SIMULTANEOUSLY

 4  IN HIS CAPACITY ABOUT INDIVIDUAL ISSUES, ABOUT THE

 5  COUNTERCLAIM --

 6          THE COURT:  I'M SORRY, DID YOU SAY THAT YOU WERE

 7  COUNSEL FOR PLAINTIFF?

 8          MR. THOMPSON:  NO.  THIS IS ROBERT THOMPSON FOR

 9  DEFENDANTS.

10          THE COURT:  OKAY.  I MISHEARD.  GO AHEAD.

11          MR. THOMPSON:  I JUST WANTED TO --

12          THE COURT:  I KNOW YOU HAVE NO PROBLEM WITH

13  COMMINGLING BUT THE OTHER SIDE MAY.  SO THAT'S WHY I WANTED YOU

14  TO RESOLVE IT AMONGST YOURSELVES.

15          MR. THOMPSON:  I'M SORRY, YOUR HONOR.  I COULDN'T HEAR

16  THE LAST SENTENCE.

17          THE COURT:  I KNOW THAT YOU AGREE TO IT BUT THE OTHER

18  SIDE MAY WANT TO THINK ABOUT IT AND THAT'S WHY YOU SHOULD

19  RESOLVE IT AMONGST YOURSELVES PRIOR TO THE DEPOSITION.

20          MR. THOMPSON:  OKAY.  I UNDERSTAND.

21          THE SECOND CLARIFICATION IS JUST THE NUMBER.  HOW WE

22  CALCULATE DAYS WILL BE, OF COURSE, SOFIA SO FAR AWAY.  I WANT

23  TO MAKE CLEAR THAT THE COURT CONTEMPLATES NINE O'CLOCK TO SIX

24  O'CLOCK DAYS AS OPPOSED TO COUNTING SEVEN HOURS OF ACTUAL

25  TESTIMONY BECAUSE IF THAT HAPPENS WE COULD BE IN BULGARIA A

 1 | VERY, VERY LONG TIME.

 2 | THE COURT:  HOW ABOUT PLAINTIFFS, WHAT DO YOU THINK?

 3 | MR. FABRIZIO:  I THINK COUNSEL CAN WORK THAT OUT AMONG

 4 | THEMSELVES, YOUR HONOR.  WE --

 5 | THE COURT:  EXCUSE ME.  THE WORST CASE SCENARIO WOULD

 6 | BE NINE TO SIX, IS THAT RIGHT?

 7 | MR. FABRIZIO:  IF MR. TITOV DOES NOT ATTEMPT TO DELAY

 8 | THE DEPOSITION I BELIEVE WE WILL HAVE PLENTY OF TIME GOING 9:00

 9 | TO 6:00, OR 9:30 TO 6:30, WHATEVER NORMAL PERIOD OF TIME

10 | COUNSEL CAN AGREE ON.  I DON'T BELIEVE WE ARE GOING TO NEED TO

11 | COUNT MINUTES ON THE RECORD AND ADD UP TO SEVEN HOURS TO MAKE

12 | IT A DAY.

13 | THE COURT:  I WILL LEAVE IT TO YOU ALL TO AGREE TO

14 | THAT BUT I HAVE ALLOWED FOUR DAYS.  OKAY?  SO THAT SHOULD BE

15 | MORE THAN ENOUGH.  BUT IF THERE IS ANY, YOU KNOW -- NO

16 | GAMESMANSHIP OR ANYTHING LIKE THAT, BUT I WILL LET YOU WORK IT

17 | OUT IF YOU BELIEVE THAT YOU CAN.  IT SEEMS TO ME THAT THE

18 | CONTENTION NINE TO SIX IS REASONABLE, YOU KNOW, BUT -- AND I'M

19 | JUST STATING THAT SO THAT YOU HAVE A DEFAULT POSITION.  YOU

20 | FOLLOW ME?

21 | MR. THOMPSON:  YES, YOUR HONOR.

22 | THE COURT:  THE DEFAULT POSITION IS NINE A.M. TO SIX

23 | P.M. BULGARIAN TIME.

24 | MR. FABRIZIO:  THANK YOU, YOUR HONOR.

25 | MR. THOMPSON:  MR. THOMPSON, I HAVE ONE QUESTION, FOR

1  THE DEFENSE.

2          THE ORDER IS FOUR FULL DAYS, I UNDERSTAND THAT, AN

3  EXTRA DAY FOR THE RULE 30(B)(6) DEPOSITION.

4          THE 3O(B)(6) DEPOSITION NOTICE CONTAINS 5O TOPICS THAT

5  ARE WIDE RANGING.  WE ANTICIPATE THAT AT LEAST SOME OF THE

6  TOPICS WILL BE HANDLED BY OTHERS AND NOT MR. TITOV.  THERE ARE

7  TWO OTHER WITNESSES WHO WILL ALSO BE TESTIFYING WHILE WE ARE IN

8  BULGARIA.

9          SO I ASSUME THAT THE DEFENSE CAN USE WHATEVER

10  WITNESSES ARE APPROPRIATE TO FULFILL THE 30(B)(6) EXTRA DAY

11  OBLIGATION, WHICH I THINK WILL BE LARGELY MR. TITOV BUT I WANT

12  TO MAKE SURE THAT WE ALSO INCLUDE THE WITNESSES AS PART OF THAT

13  TIME.

14          MR. FABRIZIO:  NO OBJECTION FROM PLAINTIFFS, YOUR

15  HONOR.  THAT'S FAIRLY STANDARD.

16          MR. THOMPSON:  OKAY.

17          THE COURT:  SO YOU'RE SAYING THAT IF YOU NEED

18  ADDITIONAL WITNESSES IN CONNECTION WITH 30(B)(6) THAT WILL ALL

19  BE DONE WITHIN THE FOUR DAYS, RIGHT?

20          MR. THOMPSON:  YES, YOUR HONOR.

21          THE COURT:  OKAY.

22          MR. FABRIZIO:  YOUR HONOR, JUST TO CLARIFY BECAUSE

23  I --

24          THE COURT:  YOU ARE AGAIN, PLEASE?

25          MR. FABRIZIO:  I'M SORRY.  THIS IS STEVEN FABRIZIO FOR

 1 | PLAINTIFFS.

 2 | THERE ARE TWO ADDITIONAL WITNESSES BEING TAKEN, TWO --

 3 | IN THEIR INDIVIDUAL CAPACITY, THEY ARE SHAREHOLDERS OR

 4 | PRINCIPALS OF HOTFILE.  THEY ARE EACH BEING TAKEN FOR AN AGREED

 5 | AMOUNT OF TIME.  I THINK IT'S A DAY AND A HALF EACH.

 6 | IF DEFENDANTS WANT TO DESIGNATE ONE OF THEM AS A

 7 | HOTFILE REPRESENTATIVE AND HAVE THEM TESTIFY FOR A HALF A DAY

 8 | AS A HOTFILE 30(B)(6) REPRESENTATIVE, WELL THAT WILL COUNT

 9 | TOWARDS THE HOTFILE 30(B)(6) DEPOSITION, IT WON'T TAKE AWAY

10 | FROM THE TIME THAT WE HAVE ALREADY AGREED FOR THOSE WITNESSES

11 | IN THEIR INDIVIDUAL CAPACITY.

12 | THE COURT:  SO WHAT ARE YOU SAYING, THAT WOULD BE A

13 | PART OF THE FOUR DAYS OR IN ADDITION TO THE FOUR DAYS?

14 | MR. FABRIZIO:  IT WOULD BE A PART OF THE FOUR DAYS.

15 | IT WOULD ABSOLUTELY BE PART OF THE FOUR DAYS.  I JUST WANT TO

16 | MAKE SURE WE DON'T DOUBLE COUNT THOSE HOURS AND COUNT IT AS

17 | PART OF THE FOUR DAYS BUT ALSO DEDUCT IT FROM THEIR INDIVIDUAL

18 | DEPOSITIONS.

19 | THE COURT:  YOU HAVE GOT ME TOTALLY CONFUSED.  I JUST

20 | GRANTED FOUR DAYS.  OKAY?  WE ARE TALKING ABOUT TITOV.

21 | NOW, WHAT YOU'RE TALKING ABOUT IT IS NOT CLEAR TO ME

22 | IF IT IS A SECOND OR THIRD PARTY, A SHAREHOLDER, THAT WOULD BE

23 | A PART OF YOUR FOUR DAYS OR IT WILL BE IN ADDITION TO THE FOUR

24 | DAYS.

25 | MR. FABRIZIO:  IT WILL BE -- WE CONSIDER IT PART OF

1  THE FOUR DAYS, YOUR HONOR.

2        THE COURT:  YOU ARE THE PLAINTIFF, CORRECT?

3        MR. FABRIZIO:  FOR PLAINTIFF, CORRECT.

4        THE COURT:  I WILL LET YOU WORK THAT OUT WITH

5  MR. THOMPSON AS LONG AS IT IS IN THE AMBIT OF THE FOUR DAYS

6  THAT I'VE ADDRESSED IN THIS MOTION.  FAIR ENOUGH?

7        MR. THOMPSON:  THANK YOU, YOUR HONOR.

8        MR. FABRIZIO:  I THINK YOUR HONOR HAS MADE IT CLEAR.

9  THANK YOU.

10       THE COURT:  NOW, YOU REPRESENT DISNEY AS ONE OF YOUR

11  CLIENTS?

12       MR. FABRIZIO:  YES.  THIS IS STEVEN FABRIZIO.  WE

13  REPRESENT THE WALT DISNEY COMPANY, YES.

14       THE COURT:  WELL, SINCE YOU HAVE PREVAILED ON THIS

15  MOTION, I HAVE A REQUEST THAT MY GRANDKIDS WERE VISITING OVER

16  THANKSGIVING AND THEY WATCHED THE DISNEY CHANNEL.  AND I THINK

17  THAT -- I MAY FILE MY OWN LAWSUIT CONCERNING THE CANNED

18  LAUGHTER THAT THEY USE DURING THEIR PROGRAMING FOR CHILDREN.

19       MR. FABRIZIO:  YOUR HONOR, THAT IS ALL REAL LAUGHTER.

20  HOW COULD YOU SAY SUCH A THING?

21       THE COURT:  WHEN SOMEBODY COMES IN AND SAYS, "HELLO,"

22  AND THEY LAUGH, THERE IS SOMETHING THE MATTER WITH THAT.  THE

23  NEXT PERSON SAYS, "NICE TO SEE YOU, JOYCE," AND THERE IS

24  LAUGHTER, THERE IS SOMETHING WRONG WITH THAT.  THESE ARE YOUNG

25  MINDS THAT YOU ARE TALKING ABOUT.

 1            BUT WE DIGRESSED.  LET'S MOVE TO THE --

 2            MR. FABRIZIO:  I WILL PASS IT ALONG, YOUR HONOR.

 3            THE COURT:  LET US MOVE ON TO DEFENDANTS' COUNTER

 4    CLAIMANT'S HOTFILE'S MOTION TO QUELL DISCOVERY, ET CETERA.

 5            NOW, THE OBJECTION HERE IS THAT IT IS WORK PRODUCT TO

 6    SIMPLIFY THINGS.  MY QUESTION IS -- BEAR IN MIND THAT WE HAVE

 7    BEEN PARACHUTED INTO THIS CASE, AND WE HAVE DONE THE BEST WE

 8    CAN TO BE BROUGHT UP TO SNUFF REALLY FOR -- YOU ARE HERE

 9    BECAUSE OF THE EMERGENCY NATURE OF THE BULGARIAN DEPOSITION AND

10    THE DISCOVERY CUTOFF DATE.  BUT THE POSITION IS BECAUSE IT IS

11    WORK PRODUCT AND IT DOESN'T RELATE TO -- THAT'S THE ESSENCE OF

12    IT.

13            SO MY QUESTION IS PROCEDURALLY ARE WE AT THE STAGE

14    WHERE -- AND I'M NOT SAYING IT IS NECESSARY, BUT THAT A

15    PRIVILEGE LOG HAS BEEN FILED OR WHAT?

16            LET ME HEAR FROM COUNSEL FOR PLAINTIFF WHO I GUESS YOU

17    ARE OPPOSING THIS MOTION AND THEN I WILL HEAR FROM DEFENDANT.

18            MR. PLATZER:  YOUR HONOR, THIS IS MR. PLATZER FOR

19    WARNER BROTHERS.

20            THE PARTIES AGREED IN THE JOINT SCHEDULING REPORT THAT

21    WE FILED WITH THE COURT A FEW MONTHS AGO THAT PRIVILEGE LOGS

22    WOULD BE DEFERRED PENDING AN AGREEMENT BETWEEN THE PARTIES AS

23    TO SCHEDULING.  SO PROCEDURALLY PRIVILEGE LOGS HAVE NOT YET

24    BEEN EXCHANGED IN THIS CASE.

25            THE COURT:  OKAY.

 1          MR. PLATZER:  JUDGE JORDAN HAD PREVIOUSLY ISSUED AN

 2   ORDER --

 3          THE COURT:  JUDGE THRONTON?

 4          MR. PLATZER:  JUDGE JORDAN.  SORRY, YOUR HONOR.

 5          THE COURT:  JUDGE THRONTON IS UP FOR CONSIDERATION FOR

 6   THE NEXT OPEN POSITION.  I THOUGHT THAT THE PROCESSES MOVED

 7   REALLY PRETTY QUICKLY HERE.

 8          MR. PLATZER:  JUDGE JORDAN HAD PREVIOUSLY ISSUED AN

 9   ORDER IN THE CASE THAT ALLOWED THE PARTIES TO FILE PRIVILEGE

10   LOGS THAT DESCRIBED CATEGORIES OF DOCUMENTS BEING WITHHELD --

11          THE COURT:  RIGHT.

12          MR. PLATZER:  -- RATHER THAN ITEMIZING EACH AND EVERY

13   DOCUMENT.  BUT PROCEDURALLY WE ARE NOT YET AT THE STAGE IN THE

14   CASE WHERE THOSE LOGS HAVE BEEN EXCHANGED.

15          THE COURT:  ALL RIGHT.  THAT BEING THE CASE WHAT'S THE

16   POSITION OF THE DEFENDANT?

17          MR. THOMPSON:  THE POSITION OF THE DEFENDANTS IS, YOUR

18   HONOR, THAT THE PLAINTIFFS HAD A BURDEN OF PROOF TO SHOW THAT

19   THESE DOCUMENTS WERE PROTECTED BY WORK PRODUCT AND THEY HAVEN'T

20   MET THAT.  THEY --

21          THE COURT:  YOU HAVEN'T EVEN FILED A PRIVILEGE LOG

22   YET.

23          MR. THOMPSON:  THAT'S TRUE.

24          THE COURT:  SO PROCEDURALLY WE DON'T KNOW WHAT THEY'RE

25   ARGUING ABOUT.

```
 1            MR. THOMPSON:  YOUR HONOR, MR. PLATZER MENTIONED THAT
 2   THERE WAS -- THAT WAS A JOINT CONFERENCE STATEMENTS FILED OVER
 3   THE SUMMER, AND SINCE THEN THEY MADE A MOTION ABOUT THE
 4   CATEGORICAL PRIVILEGE LOG AND JUDGE JORDAN MADE A RULING ON
 5   THAT AS HE MENTIONED WHICH SPECIFICALLY SAID THAT THE
 6   PLAINTIFFS WERE REQUIRED TO PROVIDE ENOUGH INFORMATION FOR US
 7   TO EVALUATE THEIR CLAIMS OF PRIVILEGE --
 8            THE COURT:  RIGHT.
 9            MR. THOMPSON:  -- WHICH THEY HAVE NOT DONE HERE.
10            YOUR HONOR, WE ALSO HAVE A DECEMBER 23RD DISCOVERY
11   CUTOFF DATE.  SO WHILE THEIR PRIVILEGE LOGS HAVE NOT BEEN
12   EXCHANGED WE ARE UP AGAINST DEADLINES.
13            THE COURT:  YES.
14            MR. THOMPSON:  AND --
15            MR. PLATZER:  YOUR HONOR -- OH, SORRY.
16            MR. THOMPSON:  SORRY.
17            MR. PLATZER:  YOUR HONOR, IF I MAY, THIS IS
18   MR. PLATZER AGAIN.
19            WHILE PRIVILEGE LOGS HAVE NOT YET BEEN EXCHANGED IN
20   THIS CASE, BUT WHAT MR. KAPLAN, THE 30(B)(6) REPRESENTATIVE FOR
21   WARNER, DID TESTIFY IN QUITE SOME DETAIL AT HIS DEPOSITION
22   DESCRIBING THE WARNER REPORT THAT WAS BEING WITHHELD AS WORK
23   PRODUCT HERE.
24            SO THE CONTENTION THAT PLAINTIFFS HAVE NOT IN ANY WAY
25   HAVE MET THEIR BURDEN OF ESTABLISHING WHY THIS REPORT IS WORK
```

 1  PRODUCT WE BELIEVE WAS ADDRESSED BY MR. KAPLAN IN HIS TESTIMONY

 2  AT THE DEPOSITION.

 3          THE COURT:  MR. THOMPSON?

 4          MR. THOMPSON:  YES, YOUR HONOR.

 5          AS WE LAID OUT IN THE BRIEF, MR. KAPLAN'S TESTIMONY IS

 6  A BLUEPRINT FOR AN INVESTIGATION THAT HE ORDERED BY TWO

 7  NON-LAWYERS INTO FACTUAL MATTERS, THAT IS, WHY DID WARNER --

 8          THE COURT:  THE FACT THAT THEY WERE NON-LAWYERS

 9  DOESN'T HELP YOU.  I AM NOT SAYING YOU ARE GOING TO LOSE HERE

10  BUT THAT DOESN'T HELP YOU.  YOU COULD USE NON-LAWYERS FOR --

11  AND IT STILL BE WORK PRODUCT.

12          MR. THOMPSON:  I UNDERSTAND, YOUR HONOR.

13          LET ME TAKE ONE STEP BACK TO GIVE YOU THE CONTEXT OF

14  THE CLAIM.  THIS IS A CLAIM UNDER SECTION 512F OF THE COPYRIGHT

15  ACT WHICH REQUIRES OR GIVES WARNER LIABILITY IF IT

16  (UNINTELLIGIBLE) MATERIALLY MISREPRESENTED THAT IT OWNED

17  COPYRIGHTED MATERIAL, TOOK THE MATERIAL DOWN THAT IT IN FACT

18  DID NOT OWN.

19          WE HAVE ADMISSIONS BY WARNER THAT THEY MADE THESE

20  MISREPRESENTATIONS AS THEY SAID THEY OWNED SOMETHING THAT THEY

21  IN FACT DIDN'T REPEATEDLY.  THEIR DEFENSE IS, IT WAS NOT

22  KNOWINGLY MADE, THE MISREPRESENTATION WASN'T KNOWING AND THAT

23  IT WAS ALL DONE BY SOFTWARE ROBOTS AND NO HUMAN BEING WAS

24  REALLY INVOLVED.

25          WE PUT WARNER ON NOTICE OF THEIR PROBLEMS IN THE

1  SPRING, AND MR. KAPLAN ORDERED AN INVESTIGATION TO SEE WHAT

2  WRONGFUL TAKEDOWNS HAD TAKEN PLACE.  HE DID THAT IN PART IN

3  AUGUST AND SAID, "I WANT THREE MONTHS BACK TO KNOW WHAT

4  HAPPENED," AND THEN HIS DEFENSE IS, THAT THEIR ACTIONS WERE IN,

5  QUOTE, "GOOD FAITH," BECAUSE THEIR SYSTEM WORKS.  AND THEIR

6  SYSTEM WORKS WHEN THEY FIND ERRORS THEY MAKE CHANGES IN THE

7  SYSTEM AND THEN THEY CORRECT IT.  SO, THEREFORE, HE SAYS, "EVEN

8  THOUGH THERE WERE THE MISREPRESENTATIONS THEY WEREN'T KNOWINGLY

9  MADE BECAUSE OF THE SYSTEM."

10       WHAT WE WANTED TO FIND OUT ARE THE FACTS.  WHAT DID

11  THEY FIND OUT?  WHAT WRONGFUL TAKEDOWNS DID THEY DISCOVER?

12  WHAT CHANGES WERE MADE?  WHEN AND WHY.  ALL THOSE FACTS CANNOT

13  BE PROTECTED FROM DISCOVERY BY CLOAKING THEM UNDER AN ALLEGED

14  WORK PRODUCT.

15       SECONDLY, BY PUTTING THE GOOD FAITH IN ISSUE,

16  MR. KAPLAN HAS TESTIFIED AT LEAST TWICE THAT THEY WERE NOT

17  KNOWINGLY MADE BECAUSE THE SYSTEM ACTS IN GOOD FAITH, OR THAT

18  WARNER ACTS IN GOOD FAITH IN CORRECTING AND MAKING IMPROVEMENTS

19  TO ITS SYSTEM THEY WAIVE WHATEVER WORK PRODUCT PRIVILEGE THAT

20  COULD APPLY TO THOSE FACTS.

21       THOSE ARE OUR TWO ARGUMENTS.

22       THE COURT:  PLAINTIFF?

23       MR. PLATZER:  YOUR HONOR, IN TURN, FIRST WITH RESPECT

24  TO MR. THOMPSON'S ARGUMENTS THAT THIS IS -- THIS REPORT --

25  INVESTIGATIVE REPORT CONSISTS OF FACTS, THAT IS ALWAYS THE

 1 | CASE.

 2 | WHENEVER THERE IS A COUNSEL DIRECTED INTERNAL
 3 | INVESTIGATION IN RESPONSE TO ANTICIPATED LITIGATION THAT FACTS
 4 | ARE ORGANIZED, AND ANALYZED, AND ASSESSED, AND SELECTED OUT AT
 5 | THE ATTORNEY'S DIRECTION.

 6 | AND, OF COURSE, WE DISAGREE WITH THE DEFENDANTS'
 7 | CONTENTION WHAT WARNER DETERMINED ABOUT WHETHER OR NOT ITS
 8 | SYSTEM HAD MADE ERRORS IN THE PAST IS NOT PURELY FACTUAL.  THAT
 9 | INVOLVES THE JUDGMENT OF WARNER'S PERSONNEL.  BUT EVEN IF IT
10 | WERE PURELY FACTUAL INFORMATION, THE ORGANIZATION OF AN
11 | SELECTION OF FACTS AT COUNSEL'S DIRECTION AND RESPONSE TO
12 | INTERNAL INVESTIGATIONS (UNINTELLIGIBLE) BY LITIGATION WOULD BE
13 | FACT PROTECTED -- FACT WORK PRODUCT.  THEREFORE, WE DO BELIEVE
14 | THAT WORK PRODUCT IN THE FIRST INSTANCE CLEARLY APPLIES TO THIS
15 | KIND OF INVESTIGATION.

16 | SECOND, WITH RESPECT TO DEFENDANTS' CLAIM THAT WARNER
17 | SOMEHOW WAIVED WORK PRODUCT BECAUSE THEY SAID THAT THEY HAD
18 | GOOD FAITH IN THEIR SYSTEM AND THAT THEY CORRECTED ERRORS WHEN
19 | THEY DISCOVERED THEM.  I WANT TO BE CLEAR HERE ABOUT WHAT
20 | WARNER IS WITHHOLDING AS WORK PRODUCT AND WHAT WARNER HAS IN
21 | FACT PRODUCED TO THE DEFENDANT.

22 | WARNER HAS NOT OBJECTED TO PRODUCING TO THE DEFENDANTS
23 | ALL OF THE INCIDENTS IN THE PAST WHERE THEY HAVE FOUND A
24 | PROBLEM WITH THEIR SYSTEM AND THEN IT HAS IMPLEMENTED A
25 | CORRECTION.  IN FACT, THE DEFENDANTS WERE PRODUCED AMPLE

 1  E-MAILS AND REPORTS ABOUT WARNER'S QUALITY CONTROL PROCESS

 2  WHERE IT'S FIXING AND IMPROVING ITS SOFTWARE OVER THE YEARS.

 3         WHAT WARNER HAS WITHHELD IS THE RESULTS OF AN -- THE

 4  RESULTS OF AN INVESTIGATION AND RELATED E-MAILS THAT IT

 5  CONDUCTED AFTER ALL OF THE TAKEDOWN NOTICES THAT DEFENDANTS

 6  HAVE SUED WARNER ABOUT HAD ALREADY BEEN SENT.

 7         IF THIS WAS AN AFTER THE FACT LOOK BACK, IT IS

 8  INCONCEIVABLE THAT WARNER'S GOOD FAITH IN SENDING THE NOTICES

 9  COULD HAVE BEEN INFORMED BY THIS INVESTIGATION BECAUSE THE

10  INVESTIGATION HAPPENED LATER.

11         THE DEFENDANTS' CITE THE STERN CASE FOR THE

12  PROPOSITION THAT WHAT HAPPENS AFTER SOMEONE MAKES A

13  REPRESENTATION WHEN THEY CONDUCT AND INVESTIGATION CAN BE

14  RELEVANT, BUT I WOULD URGE YOUR HONOR TO LOOK AT THAT CASE.

15         IN THAT CASE THE COURT FOUND THAT THERE HAD BEEN

16  WAIVER OF AN INVESTIGATION THAT A DEFENDANT HAD CONDUCTED

17  BEFORE MAKING REPRESENTATIONS THAT WERE ALLEGEDLY WRONGFUL.

18  BUT THE COURT REFUSED TO OVERTURN THE WORK PRODUCT PROTECTION

19  WITH RESPECT TO AN INVESTIGATION THE DEFENDANT HAD DONE AFTER

20  THE STATEMENTS IN QUESTION WERE MADE.  AND HERE THE

21  INVESTIGATION WAS CLEARLY DONE AFTER THE STATEMENTS FOR WHICH

22  THE DEFENDANTS ARE SUING WARNER.  SO THE WAIVER ARGUMENT DOES

23  NOT APPLY UNDER THOSE CIRCUMSTANCES.

24         THE COURT:  MR. THOMPSON, ANYTHING ELSE?

25         MR. THOMPSON:  YES, YOUR HONOR.

 1            IF THE COURT WOULD TAKE THE TIME TO LOOK AT EXHIBIT 1

 2   TO OUR MOVING PAPERS, WHICH IS THE TESTIMONY BY MR. KAPLAN, NOT

 3   BY MR. PLATZER THE LAWYER, HE TESTIFIED THAT IN AUGUST OF 2011,

 4   QUOTE, "WE SEARCHED THROUGH THE RESULTS TO LOOK FOR SITUATIONS

 5   WHERE IT LOOKED LIKE (UNINTELLIGIBLE) INDICATE THAT THE CONTENT

 6   WAS SOMETHING OTHER THAN WHAT WE INTENDED TO BY TAKEN DOWN."

 7            THAT WAS AUGUST, THAT WAS WHEN THE WRONGFUL TAKEDOWN

 8   NOTICES WERE BEING ISSUED.  WHAT WE HAVE FROM MR. PLATZER IS A

 9   STATEMENT IN HIS DECLARATION ABOUT METADATA FROM SEPTEMBER.

10            I WANT TO KNOW WHAT MR. KAPLAN DID IN AUGUST WHEN HIS

11   TESTIMONY INDICATES THEY DID SOMETHING AT THE TIME THE

12   MISREPRESENTATIONS WERE BEING MADE.

13            MR. PLATZER:  YOUR HONOR, IF I MAY.

14            EVERY SINGLE TAKEDOWN THAT IS NAMED IN WARNER'S

15   COUNTERCLAIM -- I'M SORRY, IN HOTFILE'S COUNTERCLAIM AGAINST

16   WARNER WAS ISSUED BEFORE AUGUST 7TH.  MR. KAPLAN TESTIFIED AT

17   HIS DEPOSITION, AND THE RECORD IS CRYSTAL CLEAR ON THIS, THAT

18   THE INVESTIGATION COMMENCED SHORTLY BEFORE AUGUST 15TH, OVER A

19   WEEK LATER, AND THE METADATA FROM THE REPORT IS DATED IN

20   SEPTEMBER.  WE DON'T THINK THERE IS ANY REASONABLE DISPUTE HERE

21   THAT THE INVESTIGATION CAME AFTER THE TAKEDOWN.

22            MR. THOMPSON:  YOUR HONOR, WITH RESPECT, THERE IS

23   NOTHING IN THE RECORD TO SUPPORT AUGUST 15TH.  THE PAPERS ARE

24   SUBMITTED TO THE COURT SAY AUGUST, AND THAT'S WHAT MR. KAPLAN

25   TESTIFIED.

1          THE COURT:  ALL RIGHT.  COUNSEL.  THANK YOU.

2          GO AHEAD, COUNSEL.

3          MR. PLATZER:  YOUR HONOR, THE CITATION IS ON PAGE 145

4  OF MR. KAPLAN'S TESTIMONY.  WE APOLOGIZE FOR NOT ATTACHING THAT

5  PAGE IN THE MATERIALS WE SUBMITTED TO THE COURT.

6          JUDGE JORDAN HAD CHIDED BOTH OF THE PARTIES EARLIER IN

7  THIS CASE AGAINST EXCESSIVELY ADDING RECORD CITATIONS ON TO

8  EVERY ATTORNEY REPRESENTATION AND TOLD US TO MINIMIZE THE

9  PRACTICE.  BUT IF THE COURT WOULD LIKE US TO PROVIDE THE

10 RELEVANT PORTION OF THE TRANSCRIPT WE WILL BE HAPPY TO DO SO.

11         THE COURT:  YOU BETTER LISTEN TO JUDGE JORDAN BECAUSE

12 HE'S ABOUT TO GO TO THE ELEVENTH CIRCUIT.  ACTUALLY WHEN HE'S

13 REPLACED THIS CASE MAY BE TRANSFERRED TO THE NEW JUDGE AND YOU

14 WILL HAVE TO START ALL OVER AGAIN.

15         WITH RESPECT TO THE MOTION BEFORE ME I WILL NOTE THAT

16 THE DEFENDANTS' ARGUMENTS ARE CERTAINLY COLORABLE AND THEY MAKE

17 SENSE, BUT ON THIS RECORD THERE IS NO LEGAL BASIS FOR THE

18 PRIVILEGE TO BE TRUMPED ON THIS RECORD.

19         SO, THEREFORE, I WILL DENY THE DEFENDANT COUNTER

20 CLAIMANT HOTFILE'S MOTION TO COMPEL DISCOVERY, DOCKET ENTRY

21 164.  HOWEVER, I WILL DO IT WITHOUT PREJUDICE.

22         I AM DOING THAT NOT TO ENCOURAGE A REVISITATION OF

23 THIS BUT JUST TO INDICATE THAT IN THE FULLNESS OF INVESTIGATION

24 AND EVERYTHING ELSE THAT'S GOING ON IN THIS CASE THERE MAY BE

25 CIRCUMSTANCES TO SUPPORT DEFENDANTS' FACTUAL ASSERTION

 1  CONCERNING CHRONOLOGY HERE.  BUT THAT'S NOT HERE ON THE RECORD.

 2  IN FACT, THE CONTRARY HAS BEEN REPRESENTED BY COUNSEL AND

 3  DOCUMENTS OF RECORD IN THIS CASE SO I'M OBLIGED AS A MATTER OF

 4  LAW TO DENY THE MOTION TO COMPEL.

 5       NOBODY SHOULD READ THE, "WITHOUT PREJUDICE," AS AN

 6  INVITATION TO RELITIGATE THIS MATTER, BUT IT IS AN INDICATION

 7  THAT IT IS A COLORABLE ARGUMENT.  SO THAT IS MY ORDER.

 8       NOW, I HAVE COVERED THE TWO MOTIONS THAT WERE NOTICED.

 9  IS THERE ANYTHING ELSE -- I WILL LEAVE THE LINES OPEN IF YOU

10  ALL WOULD LIKE TO TALK AND DO LOGISTICS IF YOU WOULD LIKE THAT,

11  BUT I'M ABOUT TO LEAVE THE BENCH.

12       IS THERE ANYTHING ELSE THAT I NEED TO ADDRESS?

13       MR. THOMPSON:  THIS IS MR. THOMPSON.  I DON'T BELIEVE

14  SO, YOUR HONOR.

15       THE COURT:  MR. THOMPSON.

16       MR. FABRIZIO:  THIS IS MR. FABRIZIO.  I DON'T THINK SO

17  EITHER, YOUR HONOR.

18       THE COURT:  MR. THOMPSON.

19       MR. THOMPSON:  I DON'T BELIEVE SO, YOUR HONOR.  THANK

20  YOU.

21       THE COURT:  WOULD YOU LIKE ME TO LEAVE THE LINES OPEN

22  AFTER I LEAVE?

23       MR. THOMPSON:  WE CAN CALL EACH OTHER DIRECTLY.

24  THAT'S FINE.

25       THE COURT:  ALL RIGHT, GENTLEMEN, IT HAS BEEN A

1    PLEASURE.   I WISH YOU GOOD LUCK WITH THIS LITIGATION, AND I

2    HAVE BEEN FACTITIOUS ABOUT BULGARIA.   I'M SURE IT IS A VERY

3    LOVELY COUNTRY.

4              I AM CURIOUS.   ARE YOU GOING TO GO TO SOFIA?

5              MR. THOMPSON:  YES, YOUR HONOR.

6              THE COURT:  WELL, HAVE A PLEASANT TRIP AND WE WILL

7    CLOSE THE RECORD.

8              MR. FABRIZIO:  THANK YOU.

9              MR. THOMPSON:  THANK YOU, YOUR HONOR.

10                          - - -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1

 2

 3                         C E R T I F I C A T E

 4

 5

 6   UNITED STATES OF AMERICA

 7   SOUTHERN DISTRICT OF FLORIDA

 8

 9

10          I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE UNITED

11   STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, DO

12   HEREBY CERTIFY THAT THE FOREGOING 40 PAGES CONSTITUTE A TRUE

13   TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE THE SAID COURT HELD IN

14   THE CITY OF MIAMI, FLORIDA, IN THE MATTER THEREIN STATED.

15          IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS

16   24TH DAY OF JANUARY 2012.

17

18                               /S/CARL SCHANZLEH
                                 CARL SCHANZLEH, RPR-CM
19                               OFFICIAL FEDERAL COURT REPORTER
                                 299 EAST BROWARD BLVD., 202B
20                               FORT LAUDERDALE, FL  33301
                                 TELEPHONE 954/769-5488
21

22

23

24

25
```