UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF



FILED by _____ D.C.
FEB 10 2012
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DECLARATION OF DUANE C. POZZA IN SUPPORT OF WARNER'S RESPONSES
TO HOTFILE'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER REGARDING
WARNER'S MOTION TO COMPEL TITOV DEPOSITION 27**

**FILED UNDER SEAL**

**RELATES TO SEALED ORDER AND CONTAINS CONFIDENTIAL INFORMATION
UNDER PROTECTIVE ORDER**

I, Duane C. Pozza, hereby declare as follows:

1. I am a partner at the law firm of Jenner & Block LLP, and counsel to the plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. ("Warner") in this action (collectively "Plaintiffs"). The statements made in this declaration are based on my personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of an email exchange between Warner's lead counsel and Hotfile's lead counsel dated January 15, 2012.

3. Attached hereto as Exhibit B is a true and correct copy of an email exchange between Warner's lead counsel and Hotfile's lead counsel dated December 5, 2011.

4. Attached hereto as Exhibit C is a true and correct copy of excerpts from the transcript of the hearing held before Magistrate Judge Turnoff on January 13, 2012.

5. On Monday, November 28, 2011, I received an email from Tony Schoenberg, counsel for Hotfile, requesting the clawback of certain documents, including the document at issue in Hotfile's objections here. During the following week, I called Mr. Schoenberg, and requested a short extension of time to destroy the identified documents. Mr. Schoenberg agreed to extend by five additional court days the deadline under the protective order by which Plaintiffs would need to destroy the copies of the clawed-back documents. The agreed deadline for certifying destruction of the document at issue was therefore Monday, December 12, 2011, rather than Monday, December 5, 2011. Putting aside any of Hotfile's accusations about Warner's use of the document, Hotfile's claim that Plaintiffs violated the protective order by failing to destroy the clawed-back document at issue within five days (or, properly calculated, five court days) neglects the granting of this extension to destroy the document by Monday, December 12.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of February, 2012 in Washington, D.C.

_____
Duane C. Pozza