# EXHIBIT C

1

1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
2                          MIAMI DIVISION
3
                   Case No. 11-CV-20427-WILLIAMS/TURNOFF
4
5    DISNEY ENTERPRISES, INC.,
     TWENTHIETH CENTURY FOX FILM
6    CORPORATION, UNIVERSAL CITY
     STUDIOS PRODUCTIONS, LLLP,
7    COLUMBIA PICTURES INDUSTRIES,
     INC. AND WARNER BROTHERS
8    ENTERTAINMENT, INC.,
9
                    Plaintiffs,
10
     vs.                                   MIAMI, FLORIDA
11                                         JANUARY 13, 2012
12
     HOTFILE CORPORATION,
13   ANTON TITOV AND
     DOES 1-10,
14
                    Defendants.
15
16         TRANSCRIPT OF STATUS CONFERENCE HEARING
           BEFORE THE HONORABLE WILLIAM C. TURNOFF,
17            UNITED STATES MAIGISTRATE JUDGE
18   APPEARANCES:
19   FOR THE PLAINTIFF:
                              JENNER & BLOCK
20                            1099 New York Avenue, N.W.
                              Suite 900
21                            Washington, D.C.
                              BY: STEVEN B. FABRIZIO, ESQ.
22                            BY: DUANE C. POZZA, ESQ.
23
24   REPORTED BY:            JERALD M. MEYERS, RPR
     TELEPHONE:              954-431-4757
25   E-MAIL ADDRESS:         CRJM@AOL.COM

```
 1

 2                                    GRAY ROBINSON, P.A.
                                      1221 Brickell Avenue
 3                                    Suite 1650
                                      Miami, Florida 33131
 4                                    BY: KAREN L. STETSON, ESQ.

 5

 6
     FOR THE DEFENDANTS:
 7

 8

 9

10                                    FARELLA BRAUN & MARTEL, LLP
                                      235 Montgomery Street
11                                    17th Floor
                                      San Francisco, California 94104
12                                    BY: RODERICK M. THOMPSON, ESQ.

13

14

15

16                                    RASCO KLOCK REININGER PEREZ ESQUENAZI
                                      VIGIL & NIETO
17                                    283 Catalonia Avenue
                                      Suite 200
18                                    Coral Gables, Florida 33134
                                      BY: JANET MUNN, ESQ.

19

20

21

22
     REPORTED BY:                     JERALD M. MEYERS, RPR.
23                                    J.M. COURT REPORTING, INC.
                                      1601 N.W. 109TH TERRACE
24                                    Pembroke Pines, FL 33026-2717
                                      Telephone: 954-431-4757
25                                    E-Mail Address: CRJM@AOL.COM
```

1    of docket sheets already so early in the case.

2         So let's go down the list of the things that I have.

3    I know you did things before Judge Williams, and the first

4    thing is there are a bunch of things I can clean up easily

5    because they are duplicates of sealed matters, but what we want

6    to do is we want to clean up the record so that the computer

7    doesn't keep churning out notices of things that are not

8    pending, or duplicates.  So, before you leave, we will attempt

9    to do that.

10        The first thing I am looking at is Warner's motion to

11   compel the production of the Titov deposition, exhibit 27.

12        That is docket entry 180, and this pertains to

13   document that were produced during the depositions in Bulgaria.

14        Bearing in mind that I have reviewed everything, okay,

15   including the confidentiality agreements, okay, let me hear

16   from Hot File.

17        MR. THOMPSON:  Thank you, Your Honor.

18        Obviously, we didn't have a chance to respond to the

19   rather extensive reply memorandum, and I would like to take a

20   few minutes to do that, if I may.

21        THE COURT:  Okay.  Now, bear in mind it is the art of

22   persuasion here.  Okay.  So use that time accordingly.

23        MR. THOMPSON:  Yes, Your Honor, and I am going to try

24   to say this very politely, but we are dealing here with several

25   violations of the protective order, and to illustrate that, if

1   Your Honor --

2   　　　　THE COURT:  They didn't complain within 5 days.  Okay?

3   　　　　MR. THOMPSON:  That's the second one.  First, may I

4   pass up a copy of paragraph 20?

5   　　　　THE COURT:  That's okay.  Pass over his pass.  You can

6   keep it.

7   　　　　MR. THOMPSON:  Okay.  Paragraph 20 of the court's

8   protective order required that once a document has been

9   requested to be returned, which happened here, no dispute, on

10  November 28th, within 5 days the plaintiffs were obligated,

11  shall destroy or return all copies.  That didn't happen.

12  　　　　THE COURT:  Say this again.

13  　　　　MR. THOMPSON:  Within 5 days of a document being

14  requested back that was inadvertently produced, the protective

15  order is mandatory.  It says, "The possessing" --

16  　　　　THE COURT:  Well, first of all, did they request it

17  within 5 days that it be returned or it was retained?

18  　　　　MR. THOMPSON:  It was requested on November 28th.

19  　　　　THE COURT:  That it be returned?

20  　　　　MR. THOMPSON:  Yes.

21  　　　　THE COURT:  Okay.  So at the deposition you had

22  retained it.  I am sorry.  The plaintiff had it.  You are Hot

23  File.

24  　　　　MR. THOMPSON:  Yes.

25  　　　　THE COURT:  You had never given up custody of the

1    document past the deposition, right?

2            MR. THOMPSON:  It had been produced inadvertently in

3    October.

4            THE COURT:  At the deposition?

5            MR. THOMPSON:  Before the deposition.

6            THE COURT:  Before the deposition?

7            MR. THOMPSON:  Right.

8            THE COURT:  Okay.  And then they later used it at the

9    deposition?

10            MR. THOMPSON:  Right.

11            THE COURT:  And then they kept it after the

12    deposition?

13            MR. THOMPSON:  That's correct.

14            THE COURT:  Go ahead.

15            MR. THOMPSON:  But my point is, just to go through

16    these very quickly, November 28th is the date that the document

17    was asked to be returned.  By the court's order, it was

18    supposed to be returned.

19            "Shall return within 5 days."  It was not returned.

20    That's violation number 1.

21            The Federal Rules of Civil Procedure, Rule 26(b)(3) is

22    also very explicit on this point.

23            Once a document has been asked for the return, the

24    party in the plaintiff's position shall return, sequester and

25    destroy and must not use or disclose the information until the

11

1    claim of privilege is resolved.

2              THE COURT:  Okay.

3              MR. THOMPSON:  They used the document.  They marked it

4    at the deposition.  They proceeded to ask questions.  They used

5    it.  That's a violation of Rule 26.

6              THE COURT:  I am sorry.  Did you request its return

7    before the deposition?

8              MR. THOMPSON:  Yes.

9              THE COURT:  Okay.

10             MR. THOMPSON:  On November 28th, more than 5 court

11   days before.

12             THE COURT:  How much time had elapsed from the time

13   that you say you inadvertently disclosed it and the time that

14   you requested it back?

15             MR. THOMPSON:  Approximately 6 weeks.  October 14th is

16   the  --

17             THE COURT:  A month and a half?

18             MR. THOMPSON:  Yes.

19             THE COURT:  But prior to the deposition, more than 5

20   days prior to the deposition you requested it back.  Is that

21   what you are saying?

22             MR. THOMPSON:  Yes.

23             THE COURT:  And they didn't return it, and they, in

24   fact, used it at the deposition, right?

25             MR. THOMPSON:  Yes.

12

1    THE COURT:  Now, at the deposition did you make any

2    objections for the record, or anything like that.

3    MR. THOMPSON:  I objected to the line of questioning

4    which called for --

5    THE COURT:  Did you object to the use of the document?

6    MR. THOMPSON:  I did not make an objection to that

7    specific document, assuming that the plaintiffs would not

8    attempt to use a document that had been recalled.

9    THE COURT:  Well, they were using it at the

10   deposition?

11   MR. THOMPSON:  Yes, Your Honor, and I was not aware.

12   I was in Sofia.  I was not aware of the fact that that

13   particular document had been requested to be returned.

14   After the deposition closed that day, this happened

15   about 6:00 o'clock in the evening then, right before the end of

16   the day.

17   I went on my computer and determined that that, in

18   fact, was a protected document, and the next morning, actually

19   that evening I sent an e-mail requesting its return again, and

20   the next morning I went on the record requesting its return.

21   The argument that the plaintiffs make here essentially

22   is --

23   THE COURT:  And it has never been returned?

24   MR. THOMPSON:  It has never been returned.  They did

25   follow a procedure and now bring it to Your Honor, and they say

1    they destroyed the other copies, but their argument comes down

2    to this, Your Honor:

3        Even though they are required under the protective

4    order to return all copies and not make no use of it, after we

5    have requested it back, that they can try and still slip it in

6    and use it at a deposition, and if we don't object, then call

7    it a waiver.  That is what their argument is.

8        I didn't object in Sofia because I didn't know that

9    particular document had been requested until later that

10   evening.

11       THE COURT:  You better say Sofia, Bulgaria.

12       MR. THOMPSON:  Sofia, Bulgaria, yes.  So, Your Honor,

13   the other violation is they used it when they shouldn't have,

14   and the third is what you alluded to earlier, they were

15   required to bring this motion within 5 days of the request to

16   return the document.  5 court days.

17       Again, that was November 28th.  This motion was filed

18   on December 12th.  It wasn't even close.

19       Now, the reason I wanted to show you --

20       THE COURT:  What were the two dates?

21       MR. THOMPSON:  Pardon me?

22       THE COURT:  What were the two dates?

23       MR. THOMPSON:  On November 28th the document was

24   requested to be returned.

25       THE COURT:  Yes.

14

1          MR. THOMPSON:  The motion was filed on December 12th.

2     That's not 5 court days, and I don't think there is any real

3     dispute about that.

4          They say that that was an arguable, is their word in

5     their reply, a violation, but they say essentially, well, we

6     read the court's order as saying all they had to do was submit

7     the document in-camera within 5 court days, and that they could

8     file a motion at any time thereafter.

9          That's why I wanted to show Your Honor the sentence,

10    which is all one sentence and it is, in my view, very clear.

11    Perhaps if Your Honor does not mind, I can -- well, I can read

12    it.

13         THE COURT:  You could have read it about 5 minutes

14    ago.

15         MR. THOMPSON:  I could have.  It says, "A party may

16    move the COURT for an order compelling production of the

17    document and may present the document to the court under seal

18    within 5 court days of receiving a request to return the

19    document."

20         THE COURT:  What are you reading from?

21         MR. THOMPSON:  This is paragraph 20 of the protective

22    order entered by the court, which is docket entry 68.

23         THE COURT:  You have got to say all of this for the

24    record.  Everything is being recorded here.

25         MR. THOMPSON:  Yes.  Thank you for reminding me, Your

1    Honor.

2            So that language the plaintiffs construe as saying the

3    5 court days only applies to submitting the document under seal

4    to the court, and that the tagalong about filing a motion is

5    not constrained to 5 days.

6            First of all, that's a nonsensical reading of that

7    sentence that I just read, but, secondly, Your Honor, they

8    didn't file the document under seal within 5 court days.

9            Again, the request was November 28th.  The motion

10   filing the document under seal was December 12th.  That's a

11   violation.

12           Now, when we found all of this out, before we filed

13   our opposition, we alerted the plaintiffs, "You really have

14   filed a motion here that is out of time.  It is improper."

15           We asked them to withdraw it.  It should have been

16   withdrawn, Your Honor.  It wasn't, and we are here today.

17           So, Your Honor --

18           THE COURT:  That's it?

19           MR. THOMPSON:  That's it.  Thank you.

20           MR. FABRIZIO:  Thank you, Your Honor.  Steven

21   Fabrizio.

22           Three points, Your Honor.  First, the document was

23   waived when it was used at the deposition and the witnesses

24   were questioned without any objection, but before that, Your

25   Honor, it was waived independently because the production of

1   the document was not inadvertent by all of the legal standards

2   that are considered for when a document is inadvertently

3   produced and, third, to address the point that counsel spent

4   most of his time on --

5           THE COURT:  Well, how can you say that?  I mean they

6   are saying it was inadvertent.

7           MR. FABRIZIO:  Well, Your Honor, they say subjectively

8   we didn't intend to produce it, and we credit them.

9           THE COURT:  Which is always the case.

10          MR. FABRIZIO:  Of course.  No one ever intends to

11  produce an unintendedly produced document.

12          THE COURT:  But sometimes something is inadvertent.  I

13  am just making the point that they can make that claim, and

14  they are making the claim.

15          MR. FABRIZIO:  Yes, Your Honor.  It is not the fact

16  that they produced it that makes it not inadvertent.  It is the

17  fact that of all of the circumstances surrounding the

18  production that make it legally inadvertent.

19          THE COURT:  Okay.

20          MR. FABRIZIO:  And, third, as to the claims of

21  protective order violations, what counsel does not quite make

22  clear is that they didn't produce this document once.  They

23  produced it twice.  Two identical copies of it simply with

24  different Bates numbers on it.  One of them they requested back

25  on November 28th.

17

1          THE COURT:  When did they produce the two?

2          MR. FABRIZIO:  Well, one of them was produced in June

3    and one of them was produced --

4          THE COURT:  That was the response to the discovery

5    request?

6          MR. FABRIZIO:  Both of them were in response to the

7    discovery requests.

8          THE COURT:  Were they produced on two separate

9    occasions?

10          MR. FABRIZIO:  On two separate occasions.

11          THE COURT:  In two separate requests?

12          MR. FABRIZIO:  No.  The same request.  It was an

13    extended production.

14          THE COURT:  Okay.

15          MR. FABRIZIO:  One was in June.  One was in October.

16    So it is not the case that we had this document for 6 weeks.

17          We had this document and we were working with it and

18    integrated it into our work product for 5 months without anyone

19    saying anything about it.

20          They served.  They didn't just request this document

21    back on November 28th or on December 3rd when they sent a

22    second e-mail.

23          The two e-mails that were sent on November 28th and

24    December 3rd asked for 64 separate documents back, and the only

25    way they identified them was with an endless stream of Bates

18

1   numbers.

2          Now, context, Your Honor, is important.  We were in

3   the busiest part of the case.  All of us were getting ready to

4   conduct 23 depositions in 15 days, including a series of them

5   in Bulgaria.

6          No one could have reasonably expected anyone to track

7   down Bates numbers because it is not a matter of just going to

8   a file and saying, "What is this document?  Let me pull it from

9   the file."

10          We had these documents for months.  They were part of

11   our preparation.

12          So when we marked and used the document at the

13   deposition, no one could have reasonably, with all diligence,

14   have understood that we were marking a document that they had

15   already clawed back.

16          So that is the answer in our respect to use at the

17   deposition.  Our motion is timely.  As we explained in our

18   papers, the protective order is very clear, and they want to

19   leave other provisions of the protective order out, but as we

20   briefed, the motion is timely, and Your Honor properly has the

21   document to review.

22          So what I would like to address is simply that this is

23   a document that was 297 pages long.  This is not a one page

24   document that snuck by.

25          It was produced, not among millions of documents, but

19

 1    in a production that consisted of 83 documents.  So it is a

 2    297 --

 3              THE COURT:  83 documents containing more than 83 total

 4    pages?

 5              MR. FABRIZIO:  Yes, but this was, Your Honor, a 300

 6    page document.

 7              THE COURT:  It is one of the 83 documents.  When you

 8    say "document," this was one of the 83 consisting of 270 pages?

 9              MR. FABRIZIO:  Yes.  Exactly, and they have clawed

10    back 10 of those 83 documents.  So one out of every 8 documents

11    they produced in that production they have attempted to claw

12    back.

13              Obviously, we have honored the protective order and

14    given them all back, but this one has become so part of our

15    trial preparation and has been in use for so long and was used

16    at the deposition, it is just impossible to unring that bell,

17    Your Honor.

18              If Your Honor doesn't have any questions, I am will

19    leave it there.

20              THE COURT:  What I am going to do is the following:  I

21    am prepared to rule, counsel, on this.

22              Go ahead.  I will give you a minute.  Go ahead.

23              MR. THOMPSON:  Thank you, Your Honor.  I will be very

24    quick.

25              This was an e-mail, and it was addressed to 6

20

1    recipients.  Four of the 6 copies were withheld as privileged.

2    Only two slipped through, the two we are talking about.

3              THE COURT:  What are you talking about?  What e-mail?

4    You have to explain it.

5              MR. THOMPSON:  Okay.  An e-mail was sent to

6    addressees.  So this particular document is an e-mail.  It is

7    278 pages.  It is an attachment to an e-mail.

8              THE COURT:  Right.

9              MR. THOMPSON:  So it was sent to 6 different people --

10             THE COURT:  Yes.

11             MR. THOMPSON:  -- at Hot File.  We reviewed those

12   documents for production.  Four of the 6 copies we found, saw

13   it was work product and did not produce them.  Withheld them.

14             THE COURT:  Right.

15             MR. THOMPSON:  You can see from the front of the

16   e-mail it went to 6 people.

17             THE COURT:  Yes.

18             MR. THOMPSON:  So only 2 of the 6 were produced.

19   That's clear evidence that it was inadvertent.

20             64 documents were withheld; were recalled Mr. Fabrizio

21   mentions.  We produced more than 1,000,000 documents in total,

22   Your Honor, and I won't bother you further.  I just wanted to

23   make those two quick points.

24             THE COURT:  It is not a question of bothering me.  It

25   is a question of having all of the information that is

21

1    pertinent to make a ruling on the motion.

2         MR. THOMPSON:  I didn't want to interrupt you again.

3    Sorry.

4         THE COURT:  In this matter, I understand your

5    respective positions.

6         Quite frankly, I think the better argument, and I am

7    just explaining this for the record, the better argument is

8    with the plaintiff here.

9         The technical arguments are not.  We follow the rules,

10   but the better argument here is with the plaintiff.  I am just

11   observing that because of the time lag, the use of the

12   documents, the fact it was part and parcel of the deposition,

13   and I don't know enough to know how this could impinge upon the

14   deposition as a whole, the use of this particular exhibit, and

15   the motion is not, as I understand it, to quash the deposition,

16   or has the deposition been sealed?

17        MR. FABRIZIO:  No, Your Honor.  I actually found out

18   this morning, I was very curious to find this out, Hot File

19   allowed the -- the deposition has been final, and the

20   transcript along with I understand the exhibits has been

21   distributed for a month, and Hot File has not sought to seal

22   it.

23        THE COURT:  So one of the exhibits is this document in

24   question, correct?

25        MR. FABRIZIO:  Yes.

22

1          MR. THOMPSON:  Yes, Your Honor.  At the deposition in

2     Bulgaria, I demanded return of the document.  I asked for the

3     reporter to give it to me.  Mr. Fabrizio, who hired the

4     reporter, would not allow that to happen.

5          I didn't have any choice.  Unless he tells his

6     reporter to give it back, she is not going to do that.

7          THE COURT:  Okay.  I am not criticizing.  Whatever,

8     but if you wanted, you could have filed a motion with the court

9     to get a court order before it was even transcribed, but that's

10    okay.

11         I am not criticizing.  What I will do is the following

12    though:  I think the best I could do under the circumstances is

13    the following:

14         I will grant the motion to compel in part and defer it

15    in part, and what we will do is you will take the document.

16    You have one document remaining, the 270 pages, right?

17         MR. FABRIZIO:  No, Your Honor.  Pursuant to the

18    protective order, we gave it back to defendants and destroyed

19    all copies.

20         THE COURT:  What do you have?

21         MR. FABRIZIO:  At this point we have nothing.  We need

22    them to produce it back to us.  The protective order requires

23    us to destroy them.

24         THE COURT:  Let me ask you a question, though:  The

25    deposition you said has the attachments?

23

1          MR. FABRIZIO:  Oh.  That is an excerpt of this

2     document, Your Honor.  It is a 32 page excerpt of this

3     document.

4          THE COURT:  Okay.  All right.  That will simply change

5     the mechanics of what I am going to do.

6          The motion is going to be granted in part and deferred

7     in part, and I am going to order counsel for Hot File to file

8     under seal with the court, do I have to say the original or

9     could I say a copy of the, an accurate copy, the original

10    and/or an accurate copy of the documents in question at issue

11    here?  How can we further describe that document?

12         MR. FABRIZIO:  I think we know it, Your Honor.  Do you

13    have the Bates number?

14         THE COURT:  Well, I want a higher and wiser authority

15    to know if it reaches like the Supreme Court.  So what are we

16    referring to?

17         MR. FABRIZIO:  We can refer to it as the full 297 page

18    version of a Titov exhibit 27.

19         THE COURT:  Okay.  At issue before the court in

20    connection with docket entry 180, Warner's motion to compel

21    production of Titov's deposition, exhibit 27.

22         MR. THOMPSON:  I have the Bates numbers, Your Honor,

23    if you would like them.

24         THE COURT:  Okay.  Well, for you guys, just

25    sufficiently identify it, you know, what needs to be done.

24

1          MR. FABRIZIO:  Yes, Your Honor.

2          THE COURT:  And you will file it under seal with the

3    court and with the appropriate pleading, you know, a cover

4    sheet explaining it is a court order.

5          Pursuant to my court order, you are filing this

6    exhibit under seal.

7          Now, what does that accomplish?  One, I am not

8    addressing the deposition or the use thereof.  That's not

9    before me now.

10          I am not addressing whether or not the document at

11    issue can be further used in connection with this litigation

12    one way or the other.

13          If you want to use it in connection with a pleading or

14    a hearing, then that will have to be addressed beforehand by

15    pleading or something by Judge Williams or upon referral to me.

16          If you want to use it at trial, then it becomes an in

17    limine matter.  Do you follow me?

18          So what I am doing is I am maintaining the status quo.

19    You know what the document is.  You have used it in the

20    deposition.

21          You say an excerpt was filed, you know, but that is

22    there and the deposition has not been addressed and any

23    exhibits thereon have not been addressed, and so I am limiting

24    myself to your request here with request to the document at

25    issue.

25

```
 1              I am requiring them to file it with the court.  And so
 2    if you don't go back to it until the trial comes up, it is
 3    there and it is for Judge Williams to make an in limine ruling
 4    unless you file a motion in advance.  Yes?
 5              MR. FABRIZIO:  May I clarify it, Your Honor?
 6              THE COURT:  Yes.
 7              MR. FABRIZIO:  The document is multiple lines,
 8    hundreds of lines of data, and we would have been already using
 9    that data for analysis.
10              So does your order does not permit or does not
11    prohibit Warner from using that data for its analyses, does it?
12              THE COURT:  No.  I am limiting myself to the request
13    for the return of the document, am I not?  That is what you are
14    raising here.
15              MR. FABRIZIO:  The procedural confusion, Your Honor,
16    is that --
17              THE COURT:  Let me ask you that.  Is that what you are
18    asking for?  You are asking for the return of the document?
19              MR. THOMPSON:  Exactly.  We are asking for the return
20    of the 297 page document.
21              THE COURT:  that is the request for relief, right?
22              MR. THOMPSON:  Yes.
23              THE COURT:  Okay.  I have addressed that.
24              MR. THOMPSON:  That has been granted.
25              MR. POZZA:  No.
```

26

1           MR. FABRIZIO:  No, Your Honor --

2           THE COURT:  Counsel, you guys are like, you know, the

3    big time lawyers here, and you filed a motion.  You crafted a

4    motion.

5           MR. THOMPSON:  Yes.

6           THE COURT:  And you asked for relief.

7           MR. THOMPSON:  Yes, sir.

8           THE COURT:  The relief that you requested is the

9    return of this what turns out to be a 270 page document,

10   correct?

11          MR. THOMPSON:  Yes, sir.

12          THE COURT:  I have addressed that.  I said that it is

13   granted in part and deferred in part.  It is granted to the

14   extent that they will file that document with the court under

15   seal.  That's all I am addressing.

16          I am not addressing its use in connection with the

17   deposition, or anything else.  I am not addressing that, and

18   their opposition is to your motion which was to return the

19   document.

20          I don't see anything, maybe I missed it, a motion on

21   their part to forbid any use for you of that document where

22   nothing has been made ripe for me for consideration.

23          They are just opposing your getting the documents

24   back.  Am I missing something?  I will hear from counsel.  Am I

25   missing something from your point of view?

```
 1                   MR. FABRIZIO:  Not in terms of procedural posture.

 2                   THE COURT:  I am not going to tell you how to prepare

 3     your case.  I am just addressing whether you get the documents

 4     back from them.  What you already have, you have.

 5                   MR. FABRIZIO:  And, Your Honor, I appreciate that and

 6     I think I understand exactly what Your Honor is saying.

 7                   I just want to make sure that counsel is not going to

 8     accuse of us of violating orders or the Federal Rules of CIVIL

 9     Procedure for using that.

10                   THE COURT:  Unless you do something that is patently

11     in bad faith.  If you do something that, or you know, obviously

12     common sense suggests something that is inconsistent with what

13     I have done is, I am sealing this document.

14                   MR. FABRIZIO:  But you have said we can use it

15     internally for our analysis so that we know whether we want to

16     use it.

17                   THE COURT:  Well, you just used it for the deposition.

18     You had it in front of you, didn't you?

19                   MR. FABRIZIO:  We had it in front of us, and I asked

20     foundational questions about it, Your Honor.

21                   THE COURT:  Okay.  But you returned every copy that

22     you have, right?

23                   MR. FABRIZIO:  Other than what I believe now the court

24     reporter has recirculated.

25                   THE COURT:  But you said the court reporter only did
```

28

1   an excerpt?

2          MR. FABRIZIO:  Yes, Your Honor.

3          THE COURT:  Well, was there a complete copy that the

4   court reporter had?

5          MR. FABRIZIO:  I don't believe so.  I believe the

6   court reporter had a 32 page excerpt, and I believe that is the

7   only copy of the document that we have left in our possession

8   because I just found out this morning that it was returned.

9          THE COURT:  Well, you go check, you know, and the

10  excerpt, I am not addressing it.  That's part of the deposition

11  that was made a part of the record in this case.

12         MR. FABRIZIO:  Okay.

13         THE COURT:  If there is anything more than the excerpt

14  that the court reporter has, then you seal it in your own

15  safe --

16         MR. FABRIZIO:  I understand.

17         THE COURT:  -- as an officer of the Court.

18         MR. FABRIZIO:  I understand, Your Honor.

19         THE COURT:  Okay.

20         MR. FABRIZIO:  Thank you.

21         THE COURT:  Now, have I addressed your concerns?

22         MR. FABRIZIO:  You have, Your Honor.  I think it is

23  very clear now what we need to do.

24         THE COURT:  It is not a license here, though, to, you

25  know, use trickeration here and get around this order.

1          MR. FABRIZIO:  Absolutely not, Your Honor.  There was

2     never any intention to get around that order.

3          THE COURT:  I understand that.  I am just making that

4     clear for the record.

5          MR. FABRIZIO:  Thank you, Your Honor.

6          MR. THOMPSON:  Your Honor.  So the record is clear,

7     and I took good notes, I hope.  So Your Honor has directed us

8     to file it under seal.  We will do that, and then, secondly,

9     Your Honor is deferring, not making any ruling on the use of

10    the document at the deposition or the use of the document more

11    generally, and if we want to, that is if Hot File cares to make

12    a motion in limine, to exclude this document based on work

13    grounds, we are free to do that with Judge Williams.

14         THE COURT:  That sounds about right, consistent with

15    what I have just said to counsel for the plaintiff.

16         The fact is this is a huge complicated case.  Do you

17    follow me?  And I accept in good faith his representation.

18    That has been out there for his paralegals and his associates

19    and everybody else, the investigators to deal with.

20         It would probably be difficult, if not impossible to

21    find out exactly what use it has been put to, but that's not an

22    unreasonable request.

23         I am just making it clear that if there is obviously

24    any circumvention of the letter and spirit of my ruling, it

25    will be dealt with, but I want to make it clear what you are

30

1   saying is that you raise a good question, though, at trial.  If

2   somebody wants to use it at trial, do you follow me?

3        MR. THOMPSON:  Yes.

4        THE COURT:  It seems to me that that would have to be

5   the subject of a specific motion before Judge Williams.

6        I don't know what her procedure is.  She may want a

7   written motion in limine in advance, or whether you do it

8   during -- I just cannot speak for her.  Do you follow me, or

9   you may not know until you are preparing for trial, but, for

10  example, if you want to use that for something, I guess

11  directly or indirectly, you would have to get a ruling from

12  Judge Williams because the document remains sealed.

13        MR. THOMPSON:  Right.

14        THE COURT:  Okay.  That is what I am trying to do.  So

15  I am trying to do the right thing here and be fair to

16  everybody.

17        MR. FABRIZIO:  Right.

18        THE COURT:  The cat is already out of the bag, to a

19  large extent.

20        MR. THOMPSON:  Yes.  I understand that, Your Honor.  I

21  just wanted to make sure we all understand your ruling.

22        So what will come up next are summary judgment

23  motions, and I anticipate that plaintiffs will want to use that

24  document in connection with their summary judgment motions.

25        I want to make clear that Your Honor has deferred any

31

1    ruling on whether they can or cannot do that, and it would be

2    free to object to their use of the document in connection with

3    summary judgment motions by filing an appropriate objection

4    with Judge Williams.

5            THE COURT:  Sadly, I think that is the case, and sadly

6    I see a motion coming before me on that, and that's why I have

7    said, although I have an open mind on this, believe me, but my

8    sense of it is, quite frankly, is the cat is out of the bag,

9    and without criticizing anybody, you know, and under all of the

10   circumstances, I would be justified and I think a higher and

11   wiser authority would probably agree that their motion should

12   be granted in toto, but I am not considering that now, and I am

13   sure you would have additional argument and I would have

14   additional questions.

15           MR. THOMPSON:  Thank you, Your Honor.

16           MR. FABRIZIO:  Your Honor?

17           THE COURT:  I am just giving you a sense of things

18   because the bottom line is the cat is already out of the bag

19   already, without criticizing anybody.

20           MR. THOMPSON:  I understand, Your Honor.

21           THE COURT:  That's why you guys have ulcers and I

22   don't.  Go ahead.

23           MR. FABRIZIO:  Again, Mr. Thompson threw two concepts

24   together.  I just want to make sure we are clear.

25           THE COURT:  The things that lawyers say sometimes --

32

1          MR. FABRIZIO:  I know.

2          THE COURT:  -- are like oxymorons.

3          MR. FABRIZIO:  I am sorry, Your Honor.

4          THE COURT:  Let's make this clear.

5          MR. FABRIZIO:  I want to make sure that I am not going

6  to get accused of violating another order.

7          There is a 297 page document that is going to be filed

8  under seal.  There is the deposition testimony and the excerpt

9  of that that is the deposition exhibit.

10          THE COURT:  Yes.

11          MR. FABRIZIO:  Now, am I correct that we may use the

12  deposition exhibit and the deposition testimony, because that

13  cat is out of the bag, but that if we want to use the full

14  document, that document is going to be under seal?

15          THE COURT:  As the record stands now, as I understand

16  it, that is absolutely correct.

17          MR. FABRIZIO:  Okay.

18          THE COURT:  And I am addressing the relief that was

19  requested in this motion to compel, and I have limited it to

20  that document as is now in the possession of Hot File.  Do you

21  follow me?

22          MR. FABRIZIO:  I do.

23          THE COURT:  On the depositions, I have got nothing

24  before me on the deposition or the exhibits.  I am the one that

25  raised that.  Okay?

33

1                Does that answer your question?

2                MR. FABRIZIO:  It does exactly, Your Honor.  Is Warner

3   Brothers going to get a copy of the 297 page document as they

4   filed it under seal so that we have a copy that we keep under

5   seal as well?

6                THE COURT:  No.

7                MR. FABRIZIO:  Okay.

8                THE COURT:  They are going to file that with the

9   court.

10               MR. FABRIZIO:  Very well, Your Honor.

11               THE COURT:  What I am telling you to do is, so we

12  don't clog up the Clerk's Office even more is the full

13  transcript if your court reporter has it, which you don't know.

14  You are not in a position to answer that now.

15               MR. FABRIZIO:  She does not have the full document.

16  She does not.  I know that.  We never marked the full document.

17               THE COURT:  Well, whatever she has that is beyond the

18  37 page excerpt, which is an official part of the transcript

19  from the deposition --

20               MR. FABRIZIO:  Yes.

21               THE COURT:  -- If there is one word beyond that --

22               MR. FABRIZIO:  We put it under seal ourselves.

23               THE COURT:  -- you it under seal yourself.  You put it

24  in the safe.

25               MR. FABRIZIO:  I understand.

```
 1                THE COURT:  Okay.

 2                MR. FABRIZIO:  Thank you, Your Honor.

 3                THE COURT:  Okay.

 4                MR. THOMPSON:  Thank you, Your Honor.

 5                THE COURT:  No more?  Nothing more?  This is only the

 6    first one.

 7                Okay.  That is my order.  All of my orders are in

 8    effect as we speak.  We will reduce it to writing, but the full

 9    record here is incorporated by reference into the orders.

10                Now, I have Warner's sealed motion to compel

11    production of Titov deposition.  Did I just do that?

12                MR. THOMPSON:  Yes, Your Honor.

13                THE COURT:  Hold on a second.  I have document entry

14    180, Warner's motion to compel production of Titov's

15    deposition, exhibit 27.  Document entry 28.

16                Okay.  Is that the sealed motion?  Is that the sealed

17    version of the motion?

18                MS. MUNN:  183 is the sealed version.

19                THE COURT:  It is the same thing, right?

20                MS. MUNN:  Yes.

21                THE COURT:  Okay.  That is deemed moot.  Does

22    everybody agree?

23                MR. FABRIZIO:  Yes, Your Honor.

24                MR. THOMPSON:  Yes, Your Honor.

25                THE COURT:  187 is Disney's sealed motion to compel
```