


FILED by ___ D.C.
FEB 10 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**WARNER BROS. ENTERTAINMENT INC.'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

[CONFIDENTIAL]

[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]

## CITATION LEGEND

For the purposes of Warner Bros. Entertainment Inc.'s Motion for Summary Judgment and Statement of Uncontroverted Facts in support thereof, the following abbreviations shall be used:

1. "Counterclaim" shall refer to the Second Amended Answer, Affirmative Defenses, and Counterclaim of Defendant Hotfile Corporation to Plaintiffs' Complaint dated October 27, 2011 (Dkt. # 161).

2. "Foster Decl." shall refer to the declaration of Dr. Ian Foster, Director of the Computation Institute at Argonne National Laboratory and the University of Chicago, dated February 9, 2012, filed herewith.

3. "Hopkins Decl." shall refer to the Declaration of Kerry Hopkins, the Senior Director of Intellectual Property at Electronic Arts, Inc. ("EA"), dated February 9, 2012, filed herewith.

4. "Joint Motion" shall refer to the Joint Motion and Memorandum of Law of the Parties for Voluntary Dismissal of Second and Third Counts of Hotfile's First Amended Counterclaim and for Amendment of First Count, dated September 22, 2011 (Dkt. # 151).

5. "Kaplan Decl." shall refer to the declaration of David Kaplan, the Senior Vice President, Intellectual Property Counsel, Worldwide Antipiracy Operations of Plaintiff and Counterdefendant Warner Bros. Entertainment Inc., ("Warner"), dated February 8, 2012, filed herewith.

6. "Order Granting Joint Motion" shall refer to the Order on Joint Motion for Voluntary Dismissal of Second and Third Counts of Hotfile's First Amended Counterclaim and for Amendment of First Count, and for Extending Time To Answer, dated October 5, 2011 (Dkt. # 155).

7. "SUF" shall refer to specific paragraph numbers of uncontroverted facts in Warner's Statement of Uncontroverted Facts.

8. "Yeh Decl." shall refer to the Declaration of Jennifer V. Yeh in Support of Warner Bros. Entertainment's Motion for Summary Judgment, dated February 9, 2012, filed herewith.

9. "Yeh Ex. __," shall refer to exhibits attached to the Yeh Declaration, and, if appropriate, pinpoint citations to the page number(s), and paragraph or line numbers, internal to the cited document.

10. "Zebrak Decl." shall refer to the declaration of Scott Zebrak, dated February 9, 2012, filed herewith.

## UNCONTROVERTED MATERIAL FACTS

1. **Hotfile cannot present evidence establishing that Warner had actual subjective knowledge that, at the time it sent any takedown notice for a file listed in Exhibits A-D of the counterclaim, the notice contained a material error.**

Supporting Evidence:
a. Yeh Ex. B (Titov dep.) at 156:11-14 & 156:16-23 (Hotfile testifying that it has no knowledge of Warner's motives regarding the counterclaim notices).

b. Kaplan Decl. ¶ 19 (Warner's head of antipiracy operations, David Kaplan, testifying that any errors in the counterclaim notices were the result of unintentional mistakes of which Warner was not aware when it sent the notice).

2. **Hotfile cannot present evidence establishing that any takedown notice for a file listed in Exhibits A-D of the counterclaim resulted in any cognizable injury to Hotfile.**

Supporting Evidence:
a. Yeh Ex. B (Titov dep.) at 214:23-215:16 & 216:1-216:15; Yeh Ex. A (Lynde dep.) at 176:8-176:24 (Hotfile and its damages expert Dr. Matthew Lynde testifying that they are not aware of any user complaints regarding the counterclaim takedown notices).

b. Yeh Ex. B (Titov dep.) at 223:3-223:9; Yeh Ex. A (Lynde dep.) at 171:11-172:8 (Hotfile and its damages expert Dr. Matthew Lynde testifying that they are not aware of any users who terminated a Hotfile premium subscription as a result of the counterclaim takedown notices).

c. Yeh Ex. B (Titov dep.) at 223:19-223:25; Yeh Ex. A (Lynde dep.) at 170:5-170:16 (Hotfile and its damages expert Dr. Matthew Lynde testifying that they are not aware of any users who failed to sign up for a premium subscription to Hotfile as a result of the counterclaim takedown notices).

d. Yeh Ex. B (Titov dep.) at 224:6-225:25; Yeh Ex. A (Lynde dep.) at 175:5-176:7 (Hotfile and its damages expert Dr. Matthew Lynde testifying that they are not aware of evidence of any impact on Hotfile's reputation or goodwill as a result of the counterclaim takedown notices).

3. **Hotfile is not injured by removing a file that is infringing, even if the takedown notice is sent by the wrong copyright owner.**

Supporting Evidence:

a. Yeh Ex. B (Titov dep.) at 226:1-6 & 227:11-22 (Hotfile testifying that it is not injured by the removal of a copyright infringing file no matter who sent the notice requesting its removal).

b. Yeh Ex. A (Lynde dep.) at 97:7-100:13 & 102:12-25 (Hotfile damages expert Dr. Matthew Lynde testifying that Hotfile is not injured by the removal of copyright infringing files and explaining that the identity of the sender requesting takedown of an infringing file makes no difference to the notice's economic impact on Hotfile).

4. **Warner is not the cause of the termination of a Hotfile user who had "three strikes" from infringement notices without counting the notices sent by Warner for the files listed in Exhibits A-D of the counterclaim.**

Supporting Evidence:

a. Yeh Ex. B (Titov dep.) at 210:15-213:1 (Hotfile testifying that the counterclaim notices did not cause the termination of Hotfile users who had incurred "three strikes" from infringement notices without counting the Warner notices, and that Hotfile does not consider itself entitled to income from repeat copyright infringers).

b. Yeh Ex. A (Lynde dep.) at 106:17-107:8, 108:3-24 & 130:10-23 (Hotfile damages expert Dr. Matthew Lynde testifying that the counterclaim notices did not cause the termination of Hotfile users who had incurred "three strikes" from infringement notices without counting the Warner notices).

| | |
|---|---|
| **5. 24 of the files identified in Exhibits A-D to the counterclaim are duplicates.** <br><br> <u>Supporting Evidence:</u> <br> Zebrak Decl. ¶ 13, Ex. B. |
| **6. 19 of the remaining files identified in Exhibits A-D to the counterclaim are in fact Warner-owned content that Hotfile included in the counterclaim in error.** <br><br> <u>Supporting Evidence:</u> <br> a. Zebrak Decl. ¶ 14, Ex. B. <br><br> b. Kaplan Decl. ¶ 22. |
| **7. 271 of the remaining files identified in Exhibits A-D to the counterclaim consist of infringing content owned by the video game maker Electronic Arts, Inc. ("EA"), who has approved of Warner sending the notices and has retroactively authorized Warner to request removal of these files.** <br><br> <u>Supporting Evidence:</u> <br> a. Zebrak Decl. ¶ 15, Ex. B; Hopkins Decl. ¶¶ 6-8 (271 of remaining counterclaim files consist of infringing content owned by EA). <br><br> b. Hopkins Decl. ¶ 9 (EA retroactively authorized Warner to send takedown notices regarding these files). |
| **8. 477 of the remaining files identified in Exhibits A-D to the counterclaim are otherwise copyright infringing.** <br><br> <u>Supporting Evidence:</u> <br> a. Zebrak Decl. ¶ 16, Ex. B. <br> b. Hotfile itself, in its own internal analysis of Warner's takedowns, likewise determined |

| |
|---|
| that many of the counterclaim files were in fact infringing, even if not owned by Warner. Yeh Ex. B (Titov dep.) at 167:23-169:15 & Yeh Ex. E (Titov Ex. 27). |
| 9. 28 of the remaining files identified in Exhibits A-D to the counterclaim did not result in any Hotfile user termination because the notice was sent before Hotfile began assigning strikes on February 18, 2011 and thus did not result in the user receiving a strike.<br><br>Supporting Evidence:<br>Zebrak Decl. ¶ 17, Ex. B. |
| 10. 9 of the remaining files identified in Exhibits A-D to the counterclaim did not result in any Hotfile user termination.<br><br>Supporting Evidence:<br>a.  Zebrak Decl. ¶ 18, Ex. B.<br><br>b.  Yeh Ex. B (Titov dep.) at 184:21-187:5 (Hotfile testifying that it could readily remove strikes found to have been assigned to users in error). |
| 11. The Hotfile users who uploaded 53 of the remaining files had three or more "strikes" from copyright infringement notices not counting any notices sent by Warner for the files listed in Exhibits A-D of the counterclaim.<br><br>Supporting Evidence:<br>Zebrak Decl. ¶ 19, Ex. B. |
| 12.  The Hotfile users who uploaded the 9 remaining files consist of six users, none of whom was a Premium user.<br><br>Supporting Evidence:<br>Zebrak Decl. ¶ 20, Ex. B. |

Dated: February 10, 2012

Respectfully submitted,

By: /s/ *Karen L Stetson*
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, Fl 33131
Telephone: (305) 461-6880
Facsimile: (305) 461-6887

MOTION PICTURE ASSOCIATION
 OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th Day of February, 2012, I served the following documents on all counsel of record on the attached service list via their email address(es) pursuant to the parties' service agreement:

**Warner Bros. Entertainment Inc.'s Statement of Uncontroverted Facts in Support of Motion for Summary Judgment**

By: /s/ *Karen L. Stetson*
Karen L. Stetson

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-JORDAN

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Phone: 415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Phone: 305-476-7101
Fax: 305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*