UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 04-9484 AHM (SHx)                                    Date   July 26, 2010

Title   PERFECT 10, INC. v. GOOGLE, INC.

circumstances from which infringing activity is apparent; or

(iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;

(B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and

(C) upon notification of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.

17 U.S.C. § 512(c)(1). Sixteen of P10's DMCA notices contain Blogger URLs. Poovala Decl. ¶ 93. Fourteen of these notices are part of the Group B notices, and two of them are part of Group C. *Id.*

The Court set forth the notice requirements for the § 512(c) safe harbor above in Section IV.B. *See* p. 10 of this Order. In *UMG Recordings, Inc. v. Veoh Networks Inc.,* 665 F. Supp. 2d 1099, 1107 (C.D. Cal. 2009), this Court noted that in *CCBill, supra,* "the Ninth Circuit provided clear guidance on how to apply the knowledge elements of the Section 512(c) safe harbor." The Court incorporates that discussion by reference and will not repeat it here.[11]

As discussed above in the section of this Order concerning § 512(d), some Group B notices could be considered adequate for imparting notice under the DMCA. However, in its opposition papers and in oral argument at the hearing P10 did not contend that Google failed to expeditiously process even a single Blogger URL within that group of notices, although it did include one such page (Exh. 45, p. 11) in the binder it handed up in court. *See* Zada Decl. ¶¶ 8, 41-51, 60-61, Exhs. 1, 9, 28-35, 45; Chou Decl. ¶¶ 8-11

---

[11]Suffice it to say that much of this Court's analysis was embraced by and quoted by the Court in *Viacom International, Inc. v. YouTube, Inc.*, — F. Supp. 2d —, 2010 WL 2532404, at *9, *12-*13 (S.D.N.Y. June 23, 2010).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 04-9484 AHM (SHx) | Date | July 26, 2010 |
| Title | PERFECT 10, INC. v. GOOGLE, INC. | | |

(citing only examples of a delay in removing Blogger infringing material identified in P10's Group C notices). Thus, Google clearly is entitled to safe harbor under § 512(c) for its Blogger service for the links identified only in the Group B notices, with the possible exception of the 23 supposedly infringing URLs that were included in that single page.

The Group C notices that list Blogger URLs are inadequate, however. They have all of the same deficiencies as the rest of the Group C notices. The requirements for a copyright holder are slightly less stringent under § 512(c) than under § 512(d) in that the former does not explicitly require the copyright holder to provide what the latter does: a specific "identification of the reference or link, to material or activity claimed to be infringing, that is to be removed or access to which is to be disabled." 17 U.S.C. § 512(d)(3). Section 512(c) merely requires the copyright holder to provide "identification of the material that is claimed to be infringing . . . and information reasonably sufficient to permit the service provider to locate the material." 17 U.S.C. § 513(c)(3)(A)(iii). Google has a tenable argument that a copyright holder would need to provide the post-URL of a particular Blogger post in order to include information "reasonably sufficient" to permit the location of the material. However, the Court need not address this argument now, since the other manifest deficiencies in the Group C notices—including their lack of specific identification of the copyrighted material and their inexplicably complicated organization—prevent them from imparting knowledge under the statute. Thus, Google need not show that it acted expeditiously on the Group C Blogger notices in order to be eligible for safe harbor under § 512(c).

The other requirement Google must meet to be eligible for safe harbor under § 512(c) is that it must show that it "does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity." 17 U.S.C. § 512(c)(1)(B). In order to lose the protection of the safe harbor, a service provider must both be able to control the infringement *and* receive a financial benefit directly attributable to the infringement. *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1109 (W.D. Wash. 2004).

P10's only argument that Google has a right and ability to control infringing activity on Blogger is that the infringing material is on Google's servers and Google can take it down after it has been uploaded by users. The mere ability of a service provider to

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 04-9484 AHM (SHx) | Date | July 26, 2010 |
| Title | PERFECT 10, INC. v. GOOGLE, INC. | | |

remove content after it has been uploaded is insufficient as a matter of law to establish the right and ability to control the infringing activity required by § 512(c)(1)(B). *UMG Recordings v. Veoh, supra*, 665 F. Supp. 26 at 1112-13. P10 has not raised a triable issue that Google has a right and ability to control infringing activity. Thus, the Court need not consider whether Google receives a financial benefit from the alleged infringement because it already meets the criteria for safe harbor under 17 U.S.C. § 512(c)(1)(B).

Thus, Google has demonstrated that it is entitled to safe harbor for its Blogger service under 17 U.S.C. § 512(c) as a matter of law.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Google's motion for partial summary judgment of entitlement to safe harbor under 17 U.S.C. § 512(d) for its Web and Image Search. The Court GRANTS Google's motion for partial summary judgment for its caching feature based on 17 U.S.C. § 512(d), without having to assess whether it would be separately entitled to safe harbor under 17 U.S.C. § 512(b). The Court GRANTS Google's motion for partial summary judgment of entitlement to safe harbor under 17 U.S.C. § 512(c) for its Blogger feature.

| | : | |
|---|---|---|
| Initials of Preparer | | smo |

July 2, 2007

To Alexander Macgillivray, Google's DMCA Agent and in-house counsel
Google, Inc.
1600 Amphitheatre Parkway, Building 47
Mountain View, CA 94043
By FedEx and by e-mail to: amac@google.com

To Andrew Bridges, Esq.
Winston & Strawn, LLP
101 California Street
San Francisco, CA 94111
By e-mail to: ABridges@winston.com

Dear Mr. Macgillivray and Mr. Bridges:

The following is a DMCA notice as well as a discovery production in *Perfect 10 v. Google.*

If you have difficulties locating the infringements identified in this DMCA notice, please do not hesitate to contact me. Although we believe all the required information is contained in this notice, I would be happy to walk you through the process of identifying our copyrighted works, if necessary. I can be reached at normanz@earthlink.net.

Accompanying this notice are two DVDs which contain approximately 20,000 full-size P10 copyrighted images from infringing web sites to which Google links. The DVDs are being sent to Mr. Macgillivray at Google, both for purposes of the DMCA notice and for production in the *Perfect 10 v. Google* case.

How to locate infringing images on the DVDs.

Disk I contains images displayed by Google from infringing web sites. The images are separated into three folders. The first folder is labeled "ALL ARE P10," which means that all of the images of models in that folder, with the exception of model images that are part of advertising banners, etc., are copyrighted by Perfect 10. The second folder is labeled "ALL LARGE ARE P10." This means that all full-sized images are copyrighted by Perfect 10. The third folder is labeled, "ALL LARGE WITH P10 NOTICES." This means that all large images which display Perfect 10 copyright notices are copyrighted by Perfect 10.

Typically, the large Perfect 10 images in Disk I are viewable in one of three ways: a) they appear immediately after the thumbnail is clicked on; b) after the thumbnail is clicked on, a page of thumbnails appears and one of those is clicked on; or c) it is necessary to go to a list of model names or otherwise navigate through the third party web site while remaining at google.com and then click on a model name or a thumbnail to view the full-size image.

**Exhibit N4, page 845**

GGL 032133

I have included an excel spreadsheet which details the folders on the hard drive that are related to this DMCA notice.

The left column of the spreadsheet lists the infringing web site (except on the last page). The middle column indicates which disk contains the infringing images from that web site. The right column indicates which folder or subfolder contains those images.

Disk II contains more images on infringing web sites to which Google links. The last folder, entitled "MODEL – ALL LARGE ARE P10," was obtained by doing searches on Perfect 10 model names. All large images in that folder, even if they are of a different model, are copyrighted by Perfect 10.

Neither Google nor the infringing third party web sites on which Perfect 10 images appear in either Disk I or Disk II, are authorized to make copies of the Perfect 10 images appearing in Disk I or Disk II.

As I have stated to you before, Google is not authorized to make any copies of any Perfect 10 copyrighted image, or to allow Google ads to appear near such images.

If you wish to examine the copyrighted images of Perfect 10 which correspond to these infringing images, I have previously sent to you all of the images on our web site, as of June, 2007. Also, as I have previously advised you, if you would like a free subscription to Perfect 10's website, please let me know and I will provide a user name and password for you.

I swear under penalty of perjury that a) I have a good faith belief that the use of the Perfect 10 copyrighted material in the manner complained of in this email is not authorized by the copyright holder Perfect 10, its agent, or the law, b) that the information in this notification is accurate, to the best of my knowledge, and c) that I am authorized to act on behalf of Perfect 10, Inc. the owner of the exclusive rights in the material which is being infringed.

Please contact me if you have any questions about this notice.

Sincerely,

Norm Zada, Ph.D.
Perfect 10, Inc.
800-606-6639
P.O. Box 3398
Beverly Hills, CA 90212
Fax: 310-205-9644
normanz@earthlink.net

GGL 032134

Enclosure to Mr. Macgillivray: Two DVDs.

cc: Mark Jansen, Esq., without enclosure

GGL 032135

# EXHIBIT 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants.*
_____/

HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO HOTFILE'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rule of Civil Procedure 36, Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., Warner Bros. Entertainment Inc., and the Motion Pictures Association of America (collectively, "Plaintiffs") hereby provide the following Responses and Objections to Defendant Hotfile's ("Defendant" or "Hotfile's") First Set of Requests for Admission (the "First RFAs"):

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO REQUEST NO. 2**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Subject to and without waiving those objections, Plaintiffs deny the Request.

**REQUEST NO. 3:**

Separately for each file identified by THE STUDIOS in Schedule A to their response to HOTFILE's Interrogatory No.1, admit that Hotfile was not aware of facts or circumstances from which infringing activity was apparent. *See* 17 U.S.C. § 512(c).

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO REQUEST NO. 3**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Subject to and without waiving those objections, Plaintiffs deny the Request.

**REQUEST NO. 4:**

Admit that Hotfile is a "service provider" under the Digital Millennium Copyright Act.

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO REQUEST NO. 4**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Subject to and without waiving those objections, Plaintiffs deny that Hotfile is a "service provider" under 17 U.S.C. § 512(k)(1)(B). However, Plaintiffs do not and will not contend, for purposes of this litigation, that Hotfile is ineligible for the DMCA safe harbor at 17 U.S.C. § 512(c) by virtue of not being a "service provider" under 17 U.S.C. § 512(k)(1)(B). Plaintiffs further deny that Hotfile is eligible for safe harbor under 17 U.S.C. § 512(c) or any other DMCA safe harbor.

**REQUEST NO. 5:**

Admit that no later than February 19, 2011, Hotfile adopted and reasonably implemented a policy that provides for the termination in appropriate circumstances of subscribers and account holders who are repeat infringers.

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO REQUEST NO. 5**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Subject to and without waiving those objections, Plaintiffs deny the Request.

Dated:  January 3, 2012

By:  s/ Luke C. Platzer
     Luke C. Platzer

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305-416-6880
Fax: 305-416-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA  91403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants.*
_____/

HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

## CERTIFICATE OF SERVICE

     I hereby certify that on this 3d Day of January, 2012, I served the foregoing Plaintiffs' Responses and Objections to Defendant Hotfile's First Set of Requests for Admission on all counsel of record on the attached Service List via their email address(es) as set forth on the Court's CM/ECF filing system per the parties' service agreement, as indicated on the attached Service List.

     I further certify that I am admitted *pro hac vice* in the United States District Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date at Sofia, Bulgaria.

                          /s/ Luke C. Platzer
                          Luke C. Platzer

SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Phone: 415-954-4400

*Attorneys for Defendants Hotfile Corp. and
Anton Titov*
**Served via electronic mail by agreement**

BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Phone: 617-928-1800
Fax: 617-928-1802
vgurvitz@bostonlawgroup.com

*Attorney for Defendants Hotfile Corp. and
Anton Titov*
**Served via electronic mail by agreement**

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Phone: 305-476-7101
Fax: 305-476-7102

*Attorney for Defendants Hotfile Corp. and
Anton Titov*
**Served via electronic mail by agreement**

# EXHIBIT 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*
_____/

## DEFENDANTS' AMENDED SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORY NO. 2

PROPOUNDING PARTY:  Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment

RESPONDING PARTIES:  Defendants Hotfile Corporation and Anton Titov (collectively "Hotfile")[1]

SET NO.:  One (1)

---

[1] The Defendants reserve their respective rights to assert all appropriate separate defenses.  In particular, Mr. Titov has moved to dismiss all claims against him individually and specifically denies that he has the ability to supervise any alleged infringing activity or has a financial interest in such activity.  See Motion and Memorandum Etc., filed 3/31/11, Dkt. 50 at 17.  Mr. Titov is included in the shorthand term "Hotfile" along with Hotfile Corp. solely as a convenience and in light of the Parties agreement "that discovery requests served by one side on the opposing side will be equally applicable to all parties on the other side."  Joint Scheduling Conference Report, filed 4/15/11, Dkt. 54 at 16.  Nothing in these responses is an admission by Anton Titov or Hotfile Corp. of any particular relationship between them or any other fact.

CASE NO. 11-20427-JORDAN

## GENERAL OBJECTIONS

1.     Hotfile has not completed its investigation of facts, witnesses or documents relating to this case, has not completed discovery, has not completed analysis of available information, and has not completed preparation for trial.  Hotfile reserves the right to supplement its response to each and every interrogatory (or part thereof) without obligating itself to do so, and reserves the right to introduce and rely upon such information in the course of this litigation.

2.     All of the responses set forth below are based solely on such information and documents that are available to and specifically known to Hotfile at this time.  It is anticipated that further discovery, independent investigation, and analysis may lead to substantial additions or changes in, and variations from the responses set forth herein.

3.     Hotfile objects to each interrogatory to the extent that it is vague, ambiguous, overbroad, and requires an unduly burdensome search for and production of, documents or information neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and which will result in unnecessary burden and undue expense to Hotfile.

4.     Hotfile objects each interrogatory to the extent that it seeks disclosure of information or documents protected from disclosure or production by the attorney-client privilege, the attorney work-product doctrine, or any other privilege available under statutory, constitutional or common law.  Inadvertent production of any such information or documents shall not constitute waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents, nor shall inadvertent production waive Hotfile's right to object to the use of any such information or documents in any proceedings.

5.     Hotfile objects to each interrogatory to the extent that it seeks electronically stored information that is not reasonably accessible to Hotfile because of undue burden or cost.

6.     Hotfile objects to each interrogatory to the extent that it calls for disclosure of private, proprietary, and confidential information.  Hotfile will not produce private, proprietary, and/or confidential  information or documents unless and until a Protective Order is issued in this

2

26501\2633554.1

litigation.  Hotfile reserves its right to object to disclosure of any private, proprietary, and confidential information in light of the terms of the Protective Order in this litigation or based on any state, federal, or international standards or laws governing privacy.

7.      Hotfile objects to each interrogatory to the extent it seeks proprietary information of third parties which Hotfile is not authorized to disclose.  Hotfile will not produce private, proprietary, and/or confidential information or documents unless and until a Protective Order is issued in this litigation.  Hotfile further reserves the right to object to the disclosure of any information protected by any state, federal, or international standards or laws governing privacy.

8.      Hotfile objects to the Definition of "Hotfile users" as vague, ambiguous, and overbroad.  As currently defined, that term purportedly refers to every internet user who has ever accessed the Hotfile.com website for any purpose, irrespective of whether a given individual has actually downloaded files from or uploaded files to Hotfile.com.  To the extent that Plaintiffs' interrogatories seek information regarding or related to all such internet users, such interrogatories are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9.      Hotfile objects to the Definition of "You" as overbroad.  As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute.  To the extent that Plaintiffs' interrogatories seek information regarding or related to irrelevant entities, such interrogatories are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10.      Hotfile objects to the Definition of "Hotfile entity" as overbroad.  As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute.  To the extent that Plaintiffs' interrogatories seek information regarding or related to all such entities,

3

such requests are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

11.     Hotfile objects to the providing of information about activities outside the United States as overbroad and unduly burdensome.  "Federal copyright law has no extraterritorial effect, and cannot be invoked to secure relief for acts of infringement occurring outside the United States." *Palmer v. Braun,* 376 F.3d 1254, 1258 (11th Cir. 2004).  Hotfile objects to all interrogatories that seek information related to conduct occurring outside the United States.

12.     Hotfile objects to each interrogatory to the extent it imposes on Hotfile obligations that exceed or are inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

13.     Hotfile objects to each interrogatory to the extent it imposes on Hotfile obligations that are inconsistent with United States or foreign privacy laws.

14.     All responses to these interrogatories are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve:

a.      all objections as to the competence, relevance, and admissibility of any documents or information produced in response to these interrogatories as evidence for any purpose in subsequent proceedings or at the trial of this or any other action, arbitration, proceeding or investigation;

b.      the right to object on any ground at any time to the use of any of the documents or information provided in response to these interrogatories, or the subject matter thereof, in any subsequent proceedings or at any trial(s) of this action, or any other action, arbitration, proceeding or investigation; and

c.      the right to object on any ground at any time to a demand for further responses to these interrogatories or any other requests, or to other discovery proceedings involving or relating to the subject matter of these interrogatories.

15.     The general objections stated herein are incorporated by reference into each response herein, as if fully set forth below.  While Hotfile has responded to this interrogatory for

4

CASE NO. 11-20427-JORDAN

production, it does so without waiving any right to object to any further inquiry or any effort to compel responses beyond those provided herein. Any response provided herein is subject to, and limited by, all general and specific objections stated herein.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 2:

Identify each individual or entity that you contend has ever acted as a DMCA agent for the Hotfile Website or any Hotfile Entity; including:

a) The date you contend the person commenced (and, if applicable, concluded) acting as a DMCA agent for the Hotfile Website or any Hotfile Entity;

b) The date on which a designation of the person's status as DMCA agent was filed with the copyright office; and

c) The date on which the person's status as DMCA agent was first listed on the Hotfile Website.

### AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Hotfile has conducted further investigation in response to this interrogatory and discovered additional responsive information. Hotfile has reviewed the available Archive.org screen captures of hotfile.com to reconstruct to the best of its present ability the requested historical information about the listing of DMCA agents on the website.

Hotfile hereby supplements and amends its previous original and supplemental responses. This response supersedes and replaces Hotfile's previous responses to this Interrogatory No. 2.

Hotfile incorporates by reference its general objections to this interrogatory. Hotfile further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute.

5

26501\2633554.1

CASE NO. 11-20427-JORDAN

Subject to those general and specific objections, Hotfile responds as follows:

The hotfile.com website has had in a location available to the public an effective method to receive and process notices of claimed infringement and/or requests to takedown files since its launch in February 2009. For example, a screen shot of the terms of service as it appeared on February 23, 2009 as shown on the Archive.org website screen capture attached as Exhibit A shows a link at the bottom of the page to "Report Abuse" to initiate Hotfile.com's notice and takedown procedure. Any message received from the "Report Abuse" link was forwarded for handling to an individual acting on behalf of Hotfile. Such individuals included Andrei Ianokov. The identity of other such individuals, if any, may be derived from the contents of the "abuse@hotfile.com" mailbox; Plaintiffs are directed to those documents to be produced pursuant to Federal Rule of Civil Procedure 33(d).

By sometime in March or April 2009, Hotfile.com had posted on its website a written description of this already-implemented notice and takedown procedure, specifically citing DMCA requirements. For example, an Archive.org screen capture on April 24, 2009 (attached as Exhibit B) stated in part that "Hotfile.com will follow the procedures provided in the DCMA [sic] to properly enforce rights of copyright holders," and with respect to a designated agent, "To exercise your DMCA rights, your Proper DMCA Notice must be sent to Designated Agent of hotfile.com to email: abuse@hotfile.com." See Exhibit B. Emails sent to the abuse@hotfile.com address continued to be forwarded for handling to an individual acting on behalf of Hotfile. Such individuals included Andrei Ianokov. As noted above, Hotfile will produce documents from its "abuse" mailbox and directs Plaintiffs to those documents pursuant to Federal Rule of Civil Procedure 33(d). Defendants are informed and believe that both the terms of service and DMCA notice page were accessible to the public and appeared substantially in the forms attached as Exhibits A and B on the website beginning in the early months of operation of hotfile.com, and that at all times since hotfile.com has made available through its service, including on its website in a location accessible to the public for use by copyright owners, a designated agent that could be contacted at the abuse@hotfile.com email box.

6

26501\2633554.1

CASE NO. 11-20427-JORDAN

Constantin Luchian has acted as a designated DMCA agent for Hotfile since December 8, 2009. His formal designation as DMCA agent was filed with the Copyright Office on December 17, 2009 and was registered as of December 24, 2009. Hotfile is informed and believes that Mr. Luchian's name and status as DMCA agent was first listed on the Hotfile.com website in early May 2010 and has been listed on the website ever since.

DATED: June 2, 2011

By: _____

Roderick M. Thompson (admitted *pro hac vice*)
Andrew Leibnitz (admitted *pro hac vice*)
Anthony P. Schoenberg (*admitted pro hac vice*)
Deepak Gupta (admitted *pro hac vice*)
Janel Thamkul (admitted *pro hac vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

And


Janet T. Munn, Fla. Bar No. 501281
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102
Email: jmunn@rascoklock.com

*Counsel for Defendants Hotfile Corp. and Anton Titov*

26501\2633554.1

CASE NO. 11-20427-JORDAN

<u>**VERIFICATION**</u>

I, Anton Titov, am a Manager of Hotfile Corporation, a defendant in this lawsuit. I make this verification on behalf of said party and on behalf of myself as an individual. I have read the foregoing Defendants' Amended Supplemental Response to Plaintiffs' Interrogatory No. 2 and know the contents thereof. To the best of my knowledge, information and belief, the responses set forth therein are true and correct.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this 2 day of June , 2011, in Sofia, Bulgaria .

By: _____
        Anton Titov

8

# EXHIBIT A

Hotfile.com: One click filehosting

INTERNET ARCHIVE
WaybackMachine

http://hotfile.com/terms-of-service.html

3 captures
23 Feb 09 - 2 Jan 30

JAN   FEB   MAY
◄  23  ►
2008  2009  2010

Close ✕
Help ?

Upload   Premium   FAQ   Contacts   Sign up

**hotfile**

Username:
Password:
Forgot Password

# Terms of Service

## Services of Hotfile.

Hotfile offers the Client services provided the Client completely and unconditionally undertakes to comply with the present Agreement. In this Agreement, it is agreed that: - The client (if you, or the user, or the subscriber) means a private person or an organization, including its employees that uses or intends to use the Services of Hotfile; - Services of Hotfile mean the electronic or interactive services rendered by Hotfile.

Hotfile reserves the right to change or stop all of the rendered Services at any time.

## The rights to use the Services of Hotfile.

Our Services are rendered to private persons or organizations that have the corresponding legal status that enables the conclusion of legally binding arrangements in accordance with legislation. Accepting this agreement, the User confirms the fact that he or she has the license of economic activity (to be the consumer of services) in accordance with the law (during a period of validity in the present Agreement), he or she is not a business rival of Hotfile, and also declares that in accepting the present Agreement, the Client is at least 18 years of age and has the right to conclude the contracts, which have a binding force, as the Client.

## Account of the Client. Rights of the client. Responsibilities of the client.

The client undertakes to give to Hotfile the true, exact, and full information about him or herself for all of the questions that are requested on the registration form. The client agrees the update and support information to be true, exact, and in a full state. Otherwise, Hotfile has the right to suspend or cancel your account and present Agreement.

The client is the unique legal owner for the data of the account (the login, password and all attendant data). The client has full responsibility for all and any (successful or unsuccessful) attempts to access the Services or use of Services (including all actions and transactions) with the use of the account of Client, except for cases when access or the utilization of Services is a direct result of negligence of Hotfile.

The client agrees that the voluntary transfer of login and password of its privileged account (GOLD-account) to third parties leads to the automatic lifting of the privileged status of the account, and notes that a violation of the user's agreement used.

The client is completely responsible for the preservation of the confidentiality of the information of access to his or her account, as well as has full responsibility for the actions that occur by way of his or her account.

The client undertakes to notify Hotfile immediately in case of nascence of the circumstances indicating that his or her account or information was used unauthorized. These cases are (but not limited): reception by the Client of confirmation his or her orders of services, made on his or her account that the Client didn't order; occurrence in client's account of data regarding actions (downloading or uploading files) that the client didn't do or other similar inconsistent actions.

## Client's data. Ordering information. Changing the information about the client.

The client has exclusive obligations and full responsibility for the information, which he or she saved on the servers of Hotfile. The client supervises his or her own files through the unique reference generated for him or her. The client has full responsibility for the data and exclusive obligation for any lost and unreduced information. The client agrees to contain the information according to legal responsibilities. The client agrees to reception on the e-mail address of news of service, the information on new services and actions of service Hotfile. Hotfile undertakes to delete the client's information after completing a period of validity in the present Agreement. Hotfile reserves the right to keep the client's information in the archives after his or her deletion, and has not any obligation to the Client for such information.

In using our service IP address your browser will be identified and brought into the databases of our servers. This IP address is saved by the servers of Hotfile only for our internal utilization (calculation of visiting, optimum usage of downloading files, etc.). Hotfile uses cookies to save the options of the users' browsers, in the case that users provide their consent. Utilization of cookies doesn't permit one to find out confidential information about a client - e-mail address, postal address, numbers on a credit card, etc.

Our service calculates the e-mail addresses of users of Hotfile with the purpose of registration and the enumeration of users. Hotfile does not sell and does not share your personal information with any companies.

## Ownership of information and copyrights.

You recognize that all materials (except the users' uploading), submitted on the present Web page, switching the information, documentation, goods, trademarks, drawings, sounds, GUI, software, and services (further called Materials), rendered by Hotfile or third parties - authors, developers, suppliers (in generally called Intermediaries), belong to Hotfile and/or to Intermediaries. Elements of Web pages are protected by legislation on a set of various nonfunctional elements of the goods or services and other legislation and cannot be copied or reproduced in part or whole. Hotfile, trademark of Hotfile and other goods mentioned in the present agreement, are trademark of Hotfile. Other names of goods, names of companies, marks, trademarks, and symbols are trademarks of corresponding organizations.

Hotfile.com: One click filehosting

Services of Hotfile can be used in legitimate objectives. Transmission, distribution, or storage of any materials that violate laws are forbidden. This includes without restriction patented materials, copyright laws, trademarks,commercial secrets and other intellectual property rights. The client is obliged to receive the author's preliminary agreement in the case of the use of his or her materials. In using the Services, you declare and guarantee that you are the author and owner of the copyrights and/or have due licenses for the represented information, you also declare and guarantee that your information does not offend trademarks and other rights of third parties. Hotfile reserves the right to immediately suspend or delete the account of a client, which, in the opinion of Hotfile, offends the present agreement or laws or decisions.

Attention! In case of using Hotfile Service for distribution of the files containing materials which appear to involve child exploitation, the account of the user who placed such files will be immediately deleted and all neccessary information will be passed on to the National Center for Missing & Exploited Children as well as to the administrative tribunals and/or members of the ISP.

## You agree to not use the services of Hotfile

for the purpose of: Loading, accommodation, sending by way of e-mail, transmission or publication by other means of information distributing for terrorist propagation, propagandizing of kindling interethnic, racial or religious break a set, representing violence or death;

Causing of harm to minors, including any form of child pornography; in the case that we shall regard this as sufficiently serious, it will be transferred to the corresponding administrative tribunals and/or members of the ISP;

Loading, accommodation, sending by way of e-mail, transmission or publication by other means of information, which offends the rights of some party on all patents, trademarks, commercial secrets, copyrights, or other property rights.

You undertake to not place information containing illegal materials, as well as other forms of the transmission of illegal or obscene contents and information prompting illegal actions inducing gaming, illegal sales of the weapons, advertising, or the publication of materials that violate legislation regarding the distribution of pornography and racism. You also undertake to not place discrediting information concerning some person, without the consent or intentionally rendering such to someone as mental cruelty.

In the case of the non-observance of the present requirements, **Hotfile reserves the right to immediately suspend or delete, without preliminary prevention, your account or the transaction** violating the present agreement.

Illegal actions also include intrusions or attempts of intrusion into the information system of Hotfile, or attempts to affect the ability of Hotfile to render Services.

These are (but not limited to the following actions):

Unauthorized access to the Services of Hotfile, which includes attempts to probe, test systems for availability, to try to break down the system of information protection of the website without permission from Hotfile;

Intervention in the process of rendering Services to any client or users' network for example avalanche routing or intentional attempts to overload system;

There are many other actions that can destroy the infrastructure of Hotfile, which are strictly prohibited and are the subject of criminal and civil liability.

Lawfully or not, Hotfile reserves the right to decide for the fate of the activity of Hotfile and its Clients.

Attentions please, in such a case if it will be detected that an account or transmitted information violates any of those rules, Hotfile reserves the right to delete the account or stop the transfer of information. If it is necessary, Hotfile will send claims to the corresponding legal structures. In this case, Hotfile will actively cooperate with administrative tribunals in the investigation and criminal prosecution of similar actions, which means the disclosure of the data of the Client's account.

**Attention! In case of using Hotfile Service for distribution of the files containing materials which appear to involve child exploitation, the account of the user who placed such files will be immediately deleted and all neccessary information will be passed on to the National Center for Missing & Exploited Children as well as to the administrative tribunals and/or members of the ISP.**

Complaints of the persons, breaking our Rules, are accepted here. Each complaint will be considered; and depending on the results, can lead to the deletion of the Client's account without preliminary prevention.

## Absence of guarantees. Responsibility.

You express understanding and agreement with the following:

You use these services at your own risk.

Services of Hotfile are rendered "as is" and "as far as possible". Hotfile and its representatives, within the limits allowed by legislation, haven't the responsibility for the any guarantees, for example, the guarantee of conformity of the user's purpose, guarantee of commercial suitability, and guarantee of absence of violation of third parties rights. Hotfile and its representatives do not guarantee accuracy, reliability, completeness, timeliness of Services, software or other information content;

We don't guarantee that Services will correspond to your requirements, Services will be rendered continuously, quickly, reliably, and without mistakes, Results which can be received through the utilization of services, will be exact and reliable, Quality of some product, service, information, or other materials, which you received through the utilization of Services, will correspond to your expectations. Some materials, which you loaded or otherwise received through the utilization of Services, are used by you at your own discretion and at your own risk, and only you have exclusive responsibility for any data that is lost or damaged, which can also damage your computer system or as the result of loading these materials;

Any consultation or information, written or oral, received by you through the utilization of Services, doesn't represent a guarantee, except for direct guarantees in the present Agreement.

Hotfile.com: One click filehosting

You agree to recover damages, including reasonably the necessary payment of legal services, and to release Hotfile, its affiliated organizations, and branches, management, employees, agents from responsibility for any claims and requirements based on your utilization of Services; or violation of the present Agreement or other rules and conditions of Hotfile.

You use the services of Hotfile at your own risk. If you are not satisfied with our Services or present user agreement, or any other rules, you have the right to stop the utilization of Services. You agree that Hotfile is not responsible for any sheer, indirect, collateral, or penal losses such as lucrum cessans, lost of reputation, data that is lost or other non-material losses, taken place for reasons of utilization or impossibility of utilization of services; necessities to pay anew the unremunerative goods or services purchased through the utilization of Services; unauthorized access or modification in transmitted information or data; statements or actions of any third party within the framework of services; any other event concerning the Services.

## Modification of the Agreements and Rules for extension of Services.

We reserve the right at any time to modify the present agreement for the extension of Services. We also reserve the right at any time to modify or stop all Services, with the prior notification or without, for a specified time or without a time limit.

You agree that Hotfile does not have any obligations to you, nor to any third party for any modification, suspension, or termination of Services. You recognize that we can establish the general rules and restrictions of using Services, including the maximal disk space allotted to you on the servers of Hotfile, the maximal number of look-up, (and their time of duration) to Services for the specified time.

In addition, you recognize that Hotfile has the right, without preliminary prevention, to change tariffs for the utilization of Services. Modification of tariffs for the utilization of Services inures after the termination of the validity of an existing subscription of the Client.

Hotfile has the immediate right to prevent, suspend, (without a time limit or temporarily) to close access and to stop the extension of Services to the client, or to delete the account of the Client, and also to refuse to render service to the client further in the case of: Hotfile is justified to believe that the Client has broken or has not executed any aspect of the present Agreement or other contracts or instructions of Hotfile, Client hasn't paid for services or any others indebtednesses to Hotfile, Hotfile cannot establish authenticity of the information given by the Client, Hotfile is justified to believe that actions of the Client can entail the legal responsibility of the Client, other Clients of Hotfile or Hotfile. Hotfile reserves the right at their own discretion at any time to stop Services or their part, with the prior notification or without such. You agree that the termination of access to Services on any item of present user's agreement can inure without prior notification, and also agree that Hotfile has the immediate right to deactivate, archive, or delete your account and their parts: information, data and-or refuse to access in the further to those data or Services. Furthermore, you agree that Hotfile is not responsible to you or any third party for the termination of your access to Services.

After the cancellation of the present Agreement by the Client or Hotfile, all privileges of the Client stipulated in the Agreement, and obligations of Hotfile extension of Services, are immediately cancelled.

Incapacity of Hotfile to undertake actions concerning violations performed by the Client or other persons, does not deprive the right of Hotfile to take measures concerning subsequent or similar violations.

Any requirement or claim raised by the Client for any items of the present Agreement should be given within twelve months from the moment of occurrence of the requirement or the claim's basis.

The client and Hotfile are independent contractors. The present Agreement does not provide and does not create such forms of legal relationship with the Client as an establishment, company, joint venture, labor relations, trading relations.

For the conditions of the present Agreement, the Client has not the right to transfer any rights or to assign other persons duties. Any attempts of transfer those rights have not validity.

Our activity for the extension of Services can be broken by various factors, which we can't control. We have not the responsibility for any delays, or the incapacity to render Service as a result of reasons, which do not depend on us.

If any clause of the present Agreement is declared invalid, that clause should be bypassed, with the least damage of interests of the parties, and other clauses of the Agreement continue to be in effect. Headings of items of the Agreement serve only for convenience, and in any degree do not determine, limit, interpret, or describe a spectrum or a measure of an item of agreement.

Accepting this agreement, you declare and guarantee to Hotfile company, that you are not a competitor of Hotfile and you undertake to not use the information received through the utilization of the website of Hotfile and Services of Hotfile for being in a competition to the last.

## Excepting agreements and conditions that are published on the website, the present Agreement regulates full understanding and agreement between the parties concerning the discussed subject.

Department of the fight against abuse: Click here

Counterfeit files will be immediately deleted after the reception of your proven confirmation. In the case of the detection of such files, we will take advantage of this form and send a full reference on such a file.

Copyright © 2008, 2009 hotfile.com, All Rights Reserved.
Home | Premium | Privacy Policy | Terms of Service | Report Abuse | Contacts

# **EXHIBIT B**

Hotfile.com: Размещение файлов в один клик

INTERNET ARCHIVE
WaybackMachine

http://hotfile.com/reportabuse.html

4 captures
24 Apr 09 - 2 Jun 10

MAR  **APR**  MAY
◄  **24**  ►
2008  **2009**  2010

Close ✕

Help ?

⊞ English | ▬ Russian

Закачать файл    Премиум-аккаунт    Партнерская программа    FAQ    Контакты    Зарегистрироваться

**hotfile**

Имя пользователя:

Пароль:

Напомнить пароль

HotFile (www.hotfile.com) is an Online Service Provider under Title II of the Digital Millennium Copyright Act, 17 U.S.C. Section 512 ("DMCA"). This document outlines the policy that hotfile.com have introduced in order to implement notice and takedown policy as required by DMCA. This document guides copyright owners interested in utilizing this procedure, as well as service users interested in restoring access to material mistakenly taken down.

**Writing and sending Proper Notification**

The DMCA provides a legal procedure by which you can request any Online Service Provider to disable access to a website where your copyrighted work(s) are appearing without your permission. The legal procedure consists of two parts: (1) Writing a Proper DMCA Notice, and (2) Sending the Proper DMCA Notice to hotfile.com Designated Agent.

**To write a Proper DMCA Notice, state the following information:**

※ Identify yourself as an owner of copyrighted work or exclusive rights that you believe were infringed, or a person acting on behalf of such owner.

※ State your contact information, including your name, street address, phone number, and email address.

※ Identify the copyrighted work that you believe is being infringed, or if a large number of works are being infringed, a representative list of the works.

※ Identify the location of materials that allegedly are infringing your copyrighted work, by providing Web URLs on hotfile.com site that contain these materials.

※ State that you have "a good faith belief that use of the aforementioned material is not authorized by the copyright owner, its agents, or the law".

※ State that the information in the notice is accurate, under penalty of perjury.

Your notice **must be signed with a physical signature** (when it is in paper form) or **electronic signature** (when it is in electronic form).

To exercise your DMCA rights, your Proper DMCA Notice must be sent to Designated Agent of hotfile.com to email: **abuse@hotfile.com**

**Notice and takedown procedure**

HotFile.com will follow the procedures provided in the DCMA to properly enforce rights of copyright holders. When a Proper DMCA notification is received by Designated Agent, or when hotfile.com becomes otherwise aware that copyright rights are infringed, it will remove or disable access to infringing materials as soon as possible. You don't need to wait confirmation from us about this action.

If users submitting or downloading materials believe that their use of materials was lawful, they have the right of sending a Proper Counter-notification in order to restore access to these materials. Hotfile.com will comply with the appropriate provisions of the DMCA in the event a counter notification is received by its Designated Agent.
Thank you for your understanding!

Copyright © 2008, 2009 hotfile.com, Все права защищены.
Главная страница | Премиум-аккаунт | Конфиденциальность данных | Условия обслуживания | Сообщить о нарушениях | Контакты

CASE NO. 11-20427-JORDAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*

_____/

### CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 235 Montgomery Street, 17th Floor, San Francisco, California 94104.

I HEREBY CERTIFY that on June 2, 2011, I electronically served the following documents on all counsel of record on the attached Service List via their email address(es). The documents served on this date are:

### DEFENDANTS' AMENDED SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORY NO. 2

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 2, 2011, at San Francisco, California.

Lauren Jensen
LJensen@fbm.com

9

26501\2633554.1

CASE NO. 11-20427-JORDAN

## <u>SERVICE LIST: CASE NO. 11-CIV-20427-JORDAN</u>

Karen R. Thorland, Esq.
Motion Picture Association of America, Inc.
15301 Ventura Blvd., Building E
Sherman Oaks, CA 91403
Telephone:    (818) 935-5812
Fax:              (818) 285-4407
Email: Karen_Thorland@mpaa.org

*Attorneys for Plaintiffs*
*Party Name:   Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

Duane C. Pozza, Esq.
Luke C. Platzer, Esq.
Steven B. Fabrizio, Esq.
Jenner & Block
1099 New York Avenue, N.W.,  Ste. 900
Washington, DC 20001-4412
Telephone:    (202) 639-6094
Fax:              (202) 639-6068
Email: dpozza@jenner.com;
lplatzer@jenner.com; sfabrizio@jenner.com

*Attorneys for Plaintiffs*
*Party Name:   Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

Karen Linda Stetson, Esq.
Gray-Robinson P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Telephone:    (305) 416-6880
Fax:              (305) 416-6887
Email: kstetson@gray-robinson.com

*Attorneys for Plaintiffs*
*Party Name:   Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:    617-928-1800
Fax:              617-928-1802
vgurvitz@bostonlawgroup.com

*Attorney for Defendants*
*Hotfile Corp. and Anton Titov*

**Served via electronic mail by agreement**

10

CASE NO. 11-20427-JORDAN

Janet T. Munn, Esq.
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone:     (305) 476-7101
Fax:              (305) 476-7102
Email: jmunn@rascoklock.com

*Local Attorney for:     Defendants*
*Party Name:   Hotfile Corp. and Anton Titov*

**Served via electronic mail by agreement**

11

# EXHIBIT 15

Page 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

       Plaintiffs,

   vs.

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

      Defendants.
_____

AND RELATED CROSS-ACTION.
_____


HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF BRAXTON PERKINS

PURSUANT TO FEDERAL RULE 30(b)(6)

Los Angeles, California

Friday, December 16, 2011


Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 178935B

Perkins, Braxton                    12/16/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 2

1                    UNITED STATES DISTRICT COURT

2                    SOUTHERN DISTRICT OF FLORIDA

3                    CASE NO. 11-20427-WILLIAMS-TURNOFF

4    DISNEY ENTERPRISES, INC.,
     TWENTIETH CENTURY FOX FILM
5    CORPORATION, UNIVERSAL CITY
     STUDIOS PRODUCTIONS LLLP,
6    COLUMBIA PICTURES INDUSTRIES,
     INC., and WARNER BROS.
7    ENTERTAINMENT INC.,

8              Plaintiffs,

9         vs.

10   HOTFILE CORP., ANTON TITOV,
     and DOES 1-10,
11
               Defendants.
12   _____

     AND RELATED CROSS-ACTION.
13   _____

14

15      HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

16          Videotaped deposition of BRAXTON PERKINS,

17   pursuant to Federal Rule 30(b)(6), taken on behalf of

18   Defendants and Counterclaimant Hotfile Corp., at

19   633 West Fifth Street, Los Angeles, California,

20   beginning at 10:15 A.M. and ending at 7:16 P.M. on

21   Friday, December 16, 2011, before LORI SCINTA, RPR,

22   Certified Shorthand Reporter No. 4811.

23

24

25

                        Perkins, Braxton                    12/16/2011
            HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

                                                            Page 3

     1    APPEARANCES:

     2

     3    For Plaintiffs:

     4
              JENNER & BLOCK LLP
     5        BY:  DUANE C. POZZA
              Attorney at Law
     6        1099 New York Avenue, NW, Suite 900
              Washington, D.C. 20001-4412
     7        202.639.6000
              Email:  dpozza@jenner.com
     8
                     -- and --
     9
              NBC UNIVERSAL
    10        BY:  KAREN GARVER
              Senior Counsel, Anti-Piracy Legal Affairs
    11        100 Universal City Plaza
              Universal City, California 91608
    12        818.777.2493
              Email:  karen.garver@nbcuni.com
    13

    14    For Defendants and Counterclaimant Hotfile, Corp.:

    15
              FARELLA BRAUN + MARTEL LLP
    16        BY:  DEEPAK GUPTA
              Attorney at Law
    17        235 Montgomery Street
              San Francisco, California 94104
    18        415.954.4400
              Email:  dgupta@fbm.com
    19

    20

    21    Videographer:

    22
              VONYARN MASON
    23        SARNOFF COURT REPORTERS
              20 Corporate Park, Suite 350
    24        Irvine, California 92606
              877.955.3855
    25

Perkins, Braxton                    12/16/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 109

02:14  1   deals with other sites.

02:14  2           THE WITNESS:  All of my discussions about

02:14  3   YouTube have been with in-house counsel.  My opinions

02:15  4   about YouTube are always shared in privileged

02:15  5   conversations.

02:15  6   BY MR. GUPTA:

02:15  7       Q   Do you know what the Hotfile special

02:15  8   rightsholder account is?

02:15  9       A   Through the prep for this deposition, I recall

02:15  10  reading about it.  In fact, in one of the documents I

02:15  11  believe you showed me earlier today, I think I read that

02:15  12  term.

02:15  13          MR. GUPTA:  Would you please mark this as

02:15  14  Universal Exhibit 46.

02:15  15          (Universal Exhibit 46 was marked for

02:16  16          identification by the court reporter.)

02:16  17  BY MR. GUPTA:

02:16  18      Q   Mr. Perkins, could you please have a look at

02:16  19  Exhibit 46 and tell me what that is.

02:16  20      A   This appears to be a email from

02:16  21  hotfile.abuse@gmail.com to a list of email addresses.

02:17  22      Q   Doesn't this email show that Hotfile is

02:17  23  offering a special rightsholder account to

02:17  24  NBC Universal, Mr. Perkins?

02:17  25          MR. POZZA:  Object that it lacks foundation,

Perkins, Braxton                    12/16/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 110

02:17  1   it's ambiguous.

02:17  2           THE WITNESS:  I would just upon reading this

02:17  3   piece of paper not be a hundred percent sure.  The fact

02:17  4   that it's from a gmail account could to me indicate that

02:17  5   it was not actually an authorized communication from

02:17  6   Hotfile.

02:17  7           I think -- so I'm not a hundred percent sure

02:17  8   based on the sending address and the inclusion of other

02:17  9   emails that I am unfamiliar with.

02:17 10   BY MR. GUPTA:

02:17 11       Q   But Universal did receive this email, correct?

02:17 12           MR. POZZA:  Objection.  Lacks foundation.

02:17 13           THE WITNESS:  I am -- I cannot personally

02:18 14   attest to knowing whether this was received or not, but

02:18 15   the antipiracy NBC Universal email does lead me to

02:18 16   believe that it's possible that this did come into our

02:18 17   antipiracy inbox.

02:18 18   BY MR. GUPTA:

02:18 19       Q   And based on the Bates number, it appears that

02:18 20   this was actually produced by Universal in this

02:18 21   litigation, correct?

02:18 22       A   What's a Bates number?  I'm sorry.

02:18 23       Q   I'm sorry.  It's the number at the bottom with

02:18 24   a Universal code on it.

02:18 25       A   Okay.  Yeah.

Perkins, Braxton                12/16/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 111

02:18  1          MR. POZZA:  I will stipulate that Universal

02:18  2    did, in fact, produce this document although the witness

02:18  3    may be unfamiliar with how Bates labeling works.

02:18  4    BY MR. GUPTA:

02:18  5      Q   But, once again, Mr. Perkins, does Universal

02:18  6    dispute that Hotfile offered it a special rightsholder

02:19  7    account in June of 2010?

02:19  8          MR. POZZA:  Object as ambiguous and lacking

02:19  9    foundation.

02:19  10         THE WITNESS:  What I -- what I would be able to

02:19  11   under oath testify to, given that this did come from our

02:19  12   email records, is that the antipiracy email box received

02:19  13   this email.

02:19  14         Upon reading it for the first time, I am not

02:19  15   convinced, based on the contents of this email from a

02:19  16   gmail account, that, in fact, this was an authentic --

02:19  17   or this was a communication sent from hotfile.com.

02:19  18   BY MR. GUPTA:

02:19  19     Q   Did Universal ever open a special rightsholder

02:19  20   account with Hotfile?

02:19  21         MR. POZZA:  Objection.  Ambiguous, lacks

02:20  22   foundation.

02:20  23         THE WITNESS:  Any and all conversations or

02:20  24   decisions about special rightsholders accounts are

02:20  25   always made by in-house counsel.

Perkins, Braxton                           12/16/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Page 112

02:20  1    BY MR. GUPTA:

02:20  2        Q    And I'm not asking about your communications

02:20  3    with in-house counsel.  I'm just asking whether an

02:20  4    account was ever opened by Universal with Hotfile.

02:20  5            MR. POZZA:  Same objections.

02:20  6            THE WITNESS:  I am not aware of one.

02:20  7    BY MR. GUPTA:

02:20  8        Q    Do you know if other sites, other hosting

02:20  9    sites, provide systems similar to the Hotfile special

02:20  10   rightsholder account?

02:20  11           MR. POZZA:  Objection.  Ambiguous, lacks

02:21  12   foundation and outside the scope of the notice.

02:21  13           THE WITNESS:  All discussions that I have about

02:21  14   rightsholders accounts or special accounts I discuss

02:21  15   with my in-house counsel.

02:21  16   BY MR. GUPTA:

02:21  17       Q    And I'm just asking about facts that you know

02:21  18   separate and apart from discussions with in-house

02:21  19   counsel.

02:21  20           Independent of your discussions with in-house

02:21  21   counsel, are you aware of other sites that provide

02:21  22   special rightsholders accounts similar to Hotfile?

02:21  23           MR. POZZA:  Same objections.

02:21  24           THE WITNESS:  I'm actually not sure what the

02:21  25   special rightsholder's account actually entails, so it

BRAXTON PERKINS                    12/16/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9        I, BRAXTON PERKINS, do hereby declare under

10   penalty of perjury that I have read the foregoing

11   transcript; that I have made any corrections as appear

12   noted, in ink, initialed by me, or attached hereto; that

13   my testimony as contained herein, as corrected, is true

14   and correct.

15

16

17        EXECUTED this ___ day of January,

18   20__, at ___Universal City___, ___CA___.
                    (City)              (State)

19

20

21

22

23        BRAXTON PERKINS

24

25



Page 257

1

2          I, the undersigned, a Certified Shorthand

3   Reporter of the State of California, do hereby certify:

4          That the foregoing proceedings were taken

5   before me at the time and place herein set forth; that

6   any witnesses in the foregoing proceedings, prior to

7   testifying, were duly sworn; that a record of the

8   proceedings was made by me using machine shorthand

9   which was thereafter transcribed under my direction;

10  that the foregoing transcript is a true record of the

11  testimony given.

12          Further, that if the foregoing pertains to

13  the original transcript of a deposition in a Federal

14  Case, before completion of the proceedings, review of

15  the transcript [ x ] was [ ] was not requested.

16          I further certify I am neither financially

17  interested in the action nor a relative or employee

18  of any attorney or party to this action.

19          IN WITNESS WHEREOF, I have this date

20  subscribed my name.

21

22  Dated: 12-20-11

23

24  _____
    LORI SCINTA, RPR

25  CSR No. 4811

# EXHIBIT 16

Page 1

Bentkover EXHIBIT
for Identification
LORI SCISTA, CSR #4811
12.13.11

| | |
|---|---|
| To: | Bentkover, Michael[Michael.Bentkover@warnerbros.com] |
| Cc: | 'Jonathan Turco'[jturco@kleinzelman.com]; Kaplan, David P.[David.P.Kaplan@warnerbros.com] |
| From: | chris |
| Sent: | Wed 7/21/2010 3:12:41 AM |
| Importance: | Normal |
| Sensitivity: | None |
| Subject: | Re: FW: THIRD REQUEST: Unauthorized Use of Warner Bros.' Property - takedown tool request [Fileserve.com] |
| Categories: | WBWBURPEX7HT1.amer.warnerbros.com |

Dear Michael,

Would you kindly give me some more details on who is sending DMCA requests over - what emails and names - and I will request that person to prioritize emails received from your side.

Please kindly let me know.

Sincerely,
Chris


On 7/21/2010 3:06 AM, Bentkover, Michael wrote:

Thanks Chris for your cooperation with infringing links found on Fileserve.


If you have a preferred method for receiving DMCA complaints please let us know. We will work with you in order to expedite the handling of Warner Bros. takedown request as we would like our content removed as fast as possible to avoid the spreading of the infringing files. An automated way to remove files from your system is preferred. Do you have any plans for this moving forward? If you would like to provide us with a special email address which can accelerate the takedown process that would also be appreciated.


Kind regards,

Michael

WARNER027296

Page 2

Michael Bentkover

Warner Bros. Entertainment Inc.

4000 Warner Boulevard

Burbank , California 91522

Phone: (818) 954-3639

Fax:   (818) 954-7898

michael.bentkover@warnerbros.com

**From:** chris [mailto:chris@fileserve.com]
**Sent:** Tuesday, July 20, 2010 11:37 AM
**To:** Bentkover, Michael; Jonathan Turco
**Subject:** Re: FW: THIRD REQUEST: Unauthorized Use of Warner Bros.' Property - takedown tool request [Fileserve.com]

Dear Michael,

Thanks for your email.

As you are aware, we are a smaller operation than others such as Hotfile, Rapidshare and some of the other entities operating in this space. As such, our resources are limited, and we are not able to respond to take-down requests sooner.

Nevertheless, we will make an effort to respond to your requests on an expedited basis.

Sincerely,

Chris
FileServe

On 7/21/2010 1:46 AM, Bentkover, Michael wrote:

**FOURTH REQUEST**

WARNER027297

From: Bentkover, Michael
Sent: Tuesday, June 22, 2010 3:33 PM
To: 'dmca@fileserve.com'
Cc: Kaplan, David P.
Subject: THIRD REQUEST: Unauthorized Use of Warner Bros.' Property -
takedown tool request [Fileserve.com]


THIRD REQUEST


From: Bentkover, Michael
Sent: Wednesday, June 16, 2010 10:12 AM
To: 'dmca@fileserve.com'
Cc: Kaplan, David P.
Subject: SECOND REQUEST: Unauthorized Use of Warner Bros.' Property -
takedown tool request [Fileserve.com]
Importance: High


SECOND REQUEST


From: Bentkover, Michael
Sent: Tuesday, June 08, 2010 1:36 PM
To: 'dmca@fileserve.com'
Cc: Kaplan, David P.
Subject: Unauthorized Use of Warner Bros.' Property - takedown tool request
[Fileserve.com]
Importance: High


Dear Abuse Manager,


I was wondering if you have any tool or any way that could assist us to remove links
from Fileserve.com with content that infringes Warner Bros. Entertainment Inc.

WARNER027298

Page 4

rights in a more efficient and faster manner.

Nevertheless, even with your quick removal, the infringing links hosted at Fileserve.com spread quickly to users computers and foreign sites

around the world in minutes and are causing great harm to Warner. Other sites that offer same kind of services as Fileserve.com have provided

Warner with a take down tool that allows Warner to log in and remove the infringing link immediately and hence more efficiently curb spread

of piracy of Warner's content. This takedown tool will also require less work from Fileserve.com and Warner staff to process our notices of

infringing content hosted at Fileserve.com.

We really appreciate any assistance or tool you could provide us, because a faster way to remove the infringing links is required in

solving this problem.

You can call me directly at 818-954-3639 or provide a phone number and good time to reach you if you have any further questions.

Michael Bentkover

Warner Bros. Entertainment Inc.

4000 Warner Boulevard

Burbank , California 91522

Phone: (818) 954-3639

Fax:    (818) 954-7898

michael.bentkover@warnerbros.com

WARNER027299

_____ Information from ESET NOD32 Antivirus, version of virus signature database 5294 (20100720) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

--

Best regards,
Chris

Business Development Manager
http://www.fileserve.com
FileServe

Yahoo IM: fschris2010@yahoo.com
email: chris@fileserve.com

_____ Information from ESET NOD32 Antivirus, version of virus signature database 5294 (20100720) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

--

Best regards,
Chris

Business Development Manager
http://www.fileserve.com
FileServe

Yahoo IM: fschris2010@yahoo.com
email: chris@fileserve.com

WARNER027300

# EXHIBIT 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants.*

_____/

HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*

_____/

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT HOTFILE CORP.'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26(e)(2) and 33, Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., Warner Bros. Entertainment Inc., and the Motion Pictures Association of America (collectively, "Plaintiffs") hereby provide the following Responses and Objections to Defendant Hotfile Corporation's ("Defendant" or "Hotfile") Third Set of Interrogatories (the "Third Interrogatories"):

information regarding Plaintiffs' investigation of infringing files on Hotfile.com. Plaintiffs further specifically object that this Interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The timing of when Plaintiffs or their agents first became aware of any specific infringing file on the Hotfile website is not relevant to Defendants' liability for providing access to infringing content on the Hotfile Website, nor is it relevant to Defendants' purported affirmative defenses. Plaintiffs further object that the Interrogatory calls for attorney work product and information protected by the attorney-client privilege to the extent that it seeks information identifying Plaintiffs' investigation for purposes of this very action, or for purposes of other investigations of online infringement.

Plaintiffs further object that the Interrogatory is overbroad, unduly burdensome, and appears designed to harass. Plaintiffs have identified nearly a million files available through the Hotfile website that infringe Plaintiffs' copyrights; it would thus be unduly burdensome to identify on a file-by-file basis the specific time that Plaintiffs or their agents became aware of each of those files.

**INTERROGATORY NO. 20:**

IDENTIFY each file in Schedule A to THE STUDIOS' response to HOTFILE's Interrogatory No. 1 which THE STUDIOS contend Hotfile failed "expeditiously to remove, or disable access to" after receiving a DMCA takedown notice or SRA request. *See* 17 U.S.C. §512(c).

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 20:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object to this Interrogatory as premature, as critical technical data regarding Hotfile's responses to takedown notices remains outstanding. Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will supplement this response as appropriate upon the close of discovery.

Dated:  December 1, 2011

By:  s/ Luke C. Platzer
      Luke C. Platzer

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305-416-6880
Fax: 305-416-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA  91403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants.*
_____/

HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

## CERTIFICATE OF SERVICE

     I hereby certify that on this 1st Day of December, 2011, I served the foregoing Plaintiffs' Responses and Objections to Defendant Hotfile Corp.'s Third Set of Interrogatories on all counsel of record on the attached Service List via their email address(es) as set forth on the Court's CM/ECF filing system per the parties' service agreement, as indicated on the attached Service List.

     I further certify that I am admitted *pro hac vice* in the United States District Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date at Washington, D.C.

                          /s/ Luke C. Platzer
                          Luke C. Platzer

**SERVICE LIST**

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and*
*Anton Titov*
**Served via electronic mail by agreement**

BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Phone: 617-928-1800
Fax: 617-928-1802
vgurvitz@bostonlawgroup.com

*Attorney for Defendants Hotfile Corp. and*
*Anton Titov*
**Served via electronic mail by agreement**

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and*
*Anton Titov*
**Served via electronic mail by agreement**

# EXHIBIT 18

HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY

1              UNITED STATES DISTRICT COURT

2             SOUTHERN DISTRICT OF FLORIDA

3

4    DISNEY ENTERPRISES, INC.,

     TWENTIETH CENTURY FOX FILM

5    CORPORATION, UNIVERSAL CITY

     STUDIOS PRODUCTIONS LLLP,

6    COLUMBIA PICTURES INDUSTRIES,

     INC., and WARNER BROS.

7    ENTERTAINMENT INC.,

8                       Plaintiffs,

9    vs.                   No. 11-20427-WILLIAMS-TURNOFF

10   HOTFILE CORP., ANTON TITOV, and

     DOES 1-10,

11

12                  Defendants.

13   _____

14

15        PORTIONS OF THIS TRANSCRIPT ARE CONFIDENTIAL

16           DEPOSITION OF YANGBIN WANG

17              Palo Alto, California

18         Thursday, December 22, 2011

19

20

21   REPORTED BY:

     LYNNE LEDANOIS

22   CSR No. 6811

     Job No. CA128631

23

24

25   PAGES 105 - 113 ARE HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

                                          Page 1

HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF FLORIDA

 3

 4    DISNEY ENTERPRISES, INC.,

      TWENTIETH CENTURY FOX FILM

 5    CORPORATION, UNIVERSAL CITY

      STUDIOS PRODUCTIONS LLLP,

 6    COLUMBIA PICTURES INDUSTRIES,

      INC., and WARNER BROS.

 7    ENTERTAINMENT INC.,

 8                       Plaintiffs,

 9    vs.                    No. 11-20427-WILLIAMS-TURNOFF

10    HOTFILE CORP., ANTON TITOV, and

      DOES 1-10,

11

12                       Defendants.

13    _____

14

15         Deposition of YANGBIN WANG, taken on behalf of

16    Defendant, at 2475 Hanover Street, Palo Alto,

17    California, beginning at 9:43 a.m. and ending at 12:21

18    p.m. on Thursday, December 22, 2011, before LYNNE

19    LEDANOIS, CSR 6811.

20

21

22

23

24

25

                                                    Page 2
```