# FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

    *Defendants*.

_____/

HOTFILE CORP.,

    *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

    *Counter-Defendant*.

_____/



FILED by ___ D.C.
FEB 17 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA – MIAMI

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT ANTON TITOV'S MOTION FOR SUMMARY JUDGMENT

26501\2957179.3

FILED UNDER SEAL                                CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

        Pursuant to Local Rule 56.1(a), Defendant Anton Titov submits this statement of undisputed material facts as to which there is no genuine issue to be tried.

1.     **Hotfile evolved out of a business partnership between Rumen Stoyanov and Atanas Vangelov.** In 2003, Rumen Stoyanov and Atanas Vangelov founded Blue Ant, a company they continue to own as 50-50 partners, that does website development. (Schoenberg Ex. B[1] (Stoyanov Depo.) 17:5-18:22; Schoenberg Ex. C (A.Vangelov Depo.) 28:22-29:5.) Between its founding in 2003 and the founding of Hotfile in 2008, Blue Ant developed various web sites. (Schoenberg Ex. B (Stoyanov Depo.) 17:5-18:22.)

2.     **Mr. Titov does not have, and has never had, any ownership interest in Blue Ant.** Mr. Titov has never been an owner of Blue Ant, though for a short time in mid-2000s, he was a Blue Ant employee doing programming, search engine optimization and server administration. (Schoenberg Ex. C (Vangelov Depo.) 26:6-25; Schoenberg Ex. A (Titov Depo.) 15:2-5 and 15:25-16:8; Titov Dec. ¶ 37.)

3.     **Start-up capital for Hotfile was provided by Messrs. Stoyanov and Vangelov.** A separate company that Messrs. Stoyanov and Vangelov own 50-50 provided start-up capital for Hotfile. (Schoenberg Ex. A (Titov Depo.) 100:7-101:4; Schoenberg Ex. C (Vangelov Depo.) 41:1-22, 122:24-123:22.)

4.     **Mr. Titov did not come up with the idea to found Hotfile.** Hotfile was the idea of Mr. Stoyanov. (Schoenberg Ex. B (Stoyanov Depo.) 18:23-19:5.) ("Q: Whose idea was [Hotfile]? A: Mine.") The idea was based on a need identified by others and using as a model file hosting companies already in the market such as Rapidshare. (Schoenberg Ex. B (Stoyanov Depo.) 18:23-22:20, 21:3-22:22, 25:5-26:2; Schoenberg Ex. C (Vangelov Depo.) 27:1-22, 106:11-107:21; Schoenberg Ex. A (Titov Depo.) 98:3-11.)

5.     **Mr. Titov is a minority and the smallest shareholder in Hotfile.** Mr. Titov initially had a 20% beneficial interest in Hotfile while the other two shareholders each had 40% beneficial interests. Mr. Titov now holds a 26% beneficial interest in Hotfile, while the other shareholders each own a 37% beneficial interest. (Schoenberg Ex. C (Vangelov Depo.) 164:12-165:7; Schoenberg Ex. A (Titov Depo.) 85:13-86:13, 597:19-600:15.)

6.     **The personnel who work on the operations of Hotfile are Blue Ant employees who**

---

[1] Schoenberg Ex. __ refers to exhibits to the Declaration of Anthony Schoenberg filed concurrently herewith.

FILED UNDER SEAL   CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

**do not report to Mr. Titov.** Other than the three founders, the personnel who work on the operations of Hotfile are and have always been Blue Ant employees who report to Messrs. Stoyanov and Vangelov (*i.e.,* the owners of Blue Ant), not to Mr. Titov.[2] (Titov Dec. ¶ 38; Schoenberg Ex. A (Titov Depo.) 34:25-35:5, 130:9-131:17, 132:13-20; Schoenberg Ex. C (Vangelov Depo.) 37:12-24.) Mr. Titov's primary role vis-à-vis these Blue Ant employees is to provide guidance, as needed, on technical matters. Schoenberg Ex. A (Titov Depo.) 34:25-35:5, 132:13-20; Schoenberg Ex. C (Vangelov Depo.) 37:12-24.)

7. **Mr. Titov did not make the decision to implement the Affiliate program.** Mr. Stoyanov – who generally has responsibility for matters of business and finance at Hotfile – made the decision to implement the Hotfile Affiliate program, modeled on longstanding affiliate programs of other established companies in the marketplace such as Rapidshare. (Schoenberg Ex. B (Stoyanov Depo.) 21:3-22:22, 25:5-26:2; Schoenberg Ex. C (Vangelov Depo.) 106:11-107:21.)

8. **Mr. Titov did not design the Affiliate program's payment criteria.** After making the decision to adopt the Affiliate program, Mr. Stoyanov designed the payment criteria that constitutes the Affiliate program. (Schoenberg Ex. B (Stoyanov Depo.) 88:22-89:24.) Mr. Titov's input into the Affiliate program was limited to how to store information in Hotfile's database rather than the business terms of the program. (Schoenberg Ex. A (Titov Depo.) 596:18-597:2.)

9. **Mr. Titov has not implemented technical features to frustrate copyright owner enforcement efforts.** Mr. Titov has not implemented any technical features for the purpose of frustrating copyright owner enforcement. (Titov Dec. ¶ 39.) Hotfile developed a tool called a "Special Rightsholder Account" that allows selected copyright owners instantaneously take down files that they believe infringe their copyrights. (Titov Dec. ¶ 21.) Hotfile implemented hash technology to prevent any future downloads of a file that is subject to a takedown notice and block any future uploads of the same file. (Titov Dec. ¶ 27.) Hotfile implemented state-of-the art digital fingerprinting technology from Vobile to prevent users from uploading files containing copyrighted works and recently upgraded to Vobile's newest such technology,

---

[2] For a time, there was a fourth individual performing work for Hotfile as an independent contractor. (Schoenberg Ex. A (Titov Depo.) 32:12-34:19.) He also reported to Messrs. Stoyanov and Vangelov. (Titov Dec. ¶ 38.)

26501\2957179.3                                             2

FILED UNDER SEAL                                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

vCloud9. (Titov Dec. ¶¶ 34-35.)

10.     **Mr. Titov does not control Hotfile.** Mr. Titov does not have the authority to make unilateral decisions effecting important aspects of Hotfile or its business or operations. (Titov Dec. ¶ 39.) Mr. Titov is not authorized to establish general policy or to make decisions regarding substantial aspects of the operations of Hotfile without the approval and vote of the other shareholders. (Schoenberg Ex. C (Vangelov Depo.) 164:12-165:7; Schoenberg Ex. A (Titov Depo.) 61:8-12, 69:5-70:2, 80:17-21, 81:24-82:12, 85:13-86:13, 597:19-600:15.) (Titov Dec. ¶ 39.) Mr. Titov holds a 26% beneficial interest in Hotfile, while the other shareholders each own a 37% beneficial interest. (Schoenberg Ex. C (Vangelov Depo.) 164:12-165:7; Schoenberg Ex. A (Titov Depo.) 85:13-86:13, 597:19-600:15.)

11.     **Mr. Titov is not responsible for day-to-day operations of Hotfile; his area of responsibility is technological matters.** Mr. Titov is not responsible for the day-to-day operations of Hotfile. (Schoenberg Ex. A (Titov Depo.) 31:8-13.) Day-to-day operations of Hotfile are handled by Mr. Stoyanov, who is also responsible for matters of business and finance. (Schoenberg Ex. A (Titov Depo.) 30:12-31:2, 31:8-13, 442:9-14, 599:14-600:10.) Mr. Vangelov is responsible for DMCA-related issues and other legal matters, dealing with potential investors, advertising (which Hotfile carried in the early days of its existence) and communications with external contractors. (Schoenberg Ex. A (Titov Depo.) 30:12-31:2; Schoenberg Ex. C (Vangelov Depo.) 100:15-101:17, 159:16-18, 162:22-25.) Mr. Titov is responsible for technical matters relating to the company's software and hardware, which sometimes requires his attention as little as once a month. (Schoenberg Ex. A (Titov Depo.) 30:12-31:2, 31:22-32:4, 599:14-600:10; Schoenberg Ex. C (Vangelov Depo.) 101:18-23.) In that capacity, Mr. Titov was the lead developer of the Hotfile storage and delivery technology (supported by two Blue Ant employees), which involved writing the program code and designing the database. (Schoenberg Ex. A (Titov Depo.) 22:19-23:11.)

12.     **Mr. Titov did not pay Hotfile's uploading users.** For a brief time in the early months of the Hotfile business while they were waiting for the formation of Hotfile Ltd. to be completed, Hotfile's payments to Affiliates were made via a PayPal account issued to Mr. Titov. This was a response to limitations imposed by PayPal on transactions involving Panamanian accounts (Hotfile is a Panamanian corporation). (Schoenberg Ex. A. (Titov Depo.) 90:5-91:4; Titov Dec. ¶ 40.) Before using this account to conduct any transactions on Behalf of Hotfile Corp., Mr.

FILED UNDER SEAL							CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

Titov first removed all of his own funds from the PayPal account and opened a second, separate account for his personal use. (Titov Dec. ¶ 40.) As soon as Hotfile Ltd. was formed (in approximately May 2009), title to the PayPal account was transferred from the name of Mr. Titov to Hotfile Ltd., and Hotfile Ltd. has made all payments to Affiliates ever since. (Titov Dec. ¶ 40.) PayPal expressly permits such person-to-business account transfers in order to allow start-up companies to get their operations off the ground. (Titov Dec. ¶ 40.) At no time was the PayPal account ever used for both Hotfile business and for Mr. Titov's personal use; at no time was Mr. Titov's money used to pay any Hotfile user; and at no time did Mr. Titov receive any money from any Hotfile user. (Titov Dec. ¶ 40.)

13.   **The termination of Webazilla and founding of Lemuria were unrelated to Webazilla receiving a subpoena.** The Hotfile website commenced operations in February 2009. (Titov Dec. ¶ 41.) In approximately May of 2009, Hotfile began to experience dissatisfaction with its internet connectivity service provider, Webazilla, and the following month communicated to Webazilla that it was going to terminate Webazilla's services. (Titov Dec. ¶ 41; Schoenberg Ex. A (Titov Depo.) 41:13-42:23, 273:18-274:8.) The termination of the relationship with Webazilla took several months, as it required many hardware changes and reconnections, including the relocation of 30-40 servers between two different data centers several miles apart. (Titov Dec. ¶ 41; Schoenberg Ex. A (Titov Depo.) 41:13-42:23.) A subpoena to Webazilla related to Hotfile was issued in August 2009. (Schoenberg Ex. D.) Hotfile's termination of its relationship with Webazilla was unrelated to this subpoena and was communicated to Webazilla several months earlier. (Titov Dec. ¶¶ 41-42; Schoenberg Ex. A (Titov Depo.) 41:13-42:23, 273:18-274:8.) In order to avoid connectivity problems in the future, Mr. Titov offered to incorporate a new entity, Lemuria Communications, Inc. ("Lemuria"), to deliver internet connectivity (and other related services) to Hotfile going forward. (Titov Dec. ¶ 41; Schoenberg Ex. A (Titov Depo.) 41:13-42:13, 121:12-122:17.) In October 2009, Mr. Titov incorporated Lemuria, a Florida corporation of which he is the sole owner, manager and director, and which pays him a monthly salary. (Schoenberg Ex. A (Titov Depo.) 121:12-122:17.) The formation of Lemuria was unrelated to Webazilla receiving a subpeona. (Schoenberg Ex. A (Titov Depo.) 121:12-122:17; Titov Dec. ¶ 42.)

14.   **Mr. Titov is a Russian citizen who has resided in Bulgaria for the last two decades.** (Dkt. 30-1 ¶ 2 (Declaration of Anton Titov In Support Of Defendants' Opposition To Plaintiffs'

FILED UNDER SEAL                                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

Emergency Motion For Order Preserving Evidence).)

15.     **Mr. Titov's wife, son, mother, and brother all reside in Bulgaria, where Mr. Titov owns a home and a car and pays taxes.** (Dkt. 30-1 ¶ 2.)

16.     **Mr. Titov has not performed work in Florida on a continuous or systematic basis.** Mr. Titov has visited Florida only sporadically (his total number of such visits to Florida "could be ten") and only to perform work on behalf of non-party Lemuria. (Schoenberg Ex. A (Titov Depo.) 64:6-11, 16-25; 65:1-3, 12-19.)

17.     **Mr. Titov's visits to Florida have been in his capacity as a corporate officer or director of Lemuria.** (Schoenberg Ex. A (Titov Depo.) 64:6-11, 16-25; 65:1-3, 12-19; 121:12-123:9.)

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DATED: February 17, 2012            Respectfully submitted,

*[signature]*

Janet T. Munn, Esq. Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

And

*[signature]*

Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email: rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email: aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email: tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email: dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email: jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone: 617.928.1800
Telecopy: 617.928.1802

*Counsel for Defendants Hotfile Corporation
and Anton Titov*

26501\2957179.3                     6

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2012, a true and correct copy of the foregoing document, was filed conventionally under seal and served on all counsel of record identified below via e-mail and via FedEx.

Karen L. Stetson, Esq., Fla. Bar No.: 742937
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted *pro hac vice*)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403-5885
Telephone: 818.935.5812

By: /s/ Janet T. Munn
Janet T. Munn