# Yeh Exhibit 70

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*
_____/

### DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORY NOS. 6 AND 9

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment |
| RESPONDING PARTIES: | Defendants Hotfile Corporation and Anton Titov (collectively "Hotfile")[1] |
| SET NO.: | One (1) |

### GENERAL OBJECTIONS

1. Hotfile has not completed its investigation of facts, witnesses or documents

---

[1] The Defendants reserve their respective rights to assert all appropriate separate defenses. Mr. Titov is included in the shorthand term "Hotfile" along with Hotfile Corp. solely as a convenience and in light of the Parties agreement "that discovery requests served by one side on the opposing side will be equally applicable to all parties on the other side." Joint Scheduling Conference Report, filed 4/15/11, Dkt. 54 at 16. Nothing in these responses is an admission by Anton Titov or Hotfile Corp. of any particular relationship between them or any other fact.

**HIGHLY CONFIDENTIAL**

26501\2750743.1

relating to this case, has not completed discovery, has not completed analysis of available information, and has not completed preparation for trial. Hotfile reserves the right to supplement its response to each and every interrogatory (or part thereof) without obligating itself to do so, and reserves the right to introduce and rely upon such information in the course of this litigation.

2. All of the responses set forth below are based solely on such information and documents that are available to and specifically known to Hotfile at this time. It is anticipated that further discovery, independent investigation, and analysis may lead to substantial additions or changes in, and variations from the responses set forth herein.

3. Hotfile objects to each interrogatory to the extent that it is vague, ambiguous, overbroad, and requires an unduly burdensome search for and production of, documents or information neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and which will result in unnecessary burden and undue expense to Hotfile.

4. Hotfile objects each interrogatory to the extent that it seeks disclosure of information or documents protected from disclosure or production by the attorney-client privilege, the attorney work-product doctrine, or any other privilege available under statutory, constitutional or common law. Inadvertent production of any such information or documents shall not constitute waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents, nor shall inadvertent production waive Hotfile's right to object to the use of any such information or documents in any proceedings.

5. Hotfile objects to each interrogatory to the extent that it seeks electronically stored information that is not reasonably accessible to Hotfile because of undue burden or cost.

6. Hotfile objects to each interrogatory to the extent that it calls for disclosure of private, proprietary, and confidential information. Hotfile will not produce private, proprietary, and/or confidential information or documents unless and until a Protective Order is issued in this litigation. Hotfile reserves its right to object to disclosure of any private, proprietary, and

**HIGHLY CONFIDENTIAL**

confidential information in light of the terms of the Protective Order in this litigation or based on any state, federal, or international standards or laws governing privacy.

7. Hotfile objects to each interrogatory to the extent it seeks proprietary information of third parties which Hotfile is not authorized to disclose. Hotfile will not produce private, proprietary, and/or confidential information or documents unless and until a Protective Order is issued in this litigation. Hotfile further reserves the right to object to the disclosure of any information protected by any state, federal, or international standards or laws governing privacy.

8. Hotfile objects to the Definition of "Hotfile users" as vague, ambiguous, and overbroad. As currently defined, that term purportedly refers to every internet user who has ever accessed the Hotfile.com website for any purpose, irrespective of whether a given individual has actually downloaded files from or uploaded files to Hotfile.com. To the extent that Plaintiffs' interrogatories seek information regarding or related to all such internet users, such interrogatories are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9. Hotfile objects to the Definition of "You" as overbroad. As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute. To the extent that Plaintiffs' interrogatories seek information regarding or related to irrelevant entities, such interrogatories are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10. Hotfile objects to the Definition of "Hotfile entity" as overbroad. As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute. To the extent that Plaintiffs' interrogatories seek information regarding or related to all such entities,

**HIGHLY CONFIDENTIAL**

CASE NO. 11-20427-JORDAN

such requests are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

11. Hotfile objects to the providing of information about activities outside the United States as overbroad and unduly burdensome. "Federal copyright law has no extraterritorial effect, and cannot be invoked to secure relief for acts of infringement occurring outside the United States." *Palmer v. Braun*, 376 F.3d 1254, 1258 (11th Cir. 2004). Hotfile objects to all interrogatories that seek information related to conduct occurring outside the United States.

12. Hotfile objects to each interrogatory to the extent it imposes on Hotfile obligations that exceed or are inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

13. Hotfile objects to each interrogatory to the extent it imposes on Hotfile obligations that are inconsistent with United States or foreign privacy laws.

14. All responses to these interrogatories are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve:

   a. all objections as to the competence, relevance, and admissibility of any documents or information produced in response to these interrogatories as evidence for any purpose in subsequent proceedings or at the trial of this or any other action, arbitration, proceeding or investigation;

   b. the right to object on any ground at any time to the use of any of the documents or information provided in response to these interrogatories, or the subject matter thereof, in any subsequent proceedings or at any trial(s) of this action, or any other action, arbitration, proceeding or investigation; and

   c. the right to object on any ground at any time to a demand for further responses to these interrogatories or any other requests, or to other discovery proceedings involving or relating to the subject matter of these interrogatories.

15. The general objections stated herein are incorporated by reference into each response herein, as if fully set forth below. While Hotfile has responded to this interrogatory for

4

**HIGHLY CONFIDENTIAL**

CASE NO. 11-20427-JORDAN

production, it does so without waiving any right to object to any further inquiry or any effort to compel responses beyond those provided herein. Any response provided herein is subject to, and limited by, all general and specific objections stated herein.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 6:

State the gross revenues, net revenues, and profits received by each Hotfile Entity since January 1, 2007.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

Hotfile has conducted further investigation in response to this interrogatory and discovered additional responsive information.

Hotfile hereby supplements and amends its previous response. This response supersedes and replaces Hotfile's previous response to this Interrogatory No. 6.

### RESPONSE TO INTERROGATORY NO. 6:

Hotfile incorporates by reference it general objections to this interrogatory. Hotfile further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute. Hotfile further objects to this interrogatory on the grounds that it seeks information not reasonably calculated to lead to the discovery admissible evidence, particularly in its request for private business or financial information regarding Hotfile or other persons or entities unrelated to the present litigation and insofar as it seeks information about revenues and profits that are not related to the claims of infringement in this litigation. Hotfile further objects to this interrogatory on the grounds that it seeks private and/or confidential financial information.

Subject to those general and specific objections, Hotfile responds as follows:

5

**HIGHLY CONFIDENTIAL**

26501\2750743.1

CASE NO. 11-20427-JORDAN

Hotfile does not maintain regular financial accounting records, nor does Hotfile maintain or track its profits or profitability. The chart below reflects to the best of Hotfile's ability income, expenses and net revenues per month related to the operation of the Hotfile website since March 2009.

The expenses for the months from March 2009 through September 2009 reflected below are known to be incomplete and therefore understated but reflect the information that Hotfile has in its possession, custody or control.

As of September 1, 2011, Hotfile calculated that its users should be credited for prepaid subscriptions in the total amount of $8,272,702 (one month subscriptions totaling $1,027,547, six month subscriptions totaling $1,057,159, and 12 month subscriptions totaling $6,187,996). Therefore, that unearned revenue should be deducted from the Net Revenue figures below to more accurately estimate the amount of currently earned revenue.

|  | Income | Expense | Net Revenue |
|---|---|---|---|
| March, 2009 | 4,367.00 | .00 | 4,367.00 |
| April, 2009 | 24,371.00 | .00 | 24,371.00 |
| May, 2009 | 106,588.00 | 161.00 | 106,427.00 |
| June, 2009 | 249,042.00 | 191.00 | 248,851.00 |
| July, 2009 | 322,227.00 | 31,125.00 | 291,102.00 |
| August, 2009 | 346,194.00 | 33,853.00 | 312,341.00 |
| September, 2009 | 484,082.00 | 58,946.00 | 425,136.00 |
| October, 2009 | 633,924.00 | 579,474.00 | 54,450.00 |
| November, 2009 | 839,045.00 | 533,466.00 | 305,579.00 |
| December, 2009 | 1,264,194.00 | 783,537.00 | 480,657.00 |
| January, 2010 | 1,464,468.00 | 1,421,942.00 | 42,526.00 |
| February, 2010 | 1,442,003.00 | 1,232,311.00 | 209,692.00 |
| March, 2010 | 1,893,697.00 | 1,399,199.00 | 494,498.00 |
| April, 2010 | 1,981,994.00 | 859,115.00 | 1,122,879.00 |
| May, 2010 | 2,258,999.00 | 1,713,189.00 | 545,810.00 |
| June, 2010 | 2,192,535.00 | 2,148,332.00 | 44,203.00 |

6

HIGHLY CONFIDENTIAL

CASE NO. 11-20427-JORDAN

| | | | |
|---|---|---|---|
| July, 2010 | 3,536,936.00 | 3,371,986.00 | 164,950.00 |
| August, 2010 | 4,164,909.00 | 3,844,440.00 | 320,469.00 |
| September, 2010 | 4,333,157.00 | 809,293.00 | 3,523,864.00 |
| October, 2010 | 4,394,786.00 | 1,078,709.00 | 3,316,077.00 |
| November, 2010 | 4,233,423.00 | 1,872,096.00 | 2,361,327.00 |
| December, 2010 | 4,745,586.00 | 1,590,272.00 | 3,155,314.00 |
| January, 2011 | 4,662,485.00 | 3,292,329.00 | 1,370,156.00 |
| February, 2011 | 3,922,297.00 | 4,788,083.00 | -865,786.00 |
| March, 2011 | 3,161,909.00 | 1,365,273.00 | 1,796,636.00 |
| April, 2011 | 2,112,427.00 | 1,790,272.00 | 322,155.00 |
| May, 2011 | 1,759,334.00 | 1,247,043.00 | 512,291.00 |
| June, 2011 | 1,508,895.00 | 1,176,790.00 | 332,105.00 |
| July, 2011 | 1,297,525.00 | 1,144,868.00 | 152,657.00 |
| August, 2011 | 1,241,070.00 | 1,158,235.00 | 82,835.00 |
| Total: | 60,582,469.00 | 39,324,530.00 | 21,257,939.00 |

Anton Titov's monthly Hotfile related income is as follows:

| Month | Hotfile related income |
|---|---|
| January, 2010[2] | 15,460 |
| February, 2010 | 15,460 |
| March, 2010 | 15,460 |
| April, 2010 | 15,460 |
| May, 2010 | 15,460 |
| June, 2010 | 15,460 |
| July, 2010 | 15,985 |
| August, 2010 | 32,508 |
| September, 2010 | 34,601 |
| October, 2010 | 32,183 |
| November, 2010 | 40,066 |
| December, 2010 | 35,885 |
| January, 2011 | 48,011 |

---

[2] Anton Titov had no Hotfile related income before 2010.

7

HIGHLY CONFIDENTIAL

CASE NO. 11-20427-JORDAN

| February, 2011 | 26,203 |
|---|---|
| March, 2011 | 20,460 |
| April, 2011 | 20,460 |
| May, 2011 | 20,460 |
| June, 2011 | 20,460 |
| July, 2011 | 20,460 |
| August, 2011 | 20,460 |

**INTERROGATORY NO. 9:**

Identify the 500 participants in the Hotfile "Affiliate" programs to whom any Defendant or Hotfile Entity has remitted, directly or indirectly, the largest cumulative payments during the history of Hotfile, and the cumulative amounts of such payments.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Hotfile has conducted further investigation in response to this interrogatory and discovered additional responsive information.

Hotfile hereby supplements and amends its previous response. This response supersedes and replaces Hotfile's previous response to this Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 9:**

Hotfile incorporates by reference it general objections to this interrogatory. Hotfile further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions. As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute. Hotfile further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including and insofar as it seeks information not related to the claims of infringement in this litigation. Hotfile further objects to this interrogatory on the grounds that it seeks private,

8

**HIGHLY CONFIDENTIAL**

26501\2750743.1

## VERIFICATION

I, Anton Titov, am a Manager of Hotfile Corporation, a defendant in this lawsuit. I make this verification on behalf of said party and on behalf of myself as an individual. I have read the foregoing Defendants' Supplemental Responses To Plaintiffs' Interrogatory Nos. 6 And 9 and know the contents thereof. To the best of my knowledge, information and belief, the responses set forth therein are true and correct.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this 12th day of September, 2011, in Sofia, Bulgaria.

By: _____
Anton Titov

CASE NO. 11-20427-JORDAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

### CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 235 Montgomery Street, 17th Floor, San Francisco, California 94104, my email address is LJensen@fbm.com.

I HEREBY CERTIFY that on September 12, 2011, I electronically served the following documents on all counsel of record on the attached Service List via their email address(es). The documents served on this date are:

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORY NOS. 6 AND 9**

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 12, 2011, at San Francisco, California.

_____
Lauren L. Jensen

HIGHLY CONFIDENTIAL

CASE NO. 11-20427-JORDAN

## SERVICE LIST: CASE NO. 11-CIV-20427-JORDAN

Karen R. Thorland, Esq.
Motion Picture Association of America, Inc.
15301 Ventura Blvd., Building E
Sherman Oaks, CA 91403
Telephone: (818) 935-5812
Fax: (818) 285-4407
Email: Karen_Thorland@mpaa.org

*Attorneys for Plaintiffs*
*Party Name: Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

Karen Linda Stetson, Esq.
Gray-Robinson P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Telephone: (305) 416-6880
Fax: (305) 416-6887
Email: kstetson@gray-robinson.com

*Attorneys for Plaintiffs*
*Party Name: Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc.; Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

Duane C. Pozza, Esq.
Luke C. Platzer, Esq.
Steven B. Fabrizio, Esq.
Jenner & Block
1099 New York Avenue, N.W., Ste. 900
Washington, DC 20001-4412
Telephone: (202) 639-6094
Fax: (202) 639-6068
Email: dpozza@jenner.com;
lplatzer@jenner.com; sfabrizio@jenner.com

*Attorneys for Plaintiffs*
*Party Name: Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone: 617-928-1800
Fax: 617-928-1802
vgurvitz@bostonlawgroup.com

*Attorney for Defendants*
*Hotfile Corp. and Anton Titov*

**Served via electronic mail by agreement**

27

**HIGHLY CONFIDENTIAL**

26501\2750743.1

CASE NO. 11-20427-JORDAN

Janet T. Munn, Esq.
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 476-7101
Fax: (305) 476-7102
Email: jmunn@rascoklock.com

*Local Attorney for:* Defendants
*Party Name:* Hotfile Corp. and Anton Titov

**Served via electronic mail by agreement**

**HIGHLY CONFIDENTIAL**