# Yeh Exhibit 105

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES -- GENERAL

Case No.   **CV 08-8484-JFW (FMOx)**                                   Date: February 1, 2010

Title:   Warner Bros. Entertainment, Inc., et al. -v- Free-TV-Video-Online.Info, et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                                  None

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFFS WARNER BROS. ENTERTAINMENT INC. AND DISNEY ENTERPRISES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS MOHY MIR AND SUPERNOVA TUBE, INC. [filed 1/11/2010; Docket No. 108];

On January 11, 2010, Plaintiffs Warner Bros. Entertainment Inc. and Disney Enterprises, Inc. ("Plaintiffs") filed a Motion for Partial Summary Judgment Against Defendants Mohy Mir and Supernova Tube, Inc. On January 25, 2010, Defendant Mohy Mir filed his Objections in Partial Opposition to Motion for Summary Judgment. Defendant Supernova Tube, Inc. did not file an Opposition. On January 26, 2010, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 8, 2010 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

Defendant Supernova Tube, Inc. failed to file an Opposition or Statement of Genuine Issues as required by Local Rule 56-2, and Defendant Mohy Mir's only argument presented in his Opposition and Statement of Genuine Issues is that he should not be liable for any contributory copyright infringement occurring after February 6, 2009. See Local Rule 56-2 (providing that "[a]ny party who opposes the motion shall serve and file with [its] opposing papers a separate document containing a concise 'Statement of Genuine Issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated"). "In determining any motion for summary judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Issues' and (b) controverted by

declaration or other written evidence filed in opposition to the motion." Local Rule 56-3; see also Moreno v. Baca, 2002 WL 434596, at *4 (C.D. Cal. Mar. 18, 2002) (granting summary judgment and noting that "Plaintiff has not filed a document containing a 'Statement of Issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, as required by Local Rule 56-2. Therefore, as directed by Local Rule 56-3, the Court assumes that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy.").

The Court acknowledges that summary judgment cannot be sustained solely on the ground that the opposing party failed to file opposition papers. See Cusano v. Klein, 264 F.3d 936, 950 (9th Cir. 2001). Rather, summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Where the non-moving party fails to offer evidence establishing the existence of an essential element, "there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-323. In such a case, "[t]he moving party is 'entitled to a judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Id.

After reviewing the evidence submitted by Plaintiffs, the Court finds that the evidence presented demonstrates that Plaintiffs are entitled to partial summary judgment against Defendants Mohy Mir and Supernova Tube, Inc. for contributory copyright infringement for acts of infringement occurring before February 6, 2009. Accordingly, Plaintiffs' Motion for Partial Summary Judgment Against Defendants Mohy Mir and Supernova Tube, Inc. is **GRANTED**.

IT IS SO ORDERED.