# PUBLIC REDACTED VERSION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC., et al.,

      Plaintiffs,

v.

HOTFILE CORP., et al.,

      Defendants.               /

HOTFILE CORP.,

      Counterclaimant,

v.

WARNER BROS. ENTERTAINMENT INC.,

      Counter-Defendant.        /

### HOTFILE'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL TITOV DEPOSITION EXHIBIT 27

Pursuant to 28 U.S.C. §636(b)(1)(A), Local Magistrate Rule 4(a)(1), and Fed. R. Civ. P. 72(a), Hotfile Corp. ("Hotfile") respectfully submits its Objections to Magistrate Judge William C. Turnoff's January 13, 2012 Order ("Order") [D.E. # 227] granting in part and deferring in part Plaintiff Warner Bros. Entertainment, Inc.'s ("Warner") Motion to Compel Production of Titov Deposition Exhibit 27 [D.E. #180].

### INTRODUCTION

Plaintiff movie studios apparently believe that they may selectively comply with the Court's orders and rules. Regretfully, the violations described below are not an isolated occurrence.[1] Nor can they be dismissed as merely accidental or unknowing. While a single violation might be excused, the repeated disregard of the Court's rules cannot be. Indeed, after

---

[1] See Motion And Memorandum of Law of Defendants Hotfile Corporation and Anton Titov To Strike Plaintiffs' Putative "Rebuttal" Report of Dr. Richard Waterman Etc., [D.E. # 217], filed January 9, 2012.

**FILED UNDER SEAL**                    CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

being expressly advised of its initial violations, Warner refused to acknowledge any error or alter

its conduct. The Court's orders and rules must be enforced and obeyed by all parties.

This objection arises from Hotfile's inadvertent production of a document relating to

Hotfile's work-product protected investigation of Plaintiff Warner's improper deletion of

materials on Hotfile.com (hereafter, "Titov Depo. Ex. 27").[2] Hotfile advised Plaintiffs of the

inadvertent production under the Protective Order, which triggered a mandatory duty on

Plaintiffs to immediately return or destroy the inadvertently produced document. Not only did

Warner fail to do so, it committed repeated violations of the Protective Order and the Federal

Rules of Civil Procedure. Further, the Florida Rules of Professional Conduct require an attorney

who "knows or reasonably should know" that he is the recipient of an inadvertently produced

document to "promptly notify the producing party." Warner's counsel did not give any such

notification:

- Warner received notice of the inadvertent production on **November 28, 2011** but failed to return or destroy Titov Depo. Ex. 27 within five days, as required by the Protective Order (¶ 20).

- Instead, Warner continued to use the document in violation of Federal Rule of Civil Procedure 26(b)(5)(B), and on **December 5, 2011** marked the document as a deposition exhibit.

---

[2] Warner submitted a truncated version of the document at issue (HF02866338 – HF02866635) at the deposition in Bulgaria. As Warner's motion was directed to the entirety of the document, and not just the shorter deposition exhibit, the terms "Titov Depo. Ex. 27" and "HF02866338" refer to the entirety of the document (an email and attached spreadsheet), not merely the truncated version actually submitted as an exhibit at the deposition.

- Warner submitted a motion to compel production of Titov Depo. Ex. 27, to the Court on **December 12, 2011**, violating the Protective Order's requirements to file such motions within five court days of the document's recall.

- Warner's motion was based principally on the circumstances surrounding Hotfile's production of the document, violating the Protective Order's explicit admonition that the moving "party **may not assert** as a ground for the entering of such an order **the circumstances** of the inadvertent production." (¶ 20).

- **REDACTED**

**REDACTED**

**REDACTED** As set forth above, Florida Rule of Professional Conduct 4-4.4(b), requires that a lawyer who knows or reasonably should know that he has received an inadvertently produced document shall promptly notify the producing party of the inadvertent production.[3]  Warner's counsel knew or reasonably should have known of the inadvertent production and yet did not notify Hotfile's counsel.

The Magistrate Judge failed to consider these violations of the Protective Order and governing federal law.  Instead, he ordered Hotfile to submit Titov Depo. Ex. 27 under seal, even though Warner had already submitted the document under seal as a part of its motion and "deferred" ruling on "use" of the document.  Warner has interpreted the Magistrate Judge's ruling as approval of its conduct.  Hotfile respectfully submits that the Court cannot countenance

---

[3] Lawyers practicing in this Court are bound by Rule 4-4.4(b).  *See* Local Rule 11.1(c):

> "The standards of professional conduct of members of the Bar of this Court *shall* include the current Rules Regulating the Florida Bar. For a violation of any of these canons in connection with any matter pending before this Court, an attorney may be subjected to appropriate disciplinary action." (emphasis added).

The Florida Rules of Professional Conduct are a part of the Rules Regulating the Florida Bar.

FILED UNDER SEAL                    CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

Warner's multiple violations of Court orders and ethical rules.  It therefore files this objection to

the Magistrate Judge's ruling and asks the Court to deny Warner's motion to compel and to

admonish and/or sanction Warner and its counsel as the Court sees fit.

## BACKGROUND

On May 19, 2011, at the outset of the discovery process, the parties agreed to, and the

Court entered, a Stipulated Protective Order. *See* (Stipulated Protective Order, D.E. # 68).

Paragraph 20 of that order is a so-called "claw-back" provision for documents that were

inadvertently disclosed in the discovery process.  It provides that "[i]nadvertent production of

any document…will not be deemed to waive any privilege or work product." *Id.* at ¶ 20.

Paragraph 20 sets out mandatory obligations with respect to inadvertently produced documents:

- "If a party…requests the return, pursuant to this paragraph, of such an
Inadvertently Produced Privileged Document…the possessing parties **shall within five (5) court**

**days destroy** or return to the requesting party or non-party the Inadvertently Produced Privilege

Document and all copies thereof shall make reasonable efforts to expunge from any other

document or material information solely derived from the Inadvertently Produced Privileged

Document, consistent with Fed. R. Civ. P. 26(b)(5)(B)[, which provides that the possessing party

**must not use or disclose** the information until the claim is resolved.]"

- "A party may move the Court for an order compelling production of the
document, and may present the document to the Court under seal **within five (5) court days of**

**receiving a request to return** the document, but said party **may not assert** as a ground for the

entering of such an order the fact or circumstances of the inadvertent production."

*Id.* (emphasis added).  A party's obligations under the Protective Order are plain and are not

discretionary ("shall…destroy," "must not use," and "may not assert").

4

**FILED UNDER SEAL**                    CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

On November 28, 2011, Hotfile sent an email to Warner's counsel, notifying it that

Hotfile had inadvertently produced a work-product protected document, identified by Bates

number HF02866338 (hereafter "Titov Depo. Ex. 27"). Citing paragraph 20, Hotfile asked

Warner to destroy or return all copies of that document. (Declaration of Roderick Thompson in

Supp. of Opp. to Mot. To Compel ("Thompson Opp. Decl."), D.E. # 190 at ¶ 4, Ex. 1).[4]

Warner failed to destroy the document or file a motion to compel within five days as

required by the mandatory terms of the Protective Order. Instead, one week after the recall

email, Warner marked HF02866338 as an exhibit to the deposition of Anton Titov as the

30(b)(6) representative of Hotfile, which took place on December 5 in Bulgaria. Because the

deposition was in Bulgaria, but the attorneys who recalled Titov Depo. Ex. 27 were in the United

States, the attorney defending the Titov deposition did not have a complete list of the recalled

documents available at the time of the deposition. (Thompson Opp. Decl., at ¶ 6) [D.E. #190].



REDACTED Counsel for Warner nonetheless marked an excerpt

---

[4] To ensure that Warner in fact deleted all copies of that document, on December 3, 2011, Hotfile send an email to Warner's counsel identifying a second copy of the document marked as Bates number HF00036777, again specifically recalling the document and demanding the return or destruction of all copies of that document pursuant to the terms of the Protective Order. As HF02866338 and not HF00036777 was submitted as an exhibit at deposition, HF00036777 was not the subject of Warner's motion.

of the recalled document as deposition Ex. 27, and questioned Mr. Titov about it.  Counsel for

Hotfile reasonably assumed that Warner would not violate the Order by marking as exhibits,

documents that Hotfile had recalled. (*Id.* at ¶ 7). There was no intent to waive any work-product

protection, and it was not waived. *Id.*

       After the deposition adjourned for the day, counsel for Hotfile investigated further and

discovered that the date in early March that the work product investigation began was March

2nd. <span>REDACTED</span>

<span>REDACTED</span> When the

deposition resumed the next morning, he repeated the objection and again asked Warner to

destroy all copies of the document in question. (*Id.*, at ¶ 11).

       Warner refused to comply with the Protective Order and did not destroy or return the

document.  Instead, Warner kept copies of Titov Depo. Ex. 27, and eventually submitted it under

seal to the Court on December 12, 2011 (fourteen days after the document had been recalled),

along with a motion to compel production of the document. *See* (Mot. to Compel the Production

of Titov Deposition Ex. 27, D.E. #180); (Declaration of Luke Platzer in Supp. of Mot. to Compel

("Platzer Decl."), D.E. # 181, Ex. C).   In that motion—and in another violation of the mandatory

terms of the Protective Order—Warner extensively argued that the circumstances surrounding

the production of Titov Depo. Ex. 27 either indicate that the document was not inadvertently

produced or that Hotfile has waived work product protection as to the document.

       After review of the motion and its timing, counsel for Hotfile reminded counsel for

Warner that Paragraph 20 of the protective order required any motion to have been filed within

five court days of November 28 and requested that the motion be withdrawn.  Warner did not

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

withdraw the motion.  In Hotfile's opposition to the motion, Hotfile identified four separate

violations of the Protective Order implicated by Warner's actions:

        1.     Warner failed to destroy Titov Depo. Ex. 27, as required by the Protective

Order within 5 days of November 28;

        2.     Warner made use of the document, even marking it as a deposition

exhibit;

        3.     Warner filed its motion on December 12, 2011, violating the Protective

Order's requirement to submit the document and file motions to compel inadvertently produced

documents within five court days of the document's recall; and

        4.     Warner's motion to compel was based principally on the alleged

circumstances surrounding Hotfile's production of the document, violating the Protective

Order's ban on motions to compel that "assert as a ground for the entering of such an order the

circumstances of the inadvertent production."

*See* (Opp. To Warner's Motion To Compel Titov Deposition Ex. 27) [D.E. #206].

     In its reply in support of its motion, Warner revealed that its counsel had become aware

of Titov Depo. Ex. 27 months before and "had integrated the document into its own work

product and deposition preparation. *See* (Reply In Support of Motion To Compel Production Of

Titov Deposition Ex. 27, D.E. # 211 at p. 3).  [REDACTED]

[REDACTED]

**FILED UNDER SEAL**                 CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

REDACTED



REDACTED

Violations of Court orders and ethical rules are not "nonsense" and deserve more than

"the time of day." Unless this Court enforces its orders, Warner and its counsel will believe that

FILED UNDER SEAL                                   CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

they have a license to disregard court orders, the Federal Rules of Civil Procedure, and the Florida Rules of Professional Conduct and will continue to do so.

## LEGAL STANDARD

Parties may file timely objections to a magistrate judge's order for non-dispositive, pretrial matters. Fed.R.Civ.P. 72(a). Upon review of the order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. There is clear error when the district court is "left with the definite and firm conviction that a mistake has been committed." *See Easley v. Cromartie*, 532 U.S. 234, 242 (2001). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tolz v. Geico General Ins. Co.*, 2010 WL 384745, at *2 (S.D.Fla. Jan. 27, 2010). "Under Local Magistrate Rule 4(a)(1), in reviewing a Magistrate Judge's order, the District Court Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule. *Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, 2011 WL 3918597, at *2 (S.D.Fla. Sept. 6, 2011).

## ARGUMENT

Warner's improperly filed motion should have been denied. It expressly violated multiple provisions of the Protective Order. The Magistrate Judge failed to consider any of the violations, and instead granted Warner's motion in part. Furthermore, in light of new information that came to light in the reply and at the hearing, Warner's motion appears to be predicated on a violation of Florida Rule of Professional Conduct 4-4.4(b). Warner knew or reasonably should have known that Titov Depo. Ex. 27 was inadvertently produced, and instead of notifying Hotfile of the production, Warner improperly used the document. By not enforcing the Court's orders and ethical rules, the Magistrate Judge failed to apply the law.

FILED UNDER SEAL                    CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

1.  **The Magistrate Judge Erred By Refusing To Consider Warner's Violations Of Court Orders**

Warner's actions with respect to Titov Depo. Ex. 27 involve multiple violations of the Protective Order that the Court issued in this case, any one of which required denial of Warner's motion.  The explanations Warner has put forward to justify its violations range from comically implausible readings of the terms of the Protective Order to outright falsehoods.  The Magistrate Judge committed clear error by completely ignoring the violations.

a.  **Warner violated the Protective Order by refusing to destroy or return Titov Depo. Ex. 27 within five days of receiving the recall email**

There is no dispute that Hotfile notified Warner on November 28, 2011 that it had inadvertently produced Titov Depo. Ex. 27.  And, there is no dispute that Paragraph 20 of the Protective Order provides that, upon being given proper notice, a party must destroy copies of clawed back documents within five days. (Stipulated Protective Order, D.E. # 68, at ¶ 20). Finally there is no dispute that, despite this clear requirement, Warner refused to destroy Titov Depo. Ex. 27, and instead used it at a deposition seven days later on December 5, 2011.

Notwithstanding the mandatory language, Warner disputes that it has violated the Protective Order by refusing to destroy Titov Depo. Ex. 27.  Its baffling explanation that "Warner's counsel could not locate copies of the documents simply by going to a document production file and searching for Bates numbers" cannot justify its failure to abide by the Court's order.  Searching by Bates number is the most efficient way to locate copies of a given document.  Indeed that is why documents are Bates-numbered—to allow for easy search and retrieval.  Warner's violation of the Protective Order's and Federal Rules' requirement to promptly destroy (and not use) an inadvertently produced document was not accidental: it was a calculated tactic and warrants a denial of Warner's motion.

FILED UNDER SEAL                           CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

**b.  Warner violated the Protective Order and FRCP 26(b)(6)(B) by using Titov Depo. Ex. 27 after receipt of the recall email**

Federal Rule of Civil Procedure 26(b)(5)(B), which is cited by Paragraph 20 of the Protective Order, expressly states that upon receiving notice of an inadvertently produced document, the receiving "party must promptly return, sequester, or destroy the specified information and any copies it has [and] **must not use or disclose the information until the claim is resolved.**" Fed. R. Civ. Pr. 26(b)(5)(B) (emphasis added).  Warner undeniably made use of Ex. 27 by marking it as an exhibit at the deposition and continues to use it to this day despite being advised that Hotfile would file these objections.  Since this Court has not had an opportunity to review the Magistrate's ruling, the claim has not been "resolved" and Warner is not allowed to "make use' of the document.  Once again, the language is mandatory. Compliance is not optional.

**c.  Warner violated the Protective Order by filing the motion and submitting Titov Depo. Ex. 27 to the Court under seal more than five court days after receiving the recall notice.**

The Protective Order explicitly states that a party seeking to compel production of a clawed-back inadvertently produced document must do so within five days of the claw-back email, and, if the party so chooses, file the document under seal within five days of the claw-back.  The sentence of the Protective Order at issue states in full: "A party may move the court for an order compelling the production of [a recalled inadvertently produced] document, and may present the document to the Court under seal within five (5) court days of receiving a request to return the document, but said party may not assert as a ground for the entering of such an order the fact or circumstances of the inadvertent production." *See* (Stipulated Protective Order, D.E. # 68, at ¶ 20).

11

There is no dispute that Hotfile notified counsel for Warner on November 28, 2011 that it had inadvertently produced Titov Depo. Ex. 27.  Thus, under the terms of the Protective Order, if Warner wanted to file a motion to compel the document and to file the document under seal in support of that motion, it must have done so by December 5 at the latest.  Warner failed to do so, filing a motion to compel the document and submitting the document under seal to the court on December 12.

In the face of this clear language showing that Warner's motion to compel and filing under seal were late, Warner claims that its actions were timely, offering a nonsensical interpretation of the provision at issue that would render as meaningless and duplicative the very sentence that establishes the five-day deadline for filing motions to compel inadvertently produced documents.

In its Reply, Warner argues that because the Protective Order also says that a party possessing a recalled inadvertently produced document "may retain information sufficient to identify the Inadvertently Produced Privileged Document (e.g., bates number, author(s), recipient(s), date) for purposes of a motion to compel production of the document," the five-day deadline only applies to when a party must file the document under seal, not when the party must file the motion to compel. *See* (Reply in Supp. of Mot. To Compel Titov Deposition Ex. 27, D.E. # 211, at p. 1-2).  This interpretation is entirely without merit.

First, the plain language of the sentence at issue proves that the five-day deadline applies to both the submission of a motion to compel and the submission of the document under seal. If the five-day limitation were meant to apply only to the timing of filing the document under seal and not the filing of the motion to compel, they would not be described in the same sentence. Under a plain reading of the sentence, the five-day limitation applies to both.  Since "courts must

FILED UNDER SEAL                    CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

give effect to the plain language of contracts when that language is clear and unambiguous," the

Magistrate Judge should have rejected Warner's motion as untimely based on the plain language

of the Protective Order. *Arriaga v. Florida Pacific Farms, L.L.C.*, 305 F.3d 1228, 1246 (11th

Cir. 2002).

Essentially, Warner would chop the sentence in two so that it reads: "A party may move

the court for an order compelling the production of [a recalled inadvertently produced]

document. [A party] may present the document to the Court under seal within five (5) court days

of receiving a request to return the document." But this interpretation would render the first part

of the provision meaningless, since under that reading, all the sentence would establish is that a

party can file a motion to compel an inadvertently produced document. The Protective Order

already contemplates that a party can file a motion to compel. The previous sentence describes

what information a party can maintain "for purposes of a motion to compel." It is axiomatic that,

"[w]hen interpreting a contract under Florida law, [the Court] must read the contract to give

meaning to each and every word it contains, and [] avoid treating a word as redundant or mere

surplusage if any meaning, reasonable and consistent with other parts, can be given to it."

*Sembler Family Partnership No. 41, Ltd. v. Brinker Florida, Inc.*, 660 F. Supp. 2d 1307, 1314

(M.D. Fla. 2009). Since Warner's proposed construction (in addition to being contrary to the

plain reading of the provision) would render the first clause of the sentence at issue redundant,

the Court should not have entertained it.

Warner's claim that the five-day limitation contradicts the preceding language permitting

a party to retain certain information about an inadvertently produced document for purposes of a

motion to compel because the Protective Order also requires the party to submit the document

itself under seal within five days is incorrect. Warner neglects that the language regarding

FILED UNDER SEAL                    CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

submitting the document under seal is *permissive* (though the deadline for doing so is

mandatory). *See* (Stipulated Protective Order, D.E. # 68, at ¶ 20) ("a party *may* present the

document to the Court under seal") (emphasis added). That is, a party does not need to submit

the document under seal at all, but may file a motion to compel relying on the information about

the document that the Protective Order expressly allows a party to retain. This interpretation

makes perfect sense, since the Court has already expressed its disfavor of filing motions under

seal. The language allowing a party to retain information about an inadvertently produced

document is not a green light to file a motion to compel whenever it sees fit; it simply allows a

party to file a motion to compel within five days of receiving a recall notice without submitting

the recalled document itself.

        Despite its argument that the five-day limitation applies only to submitting inadvertently

produced documents under seal in support of a motion to compel, Warner still argued that its

submission of Titov Depo. Ex. 27 under seal on December 12 was not a violation of the

Protective Order. Warner begrudgingly conceded to the Magistrate Judge that the document

"arguably should not have been provided to Your Honor in connection with Warner's motion,"

but claimed that such a submission was permissible under the Protective Order. *See* (Reply in

Supp. of Mot. to Compel Titov Depo. Ex. 27, D.E. # 211, at p. 2). There is simply nothing

"arguable" about it: the Protective Order required a submission by December 5, and the

document was submitted on December 12.

        Warner's excuse for the late submission involves *another* document. Because Hotfile

inadvertently produced two copies of the same document (one recalled on November 28 and the

other in a December 3 email), Warner contends that it could have submitted on December 12 the

copy bearing the Bates number of the version recalled on December 3. *Id.* at 3. First of all,

FILED UNDER SEAL                    CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

whether Warner *could* have submitted HF00036777 (identified in the December 3 email) instead of HF02866338 (recalled November 28) is immaterial: Warner used at the Titov deposition the document Bates stamped HF02866338 and submitted the same to the Court. What Warner *could* have done doesn't excuse it from what it failed to do. The November 28 recall email explicitly asked for the destruction of "all copies" of the document. HF02866338 and HF00036777 are both copies of the same document. As such, both were recalled on November 28. The deadline for submitting the documents to the Court under seal was the same for either copy.

Finally, and most baffling, *Warner's math is incorrect.* Even if HF00036777 was recalled on December 3 and not November 28, and even if Warner had submitted HF00036777 instead of HF02866338 to the Court on December 12, such a submission still would have been untimely under the Protective Order. Five court days after Saturday, December 3 is Friday, December 9. To comply with the Protective Order, Warner would have needed to submit the document to the Court on December 9. It submitted it on Monday, December 12. Warner's attempt to claim that "there is no question" that it could have submitted HF00036777 to the Court on December 12 shows how loose Warner is playing with the facts. Warner's violations are inexcusable, and the Magistrate Judge should have rejected Warner's motion as untimely on these grounds alone. Since Warner's motion was untimely and violated the Protective Order's filing deadline, it was clear error for the Magistrate Judge to ignore Warner's violations and grant its motion.

### d.  Warner violated the Protective Order by relying on the circumstances of Hotfile's document production as the basis for its motion to compel.

Warner's motion and reply in support of the motion repeatedly cited the circumstances of Hotfile's production of Titov Depo. Ex. 27 as a basis for its motion to compel. *See* (Motion to Compel the Production of Titov Deposition Ex. 27, D.E. #180) *See* (Reply in Supp. of Mot. To

**FILED UNDER SEAL**                      CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

Compel Titov Deposition Ex. 27, D.E. # 211, at p. 3, 7-10).  Both the motion and reply refer to

the number of documents Hotfile has produced, the timing of those productions, and the nature

of the productions as a basis for arguing either that Hotfile's accidental production of Titov

Depo. Ex. 27 was not inadvertent or that it constitutes a waiver of the work product protection.

At the hearing on the motion, counsel for Warner explicitly said that Warner's motion to compel

was based on the circumstances of Hotfile's production: "It is not the fact that they produced [the

document] that makes it not inadvertent.  It is the fact that all of the *circumstances* surrounding

the production that make it legally [not] inadvertent." *See* Transcript of 1-13-2012 Hearing, p.

16, lines 15-18 (emphasis added). Warner's argument violates the explicit terms of  the stipulated

Protective Order which states that a party who receives a notice of the recall of an inadvertently

produced document "may not assert as a ground for the entering of [an order compelling

production of the document] the fact or circumstances of the inadvertent production." *See*

(Stipulated Protective Order, D.E. # 68, at ¶ 20).

   Again, Warner offers a tortured interpretation of the relevant language to excuse its

violation of the Protective Order.  Warner contends that the language "only applies when the

'inadvertence' of the production is not challenged" and that even in that case, the sentence only

means is that "a party cannot argue that the inadvertent production itself constitutes the waiver."

(Reply in Supp. of Mot. To Compel Titov Deposition Ex. 27, D.E. # 211, at p. 2) This reading is

implausible, as it would render the provision entirely meaningless and duplicative, something the

Court should not do.[5]

---

[5] As a preliminary matter, Warner offers no justification for its claim that the rule is limited to
situations where the inadvertence of the production is not challenged, likely because this
interpretation is wholly unsupported by logic or anything in the Protective Order.  And it does
not merit a response.

First, Warner fails to tell the Court that the very first sentence of Paragraph 20 of the Protective Order already says that the inadvertent production of a document does not itself constitute the waiver of work product. *See* (Stipulated Protective Order, D.E. # 68, at ¶ 20) ("Inadvertent production of any document…will not be deemed to waive any privilege or work product protection.")  Since Warner's interpretation would render the sentence at issue duplicative of the first sentence in Paragraph 20 of the Protective Order, Warner's interpretation must be rejected as contrary to established canons of interpretation. *See Sembler Family Partnership No. 41,* 660 F. Supp. 2d at 1314 (M.D. Fla. 2009).

Also, even if the Protective Order did not already state that the fact of inadvertent production does not constitute a waiver, Warner's interpretation is implausible and contrary to rules of interpretation because it would remove the word "circumstances" from the Protective Order's provision.  That is, Warner would rewrite the sentence to read a "party may not assert as a ground for the entering of such an order the fact… of the inadvertent production."  Since Warner's motion to compel violates the clear terms of the Protective Order by basing the motion on the circumstances of production, Warner's argument must be rejected as contrary to established canons of interpretation. *See id.*  ("Sembler's argument is premised upon omitting the words 'after the Effective Date,' and therefore fails.")

Finally, Warner argues that interpreting this provision to mean what it literally says (that Warner cannot cite to the fact or circumstances of Hotfile's production to support its motion to compel) would contradict other language in the Protective Order that says "Nothing in this Order shall preclude a party from arguing that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since the production of the allegedly inadvertently produced document constitutes a waiver." *See* (Reply in Supp. of Mot. To Compel Titov

17

FILED UNDER SEAL                    CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

Deposition Ex. 27, D.E. # 211, at p. 2); (Stipulated Protective Order, D.E. # 68, at ¶ 20).  Again,

Warner's interpretation is wrong.  Warner is free to argue that Hotfile's production was not

inadvertent, i.e., that it was intentional or that Hotfile has since waived the work product

protection, Warner just cannot base those arguments on the fact or circumstances of the

production of the document, because the Protective Order forbids that.[6]  Warner, in part, made

such a valid (but factually incorrect) argument by claiming that Hotfile intended to produce the

document to support its own motion to compel internal Warner investigation materials. Such an

argument is a perfect example of a non-inadvertence claim not grounded on the circumstances of

Hotfile's production. *See also Thorncreek Apartments III, LLC v. Village of Park Forest*, 2011

WL 3489828, at * 5 (N.D. Ill. Aug. 9, 2011) ("[When] determining whether a document was

inadvertently produced...courts [typically] look[ed] at the circumstances surrounding the

disclosure.  However, [recent] cases...have asked whether the party intended a privileged or

work-product related document to be produced or whether the production was a mistake.")

Since Warner has itself embraced the literal and plain meaning of this same provision of the

Protective Order, Warner cannot at the same time claim that the plain language of the Order is

---

[6] It is important to understand what is meant by the term "circumstances" of Hotfile's production
to show why Warner's motion violates this provision.  As one court noted, "[u]nder the prior
case law, reaching the conclusion that a document had been 'inadvertently produced' required
analysis of the *circumstances surrounding the production*, including the *number of documents
produced in discovery and the care with which the pre-production document review was
performed.*" *Coburn Group, LLC v. Whitecap Advisors LLC*, 640 F. Supp. 2d 1032, 1036-1037
(N.D. Ill. 2009) (emphasis added).  Thus, because the Protective Order explicitly states that a
party who seeks to compel the production of an inadvertently produced document may not argue
the facts and circumstances of the production, it was a violation of the Protective Order for
Warner to argue, as a basis for its motion to compel, the number of documents Hotfile produced
and the process by which Hotfile reviewed and produced those documents, as those arguments
constitute the circumstances surrounding the production. Warner's motion should have been
rejected for this reason as well.

contradictory or means anything other than what it says.  Warner's motion to compel should

have been denied.

### 2.  <u>The Court Should Consider Warner's Ethical Obligations</u>

Florida Rule of Professional Conduct 4-4.4(b) provides that "[a] lawyer who receives a

document relating to the representation of the lawyer's client and knows or reasonably should

know that the document was inadvertently [produced] *shall* promptly notify the sender." Fla. R.

of Pr. Conduct 4-4.4(b)(emphasis added).  In its Reply brief, Warner admitted that "Warner's

counsel had the document for more than five months before Hotfile's clawback emails, and had

integrated the document into its own work product and deposition preparation." (Reply in Supp.

of Mot. To Compel Titov Deposition Ex. 27, D.E. # 211, at p. 3-4).  Again at the oral argument,

counsel for Warner explicitly stated that Warner's counsel knew about the document and

improperly used it for months but never informed Hotfile of its inadvertent production. *See*

Transcript of 1-13-2012 Hearing, p. 19, lines 13-17.

If, as counsel for Warner stated at the hearing, Warner used the contents of Titov Depo.

Ex. 27 for months, there is simply no excuse for Warner's failure to notify Hotfile of the

inadvertent production.  Under the circumstances, Warner reasonably should have known that

the document was inadvertently produced.



REDACTED

**FILED UNDER SEAL**        CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF



Warner was under a mandatory ethical obligation to notify Hotfile that Titov Depo. Ex. 27 had been inadvertently produced.  Since Warner should have known Titov Depo. Ex. 27 was inadvertently produced, Warner's failure to do so raises serious issues under Florida's ethics rules, which are binding on counsel appearing in this Court.

## CONCLUSION

In granting Warner's motion in part, the Magistrate Judge failed to address Warner's repeated violations of the stipulated Protective Order, the Federal Rules of Civil Procedure, the Florida Rules of Professional Responsibility, and established case law.  As a result, the failure to deny Warner's motion to compel Titov Depo. Ex. 27 is clearly erroneous and contrary to law. Counsel for Warner has interpreted the Magistrate's ruling as vindication of his conduct because "The court did not even give them the time of day."  If this Court does not step in, Warner will continue to believe that it may disregard the Court's orders and rules.  Hotfile therefore respectfully requests that the Court overturn the Magistrate Judge's ruling and admonish Warner and/or impose sanctions on its counsel as the Court deems appropriate.

DATED: January 27, 2012                Respectfully submitted,

Janet T. Munn, Esq. Fla. Bar No. 501281
Email: jmunn@rascoklock.com
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone:  305.476.7101
Telecopy: 305.476.7102

And

Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email:  rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email:  aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email:  tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email:  dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email:  jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone:  415.954.4400
Telecopy: 415.954.4480

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:  617.928.1800
Telecopy:  617.928.1802

*Counsel for Defendants Hotfile Corporation*
   *and Anton Titov*

**FILED UNDER SEAL**                    CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2012, the foregoing Hotfile's Objections to

Magistrate Judge's Order Regarding Plaintiffs' Motion to Compel Titov Deposition Exhibit 27,

was served on all counsel of record identified below via e-mail and by First Class U.S. Mail:

Karen L. Stetson, Esq., Fla. Bar No.: 742937
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1211 Brickell Avenue
Suite 1600
Miami, FL 33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted *pro hac vice*)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Ave, N.W.
Suite 900
Washington, DC 20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403-5885
Telephone: 818.935.5812

By: _Janet S. Munn_____
     Janet T. Munn

22

# EXHIBIT "A"

FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants.*

_____/

HOTFILE CORP.,

     Counterclaimant,

v.

WARNER BROS. ENTERTAINMENT INC.,

     Counter-Defendant.

_____/

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF HOTFILE OBJECTIONS TO MAGISTRATE JUDGE'S ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF TITOV DEPOSITION EX. 27**

I, Roderick Thompson, declare as follows:

1.    I am a partner with the law firm Farella Braun + Martel LLP, counsel for

Defendant and Counterclaimant Hotfile Corporation ("Hotfile") and Defendant Anton Titov. I

FILED UNDER SEAL                    CASE NO. 11-20427-WILLIAMS/TURNOFF

have personal knowledge of the matters stated herein and, if called and sworn as a witness, I

could and would competently testify to the facts set forth herein.

2.      On July 28, 2011, counsel for Warner sent an email to counsel for Hotfile stating

that Hotfile had inadvertently produced a document bearing the Bates number HF02159110.  The

following morning, Hotfile sent an email to counsel for Warner asking for the return of the

document pursuant to paragraph 20 of the Protective Order.  Attached hereto as Exhibit 1 is a

true and correct copy of HF02159110.

3.      Attached hereto as Exhibit 2 is a true and correct copy of an email dated January

19, 2012, sent from sent Steven Fabrizio (an attorney of record for Warner) to Andrew Leibnitz

(my partner at Farella Braun + Martel LLP, and an attorney of record for Hotfile) regarding, in

part, the Magistrate Judge's ruling on Warner's motion to compel Titov Depo. Ex. 27.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this 27th day of January 2011, at San Francisco, California.

Roderick Thompson

# EXHIBIT "1"

REDACTED



REDACTED

CONFIDENTIAL

REDACTED



2

CONFIDENTIAL

HF02159111

REDACTED

CONFIDENTIAL

HF02159112

REDACTED



4

# EXHIBIT "2"

**Engstrom, Evan (27) x4945**

| | |
|---|---|
| **From:** | Leibnitz, Andrew (21) x4932 |
| **Sent:** | Thursday, January 19, 2012 9:09 AM |
| **To:** | 'SFabrizio@jenner.com' |
| **Cc:** | Thompson, Rod (27) x4445; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; 'jmunn@rascoklock.com'; 'vgurvits@bostonlawgroup.com'; 'DPozza@jenner.com'; 'LPlatzer@jenner.com' |
| **Subject:** | Re: Disney Enterprises Inc. et al. v. Hotfile Corp. et al. |

Steve:
In what way does it provide value to your clients to accuse me of "astonishing" hypocrisy, nonsense, frivolousness, and oversensitivity?  Attempting to berate me (as opposed to simply providing the basis for your position, which I have repeatedly asked for) is not particularly helpful.
I also remain baffled as to why you will not agree to meet and confer with me.  Plaintiffs bear the burden of proving substantial justification and harmlessness of their belated disclosures, so you (or someone on your team) must already know Plaintiffs' position.  I have told you repeatedly that I'm available anytime this week to confer. When are you available?
Regards,
Andy

----- Original Message -----
From: Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
Sent: Thursday, January 19, 2012 07:57 AM
To: Leibnitz, Andrew (21) x4932
Cc: Thompson, Rod (27) x4445; Gupta, Deepak (22) x4419; Thamkul, Janel (28) x4467; Janet Munn <jmunn@rascoklock.com>; vgurvits@bostonlawgroup.com <vgurvits@bostonlawgroup.com>; Pozza, Duane <DPozza@jenner.com>; Platzer, Luke C <LPlatzer@jenner.com>
Subject: Re: Disney Enterprises Inc. et al. v. Hotfile Corp. et al.

Andy - I am not available today to meet and confer.  Nor is anyone on our team - because of depositions in this case.  Does Hotfile intend to move to exclude?  Rod and Tony "objected" and "reserved the right" to object.  You are the only one suggesting (without any facts) that Hotfile intends to make a motion.  That is what is reflexive in this case.  You are scheduled to take Dr. Foster's deposition tomorrow.  Take the deposition.  Ask your questions.  If after having information Hotfile still plans to proceed with a motion, then we can meet and confer.

It is astonishing the hypocrisy you display.  My email says that it is irresponsible for you to be threatening a motion without having the facts (which you will have tomorrow after Dr. Foster's deposition) from which you can decide whether you have a non-frivolous basis for the motion.  We do not think that you do.  You interpret that as a threat.  Clearly, you are oversensitive.

By contrast, you accused me of multiple violations of a protective order and my ethical obligations in the clawback motion - repeatedly.  Charges that the court dismissed as without basis.  The court did not even give them the time of day - because they were wrong.  So you continue to include whatever you want in your motions.  The court has seen through your nonsense.

SBF

From: Andrew Leibnitz <aleibnitz@fbm.com<mailto:aleibnitz@fbm.com>>
Date: Thu, 19 Jan 2012 09:47:29 -0600
To: Steven Fabrizio <sfabrizio@jenner.com<mailto:sfabrizio@jenner.com>>

Cc: "Anthony P. Schoenberg" <tschoenberg@fbm.com<mailto:tschoenberg@fbm.com>>, Jennifer Yeh
<JYeh@jenner.com<mailto:JYeh@jenner.com>>, "Roderick M. Thompson"
<rthompson@fbm.com<mailto:rthompson@fbm.com>>, Deepak Gupta
<dgupta@fbm.com<mailto:dgupta@fbm.com>>, Janel Thamkul
<jthamkul@fbm.com<mailto:jthamkul@fbm.com>>, Janet Munn
<jmunn@rascoklock.com<mailto:jmunn@rascoklock.com>>,
"vgurvits@bostonlawgroup.com<mailto:vgurvits@bostonlawgroup.com>"
<vgurvits@bostonlawgroup.com<mailto:vgurvits@bostonlawgroup.com>>, Duane Pozza
<DPozza@jenner.com<mailto:DPozza@jenner.com>>, Luke Platzer
<LPlatzer@jenner.com<mailto:LPlatzer@jenner.com>>, Rochelle Lundy
<RLundy@jenner.com<mailto:RLundy@jenner.com>>
Subject: Re: Disney Enterprises Inc. et al. v. Hotfile Corp. et al.

Steve:

As you know from our prior motion on this subject, Plaintiffs bear the burden of proving
substantial justification and harmlessness to their belated disclosures. All I can do is ask
for your complete basis. If you will not provide your basis for thinking your disclosures
proper, I cannot make you do so.

Regarding the meet and confer, you appear to ignore my email. I am available any time to
discuss. Shall we say 10a my time (1 pm your time)?

I note again your threat regarding sanctions. We will expect to put your accusation, which
appears to be a reflexive threat for you, into any motion we file.

Andrew Leibnitz
Farella Braun + Martel LLP

On Jan 19, 2012, at 7:29 AM, "Fabrizio, Steven B"
<SFabrizio@jenner.com<mailto:SFabrizio@jenner.com>> wrote:


You can make threats and "understand" what you like – but you will be wrong (as has all-too-
often proven to be the case).  I do not have time to recite everything.  You will have the
witness to ask.  But, to be clear, yes, Titov's testimony came before rebuttal reports.  But
his testimony appears to have misrepresented the meaning of certain file statuses.  Through
painstaking analysis, we were able to ascertain the correct meaning of the statuses.  Hence
the corrections.  You can (and I assume will) question Prof. Foster about the changes.  The
changes do not affect Mr. Zebrak's fields.  To my understanding, they affect only the Hash
Noticed and Title Noticed fields in each exhibit.  Since that is simply Hotfile's data, and
not opinion, I fail to see how Hotfile can complain or claim prejudice.

And, for the record, this brief and incomplete email exchange is not a substitute for a
required meet-and-confer.  If you intend to waste everyone's time with a motion, then you may
so inform us and we will be prepared to confer.  However, it seems irresponsible for you to
have already decided, without any information, that you have a non-frivolous basis for a
motion.

SBF

From: Andrew Leibnitz
<aleibnitz@fbm.com<mailto:aleibnitz@fbm.com><<mailto:aleibnitz@fbm.com>mailto:aleibnitz@fbm.c
om>>
Date: Thu, 19 Jan 2012 09:08:27 -0600

REDACTED

3

REDACTED





REDACTED

5