UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**WARNER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO PERMIT USE AT TRIAL OR SUMMARY JUDGMENT
OF TITOV EX. 27 IN ITS ENTIRETY**

**PUBLIC REDACTED VERSION**

If Hotfile had any credible argument on the merits, it would have made it long ago. It did not – either in its opposition or at the February 15 oral argument on this motion. The bottom line, as this Court has observed, is that Hotfile cannot "unring the bell" on Titov Ex. 27. Hotfile did not attempt to claw back Titov Ex. 27 until after Warner and its lawyers had the document for five months – almost the entire discovery period in this case. In that time, Warner had analyzed the document, had integrated the document into its case preparation, and had used the document in devising affirmative defenses, discovery planning, and discovery itself. Indeed, although it has destroyed its own work product in compliance with the Protective Order, Warner already has partially conducted the analyses it seeks to introduce into evidence – and knows the results. Hotfile sought to claw back Titov Ex. 27 only when discovery was closing, and only after Hotfile's lead witness gave testimony about the document (without objection) that undermines Hotfile's counterclaim against Warner. By happenstance or design, Hotfile has left Warner no opportunity to "go back in time" and prepare its case anew as if Hotfile had not produced Titov Ex. 27.

In reserving final judgment on the full 297-page version of Titov Ex. 27, the Court observed that: "[U]nder all of the circumstances, I would be justified and I think a higher and wiser authority would probably agree that [Warner's] motion should be granted in toto …." Transcript of Status Conference Hearing Before the Honorable William C. Turnoff ("1/13/12 Tr.") at 31:9-31:12, attached as Exhibit A to Warner's opening brief. *See* Warner's Motion and Memorandum of Law To Permit Use At Trial Or Summary Judgment Of Titov Ex. 27 In Its Entirety, Ex. A, filed under seal January 31, 2012. None of Hotfile's arguments in opposition provide reason to vary from the Court's initial observation.

**First**, Hotfile's inflammatory accusations against Warner's counsel are truly unfounded – as this Court already has ruled. Instead of addressing the merits of its production of Titov Ex. 27, Hotfile spends the entirety of its opposition to Warner's motion attacking Warner's counsel personally with the exact same arguments Hotfile has made previously. Warner's counsel has honored the Protective Order and their ethical obligations. Indeed, on multiple occasions Warner's counsel has, on their own, brought to Hotfile's attention documents produced by Hotfile that appeared to be privileged.

Warner has previously explained the circumstances surrounding Hotfile's clawback of Titov Ex. 27. *See* Plaintiffs' Reply Memorandum of Law In Support Of Motion To Compel The

Production Of Titov Deposition Exhibit 27, filed January 5, 2012, Docket No. 211, (hereinafter "Warner's 1/5/12 Reply") at 3.  Hotfile's "clawback" of Titov Ex. 27 – in its form, timing and context – was unreasonable.  Warner took all reasonable steps to comply with the Protective Order, and did so.  This Court already has rejected the argument that Warner's counsel violated the Protective Order, finding that "the better argument here is with the plaintiff."  1/13/12 Tr. at 21:10.  As the Court reasoned – correctly – given the months that had passed between the production of Titov Ex. 27 and Hotfile's claw back of the document, and given that the document had already been integrated into Warner's case preparation, Titov Ex. 27 "has been out there for [Warner's counsel's] paralegals and his associates and everybody else, the investigators to deal with.  It would probably be difficult, if not impossible to find out exactly what use it has been put to."  1/13/12 Tr. at 21:7-8.  In the February 15 oral argument on this motion, Hotfile had the temerity to tell the Court that it just did not understand the gravity of Hotfile's arguments.  Respectfully, in connection with the earlier motion on Titov Ex. 27, Hotfile spent its entire brief and oral argument time on the argument that Warner violated the Protective Order.  The Court fully considered the argument and ruled that "the better argument is with [Warner] here."  1/13/12 Tr. at 21:7-8.

What Hotfile is doing – without saying so – is asking this court to grant <u>reconsideration</u> of its prior ruling.  Hotfile, however, has not demonstrated any ground warranting reconsideration of the Court's previous ruling.  It has not, as required, shown "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice."  *Ass'n For Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002).  Indeed, it has not even attempted to make such a showing – nor could it on these facts.

Requests for reconsideration are " not intended to be a tool for relitigating what a court has already decided."  *Reyher v. Equitable Life Assur. Soc.*, 900 F. Supp. 428, 430 (M.D. Fla. 1995).  Importantly, a request for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  "This prohibition includes new arguments that were previously available, but not pressed."  *Wilchombe*

*v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). But all Hotfile does in its opposition is to rehash previously rejected arguments.[1]

There is a separate, and equally dispositive reason the Court should not revisit its prior findings: Hotfile was so anxious to continue its personal attacks against Warner's counsel that it never stopped to realize that those accusations (initially made in connection with the 32-page excerpt of Titov Ex. 27) have no relevance to the full 297-page version of Titov Ex. 27. Warner did not use the 297-page version of Titov Ex. 27 at Mr. Titov's deposition; Warner did not file the 297-page version of Titov Ex. 27 with the Court as part of its initial motion to compel; Warner timely destroyed its copies of the 297-page version of Titov Ex. 27 in response to Hotfile's clawback email; and Warner's motion as to the 297-page version of Titov Ex. 27 was timely under the Protective Order.[2] Thus, all of Hotfile's accusations as to the 32-page excerpt of Titov Ex. 27 are irrelevant to the 297-page version of Titov Ex. 27.

Respectfully, since Hotfile chose not to oppose Warner's current motion on the merits, Warner's motion should be granted.

**Second**, as Warner pointed out in its earlier motion on Titov Ex. 27, Hotfile bears the burden of proof to demonstrate that its production of Titov Ex. 27 was deserving of protection as an "inadvertently produced" document. *See* Warner's 1/5/12 Reply, at 4-7; *see also Amobi v. D.C. Dep't of Corr.*, 262 F.R.D. 45, 53 (D.D.C. 2009); *Heriot v. Byrne*, 257 F.R.D. 645, 658 (N.D. Ill. 2009). Hotfile was required, therefore, to come forward with actual evidence explaining the circumstances of its production of Titov Ex. 27 and the steps that it took to

---

[1] While counsel stands ready to fully address Hotfile's personal accusations for a second time if and as the Court would like, for present purposes Warner refers the Court to Warner's 1/5/12 Reply. In that brief, Warner fully addressed Hotfile's charges, including demonstrating that the Protective Order in this case does not, as Hotfile continues to argue, preclude Warner from asserting that Hotfile's production of Titov Ex. 27 was not legally "inadvertent" under applicable caselaw. *See id.* at 2.

[2] As previously explained, the Protective Order does not require motions to be filed within five days. *See* Warner's 1/5/12 Reply, at 1-2. Moreover, Hotfile simply miscounts in arguing that Warner's motion was filed later than five days from the clawback. Hotfile produced two differently Bates-numbered versions of the 297-page version of Titov Ex. 27. One was clawed back on Saturday, December 3, 2011. Under the federal rules, that notice, which arrived on a non-business day, is deemed delivered on Monday, December 5. The Protective Order provides expressly that the five days for destroying documents (or filing them under seal with the Court) are ***court days***, not calendar days. Warner's motion, filed on December 12, was in fact on the fifth court day from the December 3 clawback email.

3

prevent production of privileged documents. Yet, Hotfile still has not even attempted to meet its burden; Hotfile did not even submit a declaration with its opposition to this motion. Thus, Warner's motion should be granted on that basis as well. *See* Warner's 1/5/12 Reply, at 5-6 (citing consistent line of cases rejecting claims of "inadvertent" production when proponent of privilege did not present evidence to meet its burden of proof).

**Third**, on the merits – which Hotfile does not address – Titov Ex. 27 presents a compelling case for waiver. Hotfile produced Titov Ex. 27 not once but two separate times, in June 2011 and again in October 2011. As one court put it, a defendant's "'lost in the shuffle' argument would have greater weight had it not twice disclosed the privilege documents in different forms at different times." *United States v. CITGO Petroleum Corp.*, 2007 U.S. Dist. LEXIS 27986, at *14 (S.D. Tex. Apr. 16, 2007); *see also id*. at *12 ("Evidence of multiple disclosures on multiple occasions leads the Court to believe that Citgo did not take reasonable precautions to prevent disclosure").

And while Hotfile misleadingly asserts that it produced more than a million pages of documents, Warner has already demonstrated in its earlier motion that the bulk of all document production was long completed before Hotfile produced Titov Ex. 27 in October. *See* Warner's 1/5/12 Reply, at 7-8. The October production was a discrete production related to the counterclaims. It consisted of a total of 83 documents – not millions, or even hundreds. Moreover, Hotfile has since clawed back 10 of the 83 documents from the October production. It is simply not credible for Hotfile to claim that it "inadvertently" produced one out of every eight documents produced in that October production – especially when Titov Ex. 27 is a 297-page document. Hotfile has no answer for that, which likely explains why it has never even attempted to offer an explanation.[3]

Instead of addressing the merits of Warner's motion, Hotfile contends that no case predating the 2008 amendment to Federal Rule of Evidence 502 remains good law – and that, somehow, unless Hotfile had the subjective intent to produce Titov Ex. 27, the production is de

---

[3] It is also worth noting that Hotfile's heated rhetoric about Titov Ex. 27 is not matched by its deeds. Hotfile did not even seek a stay of the Court's order on the 32-page version of Titov Ex. 27, and certainly did not rush to file its motion for review of that order (filing it on the last possible day). Moreover, as the Court noted, Hotfile did not take steps to prevent the court reporter from distributing the 32-page version of Titov Ex. 27. Hotfile can protest as angrily as it wants. Actions speak louder than words.

facto inadvertent.  But that has never been the law, not before or after Rule 502.  Indeed, in a Rule 502 case that Hotfile itself relies upon (Opp. at 18-19), the court explained – in reasoning fully applicable here – that the disclosing party's "subjective intent is not controlling" because "[a]ll inadvertent disclosures are by definition unintentional." *United States v. Sensient Colors*, 2009 U.S. Dist. LEXIS 81951, at *14 (D.N.J. Sept. 9, 2009).  "To determine if plaintiff's production was inadvertent the Court must look at a multitude of factors, including whether plaintiff took reasonable precautions to prevent errors." *Id.*

"Rule 502 does not define 'inadvertent'." MOORE'S FEDERAL PRACTICE § 26.70[6][f] (3d ed. 2011).  Given Rule 502's silence on this and related issues, leading treatises have noted – in direct contradiction to Hotfile's claim – that "the pre-2008 case law remains pertinent to application of this rule."  8 Wright, Miller, and Marcus, FEDERAL PRACTICE AND PROCEDURE § 2016.3 (3d ed. 2010).

Under the clear weight of authority – and notwithstanding Hotfile's citation to a few outlier decisions – courts continue to rely on pre-Rule 502 caselaw to determine when a disclosure is "inadvertent."  In *Heriot v. Byrne*, 257 F.R.D. 645 (N.D. Ill. 2009), for instance, the district court expressly held that pre-Rule 502 caselaw applies to determine inadvertence.  Before Rule 502, inadvertence was determined by "factors such as the total number of documents reviewed, the procedures used to review the documents before they were produced, and the actions of producing party after discovering that the documents had been produced." *Id.* at 658-59.  The *Heriot* court concluded that in the wake of Rule 502, it "c[ould] find no reason to discard these factors, which aptly address the issue of whether a party inadvertently disclosed confidential information." *Id.* at 659.  Similarly, "[p]ost-amendment [of Rule 502], district courts in the Third Circuit have continued to consider [five] factors relevant to the issue of inadvertent disclosure of privileged material." *Rhoades v. YWCA*, 2009 U.S. Dist. LEXIS 95486, at *6 (W.D. Pa. Oct. 14, 2009) (citing cases post-dating Rule 502's enactment); *see also Silverstein v. Fed. Bureau of Prisons*, 2009 U.S. Dist. LEXIS 121753, at *28-*29 (D. Colo. Dec. 14, 2009) (listing multiple factors for determining "inadvertence" under Rule 502(b)).  And *Sensient Colors* – which Hotfile itself cites (Opp. at 18-19) –  further supports this view, as it too relies on pre-Rule 502 caselaw to define inadvertence.  *See* 2009 U.S. Dist. LEXIS 81951, at *14 (stating "inadvertent" disclosure is defined by "a multitude of factors").

5

In the same way, Hotfile's claim that "the explicit terms of any clawback provision [] govern" (Opp. at 19) misses the mark. The Protective Order clearly and unequivocally provides that a party may argue that a production was not inadvertent:

> Nothing in this Order shall preclude a party from arguing that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

Protective Order, May 19, 2011, Docket No. 68, at ¶ 20, p. 19. It does not, however, define when a disclosure is "inadvertent" – and therefore "allow[ing] the explicit terms of any clawback provision to govern" in this case (as Hotfile argues) does not address whether Hotfile has met its burden of proving inadvertence. Hotfile's reliance on *Rally Manufacturing, Inc. v. Federal-Mogul Corp.*, 2011 WL 2938270 (S.D. Fla. July 21, 2011) is similarly inapt. *Rally Manufacturing* does not raise, let alone discuss, the question at the crux of this dispute: whether the disclosure at issue was inadvertent.

Thus, cases that pre-date the amendment of Rule 502 remain good authority and under that authority Hotfile's disclosure of Titov Ex. 27 cannot be deemed inadvertent.

**Finally**, Hotfile's argument that Warner's counsel should have recognized from the face of Titov Ex. 27 that the document was work product, simply put, is frivolous. That Hotfile did not even make this argument in connection with the prior motion on Titov Ex. 27 speaks volumes.

[redacted]

But to see the absurdity of Hotfile's new argument the Court need look no further than the fact that Hotfile's lead counsel had Titov Ex. 27 in his hands and was reviewing it during the entire time Hotfile's corporate representative was being examined on it. Yet, apparently, Hotfile's lead counsel – who presumably is privy to Hotfile's work product in ways Warner is not – did not once object to the use of Titov Ex. 27 as work product. If Hotfile's lead counsel apparently did not recognize Titov Ex. 27 as work product, Hotfile can hardly accuse Warner's counsel of misconduct for not recognizing it.

## CONCLUSION

For the foregoing reasons, and those stated in Warner's opening memorandum and in Warner's 1/5/12 Reply (Docket No. 211), the Court should grant Warner's motion to compel access to the full 297-page version of Titov 27.

Dated: February 21, 2012
Respectfully submitted,

By: /s/ Karen L. Stetson

Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, Fl 33131
Telephone: (305) 461-6880
Facsimile: (305) 461-6887

| | |
|---|---|
| MOTION PICTURE ASSOCIATION OF AMERICA, INC. | JENNER & BLOCK LLP |
| Karen R. Thorland (*Pro Hac Vice*) | Steven B. Fabrizio (*Pro Hac Vice*) |
| 15301 Ventura Blvd. | Duane C. Pozza (*Pro Hac Vice*) |
| Building E | Luke C. Platzer (*Pro Hac Vice*) |
| Sherman Oaks, CA 91403 | 1099 New York Ave., N.W. |
| Phone: (818) 995-6600 | Suite 900 |
| Fax: (818) 285-4403 | Washington, DC 20001 |
| | Telephone: (202) 639-6000 |
| | Facsimile: (202) 639-6066 |

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
  /_____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 21st day of February, 2012, I served the following documents on all counsel of record on the attached service list via electronic mail per the parties' service agreement:

> **Warner's Reply Memorandum Of Law In Support Of Motion To Permit Use At Trial Or Summary Judgment Of Titov Ex. 27 In Its Entirety**

I further certify that I am admitted *pro hac vice* to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Luke C. Platzer
Luke C. Platzer

# SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*