UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
                                                                    /

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
                                                                    /

**DECLARATION OF DUANE C. POZZA IN SUPPORT OF WARNER'S RESPONSES
TO HOTFILE'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER REGARDING
WARNER'S MOTION TO COMPEL TITOV DEPOSITION EXHIBIT 27**

**PUBLIC REDACTED VERSION**

I, Duane C. Pozza, hereby declare as follows:

1.  I am a partner at the law firm of Jenner & Block LLP, and counsel to the plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. ("Warner") in this action (collectively "Plaintiffs").  The statements made in this declaration are based on my personal knowledge.

2.  Attached hereto as Exhibit A is a true and correct copy of an email exchange between Warner's lead counsel and Hotfile's lead counsel dated January 15, 2012.

3.  Attached hereto as Exhibit B is a true and correct copy of an email exchange between Warner's lead counsel and Hotfile's lead counsel dated December 5, 2011.

4.  Attached hereto as Exhibit C is a true and correct copy of excerpts from the transcript of the hearing held before Magistrate Judge Turnoff on January 13, 2012.

5.  On Monday, November 28, 2011, I received an email from Tony Schoenberg, counsel for Hotfile, requesting the clawback of certain documents, including the document at issue in Hotfile's objections here.  During the following week, I called Mr. Schoenberg, and requested a short extension of time to destroy the identified documents.  Mr. Schoenberg agreed to extend by five additional court days the deadline under the protective order by which Plaintiffs would need to destroy the copies of the clawed-back documents.  The agreed deadline for certifying destruction of the document at issue was therefore Monday, December 12, 2011, rather than Monday, December 5, 2011.  Putting aside any of Hotfile's accusations about Warner's use of the document, Hotfile's claim that Plaintiffs violated the protective order by failing to destroy the clawed-back document at issue within five days (or, properly calculated, five court days) neglects the granting of this extension to destroy the document by Monday, December 12.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of February, 2012 in Washington, D.C.

_____
Duane C. Pozza

# EXHIBIT A

**Platzer, Luke C**

| | |
|---|---|
| **From:** | Fabrizio, Steven B |
| **Sent:** | Sunday, January 15, 2012 2:09 PM |
| **To:** | 'rthompson@fbm.com'; Pozza, Duane; 'tschoenberg@fbm.com' |
| **Cc:** | Platzer, Luke C; 'aleibnitz@fbm.com'; 'jmunn@rascoklock.com' |
| **Subject:** | Re: Source code production |

With all respect re Titov 27, Judge Turnoff was explicit that his rulings take effect immediately. We cannot delay working with the document - and the Court said we could. On the source code, I do believe your memory is correct. But the court left it to the parties to work out what makes sense. Since we spent days negotiating the source code provisions of the PO, that seems to make sense. But obviously that requires your agreement.

SBF

-----------------------
Sent from Blackberry

**From**: RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent**: Sunday, January 15, 2012 12:54 PM
**To**: Pozza, Duane; TSchoenberg@fbm.com <TSchoenberg@fbm.com>
**Cc**: Fabrizio, Steven B; Platzer, Luke C; ALeibnitz@fbm.com <ALeibnitz@fbm.com>; jmunn@rascoklock.com <jmunn@rascoklock.com>
**Subject**: RE: Source code production

Duane, we will take a look at the provisions in the protective order and see if they are adequate.  We ordered a transcript so we can all see what Judge Turnoff said on the subject— for example I think he said several times disclosure must be limited to 1 lawyer and 1 expert.

On a related subject, please make no use of Exhibit 27 and the related deposition testimony. We are considering filing an objection to that order and will make a decision once we have the opportunity to evaluate the written ruling.  (We have 14 days from receipt of the ruling to file objections.)  Thanks.

Rod

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent**: Sunday, January 15, 2012 10:04 AM
**To:** Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963
**Cc:** Fabrizio, Steven B; Platzer, Luke C
**Subject:** Source code production

Rod,
As Tony can attest, we spend quite a bit of time negotiating the rather detailed source code production provisions in the Protective Order (paragraph 12).  Those were negotiated with an eye toward a situation like the one we are in now – defendants were clear that they would oppose production of source code and the Protective Order provisions would apply only if the Court ordered its production.  Rather than revisit the protocol anew, I suggest that we follow the Protective Order provisions as already entered.  This seems to be the most fair and efficient way of proceeding.  Let us know if this is fine.

1

Regards,
Duane

---

**Duane Pozza**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6027
Fax (202) 661-4962
DPozza@jenner.com
www.jenner.com

---

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

# EXHIBIT B

**(redacted)**

# EXHIBIT C

**(redacted)**