IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:11-cv-20427 WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

*Defendants.*
_____/
HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

**MOTION OF THE ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

The Electronic Frontier Foundation ("EFF") moves the Court for leave to file a brief amicus curiae in support of Counterclaim-Plaintiff Hotfile Corporation's ("Hotfile's") opposition to Counterclaim-Defendant Warner Brothers' ("Warner's") Motion for Summary Judgment.

1

**MEMORANDUM OF LAW**

**I.     Interest of Amicus**

EFF is a non-profit, member-supported civil liberties organization working to protect rights in the digital world.  EFF encourages and challenges industry, government and the courts to support free expression, privacy, and openness in the information society.  Founded in 1990, EFF is based in San Francisco, California.  EFF has members all over the United States and maintains one of the most linked-to websites (http://www.eff.org) in the world.

EFF represents the interests of Internet users, who are not directly represented in disputes such as this one between Internet-based businesses and copyright owners.  EFF has particular interest in the rule of law at issue in Hotfile's counterclaim, section 512(f) of the Digital Millennium Copyright Act of 1998, 17 U.S.C. § 512(f).  EFF has represented numerous plaintiffs in Section 512(f) cases. *See e.g., Sapient v. Uri Geller and Explorologist Ltd.,* 3:07-cv-02478 VRW (N.D. Cal.); *Showing Animals Respect and Kindness v. Professional Rodeo Cowboys Ass'n*, 1:08-cv-03314 (N.D. Ill). In particular, it represents Stephanie Lenz in *Lenz v. Universal Music Corp.*, 5:07-cv-03783 JF (N.D. Cal.).  A central issue in that case, as in this one, is whether the defendant formed the requisite good faith belief that material on a website was not authorized by law before sending a takedown notice under the Digital Millennium Copyright Act.

**II.    Standards for Amicus Participation**

Granting leave for amicus participation is left to this Court's discretion.  However, several courts have suggested guideposts.  An amicus brief is valuable and should be accepted when the amicus will "collect background or factual references that merit judicial notice," when the amicus has "particular expertise not possessed by any party to the case," or can "argue points deemed too far-reaching for emphasis by a party intent on winning a particular case," or "explain the impact a potential holding might have on an industry or other group." *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.).  Because of the assistance that an amicus may provide, and the ease of simply disregarding a brief that later proves unhelpful, "it is preferable to err on the side of granting leave." *Id.* at 133.  The Eleventh Circuit

2

has recognized that District Courts "possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 at n.34 (11th Cir. 2006).

> Another court of appeals described three situations where amicus briefs will be helpful: 1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of *stare decisis* or *res judicata*, materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do.

*Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (Posner, J.).

### III.    EFF Will Provide Valuable Perspective

EFF respectfully submits that its brief will assist the Court in all of these ways. First, EFF represents the interests of Hotfile's users, who are not otherwise represented in this case. As described more fully in EFF's brief, individuals use services like Hotfile lawfully to store and transfer large files, including creative works that they themselves own. It is for these users – whom EFF represents here – that the economic and social costs of improper takedowns under the Digital Millennium Copyright Act fall most directly. These users thus have a keen interest in effective application of Section 512(f), which was intended to discourage such improper takedowns.

In addition, as described above, EFF's client Stephanie Lenz has a direct interest in another pending case (*Lenz v. Universal Pictures*) which concerns the same statutory provision and the duties of a copyright owner who requests takedowns of material from the Internet.

Finally, having participated as party counsel or amicus in several cases under Section 512(f), a provision with limited judicial interpretation to date, EFF can provide a unique perspective on the development of the law under that provision, its role in safeguarding free expression on the Internet, and how it preserves due process in the extrajudicial self-help mechanism of Section 512 of the DMCA. These concerns go beyond the outcome of the instant

3

case, but the outcome of this case has the potential to impact them.  EFF can provide a broader perspective.

**IV.     Conclusion**

For the foregoing reasons, EFF respectfully requests leave to file the attached amicus curiae brief.

Dated:  March 5, 2012                              ELECTRONIC FRONTIER FOUNDATION


/s/ Dineen Pashoukos Wasylik
DINEEN PASHOUKOS WASYLIK
Florida State Bar No. 191620
CONWELL KIRKPATRICK, PA
2701 N. Rocky Point Drive
Suite 1030
Tampa, Florida 33607
Telephone: 813-282-8000
Facsimile: 813-282-8800
*dwasylik@ckbusinesslaw.com*

MITCHELL L. STOLTZ (*pro hac vice pending*)
*mitch@eff.org*
KURT OPSAHL
*kurt@eff.org*
CORYNNE MCSHERRY
*corynne@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Amicus Curiae

4

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised. Hotfile consents to the relief sought, but following a consultation in good faith, Warner does not consent.

Dated: March 5, 2012  ELECTRONIC FRONTIER FOUNDATION

/s/ Dineen Pashoukos Wasylik
DINEEN PASHOUKOS WASYLIK
Florida State Bar No. 191620
CONWELL KIRKPATRICK, PA
2701 N. Rocky Point Drive
Suite 1030
Tampa, Florida 33607
Telephone: 813-282-8000
Facsimile: 813-282-8800
*dwasylik@ckbusinesslaw.com*

MITCHELL L. STOLTZ (*pro hac vice pending*)
*mitch@eff.org*
KURT OPSAHL
*kurt@eff.org*
CORYNNE MCSHERRY
*corynne@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Amicus Curiae

## CERTIFICATE OF SERVICE

*Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.*
**Case No.: 1:11-cv-20427-KMW (Williams/Turnoff)**

I HEREBY CERTIFY that a true and correct copy of the foregoing MOTION OF THE ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF was served by the Court's ECF system on March 5, 2012, on all counsel or parties of record on the service list.

Dated: March 5, 2012

/s/ Dineen Pashoukos Wasylik
DINEEN PASHOUKOS WASYLIK

*Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.*
Case No.: 1:11-cv-20427-KMW (Williams/Turnoff)

### SERVICE LIST

Steven B. Fabrizio
Duane C. Pozza
Jennifer V. Yeh
Luke C. Platzer
JENNER & BLOCK
1099 New York Avenue, N.W., Suite 900
Washington, DC 10022
202-639-6094
Email: sfabrizio@jenner.com
Email: dpozza@jenner.com
Email: jyeh@jenner.com
Email: lplatzer@jenner.com

Karen R. Thorland
Senior Content Protection Counsel
MOTION PICTURE ASSOCIATION OF AMERICA, INC.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403
818-935-5812
Email: Karen_Thorland@mpaa.org

Karen Linda Stetson
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
305-416-6880
Fax: 305-416-6887
Email: karen.stetson@gray-robinson.com

Attorneys for Plaintiffs/Counter-Defendants
Disney Enterprises, Inc.,
20th Century Fox Film Corporation,
Universal City Studios Productions,
Columbia Pictures Industries, Inc., and
Warner Brothers Entertainment, Inc.

Anthony P. Schoenberg
Deepak Gupta
Janel Thamkul
N. Andrew Leibnitz
Roderick M. Thompson
FARELLA BRAUN & MARTEL, LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
415-954-4400
Email: tschoenberg@fbm.com
Email: dgupta@fbm.com
Email: jthamkul@fbm.com
Email: aleibnitz@fbm.com
Email: rthompson@fbm.com

Janet T. Munn
RASCO KLOCK REININGER PEREZ ESQUENAZI VIGIL & NIETO
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
305-476-7101
Fax: 305-476-7102
Email: jmunn@rascoklock.com

Valentin Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
617-928-1804
Email: vgurvits@bostonlawgroup.com

Attorneys for Defendants/Counter-Claimants
Hotfile Corp., Anton Titov, Does 1-10, and Lemuria Communications, Inc.