# EXHIBIT 8

Page 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

     Plaintiffs,
                            CASE NO.
  vs.                   11-20427-WILLIAMS-TURNOFF

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

     Defendants.
_____
AND RELATED CROSS-ACTION.
_____

HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF MICHAEL BENTKOVER

Los Angeles, California

Tuesday, December 13, 2011

Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 177476A

```
 1                UNITED STATES DISTRICT COURT

 2                SOUTHERN DISTRICT OF FLORIDA

 3

 4  DISNEY ENTERPRISES, INC.,
    TWENTIETH CENTURY FOX FILM
 5  CORPORATION, UNIVERSAL CITY
    STUDIOS PRODUCTIONS LLLP,
 6  COLUMBIA PICTURES INDUSTRIES,
    INC., and WARNER BROS.
 7  ENTERTAINMENT INC.,

 8          Plaintiffs,
                              CASE NO.
 9      vs.                   11-20427-WILLIAMS-TURNOFF

10  HOTFILE CORP., ANTON TITOV,
    and DOES 1-10,
11
            Defendants.
12  _____
    AND RELATED CROSS-ACTION.
13  _____

14

15    HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

16          Videotaped deposition of MICHAEL BENTKOVER,

17  taken on behalf of Defendants and Counterclaimant

18  at 633 West Fifth Street, Suite 3600, Los Angeles,

19  California, beginning at 9:38 A.M. and ending at

20  12:17 P.M. on Tuesday, December 13, 2011, before

21  LORI SCINTA, RPR, Certified Shorthand Reporter No.

22  4811.

23

24

25
```

```
 1   APPEARANCES:

 2

 3   For Plaintiffs:

 4
         JENNER & BLOCK LLP
 5       BY:  STEVEN B. FABRIZIO
         Attorney at Law
 6       1099 New York Avenue, NW, Suite 900
         Washington, D.C. 20001-4412
 7       202.639.6000
         Email:  sfabrizio@jenner.com
 8

 9
     For Defendants and Counterclaimant:
10

11       FARELLA BRAUN + MARTEL LLP
         BY:  EVAN M. ENGSTROM
12       Attorney at Law
         235 Montgomery Street
13       San Francisco, California 94104
         415.954.4400
14       Email:  eengstrom@fbm.com

15

16
     Videographer:
17

18       VONYARN MASON
         SARNOFF COURT REPORTERS
19       20 Corporate Park, Suite 350
         Irvine, California 92606
20       877.955.3855

21

22

23

24

25
```

```
 1                    INDEX (Continued):

 2

 3

 4                   REFERENCE REQUESTED

 5                         (None)

 6

 7

 8               INSTRUCTION NOT TO ANSWER

 9                         (None)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 17

1  easier.  Less confusion later on.

2          MR. ENGSTROM:  So I would like to mark as

3  Bentkover 1 this document here.

4          (Bentkover Exhibit 1 was marked for

5          identification by the court reporter.)

6          (Discussion off the record.)

7          MR. FABRIZIO:  She's saying that because some

8  witnesses -- not you, of course --

9          THE WITNESS:  Right.

10         MR. FABRIZIO:  -- tend to walk out with their

11 little fingers on the documents, and then she has to

12 chase them down the rest of the week.

13         THE WITNESS:  I'll make sure I give it back to

14 you.

15 BY MR. ENGSTROM:

16     Q   Please take a look and just --

17     A   Okay.

18     Q   -- review the document and let me know when

19 you've had a chance to...

20         You can mainly focus on the first two pages of

21 it.  I won't be asking about the rest.

22         MR. FABRIZIO:  Counsel, just while the witness

23 is reviewing this, I -- I -- I just note that the two

24 emails on the first page are several months apart.

25         Is this how it was produced to you?

```
 1            MR. ENGSTROM:  Yes.  It -- let me -- we'll get
 2   there.  Yes, these are produced --
 3       Q    I guess the first question is:  Do you have any
 4   reason to believe that this document is not what it
 5   appears to be?
 6       A    No.  This is -- this looks correct.
 7       Q    Okay.  Do you have any reason --
 8            MR. FABRIZIO:  I'll lodge an objection as to
 9   vague.
10   BY MR. ENGSTROM:
11       Q    Okay.  Do you have any reason to believe that
12   any documents that were produced by Warner in this
13   deposition that bear your email address as a "To:" or
14   "From:" are not authentic?
15            MR. FABRIZIO:  Objection.  Calls for
16   speculation and lacks foundation.
17   BY MR. ENGSTROM:
18       Q    You can answer.
19       A    I don't know.  This is the only document I've
20   seen.  So far, I'm fine with it.
21       Q    I understand.
22            But you -- there's no reason you would believe
23   that any documents that your -- Warner Bros. produced
24   would be inauthentic?
25            MR. FABRIZIO:  Again, calls for speculation,
```

```
 1    lacks foundation, is overbroad.
 2              You haven't -- you haven't established that
 3    this witness had any role in producing the documents.
 4              THE WITNESS:  Again, this is the only document
 5    I've seen.  So far this is one that I believe we
 6    produced.
 7    BY MR. ENGSTROM:
 8         Q    Do you recognize this document?
 9         A    Yes.
10         Q    Do you recall sending -- we'll start with the
11    bottom level email, which starts on the bottom of the
12    first page WARNER025866.
13              It appears to be sent Thursday, April 30th,
14    2009.
15              Could you read the first part of the email,
16    please.
17         A    Okay.  "I was wondering if you have
18              any type of takedown tool that could
19              assist us in removing content from
20              HOTFILE that infringes Warner Bros.
21              Entertainment Inc. rights, rather than
22              sending an official takedown abuse
23              notice every time URL's are
24              identified.  As you know, we recently
25              requested over 1000 URLs which were
```

```
 1              MR. FABRIZIO:  Consider it a standing
 2    objection.
 3              MR. ENGSTROM:  Fair enough.
 4              I'd like to introduce as Exhibit I believe 4 --
 5              MR. FABRIZIO:  Yes.
 6              MR. ENGSTROM:  -- the attached document to you.
 7              (Bentkover Exhibit 4 was marked for
 8              identification by the court reporter.)
 9              THE WITNESS:  Okay.
10    BY MR. ENGSTROM:
11         Q    Are you familiar with this --
12         A    Yes, I am.
13         Q    -- document, Mr. Bentkover?
14         A    Uh-huh.
15         Q    Okay.  Off the bat, do you know who Fileserve
16    is or what Fileserve is?
17         A    Yes.
18         Q    What is Fileserve?
19         A    It's an online cyberlocker site.
20         Q    Is it similar to Hotfile in terms of --
21         A    Yes.
22         Q    -- the way it operates?
23              MR. FABRIZIO:  Objection to form.  Calls for
24    speculation.
25    BY MR. ENGSTROM:
```

Page 51

1  BY MR. ENGSTROM:
2      Q   So the -- the extent of working with Fileserve
3  to remove infringing materials was sending takedown
4  notices?
5          MR. FABRIZIO:  Same objections.
6          THE WITNESS:  Yes.
7  BY MR. ENGSTROM:
8      Q   Okay.  Is the automated way to remove files --
9  the preferred way, the automated way to refer -- remove
10 files from the system, are you referring to an SRA?
11     A   Yes, I am.
12     Q   Okay.  Did you communicate with Fileserve about
13 any other mechanisms for limiting infringement on
14 Fileserve?
15         MR. FABRIZIO:  Objection.  Lacks foundation,
16 vague as to "you."
17 BY MR. ENGSTROM:
18     Q   When I say "you," I'm referring to you, Michael
19 Bentkover.
20     A   No.
21     Q   And if I'm referring to Warner Bros., I'll
22 refer to Warner Bros.
23         MR. FABRIZIO:  Throughout the deposition?
24         MR. ENGSTROM:  Yes.  Unless it's clear from the
25 context.  And if there is a question, please ask me to

Page 112

 1

 2          I, the undersigned, a Certified Shorthand

 3  Reporter of the State of California, do hereby certify:

 4          That the foregoing proceedings were taken

 5  before me at the time and place herein set forth; that

 6  any witnesses in the foregoing proceedings, prior to

 7  testifying, were duly sworn; that a record of the

 8  proceedings was made by me using machine shorthand

 9  which was thereafter transcribed under my direction;

10  that the foregoing transcript is a true record of the

11  testimony given.

12          Further, that if the foregoing pertains to

13  the original transcript of a deposition in a Federal

14  Case, before completion of the proceedings, review of

15  the transcript [ x ] was [ ] was not requested.

16          I further certify I am neither financially

17  interested in the action nor a relative or employee

18  of any attorney or party to this action.

19          IN WITNESS WHEREOF, I have this date

20  subscribed my name.

21

22  Dated: 12-15-11

23

24                         _____
                           LORI SCINTA, RPR
25                         CSR No. 4811