# EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    Plaintiffs,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

    Defendants.
_____/

HOTFILE CORP.,

    Counterclaimant,

v.

WARNER BROS. ENTERTAINMENT INC.,

    Counter-Defendant.
_____/

### DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORY NO. 10

PROPOUNDING PARTY:    Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment

**HIGHLY CONFIDENTIAL**

26501\2957105.1

CASE NO. 11-20427-WILLIAMS-TURNOFF

RESPONDING PARTIES:   Defendants Hotfile Corporation and Anton Titov (collectively "Hotfile")[1]

SET NO.:   One (1)

## GENERAL OBJECTIONS

1.      Hotfile has not completed its investigation of facts, witnesses or documents relating to this case, has not completed discovery, has not completed analysis of available information, and has not completed preparation for trial.  Hotfile reserves the right to supplement its response to each and every interrogatory (or part thereof) without obligating itself to do so, and reserves the right to introduce and rely upon such information in the course of this litigation.

2.      All of the responses set forth below are based solely on such information and documents that are available to and specifically known to Hotfile at this time.  It is anticipated that further discovery, independent investigation, and analysis may lead to substantial additions or changes in, and variations from the responses set forth herein.

3.      Hotfile objects to each interrogatory to the extent that it is vague, ambiguous, overbroad, and requires an unduly burdensome search for and production of, documents or information neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and which will result in unnecessary burden and undue expense to Hotfile.

4.      Hotfile objects each interrogatory to the extent that it seeks disclosure of information or documents protected from disclosure or production by the attorney-client privilege, the attorney work-product doctrine, or any other privilege available under statutory, constitutional or common law.  Inadvertent production of any such information or documents shall not constitute waiver of any privilege or any other ground for objecting to discovery with

---

[1] The Defendants reserve their respective rights to assert all appropriate separate defenses.  Mr. Titov is included in the shorthand term "Hotfile" along with Hotfile Corp. solely as a convenience and in light of the Parties agreement "that discovery requests served by one side on the opposing side will be equally applicable to all parties on the other side."  Joint Scheduling Conference Report, filed 4/15/11, Dkt. 54 at 16.  Nothing in these responses is an admission by Anton Titov or Hotfile Corp. of any particular relationship between them or any other fact.

26501\2957105.1                                    2                              **HIGHLY CONFIDENTIAL**

respect to such information or documents, nor shall inadvertent production waive Hotfile's right to object to the use of any such information or documents in any proceedings.

5. Hotfile objects to each interrogatory to the extent that it seeks electronically stored information that is not reasonably accessible to Hotfile because of undue burden or cost.

6. Hotfile objects to each interrogatory to the extent that it calls for disclosure of private, proprietary, and confidential information. Hotfile will not produce private, proprietary, and/or confidential information or documents unless and until a Protective Order is issued in this litigation. Hotfile reserves its right to object to disclosure of any private, proprietary, and confidential information in light of the terms of the Protective Order in this litigation or based on any state, federal, or international standards or laws governing privacy.

7. Hotfile objects to each interrogatory to the extent it seeks proprietary information of third parties which Hotfile is not authorized to disclose. Hotfile will not produce private, proprietary, and/or confidential information or documents unless and until a Protective Order is issued in this litigation. Hotfile further reserves the right to object to the disclosure of any information protected by any state, federal, or international standards or laws governing privacy.

8. Hotfile objects to the Definition of "Hotfile users" as vague, ambiguous, and overbroad. As currently defined, that term purportedly refers to every internet user who has ever accessed the Hotfile.com website for any purpose, irrespective of whether a given individual has actually downloaded files from or uploaded files to Hotfile.com. To the extent that Plaintiffs' interrogatories seek information regarding or related to all such internet users, such interrogatories are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9. Hotfile objects to the Definition of "You" as overbroad. As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute. To the extent that Plaintiffs' interrogatories seek information regarding or related to irrelevant entities, such

interrogatories are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10. Hotfile objects to the Definition of "Hotfile entity" as overbroad. As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute. To the extent that Plaintiffs' interrogatories seek information regarding or related to all such entities, such requests are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

11. Hotfile objects to the providing of information about activities outside the United States as overbroad and unduly burdensome. "Federal copyright law has no extraterritorial effect, and cannot be invoked to secure relief for acts of infringement occurring outside the United States." *Palmer v. Braun,* 376 F.3d 1254, 1258 (11th Cir. 2004). Hotfile objects to all interrogatories that seek information related to conduct occurring outside the United States.

12. Hotfile objects to each interrogatory to the extent it imposes on Hotfile obligations that exceed or are inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

13. Hotfile objects to each interrogatory to the extent it imposes on Hotfile obligations that are inconsistent with United States or foreign privacy laws.

14. All responses to these interrogatories are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve:

    a. all objections as to the competence, relevance, and admissibility of any documents or information produced in response to these interrogatories as evidence for any purpose in subsequent proceedings or at the trial of this or any other action, arbitration, proceeding or investigation;

    b. the right to object on any ground at any time to the use of any of the documents or information provided in response to these interrogatories, or the subject

HIGHLY CONFIDENTIAL

26501\2957105.1

CASE NO. 11-20427-WILLIAMS-TURNOFF

matter thereof, in any subsequent proceedings or at any trial(s) of this action, or any other action, arbitration, proceeding or investigation; and

  c. the right to object on any ground at any time to a demand for further responses to these interrogatories or any other requests, or to other discovery proceedings involving or relating to the subject matter of these interrogatories.

 15. The general objections stated herein are incorporated by reference into each response herein, as if fully set forth below. While Hotfile has responded to this interrogatory for production, it does so without waiving any right to object to any further inquiry or any effort to compel responses beyond those provided herein. Any response provided herein is subject to, and limited by, all general and specific objections stated herein.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 10:**

Identify each user whose access to the Hotfile website any Defendant or Hotfile Entity has ever terminated, limited, suspended, or otherwise penalized, and for each state:

a) The specific reason(s) therefore;

b) The date on which such action was taken; and

c) Whether the user was believed or alleged to be a copyright infringer or a repeat infringer. For purposes of responding to this Interrogatory, Plaintiffs do not believe that Defendants may lawfully withhold information on the basis that it contains identifying information regarding specific Hotfile users. Without prejudice to Plaintiffs' right to seek the identity and additional information pertaining to such users, Defendants may, in the first instance, limit their identification of users in response to this Interrogatory by identifying the users' usernames, Hotfile user identification number, and geographic location (such as by providing country, city and state information and/or sufficient unredacted IP address information).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Hotfile has conducted further investigation in response to this interrogatory and discovered additional responsive information.

5  **HIGHLY CONFIDENTIAL**

26501\2957105.1

CASE NO. 11-20427-WILLIAMS-TURNOFF

Hotfile hereby supplements and amends its previous response.  This response supersedes and replaces Hotfile's previous response to this Interrogatory No. 10.

Hotfile incorporates by reference it general objections to this interrogatory.  Hotfile further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information pertaining to any "Hotfile Entity" as that term is defined in the Definitions and Instructions.  As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute.  Hotfile further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information pertaining to "Hotfile users" as that term is defined in the Definitions and Instructions.  Plaintiffs' definition includes every internet user who has ever accessed the Hotfile website, regardless of whether such user has uploaded or downloaded files from Hotfile.  It is impossible for Hotfile to know the identity of every person who has ever accessed the Hotfile website.  Hotfile further objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information regarding users that have been terminated for reasons unrelated to the alleged copyright infringement upon which this dispute is based.

 Subject to those general and specific objections, Hotfile responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Hotfile has produced, to the extent information is available, documents sufficient for Plaintiffs to ascertain the Hotfile identification number of terminated users recorded in Hotfile's database, and the date of the terminations and the reason(s) for the terminations.  *See* HF00000048.  In addition to the repeat copyright infringer terminations expressly noted in HF00000048, Hotfile recorded the termination of over 700 users prior to the institution of this lawsuit for which it did not retain an exact date or reason for termination.  *Id*. (see rows with N/A for date and reason for termination).  Based on Hotfile's internal investigation, a portion of these users were terminated under Hotfile's repeat copyright

**HIGHLY CONFIDENTIAL**

infringer policy.  Furthermore, as Mr. Titov testified at his deposition, in or around 2009, before Hotfile had the functionality to "suspend" users (which would preserve certain data about the users in a database), Hotfile "deleted" many users for copyright infringement.  Data regarding such user deletions was not maintained in Hotfile's databases and, thus, are not reflected on HF00000048.  *See* Deposition of Anton Titov as 30(b)(6) Representative of Hotfile Corp. at 290:7-12, 294:4-295:10.

DATED:  February 10, 2012                By:     /s/ Deepak Gupta
                 Roderick M. Thompson (admitted *pro hac vice*)
                 Andrew Leibnitz (admitted *pro hac vice*)
                 Anthony P. Schoenberg (*admitted pro hac vice*)
                 Deepak Gupta (admitted *pro hac vice*)
                 Janel Thamkul (admitted *pro hac vice*)
                 FARELLA BRAUN + MARTEL LLP
                 235 Montgomery St.
                 San Francisco, CA  94104
                 Telephone:  415.954.4400
                 Telecopy: 415.954.4480

                 *Counsel for Defendants Hotfile Corp. and Anton Titov*

CASE NO. 11-20427-WILLIAMS-TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, I caused to be served the foregoing DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORY NO. 10 on all counsel of record or pro se parties identified below via their email address(es) as set forth on the attached Service List, pursuant to the parties' service agreement.

I further certify that I am admitted pro hac vice to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date at San Francisco, California

/s/
Deepak Gupta

8

**HIGHLY CONFIDENTIAL**

26501\2957105.1

CASE NO. 11-20427-WILLIAMS-TURNOFF

## **SERVICE LIST: CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

Duane C. Pozza, Esq.
Luke C. Platzer, Esq.
Steven B. Fabrizio, Esq.
Jenner & Block
1099 New York Avenue, N.W., Ste. 900
Washington, DC 20001-4412
Telephone: (202) 639-6094
Fax: (202) 639-6068
Email: dpozza@jenner.com;
lplatzer@jenner.com; sfabrizio@jenner.com

*Attorneys for Plaintiffs*
*Party Name: Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

Karen Linda Stetson, Esq.
Gray-Robinson P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Telephone: (305) 416-6880
Fax: (305) 416-6887
Email: kstetson@gray-robinson.com

*Attorneys for Plaintiffs*
*Party Name: Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

Karen R. Thorland, Esq.
Motion Picture Association of America, Inc.
15301 Ventura Blvd., Building E
Sherman Oaks, CA 91403
Telephone: (818) 935-5812
Fax: (818) 285-4407
Email: Karen_Thorland@mpaa.org

*Attorneys for Plaintiffs*
*Party Name: Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**

## VERIFICATION

I, Anton Titov, am a Manager of Hotfile Corporation, a defendant in this lawsuit. I make this verification on behalf of said party and on behalf of myself as an individual. I have read the foregoing Hotfile's Supplemental Response to Plaintiffs' Interrogatory No. 10 and know the contents thereof. To the best of my knowledge, information and belief, the responses set forth therein are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10 day of February, 2012, in Sofia, Bulgaria.

By: _____
Anton Titov

8