# EXHIBIT 10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    Plaintiffs,
                  CASE NO.
  vs.             11-20427-WILLIAMS-TURNOFF

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

    Defendants.
_____
AND RELATED CROSS-ACTION.
_____

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF DAVID P. KAPLAN, ESQUIRE

PURSUANT TO FEDERAL RULE 30(b)(6)

Los Angeles, California

Tuesday, December 13, 2011

Volume 1

Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 177476B

Page 2

```
 1                UNITED STATES DISTRICT COURT

 2                SOUTHERN DISTRICT OF FLORIDA

 3

 4   DISNEY ENTERPRISES, INC.,
     TWENTIETH CENTURY FOX FILM
 5   CORPORATION, UNIVERSAL CITY
     STUDIOS PRODUCTIONS LLLP,
 6   COLUMBIA PICTURES INDUSTRIES,
     INC., and WARNER BROS.
 7   ENTERTAINMENT INC.,

 8          Plaintiffs,
                              CASE NO.
 9      vs.                   11-20427-WILLIAMS-TURNOFF

10   HOTFILE CORP., ANTON TITOV,
     and DOES 1-10,
11
            Defendants.
12   _____
     AND RELATED CROSS-ACTION.
13   _____

14

15       CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

16          Videotaped deposition of DAVID P. KAPLAN,

17   ESQUIRE, Volume 1, pursuant to Federal Rule 30(b)(6),

18   taken on behalf of Defendants and Counterclaimant,

19   at 633 West Fifth Street, Los Angeles, California,

20   beginning at 2:18 P.M. and ending at 4:58 P.M. on

21   Tuesday, December 13, 2011, before LORI SCINTA, RPR,

22   Certified Shorthand Reporter No. 4811.

23

24

25
```

Page 3

```
 1   APPEARANCES:

 2

 3   For Plaintiffs:

 4
         JENNER & BLOCK LLP
 5       BY:  STEVEN B. FABRIZIO
         Attorney at Law
 6       1099 New York Avenue, NW, Suite 900
         Washington, D.C. 20001-4412
 7       202.639.6000
         Email:  sfabrizio@jenner.com
 8

 9
     For Defendants and Counterclaimant:
10

11       FARELLA BRAUN + MARTEL LLP
         BY:  EVAN M. ENGSTROM
12       Attorney at Law
         235 Montgomery Street
13       San Francisco, California 94104
         415.954.4400
14       Email:  eengstrom@fbm.com

15

16
     Videographer:
17

18       VONYARN MASON
         SARNOFF COURT REPORTERS
19       20 Corporate Park, Suite 350
         Irvine, California 92606
20       877.955.3855

21

22

23

24

25
```

Page 89

```
 1              THE WITNESS:  Yes.
 2              MR. FABRIZIO:  We didn't just run searches and
 3    hand the results over to you and say, "This is a list of
 4    what we contend is infringing."
 5              We spent hundreds of man-hours, maybe
 6    thousands, but certainly hundreds of man-hours having
 7    human beings look through the metadata and all
 8    information with regard to those files.
 9              With regard to some of them, "they" may have in
10    fact been content files to look at but, in the main, we
11    did not yet have the content files.
12              So we advised defendants that we would get the
13    content files from defendants and do further analysis.
14              MR. ENGSTROM:  What metadata was looked at?
15              MR. FABRIZIO:  I believe all the metadata that
16    Hotfile made available to us was looked at.
17    BY MR. ENGSTROM:
18       Q   Okay.  And we'll talk about files that are
19    produced -- files that are -- content files that have
20    already been produced.
21              But is that your understanding as to what was
22    done and that is the basis for Warner's allegation -- or
23    identification of files in Schedule A that it alleges
24    are infringing?
25       A   It is.
```

DAVID P. KAPLAN, ESQ.                    12/13/2011
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
 1
 2
 3
 4
 5
 6
 7
 8
 9        I, DAVID P. KAPLAN, ESQUIRE, do hereby declare
10   under penalty of perjury that I have read the foregoing
11   transcript; that I have made any corrections as appear
12   noted, in ink, initialed by me, or attached hereto; that
13   my testimony as contained herein, as corrected, is true
14   and correct.
15
16
17        EXECUTED this 13th day of January,
18   20 12, at Burbank, California.
                   (City)              (State)
19
20
21
22        _____
          DAVID P. KAPLAN, ESQUIRE
23        Volume 1
24
25
```

```
 1                         ERRATA SHEET
 2       Pg/Ln               Corrections
 3       13/ 2  Change from: delete 'No'
 4              Change to: _____
 5       15/ 7  Change from: "I don't"
 6              Change to: 'I'd'
 7       72/18  Change from: add "or" before "a"
 8              Change to: _____
 9       ___/___ Change from: _____
10              Change to: _____
11       ___/___ Change from: _____
12              Change to: _____
13       ___/___ Change from: _____
14              Change to: _____
15       ___/___ Change from: _____
16              Change to: _____
17       ___/___ Change from: _____
18              Change to: _____
19       ___/___ Change from: _____
20              Change to: _____
21       ___/___ Change from: _____
22              Change to: _____
23       ___/___ Change from: _____
24              Change to: _____
25       Signature: _____  Date: 12/13/2012
```



```
 1

 2         I, the undersigned, a Certified Shorthand

 3   Reporter of the State of California, do hereby certify:

 4         That the foregoing proceedings were taken

 5   before me at the time and place herein set forth; that

 6   any witnesses in the foregoing proceedings, prior to

 7   testifying, were duly sworn; that a record of the

 8   proceedings was made by me using machine shorthand

 9   which was thereafter transcribed under my direction;

10   that the foregoing transcript is a true record of the

11   testimony given.

12         Further, that if the foregoing pertains to

13   the original transcript of a deposition in a Federal

14   Case, before completion of the proceedings, review of

15   the transcript [ x ] was [ ] was not requested.

16         I further certify I am neither financially

17   interested in the action nor a relative or employee

18   of any attorney or party to this action.

19         IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21

22   Dated: 12-15-11

23

24                      _____
                        LORI SCINTA, RPR
25                      CSR No. 4811
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    Plaintiffs,

  vs.

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

    Defendants.
_____
AND RELATED CROSS-ACTION.
_____


**HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER**

VIDEOTAPED DEPOSITION OF DAVID R. KAPLAN, ESQUIRE

PURSUANT TO FEDERAL RULE 30(b)(6)

Los Angeles, California

Wednesday, December 14, 2011

Volume 2

Reported by:
CHERYL R. KAMALSKI
CSR No. 7113

Job No. 179415



```
 1                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
 2
                CASE NO. 11-20427-WILLIAMS-TURNOFF
 3

 4   DISNEY ENTERPRISES, INC.,
     TWENTIETH CENTURY FOX FILM
 5   CORPORATION, UNIVERSAL CITY
     STUDIOS PRODUCTIONS LLLP,
 6   COLUMBIA PICTURES INDUSTRIES,
     INC., and WARNER BROS.
 7   ENTERTAINMENT INC.,

 8          Plaintiffs,

 9       vs.

10   HOTFILE CORP., ANTON TITOV,
     and DOES 1-10,
11
            Defendants.
12   _____
     AND RELATED CROSS-ACTION.
13   _____

14       HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

15

16          Videotaped Deposition of DAVID R. KAPLAN,

17   ESQUIRE, Volume 2, pursuant to Federal Rule 30(b)(6),

18   taken on behalf of Defendants and Counterclaimant,

19   at 633 West Fifth Street, 37th Floor, Los Angeles,

20   California, beginning at 9:16 a.m. and ending at

21   12:33 p.m. on Wednesday, December 14, 2011, before

22   CHERYL R. KAMALSKI, Certified Shorthand Reporter

23   No. 7113.

24

25
```

```
 1      APPEARANCES:
 2
 3      For Plaintiffs:
 4          JENNER & BLOCK LLP
            BY:  DUANE POZZA
 5          Attorney at Law
            1099 New York Avenue, NW, Suite 900
 6          Washington, D.C. 20001-4412
            202.639.6000
 7
        For Defendants and Counterclaimant:
 8
            FARELLA BRAUN + MARTEL LLP
 9          BY:  EVAN M. ENGSTROM
            Attorney at Law
10          235 Montgomery Street
            San Francisco, California 94104
11          415.954.4400
12      Videographer:
13          VONYARN MASON
            SARNOFF, a Veritext Company
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                1        THE WITNESS:  Again, for theatrical features
                2   alone there's probably like 8,000 titles.  So the answer
                3   is some of them were and some of them were not.
                4   BY MR. ENGSTROM:
11:09           5       Q   Okay.  Were titles, movies, that Warner was
                6   searching for infringing copies of on the Internet, were
                7   all of those movies fingerprinted?
                8        MR. POZZA:  Objection; ambiguous and also
                9   outside the scope of the notice.
11:10          10        THE WITNESS:  I don't think all were.
               11   BY MR. ENGSTROM:
               12       Q   How about now, today?
               13        MR. POZZA:  Objection; the question's
               14   ambiguous, it's also outside the scope of the notice.
11:10          15        THE WITNESS:  No, I don't think all are.
               16   BY MR. ENGSTROM:
               17       Q   Okay.  We can put this document away for now.
               18   Well, I don't think I'll be coming back to it, so we can
               19   just put it away.
11:10          20        Okay.  You'll forgive me.  I have to staple
               21   these quickly.
               22        Why don't I give you a copy so you can look at
               23   it while I'm doing this.  I'd like to mark this as
               24   Exhibit 31.
11:11          25        (WB Exhibit 31 marked.)
```



1    MR. POZZA: Counsel, do you know if this has
2    previously been marked as an exhibit in the previous
3    Warner Bros. deposition?
4    MR. ENGSTROM: Off the top of my head, I don't.
11:12  5    THE WITNESS: It was, but --
6    MR. ENGSTROM: There may have been other
7    iterations of the document. I'm not sure if this
8    particular one was, because there were several e-mails
9    on that string of e-mails, I believe.
11:12 10    MR. POZZA: Okay. Well, I will object to any
11    questioning on this document to the extent that it is
12    duplicative of questioning that has already been asked
13    of the witness in the previous deposition, or the same
14    topic, for that matter.
11:12 15    BY MR. ENGSTROM:
16    Q  So if you believe this was already marked as an
17    exhibit, do you recognize this document?
18    A  I do.
19    Q  Okay. Do you recall what -- do you recall
11:12 20    the -- strike that.
21    What business proposal -- and I'm quoting
22    here -- I should say Business Idea, which is the subject
23    line of the top level e-mail, "Business Idea for Hotfile
24    and Warner Bros.," do you -- can you explain what the
11:13 25    business idea is?

|    |    |
|----|----|
| 1  | MR. POZZA: I'm going to object that this -- |
| 2  | this was already covered at the last deposition, it's |
| 3  | repetitive. And we have objected to reopening any of |
| 4  | the testimony there. |
| 11:13   5 | MR. ENGSTROM: If you'd like to stipulate that |
| 6  | the foundation for this document has been laid, I'm more |
| 7  | than happy to ask different questions on it. |
| 8  | MR. POZZA: Not a speaking objection, but to |
| 9  | understand where this is going, are you just -- are you |
| 11:13 10 | asking about other things, but using this as a |
| 11 | foundation? |
| 12 | MR. ENGSTROM: I'm -- I'm asking questions |
| 13 | about this document that weren't asked in the previous |
| 14 | deposition that relate to the topic noticed here, |
| 11:13 15 | communications with Hotfile that relate to the studios' |
| 16 | main claim, not the counterclaim. |
| 17 | MR. POZZA: Okay. Well, you can ask questions. |
| 18 | But, you know, he testified as to what the, quote, |
| 19 | business idea was at length. |
| 11:13 20 | MR. ENGSTROM: And if we want to -- if you |
| 21 | can -- if you stipulate that the previous testimony |
| 22 | remains the same -- |
| 23 | MR. POZZA: Well, we're not -- I'm not |
| 24 | withdrawing his previous testimony. We don't need to |
| 11:14 25 | question him again. |

```
          1              MR. ENGSTROM:  Okay.  Fair enough.
          2              MR. POZZA:  It's just not the time to ask him
          3     questions you already asked.  I mean, if you want to ask
          4     him different questions about the affirmative claims,
11:14     5     that's fine.
          6     BY MR. ENGSTROM:
          7         Q   Let me ask this.  Why did Warner Bros. propose
          8     this to Hotfile?
          9         A   I think we covered that, too, in the previous
11:14    10     deposition.  So --
         11              MR. POZZA:  Yeah.  I'm --
         12              THE WITNESS:  -- I would be inclined to just --
         13     just to say what I said before was the reason.
         14     BY MR. ENGSTROM:
11:14    15         Q   Which was what?
         16         A   I may not say it this time with the exact same
         17     words.  That's my only --
         18         Q   Okay.  Sure.
         19              MR. POZZA:  Yeah.  No.  I'm going to -- I'm
11:14    20     going to object to this as asked and answered.
         21              MR. ENGSTROM:  Fine.
         22              MR. POZZA:  There was extensive questioning and
         23     explanation of -- of this -- this e-mail chain.  I don't
         24     think it's necessary to get back into it again.
11:14    25              MR. ENGSTROM:  Are you instructing him not to
```



```
           1    answer?
           2            MR. POZZA:  I'm going to object to it as asked
           3    and answered.
           4            MR. ENGSTROM:  Okay.
11:14      5            MR. POZZA:  And he can state that he's already
           6    answered it and he sticks by his previous answer.
           7    BY MR. ENGSTROM:
           8        Q   You can answer.
           9        A   Yeah, I -- we testified about that -- I
11:14     10    testified to that in the previous deposition.  And I --
          11    I stick by whatever I said in the previous deposition.
          12        Q   Did -- did Warner Bros. offer the same business
          13    idea or similar business idea to other hosting sites?
          14            MR. POZZA:  Object to this in that it's
11:15     15    ambiguous and outside the scope of the deposition
          16    notice.
          17            THE WITNESS:  This idea never really got off
          18    the ground at all.  So I don't know exactly what --
          19    exactly what it would have been had Hotfile said yes, we
11:15     20    were interested in talking to you more about this so --
          21    I can't say we offered this to somebody else because
          22    there was never anything offered here, is what I'm
          23    trying to say.
          24    BY MR. ENGSTROM:
11:15     25        Q   Proposed.  The proposal.  Was this proposed to
```



```
 1    other hosting sites?
 2         MR. POZZA:  I have the same objections as to
 3    ambiguity and outside the scope of the notice.
 4         THE WITNESS:  So I'm referring to now --
 5    because this is the only basis for what the proposal
 6    would have been, is the e-mail that Ethan sent in
 7    February of 2010, which is, I guess, the first e-mail in
 8    this chain, that talks about including links on Hotfile
 9    to e-commerce sites where Warner Bros. content is
10    hosted.  And I don't believe we contacted other one-
11    click downloading sites with that proposal.
12    BY MR. ENGSTROM:
13         Q   Why was Hotfile the only one-click downloading
14    site that Warner Bros. contacted with that proposal?
15         MR. POZZA:  I'm going to object to the extent
16    that this covers testimony that he's already had about
17    this proposal, as you've characterized it.
18         THE WITNESS:  Yeah, I did testify as to why we
19    contacted Hotfile at the time, which was that it was a
20    site that had a lot of traffic on it, and it looked like
21    maybe they would be amenable to some anti- -- you know,
22    taking steps to minimize the piracy on the site, and
23    that if there was a commercial incentive for them to do
24    that, maybe they'd be more inclined to, you know,
25    eliminate the piracy of Warner Bros. content.
```

| | | |
|---|---|---|
| 1 | | ERRATA SHEET |
| 2 | Pg/Ln | Corrections |
| 3 | 132/16 | Change from: "to have up -- prescreened" |
| 4 | | Change to: "to have -- prescreened" |
| 5 | 199/8 | Change from: |
| 6 | | Change to: |
| 7 | 199/6 | Change from: "They were" |
| 8 | | Change to: "They were not" |
| 9 | ___/___ | Change from: |
| 10 | | Change to: |
| 11 | ___/___ | Change from: |
| 12 | | Change to: |
| 13 | ___/___ | Change from: |
| 14 | | Change to: |
| 15 | ___/___ | Change from: |
| 16 | | Change to: |
| 17 | ___/___ | Change from: |
| 18 | | Change to: |
| 19 | ___/___ | Change from: |
| 20 | | Change to: |
| 21 | ___/___ | Change from: |
| 22 | | Change to: |
| 23 | ___/___ | Change from: |
| 24 | | Change to: |
| 25 | Signature: | Date: |

    I, DAVID R. KAPLAN, ESQUIRE, do hereby declare under penalty of perjury that I have read the foregoing transcript; that I have made any corrections as appear noted, in ink, initialed by me, or attached hereto; that my testimony as contained herein, as corrected, is true and correct.

    EXECUTED this _13th_ day of _January_, 20_12_ at _Burbank_, _California_.
                                  (City)              (State)

    _____
    DAVID R. KAPLAN, ESQUIRE
    Volume 2

DAVID R. KAPLAN, ESQUIRE, V. 2          12/14/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
 1            I, the undersigned, a Certified Shorthand
 2   Reporter of the State of California, do hereby certify:
 3            That the foregoing proceedings were taken
 4   before me at the time and place herein set forth; that
 5   any witnesses in the foregoing proceedings, prior to
 6   testifying, were duly sworn; that a record of the
 7   proceedings was made by me using machine shorthand
 8   which was thereafter transcribed under my direction;
 9   that the foregoing transcript is a true record of the
10   testimony given.
11            Further, that if the foregoing pertains to
12   the original transcript of a deposition in a Federal
13   Case, before completion of the proceedings, review of
14   the transcript [ ] was [x] was not requested
15            I further certify I am neither financially
16   interested in the action nor a relative or employee
17   of any attorney or any party to this action.
18            IN WITNESS WHEREOF, I have this date subscribed
19   my name.
20
21   Dated: 12/27/2011
22
23                              _____
                                CHERYL R. KAMALSKI
24                              CSR No. 7113
25
```

