# EXHIBIT 11

### Gupta, Deepak (22) x4419

| | |
|---|---|
| **From:** | RThompson@fbm.com |
| **Sent:** | Thursday, May 05, 2011 4:57 PM |
| **To:** | DPozza@jenner.com |
| **Subject:** | RE: Disney v. Hotfile |

Duane, unless I'm missing something, it appears that you have provided this information in Schedule A to your interrogatory responses. I know you and Tony have been discussing confidentiality, so I want to be sure that I can forward Schedule A to Hotfile. Please confirm.

.

-----Original Message-----
**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Thursday, May 05, 2011 3:55 PM
**To:** Thompson, Rod (27) x4445
**Subject:** RE: Disney v. Hotfile

Rod, on point #2, I understand that you are taking some position that the list of files is relevant to defendants' discovery responses. However, you've still not identified what the basis of that position is, much less identified the request for which you think it matters. As I noted below, that information is not relevant to defendants' responses. Defendants have no basis for delaying their production based on an alleged need for this information, nor must they "necessarily" do so.

-Duane

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Friday, April 29, 2011 7:49 AM
**To:** Pozza, Duane
**Subject:** RE: Disney v. Hotfile

Duane, I suspected that there was a typo.

1. We see no reason to agree to a start date for discovery as that will necessarily depend on the category of information sought.

2. We disagree with your statement (as amended) that a list of the each of the specific files (or links to those files) accused of infringing the 150 works identified in the complaint is not needed to respond to discovery. If Plaintiffs choose to withhold that list (which they obviously prepared before filing suit) until they produce it in discovery, it will necessarily delay defendants collection and review of documents. Yes, it is your call whether to provide it early and informally, but it will have an affect on our response to your discovery requests.

Rod

-----Original Message-----

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Wednesday, April 27, 2011 8:02 PM
**To:** Thompson, Rod (27) x4445
**Subject:** RE: Disney v. Hotfile

Rod, there's a typo in one sentence in my email below. I've fixed it here:

However, even if it was appropriate to provide that information outside the context of discovery, defendants do <u>not</u> need that information to provide a complete response to our documents requests, and your email does not explain how it would even be used in the review process.

-Duane

---

**From:** Pozza, Duane
**Sent:** Wednesday, April 27, 2011 12:41 AM
**To:** RThompson@fbm.com; Fabrizio, Steven B
**Cc:** jmunn@rascoklock.com; ALeibnitz@fbm.com
**Subject:** RE: Disney v. Hotfile

Rod,

I am following up on our discussion Friday about proposed date limitations for the parties to use in responding to document requests, which is addressed in your third point below. I do not mean to re-hash this discussion, but I do want to be clear on our position given the brief statement in the email below suggesting that the plaintiffs would not agree to a 1/1/08 start date for document responses. I noted on the call that the plaintiffs cannot agree to a global 1/1/2009 start date for all requests, but I did suggest 1/1/2008 as a start date for both parties. Defendants would not agree to that. And given that the parties have not been able to agree on a start date for responding to all requests (whether or not that this is the same for both parties), we are left discussing this category by category, but I don't necessarily agree that that approach makes "more sense" in the abstract.

On a related note, in your email to me last night you requested that plaintiffs provide information about certain Hotfile links they have identified, outside the discovery process, in order to "facilitate" your client's review of responsive documents. However, even if it was appropriate to provide that information outside the context of discovery, defendants do need that information to provide a complete response to our documents requests, and your email does not explain how it would even be used in the review process. Your request in fact suggests that defendants intend to unreasonably limit the scope of their responses to at least some of our document requests. To the extent you are seeking to narrow defendants' response to our requests, we should separately discuss your basis for doing so.

-Duane

---

**Duane Pozza**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412

Tel (202) 639-6027
Fax (202) 661-4962
DPozza@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Friday, April 22, 2011 8:05 PM
**To:** Pozza, Duane; Fabrizio, Steven B
**Cc:** jmunn@rascoklock.com; ALeibnitz@fbm.com
**Subject:** Disney v. Hotfile

Duane,

This follows up our conversation earlier today on several topics.

First, you asked on behalf of the Plaintiffs for another extension of time to exchange the initial Rule 26 disclosures. Defendants have previously agreed to a 10-day extension up until next Monday, April 25, 2011 on condition that the 10-day delay would not be used as a ground for Plaintiffs to oppose a possible motion to transfer to California. Frankly, we were strongly inclined to refuse this courtesy as the Plaintiffs refused a similar request last week to extend the time for Lemuria to respond to the subpoena served on it. Nevertheless, in view of your representation of inconvenience caused by need to coordinate with your clients over the holiday weekend, and hoping to establish a climate for future reciprocal courtesy, Defendants agree to a further one-week extension until Monday, May 2, 2011 for the exchange of initial Rule 26 disclosures with the same caveat that the additional seven-day delay will not be used as a ground to oppose a transfer motion. Enjoy the weekend.

Second, with respect to the Rule 30(b)(6) of Warner Bros., you indicated that Steve Fabrizio would be in the position to discuss scheduling a date certain with me upon his return to the office next week. My last email to Steve of subject (of April 13) is attached for reference. As requested therein, we would like to proceed with a deposition on topics 1 through 5, 10 and 13 of the deposition notice. With respect to our related request that Warner Bros. give priority to the document production related to those same categories--1 through 5, 10 and 13 of the deposition notice--you suggested that it was possible but the agreement should be reciprocal. That is, Warner Bros. would agree to give priority to producing documents responsive to those subject on condition that Hotfile would do the same. In this way we would have documents from both parties in time for use at the deposition. Subject to confirmation with my clients, I believe your

proposal should be acceptable and I look forward to working out a schedule with Steve for both the production of documents and the deposition of Warner Bros.

<<RE: Disney, et al., v. Hotfile, et al.>>    Third, Plaintiffs cannot agree to 1/1/08 as the presumptive start date for document discovery.  We agreed that it made more sense to look at the requests, category by category, to evaluate a reasonable starting date.

**Roderick M. Thompson**
Attorney at Law
_____

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

_____

**T** 415.954.4400
**D** 415.954.4445
**F** 415.954.4480
www.fbm.com