# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*

_____/

HOTFILE CORP.,

      Counterclaimant,

v.

WARNER BROS. ENTERTAINMENT INC.,

      Counter-Defendant.

_____/

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
COUNTERCLAIMANT HOTFILE CORP.'S OPPOSITION TO WARNER'S MOTION
TO COMPEL THE PRODUCTION OF TITOV DEPOSITION EX. 27**

      I, Roderick Thompson, declare as follows:

      1.     I am a partner with the law firm Farella Braun + Martel LLP, counsel for

Defendant and Counterclaimant Hotfile Corporation ("Hotfile") and Defendant Anton Titov.  I

CASE NO. 11-20427-WILLIAMS/TURNOFF

have personal knowledge of the matters stated herein and, if called and sworn as a witness, I could and would competently testify to the facts set forth herein.

2.    During the discovery process in the present lawsuit, Hotfile Corp. ("Hotfile") has produced approximately 1,141,401 documents. In comparison, all the Plaintiffs combined have produced approximately 26,517 documents, and one of the plaintiffs, counter-defendant Warner Bros. Entertainment ("Warner") has produced 10,374 of those documents.

3.    As a part of its document production, Hotfile produced emails from the following email boxes: hotfile.mailbox@gmail.com, smanov@gmail.com, vasil@ludost.net, anton@titov.net, and no1knows.me@gmail.com. The documents beginning with the Bates numbered HF02866338 and HF00036777 were accidentally produced from the hotfile.mailbox@mail.com and smanov@gmail.com mailboxes, respectively. Hotfile withheld as protected by the work product doctrine other copies of the same document, including copies contained in the vasil@ludost.net, anton@titov.net, and no1knows.me@gmail.com email boxes.

4.    Attached hereto as Exhibit 1 is a true and correct copy of an email dated November 28, 2011, sent from Anthony Schoenberg (my partner at Farella Braun + Martel LLP, and an attorney of record for Hotfile) to Duane Pozza (an attorney of record for Warner), demanding the destruction or return pursuant to the Protective Order entered in this case [D.E. # 68] of, among other documents, HF02866338—the document at issue in this motion. The other version of this document inadvertently produced (beginning with HF00036777) was recalled by a separate email notice on December 3, 2011.

5.    I attended the deposition of Mr. Anton Titov taken by the Plaintiffs in Sofia Bulgaria, on December 5-8, 2011. I represented both Mr. Titov and Hotfile at the deposition. Mr. Fabrizio represented the Plaintiffs, including counter-defendant Warner.

26501\2904534.1

CASE NO. 11-20427-WILLIAMS/TURNOFF

6.      After 5 p.m. during the first day of deposition, Mr. Fabrizio began examining Mr.

Titov about Hotfile's post-complaint investigation of the wrongful takedowns by Warner's SRA.

After Mr. Fabrizio had marked the first exhibit related to this subject matter, I made the

following statement:

> Mr. Fabrizio, let me also just state while he's reading that, we have become aware in the
> last week or two or some inadvertent produced documents that were written in Bulgarian
> that contained work product information.  And I'd ask -- have asked for their return.  I
> don't know if this is among them or not, not being able to read the Bulgarian.

(164:7-13.)  In fact, as Mr. Fabrizio admitted the next day, the document—marked as Exhibit

26—was among those recalled by Hotfile pursuant to the protective order.  Nonetheless, Mr.

Fabrizio responded "Well, then, we can deal with that afterwards," and proceeded improperly to

examine the witness on a document that had already been recalled and should have been returned

to Hotfile under the clear mandate of Paragraph 20 of the Protective Order.

7.      In preparing to defend Mr. Titov's deposition in Bulgaria, I and Hotfile relied on

the protections provided by the Protective Order regarding inadvertent production and potential

recall of work product documents contained in the millions of pages produced by Hotfile.  In

particular, we relied on Plaintiffs—the party reviewing and selecting the potential exhibits to be

used—to be sure that they complied with Paragraph 20 and had returned all documents clawed

back by Hotfile and did not use any such documents at the deposition.

8.      Given that it was in the midst of a deposition and the 10 hour time zone difference

with my office in California, it would not have been practical for me to check to be sure that

Plaintiffs were not about to violate the Court's order each time they marked an exhibit.

Therefore, despite my concern expressed on the record, I allowed Mr. Fabrizio to continue the

line of inquiry, but reserved "a potential objection to the extent this has any work product."

(164:13-17.)

CASE NO. 11-20427-WILLIAMS/TURNOFF

9.     When Mr. Fabrizio asked about Hotfile's investigation of Warner's wrongful

conduct in "March, April and even May" of 2011, I immediately objected "to the extent that it

calls for work product information which commenced after the date of early March 2011" when

Hotfile first started its work product protected investigation at the direction of my firm. (167:4-

9).  A few questions later, Mr. Fabrizio marked as Exhibit 27, the document in dispute,

HF02866338.  I did not object at the time because I was unaware that the document had already

been recalled by Mr. Schoenberg on November 28, a week before.  Instead I relied on Plaintiffs

and Mr. Fabrizio to comply with their obligations under Paragraph 20 of the Protective Order.  I

assumed that Mr. Fabrizio would never have attempted to examine Mr. Titov about Exhibit No.

27 if the document was among the documents Plaintiffs were required to return pursuant to an

order of the Court.  I certainly had no intent to waive the work-product protection.

10.     After the deposition adjourned for the day, during the evening of December 5,

2011, I attempted to determine the specific date in Early March 2011 when my firm had

instructed Hotfile to undertake a work product protected and to identify by HF production

numbers the documents that had been the subject of recall requests to plaintiffs.  I determined

that Hotfile began the protected investigation on March 2, 2011 and obtained a list of some but

not all of the HF production numbers that had been recalled (or "clawed back") by Hotfile.  (Due

to the distance and time zone differences, I was not able to obtain a definitive list of recalled

documents and did not learn that Exh. 27 had in fact already been recalled.)  Even though I

lacked complete information about the documents that had already been clawed back, to ensure

that there could be no question that Hotfile was not waiving any of its work product protections,

that same evening (about 11:30 p.m. local time) I sent Mr. Fabrizio an email stating in part:

Steve, as I advised you today during the deposition, in early March, at the request of its
attorneys, Hotfile began its protected work product investigation in to Warner's wrongful

4

CASE NO. 11-20427-WILLIAMS/TURNOFF

takedowns via the SRA tool. The date the work product investigation began was March 2nd, 2011. * * * * We therefore we ask that you refrain from marking as exhibits at any of the depositions this week (or otherwise make use of) documents created by Hotfile on or after that date that are appear to potentially be work product

A true and correct copy of that email is attached as Exhibit 2.

11.     The following morning before the deposition began, I confirmed that Mr. Fabrizio had received my email and understood Hotfile's position that it was not waiving its work-product protection and would insist on Plaintiffs compliance with the Protective Order and the Federal Rules regarding inadvertently produced work product protect and would not waive any applicable privileges. I specifically pointed out to Mr. Fabrizio that he had improperly examined the witness on Exhibit 26, a document that had been recalled as work product. I also requested the return of Exhibit 27 and that he work with me to retrieve this exhibits from the court reporter and to see that the improperly elicited testimony would be stricken from the record. (At this time, I was not aware that Ex. 27 had already been recalled by Exhibit 1 attached hereto, and that Mr. Fabrizio's use of that Exhibit also violated the Court's order.)

12.     Attached hereto as Exhibit 3 are excerpts from the Titov depositions taken on December 5 and 6, 2011 described above. Because at the time I was unaware that Mr. Schoenberg had previously requested the return or destruction of that document on November 28, 2011, on December 6, I again requested on the deposition record the return or destruction of all copies of HF02866338. Mr. Fabrizio declined to return the exhibit, but committed unequivocally that Plaintiffs would comply with paragraph 20 of the Protective Order: "the protective order in this case spells out the procedures for requesting back a document that you believe was inadvertently produced. And I believe the protective order is what governs this request, and we are honoring the protective order, and that gives us some number of business days to address it. (200:12-18).

5

CASE NO. 11-20427-WILLIAMS/TURNOFF

13.     On December 23, 2011, I informed counsel for Warner that Hotfile had requested the return or destruction of the document beginning with HF02866338 on November 28, 2011, provided them with another copy of Mr. Schoenberg's email (attached as Exhibit 1 hereto) and asked Warner to withdraw this motion to compel as barred by as untimely by the Protective Order.  (Paragraph 20 provides that "A party may move the Court for an order compelling production of [an inadvertently produced] document, and may present the document to the Court under seal **within five (5) court days of receiving a request to return the document.**")  This motion was filed some two weeks after Mr. Schoenberg's request.  A true and correct copy of my December 23 email is attached as Exhibit 4.  Despite my request in the email for a response the same day in order to avoid the need work over the Christmas holiday weekend to file an opposition to the motion, I have received no response.  Plaintiffs still have not withdrawn this untimely motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of December 2011, at San Francisco, California.

Roderick Thompson

26501\2904534.1

# EXHIBIT 1

**From:** Schoenberg, Tony (28) x4963
**Sent:** Monday, November 28, 2011 2:21 PM
**To:** 'Pozza, Duane'
**Subject:** document clawback

Duane-

We hereby request the destruction of 27 documents pursuant to paragraph 20 of the protective order. These
documents, HF02159263, HF02835468, HF02835472, HF02860466, HF02860550, HF02860552, HF02861582,
HF02861720, HF02861721, HF02861723, HF02863352, HF02863353, HF02863354, HF02863445, HF02863466,
HF02863467, HF02865736, HF02865737, HF02865738, HF02866338, HF02866339, HF02866670, HF02866671,
HF02866672, HF02867217, HF02867218, and HF02867647 , were inadvertently produced.  Each of the documents is
protected by the attorney-client privilege and/or constitute protected work product.  Please confirm that you have
destroyed all copies of these documents.

Regards,

Tony

**Anthony P. Schoenberg**
Attorney at Law

1

Farella Braun + Martel LLP
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415.954.4400
D 415.954.4963
F 415.954.4480
www.fbm.com

2

# EXHIBIT 2

| | |
|---|---|
| From: | Thompson, Rod (27) x4445 |
| Sent: | Monday, December 05, 2011 1:21 PM |
| To: | 'Fabrizio, Steven B'; 'DPozza@jenner.com'; 'Platzer, Luke C' |
| Cc: | Schoenberg, Tony (28) x4963; Leibnitz, Andrew (21) x4932; Engstrom, Evan (27) x4945; 'gurvits@bostonlawgroup.com'; 'Janet Munn' |
| Subject: | RE: document clawback |

Steve, as I advised you today during the deposition, in early March, at the request of its attorneys, Hotfile began its protected work product investigation in to Warner's wrongful takedowns via the SRA tool.  The date the work product investigation began was <u>March 2nd, 2011</u>.  As you are aware many of the documents were written in Bulgarian and as a result our privilege review is taking a long time.

We therefore we ask that you refrain from marking as exhibits at any of the depositions this week (or otherwise make use of) documents created by Hotfile on or after that date that are appear to potentially be work product.  If there is a question on the issue, please show me the document before using.  In particular, do not use any of the documents listed below in Tony's email and return all copies to us.  I'm copying Luke and Duane to be sure there is no misunderstanding.

So far you've marked two documents that are work product of Hotfile: (HF2303232) Exh. 26, that was expressly clawed back in Tony's email to Duane below, and HF 02866338-369 Exh. 27, which we hereby ask that you return to us and destroy all copies pursuant to paragraph 20.  As I stated on the record today, we also object to all questions and responses based on this two documents and ask your assistance in getting them stricken from the record before a final transcript is prepared.  Thank you for your cooperation.

Rod

---

**From:** TSchoenberg@fbm.com [mailto:TSchoenberg@fbm.com]
**Sent:** Saturday, December 03, 2011 9:55 AM
**To:** DPozza@jenner.com
**Subject:** document clawback

Duane-

We hereby request the destruction of the following documents pursuant to paragraph 20 of the
protective order:  HF02835266, HF02863431, HF02865156, HF02835194, HF02863433, HF02863224,
HF02863225, HF02831644, HF02831511, HF02831512, HF02831538, HF02831598, HF02703712,
HF02703713, HF02703739, HF02703799, HF02703800, HF02703826, HF02703886, HF02831644,
HF02158854, HF02158855, HF02303232, HF02303233, HF02304874, HF02304875, HF02305054,
HF02305055, HF02703712, HF00035990, HF00035991, HF00036777, HF00036778, HF02158745,
HF02863226, HF02863227 and HF02863228.  These were inadvertently produced.  Each of the
documents is protected by the attorney-client privilege and/or constitute protected work
product.  Please confirm that you have destroyed all copies of these documents.

1

Regards,

Tony

**Anthony P. Schoenberg**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4963
F 415.954.4480
www.fbm.com

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

2

# EXHIBIT 3

Highly Confidential

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20427-WILLIAMS/TURNOFF

- - - - - - - - - - - - - - - - - -

DISNEY ENTERPRISES,
INC., TWENTIETH CENTURY
FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP,
COLUMBIA PICTURES
INDUSTRIES, INC., and
WARNER BROS.
ENTERTAINMENT, INC.,

        Plaintiff,

v.

HOTFILE CORP., ANTON
TITOV, and DOES 1-10,

        Defendants.


HOTFILE CORP.,

        Counterclaimant,

v.

WARNER BROS ENTERTAINMENT
INC.,

        Counterdefendant.

- - - - - - - - - - - - - - - - - -

VOLUME I
H I G H L Y   C O N F I D E N T I A L
(Pursuant to protective order, the following
transcript has been designated highly confidential)

30(b)(6) DEPOSITION OF ANTON TITOV
Radisson Blu Hotel
Sofia, Bulgaria
Monday, December 5, 2011
Job Number: 44174

Highly Confidential

Page 164

1           (Exhibit Titov 26 re-marked for identification.)

2    BY MR. FABRIZIO:

3    Q.   Mr. Titov, I take it that you have no issues reading

4         this document in Bulgarian?

5    A.   No, I don't.

6    MR. THOMPSON:  His counsel does.

7           Mr. Fabrizio, let me also just state while he's

8         reading that, we have become aware in the last week or

9         two or some inadvertent produced documents that were

10        written in Bulgarian that contained work product

11        information.  And I'd ask -- have asked for their

12        return.  I don't know if this is among them or not, not

13        being able to read the Bulgarian.

14   MR. FABRIZIO:  Well, then, we can deal with that afterwards.

15   MR. THOMPSON:  And I'd just like to -- I'll allow this to

16        continue, but I want to reserve a potential objection to

17        the extent this has any work product.

18   MR. FABRIZIO:  Okay.  Fair enough.  You preserve the

19        objection.  Obviously, until we see what it is, I can't

20        say whether we agree or not.

21   MR. THOMPSON:  But you agree there's no waiver by

22        letting me --

23   MR. FABRIZIO:  No, not by letting him answer the following

24        question.

25   BY MR. FABRIZIO:

Highly Confidential

Page 167

1    A.   No, they did not.

2    Q.   Hotfile had identified what it believed to have been

3         mistakes in the notices by Warner throughout

4         February, March, April and even May of 2001; is that not

5         correct?

6    MR. THOMPSON:   I'm going to object to the extent that it

7         calls for work product information which commenced after

8         the date of early March 2011.

9              To the extent you can answer without revealing work

10        product information, you can do so.

11   A.   I don't think I can answer.

12   BY MR. FABRIZIO:

13   Q.   Okay.  Well, you identified what you believed to have

14        been mistakes made by Warner prior to early March 2001;

15        is that not correct?

16   A.   Yeah, I believe so.

17   Q.   Okay.  Did you ever bring those mistakes to the

18        attention of Warner prior to filing your counterclaim?

19   A.   Not directly, no.

20   Q.   Indirectly?

21   A.   It is my belief that at some point our counsel

22        communicated with Warner, who knew.

23   MR. FABRIZIO:   Let me ask the court reporter to mark as

24        Titov exhibit 27 a document bearing the Bates number

25        HF02866338 through 369.

Highly Confidential

Page 191

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20427-WILLIAMS/TURNOFF

- - - - - - - - - - - - - - - - - - -

DISNEY ENTERPRISES,
INC., TWENTIETH CENTURY
FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP,
COLUMBIA PICTURES
INDUSTRIES, INC., and
WARNER BROS.
ENTERTAINMENT, INC.,

       Plaintiff,

v.

HOTFILE CORP., ANTON
TITOV, and DOES 1-10,

       Defendants.

HOTFILE CORP.,

       Counterclaimant,

v.

WARNER BROS ENTERTAINMENT
INC.,
       Counterdefendant.

- - - - - - - - - - - - - - - - - - -

VOLUME II
H I G H L Y   C O N F I D E N T I A L
(Pursuant to protective order, the following
transcript has been designated highly confidential)

30(b)(6) DEPOSITION OF ANTON TITOV
Radisson Blu Hotel
Sofia, Bulgaria
Tuesday, December 6, 2011
AT:  9:10 a.m.
Job No: 44175

Highly Confidential

Page 196

1    VIDEOGRAPHER:  This is the beginning of tape 1, volume II,

2         and a continuation in the deposition of Mr. Anton Titov.

3         On the record, 9:10.

4    MR. THOMPSON:  Mr. Fabrizio, as we've been discussing off

5         the record, the defendants have informed you and now

6         inform the court reporter that exhibits 26 and 27 were

7         inadvertently produced documents that contain work

8         product information, and we ask for their return.

9             I would also ask you to work with me after the

10        deposition to strike the testimony that was given

11        pursuant -- about those documents yesterday.  We'll not

12        do that now; I won't take your time.

13            The reason for pulling them back is that beginning

14        on March 2nd, 2011, Hotfile undertook work product

15        investigation of its potential counterclaim against

16        Warner Brothers.  These documents were both generated

17        after that date.

18            We provided you a list on Saturday; I recognize you

19        were in transit and may not have seen it.  Exhibit 26

20        was among the documents that were on that list.

21        Exhibit 27 was not, but on further investigation, it's

22        dated March 10 and is also protected work product.

23            I'd like to work with you going forward today to the

24        extent you have documents that you want to use with this

25        witness that are dated or generated after March 2nd.

Highly Confidential

Page 197

1    But please give me a chance to examine them to make sure

2    that they're not also work product before we examine the

3    witness.

4         With that, and not to belabor the record, I'd like

5    to formally request the return of exhibits 26 and 27 and

6    have them removed from the record.

7    MR. FABRIZIO:  Right.  I won't belabor our disagreement on

8    this on the record.  We'll have plenty of time to

9    discuss it when we're back in the States.  But as you

10   out, exhibit 27 wasn't on any -- any list, and that list

11   did come Saturday before a Monday deposition, and I have

12   told you I wouldn't have had a chance to look at it, and

13   didn't and still haven't.

14        So, going forward, I am happy to give you, you know,

15   time to look at the document before we begin questioning

16   the witness; but as for the documents that have already

17   been marked, the only thing I can tell you is that we

18   will -- without waiving -- either party waiving any

19   rights or privileges, we'll see what the situation is

20   and address them when we get back home.

21        I can tell you right now, by way of fair warning,

22   that -- well, exhibit 26 was a document in Bulgarian,

23   and if you can demonstrate that a waiver was or the

24   disclosure was inadvertent, I don't think we'll have

25   issue with it.

Highly Confidential

Page 198

```
 1          On the other hand, exhibit 27 appears plainly from
 2    the testimony yesterday not to be work product, and it
 3    is not a document that was produced in Bulgarian; it was
 4    produced in English.  It was a long document, so could
 5    not easily have been missed, and we don't think that the
 6    production of it was inadvertent.  And moreover, the
 7    witness, with counsel present, testified fairly
 8    extensively about the document yesterday, so we believe
 9    that the document was never privileged to the extent it
10    might have been waived on production.  And to the extent
11    it wasn't waived on production, it was certainly waived
12    at this point.
13          But we recognize that you have every right to make
14    a challenge to that, and we will just deal with that in
15    the normal course when we're back in the United States.
16    MR. THOMPSON:  Mr. Fabrizio, very briefly, as I told you off
17    the record, you should update yourself of the law.  When
18    a document is requested to be pulled back, there is no
19    burden; you have no choice but to give it back to us.
20    There's no longer any need to show that we waived any
21    privilege by inadvertent production.  We produced
22    something inadvertently; you are required to provide the
23    documents back to us.  You can challenge it later court.
24          With respect to exhibit 26, as you've noted, that's
25    in the Bulgarian language, and we don't speak Bulgarian;
```

Highly Confidential

Page 199

1      we can't read every document before it was produced.

2          With respect to exhibit 27, the record will speak

3      for itself.  I made very clear to you yesterday that

4      I was concerned about a work product privilege with

5      respect to any document dated after late March, and

6      I would check overnight to get a particular date, and

7      I indulged with you a courtesy, and I expected to have

8      the courtesy returned, of you proceeding with the

9      examination, subject to my objection.

10         Now, what I would ask again today is before you mark

11     any document dated after March 2nd, 2011, pertaining to

12     the Warner Brothers counterclaim, that you give me

13     a chance to check to see if we have in fact asserted

14     that the document is privileged -- which is something,

15     frankly, you and your team should have done.  We've

16     issued many other emails with document numbers to be

17     taken back, just as your team has.  It wasn't only on

18     Saturday.  I just want us both to make sure we don't

19     make the same mistake today of allowing examination on a

20     document that should never have been used.

21 MR. FABRIZIO:  Well, we -- I will do whatever I can to

22     reasonably give you an opportunity to look at documents

23     today, as I think I did yesterday, and the record will

24     speak for itself.  But as to exhibit 27, there was no

25     objection raised, no concern raised.  As to exhibit 26,

Highly Confidential

Page 200

1    there certainly was, because it was in Bulgarian, and

2    neither one of us knew what the full document said, and

3    you specifically asked me whether I would consider your

4    allowing the witness to be examined on it, a waiver, and

5    I specifically said that I would not consider the fact

6    that Mr. Titov answered questions about that document at

7    his deposition to be a waiver; that we did not have

8    anywhere near -- anything, any agreement as to

9    exhibit 27, and hopefully the record will reflect any

10   objections raised as to exhibit 27.

11        But going forward, we can deal with it.  And as for

12   the rules and what I need to educate myself on, the

13   protective order in this case spells out the procedures

14   for requesting back a document that you believe was

15   inadvertently produced.  And I believe the protective

16   order is what governs this request, and we are honoring

17   the protective order, and that gives us some number of

18   business days to address it, which, fortunately, lets us

19   conclude this deposition and get back to the United

20   States to address it.  And frankly, I am not sure how

21   the protective order or the rules apply once a document

22   has been marked at a deposition and the witness has --

23   has testified extensively on it.  That's something we'll

24   have to look at.

25   MR. THOMPSON:  I can tell you right now.  How it works is

# EXHIBIT 4

**From:** Thompson, Rod (27) x4445
**Sent:** Friday, December 23, 2011 12:59 PM
**To:** Pozza, Duane; Platzer, Luke C
**Cc:** Fabrizio, Steven B; Engstrom, Evan (27) x4945; Schoenberg, Tony (28) x4963; Leibnitz, Andrew (21) x4932; jmunn@rascoklock.com
**Subject:** FW: document clawback motion
**Importance:** High

Duane and Luke, in responding to the motion filed regarding Exh. 27 we have determined that the document at issue (HF02866338) was in fact recalled as inadvertently produced on November 28 in the forwarded email below from Tony to Duane.

Paragraph 20 of the protective order says that "A party may move the Court for an order compelling production of [an inadvertently produced] document, and may present the document to the Court under seal **within five (5) court days** of receiving a request to return the document." This motion was filed more than five court days after we requested the claw back.

We assume that you overlooked Tony's notice of the inadvertent production (as I had) and that is why you filed the motion late and did not apprise the court. Please confirm that in light of this new information, you will withdraw the motion so that we need not file an opposition. Obviously, if the motion is not withdrawn, we will point out the violation of a court order as part of our opposition.

Our opposition is due 12/27. So we ask that you respond today. Thanks.


Rod


**From:** Schoenberg, Tony (28) x4963
**Sent:** Monday, November 28, 2011 2:21 PM
**To:** 'Pozza, Duane'
**Subject:** document clawback

Duane-

We hereby request the destruction of 27 documents pursuant to paragraph 20 of the protective order. These documents, HF02159263, HF02835468, HF02835472, HF02860466, HF02860550, HF02860552, HF02861582, HF02861720, HF02861721, HF02861723, HF02863352, HF02863353, HF02863354, HF02863445, HF02863466, HF02863467, HF02865736, HF02865737, HF02865738, HF02866338, HF02866339, HF02866670, HF02866671, HF02866672, HF02867217, HF02867218, and HF02867647 , were inadvertently produced. Each of the documents is

1

protected by the attorney-client privilege and/or constitute protected work product. Please confirm that you have destroyed all copies of these documents.

Regards,

Tony

Anthony P. Schoenberg
Attorney at Law

---

Farella Braun + Martel LLP
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4963
F 415.954.4480
www.fbm.com

2