Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

### DECLARATION OF JENNIFER V. YEH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT ANTON TITOV'S MOTION FOR SUMMARY JUDGMENT AND TO DEFENDANT HOTFILE CORP.'S MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON THE DIGITAL MILLENNIUM COPYRIGHT ACT SAFE HARBOR

[CONFIDENTIAL]

[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]

I, Jennifer V. Yeh, declare as follows:

1. I am an attorney at the law firm of Jenner & Block LLP, and counsel to the plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. The statements made in this declaration are based on my personal knowledge including on information provided to me by colleagues or other personnel working under my supervision on this case. If called to testify, I would testify as follows:

2. Attached hereto as Exhibit 120 is a true and correct copy of excerpts of the deposition of Rumen Stoyanov, taken on December 8, 2011 in the above-captioned case.

3. Attached hereto as Exhibit 121 is a true and correct copy of excerpts of the deposition of Atanas Vangelov, taken on December 7, 2011 in the above-captioned case.

4. Attached hereto as Exhibit 122 is a true and correct copy of excerpts of the deposition of Lance Griffin, taken on December 22, 2011 in the above-captioned case.

5. Attached hereto as Exhibit 123 is a true and correct copy of excerpts of the deposition of Braxton Perkins, taken on December 16, 2011 in the above-captioned case.

6. Attached hereto as Exhibit 124 is a true and correct copy of excerpts of the deposition of Vicki Solmon, taken on December 9, 2011 in the above-captioned case.

7. Attached hereto as Exhibit 125 is a true and correct copy of excerpts of the deposition of Betsy Zedek, taken on December 13, 2011 in the above-captioned case.

8. Attached hereto as Exhibit 126 is a true and correct copy of excerpts of the deposition of Michael Bentkover, taken on December 13, 2011 in the above-captioned case.

9. Attached hereto as Exhibit 127 is a true and correct copy of excerpts of the deposition of David Kaplan, taken on December 13, 2011 in the above-captioned case.

10. Attached hereto as Exhibit 128 is a true and correct copy of excerpts of the deposition of defendant Anton Titov, in his personal capacity and as Fed. R. Civ. P. 30(b)(6) representative of defendant Hotfile Corp., taken from Dec. 5 to Dec. 8, 2011 in the above-captioned case.

11. Attached hereto as Exhibit 129 is a true and correct copy of excerpts of the ESI deposition of defendant Anton Titov, as Fed. R. Civ. P. 30(b)(6) representative of defendant Hotfile Corp., taken on Nov. 17, 2011 in the above-captioned case.

12. Attached hereto as Exhibit 130 is a true and correct copy of excerpts of the deposition of Yangbin Wang, taken on December 22, 2011 in the above-captioned case.

13. Attached hereto as Exhibit 131 is a true and correct copy of an email from Roderick Thompson to Steven Fabrizio, dated December 31, 2011.

14. Attached hereto as Exhibit 132 is a true and correct copy of a document produced by defendants bearing bates label HF02855193.

15. Attached hereto as Exhibit 133 is the verification signature page of Defendants' Supplemental Reponses to Interrogatories Nos. 6 and 9, served in the above-captioned case on September 12, 2011.

16. Attached hereto as Exhibit 134 is a true and correct copy of a document produced by defendants bearing bates label HF02855182.

17. Attached hereto as Exhibit 135 are true and correct copies of Exhibits 5-6 to the deposition of Atanas Vangelov, taken on December 7, 2011 in the above-captioned case.

18. Attached hereto as Exhibit 136 are true and correct copies of Exhibits 7-8 to the deposition of Atanas Vangelov, taken on December 7, 2011 in the above-captioned case.

19. Attached hereto as Exhibit 137 is a true and correct copy of excerpts of the Transcript of Status Conference Hearing Before the Honorable William C. Turnoff, United States Magistrate Judge that took place in the above-captioned case on January 13, 2012.

20. Attached hereto as Exhibit 138 is a true and correct copy of a document produced by defendants bearing bates label HF02868393.

21. Attached hereto as Exhibit 139 is a true and correct copy of the Joint Motion and Memorandum of Law of the Parties For Voluntary Dismissal of Second and Third Counts of Hotfile's First Amended Counterclaim and For Amendment of First Count, filed in the above-captioned case on September 22, 2011 (Dkt. # 151).

22. Attached hereto as Exhibit 140 is Plaintiffs' Second Supplemental Response to Defendant Hotfile Corp.'s Interrogatory No. 1, served in the above-captioned case on October 3, 2011, with the exhibits omitted.

23. Attached hereto as Exhibit 141 are true and correct copies of excerpts of takedown notices to Hotfile produced by Plaintiffs in the above-captioned case bearing bates labels as indicated on the documents.

24. Attached hereto as Exhibit 142 are true and correct copies of documents produced by Defendants in the above-captioned case bearing bates labels as indicated on the documents.

25. Attached hereto as Exhibit 143 is a true and correct copy of Exhibit 158 to the deposition of defendant Anton Titov, in his personal capacity and as Fed. R. Civ. P. 30(b)(6) representative of defendant Hotfile Corp., taken from Dec. 5 to Dec. 8, 2011 in the above-captioned case.

26. Pursuant to Rule 1006 of the Federal Rules of Evidence, attached hereto as Exhibit 144 is a chart summarizing user communications sent to Hotfile after February 18, 2011, where the "lastdl" field in the user communication matches the title of a copyrighted work owned by plaintiffs. Persons under my supervision reviewed user communications produced by Defendants to identify communications where the "lastdl" entry corresponded with a copyrighted work owned by plaintiffs. The bates number of the user communication produced by defendants, the URL listed in the "lastdl" field, the date of the communication, and the corresponding title of plaintiffs' copyrighted work has been summarized in Exhibit 144.

27. Attached hereto as Exhibit 145 are true and correct copies of news articles regarding the reaction of download hubs to the Megaupload indictment, printed on March 5, 2012 by personnel acting at my direction from the indicated URLs.

28. Attached hereto as Exhibit 146 is a true and correct copy of the Corrected Reply Brief to Opposition to Motion for Preliminary Injunction, filed by Liberty Media in *Liberty Media Holdings, L.L.C. v. Hotfile.com, et al.*, No. 3:09-CV-2396-D (N.D. Tex.), on February 10, 2010 (Dkt. # 47).

29. Attached hereto as Exhibit 147 is a true and correct copy of a document produced by plaintiff Disney Enterprises, Inc. bearing bates label DISNEY000288.

30. Attached hereto as Exhibit 148 is a true and correct copy of a document produced by plaintiff Disney Enterprises, Inc. bearing bates label DISNEY000234.

31. Attached hereto as Exhibit 149 is a true and correct copy of a document produced by plaintiff Twentieth Century Fox Film Corporation bearing bates label FOX003228.

32. Attached hereto as Exhibit 150 is a true and correct copy of a document produced by plaintiff Warner Bros. Entertainment Inc. bearing bates label WARNER000001.

33. The files identified in Plaintiffs' Supplemental Response to Interrogatory No. 1 (attached as Yeh Ex. 119 to my previous declaration) do not purport to be all plaintiffs' works that have been infringed through the Hotfile Website. Upon receiving the Courts' Order on Defendants' Motion to Compel (Dkt. # 147), plaintiffs had a very limited period of time to

3

analyze Hotfile's data – which had only recently been produced – to identify instances of plaintiffs' copyrighted works on the Hotfile Website. Moreover, plaintiffs did not have access to all of Hotfile's content files for review at that time. Thus, the files identified in Plaintiffs' Supplemental Response to Interrogatory No. 1 represent only a portion of the files containing plaintiffs' works that were on Hotfile. Additionally, plaintiffs' interrogatory response only identifies copyrighted works of which the rights are held by one of the plaintiff companies. It does not include copyrighted works owned by plaintiffs' affiliates that are being infringed through the Hotfile Website.

34. I understand from Hotfile's Statement of Undisputed Material Facts in Support of its Motion and Memorandum of Law for Partial Summary Judgment Based on the Digital Millennium Copyright Act Safe Harbor ("HF SUF") that Hotfile claims to have made certain changes to its system in February 2012, including allegedly adopting the Vobile vCloud9 technology and modifying its Affiliate and repeat infringer policy. *See* HF SUF 27, 28. Fact discovery in this case closed on December 23, 2011, and plaintiffs have not had the opportunity to pursue discovery on any of these changes purportedly made to Hotfile's system in February 2012.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 7, 2012.

_____
Jennifer V. Yeh