# Yeh Exhibit 122

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    Plaintiffs,

   vs.         CASE NO. 11-20427-WILLIAMS-TURNOFF

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

    Defendants.
_____
AND RELATED CROSS-ACTION.
_____

HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF LANCE R. GRIFFIN, ESQUIRE

PURSUANT TO FEDERAL RULE 30(b)(6)

Los Angeles, California

Thursday, December 22, 2011


Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 178940


877.955.3855

```
 1              UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF FLORIDA

 3

 4   DISNEY ENTERPRISES, INC.,
     TWENTIETH CENTURY FOX FILM
 5   CORPORATION, UNIVERSAL CITY
     STUDIOS PRODUCTIONS LLLP,
 6   COLUMBIA PICTURES INDUSTRIES,
     INC., and WARNER BROS.
 7   ENTERTAINMENT INC.,

 8            Plaintiffs,

 9       vs.          CASE NO. 11-20427-WILLIAMS-TURNOFF

10   HOTFILE CORP., ANTON TITOV,
     and DOES 1-10,
11
              Defendants.
12   _____
     AND RELATED CROSS-ACTION.
13   _____

14

15     HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

16         Videotaped deposition of LANCE R. GRIFFIN,

17   ESQUIRE, pursuant to Federal Rule 30(b)(6), taken on

18   behalf of Defendants and Counterclaimant Hotfile Corp.,

19   at 633 West Fifth Street, Suite 3600, Los Angeles,

20   California, beginning at 9:47 A.M. and ending at

21   4:49 P.M. on Thursday, December 22, 2011, before

22   LORI SCINTA, RPR, Certified Shorthand Reporter No. 4811.

23

24

25
```



877.955.3855

2

```
 1     APPEARANCES:
 2
 3     For Plaintiffs:
 4
           JENNER & BLOCK LLP
 5         BY:  STEVEN B. FABRIZIO
           Attorney at Law
 6         1099 New York Avenue, NW, Suite 900
           Washington, D.C. 20001-4412
 7         202.639.6000
           Email:  sfabrizio@jenner.com
 8
               -- and --
 9
           THE WALT DISNEY COMPANY
10         BY:  GORDON GOLDSMITH
           Attorney at Law
11         500 South Buena Vista Street
           Burbank, California 91521-0641
12         818.560.7893
13
14     For Defendants and Counterclaimant Hotfile Corp.:
15
           FARELLA BRAUN + MARTEL LLP
16         BY:  ANTHONY SCHOENBERG
           Attorney at Law
17         235 Montgomery Street
           San Francisco, California 94104
18         415.954.4400
           Email:  tschoenberg@fbm.com
19
20
       Videographer:
21
22         VONYARN MASON
           SARNOFF COURT REPORTERS
23         20 Corporate Park, Suite 350
           Irvine, California 92606
24         877.955.3855
25
```



LANCE R. GRIFFIN, ESQ.                         12/22/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
10:46  1    BY MR. SCHOENBERG:
10:46  2         Q    Can you think of any specific instance in which
10:46  3    Hotfile did not take a file down after receiving a
10:46  4    takedown notice from Disney?
10:46  5              MR. FABRIZIO:  Objection.  Objection.  Calls
10:46  6    for speculation.
10:46  7              THE WITNESS:  Yes.
10:46  8    BY MR. SCHOENBERG:
10:46  9         Q    When was that?
10:46 10         A    I'm sure we've had to send follow-up notices
10:46 11    several times.
10:46 12         Q    Has there ever been an instance in which
10:46 13    Hotfile did not after receiving a follow-up notice take
10:46 14    down a link that you had given it notice of?
10:46 15              MR. FABRIZIO:  Objection.  Calls for
10:46 16    speculation.
10:46 17              THE WITNESS:  I -- I have never analyzed or
10:46 18    asked for data concerning that.
10:46 19    BY MR. SCHOENBERG:
10:47 20         Q    How quickly do you expect cyberlockers to
10:47 21    remove content that you've identified in takedown
10:47 22    notices?
10:47 23              MR. FABRIZIO:  Objection.  Overbroad and calls
10:47 24    for a legal conclusion.
10:47 25              THE WITNESS:  I believe Disney's position on
```



```
10:48   1           MR. FABRIZIO:  Same objections.
10:48   2           THE WITNESS:  I imagine it would be much less
10:48   3   than that, yes.
10:48   4   BY MR. SCHOENBERG:
10:48   5       Q   Would it be less than 24 hours?
10:48   6           MR. FABRIZIO:  Same objections.  Asked and
10:48   7   answered.
10:48   8           THE WITNESS:  Again, I'm not certain.
10:48   9   BY MR. SCHOENBERG:
10:48  10       Q   So it could be more than 24 hours?
10:48  11           MR. FABRIZIO:  Objection.  Calls for
10:48  12   speculation.
10:48  13           THE WITNESS:  I -- I can't recall.
10:48  14   BY MR. SCHOENBERG:
10:49  15       Q   Did you have issues with Hotfile not taking
10:49  16   down files expeditiously in response to your takedown
10:49  17   notices?
10:49  18           MR. FABRIZIO:  Objection.  Vague and ambiguous,
10:49  19   compound and overbroad and vague as to timeframe, as
10:49  20   well.
10:49  21           THE WITNESS:  We have had to send follow-up
10:49  22   notices on many files.
10:49  23   BY MR. SCHOENBERG:
10:49  24       Q   And you're speaking of Hotfile, specifically?
10:49  25       A   Yes.  Yes.
```



LANCE R. GRIFFIN, ESQ. 12/22/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
10:54  1            MR. FABRIZIO:  Same objection.
10:54  2            THE WITNESS:  Again, I haven't seen a list.
10:54  3   BY MR. SCHOENBERG:
10:54  4       Q    More than 20?
10:54  5            MR. FABRIZIO:  Same objection.
10:54  6            THE WITNESS:  Again, I haven't seen a list.
10:54  7   BY MR. SCHOENBERG:
10:54  8       Q    Did Hotfile provide Disney with a takedown
10:54  9   tool?
10:55 10       A    No, it did not.
10:55 11       Q    Did Disney ever ask Hotfile for a takedown
10:55 12   tool?
10:55 13       A    Not that I'm aware of.
10:55 14       Q    Has Disney asked other cyberlockers for the
10:55 15   takedown tools that they've provided?
10:55 16            MR. FABRIZIO:  Objection.  Lacks foundation.
10:55 17            THE WITNESS:  Not that I'm aware.
10:55 18   BY MR. SCHOENBERG:
10:55 19       Q    Did Hotfile ever offer Disney a takedown tool?
10:55 20       A    Not that I'm aware.
10:55 21            MR. SCHOENBERG:  I'll mark my first exhibit.
10:56 22            MR. FABRIZIO:  If you're going to start marking
10:56 23   exhibits, we've been going almost an hour and a half.
10:56 24   Should we take a leg-stretching break?
10:56 25            MR. SCHOENBERG:  Sure.
```


877.955.3855

56

```
03:57   1    BY MR. SCHOENBERG:
03:58   2        Q    What was the earliest date on which Disney
03:58   3    identified any work on Hotfile's servers that infringed
03:58   4    its copyrights?
03:58   5        A    I believe it was March of 2009.
03:58   6        Q    And do you recall who -- who identified it?
03:58   7        A    I believe the vendor was DtecNet and the
03:58   8    coordinator was Nate Howe.
03:58   9        Q    Do you recall what the -- what the work was
03:58  10    that was infringed?
03:58  11        A    No, I do not.
03:59  12        Q    Do you -- did Disney send a takedown notice
03:59  13    regarding that work or that file?
03:59  14        A    I can't recall.
03:59  15        Q    Did Disney ever identify works on Hotfile's
03:59  16    servers that it believed infringed its copyrights but
03:59  17    then did not send a takedown notice?
03:59  18             MR. FABRIZIO:  Prior to filing of this
03:59  19    complaint?
03:59  20             MR. SCHOENBERG:  Excuse me?
03:59  21             MR. FABRIZIO:  Prior to the complaint?
03:59  22             MR. SCHOENBERG:  At any time.
03:59  23             MR. FABRIZIO:  Objection.  Overbroad, vague as
03:59  24    to time.
03:59  25             THE WITNESS:  I know initially Nate had come to
```



```
03:59  1    me, and -- and there was infringing content on the site.
03:59  2    And he couldn't find an address to send -- an email
03:59  3    address to send the notice to, or a physical address.
04:00  4           So it's possible at that point that no notice
04:00  5    was sent.
04:00  6    BY MR. SCHOENBERG:
04:00  7       Q   Do you -- what did you tell Nate when he came
04:00  8    to you with that information?
04:00  9       A   I told him to check the Library of Congress
04:00 10    site that has a list of designated agents, and I told
04:00 11    him to check the terms of use or terms of service or
04:00 12    other parts of the site to see if there was something
04:00 13    that mentioned copyright infringement and an address.
04:00 14       Q   And do you recall that he followed your
04:01 15    instructions?
04:01 16           MR. FABRIZIO:  Objection.  Calls for
04:01 17    speculation.
04:01 18           THE WITNESS:  He did not come back to me on it.
04:01 19    BY MR. SCHOENBERG:
04:01 20       Q   Okay.  And do you know whether he did, in fact,
04:01 21    find a -- someplace to send a takedown notice to?
04:01 22       A   I don't.  And that's why I'm not sure if we
04:01 23    sent a notice on every infringement that we found.
04:01 24       Q   And other than that possible instance, are
04:01 25    there any other instances in which Disney has identified
```



```
 9        I, LANCE R. GRIFFIN, ESQUIRE, do hereby declare
10   under penalty of perjury that I have read the foregoing
11   transcript; that I have made any corrections as appear
12   noted, in ink, initialed by me, or attached hereto; that
13   my testimony as contained herein, as corrected, is true
14   and correct.

17        EXECUTED this ____ day of _____,
18   20___, at _____, _____.
                      (City)            (State)

22   _____
     LANCE R. GRIFFIN, ESQUIRE
```

1
2        I, the undersigned, a Certified Shorthand
3  Reporter of the State of California, do hereby certify:
4        That the foregoing proceedings were taken
5  before me at the time and place herein set forth; that
6  any witnesses in the foregoing proceedings, prior to
7  testifying, were duly sworn; that a record of the
8  proceedings was made by me using machine shorthand
9  which was thereafter transcribed under my direction;
10 that the foregoing transcript is a true record of the
11 testimony given.
12       Further, that if the foregoing pertains to
13 the original transcript of a deposition in a Federal
14 Case, before completion of the proceedings, review of
15 the transcript [X] was [ ] was not requested.
16       I further certify I am neither financially
17 interested in the action nor a relative or employee
18 of any attorney or party to this action.
19       IN WITNESS WHEREOF, I have this date
20 subscribed my name.
21
22 Dated: 12/29/2011
23
24                               _____
                                 LORI SCINTA, RPR
25                               CSR No. 4811

