# FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF



DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

> *Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

> *Defendants.*

_____/

HOTFILE CORP.,

> *Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

> *Counter-Defendant.*

_____/

**MOTION AND MEMORANDUM OF LAW OF DEFENDANTS
HOTFILE CORPORATION AND ANTON TITOV TO STRIKE
THE DECLARATION OF JENNIFER V. YEH FILED IN SUPPORT
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
ANY REFERENCES IN PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT OR STATEMENT OF FACTS TO THE
<u>YEH DECLARATION AND ITS ATTACHMENTS</u>**

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

## TABLE OF CONTENTS

CITATION LEGEND ........................................................................................ iii

INTRODUCTION ............................................................................................1

LEGAL ARGUMENT .......................................................................................1

I.      The Blog Post Exhibits Are Inadmissible...............................................2

II.     The Exhibits Compiling Unqualified Expert Opinion By Unnamed Persons
        Should Be Stricken .................................................................................5

        A.      Inadmissible Charts Summarizing Unqualified Opinion Testimony ....................5

        B.      Demonstratives Providing Hearsay and Incompetent Expert Opinions ................9

III.    The Court Should Exhibits That Purport To Depict Web Pages of Hotfile Affiliate
        Sites .......................................................................................................11

IV.     Plaintiffs Impermissibly Suggest that Hotfile Is Like Other Targets of Anti-
        infringement Enforcement Actions ........................................................11

V.      The Email Exhibits Should be Stricken...................................................13

VI.     Article about Peer-to-Peer Networks Should Be Excluded.............................14

VII.    Exhibits With Information From Supposed Third Party Research Firm Are Not
        Admissible .............................................................................................14

VIII.   Overall Lack of Personal Knowledge Merits Striking the Entire Declaration ...............15

CONCLUSION ..............................................................................................16

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

## TABLE OF AUTHORITIES

### FEDERAL CASES

*American Securit Co. v. Hamilton Glass Co.*,
   254 F.2d 889 (7th Cir. 1958) ....................................................................................2

*Casella v. Morris*,
   820 F.2d 362 (11th Cir. 1987) ...................................................................................6

*Cody v. Harris*,
   409 F.3d 853 (7th Cir. 2005) ..............................................................................13, 16

*Corwin v. Walt Disney World, Co.*,
   475 F.3d 1239 (11th Cir. 2007) .................................................................................6

*Dallas Cnty v. Commission Union Assurance Co.*,
   286 F.2d 388, 298, n. 3 (5th Cir. 1961) ...................................................................13

*Dannenborg Rederi AS v. M/Y True Dream*,
   428 F. Supp. 2d 1265 (S.D. Fla. 2005) ......................................................................6

*Degelman Industries v. Pro-Tech Welding & Fabrication, Inc.*,
   No. 06-CV-6346T, 2011 WL 6752565 (W.D.N.Y. Dec. 23, 2011)...........................6

*Didion Milling, Inc. v. Agro Distributing, LLC*,
   No. 05-C-227, 2007 WL 702808 at *19 (E.D. Wis. Mar. 2, 2007)...........................6

*E.F. Hutton & Co. v. Brown*,
   305 F. Supp. 371 (S.D. Tex. 1969) ............................................................................6

*Ex Parte Yardley*,
   No. 2009-001146 (B.P.A.I. July 21, 2009) .................................................................6

*Gable v. National Broadcasting Co.*,
   727 F. Supp. 2d 815 (C.D. Cal. 2010) .....................................................................10

*Hollander v. American Cyanamid Co.*,
   172 F.3d 192 (2nd Cir. 1999) ...............................................................................6, 10

*Horta v. Sullivan*,
   4 F.3d 2 (1st Cir. 1993)........................................................................................13, 16

*In re Homestore.com, Inc. Securities Litigation*,
   347 F. Supp. 2d 769 (C.D. Cal. 2004) .......................................................................3

*Ingless & Co. v. Everglades Fertilizer Co., Inc.*,
   255 F.2d 342 (5th Cir. 1958) ...................................................................................16

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

*Internet Law Library, Inc. v. Southridge Capital Management, LLC,*
   No. 01 Civ. 6600(RLC), 2005 WL 3370542 (S.D.N.Y. Dec. 12, 2005) .................................. 7

*Leigh v. Warner Bros., Inc.,*
   212 F.3d 1210 (11th Cir. 2000) ........................................................................... 8, 14

*Montgomery v. Aetna Casualty & Surety Co.,*
   898 F.2d 1537 (11th Cir. 1990) ................................................................................... 8

*Novak v. Tucows, Inc.,*
   No. 06–CV–1909(ARL), 2007 WL 922306 (E.D.N.Y. Mar. 6, 2007) ................................ 4

*Osborn v. Butler,*
   712 F. Supp. 2d 1134 (D. Idaho 2010) ......................................................................... 4

*Pace v. Capobianco,*
   283 F.3d 1275 (11th Cir. 2002) ................................................................................ 16

*Schnabel v. Abramson,*
   232 F.3d 83 (2d Cir. 2000) ........................................................................................ 6

*St. Clair v. Johnny's Oyster & Shrimp, Inc.,*
   76 F. Supp. 2d 773 (S.D. Tex. 1999) ........................................................................... 3

*St. Luke's Cataract & Laser Institute, P.A. v. Sanderson,*
   No. 8:06-CV-223-T-MSS, 2006 WL 1320242 (M.D. Fla. May 12, 2006) .......................... 3

*Sun Prot. Factory, Inc. v. Tender Corp.,*
   No. 604CV732ORL19KRS, 2005 WL 2484710 (M.D. Fla. Oct. 7, 2005) .......................... 3

*The Williams Island Synagogue, Inc. v. City of Aventura,*
   329 F. Supp. 2d. 1319 (S.D. Fla. 2004) ....................................................................... 1

*United States v. Amuso,*
   21 F.3d 1251 (2d Cir. 1994) ....................................................................................... 6

*United States v. Carradine,*
   621 F.3d 575, 580 fn.1 (6th Cir. 2010) ...................................................................... 10

*United States v. Ford,*
   435 F.3d 204 (2d Cir. 2006) ..................................................................................... 10

*United States v. Jackson,*
   208 F.3d 633 (7th Cir. 2000) ................................................................................. 3, 4

*WrestleReunion, LLC v. Live Nation TV Holdings, Inc.,*
   No. 8:07-cv-2093-JDW-MAP, 2009 WL 2473686 (M.D. Fla. Aug. 9, 2009) .................... 14

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

## FEDERAL RULES AND REGULATIONS

Fed. R. Civ. P. 26.............................................................................................7

Fed. R. Civ. P. 56(c)(4) ...............................................................................1, 10

Fed. R. Evid. 106............................................................................................15

Fed. R. Evid. 402.............................................................................2, 4, 12, 15

Fed. R. Evid. 403......................................................................................2, 12

Fed. R. Evid. 802............................................................................................12

Fed. R. Evid. 602.......................................................................................4, 7, 8

Fed. R. Evid. 603..............................................................................................5

Fed. R. Evid. 702....................................................................................5, 9, 11

Fed. R. Evid. 702(c).........................................................................................7

Fed. R. Evid. 702 (d) .......................................................................................7

Fed. R. Evid. 703............................................................................................11

Fed. R. Evid. 801............................................................................................15

Fed. R. Evid. 801(d) .......................................................................................11

Fed. R. Evid. 802............................................................................................15

Fed. R. Evid. 901.........................................................................................3, 7

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

## <u>CITATION LEGEND</u>

1.      "PSUF" shall refer to specific paragraph numbers of Plaintiffs' Statement of Uncontroverted Facts.

2.      "DSUF" shall refer to specific paragraph numbers of Statement of Undisputed Material Facts In Support of Motion of Defendants Hotfile Corporation and Anton Titov for Partial Summary Judgment Based on the Digital Millennium Copyright Act Safe Harbor.

3.      "TSUF" shall refer to specific paragraph numbers of Statement of Undisputed Material Facts In Support of Motion of Anton Titov's Motion for Summary Judgment.

4.      "DRSF" shall refer to specific paragraph numbers of the Statement of Facts of Defendants Hotfile Corporation and Anton Titov In Opposition to Plaintiffs' Statement of Uncontroverted Facts and Defendants' Statement of Additional Material Facts.

5.      "Foster Decl." shall refer to the declaration of Dr. Ian Foster in support of Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov, dated February 17, 2012.

6.      "Yeh Decl." shall refer to the declaration of Jennifer V. Yeh in support of Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov, dated February 17, 2012.

7.      "Titov Decl." shall refer to the declaration of Anton Titov in support of Defendants' Motion for Summary Judgment.

8.      "Titov Opp. Decl." shall refer to the declaration of Anton Titov in support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment.

9.      "Leibnitz Decl." shall refer to the declaration of Andrew Leibnitz in support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment.

10.     "Gupta Decl." shall refer to the declaration of Deepak Gupta in support of Defendants' Motion for Summary Judgment.

11.     "Schoenberg Decl." shall refer to the declaration of Anthony Schoenberg in support of Anton Titov's Motion for Summary Judgment.

12.     "Levy Decl." shall refer to the declaration of Dr. Daniel S. Levy in support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment.

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

13.    "Cromarty Decl." shall refer to the declaration of Dr. Andrew Cromarty in support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

14.    "Boyle Decl." shall refer to the declaration of Dr. James Boyle in support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

15.    "Leibnitz Ex. __," shall refer to exhibits attached to the Leibnitz Declaration.

16.    "Yeh Ex. __," shall refer to exhibits attached to the Yeh Declaration.

17.    "Gupta Ex. __," shall refer to exhibits attached to the Gupta Declaration.

18.    "Schoenberg Ex. __," shall refer to exhibits attached to the Schoenberg Declaration.

19.    "Boyle Ex. __," shall refer to exhibits attached to the Boyle Declaration.

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

## INTRODUCTION

In support of their Motion for Summary Judgment, Plaintiffs submit the declaration of Jennifer Yeh — an associate at Jenner & Block — and 119 accompanying exhibits. The Yeh Declaration and its exhibits contain a broad array of evidentiary deficiencies, from unauthenticated screenshots and internet blog posts to charts seeking to provide improper expert assessment of the likelihood that copyright infringement has occurred. Plaintiffs attach no fewer than eight exhibits consisting of anonymous Internet forum posts that were not produced or identified in discovery. This cyber-scrawl is unauthenticated hearsay. Equally objectionable are the charts Plaintiffs append to the Yeh Declaration, allegedly summarizing various analyses undertaken by unidentified people working under her supervision. Aside from the lack of authentication of these exhibits, their content purports to be expert opinion of Ms. Yeh, who is not qualified and never was disclosed as an expert – even assuming that Plaintiffs could properly put their own counsel on the witness stand to attest to the ultimate legal conclusions in the case. Also improper is Yeh Exhibit 98, a copy of the criminal indictment in *United States v. Dotcom* that illustrates how Plaintiffs impermissibly seek to taint Defendants by association with an accused infringer, Megaupload.com. Plaintiffs treat the indictment's unproven allegations as *facts*, citing them as purported evidence of Hotfile's wrongdoing. Plaintiffs' submissions are not evidence, and should be stricken.

## LEGAL ARGUMENT

A declaration offered to support a motion for summary judgment must "be made on personal knowledge, set out facts which would be admissible in evidence, and show that the … declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Strict adherence to the rules of evidence are particularly important at summary judgment because, "[i]nasmuch as summary judgment procedure lacks the safeguard of cross-examination of an affi[ant], it is important that it be shown that he is competent to testify to the matters therein stated and that the facts to which he swears are admissible under the rules of evidence." *The Williams Island Synagogue, Inc. v. City of Aventura*, 329 F. Supp. 2d 1319, 1323 (S.D. Fla. 2004), quoting *Am. Securit Co. v. Hamilton Glass Co.*, 254 F.2d 889, 893 (7th Cir. 1958). Instead of strictly adhering to the rules of evidence, Plaintiffs cast them aside in their zeal to accuse Defendants of infringement.

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

## I.      The Blog Post Exhibits Are Inadmissible

Plaintiffs seek to use inadmissible, anonymous postings on Internet forums to support their contention that Defendants failed to terminate users accused repeatedly of infringement and to support the claim that Defendants used infringing content to illustrate Hotfile.com.  Yeh Exs. 22, 48; Yeh Decl. ¶¶ 23, 49; PSUF ¶ 4(e) (citing Yeh Ex. 22); PSUF ¶ 10(e)(iii) (citing Yeh Ex. 48); Pls.' Mot. and Mem. of Law In Supp. of Summ. J. Against Defs. Hotfile Corp. and Anton Titov ("Pls.' MPA") at 15 (citing PSUF ¶ 10 (e)(iii)), at 11, 30–31 15 (citing PSUF ¶ 4(e)).  Such postings are the archetype of unreliable evidence and should be excluded as unauthenticated, irrelevant hearsay.[1]

According to Ms. Yeh's declaration, Exhibit 22 is a "screenshot of the Digital Point Forum titled 'File hosting affiliate program presentation,' dated April 18, 2009, printed on July 26, 2011 from the indicated URL."  Yeh Decl. ¶ 23.  Plaintiffs cite Exhibit 22 to support the contention that "Defendants had no policy or practice of terminating users who were the subject of multiple infringement notices or otherwise identified as infringers."  PSUF ¶ 4(e). Specifically, the contention is purportedly supported by an anonymous blog comment by someone using the screen name "campolar," stating:

> Yes, porn and warez are allowed.  They will stay on the server until they are reported.  If any of you files are reported by a real representative (see http://hotfile.com/reportabuse.html ), then the file will be deleted, but your account credit will not be removed, and you will not be suspended from hotfile.com.

Yeh Ex. 22 at 5.  There is no evidence of the true identity of "campolar."

Anonymous website forum postings such as Exhibit 22 are the digital equivalent of graffiti.  Such postings reveal nothing about the writer's identity beyond an assumed name, making it impossible to even foreclose the possibility that the posting was made by Plaintiffs themselves.  Furthermore, without admissible evidence about to how the website was operated, there is no way even to verify the date of the post.

Exhibit 22 therefore is inadmissible for lack of authentication, hearsay, irrelevance, lack of competence, and high risk of unfair prejudice.  Plaintiffs offer nothing to authenticate Exhibit

---

[1] Although Yeh Exhibits 22 and 48 are perhaps the blog post evidence by Plaintiffs that most egregiously violates the Federal Rules of Evidence, several others fail due to the same objections of lack of authentication, hearsay, irrelevance, unfair prejudice, and failure to produce in discovery and disclosure.  *See* Fed. R. Evid. 402, 403 801, 802, 901; Fed. R. of Civ. Proc. 26(a)(1)..  These are Yeh Exhibits 58, 60, 61, 63, 64, and 86.

22 under Federal Rule of Evidence beyond Ms. Yeh's statement that it is true and correct as of the date it was printed. Yeh Decl. ¶ 23. Authentication is a "condition precedent to admissibility." Fed. R. Evid. 901. This requirement is satisfied by "evidence sufficient to support a finding that the item is what the proponent claims it is." *Id.* Websites are not self-authenticating. *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 8:06-CV-223-T-MSS, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); *Sun Prot. Factory, Inc. v. Tender Corp.*, No. 604CV732ORL19KRS, 2005 WL 2484710, at *6 n. 4 (M.D. Fla. Oct. 7, 2005). Here, to authenticate Exhibit 22, Plaintiffs would have to present evidence that the 2009 dates on the cited parts of the website were accurate, despite their printing in 2011, and that the content of the posting had not been adulterated. To provide that evidence, Plaintiffs would need "some statement or affidavit from someone with knowledge [of the website.] ... For example, [a] web master or someone else with personal knowledge would be sufficient." *St. Luke's Cataract & Laser Inst.*, 2006 WL 1320242, at *2, citing *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004) *see also United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000) (ruling that Web postings offered as statements of the groups named in the posts as authoring them were not properly authenticated because there was no showing that the groups actually authored them); *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 774–75 (S.D. Tex. 1999) ("Anyone can put anything on the Internet. ... Moreover, the Court holds no illusions that hackers can adulterate the content on any web-site from any location at any time."). Nor do Plaintiffs provide evidence of who printed the pages, so there is no valid proof that the pages were printed from the URL marked on the pages' headers or that the printing was done on the alleged 2011 date. Ms. Yeh does not claim any personal knowledge of those facts. Yeh Decl. ¶¶ 1, 23.[2]

Even if Plaintiffs had authenticated the blog posts, they nevertheless would be excluded as hearsay. *See* Fed. R. Evid. 402; *see also Jackson*, 208 F.3d at 637 (web postings were hearsay); *Osborn v. Butler*, 712 F. Supp. 2d 1134, 1147 (D. Idaho 2010) ("written content of the website pages is inadmissible hearsay ... and Plaintiff's motion to strike will be granted");

---

[2] Indeed, Plaintiffs do not seem to properly appreciate the meaning of "personal knowledge," given that their attorney declares that the statements in her declaration "are based on my personal knowledge *including on information provided to me by colleagues or other personnel working under my supervision on this case*." Yeh Decl. ¶ 1. The truth of information provided by someone else is not within a declarant's personal knowledge.

*Nightlight Sys. v. Nitelites Franchise Sys.*, 1:04-CV-2112-CAP, 2007 WL 4563875, at *7 (N.D. Ga. May 11, 2007) ("[T]he web pages … would only be probative of what they show on their face, not for the truth of the matters contained therein, unless the plaintiffs offered a competent witness to testify to the truth of such matters. The plaintiffs have not, however, offered such a witness."); *Novak v. Tucows, Inc.*, No. 06–CV–1909(JFB)(ARL), 2007 WL 922306, at *5 (E.D.N.Y. Mar. 6, 2007) ("Where postings from internet websites are not statements made by declarants testifying at trial and are offered to prove the truth of the matter asserted, such postings generally constitute hearsay ….").

The blog posts are offered only for the truth of the matters asserted. In Exhibit 22, the "matter asserted" is the approach Defendants allegedly took toward accused infringers. In Exhibit 48, the "matter asserted" is that Defendants used infringing material to illustrate Hotfile.com. Plaintiffs do not assert that they offer either exhibit for a non-hearsay purpose, such as showing Defendants knowledge of the contents of the blogs. Nor could they, given that Hotfile personnel who posted to the same blog did not do so around the same time and did not post on the same topics. *See* Exs. 22, 48 (posting of "ButcherBoy," the screen name of a member of Hotfile contractor Andrew Ianakov). Even passing by graffiti does not make it admissible. The exhibits therefore should be stricken as hearsay.

Similarly, the postings in Exhibit 22 also fail to show that the anonymous speaker had personal knowledge of how Hotfile.com worked. *See* Fed. R. Evid. 602 (requiring personal knowledge). Nor is there any other evidence in the record to show any such knowledge or provide any indicia that the posters were speaking truthfully (including obviously the lack of the requisite oath or affirmation of truthful testimony). *See* Fed. R. Evid. 603 (oath or affirmation required).[3]

## II.    The Exhibits Compiling Unqualified Expert Opinion By Unnamed Persons Should Be Stricken.

Plaintiffs attempt to support summary judgment with two categories of inadmissible opinion evidence: *first*, a series of tables in which unnamed persons working under Ms. Yeh

---

[3] The lack of probative value of these postings by anonymous people with no known affiliation with Defendants renders the exhibits irrelevant or, at least, justifies their exclusion for unfair prejudice. The exhibits set forth unfair and baseless accusations that Defendants did not terminate repeat copyright infringers and illustrated their site with infringing material, while having little, if any, probative value due to the posters' anonymity, the lack of known personal knowledge, and the lack of proof that the blog's data has remained secure and unadulterated.

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

advance their unqualified expert opinions about Hotfile.com downloading practices and even legal conclusions; and *second*, a series of hearsay demonstrative exhibits that contain further unqualified opinion.

### A.      Inadmissible Charts Summarizing Unqualified Opinion Testimony

Exhibits 27, 29, 56, 106, and 119 and their accompanying paragraphs of the Yeh Declaration (28, 30, 67, 107, and 120) should be excluded from evidence because they are not based on personal knowledge and contain unqualified opinion testimony by undisclosed and unnamed witnesses.

Exhibit 29 and the accompanying paragraph 30 of the Yeh Declaration embody the most egregious violations among this subset of exhibits. This paragraph and the exhibit consist of a chart supposedly summarizing a review of files downloaded from Hotfile.com by Hotfile personnel. Yeh Decl. ¶ 30. The review was done by unnamed persons, with unknown qualifications, working under Ms. Yeh. *Id.* After applying unspecified criteria in their review, these unnamed persons reach legal conclusions concerning whether the files were "highly likely infringing." *Id.*; Yeh Ex. 29. This exhibit should be stricken on multiple, independent grounds.

*First*, the chart improperly attempts to offer expert testimony on the issue of infringement from non-experts and therefore should be excluded. There is no evidence that Ms. Yeh or any of her unidentified supervisees are qualified as copyright infringement experts. *See* Fed. R. Evid. 702 (requiring qualification by knowledge, skill, experience, training, or education). Neither Ms. Yeh nor any of her subordinates was disclosed as an expert or subject to expert discovery. *See Corwin v. Walt Disney World, Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007) (expert's affidavit properly excluded on summary judgment where witness had not been disclosed by deadline for expert witnesses).

This attempt to submit "expert fact testimony" from non-experts is particularly telling because Plaintiffs designated attorney Scott Zebrak as a purported expert in copyright law. Like Ms. Yeh and her unidentified subordinates, Mr. Zebrak examined a sampling of files from Hotfile.com and opined as to whether they likely infringed a copyright. The two analyses are nearly identical, right down to the nomenclature used ("highly likely infringing"). By submitting them both, either Plaintiffs have conceded that Mr. Zebrak's "expert" report is no such thing — because even the apparently unqualified reviewers can perform an identical analysis — or Plaintiffs improperly attempted to present lay witnesses as experts despite not disclosing them to

-5-

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

allow for expert discovery. *See e.g., United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994) ("A district court may commit manifest error by admitting expert testimony where the evidence impermissibly mirrors the testimony offered by fact witnesses ....").

*Second*, even if Ms. Yeh and her subordinates were qualified and disclosed as experts, their opinion as to whether files are "highly likely infringing" is an inadmissible legal conclusion that invades the province of the judge and/or is legal argument masquerading as evidence. *Casella v. Morris*, 820 F.2d 362, 364 (11th Cir. 1987) (infringement is "legal conclusion"). The legal opinion of a party's outside counsel is not evidence, and it may not be considered in adjudicating s summary judgment motion. *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2nd Cir. 1999) (approving strike of attorney affidavit containing "conclusory statements and arguments"), *abrogation as to unrelated holding recognized by Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000); *Degelman Indus. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346T, 2011 WL 6752565, at *4 (W.D.N.Y. Dec. 23, 2011) (striking attorney affidavit containing legal argument); *Dannenborg Rederi AS v. M/Y True Dream*, 428 F. Supp. 2d 1265, 1268 (S.D. Fla. 2005) (striking counsel's affidavit for consisting of "statements that constitute argument"); *E.F. Hutton & Co. v. Brown*, 305 F. Supp. 371, 383 (S.D. Tex. 1969) (counsel's affidavits must not be "burdened by legal arguments, summations, and conclusions); *Ex Parte Yardley*, No. 2009-001146 (B.P.A.I. July 21, 2009); *Didion Milling, Inc. v. Agro Distrib., LLC*, No. 05-C-227, 2007 WL 702808 at *19 (E.D. Wis. Mar. 2, 2007) (striking parts of attorney affidavit containing "legal opinions and arguments"); *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *3 (S.D.N.Y. Dec. 12, 2005) (striking attorney affidavit "more akin to a memorandum of law than to an attorney's affidavit").

*Third*, Plaintiffs fail to provide the required evidence about what methods they applied in reaching their opinions, much less any evidence that the methods were reliable. *See* Fed. R. Evid. 702(c), (d) (requiring reliable expert methods and their reliable application). Plaintiffs have not qualified Ms. Yeh or her subordinates to offer such a conclusion. The Yeh Declaration fails to identify which "[p]ersons under [Yeh's] supervision" (presumably not attorneys, or plaintiffs would have said so) conducted this analysis and provides no details as to the process by which they reached their self-serving conclusion that certain files are "highly likely infringing". Ms. Yeh offers no explanation of the legal standard applied, the relevance or reliability of the

-6-

factors considered, or the scope of the reviewers' analysis. Nothing in the process undertaken by Plaintiffs comports with the requirements of Federal Rule of Evidence 901 or Federal Rule of Civil Procedure 26(a)(2).

*Fourth*, Ms. Yeh did not conduct the analysis herself and therefore she has failed to establish personal knowledge of the asserted facts. Fed. R. Evid. 602.

*Fifth*, Exhibit 29 was not produced in discovery and therefore should be excluded as a discovery sanction. *E.g.*, Fed. R. Civ. P. 37(c)(1).

Paragraph 107 and related Exhibit 106 to the Yeh Declaration are inadmissible for similar reasons. Ms. Yeh describes the document as "a summary chart of domains registered by certain Hotfile Affiliates and the corresponding Hotfile user identification numbers ("userid") of the registering Affiliates." Yeh Decl. ¶ 107. She then testifies, "As is evident from reviewing this list, each of the domain names suggests that the website at the domain provides access to copyrighted content." *Id.* Plaintiffs claim Exhibit 106 supports their statement that "The names and home pages of Hotfile's Affiliates websites reference the availability of copyrighted content[,]" PSUF ¶ 10(d)(iii), and that "[f]rom their names alone, it is clear that a great many of Hotfile's Affiliate link sites are devoted to copyright infringement," Pls.' MPA 7.

This evidence is inadmissible expert testimony. As stated above, Ms. Yeh was not disclosed as an expert, provides no evidence of any specialized knowledge, reliable methods, or qualifying knowledge, skill, experience, or training. Her conclusions would not be within the knowledge of a layperson: there is no reason why a layperson would think that "perfectmusiconline.com," "todohdtv.com," or "more-mp3.ru," among the many similarly named domains listed in Exhibit 106, suggest infringing activity. Like Exhibit 29 and for the reasons stated above, Ms. Yeh's testimony and Exhibit 106 are not helpful to the trier of fact. Ms. Yeh also fails to show that she has personal knowledge of what constitutes the type of domain name that refers to infringing, copyrighted material. See Fed. R. Evid. 602. She does not even purport to have drafted Exhibit 106, so it is unclear whether she was, in fact, its author (and thus whether she had sufficient personal knowledge to draft it). Finally, testimony on legal conclusions by a party's counsel is impermissible. *See, e.g., Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (court abused its discretion by allowing witness to testify that defendant had a duty to hire tax counsel, stating "[a] witness also may not testify to the legal implications of conduct …").

In a similar vein, paragraph 120 and Exhibit 119 to the Yeh Declaration are inadmissible. Ms. Yeh testifies, "[P]ersons under my supervision reviewed data of files uploaded to the Hotfile Website and produced by defendants .... Using information such as filename, size, and other metadata, we identified files that appeared to be copies of plaintiffs' copyrighted works. The attached Exhibit 119 lists ... the filename and Hotfile URL of each uploaded file that appears to correspond to one of plaintiffs' copyrighted works, and the name of the work to which it corresponds. In total, we identified 945,611 files that appear to correspond to copyrighted works owned by plaintiffs." Yeh Decl. ¶ 120. The brief claims that this evidence supports the allegation that "945,611 unique Hotfile download links comprising 10,390 distinct motion pictures and television programs for which the copyrights are held by plaintiffs." Pls.' MPA 10.

This information is not admissible because it is not based on the personal knowledge of Ms. Yeh. Only "persons under [her] supervision" gathered the information used to generate the conclusory statements in Exhibit 119 that the files' names, sizes, and other metadata indicated that they were copies of Plaintiff's copyrighted works. (The conclusory nature of the statements is enough to render them useless. *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("conclusory allegations without specific supporting facts have no probative value").) Ms. Yeh provides no reason to conclude that she had personal knowledge of the data on which the conclusions were based. Because, as discussed above, she is not qualified or disclosed to testify as an expert, she cannot opine that the metadata reliably shows that the files contain copies of Plaintiffs' copyrighted works. Furthermore, she fails to disclose the file size and other metadata on which the opinions supposedly were based. This again violates Federal Rule of Evidence 702. Her testimony is also hearsay, given that she is testifying as to what other (unnamed) people stated about the data, and those people never were deposed.[4]

Even more substantively, Ms. Yeh's testimony reveals that she and those she supervised never actually clicked on the links to the supposed copies of Plaintiffs' protected works or otherwise reviewed the accused content, having only reviewed "filename, size, and other metadata." Thus, she has no basis — hearsay or otherwise — to state conclusively what the files

---

[4] For each of these same reasons, the chart submitted as Exhibit 56 must be stricken. It too purports to "summarize" information compiled by unnamed people under Ms. Yeh's undefined supervision. Yeh Decl., ¶ 57. Ms. Yeh's lack of personal knowledge of the alleged findings of her reviewers set forth in Exhibit 56 renders this exhibit inadmissible.

FILED UNDER SEAL                     CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

contained.  Her testimony and Exhibit 119 are thus revealed as conclusory statements without probative value, if not outright irrelevant.

The chart at Yeh Exhibit 27 is flawed just like Yeh Exhibit 29, described above.  Once again, Ms. Yeh testifies that she supervised unidentified persons who analyzed Hotfile.com users' communications to find references to Plaintiffs' copyrighted material.  Again, this is unqualified, undisclosed and improper expert opinion testimony.  There is no description of the methods use to reach the conclusions.  Merely finding the title of work in a URL, moreover, does not establish whether the URL links to a copy of the Plaintiffs' work.  So, again, Ms. Yeh fails to employ reliable methods to reach her opinions.[5]  Finally, Ms. Yeh lacks personal knowledge of the facts in Exhibit 27 because she relied on other people to gather information.

Finally, paragraph 57 of the Yeh Declaration and Yeh Exhibit 56 to it are objectionable because they also contain similarly impermissible opinion testimony.  Exhibit 56 is a spreadsheet purporting to summarize information about certain files on Hotfile.com, including the title of the work in the file, the file's URL, the work's copyright registration number, the plaintiff that owns the work, and download data.  Yeh Decl. ¶ 57.  The files' contents were not reviewed by Ms. Yeh; it was again the anonymous "[p]ersons under [her] supervision."  *Id.*   There is therefore no personal knowledge to support Ms. Yeh's testimony.  Moreover, she offers no basis to qualify the reviewers to conduct this type of technical analysis and offers legal conclusions about infringement in the false guise of evidence.

### B.      Demonstratives Providing Hearsay and Incompetent Expert Opinions

Defendants also objects to paragraphs 110 to 119 of the Yeh Declaration and the accompanying Exhibits 109 through 118 to the Yeh Declaration, which are hearsay demonstrative exhibits consisting of legal conclusions and argument that also cause Plaintiffs to exceed the page limits of their briefing.  Plaintiffs fill each exhibit with legal argument that has no value as evidence.  The legal assertions include that 90 percent of files downloaded from Hotfile.com are "copyright infringements" (Yeh Ex. 110), "Hotfile Is No Different From Other Adjudicated Infringers" including Napster and Grokster (Yeh Ex. 111), "Nearly All Hotfile Uploaders Are Copyright Infringers" (Yeh Ex. 112), Hotfile failed to "Reasonably Implement A

_____

[5] Moreover, any number of fair use scenarios could explain the presence of a URL containing the title of a copyrighted work.

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

"Repeat Infringer" Policy" (Yeh Ex. 115).[6]  Such argument is not fact, and has no evidentiary value.  *See* Fed. R. Civ. P. 56(c)(4) (summary judgment declarations must "set out *facts*[,]" as opposed to legal argument) (emphasis added); *Hollander*, 172 F.3d at 198  (affidavit "riddled with inadmissible hearsay, conclusory statements and arguments … more resemble[d] an adversarial memorandum than a *bona fide* affidavit") (internal quotation marks omitted); *Gable v. Nat'l Broadcasting Co.*, 727 F. Supp. 2d 815, 835 (C.D. Cal. 2010) (excluding expert report of David Nimmer, author of copyright treatise, because it stated legal conclusions and "read much like a third legal brief").

These Exhibits also should be stricken because Plaintiffs filed the longest permitted brief (40 pages), causing their 10 pages of argument in Exhibits 109 through 118 to exceed the page limit by 25 percent.  *See United States v. Carradine*, 621 F.3d 575, 580 fn.1 (6th Cir. 2010) (striking pages exceeding limit); *United States v. Ford*, 435 F.3d 204, 208–09, 216 (2d Cir. 2006) (noting, but not deciding propriety of, district court order striking counsel's affidavit because it contained legal argument and exceeded page limit on memoranda of law).

Additionally, the portions of the exhibits that are not argument are either hearsay reformulations of the opinions of Plaintiffs' experts or unqualified expert opinion formulated by Ms. Yeh herself.  Neither are admissible.  As discussed above, opinion testimony by Ms. Yeh must be excluded under Federal Rules of Evidence 702 and 703 and because she was not disclosed as an expert.  Plaintiffs provide no information about who authored the exhibits.  There is thus no showing that the author has personal knowledge of the facts stated any of the exhibits. It is evident from Ms. Yeh's declaration that the disclosed experts did not write the exhibits.  *See* Yeh Decl. ¶ 110 ("Information contained in this exhibit [109] is based on data provided by Dr. Ian Foster); ¶ 111 (Yeh Ex. 110 illustrates analysis by Dr. Richard Waterman), ¶¶ 112–113, 117, 119 (Yeh Exs. 111–112, 116, 118 are based on data provided by Dr. Foster or Dr. Waterman). Exhibits 109 through 112, 116, and 118 repeat statements by the disclosed experts but none were produced until after the experts' deposition.  There was thus no opportunity for cross-

---

[6] Other examples of argument from the demonstrative exhibits include the following claims:  74 percent of files "promoted" by Hotfile are "infringing" (Yeh Ex. 109), certain files were infringing copyright (Yeh Ex. 113), "Hotfile Users Overwhelmingly Identified As Infringing" (Yeh Ex. 114), "Hotfile's Failure To Terminate "Repeat Infringers" Resulted In Massive Copyright Infringement" (Yeh Ex. 116), "Nearly All Hotfile's Top 500 Affiliates … [were] Repeat Copyright Infringers" (Yeh Ex. 117), and 1,578 files were "infringing or highly likely infringing" (Yeh Ex. 118).

FILED UNDER SEAL                      CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

examination of experts on these exhibits.  The hearsay exemption for deposed witnesses
therefore does not apply, and the evidence must be stricken.  *See* Fed. R. Evid. 801(d) (stating
exemption).

**III.    The Court Should Strike Exhibits That Purport To Depict Web Pages of Hotfile
         Affiliate Sites**

         Yeh Exhibits 31 through 43, 85 through 86, and 102 through 103 are objectionable
printouts of web pages that Plaintiffs assert depict sites operated by "Hotfile Affiliates," each of
which uploaded files to Hotfile for sharing with other people.  Of course, the statements on these
third parties' these sites are hearsay and suffer from the same lack of authentication as the blog
posts discussed above.  Exhibit 43, consisting of 186 screen shots of various websites, is a
particularly serious example.  Plaintiffs claim that it shows that Hotfile affiliate websites
"reference the availability of copyrighted content."  PSUF ¶ 10(d)(iii).  But again, Ms. Yeh
offers no qualification or reliable method for determining what consist of a "reference [to] the
availability of copyrighted content."   She has no apparent personal knowledge of the web pages;
she does not purport to have read them and states that she did not print them.  Yeh Decl. ¶ 44.
The isolated screenshots are inauthentic at least to the extent that they are riddled with icons
representing the failure to print images appearing on-screen, Fed. R. Evid. 901, and incomplete
under Federal Rule of Evidence 106 to the extent excerpting home pages or websites.  Nor is any
attempt made to authenticate these printouts as published by Hotfile affiliates.  Finally, Exhibit
43 is irrelevant because each webpage was printed on February 13-14, 2012, which has no
bearing on the earlier period of time (as far back as February 2009) during which, Plaintiffs
allege, Defendants infringed Plaintiffs' copyrights.

**IV.    Plaintiffs Impermissibly Suggest that Hotfile Is Like Other Targets of Anti-
        infringement Enforcement Actions**

         Plaintiffs seek to tar Defendants with four exhibits that Plaintiffs use to insinuate that
Defendants operated similarly to websites against which the government or courts have taken
enforcement action.  Yeh Decl. ¶¶ 91, 95, 99, 106; Yeh Exs. 90, 94, 98, 105.  Each of these
exhibits:

         •       is *irrelevant* (Plaintiffs show no connection or factual similarity between
                 Hotfile.com and the other sites),

- consists of *hearsay* (the government authors of the exhibits were not deposed), and,

- has any probative value substantially outweighed by the danger of *unfair prejudice*.

*See* Fed. R. Evid. 402, 403, 802.  All of the exhibits also should be excluded because they were not disclosed or produced in discovery and disclosure.

The most unfairly prejudicial of these exhibits is Exhibit 98, the Indictment in *United States v. Dotcom*.  In that case, the federal government accuses people and companies of criminal copyright infringement for allegedly operating a website called Megaupload.com.  Yeh Ex. 98 at 1–2.  Plaintiffs transparently suggest that, if they can merely allege similarities between Hotfile.com and the allegations against Megaupload.com, then Defendants must be infringers.  PSUF ¶ 16(f)(iii); Pls.' MPA at 32.  ***Plaintiffs cite the accusations against Megaupload.com as if they were facts.***  *See* Pls.' SUF ¶ 16(f)(iii); Pls.' MPA 32.  By definition, an indictment contains unproven accusations.  Plaintiffs fail to show any convictions in the Megaupload.com case, nor are Defendants aware of any.  Nor are there criminal charges against either Defendant.

This unfair insinuation should be stricken.  *First*, The indictment is irrelevant.  All it states are accusations about Megaupload.com.  Not a word of the indictment concerns Hotfile.com or either Defendant.  The indictment, *i.e.*, accusations against a non-party with no apparent affiliation to Defendants, has no tendency to make a fact material to the claims or defenses in this case more or less probable than without the indictment.  *See* Fed. R. Evid 401.  *Second*, the indictment is hearsay.  It is by a grand jury that was never deposed; Plaintiffs offer it to prove the truth of the accusations against Megaupload.com.  Pls.' SUF 16(f)(iii); Pls.' MPA 32.  No hearsay exception applies.  *Third*, the indictment's accusations of the commission of a number of criminal acts by persons unrelated to Defendants pose a serious risk that Defendants will be unfairly tarred by the unfounded allegations of similarity to the Megaupload.com defendants.

Like the Megaupload.com indictment, Exhibits 90, 94, and 105 also consist of irrelevant hearsay that poses an undue risk of unfair prejudice to Defendants.  Exhibit 90 is the 2011 "Administration's White Paper On Intellectual Property Enforcement Legislative Recommendations."  Plaintiffs cite its statement that "Piracy and counterfeiting in the online environment are significant concerns for the Administration.  They cause economic harm and

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

threaten the health and safety of American consumers.  Foreign-based and foreign-controlled websites and web services raise particular concerns for U.S. enforcement efforts."  Yeh Ex. 90 at 1.  The White Paper is irrelevant because it has nothing to do with Defendants.  It does not mention Hotfile or Hotfile.com.  *See, generally,* Yeh Ex. 90.  Whether or not unnamed, foreign websites and services raise some enforcement concerns is irrelevant to whether Defendants are liable for copyright infringement.  The statement is also hearsay.  (None of the authors of the White Paper were deposed.)  Finally, Plaintiffs are again trying to lump Defendants in with entities that allegedly violate the law in an attempt at guilt by association.  This tactic would pose an undue risk of prejudice even if the White Paper were somehow relevant.

Exhibit 94 to the Yeh Declaration is more of the same:  a press release by U.S. Customs and Immigration describing action against websites accused of copyright infringement.  Plaintiffs cite to it for the allegation "link sites [were] shut down by law enforcement."  PSUF ¶ 10(d)(3)(iii).  Like Exhibits 90 and 98, Exhibit 94 is irrelevant because Defendants and Hotfile.com are not mentioned in it and there no evidence Defendants are involved with the infringement alleged in the press release.  The press release is hearsay because it consists of statements by a declarant that never was deposed and because it is offered for the truth of its assertion that allegedly infringing link cites were shut down.  Just like a news article, a press release is a classic example of hearsay.  *See, e.g., Dallas Cnty v. Comm. Union Assurance Co.,* 286 F.2d 388, 298, n. 3 (5th Cir. 1961) (news articles almost always inadmissible hearsay); *Cody v. Harris,* 409 F.3d 853, 858 (7th Cir. 2005) (news article was hearsay); *Horta v. Sullivan,* 4 F.3d 2, 8 (1st Cir. 1993) (news article was hearsay and not proper part of summary judgment record).  Finally, Plaintiffs again are attempting to unfairly tar Defendants by suggesting some connection to the websites targeted by law enforcement.

Exhibit 105 is a copy of Civil Minutes from *Warner Bros. Entertainment, Inc. v. Free-TV-Video-Online.Info,* in which the court granted a motion for partial summary judgment against defendants.  Yeh Ex. 105.  The order is not cited as legal authority but instead for the allegation that "link sites [were] … found liable for copyright infringement."  PSUF ¶ 10(d)(3)(iii).  Again, this document is irrelevant because it has no connection to Defendants.  It also should be excluded for posing an undue risk of unfair prejudice by implying Defendants' guilt through

-13-

vague suggestions that is it similar to other parties against which summary judgment was entered in an unrelated case.

## V.     The Email Exhibits Should be Stricken

The Court should strike paragraphs 17–21, 27, 29, 31, and 67–69 to the Yeh Declaration, and the related Exhibits 16–20, 26, 28, 30, and 66–68.  Each of these exhibits consists of emails, many purporting to be from Hotfile customers.  Plaintiffs offer the emails for the truth of the matters asserted in them.  The exhibits are therefore inadmissible hearsay.  They also are not authenticated.  *See WrestleReunion, LLC v. Live Nation TV Holdings, Inc.*, No. 8:07-cv-2093-JDW-MAP, 2009 WL 2473686, at *8 (M.D. Fla. Aug. 9, 2009) (evidence consisting of email not allowed in opposing summary judgment where they were not authenticated).  Finally, the email authors' statements lack any demonstrated relevance.

## VI.    Article about Peer-to-Peer Networks Should Be Excluded

Defendants also object to Exhibit 55 to the Yeh Declaration, a publication titled "…What Peer-to-Peer Developers Need to Know about Copyright Law" and authored by an attorney who was on the staff of the Electronic Frontier Foundation.  Exhibit 55 is cited in support of the contentions that "Defendants willfully blinded themselves to infringement on Hotfile[,]" by "subcontracting" the "search function" for Hotfile.com to third parties, thus allegedly following advice by the author of Exhibit 55 to " "disaggregate" functions to avoid liability[.]"  PSUF ¶ 11(b)(ii); Pls.' MPA 4, n.1.  Exhibit 55 is inadmissible because it is irrelevant.  No evidence exists that anyone at Hotfile saw an article evidently published three years before Hotfile's launch.  Moreover, it is an article with advice for people involved in peer-to-peer file-sharing technologies, Ex. 55 at 1, but Hotfile, as Plaintiffs concede, is not a peer-to-peer network but rather stores information on its own servers.  Pls.' MPA 1.  Any probative value whatsoever would still be overwhelmed by the unfair prejudiced of associating Defendants with the "pirates" who Plaintiffs claim were the intended audience of the article.  *Id.*  In any event, Plaintiffs failed to disclose the publication – which they have obviously had for some time – despite their obligation to produce in discovery "all documents" that a party "may use to support its claims." Fed. R. Civ. P. 26(a)(1)(A)(ii).

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

**VII.  <u>Exhibits With Information From A Supposed Third Party Research Firm Are Not Admissible</u>**

The Court also should strike Yeh Exhibits 69 and 85 as irrelevant hearsay that violate the rule of completeness. See Fed. R. Evid. 106, 402, 801, 802. Exhibit 69 is a printout of a webpage published by Alexa Internet, Inc., purporting to show various data about Hotfile.com, including the percentage of global Internet users who visited the site on a daily basis and the percentage of global "pageviews" that were on Hotfile.com. Plaintiffs claim it shows that "[u]ser traffic to the Hotfile website … plummeted," allegedly after Hotfile implemented a ""three strikes" termination policy." Pls.' MPA 12. Alexa Internet, Inc. was not deposed in this action or disclosed as a witness. Exhibit 69's statements are therefore inadmissible hearsay. Furthermore, Exhibit 69 is incomplete because the webpage contains links to portions that explain the data and Plaintiffs did not introduce those portions. See Ex. 69 at 3 (Link to "Learn more about Alexa Traffic Stats"). Exhibit 69 therefore should not be admitted under the Rule of Completeness. Fed. R. Evid. 106. Finally, Exhibit 69 is irrelevant to the extent Plaintiffs introduce it to show a decrease in traffic to Hotfile.com. The submission's suggestion of a decrease in traffic as a percentage of total worldwide web traffic does nothing to prove or disprove Plaintiffs' factual contention regarding a decrease in absolute traffic at Hotfile, and such evidence should be excluded.

Yeh Exhibit 85 suffers similar infirmities. It is a news article about this lawsuit. In it, the author cites to Alexa Internet, Inc. as the source for the assertion that, as Hotfile.com was the 57th most popular website. Yeh Ex. 85 at ¶ 6. The author of the article was never deposed or disclosed as a witness. His statements in the article are therefore classic hearsay and those about the Alexa Internet statistic are hearsay within hearsay. *See, e.g., Comm. Union Assurance Co.*, 286 F.2d at 298 n. 3 (news articles almost always inadmissible hearsay); *Cody*, 409 F.3d at 858 (news article was hearsay); Horta, 4 F.3d at 8 (news article was hearsay and not proper part of summary judgment record). The article at Exhibit 85 is therefore inadmissible.

**VIII.  <u>Overall Lack Of Personal Knowledge Merits Striking the Entire Declaration.</u>**

Ms. Yeh begins her declaration with a statement that undermines any claim that the declaration is based on her personal knowledge, as required. The entire declaration therefore should be stricken, with the exhibits collapsing in turn. Ms. Yeh states that her declaration statements are *either* based on her personal knowledge or are based on "information provided to

FILED UNDER SEAL                          CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

[her] by colleagues or other personnel working under [her] supervision on this case." Yeh Decl.
¶ 1. It is well established that sworn statements must be made on personal knowledge, and
statements based in part on information and belief cannot be considered on a summary judgment
motion. *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002).[7]

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should strike the Yeh Declaration and its Exhibits
and should strike the references and reliance on the Yeh Declaration and its Exhibits from
Plaintiff's Motion for Summary Judgment and accompanying Statement of Uncontroverted
Facts.

DATED: March 7, 2012                          Respectfully submitted,

---

[7] The Court also should strike paragraphs 16 and 25 of the Yeh Declaration and related Exhibit
15 on the basis that she followed "inherently unsound practice" of counsel submitting factual
affidavits. *See Ingless & Co. v. Everglades Fertilizer Co., Inc.*, 255 F.2d 342, 349 (5th Cir.
1958). The Court also should strike paragraph 15 of the Yeh Declaration and the accompanying
Yeh Exhibit 14 because it is a copy of a deposition exhibit which the deposition testimony
indicates contains highlighting but the document attached as Exhibit 14 lacks any indication of
highlighting. Accordingly, Exhibit 14 is irrelevant.

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

*Janet T. Munn*

Janet T. Munn, Esq. Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

And

*Roderick M. Thompson by Janet T. Munn*

Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email: rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email: aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email: tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email: dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email: jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

And

*Valentin Gurvits by Janet T. Munn*

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone: 617.928.1800
Telecopy: 617.928.1802

*Counsel for Defendants Hotfile Corporation
  and Anton Titov*

-17-

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2012, a true and correct copy of the foregoing

document, was filed conventionally and served on all counsel of record identified below via e-

mail and by Federal Express.

Karen L. Stetson, Esq.
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL  33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted *pro hac vice*)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

By: _____
       Janet T. Munn