# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO HOTFILE'S FOURTH SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26(e)(2) and 33, Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., Warner Bros. Entertainment Inc., and the Motion Pictures Association of America (collectively, "Plaintiffs") hereby provide the following Responses and Objections to Defendant Hotfile's ("Defendant" or "Hotfile") Fourth Set of Interrogatories (the "Fourth Interrogatories"):

## GENERAL OBJECTIONS

1. Plaintiffs object to the Fourth Interrogatories to the extent that they call for the disclosure of information subject to the attorney-client privilege, the joint defense or common interest privilege, the work product doctrine or any other applicable privilege or doctrine. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the joint defense or common interest privilege, the attorney work product immunity doctrine, or any other applicable privilege or doctrine.

2. Plaintiffs object to the Fourth Interrogatories to the extent that they call for the disclosure of communications with, facts known by, or opinions held by non-testifying experts retained pursuant or specially employed in anticipation of litigation or preparation of trial, pursuant to Fed. R. Civ. P. 26(b)(4)(B). Any inadvertent disclosure of such information shall not be deemed a waiver of the protection against discovery afforded by Rule 26(b)(4)(B) or any other applicable privilege or doctrine.

3. Plaintiffs object to the Fourth Interrogatories to the extent that they call for the disclosure of information beyond that required by the Federal Rules of Civil Procedure or the Local Rules of the Court.

4. Plaintiffs object to the Fourth Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, and are ambiguous, duplicative, vague, oppressive, harassing, overbroad or unduly burdensome.

5. Plaintiffs object to the Fourth Interrogatories to the extent that they call for information maintained by Defendants, for information already in Defendants' possession, or for information readily accessible to Defendants in the public record, on the grounds that it is unduly burdensome, oppressive, and harassing, and would needlessly increase the cost of litigation.

6. Plaintiffs object to the Fourth Interrogatories to the extent that they are not limited to time periods reasonably related to the matters at issue in this litigation. Specifically, Plaintiffs object to the Fourth Interrogatories to the extent that they seek information from Plaintiffs prior to Defendants' commencement of operations on Hotfile, as overbroad, unduly burdensome, and seeking information neither relevant to this action nor likely to lead to the discovery of admissible evidence. To the extent the Plaintiffs respond to the Fourth Interrogatories, Plaintiffs will provide information from January 1, 2009 onward.

9. Plaintiffs object to the Fourth Interrogatories to the extent they seek unavailable information or information not currently in Plaintiffs' possession, custody or control.

10. Plaintiffs object to the Fourth Interrogatories to the extent that they seek proprietary and confidential information not relevant to this proceeding, including but not limited to information related to third parties.

11. Plaintiffs object to the Fourth Interrogatories to the extent that they seek information protected from disclosure by the Court's September 1, 2011 Protective Order.

12. Plaintiffs object to the Fourth Interrogatories to the extent they seek the production of confidential information relating to the Plaintiffs' trade secrets.

13. Plaintiffs object to the Fourth Interrogatories on the grounds that the Fourth Interrogatories are premature, burdensome, and improperly call for privileged information to the extent the Fourth Interrogatories are contention interrogatories. Such interrogatories are unduly burdensome, as contention interrogatories serve only to burden counsel with organizing facts and information available to both parties through discovery that could be equally analyzed by the requesting party. In addition, by demanding that Plaintiffs lay out in advance how they intend to marshal the facts and to present their case at trial or at summary judgment, such requests intrude improperly upon the work product of Plaintiffs' counsel.

Plaintiffs incorporate these General Objections into each specific response as if fully set forth in each response.

## OBJECTIONS TO SPECIFIC DEFINITIONS

1. Plaintiffs object to the Interrogatories' definition of "IDENTIFY" insofar as it exceeds a responding party's obligations under the Federal Rules of Civil Procedure.

2. Plaintiffs object to the Interrogatories' definitions of "RELATE," "RELATES," "RELATING TO," "REFER," "REFERRING," as vague, unduly burdensome, and as calling for attorney work product insofar as it requires Plaintiffs to determine what "show[s]" or "evidenc[es]" a particular proposition.

3. Plaintiffs object to the Interrogatories' definitions of The terms "PLAINTIFFS," "YOU," "YOUR," "THE STUDIOS," "DISNEY," "FOX," "UNIVERSAL," and "COLUMBIA" insofar as they seek to require Plaintiffs to provide interrogatory responses and information for entities other than the Plaintiffs, such as their affiliates and their law firms in matters other than the present action. Information in the possession of third parties, such as Plaintiffs' affiliates,

3

agents, and outside counsel other than counsel in the present action, is irrelevant and unduly burdensome to obtain. Plaintiffs further object to those definitions insofar as they suggest that each Plaintiff has authorized antipiracy vendors to act on their behalf that some, but not all, Plaintiffs have so authorized. Plaintiffs will respond on behalf of the Plaintiff entities, and, to the extent the Fourth Interrogatories request information regarding Plaintiffs' use of Hotfile's SRA, on behalf of their authorized antipiracy agents.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 21:

Describe in detail all damages (including, but not limited to, actual damages, profits and/or statutory damages) to which YOU allege YOU are entitled, and DESCRIBE ALL FACTS AND EVIDENCE supporting YOUR contention that YOU were damaged, including IDENTIFICATION of all documents supporting your computation of claimed damages.

### PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 21:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Plaintiffs further object that the Interrogatory is unduly burdensome, and intrudes upon attorney work product protection, insofar as it is a contention interrogatory that demands that Plaintiffs list "all facts and evidence" they intend to marshal at summary judgment or at trial.

Plaintiffs further object that the Interrogatory is premature in light of the pending motion to defer damages discovery. It is unreasonable to request that Plaintiffs present their entire damages case while that motion remains pending.

Without waiving the foregoing, and subject to supplementation following the Court's ruling on the pending motion to defer damages discovery, Plaintiffs state that, at a minimum, they are entitled to statutory damages pursuant to 17 U.S.C. § 504(c), for each work infringed by Defendants. Plaintiffs refer to their Fourth Supplemental response to Interrogatory No. 1, as that response will be supplemented, for a listing of the files and works Plaintiffs contend have been infringed. Pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to statutory damages in an amount between $750 and $30,000 per work infringed, and up to $150,000 per work infringed if the infringement is determined to be willful. Although Plaintiffs believe Defendants'

4

infringement has been willful and justifies the maximum allowable statutory damages award per work, Plaintiffs have not yet made a final determination as to the precise statutory amount per work (or in total) they will seek from the jury. To the extent this Interrogatory seeks the basis of Plaintiffs' contentions that Defendants' infringement has been willful, it violates the parties' agreement to mutually withdraw contention interrogatories going to the merits of the liability issues. Moreover, the full bases for Plaintiffs' contentions that Defendants' infringement has been willful, together with the supporting evidence, will be set forth in Plaintiffs' motions for summary judgment. Defendants, therefore, will be in full possession of those contentions, and the bases therefor, well before any trial on damages.

**INTERROGATORY NO. 22:**

For the files listed in Exhibit A hereto, IDENTIFY each file, if any, that you contend infringes YOUR copyright(s) and DESCRIBE ALL FACTS AND EVIDENCE supporting YOUR contention.

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 22:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Plaintiffs further object that Hotfile has not provided Plaintiffs with the files for which metadata is listed in Exhibit A, but only with an incomplete listing of the metadata that Hotfile maintains regarding those files. Plaintiffs further object that many of the files in Exhibit A are no longer available on the Hotfile website.

On Behalf of all Plaintiffs:

Subject to and without waiving those objections, Plaintiffs state as follows: based on the metadata supplied by Hotfile in the attached Exhibit A, the files listed do not appear to be ones that Plaintiffs are claiming as directly infringing Plaintiffs' copyrights in this action. However, this response is expressly subject to change if and when Defendants provide, or Plaintiffs obtain, copies of the content files associated with the metadata listed in Exhibit A.

5

**INTERROGATORY NO. 23:**

Is YOUR response to each Request for Admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission, DESCRIBE ALL FACTS AND EVIDENCE supporting YOUR response.

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 23:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Plaintiffs further object that the Interrogatory is unduly burdensome, and intrudes upon attorney work product protection, insofar as it is a contention that demands that Plaintiffs list "all facts and evidence" they intend to marshal at summary judgment or at trial. Plaintiffs further object that the Interrogatory is compound and exceeds the 25-interrogatory limit under Fed. R. Civ. P. 33(a)(1). Moreover, the requirement that Plaintiffs list "all facts and evidence" in support of their denial of Hotfile's RFAs is unduly burdensome and serves no purpose in light of the upcoming summary judgment motions, during which the parties' respective position will be described in detail. Finally, to the extent this Interrogatory seeks the basis of Plaintiffs' contentions on core merits issues, it violates the parties' agreement to mutually withdraw contention interrogatories going to the merits of the liability issues.

| | |
|---|---|
| Dated: January 3, 2012 | By: s/ Luke C. Platzer<br>Luke C. Platzer |
| GRAY-ROBINSON, P.A.<br>Karen L. Stetson (FL Bar No. 742937)<br>1221 Brickell Avenue<br>Suite 1600<br>Miami, FL 33131<br>Phone: 305-416-6880<br>Fax: 305-416-6887<br><br>MOTION PICTURE ASSOCIATION<br>OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>Duane C. Pozza (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Phone: 202-639-6000<br>Fax: 202-639-6066 |

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*
_____/

HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on this 3d Day of January, 2012, I served the foregoing Plaintiffs' Responses and Objections to Defendant Hotfile's Fourth Set of Interrogatories on all counsel of record on the attached Service List via their email address(es) as set forth on the Court's CM/ECF filing system per the parties' service agreement, as indicated on the attached Service List.

I further certify that I am admitted *pro hac vice* in the United States District Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date at Sofia, Bulgaria.

/s/ Luke C. Platzer
Luke C. Platzer

8

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Phone: 415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Phone: 617-928-1800
Fax: 617-928-1802
vgurvits@bostonlawgroup.com

*Attorney for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Phone: 305-476-7101
Fax: 305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**