UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
                                                            /

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
                                                            /

**WARNER BROS. ENTERTAINMENT INC.'S OPPOSITION TO THE
ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO
FILE *AMICUS CURIAE* BRIEF**

The Court should deny non-party Electronic Frontier Foundation's ("EFF") request to submit its proposed *amicus* brief regarding summary judgment on Hotfile's counterclaim. Courts have squarely held that amicus briefs like those submitted by EFF here are improper, particularly at the district court level. First, the EFF is merely applying its view of the law to what it believes to be the facts of the case, rather than providing any unique assistance to the Court. That is not the proper role of an *amicus*, and it is particularly misguided here because EFF lacks access to much of the confidential factual record. In fact, EFF repeatedly makes mistaken assertions about the operation of Warner's takedown processes. Second, EFF's brief should be rejected because it is acting as a one-sided advocate for Hotfile, making arguments that Hotfile has or could have made in its opposition to summary judgment. EFF's brief essentially expands the page limits on Hotfile's opposition, to the prejudice of Warner. EFF's motion should be denied.

## ARGUMENT

Courts routinely reject *amicus* participation to argue the facts of a case when the party is fully capable of presenting its arguments in the district court. A district court's "acceptance of an . . . *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest, or unless the Court feels that existing counsel need assistance." *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988) (quotation and citation omitted); *see also Sierra Club v. Fed. Emergency Mgmt. Agency*, No. H-07-0608, 2007 U.S. Dist. LEXIS 84230, at *3 (S. D. Tex. Nov. 14, 2007) ("[A] district court lacking joint consent of the parties should go slow in accepting . . . an *amicus* brief unless . . . the *amicus* has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance."). Thus, courts hold that "[a]n *amicus* who argues facts should rarely be welcomed." *Sierra Club*, 2007 U.S. Dist. LEXIS 84230, at *4. Moreover, a district court "should also consider whether the individual or organization seeking to file the *amicus* brief is an advocate for one of the parties," *Id.* at *6, and the court should "deny permission to file an *amicus* brief that essentially duplicates a party's brief." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542 (7th Cir. 2003) (Posner, J.); *see also Glassroth v. Moore*, 347 F.3d 916, 919 (11th Cir. 2003) (citing *Voices for Choices* with approval for its "susp[icion] that *amicus* briefs are often used as a means of evading the page limitations on a party's briefs").

Here, EFF's proposed brief is improper for these very reasons. *First*, EFF merely purports to apply its view of the law to what it believes to be the facts of the case, rather than provide any unique assistance to the Court. That is not the proper role of an *amicus*. *See Sierra Club*, 2007 U.S. Dist. LEXIS 84230, at *4; *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985). Moreover, EFF's brief would be misleading in this case because EFF does not have access to the factual record about Warner's highly confidential anti-piracy methods. While EFF acknowledges its lack of key information (EFF Br. at 1), it repeatedly bases its arguments on assumed facts that are not accurate. *See* EFF Br. at 7 ("On the public facts, Warner could not have considered fair use"); *id*. ("it appears that [Warner's] algorithm only considered the title of the work"); *id* at 5 ("Warner concedes that it knew that it was issuing takedown requests for files that did not contain any infringing copies of Warner's works"). None of those quoted statements are accurate. The Court would not be assisted by a brief that purports to apply the law to an inaccurate and incomplete statement of the factual record.

Further, the "assistance" to the Court that EFF purports to provide, outside of attempting to litigate the facts, is limited and misleading. For example, EFF asserts that there are broader issues with wrongful DMCA takedown notices in other circumstances, citing a handful of cases over a dozen years since the DMCA was adopted. EFF Br. at 4. EFF does not come close to showing that such occurrences are common or systemic under any evidentiary standards that would apply had Hotfile, for example, offered such evidence via expert testimony. Nor does EFF show that such occurrences have anything to do with how Warner's takedown processes operates *in this case*. In its misplaced zeal to link unrelated examples to what it believes to be the facts of this case, EFF even asserts, inaccurately, that "Warner itself has a sorry track record when it comes to overbroad takedown," EFF Br. at 5 n.3. However, EFF cites to a 2009 incident involving *a different company altogether* – Warner *Music*, not Warner Bros. Entertainment Inc., which is the plaintiff here. The two entities have no corporate relationship. EFF's arguments are not helpful for the Court's consideration, and it is fundamentally unfair to require Warner to defend against an *amicus* brief that is not bound by the factual record or actual evidence.

*Second*, EFF's proposed brief is improper in that it is entirely one-sided and essentially duplicates Hotfile's brief. *Compare* Hotfile Opp. at 7-12 (arguing that Warner did not have a sufficient basis to form the requisite good faith belief under Section 512) *with* EFF Br. at 5-8

2

(same). As Judge Posner explained in *Voices for Choices*, "an *amicus* brief that essentially duplicates a party's brief" should be rejected because, *inter alia*, "*amicus* briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs." 339 F.3d at 544; *see id*. at 545 (rejecting briefs that "essentially . . . cover the same ground the appellants, in whose support they wish to file, do"). For this reason, a district court in the Southern District of New York recently denied Google's efforts to file an *amicus* brief in a copyright infringement action "[b]ecause the Court believes that the parties are fully capable of raising these issues themselves - and have every incentive to do just that." *Capitol Records, LLC v. ReDigi Inc.*, No. 12 Civ. 95 (RJS) (Dkt. #24) (S.D.N.Y. Feb. 1, 2012) (order denying motion for leave); *see also Sierra Club,* 2007 U.S. Dist. LEXIS 84230, at *10-11 (rejecting amicus brief where *"*[t]he parties are sophisticated and ably represented by counsel," and "[t]here is no reason to think that [the *amicus*] has access to greater technical, scientific, or legal expertise than" the party); *News and Sun-Sentinel Co.*, 700 F. Supp. at 32 (rejecting an *amicus* brief because, *inter alia*, "[t]his Court finds that counsel for both [parties] have done a satisfactory job in their presentations").

Hotfile's counsel is perfectly capable of presenting all the arguments relevant to summary judgment and has every incentive to present all the arguments advanced by EFF. Hotfile's and EFF's positions align in this litigation and EFF presents no unique facts or arguments unavailable to Hotfile.[1] EFF's one-sided brief effectively allows Hotfile to circumvent the page limitations on its own brief, and should be rejected.

## CONCLUSION

Warner requests that the Court deny EFF's Motion for Leave to File *Amicus Curiae* Brief. In light of the limitations of time to respond on the current summary judgment schedule, if the Court is to receive the EFF brief, Warner requests that the Court grant Warner leave to file a response to EFF's brief, limited to ten pages and filed within ten Court days of the Court's order on EFF's motion.

---

[1] EFF claims that it also represents "the interests of Hotfile's users." Mot. at 3. However, EFF does not identify any substantive argument that it makes purportedly on behalf of those users that Hotfile does not make in its opposition. Nor is there any reason that Hotfile cannot provide the "broader perspective," Mot. at 4, that EFF purports to provide by relying on publicly available information about takedowns in other cases.

3

Dated: March 9, 2012                    Respectfully submitted,

                                        By: /s/ Karen L. Stetson

                                        Karen L. Stetson
                                        GRAY-ROBINSON, P.A.
                                        1221 Brickell Avenue
                                        16th Floor
                                        Miami, Fl 33131
                                        Telephone: (305) 416-6880
                                        Facsimile:  (305) 416-6887

MOTION PICTURE ASSOCIATION              JENNER & BLOCK LLP
  OF AMERICA, INC.                      Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)      Duane C. Pozza (*Pro Hac Vice*)
15301 Ventura Blvd.                     Luke C. Platzer (*Pro Hac Vice*)
Building E                              1099 New York Ave., N.W.
Sherman Oaks, CA 91403                  Suite 900
Phone:  (818) 995-6600                  Washington, DC 20001
Fax:  (818) 285-4403                    Facsimile:  (202) 639-6066

                                        *Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 9th day of March, 2012, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**WARNER BROS. ENTERTAINMENT INC.'S OPPOSITION TO THE ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

Dineen Pashoukos Wasylik
Conwell Sukhia & Kirkpatrick
dwasylik@CKbusinesslaw.com
2701 N Rocky Point Drive
Suite 1200
Tampa, FL 33607
Phone:  813-282-8000
Fax: 813-282-8800

*Attorney for Electronic Frontier Foundation*