# EXHIBIT A

# PUBLIC VERSION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

    *Defendants*.

_____/

HOTFILE CORP.,

    *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

    *Counter-Defendant*.

_____/

**COUNTER-STATEMENT OF FACTS OF DEFENDANT/COUNTERCLAIMANT
HOTFILE CORPORATION, IN OPPOSITION TO THE STATEMENT OF
UNCONTROVERTED FACTS SUBMITTED BY PLAINTIFF/
<u>COUNTER-DEFENDANT WARNER BROS, ENTERTAINMENT INC.</u>**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5, Defendant/Counterclaimant Hotfile Corp. submits this counter-statement of facts in opposition to Plaintiff/Counter-Defendant Warner Bros. Entertainment Inc.'s (Warner's") Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment.

FILED UNDER SEAL          CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

### RESPONSE TO WARNER'S PROPOSED UNCONTROVERTED MATERIAL FACTS

**1. Hotfile cannot present evidence establishing that Warner had actual subjective knowledge that, at the time it sent any takedown notice for a file listed in Exhibits A-D of the counterclaim, the notice contained a material error.**

**Disputed.** Warner had subjective, actual knowledge that its system was incorrectly deleting ▇▇ the files it was locating. Declaration of Roderick Thompson in Opposition to Warner's Motion for Summary Judgment ("Thompson Decl.") Ex. 6, 8. Warner had subjective, actual knowledge that its ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thompson Decl. Ex. 18. Warner had subjective, actual knowledge that its automated system was making misrepresentations when it misidentified ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thompson Decl. Ex. 22. Warner had subjective, actual knowledge that it was not authorized to delete copies of JDownloader ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thompson Decl. Ex. 4 (Kaplan Depo. 232:9-16.) Warner had subjective, actual knowledge that it was not authorized to delete ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thompson Decl. Ex. 20. Warner had subjective, actual knowledge that the files LeakID was identifying for deletion were not Warner content. Declaration of Scott Zebrak in Support of Warner Bros. Motion for Summary Judgment on Hotfile's Counterclaim ("Zebrak Decl.") Ex. B (Rows 811-817); Thompson Decl. Ex. 23-25.

**2. Hotfile cannot present evidence establishing that any takedown notice for a file listed in Exhibits A-D of the counterclaim resulted in any cognizable injury to Hotfile.**

**Disputed.** Excluding the 19 files allegedly owned by Warner, the files in Hotfile's counterclaim were downloaded a total of ▇▇ times. Declaration of Anton Titov in Opposition to Warner's Motion for Summary Judgment ("Titov Decl.") ¶ 4. The files in Hotfile's counterclaim that

**FILED UNDER SEAL**               CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

> Warner admits were non-infringing were downloaded at least ▮ times and directly led to ▮ conversions to premium user subscriptions, generating ▮ of revenue for Hotfile. Titov Decl. ¶ 5-6. At least 47 users were deleted as a direct result of Warner's false takedowns identified in the counterclaim (users suspended for copyright infringement where at least one of the three strikes against the user is attributable to Warner's improper deletion of a file in Hotfile's counterclaim). Zebrak Decl. Ex. B. The two users who Warner admits whose accounts were suspended as a direct result of its false takedown notices, and who Warner also admits did not upload any allegedly infringing files, before their suspension had uploaded files that were downloaded a combined ▮ times and directly led to ▮ premium user subscriptions, generating ▮ of revenue for Hotfile. Zebrak Decl. ¶ 20, Thompson Decl. Ex. 35 (Zebrak Rebuttal Expert Report at ¶ 4, Ex. B); Titov Decl. ¶¶ 9-10.

**3. Hotfile is not injured by removing a file that is infringing, even if the takedown notice is sent by the wrong copyright owner.**

**Disputed.** Warner's proposed "fact" is really a legal conclusion, which is disputed. ). A takedown notice sent by a third party such as Warner without authorization by the copyright owner cannot support the conclusion that a given file is infringing. There is simply "no assurance that a third party who does not hold the copyright in question could know whether the material was infringing." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 2011 WL 6357788, at *22 n.14 (9th Cir. Dec. 20, 2011). Moreover, the legal conclusion as to whether Hotfile has suffered injury is also predicated on a secondary faulty legal conclusion: that a file that may be subject to copyright protection is "infringing" by virtue of its posting on Hotfile, regardless of whether there is any evidence that the copyright owner did not authorize its posting on Hotfile or that the posting of the file on Hotfile was otherwise non-infringing. Warner misquotes Hotfile's expert, Dr. Matthew Lynde, claiming that he admitted that Hotfile is not entitled to revenue from files that Warner's expert contends are infringing. Rather, what Dr. Lynde actually said was that Hotfile's expectation of revenue was not based on files "for which it receives notice that **the copyright owner** does not concur that that is appropriately on the Hotfile site." Thompson Decl. Ex. 37 (Lynde Depo. 97:7-98:9) (emphasis added).

To the extent that the asserted "fact" is that Hotfile has not suffered injury under § 512(f) if, as of the date that Warner improperly caused deletion of a file from Hotfile, the file contained material

FILED UNDER SEAL                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

that was in fact infringing upon (and not fair use of) copyrighted material and true copyright owner had also attempted to remove the file from hotfile.com, that narrow "fact" is undisputed. Hotfile would not be injured by the removal of a file by the copyright owner (or with its authorization).

**4. Warner is not the cause of the termination of a Hotfile user who had "three strikes" from infringement notices without counting the notices sent by Warner for the files listed in Exhibits A-D of the counterclaim.**

Disputed. ███████████████████████████████████
███████ Titov Decl. ¶ 13. ███████████████████████████
█████████████████████████████ *Id.* If Warner's improper notice was one of the first three "strikes" for a given user, Warner's improper notice is unquestionably the cause of termination for that user. ██████████████████
██████████████████████████████████████
██ If Warner's infringement notice was one of the first three strikes against users ████
████████ Warner's notice nonetheless caused the termination of the users that uploaded the files identified in Exhibits A-D of the counterclaim.

**5. 24 of the files identified in Exhibits A-D to the counterclaim are duplicates.**

Undisputed for purposes of this motion.

**6. 19 of the remaining files identified in Exhibits A-D to the counterclaim are in fact Warner-owned content that Hotfile included in the counterclaim in error.**

Undisputed for purposes of this motion.

**7. 271 of the remaining files identified in Exhibits A-D to the counterclaim consist of infringing content owned by the video game maker Electronic Arts, Inc. ("EA"), who has approved of Warner sending the notices and has retroactively authorized Warner to request removal of these files.**

Disputed. It is undisputed for purposes of this motion that EA is the copyright owner of the 271

4

**FILED UNDER SEAL**                        CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

files identified in Warner's motion. But it is disputed as to whether Warner's statement under penalty of perjury that it was authorized to remove each of those files was knowingly false. Warner admitted that, at the time it deleted the 271 EA files, it was not authorized to do so. Thompson Decl. Ex. 4 (Kaplan Depo. 231:11-20). Warner's own expert, Mr. Zebrak, testified that when a copyright owner such as EA attempts to provide authorization only after the fact, he would like to "speak with this person [before making a determination as to authorization].... He, of course, knows what at the time he authorized or didn't authorize." Thompson Decl. Ex. 30 (Zebrak Rebuttal Depo. at 287:5-23).

**8. 477 of the remaining files identified in Exhibits A-D to the counterclaim are otherwise copyright infringing.**

Disputed. Warner has submitted no admissible evidence that the files identified in Exhibits A-D are infringing. The owner of the "PHP Video Tutorial" files identified in Hotfile's counterclaim has submitted an affidavit that the posting of those files on Hotfile was authorized, contradicting the speculation of Warner's expert. Thompson Decl. Ex. 33; Zebrak Decl. ¶ 10. Warner's expert did not contact the copyright owners of the files identified in Exhibits A-D to the counterclaim to determine the authorization status of those files. Thompson Decl. Ex. 32 (Zebrak Initial Depo. at 319:3-22). Currently, less than 5% of all uploads are "matched" as possible copyright infringement by Vobile's VCloud9 fingerprinting technology. Titov Decl. ¶ 12, Ex. 1. This suggests that Mr. Zebrak's opinion that more than 5% of the files randomly and wrongfully taken down by Warner's ▮ contains copyrighted material is incorrect.

**9. 28 of the remaining files identified in Exhibits A-D to the counterclaim did not result in any user termination because the notice was sent before Hotfile began assigning strikes on February 18, 2011 and thus did not result in the user receiving a strike.**

Undisputed for purposes of this motion

**10. 9 of the remaining files identified in Exhibits A-D to the counterclaim did not result in any user termination.**

Undisputed for purposes of this motion that, for the time period of the data provided to Warner, none of those users who uploaded those files were terminated.

**FILED UNDER SEAL**                              CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

**11. The Hotfile users who uploaded 53 of the remaining files had three or more "strikes" from copyright infringement notices not counting any notices sent by Warner for the files identified in Exhibits A-D of the counterclaim.**

**Disputed.** According to Mr. Zebrak's own data, 9 of the users associated with the files from Hotfile's counterclaim identified in Zebrak Decl. Ex. B rows 829-871 had three "strikes" against them, and Warner's improper deletion of those files resulted in a strike for each of those users thereby causing their terminations. Zebrak Decl., Ex. B (Rows 829-830, 832-836, 839, 841). Mr. Zebrak appears to be counting what he describes as "notice days" as "strikes." *Id.* ¶ 11 Prior to February 18, 2011, takedown notices sent on a user's file did not count as "strikes" documented in Hotfile's database. Titov Decl. ¶13  As takedown notices sent against a particular user prior to February 18, 2011 did not count as "strikes" against the user, Warner's attempt to include its undocumented "notice days" as "strikes" is factually inaccurate.

Moreover, even if takedown notices prior to February 18, 2011 should be counted as "strikes," Warner has presented no evidence of these takedown notices, much less shown that any notices referred to in the "Notice Days" column were sufficiently DMCA compliant to count as "strikes" had they occurred after February 18, 2011.  There is ample evidence that many such notices were not proper.  For example, on two consecutive days, LeakID misidentified and sent three takedown notices for the files identified in Zebrak Decl. Ex. B rows 811-817. Thompson Decl. Ex. 24-25. Even though such notices do not count as "strikes," there is in any event a question of material fact as to whether any such notices would qualify as "strikes" even if they had been sent after February 18, 2011.

**12. The Hotfile users who uploaded 9 remaining files consist of six users, none of whom was a Premium user.**

**Undisputed.**

**HOTFILE'S COUNTER STATEMENT OF UNDISPUTED FACTS**

**1. Pursuant to a stipulation between the parties, Warner's deletion of files through its Special Rightsholder Account ("SRA") are subject to 17 U.S.C. § 512(f).**

<u>Supporting Evidence</u>: Joint Motion and Memorandum of Law of the Parties for Voluntary

6

**FILED UNDER SEAL**                    CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

Dismissal of Second and Third Counts of Hotfile's First Amended Counterclaim and for Amendment of First Count, dated September 22, 2011 [D.E. #151] ("Warner's notifications by means of Hotfile's SRA are… subject to 17 U.S.C. § 512(f)."); Order on Joint Motion for Voluntary Dismissal of Second and Third Counts of Hotfile's First Amended Counterclaim and for Amendment of First Count, and for Extending Time To Answer, dated October 5, 2011 [D.E. #155].

**2. When Warner used the SRA tool do delete files identified in Exhibits A-D of Hotfile's counterclaim it certified "under penalty of perjury" that it was "the owner or an authorized legal representative of the owner of copyrights" and it had "a good faith belief that use of this material is not authorized by the copyright owner, the copyright owner's agent, or the law."**

Supporting Evidence: Thompson Decl. Ex. 36 (Exhibit 6 to Kaplan Depo. (SRA page"); Answer to Counterclaim, [D.E. #163] ¶ 15 (admitting making such statements for each URL).

**3. Excluding the 19 files for which Warner asserts that it owned copyrights, Warner did not have authorization at the time it used it SRA to delete any of the other files identified in Exhibits A-D of Hotfile's counterclaim.**

Supporting Evidence: Zebrak Ex. B; also, Thompson Decl. Ex. 4 (Kaplan Depo. 231:11-20)

[redacted]

Supporting Evidence: Thompson Decl. Ex. 4 (Kaplan Depo. 43:12-17; 46:15-21)

[redacted]

Supporting Evidence: Thompson Depo. Ex. 4 (Kaplan Depo. 227:2-15)

[redacted]

**FILED UNDER SEAL**  CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

| |
|---|
| Supporting Evidence: Thompson Decl. Ex. 4 (Kaplan Depo. 83:7-85:6 ███) ███ Decl. ¶¶ 10-12 ███ ███ any individual file in Exhibit A-D of Hotfile's counterclaim was subject to a fair use defense.<br>Supporting Evidence: Thompson Decl. Ex. 4 (Kaplan Depo. 83:7-85:6 ███), Kaplan Decl. ¶¶ 10-12 (no mention of fair use analysis of files gathered by Warner ███ |
| ███<br>Supporting Evidence: Thompson Decl. Ex. 15 ███ |
| 9. The eight JDownloader files identified in Exhibits A-D of Hotfile's counterclaim were downloaded a total of ███ times.<br>Supporting Evidence: Titov Decl. ¶ 7 |
| 10. The eight JDownloader files identified in Exhibits A-D of Hotfile's counterclaim led to premium user subscriptions ███ times, resulting in ███ of revenue to Hotfile.<br>Supporting Evidence: Titov Decl. ¶ 8 |
| 11. The file http://hotfile.com/dl/25231712/b99b376/JDownloaderSetup.exe.html is a copy of JDownloader software, a freeware program to which Warner owns no copyright and is not authorized to remove.<br>Supporting Evidence: Zebrak Decl. Ex. B (row 797); Thompson Decl. Ex. 4 (Kaplan Depo. 234:22-235:2) |
| 12. Hotfile user ███ is Appwork GmbH, the owner of JDownloader.<br>Supporting Evidence: Thompson Decl. Ex. 13. |
| 13. The file http://hotfile.com/dl/25231712/b99b376/JDownloaderSetup.exe.html was |

FILED UNDER SEAL                                  CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

| |
|---|
| uploaded by the Hotfile user ▮<br>Supporting Evidence: Zebrak Decl. Ex. B (row 797). |
| 14. The files uploaded by the Hotfile user ▮ were downloaded a total of ▮ times.<br>Supporting Evidence: Titov Decl. ¶ 9 |
| 15. The files uploaded by the user Hotfile ▮ led to premium user subscriptions ▮ times, resulting in ▮ of revenue to Hotfile.<br>Supporting Evidence: Titov Decl. ¶ 10 |
| 16. The files listed in Exhs. A-D of the counterclaim that Warner's expert did not determine were "highly likely infringing" were downloaded ▮ times before being deleted by Warner.<br>Supporting Evidence: Titov Decl. ¶ 5 |
| 17. The files listed in Exhs. A-D of the counterclaim that Warner's expert did not determine were "highly likely infringing" directly resulted in users converting to premium accounts ▮ times before being deleted by Warner, generating ▮ of revenue for Hotfile.<br>Supporting Evidence: Titov Decl. ¶ 6 |
| 18. Excluding the 19 files for which Warner asserts that it owned copyrights, the files identified in Exhibits A-D of Hotfile's counterclaim were downloaded ▮ times.<br>Supporting Evidence: Titov Decl. ¶ 4 |
| 19. A false SRA deletion by Warner resulted in the deletion of user ▮<br>Supporting Evidence: Zebrak Decl. ¶ 20, Ex. B (rows 883-885) |
| 20. User ▮ did not upload any files identified by Warner's expert as "highly likely infringing." |

**FILED UNDER SEAL**  CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

Supporting Evidence: Zebrak Decl. ¶ 20; Thompson Decl. Ex. 35 (Zebrak Rebuttal Report ¶ 4, Ex. B).

21. The files uploaded by user ▮ were downloaded ▮ times.

Supporting Evidence: Titov Decl. ¶ 9

22. The files uploaded by user ▮ led to premium user subscriptions ▮ times, resulting in ▮ of revenue to Hotfile.

Supporting Evidence: Titov Decl. ¶ 10

23. A wrongful SRA deletion by Warner resulted in the deletion of user ▮

Supporting Evidence: Zebrak Decl. ¶ 20, Ex. B Rows 886

24. User ▮ did not upload any files identified by Warner's expert as "highly likely infringing."

Supporting Evidence: Zebrak Decl. ¶ 20; Thompson Decl. Ex. 35 (Zebrak Rebuttal Report ¶ 4, Ex. B).

25. The files uploaded by user ▮ were downloaded ▮ times.

Supporting Evidence: Titov Decl. ¶ 9

26. The files uploaded by user ▮ led to premium user subscriptions ▮ times, resulting in ▮ of revenue to Hotfile.

Supporting Evidence: Titov Decl. ¶ 10

**FILED UNDER SEAL**                CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DATED: February 27, 2012            Respectfully submitted,

*/s/ Janet T. Munn*

Janet T. Munn, Esq. Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

And

*/s/ Roderick M. Thompson by Janet T. Munn*

Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email: rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email: aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email: tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email: dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email: jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

And

*/s/ Valentin Gurvits by Janet T. Munn*

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone: 617.928.1800
Telecopy: 617.928.1802

*Counsel for Defendants Hotfile Corporation
and Anton Titov*

**FILED UNDER SEAL**  CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2012, a true and correct copy of the foregoing document, was filed conventionally and served on all counsel of record identified below via e-mail and by Federal Express.

Karen L. Stetson, Esq.
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted *pro hac vice*)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403-5885
Telephone: 818.935.5812

By: /s/ Janet T. Munn
Janet T. Munn