# EXHIBIT 30

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

DISNEY ENTERPRISES, INC., TWENTIETH

CENTURY FOX FILM CORPORATION,

UNIVERSAL CITY STUDIOS PRODUCTIONS,

LLP, COLUMBIA PICTURES INDUSTRIES,

INC., and WARNER BROTHERS

ENTERTAINMENT, INC.,

    Plaintiffs,

  vs.        Case No.

HOTFILE CORPORATION, ANTON TITOV    11-cv-20427-AJ

and DOES 1-20,

    Defendants.

_____

    Videotaped Deposition of SCOTT A. ZEBRAK,
a witness herein, called for examination by counsel
for Defendants in the above-entitled matter, Washington,
D.C. pursuant to subpoena, the witness being duly sworn
by SUSAN L. CIMINELLI, CRR, RPR, a Notary Public in and
for the District of Columbia, taken at the offices of
Jenner & Block, LLP, 1099 New York Avenue, N.W.,

Washington, D.C., at 10:49 a.m. on Friday, January 20,

2012.

```
 1  APPEARANCES:

 2

 3      On behalf of the Plaintiffs & Counterdefendants:

 4          DUANE POZZA, ESQ.

 5          STEVEN B. FABRIZIO, ESQ.

 6          Jenner & Block, LLP

 7          901 New York Avenue, N.W.

 8          Washington, D.C.  20001

 9          (202) 639-6000

10          dpozza@jenner.com

11

12      On behalf of the Defendants:

13          DEEPAK GUPTA, ESQ.

14          Farella Braun + Martel, LLP

15          235 Montgomery Street

16          San Francisco, CA  94104

17          (415) 954-4400

18          dgupta@fbm.com

19

20      ALSO PRESENT:

21          CONWAY BARKER, Videographer

22

23

24

25
```

1  available link?

2        MR. POZZA:  Object as ambiguous.

3        THE WITNESS:  I would kind of flip your

4  question in the other direction and say, why would we

5  need to record it every time we saw it?  You know, by

6  that I mean, my recordation of data along the way,

7  whether it's retaining a link or otherwise, it was

8  just sort of notes I kept along the way.  It's not

9  meant to be, you know, everything that could possibly

10 show what the file is or everything that could

11 possibly show that the file has been downloaded and

12 distributed or the authorization issues.

13       Ultimately, you know, the purpose of that

14 first project was for me to try to identify the file

15 and whether it was an infringement, and ultimately

16 what matters is my classification status.  You know,

17 the recordation of links along the way since you

18 might imagine we are dealing with thousands of files.

19 There was just not a -- not necessarily a need to

20 record it in every instance, so --

21       BY MR. GUPTA:

22    Q.   When you were analyzing the files in your

23 original stat study, did you review the user name for

24 the uploader of the file?

25       MR. POZZA:  Object as ambiguous.

Sarnoff, A VERITEXT COMPANY
877-955-3855

1  to us in our analysis.  Presenting me with one

2  printout of a page in the abstract when I can't see

3  the file is -- it's hard for me to answer it in such

4  an isolated way.

5        You know, of course, as I look at this,

6  Californication is of course a show by Showtime.  I'm

7  familiar with that and which is probably why Showtime

8  Networks is in the company page.  Now, at the same

9  time, the analysis that I underwent here, I -- it's

10 possible that this -- you know, that my ultimate

11 conclusion is not necessarily footnoted by a link you

12 see in the notes section.  That was not the goal of

13 this notes section.  You have access to the same

14 files I do, and the idea in the notes section was for

15 us to keep notes along the way, not to pinpoint this

16 is how I identified the work, this is its author, you

17 know, how it's being commercialized.

18        Sometimes we would record links like that;

19 sometimes not.  Sometimes, you know, you would

20 identify the file and how it was commercialized by

21 review of the file, which I don't have here.  And so

22 what was most important to me was my ultimate

23 classification status on the work.  What was of

24 lesser significance was this working notes section

25 and other data about -- about the work here.

1    Q.   Let me ask you a question.  Did counsel

2  ever explain to you that you need to provide the

3  basis of your opinions in your expert report?

4         MR. POZZA:  Objection.  Argumentative and

5  ambiguous.

6         BY MR. GUPTA:

7    Q.   It's not intended to be argumentative.

8  It's just a genuine question.

9    A.   It is not -- if -- look, if what you're

10  asking is -- with regard to 1750 works, is it

11  possible for me to say when I reviewed the work on,

12  you know, minute 19, there is the notice indicating

13  who it is, and from there I went to this site, and it

14  helped me to identify this as the owner and, you

15  know, -- I mean these -- these works in the process I

16  applied are ready -- readily reproducible by anyone

17  else, and if there are certain works that you believe

18  I'm mistaken on ultimately about its infringement

19  assessment, I'm more than happy to examine those

20  works and, if I'm wrong, want to be the first one to

21  correct my classification status, but, you know,

22  showing me one printed page from the notes section is

23  going to be a hard way to review these files.  In

24  certain instances.

25         In other instances, it may trigger it, but

1      MR. POZZA: I object. Lacks foundation

2  and to the extent the witness has never seen this

3  document before and that counsel is providing

4  testimony.

5      THE WITNESS: A few things. As I've

6  mentioned several times, you apparently challenging

7  my designation here makes me want to look further

8  into it, along with, of course, you know, this

9  affidavit, I would want to speak with this person,

10  but, you know, I don't know if Mr. Mackay is a lawyer

11  or not, but a nonlawyer opining on what the nonlawyer

12  considers to be an infringement, that requires legal

13  judgment.

14      He, of course, knows what at the time he

15  authorized or didn't authorize, but the point is

16  whether one of his exclusive copyright rights was

17  exercised through the unauthorized distribution of

18  the file through Hotfile, you know, him looking back

19  on it now saying what he does or doesn't have an

20  objection to, I'm not sure speaks to what was

21  authorized in the first instance. And, you know,

22  again, you know, I would want to speak further with

23  him and will presumably do so.

24      BY MR. GUPTA:

25  Q.  But don't you think that even if he hadn't

1  UNITED STATES OF AMERICA)

2              SS:

3  DISTRICT OF COLUMBIA    )

4

5      I, SUSAN L. CIMINELLI, the officer before whom

6  the foregoing deposition was taken, do hereby

7  certify that the witness whose testimony appears in

8  the foregoing deposition was duly sworn by me; that

9  the testimony of said witness was taken by me to the

10  best of my ability and thereafter reduced to

11  typewriting under my direction; that I am neither

12  counsel for, related to, nor employed by any of the

13  parties to the action in which this deposition was

14  taken, and further that I am not a relative or

15  employee of any attorney or counsel employed by the

16  parties thereto, nor financially or otherwise

17  interested in the outcome of the action.

18

19         _____

20             SUSAN L. CIMINELLI

21

22  My commission expires:  11/30/2016

23

24

25