UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-20427-Civ (WILLIAMS/TURNOFF)

DISNEY ENTERPRISES, INC., TWENTIETH
CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS
LLLP, COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS. ENTERTAINMENT
INC.,

      Plaintiffs,

vs.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

      Defendants.
_____/

HOTFILE CORP.,

      Counterplaintiff,

vs.

WARNER BROS. ENTERTAINMENT INC.,

      Counterdefendant.
_____/

### MOTION OF GOOGLE INC. FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT HOTFILE CORPORATION

Google Inc. ("Google") respectfully requests the Court's permission to submit the accompanying *amicus curiae* brief in connection with the parties' respective motions for summary judgment. Google has advised the parties of its intent to file this motion. Defendants have consented to the filing of Google's proposed brief, but plaintiffs have objected and indicated that they intend to oppose.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Google is a leading Internet search engine and online service provider, which millions of people around the world depend on for information and communication services. Like countless other online service providers, including Internet mainstays like Wikipedia, Facebook, Twitter, Amazon, and eBay, Google relies on the "safe-harbor" provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512 *et seq.* ("DMCA"), for its ability to provide useful and legitimate services to Internet users. Google is also a defendant in a closely watched case now pending in the Second Circuit in which the district court correctly held on summary judgment that Google's subsidiary YouTube is protected by the DMCA safe harbor. *Viacom Int'l Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514 (S.D.N.Y. 2010). Both on its own behalf, and on behalf of its millions of users, Google has an overriding interest in the proper application of the DMCA, including the particular safe harbor at issue here, which applies to "Information Residing on Systems or Networks at Direction of Users." 17 U.S.C. § 512(c). This raises important issues about the interpretation of that provision, which have not yet been addressed by this Court or by the Eleventh Circuit.

To assist the Court in resolving those issues, Google seeks leave to file the attached *amicus curiae* brief. While Google does not have access to the full summary-judgment record, and thus takes no position on how the Court should resolve the parties' respective motions, Google's proposed brief offers a more complete perspective on the legal issues raised in those motions. In particular, Google is concerned by some of the arguments offered by the plaintiffs, which distort the meaning of the statute and, if adopted, would compromise the protections that Congress intended to give to Internet businesses that provide innovative and socially beneficial services to the public.

This Court "has the inherent authority to appoint *amici curiae*, or 'friends of the court,' to assist it in a proceeding." *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991) (citation and footnote omitted). The role of an *amicus* is to "'participate[] only for the benefit of the court.'" *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla.

1988) (citations omitted).  A court may grant leave to file an amicus brief where "the information offered is 'timely and useful.'"  *Waste Mgmt. of Penn., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (citations omitted).  Google's proposed brief meets that standard.  Google offers a timely *amicus* submission in the midst of the parties' respective motions for summary judgment.  Its brief provides useful information to the Court about the background, purpose, and scope of the DMCA safe harbors, the standards and the burdens of proof the statute imposes, and recent on-point decisions from other jurisdictions with well-developed DMCA safe harbor jurisprudence.  In short, allowing Google to participate as an *amicus curiae* "'will alert the court to the legal contentions of concerned bystanders'" while "'leav[ing] the parties free to run their own case.'"  *Resort Timeshare Resales, Inc.*, 764 F. Supp. at 1501 (citation omitted).

We note that plaintiffs and their colleagues in the motion picture and television industry have regularly asked and been permitted to file *amicus curiae* briefs in similar cases.  *See, e.g.*, Br. of *Amici Curiae* American Society of Composers, Authors and Publishers et al. in Support of Plaintiffs, *Viacom Int'l, Inc. v. YouTube, Inc.*, No. 07-cv-02103-LLS (S.D.N.Y. 2010) (plaintiffs Disney Enterprises, Inc., Warner Bros. Entertainment Inc.); Br. of *Amicus Curiae* NBC Universal, Inc. in Support of Plaintiff's Opposition to YouTube, Inc.'s Motion for Partial Summary Judgment, *Tur v. YouTube, Inc.*, No. 06-04436-FMC-AJW (C.D. Cal. June 20, 2007).

For the foregoing reasons, Google respectfully requests that the Court allow the filing of the accompanying *amicus curiae* brief.

Dated:  March 12, 2012

Respectfully submitted,

    */s/ Jane W. Moscowitz*
JANE W. MOSCOWITZ
Fla. Bar No. 586498
jmoscowitz@moscowitz.com
MOSCOWITZ & MOSCOWITZ, P.A.
1111 Brickell Ave. # 2050
Miami, FL 33131
Telephone:  (305) 379-8300
Facsimile :  (305) 333-7099

Counsel for *Amicus Curiae* Google Inc.

**Of Counsel**

David H. Kramer
dkramer@wsgr.com
Maura L. Rees
mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Brian M. Willen
bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. Defendants have consented to the filing of Google's proposed brief, but plaintiffs have objected and indicated that they intend to oppose.

Dated: March 12, 2012

                                                      */s/ Jane W. Moscowitz*
JANE W. MOSCOWITZ
Fla. Bar No. 586498
jmoscowitz@moscowitz.com
MOSCOWITZ & MOSCOWITZ, P.A.
1111 Brickell Ave. # 2050
Miami, FL 33131
Telephone: (305) 379-8300
Facsimile: (305) 333-7099

Counsel for *Amicus Curiae* Google Inc.

**Of Counsel**

David H. Kramer
dkramer@wsgr.com
Maura L. Rees
mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Brian M. Willen
bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

<u>CERTIFICATE OF SERVICE</u>

**Disney Enterprises, Inc.,** *et al.* **v. Hotfile Corp.,** *et al.*
**Case No. 11-20427-Civ (WILLIAMS/TURNOFF)**

I HEREBY CERTIFY that a true and correct copy of the foregoing MOTION OF GOOGLE INC. FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT HOTFILE CORPORATION, was served by the Court's ECF system on March 12, 2012, on all counsel or parties of record on the service list.

Dated: March 12, 2012

                                                */s/ Jane W. Moscowitz*
                                        JANE W. MOSCOWITZ
                                        Fla. Bar No. 586498
                                        jmoscowitz@moscowitz.com
                                        MOSCOWITZ & MOSCOWITZ, P.A.
                                        1111 Brickell Ave. # 2050
                                        Miami, FL 33131
                                        Telephone:  (305) 379-8300
                                        Facsimile :  (305) 333-7099

                                        Counsel for *Amicus Curiae* Google Inc.

**Disney Enterprises, Inc., *et al.* v. Hotfile Corp., *et al.*
Case No. 11-20427-Civ (WILLIAMS/TURNOFF)**

## SERVICE LIST

Steven B. Fabrizio
Email: sfabrizio@jenner.com
Luke C. Platzer
Email: lplatzer@jenner.com
Duane C. Pozza
Email: dpozza@jenner.com
Jennifer V. Yeh
Email: jyeh@jenner.com
JENNER & BLOCK
1099 New York Avenue, N.W., Suite 900
Suite 900
Washington, DC
Tel.: 202-639-6094

Karen R. Thorland
Email: Karen_Thorland@mpaa.org
Senior Content Protection Counsel
MOTION PICTURE ASSOCIATION OF
AMERICA, INC.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA
Tel.: 818-935-5812

Karen Linda Stetson
Email: karen.stetson@gray-robinson.com
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Tel.: 305-416-6880
Fax: 305-416-6887

*Attorneys for Plaintiffs/Counterdefendants
Disney Enterprises, Inc., Twentieth Century Fox
Film Corp., Universal City Studios Productions
LLLP, Columbia Pictures Industries, Inc.,
and Warner Bros. Entertainment Inc.*

Anthony P. Schoenberg
Email: tschoenberg@fbm.com
Deepak Gupta
Email: dgupta@fbm.com
Janel Thamkul
Email: jthamkul@fbm.com
N. Andrew Leibnitz
Email: aleibnitz@fbm.com
Roderick M. Thompson
Email: rthompson@fbm.com
FARELLA BRAUN & MARTEL, LLP
235 Montgomery Street
17th Floor
San Francisco, CA
Tel.: 415-954-4400

Valentin Gurvits
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel.: 617-928-1804

Janet T. Munn
Email: jmunn@rascoklock.com
RASCO KLOCK REININGER PEREZ
ESQUENAZI VIGIL & NIETO
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Tel.: 305-476-7101
Fax: 305-476-7102

*Attorneys for Defendants/Counterplaintiffs
Hotfile Corp., Anton Titov, Does 1-10,
and Lemuria Communications, Inc.*