UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

      *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

      *Defendants*.

_____/

HOTFILE CORP.,

      *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

      *Counter-Defendant*.

_____/

**DEFENDANTS' MOTION AND MEMORANDUM OF LAW
TO STRIKE THE DECLARATION OF JENNIFER V. YEH
FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANT ANTON TITOV'S MOTION FOR SUMMARY
JUDGMENT AND TO DEFENDANT HOTFILE CORP.'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

**<u>CITATION LEGEND</u>**

1.      "PSUF" shall refer to specific paragraph numbers of Plaintiffs' Statement of Uncontroverted Facts.

2.      "DSUF" shall refer to specific paragraph numbers of Statement of Undisputed Material Facts In Support of Motion of Defendants Hotfile Corporation for Partial Summary Judgment Based on the Digital Millennium Copyright Act Safe Harbor.

3.      "TSUF" shall refer to specific paragraph numbers of Statement of Undisputed Material Facts In Support of Motion of Anton Titov's Motion for Summary Judgment.

4.      "DRSF" shall refer to specific paragraph numbers of the Statement of Facts of Defendants Hotfile Corporation and Anton Titov In Opposition to Plaintiffs' Statement of Uncontroverted Facts and Defendants' Statement of Additional Material Facts.

5.      "Foster Decl." shall refer to the declaration of Dr. Ian Foster in support of Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov, dated February 17, 2012.

6.      "Yeh Decl." shall refer to the declaration of Jennifer V. Yeh in support of Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov, dated February 17, 2012.

7.      "Titov Decl." shall refer to the declaration of Anton Titov in support of Defendants' Motion for Summary Judgment.

8.      "Titov Opp. Decl." shall refer to the declaration of Anton Titov in support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment.

9.      "Leibnitz Decl." shall refer to the declaration of Andrew Leibnitz in support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment.

10.     "Gupta Decl." shall refer to the declaration of Deepak Gupta in support of Defendants' Motion for Summary Judgment.

11.     "Schoenberg Decl." shall refer to the declaration of Anthony Schoenberg in support of Anton Titov's Motion for Summary Judgment.

12.     "Levy Decl." shall refer to the declaration of Dr. Daniel S. Levy in support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

13.     "Cromarty Decl." shall refer to the declaration of Dr. Andrew Cromarty in support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

14.     "Boyle Decl." shall refer to the declaration of Dr. James Boyle in support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment.

15.     "Leibnitz Ex. __," shall refer to exhibits attached to the Leibnitz Declaration.

16.     "Yeh Ex. __," shall refer to exhibits attached to the Yeh Declaration.

17.     "Gupta Ex. __," shall refer to exhibits attached to the Gupta Declaration.

18.     "Schoenberg Ex. __," shall refer to exhibits attached to the Schoenberg Declaration.

19.     "Boyle Ex. __," shall refer to exhibits attached to the Boyle Declaration.

20.     "Thamkul Decl." shall refer to the declaration of Janel Thamkul in support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment.

21.     "Thamkul Ex. __," shall refer to exhibits attached to the Thamkul Declaration.

22.     "Titov Reply Decl." shall refer to the declaration of Anton Titov in support of Defendants' Reply in support of their Motion for Partial Summary Judgment.

23.     "DMSJ" shall refer to the Motion of Defendants Hotfile Corporation for Partial Summary Judgment Based on the Digital Millennium Copyright Act Safe Harbor.

24.     "DOPMSJ" shall refer to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov.

25.     "PODMSJ" shall refer to Plaintiffs' Opposition to the Motion of Defendants Hotfile Corporation for Partial Summary Judgment Based on the Digital Millennium Copyright Act Safe Harbor.

26.     "PMSJ" shall refer to Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov.

27.     "PCF" shall refer to Plaintiffs' Counterstatement of Material Facts in Opposition to Defendants' Motion for Partial Summary Judgment Based on the Digital Millennium Copyright Act Safe Harbor.

## INTRODUCTION

Plaintiffs again have filed an attorney declaration that is pervasively flawed and should be stricken.  In opposition to defendants' motions for summary judgment, Plaintiffs submitted another declaration by Jennifer V. Yeh, Plaintiffs' outside counsel (the "Yeh Opposition Declaration" or "Yeh Opp. Decl.").  The declaration and its exhibits suffer from an array of evidentiary deficiencies, including unauthenticated documents, improper opinion testimony regarding Hotfile's supposed infringement, hearsay news articles used to insinuate falsely that Defendants are similar to indicted nonparty MegaUpload, and unreliable translations.

## LEGAL ARGUMENT

A declaration in opposition to summary judgment must "be made on personal knowledge, set out facts which would be admissible in evidence, and show that the … declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Strict adherence to the rules of evidence are particularly important at summary judgment because opponents have no opportunity to cross-examine declarants.  *The Williams Island Synagogue, Inc. v. City of Aventura*, 329 F. Supp. 2d. 1319, 1323 (S.D. Fla. 2004).  As Plaintiffs did in their original declaration by Ms. Yeh filed in support of Plaintiffs' summary judgment motion, they continue to ignore the rules of evidence.

### I.  Content Owners' Self-Serving Emails Are Inadmissible To Prove Repeat Infringement and Alleged Failures to Terminate Hotfile.com Users.

Plaintiffs seek to offer into evidence pre-lawsuit emails by Plaintiffs and other content owners alleging repeat infringement by Hotfile users and the alleged failure of Hotfile to terminate them.  Exhibits 141, 142, 147, 148, 149, and 150 to the Yeh Opposition Declaration are made up entirely of such self-serving emails.  Plaintiffs seek to use these emails to dispute Hotfile's proof that it typically removes, within 48 hours, any files identified as infringing, thus entitling Hotfile to the Digital Millennium Copyright Act's safe harbor protection.  *See* Pls.' Counterstatement of Material Facts in Opp. to Hotfile's Mot. for Partial Summ. J. Based On the Digital Millennium Copyright Act Safe Harbor 17; DSUF 17; Hotfile Mot. for Partial Summ. J. at 15.

1

CASE NO. 11-20427-WILLIAMS-TURNOFF

All of these emails are inadmissible.  **First**, they are hearsay.  *See* Fed. R. Evid. 802. Plaintiffs' offer the emails to prove the truth of the following allegations:  (1) Hotfile users made unauthorized copies of copyrighted works, (2) the content owner had sent prior notices of alleged infringement, (3) Hotfile received those prior notices, and (4) Hotfile did not remove the material.  *See* Pls.' Counterstatement of Material Facts in Opp. To Hotfile's Mot. for Partial Summ. J. Based On the Digital Millennium Copyright Act Safe Harbor 17; *see also, e.g.*, Yeh Opp. Ex. 141 at DISNEY002835 (example of inadmissible email).[1]  **Second**, the emails are not self-authenticating and are not authenticated as excerpts of takedown notices to Hotfile.  *See* Fed. R. Evid. 901, 902; *see also* Yeh. Opp. Decl. ¶¶ 23–24, 29–32 (failing to authenticate Exhibits 141–142 and 147–150 as anything other than documents produced in discovery).  **Third**, portions of the exhibits state inadmissible legal conclusions, including that the work available at Hotfile.com was infringing.  *See* Yeh. Opp. Ex. 141 at DISNEY002835 (containing conclusory allegation of infringement).  Statements of legal conclusions by a party are not evidence and therefore are not admissible. Fed. R. Civ. P. 56(c)(4) (summary judgment declarations must "set out *facts*[,]" as opposed to legal argument) (emphasis added); *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2nd Cir. 1999) (approving strike of affidavit containing "conclusory … arguments"), *abrogation as to unrelated holding recognized by Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000); *Casella v. Morris*, 820 F.2d 362, 364 (11th  Cir. 1987) (infringement is "legal conclusion"); *Degelman Indus. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346T, 2011 WL 6752565, at *4 (W.D.N.Y. Dec. 23, 2011) (striking affidavit containing legal argument); *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 835 (C.D. Cal. 2010) (excluding copyright expert's declaration because it stated legal conclusions); *E.F. Hutton & Co. v. Brown*, 305 F. Supp. 371, 383 (S.D. Tex. 1969) (affidavits must not be "burdened" by legal conclusions).[2]  **Fourth**, the evidence violates the rule of completeness because Plaintiffs failed to

---

[1] These emails are not eligible for the hearsay exception for records of a regularly conducted activity because Plaintiffs did not offer any of the corroborating testimony required to prove that the conditions to obtain the exception have been met and because evidence indicates that Plaintiffs' methods of identifying copies of their works were not trustworthy.  *See* Fed. R. Evid. 803(6)(D), (E); *see also* Reply Decl. of Jennifer V. Yeh in Supp. of Warner Bros. Entertainment Inc.'s Mot. for Summ. J., Exs. T, U (evidence of false identifications).

[2] Yeh Opposition Exhibit 146 is inadmissible for similar reasons.  Exhibit 146 is a brief filed by Hotfile's opponent in an unrelated case, which Plaintiffs offer to support their argument that

submit the attachments to some of the emails, rendering them impossible to comprehend fully. *See* Fed. R. Evid. 106; *see* Yeh Opp. Ex. 141 at FOX025983, FOX026070 (each listing missing attachment); Ex. 140 at HF115691, HF00236482 (same).

## II.   Exhibits Compiling Unqualified Expert Opinion By Unnamed Persons Should Be Stricken.

Plaintiffs attempt to support summary judgment with Exhibit 144, a chart in which unnamed persons working under Ms. Yeh advance their unqualified expert opinions about whether Plaintiffs' works were infringed at Hotfile.com. This chart is virtually identical to similar charts of hearsay and unqualified expert testimony to which Defendants already objected. *See* Mot. and Mem. of Law of Defs. Hotfile Corp. & Anton Titov to Strike Portions Of the Decl. of Jennifer V. Yeh Filed in Supp. of Pls.' Mot. For Summ. J. and Any References in Pls.' Mot. For Summ J. or Statement of Facts to the Yeh Decl. and Its Attachments at 4–11(objecting to Yeh Decl. Exs. 27, 29, 56, 106, and 119). Exhibit 144 states that various documents are communications that Hotfile users sent after the Complaint was filed and that provide the URL of the file each user had most recently downloaded. The chart then alleges the particular work that Plaintiffs allege was infringed at each of those Hotfile.com URLs. Yeh Opp. Ex. 144. Review of the underlying documents was done by unnamed persons, with unknown qualifications, working under Ms. Yeh. *See* Yeh Opp. Decl. ¶ 26. Plaintiffs offer this as evidence that Hotfile did not change its practices after the complaint was filed and therefore does not qualify for the Digital Millennium Copyright Act safe harbor. *See* Pls.' Mem. of Law in Opp. To Def. Hotfile's Mot. for Partial Summ. J. Based on the Digital Millennium Copyright Act Safe Harbor ("Pls.' Opp. To Partial SJ Mot.") at 10 n.6.

Exhibit 144 should be stricken for several reasons. **First**, the opinions as to whether Plaintiffs' works are infringed are inadmissible legal conclusions. *Casella*, 820 F.2d at 364;

---

Hotfile knew that it had failed to terminate repeat infringers. The brief makes no such allegation, but instead contends that Hotfile had not yet terminated all users accused of posting infringing content, without making any statement that more than one notice was sent. In any event, statements made by a litigation opponent in another case about what Hotfile allegedly did not do, and the conclusion that there was infringing content on Hotfile.com are inadmissible hearsay and legal conclusions.

*Hollander*, 172 F.3d at 198.  **Second**, the chart improperly attempts to offer expert testimony about infringement by people who are not experts.  There is no evidence that Ms. Yeh or any of her unidentified supervisees are qualified as copyright infringement experts.  *See* Fed. R. Evid. 702 (requiring qualification by knowledge, skill, experience, training, or education).  Neither Ms. Yeh nor any of her subordinates was disclosed as an expert or subject to expert discovery.  *See Corwin v. Walt Disney World, Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007) (expert's affidavit properly excluded on summary judgment where witness had not been disclosed by deadline for expert witnesses).  **Third**, Plaintiffs fail to provide the required evidence about the methods used to reach the opinions, much less any evidence that the methods were reliable.  *See* Fed. R. Evid. 702(c), (d) (requiring reliable expert methods and their reliable application).  The Yeh Opposition Declaration fails to identify which "[p]ersons under [Ms. Yeh's] supervision" conducted this analysis and provides no details as to the process by which they reached their self-serving conclusions.  *See* Yeh Opp. Decl. ¶ 26.  Ms. Yeh offers no explanation of the legal standard applied, the relevance or reliability of the factors considered, or the scope of the reviewers' analysis.  *See id.*  Merely finding the title of a work in a URL is not a reliable way to establish whether the URL links to a copy of the Plaintiff's work.  *E.g.*, *id.*, ex. 144 (indicating in first line that URL links to an infringing copy of a work-in-suit entitled "2012" – a name which also coincides with the current year).[3]  **Fourth**, Ms. Yeh did not conduct the analysis herself and therefore fails to establish personal knowledge.  Fed. R. Evid. 602.  **Fifth**, the statements of the unnamed persons who created the chart are inadmissible hearsay.  **Sixth**, Exhibit 144 was not disclosed in discovery despite Plaintiffs' evident intent to use it in support of their claims and thus should be excluded as a sanction.  *See* Fed. R. Civ. P. 37(c)(1) (discovery sanctions).


III.   **Plaintiffs Seek to Impugn Hotfile With Irrelevant, Inadmissible Hearsay About Other File-Sharing Sites.**

Just as they did in their opening brief, Plaintiffs try to compare Hotfile to  MegaUpload, the operators of which were indicted for criminal copyright infringement.  *See* PSUF ¶ 16(f)(iii); Pls.' Mot. and Mem. of Law In Supp. of Summ. J. Against Defs. Hotfile Corp. and Anton Titov

---

[3] Moreover, any number of fair use scenarios could explain the presence of a URL containing the title of a copyrighted work.

4

at 32. Exhibit 145, the evidence now offered to prove this similarity, does no such thing and, in any event, is irrelevant and inadmissible hearsay. Furthermore, the danger of unfair prejudice to Defendants posed by this evidence substantially outweighs its probative value (of zero).

Exhibit 145 contains articles about the actions of various filesharing sites in the wake of the Megaupload.com indictment. The articles describe how various sites changed their practices and posit that the sites made these changes in an attempt to prevent similar indictments. Yeh Opp. Ex. 145. Plaintiffs seek to use these articles to try to prove that Defendants improved Hotfile.com's procedures for protecting copyright in an attempt to avoid criminal prosecution, not in a genuine attempt to prevent infringement. Pls.' Opp. To Partial SJ Mot. at 4 n.2.

These articles are inadmissible because they are hearsay; because the actions and motivations of *other* file-sharing sites unaffiliated with Hotfile.com are irrelevant to whether Defendants are liable for copyright infringement; because the taint Plaintiffs wish to impart by associating Defendants with the indicted operators of Megaupload.com is unfair and substantially outweighs the articles' probative value; because Plaintiffs did not produce these articles in discovery; and because Ms. Yeh concedes she did not print the articles and therefore lacks sufficient personal knowledge to state when they were printed and whether they are authentic. *See Dallas Cnty v. Comm. Union Assurance Co.*, 286 F.2d 388, 298, n.3 (5th Cir. 1961) (news articles almost always inadmissible hearsay); Fed. R. Evid. 403 (unfair prejudice); Fed. R. Civ. P. 37(c)(1) (sanctions for failure to disclose).

**IV.** **Translations from Bulgarian to English Should Be Excluded For Failure to Show Reliability of Translation and to Authenticate.**

Several of Plaintiffs' exhibits are inadmissible translations from the Bulgarian language. Exhibits 132, 134, and 135 are emails that were translated from Bulgarian to English. They each are accompanied by an affidavit in which the affiant states that "to the best of [her] knowledge and belief" the translation is "true and accurate." *See, e.g.*, Yeh Opp. Ex. 132. Plaintiffs, however, were required to prove that the interpreter was "qualified." Fed. R. Evid. 604, *Cf. United States v. Hasan*, 747 F. Supp. 2d 642, 679 (E.D. Va. 2010) ("defendants are entitled to a written statement of [the interpreter's] qualifications"). Without such proof, the court cannot decide the preliminary question of the interpreter's qualifications and therefore Plaintiffs fail to carry their burden of showing that the evidence is admissible. To the extent the interpreter is

CASE NO. 11-20427-WILLIAMS-TURNOFF

testifying as an expert in the Bulgarian language, Plaintiffs were required to — but did not — establish that she was a proper expert using acceptable methods.  In addition, Plaintiffs failed to authenticate these exhibits as accurately translated documents.

**V.      Overall Lack Of Personal Knowledge Merits Striking the Entire Declaration.**

Ms. Yeh begins her declaration with a statement that undermines any claim that the declaration is based on her personal knowledge, as required.  The entire declaration therefore should be stricken, with the exhibits collapsing in turn.  Ms. Yeh states that her declaration statements are *either* "based on [her] personal knowledge" or are based on "information provided to [her] by colleagues or other personnel working under [her] supervision on this case."  Yeh Opp. Decl. ¶ 1.  Sworn statements must be made on personal knowledge, and statements based in part on information and belief cannot be considered on a summary judgment motion.  *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002).

## CONCLUSION

For the foregoing reasons, the Court should strike the Yeh Opposition Declaration and its exhibits.  A proposed Order is attached hereto as Exhibit "A."

## CERTIFICATE OF GOOD FAITH ATTEMPT TO RESOLVE

I hereby certify, pursuant to Local Rule 7.1(a)(3), that prior to filing this motion, I conferred with Plaintiffs' counsel in a good faith attempt to resolve by agreement the matters raised in this motion, but that the parties were unable to reach agreement.

s/ N. Andrew Leibnitz

DATED: March 19, 2012                    Respectfully submitted,

CASE NO. 11-20427-WILLIAMS-TURNOFF

s/ Janet T. Munn
Janet T. Munn, Esq. Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone:  305.476.7101
Telecopy: 305.476.7102

And

s/ N. Andrew Leibnitz
Roderick M. Thompson, Esq.
(admitted *pro hac vice*)
Email:  rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email:  aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email:  tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email:  dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email:  jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone:  415.954.4400
Telecopy: 415.954.4480

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:  617.928.1800
Telecopy:  617.928.1802

*Counsel for Defendants Hotfile Corporation*
 *and Anton Titov*

CASE NO. 11-20427-WILLIAMS-TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2012, a true and correct copy of the foregoing document, was filed conventionally and served on all counsel of record identified below via e-mail and by Federal Express.

Karen L. Stetson, Esq.
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL  33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted *pro hac vice*)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

By: s/ Janet T. Munn
          Janet T. Munn