UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR LEAVE TO FILE**
***AMICUS CURIAE* BRIEF**

The Court should deny non-party Google's request to submit its proposed *amicus* brief because it merely duplicates Hotfile's position in its motion for summary judgment.  Google's proposed brief appears to be part of a systematic effort by Google, itself a defendant in ongoing copyright infringement cases, to influence the development of the law to Google's own advantage – as well as an effort by Hotfile (whose counsel also represent Google) to circumvent its page limits.  Google is acting as a partisan advocate for Hotfile, making arguments that Hotfile has or could have made in its own opposition to summary judgment.  The parties here are well-represented and have the incentive and wherewithal to make all the arguments the court will need.  Although Google purports not to take a position regarding summary judgment here, Google unmistakably seeks a ruling against plaintiffs.  Google's motion should be denied.

## ARGUMENT

Where, as here, a non-party seeks to press a partisan position that serves merely to circumvent the page limits of the parties, a district court's "acceptance of an . . . *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest, or unless the Court feels that existing counsel need assistance." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988) (quotation marks omitted; ellipsis in original); *see also Sierra Club v. Fed. Emergency Mgmt. Agency*, Civ. A. No. H-07-0608, 2007 U.S. Dist. LEXIS 84230, at *3-4 (S. D. Tex. Nov. 14, 2007) (same).  Moreover, a district court "should…consider whether the individual or organization seeking to file the *amicus* brief is an advocate for one of the parties," *Sierra Club*, 2007 U.S. Dist. LEXIS 84230, at *6, and the court should "deny permission to file an *amicus* brief that essentially duplicates a party's brief." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (Posner, J.); *see also Glassroth v. Moore*, 347 F.3d 916, 919 (11th Cir. 2003) (citing *Voices for Choices* with approval for its "susp[icion] that *amicus* briefs are often used as a means of evading the page limitations on a party's briefs").

Here, Google's proposed brief is improper for these very reasons.  Rather than acting out of any 'special interest,' Google is merely advocating for its own self-interest and that of Hotfile.  Google is hardly a dispassionate party on these issues: it itself is a frequent defendant in online copyright infringement cases where Google's own entitlement to invoke the DMCA safe harbors has been called into question – including, as it admits, in cases currently pending.  *See, e.g., Viacom Int'l, Inc. v. YouTube, Inc.*, No. 10-3270-cv (2d Cir.) (pending claim that Google's subsidiary YouTube, Inc. induced and had red flag knowledge of infringement of thousands of

1

copyrighted works); *Football Ass'n Premiere League Ltd. v. YouTube, Inc.*, No. 10-3342-cv (2d Cir.) (same).

Furthermore, although Google claims that it seeks merely to "offer[] a more complete perspective on the legal issues raised in [the parties' summary judgment] motions," and that it "takes no position on how the Court should resolve the parties' respective motions" (Dkt. 355 at 2), Google's proposed *amicus* brief is entirely one-sided and echoes in many respects the arguments introduced in Hotfile's summary judgment brief.  Google attacks Plaintiffs' summary judgment opposition as a "crabbed approach to the [DMCA]," and seeks to distinguish Plaintiffs' legal authority.  Dkt. 355-1 (proposed *amicus* brief) at 5 & n.7.  Google also argues, *inter alia*, that "[t]his Court should likewise reject any efforts by plaintiffs to deprive Hotfile of the section 512(c) safe harbor . . ." (*id.* at 9); and that "the Court should be not be misled" by Plaintiffs (*id.* at 11).  Google plainly seeks a ruling against Plaintiffs without full knowledge of the controlling facts, many of which in this case are under seal.

There is little difference between Google's position and Hotfile's – which is unsurprising given both entities' identical interest in having courts interpret the DMCA safe harbors as expansively as possible.  For example, both Google and Hotfile assert that the DMCA safe harbors should be construed broadly and that the "red flag" knowledge exception should be confined to the very narrow case of specific, file-by-file knowledge.  *Compare*, *e.g.*, Dkt. 355-1 (proposed *amicus* brief) at 7-11 ("DMCA's knowledge provisions require that a service provider have failed to act after gaining knowledge of *particular* infringing material") (emphasis added) *with* Hotfile Br. at 13 ("the 'apparent knowledge' test – also known as the 'red-flag' test – requires awareness of 'facts or circumstances' related to *specific* items") (emphasis added). Hotfile is well represented and entirely capable of raising these kinds of arguments on its own. Google's proposed filing would effectively allow Hotfile – ***whose lead counsel represents Google as a defendant in other infringement-related matters***[1] – to circumvent the court's page limitations and get 17 additional pages to argue their view of the DMCA.  This clearly prejudices Plaintiffs, who have presented their arguments within the page limits imposed by the Court.

---

[1] *See E-Micro Corporation v. Google, Inc.*, No, 6:11-cv-00465-LED (E.D. Tex.) (two of Hotfile's present counsel, including its lead counsel, representing Google); *Purple Leaf LLC v. Google, Inc.*, No. 6:11-cv-00355 (E.D. Tex.) (same).

2

A district court in the Southern District of New York recently denied Google's many effort to file an *amicus* brief in a DMCA action on this very basis. There, copyright owner Capitol Records had moved for a preliminary injunction seeking immediate removal of Capitol recordings and artwork from defendant ReDigi's website. *Capitol Records, LLC v. ReDigi Inc.*, No. 12 Civ. 95 (RJS) (Dkt. #9) (S.D.N.Y. Feb. 1, 2012) (memo of law in support of preliminary injunction). Google sought to file an *amicus* brief "to highlight the importance of the copyright law questions Plaintiff's pending preliminary injunction motion raises." *Id*. (Dkt. #24) (order denying motion for leave). The court rejected Google's request on the basis that "the Court believes that the parties are fully capable of raising these issues themselves - and have every incentive to do just that." *Id*. The court subsequently denied *amicus* filings in connection with the parties' summary judgment motions for the same reason. *Id*. (Dkt. #30); *see also Sierra Club,* 2007 U.S. Dist. LEXIS 84230, at *10-11 (rejecting amicus brief where "[t]he parties are sophisticated and ably represented by counsel," and "[t]here is no reason to think that [the *amicus*] has access to greater technical, scientific, or legal expertise than" the party); *News and Sun-Sentinel Co.*, 700 F. Supp. at 32 (rejecting an *amicus* brief because, *inter alia*, "[t]his Court finds that counsel for both [parties] have done a satisfactory job in their presentations"); *Voices for Choices*, 339 F.3d at 544 (the court should "deny permission to file an *amicus* brief that essentially duplicates a party's brief"). Here, Hotfile's counsel is perfectly capable of presenting all the arguments relevant to summary judgment and has every incentive to present all the arguments advanced by Google.

## CONCLUSION

Plaintiffs request that the Court deny Google's Motion for Leave to File *Amicus Curiae* Brief. In light of the limitations of time to respond on the current summary judgment schedule, if the Court is to receive the Google brief, Plaintiffs request that the Court grant Plaintiffs leave to file a response, limited to 15 pages and filed within ten Court days of the Court's order on Google's motion.

Dated: March 19, 2012                    Respectfully submitted,

                                         By: /s/ Karen L. Stetson

|  |  |
|---|---|
|  | Karen L. Stetson<br>GRAY-ROBINSON, P.A.<br>1221 Brickell Avenue<br>16th Floor<br>Miami, Fl 33131<br>Telephone: (305) 416-6880<br>Facsimile:  (305) 416-6887 |
| MOTION PICTURE ASSOCIATION<br>  OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403<br>Phone:  (818) 995-6600<br>Fax:  (818) 285-4403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>Duane C. Pozza (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Facsimile:  (202) 639-6066<br><br>*Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th Day of March, 2012, I served the following document on all counsel of record on the attached service list via the Court's ECF System:

**Plaintiffs' Opposition to Google's Motion for Leave to File Amicus Curiae Brief**

I further certify that I am admitted to the Southern District of Florida and that the certification was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST
### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-JORDAN

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*