# EXHIBIT 10

**Subject to Protective Order – HIGHLY CONFIDENTIAL**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| VIACOM INTERNATIONAL INC., COMEDY PARTNERS, COUNTRY MUSIC TELEVISION, INC., PARAMOUNT PICTURES CORPORATION, and BLACK ENTERTAINMENT TELEVISION LLC, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:07-cv-02103 (LLS) |
| v. | ) ) | (Related Case No. 1:07-cv-03582 (LLS)) |
| YOUTUBE INC., YOUTUBE, LLC, and GOOGLE, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |

## VIACOM'S MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Stuart J. Baskin (No. SB-9936)
John Gueli (No. JG-8427)
Kirsten Nelson Cunha (No. KN-0283)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Paul M. Smith (No. PS-2362)
William M. Hohengarten (No. WH-5233)
Scott B. Wilkens (*pro hac vice*)
Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Susan J. Kohlmann (No. SK-1855)
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1690
Facsimile: (212) 891-1699

*Attorneys for Plaintiffs*

Subject to Protective Order – HIGHLY CONFIDENTIAL

> **D.** **Defendants Have Also Failed to Show That They Have Satisfied Several Other Preconditions of the DMCA Defense.**

In addition to the foregoing DMCA requirements, which Viacom addressed in its own summary judgment motion, Defendants have failed to establish as a matter of law that they meet several other preconditions of the DMCA. Most notably, they have not carried their summary judgment burden of establishing that (1) their implementation of a repeat infringer policy satisfied the requirements of § 512(i), and (2) that their response to takedown notices satisfied the requirements of § 512(c)(1)(C). Although Viacom did not move for summary judgment on these issues, the burden is on Defendants to establish that they meet all of the preconditions of the DMCA to qualify for the defense. Therefore, these issues are independent reasons why Defendants' motion for summary judgment on their DMCA defense must be denied.[24]

Defendants' inadequate implementation of a repeat infringer policy and inadequate response to takedown notices are also germane for an additional reason: they represent further manifestations of Defendants' intent to facilitate infringement when operating the YouTube site, and therefore are relevant under *Grokster* and the knowledge and awareness prong of the

---

[24] On top of these requirements, Defendants also essentially concede that for the period before October 21, 2005, they did not meet the DMCA's requirement that they register their designated agent to receive takedown notices with the Copyright Office. Section 512(c)(2) provides: "The limitations on liability established in this subsection apply to a service provider only if the service provider has designated an agent to receive notifications of claimed infringement described in paragraph (3), . . . by providing to the Copyright Office, substantially the following information: (A) the name, address, phone number, and electronic mail address of the agent." 17 U.S.C. § 512(c)(2) (emphasis added). Defendants provide no evidence that they complied with this requirement before October 21, 2005. *See* Hurley Decl. ¶ 21 & Ex. 26. Moreover, § 512(c)(2) unambiguously provides that the safe harbor applies to a service provider "only if" it registers its designated agent with the Copyright Office. Therefore, Defendants are not entitled to the DMCA defense for the period before October 21, 2005. *See Ellison v. Robertson*, 357 F.3d 1072, 1077 (9th Cir. 2004) (denying service provider AOL's motion for summary judgment on DMCA defense in part because "AOL changed its contact e-mail address from 'copyright@aol.com' to 'aolcopyright@aol.com' in the fall of 1999, but waited until April 2000 to register the change with the U.S. Copyright Office").

Subject to Protective Order – HIGHLY CONFIDENTIAL

Respectfully submitted,


By: _____

Stuart J. Baskin (No. SB-9936)
John Gueli (No. JG-8427)
Kirsten Nelson Cunha (No. KN-0283)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

By: _____

Paul M. Smith (No. PS-2362)
William M. Hohengarten (No. WH-5233)
Scott B. Wilkens (*pro hac vice*)
Matthew S. Hellman (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC  20001
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066

Susan J. Kohlmann (No. SK-1855)
JENNER & BLOCK LLP
919 Third Avenue
New York, NY  10022
Telephone:  (212) 891-1690
Facsimile:  (212) 891-1699