UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
 /
_____

**PLAINTIFFS' COUNTERSTATEMENT OF MATERIAL FACTS IN OPPOSITION TO
ANTON TITOV'S MOTION FOR SUMMARY JUDGMENT**

**[CONFIDENTIAL]**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

### CITATION LEGEND

1.    "PSUF" shall refer to specific paragraph numbers of uncontroverted facts in Plaintiffs' Statement of Uncontroverted Facts, submitted in support of Plaintiffs' Motion for Summary Judgment, dated February 17, 2012, available publicly at Docket No. 323.

2.    "Yeh Ex. __," shall refer to exhibits attached to the Declaration of Jennifer V. Yeh in Support of Plaintiffs' Motion for Summary Judgment, dated February 16, 2012, available publicly at Docket No. 324-1, as well as the Declaration of Jennifer V. Yeh in Support of Plaintiffs' Opposition to Defendants' Motions for Summary Judgment, filed herewith.  For the convenience of the Court, the exhibits attached to the Yeh Declarations have been consecutively numbered, with Exhibits attached to the Yeh Declaration filed today continuing from the numbering in the previous set of exhibits.  Where appropriate, citations to such exhibits may also include pinpoint citations to the page number(s), and paragraph or line numbers, internal to the cited document.  In some instances where individual Yeh Declaration exhibits were not paginated, page numbers have been added manually for ease of the Court's reference.  The parentheticals indicate the nature of the item cited – *e.g.*, deposition transcripts ("dep.") – or documents produced in discovery by various parties.  Thus, by way of illustration, "Yeh Ex. 1 (Titov dep.) at 200:1-10" would refer to the deposition of defendant Anton Titov, which could be found in Exhibit 1 to the Yeh Declaration, at page 200 of the transcript pages, at lines 1 through 10.  And, "Yeh Ex. 110 at 2" would refer to Exhibit 110 to the Yeh Declaration, and specifically the page of that Exhibit found at page 2 of the numbered Exhibit pages.

3.    "Pls. Mot." shall refer to Plaintiffs' Motion for Summary Judgment, dated February 17, 2012, available publicly at Docket No. 322.

4.    "Titov Mot." shall refer to defendant Anton Titov's Motion for Summary Judgment, dated February 17, 2012, available publicly at Docket No. 316.

Plaintiffs hereby provide the following Counterstatement of Material Facts in opposition to Titov's Motion for Summary Judgment.  Plaintiffs have not repeated Titov's supporting evidence, per Local Rule 56.

| | |
|---|---|
| *1.* ███████████████████████████████████ | |
| **UNDISPUTED, BUT IMMATERIAL**. | |
| *2.* ███████████████████████████████ | |
| **UNDISPUTED, BUT IMMATERIAL**. | |
| *3.* ████████████████████████████ | |
| **UNDISPUTED, BUT IMMATERIAL**. | |
| *4. Mr. Titov did not come up with the idea to found Hotfile.* | |
| **UNDISPUTED, BUT IMMATERIAL**. | |
| *5. Mr. Titov is a minority and the smallest shareholder in Hotfile.* | |
| **UNDISPUTED, BUT IMMATERIAL**. | |
| *6. The personnel who work on the operations of Hotfile* ██████████████ *do not report to Mr. Titov.* | |
| **DISPUTED, BUT IMMATERIAL AS FRAMED**. | |

**DISPUTED** insofar as one member of Hotfile's staff, ███████████ was not █████████ **IMMATERIAL** insofar as the relevant touchstone is Titov's personal participation, not the formal reporting relationship. ████████████████████ (which Titov exclusively owned and managed) and Titov provided direction to Hotfile staff.

Evidence Controverting Titov's Characterization:

- Yeh Ex. 13 at 5-7 (one member of Hotfile's staff, ███████████ was not █████████)
- SUF 21(c) (Titov is the sole owner, operator and officer of Lemuria).
- Yeh Ex. 80; ███████████████████████████████

███████████████████████ formally making Titov the direct supervisor of the ████████

████████ who act as Hotfile's staff).

- Yeh Ex. 1 (Titov dep.) at 132:15-20; ███████ ███████ (Titov admitting that he

  has "certain authority over" █████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

**Evidentiary Objection:** Citation to █████████████ deposition transcripts is hearsay

not falling within an exception. The transcripts cannot "be presented in a form that would be

admissible in evidence" in accordance with Fed. R. Civ. P. 56(c)(3) because there is no evidence

that the witnesses would travel to the United States and subject themselves to the jurisdiction of

the United States court system to provide testimony at trial. There is every reason to believe that

they would not do so, in order to avoid being served in their personal capacity for their

participation in Hotfile's infringing conduct. Indeed, Mssrs. █████████████ refused to

even set foot in the United States for purposes of mediation in this case absent a stipulation that

they would not be served with process. *See* Yeh Ex. 131. Moreover, the likely non-appearance

of ██████████████ at trial would preclude Hotfile from admitting their deposition

testimony under Fed. R. Civ. P. 32(a)(4), as their "absence" would be "procured by the party

offering the deposition," *i.e.*, defendants.

*7. Mr. Titov did not make the decision to implement the Affiliate program.*

**DISPUTED, BUT IMMATERIAL AS FRAMED.**

**DISPUTED** insofar as ████████ merely testified that the program was his "idea"; Titov admits

that the *decision* was one made jointly (██████████████ cannot make decisions

"unilaterally" any more than Titov can). **IMMATERIAL** insofar as Titov's personal

participation in the program is what is relevant and undisputed.

Evidence Controverting Titov's Characterization:

- ███████████████████████████████████████████

  ███████████████████████████

- Titov Mot. at 4-5 (Titov's motion admits that Hotfile's business model was one that "they

  decided" to adopt together).

- PSUF 22(e) (Titov was effectively involved in ratifying key decisions concerning

2

Hotfile's policymaking, including the creation and structure of its Affiliate program).

- Yeh Ex. 1 (Titov dep.) at 597:11-598:1; 601:6-602:3; 604:11-13; 605:23-606:2; 608:5-8 (any proposal put forth by one of Hotfile's shareholders would generally be approved by the others without incident, and Titov could not recall any instance in which the shareholders had disagreed over any decision concerning Hotfile's business).

- Yeh Ex. 1 (Titov dep.) at 61:9-12 ("Major decisions will generally be discussed and maybe voted, but I would say that's too formal a word for our environment.  But between the shareholders of Hotfile.  That would include me, of course.")

**Evidentiary Objection:**  Citation to ██████████████ deposition transcripts is hearsay not falling within an exception.  *See* Opp. SUF 6 *supra*.

---

*8. Mr. Titov did not design the Affiliate program's payment criteria.*

**UNDISPUTED, BUT IMMATERIAL AS FRAMED.**

What matters is not whether Titov "design[ed]" the payment criteria but rather his undisputed role in agreeing to implement it, and then participating in administering it by ██████████████ ██████

Evidence Controverting Titov's Characterization:

- Titov Mot. at 4-5 (Titov's motion admits that Hotfile's business model was one that "they decided" to adopt together).

- SUF 22(e) (Titov was effectively involved in ratifying key decisions concerning Hotfile's policymaking, including the creation and structure of its Affiliate program).

- Yeh Ex. 1 at 597:11-598:1; 601:6-602:3; 604:11-13; 605:23-606:2; 608:5-8 (any proposal put forth by one of Hotfile's shareholders would generally be approved by the others without incident, and Titov could not recall any instance in which the shareholders had disagreed over any decision concerning Hotfile's business).

**Evidentiary Objection:**  Citation to ████████ deposition transcript is hearsay not falling within an exception.  *See* Opp. SUF 6 *supra*.

*9. Mr. Titov has not implemented technical features to frustrate copyright owner enforcement efforts.*

**DISPUTED.**

Titov was responsible for a Hotfile feature that frustrated takedown notices by leaving up files that were subject to takedown notices.  Titov also failed to implement common measures for mitigating infringement, including implementing a repeat infringer policy or available content-recognition technology.

Evidence Controverting Titov's Characterization:

- SUF 22(f)(i) (as the site's developer, Titov knew of and was responsible for Hotfile's earlier practice of leaving up infringing ███████████████████████ ████████████████████████

- SUF 2 (Titov admitted ████████████████████████ to identify the users who had uploaded files that were the subject of copyright owner complaints, but did not design or implement such a system for Hotfile until after this litigation).

- SUF 16(j) (Titov did not implement fingerprinting technology to prevent infringing files from being uploaded to the site, even though it was readily available from Hotfile's founding).

*10. Mr. Titov does not control Hotfile.*

**DISPUTED, BUT IMMATERIAL AS FRAMED.**

Exclusive control over a corporation is not a legal prerequisite to personal participation or "moving force" liability – and it is undisputed that Titov controls Hotfile in combination with ██ ███████████████████████████████████████████████████████ ███████████████████████████████████████

Evidence Controverting Titov's Characterization:

- Yeh Ex. 1 (Titov dep.) at 61:9-12; 69:24-70:2; 597:11-598:1; 601:6-602:3; 604:11-13; 605:23-606:2; 608:5-8 (Titov admitting that "it's not impossible for [him] to make a decision alone"; all ████ Hotfile shareholders participate in the operation of Hotfile and make policy decisions collectively; any proposal put forth by one of Hotfile's shareholders would generally be approved by the others without incident, and Titov could

4



not recall any instance in which the shareholders had disagreed over any decision concerning Hotfile's business).

- ███████████████████████████████████████████
  ███████████████████████████████████████████
  ██████████████████████████████████████
  ████████████████████████

- SUF 21(a)(i) ████████████████████████████████
  ███████████████████████████████

- Yeh Ex. 133 (Titov holds himself out as Hotfile Corp.'s manager today, and has repeatedly signed interrogatory verifications in this litigation on behalf of the company as its "Manager").

- ███████████████████████████████████████████
  ███████████████████████████████████████████
  ████████

**Evidentiary Objection:** Citation to ████████ deposition transcript is hearsay not falling within an exception. *See* Opp. SUF 6 *supra*.

*11. Mr. Titov is not responsible for day-to-day operations of Hotfile; his area of responsibility is technological matters.*

**DISPUTED, BUT IMMATERIAL AS FRAMED.**

**DISPUTED** insofar as Titov's involvement in Hotfile's operations goes beyond technology alone. Titov's mere characterization of his involvement does not create a dispute of fact.

**IMMATERIAL** insofar as personal participation, rather than formal corporate responsibility, is touchstone for personal liability.

Evidence Controverting Titov's Characterization:

Titov is responsible for numerous aspects of Hotfile's day-to-day operations through Lemuria:

- SUF 21(c)(i) (Titov is the sole owner, operator and officer of Lemuria).
- SUF 21(c)(ii) (Lemuria provides web-hosting services to Hotfile through ██ ████████████████ "arrangement").
- SUF 21(c)(iv) (Lemuria ███████████████████████████
  ████████████████████████████

5

- ███████████████████████████████████
  ███████████████████████████████████
  ███████████████████████████████

- ███████████████████████████████████
  ███████████████████████████████████
  ████████████████████████████████
  █████████████

Titov personally manages Hotfile's Affiliate program:

- SUF 21(b)(ii) ██████████████████████████
  ███████████████████████████████████
  ███████

- SUF 21(b)(i); ████████████████████████
  ████████████████████████████████████
  ████████████████████████████████████
  ████████████████████

- SUF 22(b) █████████████████████████████
  █████████████████████████████████
  █████████████████████████

- Yeh Ex. 86 at 6 (Titov promotes and advertises the Affiliate program by posting to online forums); Yeh Ex. 1 (Titov dep.) at 77:17-78:2 (testifying to use of online screen names 'Virus' and 'Virco').

Titov is involved Hotfile's copyright and DMCA-related affairs:

- SUF 22(d)(ii) (Titov retained, and continues to manage, Hotfile's appointed DMCA agent in the United States; ████████████████████████
  █████████████████████

- ████████████████████████████████████
  ████████████████████████████████████
  ███████████████████



- █████████████████████████████████████████████
  ████████████████████

- ████████████████████████████████████████████████
  ████████████████████████████████████████████
  ████████████████████████████████████████████
  ███████████████████████████████████████
  ████████████████████████████████████████████
  ██████████████

<u>Evidentiary Objection</u>: Citation to ████████ deposition transcript is hearsay not falling within an exception.  *See* Opp. SUF 6 *supra*.

*12. Mr. Titov did not pay Hotfile's uploading users.*

**UNDISPUTED, BUT IMMATERIAL AS FRAMED.**

It is not disputed that Titov did not use his personal *funds* to pay Hotfile's uploading users, ███

███████████████████████████████████████████████████

████ is immaterial – Titov's responsibilities over the affiliate program in his role as ████████████

█████████████ conclusively show ████████████████████████████████████

for infringing uploads.

<u>Evidence Controverting Titov's Characterization</u>:

- SUF 21(b)(ii) ████████████████████████████████████
  ████████████████████████████████

- SUF 21(b)(i); ██████████████████████████████████
  ████████████████████████████████████
  ████████████████████████████████████
  ███████████████████

- SUF 22(b) █████████████████████████████████████
  ████████████████████████████████████████
  ██████████████████████████████

*13. The termination of Webazilla and founding of Lemuria were unrelated to Webazilla receiving a subpoena.*

**DISPUTED, BUT IMMATERIAL AS FRAMED.**

**DISPUTED** insofar as a finder of fact could decline to credit Titov's after-the-fact explanation for his creation of Lemuria, and draw the inference that Lemuria was created in response to one of Hotfile's previous ISPs receiving a subpoena to identify the operators of Hotfile, and another one of ████████████████████████████████████████████████████ ████████████████████████ **IMMATERIAL** insofar as Titov's participation in Hotfile's infringing conduct is established by the role Lemuria plays today (shielding Hotfile from the effect of copyright owner complaints to its ISP).

Evidence Controverting Titov's Characterization:

- SUF 21(c)(iii) (Titov does not deny that Hotfile interposed Lemuria ██████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████
- Yeh Ex. 78 (prior to formation of Lemuria, subpoena received by Webazilla, one of Hotfile's previous ISPs, demanding identification of Hotfile's operators).
- ██████████████████████████████████████ ██████████████████████████████████████ ████████████████████████
- Yeh Ex. 1 (Titov dep.) at 122:18-25; 126:12-23 (Lemuria serves no independent business purpose, as its only customer besides Hotfile receives services free of charge).

*14. Mr. Titov is a Russian citizen who has resided in Bulgaria for the last two decades.*

**UNDISPUTED FOR PURPOSES OF THIS MOTION, BUT IMMATERIAL.**

Personal jurisdiction defense has been waived, and Plaintiffs did not continue to pursue discovery on personal jurisdiction due to waiver.

*15. Mr. Titov's wife, son, mother, and brother all reside in Bulgaria, where Mr. Titov owns a home and a car and pays taxes.*

**UNDISPUTED FOR PURPOSES OF THIS MOTION, BUT IMMATERIAL.**

Personal jurisdiction defense has been waived, and Plaintiffs did not continue to pursue discovery on personal jurisdiction due to waiver.

*16. Mr. Titov has not performed work in Florida on a continuous or systematic basis.*

**DISPUTED, BUT IMMATERIAL.**

Personal jurisdiction defense has been waived, and Plaintiffs did not continue to pursue discovery on personal jurisdiction due to waiver. Titov in any event testified that he worked specifically for Hotfile from Florida.

<u>Evidence Controverting Titov's Characterization</u>:

Titov worked for Hotfile from Lemuria's Florida office. Yeh Ex. 128 (Titov dep.) at 64:6-65:17 ("I don't know, but I don't believe anybody worked, *except me*, from this office for Hotfile") (emphasis added).

*17. Mr. Titov's visits to Florida have been in his capacity as a corporate officer or director of Lemuria.*

**DISPUTED, BUT IMMATERIAL.**

Personal jurisdiction defense has been waived, and Plaintiffs did not continue to pursue discovery on personal jurisdiction due to waiver. Titov in any event testified that he worked specifically for Hotfile from Florida.

<u>Evidence Controverting Titov's Characterization</u>:

Titov worked for Hotfile from Lemuria's Florida office. Yeh Ex. 128 (Titov dep.) at 64:6-65:17 ("I don't know, but I don't believe anybody worked, *except me*, from this office for Hotfile") (emphasis added).

9

Dated: March 7, 2012                    Respectfully submitted,

                                        By: /s/ Karen L. Stetson

                                            Karen L. Stetson
                                            GRAY-ROBINSON, P.A.
                                            1221 Brickell Avenue
                                            16th Floor
                                            Miami, Fl 33131
                                            Telephone: (305) 416-6880
                                            Facsimile:  (305) 416-6887

MOTION PICTURE ASSOCIATION              JENNER & BLOCK LLP
   OF AMERICA, INC.                     Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)      Duane C. Pozza (*Pro Hac Vice*)
15301 Ventura Blvd.                     Luke C. Platzer (*Pro Hac Vice*)
Building E                              1099 New York Ave., N.W.
Sherman Oaks, CA 91403                  Suite 900
Phone:  (818) 995-6600                  Washington, DC 20001
Fax:  (818) 285-4403                    Facsimile:  (202) 639-6066

                                        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th Day of March, 2012, I served the following

documents on all counsel of record on the attached service list via their email address(es)

pursuant to the parties' service agreement:

**Plaintiffs' Counterstatement of Material Facts in Opposition to Defendant Anton
Titov's Motion for Summary Judgment**


By: /s/ _____
        Karen L. Stetson

11

**SERVICE LIST**

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-JORDAN**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and*
*Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and*
*Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and*
*Anton Titov*