# Yeh Exhibit 125

```
 1                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF FLORIDA
 2            CASE NO. 11-20427-WILLIAMS-TURNOFF
 3
 4   DISNEY ENTERPRISES, INC.,
     TWENTIETH CENTURY FOX FILM
 5   CORPORATION, UNIVERSAL CITY
     STUDIOS PRODUCTIONS LLLP,
 6   COLUMBIA PICTURES INDUSTRIES,
     INC., and WARNER BROS.
 7   ENTERTAINMENT INC.,
 8            Plaintiffs,
 9         vs.
10   HOTFILE CORP., ANTON TITOV,
     and DOES 1-10,
11
             Defendants.
12   _____
     AND RELATED CROSS-ACTION.
13   _____
14
15      HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER
16        VIDEOTAPED DEPOSITION OF BETSY ZEDEK, ESQUIRE
17            PURSUANT TO FEDERAL RULE 30(b)(6)
18                Los Angeles, California
19              Tuesday, December 13, 2011
20
21   Reported by:
     CHERYL R. KAMALSKI
22   CSR No. 7113
23   Job No. 179149
24
25
                                            Page 1
```

```
 1              UNITED STATES DISTRICT COURT
 2              SOUTHERN DISTRICT OF FLORIDA
 3            CASE NO. 11-20427-WILLIAMS-TURNOFF
 4   DISNEY ENTERPRISES, INC.,
     TWENTIETH CENTURY FOX FILM
 5   CORPORATION, UNIVERSAL CITY
     STUDIOS PRODUCTIONS LLLP,
 6   COLUMBIA PICTURES INDUSTRIES,
     INC., and WARNER BROS.
 7   ENTERTAINMENT INC.,
 8          Plaintiffs,
 9        vs.
10   HOTFILE CORP., ANTON TITOV,
     and DOES 1-10,
11
            Defendants.
12   _____
     AND RELATED CROSS-ACTION.
13   _____
14     HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER
15
16          Videotaped Deposition of BETSY ZEDEK, ESQUIRE,
17   pursuant to Federal Rule 30(b)(6), taken on behalf of
18   Defendants and Counterclaimant, at 633 West Fifth
19   Street, Suite 3600, Los Angeles, California, beginning
20   at 9:37 a.m. and ending at 5:27 p.m. on Tuesday,
21   December 13, 2011, before CHERYL R. KAMALSKI, Certified
22   Shorthand Reporter No. 7113.
23
24
25
                                              Page  2
```

```
 1    APPEARANCES:

 2

 3    For Plaintiffs:

 4          JENNER & BLOCK LLP
            BY:  DUANE POZZA

 5          Attorney at Law
            1099 New York Avenue, NW, Suite 900

 6          Washington, D.C. 20001-4412
            202.639.6000

 7

      For Defendants and Counterclaimant:

 8

            FARELLA BRAUN + MARTEL LLP

 9          BY:  JANEL THAMKUL
            Attorney at Law

10          235 Montgomery Street
            San Francisco, California 94104

11          415.954.4400

12    Also Present:

13          ELIZABETH VALENTINA

14    Videographer:

15          CHRIS JORDAN
            SARNOFF, a Veritext Company

16

17

18

19

20

21

22

23

24

25

                                    Page 3
```

1          Q    Does Fox have a special rightsholder account
2     with Hotfile?
3          A    I do not believe that Fox holds one directly as
4     in internally at Fox.
5          Q    Did Fox ever ask for a special rightsholder
6     account from Hotfile?
7               MR. POZZA:  Objection; ambiguous.
8               THE WITNESS:  I'm not sure.  I'm not aware that
9     we did.  But it may have happened in the context of this
10    litigation.
11    BY MS. THAMKUL:
12         Q    Do you know if any of Fox's vendors use
13    Hotfile's special rightsholder account?
14         A    I am aware that some of them have used it, yes.
15         Q    Which ones?

Page 77

```
 1              I, the undersigned, a Certified Shorthand

 2    Reporter of the State of California, do hereby certify:

 3              That the foregoing proceedings were taken

 4    before me at the time and place herein set forth; that

 5    any witnesses in the foregoing proceedings, prior to

 6    testifying, were duly sworn; that a record of the

 7    proceedings was made by me using machine shorthand

 8    which was thereafter transcribed under my direction;

 9    that the foregoing transcript is a true record of the

10    testimony given.

11              Further, that if the foregoing pertains to

12    the original transcript of a deposition in a Federal

13    Case, before completion of the proceedings, review of

14    the transcript [ ] was [ ] was not requested

15              I further certify I am neither financially

16    interested in the action nor a relative or employee

17    of any attorney or any party to this action.

18              IN WITNESS WHEREOF, I have this date subscribed

19    my name.

20

21    Dated: 12/22/2011

22

23              _____

                CHERYL R. KAMALSKI

24                CSR No. 7113

25
```

Page 222

# Yeh Exhibit 126

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA


DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

       Plaintiffs,

                     CASE NO.
     vs.                11-20427-WILLIAMS-TURNOFF

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

       Defendants.
_____

AND RELATED CROSS-ACTION.
_____


HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF MICHAEL BENTKOVER

Los Angeles, California

Tuesday, December 13, 2011




Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 177476A


877.955.3855

1                  UNITED STATES DISTRICT COURT

2                  SOUTHERN DISTRICT OF FLORIDA

3

4     DISNEY ENTERPRISES, INC.,
      TWENTIETH CENTURY FOX FILM
5     CORPORATION, UNIVERSAL CITY
      STUDIOS PRODUCTIONS LLLP,
6     COLUMBIA PICTURES INDUSTRIES,
      INC., and WARNER BROS.
7     ENTERTAINMENT INC.,

8            Plaintiffs,
                             CASE NO.
9        vs.                 11-20427-WILLIAMS-TURNOFF

10    HOTFILE CORP., ANTON TITOV,
      and DOES 1-10,

11

12           Defendants.
      _____
      AND RELATED CROSS-ACTION.
13    _____

14

15      HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

16           Videotaped deposition of MICHAEL BENTKOVER,

17    taken on behalf of Defendants and Counterclaimant

18    at 633 West Fifth Street, Suite 3600, Los Angeles,

19    California, beginning at 9:38 A.M. and ending at

20    12:17 P.M. on Tuesday, December 13, 2011, before

21    LORI SCINTA, RPR, Certified Shorthand Reporter No.

22    4811.

23

24

25



```
 1      APPEARANCES:

 2

 3   For Plaintiffs:

 4

          JENNER & BLOCK LLP
 5        BY:  STEVEN B. FABRIZIO
          Attorney at Law
 6        1099 New York Avenue, NW, Suite 900
          Washington, D.C. 20001-4412
 7        202.639.6000
          Email:  sfabrizio@jenner.com
 8

 9

     For Defendants and Counterclaimant:
10

11        FARELLA BRAUN + MARTEL LLP
          BY:  EVAN M. ENGSTROM
12        Attorney at Law
          235 Montgomery Street
13        San Francisco, California 94104
          415.954.4400
14        Email:  eengstrom@fbm.com

15

16

     Videographer:
17

18        VONYARN MASON
          SARNOFF COURT REPORTERS
19        20 Corporate Park, Suite 350
          Irvine, California 92606
20        877.955.3855

21

22

23

24

25
```



877.955.3855

3

MICHAEL BENTKOVER                                    12/13/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
09:54  1          MR. FABRIZIO:  You're literally just asking him
09:54  2     to read it?  You're not asking him to agree with it
09:54  3     or ask him whether --
09:54  4          MR. ENGSTROM:  Just in the record.  I want to
09:54  5     get it read into the record.
09:54  6          THE WITNESS:  "Dear Hotfile, I wanted
09:54  7               to follow-up and find out if Hotfile
09:54  8               is ready for Warner Bros. to use a
09:54  9               rapid takedown tool which you have
09:54 10               been working on establishing.
09:54 11                  "We have been sending many
09:54 12               takedown notices (including thousands
09:55 13               of infringing links) and we appreciate
09:55 14               how fast you've been removing files,
09:55 15               but unfortunately the files are
09:55 16               reposted immediately and having a
09:55 17               takedown tool would be ideal in order
09:55 18               to curb piracy."
09:55 19     BY MR. ENGSTROM:
09:55 20          Q   Did you appreciate how -- do you agree with it?
09:55 21     You appreciated how fast Hotfile was removing files?
09:55 22          A   No.
09:55 23          Q   You don't agree with the statement that you
09:55 24     made?
09:55 25          MR. FABRIZIO:  Objection.
```



MICHAEL BENTKOVER                                   12/13/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
09:55   1              THE WITNESS:  No.
09:55   2   BY MR. ENGSTROM:
09:55   3       Q   Why did you tell Hotfile that you appreciated
09:55   4   how fast they had been removing files?
09:55   5       A   I was simply being courteous.
09:55   6       Q   Okay.  Did Hotfile -- did you ever in any other
09:55   7   instance that you can -- that you're aware of indicate
09:55   8   to Hotfile that they were fast in responding to files
09:55   9   and that you were satisfied with it?
09:55  10              MR. FABRIZIO:  Objection.  Lacks foundation.
09:55  11              THE WITNESS:  I don't remember the question.
09:55  12   Please repeat it.
09:55  13   BY MR. ENGSTROM:
09:55  14       Q   Did you in any other circumstances other than
09:56  15   this instance tell Hotfile that you were appreciative of
09:56  16   how fast they had been removing files when in reality
09:56  17   you believed they were not removing files quickly?
09:56  18              MR. FABRIZIO:  Objection.  Lacks foundation and
09:56  19   compound.
09:56  20              THE WITNESS:  Yes, I believe I wrote that in a
09:56  21   few emails to them.  It was a standard response.  I was
09:56  22   being polite and courteous.
09:56  23   BY MR. ENGSTROM:
09:56  24       Q   Okay.  Do you believe that Hotfile had any
09:56  25   reason to believe that you were dissatisfied with the
```



```
10:04   1              MR. ENGSTROM:  "I just wanted to thank you

10:04   2       again for the removal tool and increasing our limit to

10:04   3       1000 per day" and "for Warner Bros.' Removals."

10:04   4              MR. FABRIZIO:  Objection.  I'm not quite sure

10:04   5       you read that right.

10:04   6              MR. ENGSTROM:  I can try again.

10:04   7              "I just wanted to thank you again for the

10:04   8       removal tool and increasing our limit to 1000 per day

10:04   9       for Warner Bros.' Removals."

10:04  10          Q   Was Warner Bros. satisfied with the SRA tool?

10:04  11              MR. FABRIZIO:  Objection.  Lacks foundation,

10:04  12       calls for speculation.

10:04  13              THE WITNESS:  No.

10:04  14       BY MR. ENGSTROM:

10:04  15          Q   Were you satisfied with the SRA tool?

10:04  16          A   No.

10:04  17          Q   Why were you not satisfied with the SRA tool?

10:04  18          A   The nature of piracy causes people to upload

10:05  19       and reupload after they're being deleted, and it still

10:05  20       wasn't enough.

10:05  21          Q   It wasn't enough to what?

10:05  22          A   Curb piracy on Hotfile.

10:05  23          Q   Okay.  Did you ever communicate to Hotfile that

10:05  24       the SRA was insufficient to curb piracy on Hotfile?

10:05  25              MR. FABRIZIO:  Lacks foundation.
```



MICHAEL BENTKOVER                                      12/13/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
10:06  1          A    Did I appreciate the tool?

10:06  2          Q    Yes.

10:06  3          A    Yes, I did.

10:06  4          Q    Why did you appreciate the tool?

10:06  5          A    Because I needed a way to take the files down

10:06  6     as fast as possible.

10:06  7          Q    Do you believe that Hotfile was cooperating

10:06  8     with you in combating piracy on the site?

10:06  9          A    No, I do not.

10:06 10               MR. FABRIZIO:  Objection.  Vague.

10:06 11     BY MR. ENGSTROM:

10:06 12          Q    You do not?

10:06 13               Why do you not believe they were cooperating

10:06 14     with you to combat piracy on the site?

10:06 15               MR. FABRIZIO:  Same objection.

10:06 16               THE WITNESS:  The piracy problem was not enough

10:06 17     just to take the files down.  Hotfile was doing nothing

10:06 18     else to stop the problem.

10:06 19     BY MR. ENGSTROM:

10:06 20          Q    Did you ever ask Hotfile to do anything else to

10:06 21     stop the problem?

10:06 22               MR. FABRIZIO:  Objection.  Lacks foundation.

10:06 23               THE WITNESS:  No, I did not.

10:06 24     BY MR. ENGSTROM:

10:06 25          Q    You did not.
```



1

2          I, the undersigned, a Certified Shorthand

3    Reporter of the State of California, do hereby certify:

4          That the foregoing proceedings were taken

5    before me at the time and place herein set forth; that

6    any witnesses in the foregoing proceedings, prior to

7    testifying, were duly sworn; that a record of the

8    proceedings was made by me using machine shorthand

9    which was thereafter transcribed under my direction;

10   that the foregoing transcript is a true record of the

11   testimony given.

12          Further, that if the foregoing pertains to

13   the original transcript of a deposition in a Federal

14   Case, before completion of the proceedings, review of

15   the transcript [ x ] was [ ] was not requested.

16          I further certify I am neither financially

17   interested in the action nor a relative or employee

18   of any attorney or party to this action.

19          IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21

22   Dated: 12-15-11

23

24                    _____
                      LORI SCINTA, RPR
25                    CSR No. 4811



# Yeh Exhibit 127

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA


DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

      Plaintiffs,

        vs.

                  CASE NO.
                  11-20427-WILLIAMS-TURNOFF

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

      Defendants.
_____

AND RELATED CROSS-ACTION.
_____


CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF DAVID P. KAPLAN, ESQUIRE

PURSUANT TO FEDERAL RULE 30(b)(6)

Los Angeles, California

Tuesday, December 13, 2011

Volume 1

Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 177476B


877.955.3855

```
 1                    UNITED STATES DISTRICT COURT

 2                    SOUTHERN DISTRICT OF FLORIDA

 3

 4    DISNEY ENTERPRISES, INC.,
      TWENTIETH CENTURY FOX FILM
 5    CORPORATION, UNIVERSAL CITY
      STUDIOS PRODUCTIONS LLLP,
 6    COLUMBIA PICTURES INDUSTRIES,
      INC., and WARNER BROS.
 7    ENTERTAINMENT INC.,

 8            Plaintiffs,
                                    CASE NO.
 9        vs.                       11-20427-WILLIAMS-TURNOFF

10    HOTFILE CORP., ANTON TITOV,
      and DOES 1-10,
11
              Defendants.
12    _____
      AND RELATED CROSS-ACTION.
13    _____

14

15        CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

16            Videotaped deposition of DAVID P. KAPLAN,

17    ESQUIRE, Volume 1, pursuant to Federal Rule 30(b)(6),

18    taken on behalf of Defendants and Counterclaimant,

19    at 633 West Fifth Street, Los Angeles, California,

20    beginning at 2:18 P.M. and ending at 4:58 P.M. on

21    Tuesday, December 13, 2011, before LORI SCINTA, RPR,

22    Certified Shorthand Reporter No. 4811.

23

24

25
```



```
 1      APPEARANCES:

 2

 3    For Plaintiffs:

 4

 5          JENNER & BLOCK LLP
            BY:  STEVEN B. FABRIZIO
 6          Attorney at Law
            1099 New York Avenue, NW, Suite 900
 7          Washington, D.C. 20001-4412
            202.639.6000
 8          Email:  sfabrizio@jenner.com

 9

10    For Defendants and Counterclaimant:

11          FARELLA BRAUN + MARTEL LLP
            BY:  EVAN M. ENGSTROM
12          Attorney at Law
            235 Montgomery Street
13          San Francisco, California 94104
            415.954.4400
14          Email:  eengstrom@fbm.com

15

16

17    Videographer:

18          VONYARN MASON
            SARNOFF COURT REPORTERS
19          20 Corporate Park, Suite 350
            Irvine, California 92606
20          877.955.3855

21

22

23

24

25
```



DAVID P. KAPLAN, ESQ.                                    12/13/2011
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
02:41   1              MR. FABRIZIO:  Objection.  Compound, overbroad
02:41   2       and calls for speculation.
02:41   3              I'm sure you have all those documents.
02:41   4              THE WITNESS:  Yeah.  I'd have to look at those
02:41   5       documents one by one and see, but I do recall that there
02:41   6       were some discussion in -- in the requesting additional
02:41   7       capacity for the takedown tool that the problem of
02:41   8       infringement on Hotfile was becoming so overwhelming
02:41   9       that the SRA tool as had been originally provided, you
02:42  10       know, was ineffective.
02:42  11              MR. ENGSTROM:  Let me mark as Exhibit 24 an
02:42  12       email that describes perhaps what you're talking about.
02:43  13              (WB Exhibit 24 was marked for
02:43  14              identification by the court reporter.)
02:43  15       BY MR. ENGSTROM:
02:43  16          Q   Do you recognize this document?
02:43  17          A   I do.
02:43  18          Q   Okay.  Do you have any reason to believe it's
02:43  19       not an authentic document?
02:43  20          A   I don't.
02:43  21          Q   Okay.  Michael Bentkover in this email dated
02:43  22       September 3rd, 2009, writes to Hotfile and says,
02:43  23              "I just wanted to thank you again for
02:43  24              The removal tool and increasing our
02:43  25              limit to" a thousand "per day for
```



**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

02:43  1            Warner Bros."

02:43  2            He then goes on to ask, "Can you

02:43  3            increase our limit to 2,000 just to be

02:43  4            on the safe side which will ensure we

02:43  5            don't have to email you for your

02:43  6            prompt action?"

02:43  7            Is he referring to this request to increase

02:43  8     files that you referred to a minute ago?

02:44  9            MR. FABRIZIO:  Objection.  Calls for

02:44 10     speculation.

02:44 11            THE WITNESS:  I'm not sure exactly other than

02:44 12     what's contained in the email.

02:44 13            The -- and reading that, my understanding was

02:44 14     that we were bumping up against the limit as originally

02:44 15     established for the SRA tool and the overflow was then

02:44 16     having to go through the old email way of communicating

02:44 17     through the abuse account.

02:44 18            And so because we had a number of big titles

02:44 19     coming up that fall, he was asking if the SRA tool could

02:44 20     have the limit increased to account for that.

02:44 21            We expected that there would be more piracy on

02:44 22     Hotfile.

02:44 23     BY MR. ENGSTROM:

02:44 24        Q   Did Hotfile ever refuse to or fail to increase

02:44 25     the quota of files that could be deleted through the SRA



1

2

3

4

5

6

7

8

9          I, DAVID P. KAPLAN, ESQUIRE, do hereby declare

10    under penalty of perjury that I have read the foregoing

11    transcript; that I have made any corrections as appear

12    noted, in ink, initialed by me, or attached hereto; that

13    my testimony as contained herein, as corrected, is true

14    and correct.

15

16

17          EXECUTED this 13th day of January,

18    20 12, at Burbank,                  , California.
                    (City)                    (State)

19

20

21

22    _____
      DAVID P. KAPLAN, ESQUIRE
23    Volume 1

24

25

DAVID P. KAPLAN, ESQ.                    12/13/2011
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1                           ERRATA SHEET

2       Pg/Ln                    Corrections

3       13/ 2   Change from: _delete 'No'_____

4               Change to: _____

5       15 / 7  Change from: _"I don't"_____

6               Change to: _'I'd'_____

7       72 / 18  Change from: _add "on" before "a"___

8               Change to: _____

9       ___/___  Change from: _____

10              Change to: _____

11      ___/___  Change from: _____

12              Change to: _____

13      ___/___  Change from: _____

14              Change to: _____

15      ___/___  Change from: _____

16              Change to: _____

17      ___/___  Change from: _____

18              Change to: _____

19      ___/___  Change from: _____

20              Change to: _____

21      ___/___  Change from: _____

22              Change to: _____

23      ___/___  Change from: _____

24              Change to: _____

25      Signature: _____  Date: 12/13/2012



877.955.3855

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

```
 1
 2            I, the undersigned, a Certified Shorthand
 3    Reporter of the State of California, do hereby certify:
 4            That the foregoing proceedings were taken
 5    before me at the time and place herein set forth; that
 6    any witnesses in the foregoing proceedings, prior to
 7    testifying, were duly sworn; that a record of the
 8    proceedings was made by me using machine shorthand
 9    which was thereafter transcribed under my direction;
10    that the foregoing transcript is a true record of the
11    testimony given.
12            Further, that if the foregoing pertains to
13    the original transcript of a deposition in a Federal
14    Case, before completion of the proceedings, review of
15    the transcript [ x ] was [ ] was not requested.
16            I further certify I am neither financially
17    interested in the action nor a relative or employee
18    of any attorney or party to this action.
19            IN WITNESS WHEREOF, I have this date
20    subscribed my name.
21
22    Dated: 12-15-11
23
24                      _____
                        LORI SCINTA, RPR
25                      CSR No. 4811
```



# Yeh Exhibit 128

Highly Confidential

Page 1

```
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2             CASE NO. 11-20427-WILLIAMS/TURNOFF
 3    - - - - - - - - - - - - - - - - - - - - - - - - - -
      DISNEY ENTERPRISES,
 4    INC., TWENTIETH CENTURY
      FOX FILM CORPORATION,
 5    UNIVERSAL CITY STUDIOS
      PRODUCTIONS LLLP,
 6    COLUMBIA PICTURES
      INDUSTRIES, INC., and
 7    WARNER BROS.
      ENTERTAINMENT, INC.,
 8
 9             Plaintiff,
10    v.
11    HOTFILE CORP., ANTON
      TITOV, and DOES 1-10,
12
13             Defendants.
14
15    HOTFILE CORP.,
16             Counterclaimant,
17    v.
18    WARNER BROS ENTERTAINMENT
      INC.,
19             Counterdefendant.
20    - - - - - - - - - - - - - - - - - - - - - - - - - -
                         VOLUME I
21          H I G H L Y   C O N F I D E N T I A L
            (Pursuant to protective order, the following
22      transcript has been designated highly confidential)
23            30(b)(6) DEPOSITION OF ANTON TITOV
                    Radisson Blu Hotel
24                    Sofia, Bulgaria
                Monday, December 5, 2011
25                 Job Number: 44174
```

Highly Confidential

Page 2

```
1                    A P P E A R A N C E S
2    ATTORNEY FOR THE PLAINTIFFS:
3              JENNER & BLOCK
               BY:  STEVEN B. FABRIZIO, ESQ.
4              1099 New York Avenue, NW
               Washington, DC  20001
5
6
7
8
     ATTORNEY FOR THE DEFENDANTS HOTFILE CORP.,
9    AND ANTON TITOV:
               FARELLA, BRAUN & MARTEL
10             BY:  RODERICK M. THOMPSON, ESQ.
               235 Montgomery Street
11             San Francisco, California  94104
12
13
               BOSTON LAW GROUP
14             VALENTIN GURVITS
               825 Beacon Street
15             Newton Center, MA 02459
16
17
18
19
20
21
22
23
24
25
```

Highly Confidential

Page 3

1    Also present:

2    Court reporter:

3            Fiona Farson

             TSG Reporting

4

5    Videographer:

6            Simon Rutson

             TSG Reporting

7

8    Interpreter:

9            Assist. Prof. Boris Naimushin, Ph.D.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Highly Confidential

Page 64

6    Q.   Okay.  Does Lemuria have a physical office?

7    A.   Yes, it does.

8    Q.   And where is that?

9    A.   In Fort Lauderdale, Florida.

10   Q.   What is the address?

11   A.   110 East Broward Boulevard, suite number 1736.

12   Q.   1736?

13   A.   1736, correct.

14   Q.   And you said "Broward"; is that B-R-O-W-A-R-D?

15   A.   Yes, I believe so.

16   Q.   Okay.  And is that address an office, or is that

17        a mailbox service?

18   A.   It is an office.

19   Q.   Okay.  Have you ever visited that office?

20   A.   Yes, I did.

21   Q.   Does anybody currently work out of that office?

22   A.   Currently not.

23   Q.   Can you repeat your answer?

24   A.   Currently not.

25   Q.   Has anyone ever worked out of that office?

Highly Confidential

Page 65

1    MR. THOMPSON:  Objection, vague.

2    A.  "Ever" is a big time.  So I visited the office;

3        I performed some work inside it.  So as for me, yes.

4    BY MR. FABRIZIO:

5    Q.  Okay, let me ask it this way:  Other than you

6        periodically visiting the office, has anyone ever worked

7        from Lemuria's office on 110 East Broward Boulevard?

8    A.  I don't actually know.

9    Q.  You don't know, or no?

10   A.  I don't know, but I don't believe anybody worked, except

11       me, from this office for Hotfile.

12   Q.  Approximately how many days have you spent working out

13       of that office?

14   A.  I don't know.

15   Q.  More than ten?

16   MR. THOMPSON:  Objection.  Calls for speculation.

17   A.  It could be ten, but it's kind of hard decision.  Most

Highly Confidential

Page 188

1                    HIGHLY CONFIDENTIAL
                  CERTIFICATE OF DEPONENT
2

3

    I, ANTON TITOV, hereby certify that I have read the
4  foregoing pages of my deposition of testimony taken in these
    proceedings on Monday, December 5, 2011, and, with the
5  exception of the changes listed on the next page and/or
    corrections, if any, find them to be a true and accurate
6  transcription thereof.

7

8

9

10

    Signed:  ....................................
11

    Name:   ANTON TITOV
12

    Date:   1/29/2012 ........................
13

14

15

16

17

18

19

20

21

22

23

24

25

TSG Reporting - Worldwide      800-702-9580

**REDACTED**

Highly Confidential

Page 189

```
 1              HIGHLY CONFIDENTIAL
             CERTIFICATE OF COURT REPORTER
 2

 3

    I, Fiona Farson, with TSG Reporting, hereby certify that the
 4  testimony of the witness Anton Titov in the foregoing
    transcript, taken on Monday, December 5, 2011 was reported
 5  by me in machine shorthand and was thereafter transcribed by
    me; and that the foregoing transcript is a true and accurate
 6  verbatim record of the said testimony.

 7

    I further certify that I am not a relative, employee,
 8  counsel or financially involved with any of the parties to
    the within cause, nor am I an employee or relative of any
 9  counsel for the parties, nor am I in any way interested in
    the outcome of the within cause.
10

11

12

13

14

    Signed:  ........................
15

    Fiona Farson
16

    Dated:   December 15th, 2011
17

18

19

20

21

22

23

24

25
```

Highly Confidential

Page 191

```
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2            CASE NO. 11-20427-WILLIAMS/TURNOFF
 3   - - - - - - - - - - - - - - - - - - - - - - - - -
     DISNEY ENTERPRISES,
 4   INC., TWENTIETH CENTURY
     FOX FILM CORPORATION,
 5   UNIVERSAL CITY STUDIOS
     PRODUCTIONS LLLP,
 6   COLUMBIA PICTURES
     INDUSTRIES, INC., and
 7   WARNER BROS.
     ENTERTAINMENT, INC.,
 8
 9            Plaintiff,
10   v.
11   HOTFILE CORP., ANTON
     TITOV, and DOES 1-10,
12
13            Defendants.
14
     HOTFILE CORP.,
15
              Counterclaimant,
16
     v.
17
     WARNER BROS ENTERTAINMENT
18   INC.,
              Counterdefendant.
19
     - - - - - - - - - - - - - - - - - - - - - - - - -
20                    VOLUME II
          H I G H L Y   C O N F I D E N T I A L
21      (Pursuant to protective order, the following
        transcript has been designated highly confidential)
22
             30(b)(6) DEPOSITION OF ANTON TITOV
23                 Radisson Blu Hotel
                    Sofia, Bulgaria
24             Tuesday, December 6, 2011
                    AT:  9:10 a.m.
25                 Job No: 44175
```

Highly Confidential

Page 192

1                     A P P E A R A N C E S

2       ATTORNEY FOR THE PLAINTIFFS:

3                   JENNER & BLOCK
                    BY:  STEVEN B. FABRIZIO, ESQ.
4                   1099 New York Avenue, NW

5                   Washington, DC  20001

6

7

8

        ATTORNEY FOR THE DEFENDANTS HOTFILE CORP.,
9       AND ANTON TITOV:

                    FARELLA, BRAUN & MARTEL
10                  BY:  RODERICK M. THOMPSON, ESQ.
                    235 Montgomery Street
11                  San Francisco, California  94104

12

13                  BOSTON LAW GROUP
                    VALENTIN GURVITS
14                  825 Beacon Street
                    Newton Center, MA 02459

15

16

17

18

19

20

21

22

23

24

25

Highly Confidential

Page 193

1    Also present:

2    Court reporter:

3            Fiona Farson

             TSG Reporting

4

5    Videographer:

6            Simon Rutson

             TSG Reporting

7

8    Interpreter:

9            Assist. Prof. Boris Naimushin, Ph.D.

10

11   Technical expert:

12           Kelly Truelove

13

14

15

16

17

18

19

20

21

22

23

24

25

Highly Confidential

Page 271



9   Q.   In what ways has Hotfile attempted to cooperate with

10       Warner and the other studios?

11   A.   By responding expeditiously to takedown notices,

12       providing SRA tool to Warner and Dtecnet, who is agent

13       for -- I believe other studios; I'm not sure.

14               (Reporter clarification.)

15   A.   It's an agent for other studios.  There might be others,

16       but that's what I can think of.

17   BY MR. FABRIZIO:

18   Q.   Well, can you think of any other way in which Hotfile

19       attempted to cooperate with Warner and the other

20       studios?

21   A.   I don't know.  That's what I can think of now.

**REDACTED**

# Yeh Exhibit 129

**REDACTED**