UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-20427-Civ (WILLIAMS/TURNOFF)

DISNEY ENTERPRISES, INC., TWENTIETH
CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS
LLLP, COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS. ENTERTAINMENT
INC.,

       Plaintiffs,

vs.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

       Defendants.
_____/

HOTFILE CORP.,

       Counterplaintiff,

vs.

WARNER BROS. ENTERTAINMENT INC.,

       Counterdefendant.
_____/

### REPLY OF GOOGLE INC. TO PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Pursuant to Local Rule 7.1(c), Google Inc. ("Google") submits this Reply to Plaintiffs' Opposition to Google's motion for leave to file an *amicus curiae* brief in this case. (Docket No. 372). Google's proposed *amicus* brief seeks to aid the Court by addressing important issues of law and policy not addressed by the parties in their summary judgment pleadings. Google's submission does just what *amicus* briefs are supposed to do, and Plaintiffs offer no valid reason for rejecting it out of hand. Therefore, as explained below and in Google's opening motion, Google respectfully requests that the Court allow the filing of Google's proposed brief.

1

## ARGUMENT

For all the rhetoric in Plaintiffs' Opposition, they fail to respond to or rebut the points made in Google's original motion for leave. Instead, Plaintiffs make a variety of arguments that ignore the actual brief that Google proposes to file and that are at odds with the standards for allowing *amicus* participation in cases of broad public importance like this one.

Trumpeting Google's (necessarily) limited knowledge of the factual record (Pls.' Mot. in Opp. at 2), Plaintiffs say that "Hotfile's counsel is perfectly capable of presenting all the arguments relevant to summary judgment." (*Id*. at 3). But that misunderstands the role of an *amicus* and the purpose of Google's proposed brief. As then-Judge Alito has explained:

> Even when a party is very well represented, an amicus may provide important assistance to the court. "Some amicus briefs collect background or factual references that merit judicial notice. Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group."

*Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (quoting Luther T. Munford, *When Does the Curiae Need An Amicus*?, 1 J.App. Prac. & Process 279 (1999)). That is exactly what Google proposes to do. As spelled out in the brief itself, Google's *amicus* brief offers a broader perspective on the legal and policy issues raised by this case. Google is an entity with experience not possessed by any of the parties, and it seeks to explain the impact of a potential holding to an industry in a way that the parties have not even attempted to do.

Google's lack of access to the full summary-judgment record underscores that it is not acting (and could not act) as a surrogate for Defendants, and is not simply duplicating their arguments. Indeed, Google's brief expressly *disclaims* any interest in persuading the court to rule one way or another on the parties' cross-motions for summary judgment. The brief instead tries to highlight the importance of the DMCA safe harbors and the broad consensus that has developed among courts called upon to apply those provisions. To that end, Google makes any number of arguments about the DMCA's background, purpose, and proper interpretation that are nowhere to be found in any of the parties' submissions to this Court. In short, far from acting as

a partisan for Defendants or in service of its own narrow self-interest (Pls.' Mot. in Opp. at 1-2), Google's aim in seeking to participate in this case is to underscore the importance of the Court's decision to a wide array of legitimate and socially beneficial Internet services, and to the overall climate of free expression online. *Cf. Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus., State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (describing "the classic role of *amicus curiae*" as "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration").

Google's presentation of those points is clearly distinct from the parties' more fact-intensive and self-focused summary judgment pleadings. To the extent that Google's legal arguments at times resemble those made by Defendants (Pls.' Mot. in Opp. at 2), that is indeed "unsurprising" (*id.*), as in those instances both Google and Defendants have faithfully described the state of the law. If plaintiffs are somehow "prejudiced" (*id.*) by this consistency, that is attributable not to some conspiracy between Google and Hotfile,[1] but instead to the fact that Plaintiffs' legal positions are at odds with the DMCA and its case-law. It is telling in that regard that Plaintiffs' Opposition does nothing to refute the actual legal and policy arguments in Google's proposed brief. Rather than oppose Google's arguments on the merits, Plaintiffs try to silence Google. But the fact that Plaintiffs may not like what Google has to say, or that Google's analysis may make it harder for Plaintiffs to prevail, is no reason for this Court to shut its ears.

Plaintiffs assert that "Google is hardly a dispassionate party on these issues" (Pls.' Mot. in Opp. at 1), but being dispassionate is not prerequisite to filing an *amicus* brief. The

---

[1] Plaintiffs point out that some of the lawyers representing Defendants happen to represent Google in two cases pending in the Eastern District of Texas, but their characterization of those cases as "infringement-related" (Pls.' Mot. in Opp. at 2) glosses over the fact that those are both *patent*-infringement cases, which have nothing to do with copyright law, the DMCA, or any of the issues raised in this case. *See E-Micro Corp. v. Google Inc.*, No. 11-cv-465-LED (E.D. Tex.); *Purple Leaf LLC v. Google Inc.*, No. 11-cv-355-LED (E.D. Tex.). That representation has no bearing on the propriety of Google filing an *amicus* brief here. Equally baseless is Plaintiffs' suggestion that Defendants' counsel somehow ghostwrote Google's brief in an effort to circumvent the Court's page limitations. The first time Defendants or their lawyers ever saw Google's *amicus* brief was when it was filed.

description of an *amicus curiae* as an "impartial individual" "became outdated long ago." *Neonatology Assocs.*, 293 F.3d at 131 (Alito, J.) (observing that the "argument that an *amicus* must be 'impartial' is difficult to square with th[e] requirement" of FRAP 29 that an *amicus* must have an "interest" in the case); *see also Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) ("[T]here is no rule that *amici* must be totally disinterested."). Plaintiffs and their entertainment-industry colleagues know that well, as they are passionately interested in these issues, yet they often ask for and receive permission to participate as *amici curiae*—including in DMCA cases (like *Viacom v. YouTube*) in which Google is a party.[2] For the movie-studio Plaintiffs to argue here that Google should not be permitted to serve as an *amicus* because it is not "dispassionate" is inconsistent to say the least. It also ignores that Google's *amicus* briefs are routinely accepted by courts across the country.[3]

Plaintiffs note that one court in the Southern District of New York recently declined to accept Google's proposed *amicus* brief in a copyright case. (Pls.' Mot. in Opp. at 3). That is of little moment here. The Southern District of New York has extensive experience in similar

---

[2] *See* Google Mot. for Leave at 3; *see also, e.g.*, Br. of *Amici Curiae* the Recording Industry Association of America et al. in Support of Plaintiffs-Appellants' Appeal Seeking Reversal of the District Court's Orders, *UMG Recordings, Inc. v. Veoh Networks, Inc.*, No. 09-56777 (9th Cir. Apr. 27, 2010) (*amicus* brief filed by NBC Universal, Inc.); Br. of *Amicus Curiae* Motion Picture Association of America, Inc. in Support of Plaintiff-Appellee, *Salinger v. Colting*, No. 09-2878-cv (2d Cir. Aug. 22, 2009) (entertainment industry association *amicus* brief addressing scope of fair-use defense).

[3] *See, e.g.*, Br. for Google Inc. as *Amicus Curiae* in Support of Petitioners, *Golan v. Holder*, No. 10-545 (S. Ct. June 21, 2011); Br. of *Amicus Curiae* Google Inc. in Support of Petitioners, *Global-Tech Appliances, Inc. v. SEB S.A.*, No. 10-6 (S. Ct. Dec. 6, 2010); Br. of eBay Inc., et al. as *Amici Curiae* in Support of Petitioner, *Costco Wholesale Corp. v. Omega S.A.*, No. 08-1423 (S. Ct. June 17, 2009) (Google on brief); Br. of *Amicus Curiae* Google Inc. in Support of Appellees Center for Intercultural Organizing and Kayse Jama, *Righthaven LLC v. Ctr. for Intercultural Organizing*, No. 11-16358 (9th Cir. Jan. 13, 2012); Br. of *Amici Curiae* Google Inc. and Facebook, Inc. in Support of Neither Party, *Flava Works, Inc. v. Gunter*, No. 11-3190 (7th Cir. Nov. 30, 2011); Br. of *Amicus Curiae* Google Inc. in Support of Neither Party, *Cariou v. Prince*, No. 11-1197-cv (2d Cir. Nov. 2, 2011); Br. of Google Inc. as *Amicus Curiae* in Support of Affirmance, *Columbia Pictures Indus., Inc. v. Fung*, No. 10-55946 (9th Cir. Feb. 8, 2011); Br. of *Amicus Curiae* Google Inc. in Support of Defendants, *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07-cv-9931-WHP-FM (S.D.N.Y. Jan. 3, 2011).

cases.  *See, e.g.*, *Wolk v. Kodak Imaging Network, Inc.*, __ F. Supp. 2d __, 2012 WL 11270 (S.D.N.Y. Jan. 3, 2012); *Capitol Records, Inc v. MP3tunes, LLC*, ___ F. Supp. 2d ___, 2011 WL 5104616 (S.D.N.Y. Oct. 25, 2011); *Viacom Int'l Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514 (S.D.N.Y. 2010).  By contrast, DMCA safe harbor issues are relatively novel in this Court and in the Eleventh Circuit.  That is why Google's proposed brief is particularly appropriate in this case: it provides guidance from a perspective not offered by the parties to aid the Court as it considers legal issues that, while perhaps unfamiliar, are crucial to the continued success of open communication and innovation on the Internet.

## CONCLUSION

For these reasons, and those given in Google's opening motion, Google respectfully requests that the Court allow the filing of Google's proposed *amicus curiae* brief.

Dated:  March 21, 2012                                Respectfully submitted,

                                                                            */s/ Jane W. Moscowitz*
JANE W. MOSCOWITZ
Fla. Bar No. 586498
jmoscowitz@moscowitz.com
MOSCOWITZ & MOSCOWITZ, P.A.
1111 Brickell Ave. # 2050
Miami, FL 33131
Telephone:  (305) 379-8300
Facsimile :  (305) 333-7099

Counsel for *Amicus Curiae* Google Inc.

**Of Counsel**

David H. Kramer
dkramer@wsgr.com
Maura L. Rees
mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

Brian M. Willen (*pro hac vice pending*)
bwillen@wsgr.com

```
```
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

# CERTIFICATE OF SERVICE

**Disney Enterprises, Inc., *et al.* v. Hotfile Corp., *et al.*
Case No. 11-20427-Civ (WILLIAMS/TURNOFF)**

I HEREBY CERTIFY that a true and correct copy of the foregoing REPLY OF GOOGLE INC. TO PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF was served by the Court's ECF system on March 21, 2012, on all counsel or parties of record on the service list.

Dated: March 21, 2012

                                          */s/ Jane W. Moscowitz*
                                          JANE W. MOSCOWITZ
                                          Fla. Bar No. 586498
                                          jmoscowitz@moscowitz.com
                                          MOSCOWITZ & MOSCOWITZ, P.A.
                                          1111 Brickell Ave. # 2050
                                          Miami, FL 33131
                                          Telephone:  (305) 379-8300
                                          Facsimile :  (305) 333-7099

                                          Counsel for *Amicus Curiae* Google Inc.

**Disney Enterprises, Inc., *et al.* v. Hotfile Corp., *et al.*
Case No. 11-20427-Civ (WILLIAMS/TURNOFF)**

### SERVICE LIST

Steven B. Fabrizio
Email: sfabrizio@jenner.com
Luke C. Platzer
Email: lplatzer@jenner.com
Duane C. Pozza
Email: dpozza@jenner.com
Jennifer V. Yeh
Email: jyeh@jenner.com
JENNER & BLOCK
1099 New York Avenue, N.W., Suite 900
Suite 900
Washington, DC
Tel.: 202-639-6094

Karen R. Thorland
Email: Karen_Thorland@mpaa.org
Senior Content Protection Counsel
MOTION PICTURE ASSOCIATION OF
AMERICA, INC.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA
Tel.: 818-935-5812

Karen Linda Stetson
Email: karen.stetson@gray-robinson.com
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Tel.: 305-416-6880
Fax: 305-416-6887

*Attorneys for Plaintiffs/Counterdefendants
Disney Enterprises, Inc., Twentieth Century Fox
Film Corp., Universal City Studios Productions
LLLP, Columbia Pictures Industries, Inc.,
and Warner Bros. Entertainment Inc.*

Anthony P. Schoenberg
Email: tschoenberg@fbm.com
Deepak Gupta
Email: dgupta@fbm.com
Janel Thamkul
Email: jthamkul@fbm.com
N. Andrew Leibnitz
Email: aleibnitz@fbm.com
Roderick M. Thompson
Email: rthompson@fbm.com
FARELLA BRAUN & MARTEL, LLP
235 Montgomery Street
17th Floor
San Francisco, CA
Tel.: 415-954-4400

Valentin Gurvits
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel.: 617-928-1804

Janet T. Munn
Email: jmunn@rascoklock.com
RASCO KLOCK REININGER PEREZ
ESQUENAZI VIGIL & NIETO
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Tel.: 305-476-7101
Fax: 305-476-7102

*Attorneys for Defendants/Counterplaintiffs
Hotfile Corp., Anton Titov, Does 1-10,
and Lemuria Communications, Inc.*