Sealed

# EXHIBIT B

Sealed

**Leibnitz, Andrew (21) x4932**

| | |
|---|---|
| From: | Thompson, Rod (27) x4445 |
| Sent: | Saturday, December 03, 2011 10:03 AM |
| To: | Fabrizio, Steven B |
| Cc: | Schoenberg, Tony (28) x4963; Leibnitz, Andrew (21) x4932; Yeh, Jennifer V.; Platzer, Luke C |
| Subject: | RE: Hotfile - Bulgaria |

Steve, I'm just back to my hotel (and internet access.)

We will agree that Mr. Titov's testimony can be "commingled" and that he will be deposed in all three of his capacities simultaneously, with the expectation that this will significantly shorten the overall length of the deposition and avoid the risk that you would ask questions about the same subject more than once. I also believe that with commingling there will be no reasonable justification to go more than three days in total, and I understand that you will strive for that result (without committing to it).

Given the foregoing, there is no reason to debate about Hotfile's ability to proceed with the depositions on the dates you noticed and relied on in arguing (successfully) to get four days. If you had noticed the Rule 30b6 first, and deposed Mr. Titov as the designee, you would have been entitled to ask all of your questions—individual and corporate—thereby eliminating the premise for your "one more day argument." For the record you never suggesting flipping the order until after the Court ruled, you can be sure I would have told the Court about it if you had. But again the issue is moot.

With respect to the Rule 30b6 notices, Mr. Titov will be the Hotfile Corp. designee on all topics. To assist in your preparation (and efficient examination), please be aware, however, that Mr. Titov has and will consult on the following topics of the 50 Rule 30b6 with Messrs. Stoyanov (19, 22, 28, 41, 43, 44 and 45) and Vangelov (12, 24, 34, 43 and 45) who have better knowledge than Mr. Titov on some aspects of the subjects listed. These designations are subject to our objections, served yesterday.

Safe Travels.

Rod

---

**From:** Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
**Sent:** Saturday, December 03, 2011 7:07 AM
**To:** Thompson, Rod (27) x4445
**Cc:** Schoenberg, Tony (28) x4963; Leibnitz, Andrew (21) x4932; Yeh, Jennifer V.
**Subject:** RE: Hotfile - Bulgaria

Rod – Can we please have your answer on comingling and, barring comingling, the ordering of the depositions. We need to get on flights soon.

1

On the ordering, I cannot think of any reason (other than deliberate obstruction) to refuse the ordering that we have proposed. Throughout this case, the dates in depo notices have been considered placeholders, not written in stone dates. I also have been telling you, even before the hearing with the Court, that I wanted to conduct Mr. Titov's individual deposition last. You never even suggested any opposition. How can you wait until it is too late to get a ruling from the Court to now announce that defendants will not accommodate the ordering we've requested.

Having gone through my preliminary preparation, it is clear that much of what I need to ask Mr. Titov uses as a foundation the examination of Hotfile. It makes no sense to start with Mr. Titov. It will be highly wasteful of time. And it all but guarantees that we will need more than one day to complete Mr. Titov – because of the foundational questioning – additional time we would not otherwise need.

Please let us know asap. Thanks.

SBF

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Friday, December 02, 2011 4:45 PM
**To:** Fabrizio, Steven B
**Cc:** TSchoenberg@fbm.com; ALeibnitz@fbm.com; Yeh, Jennifer V.
**Subject:** RE: Hotfile - Bulgaria

Steve, the weather in Sofia is not bad—high in the low 50s and probably in the 20s right now (11:45 p.m.) First, I did get your email (and read it just now).

Second, while it is fine to send us potential exhibits in advance, especially HF produced documents that you have truncated, that was not our offer. We proposed, and Judge Turnoff encouraged you, to provide translations of documents in advance. That is where the real time saving can be achieved. And if you do show Mr. Titov (or the other Hotfile Witnesses) a translation of an HF produced document, please be sure to have the HF produced document with the translation for the witnesses reference.

Third, we are still considering your "commingling" proposal. Even without your cooperation on translations it may still make sense. Can you agree—as I requested—to make every effort to finish in three days (and that you will plan to finish absent surprises) if we agree to commingling? Also, as to the alternative choice, we would proceed on four days per the deposition notices. Plaintiffs noticed (and the judge allowed) four days in the following order Titov individual (12/5), Warner counterclaim (12/6) and Rule 30b6 (12/7-8). I will be meeting with my client tomorrow so please let

2

me have your latest proposal. I plan to let you know by the end of the day on our decision on commingling as well as what Rule 30b6 topics (if any) will be handled by witnesses other than Titov.

Fourth, no, we do not have an agreement on authentication. Literally millions of documents were produced by Hotfile, many emails written by others and some deliberately purporting to be something they were not (e.g. a bona fide DMCA notice). So we cannot have a blanket stipulation. On the other hand, I suspect that there will not be an authentication dispute about the documents you care about. Give us the documents (or a list) and we can see.

Need to catch up on my sleep (and excuse the typos.)

Rod

P.S. Thanks for copying Tony and Andy. My response time will be slower in the days ahead.

---

**From:** Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
**Sent:** Friday, December 02, 2011 11:55 AM
**To:** Thompson, Rod (27) x4445
**Cc:** Schoenberg, Tony (28) x4963; Leibnitz, Andrew (21) x4932; Yeh, Jennifer V.
**Subject:** RE: Hotfile - Bulgaria

Rod – How's the weather in Sofia?

We decided to take you up on your offer to send at least the attached document. It is a document regarding users terminated by Hotfile. This is only an excerpt (it starts at the beginning, but ends with the filing of the complaint, before the mass terminations, so the full document would go on for many more pages). We want to confirm with Hotfile that the users/entries we've highlighted in yellow represent the only users Hotfile terminated, from inception of Hotfile through the filing of the complaint in this action, for reasons related to copyright infringement. If Mr. Titov could review the document in advance, that would help save time at the deposition.

If and as we come across other documents where we believe sending them to you in advance will materially expedited the deposition, without unduly encroaching on work product, we will forward them. I'd appreciate your replying to let me know you got this.

Additionally, please let me know today whether Hotfile plans to comingle the Hotfile and Titov depositions. Having gone through some preparation, I can tell you that I believe that will save time and, while we cannot agree to a hard deadline shorter than

3

the four days ordered, I believe there is a reasonable likelihood that doing so would enable us to finish in less than four days (whether that is 3.5 days or 3 days I could not say). But if we are going to realize the time savings I need to know in the next few hours so that I can effectively merge outlines.

As to your other questions, the translator is certified to translate both Russian and Bulgarian, and the court reporter will have real time hook ups.

Regarding the below discussion, can we consider that with this exchange of emails we have a stipulation that the documents produced by each party are authentic and neither side will challenge the authenticity of documents it has produced in this action? Please confirm.

As to the business records issues, I don't see how either side could fairly argue that the datasets it produced, including the database of Hotfile's communications with users, do not constitute "[r]ecords of regularly conducted activity" under FRE 803(6), which, in relevant part, is defined as "[a] report, record, or data compilation, in any form, of acts [or] events ..., made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the ... report, record or data compilation ... unless the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness."

As I said, this stipulation is intended to be mutual and both sides produced datasets that are fairly characterized as "[r]ecords of regularly conducted activity." So please give this additional thought. No one wants to take up deposition time with evidentiary formalities where a reasonable stipulation could have avoided the need for document-by-document testimony.

Thanks.

SBF

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Wednesday, November 30, 2011 11:30 PM
**To:** Fabrizio, Steven B
**Cc:** Platzer, Luke C; TSchoenberg@fbm.com; ALeibnitz@fbm.com
**Subject:** RE: Hotfile - Bulgaria

Steve we will consider #1. Don't see how we could agree to #2. From now on please copy Tony, Andy and me on all emails. As you know I will be difficult to reach—am about to board my flight.

4

**From:** Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
**Sent:** Wednesday, November 30, 2011 6:05 PM
**To:** Thompson, Rod (27) x4445
**Cc:** Platzer, Luke C
**Subject:** RE: Hotfile - Bulgaria

Rod – Will defendants stipulate that:

1. All documents and data they produced in this litigation is authentic; and
2. All of the datasets, including the user email database, constitute business records under the Federal Rules of Evidence.

We'll obviously stipulate to the same.

This would help streamline all the depositions.

Please advise and we'll send over a draft stip.

SBF

---

**From:** Thompson, Rod (27) x4445 [mailto:RThompson@fbm.com]
**Sent:** Wednesday, November 30, 2011 6:43 PM
**To:** Fabrizio, Steven B
**Subject:** Re: Hotfile - Bulgaria

Call if you'd like. 4155091874

Rod Thompson
Sent from my iPhone

On Nov 30, 2011, at 3:15 PM, "Fabrizio, Steven B" <SFabrizio@jenner.com> wrote:

> Now I feel like you saying a call would probably work better for this than email. But I understand the rush of getting ready to leave.
>
> You have to know that we cannot agree to less than four days. However, if something will streamline, then we should do it and I will proceed as quickly as possible to be done earlier. That works for everyone. As an aside, although relevant, you do not get to cut off questioning the way you suggest you plan to do below. As an individual, we can ask Titov whatever we like. I have said the issues are largely distinct, and they are. But we are also permitted to ask Titov what he knows as a

5

percipient witness. Commingling there would save time. The same holds for WB's counterclaim deposition, although there really is almost no overlap at all so the issue is just not going to arise.

So think about whether you want to comingle the Hotfile and Titov depositions on non-counterclaim issues. That is likely to expedite the deposition, but we're not in a position to renegotiate the court's order on the outer limit. My guess is that, at a minimum, it would avoid any issues as to the 7 hour limit.

On housekeeping:

1. Thanks for the heads-up. We were planning Russian since we thought that was his first and most commonly spoken language. We'll try to switch to a Bulgarian translator.
2. We will certainly tell the reporter that you want real time.

SBF

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Wednesday, November 30, 2011 6:02 PM
**To:** Fabrizio, Steven B
**Cc:** ALeibnitz@fbm.com; Platzer, Luke C
**Subject:** RE: Hotfile - Bulgaria

Steve, I'll be en route to Sofia tomorrow.

As to streamlining, "commingling" the days of deposition would save the most time. It makes little sense for you to take separate 9 a.m.-6 p.m. days of deposition for 1) Anton as individual (where I will not allow 30b6 topics), 2) Counterclaim 30b6 (where I will not allow other topics) and 3) up to two days as a Rule 30b6 (I will not know who will cover which topics until next Monday). Why don't we agree in advance to a three day outside limit in exchange for comingling over three days? That would also give you an incentive to provide translations in advance as much as possible, as I think you recognize that will speed things up considerably.

6

Also a few housekeeping issues.

1.   If you do bring a translator for Anton, Bulgarian makes more sense since most of the documents that are not in English are in Bulgarian and Anton speaks Bulgarian more often than Russian.

2.   Please have the reporter equipped with Real Time.

Please let me know ASAP as I leave for Bulgaria shortly. (I should have email in Bulgaria and I think you know the cell phone is 415.509.1874.)

Rod

---

**From:** Fabrizio, Steven B [mailto:SFabrizio@jenner.com]
**Sent:** Wednesday, November 30, 2011 2:36 PM
**To:** Thompson, Rod (27) x4445
**Cc:** Leibnitz, Andrew (21) x4932; Platzer, Luke C
**Subject:** Hotfile - Bulgaria

I am around tomorrow if you want to talk through streamlining possibilities. I have no intention of staying in Bulgaria one minute longer than I need to and if I can finish the depositions in 3 or 3.5 days, nothing would make me happier. In particular, what is your thought about having Titov sit as the corporate designee and individually at the same time. How do you see that working. Also, when will you know if someone other than Titov will sit on some of the topics.

SBF

---

**Steven B. Fabrizio**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6040
Fax (202) 661-4823
SFabrizio@jenner.com
www.jenner.com

7

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP