# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

## PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. (collectively, "Plaintiffs") request that Hotfile Corp. and Anton Titov (collectively, "Defendants") produce for inspection and copying, or cause to be copied, the documents described below. Defendants shall make such production within thirty (30) days after the service of these requests, at the offices of Jenner & Block LLP, 1099 New York Avenue NW, Suite 900, Washington, D.C. 20001, c/o Duane C. Pozza, in accordance with the Federal Rules of Civil Procedure, and in compliance with the Definitions and Instructions set forth below.

## DEFINITIONS AND INSTRUCTIONS

1. The words "you," "yours," "yourselves," and "Defendants" means Anton Titov and Hotfile Corp., and includes (i) any directors, officers, accountants, investigators, attorneys, employees, agents, representatives or other persons acting, authorized to act, or purporting to act, on behalf of Hotfile Corp. or Anton Titov; (ii) all of Hotfile Corp.'s affiliates, divisions, units, predecessors-in-interest, successors-in-interest, subsidiaries, parent corporations, and assigns; (iii) any other person or entity otherwise subject to Hotfile Corp.'s or Anton Titov's control, who controls Hotfile Corp., or is under common control with Hotfile Corp.

2. The terms "Hotfile" and "Hotfile Website" mean the website accessible at www.hotfile.com and hotfile.com and encompasses all servers, software, and databases operated as part of the website.

3. The term "Hotfile Entity" means Hotfile Corp., Hotfile, S.A., and Hotfile, Ltd., as well as any entity involved with or that you claim is involved with the operation of the Hotfile Website, as well as any entity controlled, operated, affiliated with, or owned by any Defendant, in whole or in part, that performs or has performed any services related to the Hotfile Website, and shall further include principals, executives, officers, directors, employees, agents, representatives, or shareholders of such entity.

4. The term "Lemuria" means Lemuria Communications Inc. ("Lemuria"), including any principals, executives, officers, directors, employees, agents, representatives, or shareholders of Lemuria, all of Lemuria's affiliates, divisions, units, predecessors-in-interest, successors-in-interest, subsidiaries, parent corporations, and assigns, and any other person otherwise understood by you to be subject to Lemuria's control, who controls Lemuria, or is under common control with Lemuria.

5. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation."

6. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. The word "document" shall have the meaning of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 24(a)(1)(A).

8. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

10. The words "pertain to" or "pertaining to" mean relates to, refers to, regarding, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

11. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

12. The word "identify," when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the

document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

13.     The word "identify," when used in reference to a natural person, means and includes the person's full name, position and/or title, and present contact information. Stating that a person can be contacted through counsel is not sufficient. If the person is a Hotfile user, also state the person's account name and user ID.

14.     The term "Hotfile user" means any person who has directed his or her Internet browser to the Hotfile Website or otherwise accessed the Hotfile Website, including any person who has registered with the Hotfile website, any person who has at any time opened a "Premium" account with the Hotfile website, and any person who has at any time been a participant in any of the Hotfile Website's "Affiliate" programs.

15.     The term "Content File" means any electronic file uploaded to, stored on and/or downloaded from the Hotfile Website by any Hotfile user at any time.

16.     The term "Affiliate programs" means all offers, programs or practices whereby Hotfile users receive compensation from any Defendant or Hotfile Entity, including the "Affiliate" program for uploading users and the "Referral" programs "for site owners" and "Refer a friend" as described at http://www.hotfile.com/affiliate.html.

17.     Documents maintained in electronic format shall be produced in accordance with any ESI agreement in this Action.

18.     If any document is not produced on the basis of a claim of privilege or for any other reason, identify the document with particularity, including without limitation the author(s), any recipient(s), any other individual or entity to whom the document has been shown or

transmitted, any other individual or entity with whom the document has been discussed, the number of pages, attachments, and appendices, the date of the document, a description of the subject matter sufficient to form the basis of a claimed privilege and to uniquely identify the document, and a short statement of the nature of the claimed privilege or reason for withholding production.

19. Plaintiffs do not believe that Defendants may lawfully withhold documents on the basis that they contain identifying information regarding specific Hotfile users. Without prejudice to Plaintiffs' right to seek the identity and additional information pertaining to such users, Defendants may, in the first instance, limit their initial production of documents in response to these Requests for Production containing individually identifying information of users as described herein. With respect to the top 500 users and/or websites that have received the greatest amounts of payments from Defendants related to Hotfile, Defendants may redact information such as credit card statement or bank account information. Plaintiffs will meet and confer in good faith regarding whether this information should be provided for a greater number of users or websites. For all other database records, if Defendants intend to redact such records, redactions will be done in a way that preserves the ability to identify the geographic location of the Hotfile user (such as by providing city and state information or sufficient unredacted IP address information), and that allows for the unique identification of the user such that an individual user's activities may be identified even when examining different sets of data. Plaintiffs invite Defendants to meet and confer regarding appropriate protocols for implementing these limitations.

20.     You are reminded to supplement your responses to these requests and your documents produced in response to these requests in accordance with Rule 26 of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 39:**

All non-duplicative copies of each webpage that has ever been publicly available on the Hotfile Website, including each webpage containing any policy or statement pertaining to the Digital Millennium Copyright Act, copyright infringement, notifications of copyright infringement, policies for terminating or disciplining infringers, or any agent or representative to receive copyright notifications (collectively, "DMCA Information"), and documents sufficient to show all dates for which each webpage was publicly available. In responding to this Request No. 39 only, you may exclude link pages for individual Content Files, unless the link page contains any DMCA Information that is not also contained on another webpage being produced that was publicly available for the same time periods.

**DOCUMENT REQUEST NO. 40:**

All documents pertaining to any consideration, discussion or analysis regarding implementation or use of functionality permitting searches for individual Content Files or URLs on the Hotfile Website, including any reason why the Hotfile Website does not contain such a search functionality.

**DOCUMENT REQUEST NO. 41:**

All documents pertaining to any instance in which you have taken, or have considered taking, any disciplinary action against a website referring traffic to Hotfile, or the operator of such a website (collectively, a "Referral Website"), for any reason pertaining to copyright

infringement, or claims or notices of copyright infringement, including any instance in which you have:

(a) terminated (or considered terminating) a Referral Website from the "Referral" programs "for site owners" as described at http://www.hotfile.com/affiliate.html;

(b) blocked (or considered blocking) Content File links that are hosted on a Referral Website; or

(c) blocked (or considered blocking) communications with users being referred to Hotfile by a Referral Website.

**DOCUMENT REQUEST NO. 42**

All documents pertaining to any disciplinary action, including termination, that you have taken or considered taking against any Hotfile user, for any reason pertaining to copyright infringement, or claims or notices of copyright infringement, subsequent to plaintiffs' filing of this action against defendants on February 8, 2011, including:

(a) any criteria applied, instructions given or policies adopted for identifying users to be disciplined or terminated, including any changes to the criteria, instructions or policies over time;

(b) any users considered, or preliminarily identified, for possible discipline or termination but who ultimately were not disciplined or terminated for any reason;

(c) any communications with users;

(d) any communications, analyses or consideration of the actual or potential impact of such user discipline or termination on your business, including traffic to the Hotfile Website, sales of premium subscriptions, user or Affiliate defections or otherwise;

(e) any continued use of Hotfile by terminated users through alternative accounts or otherwise;

(f) any reinstatement of any terminated user for any reason; or

(g) any analysis of the demographic characteristics of any users disciplined or terminated, including the geographic location of such users, whether such users were participants in any Hotfile Affiliate programs, or whether such users were paying or free subscribers.

Dated: June 14, 2011                         By: /s/ *Duane Pozza*
                                                 Duane C. Pozza

| | |
|---|---|
| MOTION PICTURE ASSOCIATION<br>OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA  91403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>Duane C. Pozza (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Phone: 202-639-6000<br>Fax: 202-639-6066<br><br>*Attorneys for Plaintiffs*<br><br>GRAY-ROBINSON, P.A.<br>Karen L. Stetson (FL Bar No. 742937)<br>1221 Brickell Avenue<br>Suite 1600<br>Miami, FL 33131<br>Phone: 305-416-6880<br>Fax: 305-416-6887 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th Day of June, 2011, I served the following documents on all counsel of record on the attached service list via their email address(es) as set forth on the attached service list pursuant to the parties' service agreement:

**Plaintiffs' Third Set of Requests for Production**

I further certify that I am admitted *pro hac vice* to the United States Court for the Southern District of Florida and certify that this certificate of Service was executed on this date at Washington, D.C.

By: /s/ Duane Pozza
Duane C. Pozza

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-JORDAN

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Phone: 415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Phone: 305-476-7101
Fax: 305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*