# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

## PLAINTIFFS' THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT HOTFILE CORP.'S INTERROGATORY NO. 1

Pursuant to Federal Rule of Civil Procedure 33 and Federal Rule of Civil Procedure 26(e)(1), Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc., (collectively, "Plaintiffs") hereby provide the following Third Supplemental

1

Responses, in Part, to Interrogatory Number 1 in Defendant Hotfile Corporation's ("Defendant" or "Hotfile") First Set of Interrogatories (the "First Interrogatories"):

## GENERAL OBJECTIONS

1.     Plaintiffs object to the First Interrogatories to the extent that they call for the disclosure of information subject to the attorney-client privilege, the joint defense or common interest privilege, the work product doctrine or any other applicable privilege or doctrine. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the joint defense or common interest privilege, the attorney work product immunity doctrine, or any other applicable privilege or doctrine.

2.     Plaintiffs object to the First Interrogatories to the extent that they call for the disclosure of communications with, facts known by, or opinions held by non-testifying experts retained pursuant or specially employed in anticipation of litigation or preparation of trial, pursuant to Fed. R. Civ. P. 26(b)(4)(B). Any inadvertent disclosure of such information shall not be deemed a waiver of the protection against discovery afforded by Rule 26(b)(4)(B) or any other applicable privilege or doctrine.

3.     Plaintiffs object to the First Interrogatories to the extent that they call for the disclosure of information beyond that required by the Federal Rules of Civil Procedure or the Local Rules of the Court.

4.     Plaintiffs object to the First Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, and are ambiguous, duplicative, vague, oppressive, harassing, overbroad or unduly burdensome.

5.     Plaintiffs object to the First Interrogatories to the extent that they call for information or documents created or maintained by Defendants, for information or documents already in Defendants' possession, or for information readily accessible to Defendants in the public record, on the grounds that it is unduly burdensome, oppressive, and harassing, and would needlessly increase the cost of litigation.

2

6. Plaintiffs object to the First Interrogatories to the extent that they are not limited to time periods reasonably related to the matters at issue in this litigation. Specifically, Plaintiffs object to the First Interrogatories to the extent that they seek the production by Plaintiffs of documents or materials prepared, generated, duplicated, communicated, distributed, or transmitted prior to Defendants' commencement of operations on Hotfile, as overbroad, unduly burdensome, and seeking information neither relevant to this action nor likely to lead to the discovery of admissible evidence. To the extent the Plaintiffs respond to the First Requests, Plaintiffs will produce non-privileged responsive documents created on or after January 1, 2009, as this date is several months prior to Defendants' commencement of operations on the Hotfile website. Plaintiffs are willing to meet and confer with Defendants regarding whether a search for documents prior to that date may be appropriate with respect to specific items or requests.

9. Plaintiffs object to the First Interrogatories to the extent they seeks unavailable information or information not currently in Plaintiffs' possession, custody or control.

10. Plaintiffs object to the First Interrogatories to the extent that they seek proprietary and confidential information not relevant to this proceeding, including but not limited to information related to third parties.

11. Plaintiffs object to the First Interrogatories to the extent they seek the production of confidential materials or materials relating to the Plaintiffs' trade secrets absent the entry of suitable protective order.

Plaintiffs incorporate these General Objections into each specific response as if fully set forth in each response.

### OBJECTIONS TO SPECIFIC DEFINITIONS

1. Plaintiffs object to the Interrogatories' definition of "IDENTIFY" insofar as it exceeds a responding party's obligations under the Federal Rules of Civil Procedure.

2. Plaintiffs object to the Interrogatories' definitions of "RELATE," "RELATES," "RELATING TO," "REFER," "REFERRING," as vague, unduly burdensome, and as calling for

3

attorney work product insofar as it requires Plaintiffs to determine what "show[s]" or "evidenc[es]" a particular proposition.

3.  Plaintiffs object to the Interrogatories' definitions of The terms "PLAINTIFFS," "YOU," "YOUR" or "THE STUDIOS" insofar as they seek to require Plaintiffs to provide interrogatory responses and information for entities other than the Plaintiffs, such as their affiliates and their law firms in matters other than the present action. Information in the possession of third parties, such as Plaintiffs' affiliates, agents, and outside counsel other than counsel in the present action, is irrelevant and unduly burdensome to obtain. Plaintiffs will respond on behalf of the Plaintiff entities.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY all files that were or are available through hotfile.com that YOU allege infringe YOUR copyrights, including each of YOUR works that YOU allege the file infringed, identified by name and United States copyright registration number, the URLs at hotfile.com where YOU allege that file was available, and the time period when YOU allege the file was present on hotfile.com.

### PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 1:

Pursuant to Fed. R. Civ. P. 26(e)(2) and the Court's September 14, 2011 Order, Plaintiffs hereby provide the following second supplemental response to Interrogatory No. 1. Other than the objections stated in Plaintiffs' previous responses to Interrogatory No. 1, which are expressly incorporated herein, Plaintiffs' response below supplements and supersedes Plaintiffs' previous responses to Interrogatory No. 1. Plaintiffs additionally incorporate each General Objection and Objection to Specific Definitions stated above as if set forth herein.

Plaintiffs further object because, in the brief period of time permitted by the Court and the parties' stipulation, it is unduly burdensome and impossible as a practical matter for Plaintiffs to identify each infringing file on Hotfile.com for every work owned by the Plaintiffs ever since

4

Hotfile began operating. The data necessary to identify such infringing files are, and have been, in the possession of Defendants; Plaintiffs only recently obtained access to certain of those data records pursuant to Court order, and still have not obtained access to the content files themselves. Given additional time, Plaintiffs would be able to identify innumerable additional instances of copies of Plaintiffs' works on Hotfile.com. Further, given the opportunity to review the content files, Plaintiffs will be able to make a more definitive assessment of particular files that appear to infringe Plaintiffs' copyrights, and thus expressly reserve their right to supplement this response after Defendants have produced the content files for each file identified in Schedule A hereto. Finally, insofar as Defendants' own electronic records contain the information sought by this Interrogatory, particularly with respect to the dates on which each infringing file was available on the Hotfile Website, Plaintiffs object that this Interrogatory is an impermissible attempt to transfer to Plaintiffs the burden of analyzing data that Defendants can just as easily analyze themselves.

**BY EACH PLAINTIFF INDIVIDUALLY, IN RELEVANT PART:**

Subject to and without waiving the foregoing objections, Plaintiffs state as follows: Pursuant to the schedule set by the Court and the parties' stipulation, Plaintiffs have had only a very limited period of time to attempt to identify instances of Plaintiffs' copyrighted works available on Hotfile.com. In addition to those identified in this response, there are innumerable additional instances that Plaintiffs would have identified with the benefit of additional time. <u>Infringing copies of these same copyrighted works, as well as infringing copies of new and additional Plaintiffs' works, are also being uploaded to Hotfile.com on an ongoing basis.</u> Moreover, Plaintiffs have limited their response to this Interrogatory to copyrighted works the rights to which are held by one of the named Plaintiff companies. There are untold numbers of additional copyrighted motion pictures and television shows the rights to which are held by Plaintiffs' affiliates that are being infringed through Hotfile.com.

Schedule A hereto identifies, by name and Hotfile.com URL, those files on Hotfile.com (which Plaintiffs have been able to identify in the time permitted) that Plaintiffs believe

5

correspond to copies of Plaintiffs' copyrighted movies and television shows that have been infringed and/or are continuing to be infringed through Hotfile.com. Pursuant to Defendants' data production HF02835588, collectively, these copyrighted works have been infringed through Hotfile.com more than 30 million times.

Many of the files (URLs) on Schedule A have been identified through data recently produced by Defendants pursuant to Court order and for which Defendants have not yet produced copies of the actual content files represented by the URLs. Plaintiffs have identified these URLs based on the information (metadata) contained in the data produced by Defendants, including the titles of the works and other information about the files contained in Defendants' data. Plaintiffs have requested that Defendants produce copies of the actual content files represented by each URL identified on Schedule A. As necessary, Plaintiffs will supplement this Interrogatory response upon review of the content files produced by Defendants.

For each copyrighted work identified in Schedule A, Schedule B hereto identifies the Plaintiff that holds the rights to the work and the copyright registration number assigned to the work by the United States Copyright Office.

With respect to the Interrogatory's request to provide "the time period when YOU allege the file was present on hotfile.com," pursuant to Fed. R. Civ. P. 33(d), Plaintiffs refer Defendants to information regarding the upload date and last download date of each file in Defendants' data production HF02835588, which contains information regarding when each such file was available.

### PLAINTIFFS' THIRD SUPPLEMENTAL RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 1:

Pursuant to Fed. R. Civ. P. 26(e)(2), Plaintiffs hereby provide the following third supplemental response to Interrogatory No. 1. Plaintiffs incorporate the entirety of their Second Supplemental Response and Objections to Interrogatory No. 1, as set forth above. Plaintiffs additionally incorporate each General Objection and Objection to Specific Definitions stated

above as if set forth herein. Plaintiffs' response here supplements the previous response for the Plaintiffs Twentieth Century Fox Film Corporation ("Fox"), Universal City Studios Productions LLLP ("Universal"), Columbia Pictures Industries, Inc. ("Columbia"), and Warner Bros. Entertainment Inc. ("Warner Bros."), by attaching amended versions of Schedules A and B for each of those Plaintiffs.

**BY FOX, UNIVERSAL, COLUMBIA, AND WARNER BROS., EACH OF THOSE PLAINTIFFS INDIVIDUALLY, IN RELEVANT PART:**

Subject to and without waiving the foregoing objections, Plaintiffs state as follows:

Plaintiffs incorporate their Second Supplemental Response to Interrogatory No. 1 in its entirety. Amended versions of Schedules A and B are attached here. Schedules A and B contain the information specified in the Second Supplemental Response.

Dated: October 11, 2011                    By: _____
                                                Duane C. Pozza

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305-416-6880
Fax: 305-416-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

*Attorneys for Plaintiffs*

## VERIFICATION OF COLUMBIA PICTURES INDUSTRIES, INC.

I, Jared Jussim, am a corporate officer of Plaintiff Columbia Pictures Industries, Inc. and am authorized to execute this verification on its behalf.

I have reviewed the interrogatory responses contained in Plaintiff's Third Supplemental Responses and Objections to Defendant Hotfile Corp.'s Interrogatory No. 1. I am informed and believe and on that basis allege that the matter started therein are true as to Plaintiff Columbia Pictures Industries, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2011, at Culver City, CA

Signature: _/s/ Jared Jussim_
Name (Print): Jared Jussim
Title:      Executive Vice President,
            Legal Affairs and
            Assistant Secretary

## VERIFICATION OF TWENTIETH CENTURY FOX FILM CORPORATION

Information in Plaintiffs' Third Supplemental Responses and Objections to Defendant Hotfile Corp.'s Interrogatory No. 1 was provided by me and/or gathered at my direction from corporate records and personnel. I have reviewed the responses. I declare under penalty of perjury of the laws of the United States that the foregoing responses as to Plaintiff Twentieth Century Fox Film Corporation are true and correct to the best of my knowledge and belief, based on my review of such information.

Executed on October 11, 2011, at Los Angeles, CA

Signature: Ronald C. Wheeler
Name (Print): Ronald C. Wheeler
Title: Assistant Secretary

## VERIFICATION OF UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP.

I, Gabriela Kornzweig, pursuant to Fed. R. Civ. P. 33(b)(1) and 28 U.S.C. § 1746 declare as follows:

I am Secretary for Universal City Studios Productions LLLP. On behalf of Universal City Studios Productions LLLP, I have reviewed the interrogatory responses contained in Plaintiffs' Third Supplemental Responses and Objections to Defendant Hotfile Corp.'s Interrogatory No. 1. I verify that the answers of Universal City Studios Productions LLLP contained in the foregoing Supplemental Responses to Defendants' First Set of Interrogatories are true and correct to the best of my knowledge and belief, that I am authorized to so verify and that as to matters stated therein that are not within my personal knowledge I have relied upon information prepared by persons whom I believe to be reliable, based on information and records maintained by Universal City Studios Productions LLLP in the regular and ordinary course of its business.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 11, 2011, at Universal City, CA

Signature: _____

Name (Print): Gabriela Kornzweig

Title: Secretary

## VERIFICATION OF WARNER BROS. ENTERTAINMENT INC.

I, Amanda Hicks, declare as follows:

I am the authorized agent for Plaintiff Warner Bros. Entertainment Inc. I have read the foregoing Plaintiffs' Third Supplemental Responses and Objections to Defendant Hotfile Corp.'s Interrogatory No. 1 and know its contents.

I am informed and believe that the matters stated in the foregoing document are true.

Executed on October 11, 2011, at Warner Bros. Studios, Burbank, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: *Amanda H____*

Name: Amanda Hicks

Title: Manager, Television Production Insurance

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*
_____/

HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th Day of October, 2011, I served the foregoing Plaintiffs' Third Supplemental Responses and Objections to Defendant Hotfile Corp.'s First Set of Interrogatories on all counsel of record on the attached Service List via their email address(es) as set forth on the Court's CM/ECF filing system per the parties' service agreement, as indicated on the attached Service List.

I further certify that I am admitted *pro hac vice* in the United States District Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date at Washington, D.C.

Duane C. Pozza

CASE NO. 11-20427-WILLIAMS/TURNOFF

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Phone: 415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Phone: 617-928-1800
Fax: 617-928-1802
vgurvits@bostonlawgroup.com

*Attorney for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Phone: 305-476-7101
Fax: 305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

9