# EXHIBIT C

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    Plaintiffs,

    vs.

CASE NO.
11-20427-WILLIAMS-TURNOFF

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

    Defendants.
_____
AND RELATED CROSS-ACTION.


CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF DAVID P. KAPLAN, ESQUIRE

PURSUANT TO FEDERAL RULE 30(b)(6)

Los Angeles, California

Tuesday, December 13, 2011

Volume 1

Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 177476B


877.955.3855

```
 1                UNITED STATES DISTRICT COURT
 2                SOUTHERN DISTRICT OF FLORIDA
 3
 4    DISNEY ENTERPRISES, INC.,
      TWENTIETH CENTURY FOX FILM
 5    CORPORATION, UNIVERSAL CITY
      STUDIOS PRODUCTIONS LLLP,
 6    COLUMBIA PICTURES INDUSTRIES,
      INC., and WARNER BROS.
 7    ENTERTAINMENT INC.,
 8          Plaintiffs,
                                    CASE NO.
 9       vs.                        11-20427-WILLIAMS-TURNOFF
10    HOTFILE CORP., ANTON TITOV,
      and DOES 1-10,
11
            Defendants.
12    _____
      AND RELATED CROSS-ACTION.
13    _____
14
15       CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER
16          Videotaped deposition of DAVID P. KAPLAN,
17    ESQUIRE, Volume 1, pursuant to Federal Rule 30(b)(6),
18    taken on behalf of Defendants and Counterclaimant,
19    at 633 West Fifth Street, Los Angeles, California,
20    beginning at 2:18 P.M. and ending at 4:58 P.M. on
21    Tuesday, December 13, 2011, before LORI SCINTA, RPR,
22    Certified Shorthand Reporter No. 4811.
23
24
25
```



```
 1    APPEARANCES:
 2
 3    For Plaintiffs:
 4
          JENNER & BLOCK LLP
 5        BY:  STEVEN B. FABRIZIO
          Attorney at Law
 6        1099 New York Avenue, NW, Suite 900
          Washington, D.C. 20001-4412
 7        202.639.6000
          Email:  sfabrizio@jenner.com
 8
 9
      For Defendants and Counterclaimant:
10
          FARELLA BRAUN + MARTEL LLP
11        BY:  EVAN M. ENGSTROM
          Attorney at Law
12        235 Montgomery Street
          San Francisco, California 94104
13        415.954.4400
          Email:  eengstrom@fbm.com
14
15
16
      Videographer:
17
          VONYARN MASON
18        SARNOFF COURT REPORTERS
          20 Corporate Park, Suite 350
19        Irvine, California 92606
          877.955.3855
20
21
22
23
24
25
```



DAVID P. KAPLAN, ESQ.                    12/13/2011
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

| | | |
|---|---|---|
| 02:32 | 1 | infringes Warner Bros. Entertainment, |
| 02:32 | 2 | Inc. rights, rather than sending an |
| 02:32 | 3 | official takedown abuse notice every |
| 02:32 | 4 | time URL's are identified." |
| 02:32 | 5 | At this time, in April of 2009, how was Warner |
| 02:32 | 6 | notifying Hotfile of material that Warner contended was |
| 02:33 | 7 | infringing its copyrights on Hotfile? |
| 02:33 | 8 | A   I believe we were sending an email to -- well, |
| 02:33 | 9 | electronically -- we were notifying them electronically |
| 02:33 | 10 | by sending an email to an address that was I think |
| 02:33 | 11 | abuse@hotfile.com, or something like that. |
| 02:33 | 12 | Q   Okay.  Did you -- did Warner at any time not |
| 02:33 | 13 | know where to send takedown notices to have files |
| 02:33 | 14 | removed from Hotfile? |
| 02:33 | 15 | MR. FABRIZIO:  Objection.  Vague. |
| 02:33 | 16 | THE WITNESS:  Well, we didn't -- we didn't |
| 02:33 | 17 | know -- we didn't have a name or a real address or a |
| 02:33 | 18 | phone number.  All we had was a -- that abuse address. |
| 02:33 | 19 | BY MR. ENGSTROM: |
| 02:33 | 20 | Q   Was Warner ever unable to send takedown notices |
| 02:33 | 21 | to Hotfile? |
| 02:33 | 22 | A   I'm not sure I understand what you mean. |
| 02:34 | 23 | We were able to send notices to that abuse |
| 02:34 | 24 | address. |
| 02:34 | 25 | Q   Okay.  My question is:  Was there ever a time |

Sarnoff
877.955.3855

16

DAVID P. KAPLAN, ESQ.  12/13/2011
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
02:40  1    the point that we're talking about here.
02:40  2         Q    Okay.  Other than asking for this rapid
02:40  3    takedown tool which I'll refer to, alternately, as a
02:40  4    special rightsholder account, or an SRA --
02:40  5              Do you understand what I'm referring to if I
02:40  6    say those terms?
02:40  7         A    I do.
02:40  8         Q    Okay.  Other than asking Warner Bros. -- or
02:40  9    other than asking Hotfile for an SRA, did Warner Bros.
02:40  10   ever ask Hotfile to implement any policy or tool or
02:40  11   practice that would limit the infringing material on
02:40  12   Hotfile?
02:40  13             MR. FABRIZIO:  Objection.  Vague as to time and
02:41  14   compound.
02:41  15             THE WITNESS:  Again, the only communications
02:41  16   that exist between Warner's and Hotfile are in the
02:41  17   handful of emails to this -- substantively to the abuse
02:41  18   address.
02:41  19             The other communications would all be strictly
02:41  20   takedown notices.
02:41  21   BY MR. ENGSTROM:
02:41  22        Q    Does Warner contend that any of those
02:41  23   communications asked Hotfile to implement any policy,
02:41  24   technique or process to curb infringement on Hotfile
02:41  25   other than the implementation of an SRA account?
```


877.955.3855

22

I, DAVID P. KAPLAN, ESQUIRE, do hereby declare under penalty of perjury that I have read the foregoing transcript; that I have made any corrections as appear noted, in ink, initialed by me, or attached hereto; that my testimony as contained herein, as corrected, is true and correct.

EXECUTED this 13th day of January, 20 12, at Burbank (City), California (State).

_____
DAVID P. KAPLAN, ESQUIRE
Volume 1



DAVID P. KAPLAN, ESQ.  12/13/2011
**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

```
 1
 2         I, the undersigned, a Certified Shorthand
 3   Reporter of the State of California, do hereby certify:
 4         That the foregoing proceedings were taken
 5   before me at the time and place herein set forth; that
 6   any witnesses in the foregoing proceedings, prior to
 7   testifying, were duly sworn; that a record of the
 8   proceedings was made by me using machine shorthand
 9   which was thereafter transcribed under my direction;
10   that the foregoing transcript is a true record of the
11   testimony given.
12         Further, that if the foregoing pertains to
13   the original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review of
15   the transcript [ x ] was [ ] was not requested.
16         I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or party to this action.
19         IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21
22   Dated: 12-15-11
23
24                          _____
                            LORI SCINTA, RPR
25                          CSR No. 4811
```



Sarnoff
877.955.3855

106