**Exhibit 11**

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| Disney Enterprises, Inc., et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   11-20427-KMW |
| Hotfile Corp., Anton Titov, and Does 1-10 | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Southern District of Florida      ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Google, Inc.
    Legal Compliance, 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: County Process Service<br>31 East Julian St.<br>San Jose, CA 95112 | Date and Time:<br><br>12/14/2011 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   12/06/2011

*CLERK OF COURT*

OR   *Duane Pozza /jvy*

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Disney Enterprises, Inc., et al. _____ , who issues or requests this subpoena, are:

Duane C. Pozza, Jenner & Block LLP, 1099 New York Avenue NW, Suite 900, Washington D.C. 20001
Phone: (202) 639-6027
Email: dpozza@jenner.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-20427-KMW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

For purposes of this Schedule, the following definitions and instructions apply:

1.      The term "Hotfile Website" means the website accessible at www.hotfile.com.

2.      The term "Hotfile Party" means Hotfile Corp., Hotfile, S.A., Hotfile, Ltd., and Anton Titov.

3.      The term "you" or "your" means Google, Inc., including any employees or representatives of Google, as well as any of your subsidiaries or affiliates involved in the operation of your email hosting or analytics operations.

4.      The term "document" shall have the meaning of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

5.      To the extent documents are maintained in electronic formats, this subpoena calls for production in electronic format, in their native formats as they currently exist on your storage media and devices.  However, if such native format is one that would not be reasonably usable to persons other than you (i.e. requires the use of proprietary software or computer systems), such data should be produced in a usable format to be discussed with Plaintiffs at a mutually convenient time.

6.      If any document is not produced on the basis of a claim of privilege or for any other reason, identify the document with particularity, including without limitation the author(s), any recipient(s), any other individual or entity to whom the document has been shown or transmitted, any other individual or entity with whom the document has been discussed, the number of pages, attachments, and appendices, the date of the document, a description of the subject matter sufficient to form the basis of a claimed privilege and to uniquely identify the

document, and a short statement of the nature of the claimed privilege or reason for withholding production.

7.      A protective has been entered in this action.  A copy of the protective order is attached as Attachment B to the subpoena.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 4:

"Referral Traffic" reports for all available dates, showing the sources of all traffic to the Hotfile Website that you have collected, prepared, displayed, or otherwise made available through the Google Analytics service regarding the Hotfile Website.

# ATTACHMENT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:11-cv-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

        *Plaintiffs*,

vs.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

        *Defendants*.

_____/

## STIPULATED PROTECTIVE ORDER

WHEREAS the parties believe that entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other confidential research, development, technical, or commercial information that may be produced or provided by the parties or non-parties, and the parties have stipulated to the following proposed protective order;

WHEREAS the Court finds that good cause exists for the entry of this Protective Order in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect such trade secrets and other confidential research, development, or commercial information;

Good cause appearing, and in conformance with the parties' agreement, IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

     1.     This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action (collectively, "Discovery Materials"). Discovery Materials that are designated Confidential or Highly Confidential as provided herein shall be used by any authorized recipients solely for the purposes of conducting this litigation and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein.[1]

     2.     A producing party,[2] or a party who is the original source of document or information produced, may designate as Confidential any Discovery Materials produced or otherwise furnished in discovery in this case that that the party believes in good faith to contain trade secret or other confidential strategic, research, development, or commercial information, that is not generally known and that the party would normally not reveal to third parties or would cause third parties to maintain in confidence, including without limitation financial data, contracts and agreements, business and strategic plans, and marketing documents.

     3.     Discovery Materials designated as Confidential under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed,

---

[1] This Protective Order does not apply to hearings or trial before the Court. The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for reasons consistent with this Protective Order.

[2] The term "producing party" refers to a party to this case, or to a non-party person or entity, that produces Discovery Materials in this case.

described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

      (a)    the Court and its employees, personnel, or other agents;

      (b)    outside counsel of record in this case (including in-house counsel for the Motion Picture Association of America, Inc. who have appeared as outside counsel of record for plaintiffs), and associated attorneys, staff and supporting personnel of such attorneys, such as paralegals, secretaries, litigation assistants, clerical employees and contractors, technical staff, and copying and electronic discovery vendors who are working at the direction of attorneys with respect to this litigation;

      (c)    any certified shorthand or court reporters retained to report a deponent's testimony taken in this case;

      (d)    experts or consultants retained by counsel in connection with this litigation, who are not employed by any party, and any clerical, administrative or support staff (including staff such as research assistants, analysts, and technical staff) for such experts or consultants, provided that the procedures set forth in paragraphs 9 and 10 this Order have been followed;

      (e)    deposition or trial witnesses who are employed by the party that produced the Discovery Materials, or who lawfully and apart from this action received or authored the information or material to be shown to such witnesses (whether during examination or preparation);

      (f)    any person whom the parties agree, in advance and in writing, may receive such protected information, provided such person has executed the Notification of Protective Order attached hereto as Exhibit A; and

(g)   any individual who is a party or employee of any corporate party or one of its affiliates, as reasonably necessary for purposes of this litigation, for use only in connection with this litigation, but limited to no more than five (5) such individuals per corporate party (including affiliates), with respect to each of whom the procedures set forth in paragraphs 9 and 10 this Order have been followed.  A party's request to disclose Confidential information to more than five such individuals, if reasonably necessary for the purposes of the litigation, shall not be unreasonably refused.

4.   Documents or other material that a non-party designates as Confidential shall be restricted to the persons listed in ¶¶ 3(a) – (e) and ¶ 3(g).  Such material may also be shared with any person whom the producing non-party agrees in advance and in writing may receive such material.

5.   Any Discovery Materials produced or otherwise furnished in discovery in this case that meet the requirements for designation of Confidential material under paragraph 2, and that the producing party reasonably believes is so highly competitively sensitive that it is entitled to extraordinary protections, may be designated Highly Confidential.  Such material may be designated Highly Confidential by the producing party or a party who is the original source of the document or information.

6.   Discovery Materials designated as Highly Confidential under this Protective Order, or copies or extracts therefrom and compilations thereof, may be disclosed only to the persons set forth in ¶¶ 3(a) – (f), *supra*.  Outside counsel of record may also furnish, to in-house counsel identified in ¶ 3(g), summaries and draft briefs and other pleadings describing such Highly Confidential material at a high level without revealing specific highly competitively sensitive information (e.g., specific contract

4

terms, financial information, business plans, technical specifications). Additionally, Highly Confidential material may also be shared with any person whom the producing non-party agrees in advance and in writing may receive such protected information.

7.    The designation of Discovery Materials for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

(a)    In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other material (apart from depositions or other pretrial testimony): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate): (i) on each page of any document containing any confidential information or material, or, in the case of pleadings filed with the Court, on the cover page of the pleading; or (ii) physically on the outside of any media for storing electronic documents (*e.g.*, CD-ROM, DVD-ROM, hard disk drive, flash drive, or other medium), at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

(b)      In the case of depositions or other pretrial testimony:  (i) by a statement on the record by counsel, acting in good faith, during such deposition or other pretrial proceeding, that the transcript or portions thereof shall be designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) days after the e-mailing or otherwise transmitting to counsel of the transcript of the deposition.  The parties will endeavor to have all completed transcripts sent via e-mail, as well as next business day delivery.

(c)      Whether or not so designated on the record at deposition or other pretrial proceeding, the parties shall treat all deposition and other pretrial testimony as "Confidential" under this Protective Order until the expiration of ten (10) days after the e-mailing or otherwise transmitting to counsel of the transcript of the deposition.  Unless specific designations of portions of a transcript have been made on the record during the proceeding, or in writing within ten (10) days after the e-mailing or otherwise transmitting to counsel of the transcript of the deposition, any confidentiality is waived after the expiration of the 10-day period unless otherwise stipulated or ordered.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court.

(d)      A party or non-party furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular

6

documents and things at the time copies of documents and things are produced or furnished.

8.      The parties retain the right to apply to the Court for an order restricting certain individuals, other than experts or consultants, from access to certain Discovery Materials.  Any counsel for a party wishing to restrict access to information in this manner shall produce the Discovery Materials with a request that the information not be disseminated to the individual(s) to whom the party objects pending further order of the Court.  Alternatively, in the event that the objecting party learns of the individual or the basis for objection subsequent to producing the Discovery Materials, counsel for such party will request that the individual(s) to whom the party objects be restricted from further access to such information pending further order of the Court.  If the receiving party disagrees with the restriction, the party wishing to restrict access shall, thereafter, within five court days, move the court for a protective order restricting dissemination to the person to whom the moving party objects to seeing the information.  The receiving party will in good faith comply with any request under this paragraph to restrict access for five court days following such request and, in the event the objecting party moves for a protective order, pending further order from the Court.  A party seeking to restrict disclosure of materials to an expert of consultant must follow the provisions of paragraph 9.

9.      (a)      For the purposes of this Protective Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel of record for a party.  The name, business address, curriculum vitae ("CV") and

affiliation of each such consultant or expert must be disclosed to the producing party at least five (5) court days prior to such person's review of material designated under this Order. The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 36 months preceding the date of employment in this case.

(b)      Additionally, any party seeking to disclose Discovery Materials to any individual under paragraph 3(g) must disclose the name, affiliation, and job description of the individual. In-house counsel identified under paragraph 3(g) need only, for purposes of disclosing their "job description," identify that they are employed as in-house counsel for a party.

(c)      During the five-court day period following disclosure under paragraphs 9(a), counsel for the opposing party shall have the opportunity to oppose the proposed disclosure to any individual. Any party opposing such disclosure shall within such five-court day period provide the other party via electronic mail with a written objection, setting forth in reasonable detail the specific grounds for such opposition. The party seeking to disclose shall respond by electronic mail, and the parties will endeavor to meet and confer as soon as reasonably practicable regarding the dispute but not later than three (3) court days after the e-mail response is sent. If the parties cannot agree on disclosure, the objecting party shall, within five (5) court days after the e-mail response is sent, file a motion for appropriate relief, or, if a discovery calendar is available, contact the Court and place the matter on the next available discovery calendar following the conference, otherwise the objection is deemed withdrawn. In the event a party objects to disclosure and files a motion or contacts the Court and such resolution by the Court is

necessary, no additional confidential material shall be disclosed to that individual pending resolution of the issue by the Court.

        (d)    If no written objection is received by 5:00 p.m., Eastern time, on the fifth court day following the date of disclosure under paragraph 9(a), then the party seeking to disclose may do so.  Failure to object shall constitute waiver of any objection under this paragraph, subject to the following exception.  After the five-court day period has expired without objection, a party may move the Court to allow it to object to a consultant or expert if it can show:  (a) there is new, material information relating to the consultant or expert that was not available to the moving party within the five-court day objection period; and (b) had the moving party been aware of the information at the time, the moving party would have objected to the consultant or expert.  In such a case, the objecting party shall, within ten (10) court days of coming into possession of such new, material information relating to the consultant, or expert, send to the other party by electronic mail its written objection, setting forth in reasonable detail in its position regarding:  (a) the specific grounds for such opposition, (b) the material information relating to the consultant or expert that was not available to the moving party within the five-court day objection period, and (c) the moving party's support for its contention that had it been aware of the information during the five-court day objection period, it would have objected to the consultant or expert.  Within five (5) court days of receipt of such objection, the party seeking to disclose shall send its response by electronic mail, and the parties shall endeavor to meet and confer as soon as reasonably practicable regarding the dispute but not later than four (4) court days after the e-mail response is sent.  If the parties cannot agree on disclosure at the conference, the objecting party shall file a

motion for appropriate relief, or, if a discovery calendar is available, contact the Court and place the matter on the next available discovery calendar following the conference or the objection will be deemed withdrawn.

10.     Any person set forth in Paragraph 3 who is not (i) a party to this litigation, counsel of record (including in-house counsel of the MPAA who have appeared as outside counsel of record for plaintiffs), or associated attorneys, staff and supporting personnel of such counsel of record; or (ii) the Court or Court personnel to whom material designated under this Protective Order is to be disclosed, shall, prior to receiving such material, be furnished with a copy of this Protective Order, and a copy of the Notification of Protective Order (attached as Exhibit A).  The person shall not be authorized to access protected materials until the person reads, and has signed, the Notification of Protective Order.  Counsel for the party seeking to disclose material designated under this Protective Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Notifications until sixty (60) days after the termination of this litigation.  Copies of any such Notification shall be retained and provided to counsel for the other parties or affected non-parties upon request.

11.     Any third party may obtain protection of this Protective Order by complying with Paragraphs 2 through 7 of this Protective Order regarding designating materials as Confidential or Highly Confidential.  A party making a discovery request to a non-party in this action shall notify the third party that the protections of the Protective Order are available to such third party.

12.     While the parties disagree regarding whether source code will be produced in this case or whether source code is necessarily entitled to greater protection than Highly Confidential material, to the extent production of source code is made, it will be produced and managed in the following manner. Any documents, things or information produced or otherwise furnished by any of the parties in discovery that are designated "Confidential" or "Highly Confidential" and contain a party's source code may be designated "RESTRICTED CONFIDENTIAL-SOURCE CODE" (a "Source Code Document").

(a) Source Code Documents will be produced to designated outside counsel for the requesting party ("Source Code Custodian") on a portable hard disk drive ("HDD"). Any supplemental production of a Source Code Document shall be made consistent with the means for production provided herein, or by a means agreed to by the parties, at the option of the producing party. No party can request that more than three (3) duplicate HDDs be produced to the Source Code Custodian.

(b) At the producing party's option, the HDD may be encrypted prior to production, using TrueCrypt or other commonly used encryption software for whole drive encryption. Information necessary to gain access to an encrypted HDD shall be provided by counsel for the producing party to the Source Code Custodian by reasonable means meeting the security interests of the producing party;

(c) Access to information designated RESTRICTED CONFIDENTIAL-SOURCE CODE shall be limited to Source Code Custodians and experts retained or used by counsel of record for any party to assist such counsel with respect to this

11

litigation, provided such experts are disclosed pursuant to the procedures in paragraphs 9 and 10.

(d) Source Code Documents shall be viewed only on computers located at the following locations: (i) within secure, locked areas within the confines of a United States office of the individuals identified in Paragraph 12(c); (ii) the sites where any depositions relating to the source code are taken for the dates associated with the taking of the deposition; (iii) the Court; or (iv) any intermediate location where an individual identified in Paragraph 12(c) transports the HDD (e.g., a hotel prior to a deposition), provided that the Source Code Custodian and expert take all necessary precautions to protect the confidentiality of the HDD or other materials containing Source Code while the materials are in such intermediate locations. HDDs will be disconnected from a computer and stored securely when not in use.

(e) The Source Code Custodian shall maintain a Source Code Log containing the following information: (1) a record of the date that a paper copy was made of any portion of source code; (2) the identity of each person granted access to the source code in either paper or electronic form; and (3) each date when electronic access was granted. For purposes of part (1) of the preceding sentence, the specific portion of source code of which a paper copy was made need not be logged, but any such paper copy will be retained by the Source Code Custodian. Defendants will not request the log without a reasonable and good faith basis for believing its production is relevant to suspected security breaches regarding source code. The parties do not necessarily agree that the log should be produced, and should

12

defendants make such a request for production, the parties will meet and confer regarding such request and bring it to the Court's attention as appropriate.

(f) Electronic copies of Source Code Documents shall only be made within the confines of the HDD.  However a Source Code Custodian or expert may include excerpts of source code of length no more than necessary for purposes of the litigation in a pleading, exhibit, expert report, discovery document, email communication, memorandum, deposition transcript, other Court document, or any drafts of these documents ("Restricted Confidential Documents").  Source Code Custodians and the persons described in paragraphs 3(a)-(d), shall be permitted to store and access Restricted Confidential Documents on a computer and on a computer network that limits access to only necessary viewers; Source Code Custodians and the persons described in paragraph 3(a)-(d), may also send Restricted Confidential Documents to authorized persons via electronic mail.  An individual described in paragraph 3(e) may be shown any excerpts of source code only to the extent that that individual lawfully and apart from this action received or authored the source code.  Nothing in the foregoing shall prevent Source Code Custodians or experts from describing the functionality of the source code at a high level, or referring to variable, function or file names, to in-house counsel of the parties, or in publicly filed pleadings or expert reports.

(g) To the extent portions of source code are quoted in a Restricted Confidential Document, those pages or exhibits containing quoted Source Code will be separately bound, stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE.  When any Restricted Confidential Document is filed with the

Court, the separately bound portion stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE shall be filed under seal.  When hard copies of any Restricted Confidential Document are retained in the offices of the Source Code Custodian, the Source Code Custodian shall keep the separately bound portions stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE in a secure, locked area of the office of the Source Code Custodian or destroy them in a manner that ensures they cannot be salvaged, such as cross-shred shredding or incineration;

(h) Each Restricted Confidential Document or draft thereof containing Source Code stored on a computer or computer network shall be individually password-protected so as to limit access to unauthorized persons;

(i) Any and all printouts or photocopies of the portions of Restricted Confidential Documents that contain source code shall be marked "RESTRICTED CONFIDENTIAL-SOURCE CODE." Should such printouts or photocopies be transferred back to electronic media, such media shall continue to be labeled "RESTRICTED CONFIDENTIAL-SOURCE CODE" and shall continue to be treated as such.

(j) If the Source Code Custodian or a party's expert, described in paragraph 12(c), makes printouts or photocopies of portions of Source Code, the Source Code Custodian shall keep the printouts or photocopies in a secured locked area of the office of the Source Code Custodian or destroy them in a manner that ensures they cannot be salvaged, such as cross-shred shredding or incineration.

14

13.     The parties will meet and confer as to the scope of redactions of personally identifying information, including user identifying information, in response to particular discovery requests.  Parties may presumptively redact credit card numbers, social security numbers, and bank account numbers.  The parties reserve the right to seek to have redacted information produced in unredacted form at a later time.  For database records that are produced and redacted, without conceding that any particular redactions are or are not appropriate, any redactions should be done in a way that preserves the ability to identify the geographic location of the user (such as by providing city and state information or sufficient unredacted IP address information), and that allows for a unique individual user's activities to be identified even when examining different sets of data (such as by providing a unique user number).

14.     Nothing in this Protective Order shall preclude any party to this litigation or its counsel from:  (a) showing a document designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action under circumstances that do not constitute a violation of the Protective Order; or (b) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated under this Protective Order.

15.     Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the

Federal Rules of Civil Procedure.  Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

16.     In the event that any Discovery Materials designated under this Protective Order is used, described, characterized, excerpted or referenced in, or attached to, any Court proceeding or submission in connection with this litigation:  (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (iii) the filing party shall seek to file such material under seal pursuant to Local Rule 5.4, except that upon the default of the filing party to so request, any party may do so.  Envelopes used to seal such material shall carry the notation:  "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all requirements of the Court for filing material under seal.  Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection.  Counsel for the designating party shall have the opportunity to oppose any request for public inspection.  If a pleading contains information designated Confidential or Highly Confidential by another party, the designating party will be deemed to have consented to a motion to file the pleading under seal.  Where possible, only confidential portions of filings with the Court shall be filed under seal.  The parties shall cooperate in good faith in an effort to ascertain whether the confidentiality designations of materials filed with the Court can be waived.  As soon as practicable after filing material under seal, but in no event later than ten (10) court days, the filing party shall file with the Court, for its public file, a copy of the filed materials with the material designated under this Protective Order redacted.

17.     A party shall not be obligated to challenge the propriety of Discovery Materials designated under this Protective Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any state of these proceedings with such designation, such party shall provide to the designating person or entity a notification by electronic mail, detailing its objection to the designation. The designating person or entity shall respond by electronic mail, within three (3) court days, and the parties will meet and confer regarding the dispute no later than four (4) court days after the e-mail response is sent. If the parties cannot agree on disclosure at the conference, the objecting party shall file a motion for appropriate relief, or, if a discovery calendar is available, contact the Court and place the matter on the next available discovery calendar following the conference, otherwise the objection is deemed withdrawn. The burden of proving that information has been properly designated under this Protective Order is on the person or entity making such designation.

18.     If a party inadvertently fails to designate Discovery Materials, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is notified in writing of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 4 and 6 above, as well as any copies made by such persons.

17

19.   Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure.  A party requested to disclose material designated under this Protective Order to a non-party pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and notify the requesting non-party of the existence of this Protective Order and that the material requested by the non-party has been designated under this Protective Order, and shall further give notice of such request, by electronic mail, and by next business day delivery, upon the party that designated the material as soon as is reasonably possible, but in all instances no later than three (3) days prior to the date on which such confidential material is to be produced to the non-party.

20.   Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege or work product doctrine (referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection.  A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production.  If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within five (5) court days destroy or return to the requesting party or non-party the

Inadvertently Produced Privileged Document and all copies thereof and shall make reasonable efforts to expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document, consistent with Fed. R. Civ. P. 26(b)(5)(B). However, the possessing parties may retain information sufficient to identify the Inadvertently Produced Privileged Document (*e.g.*, bates number, author(s), recipient(s), date) for purposes of a motion to compel production of the document. A party may move the Court for an order compelling production of the document, and may present the document to the Court under seal within five (5) court days of receiving a request to return the document, but said party may not assert as a ground for the entering of such an order the fact or circumstances of the inadvertent production. Nothing in this Order, shall preclude a party from arguing that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

21.     Entering into, agreeing to, and/or producing or receiving information or material designated under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

(a)     operate as an admission by any party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b)     operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Protective Order;

19

(c)     prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

(d)     prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

(e)     prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

22.     This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or non-party.

23.     In the event that information in the possession or control of a person or entity involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the non-party to disclose the information under this Protective Order. If the consent of the non-party is refused or otherwise cannot be obtained, the party will promptly thereafter notify the party seeking discovery of: (a) the existence and description (to the extent disclosable) of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate

20

any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek an order compelling discovery.

24.     Within sixty (60) days after the final termination of litigation between the parties, all material designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that for each party, counsel who is entitled access to such designated material under Paragraph 3 may retain complete and unredacted copies of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party. Reference to designated materials (including such materials in work product or pleadings) shall be made solely in the event of, and only in the event of, further proceedings or litigation between the parties, a dispute over such counsel's performance or a dispute over the use or dissemination of material designated under this Protective Order. Such retained copies of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Protective Order. This Protective Order shall survive the final termination of this litigation with respect to any such retained confidential material. The Court is specifically exempted from any return, destruction, or other requirements contemplated by this provision.

25.     All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of the Court for purposes of enforcing this Protective Order.

SO STIPULATED:

Dated: May 12, 2011

By: ____/s/_____

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Phone: (202) 639-6000
Fax: (202) 639-6066

MOTION PICTURE
ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA  91403
Phone: (818) 995-6600
Fax: (818) 285-4403

GRAY-ROBINSON, P.A.
Karen L. Stetson, Fla. Bar No.
742937
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: (305) 416-6880
Fax: (305) 416-6887
*Attorneys for Plaintiffs*

Dated: May 12, 2011

By: ____/s/_____

Janet T. Munn, Fla. Bar No. 501281
RASCO KLOCK
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

Roderick M. Thompson (admitted *pro hac vice*)
Andrew Leibnitz (admitted *pro hac vice*)
Deepak Gupta (admitted *pro hac vice*)
Janel Thamkul (admitted *pro hac vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone: 415.954.4400
Telecopy: 415.954.4480
*Attorneys for Defendants*

22

IT IS SO ORDERED.

Dated: 5-18, 2011

_____
UNITED STATES DISTRICT JUDGE