# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.

_____/

### DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORY NO. 13(a)

PROPOUNDING PARTY:      Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment

RESPONDING PARTIES:      Defendants Hotfile Corporation and Anton Titov (collectively "Hotfile")[1]

SET NO.:      Second (2)

### GENERAL OBJECTIONS

1.     Hotfile has not completed its investigation of facts, witnesses or documents relating to this case, has not completed discovery, has not completed analysis of available information, and has not completed preparation for trial. Hotfile reserves the right to supplement

---

[1]The Defendants reserve their respective rights to assert all appropriate separate defenses. Mr. Titov is included in the shorthand term "Hotfile" along with Hotfile Corp. solely as a convenience and in light of the Parties agreement "that discovery requests served by one side on the opposing side will be equally applicable to all parties on the other side." Joint Scheduling Conference Report, filed 4/15/11, Dkt. 54 at 16. Nothing in these responses is an admission by Anton Titov or Hotfile Corp. of any particular relationship between them or any other fact.

its response to each and every interrogatory (or part thereof) without obligating itself to do so, and reserves the right to introduce and rely upon such information in the course of this litigation.

2.      All of the responses set forth below are based solely on such information and documents that are available to and specifically known to Hotfile at this time.  It is anticipated that further discovery, independent investigation, and analysis may lead to substantial additions or changes in, and variations from the responses set forth herein.

3.      Hotfile objects to each interrogatory to the extent that it is vague, ambiguous, overbroad, and requires an unduly burdensome search for and production of, documents or information neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and which will result in unnecessary burden and undue expense to Hotfile.

4.      Hotfile objects to each interrogatory to the extent that it seeks disclosure of information or documents protected from disclosure or production by the attorney-client privilege, the attorney work-product doctrine, or any other privilege available under statutory, constitutional or common law.  Inadvertent production of any such information or documents shall not constitute waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents, nor shall inadvertent production waive Hotfile's right to object to the use of any such information or documents in any proceedings.

5.      Hotfile objects to each interrogatory to the extent that it seeks electronically stored information that is not reasonably accessible to Hotfile because of undue burden or cost.

6.      Hotfile objects to each interrogatory to the extent it seeks proprietary information of third parties which Hotfile is not authorized to disclose.  Hotfile reserves its right, notwithstanding the Protective Order issued in this case, to object to production of any private, proprietary, personal, financial, confidential, or other similar information based on any state, federal, or international standards or laws governing privacy.

7.      Hotfile objects to the Definition of "Hotfile users" as vague, ambiguous, and overbroad.  As currently defined, that term purportedly refers to every internet user who has ever

CASE NO. 11-20427-JORDAN

accessed the Hotfile.com website for any purpose, irrespective of whether a given individual has actually downloaded files from or uploaded files to Hotfile.com.  It is impossible for Hotfile to know the identity of every person who has ever accessed the Hotfile website.  To the extent that Plaintiffs' interrogatories seek information regarding or related to all such internet users, such interrogatories are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Hotfile objects to the Definition of "You" as overbroad.  As currently defined, that term would include any entity, business venture, or organization subject to Anton Titov's control (assuming any such entity, business venture or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute.  To the extent that Plaintiffs' interrogatories seek information regarding or related to all such entities, such requests are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9.      Hotfile objects to the Definition of "Hotfile entity" as overbroad.  As currently defined, that term would include any entity, business venture, or organization subject to any Defendant's control (assuming any such entity, business venture, or organization exists), irrespective of whether such entity has any relation or relevance to the present dispute.  To the extent that Plaintiffs' interrogatories seek information regarding or related to all such entities, such requests are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Hotfile will respond to these interrogatories on behalf of themselves, and will produce documents within their possession, custody, or control.

10.     Hotfile objects to the Definition of "Affiliate programs" as overbroad.  As currently defined, that term would include any payment made from Anton Titov, Hotfile Corp., or any entity, business venture, or organization subject to any Defendant's control (assuming such entity, business venture, or organization exists) to any internet user who has ever accessed the Hotfile.com website.  Such an indeterminate definition encompasses a huge range of monetary transactions wholly irrelevant to the present dispute.  To the extent that Plaintiffs'

interrogatories seek information regarding or related to all such transactions, such requests are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

11.     Hotfile objects to each interrogatory to the extent it imposes on Hotfile obligations that exceed or are inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

12.     Hotfile objects to each interrogatory to the extent it imposes on Hotfile obligations that are inconsistent with United States or foreign privacy laws.

13.     All responses to these interrogatories are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve:

    a.      all objections as to the competence, relevance, and admissibility of any documents or information produced in response to interrogatories as evidence for any purpose in subsequent proceedings or at the trial of this or any other action, arbitration, proceeding or investigation;

    b.      the right to object on any ground at any time to the use of any of the documents or information provided in response to these interrogatories, or the subject matter thereof, in any subsequent proceedings or at any trial(s) of this action, or any other action, arbitration, proceeding or investigation; and

    c.      the right to object on any ground at any time to a demand for further responses to these interrogatories or any other interrogatories, or to other discovery proceedings involving or relating to the subject matter of these interrogatories.

14.     The general objections stated herein are incorporated by reference into each response herein, as if fully set forth below.  While Hotfile has responded to these interrogatories, it does so without waiving any right to object to any further inquiry or any effort to compel responses beyond those provided herein.  Any response provided herein is subject to, and limited by, all general and specific objections stated herein.

## RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 13:**

Identify each username, user identification number, email address, screen name, handle, alias, or nickname used by Defendants or any individual identified in response to Interrogatory No. 1 in order to post, communicate, or conduct any activity on:

a) Any online forum or other website that contains discussion pertaining to Hotfile, other document hosting and "locker" websites or online file sharing:

b) Any website that hosts links to files hosted on the Hotfile Website ("a Link Site");

c) Any website that offers the ability to search for files on the Hotfile Website ("a Search Site");

d) Any email or instant message account used for any discussion pertaining to Hotfile; and for each such username, user identification number, email address, screen name, handle, alias, or nickname, identify the forum(s) or website(s) on which it was used.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13(A):**

Hotfile has conducted further investigation in response to this interrogatory and discovered additional responsive information.

Hotfile hereby supplements and amends its previous response. This response supersedes and replaces Hotfile's previous response to this Interrogatory No. 13(a).

**RESPONSE TO INTERROGATORY NO. 13(A):**

Hotfile incorporates by reference its general objections to this interrogatory. Hotfile further objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks identifying information for any Defendant or any individual that has ever worked for Hotfile, regardless of whether such information is related in any way to the present dispute. Plaintiffs' interrogatory is not tailored to getting access to "discussion[s] pertaining to Hotfile" nor is it directed at the accusations of infringement leveled against Hotfile in the present dispute. Rather, this interrogatory appears

designed principally to harass.  Hotfile further objects to this interrogatory as vague, ambiguous, and overbroad in its use of the words and phrases, "ability to search for files on the Hotfile Website," and "conduct any activity."  Hotfile further objects based on rights of privacy both in the United States and abroad.  Hotfile further objects that this interrogatory is compound.

Subject to those general and specific objections, Hotfile responds as follows:  Following a diligent search, Hotfile has located the following responsive information:

http://forums.digitalpoint.com/showthread.php?t=1280370

User:ButcherBoy

http://www.webmasterforums.com/advertise-request/22725-file-hosting-affiliate-program-presentation.html

User:ButcherBoy

http://www.v7n.com/forums/webmaster-marketplace/118865-file-hosting-affiliate-program-presentation.html

User:ButcherBoy

http://forums.linkbucks.com/archive/index.php/t-3984.html

User:ButcherBoy

http://forum.massivelinks.com/topic/8296-earn-money-while-uploading-your-file/

User:ButcherBoy

http://www.freelancer.com/projects/Web-Promotion-Link-Building/Promote-file-hosting-affiliate-program.html

User:ButcherBoy

Hotfile has a Twitter account registered to the email address support@hotfile.com and the name hotfile.com.

Hotfile has produced responsive emails of its personnel and is in the process of collecting and producing the chat logs that it was able to locate following a diligent search.

CASE NO. 11-20427-JORDAN

DATED: November 15, 2011

By: _____

Roderick M. Thompson (admitted *pro hac vice*)
Andrew Leibnitz (admitted *pro hac vice*)
Anthony P. Schoenberg (*admitted pro hac vice*)
Deepak Gupta (admitted *pro hac vice*)
Janel Thamkul (admitted *pro hac vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

And

Janet T. Munn, Fla. Bar No. 501281
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102
Email: jmunn@rascoklock.com

*Counsel for Defendants Hotfile Corp. and Anton Titov*

26501\2740122.1

7

CASE NO. 11-20427-JORDAN

## VERIFICATION

I, Anton Titov, am a Manager of Hotfile Corporation, a defendant in this lawsuit. I make this verification on behalf of said party and on behalf of myself as an individual. I have read the foregoing Defendants' Supplemental Response to Plaintiffs' Interrogatory No. 13(a) and know the contents thereof. To the best of my knowledge, information and belief, the responses set forth therein are true and correct.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed this _13_ day of _Nov_, 2011, in _Sofia, Bulgaria_.

By: _____
Anton Titov

26501\2740122.1                                   11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants*.

_____/

### CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 235 Montgomery Street, 17th Floor, San Francisco, California 94104; my e-mail is ABrown@fbm.com.

I HEREBY CERTIFY that on November 15, 2011, I electronically served the following documents on all counsel of record on the attached Service List via their email address(es).  The documents served on this date are:

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORY NO. 13(a)**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 15, 2011, at San Francisco, California.

_____
Greg George

CASE NO. 11-20427-JORDAN

**SERVICE LIST: CASE NO. 11-CIV-20427-JORDAN**

Karen R. Thorland, Esq.
Motion Picture Association of America, Inc.
15301 Ventura Blvd., Building E
Sherman Oaks, CA 91403
Telephone:     (818) 935-5812
Fax:             (818) 285-4407
Email:  Karen_Thorland@mpaa.org

*Attorneys for Plaintiffs*
*Party Name:   Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**


Duane C. Pozza, Esq.
Luke C. Platzer, Esq.
Steven B. Fabrizio, Esq.
Jenner & Block
1099 New York Avenue, N.W., Ste. 900
Washington, DC 20001-4412
Telephone:     (202) 639-6094
Fax:             (202) 639-6068
Email: dpozza@jenner.com;
lplatzer@jenner.com; sfabrizio@jenner.com

*Attorneys for Plaintiffs*
*Party Name:   Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**


Karen Linda Stetson, Esq.
Gray-Robinson P.A.
1221 Brickell Avenue, Suite 1650
Miami, FL 33131
Telephone:     (305) 416-6880
Fax:             (305) 416-6887
Email: kstetson@gray-robinson.com

*Attorneys for Plaintiffs*
*Party Name:   Disney Enterprises, Inc.,*
*Twentieth Century Fox Film Corporation,*
*Universal City Studios Productions LLP,*
*Columbia Pictures Industries, Inc., Warner*
*Bros. Entertainment Inc.*

**Served via electronic mail by agreement**


BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:     617-928-1800
Fax:             617-928-1802
vgurvitz@bostonlawgroup.com

*Attorney for Defendants*
*Hotfile Corp. and Anton Titov*

**Served via electronic mail by agreement**

CASE NO. 11-20427-JORDAN

Janet T. Munn, Esq.
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone:     (305) 476-7101
Fax:               (305) 476-7102
Email: jmunn@rascoklock.com

*Local Attorney for:     Defendants*
*Party Name:   Hotfile Corp. and Anton Titov*

**Served via electronic mail by agreement**