UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| DISNEY ENTERPRISES, INC., | ) | |
| TWENTIETH CENTURY FOX FILM CORPORATION, | ) | |
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, | ) | |
| COLUMBIA PICTURES INDUSTRIES, INC., and | ) | |
| WARNER BROS. ENTERTAINMENT INC., | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 1:11-cv-20427-AJ |
| | ) | |
| vs. | ) | |
| | ) | |
| HOTFILE CORP., ANTON TITOV, and | ) | |
| DOES 1-10. | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**JOINT REQUEST FOR STATUS AND SCHEDULING CONFERENCE**

The parties respectfully request a scheduling conference with the Court at its earliest convenience to discuss the upcoming trial schedule in light of the Court's docket, the four pending summary judgment motions and several other motions that have been fully-briefed. While the parties are in disagreement regarding the proposed schedule – and the parties' respective positions are separately stated below – they agree that discussion with the Court as soon as can be arranged would be helpful.  The case is presently calendared for a trial during the two week period beginning June 4, 2012, a date set by Judge Jordan last August.  The parties are unclear as to whether it is presently realistic for the Court to proceed with trial on that schedule. The parties would need to begin immediate trial preparation if trial is to proceed as presently scheduled.  As lead counsel reside out of state, the parties respectfully request that the scheduling conference be conducted telephonically, but are of course prepared to appear in court if Your Honor so prefers.  In addition, as discussed below, all parties request that, if possible, the Court order a special trial setting in this action.

**A.**      **Present Trial Schedule.**

Per Judge Jordan's August 30, 2011 scheduling order, trial in this matter is scheduled for the two-week trial calendar beginning on June 4, 2012, with calendar call set for May 29, 2012, and the parties' pre-trial stipulation and proposed jury instructions due May 15, 2012.  *See* Docket No. 133.  Per Fed. R. Civ. P. 26(a)(3), pretrial disclosures would be due no later than 30 days before trial, or by May 4, 2012.  *See* Fed R. Civ. P. 26(a)(3).  Motions *in limine* would be due May 22, 2012, seven days before the May 29, 2012 calendar call.  *See* S.D. Fl. L. R. 16.1(j).  Judge Jordan had not scheduled a pre-trial conference for this case, although per his August 30, 2011 Order, any request for such a conference would be due by April 30, 2012.  *See* Docket No. 133.  Although on the parties' Joint Motion, the Court modified the dates set by Judge Jordan for summary judgment filings per its January 20, 2012 Order, *see* Docket No. 231, the Court declined a request to vacate the trial date at the last status conference in January.  (Tr. 1/13/12, p.16) ("I am going to deny it at this time").  Since then, the parties have completed briefing on four summary judgment motions.

**B.**      **Plaintiffs' Position.**

Plaintiffs believe that the most sensible proposal is for the Court to continue the currently-scheduled trial dates, and then promptly set a status conference upon deciding the four currently-pending summary judgment motions.  Given the number and complexity of the summary judgment motions on file, plaintiffs anticipate that the Court will wish to have more than the few weeks remaining between now and the various pretrial deadlines summarized above in order to decide the motions.  Deferring a status conference until after the Court has had an opportunity to consider and decide the pending summary judgment motions will give the parties, and the Court, the benefit of knowing which issues, if any, remain to be tried, as well as the opportunity to set a trial schedule with the benefit of that knowledge.  In the alternative, Plaintiffs believe that, at a minimum, the Court should adjourn any trial until September 2012, which would give the Court more time to consider and decide the pending summary judgment motions than the current schedule permits, as well as giving the parties greater time to adequately prepare for any trial on the remaining issues.

Plaintiffs believe that this approach makes the most sense in this case in light of the unusually high number of discrete issues and separate summary judgment motions, which –

depending on how they are resolved by the Court – could dramatically shape and alter the scope of any trial on the remaining issues.  Unlike usual cases, where the resolution of a summary judgment motion merely affects whether there will be a trial or not on a set of well-defined issues, there are four different summary judgment motions pending in this matter, and a trial, if any, could take many different forms.  Depending on how the Court resolves the pending motions, a trial could involve:

- A trial on damages only, with the Court already having decided liability issues and defendants' Digital Millennium Copyright Act ("DMCA") defense against both defendant Hotfile Corp.'s ("Hotfile") and defendant Anton Titov ("Titov") through the pending summary judgment motions;

- A trial on Hotfile's liability and/or DMCA defense (and damages), but not Titov's personal liability (either because the Court granted plaintiffs' or Titov's motion for summary judgment as to Titov's personal liability);

- A trial on Titov's personal liability and damages, but not Hotfile's liability or DMCA defense (because the Court granted plaintiffs' motion for summary judgment as to Hotfile);

- A full trial on damages, liability, and the DMCA defense for both Hotfile and Titov, but only for periods preceding the filing of the Complaint in February of 2011 (depending upon the Court's resolution of Hotfile's motion for partial summary judgment for the post-complaint period);

- A full trial on damages and liability for both Hotfile and Titov, but only for periods after the filing of the Complaint in February of 2011;

- A full trial on damages and liability for both Hotfile and Titov for all time periods;

- A trial on Hotfile's counterclaim against plaintiff Warner Bros. Entertainment Inc. on the separate issue of Section 512(f) of the DMCA;

- Any combination of the various possibilities above.

These would each be very different trials involving different scheduling, different evidence, different testimony, different motions *in limine*, different jury instructions, and different witness disclosures.  In addition, each would require a different set of witnesses (none of whom reside in Miami, and some of whom are likely to be from out of the country) to set aside time in their schedule to prepare for testimony and appear at trial.

These circumstances set this case apart from those where the issues at trial are clearly defined in advance.  If the parties were required to prepare for trial without the benefit of the Court's rulings on the four pending summary judgment motions, they would be required to prepare for every possible trial that could result in this case – preparation that plaintiffs respectfully submit would involve unnecessary cost and diversion of resources for both parties. For example, the parties would have to expend resources on motion *in limine* practice briefing the admissibility of evidence at trial, even though the Court's resolution of the summary judgment motions may well moot the issues to which any particular piece of evidence relates. The same would hold true for jury instructions, deposition designations, trial exhibit selection, and virtually every other aspect of trial preparation.

The Court of course has wide discretion to manage its calendar as it sees fit.  *See, e.g.*, *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001); *U.S. v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996).  Under these circumstances – which differ from the usual situation in which the only question is whether or not a trial on a well-defined set of issues will take place – plaintiffs believe it would be a prudent exercise of the Court's discretion to defer a status conference regarding a trial date until after the Court has had the opportunity to consider and decide the summary judgment motions, or at the very least set any trial dates sufficiently far in advance to give the Court time to properly consider and decide the motions well in advance of trial so that the parties can prepare disclosures, witness lists, motions *in limine*, and proposed jury instructions with the benefit of knowing the issues to be tried.

Defendants have suggested that they would prefer to keep the current dates scheduled by Judge Jordan, subject to an accommodation of Plaintiffs' counsel's availability.[1]  One reason given by Defendants' counsel is that the existence of an imminent trial date is conducive to settlement.  While that might be true in the normal case, these parties already have devoted efforts to settlement discussions, including a formal mediation before (retired) Magistrate Judge Infante.  Respectfully, the only realistic prospects for settling this case will occur after the Court

---

[1] Irrespective of the Court's views on Plaintiffs' proposal, Plaintiffs respectfully request that trial not take place the week of June 4, 2012.  Plaintiffs' lead counsel leaves for a long-planned vacation out of the country beginning on June 6, 2012, set long before the current trial schedule. Plaintiffs' counsel has conferred with Defendants' counsel, who agree that, as a courtesy, if acceptable to the Court, the trial can be reset for a date certain in mid-July, beginning Monday, July 16, 2012.

decides the pending summary judgment motions, as both sides have effectively acknowledged. The parties have no plans even to discuss settlement until such time. Forcing both parties to expend unnecessary resources preparing for all possible trials in this case will not further the likelihood of settlement before those motions are resolved. Indeed, in light of defendants' oft-repeated complaint that they cannot afford the cost of continued litigation, plaintiffs would have expected defendants to welcome the opportunity to avoid having to prepare for all conceivable trial possibilities pending the Court's ruling on the summary judgment motions.

Defendants suggest that their opposition to the continuance of the trial is borne of a desire to save litigation costs. But that does not hold true. If the Court adjourns the trial pending resolution of the summary judgment motions, nothing will be happening in this litigation. No costs or fees should be accruing at all. On the other hand, substantial unnecessary costs and fees are likely to be incurred if the parties are pressed to prepare for a trial of unknown dimensions. This is why in almost every comparable online infringement case the courts have set trial dates only after the resolution of summary judgment motions. *E.g.*, *Columbia Pictures Indus., Inc. v. Fung*, No. 06-5578-SVW-JC (C.D. Cal.) (Dkt. #33, 450); *Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936 (KMW) (S.D.N.Y.) (Dkt. #74, 161, 218); *see also Arista Records LLC v. Usenet.com, Inc.*, No. 07-CIV-8822 (HB) (THK) (S.D.N.Y.) (Dkt. #253) (parties ultimately agreed to present issue of statutory damages to court for determination).

**Defendants' Position.**

Defendant Hotfile and Mr. Titov agree that the Court should conduct a scheduling conference at its earliest convenience. All parties and the Court would benefit from knowing whether or not to prepare for the scheduled two-week trial setting beginning in about two months from now on June 4, 2012. As the Court is aware, this case has been tremendously burdensome and costly and Hotfile is a small company of limited resources. For that reason, Hotfile strongly opposes Plaintiff's renewed request to vacate the trial date entirely. Instead, Hotfile respectfully requests that this case be set for trial for a date certain as soon as convenient for the Court's schedule.

Plaintiffs filed this litigation in February 2011. Since then they have adopted a consistent pattern of delaying court-ordered dates thereby prolonging the litigation and increasing expenses. Unlike the Plaintiffs, Hotfile does not have unlimited resources with which to fund its litigation efforts and will clearly lose in a war of attrition. For that reason, at the last status conference in

January, Hotfile objected when Plaintiffs made the same request for an indefinite extension of the trial date they repeat here, and the Court agreed:

> MR. FABRIZIO: Your Honor asked a question about the trial date, and that may help with this. Both sides clearly believe that the Court is going to be able to resolve the majority of these issues, if not all of the issues, on motions for summary judgment. It might make the most sense, and conserve the most resources, if the Court were to set a status conference for immediately after you've decided the summary judgment motions, and if there is anything left to try, then we can set our trial date then, rather than have both sides be preparing for trial while the motions are pending.
>
> MR. THOMPSON: Your Honor, I think you can predict my response, but that is just going to delay things and increase cost. I think we need to have trial date and stick to it.  Parties will resolve things or not, but a firm trial date is a way of doing wonders to get resolutions.
>
> THE COURT: If that's a request, I am going to deny it at this time.[2]

(Tr. 1/13/12, p.16).

Plaintiffs' comments about Defendant's views about settlement are incomplete.  Having a date certain for trial will force the parties to realistically evaluate their cases and to expend the time and effort necessary for trial preparation.  This as well as the Court's rulings on summary judgment should expedite ultimate resolution of the case whether by judgment or settlement.  Contrary to Plaintiffs' assumption, litigation cost containment is the primary motivation behind Hotfile's desire to have an early trial, not the prospect of settlement.

---

[2] Plaintiffs did not mention during this discussion with the Court (or at any time before last week) the conflict with the June 4 trial date raised by their lead counsel's vacation plans.  This is especially puzzling in light of discussion about the schedule of Defendants' lead counsel's son's wedding during that same conference.  Given the Court's and Plaintiffs' counsel's willingness to accommodate that scheduling issue in setting the summary judgment briefing schedule, when advised last week for the first time of Plaintiffs' lead counsel's vacation plans, Defendants expressed a willingness as a courtesy to agree to a short postponement of the June 4 trial date to mid-July provided that was convenient for the Court and, ideally, if the case could be specially set.

Hotfile and Mr. Titov understand the Court's normal practice of setting a trial to begin during a two-week calendar call.  As noted immediately below, however, the parties jointly request that an exception be made for this case.  This accommodation is especially necessary for Hotfile and Mr. Titov, as they reside in Sofia, Bulgaria and must make international travel plans for themselves as well as other potential witnesses.  They sincerely appreciate the Court' s consideration of this request.

**C.      The Parties' Joint Position.**

Regardless of what the Court decides in terms of the scheduling for any trial in this matter, all parties respectfully request that the Court relieve the parties of the customary two-week calendar call for a trial and instead assign dates certain for the start of the trial.  With both sets of lead counsel residing outside the District, a two-week calendar call period would require both sets of counsel to relocate to Miami for the entire two-week period, as well as for the duration of the trial.  While counsel certainly are prepared to abide by the calendar call practice if necessary, if the Court is able to assign a date certain for the start of any trial, that would spare the parties the cost and inconvenience of being on call for two weeks.

CONCLUSION

The parties respectfully request that the Court schedule a telephonic scheduling conference at the Court's earliest convenience.

Dated: April 4, 2012                          Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, Fl 33131
Telephone: (305) 461-6880
Facsimile:  (305) 461-6887

MOTION PICTURE ASSOCIATION            JENNER & BLOCK LLP
 OF AMERICA, INC.                     Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)    Duane C. Pozza (*Pro Hac Vice*)
15301 Ventura Blvd.                   Luke C. Platzer (*Pro Hac Vice*)
Building E                            1099 New York Ave., N.W.

Sherman Oaks, CA 91403
Phone:  (818) 995-6600
Fax:  (818) 285-4403

Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile:  (202) 639-6066

*Attorneys for Plaintiffs*

By:  s/ Janet T. Munn
    Janet T. Munn, Fla. Bar No. 501281
    Rasco Klock
    283 Catalonia Avenue, Suite 200
    Coral Gables, Fl 33134
    Telephone:  305.476.7101
    Telecopy: 305.476.7102
    Email: jmunn@rascoklock.com

    And

    Roderick M. Thompson (admitted *pro hac vice*)
    Andrew Leibnitz (admitted *pro hac vice*)
    Deepak Gupta (admitted *pro hac vice*)
    Janel Thamkul (admitted *pro hac vice*)
    FARELLA BRAUN + MARTEL LLP
    235 Montgomery St.
    San Francisco, CA  94104
    Telephone:  415.954.4400
    Telecopy: 415.954.4480

    *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*

_____/

HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*

_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 4th day of April, 2012, I served the following documents on all counsel of record on the attached service list via the Court's ECF System:

**Parties' Joint Request for Telephonic Scheduling Conference**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and
Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and
Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and
Anton Titov*