# Exhibit 8

| | |
|---|---|
| **From:** | Pozza, Duane [DPozza@jenner.com] |
| **Sent:** | Wednesday, July 06, 2011 6:07 PM |
| **To:** | Leibnitz, Andrew (21) x4932 |
| **Cc:** | Platzer, Luke C; Fabrizio, Steven B; Schoenberg, Tony (28) x4963; Thompson, Rod (27) x4445; Gupta, Deepak (22) x4419; jmunn@rascoklock.com |
| **Subject:** | RE: Hotfile -- Discovery M&C and Warner Bros. documents |

Andy,

If you want to take the position that the meet-and-confer on these requests is now concluded, that is fine – we now consider it concluded. The remaining questions I had were underlined in my email below. In a few places, I stated my understanding of what you are producing, and asked you to let me know if my understanding is not accurate (Requests 5(b) & (m), 5(i)). Given that you have now reviewed my email and your response from last night does not state otherwise, I take it that my understanding in each of those cases is accurate. In a few other places, I have asked whether defendants will produce certain documents (Requests 19, 38, and Interrogatory 8). I will take it from your email that, unless I hear otherwise from you, defendants will not do so. If you receive "client confirmation" that you will produce such documents, then let me know.

In any event, we should be clear that once a motion to compel is timely to file, the plaintiffs will not delay filing for further clarification from defendants on any of these points. My email is relatively detailed on the parties' positions so that there are no surprises if and when we claim that you have not agreed to produce certain documents (if we need to move to compel), or that you have agreed to produce documents (if we don't move, based on our understanding of what you are producing). In many cases, Hotfile has changed its position from its written responses. If there are any misunderstandings to clear up, now is the time to do it – not only because plaintiffs may need to move to compel on some of these requests, but because your document production and our discovery is ongoing.

Aside from your previous commitment to provide a supplemental response to Interrogatory No. 1 last week, given that the Interrogatory response will identify additional potential witnesses, it should be provided as soon as possible. When will it be provided?

Thanks,
Duane

---

**Duane Pozza**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6027
Fax (202) 661-4962
DPozza@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Wednesday, July 06, 2011 12:14 AM
**To:** Pozza, Duane
**Cc:** Platzer, Luke C; Fabrizio, Steven B; TSchoenberg@fbm.com; RThompson@fbm.com; DGupta@fbm.com; jmunn@rascoklock.com
**Subject:** RE: Hotfile -- Discovery M&C and Warner Bros. documents

Duane:

Despite your message, I remain unclear on exactly what you wish to clarify by further meeting-and-conferring. As with Hotfile, Plaintiffs can bring no motion to compel on extended time now. If the Court grants our motion to dismiss, time spent now on Plaintiffs' demand for alternate spellings of witnesses' surnames is not time well spent (even assuming that Hotfile's present answer is insufficient, which is not the case). In any event, we will supplement Hotfile's response to Interrogatory No. 1 to provide additional potential witnesses. As we told you last week, our client was unavailable last week.

Regarding Warner documents, is there a particular type of document giving you concern? As you know, we have been producing thousands of e-mails from Hotfile's e-mail boxes, among other records. Of course, Hotfile's production of Warner-related documents cannot relieve Warner of the obligation to prepare its own witness from its own records and those of its agents. Has Warner completed its production of all documents requested by Hotfile and relating to the subjects addressed in the deposition topics?

As you know, we have met-and-conferred for dozens of hours. Nonetheless, I attempted to review your lengthy e-mail below for areas where there could possibly be any remaining confusion. Our objections and limitations on responses are clearly identified; when we state that we will produce documents "sufficient" to show something, they will be sufficient; Hotfile does not propose to create documents for the purposes of responding to discovery; and our outstanding proposals remain subject to client confirmation. What further questions remain?

Feel free to call me if you have additional concerns.

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law
_____

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

_____

**T** 415.954.4400
**D** 415.954.4932
**F** 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Tuesday, July 05, 2011 8:20 AM
**To:** Leibnitz, Andrew (21) x4932
**Cc:** Platzer, Luke C; Fabrizio, Steven B; Schoenberg, Tony (28) x4963; Thompson, Rod (27) x4445; Gupta,

2

Deepak (22) x4419
**Subject:** RE: Hotfile -- Discovery M&C and Warner Bros. documents

Andy, the Court has not stayed discovery, as you've acknowledged.  The parties are obligated to meet in good faith to attempt to resolve discovery disputes, including by clarifying defendants' responses and attempting to reach compromises.  That is true regardless of whether, or when, we file a motion to compel.  My email seeks clarification on what defendants intend to produce in discovery that is ongoing, and defendants cannot shut down the meet and confer process based on the Court's order.  If defendants will not participate in the meet and confer process, we will notify the Court on Wednesday that defendants are abusing the Court's order to refuse even to discuss resolving discovery disputes.

As just one example of an open question from my email below, you indicated in a meet-and-confer two weeks ago that defendants would produce a supplemental response to Interrogatory No. 1 sometime last week.  We have not received it.  When will this be produced?

Also, you email does not address my question about complete production of Warner Bros. documents – please let me know when defendants expect to complete production of those.

Thanks,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Friday, July 01, 2011 7:26 PM
**To:** Pozza, Duane
**Cc:** Platzer, Luke C; Fabrizio, Steven B; TSchoenberg@fbm.com; RThompson@fbm.com; DGupta@fbm.com
**Subject:** RE: Hotfile -- Discovery M&C and Warner Bros. documents

Duane:

Given that the Court has made our cross motions to compel untimely for now, I'm unclear on what there is to confer about at the present moment.  While I appreciate that you think it inevitable that the Court will deny Hotfile's motion to dismiss, we respectfully disagree.  If your side prevails on the motion, we can pick this up again then.

Regards,
ANDY

> -----Original Message-----
> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Friday, July 01, 2011 3:07 PM
> **To:** Leibnitz, Andrew (21) x4932
> **Cc:** Platzer, Luke C; Fabrizio, Steven B; Schoenberg, Tony (28) x4963; Thompson, Rod (27) x4445; Gupta, Deepak (22) x4419
> **Subject:** RE: Hotfile -- Discovery M&C and Warner Bros. documents
>
> Andy, I am following up again on the questions raised in my email below – please let me know your responses so we can move forward on the remaining discovery.  Additionally, with the Warner Bros. deposition approaching, we need to be clear that all documents related to Warner Bros. are produced with sufficient time for us to review prior to the deposition, as we had discussed when scheduling the early deposition.  We expect that defendants' production would include any communications with Warner Bros. and all special rightsholder account records you believe relate to Warner Bros., as well as any other documents related to the topics in your deposition notice.  We request that you prioritize production of such documents and provide them by the middle of next week.  Please confirm your schedule for producing them.

3

Thanks, and have a good weekend,
Duane

---

**From:** Pozza, Duane
**Sent:** Thursday, June 30, 2011 8:08 PM
**To:** 'ALeibnitz@fbm.com'
**Cc:** Platzer, Luke C; Fabrizio, Steven B; TSchoenberg@fbm.com; RThompson@fbm.com; DGupta@fbm.com
**Subject:** RE: Hotfile -- Discovery M&C

Andy, when do you expect to have a response to the questions remaining from our last meet-and-confer on plaintiffs' discovery requests, which I sent on Monday (copied below)? On our call last Thursday, you proposed attempting to resolve these follow-up issues by email rather than have another call. I am open to that, but we need an obtain an email response to my questions below in order to move forward. Please let me know what you can before the holiday weekend.

Also, when can we expect the next production of responsive documents, and will it include user communications that have not yet been produced and more recent Hotfile termination records that we have requested? You've proposed bringing a summary judgment motion in just over two weeks, yet we still have not received these and other documents directly relevant to opposing your motion.

Thanks,
Duane

---

**From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
**Sent:** Monday, June 27, 2011 2:00 PM
**To:** Pozza, Duane
**Cc:** Platzer, Luke C; Fabrizio, Steven B; TSchoenberg@fbm.com; RThompson@fbm.com; DGupta@fbm.com
**Subject:** RE: Hotfile -- Discovery M&C

Duane:

As we just discussed by phone, the Court's Order of this morning makes further motion(s) to compel by Plaintiffs untimely -- at least until the case passes the pleading stage. Given the immediacy of the deadline set by your e-mail below and the deadline of tomorrow for the Lemuria motion, please let us know Plaintiffs' position as soon as possible.

Regards,
ANDY

> -----Original Message-----
> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Monday, June 27, 2011 10:41 AM
> **To:** Leibnitz, Andrew (21) x4932
> **Cc:** Platzer, Luke C; Fabrizio, Steven B; Schoenberg, Tony (28) x4963; Thompson, Rod (27) x4445; Gupta, Deepak (22) x4419
> **Subject:** RE: Hotfile -- Discovery M&C
>
> Andy, below I have annotated my email setting out the agenda for the rest of the meet and confer on plaintiffs' requests and interrogatories with notes reflecting our most recent discussions (these are indicated in bold and with "6/27"). Please let me know as soon as possible if my understanding of any of defendants' positions below is incorrect. Also, I have

4

underlined points where we need additional follow-up.  Please let me know your response as soon as you can, and no later than end of day tomorrow.

Thanks,
Duane

Interrogatory No. 1: We continue to ask for specific citations to any privacy law that would prevent disclosure of contact information for these individuals, and for identification of the country in which each of these individuals is located.  As I have explained, there is no basis for withholding their contact information.

We still need contact information for Kolev, ▇▇▇▇ and Stallings, the latter of whom may not even be in Bulgaria.  We also need any alternative spellings of names for those individuals whose names are originally in Cyrillic.

Further, as we discussed, defendants' response is incomplete in that it does not identify entities or individuals that have performed work on behalf of the Hotfile Website or provided any service to the Hotfile Website.  While we continue to believe that this request is sufficiently narrow, we can agree to exclude any entities or individuals providing or performing any ministerial work, e.g., secretarial work that does not involve any knowledge of the substantive operation of Hotfile.  We still expect a full response as to individuals or entities performing or providing any other services, including but not limited to billing, receiving payments, making payments, advertising, technical support, maintenance, operational management, user or Affiliate communications, or ISP services.  The response must also include individuals and entities that performed or provided such services in the past (as it is not clear that your current response does so).  Finally, you have agreed to provide actual start dates for those individuals employed "since the beginning of Hotfile."

I have narrowed this request above to address your concern that it is overbroad as to identifying individuals or entities that are providing services for or performing work on behalf of the Hotfile Website. We need confirmation that defendants will respond to the narrowed request, including a full response for each of the services identified.  We also need confirmation that you will include entities performing services (e.g., Hotfile, Ltd. and Lemuria), that you will include past employees and contractors, and that you will include individuals performing work on behalf of any Hotfile Entity.

**6/27:  Defendants will provide a supplemental response this week.  That will include individuals that performed work for or on behalf of Hotfile in the past, and it will include actual start dates.  That will also include identification of additional entities and/or individuals that performed work on behalf of or provided any services to the Hotfile Website.  I have asked whether you still intend to object to identifying any subset of such individuals on grounds that this Interrogatory is overbroad, but defendants have taken the position that we should see what is being provided in the supplemental response.  We need to know your objections and limitations on any response by no later than Tuesday as it is not clear what information is being provided.  You have also indicated that you will provide contact information for Mr. Stallings or indicate that you represent him.  You have stated that you will not provide additional spellings for the individuals listed in the response.**

Request No. 5(a):  While you have objected to producing takedowns sent under foreign laws, in practice you are producing them by producing the "abuse" email box.  We still need to be clear that you are producing records of takedowns received via special rightsholder accounts.  This information is directly relevant to, among other issues, whether Hotfile implemented a repeat infringer policy under the DMCA.

5

We need confirmation that you are producing documents takedowns received via special rightsholder accounts, including very recent takedowns. Additionally, we need confirmation that the other takedowns produced will be effectively current.

**6/27: You have agreed to produce takedowns received via special rightsholder accounts. You have also agreed to timely supplement with more recent takedown information.**

Request No. 5(b) & 5(m): It is still not clear what documents you intend to produce that would be "sufficient" to show all removal, deletion, or disabling of material. Email communications about removing materials, for example, would not be sufficient here, as they do not actually prove that the material was removed. We continue to believe that a complete response is required, particularly in the absence of specific information as to what documents are being provided.

We object to documents only sufficient to show removal of content, and have requested more information about what you intend to provide. In particular, the documents we have requested and that should be produced must show the time at which content was removed for all periods of time for which Hotfile has received notices, in order to determine if Hotfile acted expeditiously in response to takedown notices.

**6/27: Defendants have agreed that the information produced will show the time of takedown. You have provided a non-exhaustive list of documents that will be produced here, including special rightsholder account takedowns, notices, and server log data showing takedowns. However, you have not agreed to produce documents sufficient to show removal of content for reasons other than a copyright takedown, and we are at an impasse on that issue. In addition to what we discussed specifically on our calls I also note that your response here does not include communications about removal of material, but my understanding is that such communications will be produced as part of your general production of communications about Hotfile and agreement to produce documents in response to Requests Nos. 11, 23, and 24. But just to be clear on that, <u>please let me know if that is not accurate, and you intend to withhold any communications related to removal of content on Hotfile.</u>**

Request No. 5(c): You have indicated that Hotfile's entire "support" mailbox will be produced. We need to confirm that both sent and received emails from this mailbox will be included in the production. Further, we need to discuss and understand what other email addresses that Hotfile uses to communicate with users in order to determine whether all responsive documents are being produced (a topic we discussed in connection with Request No. 6 as well). I note that, in addition to email addresses and contact forms available on the Hotfile website, Hotfile has apparently used the email address hotfile.mailbox@gmail.com, and responsive emails from that and other accounts should be produced.

Please be ready to discuss all mailboxes that Hotfile intends to search or produce in their entirety so we can determine if all responsive documents are being produced. We also need confirmation that sent emails will be produced.

**6/27: Defendants continue to refuse to identify all the mailboxes that that are being searched. You have indicated that custodians will be disclosed, that personal email accounts will be searched for responsive documents, and that any responsive sent emails that have been preserved will be produced. You have also indicated that all communications with Hotfile users will be produced.**

Request No. 5(d): You have indicated that we are obtaining all responsive documents, as indicated in response to Request No. 18.

Request No. 5(e) and 5(f): You have indicated that you will produce communications related to Hotfile, and that you believe these communications will encompass documents responsive to these requests. However, I note that these requests call for documents in addition to emails. Hotfile may have relevant documents that are not communications, such as reports about the types of content files, analyses of what content is popular on Hotfile, and analyses what content is most likely to be removed or shared, in response to Request 5(e). It may also have internal analyses of user locations in response to Request 5(f). These kinds of documents should also be produced.

>We need confirmation that documents (including those specified above), and not just emails are being produced.

**6/27: In general, in response to this and other requests where you have indicated communications will be produced, you will also produce responsive Word, PDF, Excel, Powerpoint, and similar documents to the extent that they exist. You have indicated that Hotfile primarily does business through email, not through standalone documents, and you expect very few of those kinds of documents to be produced. However, to be clear, you have indicated that you have asked for all Hotfile-related documents from defendants.**

Request No. 5(g): You have explained that you are not refusing to produce internal emails about reasons that users are attracted to the Hotfile Website. I note here again that the request calls for responsive documents and not just communications. Further, we should be clear that the category of documents to be produced includes documents analyzing, for example, the use of the Hotfile website for storage vs. distribution, the draw for uploaders, the draw for downloaders, and content that attracts users to subscribe.
>We need confirmation that documents and not just emails are being produced, and that they will encompass the topics specified above.

**6/27: The comments on 5(e) and (f) apply here.**

Request No. 5(h): Your response here is still limited to "discussions" of other document hosting or "locker" websites. Again, there may be responsive documents here that are not communications but that should be produced (even in the category of a "discussion"), including analysis of services like Rapidshare that operate as direct competitors of Hotfile, agreements with such sites, and communications with the operators of such sites.
>We need confirmation that documents and not just emails are being produced, and that they will encompass the topics specified above. To be even more specific, I also note that this request encompasses discussions, communications, and analyses regarding the rewards programs of other document hosting sites, including analyses of Rapidshare's termination of its rewards program and analyses of services like filesonic.com.

**6/27: The comments on 5(e) and (f) apply here. You specifically confirmed that discussions about any other document hosting or "locker" sites would be produced.**

Request No. 5(i): As we have discussed, this request extends to all documents related to investors and potential investors. We have discussed that this request encompasses documents such as presentations to potential investors, but it is not limited to such documents. Any communications with or documents about investors would be potentially relevant to Hotfile's business model and operations, and therefore should be produced.
>We need confirmation of what, if any, documents, defendants will produce here.

**6/27: You have confirmed that communications with the three investors will be produced as part of producing communications from custodians. However, defendants refuse to commit**

**to producing any documents about or communications with potential investors.  You have noted that documents about Hotfile's business will generally be produced, but based on defendants' continued objection to this category, it appears that some documents or communications about potential investors are being withheld.  Please let me know if this is not the case.  I have explained that these kinds of documents are highly probative of defendants' business model and we need to move forward to obtain them.**

Request No. 5(j) and 9:  You have indicated that defendants will produce communications with and about Affiliates.  However, to be clear, any documents about the Affiliate program – for example, analyses of the Rewards program, retention of Affiliates, types of websites registered as Affiliates and sending traffic to Hotfile – would also be responsive and should be produced.
    We need confirmation that documents (including those specified above), and not just emails are being produced.

**6/27:  You have agreed to produce communications about the Affiliate program.  As for documents, the comments on 5(e) and (f) apply here.**

Request No. 5(k):  You have agreed to produce communications with and about resellers.  As with the requests above, we need to confirm that documents about the Reseller program will be produced as well.
    We need confirmation that documents and not just emails are being produced

**6/27:  As for documents, the comments on 5(e) and (f) apply here.**

Request No. 5(l):  My understanding is that a complete response will be provided in response to Request No. 21, which should encompass the documents called for by this request.
    Please confirm this understanding.  Additionally, the information you have provided for terminated users to date only extends to May 5, 2011, but we need a supplementation of data for the last month.

**6/27:  You have confirmed, and also agreed to timely supplement this response.**

Request No. 5(n):  You have agreed to produce any document mentioning copyrighted content, as well as Hotfile's abuse mailbox.  Again, the response here cannot be limited to communications – any document mentioning copyright infringement would clearly be relevant and should be produced.  Please confirm whether there are any documents actually being withheld based on any objection here.
    Please confirm as indicated.

**6/27:  You have confirmed that all documents will be produced.**

Request No. 5(o):  Defendants are standing on their objections.

Request No. 6:  As noted above under 5(c), we need to be clear on what email boxes exist and are being produced or searched.  To date, you have indicated that the "abuse" and "support" email boxes are being produced.
    See 5(c).

**6/27:  See the discussion in 5(c).**

Requests No. 7 and 8:  The responses and objections are discussed in relation to Request No. 5, above.

8

Request No. 11:  You have indicated that defendants will produce the "abuse" mailbox, but to be clear, this request includes documents about communications with copyright owners, not just the communications themselves.  Please confirm those documents are also being produced.
Please confirm as indicated.

**6/27:  You have confirmed this understanding.**

Requests Nos. 13 and 14:  You have confirmed that defendants have no substantive objection here.

Request No. 17:  We have narrowed our request regarding database schemas to request table names and headings, and you are investigating whether this can be produced.
Let us know if you will agree to the request as narrowed.  We understand that there are simple queries to output the schema from mysql.

**6/27:  Defendants continue to refuse to produce the request for database schemas as narrowed.  The objection on relevance grounds is unfounded.  The schemas will show what kind of data Hotfile collects about content, users, and activity on the site, and thus are directly relevant, for example, to issues of knowledge and control.  Nor is there any burden to producing the limited data we have requested here, which can be output with simple queries from mysql.  These should be produced.**

Request No. 19:  You have offered to produce Google Analytics reports that have already been run, and we are considering additional reports to request as a way of narrowing this request.
We should discuss whether we can agree to production of reports narrowed as we have suggested.

**6/27:  You have confirmed that any existing Google Analytics reports will be produced.  We have proposed a subset of reports to run in order to satisfy the request for data and reduce any burden on defendants.  Please confirm that defendants will run these reports in order to fully satisfy this request.**

Request No. 28:  You are checking to see whether there are responsive documents for shareholders, principals, officers, and directors to which you are objecting to producing.  While you have objected to producing documents related to agents, the response should include, at a minimum, documents related to any DMCA agent.  Finally, you are checking on the volume of files in response to 28(c) in order for us to address your burden objection (for example, by requesting an initial list of files before production).
We are waiting for information from you on this.

**6/27: You have indicated that you are not withholding any documents for any shareholders, principals, officers, or directors, and you have agreed to check on responsive documents for Hotfile's DMCA agent Luchian.  You are now refusing to produce uploaded and downloaded files, on a meritless SCA objection.  I have separately emailed you about that, urging you to reconsider, as production of such files from the possession of employees is not barred even under defendants' theory of the SCA in the pending motion to compel.  Further, your response indicates that uploaded files will be produced; if you are purporting to change your position, you should serve an amended response.  As for downloaded files, your position here has also changed, as you now indicate the burden is searching for such files using the log data, not the "cost of production."  There also should be no such burden given that the individuals listed in Interrogatory No. 1 are in the possession of that information.  And defendants have made no**

9

SCA objection as to producing downloaded files and cannot stand on this objection. In short, we are entitled to these documents.

Request Nos. 29, 30: You are standing on your objections to date. We discussed whether documents would be produced in response to different subparts of Request No. 31 and need to discuss that in more detail on our next call.

As noted, we need to discuss documents to be produced in response to different subparts of Request No. 31.

**6/27: You have indicated that you will provide agreements and contracts between Hotfile Entities, documents sufficient to show that Hotfile, Ltd. is a wholly owned subsidiary of Hotfile Corp., and any communications related to Hotfile's corporate form. However, we still need documents showing the provision of services by Hotfile Entities to each other and each Hotfile Entity's role in operating Hotfile – documents that would include, for example, agreements with third parties to perform Hotfile-related services. Thus, the response remains incomplete unless defendants can commit to providing additional documents.**

Interrogatory No. 3 – The response is incomplete, as we have sought information related to any website or online business that defendants operate, not just "file hosting" and linking services. Other online ventures may be relevant to defendants' intent and knowledge of infringement.

**6/27: You are investigating whether Hotfile Corp. operates any other online ventures, but have not yet agreed to provide supplemental information. Otherwise, defendants are standing on their objections and the parties are at an impasse.**

Interrogatory No. 4 – As we have discussed, the requested information regarding individuals with whom defendants have had discussions regarding financing for any Hotfile Entity is relevant to identifying individuals with relevant knowledge.

**6/27: I explained above in response to 5(i) that defendants' objection to identifying potential investors is meritless. Defendants are standing on their objections and the parties are at an impasse.**

Interrogatory No. 5 – The response is incomplete, as it omits individuals whom defendants provided earnings in the past or promised to provide earnings to, omits individuals who have received earnings related to Hotfile from entities other than Hotfile Corp., and omits additional information about the nature, amount of timing of such payments. Again, the response is relevant in part to identify individuals with knowledge of relevant facts, and a full response should be provided.

**6/27: You are following up on whether Hotfile Corp.'s earnings accrued to anyone else in the past.**

Interrogatory No. 7 – We have discussed this briefly but should separately discuss objections to providing any information regarding Titov's income related to Hotfile.

**6/27: As we discussed, this Interrogatory, as well as the rest of Request No. 15 and 34, seek documents primarily related to damages, discovery on which both parties seek to postpone.**

Interrogatory No. 8 – The response is incomplete, as it lists only non-U.S. resellers. Further, the definition of "identify" requires listing of full contact information. To the extent that Hotfile has

10

such information, it must be provided – it is not sufficient merely to point to the entities listed on the website.

**6/27: You are investigating whether there is any additional information than that listed on the website address you provided. If so, it should not be burdensome to produce. Please confirm whether defendants have this information and will be producing it.**

Interrogatory No. 10 – It is not sufficient here to identify documents in order to respond to this interrogatory. In fact, the documents you have produced to date illustrate why further explanation is required to fully respond to this interrogatory:

- In the documents produced, many of the reasons for which users were terminated or suspended are unclear, making it difficult to discern "the specific reason(s) therefore" as requested in Interrogatory No. 10(a). Examples of ambiguous reasons for suspension listed on the spreadsheet include 'CP', 'cheater checks', 'dwld cheat', 'scam', 'shared', 'moron cheat', 'traffic', 'nazi', 'G2S'.
- The users are identified on the spreadsheet only by an ID number – the document does not provide usernames or geographic locations for any users as requested in Interrogatory No. 10(c).
- There is a group of user IDs listed at the end of the spreadsheet for which no 'reason' or 'date' is provided.

**6/27: As we discussed, we continue to believe that we are entitled to an explanation of the reasons given for termination in the documents produced, including an explanation as to why no reason or date is provided for some termination. It is not sufficient to point to an ambiguous document when the Interrogatory calls for a specific response. And it should not be burdensome to provide a full response.**

On Request No. 32, we need to meet and confer regarding the blanket refusal to provide any documents regarding Lemuria, notwithstanding that in our conversations regarding Lemuria, you have suggested that discovery should be sought from Hotfile rather than Lemuria.

**6/27: You confirmed that any emails in Titov's possession about Lemuria would be produced. The issues of producing all contracts and agreements between Lemuria and a Hotfile Entity and producing all documents about financial arrangements are also being discussed between plaintiffs and Lemuria.**

On Request No. 33 & Interrogatory No. 11, we should discuss defendants' blanket objection to information and documents related to defendants' connection to Florida in light of defendants' repeated statements of intent to file a motion to transfer venue, and the relevance of as subset of this information to damages.

**6/27: You confirmed that defendants no longer intend to file a motion to transfer venue.**

Request No. 34 relates to defendants' assets and is similar to Request No. 15, which we have already discussed, but we should be clear whether defendants have separate objections here.

Regarding Request No. 35, we should be clear on whether defendants are limiting their response based on the definition of a "Hotfile Entity," in order to ensure that we are receiving all responsive documents.

**6/27: As discussed in a separate email exchange, for this and other requests, defendants are producing documents in their possession, custody, and control, but not identifying which documents are in the possession of Hotfile, Ltd. but not one of the defendants.**

Finally, we should meet and confer regarding defendants' blanket refusal to produce what are clearly relevant documents in response to Request No. 38.

**6/27: Defendants continue to refuse to produce documents that are plainly relevant. At the end of the call, you asked if we would be willing to accept just the settlement agreements in satisfaction of this request. We are considering that, but <u>please clarify whether that is a firm offer</u>.**