# Exhibit 13

| | |
|---|---|
| **From:** | Fabrizio, Steven B [SFabrizio@jenner.com] |
| **Sent:** | Thursday, February 02, 2012 1:35 PM |
| **To:** | Leibnitz, Andrew (21) x4932; Pozza, Duane; Platzer, Luke C |
| **Cc:** | Thompson, Rod (27) x4445; Schoenberg, Tony (28) x4963; jmunn@rascoklock.com |
| **Subject:** | RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code |

Andy, seriously, if you have this much time on your hands you can just work on one of your other cases.  The answer to your question is right in the rule you cite:  "subpoenas seeking the production of documents
must be served in sufficient time that *the response is due* on or before the discovery cutoff date."  The rule does not say that the production must be made/completed before the cutoff.  It says that the subpoena must be served in sufficient time so the response is due before the cutoff.  Our subpoena to Google clearly was.  The rule plainly contemplates that litigation to enforce a subpoena could take place after the cutoff, as long as the subpoena was served so that the response was due before the discovery cutoff.

Apart from the fact that this is what the rule clearly says, no other rule would be sensible.  Where else would you draw the line?  You serve a subpoena 30 days before discovery cutoff but are still engaged in meeting and conferring up to the cutoff?  In your world, does that mean you are done, and the subpoena recipient has successfully stalled to the deadline?  What if you file a motion two weeks before the cutoff to enforce, but the rules on briefing are such that the motion will not even be fully briefed until a month after the cutoff?  Does that mean enforcement is precluded?  What if a court takes several weeks to decide a motion?  In your world a subpoena would have to be served 2-3 months before the discovery cutoff.  Rule 26.1(f) makes clear that is not the rule.

So now I have indulged your procedural question.  Now indulge our merits question.  ***Other than the timing***, what is your objection to consenting to Google producing basic Google Analytics data?

SBF

> **From:** ALeibnitz@fbm.com [mailto:ALeibnitz@fbm.com]
> **Sent:** Thursday, February 02, 2012 4:07 PM
> **To:** Pozza, Duane; Platzer, Luke C
> **Cc:** RThompson@fbm.com; Fabrizio, Steven B; TSchoenberg@fbm.com; jmunn@rascoklock.com; ALeibnitz@fbm.com
> **Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code
>
> Steve:
>
> Can you also explain how Plaintiffs' current demands on Google do not violate Local Rule 26.1(f), reproduced below?

**(f) Completion of Discovery.** Discovery must be completed in accordance with the court-ordered discovery cutoff date. Written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law
**Farella Braun + Martel LLP**
415.954.4932

---

**From:** Leibnitz, Andrew (21) x4932
**Sent:** Thursday, February 02, 2012 12:47 PM
**To:** 'Pozza, Duane'; Schoenberg, Tony (28) x4963; 'Platzer, Luke C'
**Cc:** Thompson, Rod (27) x4445; 'Fabrizio, Steven B'; 'Janet Munn (jmunn@rascoklock.com)'
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code

Steve:

I received an out-of-office response from Duane.  Can you please tell us who on your side will respond to our questions in his absence?

Regards,
ANDY

**N. Andrew Leibnitz**
Attorney at Law
**Farella Braun + Martel LLP**
415.954.4932

---

**From:** Leibnitz, Andrew (21) x4932
**Sent:** Thursday, February 02, 2012 12:45 PM
**To:** 'Pozza, Duane'; Schoenberg, Tony (28) x4963; Platzer, Luke C
**Cc:** Thompson, Rod (27) x4445; Fabrizio, Steven B; Janet Munn (jmunn@rascoklock.com)
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code

Duane:

For our authority, we rely upon the Scheduling Order, which states that all fact discovery closed on December 23, 2011.  We also rely upon Local Rule 26.1(h).

What is your authority for continuing to pursue discovery from a third party six weeks after the close of discovery?

Regards,

2

ANDY

**N. Andrew Leibnitz**
Attorney at Law
**Farella Braun + Martel LLP**
415.954.4932

---

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Thursday, February 02, 2012 12:01 PM
**To:** Schoenberg, Tony (28) x4963; Platzer, Luke C
**Cc:** Thompson, Rod (27) x4445; Leibnitz, Andrew (21) x4932; Fabrizio, Steven B
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code

Tony, I don't know of any authority that we cannot obtain documents in response to a subpoena that was valid when issued.  If you have any, please let us know.  I don't see how defendants would be in any position to complain about this generally, and certainly not when defendants themselves produced a factual (not expert) affidavit we had never seen, dated Jan. 19, 2012, at Mr. Zebrak's deposition.  Is it your position that production of this was untimely as well?

Regards,
Duane

---

**From:** TSchoenberg@fbm.com [mailto:TSchoenberg@fbm.com]
**Sent:** Thursday, February 02, 2012 2:35 PM
**To:** Pozza, Duane; Platzer, Luke C
**Cc:** RThompson@fbm.com; ALeibnitz@fbm.com; Fabrizio, Steven B
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code

The subpoena is no longer enforceable.  We are aware of no legal authority either in the federal or local rules that would allow you to enforce a third-party subpoena -- served on the eve of the fact discovery cut-off – more than a month after that cut-off date.  If you are aware of any such authority, please provide it to us.

**Anthony P. Schoenberg**
Attorney at Law
_____

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

_____

**T** 415.954.4400
**D** 415.954.4963
**F** 415.954.4480
www.fbm.com

---

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Thursday, February 02, 2012 11:30 AM
**To:** Schoenberg, Tony (28) x4963; Platzer, Luke C
**Cc:** Thompson, Rod (27) x4445; Leibnitz, Andrew (21) x4932; Fabrizio, Steven B
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code

Tony, the subpoena is clearly enforceable – it was served before the discovery cut-off with a response date before the cut-off.  We served defendants with notice of the subpoena, so it is hardly a surprise.  I have no issue forwarding you Google's objections if you did not already receive a copy, and you are free to contact them (google-legal-support@google.com).  However, we should be clear that you are not entitled to interfere with our discussions with them for production of documents in response to the subpoena.  Google is a third party with clearly responsive data in its possession.  My question to you is narrow: do you have any substantive objection to the production of that data by Google?  I don't see any basis for one in any of the meet-and-confers we had.  If Hotfile had this referral data itself, it would have been produced.  Indeed, any objection now would seem to be trumped up, given that the subpoena response date was December 14, which came and went without any objection on your end.  Please let me know.

Regards,
Duane

---

**From:** TSchoenberg@fbm.com [mailto:TSchoenberg@fbm.com]
**Sent:** Thursday, February 02, 2012 2:06 PM
**To:** Pozza, Duane; Platzer, Luke C
**Cc:** RThompson@fbm.com; ALeibnitz@fbm.com; Fabrizio, Steven B
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code

Without addressing the substance of the Google subpoena, we object given the close of discovery on December 23.  Please confirm that you have told Google that the subpoena is not enforceable, and please let us know who your contact is at Google so we can so advise him or her of our position.  Also, did you produce your communications with Google?

**Anthony P. Schoenberg**
Attorney at Law
_____

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

_____

**T** 415.954.4400
**D** 415.954.4963
**F** 415.954.4480
www.fbm.com

---

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Thursday, February 02, 2012 10:43 AM
**To:** Platzer, Luke C; Schoenberg, Tony (28) x4963
**Cc:** Thompson, Rod (27) x4445; Leibnitz, Andrew (21) x4932; Fabrizio, Steven B
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code

Tony,
The notice for the Google subpoena was served on December 5.

Regards,
Duane

4

**From:** Platzer, Luke C
**Sent:** Thursday, February 02, 2012 1:32 PM
**To:** TSchoenberg@fbm.com; Pozza, Duane
**Cc:** RThompson@fbm.com; ALeibnitz@fbm.com; Fabrizio, Steven B
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code

Tony:

Duane will email you regarding the referrer data. With respect to the deficiencies in the source code production, however, we are complying in full with the protective order and its protocols, and nothing about the fact that Duane sent the email alerting you of those deficiencies should "raise[] a concern" otherwise.

Seeing as how this production was ordered to be completed Monday and it is now Thursday, please let us know Hotfile intends to get its corrected production to us immediately. In light of the delay, we urge Defendants to make the files available via an FTP accessible to the source code custodian.

Regards,
Luke

---

**From:** TSchoenberg@fbm.com [mailto:TSchoenberg@fbm.com]
**Sent:** Thursday, February 02, 2012 12:33 PM
**To:** Pozza, Duane
**Cc:** RThompson@fbm.com; ALeibnitz@fbm.com; Fabrizio, Steven B; Platzer, Luke C
**Subject:** RE: Disney Enterprises, Inc. v. Hotfile Corp. - source code

Duane,

Hotfile discovered last night (before you raised this issue this morning) that a few files were inadvertently omitted from the source code production. Hotfile has provided the files to us and we were planning to produce them today, which we will do. Accordingly, there is no need for threats of contempt proceedings or sanctions, which in any event is not the most productive way to begin a meet and confer discussion.

The fact that this email is coming from you rather than Luke, who is your designated Source Code Custodian under the Protective Order, raises a concern on our end about your compliance with the Protective Order. Will you please confirm that only Luke and your experts are accessing the source code (and are doing so in compliance with the protocols set forth in the Protective Order)?

We are unclear on what subpoena is outstanding to Google. Will you please specify what you are referring to.

Regards,
Tony

**Anthony P. Schoenberg**
Attorney at Law
_____

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

_____

**T** 415.954.4400
**D** 415.954.4963
**F** 415.954.4480
www.fbm.com

---

**From:** Pozza, Duane [mailto:DPozza@jenner.com]
**Sent:** Thursday, February 02, 2012 6:30 AM
**To:** Schoenberg, Tony (28) x4963
**Cc:** Thompson, Rod (27) x4445; Leibnitz, Andrew (21) x4932; Fabrizio, Steven B; Platzer, Luke C
**Subject:** Disney Enterprises, Inc. v. Hotfile Corp. - source code

Tony,

Defendants' production of source code in response to the Magistrate Judge's order is plainly deficient.  I understand that there are fewer than 10 excerpts of files that were produced.  It is evident that defendants have withheld certain versions of revisions, as well as other portions of code critically related to the portions that were produced.  Here again is what was required to be produced – the proposed order that I read into the record at the hearing itself:

[A]ny and all portions of Hotfile's source code files (including in-file programmer comments), source code revision history, or
source code management system check-in comments that refer to, relate to, or are used for
Hotfile's processes for disabling files or URL links in response to takedown notices, or its
processes for using "hash" information to prevent or block specific subsequently uploaded files
from being available for download.

If defendants do not reconsider and comply with the Order, we will move to enforce it.  At this point in the litigation and in light of the Judge's order, we may seek contempt and a production of all source code so that defendants cannot further evade compliance (as well as attorneys' fees).  We would like to discuss this today.  Please let Luke and myself know a time that will work.

On a related note, as you know, we have an outstanding subpoena to Google for "Referral Traffic" reports for Hotfile.  In our previous discussions of Hotfile's evidence of referral traffic, defendants have not objected to producing this kind of referral data, but instead claim they do not have it.  Can you confirm that defendants have no objection to Google producing this data?

Thanks,
Duane

---

**Duane Pozza**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6027
Fax (202) 661-4962
DPozza@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP