UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF


DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.

_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.

_____/


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS
HOFILE CORPORATION AND ANTON TITOV'S SECOND MOTION TO STRIKE
THE DECLARATION OF JENNIFER V. YEH**


**PUBLIC REDACTED VERSION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

CITATION LEGEND ....................................................................................... v

ARGUMENT ............................................................................................... 1

I.    Takedown Notices Sent by the Plaintiffs and Others to the Defendants are Admissible. .... 1

II.   Plaintiffs' Summary Chart Is Admissible. ............................................................. 6

III.  The Evidence Regarding Other Copyright Infringers Is Relevant And Otherwise
      Admissible. ........................................................................................... 8

IV.   The Translations of Emails From Bulgarian to English are Admissible. ............................ 9

V.    The Yeh Declaration Establishes Personal Knowledge. .................................................. 11

CONCLUSION ............................................................................................. 12

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A&M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) ...............................................................................7, 8

*Adams v. Ameritech Services, Inc.*, 231 F.3d 414 (7th Cir. 2000).................................................9

*Agfa-Gevaert, A.G. v. A.B. Dick Co.*,
   879 F.2d 1518 (7th Cir. 1989) ...............................................................................7, 12

*Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Management L.P.*, 435
   F.3d 396 (3d Cir. 2006).................................................................................................8

*Carbomedics, Inc. v. ATS Med., Inc.*, No. 06-cv-4601 (PJS/JJG), 2008 U.S. Dist. Lexis
   106636 (D. Minn. April 16, 2008)...............................................................................10

*Columbia Pictures Indus. v. Fung*,
   Case No. 06-5578, 2010 U.S. Dist. LEXIS 91169 (C.D. Cal. May 20, 2010) .........8

*Daily Herald Co. v. Munro*,
   758 F.2d 350 (9th Cir. 1984) .......................................................................................7

*Davis ex rel. Davis v. Houston County*, Case No. 1:06-cv-953-MEF, 2008 U.S. Dist.
   LEXIS 10767 (M.D. Ala. Feb. 13, 2008) ...................................................................3

*Davis v. Speechworks International, Inc.*, No. 03-cv-0533S(F), 2006 U.S. Dist. LEXIS
   71705 (W.D.N.Y. Sept. 29, 2006)...............................................................................11

*Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, 594 F.
   Supp. 2d 97 (D. Me. 2009) .........................................................................................10

*FDIC v. Stahl*, 89 F.3d 1510 (11th Cir. 1996).............................................................................6

*In re Take-Two Interactive Sec. Litig.*,
   551 F. Supp. 2d 247 (S.D.N.Y. 2008).........................................................................5

*Interplan Architects, Inc. v. C.L. Thomas, Inc.*,
   Civ. A. No. 4108-cv-03181, 2010 U.S. Dist. LEXIS 114306 (S.D. Tex. Oct. 27, 2010).........7

*Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 441 n.19 (D.N.J. 1999)...................................10

*Lil' Joe Wein Music, Inc. v. Jackson*, 245 F. App'x 873 (11th Cir. 2007) ...................................9

*Macuba v. Deboer*, 193 F.3d 1316 (11th Cir. 1999)........................................................................2

*Pace v. Capobianco*,
    283 F.3d 1275 (11th Cir. 2002) .................................................................................12

*Range Road Music, Inc. v. East Coast Foods, Inc.*,
    668 F.3d 1148 (9th Cir. 2012) ....................................................................................7

*Stromback v. New Line Cinema*,
    384 F.3d 283 (6th Cir. 2004) ......................................................................................7

*United States ex rel. WFI Georgia, Inc. v. Gray Insurance Co.*, 701 F. Supp. 2d 1320
    (N.D. Ga. 2010), *aff'd*, No. 10-15519, __ F. App'x __, 2011 WL 6412090 (11th Cir.
    Dec. 21, 2011).............................................................................................................2

*United States v. Al-Moayad*,
    545 F.3d 139 (2d Cir. 2008).........................................................................................4

*United States v. Blackstone*, 56 F.3d 1143 (9th Cir. 1995)...................................................

*United States v. Briscoe*, 896 F.2d 1476 (7th Cir. 1990)...............................................10

*United States v. Bueno-Sierra*, 99 F.3d 375 (11th Cir. 1996).........................................2

*United States v. Caldwell*, 776 F.2d 989 (11th Cir. 1985)...............................................4

*United States v. Dadanovic*, 2010 U.S. Dist. LEXIS 95411 (E.D. Ky. Sept. 13, 2010)...............10

*United States v. Fields*,
    483 F.3d 313 (5th Cir. 2007) ......................................................................................9

*United States v. Francis*,
    131 F.3d 1452 (11th Cir. 1997) ...............................................................................6, 7

*United States v. Gordon*, Case No. 8:10-cv-0580-T-23EAJ, 2010 U.S. Dist. LEXIS
    117804 (M.D. Fla. Oct. 15, 2010)................................................................................3

*United States v. Hawkins*,
    905 F.2d 1489 (11th Cir. 1990) ...................................................................................4

*United States v. Liddell*, 64 F. App'x 958 (6th Cir. 2003)...........................................10

*United States v. Rivera-Soto*, No. 11-11220, 2011 U.S. App. LEXIS 22256 (11th Cir.
    Oct. 31, 2011) ..............................................................................................................2

*United States v. Wazny*,
    448 F. App'x 47 (11th Cir. 2011) ...............................................................................4

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2010),
    *cert. denied*, 131 S. Ct. 3055 (2011)............................................... ...........................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(c)(2)............................................................................................1

Fed. R. Evid. 106.................................................................................................5, 12

Fed. R. Evid. 602...................................................................................................12

Fed. R. Evid. 803(6)................................................................................................2

Fed. R. Evid. 901....................................................................................................4

Fed. R. Evid. 1006...............................................................................................6, 7

## CITATION LEGEND

1.     "Yeh Decl." shall refer to the Declaration of Jennifer V. Yeh in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, filed March 7, 2012, available publicly at Docket No. 400.

2.     "Mot." shall refer to Defendants' [Second] Motion and Memorandum of Law to Strike the Declaration of Jennifer V. Yeh Filed in Support of Plaintiffs' Opposition to Defendant Anton Titov's Motion for Summary Judgment and to Defendant Hotfile Corp.'s Motion for Partial Summary Judgment, filed March 19, 2012, available at Docket No. 371.

3.     "Yeh Opp. Decl." shall refer to the attached Declaration of Jennifer V. Yeh in Support of Plaintiffs' Opposition to Defendants Hotfile Corporation and Anton Titov's Second Motion to Strike the Declaration of Jennifer V. Yeh.

4.     "Pls. Mot." shall refer to Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov, filed February 17, 2012, available publicly at Docket No. 322.

5.     "DSUF" shall refer to specific paragraph numbers in Defendants' Statement of Undisputed Material Facts in Support of the Motion of Defendant Hotfile Corporation for Partial Summary Judgment Based on the Digital Millennium Copyright Act Safe Harbor, filed February 17, 2012, available publicly at Docket No. 319.

6.     "Pls. Opp. to Defs. Mot. for Partial Summary Judgment" shall refer to the Memorandum of Law in Opposition to Hotfile Corporation's Motion for Partial Summary Judgment Based on the Digital Millennium Copyright Act Safe Harbor, filed March 7, 2012, available publicly at Docket No. 400.

7.     "Pls. Opp. SUF" shall refer to specific paragraph numbers of uncontroverted facts in Plaintiffs' Counterstatement of Material Facts in Opposition to Hotfile's Motion for Partial Summary Judgment Based on the Digital Millennium Copyright Act Safe Harbor, filed March 7, 2012, available publicly at Docket No. 398.

8.     "Pls. Reply" shall refer to the Reply Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment, filed under seal on March 19, 2012.

9.     "Pls. Opp. to Defs. [First] Mot. to Strike Yeh Decl." shall refer to Plaintiffs' Memorandum of Law in Opposition to Defendants Hotfile Corporation and Anton Titov's Motion to Strike the Declaration of Jennifer V. Yeh, filed under seal on March 21, 2012.

10.     "Foster Decl." shall refer to the Declaration of Dr. Ian Foster in Support of Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov, filed February 17, 2012, available publicly at Docket No. 325-17.

As with their first motion to strike, defendants Hotfile Corp. and Anton Titov ("defendants") in their latest motion seek to strike all of the evidence attached to an attorney declaration.  And as with the previous motion, defendants' objections – most of which are identical to those raised in their previous motion – are meritless.  Defendants seek to strike the declaration of Jennifer Yeh submitted in support of Plaintiffs' Opposition to Defendants Motion for Partial Summary Judgment ("Yeh Decl.").  *See* Defendants' Second Motion to Strike, Docket No. 371 ("Mot.").  The Court should deny the motion in its entirety.

## ARGUMENT

## I.     Takedown Notices Sent by the Plaintiffs and Others to the Defendants are Admissible.

Defendants seek to strike six emailed takedown notices attached to the Yeh Declaration. *See* Yeh Exs. 141-42, 147-150.  In the course of Hotfile's history, plaintiffs have sent tens of thousands of similar emailed takedown notices to Hotfile, requesting the takedown of over a million infringing files.

Defendants, in their motion for partial summary judgment, claimed that they are a model of DMCA compliance.  *See* DSUF ¶ 17 (Defendants' claim that "Hotfile typically removes files identified in an email or online DMCA notice within 48 hours").  In order to show that defendants' claims are exaggerated, plaintiffs attached to their opposition to defendants' motion illustrative "follow-up" notices, showing that Hotfile received takedown notices requesting the takedown of files that had already been noticed previously.  *See* Pls. Opp. SUF ¶ 17 (citing Yeh Exs. 141-42, 147-50).  As plaintiffs noted, while defendants' claimed "fact" is not material because defendants' "typical" practice is irrelevant, there are numerous examples of repeat takedown notices that were sent because defendants had failed to remove the infringing content in response to the initial notice.  In fact, while the defendants assert several (baseless) reasons why these notices should not be admitted on summary judgment, they do not contest the accuracy of the notices themselves.

Defendants first allege that the takedown notices are inadmissible because they are hearsay.  Mot. at 2.  This is incorrect for a number of independent reasons.  The truth of the statements in the takedown notices are admissible on summary judgment, for two reasons.

First, the standard for admissible evidence on summary judgment is not that the evidence submitted must be admissible at trial in the precise form presented to the Court, but rather that the content may be admissible, even if presented in another form.  *See* Fed. R. Civ. P. 56(c)(2)

(evidence may be excluded only if "a fact *cannot* be presented in a form that would be admissible in evidence") (emphasis added); *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999) ("[A] district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form.'") (citations omitted).  Here, the plaintiffs could, and as necessary would, call witnesses who have personal knowledge of the takedown notices sent by the plaintiffs to testify to the accuracy of the repeat takedown notices and the practice of sending such notices because defendants failed to takedown infringing content within 48 hours.  *See, e.g.*, *United States ex rel. WFI Ga., Inc. v. Gray Ins. Co.*, 701 F. Supp. 2d 1320, 1333 (N.D. Ga. 2010) ("The information in the emails could also be admitted through the testimony of their authors"), *aff'd*, No. 10-15519, __ F. App'x __, 2011 WL 6412090 (11th Cir. Dec. 21, 2011).[1]

Second, the Plaintiffs' takedown notices (Yeh Exs. 141, 147-50) are records of regularly conducted activity and thus qualify as an exception to the hearsay rule.  *See* Fed. R. Evid. 803(6); *see also United States v. Rivera-Soto*, 2011 U.S. App. LEXIS 22256, at *2 (11th Cir. Oct. 31, 2011) ("Under Federal Rule of Evidence 803(6), business records are not excluded as hearsay if they are kept in the course of a regularly conducted business activity, and if it was the regular practice of the business activity to make the records, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification.") (quoting Rule 803(6)); *United States v. Bueno-Sierra*, 99 F.3d 375, 379 (11th Cir. 1996) ("To satisfy Rule 803(6), ... the proponent must establish that it was the business practice of the recording entity to obtain such information from persons with personal knowledge and the business practice of the proponent to maintain the records produced by the recording entity."); *United States ex rel. WFI Ga.*, 701 F. Supp. 2d at 1333 (finding that "emails generally purport to be sent to or from parties to this litigation or other relevant individuals" were business records admissible under Rule 803(6)).  In this case, the plaintiffs routinely – indeed, daily – generated and sent these takedown notices as records of infringing content identified on Hotfile.

---

[1] The follow-up takedown notices are further admissible to show that Hotfile was on notice, based on complaints both from Plaintiffs and from other copyright owners, of this issue.  *See, e.g.*, Yeh Ex. 142.

The defendants argue, however, that "[p]laintiffs did not offer any of the corroborating testimony required to prove" the exception.  Mot. at 2, n.1.  Not true.  The proper foundation was plainly established through the deposition testimony of the plaintiff witnesses, who were questioned extensively about the routine practice of sending takedown notices to Hotfile – as well as questioned, by defendants, about their sending "follow-up" notices to Hotfile specifically.  *See*, *e.g.,* Yeh Opp. Ex. A (Griffin dep.) at 28:2-21 (notice and takedown program consists of locating content and "sending notices on that content" including DMCA notices); ███ ███████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ *id*. at 46:24-47:5 ("thousands" of DMCA notices sent to Hotfile); ██████████████████████████████████████████ █████████████████████████ *d*. at 51:15-25 (Disney sent Hotfile "follow-up notices on many files"); *id*. at 68:20-70:15 (questioning Disney on follow-up notice).[2]

Notwithstanding the foundations laid by the deposition testimony, a court may consider a document on summary judgment because it appears on the face of the document to meet the business records exception.  S*ee, e.g., Davis ex rel. Davis v. Houston County*, No. 1:06-cv-953-MEF, 2008 U.S. Dist. LEXIS 10767, at *9 (M.D. Ala. Feb. 13, 2008) (holding that "a court can consider unauthenticated evidence at the summary judgment stage, over an objection, when it is apparent that the evidence can be reduced to admissible, authenticated form at trial."); *United States v. Gordon*, No. 8:10-cv-0580-T-23EAJ, 2010 U.S. Dist. LEXIS 117804, at *7 (M.D. Fla. Oct. 15, 2010) (holding that the "[witness's] ability to authenticate the declaration is not in serious doubt, and it would be admissible once properly authenticated.").  In *Davis*, the court analyzed on business records grounds a medical record that had not been otherwise authenticated.  *Davis*, 2008 U.S. Dist. LEXIS 10767, at *8-9.  However, the Court reasoned that "[o]n the face of the record, there is nothing that indicates the record is unusual or not kept in the

---

[2] *See also* Yeh Opp. Ex. B (Zedek dep. ██████████████████████████████████ ████████ *d*. at 29:6-30:7 (communications between Hotfile and antipiracy vendors primarily consist of takedown notices and responses); *id*. at 61:25-62:24 (takedown notices to Hotfile sent through email); Yeh Opp. Ex. C (Kaplan dep. (Dec. 2011)) at 16:5-16 (Warner sent email notices to Hotfile to notify them of infringing content); *id*. at 22:8-20 (majority of emails between Hotfile and Warner consisted of takedown notices); *see also* Yeh Opp. Ex. D (Bentkover dep.) at 76:2-77:10 (Warner and its vendor OpSec looked for infringing content on Hotfile).

ordinary course of business," and therefore it could be considered on summary judgment.  *Id.* at *9.  The takedown notices are admissible here for that reason as well.

In addition to their hearsay objection, defendants argue that the takedown notices are inadmissible because (1) they are "not self-authenticating and are not authenticated as excerpts of takedown notices to Hotfile"; (2) they "state inadmissible legal conclusions"; and (3) they "violate[] the rule of completeness because Plaintiffs failed to submit the attachments to some of the emails, rendering them impossible to comprehend fully."  Mot. at 2-3.  Not one of these additional objections is availing.

First, the documents – emailed takedown notices sent to Hotfile's email addresses through which defendants received thousands of such notices – have been clearly authenticated. As the Eleventh Circuit has made clear, "[a]uthentication under Rule 901 only requires the presentation of sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be.  Once that prima facie showing has been made, the evidence should be admitted and the trier of fact permitted to determine whether the proffered evidence is what it purports to be."  *United States v. Wazny*, 448 F. App'x 47, 50 (11th Cir. 2011) (internal quotation marks omitted);[3] *see also United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir. 1985) ("Authentication or identification under rule 901 merely involves the process of presenting sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be." (citing 5 *Weinstein, Weinstein on Evidence,* 9.01(a)[01])).  There "need be only some competent evidence in the record to support authentication, which can consist of merely circumstantial evidence."  *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990) (internal quotation marks omitted); *see also United States v. Al-Moayad*, 545 F.3d 139, 172 (2d Cir. 2008) ("[t]he bar for authentication of evidence is not particularly high") (quotation marks omitted; bracket in original).

This *prima facie* standard is easily satisfied here: Ms. Yeh has testified that each takedown notice is a "true and correct copy" of the documents produced during discovery, which defendants do not and cannot dispute.  Yeh Decl. ¶¶ 23-24, 29-32.  These documents, among many others like them, were produced in response to specific requests by Hotfile for takedown notices sent by the plaintiffs.  Indeed, Hotfile itself produced most of these exact same notices

---

[3] In this instance, the trier of fact is the Court, not the jury.  *See* Fed. R. Evid. 104(a) (court decides "preliminary question about whether … evidence is admissible.").

from its own files, belying any suggestion that these are not authentic takedown notices received by Hotfile.  *See* Yeh Opp. Decl. ¶¶ 11-14, Exs. I, J, K, & L (copies of the same notices from Hotfile's own production).  Further, the documents appear on their face to be what the plaintiffs claim them to be, while the defendants do not deny their authenticity, but simply assert, without citation to any case law, that they are not authenticated.

Second, the takedown notices are not offered as legal conclusions.  The takedown notices are offered into evidence to rebut the defendants' claims about how quickly Hotfile took down content after being notified that it was infringing.  They are not offered as evidence that the content in question did in fact infringe on plaintiffs' copyrights.  Defendants' cited cases largely concern attempts to include argument about the ultimate legal issue in a case in an affidavit, and are therefore inapposite.

Defendants also argue that Yeh Exhibits 140 and 141 be struck as violating the rule of completeness because the emails refer to attachments that were not submitted.[4]  Mot. at 2-3 (citing Fed. R. of Evid. 106).  However, the failure to submit an attachment is not a basis for striking an exhibit.  Federal Rule of Evidence 106 provides only that defendants may introduce the additional material if necessary for a full and fair presentation of the document, not that the exhibit itself be struck.  Fed. R. Evid. 106 ("an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time"); *see also In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 299 (S.D.N.Y. 2008) (citing same).  The defendants have access to any attachments produced in discovery and are free to submit the attachments if they feel that they would aid the Court in understanding the follow-up takedown notices sent to defendants.

Finally, in a footnote, defendants also seek to exclude Yeh Exhibit 146, a legal brief filed in 2009 by a party opponent of Hotfile's in another copyright infringement case in which the other copyright plaintiff complained of Hotfile's failure to terminate repeat infringers, as hearsay and as containing legal conclusions.  Neither of these objections has merit.  Plaintiffs attached the brief as evidence that, despite defendants' claims that they learned "for the first time" from plaintiffs' complaint in 2010 that there was anything problematic about their lack of a repeat

---

[4] Yeh Exhibit 140 is the Plaintiffs' Second Supplemental Response to Defendant Hotfile Corp.'s Interrogatory No. 1, not one of the emails defendants challenge.  Presumably, defendants meant to challenge Yeh Exhibit 142 as well as Yeh Exhibit 141.

infringer policy, defendants were *on notice* since at least the time of the Liberty Media litigation in 2009 that their policy was in adequate, or at the very least was viewed as inadequate by copyright owners.  Pls. Opp. to Defs. Mot. for Partial Summary Judgment at 9, n.4.  The brief is not offered into evidence for the truth of the matters asserted or for any legal conclusions regarding this case, but rather to show that defendants were well-aware of copyright owner complaints about their policy long before this litigation and that their claims to the contrary should not be credited.  *See FDIC v. Stahl*, 89 F.3d 1510, 1521 (11th Cir. 1996).

## II.        Plaintiffs' Summary Chart Is Admissible.

Defendants also move to strike Yeh Exhibit 144, a chart summarizing Hotfile user communications that identify specific infringing files.  The chart is similar to Yeh Exhibit 27, submitted in support of plaintiffs' motion for summary judgment, which defendants also sought to strike in their first motion.  *See* Declaration of Jennifer V. Yeh in Support of Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov, filed February 17, 2012, available publicly at Docket No. 324-1, ¶ 28, Ex. 27.  As with the previous exhibit, Yeh Ex. 144 shows that – notwithstanding Hotfile's claims to have substantially revamped its website in response to this lawsuit – user communications still continued, even after Hotfile's purported reforms, to identify obviously copyrighted files the users were accessing or downloading from Hotfile, thereby showing that Hotfile's inducement of infringement prior to this lawsuit has continued to shape user behavior and uses of the website even after those "reforms."  Pls. Opp. to Defs. Mot. for Partial Summary Judgment at 10.  And as with the previous exhibit, the Federal Rules of Evidence explicitly permit use of a summary or chart "to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  *See* Fed. R. Evid. 1006; *United States v. Francis*, 131 F.3d 1452, 1457 (11th Cir. 1997).  Yeh Exhibit 144 is a subset of the same voluminous email communications that were summarized in Yeh Ex. 27, the only difference being that Yeh Ex. 144 summarizes only those emails that post-dated Hotfile's implementation of its 'three strikes' policy.  In each of those communications, a user sent Hotfile a communication containing a field called "lastdl" that refers to the "last download" page the user visited, and the "lastdl" appears on its face to reference a recognizable copyrighted work belonging to plaintiffs.  Yeh Ex. 1 (Titov dep.) at 400:14-401:5.  Illustrative examples of such emails are attached as Yeh Exhibit 26.  In lieu of attaching the various emails, Ms. Yeh summarized the "lastdl" field for each email, by

Bates number and date, along with the plaintiffs' work to which it appears to correspond.  This is a straightforward summary of evidence admissible under Fed. R. Evid. 1006.  *See Francis*, 131 F.3d at 1457-58.

Contrary to defendants' arguments, Mot. at 4, the fact that persons under Ms. Yeh's supervision may have assisted in preparing those summaries is immaterial.  Ms. Yeh was the responsible attorney who supervised the evidence review and summary at issue, and has personal knowledge of work done under her direction and may testify on that basis.  *See* Yeh Opp. Decl. ¶ 2; Yeh Decl. ¶ 26; *see also, e.g., Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989); *Daily Herald Co. v. Munro*, 758 F.2d 350, 355 n.6 (9th Cir. 1984) ("personal knowledge may be inferred to one in a responsible, supervisory position, where that person is required to be familiar with the practices of those [s]he supervises.").

Again, defendants do not make any claim that the summaries are in any way inaccurate or misstate the voluminous data at issue.  Defendants have the data themselves, and what the emails say cannot be genuinely contested.[5]  Moreover, there is no "expert testimony,"  Mot. at 4, as identification of popular, copyrighted entertainment content does not require specialized expertise or training.  *See Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012) (lay witnesses competent to identify popular music in copyright infringement action); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, Civ. A. No. 4108-cv-03181, 2010 U.S. Dist. LEXIS 114306, at *49 (S.D. Tex. Oct. 27, 2010) (lay witness competent to testify about drawing in copyright infringement action); *Stromback v. New Line Cinema*, 384 F.3d 283, 295 (6th Cir. 2004) (lay witness competent to testify about literary works in infringement action).  Defendants' argument that the filenames of the files in the "lastdl" field do not establish conclusively the contents of the files, Mot. at 4, misapprehends the purpose of the evidence.  Courts have held that filenames generally provide notice of the infringement of popular entertainment content embodied therein.  *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1024 (9th Cir. 2001).  But even if it were possible that a file might be mislabeled, files clearly named after popular, copyrighted entertainment works are easily recognizable and

---

[5] Plaintiffs sought to spare the Court the task of sifting through numerous emails.  Should the Court be interested in undertaking such a review, plaintiffs would be happy to provide these documents to the Court for inspection.

prove that defendants had actual or "red flag" notice of infringement on their system.  Pls. Mot. at 14; Pls. Reply at 12; *see also* Pls. Opp. to Defs. [First] Mot. to Strike Yeh Decl..[6]

## III.    The Evidence Regarding Other Copyright Infringers Is Relevant And Otherwise Admissible.

Defendants also seek to exclude Yeh Exhibit 145, a collection of media reports showing that Hotfile's claim to have made substantial reforms in the past few weeks is hardly unique – it is one of many download hubs whose operations are similar to Megaupload that are claiming to have changed their practices in the wake of the recent Megaupload indictment.  This evidence is plainly relevant as bearing on the credibility of Hotfile's suggestion that it made those "reforms" as part of a good-faith effort at copyright compliance, as opposed to following the industry-wide trend of changing its claimed business practices in response to the Megaupload indictment.  Information regarding this recent trend among many websites in Hotfile's position is relevant, and it is not hearsay.  Because defendants cannot demonstrate prejudice, defendants' challenge to these exhibits should be denied.

First, the articles are not hearsay.  The point for which Plaintiffs are introducing them does not depend on whether other sites like Hotfile have in fact made the "reforms" they have claimed.  Rather, the purpose is to show that Hotfile is simply one of many websites all similar to Megaupload that is *claiming* to have made substantial changes to its procedures in the very recent past.  Courts are free to take judicial notice of news articles insofar as they "indicate what was in the public realm at the time . . . ." *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of "various newspapers, magazines, and books" that published information about art work at issue in the litigation), cert. denied, 131 S. Ct. 3055 (2011); *Lil' Joe Wein Music, Inc. v.*

---

[6] Plaintiffs' technical expert Dr. Ian Foster provided testimony that filenames and metadata can assist the identification of entertainment content embodied in digital files, and are thus evidence of what digital files contain.  *See* Foster Decl. ¶ 15.  The Ninth Circuit has likewise endorsed this method.  *See Napster,* 239 F.3d at 1024.  Indeed, in *Fung,* the district court required the defendant to use precisely this type of information to filter infringing files from its system. *Columbia Pictures Indus., Inc. v. Fung*, No. CV 06-5578 SVW, 2010 U.S. Dist. LEXIS 91169, at *21-22 (C.D. Cal. May 20, 2010) (permanently enjoining defendant from, *inter alia,* "hosting, indexing, linking to, or otherwise providing access to . . . Copyrighted Works" and further stating that defendants "shall be in knowing violation if they fail to act in response to the *list of titles* [provided by plaintiffs].") (emphasis added).

*Jackson*, 245 F. App'x 873, 879 (11th Cir. 2007) (taking judicial notice of newspaper articles discussing film at issue in litigation).  And the widespread and similar nature of these claimed reforms from various websites in the same business as Hotfile are certainly relevant as casting doubt upon Hotfile's implication that its recent changes were borne out of market conditions or some altruistic attempt to ensure better copyright compliance on the site.

Nor can defendants credibly argue that they are unduly prejudiced by articles showing that claimed copyright "reforms" in the past few weeks are an industry-wide phenomenon rather than anything unique to Hotfile.  Defendants can hardly argue they are unduly prejudiced by a showing that Hotfile is making similar claims to other websites that operate similarly and have *not* been subject to criminal indictment.  While defendants may wish to suggest or imply that their claimed recent "reforms" were completely unrelated to the Megaupload indictment, plaintiffs are entitled to question the credibility of that account.  Moreover, this hardly has the effect of unfairly attributing alleged criminal activity to Hotfile where Hotfile has itself on several occasions compared its business model to Megaupload's.  *See* Pls. Opp. to Defs. [First] Mot. to Strike Yeh Decl. at 14-15.  In any event, motions to exclude due to unfair prejudice are more appropriately considered at trial, and defendants have failed to demonstrate prejudice warranting exclusion of such evidence at summary judgment.  *See Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 428 (7th Cir. 2000) (exclusion of evidence due to prejudice "best undertaken at the trial," not summary judgment); *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (scope of Rule 403's exclusion of evidence based on unfair prejudice is "narrow" and the "danger of unfair prejudice . . . *must substantially outweigh* the probative value of the evidence" (emphasis added)).[7]

## IV.    The Translations of Emails From Bulgarian to English are Admissible.

While the defendants' move to strike the translations of emails produced by the defendants in Bulgarian, they do not question or deny the accuracy of the translations.  The translations were made by a professional translation firm and their accuracy was certified under oath.  *See* Yeh Exs. 132, 134-35 (each translation included an affidavit of accuracy, stating "that the following is, to the best of my knowledge and belief, a true and accurate translation of the

---

[7] Although Defendants complain that the articles should further be excluded because they were not produced in discovery, the articles and defendants' claimed "reforms" to which the articles relate both postdate the discovery period in this case – which is precisely why plaintiffs have opposed defendants' request to seek summary judgment on the basis of those "reforms."

accompanying document [] from Bulgarian into English.").[8]  The defendants do object not to the substance of any of the exhibits or the translations.  Defendants are in the position to point to any claimed deficiencies or errors in the translations submitted by the plaintiffs, and have not done so (indeed, unlike plaintiffs, who were forced to hire a professional translation service, defendants include persons who can speak Bulgarian, this making them even better-suited to challenge any translations).[9]  The fact that they do not point to any errors should defeat the objection.  Courts have squarely held that a party who does not identify specific inaccuracies in a translation waives any objection to those translations.  *See United States v. Dadanovic,* Cr. No. 09-63-ART, 2010 U.S. Dist. LEXIS 95411, at *6-7 (E.D. Ky. Sept. 13, 2010) ("[T]he defendants have effectively waived these objections.  Parties who object to the use of translated transcripts as exhibits have an obligation to point to specific inaccuracies—whether in the translation or transcription—or present alternative transcripts.  As the Sixth Circuit has held repeatedly, failure to do so is effectively a waiver."); *see also United States v. Liddell,* 64 F. App'x 958, 963 (6th Cir. 2003) (rejecting challenge to translation because "the [d]efendants involved did not point to any specific inaccura[cies] in the translation or offer any alternative translation.") (internal citation omitted); *United States v. Briscoe,* 896 F.2d 1476, 1492 (7th Cir. 1990) (because defendants "failed to present an expert witness to demonstrate possible inaccuracies in the translated transcripts . . . they have certainly limited their opportunity to challenge the accuracy of the government's transcripts on appeal.").[10]

---

[8] Translations performed by Transperfect, the professional translation vendor who translated the documents for plaintiffs in accordance with its standard procedures, are regularly accepted by federal courts.  *See, e.g., Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.,* 594 F. Supp. 2d 97, 109 n.21 (D. Me. 2009); *Carbomedics, Inc. v. ATS Med., Inc.,* No. 06-cv-4601 (PJS/JJG), 2008 U.S. Dist. Lexis 106636, at *25-27 (D. Minn. April 16, 2008); *Iwanowa v. Ford Motor Co.,* 67 F. Supp. 2d 424, 441 n.19 (D.N.J. 1999).  Plaintiffs are providing the qualifications of the translator who translated the documents from Bulgarian into English in the first instance and the certifications of accuracy executed by the translator's supervisor in accordance with Transperfect's standard practice.  *See* Yeh Exs. F, G, & H.

[9] ████████████ testified at deposition about the content of one of the emails that the defendants challenge in their motion to strike.  Yeh Opp. Ex. E ████████ dep.) at 55:24-60:20 (asking questions regarding Yeh Ex. 135—marked as deposition exhibits 5 (English translation) & 6 (Bulgarian original)—during the deposition).  Neither at ████████ deposition, nor in their motion to strike, have defendants made any claim that the translation is not accurate.

[10] Even if the Court finds that defendants are entitled to examine the credentials of the translator before admitting these translations into evidence, the proper remedy is to require additional

## V.      The Yeh Declaration Establishes Personal Knowledge.

Just as in their prior motion to strike, defendants argue that Ms. Yeh's *entire* Declaration should be struck for lack of personal knowledge.  Mot. at 6.  Defendants, again, offer no conceivable rationale for such an extreme position, as the overwhelming majority of Ms. Yeh's declaration consists of attaching deposition excerpts and documents produced by Hotfile and authenticated by its principals at their depositions.[11]  Defendants' sole support for striking plaintiffs' attorney declaration is their claim that "Ms. Yeh states that her declaration statements are *either* 'based on [her] personal knowledge' or are based on 'information provided to [her] by colleagues or other personnel working under [her] supervision on the case.'"  Mot. at 6 (emphasis and brackets in the original).  ***But that is not what Ms. Yeh's declaration says.***  Ms. Yeh's actual statement was that "[t]he statements made in this declaration are based on my personal knowledge *including* on information provided to me by colleagues or other personnel working under my supervision in this case."  Yeh Decl. ¶ 1 (emphasis added).  The full, accurate quotation disposes of defendants' argument.  Ms. Yeh testified as to her personal knowledge of each statement in her declaration.  The snippet of her testimony that Hotfile takes out of context merely explains *how* Ms. Yeh gained some of the personal knowledge underlying the attorney declaration.  Courts have routinely recognized that "[k]nowledge acquired through others may still be personal knowledge within the meaning of Fed. R. Evid. 602."  *Agfa-Gevaert*, 879 F.2d at 1523.[12]

---

information on the qualifications to be produced, not to strike the translations.  Plaintiffs would have readily provided those qualifications to defendants had defendants requested them at any point in the discovery process, which they did not.  *See Davis v. Speechworks Int'l, Inc.*, 03-cv-05335(F), 2006 U.S. Dist. LEXIS 71705, at *7-8 (W.D.N.Y. Sept. 29, 2006) (finding that the defendants' proposed remedy of striking the exhibits in their entirety "would be unduly draconian where the accuracy of the translation is not in dispute" and adopting the "revised translation certified by [the translator]," which corrected minor translation accuracies).  Here, plaintiffs respectfully request that the court, if it thinks it necessary, review the qualifications of the translators and accept for consideration Yeh Exhibits 132, 134-35.  *See* Yeh Opp. Exs. F, G, and H (translations with translators' qualifications and supervisor's affidavit).

[11] Plaintiffs also rely on their previous discussion of defendants' objections.  *See* Pls. Opp. to Defs. [First] Mot. to Strike Yeh Decl.at 1-2.

[12] The case cited by Hotfile – *Pace v. Capobianco*, 283 F.3d 1275 (11th Cir. 2002) – is completely inapposite.  *Pace* stands only for the unrelated and uncontroversial point that statements made in affidavits based "upon information and belief" are not admissible on summary judgment.  *Id.* at 1278-79.  That is simply not the case here.

**CONCLUSION**

Plaintiffs respectfully request that the Second Motion of defendants Hotfile Corporation and Anton Titov to Strike the Declaration of Jennifer V. Yeh be denied in its entirety.

Dated: April 2,  2012                    Respectfully submitted,

                                         By: /s/ _____
                                             Karen L. Stetson
                                             GRAY-ROBINSON, P.A.
                                             1221 Brickell Avenue
                                             16th Floor
Miam                                                   i, Fl 33131
Telephone:                                                   (305) 461-6880
Facsim                                                    ile:  (305) 461-6887


MOTION PICTURE ASSOCIATION          JENNER & BLOCK LLP
 OF AMERICA, INC.                   Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)  Duane C. Pozza (*Pro Hac Vice*)
15301 Ventura Blvd.                 Luke C. Platzer (*Pro Hac Vice*)
Building E                          1099 New York Ave., N.W.
Sherman Oaks, CA 91403              Suite 900
Phone:  (818) 995-6600              Washington, DC 20001
Fax:  (818) 285-4403        Telephone:         (202) 639-6000
    Facsim                               ile:  (202) 639-6066

                                    *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.

_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.

  /
_____

**CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY on this 2nd day of April, 2012, I served the following documents on all counsel of record on the attached service list via electronic mail per the parties' service agreement:

**Plaintiffs' Opposition to Defendants Hotfile Corporation and Anton Titov's Second Motion to Strike the Declaration of Jennifer V. Yeh; and Declaration of Jennifer V. Yeh in Support of Plaintiffs' Opposition to Defendants' Second Motion to Strike the Declaration of Jennifer V. Yeh.**

        I further certify that I am admitted *pro hac vice* to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Luke C. Platzer
        Luke C. Platzer

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and*
*Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and*
*Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and*
*Anton Titov*