# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA


DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

      Plaintiffs,

   vs.       CASE NO. 11-20427-WILLIAMS-TURNOFF

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

      Defendants.
_____
AND RELATED CROSS-ACTION.
_____


   HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

  VIDEOTAPED DEPOSITION OF LANCE R. GRIFFIN, ESQUIRE

      PURSUANT TO FEDERAL RULE 30(b)(6)

        Los Angeles, California

       Thursday, December 22, 2011


Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 178940



```
 1                   UNITED STATES DISTRICT COURT

 2                   SOUTHERN DISTRICT OF FLORIDA

 3


 4     DISNEY ENTERPRISES, INC.,
       TWENTIETH CENTURY FOX FILM
 5     CORPORATION, UNIVERSAL CITY
       STUDIOS PRODUCTIONS LLLP,
 6     COLUMBIA PICTURES INDUSTRIES,
       INC., and WARNER BROS.
 7     ENTERTAINMENT INC.,

 8           Plaintiffs,

 9        vs.          CASE NO. 11-20427-WILLIAMS-TURNOFF

10     HOTFILE CORP., ANTON TITOV,
       and DOES 1-10,
11
             Defendants.
12     _____
       AND RELATED CROSS-ACTION.
13     _____

14

15      HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

16           Videotaped deposition of LANCE R. GRIFFIN,

17     ESQUIRE, pursuant to Federal Rule 30(b)(6), taken on

18     behalf of Defendants and Counterclaimant Hotfile Corp.,

19     at 633 West Fifth Street, Suite 3600, Los Angeles,

20     California, beginning at 9:47 A.M. and ending at

21     4:49 P.M. on Thursday, December 22, 2011, before

22     LORI SCINTA, RPR, Certified Shorthand Reporter No. 4811.

23

24

25
```



```
 1      APPEARANCES:

 2

 3      For Plaintiffs:

 4

            JENNER & BLOCK LLP
 5          BY:  STEVEN B. FABRIZIO
            Attorney at Law
 6          1099 New York Avenue, NW, Suite 900
            Washington, D.C. 20001-4412
 7          202.639.6000
            Email:  sfabrizio@jenner.com
 8
                 -- and --
 9
            THE WALT DISNEY COMPANY
10          BY:  GORDON GOLDSMITH
            Attorney at Law
11          500 South Buena Vista Street
            Burbank, California 91521-0641
12          818.560.7893

13

14   For Defendants and Counterclaimant Hotfile Corp.:

15
            FARELLA BRAUN + MARTEL LLP
16          BY:  ANTHONY SCHOENBERG
            Attorney at Law
17          235 Montgomery Street
            San Francisco, California 94104
18          415.954.4400
            Email:  tschoenberg@fbm.com

19

20
        Videographer:

21

22          VONYARN MASON
            SARNOFF COURT REPORTERS
23          20 Corporate Park, Suite 350
            Irvine, California 92606
24          877.955.3855

25
```



| | | |
|---|---|---|
| 10:17 | 1 | BY MR. SCHOENBERG: |
| 10:17 | 2 | Q   So you said that you -- you supervised the |
| 10:17 | 3 | notice and takedown program at Walt Disney Company, |
| 10:18 | 4 | correct? |
| 10:18 | 5 | A   Yes. |
| 10:18 | 6 | Q   Can you describe that program to me. |
| 10:18 | 7 | MR. FABRIZIO:  The program or his -- his job |
| 10:18 | 8 | responsibilities and supervising? |
| 10:18 | 9 | MR. SCHOENBERG:  The program itself. |
| 10:18 | 10 | MR. FABRIZIO:  Mr. Griffin, you can describe it |
| 10:18 | 11 | at a high level. |
| 10:18 | 12 | THE WITNESS:  Okay. |
| 10:18 | 13 | It involves the finding and verification of |
| 10:18 | 14 | content and sending notices on that content. |
| 10:18 | 15 | BY MR. SCHOENBERG: |
| 10:18 | 16 | Q   And when you say "notices," what do you mean? |
| 10:18 | 17 | A   It could vary from a cease-and-desist letter, a |
| 10:18 | 18 | DMCA notice or a notice under local law. |
| 10:18 | 19 | Q   And when you say "DMCA," are you referring to |
| 10:18 | 20 | the Digital Millennium Copyright Act? |
| 10:18 | 21 | A   Yes. |
| 10:19 | 22 | Q   And when you say "verification of content," |
| 10:19 | 23 | what content are you referring to? |
| 10:19 | 24 | MR. FABRIZIO:  Objection.  Vague. |
| 10:19 | 25 | THE WITNESS:  As I explained before, it |







877.955.3855




877.955.3855









[redacted]

[redacted]

LANCE R. GRIFFIN, ESQ.                                    12/22/2011
**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



877.955.3855

**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

10:41  8       Q   Did you ever send that type of notice to

10:41  9   Hotfile?

10:41 10              MR. FABRIZIO:  Objection.  Vague.

10:41 11              THE WITNESS:  No, I don't believe so.

10:41 12   BY MR. SCHOENBERG:

10:41 13       Q   Why not?

10:41 14              MR. GOLDSMITH:  I think that's privileged.

10:41 15              MR. FABRIZIO:  You think that's privileged?

10:41 16              Okay.  The determination as to what types of

10:41 17   notices to send to which type of services is based on

10:41 18   privileged analysis and communications internally at

10:41 19   Disney.

10:41 20              And I'm going to instruct the witness not to

10:41 21   answer.

10:41 22              (Instruction not to answer.)

10:41 23   BY MR. SCHOENBERG:

10:41 24       Q   Have you sent DMCA takedown notices to Hotfile?

10:41 25       A   We have sent notices to Hotfile which meets



877.955.3855

46

10:42  1    requirements of the DMCA.

10:42  2          Q   And how many -- could you estimate how many

10:42  3    you've sent?

10:42  4          A   I don't have an accurate number.  I would

10:42  5    imagine thousands.

10:42  6          Q   What is the next step in this process after



**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

10:45  20        Q    Has Hotfile ever not taken down a file after

10:45  21   receiving a takedown notice from Disney?

10:46  22             MR. FABRIZIO:   Objection.   Calls for

10:46  23   speculation.

10:46  24             THE WITNESS:   I don't think I have data that

10:46  25   would enable me to answer that question.



HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
10:46   1        BY MR. SCHOENBERG:

10:46   2             Q   Can you think of any specific instance in which

10:46   3        Hotfile did not take a file down after receiving a

10:46   4        takedown notice from Disney?

10:46   5                 MR. FABRIZIO:  Objection.  Objection.  Calls

10:46   6        for speculation.

10:46   7                 THE WITNESS:  Yes.

10:46   8        BY MR. SCHOENBERG:

10:46   9             Q   When was that?

10:46  10             A   I'm sure we've had to send follow-up notices

10:46  11        several times.

10:46  12             Q   Has there ever been an instance in which

10:46  13        Hotfile did not after receiving a follow-up notice take

10:46  14        down a link that you had given it notice of?

10:46  15                 MR. FABRIZIO:  Objection.  Calls for

10:46  16        speculation.

10:46  17                 THE WITNESS:  I -- I have never analyzed or

10:46  18        asked for data concerning that.

10:46  19        BY MR. SCHOENBERG:

10:47  20             Q   How quickly do you expect cyberlockers to

10:47  21        remove content that you've identified in takedown

10:47  22        notices?

10:47  23                 MR. FABRIZIO:  Objection.  Overbroad and calls

10:47  24        for a legal conclusion.

10:47  25                 THE WITNESS:  I believe Disney's position on
```



| | | |
|---|---|---|
| 10:48 | 1 | MR. FABRIZIO:  Same objections. |
| 10:48 | 2 | THE WITNESS:  I imagine it would be much less |
| 10:48 | 3 | than that, yes. |
| 10:48 | 4 | BY MR. SCHOENBERG: |
| 10:48 | 5 | Q   Would it be less than 24 hours? |
| 10:48 | 6 | MR. FABRIZIO:  Same objections.  Asked and |
| 10:48 | 7 | answered. |
| 10:48 | 8 | THE WITNESS:  Again, I'm not certain. |
| 10:48 | 9 | BY MR. SCHOENBERG: |
| 10:48 | 10 | Q   So it could be more than 24 hours? |
| 10:48 | 11 | MR. FABRIZIO:  Objection.  Calls for |
| 10:48 | 12 | speculation. |
| 10:48 | 13 | THE WITNESS:  I -- I can't recall. |
| 10:48 | 14 | BY MR. SCHOENBERG: |
| 10:49 | 15 | Q   Did you have issues with Hotfile not taking |
| 10:49 | 16 | down files expeditiously in response to your takedown |
| 10:49 | 17 | notices? |
| 10:49 | 18 | MR. FABRIZIO:  Objection.  Vague and ambiguous, |
| 10:49 | 19 | compound and overbroad and vague as to timeframe, as |
| 10:49 | 20 | well. |
| 10:49 | 21 | THE WITNESS:  We have had to send follow-up |
| 10:49 | 22 | notices on many files. |
| 10:49 | 23 | BY MR. SCHOENBERG: |
| 10:49 | 24 | Q   And you're speaking of Hotfile, specifically? |
| 10:49 | 25 | A   Yes.  Yes. |



**HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**



11:23 15          This will be Disney 3.

11:23 16          (Disney Exhibit 3 was marked for

11:24 17          identification by the court reporter.)

11:24 18          THE WITNESS:  Okay.

11:24 19     BY MR. SCHOENBERG:

11:24 20          Q   What is the document we just marked as

11:24 21     Disney 3?

11:24 22          A   It appears to be a follow-up notice that we

11:24 23     talked about before.

11:24 24          Q   And can you just remind me, when you say

11:24 25     "follow-up notice" what do you mean?



11:24   1        A    That would be a notice that we send after we've

11:24   2    sent a previous notice.

11:24   3        Q    And looking at this document, what is the work

11:24   4    that -- that that -- this follow-up notice relates to?

11:25   5        A    The copyrighted work?

11:25   6        Q    Correct.

11:25   7        A    FLASHFORWARD.

11:25   8        Q    And does this document indicate when the

11:25   9    original notice was sent?

11:25  10        A    It appears to.  It says, "(Original

11:25  11    Notification Date:  9/17/2009 3:56:10 PM)."

11:25  12        Q    And when was this re- -- follow-up notification

11:25  13    sent?

11:25  14        A    Well, the header at the top says it was sent

11:25  15    9/18/2009, at 11:01:29 A.M.

11:25  16        Q    And just so we're clear, this -- this is a

11:25  17    follow-up notification to Hotfile, correct?

11:25  18        A    Yes.  It's -- in the "To:" line it says,

11:25  19    "abuse@hotfile.com."

11:25  20        Q    And so based on the face of this document,

11:25  21    anyway, it appears that the follow-up notification was

11:26  22    sent less than 24 hours after the original notice; isn't

11:26  23    that right?

11:26  24             That's correct, isn't it?

11:26  25             MR. FABRIZIO:  Objection.  Lacks foundation.



11:26 1        THE WITNESS:  So 9/17 at 3:56 P.M. to 9/18 at

11:26 2    11:01 A.M. I think would be less than 24 hours, if

11:26 3    they're on the same time zone.

11:26 4    BY MR. SCHOENBERG:

11:26 5        Q    Assuming they're on the same time zone.

11:26 6            Is -- did Disney send this follow-up

11:26 7    notification because it felt like Hotfile hadn't

11:26 8    responded in an adequate amount of time to the original

11:26 9    takedown notice?

11:26 10           MR. FABRIZIO:  You're referring to this

11:27 11   specific notice?

11:27 12           MR. SCHOENBERG:  Yes.

11:27 13           THE WITNESS:  I did not send the notice, and I

11:27 14   can't recall this exact notice, but I -- I would suspect

11:27 15   that's the case.

11:27 16   BY MR. SCHOENBERG:

11:27 17       Q    How quickly should Hotfile have responded to

11:27 18   this, the original takedown notice, in order to have

11:27 19   done so in an adequate amount of time?

11:27 20           MR. FABRIZIO:  You're referring, again, to this

11:28 21   individual instance?

11:28 22           MR. SCHOENBERG:  Yes.

11:28 23           THE WITNESS:  Well, obviously, before 11:01 on

11:28 24   9/18.

11:28 25   BY MR. SCHOENBERG:



LANCE R. GRIFFIN, ESQ.                          12/22/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9        I, LANCE R. GRIFFIN, ESQUIRE, do hereby declare

10   under penalty of perjury that I have read the foregoing

11   transcript; that I have made any corrections as appear

12   noted, in ink, initialed by me, or attached hereto; that

13   my testimony as contained herein, as corrected, is true

14   and correct.

15

16

17        EXECUTED this 27th day of January,

18   20 12, at Burbank, California.
                  (City)              (State)

19

20

21

22   _____
     LANCE R. GRIFFIN, ESQUIRE

23

24

25



207

1

2          I, the undersigned, a Certified Shorthand

3   Reporter of the State of California, do hereby certify:

4          That the foregoing proceedings were taken

5   before me at the time and place herein set forth; that

6   any witnesses in the foregoing proceedings, prior to

7   testifying, were duly sworn; that a record of the

8   proceedings was made by me using machine shorthand

9   which was thereafter transcribed under my direction;

10  that the foregoing transcript is a true record of the

11  testimony given.

12         Further, that if the foregoing pertains to

13  the original transcript of a deposition in a Federal

14  Case, before completion of the proceedings, review of

15  the transcript [X] was [ ] was not requested.

16         I further certify I am neither financially

17  interested in the action nor a relative or employee

18  of any attorney or party to this action.

19         IN WITNESS WHEREOF, I have this date

20  subscribed my name.

21

22  Dated: 12/29/2011

23

24  _____
    LORI SCINTA, RPR

25  CSR No. 4811

