# EXHIBIT C

```
              UNITED STATES DISTRICT COURT

              SOUTHERN DISTRICT OF FLORIDA


DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

        Plaintiffs,
                                  CASE NO.
     vs.                          11-20427-WILLIAMS-TURNOFF

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

        Defendants.
_____
AND RELATED CROSS-ACTION.
_____


       CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

   VIDEOTAPED DEPOSITION OF DAVID P. KAPLAN, ESQUIRE

            PURSUANT TO FEDERAL RULE 30(b)(6)

                  Los Angeles, California

                Tuesday, December 13, 2011

                         Volume 1

Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 177476B
```



```
 1                UNITED STATES DISTRICT COURT

 2                SOUTHERN DISTRICT OF FLORIDA

 3

 4    DISNEY ENTERPRISES, INC.,
      TWENTIETH CENTURY FOX FILM
 5    CORPORATION, UNIVERSAL CITY
      STUDIOS PRODUCTIONS LLLP,
 6    COLUMBIA PICTURES INDUSTRIES,
      INC., and WARNER BROS.
 7    ENTERTAINMENT INC.,

 8           Plaintiffs,
                                   CASE NO.
 9       vs.                       11-20427-WILLIAMS-TURNOFF

10    HOTFILE CORP., ANTON TITOV,
      and DOES 1-10,
11
             Defendants.
12    _____
      AND RELATED CROSS-ACTION.
13    _____

14

15        CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

16            Videotaped deposition of DAVID P. KAPLAN,

17    ESQUIRE, Volume 1, pursuant to Federal Rule 30(b)(6),

18    taken on behalf of Defendants and Counterclaimant,

19    at 633 West Fifth Street, Los Angeles, California,

20    beginning at 2:18 P.M. and ending at 4:58 P.M. on

21    Tuesday, December 13, 2011, before LORI SCINTA, RPR,

22    Certified Shorthand Reporter No. 4811.

23

24

25
```



```
 1     APPEARANCES:
 2
 3     For Plaintiffs:
 4
           JENNER & BLOCK LLP
 5         BY:  STEVEN B. FABRIZIO
           Attorney at Law
 6         1099 New York Avenue, NW, Suite 900
           Washington, D.C. 20001-4412
 7         202.639.6000
           Email:  sfabrizio@jenner.com
 8
 9
       For Defendants and Counterclaimant:
10
11         FARELLA BRAUN + MARTEL LLP
           BY:  EVAN M. ENGSTROM
12         Attorney at Law
           235 Montgomery Street
13         San Francisco, California 94104
           415.954.4400
14         Email:  eengstrom@fbm.com
15
16
       Videographer:
17
18         VONYARN MASON
           SARNOFF COURT REPORTERS
19         20 Corporate Park, Suite 350
           Irvine, California 92606
20         877.955.3855
21
22
23
24
25
```



```
02:32   1              infringes Warner Bros. Entertainment,
02:32   2              Inc. rights, rather than sending an
02:32   3              official takedown abuse notice every
02:32   4              time URL's are identified."
02:32   5              At this time, in April of 2009, how was Warner
02:32   6    notifying Hotfile of material that Warner contended was
02:33   7    infringing its copyrights on Hotfile?
02:33   8         A    I believe we were sending an email to -- well,
02:33   9    electronically -- we were notifying them electronically
02:33  10    by sending an email to an address that was I think
02:33  11    abuse@hotfile.com, or something like that.
02:33  12         Q    Okay.  Did you -- did Warner at any time not
02:33  13    know where to send takedown notices to have files
02:33  14    removed from Hotfile?
02:33  15              MR. FABRIZIO:  Objection.  Vague.
02:33  16              THE WITNESS:  Well, we didn't -- we didn't
02:33  17    know -- we didn't have a name or a real address or a
02:33  18    phone number.  All we had was a -- that abuse address.
02:33  19    BY MR. ENGSTROM:
02:33  20         Q    Was Warner ever unable to send takedown notices
02:33  21    to Hotfile?
02:33  22         A    I'm not sure I understand what you mean.
02:34  23              We were able to send notices to that abuse
02:34  24    address.
02:34  25         Q    Okay.  My question is:  Was there ever a time
```



DAVID P. KAPLAN, ESQ.                                    12/13/2011
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
02:40  1    the point that we're talking about here.
02:40  2         Q   Okay.  Other than asking for this rapid
02:40  3    takedown tool which I'll refer to, alternately, as a
02:40  4    special rightsholder account, or an SRA --
02:40  5             Do you understand what I'm referring to if I
02:40  6    say those terms?
02:40  7         A   I do.
02:40  8         Q   Okay.  Other than asking Warner Bros. -- or
02:40  9    other than asking Hotfile for an SRA, did Warner Bros.
02:40  10   ever ask Hotfile to implement any policy or tool or
02:40  11   practice that would limit the infringing material on
02:40  12   Hotfile?
02:40  13            MR. FABRIZIO:  Objection.  Vague as to time and
02:41  14   compound.
02:41  15            THE WITNESS:  Again, the only communications
02:41  16   that exist between Warner's and Hotfile are in the
02:41  17   handful of emails to this -- substantively to the abuse
02:41  18   address.
02:41  19            The other communications would all be strictly
02:41  20   takedown notices.
02:41  21   BY MR. ENGSTROM:
02:41  22        Q   Does Warner contend that any of those
02:41  23   communications asked Hotfile to implement any policy,
02:41  24   technique or process to curb infringement on Hotfile
02:41  25   other than the implementation of an SRA account?
```



```
 1
 2
 3
 4
 5
 6
 7
 8
 9           I, DAVID P. KAPLAN, ESQUIRE, do hereby declare
10   under penalty of perjury that I have read the foregoing
11   transcript; that I have made any corrections as appear
12   noted, in ink, initialed by me, or attached hereto; that
13   my testimony as contained herein, as corrected, is true
14   and correct.
15
16
17           EXECUTED this  13th  day of   January    ,
18   20 12 , at   Burbank             ,    California  .
                    (City)                  (State)
19
20
21
22   _____
     DAVID P. KAPLAN, ESQUIRE
23   Volume 1
24
25
```



DAVID P. KAPLAN, ESQ.                                   12/13/2011
CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
 1
 2           I, the undersigned, a Certified Shorthand
 3   Reporter of the State of California, do hereby certify:
 4           That the foregoing proceedings were taken
 5   before me at the time and place herein set forth; that
 6   any witnesses in the foregoing proceedings, prior to
 7   testifying, were duly sworn; that a record of the
 8   proceedings was made by me using machine shorthand
 9   which was thereafter transcribed under my direction;
10   that the foregoing transcript is a true record of the
11   testimony given.
12           Further, that if the foregoing pertains to
13   the original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review of
15   the transcript [ x ] was [ ] was not requested.
16           I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or party to this action.
19           IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21
22   Dated: 12-15-11
23
24                              _____
                                LORI SCINTA, RPR
25                              CSR No. 4811
```

