# EXHIBIT D

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA


DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

     Plaintiffs,
                        CASE NO.
  vs.                 11-20427-WILLIAMS-TURNOFF

HOTFILE CORP., ANTON TITOV,
and DOES 1-10,

     Defendants.
_____
AND RELATED CROSS-ACTION.
_____


HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

VIDEOTAPED DEPOSITION OF MICHAEL BENTKOVER

Los Angeles, California

Tuesday, December 13, 2011



Reported by:
LORI SCINTA, RPR
CSR No. 4811

Job No. 177476A



```
 1                  UNITED STATES DISTRICT COURT

 2                  SOUTHERN DISTRICT OF FLORIDA

 3

 4     DISNEY ENTERPRISES, INC.,
       TWENTIETH CENTURY FOX FILM
 5     CORPORATION, UNIVERSAL CITY
       STUDIOS PRODUCTIONS LLLP,
 6     COLUMBIA PICTURES INDUSTRIES,
       INC., and WARNER BROS.
 7     ENTERTAINMENT INC.,

 8             Plaintiffs,
                                       CASE NO.
 9         vs.                         11-20427-WILLIAMS-TURNOFF

10     HOTFILE CORP., ANTON TITOV,
       and DOES 1-10,
11
               Defendants.
12     _____
       AND RELATED CROSS-ACTION.
13     _____

14

15        HIGHLY CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

16             Videotaped deposition of MICHAEL BENTKOVER,

17     taken on behalf of Defendants and Counterclaimant

18     at 633 West Fifth Street, Suite 3600, Los Angeles,

19     California, beginning at 9:38 A.M. and ending at

20     12:17 P.M. on Tuesday, December 13, 2011, before

21     LORI SCINTA, RPR, Certified Shorthand Reporter No.

22     4811.

23

24

25
```



MICHAEL BENTKOVER                                                   12/13/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
 1    APPEARANCES:
 2
 3    For Plaintiffs:
 4
          JENNER & BLOCK LLP
 5        BY:  STEVEN B. FABRIZIO
          Attorney at Law
 6        1099 New York Avenue, NW, Suite 900
          Washington, D.C. 20001-4412
 7        202.639.6000
          Email:  sfabrizio@jenner.com
 8
 9
      For Defendants and Counterclaimant:
10
11        FARELLA BRAUN + MARTEL LLP
          BY:  EVAN M. ENGSTROM
12        Attorney at Law
          235 Montgomery Street
13        San Francisco, California 94104
          415.954.4400
14        Email:  eengstrom@fbm.com
15
16
      Videographer:
17
18        VONYARN MASON
          SARNOFF COURT REPORTERS
19        20 Corporate Park, Suite 350
          Irvine, California 92606
20        877.955.3855
21
22
23
24
25
```



```
10:54   1    BY MR. ENGSTROM:
10:54   2         Q   Were you involved at this time -- so this is
10:54   3    the -- the email is July 1st, 2011 -- were you involved
10:54   4    in searching for possible infringing material --
10:54   5    material that infringes Warner's copyrights on Hotfile?
10:54   6             MR. FABRIZIO:  Objection.  Vague.
10:54   7             THE WITNESS:  In July 2011?  Yes.
10:54   8    BY MR. ENGSTROM:
10:54   9         Q   What did you do with respect to searching for
10:54  10    possibly infringing material on Hotfile?
10:55  11         A   I didn't do anything with it.  I would work
10:55  12    with vendors who would find our content.
10:55  13         Q   With all -- what vendors would you work with?
10:55  14         A   OpSec.
10:55  15         Q   Is that it?
10:55  16         A   That's it.
10:55  17         Q   Okay.  Were these vendors running Kapow, to
10:55  18    your knowledge?
10:55  19             MR. FABRIZIO:  Objection.  Misstates the
10:55  20    witness's testimony.  He said only one vendor.
10:55  21             THE WITNESS:  I don't understand the question.
10:55  22    BY MR. ENGSTROM:
10:55  23         Q   Okay.  Let's backtrack.
10:55  24             Was OpSec the only entity that was searching
10:55  25    for Warner-infringing material on -- or material that
```



MICHAEL BENTKOVER 12/13/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
10:55  1    was infringing Warner's copyrights on Hotfile?
10:55  2            MR. FABRIZIO:  Objection.  Calls for
10:55  3    speculation, lacks foundation.
10:55  4            THE WITNESS:  OpSec was the only vendor that we
10:55  5    hired to look for our content.
10:55  6    BY MR. ENGSTROM:
10:55  7        Q   To your knowledge, were people within Warner
10:55  8    looking for Warner content on Hotfile?
10:56  9            MR. FABRIZIO:  Objection.  Vague.
10:56 10            THE WITNESS:  Yes.
10:56 11    BY MR. ENGSTROM:
10:56 12        Q   Who within Warner, to your knowledge, was
10:56 13    looking for Warner content on Hotfile?
10:56 14            MR. FABRIZIO:  Objection.  Vague as to time.
10:56 15            THE WITNESS:  Bret Boivin.
10:56 16            MR. FABRIZIO:  Are we still in the July 2011
10:56 17    timeframe?
10:56 18            MR. ENGSTROM:  Yes.
10:56 19        Q   Is that it?  Only Bret Boivin?
10:56 20        A   Yes.  He runs the Kapow system.
10:56 21        Q   Okay.  And do you know what he does with the
10:56 22    Kapow system --
10:56 23            MR. FABRIZIO:  Objection --
10:56 24    BY MR. ENGSTROM:
10:56 25        Q   -- with respect to finding material on Hotfile
```



77

MICHAEL BENTKOVER                                        12/13/2011
HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

```
 1
 2            I, the undersigned, a Certified Shorthand
 3    Reporter of the State of California, do hereby certify:
 4            That the foregoing proceedings were taken
 5    before me at the time and place herein set forth; that
 6    any witnesses in the foregoing proceedings, prior to
 7    testifying, were duly sworn; that a record of the
 8    proceedings was made by me using machine shorthand
 9    which was thereafter transcribed under my direction;
10    that the foregoing transcript is a true record of the
11    testimony given.
12            Further, that if the foregoing pertains to
13    the original transcript of a deposition in a Federal
14    Case, before completion of the proceedings, review of
15    the transcript [ x ] was [ ] was not requested.
16            I further certify I am neither financially
17    interested in the action nor a relative or employee
18    of any attorney or party to this action.
19            IN WITNESS WHEREOF, I have this date
20    subscribed my name.
21
22    Dated: 12-15-11
23
24                                _____
                                  LORI SCINTA, RPR
25                                CSR No. 4811
```

