# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

　*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT HOTFILE CORP.'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26(e)(2) and 33, Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., Warner Bros. Entertainment Inc., and the Motion Pictures Association of America (collectively, "Plaintiffs") hereby provide the following Responses and Objections to Defendant Hotfile Corporation's ("Defendant" or "Hotfile") Third Set of Interrogatories (the "Third Interrogatories"):

## GENERAL OBJECTIONS

1. Plaintiffs object to the Third Interrogatories to the extent that they call for the disclosure of information subject to the attorney-client privilege, the joint defense or common interest privilege, the work product doctrine or any other applicable privilege or doctrine. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the joint defense or common interest privilege, the attorney work product immunity doctrine, or any other applicable privilege or doctrine.

2. Plaintiffs object to the Third Interrogatories to the extent that they call for the disclosure of communications with, facts known by, or opinions held by non-testifying experts retained pursuant or specially employed in anticipation of litigation or preparation of trial, pursuant to Fed. R. Civ. P. 26(b)(4)(B). Any inadvertent disclosure of such information shall not be deemed a waiver of the protection against discovery afforded by Rule 26(b)(4)(B) or any other applicable privilege or doctrine.

3. Plaintiffs object to the Third Interrogatories to the extent that they call for the disclosure of information beyond that required by the Federal Rules of Civil Procedure or the Local Rules of the Court.

4. Plaintiffs object to the Third Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, and are ambiguous, duplicative, vague, oppressive, harassing, overbroad or unduly burdensome.

5. Plaintiffs object to the Third Interrogatories to the extent that they call for information maintained by Defendants, for information already in Defendants' possession, or for information readily accessible to Defendants in the public record, on the grounds that it is unduly burdensome, oppressive, and harassing, and would needlessly increase the cost of litigation.

6. Plaintiffs object to the Third Interrogatories to the extent that they are not limited to time periods reasonably related to the matters at issue in this litigation. Specifically, Plaintiffs object to the Third Interrogatories to the extent that they seek information from Plaintiffs prior to Defendants' commencement of operations on Hotfile, as overbroad, unduly burdensome, and seeking information neither relevant to this action nor likely to lead to the discovery of admissible evidence. To the extent the Plaintiffs respond to the Third Interrogatories, Plaintiffs will provide information from January 1, 2009 onward.

9. Plaintiffs object to the Third Interrogatories to the extent they seek unavailable information or information not currently in Plaintiffs' possession, custody or control.

10. Plaintiffs object to the Third Interrogatories to the extent that they seek proprietary and confidential information not relevant to this proceeding, including but not limited to information related to third parties.

11. Plaintiffs object to the Third Interrogatories to the extent that they seek information protected from disclosure by the Court's September 1, 2011 Protective Order.

12. Plaintiffs object to the Third Interrogatories to the extent they seek the production of confidential information relating to the Plaintiffs' trade secrets.

13. Plaintiffs object to the Third Interrogatories on the grounds that the Third Interrogatories are premature, burdensome, and improperly call for privileged information to the extent the Third Interrogatories are contention interrogatories. Such interrogatories are premature because Plaintiffs have not yet had the opportunity to complete discovery on their legal theories, and information relevant to contention interrogatories is in substantial part uniquely in the possession of Defendants. Plaintiffs further object to such interrogatories as burdensome, as contention interrogatories serve only to burden counsel with organizing facts and information available to both parties through discovery that could be equally analyzed by the requesting party. In addition, by demanding that Plaintiffs lay out in advance how they intend to marshal the facts and to present their case at trial or at summary judgment, such requests intrude improperly upon the work product of Plaintiffs' counsel. Lastly, Plaintiffs object to the following contention interrogatories as withdrawn per the parties' agreement: Interrogatory Nos. 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18.

Plaintiffs incorporate these General Objections into each specific response as if fully set forth in each response.

## OBJECTIONS TO SPECIFIC DEFINITIONS

1. Plaintiffs object to the Interrogatories' definition of "IDENTIFY" insofar as it exceeds a responding party's obligations under the Federal Rules of Civil Procedure.

2. Plaintiffs object to the Interrogatories' definitions of "RELATE," "RELATES," "RELATING TO," "REFER," "REFERRING," as vague, unduly burdensome, and as calling for attorney work product insofar as it requires Plaintiffs to determine what "show[s]" or "evidenc[es]" a particular proposition.

3

3. Plaintiffs object to the Interrogatories' definitions of The terms "PLAINTIFFS," "YOU," "YOUR" or "THE STUDIOS" insofar as they seek to require Plaintiffs to provide interrogatory responses and information for entities other than the Plaintiffs, such as their affiliates and their law firms in matters other than the present action. Information in the possession of third parties, such as Plaintiffs' affiliates, agents, and outside counsel other than counsel in the present action, is irrelevant and unduly burdensome to obtain. Plaintiffs will respond on behalf of the Plaintiff entities.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 9:

State all facts supporting YOUR contention that "Given the scale of infringement on Hotfile and the speed with which infringing content can be uploaded and promoted, plaintiffs are left to play catch-up, constantly trying to identify and take down content Hotfile encourages its users to upload and promote," including an IDENTIFICATION of all DOCUMENTS evidencing these facts. (Compl. ¶ 37.)

### PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 9:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

### INTERROGATORY NO. 10:

State all facts supporting YOUR contention that "defendant Hotfile Corp. operates Hotfile and provides the Hotfile website and service to its users, with the object of promoting the use of Hotfile to infringe plaintiffs' copyrighted motion pictures and television programs, among other types of copyrighted content, as shown by Hotfile Corp.'s clear expression and other affirmative steps to foster infringement," including an IDENTIFICATION of all DOCUMENTS evidencing these facts. (Compl. ¶ 60.)

### PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 10:

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

**INTERROGATORY NO. 11:**

State all facts supporting YOUR contention that "the way [Defendants] chose to design and set up their service " supports a finding of secondary copyright infringement liability, including an IDENTIFICATION of all DOCUMENTS evidencing these facts. (Dkt 105-1, p. 1.)

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 11:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

**INTERROGATORY NO. 12:**

State all facts supporting YOUR contention that "Defendants know of the open infringement on pirate link sites; yet, as discussed below, Hotfile pays many pirate link sites for hosting and promoting Hotfile URL links," including an IDENTIFICATION of all DOCUMENTS evidencing these facts. (Compl. ¶ 22.)

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 12:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

**INTERROGATORY NO. 13:**

IDENTIFY each "pirate link site," "adjudicated infringer," or website that "had their domain name[] seized for violations of criminal copyright infringement laws," ("Pirate Site") referred to in Paragraph 22 of the Complaint.

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 13:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

**INTERROGATORY NO. 14:**

For each such Pirate Site, state when YOU first came to believe that this Pirate Site was a copyright infringer and why YOU never asked HOTFILE to terminate this Pirate Site or its operators for repeat infringement.

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 14:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

**INTERROGATORY NO. 15:**

State all facts supporting YOUR contention that "defendants have intentionally attempted to stymie plaintiffs' copyright enforcement efforts," including an IDENTIFICATION of all DOCUMENTS evidencing these facts. (Compl. ¶ 38.)

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 15:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

**INTERROGATORY NO. 16:**

State all facts which support YOUR contention that HOTFILE's business depends on "massive infringement of copyrighted works," and cannot be profitable absent such infringement," including an IDENTIFICATION of all DOCUMENTS evidencing these facts. (Compl. ¶ 60.)

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 16:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

**INTERROGATORY NO. 17:**

State all facts which support YOUR contention that "Hotfile Corp. had full knowledge that Hotfile was being used predominantly and overwhelmingly to infringe the rights of copyright owners, including plaintiffs," including an IDENTIFICATION of all DOCUMENTS evidencing these facts. (Compl. ¶ 61.)

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 17:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

**INTERROGATORY NO. 18:**

State all facts which support YOUR contention that "Defendant Hotfile Corp. derived a financial benefit attributable to its users' copyright infringement, including infringement of plaintiffs' copyrights," including an IDENTIFICATION of all DOCUMENTS evidencing these facts. (Compl. ¶ 62.)

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 18:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Per the parties' agreement of November 22, 2011, this interrogatory has been withdrawn.

**INTERROGATORY NO. 19:**

For each file identified by THE STUDIOS in Schedule A to their response to HOTFILE's Interrogatory No. 1, state when THE STUDIOS or any of their agents first became aware of this file.

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 19:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein.

Plaintiffs further specifically object that this Interrogatory seeks information expressly protected from discovery by the Court's September 1, 2011 Protective Order insofar as it seeks

information regarding Plaintiffs' investigation of infringing files on Hotfile.com. Plaintiffs further specifically object that this Interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The timing of when Plaintiffs or their agents first became aware of any specific infringing file on the Hotfile website is not relevant to Defendants' liability for providing access to infringing content on the Hotfile Website, nor is it relevant to Defendants' purported affirmative defenses. Plaintiffs further object that the Interrogatory calls for attorney work product and information protected by the attorney-client privilege to the extent that it seeks information identifying Plaintiffs' investigation for purposes of this very action, or for purposes of other investigations of online infringement.

Plaintiffs further object that the Interrogatory is overbroad, unduly burdensome, and appears designed to harass. Plaintiffs have identified nearly a million files available through the Hotfile website that infringe Plaintiffs' copyrights; it would thus be unduly burdensome to identify on a file-by-file basis the specific time that Plaintiffs or their agents became aware of each of those files.

**INTERROGATORY NO. 20:**

IDENTIFY each file in Schedule A to THE STUDIOS' response to HOTFILE's Interrogatory No. 1 which THE STUDIOS contend Hotfile failed "expeditiously to remove, or disable access to" after receiving a DMCA takedown notice or SRA request. *See* 17 U.S.C. §512(c).

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 20:**

Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object to this Interrogatory as premature, as critical technical data regarding Hotfile's responses to takedown notices remains outstanding. Without waiver of and subject to and incorporating the specific objections as set forth above, Plaintiffs will supplement this response as appropriate upon the close of discovery.

Dated: December 1, 2011

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305-416-6880
Fax: 305-416-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA  91403

By: s/ Luke C. Platzer
Luke C. Platzer

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st Day of December, 2011, I served the foregoing Plaintiffs' Responses and Objections to Defendant Hotfile Corp.'s Third Set of Interrogatories on all counsel of record on the attached Service List via their email address(es) as set forth on the Court's CM/ECF filing system per the parties' service agreement, as indicated on the attached Service List.

      I further certify that I am admitted *pro hac vice* in the United States District Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date at Washington, D.C.

                                                    /s/ Luke C. Platzer
                                                    Luke C. Platzer

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Phone: 415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

BOSTON LAW GROUP
Valentin Gurvits
825 Beacon Street, Suite 20
Newton Center, MA 02459
Phone: 617-928-1800
Fax: 617-928-1802
vgurvits@bostonlawgroup.com

*Attorney for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Phone: 305-476-7101
Fax: 305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**