# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

vs.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

## PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. hereby make the following disclosures:

1. In accordance with Federal Rule of Civil Procedure 26(a)(1)(A), the following individuals or other knowledgeable corporate representatives of each of the following plaintiffs may provide information on the identified subjects to the extent not protected by any applicable privilege, work product, or other protection. Each of the following should be contacted only via undersigned counsel.

CONFIDENTIAL

(a) On behalf of Columbia Pictures Industries, Inc.:

Vicki Solmon: Copyright ownership of works for which defendants are liable for infringement and notifications to Hotfile regarding infringement of the plaintiff's works via Hotfile, including notices sent to Hotfile on behalf of the plaintiff by DtecNet, OpSec Security, Peer Media Technologies, and BayTSP.

Columbia Pictures Industries, Inc.

10202 West Washington Boulevard

Culver City, California 90232

310-244-4000

(b) On behalf of Disney Enterprises, Inc.:

Marsha L. Reed: Copyright ownership of works for which defendants are liable for infringement.

Lance R. Griffin: Notifications to Hotfile regarding infringement of the plaintiff's works via Hotfile, including notices sent to Hotfile on behalf of the plaintiff by WebKontrol.

Disney Enterprises, Inc.

500 South Buena Vista Street

Burbank, California 91521

818-560-1000

(c) On behalf of Twentieth Century Fox Film Corporation:

Jeremy Kaufman: Copyright ownership of works for which defendants are liable for infringement.

2

CONFIDENTIAL

>Betsy Zedek: Notifications to Hotfile regarding infringement of the plaintiff's works via Hotfile, including notices sent to Hotfile on behalf of the plaintiff by DtecNet, Web Sheriff, OpSec, WebKontrol, and MiMTiD.

>Twentieth Century Fox Film Corporation.

>10201 West Pico Boulevard

>Los Angeles, California 90035

>310-277-2211

(d) On behalf of Warner Bros. Entertainment Inc.:

>David Kaplan: Copyright ownership of works for which defendants are liable for infringement and notifications to Hotfile regarding infringement of the plaintiff's works via Hotfile, including notices sent to Hotfile on behalf of the plaintiff by DtecNet, OpSec, and Peer Media Technologies.

>Warner Bros. Entertainment Inc.

>4000 Warner Boulevard

>Burbank, California 91522

>818-954-6000

(e) On behalf of Universal City Studios Productions LLLP:

>Carly Seabrook: Copyright ownership of works for which defendants are liable for infringement.

>Braxton Perkins: Notifications to Hotfile regarding infringement of the plaintiff's works via Hotfile, including notices sent to Hotfile on behalf of the plaintiff by DtecNet.

>Universal City Studios Productions LLLP

3

    100 Universal City Plaza

    Universal City, California 91608

    818-777-1000

 (f) On behalf of all plaintiffs:

    Steve Kang: The nature and quality of the harm to plaintiffs caused by the online copyright infringement engaged in and facilitated by defendants.

    100 Universal City Plaza

    Universal City, California 91608

    818-777-1000

 In addition to the corporate witnesses designated above, one or more corporate representatives of each third party vendor identified above has knowledge of the notices sent to Hotfile on behalf of the identified plaintiff by that vendor. Contact information for each vendor is provided in Exhibit A hereto.

 The following individual or other knowledgeable corporate representative of the following entity may provide information as to the infringement of plaintiffs' copyrighted works included in the complaint:

 (g) Thomas Sehested

    DtecNet

    c/o Jenner & Block LLP

    1099 New York Ave, N.W., Suite 900

    Washington, D.C. 20001

 Further, plaintiffs believe that the following third parties, among others yet to be discovered, may have knowledge of facts supporting defendants' liability for copyright

4

infringement. This includes but is not limited to any individuals or entities who have provided documents or have been deposed in this litigation, or whose identities have otherwise been made known to the parties during the discovery process or in writing pursuant to Fed. R. Civ. P. 26(e)(1)(A), such as Vobile.

(h) Business or technical consultants for Hotfile;

(i) Companies that assist in the marketing, promotion, or branding of Hotfile, including public relations or marketing companies;

(j) Internet service providers or entities that provide or that have previously provided any online, Internet, or web-related services for Hotfile, including but not limited to Lemuria Communications Inc. and Webzilla, Inc.;

(k) Individuals or entities operating websites containing links to content on Hotfile, including but not limited to Hotfilesearch.com and Hotfile123.com;

(l) Individuals or entities engaged in a revenue alliance, strategic partnership agreement, joint venture, or any other arrangement related to Hotfile, including but not limited to individuals or entities involved in Hotfile's "Affiliate" program;

(m) Hotfile uploaders and/or other individuals who receive payments under Hotfile's "Affiliate" program;

(n) Entities processing payments to Hotfile users and "Affiliates", including but not limited to Toccata Inc. (d/b/a SegPay) and PayPal, Inc.;

(o) Banks, venture capitalists, investors, or persons or entities providing any capital, funds or financing, related to Hotfile;

(p) Other individuals or entities that own, operate, control, or hold an ownership interest in any part of Hotfile, or have in the past owned, operated,

controlled, or held an ownership interest in any part of Hotfile, and their agents and employees, including Atanas Vangelov and Rumen Stoyanov.

Further, plaintiffs believe that defendants and their agents and employees, including Andrei Ianakov, Stanislov Manov, Deion Chuburov, Vasil Kolev, and Constantin Luchian, are likely to have discoverable information about their activities in relation to the claims in the Complaint.

Additionally, although the issues of harm and actual damages caused by Hotfile's infringement are likely to be presented through expert testimony, one or more corporate representatives of plaintiffs may provide information on this topic. Such individuals may present expert testimony or other testimony based on industry knowledge regarding the qualitative and quantitative effects of Hotfile's infringing activities. As set forth in the plaintiffs' portion of the joint scheduling conference report and their motion submitted to the Court, plaintiffs have proposed that the case proceed to a liability determination before the parties take full discovery on defendants' infringement of plaintiffs' copyrighted works, and therefore determinations on the harm and damages caused by Defendants should be deferred until the Court has an opportunity to rule on defendants' liability, or at least until the Court has ruled on the staged discovery proposal presented in the scheduling conference report and the pending motion.

Plaintiffs also believe that other expert witnesses, who will be identified pursuant to the schedule established by the Federal Rules of Civil Procedure, the scheduling order in this case, and the agreement of the parties, are likely to have discoverable information.

Plaintiffs expressly reserve their rights to modify and supplement this list based upon investigation and discovery in this matter and to identify other witnesses as necessary.

2. The following documents, identified by category in accordance with Federal Rule of Civil Procedure 26(a)(1)(B) and available through counsel for plaintiffs, may be used by plaintiffs to support their claims or defenses:

- Documents related to copyright ownership of works infringed via Hotfile;
- Documents related to copyright infringement occurring via Hotfile.

Plaintiffs believe that defendants and other third parties, including those identified above in (1), are in possession of documents relating to the facts alleged in this matter, and thus plaintiffs may rely on documents produced by defendants and any third parties in this litigation.

Plaintiffs expressly reserve their rights to modify and supplement this list based upon investigation and discovery in this matter and to provide other documents as necessary, including by relying on documents (including those produced by the plaintiffs) that were made known to the defendants during the discovery process.

3. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), plaintiffs state as follows:

Plaintiffs are entitled to the maximum statutory damages, in the amount of $150,000 per infringement, pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c). Alternatively, plaintiffs are entitled to the actual damages suffered by plaintiffs as a result of defendants' infringement of plaintiffs' copyrights and exclusive rights under copyright, as well as defendants' profits pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial, plus pre-judgment interest. Plaintiffs are also entitled to their attorneys' fees and full costs.

Plaintiffs may rely on additional discovery in order to provide a more precise computation of the statutory and actual damages sought. Further, plaintiffs reserve the right to

introduce expert testimony on the amount of damages caused by defendants' unlawful acts. Plaintiffs expressly reserve their rights to modify and supplement their computation of damages based upon investigation and discovery in this matter.

4. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), plaintiffs are not aware of any insurance agreements relevant to this dispute.

Dated: December 23, 2011   By: _____
                                Duane C. Pozza

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305-416-6880
Fax: 305-416-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Duane C. Pozza (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

*Attorneys for Plaintiffs*

CONFIDENTIAL

# EXHIBIT A

DtecNet
Thomas Sehested, Samuel Bahun, Brad Beutlich
P.O Box 170
1005 Copenhagen
Denmark
+45 333 880 08

OpSecSecurity GmbH
Sebastian Franz, Petur Agustsson
InselkammerstraSSe 1
D-82008 Unterhaching, Munich
Germany
+49 89/79 07 8-300

Web Sheriff
John Giacobbi
Argentum
2 Queen Caroline Street
London W6 9DX
United Kingdom
+44 208 323 8013

WebKontrol
Olia Valigourskaia
Vrachebniy proezd 10/3, 28
Moscow 125367
Russia
7903-622-5566

MiMTiD
Dave Cox, Sean Shaub, John Dupuis
c/o Fisher & Associates
1800 Two Houston Center
909 Fannin Street
Houston, TX 77010
(713) 223-8400

BayTSP, Inc.
Leland Woo
c/o Osama Hussain
PO Box 1314
Los Gatos, CA 95031-1314
(408) 341-2300

CONFIDENTIAL

Peer Media Technologies
Nathan Cole
9046 Lindblade Street
Culver City, CA 90232
(310) 956-3300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

        *Plaintiffs*,

vs.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

        *Defendants*.

_____/

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd Day of December 2011, I served the following documents on all counsel of record on the attached Service List via their email addresses as set forth on the Court's CM/ECF filing system:

Plaintiffs' Supplemental Initial Disclosures

    I further certify that I am admitted *pro hac vice* in the United States District Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date at Washington, D.C.

                                                                                                 _____
                                                                                                 Duane C. Pozza

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-JORDAN

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Phone: 415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL 33134
Phone: 305-476-7101
Fax: 305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*
**Served via electronic mail by agreement**