UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW TO STRIKE AND REQUIRE SUBSTITUTION OF EXHIBIT**

Plaintiffs respectfully move to strike in part Defendants' "Exhibit A" from the August 17, 2012 summary judgment hearing, and for an order directing Defendants to submit a substitute "Exhibit A" containing only the demonstratives presented at the hearing.

## INTRODUCTION AND BACKGROUND

At the Court's August 17, 2012 Summary Judgment Hearing, both parties presented the Court with a number of demonstratives. *See* August 17, 2012 Exhibit List [Docket No. 473]. Plaintiffs presented seven exhibits to the Court; Defendants illustrated their argument with a number of PowerPoint slides. *Id.* The Court's Exhibit List from the hearing [Docket No. 473] lists these as Defendants' "Exhibit A" and Plaintiffs' "Exhibits 1-7," respectively. *Id.*

However, it has subsequently come to Plaintiffs' attention, in reviewing the binder that Defendants provided to the Court and entered as Defendants' "Exhibit A," that Defendants' "Exhibit A" is *not* the same as the PowerPoint presentation that Defendants presented in court on August 17th. Although Defendants' "Exhibit A" *includes* the 40-50 slides that Defendants presented during the hearing, it is considerably more extensive and includes over a hundred new slides. In toto, "Defendants' Exhibit A" encompasses *183 slides/pages* of argument. Most of those slides were never used at the hearing, and Plaintiffs saw them for the first time after the hearing while examining the binder of materials that Defendants handed out on August 17th. These 183 pages include substantial argument beyond what Defendants actually discussed on August 17th, *see, e.g.*, Defs' Ex. A Tab A.4-A.6 (33 pages of additional argument on secondary liability, only approximately five used at hearing) & Tab B (25 pages of additional argument on Hotfile's cross-motion); presentations that were briefly initiated but never presented in full, *see, e.g.*, Defs' Ex. A Tab A.8 (24 pages of new argument regarding statistics, of which only first few slides were presented and discussed), and at least one entire section on a topic that was not even addressed at the hearing at all, *see, e.g.*, Defs' Ex. A Tab C (31 pages of argument on counterclaim).[1] This list is not exhaustive; on many of the topics on which Defendants *did* present a PowerPoint deck, Exhibit A appears to include slides that Defendants skipped and did not actually present in court. In many cases, the slides are not supported, are misleading, or misstate the applicable law. The prejudice to Plaintiffs of Defendants' submission of voluminous unresponded-to argument is manifest.

---

[1] The Index to Defendants' Binder lists the Counterclaim presentation as "Tab C," but in the version distributed to Plaintiffs at the hearing, it is located at "Tab D."

Upon becoming aware of the discrepancy between the exhibits actually used in Defendants' presentation and the exhibits Defendants submitted to the Court for inclusion in the formal exhibit list, Plaintiffs promptly requested that Defendants identify the slides presented at the hearing and submit a substituted version of "Defendants' Exhibit A" correcting the discrepancy.  Defendants have refused to do so.

Defendants assert that Plaintiffs declined their invitation to exchange demonstratives before the hearing and thus Defendants have no obligation to correct Exhibit A now.  But one thing has nothing to do with the other.  Even if the parties had decided to exchange their slides before the hearing, that would not excuse Defendants from submitting to the Court so-called "demonstratives" that were not used as demonstratives at all.[2]

Because Defendants' Exhibit A constitutes 183 pages of unauthorized "briefing," Plaintiffs respectfully request that Defendants be directed to withdraw the current Exhibit A and substitute in its place a new Exhibit A consisting of only the slides actually presented to the Court at the August 17 hearing.

## ARGUMENT

The sheer size of Defendants' submission, coupled with the fact that the vast majority of it was never presented in court, amounts to the *de facto* submission of a large, new brief to which Plaintiffs have had no opportunity to respond.  Although Plaintiffs were able to respond at the hearing to the slides that Defendants actually presented in court, the first time Plaintiffs even became aware of the voluminous additional materials in "Defendants' Exhibit A" was after the hearing while reviewing the binder of materials that Defendants provided to the Court.

The inclusion of these voluminous unused materials in the record has the effect of granting Defendants substantially more pages and time than Plaintiffs to address the issues briefed in the case and argued at the hearing.  *See, e.g., Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, No. C 08-04166 SI, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (granting motion to strike exhibit because the exhibit "constitutes attorney argument exceeding the 15-page limit" and "counsel was required to include all argument within the text" of the brief); *United States v. Duke Energy Corp.*, No. Civ. 1:00CV01262, 2003 WL 22025025, at *1 (M.D.N.C. Aug. 26,

---

[2] Likewise, while Plaintiffs stated their non-objection to Defendants' use of the demonstrative PowerPoint slides at the hearing, at that time Plaintiffs could not know that Defendants would submit well over 100 slides never used at the hearing.  To that Plaintiffs do object.

2

2003) (striking a 23-page chart that was an "extension of . . . legal arguments" and thus a circumvention of page limits); *Anderson v. Aurora Township*, No. 97 C 2477, 1997 WL 802099, at *2 (N.D. Ill. Dec. 29, 1997) (striking charts constituting legal argument where it was "an ill-concealed attempt to evade" the page limitation).

In addition, Plaintiffs are further prejudiced by their inability to respond to slides that were included in the packet of materials provided to the Court but not actually discussed at the hearing itself. *See, e.g., Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1320 (S.D. Fla. 2009) (striking an affidavit where "[t]here is no opportunity for further briefing," and "it would be both prejudicial to Plaintiff and ill-serve the interests of judicial economy to permit additional briefing"); *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1321 n.6 (S.D. Fla. 2010) (same); *see also generally Dasilva v. Lamberti*, No. 08-62106-CIV, 2009 WL 3617991, at *3 (S.D. Fla. Oct. 29, 2009) (the "Court will not consider" arguments raised for the first time in a reply memorandum because the responding party "has not had an opportunity to respond to this new argument"). This prejudice is heightened here because Defendants' voluminous unused slides contain several assertions that Plaintiffs believe to be either inaccurate characterizations of the law and/or factual claims unsupported in the record. Plaintiffs would have responded to these additional characterizations and assertions at the hearing, had they been presented with an opportunity to do so.

The remedy for this prejudice is simple: Defendants should substitute for "Exhibit A" the presentation that they actually gave in Court on August 17th, as opposed to the substantially longer presentation they would have liked to give if unlimited time had been available.

## CONCLUSION

Plaintiffs respectfully request that the Court order Defendants to identify the slides in "Exhibit A" that were actually presented at the hearing, and submit a substituted "Defendants' Exhibit A" consisting of only those materials.

3

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

   I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs have conferred with counsel for Defendant Hotfile Corp. in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

Dated: September 5, 2012         Respectfully submitted,

                By: /s/ Karen L. Stetson
                  Karen L. Stetson
                  GRAY-ROBINSON, P.A.
                  1221 Brickell Avenue
                  16th Floor
                  Miami, Fl 33131
                  Telephone: (305) 416-6880
                  Facsimile:  (305) 416-6887

| | |
|---|---|
| MOTION PICTURE ASSOCIATION OF AMERICA, INC. | JENNER & BLOCK LLP |
| Karen R. Thorland (*Pro Hac Vice*) | Steven B. Fabrizio (*Pro Hac Vice*) |
| 15301 Ventura Blvd. | Luke C. Platzer (*Pro Hac Vice*) |
| Building E | 1099 New York Ave., N.W. |
| Sherman Oaks, CA 91403 | Suite 900 |
| Phone: (818) 995-6600 | Washington, DC 20001 |
| Fax: (818) 285-4403 | Telephone: (202) 639-6000 |
| | Facsimile: (202) 639-6066 |

                  *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
                                                          /

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
                                                          /

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 5th day of September, 2012, I served the following document on all counsel of record on the attached service list via the Court's ECF System:

**Plaintiffs' Motion to Strike and Require Substitution of Exhibit**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST
### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*