UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,.

  *Counterdefendant*.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION TO
STRIKE DEFENDANTS' DEMONSTRATIVES
<u>AND TO REQUIRE SUBSTITUTION OF EXHIBIT</u>**

I.  **INTRODUCTION**

By this motion – filed more than two weeks after the parties' summary judgment hearing – Plaintiffs ask the Court to ignore Hotfile's[1] demonstratives.  Specifically, Plaintiffs move to strike Hotfile's graphic illustrations of its defenses and counterclaim on grounds that some unidentified subset of these demonstratives were not adequately "presented" at the hearing.  However, Plaintiffs present no authority to support striking demonstratives slides for lack of "presentation."  Instead, Plaintiffs first rely on case law excluding submissions in excess of court-ordered page limits.  But Plaintiffs also submitted demonstratives – and may not credibly argue that only they may illustrate their points at oral argument.  Alternatively, Plaintiffs rely on case law precluding "new" arguments on reply.  However, Plaintiffs do not even attempt to identify any demonstrative in which Hotfile relied on facts not already set forth in its summary judgment papers.  Indeed, Plaintiffs' authorities demonstrate *Plaintiffs'* disregard of the rule governing replies, given the "reply" declarations of their putative experts purporting to expand their testimony after their depositions.  In any event, there is no evidence for Plaintiffs to strike here:  unlike Plaintiffs – whose demonstratives remain properly subject to Hotfile's prior motion to strike – Hotfile has never sought admission of its demonstratives into evidence.  Plaintiffs' motion should be denied.

II.  **FACTUAL BACKGROUND**

On January 20, 2012, this Court ordered the parties to submit motions for summary judgment not to exceed forty pages by February 17, 2012.  *See* Docket No. 231.  On February 17, 2012, Plaintiffs filed their forty-page motion for summary judgment – *and ten additional pages of attorney argument in demonstratives* characterized as an "Appendix."  *See* Yeh Decl., Exs. 109-118.  The demonstratives continued Plaintiffs' arguments made in their brief – without either leave of court or any factual basis.  *E.g.*, Yeh Decl., Ex. 112 (arguing that "Nearly All Hotfile Uploaders Are Copyright Infringers" – while ignoring uploaders of 56% of Hotfile's files).  Plaintiffs purported to authenticate the demonstratives by attaching them as exhibits to their counsel's declaration, and then cited these graphics as evidence of *undisputed facts*.  *See* Plaintiffs' Statement Of Undisputed Facts ¶¶ 4(c), 5(a), 5(a)(i), 5(a)(iii), 5(b), 10(a)(i), 10(a)(ii), 10(a)(iii), 10(a)(iv), 10(a)(v), 10(a)(vi), 16(a)(vii), 16(a)(xi).

---

[1] "Hotfile" refers herein to Defendants Hotfile Corporation and Anton Titov collectively.

In opposing Plaintiffs' motion for summary judgment on March 7, 2012, Hotfile complied with the Court's Order and limited its response to forty pages, refraining from filing any unauthorized "Appendix" of demonstratives. Because demonstratives are indisputably ***not evidence*** – and thus violative of the Court-ordered page limit – Hotfile moved to strike Plaintiffs' demonstratives. Hotfile's Mot. Strike Yeh Decl. at 9-11 (filed 3/7/12).[2]

Hotfile then prepared slides for the oral argument on four summary judgment motions and six evidentiary motions on August 17, 2012. To be ready to respond to any inquiry that may arise regarding the many thousands of pages of submissions, Hotfile prepared over 175 slides.

To avoid any disagreements or surprises, Hotfile proposed to Plaintiffs on August 14, 2012 that the parties exchange demonstratives to be used at the hearing. Plaintiffs refused. Nonetheless, Plaintiffs now argue here that they "would have responded to [Hotfile's demonstratives] had they been presented with an opportunity to do so." Pltfs' Mot. Strike ("Mot.") at 3.

At the hearing on August 17, 2012, Plaintiffs claim they brought seven demonstratives. Mot. at 1. This suggests that they did not bring four of their eleven previously-filed demonstratives. Yeh Declaration, Exs. 109-118; Yeh Reply Decl., Ex. 156. Nonetheless, Plaintiffs now argue that any demonstratives not "presented" at the hearing must be stricken. Mot. at 1. Evidently Plaintiffs believe that one-third of their own slides should now be stricken.

At the Court's request during the afternoon session of the hearing, Hotfile provided copies of all of its slides to the Court and Plaintiffs' counsel in a binder which was marked for identification. Tr. at 140 (attached as Exhibit A hereto). Because demonstratives are not evidence, Hotfile did not move for their admission into evidence. Nonetheless, for two of the motions most important to Hotfile (where time did permit oral argument) – *i.e.*, Hotfile's motion for partial summary judgment and Warner's motion for summary judgment regarding Hotfile's counterclaim – the slides provided the Court with an outline of Hotfile's contemplated oral argument.

Plaintiffs made no objection to the demonstratives when they were marked at the hearing

---

[2] On March 19, 2012, Plaintiffs filed yet another demonstrative with their reply brief on summary judgment – which Hotfile moved to strike on March 28, 2012. Yeh Reply Decl., Ex. 156; Hotfile's Reply Supp. Mot. Strike Yeh Decl. at 6 n.11 (filed 3/28/12).

2

or for nineteen days thereafter.[3] Plaintiffs then demanded that Hotfile withdraw any slides not "presented" at oral argument. Plaintiffs offered no precedent or any other authority for their demand. Moreover, Plaintiffs offered no criteria for determining whether slides were "presented." Did Hotfile "present" slides which it relied upon or quoted in argument but did not display? Did Hotfile "present" those slides which it displayed but did not discuss? Did Hotfile "present" slides at oral argument when it handed up slides which restated arguments made in its briefing? Were slides "presented" if reviewed by the Court or its staff during argument even if not projected on a screen or monitor? For how long must a slide have been displayed or reviewed to be considered "presented"? How can Hotfile reasonably comply with an order to withdraw slides not "presented" when every slide was delivered to the Court, where every slide related to a pending motion, and where every motion received at least some mention in the hearing? Even Plaintiffs appeared at a loss to determine which slides were "presented" to the Court, as Plaintiffs *still* cannot identify which slides they seek to strike. *See* Mot. at 1 (seeking to strike unidentified slides regarding secondary liability other than "approximately five" used at the hearing); *id.* (seeking to strike unidentified slides regarding statistics other than the "first few").

Plaintiffs then excoriated Hotfile's counsel for declining Plaintiffs' demand,[4] and this motion ensued.

---

[3] Plaintiffs have insisted elsewhere that failure to make any contemporaneous objection waives any right to challenge a submission. *See* Warner's Responses To Hotfile's Objections To Magistrate Judge's Report And Recommendation of 3/12/12 at 12 (asserting – based on Hotfile's alleged failure to object to Titov Deposition Exhibit 27 until hours after the deposition – that "it is hard to conceive of a clearer case of waiver"); Warner's Motion To Compel Production Of Titov Deposition Exhibit 27 of 12/12/11 at 5 (same).

[4] Consistent with prior practice, Plaintiffs taunted Hotfile's counsel ("you should probably think of a better nonsensical excuse than that") rather than simply noting the parties' impasse. *See* Docket No. 217 at 9 n.5 (cataloguing instances where Plaintiffs' counsel: (i) offered to translate communications from English into a language that Hotfile's counsel may understand; (ii) commanded Hotfile's counsel to "skip the BS" regarding Hotfile's "baseless accusations" before "you find yourself answering for it in front of an ethics committee"; and (iii) derided Hotfile's counsel using the words "inane," "drivel," "laughable," "full of it," and "astonishing hypocrisy").

### III.  ARGUMENT

#### A.  No Court Identified By Plaintiffs Has Ever Required A Party To Resubmit Demonstratives Limited To Those "Presented" At A Hearing.

Plaintiffs identify no case in any jurisdiction at any time where any court has ever required that a party withdraw demonstratives which it did not somehow adequately "present." Plaintiffs' motion appears to be literally unprecedented.

The authority relied upon by Plaintiffs states that parties cannot proffer as evidence any argumentative exhibits which cause page limits on briefs to be exceeded. Mot. at 2 (citing *Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, No. C-08-04166 SI, 2009 WL 3837270, at *7 (N.D.Cal. Nov. 16, 2009); *United States v. Duke Energy Corp.*, No. Civ. 1:00CV01262, 2003 WL 22025025, at *1 (M.D.N.C. Aug. 26, 2003); *Anderson v. Aurora Township,* No. 97-C-2477, 1997 WL 802099, at *2 (N.D. Ill. Dec. 29, 1997)). Hotfile agrees. These cases demonstrate that **Plaintiffs** flouted the court-ordered page limitations at summary judgment by offering into evidence eleven unauthorized pages of attorney argument designated as demonstratives and attached as exhibits to its attorneys' declarations. In contrast, Hotfile has never sought admission of its demonstratives into evidence, nor attached them to an evidentiary declaration, nor referred to them as evidence of undisputed facts. There is no Hotfile demonstrative exhibit to exclude from evidence because Hotfile has not proffered any demonstratives for admission into evidence.

Plaintiffs also cite cases for the proposition that parties cannot properly make arguments for the first time on reply, thereby depriving opponents of the opportunity to respond. Mot. at 3 (citing *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1320 (S.D. Fla. 2009); *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1321 n.6 (S.D. Fla. 2010); *Dasilva v. Lamberti,* No. 08-62106-CIV, 2009 WL 3617991, at *3 (S.D. Fla. Oct. 29, 2009)). Again, Hotfile agrees. These cases only prove the impropriety of **Plaintiffs'** so-called "reply" declarations of Dr. Waterman (purporting to extend the results of his statistical study from one month to twenty-three months) and Dr. Foster (purporting on reply to calculate the top 100 downloads at Hotfile by counting downloads of Plaintiffs' works differently than any non-infringing works). *See* Docket Nos. 217 (moving to strike Waterman's reply) & 460-1 (moving to strike Foster's reply). In contrast to these "reply" declarations, Hotfile's demonstratives set forth citations to where the presented information *already exists* in the submissions before the Court. *E.g.*, Ex. A, Tab B (setting forth citations on every substantive slide to facts and argument already before the Court regarding Hotfile's motion for partial summary judgment).

4

Plaintiffs cannot claim surprise when their own words from the existing record are used against them:



Hotfile's slides also directly responded to arguments made for the first time in Warner's reply submission filed in support of its motion for summary judgment regarding Hotfile's counterclaim. As the Court decided that time did not permit oral argument on this motion, Hotfile did not have the opportunity to respond to these arguments. For example, in response to Warner's assertion in its reply that "Hotfile, not Warner, bears the burden of proof" regarding *Warner's* motion for summary judgment, Warner's Reply Mem. Supp. Mot. Summ. J. at 1-2, Hotfile prepared the following slide quoting the relevant case law – including the same case (*Dudnikov*) miscited in Warner's reply:

5

## Must Have Sufficient Basis To Form Good Faith Belief

"In order to properly support its Motion for Summary Judgment, [Defendant] was required to show that it had a sufficient basis to form the required good faith belief that the Plaintiffs' auction infringed on its rights."

—*Dudnikov v. MGA Entertainment, Inc.*, 410 F. Supp. 2d 2010 (D. Colo. 2005) (emph. added)

The MPAA had a "sufficient basis to form the required good faith belief that Rossi's site contained infringing content [because]…[the] representations on the website led the MPAA employee to conclude in good faith" that the site was infringing.

—*Rossi v. Motion Picture Ass'n of America*, 391 F.3d 1000, 1002, 1005 (9th Cir. 2004)

"The DMCA already requires copyright owners to make an initial review of the potentially infringing material prior to sending a takedown notice; indeed, it would be impossible to meet any of the requirements of Section 512(c) without doing so."

—*Lenz v. Universal Music Corp.*, 572 F.Supp.2d 1150, 1155 (N.D. Cal. 2008)

423

While quotes from the case law made in response to misstatements made by Warner for the first time in its reply brief are not evidence, they certainly cannot harm Warner. More importantly, they may be of assistance to the Court in identifying the controlling law. In any event, Plaintiffs do not – and cannot – identify any slide submitted by Hotfile containing factual information not already found in the summary judgment record.

In their zeal, Plaintiffs even seek to strike Hotfile's interlineations of Plaintiffs' eleven demonstratives – as if only Plaintiffs should be permitted to illustrate their arguments. For example, Plaintiffs submitted this graphic with their opening brief on summary judgment:



Yeh Ex. 111. At oral argument, Hotfile handed up Plaintiffs' slide along with the following two slides in rebuttal – complete with citation to the record evidence discrediting Plaintiffs' assertion:



7



Hotfile similarly rebutted Plaintiffs' other demonstratives. Plaintiffs cannot credibly proffer demonstratives in support of their motion for summary judgment and object when Hotfile responds with interlineations dictated by the record. Plaintiffs' efforts here reflect the extent they are willing to go in arguing that only their arguments should be heard.

In sum, Plaintiffs have cited no precedent in any jurisdiction at any time in which a court struck demonstratives as inadequately "presented." Instead, Plaintiffs cite cases regarding page limitations and restrictions on reply arguments which only demonstrate *Plaintiffs'* disregard for procedural rules. Their arguments betray their real concern that the Court may be persuaded by on Hotfile's arguments – not that Hotfile has submitted any improper evidence to the Court.

## IV. CONCLUSION

The summary judgment motions should be decided on the admissible record evidence. Demonstratives are not evidence, but may be of some assistance to the Court in its task of identifying the admissible evidence and controlling law. The Court should deny Plaintiffs' motion to strike Defendants' demonstratives as unsupported by law and entirely unnecessary.

DATED:  September 12, 2012            Respectfully submitted,


/*s*/ Janet T. Munn
Janet T. Munn, Esq. Fla. Bar No. 501281
Email: jmunn@rascoklock.com
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone:  305.476.7101
Telecopy: 305.476.7102

And

/*s*/ Roderick M. Thompson
Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email:  rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email:  aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email:  tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email:  dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email:  jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone:  415.954.4400
Telecopy: 415.954.4480

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:  617.928.1800
Telecopy:  617.928.1802

*Counsel for Defendants Hotfile Corporation
 and Anton Titov*

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 12, 2012, a true and correct copy of the foregoing document was served on all counsel of record or pro se parties identified below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Karen L. Stetson, Esq.
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL  33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq. (admitted pro hac vice)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted pro hac vice)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted pro hac vice)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted pro hac vice)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Ave, N.W.
Suite 900
Washington, DC  20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

      By: /s/ Janet T. Munn
          Janet T. Munn