*Disney Enterprises, Inc. et al. v.*
*Hotfile Corp., et al.*

**Case No. 11-20427-WILLIAMS/TURNOFF**

# EXHIBIT 2

**Defendants' Demonstratives (REDACTED)**
**Part 3 of 17**

**Filed in Support of the Joint Notice of Submission**
**of Demonstratives Used at Summary Judgment Hearing**



# DMCA Safe Harbor
# 17 U.S.C. 512



# Elements of the DMCA Safe Harbor – 17 USC 512

- No knowledge (actual or red-flag) of specific files or expeditious takedown of those files upon knowledge.

- No direct financial benefit where right and ability to control infringement.

- Designated Agent.

- Reasonable repeat infringer policy.

- Not interfere with standard technical measures.

353

# The Studios Concede All but Three Elements

The Studios concede that there is a triable issue as to the "no direct financial benefit where right and ability to control infringement" element. They concede that Hotfile "does not interfere with standard technical measures."

There are triable issues as to each of

 1. The "no knowledge" requirement;

 2. The "designated agent," requirement; and

 3. The "reasonable repeat infringer policy" requirement.

354

# DMCA Safe Harbor
# No Knowledge (Actual or Red-Flag) / Expeditious Takedown

355

# Hotfile's Expeditious Response to Takedown Notices Is Unchallenged

> **INTERROGATORY NO. 20:**
>
> IDENTIFY each file in Schedule A to THE STUDIOS' response to HOTFILE's Interrogatory No. 1 which THE STUDIOS contend Hotfile failed "expeditiously to remove, or disable access to" after receiving a DMCA takedown notice or SRA request. *See* 17 U.S.C. §512(c).
>
> **PLAINTIFFS' RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 20:**
>
> Plaintiffs incorporate each General Objection and Specific Objection to Definitions as if set forth herein. Plaintiffs further specifically object to this Interrogatory as premature, as critical technical data regarding Hotfile's responses to takedown notices remains outstanding. Without waiver of and subject to and incorporating the specific objections as set forth above, ==Plaintiffs will supplement this response as appropriate upon the close of discovery.==

The Studios never supplemented this response to identify a single file that Hotfile failed to takedown expeditiously.

241

# *YouTube* Uniformly Rejects the Studios' Arguments

## *YouTube* Holding

- Confirms that both "actual" and "red flag" knowledge apply only to ***specific instances of infringement***.

- Confirms that both "actual" and "red flag" knowledge must concern the ***specific files-in-suit***.

- Rejects argument that disqualifying knowledge can be proved through statistics.

## Application In this Case

- Rejects Studios' argument that generalized knowledge is enough.

- Rejects much of Studios' evidence, which does not concern files-in-suit.

- Rejects Studios' reliance on dubious statistical analysis.

357

# *YouTube* Uniformly Rejects the Studios' Arguments

| *YouTube* Holding | Rejected Studio Position |
|---|---|
| • Confirms that willful blindness only applies to **specific instances of infringement**.<br><br>• Confirms that the DMCA is a defense to all forms of secondary liability, including inducement.<br><br>• Confirms prevailing view that DMCA "right and ability to control" provision does not codify common law vicarious liability. | • Rejects Studios' willful blindness evidence.<br><br>• Rejects Studios' argument that inducement is an exception to the DMCA.<br><br>• Rejects Studios' position that they are the same. |

358

# The Studios Cannot Establish Knowledge of Infringement From Mere Links

The Links are automatically generated fields in thousands of emails that go to the abuse mailbox and are not individually reviewed.

Even if it could review these links Hotfile could not know:

- ❌ The content of the file because Links don't necessarily disclose content;
- ❌ If any particular link was authorized by the copyright owner or they do not object;
- ❌ If the files are being stored or space-shifted;

356

# The Second Circuit's Ruling in *YouTube* Supports Hotfile's Position Regarding "Red-Flag Knowledge"

> The "red flag [knowledge] provision turns on whether the provider was subjectively aware of facts that would have made the specific infringement 'objectively' obvious to a reasonable person."
>
> –*Viacom Intern., Inc. v. YouTube, Inc.*, 676 F.3d 19, 31 (2d. Cir. 2012)

The *YouTube* court remanded for further fact finding as to whether a handful of emails in which YouTube employees discussed whether to preemptively remove specific "blatantly illegal" files demonstrated actual or red flag knowledge. *Id.* at 33-34.

Unlike in *YouTube*, there is no evidence that Hotfile was even aware of the files in suit, much less evidence that Hotfile believed them to be "blatantly illegal."

248

# Disqualifying *Knowledge* Must Be of The Specific *Files in Suit*

[W]e vacate the order granting summary judgment and instruct the District Court to determine on remand **whether any specific infringements of which YouTube had knowledge or awareness correspond to the clips-in-suit in these actions.**

– *Viacom v. YouTube,* slip op. at 22 (2d Cir.)