*Disney Enterprises, Inc. et al. v.*
*Hotfile Corp., et al.*

**Case No. 11-20427-WILLIAMS/TURNOFF**

# EXHIBIT 2

**Defendants' Demonstratives (REDACTED)**
**Part 7 of 17**

**Filed in Support of the Joint Notice of Submission**
**of Demonstratives Used at Summary Judgment Hearing**



# Comparison to the Adjudicated Offenders Under *Grokster* Factors: Commercial Sense

Peer-to-peer



Advertising model requires high-volume infringement to be profitable; intent "unmistakable"

—*Grokster* at 926–27


Fung

- Promoted "Box Office Movies," and Top 20 searches and Top 20 downloads, all copyright infringing.
- "TV and movies are the top of the most frequently searched by visitors."

—*Fung* at *3; *Fung* at *14



Business model dependent on advertising to a "massive user population"

—*Lime Group* at 429

Bulletin board



"As Defendants well knew, infringing music formed the backbone of their business model…"

—*Usenet* at 153

Hosting

 

✓ Majority use and most popular use: non-infringing open source software, storage, and space-shifting

✓ Highest conversion rate for admitted non-infringing content

018-04

# Supporting Infringement Makes No Business Sense

[F]iles identified by Plaintiffs' expert as non-infringing drove sales to Hotfile five times more than Plaintiffs' works-in-suit.

| Zebrak Category | Sum of *paidfor* | Dailydownload Total | Conversion Rate |
|---|---|---|---|
| Confirmed Infringing | 44 | 215302 | 0.0204% |
| Highly Likely Infringing | 1245 | 2123933 | 0.0586% |
| Noninfringing | 699 | 650727 | 0.1074% |
| Unknowable | 116 | 316235 | 0.0367% |

"Properly calculated, the margin of error shows that there is no statistically significant difference between the conversion rate on infringing and non-infringing files."

– Waterman Reply Decl. AT 8

# The Conversion Rate Proves Hotfile Does Not Depend on Infringement

The Conversion Rate To Premium for Zebrak's "Non-Infringing" Files Was Five Times Higher Than For "Infringing" Files:

> [T]hese numbers indicate that the category that Mr. Zebrak identified as noninfringing had a much higher conversion rate, that is to say, a rate of converting people to premium than the confirmed infringing.
>
> Hotfile was gaining economic success from noninfringing material, number one, I can conclude that; and number two, that they were actually gaining more economic success proportionately from noninfringing material than from confirmed infringing or highly likely infringing material.

–Professor James Boyle, Deposition Day 2, p. 444: 4-16, 446:2-19

> A rational Hotfile executive, knowing these numbers, would prefer Non-infringing content to Infringing content and, of all the content on the list, would be least interested in getting uploads of Confirmed Infringing content, that is of the copyrighted content owned by the plaintiffs in this case.

–Boyle Declaration, ¶ 53

# Hotfile Is Unlike the Adjudicated Offenders

| grokster, IsoHunt, Usenet, LimeWire | | hotfile |
|---|---|---|
| ✗ | Substantial use is for storage and space-shifting | ✓ |
| ✗ | Most popular files are not infringing (open source) | ✓ |
| ✗ | Special takedown tool praised by content owners | ✓ |
| ✗ | Repeat infringer policy since day one | ✓ |
| ✗ | Hash-fingerprinting | ✓ |
| ✗ | State-of-the-art Vobile fingerprinting | ✓ |
| ✗ | Top referral sites include Google, Facebook, and YouTube | ✓ |

049

# The Statistics

The Studios present a one-sided view of the statistics.

Looking at all the numbers and charts presents a very different picture, one that is highly favorable to Hotfile.

# The Controlling Case Law
## Disavows the Role of Statistics

*Sony* held that "in order to resolve this case we **need not give precise content to the question of how much use is commercially significant ... "** All that was necessary to defeat any claim of infringement liability was "one potential use of the Betamax[:] ... private, noncommercial timeshifting in the home."

–*Sony Corp. v. Universal City Studios, Inc.,* 464 U.S. 417, 442 (1984)

While the *Grokster* Court noted the statistical incidence of infringement, it **held**, we "do not revisit *Sony* further, as MGM requests, to add a more quantified description of the point of balance between protection and commerce when liability rests solely on distribution with knowledge that unlawful use will occur."

–Id. at 934

244                                                                                                                                              16



# Hotfile Is Unlike the Adjudicated Offenders

| | Grokster, Isohunt (Fung), Usenet, Limewire | hotfile |
|---|---|---|
| Service type | P2P/Bulletin board (all files publicly shared with whole world) | Hosting (some private, some space-shifted, some shared) |
| Common files | Studio movies and record label music | Open source and UGC photos, graphics, music, videos, and movie trailers |
| Net alleged infringement level | **Over 90%** | 3.4% based on Vobile<br><br>6.8% based on takedown notices |

006-01

# Hotfile Is More Similar to the DMCA Sites

| | Veoh | YouTube | Arista v. Myxer | Photo bucket | hotfile |
|---|---|---|---|---|---|
| Service type | Hosting | | | | Hosting (some private, some space-shifted, some shared) |
| Common files | Videos | UGC Videos | Ringtones | UGC photos | Open source and UGC photos, graphics, music, videos, and movie trailers |
| Net alleged infringement level | 7% based on takedown notices *Io v. Veoh* at 1136 | 60%-80% *Viacom* (2d Cir.) Slip op. at 19 | 25% based on Audible Magic *Arista* n. 33 | Allegedly 70% of some searches *Kodak* at *5 | 3.4% based on Vobile  6.8% based on takedown notices |
| Outcome | Safe harbor | SJ of safe harbor (except for a "handful of specific clips") | Triable issue on safe harbor | Safe harbor | |

006-02

# Secondary Liability
# Contributory Infringement
# Presents Triable Issues of Fact

## Legal Standard: Contributory Infringement …

*Sony* absolves a provider of a system capable of copying where, as here, the product is **"capable** of substantial noninfringing uses."

–*Sony*, 464 U.S. at 442

This rule "leave[s] breathing room for innovation and vigorous commerce."

- *Grokster*, 545 U.S. at 932.

245