*Disney Enterprises, Inc. et al. v.*
*Hotfile Corp., et al.*

**Case No. 11-20427-WILLIAMS/TURNOFF**

# EXHIBIT 2

**Defendants' Demonstratives (REDACTED)**
**Part 8 of 17**

**Filed in Support of the Joint Notice of Submission**
**of Demonstratives Used at Summary Judgment Hearing**

# Hotfile Has Substantial Non-Infringing Uses

- The Hotfile system is more than just "capable" of non-infringing uses.

- The non-infringing uses here *predominate*.
  - 56% of files uploaded are not downloaded (storage)
  - 5.6% of files have one download (possible space-shifting)
  - Open source, Creative Commons, movie trailers, bands

246                                                                 3

# Hotfile Is Used for Personal Storage and Space-Shifting



- "As the name suggests, a cyber-*locker* is used for storage as well as sharing."

- Dr. Waterman ignored storage and space-shifting.

- *"The combined effect was to exclude or inadequately characterize nearly 60% of the files most likely to have been legally uploaded. In my opinion, these are very serious methodological flaws."*

–Boyle Declaration paragraphs 11-12

281     4

# The Zero Download Files, No Matter Whether They Are Storage or Something Else Do Not Infringe

"[P]laintiffs' claims are based on the mass distribution of infringing content from Hotfile."

—Plaintiff's Response to Motion for Summary Judgment, p. 4

"Making available" **zero download** files does not constitute an infringement of the distribution right.

—*Capitol Records v. Thomas*, 579 F.Supp.2d 1210 (D. Minn. 2008) (presenting detailed analysis of why distribution under 17 U.S.C. 106(3) requires an actual transfer)

Thus even if some of the zero download files are not storage, they are still a *non-infringing use*.

237

# The Studios Concede the Availability of Authorized Materials on Hotfile



"I certainly ran across instances of redistributable software, where the owner of that software contemplates and has permitted that a recipient of the software would be allowed to further distribute it to others."

–Gupta Ex. 5, Zebrak Dep. at 258:2-6



David Kaplan admits that Warner Brothers posted multiple promotional clips for the "Vampire Diaries" to Hotfile.

–Thompson Ex. 4, Kaplan Dep. at 16:10-17:21



"[W]e normally are not taking down trailers..."

–Gupta Ex. 7, Solmon Dep. at 197:17-18

382

# The Studios' "Expert" Concedes That The Top Downloads Are Non-Infringing



*Scott Zebrak*

Mr. Zebrak stated: iReb and sn0wbreeze are in the "non-infringing category."

–Gupta Ex. 5, Zebrak Depo.. 62:5-14



235 7

# Secondary Liability
# Vicarious Infringement
# Presents Triable Issues of Fact

## Legal Standard: Vicarious Liability

A host:

(1) Has the right and ability to stop copyright infringement but failed to do so; and (2) Directly profits from third party copyright infringement.

–*Grokster*, 545 U.S. at 930; *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1139 n.19 (11th Cir. 2007) (quoting *Grokster*)

# Hotfile Did Not Have Right and Ability to Control

Hotfile "could not analyze every image on the [I]nternet, compare each image to all the other copyrighted images that exist in the world and determine whether a certain image on the web infringes someone's copyright."

–*Perfect 10 v. Google* at 1174; *see also, Wolk v. Kodak Imaging Network*, 2012 WL 11270, *25 (S.D.N.Y. 2012)

- Like Google, Hotfile does not have the **practical ability** to control infringement.

- Hotfile continually adopted meaningful countermeasures.

- Hotfile instituted notice and takedown, SRAs, and MD-5 fingerprinting with diligence.

# Hotfile Promptly Adopted Vobile's Cloud Fingerprinting Product When it First Became Available

Vobile admitted in **September 2011** that its prior technology had been only marginally effective on cloud sites like Hotfile:

> Copyrighted content contained within cloud-based cyberlockers is very difficult to find...
>
> "Vobile vCloud9 offers an important new tool for website operators offering legitimate cloud-based storage services to be able to discover unauthorized content online and **ensure copyright compliance**, thereby protecting the rights of content owners and the creative community... "

–Gupta Declaration, Ex. 19, Kevin Suh, Senior Vice President, Content Protection, Internet for Motion Picture Association of America (MPAA)

Hotfile promptly adopted vCloud9.

# Fingerprinting Is Helpful but Not a Cure-All

Now the Studios admit:

> Vobile recognizes only video content for which copyright owners have registered a fingerprint with Vobile, which many have not done.

–Plaintiff's Response to Motion for Summary Judgment, p. 5, n.5

Dr. Cromarty opines:

> Claims as to the effectiveness of these 'fingerprinting' or 'infringement determining products do not meet the standards for either science or fact.

–Cromarty Declaration, ¶ 18

205

# Napster's Architecture Was Fundamentally Different

- Napster is inapposite, because all files on the system were publicly shared and there was a searchable index. Because in Naspter users obtained content by keyword searching, the filenames had to indicate their content.

- Because Hotfile is a multi-use file hosting site, many files on Hotfile are stored and space-shifted and a searchable index is not a part of the system architecture.

- The Studios and the parties' experts have admitted repeatedly that filenames are poor indicators of content.

- Hotfile's counterclaim against Warner is living proof of why filename searching is dangerous.

- Even if filenames on Hotfile did indicate their content Hotfile has now way to know which are infringing and which are authorized (think movie trailers, such as the *Vampire Diaries*).