*Disney Enterprises, Inc. et al. v.*
*Hotfile Corp., et al.*

## Case No. 11-20427-WILLIAMS/TURNOFF

# EXHIBIT 2

**Defendants' Demonstratives (REDACTED)**
**Part 12 of 17**

**Filed in Support of the Joint Notice of Submission**
**of Demonstratives Used at Summary Judgment Hearing**

# TAB B

# Hotfile's Motion for Partial Summary Judgment

**There is no triable issue that all requirements of the DMCA Safe Harbor were satisfied after February 18, 2011.**

# Disputed Elements of the DMCA Safe Harbor—17 USC 512

- Designated Agent.

- Reasonable repeat infringer policy.

# Plaintiffs' Continuing Criticisms of the Post-February 18, 2011 Repeat Infringer Policy Are Unpersuasive

They do not rebut the legal authority finding three-strikes policies DMCA-compliant as a matter of law

The Studios themselves argued that a three-strikes policy was what "Hotfile should have done":

> After getting access to Hotfile's data through discovery in this litigation, plaintiffs did what Hotfile should have done, but refused to do.  Plaintiffs examined the infringement notices

and identified users who had:

> accumulated three or more "strikes" for copyright infringement and should have been terminated, but were not.

–Plaintiff's Motion for Summary Judgment, p.2

# Termination of Uploaders (Not Downloaders) Is All That the DMCA Requires

Blatant infringers for 512(i) are "those who upload" not "users who download content for their personal use and are otherwise oblivious to the copyrights of others."

–*Capitol Records v. MP3 Tunes*, No. 07 Civ. 9931(WHP), 2011 WL 5104616, at *6 (S.D.N.Y. Oct. 25, 2011)

UGC services should use reasonable efforts to track infringing **uploads of copyrighted content by the same user and should use such information in the reasonable implementation of a repeat infringer termination policy**. UGC Services should use reasonable efforts to prevent a terminated user from **uploading** audio and/or video content following termination, such as blocking re-use of verified email addresses.

–UGC Principles Thamkul Ex. 1, UGC Principle 11

# Termination of Uploaders (Not Downloaders) Is All That Is Required

14. If a UGC Service adheres to all of these Principles in good faith, the Copyright Owner should not assert a claim of copyright infringement against such UGC Service with respect to infringing user-uploaded content that might remain on the UGC Service despite such adherence to these Principles.



*Vicki Solmon*
Columbia

Q: If Hotfile were to abide by the UGC principles, then would Columbia stand behind Point 14?

A: "[Y]es, we agree we're not going to sue them for copyright infringement, as it states in 14, because we understand the site is really trying to help us protect unauthorized viewing **we're not going to sue them for copyright infringement**"

–Solmon Deposition, 294:1–295:15

# Termination of "Anonymous Uploaders" Is Not Required—It's a Non-Issue

Only **one** of the "verified" files-in-suit was anonymously uploaded:



*Anton Titov*

> 3.      I understand that Plaintiffs have identified in Exhibit 56 to the Declaration of Jennifer Yeh in Support of Plaintiffs' Motion For Summary Judgment 6,760 files that they allege have been infringed through Hotfile and that they claim to have confirmed contain copies of Plaintiffs' copyrighted material.  I have performed database queries in Hotfile's database for the upload dates for each of those files and for whether they were uploaded anonymously.  Over nine hundred of those files were uploaded after the Complaint was filed.  Only one of the 6,760 files was uploaded anonymously.

–Titov Reply Declaration, ¶ 3

The DMCA requires termination only of "subscribers and account holders" (512(i)) which anonymous users by definition are not.

# Termination of Referral Affiliates Should Be a Cooperative Effort and Is Not Required In a Repeat Infringer Policy

Hotfile cannot on its own identify as **infringers** referring websites:

UGC Principle 4 calls for services and Content Owners to "**work together**" to identify infringing link sites and "remove or block the links to such sites."

–Thamkul, Ex. 1, Emphasis Added

UGC Principle 7 states:

**Copyright Owners** should provide to UGC Services URLs identifying online locations where content that is the subject of notice of infringement is found ...

–Thamkul, Ex.1, Emphasis Added

Hotfile referrers include sites like Google, Facebook, and YouTube.

–Titov Opposition Declaration, ¶ 19

# Termination of Website Referral Affiliates Was Not Requested in the Complaint

The Complaint did not request termination of referral affiliates, instead asking for termination of uploaders:

> 42.    Hotfile also could reduce and deter infringement by taking action to terminate Hotfile users who are blatant or repeat infringers.  Upon receiving takedown notices, Hotfile can readily identify the users who have uploaded the infringing content identified in the notices.  Hotfile keeps meticulous records of such users for purposes of compensating them through the "Affiliates" program.  Yet, instead of terminating infringing users, Hotfile compensates them for their infringement.

–Complaint, ¶ 42

The Studios are belatedly trying to raise the bar on what constitutes a "reasonable" repeat infringer policy

# Hotfile Satisfied the Designated Agent Requirement During the Entire Post-Complaint Period

## P.O. Boxes are allowed

–*See Wolk v. Kodak Imaging Network, Inc.,* 10 Civ. 4135, 2012 WL 11270, at *22 (S.D.N.Y. Jan. 3, 2012) (finding "P.O. Box" for designated agent address is acceptable).

## Substantial Compliance Suffices

17 U.S.C. 512(c)(2): requiring "==substantially== the following information"

"[T]echnical noncompliance with ERISA procedures will be excused so long as the purpose of section 1133 have been fulfilled."

–*Robinson v. Aetna Life Ins.,* 443 F.3d 389, 393 (5th Cir.2006)

"Whether technical violations of securities laws ought to be excused under the equitable doctrine of substantial compliance is an issue on which there is room for disagreement."

–*Birnholz v. 44 Wall Street Fund, Inc.*, 880 F.2d 335, 341 (11th Cir. 1989)

# Warner Stipulated That SRA Notifications Go to Hotfile's "Designated Agent"

"Warner's notifications by means of Hotfile's SRA are (and have the effect of) notifications of claimed infringement to Hotfile's **designated agent** under 17 U.S.C. § 512(c)(3)(A), and are therefore subject to 17 U.S.C. § 512(f)."

–Joint Motion and Memorandum of Law of the Parties for Voluntary Dismissal of Second and Third Counts of Hotfile's First Amended Counterclaim and for Amendment of First Count (DKT # 151), at p. 2