*Disney Enterprises, Inc. et al. v.*
*Hotfile Corp., et al.*

Case No. 11-20427-WILLIAMS/TURNOFF

# EXHIBIT 2

Defendants' Demonstratives (REDACTED)
Part 13 of 17

Filed in Support of the Joint Notice of Submission
of Demonstratives Used at Summary Judgment Hearing

# The Studios' Procedural Objections Have No Merit

## Hotfile Does Not Seek an Advisory Opinion

The Studios obtained full discovery of post-Complaint facts.

# Post-Complaint Facts Were Raised in the Pleadings

Plaintiffs' Complaint repeatedly states that Hotfile will "continue" to cause injury:

> 57. Defendants' conduct is causing, and unless enjoined and restrained by this Court will **continue** to cause, plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, plaintiffs are entitled to a preliminary and permanent injunction prohibiting further infringements of their copyrights and exclusive rights under copyright.
>
> \* \* \* \* \*
>
> 59. Users of Hotfile have infringed, and **continue** to infringe, plaintiffs' copyrights, including without limitation those copyrighted works identified in Exhibit A, by reproducing and distributing works owned by plaintiffs through Hotfile, without authorization from any plaintiff, or right under law, in violation of the Copyright Act, 17 U.S.C. § 106. Defendants are liable as secondary infringers under the Copyright Act for each infringing reproduction and distribution of plaintiffs' works by Hotfile users.

–Compl. ¶¶ 57 and 59

# Post-Complaint Facts Were Raised in the Pleadings

Plaintiffs' Complaint repeatedly states that Hotfile will "continue" to cause injury:

> 69. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money.

–Compl. ¶¶ 69

# Post-Complaint Facts Were Sought and Provided in Discovery

Plaintiffs' Request for Production:

> **DOCUMENT REQUEST NO. 42**
>
> All documents pertaining to any disciplinary action, including termination, that you have taken or considered taking against any Hotfile user, for any reason pertaining to copyright infringement, or claims or notices of copyright infringement, ==subsequent to plaintiffs' filing of this action against defendants on February 8, 2011==, including:

Discovery email from the Studios to Hotfile:

> **From:** Pozza, Duane [mailto:DPozza@jenner.com]
> **Sent:** Monday, January 23, 2012 1:55 PM
> **To:** Schoenberg, Tony (28) x4963
> **Subject:** RE: Hotfile Schedule
>
> ==I think supplementation at least until the end of fact discovery is appropriate.== I had understood your position on our call to be that defendants were fine with supplementation until Dec. 23, 2011. I don't see that we need to get into anything post-Dec. 23 for the data at this time. Am I misunderstanding your position?
>
> -Duane

Hotfile provided, at great expense, supplementation through the end of fact discovery.

# Post-Complaint Facts Were Sought and Provided in Discovery

Plaintiffs deposed Mr. Titov at length on its post-Complaint Countermeasures:



*Anton Titov*

Questioning on the current repeat infringer policy:

Q. Is it the case that currently Hotfile terminates users who have received three strikes based on Hotfile's receipt of DMCA notices?

A. That is correct, to my knowledge, yes.

\* \* \* \* \*

Q. Hotfile's current policy is that users who are the subject of three DMCA notices from copyright owners should be terminated, correct?

A. Yes. To my belief, it's the current policy.

311                                                                                                                                  15

# Post-Complaint Facts Were Sought and Provided in Discovery



*Anton Titov*

> Q. Right. Currently, today, in its IP policy page, Hotfile informs users that it has a policy to terminate repeat infringing users, correct?
>
> A. I believe so.
>
> \* \* \* \* \*
>
> Q. If a file uploaded by a user is taken down because of a copyright owner notice, does Hotfile disable identical hash files that are already stored on the Hotfile system?
>
> A. When a hash is being blocked, it's being blocked for all copies of the file for the system.

–Thamkul Ex. 6 (Titov Dep. at 210:5–25; 212:5–16; 276–7:10; 333:11–336:23)

312 16

# Plaintiffs' Motion Papers Place Hotfile's Current Practices at Issue:

Plaintiffs allege infringement as to files uploaded after the complaint was filed:



*Anton Titov*

3. I understand that Plaintiffs have identified in Exhibit 56 to the Declaration of Jennifer Yeh in Support of Plaintiffs' Motion For Summary Judgment 6,760 files that they allege have been infringed through Hotfile and that they claim to have confirmed contain copies of Plaintiffs' copyrighted material. I have performed database queries in Hotfile's database for the upload dates for each of those files and for whether they were uploaded anonymously. Over nine hundred of those files were uploaded after the Complaint was filed. Only one of the 6,760 files was uploaded anonymously.

–Titov Reply Declaration, ¶ 3

# Plaintiffs' Motion Papers Place Hotfile's Current Practices at Issue:

> In fact, Hotfile remains in violation of those provisions even today.

–Plaintiff's Motion for Summary Judgment, p. 3

> Its business was and still is selling access to the more than one hundred million files

–*id.*

314 18

# Plaintiffs Cannot Seek to Evade an Adverse Judgment By Trying to Abandon the Issue of Current Liability

"A claimant cannot attempt to defeat jurisdiction (and summary judgment)...By abandoning the claims that the claimant worries might have established jurisdiction in the first place."

–*Kitzmann v. Local 619-M Graphic Communications Conference*, No. 09-6500, 2011 WL 944379, at *4 (6th Cir. Mar. 21, 2011)

Where a patent litigant accuses a product generically, seeks post-Complaint damages and asks for an injunction, summary judgment jurisdiction extends to the post-Complaint period.

–*ICU Medical, Inc. v. B. Braun Medical, Inc.*, No. C 01-3202 CRB, 2005 WL 588341, n.l, **10–11 (N.D. Cal. March 14, 2005)

Plaintiffs have accused Hotfile.com generically of "continuing" infringement, they have identified post-Complaint uploads as infringing and they seek an injunction.

# The February 2012 Policy Changes Do Not Preclude Partial Summary Judgment

The Court needn't rely on Hotfile's February 2012 affiliate program revisions, its getting rid of anonymous uploads and its new "copyright school" to grant partial summary judgment.

These additional improvements can't **take away** the safe harbor.

They only strengthen it.

316

20

# The Studios' Failure to Seek Rule 56(d) Discovery Proves That Their Advisory Opinion Argument Is a Red Herring

If the Studios really needed more facts about the post-Complaint policy they could have requested Rule 56(d) discovery.

Their failure to seek such discovery means partial summary judgment is appropriate on the present record.

"[F]ailure to file an affidavit under Rule 56(f) [now Rule 56(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate…"

–*Paddington Partners v. Bouchard*, 34 F. 3d 1132, 1137 (2d Cir. 1994) () (collecting cases);

"[F]ailure… to seek relief under Rule 56(f) … precludes him from claiming at this point that he was unable to fully respond to [] motion for summary judgment because he did not have the necessary evidence to do so."

–*Glenn v. Lanier*, No. 3:09cv1/MCR/MD, 2010 WL 1380164, at *4 (N.D. Fla. March 31, 2010);

317　　　　　　　　　　　　　　　　　　　　　　　　　　　　　21