*Disney Enterprises, Inc. et al. v.*
*Hotfile Corp., et al.*

Case No. 11-20427-WILLIAMS/TURNOFF

# EXHIBIT 2
Defendants' Demonstratives (REDACTED)
Part 14 of 17

Filed in Support of the Joint Notice of Submission
of Demonstratives Used at Summary Judgment Hearing

# Hotfile Seeks Summary Judgment for the Entire Post-Complaint Period

Hotfile's motion requests summary judgment of DMCA safe harbor for the entire period "since its revamped repeat infringer policy as instituted in February 2011…", not on a "piecemeal" basis.

–Defendant's Motion for Summary Judgment, p. 2

Hotfile's additional countermeasures such as VCloud9 fingerprinting and its affiliate program enhancements further confirm the reasonableness of its repeat infringer policy.

These improvements **cannot take away** the safe harbor.

# Courts Routinely Grant Partial Summary Judgment By Time Period

Fed. R. Civ. P. 56 is broad:

> "A party may move for summary judgment, identifying each claim or defense or the part of each claim or defense - on which summary judgment is sought."

Time period based summary judgments are common:

- *Edwards v. Shalala*, 64 F.3d 601 (11th Cir. 1995) (denying relief regarding events outside the applicable limitations period)

- *Feldman v. Cutting*, No. 09-14133-CIV, 2009 WL 4021364 (S.D. Fla. Nov. 19, 2009) (partial summary judgment for two time periods and triable issues "for the remaining time periods")

- *Rozenblum v. Ocean Beach Properties*, 436 F. Supp. 2d 1351 (S.D. Fla. 2006) (time division)

- *Compuware Corp. v. Health Care Service Corp.*, 203 F. Supp. 2d 952, 956 (N.D. Ill. 2002) (copyright claim partially time-barred as outside statute of limitations);

319　　　　　　　　　　　　　　　　　　　　　　　　　　　　　23

# There Is No Basis in Fact or Law for Plaintiffs' Theory That Pre-DMCA Inducements Result In Post-DMCA Liability

The DMCA is clear that "a finding of safe harbor application necessarily protects a defendant from **all** affirmative claims for monetary relief."

–*Viacom v. YouTube*, slip op. at 33 (2d Cir.)

Anything else would prevent the DMCA from providing clarity and certainty over the evolving doctrines of contributory and vicarious liability.

The Studios do not cite a single case where the DMCA safe harbor was abrogated because of inducements that occurred before a DMCA-policy was instituted.

# The Studio's Continuing Infringement Theory Has No Evidentiary Support and Is Foreclosed by the Post-Complaint Three-Strikes Policy

The Studios cite no evidence for their proposition that Hotfile "etched [their] niche in the market for infringement" such that infringement continued as in *Fung*, 2010 U.S. Dist. LEXIS 91169, at *11.

To the contrary, Hotfile implemented the very repeat infringer policy the Studios requested in order to **prevent** any supposed repeat infringers from coming back

Hotfile could not continue to be a "haven" like Grokster and Fung

Hotfile's strikes-based policy stands in stark contrast to the peer-to-peer sites, which because of their architecture **cannot** adopt such policies.

# TAB C

# 17 U.S.C. § 512(f)

## Misrepresentations

Any person who **knowingly materially misrepresents** under this section—

> (1) **that material or activity is infringing**…

**shall be liable for any damages**, including costs and attorneys' fees, **incurred…by a service provider, who is injured by such misrepresentation**, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

420

# Elements of § 512(f) Claim

## Knowing Misrepresentation

- "Under § 512(f) of the DMCA, a copyright owner may be held liable for damages caused by an erroneous invocation of the notice and takedown provision only if the owner did not possess a subjective good faith belief that its copyright was being infringed."

    –*UMG Recordings, Inc. v. Augusto,* 558 F.Supp.2d 1055, 1065 (C.D.Cal. 2008)

- Warner did not possess a good faith belief that the files identified in Hotfile's counterclaim were infringing.

## Injury

- "The use of 'any damages' suggests strongly Congressional intent that recovery be available for damages even if they do not amount to the substantial economic damages required under *Dura*."

    –*Lenz v. Universal Music Corp.* 2010 WL 702466, 810 (N.D.Cal. Feb. 25, 2010)

- Hotfile has suffered significant injury as a result of Warner's deletions.

# Warner's SRA Deletions Are Subject To § 512(f)

"Warner's notifications by means of Hotfile's SRA are (and have the effect of) notifications of claimed infringement to Hotfile's designated agent under 17 U.S.C. § 512(c)(3)(A), and are therefore subject to 17 U.S.C. § 512(f)."

–Joint Motion and Memorandum of Law of the Parties for Voluntary Dismissal of Second and Third Counts of Hotfile's First Amended Counterclaim and for Amendment of First Count (DKT # 151), at p. 2

422

# Must Have Sufficient Basis To Form Good Faith Belief

"In order to properly support its Motion for Summary Judgment, **[Defendant] was required to show that it had a sufficient basis to form the required good faith belief** that the Plaintiffs' auction infringed on its rights."

–*Dudnikov v. MGA Entertainment, Inc.*, 410 F. Supp. 2d 2010 (D. Colo. 2005) (emph. added)

The MPAA had a "**sufficient basis to form the required good faith belief** that Rossi's site contained infringing content [because]…[the] representations on the website led the MPAA employee to conclude in good faith" that the site was infringing.

–*Rossi v. Motion Picture Ass'n of America*, 391 F.3d 1000, 1002, 1005 (9th Cir. 2004)

"The **DMCA already requires copyright owners to make an initial review of the potentially infringing material prior to sending a takedown notice**; indeed, it would be impossible to meet any of the requirements of Section 512(c) without doing so."

–*Lenz v. Universal Music Corp.*, 572 F.Supp.2d 1150, 1155 (N.D. Cal. 2008)

423

# Warner Did Not Form Any Specific Belief About Any Particular Files Before Deleting

> REDACTED

–David Kaplan (Thompson Ex. 4 at 85:4-6)

> "[O]ur good faith belief comes from our faith in the system."

–David Kaplan (Thompson Decl. Ex. 4 at 102:11-12)

424

# Blind, Automated Systems Cannot Have "Good Faith Belief"

The court in *Rossi* distinguished systems that rely exclusively on **automated systems that "cannot form a belief consistent with the language of the DMCA,** because they cannot distinguish between infringing content and content that merely contains words that suggest infringement" and systems in which humans form actual beliefs as to the infringing status of specific material.

–*Rossi v. Motion Picture Ass'n of America*, 391 F.3d 1000, 1002, 1005

Under *Rossi,* an automated conclusion that a given file might possibly infringe a given owner's content, without more, would still fall well short of what was needed to form a good faith belief that the targeted material infringed the sender's copyrights.

–EFF Amicus Brief (Dkt. # 315) at 6

425