*Disney Enterprises, Inc. et al. v.*
*Hotfile Corp., et al.*

**Case No. 11-20427-WILLIAMS/TURNOFF**

# EXHIBIT 2

**Defendants' Demonstratives (REDACTED)**
**Part 17 of 17**

**Filed in Support of the Joint Notice of Submission**
**of Demonstratives Used at Summary Judgment Hearing**

# Warner's "Expert" Did Not Even <u>Record</u> the "Facts" Supporting His Opinion

> "[M]y recordation of data along the way, whether it's retaining a link or otherwise, it was just sort of notes I kept along the way. It's not meant to be, you know, everything that could possibly show what the file is or everything that could possibly show that the file has been downloaded and distributed or the authorization issues."

–Thompson Decl. Ex. 30
(Zebrak Rebuttal Depo.) 55:3-12

444

# Warner's "Expert" Did Not Even Record the "Facts" Supporting His Opinion

"The purpose of [my expert report] was for me to try to identify the file and whether it was an infringement, and ultimately what matters is my classification status… There was just not a -- not necessarily a need to record [the factual basis for my classification status] in every instance."

–Thompson Decl. Ex. 30
(Zebrak Rebuttal Depo.) at 55:13-20

445

# Warner's "Expert" Did Not Even <u>Record</u> the "Facts" Supporting His Opinion

> [I]t's possible that this -- you know, that my ultimate conclusion is not necessarily footnoted by a link you see in the notes section. That was not the goal of this notes section. You have access to the same files I do, and the idea in the notes section was for us to keep notes along the way, not to pinpoint this is how I identified the work, this is its author, you know, how it's being commercialized. Sometimes we would record links like that; sometimes not.
>
> –Thompson Decl. Ex. 30 (Zebrak Rebuttal Depo.) at 226:9-19

# TAB D

# Anton Titov
# Summary Judgment Motion

400

# Shifting Stories

### In the Complaint:

~~Titov is "the guiding spirit behind and central figure in Hotfile Corp.'s infringing activities"~~

### In MSJ:

~~"The operations of the Hotfile website are directed by two other entities that Mr. Titov exclusively controls."~~

### In Opposition:

~~All three owners are "guiding spirits"~~

### In Reply:

"Titov's participation in and management of Hotfile Corp. suffice for personal liability on their own."

401                                                                                                                       2

# Plaintiffs Seek to Expand the Legal Standard

"The individual liability standard *does not ask whether the individual participated or engaged in some infringing act;* instead, it asks whether he *actively participated* as a *moving force in the decision* to engage in the infringing acts, or otherwise *caused the infringement as a whole to occur*."

–*Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1478 n. 8 (11th Cir. 1991)

"Liability may also extend vicariously to corporate officers who have a *dominant influence* in a corporation and who have the *capacity to control the acts* of that corporation. . . ."

–*Morley Music Co. v. Café Continental, Inc.*, 777 F. Supp. 1579, 1582 (S.D. Fla. 1991)

## "Comparable Cases" According to Plaintiffs:

| Lime Wire | Individual Defendant | Titov |
|---|---|---|
| YES | The CEO and sole director of two defendant entities | NO |
| YES | 100% owner of one defendant entity and 87% owner of other defendant entity | NO |
| YES | Ran the company | NO |
| YES | The "ultimate decision maker" of the company | NO |
| YES | Had to approve "any major strategic and design decisions" | NO |
| YES | Had "veto power" | NO |
| YES | "Conceived of" the business | NO |

–*Arista Records LLC. v. Lime Grp LLC,* 784 F. Supp. 2d 398, 438 (S.D.N.Y. 2011)

403

# "Comparable Cases" According to Plaintiffs:

| Usenet | Individual Defendant | Titov |
|---|---|---|
| YES | Sole shareholder and director of two companies | NO |
| YES | Had "ubiquitous role" in the companies' activities | NO |
| YES | When asked about his role in the business, he replied "the company's me" | NO |
| YES | Employees "engaged in the business according to [Reynold's] will and instructions" | NO |
| YES | Responsible for "overall strategic vision" of the business | NO |
| YES | His responsibilities "included and continue to include virtually all aspects of Defendant's operations" | NO |
| YES | One entity never had employees, just Reynolds; other entity's employees were terminated, again leaving just Reynolds | NO |
| YES | "[W]as personally responsible for a major share of Defendants' infringing activities" | NO |
| YES | "[W]as the moving force behind the entire business of both corporate Defendants" | NO |

–*Arista Records LLC. v. Usenet.com,* 633 F. Supp. 2d 124,158 (S.D.N.Y. 2009)

404                                                                                                                                                                    5

# "Comparable Cases" According to Plaintiffs:

| ISOHUNT (Fung) | Individual Defendant | Titov |
|---|---|---|
| YES | Created and ran websites essentially by himself | NO |
| YES | Promoted and posted links to popular motion pictures | NO |
| YES | "they accuse us for [sic] thieves, and they r [sic] right." | NO |
| YES | "[T]o me, copyright infringement when it occurs may not necessarily be stealing." | NO |

–*Columbia Pictures Indus., v. Fung,* No. CV 06-5578 SVW (JCX), 2009 WL 6355911, at *2 (C.D. Cal. Dec. 21, 2009) ("Fung")

405                                                                                                                                                    6

# Undisputed Facts

- Not responsible for day to day operations. (TSUF 11)

> REDACTED

- Responsibilities are limited to technological issues. (TSUF 11)

- Not responsible for matters of business, finance, or DMCA and legal compliance. (TSUF 11)

# Undisputed Facts

- Not his idea to found Hotfile. (TSUF 4)

- Not his idea to adopt the Affiliate program. (TSUF 7)

- Did not design the payment criteria of Affiliate program. (TSUF 8)

- Input into Affiliate program was limited to data storage, not business terms. (TSUF 8)

- Does not have authority to establish policy or make important decisions without the approval of the other shareholders. (AT Fact 10.)

- Owns smallest share in Hotfile. (TSUF 5)

8

# Shifting Stories – Lemuria

| What Plaintiffs First Said: | What Plaintiffs Then Said: | What Plaintiffs Later Said: |
|---|---|---|
| ~~Titov formed Lemuria after Webazilla received a subpoena~~ | ~~Lemuria "directs" operations of the Hotfile website~~ | ~~Titov formed Lemuria after Limelight complained about copyright complaints~~ |

**What the Evidence Actually Shows:**

Lemuria was formed to ensure reliable internet connectivity. The services it provides are typical for web hosts. Lemuria pays certain expenses on Hotfile's behalf because of convenience associated with being a U.S. company.

# Shifting Stories – Hotfile Ltd.

**What Plaintiffs First Said:**

~~Titov himself paid uploading users~~

**What Plaintiffs Later Said:**

~~Hotfile Ltd. "directs" operations of the Hotfile website~~

**What the Evidence Actually Shows:**

For a brief period, a PayPal account issued to Mr. Titov was used to pay Affiliates while the incorporation of Hotfile Ltd. was pending. Mr. Titov opened a separate PayPal account for himself, never comingled his funds with Hotfile funds and never made payments to Hotfile users from his own funds. Pursuant to written agreement, Mr. Titov must follow the instructions of Hotfile Corp. in carrying out his duties as Managing Director of Hotfile Ltd.

410  10