UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**OPPOSITION OF WARNER BROS. ENTERTAINMENT INC. TO HOTFILE CORP.'S "RENEWED" REQUEST FOR ORAL ARGUMENT ON WARNER'S MOTION FOR SUMMARY JUDGMENT ON HOTFILE'S COUNTERCLAIM**

Hotfile's request for oral argument on Warner's Motion for Summary Judgment on Hotfile's counterclaim – coming six weeks after Hotfile waived oral argument, and nearly a month after the Court denied oral argument – is unnecessary and should be denied.

At the August 17, 2012 hearing, both parties, including Hotfile, expressly agreed to waive oral argument on Hotfile's counterclaim unless requested *sua sponte* by the Court.  *See* August 17, 2012 Transcript, Docket No. 478, at 193-94.  Two and a half weeks later, on September 4, 2012, the Court issued an order announcing that it was not going to conduct oral argument on the various motions not addressed at the August 17, 2012 hearing.  *See* Order, Sept. 4, 2012, Docket No. 476 at ¶ 1.  Thus, although Hotfile styles its motion as a "renewed" request for argument, Hotfile is in fact seeking reconsideration of the Court's September 4, 2012 Order. There is no reason, nearly a month later, to reconsider that decision.  Nor has Hotfile even purported to meet the standard for reconsideration – or the standard for oral argument under Local Rule 7.1(b)(2).

First, Hotfile's claim that it wishes to respond to supposedly "new" arguments in Warner's reply brief, Mot. at 2, cannot support reconsideration.  Hotfile had Warner's reply *for months* prior to the August 17, 2012 hearing.  With full knowledge of its contents, at the August 17 hearing, Hotfile expressly consented to waive oral argument unless requested by the Court.

Second, there is no merit to Hotfile's claim that Warner's September 18, 2012 response to the EFF *amicus* brief somehow requires additional oral argument.  *See* Mot. at 3.  As the Court will recall, the Court gave Warner an opportunity to submit a short response to the EFF *amicus* brief because EFF filed its proposed brief such that Warner would not have sufficient time to fully address the *amicus* brief in Warner's reply.  Hotfile can hardly be heard to complain about Warner's response.  Moreover, Hotfile's suggestion that Warner's response made "new" factual arguments is simply unsupportable.  Warner's response to EFF introduced no new testimony, evidence or factual arguments whatsoever – it simply pointed back to facts that have been in the record *since early February*, introduced in support of Warner's *opening* brief in support of its motion for summary judgment.  Hotfile has already had the opportunity to respond fully to those facts, when it filed its opposition to Warner's motion for summary judgment.

Hotfile also incorrectly asserts that Warner "went beyond responding to the ***legal*** argument made by EFF," and made arguments "not responsive to any argument raised by EFF." Mot. at 3 (emphasis in original).  In fact, as the Court can see, while EFF did not have access to

1

some of the true facts, that did not stop EFF from making arguments based on *assumed* facts that were both wrong and contradicted by the actual record.  *See* EFF Br. at 7 ("On the public facts, Warner could not have considered fair use"); *id*. ("it appears that [Warner's] algorithm only considered the title of the work"); *id.* at 5 ("Warner concedes that it knew that it was issuing takedown requests for files that did not contain any infringing copies of Warner's works").  Warner's response properly pointed out that the "factual" assertions made by EFF in its *amicus* brief were inconsistent with the summary judgment record.  In doing so, Warner merely cited to existing evidence that had been in the record since Warner filed its opening brief.  Hotfile's claim that it wants oral argument to address "new" factual arguments cannot withstand scrutiny.

Third, Hotfile asks the Court to reconsider its September 4 Order without even attempting to comply with Local Rule 7.1(b)(2) or to satisfy the standard for reconsideration.  Local Rule 7.1(b)(2) provides that any request for oral argument "shall set forth ***in detail*** the reasons why a hearing is desired and would be helpful to the Court."  S.D. Fl. LR 7.1(b)(2) (emphasis added).  Here, Hotfile has not even attempted to comply, and the Court already has determined that it does not need further argument.  Hotfile provides only the most cursory rationale for its "renewed" request.  Indeed, Hotfile's entire rationale boils down to the fact that, in responding to the EFF brief, Warner cited to a declaration filed in support of Warner's *opening* brief in February 2012.  Hotfile similarly does not even suggest it has met, or can meet, the standard for reconsideration.  *See, e.g., Safari Ltd. v. Adonix Transcomm, Inc.*, No. 09-CV-21298, 2011 WL 465334, at *1 (S.D. Fla. Feb. 4, 2011) (reconsideration limited to cases involving "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.").

Hotfile's attempt to withdraw its previous waiver of oral argument on the counterclaim because it "made that statement in the context of the impending final pretrial proceedings," Mot. at 2 n.1, is particularly ironic.  Hotfile repeatedly opposed adjourning the trial date in this action, complaining of the need to prevent Plaintiffs from "prolonging the litigation and increasing expenses."  *See* Joint Request for Status and Scheduling Conference, Docket No. 432, at 5.  Yet it is Hotfile, not Plaintiffs or Warner, that has regularly sought to subject the parties to unnecessary litigation costs.  In this instance, more than six weeks after the August 17 hearing, Hotfile proposes – for no good reason – that the parties prepare for and conduct an additional hearing in this case, when the matters have already been extensively briefed and argument has

2

been waived. Hotfile's request for further oral argument should be denied.

Dated: October 2, 2012                     Respectfully submitted,

By: /s/ Karen L. Stetson

Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, Fl 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

| | |
|---|---|
| MOTION PICTURE ASSOCIATION<br>  OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403<br>Phone: (818) 995-6600<br>Fax: (818) 285-4403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Facsimile: (202) 639-6066<br><br>*Attorneys for Plaintiff-Counterdefendant*<br>*Warner Bros. Entertainment Inc.* |

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

  *Defendants*.
                                                                              /

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
                                                                              /

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 2d day of October, 2012, I served the following document on all counsel of record on the attached service list via the Court's ECF System:

**OPPOSITION OF WARNER BROS. ENTERTAINMENT INC. TO HOTFILE CORP.'S "RENEWED" REQUEST FOR ORAL ARGUMENT ON WARNER'S MOTION FOR SUMMARY JUDGMENT ON HOTFILE'S COUNTERCLAIM**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST
### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*