UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## WARNER BROS.' RESPONSE TO HOTFILE CORP.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Warner writes in response to Hotfile's notice of supplemental authority regarding the Northern District of California's recent summary judgment decision in *Lenz v. Universal Music Corp.*, No. C 07-03783 JF, 2013 WL 271673 at *1 (N.D. Cal. Jan. 24, 2013) ("*Lenz IV*") (Docket No. 500). *Lenz IV*, in fact, undercuts one of Hotfile's principal legal theories for resisting Warner's motion for summary judgment on Hotfile's 17 U.S.C. § 512(f) counterclaim.

The Northern District of California's original 2008 decision denying Universal Music Group's ("UMG's") motion to dismiss the plaintiff's 512(f) claim in *Lenz* had included the

statement that "in order for a copyright owner to proceed under the DMCA with 'a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law,' the owner must evaluate whether the material makes fair use of the copyright." *Lenz v. Universal Music Corp.*, 572 F. Supp. 2d 1150, 1154-55 (N.D. Cal. 2008) ("*Lenz I*"). The *Lenz* Court later clarified that it was referring only to "extremely rare" cases and that "the Court did not hold that every takedown notice must be preceded by a full fair use investigation." *Lenz v. Universal Music Corp.*, 2008 WL 4790669, at *2 (N.D. Cal. October 28, 2008) ("*Lenz II*"). Ignoring *Lenz II*, Hotfile proceeded to rely heavily on *Lenz I* in opposing Warner's summary judgment motion. *See* Hotfile's Opp. to Warner's Mot. for Summary Judgment, Docket No. 350-1 at 8 (citing *Lenz I* for the proposition that "the copyright owner must make a 'consideration of the applicability of the fair use doctrine' to the allegedly infringing material"); *id*. at 8 (similar); *id*. at 9 (similar).

Following Ninth Circuit precedent, the *Lenz IV* decision firmly holds that a "mere failure to consider fair use *would be insufficient* to give rise to liability under § 512(f)," and that a 512(f) plaintiff must instead show "some actual knowledge that its Takedown Notice contained a material misrepresentation." *Lenz IV*, 2013 WL 271673 at *6 (emphasis added). It thus rejects Hotfile's reading of *Lenz I*, and reaffirms Plaintiffs' position that a 512(f) claim requires evidence that the defendant had actual, subjective knowledge that it was sending a takedown notice on a noninfringing file.

The *Lenz* court permitted the plaintiff to proceed to a jury only because it found case-specific record evidence from which a jury might find actual subjective knowledge. In this case, no such evidence exists.

DATED: February 6, 2013                    Respectfully submitted,

                                                   By: /s/ Karen L. Stetson
                                                   Karen L. Stetson
                                                   GRAY-ROBINSON, P.A.
                                                   1221 Brickell Avenue
                                                   16th Floor
                                                   Miami, FL 33131
                                                   Telephone: (305) 416-6880
                                                   Facsimile: (305) 416-6887

| | |
|---|---|
| MOTION PICTURE ASSOCIATION<br> OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403<br>Phone:  (818) 995-6600<br>Fax:  (818) 285-4403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>David A. Handzo (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Telephone: (202) 639-6000<br>Facsimile:  (202) 639-6066<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 6th day of February, 2013, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Warner's Response to Hotfile Corp.'s Notice of Supplemental Authority**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

5

**SERVICE LIST**

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP<br>Anthony P. Schoenberg<br>tschoenberg@fbm.com<br>Roderick M. Thompson<br>rthompson@fbm.com<br>N. Andrew Leibnitz<br>aleibnitz@fbm.com<br>Deepak Gupta<br>dgupta@fbm.com<br>Janel Thamkul<br>jthamkul@fbm.com<br>235 Montgomery Street<br>San Francisco, CA  94104<br>Phone:  415-954-4400<br><br>*Attorneys for Defendants Hotfile Corp. and Anton Titov* | RASCO KLOCK<br>Janet T. Munn<br>jmunn@rascoklock.com<br>283 Catalonia Ave., Suite 200<br>Coral Gables, FL  33134<br>Phone:  305-476-7101<br>Fax:  305-476-7102<br><br>*Attorney for Defendants Hotfile Corp. and Anton Titov* |
| BOSTON LAW GROUP, PC<br>Valentin Gurvits<br>vgurvits@bostonlawgroup.com<br>825 Beacon Street, Suite 20<br>Newton Centre, MA  02459<br>Phone:  617-928-1804<br><br>*Attorneys for Defendants Hotfile Corp. and Anton Titov* | |