UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

    *Defendants*.

_____/

HOTFILE CORP.,

    *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

    *Counter-Defendant*.

_____/

**DEFENDANT HOTFILE'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Hotfile Corp. ("Hotfile") submits this Notice of Supplemental Authority to bring to this Court's attention a recent decision from the Ninth Circuit, *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, No. 09-55902, D.C. No. 2:07-cv-05744-AMH-AJW (March 14, 2013) (attached hereto as Exhibit A) ("*Shelter Capital*"). This opinion supersedes the Ninth

1

Circuit's earlier opinion in the same matter at 667 F.3d 1022 (9th Cir. 2011), which was discussed at length in the parties' summary judgment briefs herein.  The new opinion maintains the safe harbor for hosting provider Veoh and supports this holding with the Second Circuit's opinion in *Viacom International v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012) ("*YouTube*").

By way of procedural background, the Appellants in *Shelter Capital* filed a petition for rehearing and rehearing *en banc* on January 24, 2012.  *YouTube* was decided on April 5, 2012. In an Order dated June 7, 2012, the Ninth Circuit requested that the parties submit supplemental briefs to address two issues related to the interpretation of the Digital Millennium Copyright Act ('DMCA") in light of the Second Circuit's intervening decision in *Viacom*.  The first issue on which the Ninth Circuit asked for supplemental briefing concerned the distinction between actual and red flag knowledge under the DMCA; the second issue concerned the meaning of "right and ability to control" under the DMCA.  A copy of the Ninth Circuit's June 7, 2012 Order is attached hereto as Exhibit B.

The new *Shelter Capital* decision by the Ninth Circuit supplements its earlier decision in two primary ways.  First, it agrees with the Second Circuit's interpretation in *YouTube* of the meaning of both "knowledge" and "red flag knowledge" under the DMCA as applying only to specific instances of infringement, rejecting the Appellants' argument that "red flag knowledge"

can be shown by generalized knowledge that a service can be used to infringe.[1] Second, it agrees with the Second Circuit's interpretation in *YouTube* of the meaning of "right and ability to control" under the DMCA as requiring a showing that a service provider exerts "substantial influence on the activities of users," rejecting Appellants' argument that it can be shown by a service provider's general ability to locate infringing material and terminate users' access. With respect to both, the Ninth Circuit concludes that *YouTube* supports its earlier conclusion that Veoh was properly granted summary judgment based on the safe harbor under Section 512(c) of the DMCA. (*See* Ex. A at pp. 8, 39-40, 48-50.)

DATED: March 15, 2013                     Respectfully submitted,


                                          s/ Janet T. Munn
                                          Janet T. Munn, Esq. Fla. Bar No. 501281
                                          Email: jmunn@rascoklock.com
                                          RASCO KLOCK
                                          283 Catalonia Avenue, Suite 200
                                          Coral Gables, Fl 33134
                                          Telephone: 305.476.7101
                                          Telecopy: 305.476.7102

                                          And

---

[1] This issue arose in the parties August 17, 2012 hearing on summary judgment, where the Court inquired about whether DMCA disqualification under *YouTube* required "specific" knowledge (Tr. at 91). Plaintiffs responded "Viacom probably erred much more on the side of your liability would be limited to the specific works." (Tr. 93.) The Ninth Circuit has now expressly reinforced the Second Circuit by holding, "Both provisions [actual and red flag knowledge] do independent work, and both apply only to specific instances of infringement." *Id.* at 39. Regarding "willful blindness," the Ninth Circuit also followed *YouTube* but noted such a finding was improper where "Veoh promptly removed infringing material when it became aware of specific instances of infringement," and that "service providers who do not locate and remove infringing materials they do not specifically know of should not suffer the loss of safe harbor protection." (*Shelter Capital* at 34.)

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

s/ Roderick M. Thompson
Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email:  rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email:  aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email:  tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email:  dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email:  jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone:  415.954.4400
Telecopy: 415.954.4480

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:  617.928.1800
Telecopy:  617.928.1802

*Counsel for Defendants Hotfile Corporation
 and Anton Titov*

4

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2013, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Karen L. Stetson, Esq., Fla. Bar No.: 742937
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL  33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted *pro hac vice*)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

By: s/ Janet T. Munn
Janet T. Munn