*Disney Enterprises, Inc. et al. v.*
*Hotfile Corp., et al.*

**Case No. 11-20427-WILLIAMS/TURNOFF**

# EXHIBIT "B"

Order on *UMG Recordings, Inc.*
*v. Shelter Capital Partners, LLC*
No. 09-55902, D.C. No. 2:07-cv-05744-AMH-AJW

**Filed in Support of Defendant Hotfile's**
**Notice of Supplemental Authority**

FILED

JUN 07 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation; UNIVERSAL MUSIC - MGB NA LLC, a California Limited Liability Company; UNIVERSAL MUSIC - Z TUNES LLC, a New York Limited Liability Company; UNIVERSAL MUSIC - MBG MUSIC PUBLISHING LTD., a UK Company, | No. 09-55902 <br><br> D.C. No. 2:07-cv-05744-AHM-AJW <br><br> ORDER |
| Plaintiffs - Appellants, | |
| v. | |
| SHELTER CAPITAL PARTNERS LLC, a Delaware Limited Liability Company; SHELTER VENTURE FUND LP, a Delaware Limited Partnership; SPARK CAPITAL LLC, a Delaware Limited Liability Company; SPARK CAPITAL, L.P., a Delaware Limited Partnership; TORNANTE COMPANY, LLC, a Delaware Limited Liability Company, | |
| Defendants - Appellees, | |

|  |  |
|---|---|
| and<br><br>VEOH NETWORKS, INC., a California corporation,<br><br>    Defendant. |  |
| UMG RECORDINGS, INC., a Delaware corporation; UNIVERSAL MUSIC CORP., a New York corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation; RONDOR MUSIC INTERNATIONAL, INC., a California corporation; UNIVERSAL MUSIC - MGB NA LLC, a California Limited Liability Company; UNIVERSAL MUSIC - Z TUNES LLC, a New York Limited Liability Company; UNIVERSAL MUSIC - MBG MUSIC PUBLISHING LTD., a UK Company,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>VEOH NETWORKS, INC., a California corporation,<br><br>    Defendant - Appellee,<br><br>  and<br><br>SHELTER CAPITAL PARTNERS LLC, a Delaware Limited Liability Company; | No. 09-56777<br><br>D.C. No. 2:07-cv-05744-AHM-AJW |

SHELTER VENTURE FUND LP, a Delaware Limited Partnership; SPARK CAPITAL LLC, a Delaware Limited Liability Company; SPARK CAPITAL, L.P., a Delaware Limited Partnership; TORNANTE COMPANY, LLC, a Delaware Limited Liability Company,

          Defendants.

Before: PREGERSON, FISHER and BERZON, Circuit Judges.

On December 20, 2011, this Court issued its opinion in *UMG Recordings v. Veoh Networks*, 667 F.3d 1022 (9th Cir. 2011), affirming in part, remanding in part and upholding the District Court's grant of summary judgment because the defendants were protected by the Digital Millennium Copyright Act (DMCA) safe harbor provisions.  The Appellants have filed a petition for rehearing and rehearing en banc, and the Appellees have filed a response.

The Appellants argue, inter alia, that (1) the panel decision has conflated the 17 U.S.C. § 512(c)(1)(A)(i) actual knowledge standard and the § 512(c)(1)(A)(ii) "red flag" knowledge standard, *see* PFR/EB 12-15; and (2) by importing a knowledge requirement into § 512(c)(1)(B) (the "right and ability to control" provision), the panel decision has rendered it duplicative of § 512(c)(1)(A), *see* PFR/EB 15-17.

3

After briefing was completed on the pending petition, the Second Circuit issued its opinion in *Viacom International v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012). The Second Circuit held, in relevant part, that (1) the § 512(c) safe harbor (including the "red flag" provision) requires knowledge or awareness of specific infringing activity, *see id*. at 30-35; and (2) the District Court erred by importing a specific knowledge requirement into the § 512(c)(1)(B) "right and ability to control" provision, *see id*. at 36-38.

Within 21 days of the date of this order, each party shall file a supplemental brief, not exceeding 3800 words or 15 pages, addressing certain relevant issues pending before this Court in light of the Second Circuit's opinion in *Viacom*. Specifically, the parties should address the following questions:

*1. Actual and "red flag" knowledge*

The Second Circuit held:

> The difference between actual and red flag knowledge is . . . between a subjective and an objective standard. In other words, the actual knowledge provision turns on whether the provider actually or "subjectively" knew of specific infringement, while the red flag provision turns on whether the provider was subjectively aware of facts that would have made the specific infringement "objectively" obvious to a reasonable person. The red flag provision, because it incorporates an objective standard, is not swallowed up by the actual knowledge provision under our construction of the § 512(c) safe harbor. Both provisions do independent work, and both apply only to specific instances of infringement.

4

*Viacom* at 31. Does the Second Circuit draw the correct distinction between actual and red flag knowledge? If so, does the distinction affect the disposition of this case?

    *2. "Right and ability to control"*

Does a service provider have to be aware of the specific infringing material to have the "right and ability to control" the infringing activity? Does importing such a knowledge requirement make it duplicative of § 512(c)(1)(A)? If there is no knowledge requirement, does a copyright holder need to show that a service provider possesses "something more than the ability to remove or block access to materials posted on a service provider's website" in order to have the right and ability to control infringement? *Id*. at 38 (citations and internal quotation marks omitted). If so, what must the copyright holder show? Should this Court adopt the Second Circuit's resolution of these questions? *See id.*

Parties who are registered for ECF must file the supplemental brief electronically without submission of paper copies. Parties who are not registered ECF filers must file the original supplemental brief plus 15 paper copies.

5