UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY AND RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs write to provide the Court with notice of the Ninth Circuit's recent decision in *Columbia Pictures Industries Inc. v. Fung*, No. 10-55946, -- F.3d -- (9th Cir. Mar. 21, 2013) ("*Fung II*"), attached hereto as Exhibit A, and to respond to Defendants' notice of supplemental authority regarding the Ninth Circuit's superseding opinion in *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, No. 09-55902, 2013 WL 1092793, -- F.3d-- (9th Cir. Mar. 14, 2013) ("*Shelter Capital*"), Docket Nos. 503 & 503-1.

### A. Fung II.

In *Fung II*, the Ninth Circuit affirmed in relevant part *Columbia Pictures Industries, Inc. v. Fung*, 2009 WL 6355911, 96 U.S.P.Q.2d (BNA) 1620 (C.D. Cal. 2009) ("*Fung I*"), which had held defendants (an Internet-based service and its principal) liable for inducing copyright infringement and ineligible for any DMCA safe harbor. Plaintiffs have cited and relied upon the district court's decision in *Fung I* in support of their summary judgment motion in this case. *See* Pls. Mot. for Summary Judgment, Docket No. 322, at 19, 26, 27, 29, 30, 31, 32; Pls. Reply Mot. for Summary Judgment, Docket No. 425 at 4, 5, 13, 15, 16, 17. The Ninth Circuit affirmed both the district court's liability determination and its holding that the *Fung* defendants were not eligible for any DMCA safe harbor.

The *Fung II* decision is relevant to three issues raised by Plaintiffs' pending motion for summary judgment against Hotfile:

- **The standards governing a claim for inducement of copyright infringement under *Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)**. *See Fung II*, slip op. at 19-37. *Fung II* confirms that plaintiffs do not need to causally connect individual acts of infringement to defendants' infringement-inducing conduct. Once a defendant is found liable for inducing infringement under *Grokster*, the defendant is liable for all infringements resulting from the device or service at issue during the relevant time period. *Fung II,* slip op. at 32-37.

- **Disqualification from DMCA safe harbor by virtue of "red flag" knowledge of infringement, including the circumstances under which such infringement is obvious as a matter of law.** Specifically, *Fung II*, slip op. at 45-47; *id*. at 46, holds that "red flag" knowledge of infringement exists when the material infringed (in that case, as here, popular movies and television programs) is "sufficiently current and well-known that it would have been objectively obvious to a reasonable person that the material solicited and assisted was both copyrighted and not licensed to random members of the public, and that the induced use was therefore infringing."

- **Disqualification from DMCA safe harbor by reason of inducement liability under *Grokster*.** *See Fung II*, slip op. at 51-52. While declining to rule out hypothetical situations in which an inducing infringer might be protected by the DMCA, the Court held that the *Grokster* inducement factors significantly bear on whether a defendant is disqualified from

the DMCA safe harbor under 17 U.S.C. § 512(c)(1)(B) (financial benefit and a right and ability to control). *Fung II*, slip op. at 38-39, 51-52. Specifically, the Ninth Circuit held that *Grokster* inducement factors evidence a defendant's "substantial influence on the activities of users," which can satisfy the "right and ability to control" prong of 17 U.S.C. § 512(c)(1)(B). *Id*. at 55 (quotation marks omitted). Here, Hotfile's payments to users to upload content, including infringing content, are precisely the kind of "substantial influence" that, under *Fung II*, would disqualify a defendant from the safe harbor when the "financial benefit" prong is also met. *See Fung II*, slip op. at 51-53; Pls. Mot. for Summary Judgment, Docket No. 322, at 34-35 (demonstrating Hotfile receives a disqualifying financial benefit from infringement); Pls. Reply Mot. for Summary Judgment, Docket No. 425, at 19-20 (same).

### B. Shelter Capital.

*Shelter Capital*, which was issued by the same panel as *Fung II*, supersedes the Ninth Circuit's withdrawn opinion in *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022 (9th Cir. 2012), upon which Defendants had extensively relied in their motion for summary judgment. *See* Docket No. 318 at 1, 2, 4, 10, 11, 12, 13, 14, 15, 17, 20.

Although Defendants have filed a notice of supplemental authority concerning *Shelter Capital*, *see* Docket No. 503, the changes in the superseding decision support Plaintiffs' position. The principal difference between the two decisions is that the superseding decision *withdraws* the Ninth Circuit's previous holding that a plaintiff must show that the defendant had item-specific knowledge of infringements in order to disqualify defendant from the DMCA safe harbor under the direct financial benefit and control provision of 17 U.S.C. § 512(c)(1)(B), and instead conforms its discussion of the "control" standard to the one articulated by *Fung II* and discussed above. *See Shelter Capital*, 2013 WL 1092793 at *19.

*Shelter Capital* also changes the Court's discussion of the "red flag" disqualification from the DMCA safe harbor in 17 U.S.C. § 512(c)(1)(A)(ii), making the DMCA disqualification easier, not harder, to prove. For instance, *Shelter Capital* now notes that whether infringement is "objectively obvious to a reasonable person may vary depending on the facts proven by the copyright holder in establishing liability," *Shelter Capital*, 2013 WL 1092793 at *15, n.15 (internal quotation marks omitted), thus emphasizing that this is a case-by-case inquiry. In addition, while retaining its previous holding that "red flag" knowledge must be item-specific, *Shelter Capital* now acknowledges the possibility that once a service provider loses its safe

3

harbor due to "red flag" awareness of specific infringements on its system to which it has not disabled access, it may lose the safe harbor for all infringements, and not only for those for which awareness has been proven. *See Shelter Capital*, 2013 WL 1092793 at *14, n.14. *Fung II* similarly emphasizes that a service provider who is aware of some specific infringements on its system might not be able to claim DMCA protection at all. *See Fung II*, slip op. at 47 n.20 ("it is not clear from the language of § 512(c) or from the pertinent case law, whether exclusion from the § 512(c) safe harbor because of actual or 'red flag' knowledge of specific infringing activity applies only with regard to liability for that infringing activity, or more broadly.").

DATED: March 21, 2013                           Respectfully submitted,


                                                By: /s/ Karen L. Stetson
                                                Karen L. Stetson
                                                GRAY-ROBINSON, P.A.
                                                1221 Brickell Avenue
                                                16th Floor
                                                Miami, FL 33131
                                                Telephone: (305) 416-6880
                                                Facsimile:  (305) 416-6887

MOTION PICTURE ASSOCIATION                      JENNER & BLOCK LLP
 OF AMERICA, INC.                               Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)              Luke C. Platzer (*Pro Hac Vice*)
15301 Ventura Blvd.                             1099 New York Ave., N.W.
Building E                                      Suite 900
Sherman Oaks, CA 91403                          Washington, DC 20001
Phone:  (818) 995-6600                          Telephone: (202) 639-6000
Fax:  (818) 285-4403                            Facsimile:  (202) 639-6066

                                                *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 21st day of March, 2013, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Notice of Supplemental Authority and Response to Defendants' Notice of Supplemental Authority**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

>By: /s/ Karen L. Stetson
>Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*