UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

  *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

  *Defendants*.

_____/

HOTFILE CORP.,

  *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

  *Counter-Defendant*.

_____/

### **DEFENDANT HOTFILE'S NOTICE OF SUPPLEMENTAL AUTHORITY**

  Defendant Hotfile Corp. ("Hotfile") submits this Notice of Supplemental Authority to alert the Court to salient portions of the Ninth Circuit's recent decision in *Columbia Pictures Industries, Inc., et al v. Fung*, No. 10-5946, D.C. No. 2:06-cv-05578-SVW-JC (March 21, 2013) (attached hereto as Exhibit A) ("*Fung*"), and to respond to Plaintiff's arguments regarding this ruling. (Dkt. 504 ("Pl. *Fung* Arg.").)

  While *Fung* affirms the trial court's finding of liability on the facts presented at 2009 WL 6355911 (C.D. Cal. Dec. 21, 2009), the Ninth Circuit clarifies several issues.

1

- **"Proper proof of the defendant's intent … is paramount."** *Fung* at 34. The Ninth Circuit confirms that "*Grokster* requires a high degree of proof of the improper object" (*id.* at 26-27) and it is "crucial" that there be an inducing message to users (*id.* at 30). On the distinguishable *Fung* facts, the Ninth Circuit found inducement, but the *Fung* "record [wa]s replete" with evidence showing that Mr. Fung actively encouraged the uploading of copyrighted torrents, posted lists of "Box Office Movies," solicited copyrighted films, and provided links to blockbuster films on message boards. *Id*. at 30-31. Here, in the absence of such concrete evidence, the Studios have resorted to "stray or unauthorized statements that cannot be fairly imputed to the entity" and on which liability may not be premised (*id.* at 34), such as unattributed blog posts from third-party websites, hearsay emails, press clippings, and garbled translations. *See, e.g.,* DOPMSJ at 23-30 (distinguishing *Grokster & Fung*); and Def.'s Mot. to Strike Yeh Decl. & Reply (Dkts 414 & 455).

- **Inducement liability at one point in time does not "infinitely expand liability in either temporal direction."** *Fung* at 34-35. The Studios opposed Hotfile's motion for partial summary judgment for the post-Complaint period arguing that "Hotfile remains liable for infringements it induced by its conduct prior to February 18, 2011..." PODMSJ at 8. *Fung* directly answers this Court's question at oral argument: "What happens, though, when a company wakes up and says, 'This is not working for us. We need to implement more stringent policies,' and we do that? Are you saying that they are forever cast on the seas of piracy that they can never dock in safe harbor?" (8/17 SJ Tr. at 47). *Fung* answers:

    > [P]roving that an entity had an unlawful purpose at a particular time in providing a product or service ***does not infinitely expand*** its liability in either temporal direction…. [A]n individual or entity's unlawful objective at time B is not a virus that infects all future actions. People, companies, and technologies must be allowed to rehabilitate, so to speak, through actions actively discouraging the infringing use of their product, lest the public be deprived of the useful good or service they are still capable of producing.

    *Fung* at 34-35 (emphasis added).

- **Copyright law should balance the interests of copyright holders, technology entrepreneurs, and consumers:**

    > Copyright law attempts to strike a balance amongst three competing interests: those of the copyright holders in benefitting from their labor; those of entrepreneurs in having the

2

>latitude to invent new technologies without fear of being held liable if their innovations are used by others in unintended infringing ways; and those of the public in having access both to entertainment options protected by copyright and to new technologies that enhance productivity and quality of life.

*Fung* at 33-34.

The Studios' "Notice" cites *Fung* to make three flawed arguments, which we address here in the same bullet point order found in the Studios' Notice:

- **"Causation" is not relevant to any issue pending before the Court.** While the Ninth Circuit did reject Mr. Fung's argument that specific causation must be shown (*see* Pl. *Fung* Arg. at 2), Hotfile has not advanced this argument. It is a damages issue and is irrelevant to any issues raised by the pending summary judgment motions.

- *Fung* **supports a finding of** *no* **red flag knowledge here.** Quite the opposite of *Fung*, here there is no evidence that Hotfile "actively encourage[d] infringement" or "solicited and assisted" with "particular copyrighted works" that were "obviously" "both copyrighted and not licensed." *Fung* at 46. Here, (a) the Studios' repeated take downs of content that wasn't theirs based on filename confusion underscores the *non*-obviousness of copyright status for these files; (b) over 50% of the content on Hotfile is in "personal cloud storage," so it was *licensed* or fair use; (c) Studios and musicians uploaded their own content, so that content too was frequently *licensed*; (d) the Studios' own "copyright law expert" admitted that many files on Hotfile present "closer calls," and the list goes on. *See* DMSJ at 13-15; DOPMSJ 16-18.[1]

- **The DMCA safe harbor is a defense to alleged inducement liability.** The Ninth Circuit struck down the *Fung* district court's erroneous pronouncement that "inducement liability and the [DMCA] safe harbors are inherently contradictory," explaining,

>This court has already rejected the notion that there can never be a DMCA safe harbor defense to contributory copyright liability…Nor is there any inherent incompatibility

---

[1] Plaintiffs mischaracterize the law by arguing that red flag knowledge of some infringements "may lose the safe harbor for all infringements." (Pl. *Fung* Arg. at 4.) *Fung* states only that the statute "is not clear" on this point (*Fung*, n.20); the Second Circuit has ruled that the scope of liability is limited to the specific works for which knowledge is shown. *Viacom Int'l v. YouTube, Inc.*, 676 F.3d 19, 34 (2d Cir. 2012) ("By definition, only the current clips-in-suit are at issue in this litigation.") *Shelter Capital*'s teaching that red flag knowledge is a "case-by-case" inquiry does not help Plaintiffs. (Pl. *Fung* Arg. at 3.) Rather, it reminds us why *Fung's* red flag finding is inapposite here.

3

between inducement liability and the requirements that apply to all of the DMCA safe harbors.

*Fung* at 37-38. Rather than acknowledge their prior mistaken reliance on the now discredited holding,[2] Plaintiffs offer a new argument that Hotfile's payments to affiliates "substantially influenced" infringement and that should suffice to disqualify Hotfile under 17 U.S.C. § 512(c)(1)(B). (Pl. *Fung* Arg. at 3.) However, the Studios expressly disavowed 17 U.S.C. § 512(c)(1)(B) for summary judgment. PMSJ, at 19, n.11 ("Plaintiffs reserve this issue for trial.")[3] Thus that issue, too, is not raised by Plaintiffs' motion.

DATED: March 22, 2013            Respectfully submitted,


                                 s/ Janet T. Munn
                                 Janet T. Munn, Esq. Fla. Bar No. 501281
                                 Email: jmunn@rascoklock.com
                                 RASCO KLOCK
                                 283 Catalonia Avenue, Suite 200
                                 Coral Gables, Fl 33134
                                 Telephone: 305.476.7101
                                 Telecopy: 305.476.7102

                                 And

---

[2] The Studios cited and relied upon this "inherently contradictory" quote in *every* pre-hearing summary judgment brief related to their affirmative copyright infringement case. *See* PMSJ at 19 & 27; PRMSJ at 13; PODSJ at 8. As Hotfile explained, the *Fung* trial court "simply got it wrong." DOPMSJ, n. 30. *See also* 17 U.S.C. § 512(l). The Ninth Circuit has now agreed.

[3] This disavowal also renders irrelevant any teaching in *Shelter Capital* regarding 17 U.S.C. § 512(c)(1)(B). (Pl. *Fung* Arg.at 3.) In any event, Hotfile's affiliate program does not have a "substantial influence" over infringement, because "popular" does not equal infringing: the top paid affiliates were selling open source software and the Studios' allegedly infringed content was not even among the top 100 most downloaded files on the site. DOPMSJ at 23-24 & 26. Regarding direct financial benefit, the evidence regarding Hotfile is *also* nothing like *Fung*. "Fung marketed advertising to one advertiser by pointing to the 'TV and movies . . . at the top of the most frequently searched by our viewers,' and provided another with a list of typical user search queries, including popular movies and television shows." *Fung* at 50. Hotfile, on the other hand *takes down* infringing content (the Studios' applauded its special tool for this purpose), the conversion rate to premium users for downloading non-infringing content is higher than for allegedly infringing content, and its most popular uses are file storage and open source software. DOPMSJ at 23-25.

4

s/ Deepak Gupta
Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email: rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email: aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email: tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email: dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email: jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA  94104
Telephone:  415.954.4400
Telecopy: 415.954.4480

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:  617.928.1800
Telecopy:  617.928.1802

*Counsel for Defendants Hotfile Corporation
 and Anton Titov*

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2013 a true and correct copy of the foregoing document, was filed conventionally under seal and served on all counsel of record identified below via e-mail and via FedEx.

Karen L. Stetson, Esq., Fla. Bar No.: 742937
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL  33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted *pro hac vice*)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

By: s/ Janet T. Munn
    Janet T. Munn