UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

    *Defendants*.

_____/

HOTFILE CORP.,

    *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

    *Counter-Defendant*.

_____/

### DEFENDANT HOTFILE'S NOTICE OF SUPPLEMENTAL AUTHORITY

    Defendant Hotfile Corp. ("Hotfile") submits this Notice of Supplemental Authority to alert the Court to the Ninth Circuit's recent decision in *Luvdarts, LLC*, *v. AT&T Mobility, LLC et al.*, No. 11-55497, D.C. No. 2:10-cv-05442-DDP-RZ (March 25, 2013) (attached hereto as Exhibit A) ("*AT&T*").

    **Background**. The Plaintiff in *AT&T,* Luvdarts, sold copyrighted mobile multimedia content, including greeting card style messages. *AT&T* at 4. Luvdarts complained that mobile phone users were "re-sharing the content with permission of compensation—thereby infringing"

1

the copyrights.  *Id.*  Plaintiff contacted the mobile carrier defendants and demanded "accountability"; they allegedly "took no meaningful action in response to these demands."  *Id.*  The *AT&T* court affirms dismissal of Plaintiff's vicarious liability and contributory infringement counts for failure to state a claim.

**Vicarious Liability.** The *AT&T* court writes:

> Luvdarts concedes that the Carriers presently have no way of supervising the use of their networks for copyright infringement. Instead, Luvdarts's complaint alleges only that the Carriers could "establish[]. . .a system" that would give them the right and ability to supervise the infringing activity…
>
> . . . In *Napster*, this court held that "right and ability to supervise" should be evaluated in the context of a system's "current architecture." Moreover, as we noted in *Perfect 10, Inc. v. Amazon.com*, Inc., resting vicarious liability on the Carriers' failure to *change* their behavior would tend to blur the distinction between contributory liability and vicarious liability. For example, under contributory liability the Carriers' failure to implement a digital rights management system may be used as circumstantial evidence of "the object of promoting" infringement. But under vicarious liability, it cannot substitute for an allegation of a capacity to supervise.

*Id*. at 5-6 (emphasis in original; internal citations omitted).  Alternatively, the *AT&T* court held that even if vicarious liability "imposed some affirmative duty to acquire supervisory capacity," Plaintiff failed to explain "what that system is, how it would function, or how much implementing such a system would cost."  Plaintiff also failed to demonstrate that "the Carriers could plausibly implement a system at a low-enough cost to justify imposition of vicarious liability." *Id.* at 6-7.

**Contributory Liability.**  Regarding contributory liability, the Ninth Circuit noted that the carriers engage in "the equivocal conduct of selling an item with substantial lawful as well as unlawful uses."  *Id*. at 7.  The court cited the *Sony* defense[1] of "substantial noninfringing uses" to explain that for service providers like the carriers, contributory liability is limited to cases where there is "actual knowledge of specific acts of infringement."  *Id.* at 7-8.  It held that the notices

---

[1] The *AT&T* court did not withhold the *Sony* defense despite the carriers having an "ongoing relationship" with their users.

2

provided by Luvdarts were too "generalized" such that "Luvdarts ha[d] failed to allege adequately that the Carriers had the necessary specific knowledge of infringement." *Id.* at 9-10. The Ninth Circuit rejected Luvdarts' willful blindness argument because there was no allegation "that the Carriers took active steps to avoid acquiring knowledge." They were at most "indifferent." *Id.* at 9.

DATED: March 27, 2013             Respectfully submitted,

                                          s/ Janet T. Munn
                                          Janet T. Munn, Esq. Fla. Bar No. 501281
                                          Email: jmunn@rascoklock.com
                                          RASCO KLOCK
                                          283 Catalonia Avenue, Suite 200
                                          Coral Gables, Fl 33134
                                          Telephone: 305.476.7101
                                          Telecopy: 305.476.7102

                                          And

                                          s/ Roderick M. Thompson
                                          Roderick M. Thompson, Esq. (admitted *pro hac vice*)
                                          Email: rthompson@fbm.com
                                          Andrew Leibnitz, Esq. (admitted *pro hac vice*)
                                          Email: aleibnitz@fbm.com
                                          Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
                                          Email: tschoenberg@fbm.com
                                          Deepak Gupta, Esq. (admitted *pro hac vice*)
                                          Email: dgupta@fbm.com
                                          Janel Thamkul, Esq. (admitted *pro hac vice*)
                                          Email: jthamkul@fbm.com
                                          FARELLA BRAUN + MARTEL LLP
                                          235 Montgomery St.
                                          San Francisco, CA  94104
                                          Telephone:  415.954.4400
                                          Telecopy: 415.954.4480

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:  617.928.1800
Telecopy:  617.928.1802

*Counsel for Defendants Hotfile Corporation
 and Anton Titov*

4

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2012, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Karen L. Stetson, Esq., Fla. Bar No.: 742937
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
David A. Handzo, Esq. (admitted *pro hac* vice)
Email: dhandzo@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

By: s/ Janet T. Munn
      Janet T. Munn