*Disney Enterprises, Inc., et al. v.*
*Hotfile Corp., et al.*

**Case No. 11-20427-WILLIAMS/TURNOFF**

# EXHIBIT "A"

*Luvdarts, LLC, v. AT&T Mobility, LLC et al.*,
**No. 11-55497, D.C. No. 2:10-cv-05442-DDP-RZ**
**(March 25, 2013)**

**Filed in Support of Defendant Hotfile's**
**Notice of Supplemental Authority**

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUVDARTS, LLC, a California limited liability company; DAVIS-REUSS, INC., a California Corporation, DBA DigiPie, *Plaintiffs-Appellants*, | No. 11-55497 D.C. No. 2:10-cv-05442-DDP-RZ |
| v. | OPINION |
| AT&T MOBILITY, LLC, a Delaware Limited Liability Company; CELLCO PARTNERSHIP, a New Jersey corporation, DBA Verizon Wireless; SPRINT SPECTRUM LP, a Delaware Limited Partnership; T-MOBILE USA, INC., a Delaware Corporation, *Defendants-Appellees*, | |
| VERIZON WIRELESS TELECOM, INC., a Delaware corporation; AT&T WIRELESS SERVICES INC., a Delaware corporation, *Defendants*. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
January 11, 2013—Pasadena, California

Filed March 25, 2013

Before: Diarmuid F. O'Scannlain and William A. Fletcher,
Circuit Judges, and Edward R. Korman, Senior District
Judge.[*]

Opinion by Judge O'Scannlain

**SUMMARY**[**]

**Copyright**

The panel affirmed the district court's dismissal of a
copyright infringement action brought against the owners of
mobile multimedia messaging networks by corporations that
produce, publish, distribute, and sell mobile multimedia
content.

The panel held that the plaintiffs failed to state a claim
that the defendants were liable for infringement committed by
third parties over their networks under a theory of either
vicarious or contributory copyright liability.

[*] The Honorable Edward R. Korman, Senior United States District Judge
for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

**COUNSEL**

Perrin Disner, Law Offices of Perrin F. Disner, Los Angeles, California, for Plaintiffs-Appellants.

Bruce G. Joseph (argued), Wiley Rein LLP, Washington, D.C.; Joseph Peterson, Kilpatrick Stockton LLP, New York, New York; Kent R. Raygor and Valerie Alter, Sheppard Mullin Richter & Hampton LLP, Los Angeles, California; and Kelly M. Klaus and Lika C. Miyake, Munger, Tolles & Olson LLP, Los Angeles, California, for Defendants-Appellees.

**OPINION**

O'SCANNLAIN, Circuit Judge:

We must decide whether the owners of mobile multimedia messaging networks can be held liable for copyright infringement that allegedly occurs on their networks.

**I**

Plaintiffs Luvdarts LLC and Davis-Reuss, Inc. ("Luvdarts") are California corporations that produce, publish, distribute and sell mobile multimedia content. AT&T Mobility, LLC and the other co-defendants are mobile wireless carriers ("Carriers") who own Multimedia Messaging Service networks ("MMS networks"). Mobile phones use MMS networks to send and receive messages that include multimedia content.

Luvdarts alleges that it is in the business of selling commercial multimedia-messaging content designed to be transmitted over the MMS networks to and from mobile devices. According to its complaint, Luvdarts creates "greeting card style messages" as well as "MMS advertising campaigns, MMS news, MMS coupons, [and] MMS games." Most of Luvdarts's business involves selling these "greeting cards" to users who can then forward them to friends.

Attached to the content Luvdarts sells is a notice that it may be shared only once. But there is no technical impediment to a recipient forwarding a purchased message to as many people as he wishes. According to Luvdarts, users are ignoring the notice and are re-sharing the content without permission or compensation—thereby infringing Luvdarts's copyrights. Luvdarts alleges that after it discovered the infringements, it contacted the Carriers and demanded that they provide "accountability" for the infringing content. The Carriers took no meaningful action in response to these demands.

Luvdarts sued the Carriers for copyright infringement. The First Amended Complaint alleges that the Carriers vicariously infringed, that they induced infringement, and that they violated California's unfair competition laws. The Carriers filed a motion to dismiss the complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Luvdarts waived the state law claim, and the district court granted the motion as to the remaining infringement claims, dismissing the case with prejudice.

## II

Luvdarts's principal argument is that the Carriers are liable for the infringement committed by third parties over their networks under either vicarious or contributory copyright liability. As the Supreme Court has observed, the Copyright Act does not explicitly render a third person liable for another person's infringement. *Sony Corp. of Am. v. Universal City Studios*, 464 U.S. 417, 434 (1984). The doctrines pressed here "emerged from common law principles and are well established in the law." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Vicarious infringement occurs when one profits from direct infringement while declining to exercise a right to stop or limit it, and contributory infringement liability requires "inducing or encouraging" direct infringement. *Id*. The district court concluded that given Luvdarts's allegations, liability against the Carriers cannot lie under either theory.

## A

Luvdarts first contends that the Carriers are vicariously liable for infringement committed on their networks. Vicarious copyright liability is an "outgrowth" of respondeat superior. *A&M Records, Inc. v. Napster Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001). Vicarious liability attaches if the Carriers had both the (1) "right and ability to supervise the infringing activity" and (2) "a direct financial interest" in the activity. *Id.* (internal quotation marks omitted)*. In this case, Luvdarts concedes that the Carriers presently have no way of supervising the use of their networks for copyright infringement. Instead, Luvdarts's complaint alleges only that the Carriers could "establish[]. . .a system" that would give them the right and ability to supervise the infringing activity.

Luvdarts argues that this allegation is sufficient to survive a motion to dismiss.

Luvdarts fails to cite any authority to support this proposition, which runs contrary to our precedent. In *Napster*, this court held that "right and ability to supervise" should be evaluated in the context of a system's "current architecture." *Napster Inc.*, 239 F.3d at 1024. Moreover, as we noted in *Perfect 10, Inc. v. Amazon.com, Inc.*, resting vicarious liability on the Carriers' failure to *change* their behavior would tend to blur the distinction between contributory liability and vicarious liability. 508 F.3d 1146, 1175 (9th Cir. 2007) ("[I]n general, contributory liability is based on the defendant's failure to stop its own actions which facilitate third-party infringement, while vicarious liability is based on the defendant's failure to cause a third party to stop its directly infringing activities."). For example, under contributory liability the Carriers' failure to implement a digital rights management system may be used as circumstantial evidence of "the object of promoting" infringement. *See Grokster*, 545 U.S. at 936–37. But under vicarious liability, it cannot substitute for an allegation of a capacity to supervise. Luvdarts's failure to allege that the Carriers have at least something like a capacity to supervise is fatal to a claim of vicarious liability.

Even if the doctrine of vicarious liability imposed some affirmative duty to acquire supervisory capacity, Luvdarts has failed to allege facts that plausibly show that the Carriers could implement an effective system. Luvdarts's complaint states only that the Carriers should "establish[] a metadata system of digital rights management." Nowhere does Luvdarts explain what that system is, how it would function, or how much implementing such a system would cost. As a

result, Luvdarts has not given us any facts that tend to make plausible the assertion that the Carriers could implement a system in the first place, much less that the Carriers could plausibly implement a system at a low-enough cost to justify imposition of vicarious liability.

Because Luvdarts has failed to allege adequately that the Carriers had the necessary right and ability to supervise the infringing conduct, the district court properly determined that they cannot prevail on their claim of vicarious copyright infringement.[1]

**B**

Luvdarts's second contention is that the Carriers are contributorily liable for the infringement committed on their networks. Liability for contributory copyright infringement attaches if the Carriers (1) knew of the direct infringement; and (2) they either induced, caused, or materially contributed to the infringing conduct. *See Napster*, 239 F.3d at 1019.

To establish liability, the first prong requires more than a generalized knowledge by the Carriers of the possibility of infringement. It is undisputed that the Carriers engage in "the equivocal conduct of selling an item with substantial lawful as well as unlawful uses." *Grokster* 545 U.S. at 932–33. *See also Sony Corp. of Am.*, 464 U.S. at 442 (contributory infringement liability does not follow from a knowledge of

---

[1] Because Luvdarts has failed to allege adequately the first prong of vicarious liability, we have no cause to decide whether the Carriers have a direct financial interest in the infringement.

potential infringing uses if the product is "capable of substantial noninfringing uses"). In *Napster*, we reaffirmed that contributory liability did not automatically follow where the "system allows for the exchange of copyrighted material"—the court emphasized that "actual knowledge of specific acts of infringement" is required for contributory infringement liability. *Napster Inc.*, 239 F.3d at 1021.

Luvdarts fails to allege that the Carriers had the requisite specific knowledge of infringement. Luvdarts's conclusory allegations that the Carriers had the required knowledge of infringement are plainly insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In the alternative, Luvdarts argues that the "notices" it sent to the Carriers, referenced in the complaint, sufficed to establish actual knowledge of infringement. However, these notices failed to notify the Carriers of any meaningful fact. The notices were 150-page-long lists of titles, apparently just a transcription of every title copyrighted by Luvdarts, which indicated that they wanted "accountability" for the unauthorized distribution of those titles for the period from May 2008 to November 2009. These notices do not identify which of these titles were infringed, who infringed them, or when the infringement occurred. The Digital Millennium Copyright Act of 1998 ("DMCA"), by which the notices purport to be governed, clearly precludes notices as vague as the notices here. 17 U.S.C. § 512 (DCMA takedown notice requires the producer to provide "[i]dentification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient

to permit the service provider to locate the material"). These notices are indistinguishable from a generalized notification that infringement is occurring.

Luvdarts also argues that the Carriers were "willfully blind" to the infringement that was occurring. Willful blindness of specific facts would establish knowledge for contributory liability. *In re Aimster Copyright Litig.*, 334 F.3d 643, 650 (7th Cir. 2003). But Luvdarts does not allege that the Carriers took active steps to avoid acquiring knowledge. *See id*. The most that Luvdarts alleges is that the Carriers proceeded with the development and operation of the MMS networks indifferent to the risk of copyright infringement. *See United States v. Heredia*, 483 F.3d 913, 918 n.4 (9th Cir. 2007) (en banc) (distinguishing willful blindness from recklessness or negligence and clarifying that "[a] willfully blind defendant is one who took deliberate actions to avoid confirming suspicions of criminality"). In order to allege willful blindness, Luvdarts must allege that the Carriers (1) subjectively believed that infringement was likely occurring on their networks and that they (2) took deliberate actions to avoid learning about the infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011) (discussing willful-blindness-as-knowledge required for patent infringement). Luvdarts falls far short of alleging either element.

Because Luvdarts has failed to allege adequately that the Carriers had the necessary specific knowledge of

infringement, it cannot prevail on its claim of contributory
copyright infringement.[2]

### III

We conclude, in light of the foregoing, that Luvdarts has
failed to state a claim on which relief could be granted. The
district court therefore properly dismissed its complaint with
prejudice.[3]

**AFFIRMED.**

---

[2] Because Luvdarts has failed to allege adequately the first prong of
contributory liability, we have no cause to decide if Luvdarts has
sufficiently alleged whether the Carriers induced or materially contributed
to the infringement.

[3] We deny Luvdarts's motions for judicial notice as moot.