UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs write to respond to Defendants' notice of supplemental authority regarding the Ninth Circuit's opinion in *Luvdarts, LLC v. AT&T Mobility, LLC*, No. 11-55497, -- F.3d --, 2013 WL 1192950 (9th Cir. Mar. 25, 2013), ECF No. 507. *Luvdarts*, which concerned the adequacy of a copyright plaintiff's allegations against cellular telephone service providers at the pleading stage, and in which the plaintiff had made substantial concessions concerning the defendants' right and ability to control infringement on their services, simply has no bearing here.

**Vicarious Liability**: The plaintiff in *Luvdarts* "concede[d] that the [defendants] presently have no way of supervising the use of their networks for copyright infringement," and

"failed to allege facts that plausibly show that the [defendants] could implement an effective system." 2013 WL 1192950, at *2. Unsurprisingly, the court under those circumstances found that the plaintiff had failed to plead facts necessary to support the "control" element of vicarious liability. *Id*. In the present case, the Court has already found that Plaintiffs adequately alleged facts supporting the "control" element of vicarious liability. *See* Order on Motion to Dismiss, ECF No. 94, at 8. Further, in Plaintiffs' motion for summary judgment, they have adduced evidence pertaining to both Hotfile's failure to exercise its existing ability to control infringement and its failure to consider additional effective means of doing so. *See* Pls. Mem. of Law in Support of Mot. for Summary Judgment, ECF No. 322, at 16, 34. In addition, there was no suggestion in *Luvdarts,* unlike here, that the defendants had the ability to identify and terminate infringing users, which independently constitutes control for vicarious liability purposes. *See* Pls. Reply Mem. of Law in Support of Mot. for Summary Judgment, ECF No. 425, at 19. *Luvdarts* is thus of no consequence here.

**Contributory Liability**: With respect to 'traditional' contributory liability (i.e. liability based upon knowledge and contribution, rather than upon inducement of infringement), *Luvdarts* repeats a Ninth-Circuit-specific standard not followed elsewhere. As the parties briefed during summary judgment, there have been cases in which the Ninth Circuit, based on a belief that *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984) applies in the context of ongoing service relationships, has applied a requirement that a plaintiff allege knowledge of specific infringements in order to overcome a *Sony* defense and thereby state a claim of traditional contributory infringement liability. *Luvdarts* makes no new law but simply restates this standard in a case where the plaintiff had done no more than make "conclusory allegations that the [defendants] had the required knowledge of infringement..." 2013 WL 1192950, at *3. However, as Plaintiffs have previously explained, the Ninth Circuit's standard departs from the governing constructive knowledge standard in the Eleventh Circuit, from the standards applied by other courts outside the Ninth Circuit that have evaluated contributory infringement claims in the context of ongoing service relationships, and from the Supreme Court's holding in *Grokster*. *See* Pls. Reply Mem. of Law in Support of Mot. for Summary Judgment, ECF No. 425, at 17-18.

DATED: April 2, 2013                                  Respectfully submitted,


                                                      By: /s/ Karen L. Stetson
                                                      Karen L. Stetson
                                                      GRAY-ROBINSON, P.A.
                                                      1221 Brickell Avenue
                                                      16th Floor
                                                      Miami, FL 33131
                                                      Telephone: (305) 416-6880
                                                      Facsimile: (305) 416-6887


MOTION PICTURE ASSOCIATION                            JENNER & BLOCK LLP
 OF AMERICA, INC.                                     Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)                    Luke C. Platzer (*Pro Hac Vice*)
15301 Ventura Blvd.                                   1099 New York Ave., N.W.
Building E                                            Suite 900
Sherman Oaks, CA 91403                                Washington, DC 20001
Phone: (818) 995-6600                                 Telephone: (202) 639-6000
Fax: (818) 285-4403                                   Facsimile: (202) 639-6066

                                                      *Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2d Day of April, 2013, I served the following documents on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Notice of Supplemental Authority**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-20427-WILLIAMS/TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*