UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

       *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

       *Defendants*.

_____/

HOTFILE CORP.,

       *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

       *Counter-Defendant*.

_____/

**DEFENDANT HOTFILE'S REPLY TO PLAINTIFFS'**
**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Hotfile Corp. ("Hotfile") submits this Reply to the Studios' arguments in their response to Hotfile's Notice regarding the Ninth Circuit's decision in *Luvdarts, LLC, v. AT&T Mobility, LLC et al.*, No. 11-55497, D.C. No. 2:10-cv-05442-DDP-RZ (March 25, 2013) ("*AT&T*"). The Studios incorrectly assert that *AT&T* "simply has no bearing here." (Dkt. 509 at 1.) To the contrary, that precedent provides relevant guidance on both vicarious and contributory liability issues.

1

**Vicarious Liability.**  The Studios' vicarious liability argument against Hotfile is premised on the very sort of "changes" that "could" have been made, which under *AT&T* cannot establish vicarious liability.   For example, the assertion that Hotfile "could have but chose not to filter…" (Pl. SJ Rep. at 19) is directly analogous to Luvdarts' ill-fated assertion that the Carriers "could 'establish[]…a system' that would give them the right and ability to supervise the infringing activity…." *AT&T* at 5 and 6.[1] Rather than premise vicarious liability on "[t]he ability to block infringers' access to a particular environment for any reason whatsoever," as the Studios invite this Court to do here (PRMSJ at 19 *citing Napster*, 239 F. 3d at 1023), *AT&T* requires a fact-intensive showing that the defendant failed to implement "an effective system" that was available "at a low-enough cost."  *Id*. at 6-7.  The record shows that Hotfile's system was "effective."  Only 7% of files were subject to takedown notices (not 90% allegedly infringing as the Studios initially promised the Court they would demonstrate).  *Compare Io Group, Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132 (N.D. Cal. 2008) (7% of files on safe harbor site Veoh received takedown notices).   Hotfile's top uses were cloud storage and open source, and the Studios themselves conceived of and commended SRAs, which Hotfile implemented at their behest to combat infringement.  *See*  DOPMSJ at 4, 7; DMSJ at 6.  Hotfile has also demonstrated that the Studios' proposals do not come "at a low-enough cost."  *See, e.g.*, Cromarty Decl. (Dkt. 399-1) ¶ 95 ("'digital fingerprinting products are non-scientific, proprietary and *expensive*…") (emphasis added).

**Contributory Liability.**  The Studios incorrectly assert that the Ninth Circuit's contributory infringement standard for internet services is "not followed elsewhere."  Courts in this District agree however that knowledge of allegedly infringing files is a prerequisite, and that take down of infringing files in response to a notice of infringement precludes contributory infringement liability.  *See, e.g., Dawes-Ordonez v. Realtor Ass'n of Greater Fort Lauderdale, Inc.*, 2010 WL 1791754, *3 (S.D. Fl. 2010) ("Plaintiff has adduced no evidence that RAGFL knew about any alleged infringement.  To the contrary, the evidence shows that as soon as RAGFL was made aware that the Photographs on RAGFL's MLS were copyrighted and should not be on RAGFL's website, RAGFL removed the Photographs.  RAGFL, therefore, cannot be

---

[1] Hotfile *did* filter; the Studios are actually arguing that Hotfile should have upgraded its filtering. This ignores Vobile's "technical immaturity" as of September 2011. Cromarty Decl. (Dkt. 399-1), ¶ 95.

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

found liable for contributory copyright infringement.") *aff'd* 418 Fed.Appx. 819 (11th Cir. 2011) (affirming summary judgment and award of fees where Plaintiff "had sued the Association without providing notice of its alleged infringement").  Any other rule for internet service providers would expose them to liability for direct infringements by users of which they were unaware and which they could not prevent.[2]

Dated: April 4, 2013                    Respectfully submitted,


                                        s/ Janet T. Munn_____
                                        Janet T. Munn, Esq. Fla. Bar No. 501281
                                        Email: jmunn@rascoklock.com
                                        RASCO KLOCK
                                        283 Catalonia Avenue, Suite 200
                                        Coral Gables, Fl 33134
                                        Telephone:  305.476.7101
                                        Telecopy: 305.476.7102

                                        And

                                        s/ Roderick M. Thompson_____
                                        Roderick M. Thompson, Esq. (admitted *pro hac vice*)
                                        Email:  rthompson@fbm.com
                                        Andrew Leibnitz, Esq. (admitted *pro hac vice*)
                                        Email:  aleibnitz@fbm.com
                                        Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
                                        Email:  tschoenberg@fbm.com
                                        Deepak Gupta, Esq. (admitted *pro hac vice*)
                                        Email:  dgupta@fbm.com
                                        Janel Thamkul, Esq. (admitted *pro hac vice*)
                                        Email:  jthamkul@fbm.com
                                        FARELLA BRAUN + MARTEL LLP
                                        235 Montgomery St.
                                        San Francisco, CA  94104
                                        Telephone:  415.954.4400
                                        Telecopy: 415.954.4480

---

[2] The Studios continue to ignore that the Second and Seventh Circuits (like the Ninth Circuit) have rebuffed their previous attempts to obtain a ruling that the *Sony* safe harbor does not apply to an "ongoing service relationship."  Def. Supp. Post-Hearing Br. at 3-4.

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:  617.928.1800
Telecopy:  617.928.1802

*Counsel for Defendants Hotfile Corporation*
*  and Anton Titov*

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 4, 2013, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Karen L. Stetson, Esq.
Fla. Bar No.: 742937
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL  33131
Telephone:  305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq.
(admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of
 America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
David A. Handzo, Esq. (admitted *pro hac vice*)
Email: dhandzo@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

By:  s/ Janet T. Munn
      Janet T. Munn