UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

    *Defendants*.

_____/

HOTFILE CORP.,

    *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

    *Counter-Defendant*.

_____/

## DEFENDANT HOTFILE'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Hotfile Corp. ("Hotfile") submits this Notice of Supplemental Authority to alert the Court to the recent decision in *Viacom Int'l Inc. v. YouTube, Inc.,* D.C. No. 1:07-cv-02103-LLS (S.D. N.Y. April 18, 2013) (attached hereto as Exhibit A) ("*Viacom Remand*"). Both Plaintiff Studios (Dkt. No. 443) and Hotfile (Dkt. No. 443) provided notice to the Court of the significance of the Second Circuit's April 5, 2012 decision (*Viacom Int'l Inc. v. YouTube, Inc.,* 676 F.2d 19 (2d Cir. 2012). On remand, the court held that YouTube remains protected by the Digital Millennium Copyright ("DMCA") Act Safe Harbor under 17 U.S.C. § 512(c).

1

The *Viacom Remand* court addressed and explicated three issues related to the parties' pending motions for summary judgment:

1.  **The Burden of Proof of Showing Actual Knowledge of The Specific Files-In-Suit Remains With The Content Owner and Cannot Be Shifted to The Service Provider to Disprove.** On remand, Viacom conceded that it "has failed to come forward with evidence establishing YouTube's knowledge of specific clips-in-suit." (*Viacom Remand* at 3.) Viacom argued instead that YouTube should bear the burden of proving an absence of disqualifying knowledge. The court found this argument "anachronistic" and "extravagant." (*Id* at 4-6.) The DMCA recognizes that "service providers perform a useful function" and that "no service provider could possibly be aware of the contents of each such video." (*Id.* at 4.) Thus, the "Act places the burden of notifying such service providers of infringements upon the copyright owner or his agent." (*Id*. at 5.)

    Where (as here) "neither side can determine the presence or absence of specific infringements because of the volume of material, that merely demonstrates the wisdom of the legislative requirement that it be the owner of the copyright, or his agent, who identifies the infringement by giving the service provider notice." (*Id*. at 6). Even though YouTube has "over 1 billion" views a day (*id.* at 4), the court found that placing the burden on content owners is "entirely workable." (*Id.* at 6.) "Thus, the burden of showing that YouTube knew or was aware of the specific infringements of the works in suit cannot be shifted to YouTube to disprove." (*Id.*)

2.  **For "Willful Blindness" to Disqualify It Must Be To Specific Infringements Of The Files-In-Suit.** (*Id.* at 7-10.) The structure of the DMCA requires "blindness to 'specific and identifiable instances of infringement'" for a service provider to be disqualified. (*Id*. at 8.) Furthermore, section 512(m) excuses service providers from "'affirmatively seeking facts indicating infringing activity.'" (*Id*. at 10.) Thus, "information that infringements were occurring with particular works," and "occasional indications of promising areas to locate and remove them," as well as a memorandum suggesting that "well-known shows" were on the site without providing "observations to any specific clips," did not "produce knowledge or awareness of infringement of specific clips-in-suit." (*id.* at 9-10.) The court also rejected Viacom's reliance on a declaration purporting to state that there were over 450 infringing clips, because the declaration did not identify any specific infringements of clips-in-suit. (*Id.* at 10.) As the court noted, "Plaintiffs often suggest that YouTube can readily locate the infringements by using its

own identification tools. It had no duty to do so." (*Id.* at 9 n.3.) Because this was all too general and lacked specificity, the court found that "[t]here is no showing of willful blindness to specific infringements of clips-in-suit." (*Id.* at 10.)

   **3.**  **No Right and Ability to Control.** The Studios have expressly disavowed reliance on 17 U.S.C. § 512(c)(1)(B) for summary judgment. PMSJ, at 19, n.11 ("Plaintiffs reserve this issue for trial.") Nonetheless, because the *Viacom Remand* court's discussion of this issue touches upon other matters that are disputed (such as Plaintiffs' claim for *Grokster* liability), Hotfile provides this brief summary. The court found that the "right and ability to control" disqualifier under the DMCA was not satisfied by "YouTube's exercise of 'ultimate editorial judgment and control over the content,'" nor by its "facilitat[ing] search" for some content and "prohibiting" certain types of content. (*Viacom Remand*. at 14.) Nor was it satisfied by the fact that "YouTube for business reasons placed much of the 'burden on Viacom and the other studi[o]s to search YouTube 24/7 for infringing clips.'" (*Id.* at 17-18.) The court was similarly unpersuaded by the fact that YouTube may have known of and even welcomed infringement:

> [T]he governing principle must remain clear: knowledge of the prevalence of infringing activity, and welcoming it, does not itself forfeit the safe harbor. To forfeit that, the provider must influence or participate in the infringement.

(*Id*. at 13.)

  The court also noted that "defendants streamlined the notification process by providing access to YouTube's Content Verification Program, which 'allowed content owners to check boxes to designate individual videos for take down'" and provided limited digital fingerprinting and hash-based identification. (*Id*. at 16 & n.5.) None of these things were deemed sufficient to constitute the requisite "something more" that must be shown to satisfy the "control" element under the DMCA. (*Id*. at 18.)

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

DATED: April 19, 2013 Respectfully submitted,

s/ Janet T. Munn
Janet T. Munn, Esq. Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

And

s/ Anthony P. Schoenberg
Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email: rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email: aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email: tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email: dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email: jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone: 617.928.1800
Telecopy: 617.928.1802

*Counsel for Defendants Hotfile Corporation
 and Anton Titov*

4

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Karen L. Stetson, Esq., Fla. Bar No.: 742937
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL  33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted *pro hac vice*)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

By: s/ Janet T. Munn
    Janet T. Munn

5