UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs write to respond briefly to Defendants' notice of supplemental authority regarding the Southern District of New York's recent renewed summary judgment decision in *Viacom International Inc. v. YouTube, Inc.*, No. 1:07-cv-02103-LLC, -- F. Supp. 2d --, 2013 WL 1689071 (S.D.N.Y. April 18, 2013), ECF No. 513 & 513-1 ("*Viacom III*"). Defendants, it seems, are content to file as many notices of supplemental authority as they can, regardless of their relevance, in the hopes of delaying this Court's decision. In fact, the *Viacom III* decision is of little precedential value for this case. Contrary to Defendants' contentions, the *Viacom III*

decision made no new or binding law; it merely purports to apply the Second Circuit's decision to the specific factual record before the court in the *Viacom* case. Moreover, as was the case with the district court's earlier summary judgment decision, many of the holdings of *Viacom III* are incorrectly decided and are being appealed.

**Burden of Proof as to DMCA Affirmative Defense**. The *Viacom III* court faced the somewhat unusual situation in which the allocation of the burden of proof was arguably dispositive: the plaintiffs presented evidence that defendants knew of infringing works on their system yet conceded they could not prove which among the specific infringing video clips in suit the defendants' knowledge pertained to, whereas the defendants also had not come forward with proof that they lacked such knowledge (or that any knowledge they did have pertained to video clips other than the specific ones in suit). That is quite unlike the usual case in which one or both parties presents evidence on the topic. *See, e.g.*, Pls. Mem. of Law in Support of Mot. for Summary Judgment, ECF No. 322 at 13-15. Thus, in a case like this one where there is in fact evidence of a defendant's knowledge, there is no importance to the *Viacom III* court's holding that a plaintiff bears the burden of disqualifying a defendant from the DMCA under Section 512(c)(1)(A), rather than the defendant's bearing the burden of establishing that it meets all the conditions for the safe harbor. *See Viacom III* at 4-6.

In any event, *Viacom III* is demonstrably incorrect on this point. The DMCA is an affirmative defense, and it is well established that the burden of establishing each element of an affirmative defense rest on the on the party asserting it. *See, e.g., ALS Scan, Inc. v. RemarQ Cmtys., Inc*, 239 F.3d 619, 623 (4th Cir. 2001) ("to qualify for this safe harbor protection [under § 512(c)(1)], the Internet service provider must demonstrate that it has met all three of the safe harbor requirements"); *Capitol Records, Inc. v. MP3tunes, LLC*, 821 F. Supp. 2d 627, 635-36 (S.D.N.Y. 2011) ("To prevail on a motion for summary judgment, the moving party must demonstrate each essential element of its infringement claim or defense"); *Wolk v. Kodak Imaging Network, Inc*., 840 F. Supp. 2d 724, 746 (S.D.N.Y. 2011) (defendant service provider "must show, *inter alia*, that it did not have actual knowledge that the material or an activity using the material on the system or network is infringing and was not aware of facts or circumstances from which infringing activity is apparent"); H.R. Rep. No. 105-551(I), at 26 (1998) ("[A] defendant asserting this exemption or limitation [codified at § 512(c)] as an affirmative defense in such a suit bears the burden of establishing its entitlement"); 3 Melville B. Nimmer & David

Nimmer, *Nimmer on Copyright* § 12B.04[A][3] at 12B-77 n.211 (2012) ("Given that all of Section 512's limitations of liability constitute affirmative defenses, the service provider must prove its eligibility").

**Willful Blindness**.  *Viacom III* reached the counterintuitive holding that willful blindness is limited to "specific infringements of clips-in-suit" and is further limited to instances where the defendant is notified of the "specific locations of [the] infringements." *Viacom III*, slip op. at 9-10, 2013 WL 1689071, at *4-5.  It thus rejected as insufficient evidence that the defendant in that case was willfully blind as to the existence of pervasive infringements on its service – reasoning that the defendant lacked knowledge of where those specific infringements could be found and was not obligated to look.  *Id*.  As Plaintiffs in this case previously explained, it is illogical to limit willful blindness to instances where a defendant is already made aware of a specific file, because in such cases the defendant would *already* be disqualified for having actual or 'red flag' knowledge under Section 512(c)(1)(A).  *See* Pls. Reply Mem. in Support of MSJ, ECF No. 425, at 13.

Again, this holding is of no importance in a case where evidence pertains to specific infringements. *See, e.g.*, Pls. Mem. of Law in Support of Mot. for Summary Judgment, ECF No. 322 at 13-15.  And *Viacom III* is in any event decided incorrectly and is being appealed on this point.  Binding Second Circuit precedent establishes that willful blindness of course extends to instances where a service provider has "reason to suspect that users of its service'" are infringing the plaintiff's copyrights, but "'shield[s] itself from learning of the particular infringing transactions by looking the other way.'" *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 109 (2d Cir. 2010); *Viacom International Inc. v. YouTube, Inc.*, 676 F.3d 19, 35 (2d Cir. 2012) ("*Viacom II*") (quoting same passage from *Tiffany*).

**Right and Ability to Control**.  Contrary to Defendants' contention, in light of the decisions in *Viacom II and Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013) ("*Fung II*") – and based on the existing briefing before this Court – the Court could and should conclude that Defendants are disqualified from DMCA safe harbor under Section 512(c)(1)(B) due to their financial benefit from and control over infringement on their service.  The parties already have fully briefed the issues of Defendants' financial benefit from and control over infringement in the context of Plaintiffs' vicarious infringement claim.  *See* Pls. Mot. For Summary Judgment, ECF No. 322, at 34-35; Defs' Mot. For Summary Judgment, ECF

3

No. 318, at 16-18; Pls. Reply Mem. In Support of Mot. For Summary Judgment, ECF No. 425, at 19-20.  And, Defendants' payment to users and websites to upload infringing content and to promote links to that content is exactly the "something more" that, under *Viacom II* and *Fung II*, disqualifies a service provider from DMCA safe harbor under Section 512(c)(1)(B).  The *Viacom III* court's determination that YouTube lacked the requisite control over infringement on its service under the facts of that case is not relevant to the motions currently pending.  Here, Defendants engaged in the extraordinary act of paying users to upload content that overwhelmingly was infringing.

DATED: April 30, 2013                                          Respectfully submitted,

                                                               By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

| MOTION PICTURE ASSOCIATION OF AMERICA, INC. | JENNER & BLOCK LLP |
|---|---|
| Karen R. Thorland (*Pro Hac Vice*) | Steven B. Fabrizio (*Pro Hac Vice*) |
| 15301 Ventura Blvd. | David A. Handzo (*Pro Hac Vice*) |
| Building E | Luke C. Platzer (*Pro Hac Vice*) |
| Sherman Oaks, CA 91403 | 1099 New York Ave., N.W. |
| Phone:  (818) 995-6600 | Suite 900 |
| Fax:  (818) 285-4403 | Washington, DC 20001 |
| | Telephone: (202) 639-6000 |
| | Facsimile:  (202) 639-6066 |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th Day of April, 2013, I served the following documents on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Response to Defendants' Notice of Supplemental Authority**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson<br>
Karen L. Stetson

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-20427-WILLIAMS/TURNOFF

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP<br>Anthony P. Schoenberg<br>tschoenberg@fbm.com<br>Roderick M. Thompson<br>rthompson@fbm.com<br>N. Andrew Leibnitz<br>aleibnitz@fbm.com<br>Deepak Gupta<br>dgupta@fbm.com<br>Janel Thamkul<br>jthamkul@fbm.com<br>235 Montgomery Street<br>San Francisco, CA  94104<br>Phone:  415-954-4400<br><br>*Attorneys for Defendants Hotfile Corp. and Anton Titov* | RASCO KLOCK<br>Janet T. Munn<br>jmunn@rascoklock.com<br>283 Catalonia Ave., Suite 200<br>Coral Gables, FL  33134<br>Phone:  305-476-7101<br>Fax:  305-476-7102<br><br>*Attorney for Defendants Hotfile Corp. and Anton Titov* |
| BOSTON LAW GROUP, PC<br>Valentin Gurvits<br>vgurvits@bostonlawgroup.com<br>825 Beacon Street, Suite 20<br>Newton Centre, MA  02459<br>Phone:  617-928-1804<br><br>*Attorneys for Defendants Hotfile Corp. and Anton Titov* | |