UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

    *Defendants*.

_____/

HOTFILE CORP.,

    *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

    *Counter-Defendant*.

_____/

## DEFENDANT HOTFILE'S REPLY TO PLAINTIFFS' RESPONSE TO HOTFILE'S NOTICE OF SUPPLEMENTAL AUTHORITY

    In their latest "Notice", Plaintiffs abandon any pretense of seeking to alert the Court to the relevance of a new decision. Instead, they offer unvarnished argument on the merits of the pending motions and criticism of the supplemental authority. Hotfile hereby replies to Plaintiff's Response to Defendants' Notice of Supplemental Authority ("Response") regarding the recent

decision in *Viacom Int'l Inc. v. YouTube, Inc.,* D.C. No. 1:07-cv-02103-LLS (S.D. N.Y. April 18, 2013) ("*Viacom Remand*") (D.E. #514, responding to D.E. #513.)

**Plaintiffs Concur With Hotfile's Description Of The *Viacom Remand* Decision.**

In their Response, Plaintiffs do not disagree with Hotfile's summary of the recent supplemental authority, the *Viacom Remand* decision, which they describe as "demonstrably incorrect," "counterintuitive," "not relevant" and "being appealed." (*See* Resp. at 2, 3 and 4.) It is ironic that Plaintiffs now question the relevance of this decision when it was Plaintiffs who first recognized the importance of the appellate opinion that gave rise to the *Viacom Remand* decision in a Notice of Supplemental Authority filed last year (*Viacom Int'l Inc. v. YouTube, Inc.,* 676 F.2d 19 (2d Cir. 2012)). (*See* D.E.# 443.) The fact that Plaintiffs disagree with the district court decision does not make the result incorrect or any less relevant. To the contrary, the *Viacom Remand* decision directly addresses several issues that are hotly disputed here, which is why Hotfile brought it to the Court's attention (and, in contrast to Plaintiffs, without interjecting improper re-argument on the merits of the pending motions).

**Plaintiffs Badly Misstate the Second Circuit's Holding on "Willful Blindness."**

Plaintiffs argue that the district court's ruling was "counterintuitive" in holding that willful blindness must be tied to "specific infringements of the clips-in-suit." (Resp. at 3.) This part of the district court's holding, however, is a straightforward application of the Second Circuit's opinion, which held "that the willful blindness doctrine may be applied, in appropriate circumstances, to demonstrate knowledge or awareness of *specific instances of infringement under the DMCA*." *YouTube*, 676 F.3d at 35 (emphasis added).

**The Motions Have Been Submitted; Plaintiff Cannot Change Positions on the "Financial Benefit/Control" Element Under the DMCA.**

During summary judgment briefing, Plaintiffs expressly disclaimed any reliance on the

2

"financial benefit/control" prong of the DMCA as a basis for seeking summary judgment.[1] PMSJ, at 19, n.11 ("Plaintiffs reserve this issue for trial."). Yet, in their Response, Plaintiffs try to disclaim their own disclaimer. (Response at 3.) Plaintiffs make the belated and demonstrably incorrect assertion that "[t]he parties have fully briefed the issues of Defendants' financial benefit from and control over infringement in the context of Plaintiffs' vicarious infringement claim." (*Id.*)

Plaintiffs' contention that the issue has been fully briefed within the context of Plaintiffs' vicarious liability claim is specious. Summary judgment briefing closed more than a year ago. This issue was never on the table, because Plaintiffs deliberately and unequivocally took it off. In any event, the issues are not same. Courts have repeatedly held that the "financial benefit/control" element under the DMCA did not codify the common law standard for vicarious liability. *See, e.g., YouTube*, 676 F.3d at 37-38; *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1045 (9th Cir. 2011). Furthermore, there is no dispute that Hotfile's primary revenue source consists of premium subscriptions that charge users the same fixed fees regardless of how they use Hotfile. The legislative history makes clear that there is no "financial benefit" where "the infringer makes the same kind of payment as non-infringing users of the provider's service." (S. Rep. No. 105-190, p.44) ("Thus, receiving a one-time set-up fee and flat periodic payments for service from a person engaging in infringing activities would not constitute receiving a 'financial benefit directly attributable to the infringing activity.'")

---

[1] That prong provides that the DMCA safe harbor applies to a service provider that "does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity." 17 U.S.C. § 512(c)(1)(B).

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

Dated: May 1, 2013	Respectfully submitted,

s/ Janet T. Munn
Janet T. Munn, Esq.
Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

And

s/ Anthony P. Schoenberg
Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email: rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email: aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email: tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email: dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email: jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone: 617.928.1800
Telecopy: 617.928.1802

*Counsel for Defendants Hotfile Corporation and Anton Titov*

4

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Karen L. Stetson, Esq., Fla. Bar No.: 742937
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL  33131
Telephone: 305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq. (admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza, Esq. (admitted *pro hac vice*)
Email: dpozza@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

By: s/ Janet T. Munn
    Janet T. Munn

4817-7813-1987, v.  1