UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

   *Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs write to provide the Court with notice of the Northern District of California's recent decision in *Perfect 10, Inc. v. Yandex, N.V.*, No. C 12-01521 WHA, 2013 WL 1899851 (N.D. Cal. May 7, 2013) ("*Yandex*") attached hereto as Exhibit A, and the Southern District of New York's recent decision in *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931, 2013 WL 1987225 (S.D.N.Y. May 14, 2013) ("*MP3tunes II*"), attached hereto as Exhibit B.

*Yandex*:

At issue in *Yandex* was whether the defendants, a family of Dutch and Russian companies that operated a "broad range of search functions over the [I]nternet," were "ineligible

for the DMCA safe harbor under Section 512(c) during the period when they had no registered DMCA agent." *Yandex*, 2013 WL 1899851, at *1, *7. As was the case with Hotfile, some of the infringements of the plaintiff's works had predated one defendant's registration of its agent with the Copyright Office. The defendants argued that this fact should not disqualify them from the safe harbor because they otherwise "received and processed" DMCA notices, and "Congress only intended for the courts to enforce substantial compliance with the DMCA safe harbor requirements." *Id*. at *7. Hotfile made a similar "substantial compliance" argument in this case, contending that Plaintiffs' position that there can be no safe harbor absent registration is "hyper-technical." Defs' Opp. to Pls. Mot. for Summ. J., ECF No. 394-1, at 14. The *Yandex* court found the defendant's "substantial compliance" position "meritless and frivolous" because, *inter alia*, "a registered agent is a predicate, express condition — the safe harbor will apply 'only if' such agent has been designated and identified to the Copyright Office for inclusion in the directory of agents." 2013 WL 1899851, at *7-8. "[G]iving effect to the clauses referring to registration with the Copyright Office," the court held, "is not a 'hyper-technical' reading of the statute … it is a plain reading." *Id*. at *8.

### MP3tunes:

The decision in *MP3tunes II* withdraws pertinent portions of the opinion in *Capitol Records, Inc. v. MP3tunes, LLC*, 821 F. Supp. 2d 627 (S.D.N.Y. 2011) ("*MP3tunes I*"), upon which Defendants had relied in their summary judgment briefing. At issue in *MP3tunes* was whether MP3tunes, an online service that allowed users to store sound recordings in online "lockers," is entitled to claim the DMCA safe harbor protections with respect to infringements for which it had not received takedown notices. In *MP3tunes I*, the court had held that MP3tunes lacked sufficiently specific knowledge of such infringements and granted summary judgment under the DMCA. *See* 821 F. Supp. 2d at 643-45. Defendants here had relied extensively on that decision. *See* Defs Mot. for Summ. J., ECF No. 318, at 4, 11, 13, 14; Defs' Opp. to Pls. Mot. for Summ. J., ECF No. 394-1 at 15 n.18, 17 n.23, 18 & n.25; Defs' Reply Mem. in Support of Defs. Mot. for Summ. J., ECF No. 416-1, at 4, 9 n.13.

*MP3tunes II* now "vacates that portion [*MP3tunes I*] granting summary judgment to Defendants on the issue of contributory infringement liability for those songs not subject to DMCA-compliant takedown notices and finds that factual issues preclude summary judgment." *MP3tunes II*, 2013 WL 1987225, at *3. It did so for two reasons. First, *MP3tunes II* holds that

the "willful blindness" doctrine from *Viacom International, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012), requires an inquiry into whether the defendant "looked the other way when confronted by a high probability that certain conduct was infringing," and that a "jury could reasonably interpret several documents in the record as imposing a duty to make further inquiries" about instances of infringing conduct. 2013 WL 1987225, at *2-3. Second, the court held that, because the record contained "communications [involving the Defendants] acknowledging likely infringement," the "red flag" exception to the DMCA safe harbor may apply and the defendants accordingly were not entitled to summary judgment. *Id*. at *4.

DATED: May 23, 2013    Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION
 OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23d Day of May, 2013, I served the following documents on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**Plaintiffs' Notice of Supplemental Authority**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-20427-WILLIAMS/TURNOFF

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP<br>Anthony P. Schoenberg<br>tschoenberg@fbm.com<br>Roderick M. Thompson<br>rthompson@fbm.com<br>N. Andrew Leibnitz<br>aleibnitz@fbm.com<br>Deepak Gupta<br>dgupta@fbm.com<br>Janel Thamkul<br>jthamkul@fbm.com<br>235 Montgomery Street<br>San Francisco, CA  94104<br>Phone:  415-954-4400<br><br>*Attorneys for Defendants Hotfile Corp. and Anton Titov* | RASCO KLOCK<br>Janet T. Munn<br>jmunn@rascoklock.com<br>283 Catalonia Ave., Suite 200<br>Coral Gables, FL  33134<br>Phone:  305-476-7101<br>Fax:  305-476-7102<br><br>*Attorney for Defendants Hotfile Corp. and Anton Titov* |

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*