UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

    *Defendants*.

_____/

HOTFILE CORP.,

    *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

    *Counter-Defendant*.

_____/

**DEFENDANT HOTFILE'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Hotfile Corp. ("Hotfile") submits this Response to the Studios' arguments in their Notice Of Supplemental Authority ("Notice") regarding *Perfect 10, Inc. v. Yandex, N.V.*, No. C 12-01521 WHA, 2013 WL 1899851 (N.D. Cal. May 7, 2013) ("*Yandex*"), and *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931(WHP), 2013 WL 1987225 (S.D.N.Y. May 14, 2013) ("*MP3tunes II*"). (Dkt. 516.)  Just weeks after accusing Hotfile of "fil[ing] as many notices of supplemental authority as they can, regardless of their relevance, in the hopes of delaying this

Court's decision," (Dkt. 514), Plaintiffs have filed another notice of their own, this time attaching two more district court decisions of at best tangential relevance. (Dkt. 443.) Plaintiffs conveniently omit findings in each ruling that support Hotfile's positions, instead focusing on language which has little bearing on the issues and disputed facts raised by the motions pending here.

*Yandex.* Though Judge Alsup ruled that Yandex was "ineligible for the safe harbor under Section 512(c) during the period when they had no registered DMCA agent," (*Yandex*, 2013 WL 1899851, at *1, 7), Judge Alsup did not mention the legislative history, which places substance over form in regard to the designated agent requirement:

> [T]he parties will comply with the *functional requirements* of the notification provisions—such as providing sufficient information so that a designated agent or the complaining party submitting a notification may be contacted efficiently—in order to ensure that the notification and take down procedures set forth in this subsection operate smoothly.

Gupta Decl. Ex. 1, at 47 (emphasis added); *see* DOPMSJ at 14. Hotfile's *functional* compliance with the notice and takedown regime substantially exceeded that envisioned by the DMCA.

These Plaintiffs extensively used and praised Hotfile's powerful SRA tool, which gave the Studios the ability to directly and automatically takedown allegedly infringing links. DOPMSJ at 19 (*citing* DRSF 33, 34). There can be no real dispute that Hotfile's "take down procedures . . . operate[d] smoothly" as envisioned by Congress. In fact, the SRA procedure acted so smoothly it was subject to abuse by Plaintiff Warner, whose overly aggressive wrongful take downs are the basis for Hotfile's 512(f) Counterclaim. In any event, unlike *Yandex,* here the parties have largely stipulated away Hotfile's compliance with the designated agent requirement: "notifications by means of Hotfile's SRA are (and have the effect of) notification of claimed infringement to Hotfile's **designated agent** under 17 U.S.C. 512(c)(3)(A)…" Joint Motion and Stipulation, Dkt. 155 (emphasis added). This stipulation eliminates any contention that Hotfile's SRA is not eligible for the DMCA safe harbor prerequisites, at least after mid-2009, by which time Hotfile had extended SRAs to the Studios.

Plaintiffs gloss over the *Yandex* court's finding that for "purposes of [Perfect 10's] contributory liability claim," "whether a DMCA-complaint notice confers actual knowledge of alleged infringement depends on the evidentiary record," and that the failure to "call out any theory of liability," left a "genuine issue of material fact." *Yandex* at *6-7. Yandex provided a

2

declaration explaining that,

> Yandex does not know who the copyright holder is for a given image, nor whether a particular display of an image on a website is licensed, a fair use, or otherwise authorized by the copyright holder or by the law. While Yandex has processed Perfect 10's notices to the fullest extent possible in the circumstances, it could be that Perfect 10's claims of infringement are incorrect in one or more instances.

*Id.* (citing Grigorieva Decl.) Similarly, Hotfile has repeatedly explained that it did not have knowledge of infringing files on its site, because the notices, technical support emails, and other generalized references cited by the Studios "do not rule out the possibility that the files are open source, public domain, freely shared or fair use, or are simply being stored in the cloud, or space-shifted." DOPMSJ at 18; *see* generally, *id.* at 15-19. Hotfile's 512(f) counterclaim against Warner highlights the numerous incorrect assertions of infringement in the Studios' notices. Just as there were triable issues as to whether Perfect 10's "claims of infringement are incorrect," there remain numerous triable issues on knowledge here. DOPMSJ at 30-31.

*MP3Tunes II.* *MP3Tunes II* reaffirms that the doctrines of "willful blindness" and "red flag" knowledge apply *only* where there is deliberate avoidance or awareness of "specific" instances of infringement. *Id*. at *2, 3. This is the principle that Hotfile has advocated since the outset, and is the primary proposition for which Hotfile cited *MP3Tunes I*.[1] It remains undisturbed in *MP3Tunes II*, and has been strengthened by the recent appellate opinions in *Shelter Capital* and *Viacom*. *MP3Tunes II* reconsiders its prior holding on highly fact-specific grounds that are inapposite on the instant record. For willful blindness, the *MP3Tunes II* court found that a few particular documents may have suggested "'specific and identifiable' instances of possible infringement" and that a jury might find that they imposed "a duty to make further inquiries." *Id.* at *3. The corporate documents in that case contained blatant admissions reminiscent of *Fung* and *Grokster*, statements such as "everything I post is in clear violation of the DMCA," "[t]his website blatantly acknowledges that it contains infringing MP3's" and an

---

[1] The majority of Hotfile's citations to *MP3Tunes I* were for its "specific knowledge" requirement. *See* DMSJ, at 11, 13; DOPMSJ at 15 n.18, 17 n.23, 18 n.25. The other propositions for which Hotfile cited *MP3Tunes I* remain equally undisturbed. *See* DMSJ at 4 (EMI regularly distributed its works on the net for free); *id.* at 14 (infringement is a "small fraction of works posted to a website"); DRMSJ at 4 (512(i) only applies to uploaders), 9 n. 13 (safe harbor may apply to a subset of alleged infringements).

express admission that a site "probably" contains copyright infringement. *Id*. at *3. For red flag knowledge, the *MP3Tunes II* court appears to have relied on these same corporate documents. *Id.* at *4 ("EMI offers communications acknowledging likely infringement.") Such acknowledgments of specific infringements, which the *MP3Tunes II* court found sufficient to raise a jury issue, are plainly lacking in the instant record. Thus, *MP3 Tunes II* has no application on the instant facts. If anything it provides reassurance that Hotfile never had DMCA-disqualifying knowledge. It certainly provides no support for the Studios' affirmative motion for summary judgment on the issue.

Dated: May 28, 2013   Respectfully submitted,


s/ Janet T. Munn
Janet T. Munn, Esq. Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

And

s/ Roderick M. Thompson
Roderick M. Thompson, Esq. (admitted *pro hac vice*)
Email: rthompson@fbm.com
Andrew Leibnitz, Esq. (admitted *pro hac vice*)
Email: aleibnitz@fbm.com
Anthony P. Schoenberg, Esq. (admitted *pro hac vice*)
Email: tschoenberg@fbm.com
Deepak Gupta, Esq. (admitted *pro hac vice*)
Email: dgupta@fbm.com
Janel Thamkul, Esq. (admitted *pro hac vice*)
Email: jthamkul@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

And

Valentin Gurvits, Esq. (admitted *pro hac vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Center, MA 02459
Telephone:  617.928.1800
Telecopy:  617.928.1802

*Counsel for Defendants Hotfile Corporation
 and Anton Titov*

CASE NO. 11-CIV-20427-WILLIAMS/TURNOFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2013, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Karen L. Stetson, Esq.
Fla. Bar No.: 742937
GRAY-ROBINSON, P.A.
Email: Karen.Stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL  33131
Telephone:  305.416.6880
Telecopy: 305.416.6887

Karen R. Thorland, Esq.
(admitted *pro hac vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of
  America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Telephone: 818.935.5812

Steven B. Fabrizio, Esq. (admitted *pro hac vice*)
Email: sfabrizio@jenner.com
David A. Handzo, Esq. (admitted *pro hac vice*)
Email: dhandzo@jenner.com
Luke C. Platzer, Esq. (admitted *pro hac vice*)
Email: lplatzer@jenner.com
JENNER AND BLOCK, LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001
Telephone: 202.639.6000
Telecopy: 202.639.6066

                  By:  s/ Janet T. Munn
                        Janet T. Munn