UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.

_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT HOTFILE CORP.'S MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)
AND FOR STAY OF PROCEEDINGS PENDING APPEAL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

LEGAL STANDARD................................................................................................................ 3

ARGUMENT ............................................................................................................................. 4

I.   Immediate Review Would Not "Materially Advance the Termination of the Litigation." ..........................................................................................................................4

II.  There is No "Substantial Ground for Difference of Opinion" on Whether the *Sony* Defense Applies to Vicarious Liability. ..............................................................................7

III. Allowing Hotfile to Argue Its *Sony* Defense at Trial Now Would be Futile, Wasteful, and Risk Confusing the Jury. ..............................................................................................9

CONCLUSION ........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*A&M Records, Inc. v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) ("*Napster*")..................................................................................8

*AF Holdings LLC v. Does 1-1,058*,
   No. 12-0048, 2012 WL 3204917 (D.D.C. Aug. 6, 2012) ...........................................................7

*Am. Geophysical Union v. Texaco Inc.*,
   802 F. Supp. 1 (S.D.N.Y. 1992)..................................................................................................7

*Amason v. Kangaroo Exp.*,
   No. 09-CV-2117, 2013 WL 985536 (N.D. Ala. Mar 11, 2013) ................................................4

*Broad v. Hitts*,
   No. 08-CV-366, 2011 WL 5546298 (M.D. Ga. Nov. 14, 2011)................................................3

*Camacho v. Puerto Rico Ports Auth.*,
   369 F.3d 570 (1st Cir. 2004)......................................................................................................3

*Coopers & Lybrand v. Livesay*,
   437 U.S. 463 (1978)...................................................................................................................4

*Flanagan v. United States*,
   465 U.S. 259 (1984)...................................................................................................................3

*Hernandez v. Altec Environ. Prods., LLC*,
   No. 10-80532-CIV, 2013 WL 3448212 (S.D. Fla. July 9, 2013) ..........................................4, 5

*In re: Aimster Copyright Litig.*,
   334 F.3d 643 (7th Cir. 2003) .....................................................................................................9

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974).......................................................................................................7

*McFarlin v. Conseco Servs., LLC*,
   381 F.3d 1251 (11th Cir. 2004) .............................................................................................3, 4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005).....................................................................................................1, 8, 9, 10

*OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*,
   549 F.3d 1344 (11th Cir. 2008) .................................................................................................3

*Palacios v. Boehringer Ingelheim Pharm., Inc.*,
   No. 10-22398-CIV, 2011 WL 4102310 (S.D. Fla. Sept. 14, 2011) ...................................5, 6

*Richardson-Merrell Inc. v. Koller*,
   472 U.S. 424 (1985) .....................................................................................................6, 7

*Rudd Constr. Equipment Co., Inc. v. Home Ins. Co.*,
   711 F.2d 54 (6th Cir. 1983) ................................................................................................5

*Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984) ...................................1, 8

*Spurlin v. Gen. Motors Corp.*,
   426 F.2d 294 (5th Cir. 1970) ..............................................................................................5

*Sullivan v. United States*,
   788 F.2d 813 (1st Cir. 1986) ............................................................................................10

*Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*,
   567 F. Supp.2d 1326 (N.D. Ala. 2008) ...............................................................................3

*Universal City Studios, Inc. v. Sony Corp. of Am.*,
   480 F. Supp. 429 (C.D. Cal. 1979) .....................................................................................8

*Universal City Studios, Inc. v. Sony Corp. of Am.*,
   659 F.2d 963 (9th Cir. 1982) ..............................................................................................8

*Williamson v. UNUM Life Ins. Co. of Am.*,
   160 F.3d 1247 (9th Cir. 1998) ............................................................................................3

**STATUTES**

17 U.S.C. § 512(f) ...........................................................................................................................2

28 U.S.C. § 1291 ............................................................................................................................3

28 U.S.C. § 1292(b) ...............................................................................................................1, 3, 5

17 U.S.C. § 512(c) ..........................................................................................................................1

**OTHER AUTHORITIES**

Order, Dkt. No. 524 ....................................................................................................................1, 2

## INTRODUCTION

Defendant Hotfile Corp. requests that this Court take the extraordinary step of certifying for interlocutory appeal a non-dispositive issue. The Court should deny Hotfile's request.

Hotfile cannot show that it is entitled to interlocutory review under 28 U.S.C. § 1292(b). Immediate review of the question on which Hotfile seeks such an appeal – whether a defense to liability under *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984), 464 U.S. 417 (1984) (the "*Sony* defense") applies to a claim of vicarious liability – would not "materially advance the termination of the litigation" within the meaning of the statute. Trial is scheduled in less than three months. Any issues Hotfile wants to present on appeal, including but not limited to the applicability of the *Sony* defense, can be before the Eleventh Circuit very soon following the jury's verdict. This is simply not the type of situation Congress envisioned when creating the interlocutory appeal procedure.

Nor is there "substantial ground for difference of opinion" as to the question on which Hotfile seeks such an appeal. Although Hotfile makes inflated claims about the general importance of this issue, neither logic nor precedent support applying a *Sony* defense to vicarious liability. The one case on which Hotfile relies precedes the Supreme Court's comprehensive clarification of secondary liability and the *Sony* defense in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) ("*Grokster*").

Finally, even if Hotfile were to succeed on this issue on appeal, *Sony* is no defense to *Grokster* liability, and *Grokster* liability would still need to be tried on remand. Therefore, requiring the jury to reach a premature holding on the defense now – as Hotfile requests in the alternative to a certification of its interlocutory appeal – would do little to advance the proceedings. Instead, it risks wasting time and confusing the jury by trying a defense in isolation from the underlying liability claim to which it might apply. Hotfile's motion should accordingly be denied in all respects.

## BACKGROUND

On August 28, 2013, the Court issued an order on the parties' pending motions for summary judgment. (*See* Order, Dkt. No. 524). The Court granted the Plaintiffs' motion for summary judgment on the issues of Defendants' defense under Section 512(c) of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c) ("DMCA"), Hotfile's liability as a vicarious

1

infringer, and Defendant Anton Titov's personal liability for the actions of Hotfile. (*Id.* at 99). In doing so, the Court held that there were questions of fact with respect to Hotfile's liability under the theories of inducement and material contribution, and that factual issues remained regarding whether Hotfile could state a *Sony* defense to the material contribution claim. (*Id.* at 77). The Court further denied Hotfile's motion for summary judgment for conduct postdating the Complaint and denied Defendant Anton Titov's motion for summary judgment on personal liability. (*Id.* at 98). It further found material questions of fact requiring a trial on Hotfile's counterclaim against Plaintiff Warner Bros. Entertainment Inc.

Following issuance of the Court's order, the parties agreed to stipulate that, in light of the Court's ruling that Hotfile is vicariously liable for infringement and Titov is personally liable for Hotfile's infringing activities, it would not serve judicial economy to now try Plaintiffs' claims as to Hotfile's liability under two additional theories of secondary liability – inducement to infringe copyright under *Grokster*, and material contribution. Accordingly, as the parties discussed with the Court at the September 3, 2013 status conference, those two alternative claims should be held in abeyance, rather than tried in the upcoming trial this December, but could be tried before a jury in the event the Court's summary judgment Order is materially altered on any subsequent appeal.[1]

Hence, only two issues remain for trial this December: the amount in statutory damages to which Plaintiffs are entitled, and Defendants' counterclaim under 17 U.S.C. § 512(f) alleging that Warner knowingly misrepresented that it held the copyrights to various works in its takedown notices. Trial on Plaintiffs' statutory damages claim, moreover, is unlikely to be long or complex, and could probably be tried in as little as one week, possibly even less if Hotfile's counterclaim is tried separately.[2]

Hotfile now seeks interlocutory review of just one of the Court's summary judgment decisions—the decision that Hotfile is vicariously liable for infringement as a matter of law, notwithstanding the Court's determination in the context of material contribution liability that triable issues of fact remained as to whether Hotfile can avail itself of the *Sony* defense. Put

---

[1] Plaintiffs expect to file a stipulation to this effect contemporaneously with this memorandum of law or shortly thereafter.

[2] Plaintiffs anticipate filing on September 25, 2013 a separate motion to sever the counterclaim for separate trial.

2

another way, Hotfile seeks an Eleventh Circuit ruling on the question of whether the *Sony* defense applies to the theory of vicarious liability for copyright infringement. Hotfile acknowledges that this issue is not dispositive, and that a trial will be necessary regardless of the outcome of the appeal it seeks. (*See* Def.'s Mem. 2).

## LEGAL STANDARD

Under the "final judgment rule," codified at 28 U.S.C. § 1291, appeals of district court orders are generally limited to final judgments. *See Flanagan v. United States*, 465 U.S. 259, 263 (1984) (stating that "[28 U.S.C. § 1291] limits the jurisdiction of the Courts of Appeals to appeals from 'final decisions of the district court.'"); *Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*, 567 F. Supp.2d 1326, 1332 (N.D. Ala. 2008). The rule thus requires "that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

A partial grant of summary judgment is not a final judgment and is therefore not ordinarily appealable under 28 U.S.C. § 1291, as it does not resolve all claims in the litigation. *See Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998). There is a narrow exception under 28 U.S.C. § 1292(b), which permits interlocutory appeals, but only where "(1) such order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) where an immediate appeal from the order may materially advance the termination of the litigation." *Broad v. Hitts*, No. 08-CV-366, 2011 WL 5546298, at *1 (M.D. Ga. Nov. 14, 2011) (quoting 28 U.S.C. § 1292(b) (internal quotations omitted)).

The Eleventh Circuit has stated that this exception should be invoked very sparingly, and that creating piecemeal appeals in violation of the final judgment rule is disfavored. *See OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) ("§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals"); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004); *see also Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) ("Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare."). The *McFarlin* court explained that:

> The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the 1292(b) exception

3

> to it. Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.

*Id.*

Saving appellate courts from a proliferation of piecemeal appeals was central to Congress's decision to craft § 1292(b) in a limited way, for use in only rare circumstances. *Id.* at 1256-57. Thus, § 1292(b) should "be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, . . . where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Id.* at 1256. As the party seeking interlocutory review, Hotfile "has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (citation and internal quotation marks omitted); *see also Hernandez v. Altec Environ. Prods., LLC*, No. 10-80532-CIV, 2013 WL 3448212, at *1 (S.D. Fla. July 9, 2013) (quoting *Coopers & Lybrand*, 437 U.S. at 475).

## ARGUMENT

### I. Immediate Review Would Not "Materially Advance the Termination of the Litigation."

As the Eleventh Circuit explained in *McFarlin*, the requirement that an issue certified for immediate review materially advance the termination of the litigation "is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid trial or otherwise substantially shorten the litigation." 381 F.3d at 1259.

Accordingly, courts have found that interlocutory appeal is appropriate where the issue in question is case-dispositive, or where the resolution of the issue would substantially alter the size or scope of the litigation. For instance, the *McFarlin* court, quoting the Senate Judiciary Committee Report regarding § 1292(b), noted three examples of issues that Congress intended to be appropriate for interlocutory review—jurisdiction and the dismissal of a case on statute of limitations grounds, both of which are case dispositive, and joinder of a third-party defendant, which substantially affects the scope of the litigation. *Id.* at 1257. *See also Amason v. Kangaroo Exp.*, No. 09-CV-2117, 2013 WL 985536, *1 (N.D. Ala. Mar 11, 2013) (certifying for interlocutory appeal the question of standing, because standing inquiry could end entire case well before trial).

4

In contrast, courts have repeatedly refused to certify for interlocutory appeal decisions that resolve only one of multiple issues. *See Spurlin v. Gen. Motors Corp.*, 426 F.2d 294, 294 (5th Cir. 1970) (holding that a partial grant of summary judgment was not appealable under § 1292(b), in part because many issues remained for trial); *Hernandez*, 2013 WL 3448212, at *2 (declining to certify an issue for interlocutory appeal where the issue was not dispositive and "[r]egardless of the outcome of an interlocutory appeal, a trial will still be required."); *Palacios v. Boehringer Ingelheim Pharm., Inc.*, No. 10-22398-CIV, 2011 WL 4102310, at *4 (S.D. Fla. Sept. 14, 2011) (refusing to certify an issue where the case was ready for trial on the issue of damages and the statute of limitations, because the defendant would have an opportunity to appeal all issues together after trial). The Sixth Circuit held that the district court improperly certified an issue for interlocutory appeal under similar circumstances as those presented here—the district court had granted summary judgment on one issue of liability but had not determined the fact or amount of liability. *Rudd Constr. Equipment Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983).

Here, immediate review of the issue presented by Hotfile would not resolve the litigation, and a trial would be required regardless of the Eleventh Circuit's decision. Hotfile concedes, as it must, that a reversal of the Court's ruling would require a trial on the applicability of the *Sony* defense as well as the other remaining issues, potentially followed by a second trial on damages. (*See* Def.'s Mem. 2). It is clear that interlocutory review would not materially advance the termination of the litigation, and that certifying the issue for immediate appeal would simply result in piecemeal appeals. In contrast, denying Hotfile's motion would allow the impending trial to proceed as scheduled, and would permit the entire case to be before the Eleventh Circuit in just a few month's time.

The scheduling of the upcoming trial is particularly relevant with respect to the "materially advance the ultimate termination of the litigation" standard under 28 U.S.C. § 1292(b). The Court has scheduled trial in this matter in December of this year. Moreover, in light of the limited number of remaining issues to be tried, trial may very well be substantially shorter than the two-week trial calendar the Court has currently allotted. Thus, although Hotfile seeks to argue that the issue on which it seeks interlocutory appeal (involving the *Sony* defense) is of significant import to the industry and to the law of secondary liability more generally (claims, which as Plaintiffs demonstrate in Part II *infra*, are overstated and inaccurate), those

5

questions would be before the Eleventh Circuit very soon even if interlocutory appeal is denied and Hotfile is forced to raise them on a direct appeal from this Court's final judgment pursuant to the usual procedure under 28 U.S.C. § 1291.  Thus, even under Hotfile's best-case scenario in which it prevails at the Eleventh Circuit on its legal theory about its *Sony* defense, there is little to gain in terms of judicial economy from allowing Hotfile to take a piecemeal appeal now rather than adhering to the usual appellate procedure.  Indeed, the situation here is virtually identical to *Palacios*, where a defendant, following a summary judgment decision, brought in August 2011 a motion for interlocutory appeal – even though a trial, mostly on damages issues, had already been scheduled for January 2012.  *Palacios*, 2011 WL 4102310, at *1.  There, the court observed (in September 2011) that "the case is ready for what will likely be a short trial involving damages … issues" and that "[f]ollowing the trial, [defendant] will have an opportunity to appeal all issues together, rather than in piecemeal fashion."  *Id.* at *4.

Hotfile's argument is essentially that interlocutory review *might* save time and resources because, if the Court's ruling is reversed by the Eleventh Circuit after trial, then an additional trial might be necessary.  Hotfile further speculates that, depending on the outcome of that hypothetical additional trial, a trial on the issue of damages might be unnecessary.  But that is not a basis for interlocutory appeal because it is virtually ***always*** the case that reversal on appeal of a trial court's pre-trial rulings might result in another trial on remand.  Interlocutory appeals are appropriate only under rare circumstances, and Hotfile's argument would justify piecemeal appellate review of ***any*** decision where reversal might require a new or additional trial, whether a decision on the merits or a significant evidentiary ruling.

Regardless of the speculative benefits of interlocutory review in an individual case, the Supreme Court has recognized that Congress, in enacting § 1291, chose to strike a balance in favor of minimizing piecemeal appeals, even though that balance will sometimes result in erroneous decisions going uncorrected for a longer period of time.  The Court in *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 428-29 (1985) explained:

> Immediate review of every trial court ruling, while permitting more prompt correction of erroneous decisions, would impose unreasonable disruption, delay, and expense.  It would also undermine the ability of district judges to supervise litigation.  In § 1921 Congress has expressed a preference that some erroneous trial court decisions go uncorrected until the appeal of a final judgment, rather than having litigation punctuated by piecemeal appellate review of trial court decisions which do not terminate the litigation.

6

*Id.* (quoting *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263, 265 (1982)).

The cases cited by Hotfile in support of its position are unavailing. For instance, *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754-56 (3d Cir. 1974), concerned an interlocutory review of the issue of class certification—an issue that clearly has a substantial impact on the size and scope of the litigation.[3] Similarly, *AF Holdings LLC v. Does 1-1,058*, No. 12-0048, 2012 WL 3204917, at *63 (D.D.C. Aug. 6, 2012), permitted certification of the issue of whether claims against 1,058 Doe defendants could be tried jointly. In *Am. Geophysical Union v. Texaco Inc.*, 802 F. Supp. 1, 29 (S.D.N.Y. 1992), the court certified for immediate review the issue of fair use, where the parties had stipulated that if the defendant's fair use defense was successful, all of the plaintiff's claims would be dismissed.

In sum, Hotfile cannot meet its substantial burden to show that immediate review would materially advance the termination of the litigation, as trial proceedings will be necessary regardless of the outcome of an interlocutory appeal. Interlocutory appeal is appropriate only in "exceptional cases," which clearly do not include the routine resolution of a non-dispositive issue prior to trial.

## II. There is No "Substantial Ground for Difference of Opinion" on Whether the *Sony* Defense Applies to Vicarious Liability.

Despite its claim that there is substantial disagreement in the case law regarding whether the *Sony* defense applies to a vicarious liability, Hotfile does not cite a single case applying the *Sony* defense to such a claim, or even a case stating that the defense applies. Indeed, to Plaintiffs' knowledge, no such case exists. There is simply no support for the argument that Hotfile would like to put before the Eleventh Circuit while postponing the proceedings in the district court.

The lack of a single case to support Hotfile's position is consistent with the purpose and history of the *Sony* defense itself. Applying the *Sony* defense to vicarious liability would expand

---

[3] Hotfile selectively quotes from *Katz* in order to omit the language that is damaging to its argument, and to create the impression that interlocutory review is appropriate simply where the district court has denied the defendant the use of a particular defense. (*See* Def.'s Mem. 16). The *Katz* court stated that "[The drafters of § 1292(b)] referred specifically to cases in which a long trial results from a pretrial order erroneously overruling a defense *going to the right to maintain the action* . . . ." 496 F.2d at 754 (emphasis added to reflect portion omitted by Hotfile).

7

it far beyond the limited role it serves in the law of secondary copyright infringement liability. As the Supreme Court held in *Grokster,* 545 U.S. 913, 933, *Sony* only prohibited imposing contributory liability by "presuming or imputing intent to cause infringement solely from the design or distribution of a product capable of substantial lawful use." Thus, *Sony* is a defense to the intent or knowledge element of the contributory liability theory, and requires plaintiffs to show more than simply that a product can be used for infringing purposes. *See id.* However, vicarious liability does not have an intent or knowledge prong. Rather, it requires plaintiffs to show that the defendant "has the right and ability to supervise the infringing activity and also has direct financial interests in such activities." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001) ("*Napster*") (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). Simply put, the *Sony* defense dispels a presumption of infringing intent or knowledge, but intent or knowledge is not an element of vicarious liability.

In the absence of any actual authority to support its position, Hotfile attempts to rely on selective readings of the case law. First, Hotfile alleges that the *Sony* case concerned the theory of vicarious liability because the opinion frequently used the phrase "vicarious liability." (*See* Def.'s Mem. 13). This argument is belied by a complete reading of the *Sony* decision. The Court explicitly acknowledged that "vicarious liability" was ***not*** before it. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 fn.17 (1984). This was because the vicarious liability claim presented at the district court level in *Sony*, *see* 480 F. Supp. 429, 460-63 (C.D. Cal. 1979), was not considered on appeal by the Ninth Circuit, which decided the case solely on the basis of contributory liability. *See* 659 F.2d 963, 975-76 (9th Cir. 1982). Thus, contributory liability was the ***only*** issue before the Supreme Court. Therefore, although the Supreme Court referred to "vicarious liability," it was referring not to the "doctrine" of vicarious liability, but to the broad common law concept of vicarious liability, of which contributory liability is a "species." 464 U.S. at 435. The Ninth Circuit in *Napster* recognized this distinction, stating that "when the *Sony* Court used the term 'vicarious liability,' it did so broadly and outside of a technical analysis of the doctrine of vicarious copyright infringement." 239 F.3d at 1022-23. The Ninth Circuit stated unequivocally that the *Sony* analysis "has no application to Napster's potential liability for vicarious copyright infringement." *Id.* at 1022.

8

Hotfile cites the Seventh Circuit's decision in *Aimster* as evidence of a disagreement between the Ninth and Seventh Circuits on whether the *Sony* defense applies to vicarious liability. Specifically, Hotfile refers to the court's statement that the *Sony* Court "treat[ed] vicarious and contributory infringement interchangeably, and held that Sony was not a vicarious infringer either." *In re: Aimster Copyright Litig.*, 334 F.3d 643, 654 (7th Cir. 2003). A more complete reading of the case law undercuts Hotfile's argument.

First, the quoted language from *Aimster* was dicta. After upholding the district court's grant of a preliminary injunction based on the issue of contributory liability, the Seventh Circuit expressed skepticism in dicta that the plaintiffs would succeed at trial on the issue of vicarious liability. *See id.* The court, however, expressly referred to the question of whether Aimster could be liable for vicarious liability notwithstanding *Sony* as "academic." *Id.* at 654-55. Second, whatever ambiguity might have been created by the *Aimster* dicta (or leftover from *Sony*) has since been resolved by the Supreme Court's later decision in *Grokster*. There, the Court affirmed that the doctrines are distinct, stating that "[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." 545 U.S. at 930 (internal citations omitted).

More critically, *Grokster* squarely holds that a *Sony* defense does not bar secondary liability broadly, it is ***only*** a defense to imputing intent or knowledge for purposes of a contributory liability claim. *Id.* at 933. As the Supreme Court stated, it is "error" to "convert[] the case [*Sony*] from one about liability resting on imputed intent to one about liability on any theory," because "*Sony* did not displace other theories of secondary liability." *Id.* at 934. If the difference of opinion claimed by Hotfile had ever existed between the Seventh and Ninth Circuit, therefore, *Grokster* has since decisively resolved it.

### III. Allowing Hotfile to Argue Its *Sony* Defense at Trial Now Would be Futile, Wasteful, and Risk Confusing the Jury.

Finally, the Court should deny Hotfile's alternative request to set its *Sony* defense for trial alongside the damages trial in December. Hotfile does not ask that the *Sony* defense be tried as a defense to their liability or to vicarious liability – and, of course, they could not, as this Court has already ruled on that issue and Hotfile does not seek (or meet the standard for) reconsideration. Rather, Hotfile asks that the Court set *Sony* for trial so the jury can make conditional findings of

9

fact that *might* have relevance in the event the case is ever retried on a contributory theory. There would be no gains to judicial efficiency from conducting the trial in this manner. Even if the Eleventh Circuit were to rule that *Sony* applies to a vicarious infringement claim, the case would still remanded for trial. Because *Sony* remains unavailable as a defense to Plaintiffs' claim for inducement liability under *Grokster* – a fact not even Hotfile disputes – regardless of any Eleventh Circuit decision or conditional jury findings regarding "non-infringing uses" of Hotfile, there will need to be another trial on liability issues. The far more efficient and logical path would be to follow the standard procedure of trying the defense only if there is also a trial on the underlying liability theory to which the defense applies; meaning, the court should only ask a jury to evaluate Hotfile's purported *Sony* defense if trial becomes necessary on Plaintiffs' contribution claim following a successful appeal by Hotfile. *See Sullivan v. United States*, 788 F.2d 813, 816 (1st Cir. 1986) (stating that a litigant is only entitled to a jury trial on issues for which there is a genuine issue of fact to be determined) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336 (1979)).

There would be no gains to judicial efficiency from trying Hotfile's *Sony* defense separately from the underlying liability theory (contributory infringement) to which it might apply. Indeed, it would be counterproductive. That is because the *Sony* defense is inapplicable to Plaintiffs' third claim for inducement liability under *Grokster*. *See* 545 U.S. at 933-34. Thus, even if the Court were to present the Sony defense to the jury now, the jury were to find Hotfile entitled to such a defense, ***and*** Hotfile were to then prevail on appeal on its theory that the Sony defense applies to the vicarious liability theory under which the Court has already entered summary judgment for Plaintiffs, Hotfile's liability for inducement under *Grokster* would ***still*** need to be tried on remand. Moreover, the second trial on remand in that hypothetical scenario would not look much different from the trial on remand that would need to occur if the *Sony* defense is not tried prematurely. The evidence that supports contributory liability and inducement liability overlaps very heavily. A jury can draw inferences about a defendant's infringing intent from many of the same facts that support contributory liability; if anything the evidence that a jury needs to consider on an inducement claim is more extensive. Therefore, resolving any *Sony* defense in isolation by trying it prematurely, as Hotfile requests, would not meaningfully shorten any hypothetical second trial, and thus do nothing to advance the

10

termination of the litigation.  To the contrary, it would force an unnecessary trial now on the *Sony* defense, even though that defense will be moot if Hotfile does not prevail on appeal.

Moreover, even if Hotfile were to prevail on an appeal following a jury verdict in this case, it would be far more logical to then try Hotfile's *Sony* defense as part of a that second trial on its liability under contributory infringement and inducement theories.  *Sony* is a defense to imputed intent or knowledge and thus logically should be tried, if at all, alongside other evidence that involve Hotfile's knowledge of infringement on its system and intent to promote it.  That is precisely the evidence that would be presented in any trial about Hotfile's liability for contributory infringement and for inducement.

The issue of whether Hotfile would be entitled to a *Sony* defense – *i.e.*, whether Defendants' system is capable of commercially significant non-infringing uses – would involve extensive evidence and testimony, including expert testimony, of a sort that is simply unnecessary for the presentation of the remaining damages issues.  It would require the parties to prepare to try wholly unrelated issues.

Hotfile's goal in asking the Court to set the defense for trial alongside Plaintiffs' damages claim appears to be little more than a ploy to seek the sympathy of the jury by focusing the proceedings on an irrelevant defense, while also confusing the jury about Hotfile's legal entitlement to engage in the infringing conduct for which the Court has already found it liable. The Court should deny Hotfile a premature trial on its *Sony* defense, when it has no relevance yet to the remaining damages issues to be tried.

## CONCLUSION

Hotfile's motion to certify an interlocutory appeal should be denied, as should its alternative request to set its purported *Sony* defense for trial.

DATED: September 23, 2013 Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION    JENNER & BLOCK LLP
OF AMERICA, INC.    Steven B. Fabrizio (*Pro Hac Vice)*
Karen R. Thorland (*Pro Hac Vice)*    Luke C. Platzer (*Pro Hac Vice*)
15301 Ventura Blvd.    David A. Handzo (*Pro Hac Vice*)
Building E    1099 New York Ave., N.W.
Sherman Oaks, CA 91403    Suite 900
Phone: (818) 995-6600    Washington, DC 20001
Fax: (818) 285-4403    Telephone: (202) 639-6000
   Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 23d day of September, 2013, I served the following document on all counsel of record on the attached by means of the Court's ECF system:

**Plaintiffs' Memorandum of Law in Opposition to Hotfile's Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) and for Stay of Proceedings Pending Appeal.**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

FARELLA BRAUN + MARTEL LLP
Anthony P. Schoenberg
tschoenberg@fbm.com
Roderick M. Thompson
rthompson@fbm.com
N. Andrew Leibnitz
aleibnitz@fbm.com
Deepak Gupta
dgupta@fbm.com
Janel Thamkul
jthamkul@fbm.com
235 Montgomery Street
San Francisco, CA  94104
Phone:  415-954-4400

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

RASCO KLOCK
Janet T. Munn
jmunn@rascoklock.com
283 Catalonia Ave., Suite 200
Coral Gables, FL  33134
Phone:  305-476-7101
Fax:  305-476-7102

*Attorney for Defendants Hotfile Corp. and Anton Titov*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*