CASE NO. 11-20427-WILLIAMS/TURNOFF

*DISNEY ENTERPRISES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, COLUMBIA PICTURES INDUSTRIES, INC., and WARNER BROS. ENTERTAINMENT INC. vs. HOTFILE CORP., ANTON TITOV, et al.*

# EXHIBIT 1

## *Palacios v. Boehringer Ingelheim Pharmaceuticals, Inc.*
## Case No. 10-22398-CIV (S.D. Fla.) – Docket Entry 161
## Memorandum of Law

## Filed in Support of Defendant Hotfile's Reply Memorandum in Support of Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO:  1:10-CV-22398-UU

GRACIELA PALACIOS , on her own
behalf and others similarly situated,

                Plaintiff,

v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC., a
Foreign profit corporation.

                Defendant.

_____

**MEMORANDUM OF LAW IN SUPPORT OF JOINT**
**MOTION TO STAY THE PROCEEDINGS**

The Parties submit this Motion to Stay the Proceedings, pending the outcome of the

United States Supreme Court's decision on the outside sales exemption of the Fair Labor

Standards Act ("FLSA").  Given that the Supreme Court's decision will determine the essential

issue presented by the instant case—whether or not pharmaceutical sales representatives are

exempt from the overtime requirements of the FLSA—there is no question that an immediate

stay would promote judicial economy, preserve the parties' time and resources, and ensure that

any ruling in this case will be consistent with the Supreme Court's forthcoming decision in the

*Christopher v. SmithKline Beecham Corp.* matter.

Accordingly, for the reasons set forth below, the Court should grant an immediate stay of

all proceedings, pending the outcome of the *Christopher* case.

## I. BACKGROUND

This legal action alleges that Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") misclassified Plaintiff, a pharmaceutical sales representative, as exempt from the overtime wage requirements of the FLSA. This case thus resolves around the central question of whether a pharmaceutical sales representative is an exempt or non-exempt employee. Circuit courts across the country are split on this key issue. *See Christopher v. SmithKlein Beecham Corp.,* 635 F.3d 383 (9th Cir 2011) (holding PSRs exempt under the outside sales exemption); *Smith v. Johnson & Johnson*, 593 F.3d 280 (3d Cir. 2010) (holding PSRs exempt under the FLSA administrative exemption); *but see In re Novartis Wage and Hour Litigation*, 611 F.3d 141 (2nd Cir. 2010) (holding PSRs non-exempt under the outside sales exemption and administrative exemption).

On August 12, 2011, the plaintiffs in the *Christopher* case filed a petition for writ of certiorari with the United States Supreme Court, seeking review of the Ninth Circuit's decision holding that GlaxoSmithKline's pharmaceutical sales representatives are exempt. The Supreme Court granted certiorari on November 28, 2010. *See Christopher v. SmithKlein Beecham Corp.,* Docket No. 11-204. It is expected that the Supreme Court will schedule oral argument in 2012.

## II. ARGUMENT

The question of whether pharmaceutical sales representatives fall within the outside sales exemption is one of the central issues before the Court in this case. Simply stated, if the Supreme Court upholds the Ninth Circuit's decision, Boehringer will seek permission from this court to resubmit its motion for summary judgment and would prevail in its argument that its representatives are exempt under the outside sales exemption. Accordingly, the parties request that this Court stay all proceedings effective today, until after the Supreme Court rules in the *Christopher* case.

Awaiting a decision from the Supreme Court on the applicability of the outside sales exemptions to pharmaceutical sales representatives would save the parties time and expense, as well as promote judicial economy. In lieu of proceeding with a damages trial, the parties can defer such a trial until after the Supreme Court renders its decision, at which point a trial may prove unnecessary. Similarly, granting a stay would enable the parties to defer an appeal to the Eleventh Circuit on the underlying merits decision made on summary judgment by Judge Ungaro. Boehringer's petition for interlocutory review of the summary judgment order was previously denied by this Court. The trial and the appeal may be rendered moot by the Supreme Court's decision. Further, if this case proceeds to trial and the subsequent appeal without the forthcoming Supreme Court guidance, the parties and this Court run the risk of wasting the significant time and costs of a trial and appeal only to retry the same factual issues under new or refined legal principals. Such waste would be avoided by staying all proceedings pending a ruling from the Supreme Court. In short, a stay ensures preservation of both the Court's and the parties' time and resources.

Courts have long held that "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d. Cir. 1976). This is particularly true when the Supreme Court has granted certiorari to review an issue that is potentially dispositive of pending litigation. *See, e.g., Homa v. Am. Express Co.*, 2010 U.S. Dist. LEXIS 110518 (D.N.J. Oct. 18, 2010). Ex. 6. For example, in *Homa*, the court determined that enforceability of a class arbitration waiver was a potentially dispositive issue. The court thus granted a motion to stay pending the Supreme Court's decision

3

on the enforceability of such waivers in the then-pending *Concepcion v. AT&T* case, and noted that to do otherwise would be an "exercise in futility." *See id.*

There is also ample precedent for such a stay in wage and hour cases involving pharmaceutical sales representatives. Indeed, another case involving Boehringer was "stayed and administratively closed" pending resolution of the *In re Novartis* case by the Second Circuit. *See Ruggeri v. Boehringer Ingelheim Pharmaceuticals, Inc.*, Civil No. 3:06-cv-1985 (D. Conn. April 17, 2009) (Doc. #262). Ex. 1.

Similarly, the court in *Silverman v. GlaxoSmithKlein*, 06-cv-7272 (C.D. Cal. Dec. 17, 2008) (DSF), stayed proceedings as it awaited the Ninth Circuit's decision on the outside sales exemption for cases "concerning virtually the same factual and legal arguments as this case." Ex. 2. The court in *Thorpe et al. v. Abbott Laboratories, Inc.*, C-07-005672 (N.D. Cal. Mar. 5, 2009)(RMW) found "good cause" to stay proceedings pending the outcome of the Ninth Circuit's ruling on the outside sales exemption for pharmaceutical sales representatives. Ex. 3. The court in *Freeman v. Hoffman-La Roche Inc.*, No. 07-1503 (D.N.J. Mar. 24, 2009)(JLL) issued an order administratively terminating the action in light of the Third Circuit appeal in *Smith v. Johnson & Johnson*, Civil No. 06-4787, 2008 WL 5427802 (D.N.J. Dec. 30, 2008), which the *Freeman* Plaintiffs—who moved for the stay—asserted raises "virtually identical legal issues as the present case." Ex. 4. The district court in *Jackson v. Alpharma Inc.*, Civil No. 07-cv-3250 (D.N.J. Mar. 24, 2009)(GEB) also found "good cause" to stay the proceedings pending the outcome of the Third Circuit's ruling on the outside sales exemption and administrative exemption for pharmaceutical sales representatives. Ex. 5.

Today, the federal court in *Camp v. Lupin Pharmaceuticals Inc.*, 3:10-cv-01403-RNC (D. Conn. Dec. 5, 2011) granted a stay of this pharmaceutical sales representative exemption case

4

pending the ruling in *Christopher v. SmithKline Beechman Corp*. Ex. 7. It is anticipated that other federal courts with pending cases involving the exempt classification of pharmaceutical sales representatives will issue similar stays.

As in the cases cited above, both parties will benefit from a stay that will afford time for the Supreme Court to rule on a potentially dispositive issue in this case. There is more than sufficient good cause for the Court to grant a stay here: a stay will promote judicial economy, enable the parties and the Court to preserve time and resources, and will not prejudice either party.

## III. CONCLUSION

The Parties respectfully request that the Court grant its Joint Motion To Stay the Proceedings and order that the proceedings—including the scheduled trial—will resume, as necessary, after the Supreme Court's decision on the *Christopher* appeal.

Dated this 5th day of December, 2011.

Respectfully Submitted,                                    Respectfully Submitted,


 s/ ANDREW FRISCH                              s/ TASOS C. PAINDIRIS_
ANDREW FRISCH                                 TASOS C. PAINDIRIS (FBN: 41806)
FBN: 27777                                    Paul DeCamp (*pro hac vice*)
Morgan & Morgan, P.A.                         William J. Anthony (*pro hac vice*)
6824 Griffin Road                             David R. Golder (*pro hac vice*)
Davie, Fl. 33314                              Jackson Lewis, LLP
Tel: 954-318-0268                             One Biscayne Tower, Suite 3500
Fax: 954-333-3515                             2 South Biscayne Blvd.
E-mail: AFrisch@forthepeople.com              Miami, Florida 33131
                                              Telephone: (305) 577-7600
Counsel for Plaintiff                         Facsimile: (305) 373-4466
                                              E-mail: Paindirist@JacksonLewis.com

                                              Counsel for Defendant