UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' MOTION TO BIFURCATE COUNTERCLAIM AND
MEMORANDUM IN SUPPORT**

**PUBLIC REDACTED VERSION**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................1

LEGAL STANDARD.............................................................................................................2

ARGUMENT..........................................................................................................................3

I.  HOTFILE'S COUNTERCLAIM AGAINST WARNER PRESENTS IRRELEVANT, CONFUSING AND INFLAMMATORY FACTUAL ISSUES THAT REQUIRE BIFURCATION TO AVOID PREJUDICE TO PLAINTIFFS AND THEIR CASE. ..............3

   A.  Hotfile's Counterclaim Against Warner Should Be Tried Separately to Avoid Prejudicing the Non-Warner Plaintiffs. ........................................................................3

   B.  Hotfile's Counterclaim against Warner Should Be Tried Separately to Avoid Confusing And Biasing the Jury. ..................................................................................5

   C.  The Issues Raised by Hotfile's Counterclaim Are Irrelevant to the Statutory Damages Calculation and Vice Versa............................................................................7

II. THE STATUTORY DAMAGES PHASE OF THE PLAINTIFFS' MAIN CLAIM SHOULD BE TRIED FIRST................................................................................................8

CONCLUSION........................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bait Productions Pty Ltd. v. Murray*, No. 8:13-cv-0169, 2013 WL 4506408 (M.D. Fla. Aug. 23, 2013) ..................................................................................................................7

*Burlington Northern Railroad Company v. JMC Transport, Inc.,* 567 F. Supp. 389 (N.D. Ill. 1983) ...........................................................................................................................6

*Coleman v. Quaker Oats Company*, 232 F.3d 1271 (9th Cir. 2000) ................................................4

*Donato v. Fitzgibbons*, 172 F.R.D. 75 (S.D.N.Y. 1997) ..................................................................4

*Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.*, 807 F.2d 1110 (2d Cir. 1986) ................................................................................................................................7

*Griffin v. City of Opa–Locka,* 261 F.3d 1295 (11th Cir. 2001) .......................................................2

*Harrington v. Cleburne County Bd. of Educ.,* 251 F.3d 935 (11th Cir. 2001) ..............................................................................................3

*Hunter Douglas, Inc. v. Comfortex Corp*., 44 F. Supp. 2d 145 (N.D.N.Y. 1999) ..........................6

*Ismail v. Cohen,* 706 F. Supp. 243 (S.D.N.Y. 1989), *aff'd*, 899 F.2d 183 (2d Cir.1990) ............2, 4

*Laitram Corp. v. Hewlett–Packard Co.,* 791 F. Supp. 113 (E.D. La. 1992) ...................................2

*Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333 (M.D. Fla. 2006) .................3, 7

*Monsanto Co. v. E.I. DuPont de Nemours & Co*., No. 4:09-cv-00686, 2009 WL 3012584 (E.D. Mo. Sept. 16, 2009) ...............................................................................................6

*SCFC ILC, Inc. v. Visa USA Inc. v. Sears, Roebuck & Co*., 801 F. Supp. 517 (D. Utah 1992) ................................................................................................................................6

*Sidari v. Orleans County*, 174 F.R.D. 275 (W.D.N.Y. 1996) .........................................................4

*Sound Video Unlimited v. Video Shack, Inc.*, 700 F. Supp. 127, 146 (S.D.N.Y. 1988) ..............4, 5

*Tab Express International, Inc. v. Aviation Simulation Technology, Inc.*, 215 F.R.D. 621 (D. Kan. 2003) ................................................................................................................5

*Totaltape, Inc. v. National Association of State Boards of Accountancy*, No. 85-civ.-4241, 1987 WL 7736 (S.D.N.Y. Mar. 4, 1987) .................................................................... 5-6

*United States ex. Rel. Miller v. Bill Harbert International Construction Inc.*, No. 95-1231, 2007 WL 851823 (D.D.C. Mar. 14, 2007)..................................................................4, 5

*Value Line Fund v. Marcus,* 161 F. Supp. 522 (S.D.N.Y. 1958).......................................................6

*Wynn v. National Broadcasting Co.*, 234 F. Supp. 2d 1067 (C.D. Cal. 2002) ................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 42(b) ...............................................................................................................1, 2, 3, 4

Fed. R. Evid. 402 .......................................................................................................................7

Fed. R. Evid. 403 ......................................................................................................................6, 7

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(b), Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. (collectively "Plaintiffs") hereby move this Court for an order requiring the Counterclaim filed by Defendant Hotfile Corp. ("Hotfile") against Warner Bros. Entertainment Inc. ("Warner") to be tried separately from and subsequent to the damages portion of the Plaintiffs' case against Hotfile, and that trial on the latter proceed on the presently-scheduled date.

The reasons to separate the damages portion of the Plaintiffs' case from the trial of Hotfile's Counterclaim against Warner are simple. First, four of the five Plaintiffs, and one of the two Defendants, in the main case are not involved in the Counterclaim at all, and trying the cases together risks prejudice to the nonparty Plaintiffs. Second, Hotfile's Counterclaim makes inflammatory accusations of knowing misconduct against Warner, which (although false) risk prejudicing and confusing the jury's deliberations regarding Plaintiffs' damages. Third, the questions the jury will need to answer in each proceeding are unrelated to one another. Fourth, even under the theory put forth by its own expert, Hotfile's damages on the Counterclaim are, at most, under ▮▮▮▮▮▮▮. It will cost Hotfile orders of magnitude more than that to prepare and conduct a trial on the Counterclaim. The Counterclaim is plainly interposed in the hope that it will bias the jury in the main case. If the Court does not allow that (and, respectfully, it should not) it seems very unlikely that Hotfile will proceed to trial on its Counterclaim. Thus, bifurcation is likely to streamline the case substantially.

Courts routinely sever claims that accuse one party of misconduct, as well as claims that only involve a subset of parties to the litigation, to avoid prejudicing the jury regarding the other claims and parties. Here, because both factors are present, there is a heightened risk of exactly the kind of "spillover" prejudice that the Federal Rules are meant to avoid. To preclude this risk, the Court should try Hotfile's Counterclaim separately from, and after, the damages phase of Plaintiffs' main claim.

# BACKGROUND

This Court's August 28, 2013, Summary Judgment Opinion (Docket No. 534) found that Defendants Hotfile and Anton Titov are liable as vicarious infringers for the massive infringement on the Hotfile service, and that they are not entitled to safe harbor under the Digital

1

Millennium Copyright Act ("DMCA").  *Id*. at 37-53, 84, 99.  Although the Court found questions of fact with respect to other, alternative theories for liability, none of those questions affects the findings relating to Defendants' vicarious infringement or their ineligibility to assert a defense under the DMCA.  Accordingly, the parties have agreed to hold the alternative claims in abeyance and not to proceed to trial on them now.[1]  Thus, all that remains in Plaintiffs' case is for the jury to determine the amount of statutory damages to be awarded to Plaintiffs for Defendants' acts of vicarious infringement.

At the same time that the Court found in favor of the Plaintiffs on vicarious liability, the Court denied Warner's motion for summary judgment on Hotfile's Counterclaim against Warner under Section 512(f) of the DMCA, holding that a jury needed to evaluate Hotfile's accusations of misconduct against Warner, including claims that Warner "intentionally targeted files it knew it had no right to remove" and that Warner displayed an "interest in an application of its takedown rights beyond works that it owns."  Docket No. 534 at 33, 34, 97.  Thus, with respect to the Counterclaim, both the liability and damages phases remain to be litigated.

These distinct matters—the computation of statutory damages in the Plaintiffs' case, and issues of liability and damages in Hotfile's Counterclaim against Warner—are currently set for trial on the Court's two-week calendar beginning December 9, 2013.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), a court may order any claim or issue to be tried separately "[f]or convenience, to avoid prejudice, or to expedite and economize."  *See Griffin v. City of Opa–Locka,* 261 F.3d 1295, 1301 (11th Cir. 2001).  A court may bifurcate an issue for trial if **any** one of these conditions is met.  *Ismail v. Cohen,* 706 F. Supp. 243, 251 (S.D.N.Y. 1989), *aff'd*, 899 F.2d 183 (2d Cir.1990).  Of the competing equities under Rule 42(b), protecting a party from prejudice is the Court's most important consideration.  *Laitram Corp. v. Hewlett–Packard Co.,* 791 F. Supp. 113, 114 (E.D. La. 1992).

In addition to the general factors listed in Rule 42(b), some courts have considered additional factors in determining whether to bifurcate trials.  These factors include: "whether the issues sought to be tried separately are significantly different"; "whether they are triable by jury or the court;" "whether discovery has been directed to a single trial of all issues"; "whether the

---

[1] *See* Sept. 23, 2013 Order Approving and Adopting Stipulation to Hold Claims in Abeyance, Docket No. 542.

2

evidence required for each issue is substantially different"; "whether one party would gain some unfair advantage from separate trials"; "whether a single trial of all issues would create the potential for jury bias or confusion"; and "whether bifurcation would enhance or reduce the possibility of a pretrial settlement." *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1334 (M.D. Fla. 2006) (quoting *Kimberly–Clark Corp. v. James River Corp. of Va.,* 131 F.R.D. 607, 608–09 (N.D. Ga.1989)).

The Eleventh Circuit recognizes that Rule 42(b) "confers broad discretion on the district court in this area," and has specifically noted that the standard a party must meet in order to separate claims for trial is "not a high standard." *Harrington v. Cleburne Cnty Bd. of Educ.,* 251 F.3d 935, 938 (11th Cir. 2001).

## ARGUMENT

I. **HOTFILE'S COUNTERCLAIM AGAINST WARNER PRESENTS IRRELEVANT, CONFUSING AND INFLAMMATORY FACTUAL ISSUES THAT REQUIRE BIFURCATION TO AVOID PREJUDICE TO PLAINTIFFS AND THEIR CASE.**

The facts at issue in Hotfile's Counterclaim against Warner are irrelevant to those remaining to be tried in the statutory damages phase of the Plaintiffs' main case. The inflammatory nature of Hotfile's Counterclaim accusations, however, is likely to confuse and prejudice the jury against both Warner and the four non-Warner Plaintiffs if tried at the same time as the principal case. And there is no countervailing reason to try these claims together. Apart from basic (and likely uncontested) background about what the Hotfile service is and how it works—facts that were not disputed on summary judgment—the issues posed by the two claims are completely separate from each other. Since there are no reasons to try the claims together, and very good reasons not to, they should be bifurcated for trial.

A. <u>Hotfile's Counterclaim Against Warner Should Be Tried Separately to Avoid Prejudicing the Non-Warner Plaintiffs.</u>

Four of the Plaintiffs in the main case (Disney, Fox, Sony, and Universal) are not parties to Hotfile's Counterclaim at all. Despite that, they risk having the jury prejudiced against them as a result of Hotfile's accusations of fraud against Warner. Courts have long recognized that, when claims or counterclaims do not involve all parties to a litigation, it may be necessary to try such claims separately to avoid prejudice to the parties not involved in such claims. In *Sound Video Unlimited v. Video Shack, Inc.*, for example, the defendants asserted a wiretapping

3

Counterclaim, otherwise unrelated to the plaintiffs' principal claims, against a single counterdefendant. *See* 700 F. Supp. 127, 146 (S.D.N.Y. 1988). The court granted the plaintiffs' motion under Rule 42(b) to bifurcate the trial in part due to "the threat of undue prejudice to the plaintiffs by the 'spillover effect'" from the counterclaim. *Id.*

The rationale for bifurcation in such cases was explained in *United States ex. Rel. Miller v. Bill Harbert Int'l Constr. Inc.*, No. 95-1231, 2007 WL 851823, at *3 (D.D.C. Mar. 14, 2007), where a defendant brought counterclaims against only one of two co-plaintiffs:

> The relator and the government are both plaintiffs in this case, yet the counterclaims of [defendant] are directly solely towards the Relator. To force the government to have to put on a case in light of such claims against its co-plaintiff could and likely would have a prejudicial effect. The Government may be forced to characterize their co-plaintiff in a negative light in its pursuit of its claim against the defendants or fear having its case bask in the tint of the charges against the Relator. In light of this potential for prejudice against both plaintiffs that would result by combining the defendant's counterclaims with the plaintiffs' claims, this Court sees that a stay and bifurcation of the counterclaims is the best course of action.

Id. (internal citations omitted)).

In the closely analogous situation where some claims in a single suit are brought against less than all defendants, courts have also bifurcated trials, recognizing that one defendant could be prejudiced by accusations against co-defendants. *See, e.g.*, *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1088-90 (C.D. Cal. 2002) (concluding severance would be appropriate because "there is a substantial risk that one [defendant] will be tainted by the alleged misdeeds of another, unfairly resulting in guilt by association"); *Ismail*, 706 F. Supp. at 250-52 (severing claim against a municipality from a claim against a police officer because "there is a danger that evidence admissible on the issues relating to conduct by the City or [the officer] [would] 'contaminate' the mind of the finder of fact in its consideration of the liability of the other defendant" and "could prejudice the jury in its determination of [its] culpability"); *Donato v. Fitzgibbons*, 172 F.R.D. 75, 85 (S.D.N.Y. 1997) (separating trials under Rule 42(b) because an adverse inference that had been drawn against one defendant would be prejudicial against another); *cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (affirming severance under Rule 20(b) of multiple discrimination claims brought against a single defendant on the ground the defendant would be prejudiced by having the evidence of all plaintiffs

presented in a single trial); *Sidari v. Orleans Cnty*, 174 F.R.D. 275, 281-82 (W.D.N.Y. 1996) (denying motion to combine claims in part because defendant would suffer "guilt by association" if claims were tried together).

These concerns are particularly acute here. Warner's defense to Hotfile's Counterclaim may require it to present evidence that its "methodology and system features are common in its industry." Order, Docket No. 534 at 30. Warner's presentation at trial accordingly could involve arguments that the antipiracy practices of Hollywood studios and their vendors are often similar, and that the practices Hotfile is accusing as fraudulent (albeit wrongly) are in fact commonplace. Thus, although none of the non-Warner Plaintiffs has been accused of anything by Hotfile, the brush Hotfile uses to tar Warner will unfairly tar the four Plaintiffs as well. Moreover, Hotfile's accusations of fraud against Warner present the potential for prejudicing all five Plaintiffs by making the four non-Warner Plaintiffs feel that they need to differentiate their own antipiracy practices favorably from Warner's to avoid a "spillover" effect from Hotfile's accusations, thereby undercutting their co-plaintiff Warner's ability effectively to mount its defense. *Sound Video Unlimited,* 700 F. Supp. at 146. This is the exact "fear [of] having [their] case bask in the tint of the charges" against a co-plaintiff, and attendant prejudice to all parties involved, that bifurcation under the Federal Rules is meant to prevent. *Bill Harbert Int'l Construction Inc.*, 2007 WL 851823, at *3. Accordingly, the Court should order the damages portion of Plaintiffs' main case to be tried separately from the liability and damages portions of Hotfile's Counterclaim against Warner.

> B. <u>Hotfile's Counterclaim against Warner Should Be Tried Separately to Avoid Confusing And Biasing the Jury.</u>

Even if Hotfile's inflammatory allegations of deliberate wrongdoing had been leveled against all Plaintiffs—which they were not—trial on the Counterclaim would still need to be severed from trial on statutory damages in the Plaintiffs' main case. It is well-established that counterclaims accusing plaintiffs of misconduct, where not relevant to the principal claims in the case, can create prejudice to plaintiffs and should be tried separately where such a risk exists. *See, e.g.*, *Tab Express Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 622-25 (D. Kan. 2003) (severing counterclaim under Rule 21 on the ground that a joint trial would prejudice the plaintiff). Similarly, in *Totaltape, Inc. v. National Association of State Boards of Accountancy*, the court recognized that the "Counterclaim's allegations of fraud and racketeering

5

activity are an obvious source of prejudice to plaintiffs." No. 85-civ.-4241, 1987 WL 7736, at *9 (S.D.N.Y. Mar. 4, 1987). As a result, the court bifurcated the trial and ordered the counterclaim to be tried separately. *Id.*

Courts routinely follow this reasoning to sever trials on counterclaims that allege misconduct by the plaintiff. *See also, e.g., Monsanto Co. v. E.I. DuPont de Nemours & Co.*, No. 4:09-cv-00686, 2009 WL 3012584, at *2 (E.D. Mo. Sept. 16, 2009) (granting motions to try counterclaims separately in part because "Defendants' allegations of monopolization could bias the jury when it evaluates Plaintiffs' patent claims"); *Hunter Douglas, Inc. v. Comfortex Corp.*, 44 F. Supp. 2d 145, 154-55 (N.D.N.Y. 1999) (separating affirmative defenses and antitrust counterclaims for trial in part because "presentation of [defendant's] counterclaims at the same time [plaintiff] is trying to present its infringement action may unfairly sway the jury against [plaintiff] who will be an accused monopolizer"); *SCFC ILC, Inc. v. Visa USA Inc.*, 801 F. Supp. 517, 528-29 (D. Utah 1992) (bifurcating counterclaims alleging unfair trade practices and trademark infringement for trial in part to avoid unfair prejudice to plaintiff-counterdefendant)*; Burlington No. RR Co. v. JMC Transport, Inc.,* 567 F. Supp. 389, 393-94 (N.D. Ill. 1983) (separating a willful and wanton entrustment counterclaim for trial in part to avoid prejudice to plaintiff-counterdefendant); *Value Line Fund v. Marcus,* 161 F. Supp. 533, 536-38 (S.D.N.Y. 1958) (separating for trial a libel and slander counterclaim in order to avoid prejudice to the plaintiffs-counterdefendants).

The accusations in the Counterclaim here present precisely this danger. They accuse Warner not merely of negligence, but of outright fraud: "intentionally target[ing] files it knew it had no right to remove," and acting with "illicit motive." Docket No. 534 at 33, 34, 97. Warner will vigorously contest each of these claims at trial; but their very nature is highly inflammatory, presenting a serious risk of biasing and improperly swaying jurors' views regarding the appropriate level of statutory damages in the main case. If Hotfile were to seek to introduce evidence that Warner had knowingly sent false infringement notices at a trial on Plaintiffs' statutory damages in the main action alone, the Court would surely (because of its likely propensity to bias the jury) exclude such evidence as unduly prejudicial under Fed. R. Evid. 403. Moreover, the prejudice is particularly acute here because, as discussed in Part I.A *supra*, Hotfile has brought its Counterclaim solely against Warner, and not the other Plaintiffs, but the jury could be biased by the Counterclaim accusations against Plaintiffs generally. Thus, because "a

6

single trial of all issues would create the potential for jury bias or confusion," *Medtronic Xomed, Inc*, 440 F. Supp. 2d at 1334, bifurcation is appropriate here.

  C. <u>The Issues Raised by Hotfile's Counterclaim Are Irrelevant to the Statutory Damages Calculation and Vice Versa</u>.

  Not only do the inflammatory allegations against Warner in Hotfile's Counterclaim threaten to bias the jury, the Counterclaim raises "significantly different" issues from those in the Plaintiffs' main case, without any shared questions of law or fact, so that "the evidence required for each issue is substantially different." *Medtronic Xomed, Inc*., 440 F. Supp. 2d at 1334. There is simply no overlap, beyond the most basic undisputed background facts, between the issues remaining for trial in the statutory damages portion of the Plaintiffs' main case and those relevant to Hotfile's Counterclaim against Warner.

  Specifically, alleged fraud by Warner in sending some of its takedown notices is immaterial to the statutory damages inquiry in Plaintiffs' main case. To determine statutory damages, courts generally look to the seven factors laid out by the Second Circuit in *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*. 807 F.2d 1110, 1117 (2d Cir. 1986), which include (1) "the expenses saved and the profits reaped by the infringers," (2) "the revenues lost by the plaintiff," (3) "the value of the copyright," (4) "the deterrent effect on others besides the defendant," (5) "whether the defendant's conduct was innocent or willful," (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced," and (7) "the potential for discouraging the defendant." *Id*. (internal citations and quotation marks omitted); *see also Bait Prods. Pty Ltd. v. Murray*, No. 8:13-cv-0169, 2013 WL 4506408, at *5 (M.D. Fla. Aug. 23, 2013) (following *Fitzgerald* factors). Warner's supposed errors in its takedown notices have nothing to do with any of the above factors. Were Hotfile to seek to introduce evidence of erroneous takedown notices by Warner at trial of the statutory damage issue in the Plaintiffs' main case, the Court would surely – before even reaching the Rule 403 inquiry discussed in Part I.B, *supra* – exclude such evidence as irrelevant under Fed. R. Evid. 402.

  Indeed, even from the perspective of judicial efficiency, there is no reason to combine the trial on the damages portion of the Plaintiffs' main claim with the liability and damages trial on

7

Hotfile's Counterclaim.² While the jury may need some of the same background information for both claims—*e.g.*, who the parties are, what Hotfile is, and how it operates—that should require little time. Indeed, it is to be hoped that the parties will minimize the time spent on such uncontroversial background evidence by entering into pretrial stipulations regarding many of these "scene setting" facts.

## II. THE STATUTORY DAMAGES PHASE OF THE PLAINTIFFS' MAIN CLAIM SHOULD BE TRIED FIRST.

In addition to separating the damages claim and Counterclaim for trial, this Court should permit Plaintiffs' damages claim to proceed first, on the parties' scheduled trial date, and schedule trial on the Counterclaim at some point thereafter. Trying the cases in that order is logical, because Plaintiffs' main case is brought by all Plaintiffs against all Defendants, whereas the Counterclaim is asserted only by one defendant against one plaintiff.

Setting the damages claim for trial first will also serve the interest of judicial economy: even accepting Hotfile's implausible calculation of damages for its Counterclaim at face value, Hotfile's damages are at most ████████, and the Court's summary judgment decision has now held that many of the supposedly wrongful takedowns on which that figure is based are no longer in issue.³ Warner expects to prove that Hotfile suffered no injury, or virtually no injury, at all. If the Counterclaim were held over for a separate trial after the copyright statutory damages trial, it is questionable whether Hotfile, given the cost, would even want to proceed to trial on the Counterclaim at all.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order bifurcating Hotfile's Counterclaim from Plaintiffs' statutory damage calculation, and permitting Plaintiffs' damages claim to proceed to trial on the scheduled trial date.

---

² Even if there might be marginal gains to efficiency by having both claims heard by the same jury, the Court could realize that efficiency by having the same jury hear both cases seriatim.
³ For instance, many of the supposedly erroneous takedowns have been shown to be duplicative, actually owned by Warner, or works distributed by Warner and owned by third party Electronic Arts, which has authorized and approved Warner's request that unauthorized copies of the works be removed from Hotfile. Order, Docket No. 534, at 31-32.

8

Dated: September 25, 2013  Respectfully submitted,

By: /s/_____
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, Fl 33131
Telephone: (305) 461-6880
Facsimile: (305) 461-6887

MOTION PICTURE ASSOCIATION  JENNER & BLOCK LLP
OF AMERICA, INC.  David A. Handzo (*Pro Hac Vice*)
 Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)  Luke C. Platzer (*Pro Hac Vice*)
15301 Ventura Blvd.  1099 New York Ave., N.W.
Building E  Suite 900
Sherman Oaks, CA 91403  Washington, DC 20001
Phone: (818) 995-6600  Telephone: (202) 639-6000
Fax: (818) 285-4403  Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

9

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

  I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs has conferred with counsel for Defendant Hotfile Corp. and Anton Titov in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED:  September 25, 2013        By: _____
                     Karen L. Stetson

                     GRAY-ROBINSON, P.A.
                     1221 Brickell Avenue, 16th Floor
                     Miami, FL 33131
                     Telephone: (305) 416-6880
                     Facsimile:  (305) 416-6887

| | |
|---|---|
| MOTION PICTURE ASSOCIATION OF AMERICA, INC. | JENNER & BLOCK LLP |
| Karen R. Thorland (*Pro Hac Vice*) | Steven B. Fabrizio (*Pro Hac Vice*) |
| 15301 Ventura Blvd. | David A. Handzo (*Pro Hac Vice*) |
| Building E | Luke C. Platzer (*Pro Hac Vice*) |
| Sherman Oaks, CA 91403 | 1099 New York Ave., N.W. |
| Phone:  (818) 995-6600 | Suite 900 |
| Fax:  (818) 285-4403 | Washington, DC 20001 |
| | Telephone: (202) 639-6000 |
| | Facsimile:  (202) 639-6066 |
| | |
| | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2013, I served the following document on all counsel of record on the attached service list via their email address(es) pursuant to the parties' service agreement:

**PLAINTIFFS' MOTION TO BIFURCATE COUNTERCLAIM AND MEMORANDUM IN SUPPORT**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP<br>Anthony P. Schoenberg<br>tschoenberg@fbm.com<br>Roderick M. Thompson<br>rthompson@fbm.com<br>N. Andrew Leibnitz<br>aleibnitz@fbm.com<br>Deepak Gupta<br>dgupta@fbm.com<br>Janel Thamkul<br>jthamkul@fbm.com<br>235 Montgomery Street<br>San Francisco, CA  94104<br>Phone:  415-954-4400<br><br>*Attorneys for Defendants Hotfile Corp. and Anton Titov* | RASCO KLOCK<br>Janet T. Munn<br>jmunn@rascoklock.com<br>283 Catalonia Ave., Suite 200<br>Coral Gables, FL  33134<br>Phone:  305-476-7101<br>Fax:  305-476-7102<br><br>*Attorney for Defendants Hotfile Corp. and Anton Titov* |

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Phone:  617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*