UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF


DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY, EVIDENCE OR
ARGUMENT CONCERNING IRRELEVANT FINANCIAL INFORMATION
REGARDING LEMURIA COMMUNICATIONS INC.
<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

Although evidence regarding (a) the finances of non-party Lemuria Communications,

Inc. ("Lemuria") and (b) a loan from Lemuria to non-party FinArt Ltd. are completely irrelevant

to the issues to be tried in this case, Plaintiffs nevertheless seek to introduce evidence concerning

such finances and loans, and to characterize Lemuria as the personal "piggy bank" of one of

1

Hotfile Corp.'s ("Hotfile") founders, all in an attempt to improperly prejudice the jury.  Because such evidence is irrelevant to the issues to be tried, is being used as an attempt to mislead or confuse the jury, and is more prejudicial than probative, such evidence must be barred.  In support of this Motion, Defendants Hotfile and Anton Titov ("Mr. Titov") state as follows.

        I.        The Purported Evidence

In or about July of 2010, Lemuria, under the direction of its manager, Mr. Titov, supplied to FinArt Ltd. ("FinArt") a loan of approximately $500,000.  *See* Titov Depo., Vol. I, 135:10-136:8.  FinArt was a financial services company operated by a friend of Mr. Rumen Stoyanov, a Hotfile founder.  *Id.* at 133:18-134:23.  FinArt repaid the entire loan amount by paying Hotfile, and Hotfile Ltd. (which handles most of Hotfile's finances) repaid Lemuria.  *Id.* at 136:5-137:13.  Plaintiffs have not elicited any testimony or evidence that the loan was in any way improper.  Indeed, Plaintiffs did not even deem the topic important enough to question Mr. Stoyanov about it during Mr. Stoyanov's deposition, three days after they first questioned Mr. Titov about the transaction.  *See* Stoyanov Depo, 79:25-85:14 (questioning Mr. Stoyanov on the same document which elicited questions to Mr. Titov about the loan, but not mentioning the loan).  Nor have the Plaintiffs adduced any evidence which would suggest that Lemuria's finances are relevant to the present action.  Nevertheless, Plaintiffs maintain that they intend to introduce evidence that Hotfile and/or Lemuria failed to observe corporate formalities.  *See* Titov Depo., 617:20-626:22 (discussions regarding Lemuria's finances).  Apparently, the Plaintiffs hope to do so despite the lack of expert testimony concerning Panamanian corporate or accounting laws (where Hotfile is incorporated), U.S. corporate or accounting laws, or the interplay between the two.

2

II.     Lemuria's Finances and the Loan Are Irrelevant to the Issues to be Tried, and
        Should be Excluded.

The Parties have agreed that the only two issues which remain to be litigated at trial are

(1) the appropriate measure of damages (if any) as related to those files which the Plaintiffs

claim the Defendants vicariously infringed, and (2) whether Warner violated 17 U.S.C. § 512(f),

and, if so, the appropriate measure of damages.  *See* Joint Pretrial Stipulation, Exhibit F (DE 568,

Public Redacted Version).  Lemuria's finances in general, and the loan from Lemuria, a non-

party, to FinArt Ltd., another non-party, in particular, are completely irrelevant to the issues at

hand, even if the money was repaid through Hotfile.

First, there is no evidence that the loan was in any way related to Hotfile's operations.

Second, even if the loan was related to Hotfile's operations (which, they were not), it has

absolutely no bearing on the question of damages to Plaintiffs (and, it goes without saying,

Warner's fraudulent take-down notices).  Third, it is undisputed that the loan was finally repaid

to Lemuria.

Federal Rule of Evidence 401 provides, in relevant part, that evidence is only "relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the

evidence; and (b) the fact is of consequence in determining the action."  Because evidence,

testimony, argument or exhibits concerning Lemuria's finances and/or its loan to FinArt have no

relevance in determining the action, such evidence, testimony, argument and exhibits should be

excluded.

III.     Evidence Concerning the Loan, and any Characterization of Lemuria as a "Piggy Bank" Should Be Excluded Pursuant to FRE 403.

Even if the evidence concerning Lemuria's finances or the loan were remotely relevant, such evidence should still be excluded as the Plaintiffs have indicated that they would present it in a manner that would prejudice the jury, and it would be more prejudicial than probative.

During Mr. Titov's deposition, Plaintiffs' counsel argued that Lemuria was Mr. Stoyanov's "piggy bank," showing Plaintiffs' prejudicial intent with regard to the evidence, regardless of its relevance.  When examining Mr. Titov about Lemuria's bank accounts, Plaintiffs' counsel Mr. Fabrizio explained in an "outrage" (his own words) that he was asking about the loan only because he believed Lemuria to be a "piggy bank," despite its lack of relevance to Hotfile or the issues to be decided by the jury:

MR. THOMPSON:     Can you explain why what Lemuria does at the time relating to Hotfile is relevant –

MR. FABRIZIO:     Not in front of the witness, I'll explain it during a break.

MR. THOMPSON:     I'll instruct until you give me some theory of relevance.

MR. FABRIZIO:     That's fine. Lemuria clearly is a piggy bank of Mr. Stoyanovich -- what's his name -- Stoyanov.  It has no separate corporate existence, it loans money to friends of Mr. Stoyanov without any documentation, money that gets paid back to Hotfile Corporation, which maybe gets paid to Hotfile Ltd, and maybe gets paid back to Lemuria, and you're asking me why I have a right -- whether I have a right to ask about the outflow of funds from Lemuria?

MR. THOMPSON:     Are you finished, counsel?

MR. FABRIZIO:     Yes, I –

MR. THOMPSON:     The video of course will pick up the tone of your sarcasm in your voice –

MR. FABRIZIO:     It wasn't sarcasm, it was – it was –

MR. THOMPSON:     Excuse me, sir, excuse me, you don't interrupt me –

MR. FABRIZIO:        -- it was outrage.

Titov Depo., 624:11-625:8.

Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if

its probative value is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence."  In the present case, there is no probative value to

the evidence relating to Lemuria's finances or the loan.  However, there is a danger that such

evidence would unfairly prejudice the jury, confuse the issues at trial and mislead the jury and

such danger, especially referring to Lemuria as Mr. Stoyanov's "piggy bank," substantially

outweighs any probative value evidence of the loan may have to the trial.

As such, the Court should order that any evidence, testimony, argument or evidence

concerning Lemuria's finances generally, or its loan to FinArt, specifically, be excluded and the

Court should preclude Plaintiffs from characterizing Lemuria as the personal bank or "piggy

bank" (or any other similar terms or phrases) of Mr. Stoyanov.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that prior to filing this Motion, counsel for Defendants, Matthew Shayefar, Esq., conferred with counsel for Plaintiffs, Steven B. Fabrizio, Esq., in a good faith effort to resolve this motion by agreement, but was unable to do so.

/s/ Matthew Shayefar
Matthew Shayefar

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ BRADY J. COBB
BRADY J. COBB, ESQUIRE
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served electronically via email all counsel or parties of record on the attached service list this 28th day of October, 2013.

/s/ Matthew Shayefar
Matthew Shayefar

6

## SERVICE LIST:
CASE NO: 11-20427-CIV-WILLIAMS

*Counsel for Plaintiffs:*

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
sfabrizio@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo (*Pro Hac Vice*)
dhandzo@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

GRAY-ROBINSON, P.A.
Karen L. Stetson
karen.stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Phone: 818.935.5812

*Counsel for Defendants:*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201

7