UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS-TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM
CORPORATION, UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES,
INC., and WARNER BROS.
ENTERTAINMENT INC.,

    *Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10,

    *Defendants*.

_____/

HOTFILE CORP.,

    *Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

    *Counter-Defendant*.

_____/

### HOTFILE CORPORATION AND ANTON TITOVS' DAUBERT MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF JENNIFER V. YEH

Defendants/Counterclaimants HOTFILE CORPORATION and ANTON TITOV (hereinafter collectively referred to as "Hotfile"), by and through their undersigned counsel and respectfully move to exclude the testimony, opinions and attendant exhibits from Jennifer Yeh, Esquire that Plaintiffs will seek to introduce at trial pursuant to Federal Rule of Civil Procedure

26501\2981472.5

702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and in support thereof states as follows:

## INTRODUCTION

### A.  Background

At trial, Plaintiffs have indicated that they intend to elicit testimony from Jennifer Yeh, Esquire — an associate at Jenner & Block — to offer opinions as to disputed factual issues and to attempt to authenticate certain exhibits.  As the court may recall, at the summary judgment stage Plaintiffs' proffered an affidavit from Jennifer Yeh, Esq. in support of their motion, and Hotfile filed a Motion to Strike the same. The Court ultimately ruled that Hotfile's Motion to Strike the Yeh affidavit was mooted by the Court's grant of summary judgment to Plaintiffs, thereby passing upon the legitimacy of the proposed testimony of Yeh. Thus, the validity and more importantly admissibility of Yeh's proposed testimony is now ripe for adjudication by the Court.

### B.  Anticipated Testimony of Jennifer Yeh

Yeh's proposed testimony contains a broad array of evidentiary deficiencies, from unauthenticated screenshots and internet blog posts to charts seeking to provide improper expert assessment of the likelihood that copyright infringement has occurred.[1]  It must also be noted at the outset that Yeh was not disclosed as a lay witness in Plaintiffs' initial disclosures, disclosed as expert witness in Plaintiffs' expert disclosures, qualified as an expert, or deposed in any capacity.  Nonetheless, Plaintiffs have reserved the right to call Yeh to authenticate (at a minimum) certain  charts which allegedly summarize the various analyses undertaken by

---

[1] Although the Plaintiffs have reserved the right to call Yeh primarily in relation to certain charts and the authentication of those charts (which, in and of itself calls for factual and expert testimony concerning the creation of such charts and the import of the same), Plaintiffs presumably have also reserved the right to have Yeh authenticate the other exhibits which she attempted to authenticate at summary judgment.

2

unidentified people working under her supervision, all of which result in an unsupported conclusion that infringement has occurred. Further, Yeh will likely testify and offer expert conclusions regarding whether Hotfile materials infringed on Plaintiff's copyrights, yet Yeh and Plaintiffs' have completely failed to provide any foundation to support her conclusions regarding the content examined. In any event, Ms. Yeh is not merely *identifying* works supposedly recognizable to laypersons, but rather she *opines about their infringement status*.  The proposed testimony of Yeh involves legal analyses of authorization status and fair use – hardly the bailiwick of a fact witness abstaining from legal conclusions.

## ARGUMENT

### A.  Standard of Review

The admissibility of expert opinion testimony is governed by FED. R. EVID., Rule 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Id,*

To aid courts in assessing the reliability or trustworthiness of an expert's scientific opinions, the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 590 n. 9, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), articulated four non-exclusive tests or factors that courts may use when evaluating expert testimony based on scientific knowledge: "(1) testability, (2) error rate, (3) peer review and publication, and (4) general acceptance." *J & V Development, Inc. v. Athens-Clarke County*, 387 F.Supp.2d 1214, 1223-

CASE NO. 11-20427-WILLIAMS-TURNOF

24 (M.D.Ga., 2005). "It is insufficient for the expert to merely vouch for the reliability of his own methodology. *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

In assessing an expert's sources, methodology, and conclusions, *Daubert* requires the trial court to act as a "gatekeeper" to insure that speculative and unreliable opinions do not reach the jury. *Daubert,* 509 U.S. at 589 n. 7, 597. As the gatekeeper, the court must do "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. The Court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999).

### B. The Testimony of Jennifer Yeh, Esquire Must be Excluded as Impermissible Expert Testimony

Under Federal Rule of Evidence 702 and the seminal *Daubert v. Merrell Dow Pharmaceuticals, Inc.* case, the proposed testimony of Jennifer Yeh, Esquire must be excluded from trial as it falls woefully short of comporting with the strict standards for the admission of expert testimony. First, the record is wholly devoid of any copyright experience or expertise that Yeh possesses to buttress her proposed expert opinions (including the demonstrative documents and charts Plaintiffs compiled/created). More importantly, the record is clear that Plaintiffs **never** disclosed Yeh as a lay witness or as an expert witness in discovery. As to the latter, the failure to disclose Yeh as an expert witness in discovery is fatal to any effort by Plaintiff to call her as an expert witness at trial. *See Corwin v. Walt Disney World, Co.*, 475 F.3d 1239, 1252 (11th Cir.

2007). To the former, absent evidence of Yeh's experience and how her experience supports the proffered conclusions, this court's gatekeeping function mandates that her testimony be excluded. *U.S. v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).

Next, the record is similarly devoid of any evidence that establishes that the methodology utilized by Yeh was reliable. Assuming *arguendo* that Yeh did have the necessary qualifications to tender an opinion in the instant case, the Eleventh Circuit has observed that its "caselaw plainly establishes that one may be considered an expert but still offer unreliable testimony." *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1342 (11th Cir. 2003). In the case at bar, Plaintiffs' have only proffered unreliable and unauthenticated web postings and other impermissible materials/data to allegedly support Yeh's improper opinions, and have altogether failed to identify any methodology that Yeh utilized to reach her conclusions, the facts or data she analyzed to reach her conclusion, or how her proposed testimony was grounded in reliable principles or methods. To that end, Plaintiffs have failed to identify which "[p]ersons under [Yeh's] supervision" (presumably not attorneys, or plaintiffs would have said so) conducted the analysis at issue, and have not provided any details as to the process by which they reached their self-serving conclusion that certain files are "highly likely infringing." It is also glaringly apparent that Yeh did not conduct the purposed analysis herself, and thus lacks the requisite personal knowledge to even offer testimony on this issue. *See* Fed. R. Evid. 602.

Instead, Plaintiffs' seek to circumvent the provisions of Rule 702 and have Yeh opine as to whether Hotfile's files infringe on Plaintiffs' materials without identifying how this opinion was reached, or what factors were employed to arrive at such a conclusion. Plainly, the Plaintiffs' scurrilous attempt to submit "expert testimony" in this manner without identifying or establishing the soundness of the expert's methodology patently contravenes the requirements of

5

CASE NO. 11-20427-WILLIAMS-TURNOF

rule 702 and *Daubert*, and must therefore be excluded. *J & V Development, Inc. v. Athens-Clarke County*, 387 F.Supp.2d 1214, 1227 (M.D. Ga., 2005) (noting, in context of a *Daubert* analysis that, "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered"). Lastly, even if Ms. Yeh and her subordinates were qualified and disclosed as experts, their opinion as to whether files are "highly likely infringing" is an inadmissible legal conclusion that invades the province of the judge and/or is legal argument masquerading as evidence. *Casella v. Morris*, 820 F.2d 362, 364 (11th Cir. 1987) (infringement is "legal conclusion").

## **CONCLUSION**

The expert testimony and documentary/demonstrative exhibits proffered Jennifer Yeh, Esquire wholly fail to establish a sound and reliable basis for the conclusion that infringement has allegedly occurred. Yeh has no qualifications or expertise which would shed light on the issue of whether infringement occurred in a manner that would assist the trier of fact, yet she opines extensively that copyright infringement has occurred. Instead, Yeh engages in pure legal speculation that is not grounded in any method, process or factual data. Her methods cannot be duplicated or assessed, nor are they disclosed in any form. Simply stated, Yeh is unequivocally not qualified to offer any testimony in the case at bar, much less expert testimony, and her purported opinions (and the exhibits supporting and describing the same) must be excluded under Federal Rule of Evidence 702.

**WHEREFORE** Defendant/Counterclaimant respectfully requests that this Court enter an Order Excluding the Opinion, Testimony and Supporting Exhibits of Jennifer Yeh, Esquire and granting such further relief as it deems just and proper.

CASE NO. 11-20427-WILLIAMS-TURNOF

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that prior to filing this Motion, counsel for Defendants, Evan Fray-Witzer, Esq., conferred with counsel for Plaintiffs, Luke C. Platzer, Esq., in a good faith effort to resolve this motion by agreement, but was unable to do so.

/s/ Evan Fray-Witzer
Evan Fray-Witzer

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ BRADY J. COBB
BRADY J. COBB, ESQUIRE
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 28th day of October, 2013.

/s/ Brady J. Cobb
Brady J. Cobb

26501\2981472.5

CASE NO. 11-20427-WILLIAMS-TURNOF

## SERVICE LIST:
CASE NO: 11-20427-CIV-WILLIAMS

*Counsel for Plaintiffs:*

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
sfabrizio@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo (*Pro Hac Vice*)
dhandzo@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

GRAY-ROBINSON, P.A.
Karen L. Stetson
karen.stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403-5885
Phone: 818.935.5812

*Counsel for Defendants:*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201

8

26501\2981472.5