UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' MOTION IN LIMINE AND MEMORANDUM OF LAW
<u>TO SET ORDER OF PROOF</u>**

75017.9

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...............................................................................................................................1

LEGAL STANDARD..........................................................................................................................1

I.    THE PROPOSED ORDER OF PROOF WOULD HELP TO MITIGATE THE RISK OF PREJUDICE ARISING FROM HOTFILE'S INFLAMMATORY COUNTERCLAIM ACCUSATIONS...........................................................................2

II.   COURTS ROUTINELY STRUCTURE ORDER OF PROOF TO AVOID OR MITIGATE UNDUE PREJUDICE ...................................................................................3

III.  THE PROPOSED ORDER OF PROOF WOULD NOT NEEDLESSLY COMPLICATE THE TRIAL ........................................................................................4

CONCLUSION....................................................................................................................................5

**TABLE OF AUTHORITIES**

**CASES**

*Berndt v. Levy*, No. 08-1067, 2010 WL 3913240 (D. Kan. Sept. 30, 2010) .............................. 3-4

*Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172 (11th Cir. 2002) .................................................. 1

*EEOC v. Burlington Medical Supplies, Inc.*, 536 F.Supp.2d 647 (E.D. Va. 2008) ........................ 4

*Geders v. United States,* 425 U.S. 80 (1976) ................................................................................. 1

*International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977) ........................... 3

*Morales Feliciano v. Rullan*, 378 F.3d 42 (1st Cir. 2004) .............................................................. 1

*Santos v. Posadas de Puerto Rico Associates, Inc.*, 452 F.3d 59 (1st Cir. 2006) ........................... 1

*Tetsuo Akaosugi v. Benihana Inc.*, No. C. 11-01272, 2012 WL 4513989 (N.D. Cal. Oct. 2, 2012) ........................................................................................................................................ 3

*Vaughan v. Tex. Branches,* 112 F.2d 536 (5th Cir.1940) ............................................................... 1

## INTRODUCTION

Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. (collectively "Plaintiffs") hereby move this Court for an order setting the order of proof at trial. Plaintiffs request an order of proof dividing the trial into two phases: in phase one, the jury would hear only argument and evidence relevant to Plaintiffs' damages claim and reach a verdict determining Plaintiffs' damages; in phase two, the jury would determine liability and damages on Hotfile's Counterclaim (with opening statements in phase two beginning after the jury issues its verdict in phase one).

At the October 10, 2013 hearing on Plaintiffs' motion to bifurcate the trial, the Court did not disagree that trying Hotfile's Counterclaim against Warner alongside the Plaintiffs' damages claims against Hotfile and Anton Titov risks creating prejudice to Plaintiffs, but decided that the efficiencies of a single trial counseled in favor of trying the claims together, with the Court taking steps at trial to mitigate any risk of jury confusion or prejudice to Plaintiffs arising from the presentation of both claims to the same jury.[1] Plaintiffs accordingly propose the foregoing order of proof at trial to help balance these concerns, permitting Plaintiffs a fair adjudication of the damages claim while preserving the efficiencies of having the issues decided by the same jury.

## LEGAL STANDARD

The court has broad discretion over the order of proof at trial, so long as the court does not structure it in a way that unfairly prejudices a party. *Geders v. United States,* 425 U.S. 80, 86-87 (1976); *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1181 (11th Cir. 2002); *Vaughan v. Tex. Branches,* 112 F.2d 536, 537 (5th Cir. 1940); *see also Santos v. Posadas de Puerto Rico Assocs., Inc.*, 452 F.3d 59, 62 (1st Cir. 2006) (district court decisions regarding the order of proof are set aside if they cause unfair prejudice); *Morales Feliciano v. Rullan*, 378 F.3d 42, 57 (1st Cir. 2004) (same).

---

[1] As of the filing of this motion *in limine*, Plaintiffs have not yet been able to obtain a transcript of the October 10, 2013 hearing due to the court reporter's commitments to the transcript in another, ongoing trial. Therefore, the bases for the Court's October 11, 2013 Paperless Order denying Plaintiffs' motion to bifurcate, DE 554, as stated here, are predicated upon counsel's best recollection of the Court's statements at the hearing.

1

**I.     THE PROPOSED ORDER OF PROOF WOULD HELP TO MITIGATE THE RISK OF PREJUDICE ARISING FROM HOTFILE'S INFLAMMATORY COUNTERCLAIM ACCUSATIONS.**

Plaintiffs have already articulated in their motion to bifurcate the ways in which trying Hotfile's Counterclaim against Warner alongside Plaintiffs' damages claims against Hotfile and Titov risks substantial prejudice to Plaintiffs: (1) the four Plaintiffs who are not involved in the Counterclaim risk guilt by association – that unrelated accusations made against Warner will unfairly taint or contaminate the jury's consideration of their claims; (2) the non-Warner Plaintiffs may believe that they need to differentiate their own antipiracy practices favorably from Warner's to avoid being treated as tarred with the same brush with which Hotfile intends to paint Warner; and (3) the inflammatory nature of the accusations against Warner presents a serious risk of biasing and improperly swaying jurors' views regarding the appropriate level of damages in the main case, prejudicing both Warner and the other Plaintiffs.  *See* Plaintiffs' Motion to Bifurcate Counterclaim and Memorandum in Support at 3-7, DE 550-1.  Those concerns are heightened here because Hotfile's Counterclaim accuses Warner not merely of negligence, but of outright fraud: "intentionally target[ing] files it knew it had no right to remove," and acting with "illicit motive."  DE 534 at 33, 34, 97.  Hotfile's opposition to Plaintiffs' Motion to Bifurcate Counterclaim never meaningfully disputed that its Counterclaim could have such a prejudicial effect on Plaintiffs' damages claims.  *See* Plaintiffs' Reply to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Bifurcate Counterclaim at 2-5, DE 552 [hereinafter "Pls.' Reply in Support of Mot. to Bifurcate"].

The order of proof proposed by Plaintiffs – with the jury determining Plaintiffs' damages claim *before* it hears argument and evidence regarding Hotfile's counterclaim – substantially mitigates this risk.  Under this structure, the jury would assess Plaintiffs' damages and reach a determination before the opening statement and evidence regarding Hotfile's counterclaim. Separating both the evidence and the opening and closing statements on each claim into separate presentations would help mitigate the risk that the jury would confuse or conflate the issues and legal standards.  It would thus be able to reach an appropriate determination of Plaintiffs'

damages claim before hearing Hotfile's prejudicial and irrelevant accusations about Warner's alleged wrongdoing.[2]

## II. COURTS ROUTINELY STRUCTURE ORDER OF PROOF TO AVOID OR MITIGATE UNDUE PREJUDICE.

Structuring the order of proof such that the jury assesses Plaintiffs' damages on the principal claim in the case before it hears argument and evidence related to Hotfile's Counterclaim would be a wholly ordinary exercise of the Court's discretion to decide the order of proof. Courts routinely structure the order of proof at trial to avoid prejudice to the parties and prevent jury confusion. *Berndt v. Levy*, for example, provides a useful parallel. There, the defendant moved under Federal Rule of Civil Procedure 42(b) to bifurcate the issue of medical malpractice from the issue of legal malpractice for trial. No. 08-1067, 2010 WL 3913240, at *30 (D. Kan. Sept. 30, 2010). The court recognized the potential for prejudice and jury confusion if the issues were tried simultaneously, but denied the motion on the ground that separate trials would waste resources and cause undue delay. *Id.* To address the potential prejudice and confusion, however, the court altered the order of proof to try the issues in two phases: first the jury would consider and render a verdict on the issue of medical malpractice; after that issue was resolved, the jury would consider, if necessary, the issue of legal malpractice. *Id.* This Court should do the same: adopt the proposed order of proof to protect Plaintiffs from prejudice and jury confusion, while retaining the efficiencies of a single trial that animated the Court's decision at the October 10, 2013 conference.

An order of proof that litigates a trial in multiple phases or stages is similarly an ordinary practice employed by courts to protect any number of litigation interests, including avoiding prejudice and simplifying issues for the jury. Thus courts structure orders of proof to allow juries to try liability issues before damages issues, *see, e.g.*, *Int'l Bhd of Teamsters v. United States*, 431 U.S. 324, 358-62 (1977); affirmative defenses before plaintiffs' claims, *see, e.g.*, *Tetsuo Akaosugi v. Benihana Inc.*, No. 11-01272, 2012 WL 4513989, at *1 (N.D. Cal. Oct. 2, 2012); one issue before a second, logically successive issue, *see, e.g.*, *Berndt*, 2010 WL 3913240

---

[2] To be sure, Hotfile has taken the position that some evidence regarding Warner's takedown notice process might be relevant on the principal claim as well. Although Plaintiffs disagree, the purpose for which Hotfile has stated it wishes to introduce it (i.e. to prove the difficulties of identifying infringing content online) do not carry the same risk of prejudice as the much more inflammatory allegations – relevant to the Counterclaim only – that Warner took down noninfringing content on purpose.

3

at *30; and common issues, such as a pattern or practice of discrimination, before issues particular to specific plaintiffs such as individualized harm. *See, e.g. EEOC v. Burlington Medical Supplies, Inc.*, 536 F. Supp.2d 647, 656 (E.D. Va. 2008) (citing *EEOC v. Mitsubishi Motor Mfg. of Am., Inc.,* 990 F. Supp. 1059, 1071 (C.D. Ill.1998)). There is no reason for the Court not to follow the same pattern here and have the jury set damages for the works at issue by the five plaintiffs before opening statements and presentation of evidence on the Counterclaim against only Warner.

### III. THE PROPOSED ORDER OF PROOF WOULD NOT NEEDLESSLY COMPLICATE THE TRIAL.

Hotfile's arguments in opposition to Plaintiffs' motion to bifurcate Hotfile's Counterclaim emphasized almost exclusively the benefits to efficiency of a common trial. Plaintiffs' proposed order of proof accommodates these concerns.

For instance, Hotfile complained in opposing Plaintiffs' bifurcation proposal that the parties would be forced to explain the "same basic facts" relevant to both claims to different juries, Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Bifurcate at 4, DE 551 [hereinafter "Defs' Opp. to Mot. to Bifurcate"], and burden the trial with cumulative presentations due to the "substantial overlap between the facts, evidence, and witnesses" relevant to each claim, *see id.* at 8. Although Plaintiffs continue to believe that Hotfile's claims of this "overlap" are highly exaggerated, *see* Pls. Reply in Support of Mot. to Bifurcate at 7-9, the order of proof proposed in this motion would avoid this concern. A single jury would be tasked with deciding both claims, and could thus carry over knowledge about the "same basic facts" they learned in the first phase of the trial into the second, avoiding the need for cumulative presentations. Similarly, Plaintiffs' proposed order of proof also eliminates Hotfile's stated concern about requiring witnesses, in particular Anton Titov, to travel to Miami on multiple occasions. *See* Defs' Opp. to Mot. to Bifurcate at 3. Although some witnesses might take the stand twice rather than once in order to give testimony about different topics (including Titov, as well as Plaintiffs' expert witnesses Dr. Ian Foster and Scott Zebrak), Plaintiffs have no objection to their experts' modestly longer stay in Miami and Titov will presumably attend the entire trial in any event. Thus, the efficiency concerns that appear to have animated the Court's ruling on Plaintiffs' motion for bifurcation are accommodated by Plaintiffs' proposal.

4

## CONCLUSION

Because the proposed order of proof would protect against undue prejudice without generating any meaningful unnecessary inefficiencies, Plaintiffs' motion to set the order of proof should be granted.

Dated: October 28, 2013

Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, Fl 33131
Telephone: (305) 461-6880
Facsimile: (305) 461-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.

Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
David A. Handzo (*Pro Hac Vice*)
Steven B. Fabrizio (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs has conferred with counsel for Defendant Hotfile Corp. and Anton Titov in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED: October 28, 2013        By: /s/ Karen L. Stetson
                                              Karen L. Stetson

                                              GRAY-ROBINSON, P.A.
                                              1221 Brickell Avenue, 16th Floor
                                              Miami, FL 33131
                                              Telephone: (305) 416-6880
                                              Facsimile: (305) 416-6887

| MOTION PICTURE ASSOCIATION | JENNER & BLOCK LLP |
| --- | --- |
| OF AMERICA, INC. | Steven B. Fabrizio (*Pro Hac Vice*) |
| Karen R. Thorland (*Pro Hac Vice*) | David A. Handzo (*Pro Hac Vice*) |
| 15301 Ventura Blvd. | Luke C. Platzer (*Pro Hac Vice*) |
| Building E | 1099 New York Ave., N.W. |
| Sherman Oaks, CA 91403 | Suite 900 |
| Phone: (818) 995-6600 | Washington, DC 20001 |
| Fax: (818) 285-4403 | Telephone: (202) 639-6000 |
| | Facsimile: (202) 639-6066 |
| | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2013, I served the following document on all counsel of record on the attached service list via the Court's CM/ECF filing system:

**PLAINTIFFS' MOTION IN LIMINE AND MEMORANDUM OF LAW TO SET ORDER OF PROOF**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201
*Attorney for Defendants Hotfile Corp. and Anton Titov*