UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' MOTION IN LIMINE AND MEMORANDUM OF LAW
TO PRECLUDE TESTIMONY FROM
<u>PREVIOUSLY UNDISCLOSED THIRD-PARTY WITNESSES</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................1

ARGUMENT ..............................................................................................................1

I.     DEFENDANTS' FAILURE TO DISCLOSE THE THIRD-PARTY WITNESSES WAS NEITHER SUBSTANTIALLY JUSTIFIED NOR HARMLESS UNDER RULE 37(c)(1) ........................................................................................................1

II.    EXCLUSION OF THE TESTIMONY OF THE THIRD-PARTY WITNESSES IS JUSTIFIED BY THE ELEVENTH CIRCUIT'S DISCRETIONARY FACTORS. ...........4

CONCLUSION............................................................................................................4

## TABLE OF AUTHORITIES

CASES

*Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339 (11th Cir. 2004) ........2, 3, 4

*Boca Raton Cmty. Hosp., Inc. v Tenet Healthcare Corp.*, No. 05-80183-CIV, 2006 WL 5309506 (S.D. Fla. Oct. 18, 2006) .........................................................................3

*Campbell v. Moon Palace, Inc.*, No. 11-60274, 2012 WL 399218 (S.D. Fla. Feb. 7, 2012) ..........3

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006)............................................................2

*Nance v. Ricoh Elecs., Inc.*, No. 06-CV-2396, 2008 WL 926662 (N.D. Ga. Apr. 4, 2008) ...........3

*Roberts v. Scott Fetzer Co.*, No. 07-CV-80, 2010 WL 3546499 (M.D. Ga. Sept. 7, 2010) ....... 2, 4

*Ventra v. United States*, 121 F. Supp. 2d 326 (S.D.N.Y. 2000) ......................................................3

OTHER AUTHORITIES

Fed. R. Civ. P. 26(a)(1)(A)(i) .........................................................................................................1

Fed. R. Civ. P. 26(e)(1)(A) .............................................................................................................1

Fed. R. Civ. P. 37(c)(1)....................................................................................................................1

## INTRODUCTION

Plaintiffs move to exclude the testimony of five third-party witnesses disclosed by Defendants Hotfile and Anton Titov (collectively "Defendants") on their draft of the Joint Pretrial Stipulation ("JPS"): Scott Wittenburg, Aaron M. McParlan, Thomas Rechenmacher, Leigh Mackay and Marc Schwegler.  *See* Exhibit E (Defendants' Witness List) to Joint Pretrial Stipulation; DE 568-5.  Defendants failed to disclose the identities of these third-party witnesses in its Rule 26(a) disclosures, which Defendants served on May 2, 2011, and further failed to supplement their disclosures with the witnesses' identities as required by Federal Rule of Civil Procedure 26(e).  *See* Declaration of Luke C. Platzer in Support of Plaintiffs' Motions in Limine (filed herewith), Ex. 16.  Fact discovery in this case concluded on December 23, 2011, over 22 months ago.  Nevertheless, Defendants did not notify Plaintiffs that it intended to call these witnesses until serving Plaintiffs with their draft witness list approximately two months before trial.

Hotfile's late disclosures have deprived Plaintiffs of any opportunity to depose or take discovery from these witnesses or to learn any relevant facts surrounding the testimony that Defendants intend to present.  Plaintiffs thus are materially prejudiced by Defendants' failure to disclose these witnesses in a timely manner.  Because this prejudice cannot be cured in the time remaining before trial, the testimony of the five third-party witnesses listed should be excluded.

## ARGUMENT

### I.   DEFENDANTS' FAILURE TO DISCLOSE THE THIRD-PARTY WITNESSES WAS NEITHER SUBSTANTIALLY JUSTIFIED NOR HARMLESS UNDER RULE 37(c)(1).

Rule 26(a) of the Federal Rules of Civil Procedure requires every party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ."  Fed. R. Civ. P. 26(a)(1)(A)(i).  A party must also timely supplement its disclosures if additional information becomes available.  Fed. R. Civ. P. 26(e)(1)(A).  When a party fails to identify a witness in compliance with Rule 26(a) or Rule 26(e), the party "is not allowed to use [that witness] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1) (emphasis supplied).  As the parties that failed to timely disclose the identities of the third-party witnesses and their intention to call them at trial, Defendants bear the burden of showing that

their failure was "substantially justified or harmless." *Roberts v. Scott Fetzer Co.*, No. 07-CV-80, 2010 WL 3546499, at *5 (M.D. Ga. Sept. 7, 2010) (quoting *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009)).  The party seeking exclusion does not need to show that the failure to disclose the witnesses was made in bad faith.  *See, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

One of Defendants' newly-disclosed witnesses, Thomas Rechenmacher, was not mentioned to Plaintiffs until summary judgment, where he were listed in an exhibit to the declaration of Hotfile's lead counsel.  *See* Declaration of Roderick Thompson in Support of Defendants' Opposition to Plaintiff Warner Bros. Motion for Summary Judgment ("Thompson Declaration"), DE 354-1.  Exhibit 13 to the Thompson Declaration is an email from Rechenmacher to Hotfile in which Rechenmacher, who identifies himself as "head of the JDownloader Team," requests that Hotfile grant JDownloader "special referral conditions."  *See* DE 354-14.  Another witness, Leigh Mackay, was not disclosed to Plaintiffs until Hotfile used an affidavit from him as an exhibit during the rebuttal deposition of Scott Zebrak on January 20, 2012, after the close of fact discovery.  Exhibit 33 to the Thompson Declaration is an affidavit of Mackay in which he states that he has become aware that her tutorial videos have been posted on Hotfile, and that he has no objection to those files being uploaded to or downloaded from Hotfile.  *See* DE 354-34.  Although mentioned in Hotfile's summary judgment papers (which were filed two months after the close of discovery) and Zebrak's deposition (a month after the close of fact discovery), Defendants nowhere indicated an intent to call either of these individuals as witnesses at trial.  *See Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353-54 (11th Cir. 2004) (plaintiffs brief mention of a previously undisclosed witness did not cure prejudice against defendant; plaintiffs downplayed importance of witness's testimony and therefore give defendant adequate opportunity to depose the witness).  As for the three other witnesses, Wittenburg, McParlan, and Schwegler, Plaintiffs had never heard of these individuals at all before receiving Defendants' trial witness list.  Based on their purported job titles, Plaintiffs speculate that Hotfile might wish to call these witnesses to testify that they own certain copyrighted works and did not object to the free distribution of those works by Hotfile, whether as part of Hotfile's Counterclaim or in support of Defendants' attempts to spin Hotfile as a service with legitimate uses beyond copyright infringement.

Defendants have provided no justification for their failure to provide notice of these witnesses during discovery by supplementing their initial disclosures. Defendants clearly anticipated at some point prior to February 27, 2012—the date of the Thompson declaration— that they might want to call certain copyright holders of works distributed for free through Hotfile in support of their claims and defenses. Yet Defendants made no effort to supplement their disclosures or otherwise indicate their intent to call these witnesses until a few weeks ago, on October 2, 2013, when they served Plaintiffs with their trial witness list. *See Nance v. Ricoh Elecs., Inc.*, No. 06-CV-2396, 2008 WL 926662, at *3 (N.D. Ga. Apr. 4, 2008) (excluding testimony of seven witnesses whose identities were not timely disclosed, where plaintiff failed to offer any justification to comply with Rule 26(a)).

Moreover, Defendants' failure to notify Plaintiffs of these witnesses earlier (such as by means of a supplement to their Rule 26(a) disclosures) is not harmless. For Hotfile to call these witnesses at trial, Plaintiffs would need to be given an opportunity to take discovery from and depose these witnesses before trial, which is scheduled to begin in six weeks. *See Boca Raton Cmty. Hosp., Inc. v Tenet Healthcare Corp.*, No. 05-80183-CIV, 2006 WL 5309506, at *2 (S.D. Fla. Oct. 18, 2006) ("It would be inconsistent with the purpose and intent of the Rules to allow Boca to avoid its obligations to fully disclose Dr. DaVanzo's opinions without the opportunity for Tenet to challenge her opinions under oath in a deposition." (citing *Mineba Co. Ltd. v. Papst*, 231 F.R.D. 5, 6 (D.D.C. 2005)); *see also Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000) (because failure to disclose witness prevented government from deposing witness as it had deposed defendant's other witnesses, failure to disclose witness earlier was not harmless). For example, to counter Defendants' presumptive uses of these witnesses, Plaintiffs might need to question and take written discovery about the circumstances regarding the uploading of their works on Hotfile and the witness's intent (or lack thereof) to monetize those works. The late hour of the disclosure would require Plaintiffs to divert finite resources from trial preparation. Because of Hotfile's last-minute disclosure, Plaintiffs will otherwise be required to face the testimony of these witnesses without preparation. *See Bearint*, 389 F.3d at 1353-54 (affirming district court's decision to exclude testimony of witness who was not disclosed before trial); *Campbell v. Moon Palace, Inc.*, No. 11-60274, 2012 WL 399218, at *4 (S.D. Fla. Feb. 7, 2012) (granting a motion to exclude from trial the testimony of a witness who

was not timely disclosed); *Roberts*, 2010 WL 3546499, at \*7-10 (excluding testimony of disclosed witnesses for purposes of considering plaintiff's class certification motion).

## II.    EXCLUSION OF THE TESTIMONY OF THE THIRD-PARTY WITNESSES IS JUSTIFIED BY THE ELEVENTH CIRCUIT'S DISCRETIONARY FACTORS.

The decision to exclude the testimony of undisclosed witnesses under Rule 37(c)(1) is subject to the Court's discretion, and the Eleventh Circuit has set out a three-factor test for determining when exercise of that discretion is appropriate. *Bearint*, 389 F.3d at 1353. The Court is to consider: "(1) the importance of the testimony; (2) the reason for the [non-disclosing party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Id.* (quoting *Rogers v. Muscogee Cnty. Sch. Dist.*, 165 F.3d 812, 818 (11th Cir. 1999)).  The second and third factors (justification and prejudice) are discussed in Part I *supra*, and the first factor articulated by the Eleventh Circuit favors excluding the testimony of the five witnesses as well.  The testimony of these witnesses, as best as the Plaintiffs can determine, appears to be of minimal importance to Hotfile's case.  To the extent that Hotfile intends the witnesses to provide examples of legitimate uses of its file-sharing functionalities, the point that it is possible for works to be distributed for free online with the consent of the copyright owner (and that it is possible for Hotfile to be used for this purpose) is not seriously in dispute and is cumulative and redundant of expert testimony Hotfile intends to present through its expert witness James Boyle.  To the extent that Hotfile wishes to make the point that files representing these witnesses' copyrighted works were removed by Warner in error, that argument is not in any real dispute either, as Warner does not dispute that its takedown of the 576 Counterclaim files that remain in suit was unintended.  The likely testimony of these witnesses thus has little, if any, probative value to Defendants' case, and the prejudice to Defendants of not being able to call these witnesses is not so great as to merit an exception from the Federal Rules' disclosure requirements.

## <u>CONCLUSION</u>

For the reasons stated herein, Hotfile should be precluded from calling the five previously-undisclosed witnesses, Scott Wittenburg, Aaron M. McParlan, Thomas Rechenmacher, Leigh Mackay, and Marc Schwegler, at trial.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs have conferred with counsel for Defendants in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED:  October 28, 2013           Respectfully submitted,


By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

MOTION PICTURE ASSOCIATION            JENNER & BLOCK LLP
 OF AMERICA, INC.                     Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)     David A. Handzo (*Pro Hac Vice*)
15301 Ventura Blvd.                   Luke C. Platzer (*Pro Hac Vice*)
Building E                            1099 New York Ave., N.W.
Sherman Oaks, CA 91403                Suite 900
Phone:  (818) 995-6600                Washington, DC 20001
Fax:  (818) 285-4403                  Telephone: (202) 639-6000
                                      Facsimile:  (202) 639-6066

                                      *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this 28th day of October, 2013, I caused to be served the following document on all counsel of record on the attached service list by means of the Court's CM/ECF system:

**Plaintiffs' Motion in Limine and Memorandum of Law to Preclude Testimony from Previously Undisclosed Third-Party Witnesses**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: <u>/s/ Karen L. Stetson</u>
Karen L. Stetson

<u>**SERVICE LIST**</u>

**Disney Enterprises, Inc., et al. v. Hotfile orp. et al.
CASE NO. 11-C1V-20427-WILLIAMS-TURNOFF**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and
Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and
Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201

*Attorney for Defendants Hotfile Corp. and
Anton Titov*