UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**WARNER'S MOTION IN LIMINE AND MEMORAMDUM OF LAW
TO PRECLUDE DEFENDANTS FROM OFFERING THE OPINIONS OF
<u>DR. MATTHEW R. LYNDE AT TRIAL</u>**

75059.1

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................1

LEGAL STANDARD.........................................................................................................1

ARGUMENT .....................................................................................................................2

I.      DR. LYNDE'S CALCULATION OF DAMAGES EXCEEDS THE BOUNDS
        OF SECTION 512(f) AND IS BASED ON THE WRONG LEGAL STANDARD...........2

        A.      Hotfile is Required to Prove Damages from the Removal of the Specific
                Files Under § 512(f) and Fed. R. Civ. P. Rule 9(b) ...............................................3

        B.      Dr. Lynde's Damages Calculation Will Not be Helpful to the Jury .......................4

II.     DR. LYNDE'S DAMAGE CALCULATIONS ARE UNRELIABLE BECAUSE
        THEY SIMPLY ASSUME RATHER THAN SHOW INJURY.........................................5

III.    HOTFILE CANNOT NOW RELY ON DR. LYNDE'S "BACKUP" THEORIES
        PRESENTED ON SUMMARY JUDGMENT ..................................................................7

        A.      Dr. Lynde's "Backup" Theories Were Untimely Disclosed and Should be
                Excluded .................................................................................................................8

        B.      Dr. Lynde's Backup Theories Are Unreliable, Unsupported and Unhelpful
                and Should Be Excluded Under *Daubert*.................................................................9

CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

*Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306 (M.D.N.C. 2002) ................................................9

*Allison v. McGhan Medical Corp.*, 184 F.3d 1300 (11th Cir. 1999) ..........................................5, 9

*Allstate Insurance Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398 (5th Cir. 2007) ..........4, 6

*Alphamed Pharmaceuticals Corp. v. Arriva Pharmaceuticals, Inc.*, No. 03-20078-CIV,
2005 WL 5960935 (S.D. Fla. Aug. 24, 2005).................................................................9

*Boca Raton Community Hospital, Inc. v. Tenet Healthcare Corp.*, No. 05-80183-CIV,
2006 WL 5309506 (S.D. Fla. Oct. 18, 2006).................................................................8

*Cook v. Rockwell International Corp.*, 580 F. Supp. 2d 1071 (D. Colo. 2006)..............................9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)........................................2, 4

*In re Denture Cream Products Liability Litigation*, No. 09-2051-MD, 2012 WL 3639045
(S.D. Fla. Aug. 23, 2012).........................................................................................9

*Durham v. Business Management Associates*, 847 F.2d 1505 (11th Cir. 1988).............................3

*In re Eagle Building Technologies, Inc., Securities Litigation*, 221 F.R.D. 582 (S.D. Fla.
2004) ....................................................................................................................4

*General Electric Co. v. Joiner*, 522 U.S. 136 (1997) ....................................................................7

*Loeffel Steel Products, Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794 (N.D. Ill. 2005) ...........4, 6

*Martinez v. Rabbit Tanaka Corp.*, Case No. 04-61504-CIV, 2006 WL 5100536 (S.D. Fla.
Jan. 6, 2006)........................................................................................................7

*Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3 (D.D.C. 2005)..............................................................8

*Nelson v. Freightliner LLC*, No. 5:01-CV-266-OC-10GRJ, 2003 WL 25781423 (M.D.
Fla. Apr. 23, 2003)................................................................................................9

*Noskowiak v. Bobst SA*, No. 04-C-0642, 2005 WL 2146073, (E.D. Wis. Sept. 2, 2005)............3, 5

*OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344 (11th Cir.2008) ....................8

*United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301 (11th
Cir. 2002) ............................................................................................................3

*United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004) .........................................................2, 5

*United State v. Masferrer*, 367 F. Supp. 2d 1365 (S.D. Fla. 2005) ............................................2, 5

*United States v. Orr*, 692 F.3d 1079 (10th Cir. 2012) ....................................................................6

*U.S. Gypsum Co. v. Lafarge N. Am. Inc.*, 670 F. Supp. 2d 737, 744-45 (N.D. Ill. 2009)................4

**STATUTES**

17 U.S.C. § 512(f)..........................................................................................................................2, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(a)(2)(D) ..............................................................................................................8

Fed. R. Evid. 702 ..............................................................................................................................2

## INTRODUCTION

Plaintiff Warner Bros. Entertainment Inc. ("Warner") hereby moves this Court to preclude Defendants Hotfile Corp. and Anton Titov (collectively "Defendants") from presenting at trial testimony by their damages expert, Matthew R. Lynde.

Hotfile's Counterclaim under 17 U.S.C. § 512(f) allows it to recover only those damages it suffered, if any, from the specific takedown notices on which it has sued and on which it proves liability at trial.  The damages theory offered in Dr. Lynde's expert report, however, does not address the specific takedown notices on which Hotfile has sued Warner, but rather purports to quantify the harm allegedly caused to Hotfile by many *other* notices sent by Warner on which Hotfile has *not* sued.  Moreover, to the extent it tries to quantify damages caused by Warner's notices, Lynde simply assumes that they caused damages and then sets out to calculate them, without any reliable method for establishing causation.  Dr. Lynde's method for calculating damages in his expert report thus fails both the "helpfulness" requirement of the *Daubert* standard (because it is calculated under the wrong legal standard) and the "reliability" requirement of the *Daubert* standard (because it assumes rather than establishes a causal link between Warner's notices and Hotfile's lost revenues).

Hotfile tried to cure these deficiencies at the summary judgment stage – after the close of discovery – by having Dr. Lynde submit new testimony espousing two new theories of how Hotfile has been harmed by the notices in the Counterclaim.  But Warner has never had an opportunity to seek discovery or depose Dr. Lynde on his new theories.  For this reason as well, Dr. Lynde's testimony should be excluded.  Moreover, even Dr. Lynde's new theories at the summary judgment stage fail to meet the *Daubert* requirements of reliability and helpfulness because they fail to provide indication of the extent of Hotfile's claimed harm.  That approach leaves Warner, six weeks before trial, still without notice of what damages Hotfile is even claiming.  To prevent Hotfile from belatedly ambushing Warner with new theories and new damages calculations, Hotfile should be precluded from predicating any new calculations or testimony on Dr. Lynde's summary judgment approach as well as precluding any testimony based on the opinions in his original report.

## LEGAL STANDARD

Federal Rule of Evidence 702 requires expert testimony to be helpful ("will help the trier of fact"), to be given by a witness "qualified as an expert by knowledge, skill, experience,

training, or education," and to be reliable ("based on sufficient facts or data," "the product of reliable principles and methods," and "reliably applied…to the facts of the case."). Fed. R. Evid. 702. *Daubert* requires the district court to act as a "gatekeeper" to ensure that speculative and unreliable opinions are not considered by the jury. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). The importance of the district court's gatekeeping role under *Daubert* "cannot be overstated." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004), *cert. denied* 544 U.S. 1063 (2005). Accordingly, the court's scrutiny of the foundations of the proposed expert testimony accordingly must be "exacting." *United States v. Masferrer*, 367 F. Supp. 2d 1365, 1372 (S.D. Fla. 2005). "The district court's role is especially significant since the expert's opinion can be both powerful and quite misleading because of the difficulty in evaluating it." *Frazier*, 387 F.3d at 1260 (quoting *Daubert*, 509 U.S. at 595) (internal quotation marks omitted).

To fulfill its gatekeeping role, the court "must conduct a rigorous three-part inquiry," into the expert's qualifications and the reliability and helpfulness of the expert testimony. *Id.* (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). The proponent of expert testimony always bears the burden of showing that the testimony satisfies the three *Daubert* requirements. *Id.*

## ARGUMENT

### I.    DR. LYNDE'S CALCULATION OF DAMAGES EXCEEDS THE BOUNDS OF SECTION 512(f) AND IS BASED ON THE WRONG LEGAL STANDARD.

To succeed on its Counterclaim, Hotfile must show that (1) Warner knowingly and materially misrepresented in specific takedown notices that the files that were the subject of its notices were infringing, and (2) that Hotfile suffered actual damages from the wrongful removal of those specific files. *See* 17 U.S.C. § 512(f). However, Dr. Lynde's damages calculation does *not* attempt to measure Hotfile's damages resulting from the removal of the specific 890 files in Hotfile's counterclaim.[1] Instead, his calculation estimates Hotfile's lost revenue resulting from *all* files that he believes were wrongfully removed by Warner, drawn from a pool of *all* the takedown notices Hotfile received between February 2011 and September 2011, and then

---

[1] Many of the files identified in Hotfile's counterclaim are no longer at issue following the Court's summary judgment decision, either because they were in fact owned by Warner or because they were owned by Electronic Arts, Inc., which authorized Warner's takedown notices with respect to those files. *See* Joint Pretrial Stipulation, DE 568, at 2-3.

estimating how many of those were sent by Warner.  From this overbroad set of notices, Dr. Lynde further assumes (again, without basis) that a range of one to ten percent of all Warner notices were erroneous.  *See* Expert Report of Matthew R. Lynde at 8-13, attached to Declaration of Luke C. Platzer in Support of Plaintiffs' Motions in Limine as Exhibit 14.

However, Defendants' Counterclaim is limited to only those particular takedown notices that Defendants have pleaded as erroneous in the Counterclaim itself.  Indeed, because Section 512(f) is a cause of action alleging fraud, Federal Rule of Civil Procedure Rule 9(b) *requires* those allegations to be pleaded with particularity.  Dr. Lynde's methodology, which purports to calculate damages based on a general pool of allegedly incorrect takedown notices instead of on the actual, specific takedown notices alleged to be erroneous in Hotfile's Counterclaim, is thus fatally flawed and thoroughly irrelevant.  *See Noskowiak v. Bobst SA*, No. 04-C-0642, 2005 WL 2146073, at *5 (E.D. Wis. Sept. 2, 2005) (excluding expert testimony predicated on an irrelevant and erroneous legal standard).  Dr. Lynde's testimony would thus only serve to distract and confuse the jurors and should be excluded as unhelpful under Rule 702 and more prejudicial than probative under Rule 403.

**A.  Section 512(f) and Fed. R. Civ. P. Rule 9(b) Require Defendants to Prove Damages from the Removal of the Specific Files On Which Their Counterclaim Is Based.**

On its face, Section 512(f) limits Hotfile only to damages arising from the specific takedown notices it has alleged in its Counterclaim.  17 U.S.C. § 512(f) (authorizing recovery of damages incurred from "such misrepresentation" as sued upon).  When Hotfile filed its First Amended Answer and Counterclaim, *see* DE 144, it failed to plead with particularity which of Warner's takedown notices it contended were the basis of Warner's purported 512(f) liability.  *See* Answer, Defenses, Affirmative Defenses and Counterclaim of Defendant Hotfile Corporation to Plaintiffs' Complaint, DE 121, ¶¶ 34-39.  Warner subsequently informed Hotfile that would seek to dismiss the Counterclaim for failing to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for claims sounding in fraud.  *See United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002) (quoting *United States ex rel. Cooper v. Blue Cross & Blue Shield of Fla.*, 19 F.3d 562, 568-69 (11th Cir. 1994)); *see also Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988).  The purpose of Rule 9(b)'s heightened pleading standard is "to ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of and to eliminate those complaints filed as a

3

pretext for discovery of unknown wrongs." *In re Eagle Bldg. Techs., Inc. Sec. Litig.*, 221 F.R.D. 582, 585 (S.D. Fla. 2004) (quoting *Anderson v. Transglobe Energy Corp.*, 35 F. Supp. 2d 1363, 1369 (M.D. Fla. 1999) (internal quotation marks and alterations omitted)).  To avoid dismissal of its Counterclaim, Hotfile entered into a joint stipulation under which it agreed to list the specific takedown notices on which it was suing, agreeing that the list would constitute the "definitive list" of takedown notices in suit.  *See* Joint Motion, DE 151, at 2-3; Order Granting Joint Motion, DE 155; *see also* Counterclaim ¶ 40.

Hotfile's stipulation, Rule 9(b), and Section 512(f) thus limit Hotfile's damages claim to the specific "definitive list" of 890 takedown notices identified by Hotfile (as narrowed by the Court's summary judgment decision).  Dr. Lynde's damage calculation ignores that limitation.  Instead, he calculates damages based on the percentage of *all* Warner takedown notices that he assumes were sent in error.  This method lacks any nexus to the specific takedown notices at issue, and includes damages allegedly arising from takedown notices not pleaded in Hotfile's Counterclaim, never shown by Hotfile to be deficient, and not part of this case.  Because Dr. Lynde's method for calculating damages violates the governing legal standard, it is inadmissible. *See U.S. Gypsum Co. v. Lafarge N. Am. Inc.*, 670 F. Supp. 2d 737, 744-45 (N.D. Ill. 2009) (excluding the testimony of plaintiff's damages expert where the expert applied a "legally incorrect standard" for calculating damages under the Computer Fraud and Abuse Act); *see also Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 413-14 (5th Cir. 2007) (excluding expert testimony based on a representative sample where the sample was not intended to be representative of the actual damages, and where the sample did not differentiate between the losses resulting from fraud from losses from other causes); *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 803 (N.D. Ill. 2005) (excluding an expert theory that was "impermissible as a matter of law.").

### B.  Dr. Lynde's Damages Calculation Will Not Be Helpful To The Jury.

Because Dr. Lynde's damage calculations calculate damages on a theory not recoverable under Section 512(f) (and barred in any event by Rule 9(b)), those calculations also fail to meet the third *Daubert* requirement—helpfulness.  Pursuant to that requirement, expert testimony must "fit" the issue it seeks to address in order to be helpful to the jury.  *Daubert*, 509 U.S. at 591.  Stated differently, the court must "ensure that the proposed expert testimony is relevant to the task at hand, i.e., that it logically advances a material aspect of the proposing party's case."

*Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999) (internal quotation marks omitted; alteration in original).  Dr. Lynde's calculations do not "fit" the issue before the jury—the amount in damages, if any, that Hotfile suffered as a result of the *specific* alleged misrepresentations made by Warner, and will not help the jury resolve that issue.  Rather, Dr. Lynde's calculations (assuming they were reliable, which they were not, *see* Part II *infra*) would be relevant only to the harm that *might* have resulted from a generic pool of takedown notices received by Hotfile, *if* those notices were incorrect (which Hotfile has never even alleged, let alone tried to establish).  As such, the calculations can only confuse and distract the jurors by putting before them a figure that, though purporting to be a damages calculation, does not address the harm recoverable under Hotfile's cause of action.  *See Frazier*, 387 F.3d at 1263 (even testimony that would otherwise be permissible under *Daubert* can be excluded on 403 grounds where it is likely to confuse the jury; the jurors might give it "talismanic significance" because the testimony comes from an expert, even though it is not particularly helpful); *Noskowiak*, 2005 WL 2146073, at *5 ("Testimony based on an incorrect legal standard may confuse the jury, and may be proscribed by the Court pursuant to Rule 403 of the Federal Rules of Evidence.").  Accordingly, Dr. Lynde's calculations should be excluded under Rules 702 and 403.

## II.   DR. LYNDE'S DAMAGE CALCULATIONS ARE UNRELIABLE BECAUSE THEY SIMPLY ASSUME RATHER THAN SHOW INJURY.

Dr. Lynde's proffered testimony also fails the second *Daubert* requirement—reliability. To evaluate the reliability of proposed expert testimony, the district court must "assess whether the reasoning or methodology underlying the testimony is scientifically valid and … whether that reasoning or methodology properly can be applied to the facts in issue."  *Frazier*, 387 F.3d at 1262 (quoting *Daubert*, 509 U.S. at 592-93) (internal quotation marks omitted; alteration in original).  The court must always find that proposed expert testimony "is properly grounded, well reasoned, and not speculative before it can be admitted."  *Masferrer*, 367 F. Supp. 2d at 1373 (quoting Rule 702 advisory committee's notes (2000 amends.)).

In its Motion for Summary Judgment, Warner briefed why Dr. Lynde's damages calculation methodology is unreliable, *see* DE 301 at 12-14.  Warner incorporates that discussion by reference here.  In short: the core reason why Dr. Lynde's expert report is unreliable is that it does not *determine* the fact or degree of injury, but merely *assumes* injury.  Dr. Lynde simply looked at all of Hotfile's lost revenues from February 2011 to September 2011, then looked at all

takedown notices Hotfile received during the same period, and assumed that *all* of those lost revenues were *entirely* the result of takedown notices, *see* Expert Report of Matthew R. Lynde, at 11, Platzer Exhibit 14, and that each takedown notice was responsible *in equal proportion* for Hotfile's losses.  *Id.* at 12; *see also* Lynde Deposition, attached to Declaration of Jennifer V. Yeh in Support of Warner's Motion for Summ. Judg. ("Yeh Counterclaim Decl.") as Exhibit A, DE 301-10, at 75:5-75:17; 83:8-84:13.

Dr. Lynde thus assumed the very thing on which he purports to opine – that Warner's takedown notices caused economic harm to Hotfile.  Moreover, the assumptions in which he engaged are particularly unwarranted and unreliable, for several reasons.  First, Dr. Lynde himself recognized that very few files in Hotfile's system actually generated premium subscriptions from users downloading those files, *see* Lynde Report, Platzer Ex. 14 at 10, undercutting his baseline assumption that all takedown notices result in equal losses.  Second, Dr. Lynde's assumption that all of Hotfile's revenue losses were due to takedown notices neglects the obvious and dramatic change in Hotfile's circumstances beginning in February 2011, when this lawsuit was filed and Hotfile significantly changed its business practices as a result.  *See* Warner's Motion for Summary Judgment, DE 301 at 13.

In fact, Dr. Lynde never even *tried* to analyze the impact, if any, that removal of the 890 files specifically identified in the "definitive list" at issue in the Counterclaim may have had on Hotfile's revenues.  *See* Yeh Counterclaim Ex. A (Lynde dep.), DE 301-10, at 92:14-93:4; 24:15-26:9.  Instead, he simply assumed that the impact was the same for all files, and that takedown notices were the sole cause of Hotfile's losses.  From that misguided assumption, the rest of Dr. Lynde's "analysis" was just arithmetic:  he simply allocated a portion of the total losses to the counterclaim notices.  That is not evidence, expert or otherwise, and Hotfile cannot dress up simple arithmetic based on faulty and unsupported assumptions as expert analysis.  *See United States v. Orr*, 692 F.3d 1079, 1093 (10th Cir. 2012) (excluding expert testimony based on various "unquestioned assumptions"), *cert. denied*, 133 S.Ct. 1300 (2013); *Loeffel*, 387 F. Supp. 2d at 807-08 (excluding expert testimony on the grounds that the expert was not entitled to simply take as true and parrot back to the jury assumptions generated from defendants' employees); *see also Allstate*, 501 F.3d at 412 (excluding expert testimony that made no effort to distinguish losses resulting from the alleged fraud from losses resulting from different causes).  Lynde's "ultimate opinion on damages amounts to nothing more than his own *ipse dixit*.  Such

6

an opinion is the product of an unreliable and inadmissible methodology." *Martinez v. Rabbit Tanaka Corp.*, Case No. 04-61504-CIV, 2006 WL 5100536, at \*14 (S.D. Fla. Jan. 6, 2006); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert").

## III.   HOTFILE CANNOT NOW RELY ON DR. LYNDE'S "BACKUP" THEORIES PRESENTED ON SUMMARY JUDGMENT.

In response to Warner's Motion for Summary Judgment on the Counterclaim, which pointed out the obvious flaws in Dr. Lynde's methodology, *see* DE 301 at 12-14, Hotfile submitted a new declaration from Dr. Lynde at the summary judgment stage. *See* Declaration of Matthew Lynde, Ph.D., DE 353-1 ("Lynde Decl."). In that declaration, Dr. Lynde offered new theories, apparently to respond to Warner's criticism that his expert report failed to examine the harm allegedly arising from the actual takedown notices for the 890 files in suit.

Dr. Lynde's summary judgment declaration opined that some of the Counterclaim files that Warner's expert had identified as non-infringing had resulted in premium account subscriptions in the past (when users signed up in order to speed up the download of those files), which past revenues he purported to quantify. *See* Lynde Decl. at 1, DE 353-1. Similarly, Dr. Lynde proposed that some of the files and user accounts that Hotfile terminated had also generated revenues for Hotfile in the past. *Id.* at 1-3. Dr. Lynde thus opined the removal of these files and user accounts likely resulted in economic harm to Hotfile. *Id.* However, because his new opinion focuses only on revenues Hotfile had realized from the removed files and users in the past, he never purports to compute the revenues Hotfile purportedly lost from the terminations themselves, leaving his new opinion unhelpful because it contains no actual calculation of lost revenues or damages. Instead, his summary judgment declaration simply repeatedly opines that there is a "reasonable probability" or that it is "highly likely" that Hotfile was harmed, without ever opining on the extent of that harm or how it might be calculated. *See*, *e.g.*, *Id.* ¶ 2 ("reasonable probability" that files would have generated future revenues), ¶ 3 ("likely resulted in economic harm"), ¶ 4 ("reasonable probability"), ¶ 5 (same). Furthermore, Warner has never had the opportunity to question Dr. Lynde on this summary judgment theory, and allowing him to present it to the jury would be highly prejudicial to Warner's ability to defend itself at trial.

7

**A. Dr. Lynde's "Backup" Theories Were Untimely Disclosed and Should be Excluded.**

Under Federal Rule of Civil Procedure 26(a)(2)(D), a party must disclose expert testimony by the date established by the court. In this case, expert discovery closed on December 23, 2011. *See* Order, DE 133. "The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports," as well as to "prevent[] experts from 'lying in wait' to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony." *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 5, 5-6 (D.D.C. 2005) (citations omitted). Yet Hotfile did not disclose Dr. Lynde's two new damage theories (involving Hotfile's supposed losses from losing subscription sales to future users who might have signed up to download files, or files from specific users, terminated by Warner's notices) until the date on which it filed his declaration on summary judgment—February 27, 2012. As a result, Warner did not have an opportunity to depose Dr. Lynde on his new theories or otherwise obtain discovery to counter those theories. Warner will be greatly prejudiced if it must question Dr. Lynde at trial regarding these new theories without having been able to question him about the basis and nature of his theories in a deposition. *See Boca Raton Comty. Hosp., Inc. v. Tenet Healthcare Corp.*, No. 05-80183-CIV, 2006 WL 5309506, at *2 (S.D. Fla. Oct. 18, 2006) ("It would be inconsistent with the purpose and intent of the Rules to allow Boca to avoid its obligations to fully disclose Dr. DaVanzo's opinions without the opportunity for Tenet to challenge her opinions under oath in a deposition." (citing *Minebea Co.*, 231 F.R.D. at 6)). As the Eleventh Circuit has explained, Rule 26(a) is "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir.2008).

Nor does Dr. Lynde's declaration constitute a permissible supplementation of his prior opinions. Dr. Lynde has always had available to him the "definitive list" of the counterclaim notices in suit and could have sought to analyze the damages resulting from the removal of those specific 890 files. His summary judgment opinions simply attempt to bolster and improve upon his original expert report by offering new theories that, for the first time, do what his report did not: actually consider the specific files in suit. Improving upon one's expert report, standing alone, is not a permissible grounds for supplementing a report. *See In re Denture Cream Prods.*

8

*Liab. Litig.*, No. 09-2051, 2012 WL 3639045, at *4 (S.D. Fla. Aug. 23, 2012) ("[T]he supplementation of an expert report is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." (quoting *Cochran v. Brinkmann Corp.*, No. 08-cv-1790, 2009 WL 4823858 at * 5 (N.D. Ga. Dec. 9, 2009), *aff'd*, 381 F. App'x. 968 (11th Cir. 2010) (internal quotation marks omitted)); *Alphamed Pharms. Corp. v. Arriva Pharm., Inc.*, No. 03-20078-CIV, 2005 WL 5960935, at *8 (S.D. Fla. Aug. 24, 2005); *Nelson v. Freightliner LLC*, No. 5:01-cv-266, 2003 WL 25781423, at *2 (M.D. Fla. Apr. 23, 2003); *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("The Court cannot accept a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions .... It does not cover failures or omissions because the expert did an inadequate or incomplete preparation."). Accordingly, Dr. Lynde's new theories should be excluded as untimely disclosed under Rule 37(c). *See Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169-70 (D. Colo. 2006) ("A supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)").

## B. Dr. Lynde's Backup Theories Are Unhelpful and Should Be Excluded Under *Daubert*.

Even if Dr. Lynde's two new theories had been timely disclosed, they fail to meet the *Daubert* requirement of helpfulness. Dr. Lynde's backup theories on summary judgment do not actually offer an opinion on damages at all. They simply examine a small handful of files and users and opine that it is "likely" or "reasonably likely" that Hotfile lost revenue related to the removal of each because those files and users had generated revenues for Hotfile in the past. *E.g.*, Lynde Decl. ¶¶ 2-6. But Dr. Lynde does not actually provide a methodology for calculating Hotfile's damages for the notices in suit, nor does he provide a damages figure. Because all he does is opine on the probability of harm without offering any opinion as to its quantum, his new theories would not be helpful to the jury. *See Allison*, 184 F.3d at 1312 (to be helpful, the testimony must "logically advance[] a material aspect of the proposing party's case." (quotation marks omitted)). Indeed, it is precisely for that reason that it would be unfair for Hotfile to be allowed to surprise Warner at trial with a damages calculation under this theory that Warner has never seen before.

## CONCLUSION

For the reasons stated, Warner respectfully requests that the Court preclude the testimony of Matthew R. Lynde.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs have conferred with counsel for Defendants in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED:  October 28, 2013                          Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

MOTION PICTURE ASSOCIATION        JENNER & BLOCK LLP
 OF AMERICA, INC.                 Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)  David A. Handzo (*Pro Hac Vice*)
15301 Ventura Blvd.               Luke C. Platzer (*Pro Hac Vice*)
Building E                        1099 New York Ave., N.W.
Sherman Oaks, CA 91403            Suite 900
Phone:  (818) 995-6600            Washington, DC 20001
Fax:  (818) 285-4403              Telephone: (202) 639-6000
                                  Facsimile:  (202) 639-6066

                                  *Attorneys for Warner*

10

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY on this 28th day of October, 2013, I caused to be served the following document on all counsel of record on the attached service list by means of the Court's CM/ECF system:

**Plaintiffs' Motion in Limine and Memorandum of Law to Defendants from Offering the Opinions of Dr. Matthew R. Lynde at Trial**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-C1V-20427-WILLIAMS-TURNOFF**


BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and*
*Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and*
*Anton Titov*


COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201

*Attorney for Defendants Hotfile Corp. and*
*Anton Titov*