UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF



FILED by CHL D.C.
OCT 28 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA – MIAMI

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.

_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.

_____/

Sealed

**PLAINTIFFS' MOTION IN LIMINE AND MEMORANDUM OF LAW TO PRECLUDE
DEFENDANTS FROM ENTERING INTO EVIDENCE DEPOSITION TESTIMONY OF
<u>RUMEN STOYANOV AND ATANAS VANGELOV</u>**

**[CONFIDENTIAL]**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

75046.1

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................1

I.   VANGELOV AND STOYANOV'S DEPOSITION TESTIMONY IS HEARSAY. .........2

II.  THE "UNAVAILABILITY" EXCEPTION IS INAPPLICABLE....................................2

  A.  Vangelov and Stoyanov are Under Hotfile's Control and Vice Versa. ...................3

  B.  Any Unavailability Based on Travel Restrictions Was Brought About by
      Defendants Themselves ............................................................................................4

CONCLUSION......................................................................................................................6

i

# TABLE OF AUTHORITIES

**CASES**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ........ 2

*Banks v. Prudential California Realty*, 15 F.3d 1082, 1994 WL 32618 (9th Cir. 1994) (unpublished table decision) ........ 3

*Barber v. Page,* 390 U.S. 719, (1968) ........ 3

*E. F. Hutton & Co. v. Penham*, 547 F. Supp. 1286 (S.D.N.Y. 1982) ........ 5

*Elnashar v. Speedway SuperAmerica, LLC,* 484 F.3d 1046 (8th Cir.2007) ........ 3

*Erickson v. Baxter Healthcare, Inc.*, No. 99-c-0426, 2001 WL 36275328 (N.D. Ill. Sept. 28, 2001) ........ 4

*Kue v. Secretary of Department of Health & Human Services*, 18 Cl. Ct. 777 (1989) ........ 4

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013) ........ 3

*Nelson v. Fibreboard Corp.*, 912 F.2d 469, 1990 WL 125341 (9th Cir. 1990) (unpublished table decision) ........ 4

*Perricone v. Kansas City Southern Railway Co.*, 630 F.2d 317 (11th Cir. 1980) ........ 3

*Pfizer Inc. v. F&S Alloys & Minerals Corp.*, 856 F. Supp. 808 (S.D.N.Y. 1994) ........ 5

*United States v. Acosta*, 769 F.2d 721 (11th Cir. 1985) ........ 3

*United States v. Baker,* 432 F.3d 1189 (11th Cir. 2005) ........ 2

*United States v. Bradley*, 644 F.3d 1213 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 2375 (2012) ........ 2

*United States v. Kimball*, 15 F.3d 54 (5th Cir. 1994) ........ 5

*United States v. Langston*, 590 F.3d 1226 (11th Cir. 2009) ........ 4

**OTHER AUTHORITIES**

2A C.J.S. *Agency* § 4 (1972) ........ 4

Fed. R. Evid 802 ........ 2

Fed. R. Evid 804(a) ........ 5

Fed. R. Evid. 804(a)(5)(A) ........ 3

## INTRODUCTION

Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. (collectively "Plaintiffs") hereby move this Court for an order precluding Defendants Hotfile Corp. and Anton Titov (collectively "Defendants") from submitting portions of the depositions of Hotfile's owners and founders Rumen Stoyanov and Atanas Vangelov as evidence in support of their case in lieu of calling them as witnesses at trial. Their deposition transcripts are hearsay not falling within an exception and cannot be used as part of Defendants' case-in-chief.

Defendants' initial disclosures listed Vangelov and Stoyanov on Defendants' witness list. *See* Defendants' Witness List, Exhibit E to Joint Pretrial Stipulation, DE 568-5, attached to Declaration of Luke C. Platzer in Support of Plaintiffs' Motions in Limine ("Platzer Decl.") as Exhibit 17. During the meet-and-confer between counsel regarding the parties' joint pretrial statement, however, Defendants confirmed to Plaintiffs that they have no intention of calling either witness at trial, instead intending to play back excerpts from their depositions to the jury. For a party to use its own witnesses' deposition testimony in this manner is a classic case of inadmissible hearsay. The testimony Hotfile wants to introduce in this manner highlights the very reason hearsay testimony is typically excluded: it consists for the most part of either irrelevant or self-serving statements that Plaintiffs should have the right to impeach before a jury. For instance, Hotfile has designated Stoyanov's testimony that he got the idea for Hotfile from friends who needed a webspace where they could share work materials, Vangelov's attempt to spin Hotfile as a "perfectly legitimate business," and Vangelov's testimony that Hotfile's competitors were cloud hosting sites such as Google. *See* Transcript of Rumen Stoyanov, Platzer Decl. Ex. 18 ("Stoyanov Tr.") at 19:6-20:2; Transcript of Atanas Vangelov, Platzer Decl. Ex. 19 ("Vangelov Tr.") at 42:5-12, 108:22-109:11.[1]

---

[1] Defendants seek to introduce other self-serving portions of Stoyanov and Vangelov's deposition testimony, including: Vangelov's disavowal of admissions from a Hotfile programmer that, when it comes to "what is up there on our site," Hotfile "pretend[s] we don't know" to protect itself from lawsuits (Vangelov Tr., Platzer Decl. Ex. 19 at 153:14–155:1; 155:21-156:12); Vangelov's attempt to explain away the employee's explanation of how Hotfile could facilitate copyright infringement while protecting itself legally (Vangelov Tr., Platzer Decl. Ex. 19 156:13-157:24); and Stoyanov's explanation of the purposes of the affiliate

Defendants have indicated that they intend to rely on the "unavailability exception" under Federal Rule of Evidence 804 to admit all this testimony. In stark contrast to Defendants' repeated representations throughout their summary judgment filings, Defendants now apparently intend to argue that Vangelov and Stoyanov are not corporate officers of Hotfile and that Hotfile therefore cannot compel their attendance at trial. In the alternative, Defendants claim that the witnesses are unavailable because Defendants do not know if they will be able to obtain visas to the United States to attend the trial. Neither argument, on the facts here, establishes unavailability for purposes of Rule 804, and Plaintiffs now move *in limine* to preclude Hotfile from introducing their testimony as inadmissible hearsay under Federal Rule of Evidence 802.[2]

## I.     VANGELOV AND STOYANOV'S DEPOSITION TESTIMONY IS HEARSAY.

At the outset, there can be no doubt that the designated deposition testimony is hearsay because Defendants intend to introduce it for the purpose of establishing the truth of Stoyanov's and Vangelov's statements, such as their reasons for starting Hotfile, their role in the market, their knowledge (or lack thereof) of infringement on their service, and their explanations for why incriminating statements by Hotfile's lower-level personnel are not as incriminating as they appear on their face. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 n.19 (1970). Such testimony is thus inadmissible unless it falls within an exception to the hearsay rule. Fed. R. Evid. 802; *see United States v. Bradley*, 644 F.3d 1213, 1275 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 2375 (2012); *United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005). For the reasons stated below, the sole exception to the hearsay rule on which Defendants intend to rely is unavailable to them here.

## II.    THE "UNAVAILABILITY" EXCEPTION IS INAPPLICABLE.

Defendants cannot rely on the Rule 804 "unavailability" exception as they intend. Unlike low-level employees, Stoyanov and Vangelov are controlling agents of Hotfile and therefore parties to the case in their official capacities, and can be compelled by Hotfile to testify on its

---

program that contradicts how the program actually worked (Stoyanov Tr., Platzer Decl. Ex. 18 at 25:5-26:2).

[2] This motion does not concern the extent to which Defendants may be able to counter-designate these individuals' deposition testimony in response to any use that Plaintiffs may make of their depositions. Rather, Plaintiffs here seek an order precluding Defendants from using the deposition testimony as part of their case-in-chief, as Defendants have indicated they intend to do.

2

behalf. Moreover, if they truly are unable to reach the United States due to travel restrictions, those problems are entirely of Defendants' own making and thus cannot form a basis to allow Hotfile to use hearsay testimony as part of its case.

### A. Vangelov and Stoyanov are Under Hotfile's Control and Vice Versa.

Defendants apparently intend to avail themselves of the hearsay exception in Fed. R. Evid. 804(a)(5)(A) that deems witnesses to be "unavailable" when they will be "absent from the trial or hearing" and the proponent of the testimony has been unable "by process or other reasonable means" to procure their attendance. Defendants have not and cannot establish their entitlement to this exception.

Defendants bear the burden of proving unavailability. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1317 (11th Cir. 2013); *United States v. Acosta*, 769 F.2d 721, 723 (11th Cir. 1985). To do so, Defendants must prove that they have made a reasonable, good faith effort to try to obtain the witnesses' presence in court. *Barber v. Page,* 390 U.S. 719, 724–25, (1968); *Elnashar v. Speedway SuperAmerica, LLC,* 484 F.3d 1046, 1057 (8th Cir.2007); *see, e.g., Banks v. Prudential California Realty*, 15 F.3d 1082, 1994 WL 6572 at *3 (9th Cir. 1994) (unpublished table decision). At a bare minimum, this requires Defendants to show that they asked Stoyanov and Vangelov to testify and have been reasonably diligent in efforts to obtain their presence. *See, e.g., Perricone v. Kansas City S. Ry.*, 630 F.2d 317, 321 (11th Cir. 1980). Defendants have made no such showing.

More important, Defendant Hotfile cannot establish that Vangelov and Stoyanov are unavailable to testify for Hotfile because, for all intents and purposes, Vangelov and Stoyanov *are* Hotfile. Hotfile has repeatedly emphasized Stoyanov and Vangelov's central financial and management roles. According to both deposition testimony and Hotfile's own assertions throughout its summary judgment briefing, Stoyanov and Vangelov run the company: By Hotfile's own account, Stoyanov handles "day-to-day operations" and all business and financial matters. Motion and Memorandum of Law in Support of Defendant Anton Titov's Motion for Summary Judgment at 5-6 (filed under seal Feb. 17, 2012) [hereinafter "Titov Motion"]; Memorandum of Law of Defendants Hotfile Corporation and Anton Titov in Opposition to Plaintiffs' Motion for Summary Judgment at 35 (filed under seal Mar. 7, 2012) [hereinafter "Opp."]; Reply Memorandum in Support of Defendant Anton Titov's Motion for Summary Judgment at 1 (filed under seal Mar. 19, 2012) [hereinafter "Titov Reply"]. Stoyanov came up

with the idea for Hotfile's affiliate program and designed its payment structure. Titov Motion at 5; Stoyanov Tr., Platzer Decl. Ex. 18 at 21:3-11, 88:22-25. For his part, Vangelov "is responsible for DMCA-related issues and other legal matters, dealing with potential investors, advertising opportunities and communications with external contractors." Titov Motion at 6; *see* Titov Reply at 1. Together Vangelov and Stoyanov own the employer of the personnel who work on Hotfile's operations, and supervise these personnel in their work for Hotfile. Titov Motion at 4; Titov Reply at 1; Stoyanov Tr., Platzer Decl. Ex. 18 at 17:5-13; Vangelov Tr., Platzer Decl. Ex. 19 at 25:3-5, 28:25-29:5, 29:6-30:19; *see also* Vangelov Tr., Platzer Decl. Ex. 19 at 24:13-15. Indeed, Hotfile's entire argument at summary judgment that Titov should not be held personally liable turned on its repeated representation that Stoyanov and Vangelov were Hotfile's true "guiding spirits." *See* Titov Motion at 2-9. Having previously argued that Stoyanov and Vangelov actually controlled Hotfile, Defendants cannot now turn around and contend that Hotfile has no control over their presence in court.

Courts have long recognized that a proponent for the admission of hearsay statements is precluded from arguing that a witness is unavailable if that witness is an agent of the proponent or within its control. *See, e.g., Nelson v. Fibreboard Corp.*, 912 F.2d 469, 1990 WL 125341, at *2 (9th Cir. 1990) (unpublished table decision); *Kue v. Sec'y. of Dep't of Health & Human Servs*, 18 Cl. Ct. 777, 778 (1989); *cf. Erickson v. Baxter Healthcare, Inc.*, No. 99-c-0426, 2001 WL 36275328, at *15 (N.D. Ill. Sept. 28, 2001) (witness unavailable because he was not under proponent's control). At the very least, Stoyanov and Vangelov are agents of Hotfile because they are authorized to act on Hotfile's behalf: they own a majority of the company, control its finances, and run its operations on a day-to-day basis. *See United States v. Langston*, 590 F.3d 1226, 1234 (11th Cir. 2009); 2A C.J.S. *Agency* § 4 (1972) ( "An agent is ... a person employed or authorized by another to act for him, or to transact business for him[, or] one entrusted with another's business ...."). Consequently, Vangelov and Stoyanov are, as a matter of law, under Hotfile's control and can be compelled by Hotfile to testify at trial. Indeed, the fact that Vangelov and Stoyanov (in concert with Titov) run Hotfile precludes Hotfile from making the required showing that it genuinely tried, but failed, obtain their presence.

> B. Any Unavailability Based on Travel Restrictions Was Brought About by Defendants Themselves.

Defendants have argued in the alternative that Vangelov and Stoyanov may be unavailable to testify at trial because they might not be able to obtain visas to the United States.

4

This argument, even if true, would not establish unavailability under Rule 804 because Defendants would be responsible for causing such unavailability themselves.

Defendants' argument suggests that Vangelov and Stoyanov may not have even applied for visas to enter the United States in order to attend trial. The mere possibility that they might not be able to obtain visas is insufficient to establish that they are unavailable as witnesses. Given that Hotfile has control over the witnesses such that it can compel these witnesses to attend the trial, it cannot meet its burden of proving it made a genuine, good faith attempt to obtain their testimony if the witnesses have not even attempted to obtain the necessary visas.

Even if the witnesses were unable to obtain visas in time to travel the United States for the trial, their inability to attend the trial would be entirely Defendants' own fault. There is no reason to believe that Vangelov and Stoyanov *could not* with reasonably diligent effort obtain visas to enter the United States. When it was in their interests to enter the United States to attend the parties' mediation, they were able to obtain visas, and, indeed, both Vangelov and Stoyanov have previously travelled to the United States for reasons unrelated to this litigation. *See* Stoyanov Tr., Platzer Decl. Ex. 18 at 14:1-18 (Stoyanov had previously visited the United States twice in 2009 and 1986); Vangelov Tr., Platzer Decl. Ex. 19 at 20:8-13 (Vangelov had previously travelled to the United States, most recently in August 2010). Further, the parties have known about the December 9, 2013 trial for months, and Stoyanov and Vangelov have consequently had ample notice of the need to obtain the required travel documents. Had Vangelov and Stoyanov genuinely attempted to obtain visas in a timely fashion, they undoubtedly could have done so.

A party is not permitted to invoke the unavailability exception to admit hearsay testimony from a witness if the proponent of the testimony was itself responsible for the witness's absence. Fed. R. Evid 804(a) ("this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying"); *see, e.g., United States v. Kimball*, 15 F.3d 54, 55-56 (5th Cir. 1994); *Pfizer Inc. v. F&S Alloys & Minerals Corp.*, 856 F. Supp. 808, 813 (S.D.N.Y. 1994); *E. F. Hutton & Co. v. Penham*, 547 F. Supp. 1286, 1294 (S.D.N.Y. 1982). Because Vangelov and Stoyanov control Hotfile and vice versa, Defendant Hotfile is responsible for their failure to apply for visas in a timely fashion. Defendants should thus not be permitted to manipulate the rules of evidence to deprive Plaintiffs of their right to cross-examine Vangelov and Stoyanov in

5

front of a jury, test their credibility, and expand questioning beyond the particular questions posed at depositions taken nearly two years ago and before the Court's summary judgment ruling narrowed the issues for trial.

## CONCLUSION

Because deposition testimony of Vangelov and Stoyanov is hearsay inadmissible under any exception to the hearsay rule, Plaintiffs' motion to preclude from submitting the deposition testimony in support of their case in chief should be granted.

Dated: October 28, 2013

Respectfully submitted,

By: /s/ *Karen L. Stetson*
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, Fl 33131
Telephone: (305) 461-6880
Facsimile: (305) 461-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.

Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
David A. Handzo (*Pro Hac Vice*)
Steven B. Fabrizio (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs has conferred with counsel for Defendant Hotfile Corp. and Anton Titov in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED: October 28, 2013

By: /s/ Karen L. Stetson

Karen L. Stetson

GRAY-ROBINSON, P.A.
1221 Brickell Avenue, 16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION
OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
David A. Handzo (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2013, I caused the following document to be served on all counsel of record on the attached service list via their email address(es) pursuant to the parties' service agreement:

**PLAINTIFFS' MOTION IN LIMINE AND MEMORANDUM OF LAW TO PRECLUDE DEFENDANTS FROM ENTERING INTO EVIDENCE DEPOSITION TESTIMONY OF RUMEN STOYANOV AND ATANAS VANGELOV**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and
Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and
Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201
*Attorney for Defendants Hotfile Corp. and
Anton Titov*