FILED by _____ D.C.

OCT 28 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

**Sealed**

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**MOTION IN LIMINE AND MEMORANDUM OF LAW
TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING "PERJURY"
IN CONNECTION WITH COUNTERCLAIM**

[FILED UNDER SEAL]

[HIGHLY CONFIDENTIAL]

## TABLE OF CONTENTS

Page

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ...................................................................................................................................2

I. HOTFILE'S "PERJURY" ARGUMENT MISREADS THE DMCA ................................2

II. HOTFILE'S "PERJURY" ARGUMENT IS CONTRARY TO THE PARTIES' STIPULATIONS IN THIS CASE ..................................................................................... 4

III. ARGUMENTS THAT WARNER COMMITTED "PERJURY" ARE IRRELEVANT TO THE MERITS OF THE COUNTERCLAIM AND SHOULD BE EXCLUDED UNDER RULE 402 ...........................................................................................................................5

IV. ACCUSATIONS OF "PERJURY" WOULD SUBSTANTIALLY PREJUDICE WARNER'S DEFENSE BY CONFUSING THE JURY AND SHOULD BE EXCLUDED UNDER RULE 403 ........................................................................................6

CONCLUSION .................................................................................................................................6

## TABLE OF AUTHORITIES

**STATUTES**

17 U.S.C. § 512(c)(3)(A)(ii) ................................................................................................. 1, 3, 4

17 U.S.C. § 512(c)(3)(A)(iii) ..................................................................................................... 1, 3

17 U.S.C. § 512(c)(3)(A)(iv) ........................................................................................................ 1

17 U.S.C. § 512(c)(3)(A)(v) ..................................................................................................... 1, 3

17 U.S.C. § 512(c)(3)(A)(vi) ................................................................................................. 1, 3, 4

17 U.S.C. § 512(f) ........................................................................................................................ 5

18 U.S.C. § 1621(2) ..................................................................................................................... 6

**OTHER AUTHORITIES**

Fed. R. Evid. 402 ......................................................................................................................... 5

## INTRODUCTION

Plaintiff/Counterdefendant Warner Bros. Entertainment Inc. ("Warner") hereby moves *in limine* to preclude, under Rules 402 and 403 of the Federal Rules of Evidence, any evidence or argument by Defendant Hotfile Corp. ("Hotfile") that Warner committed "perjury" in connection with its takedown notices. Such arguments have no relevance to the inquiry under Section 512(f) of the Digital Millennium Copyright Act ("DMCA") or any other issue at trial. Moreover, the statements that a copyright owner makes when issuing a DMCA takedown notice are *not* made under penalty of perjury *except* with respect to claims about the authority of the complainant to issue the notice. Hotfile makes no argument (and has no evidence) that Warner impersonated or lacked authorization from other copyright owners. Accusations of "perjury," therefore, would serve only to confuse and prejudice the jury.

## BACKGROUND

Warner issued takedown notices using Hotfile's Special Rightsholder Account ("SRA") tool, which allowed copyright complainants to submit for removal links of infringing content files. To use the tool, Hotfile required complainants to check a box that contained language stating that the complainant "certif[ied] under penalty of perjury that I am owner or an authorized legal representative of the owner of the copyrights in this material." D-276 (Hotfile trial exhibit with printout of box Hotfile required copyright owners to check in order to use SRA). The "penalty of perjury" language inserted by Hotfile in the SRA tool, however, is not the language required by the DMCA. The only statement that a complainant must make under penalty of perjury pursuant to the DMCA is that the complainant is "authorized to act on behalf of the owner of an exclusive right that is allegedly infringed." 17 U.S.C. § 512(c)(3)(A)(vi). The DMCA "penalty of perjury" language is thus narrower than the SRA language that Hotfile employed. The DMCA's language applies only to impersonating a copyright owner or sending notices on their behalf without authorization; mere misidentification of the files being taken down or the works represented therein are at most incorrect "statements." *Id.* § 512(c)(3)(A)(ii) & (iii). In short, Hotfile's SRA required users to click on a box that said something different from what the statute actually directs.[1] In the Joint Pretrial Stipulation, Hotfile has now made

---

[1] *Compare* Declaration of Luke C. Platzer in Support of Plaintiffs' Motions in Limine ("Platzer Decl.") Exs. 22 & 23 (Defendants' Exhibits D-276 & D-159) (printouts of Hotfile's SRA page) with 17 U.S.C. §§ 512(c)(A)(ii), (iii), (v) & (vi).

1

clear that it intends to argue that Warner's mistaken identification of files on Hotfile's system as Warner's copyrighted works through the SRA tool constituted misstatements under penalty of perjury. *See* Joint Pretrial Stipulation, DE 568, at 5 (SRA gave "Warner the ability to directly delete files hosted on Hotfile that Warner represented *under penalty of perjury* were infringing Warner's copyrights") (emphasis added); *id.* ("Warner appears to have misidentified the substance of the files and misrepresented-*under penalty of perjury*-its ownership of those files and/or its authorization to delete them") (emphasis added); *id.* at 6 ("Warner knowingly misrepresented *under penalty of perjury* that it had a good faith belief that the works identified in Hotfile's counterclaim were infringing") (emphasis added); D-159 (printout of user interface for the SRA system, showing "under penalty of perjury" language failing to conform with the statute); D-276 (same).[2]

Warner now moves *in limine* to preclude all argument and evidence referencing such supposed "perjury." The statements in Warner's takedowns pursuant to the SRA tool that Hotfile claims were inaccurate were not statements that are made under penalty of perjury under the DMCA, and Hotfile has already stipulated that (despite nonconforming language on its website) that uses of its SRA are and should be treated as DMCA notices. Moreover, falsely accusing Warner of "perjury" has no relevance to the merits of Hotfile's Section 512(f) claim or any other issue in the case, and would serve only to prejudice Warner. Such argument and evidence should be excluded.

## ARGUMENT

### I. HOTFILE'S "PERJURY" ARGUMENT MISREADS THE DMCA.

Hotfile's argument that there is a "perjury" issue with respect to errors in Warner's takedowns through the SRA rests on a misreading of the DMCA. Hotfile argues that Warner committed "perjury" by misidentifying files as infringing. But the "under penalty of perjury" requirement in the DMCA applies *only* to the statement in a takedown notice that "that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed," and *not* to a takedown notice's "[i]dentification of the copyrighted work claimed to have been infringed," its "[i]dentification of the material that is claimed to be

---

[2] *See also* Kaplan Decl. at 100:23-102:14 (Hotfile's counsel questioning Warner witness about submission of SRA takedown requests "under penalty of perjury"); *id.* at 169:11-170:7 (same); Bentkover Decl. at 53:5-54:25 (same).

2

infringing," or the complainant's "good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." *Compare* 17 U.S.C. § 512(c)(3)(A)(ii), (A)(iii), and (A)(v) *with* (A)(vi). The DMCA does not require copyright owners to take the risk that any error in a takedown notice (whether intentional or accidental) could expose them to accusations of criminal wrongdoing. Rather, the Act's "penalty of perjury" certification is limited to the narrow case in which a complainant impersonates or misrepresents its authority from a specific copyright owner.

Hotfile has no evidence supporting an accusation that Warner falsely claimed to be acting on behalf of another copyright owner. At the outset, such an accusation is inconsistent with Hotfile's own theory of the case, which is that "Warner knew nothing about the content of the files it was deleting," Joint Pretrial Stip., DE 568, at 5, and mistakenly took down the Counterclaim files while searching for its own works. That is an allegation of an inadvertent error in the "[i]dentification of the material that is claimed to be infringing," which falls under Section 512(c)(3)(A)(iii) and is thus not subject to the "penalty of perjury" language in the statute.

Second, with respect to the video games owned by Electronic Arts, Inc. ("EA") that represent roughly a third of the notices in the Counterclaim, the undisputed evidence (never contradicted by Hotfile) shows that Warner did not even know it sent those notices at all, much less that it knowingly misrepresented its authorization to do so. As unrebutted testimony shows, Warner was testing in early 2011 whether its system could also be used to identify infringing EA files (for which Warner has distribution rights in a major market) so that it could then pass those links on to EA (with whom Warner has a longstanding business partnership and for whom Warner acts as a distributor) and "EA could issue takedown notices on those files." *See* Declaration of David Kaplan, DE 308-1, at ¶ 21. Warner included files of EA in its takedown notices as part of a one-time event in February 2011 by accident. *Id.* There is no evidence that Warner even knew it had sent those notices at all until Hotfile complained about it, much less that Warner misrepresented itself to Hotfile as acting on EA's behalf.

In any event, Warner logically could not have misrepresented itself as having authority from EA to issue the takedown notices because Hotfile's SRA tool does not give a complainant any way to include an "[i]dentification of the copyrighted work claimed to have been infringed." 17 U.S.C. § 512(c)(3)(A)(ii). Absent a means of including an identification of the allegedly

3

infringed *works* in the notice (i.e., the titles of the EA video games at issue), it is impossible for a complaining party to make a false statement that they are "authorized to act on behalf of the owner of an exclusive right *that is allegedly infringed.*" *Id.* § 512(c)(3)(A)(ii) & (vi) (emphasis added).

This deficiency in Hotfile's SRA language is likewise fatal to Hotfile's claim that Warner made inaccurate statements "under penalty of perjury" by mistakenly taking down instances of the "JDownloader" software. At the outset, Hotfile's claims are false – Warner's system removed JDownloader by accident in several cases because users had posted links to JDownloader to link sites alongside links to infringing copies of Warner content, and Warner's system was designed (with respect to some sites) to send takedown notices on all links associated with a post that had been identified as containing infringing content. *See* Oct. 12, 2011 Deposition of David Kaplan ("Kaplan Tr."), Platzer Ex. 20, at 231:22-232:22 (deletions happened because JDownloader was on post pages that Warner deleted); 236:14-18 (deletions were unintentional). To fall under the "penalty of perjury" language in Section 512(c)(3)(A)(vi), however, Warner would have needed not to misidentify instances of JDownloader as infringing Warner works (which is what happened), but instead to *correctly* identify the taken-down files as JDownloader and then misrepresent itself as acting under authority from Appwerk GmbH, JDownloader's developer. Hotfile has never alleged that Warner did anything of the sort. Indeed, it would have been impossible for Warner to do so. As stated above, Hotfile's SRA interface made it impossible for complainants to identify the works they were requesting be removed.

## II. HOTFILE CANNOT EXPAND THE DMCA'S REQUIREMENTS.

Hotfile may not fall back to the fact that its website's SRA interface purported to expand the "penalty of perjury" requirement to cover *all* elements of the takedown notice for users of the SRA tool. *See* Platzer Exs. 22 & 23, D-159 & D-276 (screenshots of SRA interface). Perjury is a crime, and only the Government can categorize conduct as criminal. No private person or entity can take it upon itself to decide that misstatements – even knowing and intentional ones – constitute perjury.

Moreover, Hotfile has stipulated that "Warner's notifications by means of Hotfile's SRA are (and have the effect of) notifications of claimed infringement to Hotfile's designated agent

4

under 17 U.S.C. § 512(c)(3)(A)."[3] *See* DE 151 at 2. Hotfile cannot have it both ways. Having stipulated that Warner's notices were in effect issued pursuant to the DMCA, Hotfile cannot now turn around and argue that its website imposed additional requirements on copyright complainants above and beyond the requirements of the DMCA that transformed any mistakes into "perjury." The statements Warner made when using the SRA are, per the parties' stipulation, those provided by the DMCA and no more – and as shown in Part I *supra*, those statements were not subject to a perjury requirement.

### III. ARGUMENTS THAT WARNER COMMITTED "PERJURY" ARE IRRELEVANT TO THE MERITS OF THE COUNTERCLAIM AND SHOULD BE EXCLUDED UNDER RULE 402.

Even if Hotfile's perjury argument were not precluded by the DMCA and Hotfile's stipulations in this case, it would still need to be excluded as irrelevant under Fed. R. Evid. 402. Hotfile is suing Warner for purportedly violating 17 U.S.C. § 512(f) – not prosecuting Warner for perjury under 18 U.S.C. § 1621(2). "Perjury" is not an element of liability under Section 512(f), nor of damages under Section 512(f), nor does it have any other relevance to any issue at trial.

Hotfile's § 512(f) claim requires it to show that Warner "knowingly materially misrepresent[ed]…that material or activity is infringing" with respect to each of the notices. 17 U.S.C. § 512(f). Whether or not Warner checked a box when using Hotfile's SRA tool that purported to make such representations "under penalty of perjury," or even whether any representations it made were subject to such a requirement under the statute, simply has no bearing on Warner's liability under Section 512(f), or any other issue to be tried. Indeed, even if a complainant *did* make a false statement subject to the certification requirement in 512(c)(1)(A)(vi), that would *still* be irrelevant to a civil suit by the service provider under Section 512(f).[4] Hotfile's "perjury" argument is entirely extraneous to the proceedings and can and should be excluded from trial under Rule 402.

---

[3] *See* DE 151 at 2 (stipulating that "Warner's notifications by means of Hotfile's SRA are (and have the effect of) notifications of claimed infringement to Hotfile's designated agent under 17 U.S.C. § 512(c)(3)(A), and are therefore subject to 17 U.S.C. § 512(f)"; *see also* Joint Pretrial Stipulation, DE 568, at 9 (identical stipulation).

[4] It is also irrelevant to impeachment. The fact that Warner sent most of the Counterclaim notices in error is not in dispute. Calling those mistakes "perjury" on top of the fact that they were mistakes adds no additional impeachment value.

### IV. ACCUSATIONS OF "PERJURY" WOULD SUBSTANTIALLY PREJUDICE WARNER'S DEFENSE BY CONFUSING THE JURY AND SHOULD BE EXCLUDED UNDER RULE 403.

Given that the "perjury" accusation has no relevance to Hotfile's Section 512(f) claim or any other issue at trial, the only function of such evidence and argument would be to confuse the jury and prejudice Warner. It thus should be excluded under Rule 403.

Separate and apart from the fact that such claims are (1) unsupported by the evidence, and (2) irrelevant, accusations by Hotfile that Warner made false statements subject to a "penalty of perjury" certification would suggest that Warner's mistaken notices were particularly blameworthy (indeed, more blameworthy than the liability under Section 512(f) would otherwise require), that Warner is an unindicted criminal, *see* 18 U.S.C. § 1621(2), and that Warner should be punished for those statements. The suggestion of perjury is an accusation of uncharged criminal conduct with the potential seriously to prejudice the jury's view of a defendant and to inflame the jury's passions.

There is no good reason to expose Warner to such prejudice here. Any probative value of evidence or argument about whether or not Warner's relevant representations in its takedown notices were made under penalty of perjury is either nonexistent or *de minimis* for the reasons stated in Part III *supra*. And Hotfile's proposed exhibits showing the precise language that Hotfile required complainants to agree to on its SRA page[5] add nothing to the parties' existing stipulation that takedowns through the SRA will be treated as takedown notices. *See* DE 151 at 2. Conversely, the risk of confusing the jury and prejudicing Warner with accusations of uncharged criminal activity substantially outweigh such nonexistent or minimal probative value. The Court should preclude it under Rule 403.

### CONCLUSION

Plaintiffs respectfully request that the Court preclude any argument or evidence that Warner committed "perjury" by submitting mistaken takedown notices.

---

[5] *See* D-159 & D-276.

6

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Warner have conferred with counsel for Hotfile in a good-faith efforts to resolve the issues raised in this Motion without court action, but have been unable to do so.

DATED: October 28, 2013

Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION
 OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
David A. Handzo (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Warner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 28th day of October, 2013, I caused to be served the following document on all counsel of record on the attached service list via their email address(es) pursuant to the parties' service agreement:

**Warner Bros. Entertainment Inc.'s Motion in Limine and Memorandum of Law to Preclude Evidence and Argument Regarding "Perjury" in Connection with Counterclaim**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-C1V-20427-WILLIAMS-TURNOFF**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201

*Attorney for Defendants Hotfile Corp. and Anton Titov*