# EXHIBIT 4

**Full docket text:**

MEMORANDUM TO THE DOCKET CLERK: Attorneys Kelly Klaus, Glenn Pomerantz, Jennifer Pariser, Blanca Young, Melinda LeMoine and Hailyn Chen are present for the plaintiffs. Attorneys Joseph Baio, Tariq Mundiya, Katharine Nora Monin and John Oller are present for the defendants. Court reporter is present. Pretrial conference is held (see transcript). Court rules on motions from the bench: Plaintiff's Motion: Dkt Entry No. 692 (Motion in Limine To Preclude EvidenceOr Argument Inconsistent With Facts Established At Summary Judgment) Rulings: (1) The Court grants Plaintiffs request to preclude any evidence or argument inconsistent with the facts established as a matter of law in the May 2010 decision; (2) Because genuine issues of material fact exist as to whether hash-based analysis can conclusively determine the existence or the extent of digital file-sharing, Plaintiffs motion to preclude Defendants from offering evidence and argument on this matter is DENIED. (3) Defendants are precluded fromoffering argument or evidence that is inconsistent with the Court's determination that Defendants' conduct was "willful" within the meaning of the Section 504(c)(2) of the Copyright Act. (4) Defendants are precluded from introducing evidence or argument on (a) Plaintiffs purported failure to provide Defendants with lists of copyrighted recordings and hash contents; and (b) other distributors filtering difficulties. Defendant's Motion: Dkt Entry No. 651 (Motion in Limine #1 To Preclude Certain References to The Courts Statements, Opinions, Or Conclusions In The May 25, 2010 Opinion and Order Granting Summary Judgment) Rulings: The Court reserves decision on Rule 403 determinationsuntil trial, when the matters can be judged in context. However, the Court gives the following general guidance. (a) The parties will not be permitted to inform the jury of any rulings not articulated in the Courts opening jury instructions,unless the Court specifically grants an application to make a particular reference, during trial but outside the presence of the jury. (b) The Court is likely to permit counsel to inform the jury of rulings that established relevant facts. (c) Any such references are likely to be permitted only to the extent that the words used are necessary to convey to the jury the legal determination at issue. (d) The parties shall not personalize the Judge's role in adjudicating previous decisions in this matter. No portion of the Courts decisions may be read to the jury. (mbe)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/27/2013 16:52:27 | | | |
| PACER Login: | jb0038 | Client Code: | |
| Description: | History/Documents | Search Criteria: | 1:06-cv-05936-KMW-DCF |
| Billable Pages: | 1 | Cost: | 0.10 |