# EXHIBIT 9

HIGHLY CONFIDENTIAL

Page 374

1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
2                  CASE NO. 11-20427-WILLIAMS/TURNOFF
3        - - - - - - - - - - - - - - - - - - - - - - - -
         DISNEY ENTERPRISES,
4        INC., TWENTIETH CENTURY
         FOX FILM CORPORATION,
5        UNIVERSAL CITY STUDIOS
         PRODUCTIONS LLLP,
6        COLUMBIA PICTURES
         INDUSTRIES, INC., and
7        WARNER BROS.
         ENTERTAINMENT, INC.,
8                    Plaintiff,
9        v.
10       HOTFILE CORP., ANTON
         TITOV, and DOES 1-10,
11
12                   Defendants.
13
14       HOTFILE CORP.,
15                   Counterclaimant,
16       v.
17       WARNER BROS ENTERTAINMENT
         INC.,
18                   Counterdefendant.
19       - - - - - - - - - - - - - - - - - - - - - - - -
                               VOLUME III
20             H I G H L Y   C O N F I D E N T I A L
               (Pursuant to protective order, the following
21          transcript has been designated highly confidential)
22              30(b)(6) DEPOSITION OF ANTON TITOV
                        Radisson Blu Hotel
23                      Sofia, Bulgaria
                    Wednesday, December 7, 2011
24                      AT:  9:09 a.m.
25       Job # 44429

HIGHLY CONFIDENTIAL

Page 508

1    A.   It would be an XML file that will either say that there

2         is no match, or a response that will indicate

3         a copyrighted work name, maybe the producer of the

4         copyrighted work, and I believe the offset in the video

5         where the fingerprint starts the partial match.

6    Q.   Does -- anything else?

7    A.   That is what I can think of.

8    Q.   Does the Vobile data indicate whether the file should be

9         allowed for distribution or blocked?

10   A.   Since you are mentioning a certain time, I assume that

11        it does, but I don't have clear memory of it doing so.

12   Q.   Okay.

13   MR. THOMPSON:  Again, Mr. Titov, I know Mr. Fabrizio knows

14        a lot about this, but you should just testify to what

15        you know.

16   MR. FABRIZIO:  Don't give me too much credit.

17   BY MR. FABRIZIO:

18   Q.   Did Hotfile consider using -- well, strike that.

19             If I refer to Vobile's technology as "video

20        fingerprinting technology," will you understand what I'm

21        referring to?

22   A.   Yes, I will.

23   Q.   Is that how you refer to it as well?

24   A.   Let's say yes.

25   Q.   Okay.  Did Hotfile consider using video fingerprinting

HIGHLY CONFIDENTIAL

Page 509

1       technology prior to the institution of this lawsuit?

2  MR. THOMPSON:  Objection, vague.

3  A.  No, I don't think so.

4  BY MR. FABRIZIO:

5  Q.  Did you have any discussions with your co-shareholders

6       about using any form of video fingerprinting?

7  A.  I don't recall any such discussion.

8  Q.  And, again, I'm talking about video fingerprinting

9       technology, whether it's offered by Vobile or some other

10      supplier, or even developed on your own, I'm speaking of

11      the technology itself; do you understand that?

12 A.  Yes, I understand that.

13 Q.  So, with that clarification, did Hotfile consider

14      deploying video fingerprinting technology in its system

15      prior to the institution of this litigation?

16 A.  I don't remember any such discussion.

17 Q.  Did Hotfile consider using any form of content

18      recognition technology in order to prevent copyrighted

19      content from being uploaded to Hotfile prior to this

20      litigation?

21 MR. THOMPSON:  Objection, vague, to some extent asked and

22      answered.

23 A.  No, I don't remember anything like that.

24 BY MR. FABRIZIO:

25 Q.  Why, after the commencement of this litigation, did