# EXHIBIT 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-JORDAN

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

### INITIAL DISCLOSURES OF DEFENDANTS
### HOTFILE CORPORATION AND ANTON TITOV

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Hotfile Corporation and Anton Titov (collectively "Hotfile") make the following initial disclosures to the best of their knowledge and based on information reasonably available at this time. These initial disclosures are made with the understanding that Hotfile's investigation is ongoing, and Hotfile reserves the right to supplement and/or amend these disclosures as Plaintiffs' claims are clarified and as discovery proceeds.

These disclosures are not intended to be, and do not constitute, admissions as to the relevance or admissibility of the information disclosed, and are made without any waiver of attorney-client privilege, work-product protection, or any other applicable protection or immunity. Hotfile also reserves the right to object to the admissibility of any information

26501\2586812.1

HIGHLY CONFIDENTIAL

CASE NO. 11-20427-JORDAN

disclosed. Furthermore, Hotfile makes these initial disclosures without waiving in any manner: (1) the right to object on any basis permitted by law to the use of any initial disclosure information contained herein for any purpose in any subsequent proceeding in this or any other action; (2) the right to object on any basis permitted by law to any discovery requests or proceeding involving or related to the subject matter of these initial disclosures; and (3) the right to object on the grounds of privilege, hearsay, competence, relevance, or any other proper ground. Hotfile reserves the right to supplement or amend as may be appropriate.

1. **Rule 26(a)(1)(A)(i) — Individuals Likely to Have Discoverable Information Hotfile May Use to Support its Claims and Defenses**

Based on the information presently available to Hotfile and its investigation to date, Hotfile believes the individuals identified below either have knowledge of relevant facts or are in possession of discoverable information that Hotfile may use to support its claims or defenses. Hotfile reserves the right to supplement this list based on any assertion of counterclaims by Hotfile, the information learned during discovery, and Hotfile's continuing investigation. By identifying herein the following individuals, Hotfile does not waive its right to object to the deposition of these individuals where proper, and particularly does not waive any right of individuals to proper service under the Hague Convention or otherwise. All individuals listed below whose contact information states "counsel for Hotfile" may be contacted only through trial counsel for Hotfile at Farella Braun + Martel, 235 Montgomery Street, San Francisco, CA 94104. The general subject matter of information listed for each individual does not in any way limit Hotfile's right to question or call any individual listed to testify regarding any other subject.

26501\2586812.1                                2                          HIGHLY CONFIDENTIAL

CASE NO. 11-20427-JORDAN

| Name | Contact Information | Area of Knowledge |
|---|---|---|
| Anton Titov | c/o counsel for Hotfile | Operation of Hotfile's website; allegations of infringement and notice; and DMCA policy and procedures. |
| Rumen Stoyanov | c/o counsel for Hotfile | Operation of Hotfile's website; allegations of infringement and notice; and DMCA policy and procedures. |
| Atanas Vangelov | c/o counsel for Hotfile | Operation of Hotfile's website; allegations of infringement and notice; and DMCA policy and procedures. |
| Constantin Luchian | c/o counsel Ryan C. Siden rsiden@sidenlaw.com | Hotfile's DMCA compliance |
| Andrei Ianakov | c/o counsel for Hotfile | Hotfile e-mail support, DMCA support, e-mail inquiries |
| Deian Chuburov | c/o counsel for Hotfile | Operation of Hotfile's website |
| Vasil Kolev | c/o counsel for Hotfile | Operation of Hotfile's website |
| Stanislav Manov | c/o counsel for Hotfile | Hotfile's DMCA compliance |
| Michael Bentkover | Michael Bentkover<br>Warner Bros. Entertainment Inc.<br>4000 Warner Boulevard<br>Burbank, California 91522<br>Phone: (818) 954-3639<br>Fax: (818) 954-7898<br>michael.bentkover@warnerbros.com | Enforcement of Plaintiffs' copyrights; Plaintiffs' DMCA takedown notices; and exploitation of Hotfile's "special rightsholder accounts" and Plaintiffs' actions in taking down files from Hotfile.com |
| Dave Worth<br>VP R&D<br>PeerMedia Technologies, Inc. | PeerMedia Technologies, Inc. | Enforcement of Plaintiffs' copyrights; Plaintiffs' DMCA takedown notices; and exploitation of Hotfile's "special rightsholder accounts" and Plaintiffs' actions in taking down files from Hotfile.com |

CASE NO. 11-20427-JORDAN

| Name | Contact Information | Area of Knowledge |
|---|---|---|
| Didier Wang Manager, Anti-Piracy Operations Warner Bros. Entertainment | Warner Bros. Entertainment France 115/123 avenue Charles de Gaulle 92200 Neuilly sur Seine France Phone number: +33 (0)1 72 25 10 41 Fax number: +33 (0)1 72 25 10 00 Cell phone: +33 (0)6 36 33 06 36 E-mail address: didier.wang@warnerbros.com | Plaintiffs' actions in taking down files from Hotfile.com |
| Bret Boivin Warner Bros Entertainment Inc. | Bret Boivin Warner Bros Entertainment Inc. 98 Theobald's Road London, UK Phone: +44 207 984 6018 E-Mail: Bret.Boivin@warnerbros.com | Plaintiffs' actions in taking down files from Hotfile.com |
| Disney Enterprises, Inc. | c/o Steven B. Fabrizio, Esq. Jenner & Block, LLP 1099 New York Ave, N.W., Suite 900 Washington, DC 20001 Phone: 202.639.6000 (hereinafter, "counsel for Plaintiffs") | Plaintiffs' claimed rights to protected works; Plaintiffs' enforcement of its copyrights, including through DMCA takedown notices; any sharing of protected works on the internet authorized by Plaintiffs; any challenges to identifying infringement on the internet, including through automated technologies such as content identification; the reasonableness of Hotfile's repeat infringer policies; non-infringing uses of Hotfile and similar systems; failure to use digital rights management technology; satisfaction with and exploitation of Hotfile's "special rightsholder accounts"; and Plaintiff's claimed damages |

26501\2586812.1

4

HIGHLY CONFIDENTIAL

CASE NO. 11-20427-JORDAN

| Name | Contact Information | Area of Knowledge |
|---|---|---|
| Twentieth Century Fox Film Corporation | c/o counsel for Plaintiffs | Plaintiffs' claimed rights to protected works; Plaintiffs' enforcement of its copyrights, including through DMCA takedown notices; any sharing of protected works on the internet authorized by Plaintiffs; any challenges to identifying infringement on the internet, including through automated technologies such as content identification; the reasonableness of Hotfile's repeat infringer policies; non-infringing uses of Hotfile and similar systems; failure to use digital rights management technology; satisfaction with and exploitation of Hotfile's "special rightsholder accounts"; and Plaintiff's claimed damages |
| Universal City Studios Productions LLLP | c/o counsel for Plaintiffs | Plaintiffs' claimed rights to protected works; Plaintiffs' enforcement of its copyrights, including through DMCA takedown notices; any sharing of protected works on the internet authorized by Plaintiffs; any challenges to identifying infringement on the internet, including through automated technologies such as content identification; the reasonableness of Hotfile's repeat infringer policies; non-infringing uses of Hotfile and similar systems; failure to use digital rights management technology; satisfaction with and exploitation of Hotfile's "special rightsholder accounts"; and Plaintiff's claimed damages |

26501\2586812.1

5

HIGHLY CONFIDENTIAL

CASE NO. 11-20427-JORDAN

| Name | Contact Information | Area of Knowledge |
|---|---|---|
| Columbia Pictures Industries, Inc. | c/o counsel for Plaintiffs | Plaintiffs' claimed rights to protected works; Plaintiffs' enforcement of its copyrights, including through DMCA takedown notices; any sharing of protected works on the internet authorized by Plaintiffs; any challenges to identifying infringement on the internet, including through automated technologies such as content identification; the reasonableness of Hotfile's repeat infringer policies; non-infringing uses of Hotfile and similar systems; failure to use digital rights management technology; satisfaction with and exploitation of Hotfile's "special rightsholder accounts"; and Plaintiff's claimed damages |
| Warner Bros. Entertainment Inc. | c/o counsel for Plaintiffs | Plaintiffs' claimed rights to protected works; Plaintiffs' enforcement of its copyrights, including through DMCA takedown notices; any sharing of protected works on the internet authorized by Plaintiffs; any challenges to identifying infringement on the internet, including through automated technologies such as content identification; the reasonableness of Hotfile's repeat infringer policies; non-infringing uses of Hotfile and similar systems; failure to use digital rights management technology; satisfaction with and exploitation of Hotfile's "special rightsholder accounts"; and Plaintiff's claimed damages |

CASE NO. 11-20427-JORDAN

| Name | Contact Information | Area of Knowledge |
|---|---|---|
| Motion Picture Association of America ("MPAA") | c/o Karen Thorland, Esq.<br>MPAA<br>15301 Ventura Blvd., Bldg. E<br>Sherman Oaks, CA 91403 | Plaintiffs' claimed rights to protected works; Plaintiffs' enforcement of its copyrights, including through DMCA takedown notices; any sharing of protected works on the internet authorized by Plaintiffs; any challenges to identifying infringement on the internet, including through automated technologies such as content identification; the reasonableness of Hotfile's repeat infringer policies; non-infringing uses of Hotfile and similar systems; failure to use digital rights management technology; and satisfaction with and exploitation of Hotfile's "special rightsholder accounts" |
| DtecNet Software ApS ("DtecNet") | 9595 Wilshire Blvd.<br>Beverly Hills CA, 90210<br>(310) 492-4340 | Enforcement of Plaintiffs' copyrights; Plaintiffs' DMCA takedown notices; and exploitation of Hotfile's "special rightsholder accounts" |

Additional persons now or formerly associated with Plaintiffs may have knowledge concerning the asserted intellectual property and Plaintiffs practices regarding those copyrights. Additionally, other individuals not specifically known to Hotfile at this time may possess relevant information, particularly information related to DMCA safe harbor protection and the non-infringement of the asserted copyrights.

Hotfile reserves the right to supplement the list of persons with knowledge at any other future time as additional persons having knowledge of relevant facts are discovered by Hotfile or as prompted by contentions, allegations or statements of Plaintiffs.

CASE NO. 11-20427-JORDAN

2. **Rule 26(a)(1)(A)(ii) — Documents Hotfile May Use to Support its Claims and Defenses**

Hotfile has in its possession, custody or control the following categories of documents, electronically stored information, and tangible things that it may use to support its claims or defenses:

- Documents tending to show Hotfile's eligibility for safe harbor protection under the Digital Millennium Copyright Act ("DMCA"), including, without limitation, documentation of: Hotfile's repeat infringer policy, designated agent registrations, DMCA intellectual property policy, takedown notices received from Plaintiffs or their agents, timely responses to takedown requests, termination of repeat infringers, Hotfile's operation as an internet "service provider," Hotfile's special rightsholder accounts and Plaintiffs' use of the same, Plaintiffs' satisfaction with Hotfile's copyright protection efforts, storage of information at the direction of users, and other supporting documents including those listed below;

- Documents tending to negate Plaintiffs' allegations of direct and indirect copyright infringement, including Hotfile's website, terms of service, intellectual property policy, privacy policy, fingerprinting-related documents, documents showing non-infringing uses of Hotfile's website, evidence related to the DMCA defenses as set forth above, and other supporting website-related materials;

- Documents related to Hotfile's other affirmative defenses, including documents which may show Plaintiffs' failure to use digital rights management technology and voluntary posting of material on the internet for promotional purposes; and

- Documents tending to establish the elements of a possible counterclaim by Hotfile under 17 U.S.C. § 512(f), including improper use of takedown

CASE NO. 11-20427-JORDAN

requests and of Hotfile's "special rightsholder accounts" by Plaintiffs and their agents.

These documents, to the extent their locations are known, are located either in the possession of Hotfile or its counsel. By disclosing the aforementioned documents, Hotfile does not waive any objections that it may have to producing these documents. In addition, Hotfile reserves the right to disclose or rely upon additional documents pursuant to Fed. R. Civ. P. 26(e).

### 3. Rule 26(a)(1)(A)(iii) — Computation of Damages

Hotfile has not yet filed any counterclaims against Plaintiffs seeking damages. Hotfile reserves the right to set forth any computation of such damages following assertion of any counterclaim. Regarding any claim by Hotfile for recovery of reasonable attorneys' fees and costs, or any other monetary relief which the Court may award Hotfile, documents supporting such costs and fees will be available at the end of this litigation. Hotfile reserves the right to supplement this response at a later time when further information is available.

### 4. Rule 26(a)(1)(A)(iv) — Insurance Agreements

Hotfile is presently unaware of any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action, or to indemnify

///

///

///

HIGHLY CONFIDENTIAL

CASE NO. 11-20427-JORDAN

or reimburse for payments made to satisfy the judgment.

Dated: May 2, 2011

Respectfully submitted,

*[signature]*

Roderick M. Thompson (admitted *pro hac vice*)
Andrew Leibnitz (admitted *pro hac vice*)
Deepak Gupta (admitted *pro hac vice*)
Janel Thamkul (admitted *pro hac vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery St.
San Francisco, CA 94104
Telephone: 415.954.4400
Telecopy: 415.954.4480

and

Janet T. Munn, Fla. Bar No. 501281
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102
Email: jmunn@rascoklock.com

Counsel for Defendants

CASE NO. 11-20427-JORDAN

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury under the laws of the United States of America, that on May 2, 2011, I served the foregoing document on all counsel of record or *pro se* parties identified below by electronic mail pursuant to agreement of the parties. Executed on May 2, 2011 at San Francisco, California.

By: _____
Andrew Leibnitz

## SERVICE LIST: CASE NO. 11-CIV-20427-JORDAN

**GRAY-ROBINSON, P.A.**
Karen L. Stetson, Fla. Bar No.: 742937
Email: Karen.Stetson@gray-robinson.com
1211 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

**JENNER AND BLOCK, LLP**
Steven B. Fabrizio (*Pro Hac Vice*)
Email: sfabrizio@jenner.com
Duane C. Pozza (*Pro Hac Vice*)
Email: dpozza@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
Email: lplatzer@jenner.com
1099 New York Ave, N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

**MPAA**
Karen Thorland (*Pro Hac Vice*)
Email: Karen_Thorland@mpaa.org
15301 Ventura Blvd., Bldg. E
Sherman Oaks, CA
Phone: 818.935.5812

26501\2586812.1      11      HIGHLY CONFIDENTIAL