UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*
_____/

HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY, EVIDENCE, OR ARGUMENT CONCERNING HOTFILE'S PAYMENT OR NON-PAYMENT OF TAXES AND INCORPORATED MEMORANDUM OF LAW

The Plaintiffs in this action have indicated both that they intend to elicit testimony

from Mr. Titov and/or introduce portions of the deposition testimony from Messers.

Rumen Stoyanov and Atanas Vagelov concerning Hotfile's payment (or non-payment) of

taxes to taxing authorities in Panama, Bulgaria, or elsewhere in the world.  Because such

testimony is irrelevant to the issues to be tried, is being used as an attempt to mislead or

1

confuse the jury, and is more prejudicial than probative, such testimony and evidence

must be barred.  In support of this Motion, Defendants Hotfile Corp ("Hotfile") and

Anton Titov ("Mr. Titov") state as follows.

I.  The Purported Evidence

Although the Plaintiffs have no evidence of wrongdoing on the part of the

Defendants, they seek to introduce evidence and testimony suggesting that Hotfile failed

to pay taxes on income to taxing authorities in Panama, Bulgaria, or elsewhere.  They

seek to do so despite the lack of any evidence (a) that such taxes were due in the relevant

countries, (b) that Hotfile has committed any type of wrong,[1] or (c) that the payment or

non-payment of such taxes holds any relevance to the present action.  Hotfile has not

been accused of, charged with, or convicted of tax evasion in any country.  *Indeed, as the*

*Plaintiffs most certainly know, Panama law specifically provides that Panamanian*

*companies (such as Hotfile) do not pay taxes on income generated offshore.*[2]

Nevertheless, the Plaintiffs have now designated deposition testimony from

Messrs Stoyanov and Vangelov in which each of the two witnesses were instructed by

counsel not to respond to questions concerning Hotfile's payment (or non-payment) of

taxes on certain monies paid to Hotfile.  *See* Vangelov Depo., Vol. I, 88:22-96:4;

Stoyanov Depo., Vol. I, 39:16-42:14.[3]  Additionally, given the Plaintiffs' extensive

---

[1] Dozens of the largest U.S. Companies, including General Electric, the former parent corporation of some of the Plaintiffs, have an effective tax rate of zero and yet those companies are also acting fully within the bounds of the law.  *See, e.g.,* "GE's Strategies Let It Avoid Taxes Altogether" *The New York Times*, March 24, 2011.

[2] *See, e.g.*, Worldwide Tax Summaries Corporate Taxes 2013/2014, by PwC, p. 1516, available at http://www.pwc.com/gx/en/tax/corporate-tax/worldwide-tax-summaries/assets/pwc-worldwide-tax-summaries-corporate-2013-14.pdf ("Panamanian income tax is levied based on the territoriality principle. Panamanian-source income is subject to taxation whether it is received by a resident or non-resident entity.").

[3] There can be little better evidence of the Plaintiffs' improper motivations than the fact that they have designated testimony in which the witnesses provided almost no substantive testimony concerning the payment of taxes, but rather were silent as they were instructed by counsel not to respond to the questions.

questioning of Mr. Titov at his deposition concerning Hotfile's payment of taxes on certain revenues (and counsel's expressed intent to pursue such questioning at trial), there is no question but that the issue will be raised at trial unless precluded by this Court.

II.     Hotfile's Payment Or Non-Payment of Taxes Is Irrelevant to the Issues To Be Tried.

At the parties' most recent meet and confer, Plaintiffs' counsel denied that its intended introduction of testimony and/or evidence that Hotfile did not pay taxes on certain revenue was designed to cast Hotfile in a negative light or call into question its honesty, but rather claimed that the line of questioning was relevant to the question of damages because, if Hotfile did not pay taxes on certain revenues, its profits would necessarily be higher.  If this were truly the Plaintiffs' goal, they could, of course, accomplish the same ends simply by questioning Mr. Titov as to Hotfile's after-tax profits.  Such a line of questioning would achieve the same result, without the attendant risks of poisoning the jury.

More to the point, however, Plaintiffs' counsel admitted their true intent in soliciting such testimony during the deposition of Mr. Vangelov:

> *MR PLATZER: I want an answer to the question, Andy. It's -- if there was tax evasion going on, it goes to moral turpitude and it's admissible to prove –*
>
> *MR LEIBNITZ: Absolutely not.*
>
> *MR PLATZER: -- credibility and to prove bias...*

Vangelov Depo., Vol. I, p. 90.

> *... MR PLATZER: Andy, it goes to his credibility as a witness.  If Hotfile intends to use him as a witness at trial, the jury is entitled to know of any crime involving moral turpitude, and tax evasion clearly qualifies as something that goes to this witness's credibility.*

Id., p. 91.

3

In so arguing, the Plaintiffs appear to be confusing Fed. R. Evid. 609, which permits the introduction of certain prior criminal *convictions* with the Plaintiffs' simple desire to smear the character of Hotfile (as well as Messrs. Titov, Vangelov, and Stoyanov). The first is sometimes permissible; the second never so.

Stripped of their stated desire to improperly call into question the witnesses' credibility by insinuating criminal wrongdoing, the admission of evidence or testimony concerning Hotfile's payment (or non-payment) of taxes on certain revenues serves no legitimate purpose. Fed. R. Evid. 401 provides, in relevant part, that evidence is only "relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Because evidence, testimony, argument, or exhibits concerning Hotfile's payment (or non-payment) of taxes on certain revenues has no relevance to the issues to be tried, the Court should order that any such evidence, testimony, argument, or exhibits be excluded.

II.   Evidence Concerning Hotfile's Payment (or non-Payment) of Taxes Should be Excluded Under Fed. R. Evid. 404(b).

Fed. R. Evid. 404(b) provides specifically that: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Given the Plaintiffs admitted intent to use the proffered testimony for precisely this impermissible purpose, all evidence, testimony, argument, or exhibits concerning Hotfile's payment (or non-payment) of taxes on certain revenues should be excluded.

III.   Evidence Concerning Hotfile's Payment (or non-Payment) of Taxes Should be Excluded As More Prejudicial Than Probative.

Even if evidence concerning the payment (or non-payment) of taxes on certain

revenues were relevant – and even if deposition testimony during which witnesses were instructed not to answer questions concerning said taxes were relevant - such evidence should still be excluded as it would clearly be more prejudicial than probative.  Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  In the present case, the risks of undue prejudice are great.  The Plaintiffs themselves have acknowledged their true goal with the offer of such evidence – they want to call into question the "credibility" and "moral turpitude" of Hotfile and Messrs. Titov, Vangelov, and Stoyonov.  If permitted to introduce such evidence, the Plaintiffs' sought-after prejudicial goal would indeed be accomplished without providing any probative value to the questions actually before the jury.

Hotfile has been neither accused nor convicted of any crime involving tax evasion. The present case is one of alleged vicarious copyright infringement, not tax evasion.  Indeed, the prejudicial nature of this purported evidence is evident from the simple fact that the Plaintiffs seek to suggest that the Defendants have engaged in tax evasion, despite the fact that, *under Panamanian law, no such taxes were due.*

Even if the proffered evidence were relevant and not unduly prejudicial, the introduction of such evidence – which would undoubtedly require experts in Bulgarian and Panamanian tax law if it were to have any context whatsoever – would improperly and impermissibly introduce irrelevant evidence into the present case.  As such the Court should order that any evidence, testimony, argument, or exhibits concerning Hotfile's payment (or non-payment) of taxes be excluded.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that prior to filing this Motion, counsel for Defendants, Evan Fray-Witzer, Esq., conferred with counsel for Plaintiffs, Luke C. Platzer, Esq., in a good faith effort to resolve this motion by agreement, but was unable to do so.

/s/ Evan Fray-Witzer
Evan Fray-Witzer

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ BRADY J. COBB
BRADY J. COBB, ESQUIRE
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via email on all counsel or parties of record on the attached service list this 28th day of October, 2013.

/s/ Matthew Shayefar
Matthew Shayefar

**SERVICE LIST:**
CASE NO: 11-20427-CIV-WILLIAMS

***Counsel for Plaintiffs:***

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
sfabrizio@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo (*Pro Hac Vice*)
dhandzo@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

GRAY-ROBINSON, P.A.
Karen L. Stetson
karen.stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Phone: 818.935.5812

***Counsel for Defendants:***

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201