UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY,
EVIDENCE, OR ARGUMENT CONCERNING MEGAUPLOAD
WITH INCORPORATED MEMORANDUM OF LAW**

Despite lacking an even arguable basis for the introduction of evidence concerning Megaupload – a wholly unrelated file sharing service, which was indicted by the United States Government – the Plaintiffs have reserved the right to use the indictment, the fact of the indictment, and/or the unproven allegations concerning Megaupload as a way to improperly

prejudice the jury with respect to the actual defendants in the present case.[1] Even putting aside the fact that Megaupload has been *convicted* of *nothing*, the Plaintiffs have reserved the right to use the indictment and/or the very fact that this unrelated website has been *accused* of wrongful acts to improperly tar the defendants in this case. Accordingly, Hotfile Corp. ("Hotfile") and Anton Titov ("Mr. Titov") hereby move for this Honorable Court to enter an Order preventing the parties, their counsel and witnesses from including, mentioning, referring to, interrogating concerning, implying, offering into evidence, or attempting to convey to the jury in any manner, shape or form, either directly or indirectly any mention of Megaupload or the indictment of that service. In further support of this Motion and Memorandum, the Defendants state as follows.

I.  <u>Megaupload – and its Indictment – Are Irrelevant to the Issues in This Case.</u>

Despite the Plaintiffs' fervent efforts during discovery to link Hotfile and Megaupload, they were entirely unable to do so. Specifically, during depositions, Plaintiffs' counsel asked two of Hotfile's founders, Anton Titov and Rumen Stoyanov, if Hotfile had been modeled on Megaupload. Each stated that it had not been. *See* Titov Depo., Vol I., pp. 26-27 (testifying that, at the time of the founding of Hotfile, they "were probably aware of Megaupload, but I don't think we were really looking at Megaupload as an example of functionality or anything else"); Stoyanov Depo., Vol. 1, pp. 18-20 (testifying that, at the time Hotfile was first conceived, he was not even aware of the existence of Megaupload).[2]

---

[1] Although Plaintiffs designated the Megaupload indictment as a trial exhibit, they have recently clarified that, while they do not intend to introduce the indictment or discuss Megaupload in their case in chief, they reserve the right to do so if Hotfile introduces testimony comparing its service to other legitimate cloud storage companies. The Defendants nevertheless move for the exclusion of such evidence and testimony because they do not believe that there are any circumstances (other than the Defendants themselves introducing the topic of Megaupload, which they do not intend to do) which would permit the Plaintiffs to introduce the indictment or other evidence or testimony concerning Megaupload.

[2] The only other testimony eliciting during the depositions concerning Megaupload was Stoyanov's testimony that he thought Megaupload may have offered an affiliate program (Stoyanov Depo., Vol. I, pp. 22) and Atanas Vangelov's testimony that he did not know, one way or another, if Megaupload offered a Special Rightsholder Account to the movie studios. Vangelov Depo., Vol. 1, pp. 159.

2

Undeterred, Plaintiffs nevertheless reserve the right to introduce testimony and/or evidence concerning Megaupload and/or its indictment for no other reason than in the hopes that, by doing so, they can besmirch Hotfile with guilt by association. Introduction of such evidence would be all the more startling given that (a) Megaupload has not actually been found guilty of anything to date and (b) there is no actual association between the two services. In reserving the right to introduce such evidence, the Plaintiffs seem to have overlooked a basic precept of the American legal system, namely that "every man is presumed to be innocent until his guilt is proved beyond a reasonable doubt." *Coffin v. United States*, 156 U.S. 432, 459 (1895). Moreover, the case against Megaupload has yet to substantively proceed, and all present indications are that the case will either be dismissed or substantially scaled back. The Plaintiffs have no reasonable argument – indeed they have no argument at all – that such evidence is relevant to either their proof of damages under a vicarious liability theory or the defense of the counterclaims in this case.[3]

Federal Rule of Evidence 401 provides, in relevant part, that evidence is only "relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Because evidence, testimony, argument, or exhibits concerning Megaupload and/or its indictment meets neither test, the Court should order that any such evidence, testimony, argument, or exhibits be excluded.

---

[3] To the extent that the Plaintiffs attempt to argue that such evidence is relevant to show that Hotfile modeled itself on a website indicted for infringement, such an argument would fail because: (a) the only testimony elicited was that Hotfile was *not* modeled on Megaupload, (b) at the time Hotfile was created, Megaupload had not even been indicted and so there would have been no reason for Hotfile to suspect that Megaupload's model was improper, assuming it was, and (c) Megaupload has not actually been found guilty of infringement. Although Hotfile should not need to continually remind the Plaintiffs of the presumption of innocence, it appears that such reminders are indeed required.

3

II. **Evidence of Megaupload and its Indictment Would Be Far More Prejudicial Than Probative.**

Even if evidence concerning Megaupload and/or its indictment were remotely relevant, such evidence should still be excluded as it would clearly be more prejudicial than probative. Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In the present case, the risks of undue prejudice are great. If the Plaintiffs are permitted to confuse the jury with guilt-by-association theories, it is entirely possible that the jury will attribute the allegations against Megaupload to Hotfile. Given that: (a) the allegations against Megaupload are just that, allegations, (b) the allegations, in any event, have nothing to do with Hotfile, and (c) the Plaintiffs have no legitimate purpose for introducing such evidence, the risk that the jury will be confused or misled is high. As such the Court should order that any such evidence, testimony, argument, or exhibits be excluded.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that prior to filing this Motion, counsel for Defendants, Evan Fray-Witzer, Esq., conferred with counsel for Plaintiffs, Luke C. Platzer, Esq., in a good faith effort to resolve this motion by agreement, but was unable to do so.

/s/ Evan Fray-Witzer
Evan Fray-Witzer

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ BRADY J. COBB
BRADY J. COBB, ESQUIRE
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 28th day of October, 2013.

/s/ Brady J. Cobb
Brady J. Cobb

5

## SERVICE LIST:
### CASE NO: 11-20427-CIV-WILLIAMS

*Counsel for Plaintiffs:*

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
sfabrizio@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo (*Pro Hac Vice*)
dhandzo@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

GRAY-ROBINSON, P.A.
Karen L. Stetson
karen.stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Phone: 818.935.5812

*Counsel for Defendants:*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201