UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO PRECLUDE USE OF THE PEJORATIVE TERMS "PIRACY,""THEFT," AND
"STEALING" (AND THEIR DERIVATIVES)**

75212.1

## **TABLE OF CONTENTS**

                                                                                                 **Page**

INTRODUCTION ...........................................................................................................................1

ARGUMENT .................................................................................................................................2

I.      ANY PREJUDICE TO DEFENDANTS WOULD NOT BE "UNFAIR" BECAUSE THE ALLEGEDLY PEJORATIVE TERMS ARE COMMON WAYS TO DESCRIBE THE CONDUCT AT ISSUE ...................................................................................................2

II.     THE RELIEF SOUGHT BY DEFENDANTS' MOTION IS VAGUE AND OVERLY BROAD ..................................................................................................................6

CONCLUSION ..............................................................................................................................7

# **TABLE OF AUTHORITIES**

**CASES**

*Abrams v. Ciba Specialty Chemicals Corp.*, No. Civ. A. 08-0068-WS-B, 2010 WL 1141409 (S.D. Ala. Mar. 22, 2010) ................................................................................ 6

*Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013) .................................. 3

*Highland Capital Management L.P. v. Schneider*, 551 F. Supp. 2d 173 (S.D.N.Y. 2008) .............. 5

*In re Aimster Copyright Litigation*, 252 F. Supp. 2d 634 (N.D. Ill. 2002) ...................................... 3

*In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Products Liability Litigation*, No. 03-md-2100, 2011 WL 6740391 (S.D. Ill. Dec. 22, 2011) ............................... 6

*Kaw v. School Board*, No. 07-cv-2222, 2009 WL 1609023 (M.D. Fla. June 9, 2009) ................... 2

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) ................................. 3

*Perry v. Ethan Allen, Inc.*, 115 F.3d 143 (2d Cir. 1997) ................................................................. 2

*Sony BMG Music Entertainment, v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011), *cert. denied*, 132 S. Ct. 2431 (2012) .................................................................................................. 3

*United States v. Cassim*, 693 F. Supp. 2d 697 (S.D. Tex. 2010) ................................................ 3, 4

*United States v. Felton*, 417 F.3d 97 (1st Cir. 2005) ...................................................................... 3

*United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002) ............................................................... 4

*Wilson v. Ampride, Inc. (In re Motor Fuel Temperature Sales Practices Litigation)*, No. 07-1840, 2012 WL 2505305 (D. Kan. June 28, 2012) ................................................................ 5

**STATUTES**

17 U.S.C. § 504(c)(2) ...................................................................................................................... 5

Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774 ............................................................................................................ 4

**LEGISLATIVE MATERIALS**

H.R. Rep. No. 106-216 (1999) ........................................................................................................ 4

iii

**OTHER AUTHORITIES**

Justin Hughes, *Copyright and Incomplete Historiographies: Of Piracy, Propertization, and Thomas Jefferson*, 79 S. Cal. L. Rev. 993 (2006) ................................................................. 4

**INTRODUCTION**

Defendants have moved *in limine* to preclude Plaintiffs from using supposedly "pejorative" terms such as "piracy" and "theft" to describe or refer to the Defendants or their founders, arguing that those terms would be unduly prejudicial. *See* Defs.' Mot. and Mem. 1-2, D.E. 574 ("Defs.' Mot."). Defendants' motion should be denied. It is the Plaintiffs who are threatened with undue prejudice here, by Defendants' motion. Terms like "piracy" and "theft" are commonplace terms often used in court decisions, statutes, and everyday speech to describe the conduct in which Hotfile and its users engaged, and for which the Court has already found Defendants liable. If Plaintiffs can prove the conduct and Hotfile's intent – and Plaintiffs are surely entitled to try – there is no unfair prejudice that flows from using the language ordinarily associated with that conduct. Defendants, knowing that *the conduct* referenced by the words "theft" and "piracy" is opprobrious, want to block Plaintiffs from using *words* that denote such conduct. But it would be unreasonable to prohibit the Plaintiffs from using commonplace words to describe wrongful conduct simply because the conduct they describe is unsavory. Any prejudice to Defendants that might result from the use of such words, assuming that such prejudice even exists, would not be "unfair" within the meaning of Rule 403.

The relief Defendants request, moreover, would prejudice the Plaintiffs by forcing their witnesses to testify without using the words they employ as part of their everyday job responsibilities combating the online theft of their works. Defendants insist that Plaintiffs' witnesses must resort to awkward phrases and euphemisms rather than using the more commonplace terms that the witnesses typically use and the jury will readily understand. This is nearly impossible – references to terms like "piracy" are pervasive in the testimony and trial exhibits in this case. For instance, the department of Plaintiff Warner Bros. Entertainment Inc. responsible for locating and taking down content on Hotfile, and with which Hotfile's Counterclaim is concerned, has the word "piracy" right in its name ("Global Corporate Anti-Piracy"), as does the job title of Warner's corporate representative (the head of the aforementioned department) who will be testifying in response to the Counterclaim. It is difficult to see how such terms could be avoided.

Finally, the relief Defendants seek is vague, overbroad, and would unnecessarily complicate the trial. Defendants do not list all terms they believe should be excluded, but simply leave it to the Court to anticipate all terms that arguably are similar to "piracy," "theft," and so

1

forth, and to determine in the abstract, without any factual context, whether any such terms would be "unfairly" prejudicial. Defendants provide no meaningful way for the Court to distinguish between general uses of those terms (such as with respect to Hotfile's "affiliate" sites or its users, to which terms like "pirate" and "theft" are unquestionably apt) and uses of those terms "in reference to" Hotfile. Defendants' request thus invites an order that would be difficult for Plaintiffs and their witnesses to understand or follow, raising the specter of unintentional noncompliance and complicating an issue that should be simple: Plaintiffs believe and contend that Defendants were and are engaged in copyright piracy and theft; Defendants apparently contend at trial that their conduct was not willful and that they are guilty of nothing more than an innocent failure to supervise or stop the infringement of others. Defendants' desire to avoid being called "pirates" or "thieves" is simply a restatement of their merits defenses, which Plaintiffs are entitled to contest at trial.

## ARGUMENT

**I.   ANY PREJUDICE TO DEFENDANTS WOULD NOT BE "UNFAIR" BECAUSE THE ALLEGEDLY PEJORATIVE TERMS ARE COMMON WAYS TO DESCRIBE THE CONDUCT AT ISSUE.**

Defendants' argument that terms like "piracy" and "theft" would prejudice them at trial is simply an argument about the merits of the case – Defendants do not want Plaintiffs to use vocabulary describing the Defendants' conduct at issue in the damages claim. That is not the sort of prejudice against which Rule 403 protects.

Although Rule 403 allows the Court to protect a party against evidence or argument "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . .," the key word is "unfair." *See Kaw v. Sch. Bd.*, No. 07-cv-2222, 2009 WL 1609023, at *2 (M.D. Fla. June 9, 2009) (Rule 403 applies "only to "*unfair* prejudice *substantially* outweighing probative value." (quoting *United States v. Sawyer*, 799 F.2d 1494, 1506 (11th Cir. 1986) (emphasis in original))); *see also Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) (("Although any evidence that tends to establish liability is prejudicial to the interests of the defendant, the prejudice is unfair only if the evidence has an undue tendency to suggest decision on an improper basis." (quoting Fed. R. Evid. 403 advisory committee's note) (internal quotation marks omitted)). Evidence and argument referencing a party's liability for unlawful conduct is of course prejudicial, but not unfairly so.

2

The danger of unfair prejudice simply does not exist in cases where a party is using terminology referencing the conduct that the lawsuit is about and that the party using the term is trying to prove. Plaintiffs would not be using terms like "piracy" and "theft" to demonize Defendants. Plaintiffs would be using them because they are common ways to describe and conceptualize the conduct at issue. *See United States v. Felton*, 417 F.3d 97, 103 (1st Cir. 2005) (holding that the government did not improperly refer to defendants as "terrorists," even though they were not specifically charged with terrorism, because the term "terrorism" fairly described the defendants' actions in a lay sense). For that reason, at least one court has already rejected the argument Hotfile makes here. In *United States v. Cassim*, 693 F. Supp. 2d 697, 701-02 (S.D. Tex. 2010), the court denied the defendants' motion to exclude use of the term "music piracy" at trial. Although the defendants argued that the term had no probative value and was highly prejudicial, the court held that "because this term was and is commonly used to refer to the conduct in question, it will be difficult for witnesses and lawyers to generate an adequate substitute during questioning." *Id.*

It is hard to accept at face value Defendants' claim that terms like "piracy" and "theft" are so inherently prejudicial that they would unduly inflame the jury and interfere with their ability to reach a fair verdict. Those terms are pervasive in popular culture to refer to large-scale online copyright infringement; indeed, many of the most important copyright opinions use these terms regularly. *See, e.g., Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 962 (2005) (Breyer, J., concurring) (referring to the need of copyright holders to have tools to reduce piracy, and stating that "deliberate unlawful copying is no less an unlawful taking of property than garden-variety theft."); *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1025, 1036, 1042 (9th Cir. 2013) (making repeated references to "pirated" material made available on defendant's file sharing service), *petition for cert. filed* 82 U.S.L.W. 3137 (U.S. Sept. 12, 2013) (No. 13-334); *Sony BMG Music Entm't., v. Tenenbaum*, 660 F.3d 487, 492 (1st Cir. 2011) (referring to the proliferation of online piracy), *cert. denied* 132 S.Ct. 2431 (2012); *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 652 (N.D. Ill. 2002) (holding that "[d]efendants manage to do everything but actually steal the music off the store shelf and hand it to Aimster's users."), *aff'd* 334 F.3d 634 (7th Cir. 2003). In fact, when Congress amended 17 U.S.C. § 504(c)—the section under which Plaintiffs are entitled to statutory damages in this case—to increase the statutory damages available, it named the act the "Digital *Theft* Deterrence

3

75212.1

and Copyright Damages Improvement Act of 1999," Pub. L. No. 106-160, 113 Stat. 1774 (emphasis added).  The Act's legislative history repeatedly lists the problems of digital "piracy," "theft" and "steal[ing]" as a justification for increasing the available damages.  *See* H.R. Rep. 106-216, 106th Cong., 1999 WL 446444, at *1-4 (1999).  And the concept of copyright "piracy" is hardly a new one; courts have used the term "piracy" in copyright cases for more than 300 years.  *See* Justin Hughes, *Copyright and Incomplete Historiographies: Of Piracy, Propertization, and Thomas Jefferson*, 79 S. Cal. L. Rev. 993, 1042-43 (2006) (noting that the term "piracy" became commonplace in the copyright context once copyrights became identified as property, and tracing the use of the term "piracy" to an English decision in 1798 and an American decision in 1820).

Terms like "piracy" are also pervasive throughout the evidence proffered by both sides in this case.  For instance, Defendants have designated 163 excerpts from the depositions of David Kaplan for use at trial.  *See* Defendants' Designations of Deposition Testimony for Trial ("Defs.' Depo. Designations"), Declaration of Luke C. Platzer in Oppositions to Defendants' Motions in Limine and Daubert Motion ("Platzer Decl."), Ex. 1.  Kaplan is the "Senior Vice President, Anti-Piracy" at Warner and testifies extensively about Warner's antipiracy efforts, including in excerpts designated by Hotfile.  *See, e.g.,* Excerpts of Transcript of Deposition of David Kaplan (Oct. 12, 2011) at 112:8; 129:25, Platzer Decl. Ex. 2.  Likewise, Defendants have designated 26 excerpts from the deposition of Yangbin Wang, the founder and CEO of Vobile.  *See* Defs.' Depo. Designations, Platzer Decl. Ex. 1.  Wang refers to Vobile as providing "antipiracy" technology.  *See* Excerpt of Transcript of Deposition of Yangbin Wang (Dec. 22, 2011) at 20:24-21:3, Platzer Decl. Ex. 3.  Some of the exhibits on Defendants' exhibit list contain communications by both parties and non-parties referencing piracy or anti-piracy.  *See, e.g.,* Defendant's Exhibit 116 (email from an individual to antipiracy.germany@warnerbros.com stating that content he uploaded was mistakenly reported as "pirated."), Platzer Decl. Ex. 4.  Avoiding these commonly used terms for copyright infringement is highly impractical, if not impossible.  It would require not only the redaction of exhibits and deposition testimony, but also would force the witnesses to censor the way they speak and think about the conduct in question, resorting to awkward and unfamiliar phrases instead of everyday language with which they are most comfortable, and which will be readily comprehensible to the jury.  *See Cassim*, 693 F. Supp. 2d at 701-02; *see also United States v. Tinoco*, 304 F.3d 1088, 1120-21 (11th Cir. 2002)

4

75212.1

(permitting government witnesses to refer to a boat allegedly used in drug-smuggling as a "go-fast" vessel, even though the term was potentially prejudicial, because the term was intended to show the significance of certain attributes or behaviors that made the boat useful for drug-smuggling).

In contrast, cases where courts have precluded a party from using pejorative terms to describe the other side usually involve situations where the terms at issue "had little relation to the claims or charges, or were offered to improperly inflame the jury or disparage a party's character." *Wilson v. Ampride, Inc. (In re Motor Fuel Temperature Sales Practices Litig.)*, No. 07-1840, 2012 WL 2505305, at *8 (D. Kan. June 28, 2012). For instance, in *Highland Capital Management L.P. v. Schneider*, 551 F. Supp. 2d 173, 191 (S.D.N.Y. 2008), the court precluded the plaintiff in a contract dispute from classifying the defendants' actions as "securities fraud." Proving that defendants committed securities fraud was not part of the plaintiff's case, and had no purpose other than to vilify defendants. *Id.*

Perhaps because they recognize that use of terms like "piracy" and "theft" cannot be removed from the trial entirely, Defendants try to limit the relief they seek by arguing that their *own* infringing conduct is not in issue at trial, and that Plaintiffs therefore have no reason to use those terms "in reference to the Defendants or their founders." Defs.' Mot. and Mem. 1. Leaving aside for the moment the issue of determining when uses of those terms are "in reference" to Defendants, *see* Section II *infra*, that is simply false. Regardless of whether Defendants could be liable for direct infringement, *see* Defs.' Mot. 2-3, one of the major issues in Plaintiffs' damages claim is whether Defendants' secondary infringement of Plaintiffs' copyrights was willful. *See* 17 U.S.C. § 504(c)(2) (providing for increased statutory damages where the infringement was willful). Plaintiffs are entitled to show at trial not only that Defendants knew that infringement was rampant on their site, but that their disregard for copyright owners' rights, and failure to do anything to stop or limit the infringement, was a purposeful decision to sustain their ill-gotten profits. To be sure, Defendants may wish to contest the assertion that their conduct was willful, and accordingly contest that terms like "piracy" and "theft" accurately describe their business. But that is nothing more than an argument about the merits of the case. It is not an argument about admissibility.

5

## II. THE RELIEF SOUGHT BY DEFENDANTS' MOTION IS VAGUE AND OVERLY BROAD.

The Court should also deny Defendants' requested relief because it is vague and overbroad, making it difficult for the Court to fashion any kind of relief that would satisfy Defendants' request without also creating a high risk of unintentional noncompliance that would unduly hamstring Plaintiffs' trial presentation.

For instance, Defendants do not list all the terms they contend should be excluded, nor do they indicate specific exhibits or testimony that should be altered to remove such language. They simply leave it to the Court to anticipate all terms that may be arguably similar to "piracy," "theft," and so forth, and then to determine in the abstract whether those terms might be unfairly prejudicial. Courts routinely reject such requests for broad and vague orders. *See Abrams v. Ciba Specialty Chems. Corp.*, No. 08-0068, 2010 WL 1141409, at *3 (S.D. Ala. Mar. 22, 2010) (denying a motion in limine that sought to exclude "[a]ny comment or personal anecdote" by anyone who "benefitted from the Defendant's business" because the request was "so broad and so vague that the Court cannot discern what types of evidence plaintiffs are worried about." (internal quotation marks omitted)). In the event Defendants have objections to the use of any particular terms in a particular context, those objections are best reserved for trial. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 03-md-2100, 2011 WL 6740391, at *12 (S.D. Ill. Dec. 22, 2011) (denying as overly broad a motion in limine to exclude "unrelated" evidence, because whether the evidence was actually related was disputed by the parties and best left for individual determinations at trial).

Moreover, despite purporting to limit their motion to uses of those terms "in reference to Defendants or their founders," Defendants provide no meaningful way for the Plaintiffs or the Court to determine when any particular use of a term similar to "piracy" would be considered "in reference to Defendants." The vagueness of this relief, and the difficulty of knowing when evidence or argument would violate it, raises the specter of unintentional noncompliance by Plaintiffs and would unduly constrain their ability effectively to present their case to the jury. Both Plaintiffs' damages claim and Hotfile's Counterclaim are fundamentally about the issue of piracy (e.g. copyright infringement) on Hotfile, for which it has already been found to be secondarily liable. In that sense, *all* of the evidence about the infringement on the site is in some sense "in reference to Hotfile," even where Hotfile is not called out by name. For instance, Plaintiffs intend to present evidence as to the blatant and repeat infringement by Hotfile

6

75212.1

"affiliates" to whom Hotfile paid money for uploading content to the site – affiliates that, by any definition of the term, qualify as commercial pirates. Plaintiffs should be entitled to refer to those "affiliates" as pirates when explaining their role to the jury, without having to worry that the explanation could subject Plaintiffs to sanctions for contempt. *See Yasmin*, 2011 WL 6740391, at *12 (holding that a motion in limine was overly broad where it demanded in the abstract exclusion of "unrelated" evidence on a particular issue). Given that there is unlikely any real prejudicial effect to the terms "pirate" and "theft" in any event, there is no reason to so hamstring Plaintiffs' ability to put on their case. Granting relief along the lines that Defendants request would prejudice Plaintiffs if they and their witnesses cannot use everyday terms to refer to the wrongs at issue, on pain of contempt should they inadvertently use one of these commonplace words in error.

## CONCLUSION

For the reasons stated herein, Hotfile's motion should be denied.

DATED: November 6, 2013

Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION
 OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
David A. Handzo (*Pro Hac Vice*)
Kenneth L. Doroshow (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

7

75212.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of November, 2013, I caused the following document to be served on all counsel of record on the attached service list via the Court's ECF System:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE USE OF THE PEJORATIVE TERMS "PIRACY," "THEFT," AND "STEALING" (AND THEIR DERIVATIVES)**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-C1V-20427-WILLIAMS-TURNOFF**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201

*Attorney for Defendants Hotfile Corp. and Anton Titov*

75212.1