UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DEFENDANTS' OPPOSITION TO WARNER'S MOTION IN LIMINE
TO PRECLUDE DEFENDANTS FROM OFFERING THE OPINIONS OF
<u>DR. MATTHEW R. LYNDE AT TRIAL</u>**

Warner Bros. Entertainment Inc.'s ("Warner") Motion to preclude the opinions of Dr. Matthew R. Lynde, an expert witness for Hotfile Corp. ("Hotfile"), is based upon a faulty reading of Dr. Lynde's expert report and nonexistent law that runs counter to this Court's order on summary judgment.

1

**Argument**

I. **This Court's Order on Summary Judgment Has Already Held that Dr. Lynde's Opinion is Not Speculative and Will Be Helpful to the Jury**

Throughout Warner's motion, Warner repeatedly bases its argument on a presumption that Hotfile's Counterclaim under 17 U.S.C. § 512(f) allows it to recover only those actual damages that may be proved with absolute certainty. However, there is no legal basis for such a presumption, and this Court has already indicated that this presumption is incorrect. Moreover, the Court has already held that Dr. Lynde's expert testimony provides a non-speculative basis for the jury to find damages. As the Court held in its Order on the Motions for Summary Judgment:

> The only issue remaining is whether Hotfile is able to show any injury for the deletion, which is an element of a Section 512(f) claim and which Warner questions. "A fair reading of the statute, the legislative history, and similar statutory language indicates that § 512(f) plaintiff's damages must be proximately caused by the *misrepresentation to the service provider and the service provider's reliance on the misrepresentation*." *Lenz III*, 2010 WL 702466, at *10 (emphasis in original). In this regard, the Court observes that the quantity of economic damages to Hotfile's system is necessarily difficult to measure with precision and has led to much disagreement between the parties and their experts. Notwithstanding this difficulty, the fact of injury has been shown, and Hotfile's expert can provide the jury with a non-speculative basis to assess damages. Additionally, *Lenz III* concluded that the subsection provides for damages beyond actual damages, even if they are not substantial. *Id.* at *7-10.

*Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-Civ-20427, slip op., at 98 (S.D. Fla. Aug. 28, 2013).

Therefore, this Court has already held: (a) that Hotfile has suffered actual damages; (b) that such damages are inherently difficult to measure with precision; (c) that Dr. Lynde's testimony provides useful and non-speculative information on which the jury can base its calculation of damages; and (d) that Hotfile's damages are not limited to its actual damages (which, as mentioned, are necessary difficult to measure in any case). On this basis alone, this Court should deny Warner's Motion.

2

## II. Dr. Lynde's Calculations Are Within the Bounds of Section 512(f) and is Based on the Correct Legal Standard

### A. Dr. Lynde's Testimony Satisfies Fed. R. Civ. P. 9(b)

Warner argues that Dr. Lynde's testimony should be barred because Federal Rule of Civil Procedure 9(b) requires heightened pleading standards. Specifically, Warner argues that Dr. Lynde's *entire* testimony should be disqualified because the parties stipulated to limit the factual basis for Dr. Lynde's testimony based on Warner's Rule 9(b) threats. Under the stipulation, the parties agreed that Warner's Counterclaim would be based solely on a "definitive list" of 890 takedown notices identified by Hotfile in the Counterclaim. See Joint Motion, DE 151, at 2-3; Order Granting Joint Motion, DE 155.

Apparently though, Warner either purposefully ignores or forgets that Dr. Lynde's expert report produced two damages calculations: (a) one based solely on the "definitive list" of 890 takedown notices and (b) one based on a larger number of notices calculated as a percentage of all of Warner's takedown notices. See Expert Report of Matthew R. Lynde, ¶ 36 (reporting the damages for both methods of calculations) ["Lynde Expert Report"]; *also compare* Schedule 1 of Lynde Expert Report (damages analysis based on wrongful takedowns listed in Counterclaim) *with* Schedule 2 of Lynde Expert Report (damages based on percentage of total Warner takedowns). Given that Dr. Lynde's Expert Report already separates out the damages resulting from the definitive list, it is a wonder that Warner seeks to exclude the entirety of Dr. Lynde's testimony on the basis of testimony that Hotfile has stipulated it will not rely on. In any case, Dr. Lynde's testimony with regards to damages arising from the "definitive list" of wrongful takedowns satisfies Section 512(f) and Fed. R. Civ. P. 9(b), and therefore should not be excluded.

3

### B. The Court Has Already Held That Dr. Lynde's Testimony Will Be Helpful to the Jury

Warner appears to argue that Dr. Lynde's testimony will not be helpful to the jury because it is based on damages allegedly outside those permitted by Section 512(f) and Rule 9(b). However, as stated above, Dr. Lynde's opinions are relevant and confined to the issue of damages resulting from the "definitive list" of wrongful takedowns identified in Hotfile's Counterclaim. Therefore, Dr. Lynde's testimony is directly related to the issue which the jury will need to decide: the measure of damages to Hotfile arising from that definitive list. Because Warner's base assumption is wrong, so is Warner's argument that the testimony is not helpful to the jury.

In any case, however, this Court has already held that Dr. Lynde's testimony will be helpful to the jury, and therefore Dr. Lynde's testimony should not be excluded. Specifically, this Court held that "the fact of injury has been shown, and Hotfile's expert can provide the jury with a non-speculative basis to assess damages." *Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-Civ-20427, slip op., at 98 (S.D. Fla. Aug. 28, 2013).

Finally, it should be noted that, in addition to a damages calculation, Dr. Lynde's Expert Report also includes voluminous and uncontroverted opinions about the general damages that a party like Hotfile suffers as a result of wrongful takedown notices. Dr. Lynde has opined as to at least three general forms of damage arising to Hotfile from wrongful takedowns: "First, wrongful takedowns may lead to termination of a premium account and therefore loss of all future revenues associated with that account." Lynde Expert Report, ¶ 26. "Second, reduction in the number of files available to users for download reduces the value of the premium account to users." *Id.* at ¶ 27. "Third, wrongful takedowns negatively affect Hotfile's affiliates and the

4

revenues associated with the traffic they generate." *Id.* at ¶ 28. Dr. Lynde's opinions on these matters will also be highly helpful to the jury in determining Hotfile's damages.

### III. Dr. Lynde's Calculations are Based on a Proper Foundation and this Court Has Already Determined them to be Non-Speculative

Dr. Lynde has provided a proper foundation for his damages calculations, based on an in-depth study of Hotfile's business model and its "SRA" anti-piracy tool. See Lynde Expert Report, ¶¶ 10-19, 25. After Dr. Lynde's study of Hotfile, and based on his unimpeachable knowledge, skill, experience, and training in damages calculations, Dr. Lynde determined that there were at least three different forms of damages to Hotfile resulting from wrongful takedown notices. See *Id.* at ¶¶ 26-28. More broadly, Dr. Lynde opined that "wrongful takedowns are likely to adversely affect Hotfile's business reputation and goodwill." Based on these factors, Dr. Lynde conducted an analysis of lost profits to Hotfile based on a list of wrongful takedown notices.

In any case, both this Court and others have recognized that the actual monetary damages in this case are as a necessity, very difficult to determine. *Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-Civ-20427, slip op., at 98 (S.D. Fla. Aug. 28, 2013) ["Order on Summary Judgment"] ("In this regard, the Court observes that the quantity of economic damages to Hotfile's system is necessarily difficult to measure with precision . . . ."). *See also*, *e.g.*, Emory *Univ. v. Nova Biogenetics, Inc.*, CIVA 1:06-CV-0141TWT, 2008 WL 2945476 (N.D. Ga. July 25, 2008) ("But the negative effects of the Plaintiffs' potential loss in goodwill, market share, and prestige are real, and would be difficult to quantify solely through monetary damages.").

5

However, this does not mean that Dr. Lynde's calculation of damages is speculative, as the Court has already found that Warner has, in fact, damaged Hotfile with its wrongful takedowns.  Order on Summary Judgment, at 98 ("Notwithstanding this difficulty, the fact of injury has been shown.").  Moreover, this Court has already held that Dr. Lynde's opinions on damages is not speculative and will be helpful to the jury in determining the final valuation of damages.  *Id.* ("Hotfile's expert can provide the jury with a non-speculative basis to assess damages.").  Finally, Hotfile's damages are not limited to actual damages and therefore Dr. Lynde's testimony will, at the very least, guide the jury to determining the final amount of damages.  See *Id.* ("*Lenz III* concluded that the subsection provides for damages beyond actual damages, even if they are not substantial." (citing *Lenz v. Universal Music Corp.*, C 07-3783 JF, 2010 WL 702466, *7-10 (N.D. Cal. Feb. 25, 2010))).[1]

Therefore, Dr. Lynde's opinions are not unreliable, but instead are based on a proper foundation that this Court has already determined to be non-speculative.

### III. Dr. Lynde's Opinions Presented on Summary Judgment Should be Permitted at Trial

The parties have been discussing a stipulation whereby experts from both sides will provide limited supplementations to their expert reports and that limited depositions will be permitted on the basis of the supplementations.  However Dr. Lynde's opinions which Warner is now objecting to were made available to Warner in March of 2012 at the latest, **20 months ago**.  Therefore, Warner's statement that it "has never had the opportunity to question Dr. Lynde on this summary judgment theory" is simply disingenuous.  Motion, p. 7.  Warner has had more than a "reasonable opportunity to prepare for effective cross examination," but has failed to do so

---

[1] The *Lenz* court undertakes an extensive and elucidating study of the damages available to a Section 512(f) plaintiff, arriving at the conclusion that the use of "any damages" in section 512(f) "suggests strongly Congressional intent that recovery be available for damages even if they do not amount to . . . substantial economic damages." *Lenz* at *10.

6

on its own account.  *See OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008).  Finally, as detailed above, this Court has already found that Dr. Lynde's testimony will be helpful to the jury.

## **Conclusion**

Fore the reasons stated hereinabove, the Warner's Motion in Limine to Preclude Defendants from Offering the Opinions of Dr. Matthew Lynde at Trial should be denied in its entirety.

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ BRADY J. COBB
BRADY J. COBB, ESQUIRE
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 6th day of November, 2013.

/s/ Brady J. Cobb
Brady J. Cobb

**SERVICE LIST:**

CASE NO: 11-20427-CIV-WILLIAMS

*Counsel for Plaintiffs:*

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
sfabrizio@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo (*Pro Hac Vice*)
dhandzo@jenner.com
Kenneth L. Doroshow (*Pro Hac Vice*)
kdoroshow@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

GRAY-ROBINSON, P.A.
Karen L. Stetson
karen.stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403-5885
Phone: 818.935.5812

*Counsel for Defendants:*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201