UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE TO SET ORDER OF PROOF**

*"Painting a pumpkin green and calling it a watermelon
will not render its contents sweet and juicy."*
-- *Wall v. U.S.*, 2005 WL 2429893 (D. Me. 2005)

Having briefed, argued, and lost their Motion to Bifurcate, the Plaintiffs now seek to accomplish the same bifurcation previously considered, and rejected, by this Court by giving their motion a new name. Simply calling something by a different name, however, does not

1

actually transform it into that which it is not. *See, e.g., Romeo and Juliet* (II, ii, 1-2) ("What's in a name? That which we call a rose by any other word would smell as sweet."). Because the Plaintiffs' proposed bifurcation serves no legitimate purpose, seeks only to unfairly prejudice the Defendants' ability to present their case, and would lead to enormous inefficiencies at trial, the Motion should be denied.

## Argument

The Plaintiffs begin their motion with the unremarkable and uncontested proposition that a trial court always has the discretion to control the order of presentation of evidence at trial, so long as it does not prejudice a party's case in so doing.[1] From there, however, the Plaintiffs make the remarkable leap that the Court should bifurcate the trial into two phases, despite the fact that (a) the Plaintiffs admit that such bifurcation will lead to two opening arguments, two closing arguments, and multiple witnesses being called to the stand twice, (b) the bifurcation would, in fact, prejudice the Defendants, and (c) the Court already heard and ruled on precisely these arguments once before. Like the resurgence of disco music from the 70s, the Plaintiffs' arguments are no more palatable the second time around.

A. **Plaintiffs' Proposed Bifurcation Will Lead to Multiple Inefficiencies.**

By the Plaintiffs' own admission, their proposed bifurcation would require, at a minimum, the repeat testimony of at least three witnesses.[2] Motion, p. 4. And, by design, the Plaintiffs seek an order requiring that the trial be structured so that the jury hears two opening arguments and two closing arguments, as well as repeat testimony from multiple witnesses. *See*

---

[1] Neither of the two cases from within this jurisdiction cited by the Plaintiffs is even remotely on point (other than in stating the general proposition noted above). In *Brough v. Imperial Sterling, Ltd.,* 297 F.3d 1172, 1181 (11th Cir. 2002), the Eleventh Circuit found no error in the trial court having allowed a witness to be recalled to provide rebuttal testimony and in *Vaughan v. Tex Branches*, 112 F.2d 536, 537 (5th Cir. 1940), the Fifth Circuit found no error in a trial Court's grant of a Motion for Directed Verdict at the close of the Plaintiff's case.

[2] According to the Plaintiffs' witness list, *four of the five* witnesses they intend to call with respect to the Counterclaims are duplicative of witnesses they intend to call in their case in chief.

2

Plaintiffs' Proposed Order.  It is precisely such inefficiencies that this Court has striven to avoid in the past.  *See, e.g., In re Nitro Leisure Prods., L.L.C.,* 2003 U.S. Dist. LEXIS 27555 (S.D. Fla. Dec. 15, 2003) ("Bifurcation, even with one jury, may result in two openings, two closings, two deliberations, witnesses traveling back and forth to be called to the stand more than once, and many other practical issues that would delay resolution of this matter.").

Additionally, Plaintiffs state in their statement of the case (contained in the Joint Pretrial Statement) that they intend to prove at trial, *inter alia*, "defendants' blameworthiness in declining to exercise available control to limit or stop the infringement they facilitated through their service."  Joint Pretrial Statement, p. 3.  This will, of course, necessitate testimony concerning the Special Rightsholders' Account ("SRA") which the Defendants made available to the Plaintiffs and which the Plaintiffs utilized.  It will also necessitate testimony concerning Warner's misuse of the SRA tool because – to the extent that Warner has claimed that its misuse was inadvertent and that it had difficulty identifying which files it properly owned – such evidence is equally probative of the difficulty which the Defendants would have faced in identifying allegedly infringing materials, which is relevant to the jury's calculation of statutory damages.  Similarly, to the extent that the Plaintiffs intend to present evidence that they believe shows the Defendants were slow in removing allegedly infringing materials, Defendants are entitled to present mitigating evidence, such as the provision of the SRA tool to the Plaintiffs.

Because the issues to be presented – and the witnesses to be called – in both the case in chief and the counterclaims overlap significantly, bifurcation makes no more sense now than when the Plaintiffs first proposed (and briefed and argued) for such bifurcation and, as such, their motion (or, really, renewed motion) should be denied.

3

      B.      **The Defendants Would Be Significantly Prejudiced By Bifurcation.**

Even if bifurcation wasn't enormously inefficient, the court should also reject bifurcation as unduly prejudicial to the Defendants' ability either to present their defenses or to effectively try the Counterclaims. Practically speaking, the Plaintiffs are asking the Court to first hobble the Defendants' presentation of their defenses and then force the defendants to try their counterclaims to a jury that (a) has already been forced to go through an entire trial (openings, testimony, closings, jury instructions, and deliberations) and is likely ready to be released back to their normal lives, and (b) has been given a one-sided presentation as to the Defendants' (and Plaintiffs') actions. Surely a jury who has just completed a trial in which they have been told nothing but bad facts about the Defendants and nothing but good facts about the Plaintiffs (and rendered a verdict on that basis) will not then be able to fairly consider the alleged wrongs of Warner during the presentation of the counterclaims. The Plaintiffs' motion is designed specifically to maximize the prejudice suffered by the Defendants and, if allowed, would be fully successful in that respect.

## Conclusion

For the reasons stated hereinabove, the Plaintiffs' Motion to bifurcate the trial (regardless of how it is titled) should be again denied.

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ BRADY J. COBB
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 6th day of November, 2013.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST:

CASE NO: 11-20427-CIV-WILLIAMS

*Counsel for Plaintiffs:*

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
sfabrizio@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo (*Pro Hac Vice*)
dhandzo@jenner.com
Kenneth L. Doroshow (*Pro Hac Vice*)
kdoroshow@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

GRAY-ROBINSON, P.A.
Karen L. Stetson
karen.stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403-5885
Phone: 818.935.5812

*Counsel for Defendants:*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201