UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
TO PRECLUDE TESTIMONY FROM
PREVIOUSLY UNDISCLOSED THIRD-PARTY WITNESSES**

Plaintiffs have inexplicably brought a motion to prohibit testimony from five witnesses whose identities (and potential testimony) Plaintiffs have known about for 20 months. In doing so, Plaintiffs ignore the fact that Plaintiffs were timely informed about these witnesses while discovery was ongoing and in conformity with Rule 26(e)(1)(A). Therefore, Plaintiffs' argument under Rule 37(c)(1) is wholly inapplicable and these witnesses should not precluded from trial.

1

**Argument**

A.   **Each Witness Was Timely Disclosed Approximately 20 Months Ago in Conformity With Rule 26(e)(1)(A)**

Plaintiffs' Motion conveniently leaves out an important provision of Rule 26(e)(1)(A) regarding supplemental disclosures. That rule, in relevant part, reads:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process* or in writing . . . .

(emphasis added).

Plaintiffs have already admitted to learning about two of the witnesses, Leigh Mackay and Thomas Rechenmacher, back in January 2012 and March 2012, respectively. However, all three of the other witnesses, Scott Wittenburg, Marc Schwegler, and Aaron Macparlan were also disclosed in January 2012 and discussed at the depositions of the parties' expert witnesses. As explained in detail below for each witness, each of these disclosures were timely made and known to the Plaintiffs.

Rule 26(e)(1)(A) and this court's precedent clearly recognizes that, so long as additional disclosures are timely made to the other party after becoming known by the disclosing party, that such material satisfies Rule 26 and therefore cannot be precluded under Rule 37. In numerous other cases, this Court and its sister courts in the Eleventh Circuit have stated that disclosures similar to those that occurred here satisfy Rule 26, even if such disclosures were made after the close of discovery. For example, in *Leon v. M.I. Quality Lawn Maint., Inc.*, the court explained:

> A review of the rule regarding supplementation reveals that, even assuming that the challenged documents were not produced in November 2010 [when discovery ended], the production which occurred on January 7, 2011, when the documents were filed in connection with the Defendants' Response in opposition to Plaintiff's Motion for Partial Summary Judgment (DE # 25), obviated the need for further

2

> supplementation. The duty to supplement initial disclosures is governed by Fed. R. Civ. P. 26(e), which provides, in pertinent part, "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." In this case, the additional information was made known on January 7, 2011 (DE # 25). Therefore, no further supplementation was required in order to comply with Rule 26(e).

10-20506-CIV, 2012 WL 2735323, *2 (S.D. Fla. July 8, 2012). *See also*, *Campbell v. Moon Palace, Inc.,* 11-60274-CIV, 2012 WL 399218, *5 n.3 (S.D. Fla. Feb. 7, 2012) ("Mrs. Greenberg's expert report and photographs were made known to Defendant during the course of discovery or in writing during the litigation, and with ample time for Defendant to investigate the report and photographs, and submit arguments related to that information during the months leading to trial."); *Swofford v. Eslinger*, 6:08-CV-66-ORL-35DAB, 2009 WL 1025223, *3 (M.D. Fla. Apr. 14, 2009) ("While Plaintiffs claim that certain documents were late in production, they do not identify any specific document that was material and otherwise unknown to them, and they cannot say that they were prevented from fully discovering all facts relevant to this case."); *Stephone v. Byblos Trading, Inc.,* 06-80067-CIV, 2007 WL 837204, *1 (S.D. Fla. Jan. 29, 2007) ("Here, Plaintiffs attended Boueri's deposition and asked the questions uncovering the new information.  Thus, Defendants need not amend their answers since the corrected information was made known to Plaintiff during discovery."); *Lawson v. Plantation Gen. Hosp., L.P.,* 08-61826-CIV, 2009 WL 2730169 (S.D. Fla. Aug. 25, 2009) ("Defendant did not have a duty to provide the documents as a supplement to its initial disclosures because the additional information had 'otherwise been made known to the other part[y] during the discovery process.'").

Therefore, by the very words of Rule 26(e)(1)(A), the unambiguous precedent on the subject, and the facts as discussed below, these witnesses were all timely disclosed and should not be precluded from testifying at trial.

### 1. Leigh Mackay

Defendants obtained a signed affidavit from Leigh Mackay dated January 19, 2012. See Exhibit 33 to Declaration of Roderick Thompson in Support of Defendants' Opposition to Warner Bros. Motion for Summary Judgment ("Thompson Declaration"), DE 354-34. Mr. Mackay's affidavit was produced to Plaintiffs *the very next day* on January 20, 2012 during the rebuttal deposition of Plaintiffs' Expert Scott Zebrak. At that deposition, Mr. Zebrak was questioned about his thoughts on Mr. Mackay's affidavit and Mr. Zebrak noted that "I'd want to speak with Mr. Mackay." Deposition of Scott Zebrak, Vol. II, 285:16-288:24. Thereafter, Mr. Mackay's affidavit was attached to the Thompson Declaration, which was filed in this Court on March 12, 2012, DE 354-34. It was also referenced in Hotfile's Opposition to Warner's Motion for Summary Judgment. DE 350-1, p.18-19 (public redacted version). Given the fact that Hotfile disclosed an affidavit signed under the pains and penalties of perjury immediately after it received it, there is no question that Plaintiffs knew that Mr. Mackay could be called as a witness at trial.

### 2. Thomas Rechenmacher

An email by Thomas Rechenmacher was timely produced in the due course of discovery and was bates stamped as HF00069560. Mr. Rechenmacher is the head of the JDownloader team, a team which created a piece of software (JDownloader) which has been at the very heart of Hotfile's Counterclaims. JDownloader has been referenced in the reports and deposition of Hotfile's expert witness Dr. James Boyle. *See*, *e.g.*, Boyle Expert Report, ¶ 20; Boyle

4

Deposition, Vol. 1, 46:3-6, 52:8-15, 68:12-13, 69:10-14, 117:13-25; Boyle Deposition, Vol. 2, 310:9-18, 445:13-447:3.  As Plaintiffs concede, Mr. Rechenmacher and his email were again disclosed by Hotfile on or about March 12, 2012 when attached to the Thompson Declaration.  DE 354-14.  Moreover, Hotfile devoted an entire section of its Opposition to Warner's Motion for Summary Judgment to JDownloader, and based part of its arguments on Mr. Rechenmacher's email.  DE 350-1, p.5-6 (public redacted version).  JDownloader and Mr. Rechenmacher were *again* referenced in the Declarations of both Dr. Matthew R. Lynde and Defendant Anton Titov in support of Hotfile's Opposition to Warner's Motion for Summary Judgment as an important part of Dr. Lynde's damages calculations arising from the wrongful takedown of Mr. Rechenmacher's software.  Declaration of Matthew R. Lynde, DE 353-1, ¶ 6 (public redacted version); Declaration of Anton Titov, DE 352-1, ¶¶ 7-8.  Finally, this Court has even recognized the central importance of JDownloader and its creators in its Order on the Motions for Summary Judgment, referencing JDownloader in no fewer than three places in its opinion.  *Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-Civ-20427, slip op., at 3, 34, 97 (S.D. Fla. Aug. 28, 2013)

Accordingly, there is no basis whatsoever for Plaintiffs to claim that they were unaware of the possibility of Mr. Rechenmacher being called to testify at trial and their Motion to preclude such testimony should be denied.

### 3. Scott Wittenburg

Plaintiffs disclosed the existence of an affidavit by Scott Wittenburg to Plaintiffs (at the very latest) on January 19, 2012, where it was introduced by <u>Plaintiff's counsel</u> as Exhibit 7 and discussed in the deposition of Hotfile's expert witness, Dr. James Boyle.  Boyle Deposition, Vol. 2, 366:14-369:4.  That affidavit was only signed by Mr. Wittenburg on December 19, 2011.

That affidavit and Mr. Wittenburg were again discussed in the deposition of Plaintiffs' expert Mr. Scott Zebrak on January 20, 2012. The affidavit was provided to Mr. Zebrak at his deposition as Exhibit 131 and Mr. Zebrak stated that "I'm familiar with what this is" before he began a discussion of the affidavit with Defendant's counsel. Zebrak Deposition, Vol 2, 272:3-277:9. As he did in reference to Mr. Mackay, Mr. Zebrak noted that he would like to speak with Mr. Wittenburg. *Id.* at 273:20-22. Mr. Wittenburg, his photography podcast and his affidavit were also referenced in the Rebuttal Report of Professor James Boyle and his Declaration in Support of Hotfile's Opposition to Warner's Motion for Summary Judgment. DE 354-13, ¶¶ 6(j), 42; DE 391-1, ¶ 23(c). Given that Plaintiffs had clear knowledge of an affidavit from Mr. Wittenburg signed under the pains and penalties of perjury that was produced in a timely matter, Plaintiffs cannot now preclude Mr. Wittenburg from testifying at trial.

### 4.    Aaron McParlan

An email from Aaron McParlan, legal counsel for the Opera software, dated January 5, 2012 was at the very latest disclosed to Plaintiffs on January 19, 2012 when introduced and discussed <u>by Plaintiff's counsel</u> at the deposition of Hotfile's expert James Boyle. Boyle Deposition, Vol. 2, 399:15-400:18. Moreover, the Opera software was explicitly discussed in and Mr. McParlan's email was attached to Dr. Boyle's Rebuttal Report. DE 354-13, ¶¶ 6(k), 42. Again, Mr. McParlan was timely and clearly disclosed to Plaintiffs in conformity with Rule 26(e)(1)(A), and therefore he should not be precluded from testifying at trial.

### 5.    Marc Schwegler

Plaintiffs disclosed the existence of an affidavit by Marc Schwegler to Plaintiffs at the very latest on January 19, 2012, where it was introduced by <u>Plaintiff's counsel</u> as Exhibit 11 and discussed in the deposition of Hotfile's expert witness Dr. James Boyle. Boyle Deposition, Vol.

6

2, 389:8-398:9.  That affidavit was only signed by Mr. Schwegler on January 6, 2012.  Mr. Schwegler and his affidavit were discussed in both the Rebuttal Report and the Declaration of Professor James Boyle.  DE 354-13, ¶¶ 6(l), 44-45; DE 391-1, ¶ 23(c).  Given that Plaintiffs had clear knowledge of an affidavit from Mr. Schwegler signed under the pains and penalties of perjury, produced in a timely matter, Plaintiffs cannot now preclude Mr. Schwegler from testifying at trial.

## Conclusion

For the reasons stated hereinabove, each of the five witnesses were properly disclosed by Defendants at least 20 months ago and in accordance with Fed. R. Civ. P. 26(e).  Therefore, none of them should be precluded from testifying at trial pursuant to Rule 37 and Plaintiffs' Motion in Limine to Preclude Testimony From Previously Undisclosed Third-Party Witnesses should be denied in its entirety.

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ BRADY J. COBB
BRADY J. COBB, ESQUIRE
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 6th day of November, 2013.

/s/ Brady J. Cobb
Brady J. Cobb

**SERVICE LIST:**

CASE NO: 11-20427-CIV-WILLIAMS

*Counsel for Plaintiffs:*

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
sfabrizio@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo (*Pro Hac Vice*)
dhandzo@jenner.com
Kenneth L. Doroshow (*Pro Hac Vice*)
kdoroshow@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Phone: 818.935.5812

GRAY-ROBINSON, P.A.
Karen L. Stetson
karen.stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

*Counsel for Defendants:*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201