UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' OPPOSITION TO HOTFILE CORPORATION AND ANTON TITOV'S DAUBERT MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF JENNIFER V. YEH**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................1

ARGUMENT ..........................................................................................................................2

I. MOST OF THE TESTIMONY PLAINTIFFS INTEND TO ELICIT FROM MS. YEH PRETAINS TO FACTS, NOT OPINIONS, AND DEFENDANTS' STATED OBJECTIONS THEREFORE ARE LARGELY IRRELEVANT......................................2

II. ANY OPINIONS OFFERED BY MS. YEH ARE ADMISSIBLE AS LAY OPINION TESTIMONY UNDER RULE 701 ...............................................................................4

III. MS. YEH'S TESTIMONY IS BASED ON PERSONAL KNOWLEDGE .........................5

IV. DEFENDANTS HAD SUFFICIENT NOTICE OF, AND ARE NOT UNFAIRLY PREJUDICED BY, MS. YEH'S TESTIMONY .................................................................7

CONCLUSION.........................................................................................................................8

# **TABLE OF AUTHORITIES**

**CASES**

*Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518 (7th Cir. 1989) ............................................6

*Casella v. Morris*, 820 F.2d 362 (11th Cir. 1987) ........................................................................5

*Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17 (1st Cir. 2011) ............................3, 7, 8

*In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litigation*,
    870 F. Supp. 1293 (E.D. Pa. 1992), *judgment aff'd*, 995 F.2d 219 (3d Cir. 1993)....................6

*Interplan Architects, Inc. v. C.L. Thomas, Inc*., Civ. A. No. 4108-cv-03181, 2010 WL
    4366990 (S.D. Tex. Oct. 27, 2010).......................................................................................4

*Los Angeles Times Communications, LLC v. Department of the Army,* 442 F. Supp. 2d
    880 (C.D. Cal. 2006)..............................................................................................................6

*Range Road Music, Inc. v. East Coast Foods, Inc*., 668 F.3d 1148 (9th Cir. 2012), *cert.
    denied*, 133 S. Ct. 209 (2012) ................................................................................................4

*Stromback v. New Line Cinema*, 384 F.3d 283 (6th Cir. 2004)......................................................4

*United States Information System, Inc. v. International Brotherhood of Electrical Worker
    Union Local No. 3,* No. 00 Civ 4763 RMB JCF, 2006 WL 2136249 (S.D.N.Y. Aug.
    1, 2006) ..................................................................................................................................6

*United States. v. Behrens,* 689 F.2d 154 (10th Cir. 1982), *cert. denied,* 459 U.S. 1088 ................6

*United States v. Gold*, 743 F.2d 800 (11th Cir. 1984) ..................................................................5

*United States v. Jayyousi*, 657 F.3d 1085 (11th Cir. 2011), *cert. denied*, 133 S. Ct. 29
    (2012)................................................................................................................................5, 6

*United States v. Jennings*, 724 F.2d 436, 443 (5th Cir. 1984) ..................................................3, 4

*United States v. Sutton*, 795 F.2d 1040 (Temp. Emer. Ct. App. 1986)..........................................6

## INTRODUCTION

Defendants Hotfile Corp. and Anton Titov ("Defendants") have moved to preclude one of Plaintiffs' disclosed witnesses, Jennifer V. Yeh, from testifying at trial. Defendants' motion never specifies the particular testimony it seeks to preclude, instead vaguely referencing "opinions as to disputed factual issues and an attempt to authenticate certain exhibits." *See* Mot. at 1. Defendants also allude to a "broad array of evidentiary deficiencies" with Ms. Yeh's anticipated testimony but they do not identify them. *See* Mot. at 2. Defendants' lack of specificity hampers Plaintiffs' ability to respond in a meaningful fashion.

That said, the essence of Defendants' motion appears to be the assertion that Ms. Yeh will offer "expert" testimony at trial, including the "conclusion that infringement has occurred" on Hotfile's service, and that she is not qualified as an expert on the subject. Mot. at 3. But that is not the purpose for which Plaintiffs intend to call Ms. Yeh, rendering Defendants' objections beside the point. Ms. Yeh's testimony would authenticate certain exhibits and sponsor certain summaries that were prepared by Plaintiffs' counsel and which Ms. Yeh (a former counsel for Plaintiffs)[1] has personal knowledge of by virtue of participating in and supervising the relevant analyses and summaries. Authenticating documents and sponsoring summaries is fact testimony. Moreover, to the extent that any portion of her testimony could be considered opinion testimony, it would be admissible as lay opinion testimony rather than expert testimony. Defendants' motion should be denied.

## BACKGROUND

At summary judgment in this matter, both parties followed the standard practice of submitting attorney declarations from their counsel to authenticate various documents produced in discovery and sponsor analyses performed by their counsel using evidence produced in the case. For instance, Hotfile submitted exhibits consisting of numerous spreadsheets and summaries created by persons working under its outside counsel's supervision that reflected searches for specified terms within larger data sets produced by Warner. *See* Declaration of Roderick Thompson in Support of Hotfile's Opposition to Warner's Motion for Summary Judgment, DE 354-1 at ¶¶ 6, 17, 18, 20, 22, 24 & Exs. 5, 16, 17, 19, 21, 23. Ms. Yeh, who submitted an attorney declaration on behalf of Plaintiffs, provided similar testimony

---

[1] Ms. Yeh, a former attorney with Jenner & Block LLP, is now employed by Free Press as Policy Counsel.

1

authenticating and summarizing material in the record, including, *inter alia*,

- A summary of user communications produced by Defendants in which the "lastdl" field in the communication (which displayed to Hotfile personnel the last "download" page the user had visited) contained the name of a file that appeared to match the name of a work owned by Plaintiffs, *see* Declaration of Jennifer V. Yeh in Support of Plaintiffs' Motion for Summary Judgment Against Defendants Hotfile Corp. and Anton Titov ("Yeh Decl.") ¶ 28 & Ex. 27, D.E. 324-1.

- Several screenshots of the webpages that Hotfile's produced databases identified as its "affiliates," *see* Yeh Decl. ¶¶ 32-44 & Exs. 31-43;

- A spreadsheet showing the URL, title, copyright registration number, and owner of various files that were on the Hotfile system, which Plaintiffs had downloaded and had been able to confirm (by viewing the files) represented the works indicated in the spreadsheet, *see* Yeh Decl. ¶ 57 & Ex. 56; and

- A spreadsheet showing the URL, filename, and title of files in Hotfile's database that Plaintiffs' counsel had been able to identify as bearing filenames and other metadata (including file size) that appeared to correspond to Plaintiffs' works. *See* Yeh Decl. ¶120 & Ex. 119.

Because this evidence represents primarily summaries or lists of pertinent facts buried in much larger data sets produced by Defendants (and because entire data sets would be unworkable as trial exhibits and incomprehensible to the jury), Plaintiffs had hoped that they might be able to present these lists and summaries at trial without the need to sponsor them through attorney testimony. However, as Defendants declined to stipulate to the admissibility of these exhibits, Plaintiffs listed Ms. Yeh on their witness list to ensure that they would have a way of presenting the evidence at trial.

## ARGUMENT

I. **MOST OF THE TESTIMONY PLAINTIFFS INTEND TO ELICIT FROM MS. YEH PERTAINS TO FACTS, NOT OPINIONS, AND DEFENDANTS' STATED OBJECTIONS THEREFORE ARE LARGELY IRRELEVANT.**

It appears that Defendants' motion seeks to preclude Ms. Yeh's testimony in its entirety on *Daubert* grounds. Defendants' objection is misplaced, because the testimony that Ms. Yeh provided on summary judgment, and might provide at trial, consists primarily of authenticating documents and sponsoring summaries and lists prepared under her supervision by persons working for Plaintiffs' counsel. This is simply not expert testimony subject to a *Daubert* challenge.

Much of Ms. Yeh's testimony at the summary judgment stage consisted of matters as mundane as authenticating screenshots of third-party websites, *see*, *e.g.*, Yeh. Decl. Exs. 31-43,

2

explaining the creation of summaries of emails that contain certain content drawn from the much larger data set of all emails produced by Hotfile, *see, e.g.*, Yeh Decl. ¶ 28, and confirming the fact that certain named websites each appear in the list of Hotfile's affiliates. *See id.* ¶ 107. In essence, a large part of Ms. Yeh's testimony consists of nothing more than listing and in some instances summarizing pertinent information that Plaintiffs identified within much larger data sets produced by Defendants. This was done so that the relevant entries (such as emails or website names) will be comprehensible to the jury, rather than asking them to sort through bulky and confusing data.

 For instance, Ms. Yeh:

(1)    summarizes all emails between Hotfile and its users where the "lastdl" field (which shows the last "download" page the user visited, and which was displayed to Hotfile personnel while responding to user inquiries) includes a reference to a filename that appears to correspond to one of Plaintiffs' works, *see* Yeh Decl. ¶ 28;

(2)    authenticates and testifies to a summary of files that Plaintiffs downloaded from Hotfile that and reviewed under her supervision to verify that each downloaded file in fact represents an instance of one of Plaintiffs' copyrighted works, *see* Yeh Decl. ¶ 57 & Ex. 56; and

(3)    sponsors a list of files in the database that Hotfile produced (representing files hosted on Hotfile's system) for which the file's metadata appears to represent one of Plaintiffs' copyrighted works, including a complete listing of the relevant filenames and an explanation of how the list was derived. *Id*. ¶ 120 & Ex. 119. Her role at trial would be to explain the evidence and summaries showing that those files were among those listed in the database that Hotfile produced in discovery and that they correspond to particular works owned by the Plaintiffs.

 This is not expert testimony. It does not require an expert to authenticate a screenshot taken from Hotfile's system. And to the extent that certain of the exhibits Ms. Yeh will sponsor are summaries of voluminous data or lists of files found in Hotfile's massive database, Federal Rule of Evidence 1006 (which permits such summaries to be offered in evidence) does not require that the summary be compiled by an expert. *See Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 31-32 (1st Cir. 2011) (rejecting a challenge to the admission of a summary document on the grounds that the paralegal who prepared it was not an expert); *United States v. Jennings*, 724 F.2d 436, 443 (5th Cir. 1984) ("when a chart does not contain complicated calculations requiring the need of an expert for accuracy, no special expertise is required in

3

presenting the chart."). That is so even if certain assumptions necessarily were made in preparing the summary, as long as those assumptions are made clear to the jury. *Jennings*, 724 F.2d at 442.

There is nothing in the particular summaries or lists in this case that would make their preparation the exclusive province of an expert or require the "scientific, technical, or other specialized knowledge" that is the subject of Federal Rule of Evidence 702. In the pertinent exhibits, Ms. Yeh is testifying to one of two things – either that a file downloaded from Hotfile is, in fact, a copy of a particular movie or television program, or that a file in Hotfile's database (or referenced in one of Hotfile's emails) has a name (such as "Black Swan (2010) DVDR.part1.rar.html" and "Black Swan (2010) DVDR.part2.rar.html") that appears to correspond to a work owned by the Plaintiffs (in that case, the 2010 Film "Black Swan"). *See* Yeh Ex. 119, Schedule A. One does not need to be an expert to identify a movie by watching it, or to compare the name of a file to the name of a movie and identify when they appear to be the same. Indeed, it is well established that the identification of popular, copyrighted entertainment content does not require specialized expertise or training, and is an appropriate subject of lay testimony. *See Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012) (lay witnesses competent to identify popular music in copyright infringement action), *cert. denied* 133 S.Ct. 209 (2012); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, Civ. A. No. 4108-cv-03181, 2010 WL 4366990, at *15 (S.D. Tex. Oct. 27, 2010) (lay witness competent to testify about drawing in copyright infringement action); *Stromback v. New Line Cinema*, 384 F.3d 283, 295 (6th Cir. 2004) (lay witness competent to testify about literary works in infringement action). The testimony fits comfortably within the realm of lay witness testimony, and the *Daubert* objection that Defendants raise has nothing to do with Ms. Yeh's testimony.

## II. ANY OPINIONS OFFERED BY MS. YEH ARE ADMISSIBLE AS LAY OPINION TESTIMONY UNDER RULE 701.

One of the summary exhibits sponsored by Ms. Yeh at summary judgment was Exhibit 29 of her summary judgment declaration, which contains a list of approximately 50 works that were downloaded by Hotfile representatives. That exhibit – and only that exhibit – contains a "classification" column that categorizes the listed works as "Highly Likely Infringing." To the extent that Defendants' motion challenges Ms. Yeh's testimony as expert opinion, it is only that single column, in that single summary exhibit, that Defendants point to. *See* Mot. at 2, 3, 5.

Plaintiffs will argue at trial that those works were infringed when they were downloaded

4

by Hotfile representatives. But the characterization in Yeh Exhibit 29 that the files were "highly likely infringing" simply reflects the facts that the files listed in that exhibit (a) are works that on their face appear to be copyrighted, and (b) were downloaded by Hotfile, leading to (c) the conclusion that there "likely" was infringement. If this is opinion testimony, it is permissible lay opinion under Rule 701.

Lay opinion testimony is permissible when it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Jayyousi*, 657 F.3d 1085, 1102 (11th Cir. 2011) (quoting Fed. R. Evid. 701), *cert. denied*, 133 S.Ct. 29 (2012); *see also United States v. Gold*, 743 F.2d 800, 817 (11th Cir. 1984) (same). All of those criteria are met here. Certainly, the fact that the files appear to represent copyrighted works is rationally based on the work performed by Ms. Yeh and others under her supervision; the fact that they were downloaded by Hotfile representatives is beyond dispute, as the evidence of that fact came directly from Hotfile's database, and the conclusion that these downloads were highly likely infringing flows logically from the foregoing facts.[2]

In any event, should the Court disagree with this analysis, the remedy would be to strike one column from this single exhibit. The remedy most certainly is not striking all of Ms. Yeh's proffered testimony and all of the exhibits she sponsors.

### III.   MS. YEH'S TESTIMONY IS BASED ON PERSONAL KNOWLEDGE.

Neither is there any merit to Defendants' argument that Ms. Yeh should not be allowed to testify about the exhibits referenced in her declaration because she lacks personal knowledge to do so. Defendants' assertion, in essence, is that Ms. Yeh's testimony regarding evidence summaries and lists whose creation she participated in and supervised would violate Rule 602 because Ms. Yeh did not conduct all aspects of the analysis of content files herself and, therefore, "lacks the requisite personal knowledge" to testify to the work of others under her supervision. Mot. at 5.

---

[2] Asserting that Yeh may not provide opinion testimony about copyrighted works that appear to be infringing, Hotfile cites one case—*Casella v. Morris*, 820 F.2d 362, 364 (11th Cir. 1987)—for the proposition that "infringement is a 'legal conclusion.'" Mot. at 6. *Casella* says nothing to that effect. In fact, the lower court in *Cassella* incorporated into its factual findings the observations of a private investigator (a lay witness) who uncovered infringing performances of Plaintiffs' copyrighted songs. 820 F.2d at 364.

5

Contrary to Defendants' suggestion, Rule 602 does not require that Ms. Yeh must have analyzed every file and prepared every summary entirely independently, without any assistance from others. It is commonplace for attorneys, particularly on large cases, to do precisely what Ms. Yeh did here: to work collaboratively with other attorneys and to supervise staff, and gain personal knowledge through such collaboration and supervision. For example, in *United States v. Sutton*, 795 F.2d 1040, 1057 (Temp. Emer. Ct. App. 1986), the appellate court upheld a decision to admit testimony of prosecution's chief auditor summarizing the work of 20 other auditors who worked under him on the case.

Courts have routinely recognized that "[k]nowledge acquired through others may still be personal knowledge within the meaning of Fed. R. Evid. 602." *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Worker Union Local No. 3,* No. 00 Civ 4763 RMB JCF, 2006 WL 2136249, at *11 (S.D.N.Y. Aug. 1, 2006) (same); *In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 870 F. Supp. 1293, 1304 (E.D. Pa. 1992) (same), *judgment aff'd*, 995 F.2d 219 (3d Cir. 1993); *cf. also L.A. Times Commc'ns, LLC v. Dep't of the Army,* 442 F. Supp. 2d 880, 886 (C.D. Cal. 2006) ("Although first-hand observation is the most common form of personal knowledge, first-hand observation is not the only basis for personal knowledge"). This encompasses those who supervise or otherwise coordinate the preparation of evidentiary submissions to the court on behalf of a party. As the Eleventh Circuit has observed, "[w]e have allowed a lay witness to base his opinion testimony on his examination of documents even when the witness was not involved in the activity about which he testified." *Jayyousi*, 657 F.3d at 1102.

The standard Defendants' argument would require would be unworkable. For instance, in lieu of having Ms. Yeh explain and authenticate a list of files downloaded from Hotfile that Plaintiffs verified as corresponding to their works, *see* Yeh Ex. 56, Defendants presumably would have Plaintiffs call a series of witnesses one-by-one, each of whom watched each individual video, until they had confirmed the identity of each file in a list of over three thousand and eight hundred works. The Federal Rules do not require subjecting the jury, the parties, or the Court to that chore. That is why Federal Rule of Evidence 1006 exists. Nothing in that Rule requires the in-court testimony of every person involved in summarizing voluminous data or compiling a list that represents a subset of the data. Indeed, the case law holds to the contrary. *See U.S. v. Behrens,* 689 F.2d 154, 161 (10th Cir. 1982) (stating that "[a] proper foundation for

6

[a Rule 1006] summary can be laid through the testimony of the witness who supervised preparation of the exhibit"), *cert. denied,* 459 U.S. 1088; *Colon-Fontanez*, 660 F.3d at 29-32 ("the proponent of the exhibit 'should present the testimony of the witness who supervised its preparation.'") (*quoting United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998)).

The summaries and lists at issue here were compiled from Hotfile's own data; if Defendants believe that the summary is inaccurate, they possess the data and the means to challenge the summary. But Defendants are not entitled to challenge such exhibits simply because the proponent of the exhibits sponsors them through the testimony of a person who oversaw the summarization process.

## IV. DEFENDANTS HAD SUFFICIENT NOTICE OF, AND ARE NOT UNFAIRLY PREJUDICED BY, MS. YEH'S TESTIMONY.

Although Defendants' motion limits itself to the argument that Ms. Yeh is not qualified as an expert under Rule 702, and does not seek to preclude her testimony under Fed. R. Civ. P. 37(c), Defendants also complain that Ms. Yeh was not disclosed earlier. *See* Mot. at 2 ("Yeh was not disclosed as a lay witness in Plaintiffs' initial disclosures, disclosed as expert witness in Plaintiffs' expert disclosures, qualified as an expert, or deposed in any capacity."). Mot. at 2. Although not formally raised as a basis to preclude Ms. Yeh's testimony by Defendants, any such challenge would be meritless.

First, Defendants' complaint that Ms. Yeh was not disclosed as an expert witness is derivative of their incorrect argument that her testimony is expert testimony to begin with. Second, although Ms. Yeh was not listed on Plaintiffs' initial disclosures, any omission was harmless. Defendants have long known that Ms. Yeh was authenticating evidence summaries and lists derived from their productions, as she submitted three declarations in support of Plaintiffs' positions on summary judgment. *See* Feb. 16, 2012 Yeh Decl., D.E. 324-1; March 7, 2012 Yeh Decl., D.E. 400; March 21, 2012 Yeh Decl., D.E. 431-2. These declarations gave Defendants clear notice of the scope and subjects of her testimony.

The First Circuit rejected the same argument in *Colon-Fontanez* under circumstances very similar to this case. There, the appellant claimed error because the sponsoring witness for a summary exhibit "was never announced as a witness in the case." 660 F.3d at 30. Rejecting that argument, the court found that the witness had been disclosed when the appellee submitted its summary judgment motion; with that motion, the appellee submitted the name and position of the paralegal who prepared the summary charts. Accordingly, the First Circuit held that the

7

appellant "had ample notice of the paralegal's identify and position, her role in relation to the chart preparation, and the likelihood that she would serve as a witness at trial." *Id.* at 31. The same is true here.

More importantly, there is no prejudice to the Defendants because the pertinent facts and evidence described and summarized in Ms. Yeh's relevant exhibits are derived from Defendants' own email and database productions, such that they cannot claim unfair surprise. The basis for Ms. Yeh's summaries (as well as her categorization of files as corresponding to Plaintiffs' works) appears on the face of the exhibits, allowing Defendants to cross-examine her on them at trial if they so choose. And the projects that Ms. Yeh and other employees of Plaintiffs' counsel undertook, and that are reflected in the pertinent summaries and lists that Ms. Yeh will sponsor at trial, were discussed in Plaintiffs' interrogatory responses and in the depositions of other witnesses as early as 2011, long before the close of discovery. *See, e.g.*, Transcript of Dec. 13, 2011 Deposition of David Kaplan at 82:22-89:16 (attached hereto as Exhibit A). Despite their awareness that Plaintiffs' counsel was working to identify direct infringements and review content files from the Hotfile system, Defendants opted not to take further discovery on the topic. That choice cannot provide a basis for excluding Ms. Yeh's testimony now.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' *Daubert* motion in its entirety and allow Jennifer V. Yeh to testify at trial.

8

DATED: November 6, 2013	Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION	JENNER & BLOCK LLP
OF AMERICA, INC.	Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)	David A. Handzo (*Pro Hac Vice*)
15301 Ventura Blvd.	Kenneth L. Doroshow (*Pro Hac Vice*)
Building E	Luke C. Platzer (*Pro Hac Vice*)
Sherman Oaks, CA 91403	1099 New York Ave., N.W.
Telephone: (818) 995-6600	Suite 900
Facsimile: (818) 285-4403	Washington, DC 20001
	Telephone: (202) 639-6000
	Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of November, 2013, I caused the following document to be served on all counsel of record on the attached service list via the Court's ECF System:

**PLAINTIFFS' OPPOSITION TO HOTFILE CORPORATION AND ANTON TITOV'S DAUBERT MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF JENNIFER V. YEH**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

# SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-C1V-20427-WILLIAMS-TURNOFF**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201

*Attorney for Defendants Hotfile Corp. and Anton Titov*