Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF



FILED by ___ D.C.

NOV 06 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE TESTIMONY, EVIDENCE, OR ARGUMENT
<u>CONCERNING MEGAUPLOAD</u>**

[HIGHLY CONFIDENTIAL]

[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]

## TABLE OF CONTENTS
**Page**

ARGUMENT ..................................................................................................................................1

CONCLUSION ...............................................................................................................................4

i

# TABLE OF AUTHORITIES

**CASES**

*Community House, Inc. v. City of Boise*, No. 1:05–cv–00283, 2012 WL 1205810 (D. Idaho Apr. 11, 2012) .................................................................................................. 2

*Essex Builders Group, Inc. v. Amerisure Insurance Co.*, 485 F. Supp. 2d 1302 (M.D. Fla. 2006) ................................................................................................................ 2

*Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 807 F.2d 1110 (2d Cir. 1986) .................... 3

*Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398 (N.D. Ill. 1993) ................ 2

*Kuhr ex rel. Kuhr v. Millard Public School District*, No. 8:09CV363, 2012 WL 832644 (D. Neb. Mar. 12, 2012) ........................................................................................... 1, 2

*Roberts v. Charter National Life Insurance Co.*, 105 F.R.D. 492 (S.D. Fla. 1985) ........................ 1

*United States v. Graham*, No. 1:09–CR–541, 2010 WL 4823365 (N.D. Ga. Oct. 22, 2010) .......... 1

*United States v. Wilson*, 492 F. Supp. 2d 512 (E.D.N.Y. 2007) ....................................................... 2

**OTHER AUTHORITIES**

Mark Brown, *RapidShare ordered to monitor user uploads for copyrighted content*, Wired UK (Mar. 16, 2012), http://www.wired.co.uk/news/archive/2012-03/16/rapidshare-must-monitor .................................................................................... 3

Bundesgerichstof [BGH] [Federal Court of Justice] Aug. 15, 2013, I ZR 80/12, *available at* http://juris.bundesgerichtshof.de/cgi-bin/rechtsprechung/document.py?Gericht=bgh&Art=en&Datum=2013-8&Seite=3&nr=65241&pos=97&anz=195 .................. 3

Loek Essers, *File hosting service Rapidshare must scan for copyright infringing files, German federal court rules*, PC World (Sep. 4, 2013), http://www.pcworld.com/article/2048101/file-hosting-service-rapidshare-must-scan-for-copyright-infringing-files-german-federal-court-rules.html ................................................................................ 3

*German Court: Rapidshare is liable for copyright infringing links*, Future of Copyright (Mar. 20, 2012), http://www.futureofcopyright.com/home/blog-post/2012/03/20/german-court-rapidshare-is-liable-for-copyright-infringing-links.html?no_cache=1&cHash=64ae0dc595d63bcdbeaf91aa3f1e631b .................................. 3

Plaintiffs do not intend to introduce the indictment of Megaupload Limited ("Megaupload") or otherwise refer to Megaupload in support of their case in chief, and so informed Defendants' counsel during the meet and confer process that preceded the filing of motions *in limine*. Defendants ask this Court to go further, however, and bar Plaintiffs from referring to Megaupload on cross-examination during the Defendants' case or in rebuttal. The Court should deny this motion as premature. Neither Plaintiffs nor the Court yet know what arguments or evidence Defendants will present at trial. As we explain below, Defendants might well offer testimony and arguments that would open the door to evidence about Megaupload. If Defendants do not open the door, this issue will never arise and the Court need not address it. If Defendants do open the door, the Court should determine whether to allow evidence about Megaupload based on the record then before it. Until Defendants present their testimony and arguments, any decision by this Court would be advisory. For the present, the Court should simply deny Defendants' motion without prejudice and revisit the question if and when it actually arises during the trial.

## ARGUMENT

Defendants' motion to exclude the Megaupload indictment and prevent other references to Megaupload is premature because it seeks exclusion of evidence Plaintiffs do not intend to present as part of their case-in-chief, but rather of evidence and argument that Plaintiffs have reserved the right to use on rebuttal in the event the need arises. Courts routinely deny as premature motions that seek to exclude evidence or argument when it is uncertain or unlikely that a party will seek to use the challenged evidence in the first instance. *See United States v. Graham*, No. 1:09–CR–541, 2010 WL 4823365, at *1 (N.D. Ga. Oct. 22, 2010); *cf. Roberts v. Charter Nat.'l Life Ins. Co.*, 105 F.R.D. 492, 493 (S.D. Fla. 1985). In particular, courts recognize that pretrial motions challenging the admissibility of evidence a party has indicated it plans to use exclusively to rebut the other party's arguments are *necessarily* premature because a Court cannot know whether rebuttal will even be necessary. *Kuhr ex rel. Kuhr v. Millard Pub. Sch. Dist.*, No. 8:09CV363, 2012 WL 832644 (D. Neb. Mar. 12, 2012), provides a useful example. The plaintiffs in that case alleged that the defendant, a public school district, violated students' First Amendment rights. Defendant filed a motion in limine seeking to exclude news reports that were broadcast after the alleged censorship. *Id.* at *4. Because the plaintiffs intended to use the evidence only for rebuttal purposes, however, the court denied the motion as

1

premature. *Id. See also Community House, Inc. v. City of Boise*, No. 1:05–cv–00283, 2012 WL 1205810, at *7 (D. Idaho Apr. 11, 2012); *United States v. Wilson*, 493 F. Supp. 2d 512, 513 (E.D.N.Y. 2007); *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 485 F. Supp. 2d 1302, 1311 (M.D. Fla. 2006). This Court should follow suit.

Contrary to Defendants' assertions, there are circumstances in which the Megaupload indictment and discussion of Megaupload may be relevant on rebuttal. *Cf. Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill.1993) (evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose). For instance, Defendants have foreshadowed during discovery an argument that Hotfile was modeled after, and is similar to, various online storage and file distribution services that the jury may perceive as legitimate such as Google, Amazon, and Dropbox, thus trying to associate Hotfile with the perceived lawfulness of those other services. Defendants' deposition designations for trial include repeated statements by Hotfile's owners comparing Hotfile to these businesses, as well as another "cyberlocker" service called Rapidshare, which operates similarly to Hotfile and Megaupload. *See* Defendants' Designations of Deposition Testimony for Trial, attached to Declaration of Luke C. Platzer in Support of Plaintiffs' Motions in Limine ("Platzer Decl.") as Exhibit 1; Deposition of Rumen Stoyanov (Dec. 8, 2011), Platzer Decl. Ex. 8 at 21:3-22:22 (Amazon and Rapidshare); Deposition of Atanas Vangelov, Platzer Decl. Ex. 9 at 42:14-43:14 (Rapidshare and mediafire.com); *id.* at 106:11-107:21 (Rapidshare ); *id.* at 108:22-109:11 (asserting Hotfile's competitors include livedrive.com and Google Docs).

Indeed, Defendants have gone even further – they have pointed explicitly to the supposed absence of adverse judicial findings against one of their purported competitors, Rapidshare, to make this point. Defendants' initial draft of the Joint Pretrial Stipulation and Disclosures included the proposed "uncontested fact" that "Hotfile's primary model was Rapidshare, which has never been adjudicated to be an infringer and is still in operation." Defendants' Draft Joint Pretrial Stipulation and Disclosures, October 2, 2013, Platzer Decl. 10, at 6, ¶ 5(i). Hotfile has repeatedly attempted to wrap itself in the cloak of Rapidshare's perceived legitimacy throughout this litigation.[1] *See, e.g.*, Motion and Memorandum of Law in Support of Defendant Anton

---

[1] Defendants' attempt to paint Rapidshare as an entirely legitimate business is misguided. Contrary to Defendants' proposed pretrial stipulation, Rapidshare *is* an "adjudicated infringer,"

2

Titov's Motion for Summary Judgment at 3 (filed under seal Feb. 7, 2012) (comparing Hotfile to "a number of successful file hosting companies in the market, including then-market-leader Rapidshare"); *id.* at 4 (asserting Hotfile's business model is "similar to the one used by Rapidshare"); *id.* at 5 (contending Rumen Stoyanov modeled Hotfile's affiliate program on "programs of other established companies in the marketplace such as Rapidshare"); Memorandum of Law of Defendants Hotfile Corporation and Anton Titov in Opposition to Plaintiffs' Motion for Summary Judgment at 24 (filed under seal Mar. 7, 2012) (asserting Hotfile's "primary model was RapidShare").

In short, Defendants may attempt at trial to sway the jury by capitalizing on the goodwill and perceived lawfulness of services they claim are similar to Hotfile, and thereby support an argument that their own infringement could not have been "willful" if they were operating their business like those of their purported competitors. *See generally Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (identifying willfulness as an aggravating factor in assessing statutory damages). It would be perfectly appropriate in that instance for Plaintiffs to rebut that suggestion by showing that Hotfile in fact modeled itself on Megaupload, which has been indicted for copyright infringement. Indeed, contrary to Defendants' Rule 403 arguments, it would be prejudicial to *Plaintiffs* to permit Defendants to tell a one-sided story in which they capitalize on the supposed legitimacy and lawfulness of other businesses that operate in the same online space as Hotfile while precluding Plaintiffs from rebutting the implication that Hotfile has been singled out for common behavior.

---

just like Hotfile. A German court has found it liable for copyright infringement and the finding has been affirmed on appeal. *See* Mark Brown, *RapidShare ordered to monitor user uploads for copyrighted content*, Wired UK (Mar. 16, 2012), http://www.wired.co.uk/news/archive/2012-03/16/rapidshare-must-monitor; *German court: Rapidshare is liable for copyright infringing links*, Future of Copyright, (Mar. 20, 2012), http://www.futureofcopyright.com/home/blog-post/2012/03/20/german-court-rapidshare-is-liable-for-copyright-infringing-links.html?no_cache=1&cHash=64ae0dc595d63 bcdbeaf91aa3f1e631b; Bundesgerichstof [BGH] [Federal Court of Justice] Aug. 15, 2013, I ZR 80/12, *available at* http://juris.bundesgerichtshof.de/cgi-bin/rechtsprechung/document.py?Gericht=bgh&Art=en&Datum=2013-8&Seite=3&nr=65241&pos=97&anz=195. Indeed the appellate court's holding rested in large part on the fact that Rapidshare, like Hotfile, provided an incentive for sharing illegal downloads. *See id.*; *see also* Loek Essers, *File hosting service Rapidshare must scan for copyright infringing files, German federal court rules*, PC World (Sep. 4, 2013, 6:50 am) http://www.pcworld.com/article/2048101/file-hosting-service-rapidshare-must-scan-for-copyright-infringing-files-german-federal-court-rules.html.

Finally, Defendants argue that references to Megaupload cannot be probative because Plaintiffs were "entirely unable" to link Megaupload and Hotfile. Mot. at 2. That is simply not true. In fact, Mr. Titov submitted sworn testimony in this case in which he claimed that Hotfile "was founded to compete with the services provided by . . . Megaupload." Declaration of Anton Titov in Support of Defendants' Opposition to Plaintiffs' Emergency Motion for Order Preserving Evidence, Platzer Decl. Ex. 11, at 3. Only when Megaupload subsequently encountered legal difficulties did Hotfile and its founders beat a hasty retreat from that comparison. Moreover, as Plaintiffs explained at summary judgment, Hotfile's business mimics Megaupload to a substantial degree. *See* Plaintiffs' Statement of Uncontroverted Material Facts in Support of Summary Judgment Against Defendants Hotfile Corp. and Anton Titov, ¶ 16(h)(iii) (filed under seal Feb. 17, 2012). Defendants' attempts to disavow the connection with Megaupload will not make Mr. Titov's earlier testimony or the obvious similarities between Hotfile and Megaupload simply vanish, and Hotfile's conduct at trial could open the door to this evidence.

## CONCLUSION

The Court should deny Hotfile's motion *in limine* as premature.

DATED: November 6, 2013

Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION
 OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
David A. Handzo (*Pro Hac Vice*)
Kenneth L. Doroshow (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2013, I caused the following document to be served on all counsel of record on the attached service list via their email address(es) pursuant to the parties' service agreement:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY, EVIDENCE, OR ARGUMENT CONCERNING MEGAUPLOAD**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201
*Attorney for Defendants Hotfile Corp. and Anton Titov*