Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs,*

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants.*
_____/

HOTFILE CORP.,

*Counterclaimant,*

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant.*
_____/



**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO PRECLUDE TESTIMONY, EVIDENCE, OR ARGUMENT
<u>CONCERNING HOTFILE'S PAYMENT OR NON-PAYMENT OF TAXES</u>**

**[HIGHLY CONFIDENTIAL]**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

## **<u>TABLE OF CONTENTS</u>**

Page

I.    HOTFILE'S FAILURE TO PAY TAXES IS ADMISSIBLE TO IMPEACH THE
      CREDIBILITY OF ITS PRINCIPALS. ............................................................................1

II.   HOTFILE'S FAILURE TO PAY TAXES IS NECESSARY TO A FULL
      UNDERSTANDING OF HOTFILE'S FINANCIAL SITUATION ...................................3

CONCLUSION......................................................................................................................4

i

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Bait Productions Pty Ltd. v. Murray*, No. 8:13-cv-0169, 2013 WL 4506408 (M.D. Fla.
Aug. 23, 2013) .............................................................................................................3

*Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 807 F.2d 1110 (2d Cir. 1986) ....................3

*Gaillard v. Jim's Water Service, Inc.*, 535 F.3d 771 (8th Cir. 2008)..........................................1, 2

*Hunter v. General Motors Corp., UAW*, 149 Fed. App'x 368 (6th Cir. 2005)...........................1, 2

*Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529 (E.D.N.Y. 2011)...........................................1, 2

*Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913, 2011 WL 6030073 (S.D. Fla. Oct.
24, 2011) ...............................................................................................................1, 2

*United States v. Beridze*, 415 F. App'x 320 (2d Cir. 2011) .......................................................1, 2

**STATUTES**

17 U.S.C. § 504(b) ...........................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Evid. 608(b)(1) ..................................................................................................1, 2

Defendants' motion to preclude all references to Hotfile's tax payments or lack thereof should be denied. Hotfile's failure to pay taxes in any jurisdiction, and the answers of its founders regarding the topic when questioned about it at their depositions, are admissible for two independent purposes at trial: first, to call into question the credibility of several witness whose testimony Defendants intend to present at trial by live testimony or by deposition (Hotfile's founders Anton Titov, Rumen Stoyanov, and Atanas Vangelov), and second, to prove Hotfile's profitability (a critical factor the jury will need to consider in determining damages). Because evidence and questioning regarding Hotfile's tax situation are admissible under either theory, there is no basis on which to grant Defendants' motion.

## I.     HOTFILE'S FAILURE TO PAY TAXES IS ADMISSIBLE TO IMPEACH THE CREDIBILITY OF ITS PRINCIPALS.

Hotfile's failure to pay taxes in any jurisdiction is admissible to impeach the testimony of Hotfile's founders Messrs. Titov, Vangelov, and Stoyanov, each of whom Hotfile has designated as a witness for trial.[1]  A witness's credibility may be called into question based on prior conduct that is probative of the witness's truthfulness or untruthfulness, even if the prior conduct is otherwise unrelated to the witness's testimony. *See* Fed. R. Evid. 608(b)(1).  Cross-examination regarding a witness's failure to file tax returns for his business in any jurisdiction speaks squarely to a witness's truthfulness or lack thereof, and courts (including the Southern District of Florida) frequently permit questioning regarding both a witness's failure to file tax returns and inaccurate statements on a witness's tax returns on this exact basis. *See, e.g. United States v. Beridze,* 415 F. App'x 320, 328 (2d Cir. 2011); *Gaillard v. Jim's Water Serv., Inc.*, 535 F.3d 771, 778 (8th Cir. 2008); *Hunter v. Gen. Motors Corp.,* 149 F. App'x 368, 372-73 (6th Cir. 2005); *Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913, 2011 WL 6030073, at *2 (S.D. Fla. Oct. 24, 2011); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 553 (E.D.N.Y. 2011).  This Court should follow this precedent and permit such cross-examination.

Wholly ignoring Rule 608, Defendants' motion goes on a detour, arguing that Hotfile's failure to pay taxes is inadmissible under other rules not relied upon by Plaintiffs.  In particular, Defendants assert that such evidence is not admissible as character evidence under Rule 404(b),

---

[1] Because Titov, Vangelov and Stoyanov ran the company in unison and made important decisions together, all three were necessarily complicit in Hotfile's failure to report tax revenues anywhere, and the jury's assessment of the credibility of all three would benefit from questioning as to how they handled Hotfile's taxes.

1

or as evidence of a prior criminal conviction under Rule 609. Mot. at 4. Thus, Defendants argue that cross-examination regarding Hotfile's failure to pay taxes should not be permitted because Hotfile has not actually been *convicted* of tax evasion. Mot. at 4-5. But that is an argument under Rule 609, not under Rule 608. Rule 608 does *not* require a witness to have been criminally convicted for past conduct so long as the conduct is "probative of the character for truthfulness or untruthfulness" of the witness. Fed. R. Evid. 608(b)(1). And as mentioned above, courts regularly allow cross-examination regarding a witness's failure to file tax returns or accurately report taxable income when the witness has *not* been convicted of tax evasion. *See, e.g.*, *Beridze,* 415 F. App'x at 328; *Gaillard*, 535 F.3d at 778; *Hunter*, 149 Fed. App'x at 372-73; *Palma*, 2011 WL 6030073, at *2; *Jean-Laurent*, 840 F. Supp. 2d at 553. Nor is it relevant whether this evidence is admissible under Rule 404(b), because questioning on the topic plainly *is* admissible under Rule 608.

Although Defendants never mention Rule 608, they make a half-hearted effort to address the rule by claiming that Hotfile is not obligated to pay taxes in Panama, where Hotfile Corporation is incorporated. According to Defendants, the failure to pay taxes cannot be probative of untruthfulness if no taxes are due. Mot. at 2. Conspicuously absent from Defendants' motion, however, is any assertion that Hotfile need not pay taxes under *Bulgarian* tax law. And, indeed, Bulgarian law *does* tax the income of companies incorporated under Bulgarian law, such as Hotfile Limited, and companies incorporated under the laws of another country, such as Hotfile Corporation. *See* Corporate Income Tax Act, State Gazette No. 105/22.12.2006, Art. 1(1), (3) (the Act regulates the taxation of profit accruing to resident legal persons and to nonresident legal persons); Art. 2(1) (taxable persons include resident legal persons and non-resident legal persons who do business inside Bulgaria); Art. 3 (resident legal persons include companies incorporated under Bulgarian law); Art. 4 (non-resident legal persons include corporations incorporated under the laws of another country), attached to Declaration of Luke C. Platzer in Support of Plaintiffs' Motions in Limine ("Platzer Decl.") as Exhibit 7. Defendants' failure to comply with those requirements speak directly to their credibility and character for truthfulness and may be inquired into under Rule 608(b)(1).

Finally, Defendants' argue that questioning on the subject of Defendants' tax payments (or lack thereof) would be unduly prejudicial under Rule 403. *See* Mot. at 4-5. Although Defendants may be prejudiced by Plaintiffs' questioning of their principals' credibility, that sort

of prejudice is not undue – it is the normal effect of impeaching a witness with questions allowed under Rule 608.  There is no reason not to follow that rule here.

## II.   HOTFILE'S FAILURE TO PAY TAXES IS NECESSARY TO A FULL UNDERSTANDING OF HOTFILE'S FINANCIAL SITUATION.

Additionally, Hotfile's failure to report or pay taxes in any jurisdiction is relevant to a full understanding of its financial situation and profitability, factors critical to the jury in setting a damages award.  To award damages, the jury will need to understand both the extent of Hotfile's profitability (to understand how much profit Hotfile made from its infringing activity) and its substantial profit margins (to understand why Defendants had a powerful motive to let infringement on their service run rampant).  Prohibiting Plaintiffs from showing that Hotfile faced no tax expenditures would unnecessarily and prejudicially hamstring Plaintiffs' ability to prove their damages case.

In the event Plaintiffs elect actual damages, they will be entitled to Defendants' "actual damages and profits," which by necessity makes relevant the defendant's profitability.  17 U.S.C. § 504(b).  And in the event Plaintiffs elect statutory damages, the profitability of Hotfile's and Titov's infringing activity will be one of the factors the jury considers in setting a damages award as well.  *See, e.g,. Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986) ("the expenses saved and the profits reaped by the infringers" among statutory damages factors); *Bait Prods. Pty Ltd. v. Murray*, No. 8:13-cv-0169, 2013 WL 4506408, at *5 (M.D. Fla. Aug. 23, 2013) (following *Fitzgerald* factors).  In either instance, Plaintiffs will need to prove the extent to which Defendants realized profits from their infringing conduct.

Defendants' motion *in limine* does not dispute that Hotfile's profitability is an issue for trial (irrespective of the damages theory) or that Hotfile's failure to pay taxes on its revenues are directly linked to its profits.  Instead, Defendants suggest that Plaintiffs could show Hotfile's profitability by examining Mr. Titov regarding Hotfile's after-tax profits, *see* Mot. at 3, and also contended during the meet-and-confer that Defendants could simply stipulate to their profits.  But if the issue of Hotfile's profits is relevant (and all parties agree that it is) Hotfile is not entitled to dictate how Plaintiffs go about proving those profits.  There simply is no requirement that Plaintiffs accept a stipulation, or limited testimony from Titov presenting an incomplete picture of Hotfile's financial situation and balance sheet, in order to satisfy Defendants' preference for how relevant information about profits is presented to the jury.

3

## CONCLUSION

Because Defendants lack any valid basis to challenge the admission of Vangelov and Stoyanov's deposition testimony or Plaintiffs' cross-examination of Hotfile's principals regarding Hotfile's nonpayment of taxes, the Court should deny Defendants' motion *in limine*.

DATED:  November 6, 2013

Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

MOTION PICTURE ASSOCIATION
  OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone:  (818) 995-6600
Fax:  (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
David A. Handzo (*Pro Hac Vice*)
Kenneth L. Doroshow (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile:  (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2013, I caused the following document to be served on all counsel of record on the attached service list via their email address(es) pursuant to the parties' service agreement:

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY, EVIDENCE, OR ARGUMENT CONCERNING HOTFILE'S PAYMENT OR NON-PAYMENT OF TAXES**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

**SERVICE LIST**

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.**
**CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and
Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and
Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201
*Attorney for Defendants Hotfile Corp. and
Anton Titov*