# EXHIBIT 7

Corporate Income Tax Act

Promulgated, State Gazette No. 105/22.12.2006, effective 1.01.2007, amended and supplemented, SG No. 52/29.06.2007, effective 1.11.2007

----------

*Note: An update of the English text of this Act is being prepared

following the amendments in SG No. 108/19.12.2007 (effective

1.01.2007), SG No. 110/21.12.2007 (effective 1.01.2008)

Text in Bulgarian: Закон за корпоративното подоходно облагане

PART ONE

GENERAL DISPOSITIONS

Chapter One

GENERAL PROVISIONS

Scope of Taxation

Article 1. This Act regulates taxation of:

1. the profit accruing to resident legal persons;

2. the profit accruing to resident legal persons which are not merchants, including the organizations of the religious denominations, from any transactions covered under Article 1 of the Commerce Act , as well as from letting movable and immovable property;

3. the profit accruing to non-resident legal persons from a permanent establishment in the Republic of Bulgaria;

4. the income, as specified in this Act, accruing to resident and non-resident legal persons from a source inside the Republic of Bulgaria;

5. the expenses as specified in Part Four herein;

6. the activities of organizers of games of chance;

7. the income accruing to public-financed enterprises from any transactions covered under Article 1 of the Commerce Act , as well as from letting movable and immovable property;

8. the vessels operation activity of persons which carry out maritime merchant shipping.

Taxable Persons

Article 2. (1) Taxable persons shall be:

1. the resident legal persons;

2. the non-resident legal persons which carry out economic activity in the Republic of Bulgaria through a permanent establishment or which receive income from a source inside the Republic of Bulgaria;

3. the sole traders: in respect of the taxes withheld at source and in the cases specified in the Income Taxes on Natural Persons Act ;

4. the natural persons who are merchants within the meaning given by Article 1 (3) of the Commerce Act : in the cases specified in the Income Taxes on Natural Persons Act ;

5. the employers and the commissioning entities under contracts for management and control: in respect of the tax on the expenses on fringe benefits, provided for in Part Four herein.

(2) For the purposes of this Act, the unincorporated associations and the contribution payment centres established in pursuance of Article 8 of the Social Insurance Code shall be treated as equivalent to legal persons.

(3) For the purposes of taxation of income from a source inside the Republic of Bulgaria, any non-resident organizationally and economically distinct formation (trust, fund and other such), which independently carries out economic activity or performs and manages investments, shall likewise be a taxable person where the owner of the income cannot be identified.

Resident Legal Persons
Article 3. (1) "Resident legal persons" shall be:

1. any legal persons incorporated under Bulgarian law;

2. any companies incorporated under Council Regulation (EC) No 2157/2001, and any cooperative society incorporated under Council Regulation No 1435/2003, where the registered office thereof is situated in the country and they are entered into a Bulgarian register.

(2) Any resident legal persons shall be liable to taxes under this Act in respect of the profits and income accruing thereto from all sources inside and outside the Republic of Bulgaria.

Non-resident Legal Persons"
Article 4. (1) "Non-resident legal persons" shall be any persons which are not resident persons.

(2) Any non-resident legal persons shall be liable to taxes under this Act in respect of the profits realized through a permanent establishment in the Republic of Bulgaria and of the income as specified in this Act accruing from a source inside the Republic of Bulgaria

Types of Taxes
Article 5. (1) Profits shall attract a corporation tax.

(2) The income accruing to any resident and non-resident legal persons, as specified in this Act, shall attract a tax withheld at source.

(3) The expenses, as specified in this Act, shall attract a tax on expenses.

(4) A tax alternative to corporation tax shall be levied on:

1. the activity of organizing games of chance;

2. the income accruing to public-financed enterprises from any transactions covered under Article 1 of the Commerce Act , as well as from letting movable and immovable property;

3. the vessels operation activity.

Determination of Amount of Tax
Article 6. The amount of tax shall be determined by multiplying the taxable amount by the rate of tax.

Tax Returns
Article 7. The standard forms of returns and of other documents under this Act shall be endorsed by an order of the Minister of Finance and shall be promulgated in the State Gazette.

Remittance of Taxes
Article 8. (1) The taxes due under this Act shall be remitted by the taxable persons in revenue to the executive budget.

(2) The taxes due shall be credited to an account of the National Revenue Agency territorial directorate exercising competence over the place of registration of the taxable persons or over the place where the taxable persons are registrable.

(3) The taxes due shall be deemed to be remitted on the date on which the amounts are received in the executive budget on the account of the competent National Revenue Agency territorial directorate.

Default Interest

Article 9. Interest according to the Interest on Taxes, Fees and Other State Receivables Act shall be due on any taxes which are not remitted when due, including any tax prepayments.

Documentary Support

Article 10. (1) An accounting expense shall be recognized for tax purposes where it is supported by an accounting source document within the meaning given by the Accountancy Act.

(2) An accounting expense shall be recognized for tax purposes even where part of the information required under the Accountancy Act is missing in the accounting source document, provided that documents certifying any such missing information are available.

(3) Outside the cases referred to in Paragraph (2), an accounting expense shall be recognized even where the accounting source document has been issued by a person which is not an enterprise within the meaning given by Article 1 (2) of the Accountancy Act and part of the information required under the Accountancy Act is missing in the document, provided that the said document gives a true view of the business transaction documented.

(4) The taxable persons shall be obligated to register and account for any sale of goods and services as effected by means of issuing a fiscal cash receipt printed by a fiscal device according to a procedure established by an ordinance of the Minister of Finance, except where payment is effected by bank transfer or through an offset. The lack of a fiscal cash receipt printed by a fiscal device, where the issuance of such a receipt is obligatory, shall be grounds to deny recognition of an accounting expense for tax purposes.

(5) In respect of international air transport, an accounting expense shall be supported by documents where documented by means of an accounting source document and the boarding pass for the flight executed. Where the accounting source document (protocol) is issued by the person who effects the sale on behalf and for the account of the carrier, the said person shall be deemed to be an issuer of the said document.

Expenses Defined as Compulsory by Statutory Instrument

Article 11. Any expenses defined as compulsory by a statutory instrument shall be recognized for tax purposes and shall not attract a tax on expenses, unless otherwise provided for in this Act.

Chapter Two

SOURCES OF PROFIT AND INCOME

Profit and Income from Sources Inside Republic of Bulgaria

Article 12. (1) Any profit and income accruing to non-resident legal persons, derived from economic activity carried out through a permanent establishment in the country or from disposition of property of any such permanent establishment, shall have their source inside the country.

(2) Any income from financial assets issued by resident legal persons, the [Bulgarian] State and the municipalities, shall have its source inside the country.

(3) Any income from transactions in financial assets referred to in Paragraph (2) shall have its source inside the country.

(4) Any income from dividends and shares in a liquidation surplus, accruing from participating interests in resident legal persons, shall have its source inside the country.

(5) The following income, charged by resident legal persons, resident sole traders or non-resident legal persons and sole traders through a permanent established or a fixed base in the country or paid by resident natural persons or by non-resident natural persons who have a fixed base in the country in favour of non-resident legal persons, shall have its source inside the country:

    1. any interest payments, including interest within payments under a financial lease contract;

    2. any income from rent or other provision for use of movable or immovable property;

    3. any copyright and licence royalties;

    4. any technical assistance fees;

    5. any payments received under franchising agreements and factoring contracts;

    6. any compensations for management or control of a Bulgarian legal person.

(6) Any income covered under Paragraph (5), which is charged in favour of non-resident legal persons from a permanent establishment of a resident person or from a fixed base of resident natural persons situated outside the territory of the country, shall not have its source inside the country if there is an effective convention for the avoidance of double taxation between the Republic of Bulgaria and the State in which the permanent establishment or the fixed base is situated.

(7) Any income from agriculture, forestry, hunting ground management and fisheries within the territory of the country shall have its source inside the country.

(8) Any income from immovable property or from transactions in immovable property, including an undivided interest or a limited right in rem to any immovable property situated in the country, shall have its source inside the country.

(9) Upon determination of the source of income under this Article, the place of payment of the income shall be ignored.

Chapter Three

INTERNATIONAL TAXATION

International Treaties
Article 13. Where an international treaty, which has been ratified by the Republic of Bulgaria, has been promulgated and has entered into force, contains any provisions different from the provisions of this Act, the provisions of the relevant international credit shall prevail.

Foreign Tax Credit
Article 14. (1) Where the provisions of an international treaty referred to in Article 13 herein are not applied, the taxable persons shall be allowed foreign tax credit under the terms and according to the procedure established by this Act.

(2) Upon assessment of the corporation tax or of the alternative taxes under this Act, the taxable persons shall be allowed foreign tax credit in respect of each tax similar to corporation tax or imposed in lieu of such tax and paid abroad.

(3) The taxable persons shall be allowed foreign tax credit in respect of the tax imposed abroad on the gross amount of the income from dividends, interest payments, copyright and licence royalties, technical assistance fees and rents.

(4) The tax credit referred to in Paragraphs (2) and (3) shall be determined for each State and for each type of income separately and shall be limited to the amount of the Bulgarian tax on the said profits or income.

Chapter Four

PREVENTION OF TAX EVASION

Transactions between Related Parties

Article 15. Where related parties enter into commercial and financial relationships under terms which affect the amount of the tax financial result and which differ from the terms between unrelated parties, the tax financial result shall be determined and taxed under the terms which would have arisen in respect of unrelated parties.

Tax Evasion

Article 16. (1) Where one or more transactions, inter alia between unrelated parties, has been concluded under terms whereof the fulfilment leads to tax evasion, the tax financial result shall be determined ignoring the said transactions, certain terms thereof or the legal form thereof and taking into consideration the tax financial result that would be obtained upon the effecting of a customary transaction of the relevant type at market prices and intended to achieve the same economic result but which does not lead to tax evasion.

(2) The following shall furthermore be treated as tax evasion:

1. any substantial excess of the quantities of raw and prime materials used as production inputs and other production costs over the customary quantities and costs for the activity carried out by the person, where any such excess is not due to reasons beyond the control of the person;

2. any contracts of loan for use or other gratuitous provision for use of tangible and intangible benefits;

3. any borrowing or lending at interest diverging from the market rate of interest as applicable at the time of conclusion of the transaction, including in the cases of interest-free loans or other temporary gratuitous financial assistance, as well as the write-off of debts or repayment of non-business debts for own account;

4. payment of any remunerations or compensations for any services which have not been actually performed.

(3) Where a transaction is concealed by another, colourable transaction, the tax liability shall be assessed under the terms of the concealed transaction.

Transfers Related to Permanent Establishment

Article 17. This Chapter shall furthermore apply, mutatis mutandis, to any transfers between a permanent establishment and other divisions of the enterprise of a non-resident person situated outside the country, conforming to the specifics of the permanent establishment.

PART TWO

CORPORATION TAX
 Chapter Five

GENERAL DISPOSITIONS

Tax Financial Result

Article 18. (1) "Tax financial result" shall be the accounting financial result adjusted according to the procedure established by this Part.

(2) The positive tax financial result shall be a tax profit.

(3) The negative tax financial result shall be a tax loss.

Taxable Amount

Article 19. The taxable amount for assessment of the corporation tax shall be the tax profit.

Rate of Tax

Article 20. The rate of corporation tax shall be 10 per cent.

Tax Period

Article 21. (1) The tax period for assessment of the corporation tax shall be the calendar year, save as otherwise

provided for in this Act.

(2) In respect of any newly incorporated taxable persons, the tax period shall cover the period from the date of incorporation thereof until the end of the year, save as otherwise provided for in this Act.

Chapter Six

GENERAL DISPOSITIONS REGARDING DETERMINATION OF TAX FINANCIAL RESULT

Determination of Tax Financial Result

Article 22. The tax financial result shall be determined by means of adjusting the accounting financial result, according to a procedure and in a manner specified in this Part, for:

1. the permanent tax differences;

2. the temporary tax differences;

3. the amounts provided for in this Part.

Permanent Tax Differences and Adjustment of Accounting

Financial Result for Such Differences

Article 23. (1) "Permanent tax differences" shall be accounting income or expenses which are not recognized for tax purposes.

(2) For the purposes of determination of the tax financial result, where this Act indicates that:

1. a cost (loss) is not recognized for tax purposes, the accounting financial result shall be credited with any such cost (loss) in the year of accounting for the said cost (loss), and the accounting financial results shall not be adjusted during the succeeding years;

2. an income (profit) is not recognized for tax purposes, the accounting financial result shall be debited with any such income (profit) in the year of accounting for the said income (profit), and the accounting financial results shall not be adjusted during the succeeding years.

Temporary Tax Differences and Adjustment of Accounting

Financial Result for Such Differences

Article 24. (1) Temporary tax differences shall arise where any income or expenses are recognized for tax purposes in a year other than the year of accounting for the said income or expense.

(2) A "temporary tax difference" shall be:

1. any expense unrecognized for tax purposes in the year of accounting for any such expense, which will be recognized during succeeding years, when the conditions for recognition according to this Part occur;

2. any income unrecognized for tax purposes in the year of accounting for any such income, which will be recognized during succeeding years, when the conditions for recognition according to this Part occur.

(3) Temporary tax differences shall furthermore originate in the cases of transformation of corporations and cooperatives according to the procedure established by Chapter Nineteen herein.

(4) For the purposes of determination of the tax financial result, where this Act indicates that:

1. any cost (loss), which is not recognized for tax purposes in the year of accounting and will be recognized during succeeding years when the condition for recognition according to this Part occurs:

(a) the accounting financial result in the year of accounting for the cost (loss) shall be credited with any such cost (loss): origination of a temporary tax difference;

(b) the accounting financial result in the year when the condition for recognition according to this Part occurs shall be debited with any such cost (loss): reversal of a temporary tax difference;

2. any income (profit), which is not recognized for tax purposes in the year of accounting and will be recognized during succeeding years when the condition for recognition according to this Part occurs:

(a) the accounting financial result in the year of accounting for the income (profit) shall be debited with any such income (profit): origination of a temporary tax difference;

(b) the accounting financial result in the year of when the condition for recognition according to this Part arises shall be credited with any such income (profit): reversal of a temporary tax difference.

Tax-Recognized Income and Cost
Article 25. For the purposes of determination of the tax financial result, where this Act indicates that any income (cost) or profit (loss) is recognized for tax purposes in the year of accounting for such income, the accounting financial result for the current year or any succeeding years shall not be adjusted for the said income (cost) or profit (loss).

Chapter Seven

PERMANENT TAX DIFFERENCES

Expenses Unrecognized for Tax Purposes
Article 26. The following accounting expenses shall not be recognized for tax purposes:

1. any non-business expenses;

2. any expenses which are not supported by documents within the meaning given by this Act;

3. any expenses on tax charged or credit for input tax used according to the Value Added Tax Act , where the expense incurred on the business transaction wherewith the value added tax is associated is not recognized for tax purposes;

4. any expense on value added tax charged by a supplier, including by the revenue authority, in connection with a supply effected, with the exception of tax charged in connection with deregistration under the Value Added Tax Act ; sentence one shall furthermore apply in the cases referred to in Article 177 of the Value Added Tax ;

5. any subsequent expenses accounted for in connection with a claim which has originated from a tax charged or credit for input tax used under Items 3 and 4;

6. any expenses on fines charged, forfeitures and other sanctions imposed for violation of statutory instruments, any default interest charged for late payment of public state or municipal debts;

7. any donation expenses other than such covered under Article 31 herein;

8. any expenses on a tax which is subject to withholding at source and is for the account of the payer of the income;

9. any wage expenses at commercial corporations wherein the State or a municipality holds an interest exceeding 50 per cent in excess of the resources fixed by statutory instruments.

Income Unrecognized for Tax Purposes
Article 27. (1) The following accounting income shall not be recognized for tax purposes:

1. any income resulting from distribution of dividends by resident legal persons;

2. any income originating in connection with any expenses unrecognized for tax purposes, as referred to in Article 26 herein, up to the amount of the unrecognized expenses;

3. any income from interest payments on unduly remitted or collected public obligations, as well as on value added tax not refunded within the statutory time limits, charged by the central-government or municipal authorities.

(2) Item 1 of Paragraph (1) shall not apply:

1. to any income charged as a result of distribution of dividends by licensed special purpose investment companies under the Special Purpose Investment Companies Act ;

2. upon hidden profit distribution.

Unrecognized Expenses on Shrinkage and Wastage
Article 28. (1) Any accounting expenses on shrinkage of fixed and current assets shall not be recognized for tax purposes, with the exception of such due to a force majeure.

(2) Any accounting expenses on shrinkage and waste of stocks of materials shall not be recognized for tax purposes.

(3) Paragraph (2) shall not apply where the expenses are due to:

1. a force majeure;

2. spoilage or alteration of physical and chemical properties, as established by a statutory instrument or by company standards, where a statutory instrument does not exist, and in the customary amounts for the relevant activity;

3. expiry of the service life according to a statutory instrument or company standards, where a statutory instrument does not exist, and in the customary amounts for the relevant activity.

(4) Any tax expense referred to in Article 79 (3) of the Value Added Tax Act on any assets, which is not recognized according to the procedure established by Paragraphs (1) to (3), shall not be recognized for tax purposes.

(5) Any subsequent accounting expenses, which have been accounted for in connection with a claim originating from shrinkage and wastage of any assets unrecognized according to the procedure established by Paragraphs (1) to (4), shall not be recognized for tax purposes.

Unrecognized Expenses Originating in Connection

with Shrinkage and Wastage
Article 29. Any accounting expenses which have originated in connection with any shrinkage and wastage of assets or any claim related therewith shall not be recognized for tax purposes up to the amount of the unrecognized expenses referred to in Article 28 herein.

Recognition of Part of Undistributable Expenses of

Not-for-Profit Legal Entities
Article 30. (1) Any accounted for undistributable expenses, corresponding to the activity subject to levy of corporation tax, incurred by any not-for-profit legal entities, shall not be recognized for tax purposes.

(2) The part of the undistributable expenses, determined by multiplying the total amount of undistributable expenses by the ratio between the income from the activity subject to levy of corporation tax and all income accruing to the not-for-profit legal entity, shall be recognized for tax purposes.

Donation Expenses
Article 31. (1) The accounting expenses on donations to a total amount of up to 10 per cent of the positive accounting financial result (accounting profit) shall be recognized for tax purposes where the expenses on donations are incurred in favour of:

1. any health-care and medical-treatment facilities;

2. any specialized institutions for provision of social services according to the Social Assistance Act , as well as of the Social Assistance Agency and of the Social Assistance Fund under the Minister of Labour and Social Policy;

3. any specialized child institutions according to the Child Protection Act , as well as of any care homes for children deprived of parental care according to the Public Education Act ;

4. any creches, kindergartens, schools, higher schools or academies;

5. any public-financed enterprises within the meaning given by the Accountancy Act ;

6. any religious denominations registered in the country;

7. any specialized enterprises or cooperatives of persons with disabilities, entered in the register referred to in Article 29 of the Integration of Persons with Disabilities Act , as well as in favour of the Agency for Persons with Disabilities;

8. any persons with disabilities, as well as for technical aids therefor;

9. any victims of crises within the meaning given by the Crisis Management Act , or of the families thereof;

10. the Bulgarian Red Cross;

11. any socially disadvantaged persons;

12. any children with disabilities or parentless children;

13. any cultural institutes, or for the purposes of cultural, educational or research exchange under an international treaty whereto the Republic of Bulgaria is a party;

14. any not-for-profit legal entities, registered in the Central Register of Not-for-Profit Legal Entities for pursuit of public benefit activities, with the exception of organizations supporting culture within the meaning given by the Financial Support for Culture Act ;

15. any schoolchildren and students at Bulgarian schools in respect of the scholarships instituted and provided thereto for instruction;

16. the Bulgaria Energy Efficiency Fund;

17. any therapeutic communities for narcotics-dependent persons, as well as of narcotics-dependent persons for the therapy thereof.

(2) Accounting expenses on donations shall be recognized for tax purposes to an amount of up to 50 per cent of the accounting profit where the expenses on donations are incurred in favour of the Fund for Medical Treatment of Children Centre.

(3) The assistance provided gratuitously under the terms and according to the procedure established by the Financial Support for Culture Act shall be recognized for tax purposes to an amount of up to 15 per cent of the accounting profit.

(4) Any expenses on donations of computers and computer peripheral equipment, which are manufactured within one year prior to the date of the donation, and made in favour of Bulgarian schools, including higher schools, shall be recognized for tax purposes.

(5) The aggregate amount of the expenses on donations recognized for tax purposes under Paragraphs (1) to (4) may not exceed 65 per cent of the accounting profit.

(6) The entire expense on a donation shall not be recognized for tax purposes where the donation benefits, whether directly or indirectly, the managers who make it or those who dispose of the said donation, or where there is evidence that the gift has not been received.

### Taxable Person's Formation Expenses

Article 32. (1) The accounting expenses on the incorporation of a legal person shall be recognized for tax purposes at the taxable persons which are incorporators. The unrecognized expenses shall be recognized for tax purposes upon determination of the tax financial result of the newly formed legal person in the year of commencement of the legal existence thereof.

(2) The expenses referred to in Paragraph (1) shall be recognized for tax purposes in respect of the incorporators upon occurrence of circumstances determining that the legal existence of a new legal person will not commence. The said expenses shall be recognized in the year of occurrence of the said circumstances, if the requirements of this Act are complied with.

### Natural Persons' Travel and Per Diem Expenses

Article 33. The accounting travel and per diem expenses of any natural persons who are in employment relationships with the taxable person or are hired thereby under non-employment relationships shall be recognized for tax purposes where the travel and stay were performed in connection with the activity of the taxable person.

Chapter Eight

## TEMPORARY TAX DIFFERENCES

### Non-recognition of Income and Expenses from Subsequent Valuations

(Revaluations and Impairments)

Article 34. (1) Any income and expenses from subsequent valuations of assets and liabilities shall not be recognized for tax purposes in the year of accounting for the said income and expenses.

(2) Paragraph (1) shall not apply in respect of any accounting income and expenses from subsequent valuations of monetary positions in foreign currency at the central exchange rate of the Bulgarian National Bank.

### Recognition of Expenses and Income from Subsequent Valuations

(Revaluations and Impairments)

Article 35. (1) Any income and expenses from subsequent valuations unrecognized for tax purposes according to the procedure established by Article 34 herein shall be recognized for tax purposes in the year of write-off of the relevant asset or liability.

(2) Where the value of the stocks of materials of a specific type, written off during the current year, exceeds the value of the stocks of materials of the said type as at the 31st day of December of the preceding year, the unrecognized income referred to in Article 34 herein in respect of the said type of stocks of materials during preceding years shall be recognized for tax purposes during the current year.

(3) Paragraphs (1) and (2) shall not apply in the cases of shrinkage and wastage of assets, which are not recognized for tax purposes according to the procedure established by Article 28 herein.

### Income and Expenses from Initial Recognition and Subsequent

### Valuation of Biological Assets and Agricultural (Farming) Produce

Article 36. (1) Any excess of the income (profits) from an initial recognition and subsequent valuation of biological assets and agricultural (farming) process over the expenses accounted for in connection with the said assets shall not be recognized for tax purposes in the year of accounting for the said income and expenses. Any excess of the income referred to in sentence one shall be recognized for tax purposes in the year of write-off of the relevant asset.

(2) Any excess of the expenses reported in connection with biological assets and agricultural (farming) process, over

the incomes (profits) from an initial recognition and subsequent valuation of said assets shall not be recognized for tax purposes in the year of accounting for the said income and expenses. Any excess of the expenses referred to in sentence one shall be recognized for tax purposes in the year of write-off of the relevant asset.

(3) The provisions of Articles 34 and 35 herein shall not apply to any biological assets and agricultural produce.

Recognition of Income and Expenses from Subsequent

Valuations of Claims

Article 37. Any income and expenses from subsequent valuations of claims unrecognized according to the procedure established by Article 34 herein shall be recognized for tax purposes in the year in which one of the following circumstances occurs:

1. lapse of the prescription of the claim, but not more than five years after the time the said claim became exigible;

2. onerous transfer of the claim;

3. the bankruptcy proceedings against the debtor have been closed by a confirmed plan for rehabilitation which provides for incomplete satisfaction of the taxable person; the unrecognized income and expenses shall be recognized for tax purposes solely in respect of the diminution in the claim;

4. an effective judgment of court has decreed that the claim or a part thereof is undue; the unrecognized income and expenses shall be recognized for tax purposes solely in respect of the undue part of the claim;

5. prior to the lapse of the prescription, the claims have been extinguished by virtue of a law;

6. upon expungement of the debtor, where the claim or part thereof has been left unsatisfied: recognition shall be limited to the unsatisfied part.

Provisions for Debts

Article 38. (1) Any expenses on provisions for debts shall be recognized for tax purposes in the year of accounting for any such expenses.

(2) Any expenses on provisions unrecognized under Paragraph (1) shall be recognized for tax purposes in the year of repayment of the debt for which the provision has been recognized up to the amount of the debt repaid.

(3) The accounting income accounted for in connection with a provision recognized shall not be recognized for tax purposes.

Provisions Not Included in Tax Depreciable Value

of Tax Depreciable Asset

Article 39. (1) Upon determination of the tax financial result, the accounting financial result shall be debited with the repaid debts related to any provisions which are not included in the tax depreciable value of a tax depreciable asset according to Article 53 (1) herein. The debiting referred to in sentence one shall be performed in the year of repayment of the debt.

(2) The accounting income accounted for in connection with the provision recognized shall not be recognized for tax purposes.

Specific Procedure for Recognition of Expenses on Provisions

for Debts upon Cessation of Activity

Article 40. (1) Any taxable person, which has applied Article 38 (1) or Article 53 (1) herein and has entirely ceased the core activity thereof in the year of repayment of the debts in respect of which a provision unrecognized for tax purposes has been charged, shall not apply the provisions of Article 38 (2) or Article 39 (1) herein and shall be entitled to an offset or refund of the overremitted corporation tax as arrived at according to the procedure established by Paragraph (2).

(2) The overremitted corporation tax shall be arrived at as a product of the repaid part of the debts, in respect of which a provision unrecognized for tax purposes has been charged, and the rate of corporation tax for the year of repayment of the debts. The repaid part of the debts for the purposes of sentence one may not exceed the sum total of the tax financial results for the ten years last preceding the year of cessation of activity.

Unused Leaves

Article 41. (1) Any expenses on accumulating unused (compensable) leaves at the 31st day of December of the current year, as well as any expenses connected with any such leaves, for compulsory social and health insurance, shall not be recognized for tax purposes in the year of accounting for any such expenses.

(2) Any unrecognized expenses on accumulating unused (compensable) leaves referred to in Paragraph (1) shall be recognized for tax purposes in the year during which compensations for the said leaves was actually paid to the staff, up to the amount of the compensations paid.

(3) Any unrecognized expenses on compulsory social and health insurance referred to in Paragraph (1) shall be recognized for tax purposes in the year during which the relevant social and health insurance contributions were remitted, up to the amount of the insurance contributions remitted.

(4) Any accounting expenses accounted for in connection with any debts referred to in Paragraph (1) shall not be recognized for tax purposes.

Expenses Constituting Income Accruing to Resident Natural Persons

Article 42. (1) Any expenses incurred by taxable persons, constituting income accruing to resident natural persons under the Income Taxes of Natural Persons Act, which are not paid as at the 31st day of December of the current year, shall not be recognized for tax purposes in the year of accounting for any such expenses.

(2) Paragraph (1) shall not apply to any expenses constituting:

1. a basic or supplementary labour remuneration, fixed by a statutory instrument;

2. income accruing to sole traders.

(3) The expenses unrecognized under Paragraph (1) shall be recognized for tax purposes in the year during which the income is paid, up to the amount of the income paid.

(4) The accounting income accounted for in connection with any unpaid income referred to in Paragraph (1) shall not be recognized for tax purposes.

Regulation of Thin Capitalization

Article 43. (1) Any expenses on interest payments shall not be recognized for tax purposes in the year of accounting for any such expenses to an amount arrived at for the current year according to the following formula:

$$UEIP = EIP - IIR - 0.75 \times AFRBI, \text{ where:}$$

UEIP shall be the unrecognized expenses on interest payments;

EIP shall be the expenses on interest payments arrived at according to the procedure established by Paragraph (3);

IIR shall be the total amount of income from interest receivable;

FRBI shall be the accounting financial result before all expenses on interest payments and income from interest receivable.

(2) Any expenses on interest payments, unrecognized under Paragraph (1), shall be recognized for tax purposes during the next succeeding five years until depletion of the said expenses, to an amount arrived at for the current year according to the following formula:

REIP = 0.75 x FRBI + IIR - EIP, where:

REIP shall be the recognized expenses on interest payments;

FRBI shall be the accounting financial result before all expenses on interest payments and income from interest receivable;

IIR shall be the total amount of income from interest receivable;

EIP shall be the expenses on interest payments arrived at according to the procedure established by Paragraph (3) for the current year.

(3) The expenses on interest payments shall include all financial (interest) income, accounted for under financing by means of debt capital. The expenses on interest payments shall not include:

1. any interest payments on financial leases and bank loans, except where the parties to the transaction are related parties or the lease or the loan, as the case may be, is guaranteed or secured by or is extended on the order of a related party;

2. any penalty charges for late payments and damages;

3. any interest unrecognized for tax purposes on other grounds in this Act.

(4) Where the accounting financial result before all expenses on interest payments and income from interest receivable is a negative quantity, the said result shall be ignored upon determination of the amount of expenses on interest payments unrecognized and recognized under Paragraphs (1) and (2).

(5) The provisions of this Article shall apply in respect of any newly incurred expenses on interest payments, observing the sequence of the incurrence of the said expenses.

(6) Paragraph (1) shall not apply where:



DC1 shall be the debt capital as at the 1st day of January of the current year;

DC2 shall be the debt capital as at the 31st day of December of the current year;

OE1 shall be the owners' equity as at the 1st day of January of the current year;

OE2 shall be the owners' equity as at the 31st day of December of the current year.

(7) The expenses on interest payments incurred by credit institutions shall not be regulated according to the procedure established by Paragraphs (1) to (6).

Chapter Nine

AMOUNTS INVOLVED UPON DETERMINATION OF TAX FINANCIAL RESULT

Securities Traded on Regulated Markets

Article 44. Where the disposition of any shares and any negotiable rights attaching to shares in public companies, shares in and units of collective investment schemes, is effected on a regulated Bulgarian securities market, upon determination of the tax financial result the accounting financial result:

1. shall be debited with the profit determined as a positive difference between the selling price and the documented

cost of acquisition of the said securities, and

2. shall be credited with the loss determined as a negative difference between the selling price and the documented cost of acquisition of the said securities.

Subsequent Valuations Reserve in Respect of Assets which Are Not Tax

Depreciable Assets

Article 45. Upon determination of the tax financial result, the accounting financial result shall be credited with the value of the revaluation reserve (subsequent valuations reserve) written off upon the write-off of any assets which are not tax depreciable assets, where an accounting income has not been accounted for upon the write-off of the said reserve. The said crediting shall be effected in the year of write-off of the asset. Where any land is transformed into investment property, the said crediting shall be effected in the year of write-off of the investment property.

Tax Treatment of Debts

Article 46. (1) Upon determination of the tax financial result, the accounting financial result shall be credited with the amount of the debts of the taxable person originating from amounts which lead to a diminution in the tax financial result, and the said crediting shall be effected in the year in which one of the following circumstances occurs:

1. the debts are extinguished by prescription, but not more than five years after the time when the debt became exigible;

2. the bankruptcy proceedings against the taxable person have been closed by a confirmed plan for rehabilitation which provides for incomplete satisfaction of the creditors; the crediting shall be effected by the amount of the diminution in the debt;

3. an effective judgement of court has decreed that the debt or part thereof is undue;

4. the creditor has relinquished the claim thereof by a judicial procedure or has redeemed the said claim; the crediting shall be effected by the amount redeemed;

5. before the lapse of the prescription period, the debts have been extinguished by virtue of a law;

6. the taxable person has submitted a motion for expungement.

(2) The accounting income accounted for in connection with a write-off of the debts referred to in Paragraph (1) shall not be recognized for tax purposes.

Tax Treatment of Credit for Input Tax Deducted in Respect

of Assets Available or upon Registration or Re-registration

under Value Added Tax Act

Article 47. (1) Upon determination of the tax financial result, the accounting financial result shall be credited with the amount of the credit for input tax deducted by the taxable person in respect of the assets available as at the date of registration or re-registration under the Value Added Tax Act .

(2) The accounting income accounted for in connection with the credit for input tax deducted under Paragraph (1) shall not be recognized for tax purposes.

(3) Paragraphs (1) and (2) shall not apply in the cases where the tax deducted is not included in the value of the asset.
Chapter Ten

TAX DEPRECIABLE ASSETS

Tax Depreciable Assets

Article 48. Tax depreciable assets shall comprehend:

1. the tax tangible fixed assets;

2. the tax intangible fixed assets;

3. the investment properties, with the exception of land;

4. the subsequent expenses referred to in Article 64 herein.

Goodwill

Article 49. (1) Goodwill generated as a result of a business combination shall not be a tax depreciable asset.

(2) Any loss from impairment and upon write-off of goodwill shall not be recognized for tax purposes.

Tax Tangible Fixed Assets

Article 50. "Tax tangible fixed assets" shall be the amounts which satisfy the requirements for depreciable tangible fixed assets according to the National Financial Reporting Standards for Small and Medium-Sized Enterprises whose value equals or exceeds the lesser of:

1. the value materiality threshold for the tangible fixed asset, as adopted in the accounting policies of the taxable person;

2. five hundred leva.

Tax Intangible Fixed Assets

Article 51. (1) "Tax intangible fixed assets" shall be:

1. any acquired non-financial resources which:

(a) have no physical substance;

(b) are used during a period longer than twelve months;

(c) have a limited useful life;

(d) are of a value which equals or exceeds the lesser of:

(aa) the value materiality thresholds for the tangible fixed asset, as adopted in the accounting policies of the taxable person;

(bb) five hundred leva;

2. any amounts charged for marketing or analogous research, business plan and corporate strategies;

3. any amounts charged as a result of business transactions leading to an increase in the economic benefits flowing from a tax tangible fixed asset which is hired or provided for use; the said amounts shall not form a tax tangible fixed asset.

(2) Any accounting expenses, accounted for in connection with the acquisition of a tax tangible fixed asset before the origination of the said asset, shall not be recognized for tax purposes in the year of accounting for the said expenses and shall be involved upon determination of the tax depreciable value of the said asset. Where any circumstances determining that the taxable person will not acquire the tax intangible fixed asset occur in a succeeding year, the unrecognized expenses referred to in sentence one shall be recognized for tax purposes in the year of occurrence of any such circumstances, if the requirements of this Act are complied with.

Tax Depreciation Schedule

Article 52. (1) Any taxable persons which form a tax financial result shall prepare and keep a tax depreciation

schedule, posting therein all tax depreciable assets.

(2) The tax depreciation schedule shall be a tax ledger wherein the information, specified according to the requirements of this Act, regarding the process of acquisition, subsequent keeping, depreciation and write-off of the tax depreciable assets, shall be posted.

(3) The tax depreciation schedule shall contain, as a minimum, the following information on each tax depreciable asset:

1. designation;

2. month of commissioning;

3. tax depreciable value;

4. tax depreciation charged;

5. tax value;

6. annual rate of tax depreciation;

7. annual tax depreciation;

8. month of occurrence of any changes in the values of the asset and the circumstances necessitating the said changes;

9. month of discontinuance and resumption of the charging of tax depreciations and the circumstances which necessitate the said discontinuance and resumption;

10. month of write-off of the asset covered under Article 60 (3) herein for accounting purposes and the circumstances which necessitate the said write-off.

11. month of write-off of the asset in the tax depreciation schedule.

Values of Tax Depreciable Assets
Article 53. (1) The "tax depreciable value" shall be the historical cost of the asset debited with the charged provisions and donations associated with the asset which are included in the said cost. In the cases referred to in Article 64 (1) and Article 67 herein, the tax depreciable value shall be the sum total of:

1. the subsequent expenses: in the cases referred to in Article 64 (1) herein;

2. the expenses unrecognized for tax purposes: in the cases referred to in Article 67 herein.

(2) The "annual tax depreciation" shall be the depreciation charged in the tax depreciation schedule for the relevant year according to the requirements of this Chapter.

(3) The "tax depreciation charged" shall be the sum total of the annual tax depreciations for the relevant asset. The tax depreciation charged may not exceed the tax depreciable value of the asset.

(4) The "tax value" shall be the tax depreciable value of the asset debited with the tax depreciation charged for the said asset.

Tax and Accounting Depreciations
Article 54. (1) The tax depreciations, determined according to the procedure established by this Chapter, shall be recognized upon determination of the tax financial result.

(2) The accounting expenses on depreciation shall not be recognized for tax purposes.

Tax Depreciable Asset Categories

Article 55. (1) Upon determination of the annual tax depreciations, tax depreciable assets shall be allocated to the following categories:

1. Category I: solid buildings, including investment properties, plant, transmission facilities, electric power carriers, communication lines;

2. Category II: machinery, process equipment, apparatus;

3. Category III: means of transport excluding automobiles; surfacing of roads and of runways;

4. Category IV: computers, computer peripheral equipment, software, and right to use software;

5. Category V: automobiles;

6. Category VI: tax tangible and intangible fixed assets whereof the period of use is restricted according to contractual relationships or a legal obligation;

7. Category VII: all other depreciable assets.

(2) The annual rate of tax depreciation shall be determined on a single occasion for the year and may not exceed the following amounts:

| Asset category | Annual rate of tax depreciation (%) |
|---|---|
| I | 4 |
| II | 30 |
| III | 10 |
| IV | 50 |
| V | 25 |
| VI | 100/years of legal restriction<br><br>The annual rate may not exceed 33 1/3 |
| VII | 15 |

(3) In respect of Category II assets, the annual rate of tax depreciation may not exceed 50 per cent, where the following conditions are simultaneously fulfilled:

1. the assets form part of an initial investment;

2. the assets are new as fabricated and have not been exploited prior to the acquisition thereof.

(4) The separate depreciable assets used by the taxable persons in the categories covered under Paragraph (1) shall be exhaustively classified by an ordinance of the Council of Ministers. The ordinance referred to in sentence one shall be

updated on a motion by the Minister of Finance over a period not longer than three years.

Standard Procedure for Posting of Assets in Tax Depreciation Schedule
Article 56. Tax depreciable assets shall be posted in the tax depreciation schedule at the tax depreciable value thereof.

Specific Procedure for Posting of Assets in Tax Depreciation Schedule
Article 57. (1) Any person, in respect of which the tax treatment changes as a result of which an obligation to form a tax financial result arises for the said person, shall prepare a tax depreciation schedule wherein the tax depreciable assets available at that time shall be posted at tax depreciable value and tax depreciation charged determined according to the procedure established by Paragraphs (2) and (3).

(2) The tax depreciable value of any asset referred to in Paragraph (1) shall be determined by means of:

1. crediting the historical cost of the said asset with the subsequent expenses incurred theretofore which, according to accounting legislation, lead to future economic benefits derived from the said asset;

2. debiting the historical cost of the said asset with the charged provisions and donations associated with the said asset which are included in the said cost.

(3) The tax depreciation charged for any asset referred to in Paragraph (1) shall be the accounting depreciation which would be charged theretofore on the historical cost of the said asset, adjusted according to the procedure established by Paragraph (2).

(4) Any assets for which the tax depreciation charged equals or exceeds the tax depreciable value thereof shall not be posted upon preparation of the tax depreciation schedule.

(5) Paragraphs (1) to (4) shall furthermore apply in the cases of re-posting of an asset in the tax depreciation schedule.

Charging of Tax Depreciations
Article 58. (1) Tax depreciation shall commence to be charged as from the beginning of the month in which the tax depreciable asset is commissioned. The date of commissioning must be supported by documents.

(2) Where a procedure for commissioning is provided for in a statutory instrument, the asset may not be commissioned for tax purposes earlier than what is established in the statutory instrument.

(3) The annual tax depreciation shall be arrived at according to the following formula:



where:

ATD shall be the annual tax depreciation;

TDV shall be the tax depreciable value;

ARTD shall be the annual rate of tax depreciation, determined by the taxable person according to Article 55 (2) and (3) herein;

M shall be the number of months of the year during which tax depreciation is charged.

Discontinuance of Charging of Tax Depreciations
Article 59. (1) Charging of tax depreciations shall be discontinued when the relevant asset is temporarily withdrawn from use (no economic benefit is derived therefrom) for a period not exceeding three months. Charging shall be discontinued as from the month next succeeding the month of withdrawal of the asset from use and shall be resumed as from the beginning of the month of re-commissioning of the said asset. The tax depreciable asset shall not be written off in the tax depreciation schedule.

(2) Paragraph (1) shall not apply where the temporary withdrawal from use of a tax depreciable asset is due to the specific nature of the manufacturing process of the taxable person.

(3) Charging of tax depreciations shall be discontinued where the relevant asset is withdrawn from use and no future economic benefits will be derived from use of the said asset in the course of activities. Where Article 60 (5) herein is not applied, the tax depreciable asset shall not be written off in the tax depreciation schedule at the time of discontinuance of the charging of tax depreciation.

(4) The charging of tax depreciations in respect of any assets covered under Article 60 (3) herein shall not be discontinued.

Write-off of Assets in Tax Depreciation Schedule
Article 60. (1) An asset shall be written off in the tax depreciation schedule where the said asset is completely depreciated for tax purposes.

(2) Where an asset is written off for accounting purposes before being fully depreciated for tax purposes, the said asset shall be written off in the tax depreciation schedule at the beginning of the month during which the said asset is written off for accounting purposes.

(3) Paragraph (2) shall not apply upon the write-off of any assets:

1. wherefrom a flow of economic benefit is not expected, including in the cases of retirement;

2. as a result of an increase in the value materiality threshold.

(4) Any assets referred to in Paragraph (3) shall be written off in the tax depreciation schedule according to the procedure established by Paragraph (1).

(5) Where any depreciable asset according to the National Financial Reporting Standards for Small and Medium-Sized Enterprises is transformed into a non-depreciable asset, with the exception of transformation into an investment property, the said asset shall be written off in the tax depreciation schedule as from the beginning of the current month.

(6) Where a tax depreciable asset ceases to be used for an activity in respect of which a tax financial result is formed, the said asset shall be written off in the tax depreciation schedule as from the beginning of the current month.

Retention of Values of Tax Depreciable Asset
Article 61. The values of the tax depreciable asset shall not change upon:

1. any subsequent accounting valuation (revaluation and impairment);

2. any change in accounting policy, including any change in the applicable accounting standards;

3. any accounting errors applying to prior periods, with the exception of technical errors;

4. registration or re-registration under the Value Added Tax Act .

Change in Tax Depreciable Asset Values
Article 62. (1) A change in the values of the tax depreciable asset shall be effected upon occurrence of any circumstances necessitating such a change according to accounting legislation, with the exception of the cases covered under Article 61 herein.

(2) The change in the values of the asset shall be shown in the tax depreciation schedule as at the 1st day of January of the year in which the circumstances necessitating the change have been ascertained. The tax depreciation schedule shall not be changed and the tax depreciation charged shall not be adjusted in respect of prior years.

(3) The values of the tax depreciable asset after the change must equal the value which would be determined if the circumstances necessitating the change were known during the prior years.

(4) Upon determination of the tax financial result, the annual tax depreciation of the asset for the current year shall be adjusted for the difference between the tax depreciation charged for the asset during the prior years and the annual tax depreciation which would be charged for the said years if the circumstances necessitating the change were known during the prior years.

(5) Where the circumstances ascertained do not necessitate a change in the values of the asset for prior years, the change in the values shall be shown in the tax depreciation schedule as at the time of ascertainment of the circumstance during the current year.

Subsequent Expenses Associated with Asset Available

in Tax Depreciation Schedule
Article 63. The tax depreciable value of any asset which is available in the tax depreciation schedule shall be credited with any subsequent expenses which, according to accounting legislation, lead to future economic benefits associated with the tax depreciable asset. The tax depreciable asset shall be credited as from the beginning of the month during which the said subsequent expenses were incurred.

Subsequent Expenses Associated with Asset Written Off

in Tax Depreciation Schedule
Article 64. (1) Where an asset has been written off in the tax depreciation schedule but has not been written off for accounting purposes, a separate tax depreciable asset shall be posted with the subsequent expenses which, according to accounting legislation, lead to future economic benefits associated with the said asset.

(2) The tax depreciable asset referred to in Paragraph (1) shall be posted in the tax depreciation schedule as from the beginning of the month during which the subsequent expenses were completed.

(3) For the purposes of Article 55 herein, the tax depreciable asset shall be allocated to the category to which the asset in connection with which the subsequent expenses have been incurred was allocated.

(4) Where the asset in connection with which the subsequent expenses have been incurred is written off in the tax depreciation schedule before the tax depreciable asset referred to in Paragraph (1) is fully depreciated, the said asset shall be written off in the tax depreciation schedule under the terms and according to the procedure established by Article 60 herein.

Income and Expenses from Subsequent Valuations of Tax

Depreciable Assets
Article 65. The accounting income and expenses from subsequent valuations of tax depreciable assets shall not be recognized for tax purposes.

Adjustment of Accounting Financial Result upon Write-Off

of Tax Depreciable Asset
Article 66. (1) Where an asset is written off in the tax depreciation schedule, upon determination of the tax financial result the accounting financial result shall be credited with the accounting carrying value of the asset.

(2) Where an asset is written off in the tax depreciation schedule, upon determination of the tax financial result the accounting financial result shall be debited with the tax value of the asset.

(3) Paragraphs (1) and (2) shall not apply:

1. in the cases of unrecognized expenses on shrinkage of assets and associated claims, where the tax value exceeds the accounting carrying value of the said asset;

2. upon write-off of an asset for the account of owners' equity, where the tax value exceeds the accounting carrying value of the said asset;

3. upon write-off of an asset according to the procedure established by Article 60 (6) herein, where the tax value exceeds the accounting carrying value of the said asset;

4. upon transformation of corporations and restructuring of cooperatives under Sections II and III of Chapter Nineteen herein.

Accounting Expenses Forming Tax Depreciable Asset
Article 67. Any accounting expenses forming a tax depreciable asset, including any subsequent expenses, shall not be recognized for tax purposes.

Income and Expenses Accounted for in Connection with

Donation Associated with Tax Depreciable Asset
Article 68. Any accounting income and expenses, accounted for in connection with a donation wherewith the historical cost has been debited upon determination of the tax depreciable value of the asset, shall not be recognized for tax purposes.

Specific Tax Treatment of Asset Formed as Result

of Development Activity
Article 69. (1) Upon determination of the tax financial result, the taxable person shall have the right to debit the accounting financial result thereof with the historical cost of an intangible fixed asset on a single occasion in the year of formation of the said result, where the following conditions are simultaneously fulfilled:

1. the asset has been formed as a result of development activity;

2. the development activity has been carried out in connection with the activity carried out by the taxable person as a regular business;

3. the development activity has been commissioned under market conditions to a scientific research institute or a higher school.

(2) Where the taxable person has exercised the right thereof under Paragraph (1), the intangible fixed asset accounted for under Paragraph (1) shall not be a tax depreciable asset.
Chapter Eleven

CARRY-FORWARD OF TAX LOSS

General Dispositions
Article 70. (1) Taxable persons shall have the right to carry forward the tax loss formed according to the procedure established by this Part. Where a taxable person has elected to carry forward the tax loss, the said loss shall mandatorily be carried forward successively until the depletion thereof during the next succeeding five years.

(2) The taxable person shall exercise the right thereof to election by means of deduction of the tax loss during the first year after incurrence of a tax loss, during which the said person has formed a positive tax financial result before deduction of the tax loss. Where the taxable person has not formed a positive tax financial result before deduction of the tax loss until the date of tax control, the person shall be presumed to have exercised the right thereof to election in respect of carry-forward of a tax loss.

Procedure for Deduction
Article 71. (1) A tax loss shall be deducted upon determination of the tax financial result within the amount of the positive tax financial result before deduction of the tax loss. Where the tax loss is less than the positive tax financial result before deduction of the tax loss, the full amount of the said loss shall be deducted upon determination of the tax financial

result.

(2) The tax loss shall furthermore be deducted upon determination of the quarterly prepayments of corporation tax.

Newly Incurred Tax Losses
Article 72. The provisions of this Chapter shall apply in respect of any newly incurred tax losses, observing the sequence of incurrence of the said losses. In respect of each of the newly incurred tax losses, the five-year-period shall begin to run from the year next succeeding the year of incurrence of the said losses.

Loss from Source Outside Bulgaria upon Application of Exemption with

Progression Method
Article 73. (1) Any tax loss, formed during the current year in a State wherewith the Republic of Bulgaria has concluded a convention for the avoidance of double taxation and the method of avoidance of double taxation with respect to profits is exemption with progression, shall not be deducted from the tax profits from a source inside the country or other States during the current of succeeding years.

(2) The tax loss referred to in Paragraph (1) shall be deducted in compliance with the requirements of this Chapter successively solely from the tax profits from the source outside Bulgaria from which the said loss has been incurred during the next succeeding five years.

(3) Upon cessation of the activity of a permanent establishment in a Member State of the European Community or of the European Economic Area, any tax losses from a permanent establishment which have not been carried forward and have not been recovered shall be carried forward according to the standard procedure established by this Act until lapse of the five-year period since the incurrence of the said losses.

Loss from Source Outside Bulgaria upon Application of Credit Method
Article 74. (1) Where a taxable person has formed a tax loss and the said loss or a part thereof has its source outside Bulgaria in respect of which source the credit method for avoidance of double taxation is applied, the loss which is not deducted during the current year shall be deducted during the next succeeding five years in compliance with the requirements of this Chapter successively solely from the tax profits from the source outside Bulgaria from which the said loss has been incurred.

(2) Where the tax loss for the year has not been formed from a single source (foreign State or the country), the said loss shall be allocated for the purposes of Paragraph (1) among the States from which the said loss has originated according to the following formula:



where:

A shall be the part of the tax loss incurred by the taxable person for the year, allocated to the relevant source (foreign State or the country);

B shall be the tax loss formed by the taxable person for the year;

C shall be the tax loss formed from the relevant source (foreign State or the country);

D shall be the sum total of the tax losses formed from all sources (foreign States and the country).

(3) Paragraph (1) shall not apply to any losses from a source within a Member State of the European Community or of the European Economic Area.
Chapter Twelve

ACCOUNTING ERRORS

Correction of Accounting Errors

Article 75. (1) Upon detection, during the current year, of any accounting error related to prior years, the tax financial results for the relevant prior years shall be corrected according to the requirements of the laws effective during the relevant prior years in a way as if the said error was nor made.

(2) Upon determination of the tax liability on the tax financial result for a prior year as corrected under Paragraph (1), the rate of tax for the relevant prior year shall be applied.

(3) The annual corporation tax for the current year shall be corrected by the difference between the tax liability before and after the correction as a result of the error.

(4) Where, as a result of an error detected, it is established that the taxable person has continued to form a tax depreciable asset for the relevant prior year, an annual tax depreciation equal to the accounting depreciation shall be recognized upon determination of the tax financial results for the prior years, which may not exceed the annual tax depreciation which would be charged if the maximum permissible annual rates of tax depreciation under Article 55 herein were used. The tax depreciable asset shall be posted in the tax depreciation schedule as at the 1st day of January of the year of detection of the error at the tax depreciable value of the said asset and the tax depreciation charged under sentence one.

(5) The temporary tax difference which would originate during a prior year if the error was not made shall be considered as having originated during the relevant prior year and shall be recognized for tax purposes according to the standard procedure established by this Act.

(6) Paragraphs (1) to (3) shall not apply to any errors made more than five years before the current year which, if not made, would have led to a diminution in the tax financial result for the relevant prior year.

(7) All accounting income and expenses, accounted for during the current year in connection with a detected accounting error from prior years, shall not be recognized for tax purposes.

Specific Cases of Correction of Accounting Errors

Article 76. Where, after correction of the tax financial result under Article 75 (1) herein, a tax loss for the relevant prior period is incurred or changes, the provisions of Chapter Eleven herein shall apply. The tax financial results for the years from the making of the error until the detection thereof shall be corrected according to the procedure established by Article 75 herein in such a way as if the error was not made. The year during which the error was made shall be considered a year of incurrence of the tax loss.

Expenses Accounted for in Breach of Accounting Legislation

Article 77. (1) Any expenses accounted for in breach of accounting legislation shall not be recognized for tax purposes in the year of accounting for such expenses.

(2) The expenses unrecognized for tax purposes, referred to in Paragraph (1), shall be recognized for tax purposes where this is permissible under this Act and in compliance with the requirements of this Chapter.

Income and Expenses Unaccounted for According to Procedure Established

by Statutory Instrument

Article 78. Upon determination of the tax financial result, the accounting financial result shall be corrected by the amount of income and expenses which should have been accounted for during the current year according to the requirements of a statutory instrument but which were not accounted for by the taxable person. Where any accounting income and expenses are subsequently accounted for in connection with a business transaction under sentence one, the said income and expenses shall not be recognized for tax purposes.

Accounting Errors Related to Tax Depreciable Assets

Article 79. This Section, with the exception of Article 75 (4) and (7) herein, shall not apply in respect of any

accounting errors related to tax depreciable assets.

### Default Interest

Article 80. Default interest according to the standard procedure shall furthermore be due upon application of Article 75 herein. The interest shall be due as from the date on which the corporation tax for the relevant prior year should have been remitted.

### Corrections of Errors Detected upon Tax Control

Article 81. The provisions of this Chapter, with the exception of Article 75 (3) herein, shall furthermore apply in the cases of errors detected upon tax control.

Chapter Thirteen

## CHANGE IN ACCOUNTING POLICIES

### Adjustment upon Change in Accounting Policies

Article 82. (1) Where the accounting policies change, upon determination of the tax financial result, the accounting financial result for the current year shall be adjusted in the manner and by the amount whereby the tax financial results for the prior years would have been adjusted if the changed accounting policies were applied during the said years.

(2) The temporary tax differences, which have originated according to the accounting policies applied before the change, shall be considered as not having originated.

(3) In case the changed accounting policies have been applied during the prior years and temporary tax differences would have originated as a result of this, the said differences shall be considered as having originated and shall be recognized according to the standard procedure established by this Act.

(4) Any accounting income and expenses, accrued and incurred as a result of changed accounting policies, shall not be recognized for tax purposes.

(5) Paragraphs (1) to (4) shall not apply upon any change in accounting policies related to tax depreciable assets.

(6) No default interest shall be due upon any change in accounting policies where the effect of the said change leads to an increase in the tax financial result.

Chapter Fourteen

## TAX PREPAYMENTS

### General Dispositions

Article 83. Any taxable person shall make monthly or quarterly prepayments of corporation tax.

### Monthly Tax Prepayments

Article 84. Monthly tax prepayments shall be made by any taxable person which has formed a tax profit for the last preceding year.

### Quarterly Tax Prepayments

Article 85. Quarterly tax prepayments shall be made by any taxable person which is under no obligation to make monthly tax prepayments.

### Determination of Monthly Tax Prepayments

Article 86. The monthly tax prepayments shall be determined according to the following formula:

where:

PRMONTHLY shall be the monthly tax prepayment;

PD shall be the tax profit declared for the year before the last preceding year (upon determination of monthly tax prepayments for the period from the 1st day of January until the 31st day of March) or the tax profit declared for the last preceding year (upon determination of monthly tax prepayments for the period commencing on the 1st day of April and ending on the 31st day of December);

k shall be the coefficient reflecting changes in the economic conditions for the current year, as endorsed by the State Budget of the Republic of Bulgaria Act for the relevant year;

RT shall be the rate of corporation tax.

Determination of Quarterly Tax Prepayments
Article 87. The quarterly tax prepayments shall be determined according to the following formula:



where:

PRQUARTERLY shall be the monthly tax prepayment;

TP shall be the tax profit for the period from the beginning of the year until the end of the quarter for which the quarterly tax prepayment is determined;

RT shall be the rate of corporation tax;

PRREMITTED shall be the tax prepayments remitted from the beginning of the year until the end of the quarter for which the quarterly tax prepayment is determined.

Declaration on Reduction of Tax Prepayments
Article 88. (1) The taxable persons may submit a declaration in a standard form on reduction of tax prepayments when the said persons assume that the said prepayments will exceed the annual corporation tax due.

(2) The reduction of tax prepayments shall be enjoyable after submission of the declaration.

Interest upon Excessive Reduction of Tax Prepayments
Article 89. (1) Where the taxable person has reduced the tax prepayments thereof according to the procedure established by Article 88 herein and the annual corporation tax due exceeds the tax prepayments due for the relevant year by more than 10 per cent, interest shall be due.

(2) The amount whereon interest is due under Paragraph (1) shall be arrived at as a difference between the annual corporation tax due and the tax prepayments due for the year. Where the sum total of the tax prepayments for the year, as determined according to the procedure established by Article 86 or 87 herein, is less than the annual corporation tax due, the said prepayments shall be taken into consideration instead of the annual corporation tax upon determination of the difference referred to in sentence one.

(3) For the purpose of calculation of the interest referred to in Paragraph (1), the amount referred to in Paragraph (2) shall be allocated to the relevant months/quarters during which a reduced tax prepayment has been declared according to Article 88 herein. The part of the amount referred to in Paragraph (2), as allocated to the relevant month/quarterly, shall be arrived at according to the following formula:

where:

A shall be the part of the amount whereon interest is due, allocated to the relevant month/quarter during which a reduced tax prepayment has been declared according to Article 88 herein;

B shall be the tax prepayment as determined according to the procedure established by Article 86 or 87 herein for the relevant month/quarter;

C shall be the tax prepayment due for the relevant month/quarter;

D shall be the aggregate amount whereon a default interest is due, as determined according to the procedure established by Paragraph (2);

E shall be the sum total of the tax prepayments for the year, as determined according to the procedure established by Article 86 or 87 herein;

F shall be the sum total of the tax prepayments due for the year.

(4) "Tax prepayment due," within the meaning given by this Article, shall be:

1. a tax prepayment as determined according to the procedure established by Article 86 or 87 herein: applicable to the tax prepayments before submission of the declaration on reduction of tax prepayments according to the procedure established by Article 88 herein;

2. the reduced tax prepayment as determined by the declaration on reduction of tax prepayments according to the procedure established by Article 88 herein: applicable to the tax prepayments after submission of the declaration on reduction of tax prepayments according to the procedure established by Article 88 herein.

(5) The interest referred to in Paragraph (1) in respect of the relevant tax prepayment shall be determined according to the Interest on Taxes, Fees and Other State Receivables Act and shall be charged as from the date on which the tax prepayment became exigible and until the date of remittance of the annual corporation tax, but not later than the 31st day of March of the next succeeding year.

Remittance of Tax Prepayments
Article 90. (1) Monthly tax prepayments shall be remitted on or before the 15th day of the month to which the said prepayments apply.

(2) Quarterly tax prepayments shall be remitted on or before the 15th day of the month next succeeding the quarter to which the said prepayments apply. No quarterly tax prepayment shall be made for the fourth quarter.

Retention of Tax Prepayments
Article 91. Any taxable person which is allowed to retain corporation tax for the current year shall furthermore be allowed to retain the relevant portion of the tax prepayments due in proportion to the amount of the retention.
Chapter Fifteen

CORPORATION TAX DECLARING AND REMITTANCE


Declaring of Corporation Tax
Article 92. (1) Any taxable persons which are liable to corporation tax shall submit an annual tax return in a standard form regarding the tax financial result and the annual corporation tax due.

(2) The annual tax return shall be submitted on or before the 31st day of March of the next succeeding year at the National Revenue Agency territorial directorate exercising competence over the place of registration of the taxable person.

(3) The annual financial statement, including the notes thereon, shall be submitted together with the annual tax return. Any enterprises whereof the annual financial statements are subject to mandatory financial audit according to the Accountancy Act , shall furthermore submit a copy of the report under the Independent Financial Audit Act . If the independent financial audit has not been completed by the 31st day of March of the next succeeding year, the auditor's report shall be submitted additionally but not later than the 30th day of June of the next succeeding year, together with a copy of the annual financial statement as certified by a registered auditor.

(4) Where any divergence exists between the annual financial statement as submitted and the annual tax return and the annual financial statement as certified by the registered auditor which leads to a change in the tax financial result as already declared, the taxable person shall submit an adjusting return according to the procedure established by Paragraph (2) on or before the 30th day of June of the next succeeding year, declaring inter alia the reasons for the divergences.

(5) A rate rebate of 1 per cent of the annual corporation tax due but not more than BGN 1,000 shall be enjoyable by any taxable person which submits an annual tax return and the annual financial statement thereof on or before the 31st day of March of the next succeeding year by electronic means and which remits the corporation tax on or before the same date.

Tax Remittance
Article 93. Any taxable person shall remit the corporation tax for the relevant year on or before the 31st day of March of the next succeeding year after deduction of the tax prepayments remitted for the relevant year.

Overremitted Tax
Article 94. (1) Any overremitted corporation tax may be deducted from succeeding tax prepayments and annual payments of the same tax as from the 1st day of January of the year next succeeding the year for which the corporation tax was overremitted.

(2) Where after submission of the annual tax return it is established that the taxable person has groundlessly deducted corporation tax, interest shall be due on any unremitted tax prepayments.
Chapter Sixteen

FINANCIAL INSTITUTIONS

Income and Expenses Determined by Regulatory Authority
Article 95. Where there exists any divergence between the amount of income or expenses as accounted for according to the accounting policies of a financial institution and the amount as determined by a regulatory authority according to a statutory instrument, the amount as determined according to the special statutory instrument shall be recognized upon determination of the tax financial result.

Income and Expenses from Subsequent Valuations (Revaluations and

Impairments) of Financial Assets
Article 96. Any income and expenses from subsequent valuations of financial assets and liabilities, accounted for by financial institutions, shall be recognized for tax purposes in the year of accounting for the said income and expenses. Financial institutions shall not apply Articles 34, 35 and 37 herein in respect of the financial assets and liabilities.

Subsequent Valuations of Financial Assets and Liabilities Recognized

Directly in Owners' Equity
Article 97. (1) Upon determination of the tax financial result of financial institutions, the accounting financial result thereof shall be credited with any profits from subsequent valuations of financial assets and liabilities, recognized during the current year directly in the owners' equity thereof.

(2) Upon determination of the tax financial result of financial institutions, the accounting financial result thereof shall be debited with any losses from subsequent valuations of financial assets and liabilities, recognized during the current year

directly in the owners' equity thereof.

(3) Upon write-off of any financial assets and liabilities, the cumulative profits and losses from subsequent valuations related thereto, recognized in prior year in the owners' equity and involved upon determination of the tax financial result according to the procedure established by Paragraphs (1) and (2), shall not be recognized for tax purposes.

Chapter Seventeen

SPECIFIC RULES FOR DETERMINATION OF TAX FINANCIAL

RESULT OF COOPERATIVES

Producer and Consumer Dividends

Article 98. (1) "Producer dividends" shall be the amounts which are distributed for output produced by cooperative members and sold to the cooperative. Any such dividends shall be determined on the basis of the profit corresponding to the output sold, whether before of after the processing of the said output.

(2) "Consumer dividends" shall be the amounts which are distributed for consumer goods purchased by cooperative members from the cooperative. Any such dividends shall be determined on the basis of the profit arising from the difference between the selling price, whereat the cooperative has sold the goods, less the distribution costs thereof, and the price paid by the cooperative for acquisition of the said goods.

Tax Treatment of Producer and Consumer Dividends

Article 99. (1) Upon determination of the tax financial result, the accounting financial result shall be debited with the producer and consumer dividends paid to cooperative members until the 25th day of March of the next succeeding year, which are covered by the balance-sheet profit. The debiting referred to in sentence one shall be effected up to the amount of the positive accounting financial result.

(2) Any producer and consumer dividends paid to cooperative members shall be accounted for as accounts receivable and shall be excluded upon determination of the accounting financial result.

(3) Where the cooperative has reported, for the relevant year, a balance-sheet loss or a balance-sheet profit insufficient to cover the producer and consumer dividends paid during the year, the amount of the producer and consumer dividends paid during the year and uncovered shall be accounted for as an accounting expense which is not recognized for tax purposes.

Chapter Eighteen

INTRA-COMMUNITY DIVIDENDS

Section I

Definitions

Company of Another Member State

Article 100. "Company of another Member State" shall be any company in respect of which the following conditions are simultaneously fulfilled:

1. the company takes a legal form in accordance with Annex 1 hereto;

2. the company is resident for tax purposes in another Member State of the European Community, according to the relevant tax legislation and by virtue of a convention for the avoidance of double taxation with a third State is not considered to be resident for tax purposes in another State outside the European Community;

3. the profits of the company attract a tax covered under Annex 2 hereto or to a similar profits tax and the company has no option or the possibility of being exempt from the levy of such tax.

Resident Parent Company

Article 101. "Resident parent company" shall be any resident commercial corporation or unincorporated association in respect of which the following conditions are simultaneously fulfilled:

1. the profits of the company attract corporation tax;

2. the company has a minimum holding of 15 per cent in the capital of a company of a Member State, inter alia through a permanent established in another Member State of the European Community, for an uninterrupted period of at least two years.

Parent Company of Member State

Article 102. "Parent company of a Member State" shall be any company of another Member State of the European Community which has a minimum holding of 15 per cent in the capital of a resident subsidiary, inter alia through a permanent established in another Member State of the European Community, for an uninterrupted period of at least two years.

Resident Subsidiary

Article 103. "Resident subsidiary" shall be any resident commercial corporation or unincorporated association in respect of which the following conditions are simultaneously fulfilled:

1. the profits of the company attract corporation tax;

2. a parent company of a Member State has a minimum holding of 15 per cent in the capital of the company for an uninterrupted period of at least two years.

Subsidiary of Member State

Article 104. "Subsidiary of a Member State" shall be any company of another Member State of the European Community the capital of which includes a minimum holding of 15 per cent by a resident parent company for an uninterrupted period of at least two years.

Section II

Tax Treatment upon Distribution of Dividends

Dividends Distributed by Subsidiary of Member State

Article 105. (1) Any accounting income charged in a resident parent company as a result of distribution of dividends by a subsidiary of the said company of a Member State shall not be recognized for tax purposes.

(2) The accounting income charged in a permanent establishment in the country as a result of distribution of dividends by non-resident persons shall not be recognized for tax purposes where the following conditions are simultaneously fulfilled:

1. the permanent establishment is of a company of another Member State;

2. the company referred to in Item 1 has, inter alia through the permanent establishment thereof, a minimum holding of 15 per cent in the capital of the non-resident person distributing the dividends for an uninterrupted period of at least two years;

3. the non-resident person distributing the dividends is a company of another Member State.

Non-fulfilment of Condition for Exemption from Taxation

Article 106. (1) Where income from dividends has been charged within a period of up to two years from the time of acquisition of a minimum holding of 15 per cent in the capital of a company of a Member State, the taxable person shall have the right not to recognize the said income for tax purposes.

(2) In case the company ceases to have a minimum holding of 15 per cent in the capital before the lapse of the two years, the unrecognized income from dividends referred to in Paragraph (1) shall be considered as being recognized for tax purposes for the year of accounting for the said income. The tax financial result and the corporation tax due for the year of accounting for the dividends shall be adjusted in a way as if the income from dividends were recognized for tax purposes. Default interest shall be due according to the standard procedure for the period commencing on the date on which the

corporation tax was to be remitted and ending on the date of remittance of the said tax.

Unrecognized Expenses Related to Unrecognized Income from Dividends

Article 107. Ninety-five per cent of the income from dividends charged shall not be recognized under the terms established by Articles 105 and 106 herein where expenses on management of the investment in the subsidiary of a Member State are recognized for tax purposes.

Dividends Distributed by Resident Subsidiary in Favour of Parent Company

of Member State

Article 108. (1) Any dividends charged by a resident subsidiary in favour of a parent company of a Member State shall not be subject to levy of a withholding tax.

(2) Any dividends charged by resident legal persons in favour of a permanent establishment in another Member State shall not be subject to levy of a withholding tax according to the procedure established by Part Three herein where the following conditions are simultaneously fulfilled:

1. a tax under Annex 2 hereto or a similar profits tax is levied on the profits from a permanent establishment and the permanent establishment has no option or the possibility of being exempt from the levy of such tax;

2. the permanent establishment is of another resident person or of a company of another Member State;

3. the resident person/company referred to in Item 2 has, inter alia through the permanent establishment, a minimum holding of 15 per cent in the capital of the resident person distributing the dividends for an uninterrupted period of at least two years;

4. the resident persons referred to in Items 2 and 3 are commercial corporations or unincorporated associations and the profits thereof attract corporation tax.

Collateral Security

Article 109. (1) Where the provisions of Article 108 herein are applied and the two-year period for having a minimum holding of 15 per cent in the capital has not lapsed at the date of making a decision on distribution of dividend, a tax shall not be withheld at source according to the procedure established by Part Three herein but collateral security shall be furnished to the revenue authority.

(2) Any such collateral security must cover the full amount of the withholding tax due.

(3) Any such collateral security may be created solely by means of a money deposit or a bank guarantee. The said collateral security shall be accepted in Bulgarian leva and no interest shall be payable thereon.

(4) The collateral security shall be released upon fulfilment of the condition referred to in Paragraph (1).

Cooperatives

Article 110. The provisions of this Chapter shall furthermore apply, mutatis mutandis, in respect of the cooperatives, the cooperative unions and the enterprises thereof.

Tax Evasion

Article 111. The provisions of this Chapter shall not apply in all cases of tax evasion or tax avoidance, inter alia in the cases of hidden profit distribution.

Chapter Nineteen

TRANSFORMATION OF COMPANIES AND COOPERATIVES AND TRANSFER OF ENTERPRISE

Section I

General Dispositions

Applicability

Article 112. The provisions of this Chapter shall apply upon transformation of any companies and cooperatives and upon transfer of an enterprise.

Date of Transformation

Article 113. The date of transformation for tax purposes shall be the date of entry of the transformation in the Commercial Register.

Last Tax Period upon cessation of transferring company

Article 114. Last Tax Period upon cessation of transferring company shall be the period from the beginning of the year to the date of transformation. For transferring companies which are newly established during the year of transrormation, Last Tax Period shall be the period from the date of establishment to the date of transformation.

Taxation for Last Tax Period

Article 115. (1) The transferring companies and the permanent establishments of non-resident persons shall be subject to corporation tax for the last tax period according to the standard procedure established by this Act. The taxation shall be final.

(2) For tax purposes, the assets and liabilities available at the date of transformation shall be considered as having been sold at market prices and shall be written off.

(3) Upon determination of the tax financial result, the accounting financial result shall be credited with the profit and shall be debited with the loss arrived at as a difference between the market price of the asset or liability and the accounting value thereof at the date of transformation. Any temporary tax differences related to the asset or liability shall be recognized during the last tax period according to the standard procedure established by this Act. Article 66 (1) and (2) herein shall apply upon determination of the tax financial result.

(4) Paragraphs (2) and (3) shall not apply upon transformation under the terms and according to the procedure established by Sections II and III herein.

Tax Treatment of Transformation through Change of Legal Form

Article 116. (1) Articles 115 and 117 herein shall not apply in the cases of transformation through change of the legal form under Article 264 of the Commerce Act . The newly formed company shall assume all obligations for determination of the tax financial result and remittance of the corporation tax due for the full year of transformation.

(2) For tax purposes, all rights and obligations arising from any acts performed by the transferring company for the current and prior periods, including the adjustments of the tax financial results, shall be considered as having been performed by the newly formed company.

Declaring and Remittance of Tax for Last Tax Period

Article 117. (1) The newly formed companies or the acquiring companies shall submit a tax return on the corporation tax for the last tax period of the transferring company within thirty days after the date of transformation.

(2) The corporation tax for the last tax period shall be remitted by the newly formed companies or the acquiring companies within thirty days after the date of transformation after deduction of the tax prepayments made.

Tax Prepayments by Acquiring Companies or Newly Formed Companies

Article 118. (1) After the transformation, the acquiring companies or the newly formed companies shall make quarterly tax prepayments in the year of transformation.

(2) Upon transformation through change of the legal form under Article 264 of the Commerce Act , the newly formed company shall make monthly or quarterly tax prepayments according to the standard procedure established by this Act on the basis of the tax financial result of the transferring company.

Carry-Forward of Tax Loss upon Transformation and Transfer

of Enterprise

Article 119. (1) Upon transformation under the Commerce Act , the acquiring companies or newly formed companies may not carry forward any tax losses formed by the transferring companies.

(2) Upon sale of an enterprise under Article 15 of the Commerce Act , the transferee may not carry forward any tax losses formed by the transferor.

(3) Paragraph (1) shall not apply upon transformation through change of the legal form under Article 264 of the Commerce Act .

Regulation of Thin Capitalization
Article 120. (1) Upon transformation under the Commerce Act , the acquiring companies or newly formed companies may not recognize for tax purposes any unrecognized expenses on interest payments in the transferring companies resulting from application of the thin capitalization regime.

(2) Upon sale of an enterprise under Article 15 of the Commerce Act , the transferee may not recognize for tax purposes any unrecognized expenses on interest payments at the transferor resulting from application of the thin capitalization regime.

(3) Paragraph (1) shall not apply upon transformation through change of the legal form under Article 264 of the Commerce Act .

Expenses on Conduct of Transformation
Article 121. (1) The accounting expenses incurred in connection with the transformation shall not be recognized for tax purposes at the transferring company. The unrecognized expenses shall be recognized for tax purposes upon determination of the tax financial result of the acquiring company or the newly formed company in the year during which the transformation was implemented.

(2) Where any circumstances occur determining that the transformation will not be implemented, the expenses referred to in Paragraph (1) shall be recognized for tax purposes at the transferring companies in the year of occurrence of the said circumstances, if the requirements of this Act are complied with.

Tax Treatment upon Opting for Earlier Date of Transformation for

Accounting Purposes
Article 122. (1) Upon opting for an earlier date of transformation for accounting purposes according to the procedure established by Article 263g (2) of the Commerce Act , all acts performed by the newly formed companies or acquiring companies as from the said date and until the date of transformation for tax purposes shall be considered as having been performed by the transferring companies.

(2) In the cases referred to in Paragraph (1), all accounting income and expenses, profits and losses, accounted for by the newly formed companies or acquiring companies shall be recognized for tax purposes at the transferring company. The said income and expenses, profits and losses shall not be recognized for tax purposes at the newly formed companies or acquiring companies.

(3) The adjustments upon determination of the tax financial result, resulting from any acts referred to in Paragraph (1), shall be performed by the transferring companies.

Cooperative Organizations and State-Owned Enterprises
Article 123. The provisions of this Chapter in respect of the transformation of commercial corporations shall furthermore apply in the cases of:

1. restructuring of cooperative organizations;

2. dissolution, closure or formation of state-owned enterprises within the meaning given by Article 62 (3) of the Commerce Act under conditions of universal succession.

Liability upon Transformation and Restructuring

Article 124. (1) Upon transformation of commercial corporations or upon restructuring of cooperative organizations, the newly formed or acquiring companies/cooperative organizations shall incur solidary liability for the tax liabilities of the transferring companies or cooperative organizations up to the extent of the rights received.

(2) Upon transfer of an enterprise under Article 15 of the Commerce Act , the transferee shall incur solidary liability for the tax liabilities of the transferor up to the extent of the rights received.

(3) The rights received shall be valued at market prices.

Section II

Specific Regime of Taxation upon Transformation

Applicability

Article 125. (1) This Section shall apply upon merger by acquisition, merger by the formation of a new company, division, partial division, transfer of assets and exchange of shares or interests within the meaning given by Articles 126 to 131 herein, concerning resident companies and/or companies from another Member State of the European Community.

(2) This Section shall furthermore apply, mutatis mutandis, in the cases of restructuring of cooperative organizations, including such of other Member States of the European Community, where the conditions specified therein exist.

Merger by Acquisition

Article 126. (1) "Merger by acquisition" shall be any transformation in respect of which the following conditions are simultaneously fulfilled:

1. all assets and liabilities of one or more transferring companies are transferred to another existing acquiring company, the transferring companies being dissolved without going into liquidation;

2. the shareholders or members of the transferring companies are issued shares or interests in the acquiring company.

(2) "Merger by acquisition" shall furthermore be any transformation whereupon all assets and liabilities of a transferring company are transferred to an acquiring company holding all shares or interests in the transferring company, and the transferring company is dissolved without going into liquidation.

Merger by Formation of New Company

Article 127. "Merger by the formation of a new company" shall be any transformation in respect of which the following conditions are simultaneously fulfilled:

1. all assets and liabilities of two or more transferring companies are transferred to a newly formed company, the transferring companies being dissolved without going into liquidation;

2. the shareholders or members of the transferring companies are issued shares or interests in the newly formed company.

Division

Article 128. "Division" shall be any transformation in respect of which the following conditions are simultaneously fulfilled:

1. all assets and liabilities of a transferring company are transferred to two or more existing or newly formed companies, the transferring company being dissolved without going into liquidation;

2. the shareholders or members of the transferring company are issued shares or interests in each of the existing or newly formed companies, in proportion to the shares or interests held by the shareholders or members in the transferring company.

Partial Division

Article 129. "Partial division" shall be any transformation in respect of which the following conditions are

simultaneously fulfilled:

1. one or more branches of activity of a transferring company is transferred to one or more existing or newly formed companies, without the transferring company being dissolved and leaving therein at least one branch of activity;

2. the shareholders or members of the transferring company are issued shares or interests in the existing or newly formed companies in proportion to the shares or interests held thereby in the transferring company.

Transfer of Assets
Article 130. "Transfer of assets" shall be a transformation whereupon one, more or all branches of activity of a transferring company are transferred to one or more existing or newly formed companies in exchange for shares or interests issued by the existing or newly formed companies in favour of the transferring company, without the transferring company being dissolved.

Exchange of Shares or Interests
Article 131. "Exchange of shares or interests" shall be any transformation in respect of which the following conditions are simultaneously fulfilled:

1. as a result of the transformation, the acquiring company holds more than one-half of the voting shares or of the interests in the acquired company or, if already having such holding in the capital, acquires a further holding in the shares or interests;

2. the shareholders or members of the acquired company exchange the shares or interests thereof for the issue of shares or interests in the acquiring company.

Additional Cash Payments and Non-Issue of Shares or Interests
Article 132. (1) In the cases of merger by acquisition, merger by the formation of a new company, division, partial division, transfer of assets and exchange of shares or interests, for the purpose of achieving a parity of exchange, cash payments not exceeding 10 per cent of the nominal value of the shares or interests issued as a result of the transformation may be effected to the shareholders or members of the transferring companies or acquired companies.

(2) In the cases of merger by acquisition, merger by the formation of a new company and partial divisions, shares or interests need not be issued where this is admissible by the Commerce Act .

Issue of Shares or Interests
Article 133. Within the meaning given by this Chapter, issue of shares or interests shall be in place where newly issued or held own shares or interests are provided by a newly formed, receiving or acquiring company.

Branch of Activity
Article 134. "Branch of activity" shall be the totality of assets and liabilities of a company which, from an organizational, functional and financial point of view, constitute an independent business.

Transferring Companies
Article 135. "Transferring companies," within the meaning given by this Section, shall be:

1. a resident transferring company;

2. a transferring company from another Member State of the European Community;

3. a permanent establishment in the country of a transferring company from another Member State of the European Community.

Receiving Companies
Article 136. "Receiving companies," within the meaning given by this Section, shall be:

1. a resident newly formed or receiving company;

2. a newly formed or receiving company from another Member State of the European Community;

3. a permanent establishment in the country of a newly formed or receiving company from another Member State of the European Community.

Company from Another Member State of the European Community

Article 137. "Company from another Member State of the European Community," within the meaning given by this Section, shall be any company which simultaneously fulfils the following conditions:

1. the company takes a legal form in accordance with Annex 3 hereto;

2. the company is resident for tax purposes in another Member State of the European Community, according to the relevant tax legislation and by virtue of a convention for the avoidance of double taxation with a third State is not considered to be resident for tax purposes in another State outside the European Community;

3. the profits of the company are subject to a tax covered under Annex 4 hereto or to a similar profits tax and the company has no option or the possibility of being exempt from the levy of such tax.

Legal Succession

Article 138. For the purposes of this Section, upon transformation all rights and obligations arising from any acts performed by the transferring companies for the current period and the prior periods in respect of the assets and liabilities transferred under Item 1 of Article 139 herein, including the adjustments upon determination of the tax financial result, shall pass to the receiving companies.

Assets and Liabilities Subject to Transformation

Article 139. The assets and liabilities subject to transformation under this Section shall be allocated to the following categories:

1. assets and liabilities whereof the results of exploitation before and after the transformation are involved upon determination of the tax financial result under this Act;

2. assets and liabilities whereof the results of exploitation before the transformation were involved and, as a result of the transformation, cease to be involved upon determination of the tax financial result under this Act;

3. assets and liabilities whereof the results of exploitation before the transformation were not involved and, as a result of the transformation, become involved upon determination of the tax financial result under this Act.

Assets and Liabilities Transferred under Item 1

of Article 139 Herein

Article 140. (1) The accounting profits or losses originating upon write-off of any assets and liabilities referred to in Item 1 of Article 139 herein as a result of the transformation shall not be recognized for tax purposes.

(2) The temporary tax differences related to any assets and liabilities referred to in Item 1 of Article 139 herein, which have originated before the transformation, shall not be recognized for tax purposes at the time of transformation and shall be considered as having originated at the receiving companies.

(3) Where any asset or liability is recognized according to accounting legislation at the receiving company at a value diverging from the pre-transformation value of the said asset or liability, the difference between the two values shall form a temporary tax difference from a subsequent valuation or the temporary tax difference referred to in Paragraph (2) shall be adjusted thereby.

(4) The subsequent valuations reserve (revaluation reserve) in respect of any assets referred to in Item 1 of Article 139 herein, which are not tax depreciable assets, shall be transferred by the transferring company and shall be considered as having originated at the receiving company. The transferring company shall not apply Article 45 herein.

(5) Any tax depreciable assets acquired under Item 1 of Article 139 herein shall be posted in the tax depreciation

schedule of the receiving company at values equal to the values of the said assets in the tax depreciation schedule of the transferring company at the time of transformation.

(6) Upon transformation of each asset or liability referred to in Item 1 of Article 139 herein other than such specified in Paragraph (5), a statement shall be prepared according to the procedure established by Article 141 herein.

Statements of Assets and Liabilities Referred to in

Item 1 of Article 139 Herein
Article 141. (1) The statement referred to in Article 140 (6) herein, prepared by the transferring companies, shall contain the following information on each asset and liability as at the date of transformation:

1. type and designation;

2. accounting value;

3. temporary tax difference.

(2) A copy of the statement referred to in Paragraph (1) as prepared shall be delivered to the receiving companies and to the revenue authority not later than at the end of the month next succeeding the month of transformation.

(3) In the cases referred to in Article 140 (3) herein, a new statement shall be prepared by the receiving companies and a copy of the said statement shall be delivered to the revenue authority together with the annual tax return. The said statement shall contain the following information on each asset and liability:

1. type and designation;

2. accounting value;

3. pre-transformation temporary tax difference;

4. post-transformation temporary tax difference, determined according to the procedure established by Article 140 (3) herein.

(4) Where the values of the assets and liabilities are adjusted according to accounting legislation as a result of the transformation after submission of the statement referred to in Paragraph (3), the receiving company shall prepare an adjusting statement. The adjusting statement shall be delivered to the revenue authority not later than at the end of the month next succeeding the month of occurrence of the circumstances necessitating the adjustment.

(5) The statements referred to in Paragraphs (1) and (3) shall indicate data identifying the transferring companies and receiving companies, as well as the date of transformation and the judgment of court on entry of the said transformation.

Assets and Liabilities Transferred under Item 2

of Article 139 Herein
Article 142. (1) The accounting profits or losses originating upon write-off of any assets and liabilities referred to in Item 2 of Article 139 herein, related to a permanent establishment of a resident company in another Member State of the European Community, shall not be recognized for tax purposes.

(2) The temporary tax differences related to any assets and liabilities referred to in Paragraph 1 herein, shall not be recognized for tax purposes at the time of transformation and during the succeeding years.

(3) For tax purposes, outside the cases referred to in Paragraph (1), the assets and liabilities referred to in Item 2 of Article 139 herein, available at the date of transformation, shall be considered as having been sold at market prices and shall be written off.

(4) In the cases referred to in Paragraph (3), upon determination of the tax financial result, the accounting financial

result shall be credited with the profit and shall be debited with the loss arrived at as a difference between the market price of the asset or liability and the accounting value thereof at the date of transformation. Any temporary tax differences related to the asset or liability shall be recognized during the last tax period according to the standard procedure established by this Act. Article 66 (1) and (2) herein shall apply upon determination of the tax financial result.

Assets and Liabilities Transferred under Item 3

of Article 139 Herein

Article 143. (1) The assets and liabilities referred to in Item 3 of Article 139 herein shall be valued for tax purposes at the receiving companies at the value of the said assets and liabilities determined according to national accounting legislation.

(2) The tax depreciable assets referred to in Item 3 of Article 139 herein shall be posted in the tax depreciation schedule according to the standard procedure established by this Act.

Carry-Forward of Tax Losses

Article 144. (1) Upon transformation under this Section, the receiving companies shall not have the right to carry forward the tax losses formed by the transferring companies.

(2) Paragraph (1) shall not apply in the cases of merger by acquisition or merger by the formation of a new company under this Section, as a result of which a permanent establishment of a company from another Member State of the European Community commences the legal existence thereof in the country and the said company has not had a permanent establishment in the country before the transformation.

Tax Losses by Permanent Establishment

Article 145. (1) Any tax losses not carried forward at the time of transformation, formed by a permanent establishment of a resident company in another Member State of the European Community, shall not be deducted.

(2) Upon determination of the tax financial result, the accounting financial result shall be credited with the tax losses carried forward at the time of transformation, formed by a permanent establishment of a resident company in another Member State of the European Community, which have not been deducted from the profits of the permanent establishment.

Regulation of Thin Capitalization

Article 146. (1) Upon transformation under this Section, the receiving companies shall not have the right to recognize for tax purposes any unrecognized expenses on interest payments in the transferring companies resulting from application of the thin capitalization regime.

(2) Paragraph (1) shall not apply in the cases of merger by acquisition or merger by the formation of a new company under this Section, as a result of which a permanent establishment of a company from another Member State of the European Community commences the legal existence thereof in the country and the said company has not had a permanent establishment in the country before the transformation.

Tax Prepayments by Receiving Companies

Article 147. (1) After transformation under this Section, the receiving companies shall make quarterly tax prepayments in the year of transformation.

(2) In the cases referred to in Article 144 (2) herein, the receiving companies shall make monthly or quarterly tax prepayments according to the standard procedure established by this Act on the basis of the tax financial result of the transferring companies.

Write-Off of Holding

Article 148. (1) Where a receiving company has a holding in the capital of a transferring company, the accounting profits or losses in connection with the write-off of the said holding in the capital shall not be recognized for tax purposes.

(2) The income referred to in Paragraph (1) shall not be subject to levy of a tax withheld at source according to the procedure established by Part Three herein.

Tax Treatment of Shareholders of Members of Transferring Companies and

Acquired Companies

Article 149. (1) The accounting profits or losses originating at shareholders or members of transferring companies or acquired companies as a result of an acquisition of shares or interests in receiving or acquiring companies shall not be recognized for tax purposes in the year of accounting for the said profits or losses and shall form a temporary tax difference from a subsequent valuation.

(2) The temporary tax differences, originating at the shareholders or members before the transformation, which are related to the written off shares or interests in the transferring companies or acquired companies, shall not be recognized for tax purposes at the time of transformation.

(3) The temporary tax differences referred to in Paragraphs (1) and (2) shall be considered as having originated in respect of the newly acquired shares or interests and shall be recognized according to the standard procedure established by this Act.

(4) The income accruing to any non-resident legal persons which are shareholders or members of resident transferring or acquired companies from acquisition of shares or interests as a result of transformation shall be taxed or shall be exempted from tax withheld at source according to the standard procedure established by this Act at the date of transformation.

(5) The tax withheld at source referred to in Paragraph (4) shall be due from the shareholder or member upon disposition in any form whatsoever of the newly acquired shares or interests and shall be remitted within sixty days after any such disposition.

(6) On or before the 31st day of January of the relevant year, the non-resident legal persons referred to in Paragraphs (4) and (5) shall submit a declaration in a standard form to the Sofia Territorial Directorate of the National Revenue Agency, certifying thereby that the said persons have not disposed of the shares or interests newly acquired as a result of the transformation. Any such persons shall submit the declaration referred to in sentence one annually, until the year of disposition of the newly acquired shares or interests.

(7) Upon failure to submit the declaration referred to in Paragraph (6) when due, in addition to becoming liable to the administrative sanction, for the purposes of this Act the non-resident legal person shall furthermore be presumed to have disposed of the newly acquired shares or interests.

Taxation of Transferring Company upon Transfer of Assets

Article 150. (1) The accounting profits or losses originating at a transferring company as a result of a transfer of assets shall not be recognized for tax purposes in the year of accounting for the said profits or losses and shall form a temporary tax difference from a subsequent valuation.

(2) The temporary tax difference referred to in Paragraph (1) shall be considered as having originated in respect of the newly acquired shares or interests and shall be recognized for tax purposes according to the standard procedure established by the Act.

(3) Where the shares or interests referred to in Paragraph (1) are held by the transferring company for an uninterrupted period of at least five years, the temporary tax difference referred to in Paragraph (1) shall not be recognized for tax purposes at the time of transformation and during the succeeding years.

Tax Evasion

Article 151. The provisions of this Section shall not apply where the transformation has as its objective tax evasion or tax avoidance. Tax evasion shall be presumed, inter alia, where the transformation is not carried out for valid commercial reasons or where the said transformation conceals the disposition of assets.

Section III

Transfer of Registered Office of European Company or European

Cooperative Society

Applicability

Article 152. Within the meaning given by this Chapter, "transfer of the registered office of a European company or a European cooperative society" shall be an operation whereby:

1. the company, without being dissolved or without incorporation of a new legal person, transfers the registered office thereof from the country to another Member State of the European Community, according to Article 8 of Council Regulation (EC) No 2157/2001 or according to Council Regulation (EC) No 1435/2003, while the assets and liabilities of the company must remain effectively connected with the permanent establishment in the country and the results of exploitation of the said assets must be involved upon determination of the tax financial result, or

2. the company, without being dissolved or without incorporation of a new legal person, transfers the registered office thereof from another Member State of the European Community to the country according to Article 8 of Council Regulation (EC) No 2157/2001 or according to Council Regulation (EC) No 1435/2003, while the assets and liabilities of the company must remain effectively connected with the company which commences the legal existence thereof as a result of this operation, and the results of exploitation of the said assets must be involved upon determination of the tax financial result.

Legal Succession

Article 153. (1) For tax purposes, upon transfer of the registered office of a European company or a European cooperative society under the terms established by Item 1 of Article 152 herein:

1. all acts performed by the said company for the current period and the prior periods, including the adjustments of the tax financial result, shall be considered as having been performed by the permanent establishment;

2. corporation tax shall not be levied on the company for the period from the beginning of the year until the date of the operation;

3. corporation tax shall not be levied on the permanent establishment for the period commencing at the beginning of the year according to the standard procedure, and the activity carried out by the company in the year of the operation shall be considered as having been carried out by the permanent establishment;

4. the permanent establishment shall have the right to carry forward any tax losses not carried forward and formed by the company according to the standard procedure.

(2) For tax purposes, upon transfer of the registered office of a European copmany ot a European cooperative society under the terms established by item 2 of Article 152 herein:

1. all acts performed by the said permanent establishment for the current period and the prior periods, including the adjustments of the tax financial result, shall be considered as having been performed by the company;

2. corporation tax shall not be levied on the permanent establishment for the period from the beginning of the year until the date of the operation;

3. corporation tax shall not be levied on the company for the period commencing at the beginning of the year according to the standard procedure, and the activity carried out by the permanent establishment in the year of the operation shall be considered as having been carried out by the company;

4. the company shall have the right to carry forward any tax losses not carried forward and formed by the permanent establishment according to the standard procedure.

Provisions Applicable upon Transfer of Registered Office

Article 154. The provisions of Section II of this Chapter in respect of the assets and liabilities, profits and losses and temporary tax differences shall furthermore apply upon a transfer of the registered office of a European company or a European cooperative society.

Chapter Twenty