UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING PERJURY
IN CONNECTION WITH COUNTERCLAIM**

[FILED UNDER SEAL]

[HIGHLY CONFIDENTIAL]

1

Counterclaim Defendant Warner Brothers Entertainment, Inc. ("Warner") does not deny that – with respect to each of the hundreds of files which it took down and which are at issue in the Counterclaim – it certified, under the penalty of perjury, that it was the "owner or an authorized legal representative of the owner of the copyrights in this material." Nor does Warner deny that, for each of the files at issue, this certification was not true. Nevertheless, Warner asks this court to exclude all mention of "perjury" – despite having certified hundreds of times under the pains of perjury something which was not true – primarily because it really *really* would prefer that the jury not be informed of relevant facts if those facts are not favorable to Warner. Although Warner's desires are perfectly understandable, they are hardly a proper basis for a Motion in Limine.

### A. Warner's Sleight of Hand Cannot Change That Which It Certified Under the Pains of Perjury.

Warner does not deny that it certified to Hotfile, under the pain of perjury, for each of the files in suit in the Counterclaim that it was "owner or an authorized legal representative of the owner of the copyrights in this material." Nor does Warner deny that these statements were untrue, or, as Warner likes to say, made "in error." Nevertheless, Warner seeks to keep from the jury the facts concerning the actual certifications which it made because it claims that the DMCA did not require such certifications. Warner's argument appears to be based on the fact that the parties have stipulated that, when Warner used the Special Rightsholders' Account ("SRA") granted to it by Hotfile to takedown files, such takedowns had the effect of triggering the takedown requirements required under the DMCA. In other words, the parties have agreed that, by using the SRA tool, Warner was – at a minimum – making the representations required by the DMCA. This does not mean, however, that Warner was not agreeing to *more* than the minimum

2

representations required by the DMCA. Websites' terms and conditions frequently impose conditions on use which go up and beyond those imposed by the law.

It is, preliminarily, far from clear that the certification required by Hotfile differs materially from the certification required by the DMCA. Section 512(c)(3) requires that a takedown notice include "substantially the following: (i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed… (v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; [and] (vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed."

The checkbox which Warner checked for each takedown of materials from the Hotfile cite required Warner to "certify under penalty of perjury that I am owner or an authorized legal representative of the owner of the copyrights in this material."

As a practical matter, there is almost no difference between the language of the DMCA and the language of Hotfile's form. Certainly, in either case, the person making the representation is representing, under oath, that they are either the owner or authorized by an owner of a work being infringed to submit the takedown notice. For the works in issue in the Counterclaim, despite Warner averring this information under the pains of perjury, it was not the owner or authorized by the owner of the materials to issue the takedown notices. That Warner was willing to make such statements under the penalties of perjury – knowing that such representations were not always true – is certainly relevant to its liability under section 512.

Additionally, the facts surrounding the provision of, and use of, the SRA tool are relevant to Hotfile's defenses with respect to the imposition of statutory damages. This is not a situation where Hotfile is seeking to use a term – i.e., "perjury" – as an ad hominem attack. Rather, it is simply an undisputed fact in this case. That Warner wishes to shield the jury from relevant facts is not a proper use of a Motion in Limine and the Plaintiffs' Motion should be denied.

### B. Warner's Proposition – That Parties Cannot Make Assertions Under The Pains of Perjury – Is Absurd On Its Face.

According to the Plaintiffs' Motion, Hotfile should be precluded from presenting evidence concerning Warner's actual certifications under oath because "no private person or entity can take it upon itself to decide that misstatements – even knowing and intentional ones – constitute perjury." Motion, p. 4. If the Plaintiffs truly believe that parties cannot be held to the representations they make under oath – that a recitation that a statement made under the penalties of perjury is meaningless because "perjury is a crime, and only the government can categorize conduct as criminal" – then the Court should reconsider the weight it has afforded to the Declarations submitted by the Plaintiffs to the Court to date. In each of those Declarations, the Plaintiffs made various representations under the pains of perjury. Apparently, however, the Plaintiffs are of the opinion that even if they were to make "knowing and intentional" misstatements in those Declarations, that such would not constitute perjury. Clearly, this is not a serious argument, nor should it be treated as such.

### C. Warner's False Representations, Made Under the Penalties of Perjury Are Relevant to the Issues to Be Tried and Not Unduly Prejudicial.

The representations actually made by Warner, under oath, as part of what the parties agree served as Warner's takedown notices under the DMCA are clearly relevant to the Defendants' counterclaims. Additionally, the facts surrounding Hotfile's provision of the SRA

takedown tool – and the Plaintiffs' use of that tool – are clearly relevant. Hotfile has every right to present the facts and the story in the best light which such facts will allow. In calling such evidence "prejudicial," the Plaintiffs confuse the concept of evidence which is prejudicial with evidence which is "unduly prejudicial."

"While relevant evidence is inherently prejudicial, Rule 403 focuses on unfair prejudice. . . . . Accordingly, unfair prejudice cannot be simplistically defined as evidence having adverse effects on a party's case; rather it is an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1347 (S.D. Fla. 2010).

Such is the case here. While the evidence concerning the Plaintiffs' use of the SRA tool may indeed be prejudicial to them, it is not unduly prejudicial. To the contrary, it is prejudicial precisely because it shines light on the facts relevant to the claims and counterclaims in this case.

## Conclusion

For the reasons stated hereinabove, the Plaintiffs' Motion to preclude the use of the term "perjury" should be denied.

Respectfully submitted:

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ BRADY J. COBB
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via email on all counsel or parties of record on the attached service list this 6th day of November, 2013.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST:

CASE NO: 11-20427-CIV-WILLIAMS

*Counsel for Plaintiffs:*
JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
sfabrizio@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo (*Pro Hac Vice*)
dhandzo@jenner.com
Kenneth L. Doroshow (*Pro Hac Vice*)
kdoroshow@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

GRAY-ROBINSON, P.A.
Karen L. Stetson
karen.stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Phone: 818.935.5812

*Counsel for Defendants:*
BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201