# EXHIBIT 10

## REDACTED – PUBLIC VERSION

```
                                                              Page 1
 1              UNITED STATES DISTRICT COURT
 2              SOUTHERN DISTRICT OF FLORIDA
 3          CASE NO. 11-20427-WILLIAMS/TURNOFF
 4
 5  DISNEY ENTERPRISES, INC.,
    TWENTIETH CENTURY FOX FILM
 6  CORPORATION; UNIVERSAL CITY
    STUDIOS PRODUCTIONS LLP;
 7  COLUMBIA PICTURES INDUSTRIES,
    INC., and WARNER BROS.
 8  ENTERTAINMENT, INC.,
 9                      Plaintiff,
10  vs.
11  HOTFILE CORP., ANTON TITOV,
    and DOES 1 - 10
12
                        Defendants.
13  _____/
14  AND RELATED CROSS-ACTIONS.
    _____/
15
16
17    VIDEOTAPED DEPOSITION OF ANDREW S. CROMARTY, Ph.D.
18            SAN FRANCISCO, CALIFORNIA
19            FRIDAY, DECEMBER 6, 2011
20
21
22
23  BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24  CSR LICENSE NO. 9830
25  JOB NO. 44314
```

1  paragraph 153, and I want to make clear that what you
2  said is very different from what I said in my
3  paragraph.  I have not, in this paragraph, said that
4  the adoption of Vobile is an industry standard
5  practice.  What I've said in that sentence is that it
6  is an example of defendants' reasonable best efforts.
7          And so in that sentence, I have not offered
8  an opinion as to whether Vobile is -- and use of
9  Vobile or comparable techniques is an industry
10 standard practice.
11     Q   Do you have an -- an expert opinion as to
12 whether or not the use of feature-based recognition
13 software is a standard industry practice today?
14     A   My answer to that would be, first, as of the
15 time that I authored this particular report, to the
16 best of my ability to recall, I had not formed an
17 opinion as to the feature-based software and services
18 as to whether it is an industry standard.
19         Second, that as I described a moment ago,
20 there's a methodology that I would apply in answering
21 that question.
22         And third, that discovery is ongoing, and
23 I've given the related caveats earlier in this
24 deposition.
25     Q   Well, sitting here today, do you have an

Page 253

1  opinion as to whether the use of feature-based
2  recognition software is a standard industry practice?
3       A    No, I think the answer is -- is no.  At this
4  time, I have not formulated an opinion on that because
5  I haven't studied the question of whether there are
6  enough adopters of Vobile's technology to rise to that
7  level.
8            In the absence of such information, I might
9  say that it -- that it is not, but I would be willing
10 to be convinced by the data otherwise.  And so I would
11 reserve judgment on that until I had done a proper
12 analysis.
13      Q    Okay.  And what research have you done so far
14 regarding the commercial implementation of
15 feature-based recognition software?
16      A    The commercial implementation you're asking
17 about, so I think I don't understand exactly what your
18 question is.  Maybe you can rephrase that.  That
19 sounds very broad and somewhat ambiguous.
20      Q    Well, you testified earlier that you had not
21 yet sufficiently to your satisfaction studied the
22 question of how widespread the adoption of
23 feature-based recognition software has been; is that a
24 fair characterization of your testimony?
25      A    I'll accept it for the purpose of your

1  question.

2      Q    What have you done to acquaint yourself with
3  the commercial adoption -- sorry -- of feature-based
4  recognition software?

5          MR. SCHOENBERG:  Objection; vague and
6  ambiguous.

7          THE WITNESS:  I outlined at length earlier
8  this morning a long list of activities that I had
9  engaged in that I believe answer that question,
10 including reviewing what the vendors themselves say in
11 places, including their marketing websites and so
12 forth, the MovieLabs analyses, what the press has had
13 to say and similar sources.  Those sources provide
14 answers to the questions we addressed then, and I
15 believe that includes your question now.

[remainder of page redacted]