# EXHIBIT 13

| | |
|---|---|
| **From:** | Evan Fray-Witzer [Evan@CFWLegal.com] |
| **Sent:** | Friday, October 25, 2013 11:50 AM |
| **To:** | Platzer, Luke C; 'Val Gurvits'; 'Matthew Shayefar' |
| **Cc:** | Fabrizio, Steven B; Handzo, David A; Borgia, Michael T.; Hinson, Zoila E. |
| **Subject:** | RE: Hotfile - Follow-Up From Tuesday's Meet & Confer |
| **Importance:** | High |

<span style="color:red">Hi Luke.  Please see responses to yesterday's email, below.   I'll try to look at and respond to today's email as soon as possible.

Evan</span>


Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000 (phone)
(617) 507-8043 (fax)
Evan@CFWLegal.com

**From:** Platzer, Luke C [mailto:LPlatzer@jenner.com]
**Sent:** Thursday, October 24, 2013 1:35 PM
**To:** Evan Fray-Witzer; 'Val Gurvits'; 'Matthew Shayefar'
**Cc:** Fabrizio, Steven B; Handzo, David A; Borgia, Michael T.; Hinson, Zoila E.
**Subject:** Hotfile - Follow-Up From Tuesday's Meet & Confer

Evan, Val, & Matthew:

As we discussed on Tuesday, there are several points on which both parties require quick answers in order to determine which motions to file on Monday.  Hotfile had inquired whether Plaintiffs intend to keep the MegaUpload indictment as a trial exhibit and whether Warner intends to require Michael Bentkover to appear at trial.  Our tentative response (subject to client approval) with regards to the MegaUpload indictment is that we expect to withdraw the exhibit.  As for Mr. Bentkover, our initial position is that we do not intend to produce him as a witness.  If there's anything I'm missing on which you're waiting for our response on (other than the election of statutory vs. actual damages, which you've already pointed out is a question still pending), please let me know.

<span style="color:red">In addition to the indictment itself – which I understand you are agreeing to withdraw – we had discussed also any testimony or argument related to Megaupload. Having reviewed the deposition transcripts, it does not appear that any of the Hotfile founders testified to having modeled Hotfile on Megaupload. To the contrary, each of the founders specifically denied as much.  This being the case, please let us know if you will agree to a ban on testimony or discussion of Megaupload.

With respect to Mr. Bentkover, it is my understanding that Warner produced him during discovery as its 30(b)(6) witness.  If Warner is really refusing to produce Mr. Bentkover for trial, we will issue a trial subpoena to compel his appearance.  As I'm sure you know, the case law is pretty clear that a party's 30(b)(6) witness is, in essence, the equivalent of the party itself and, as such, is not subject to the 100 mile limit on trial subpoenas.  Please let me know if Warner will reconsider its position or if service of the trial subpoena will be necessary.</span>

On a related note, you probably noticed that our witness list includes each of the plaintiffs. We will decide soon if we intend to call some or all of these witnesses. Please let me know the identity of each individual who would appear at trial for each plaintiff and also whether trial subpoenas will be required for these witnesses.

We are still awaiting responses from Hotfile on several matters. However, in the interest of addressing the most time-sensitive ones first (i.e., those that go to potential motion practice on Monday):

- We are still awaiting Hotfile's position as to whether it will withdraw witnesses on its witness list that had not been listed on its disclosures. As we may need to move on any such witnesses absent such a withdrawal, please confirm whether you intend to withdraw them.

It is my expectation that we will withdraw most if not all of the witnesses about which you expressed this concern. We will provide you with a list of withdrawn witnesses next week.

- We are also still awaiting Hotfile's response regarding which of Dr. Cromarty's disclosed opinions you actually intend to elicit at trial.

Other than the first topic which you identified – the use of geolocation of users – we are reserving our right to elicit testimony from Dr. Cromarty on all of the other topics listed in your email.

- At the meet & confer, you indicated that you might intend to use knowledge Warner gained through its August 2011 "Audit" process to argue that Warner meets the "knowing misrepresentation" standard in 512(f), but had not yet decided. (You also articulated a different purpose for which you intend to use the same evidence – to demonstrate the difficulty of text-based content identification – but we're still waiting on whether you intend to use it to meet the 512(f) standard as well). Please let us know your position, ideally today.

Given that we intend to use the audit documents for other purposes anyway, we are unwilling at this point in time to preclude their use also for 512(f) purposes. For example, if it turns out that, in reviewing these documents, they demonstrate Warner's knowledge of the high percentage of "false positives," we would introduce them for 512(f) purposes as well. Our position is that the question can and should be handled at trial as need be, if and when the evidence is proferred.

- We also still need to know which theory of damages Dr. Lynde will be opining to at trial – the one in his expert report or the one in his summary judgment declaration (the latter of which does not purport to calculate a damages amount, but utilizes a very different methodology from his report). Right now, it's not clear what target we would be shooting at if we were to move to exclude him, either under Daubert or under Rule 26. Please let us know ASAP what your intentions are with respect to his testimony.

I'm not entirely sure that we cannot offer the two theories to the jury, as "in the alternative" methods of calculating damages. Even so, I believe we are leaning towards only presenting the methodology utilized in Dr. Lynde's summary judgment declaration. I will let you know once we finalize our decision on this issue.

Regards,
Luke

PS: The Court has told our local counsel that she is open to making time for a telephonic hearing tomorrow afternoon if we want one. The principal item we had discussed the need to address with the Court is scheduling argument on Hotfile's motion to strike Dr. Waterman's rebuttal report, which suggests to me that it may be worth asking for some time tomorrow. Is there any other item on which you think the parties should request time to talk to the Court?

Given that the scheduling of the motion hearing is the only real topic, does it make more sense to ask our respective local counsels to simply ask the clerk for a date and time for argument (within parameters we both agree to?)

**Luke C. Platzer**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6094
Fax (202) 661-4813
LPlatzer@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000 (phone)
(617) 507-8043 (fax)
Evan@CFWLegal.com

**From:** Platzer, Luke C [mailto:LPlatzer@jenner.com]
**Sent:** Thursday, October 24, 2013 1:35 PM
**To:** Evan Fray-Witzer; 'Val Gurvits'; 'Matthew Shayefar'
**Cc:** Fabrizio, Steven B; Handzo, David A; Borgia, Michael T.; Hinson, Zoila E.
**Subject:** Hotfile - Follow-Up From Tuesday's Meet & Confer

Evan, Val, & Matthew:

As we discussed on Tuesday, there are several points on which both parties require quick answers in order to determine which motions to file on Monday.  Hotfile had inquired whether Plaintiffs intend to keep the MegaUpload indictment as a trial exhibit and whether Warner intends to require Michael Bentkover to appear at trial.  Our tentative response (subject to client approval) with regards to the MegaUpload indictment is that we expect to withdraw the exhibit.  As for Mr. Bentkover, our initial position is that we do not intend to produce him as a witness.  If there's anything I'm missing on which you're waiting for our response on (other than the election of statutory vs. actual damages, which you've already pointed out is a question still pending), please let me know.

We are still awaiting responses from Hotfile on several matters.  However, in the interest of addressing the most time-sensitive ones first (i.e., those that go to potential motion practice on Monday):

- We are still awaiting Hotfile's position as to whether it will withdraw witnesses on its witness list that had not been listed on its disclosures.  As we may need to move on any such witnesses absent such a withdrawal, please confirm whether you intend to withdraw them.
- We are also still awaiting Hotfile's response regarding which of Dr. Cromarty's disclosed opinions you actually intend to elicit at trial.
- At the meet & confer, you indicated that you might intend to use knowledge Warner gained through its August 2011 "Audit" process to argue that Warner meets the "knowing misrepresentation" standard in 512(f), but had

not yet decided.  (You also articulated a different purpose for which you intend to use the same evidence – to demonstrate the difficulty of text-based content identification – but we're still waiting on whether you intend to use it to meet the 512(f) standard as well).  Please let us know your position, ideally today.
- We also still need to know which theory of damages Dr. Lynde will be opining to at trial – the one in his expert report or the one in his summary judgment declaration (the latter of which does not purport to calculate a damages amount, but utilizes a very different methodology from his report).  Right now, it's not clear what target we would be shooting at if we were to move to exclude him, either under Daubert or under Rule 26.  Please let us know ASAP what your intentions are with respect to his testimony.

Regards,
Luke

PS: The Court has told our local counsel that she is open to making time for a telephonic hearing tomorrow afternoon if we want one.  The principal item we had discussed the need to address with the Court is scheduling argument on Hotfile's motion to strike Dr. Waterman's rebuttal report, which suggests to me that it may be worth asking for some time tomorrow.  Is there any other item on which you think the parties should request time to talk to the Court?

---

**Luke C. Platzer**
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
Tel (202) 639-6094
Fax (202) 661-4813
LPlatzer@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---