UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE
TO PRECLUDE THE TESTIMONY OF PREVIOUSLY UNDISCLOSED
THIRD-PARTY WITNESSES**

In their Opposition to the instant motion, D.E. 602 ("Opp."), Defendants Hotfile and Anton Titov do not even attempt to argue that their failure to timely disclose five third-party witnesses was justified or harmless. Rather, they incorrectly assert that a few passing references to these individuals in discovery documents or in one of Defendants' expert rebuttal reports *after fact discovery closed* were sufficient to make these witnesses "known" to Plaintiffs in the absence of formal disclosures. But these belated allusions to the names of third parties did not

provide Plaintiffs with "knowledge" of the possibility that Defendants would seek to call these individuals as witnesses at trial, or provide Plaintiffs with an opportunity to investigate through fact discovery the likely subjects of their testimony. Defendants have not identified any case in which a court has allowed an undisclosed witness to testify in such circumstances, nor have they offered any justification for permitting such testimony here. Accordingly, the Court should grant Plaintiffs' Motion and preclude Defendants from calling the five previously undisclosed third-party witnesses at trial.

## ARGUMENT

### I.  DEFENDANTS' FLEETING REFERENCES TO UNDISCLOSED WITNESSES, AFTER THE CLOSE OF DISCOVERY, DO NOT SATISFY RULE 26(e).

Rule 26(a)(1)(A)(i) requires the disclosure of the names and contact information of witnesses with discoverable information "along with the subjects of that information." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) requires timely supplementation of these disclosures if they are incorrect or incomplete, and "if the additional or corrective information has not otherwise made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

There is no dispute that Defendants failed to disclose Leigh Mackay, Thomas Rechenmacher, Scott Wittenburg, Aaron M. McParlan, and Marc Schwegler as potential witnesses in their initial disclosures and supplements. Defendants do not dispute that they formally identified these witnesses for the first time on the eve of trial in their draft Joint Pretrial Stipulation – one of up to thirty witnesses identified by Defendants. However, Defendants point to passing references to each of these individuals in documents produced in discovery and in a rebuttal expert report submitted after the close of fact discovery,[1] and incorrectly assert that these references obviated the need for formal disclosures. *See* Opp. at 2 (arguing that the undisclosed witnesses were "otherwise made known to [Plaintiffs] during the discovery process" and citing Fed. R. Civ. P. 26(e)).

---

[1] Fact discovery in this matter closed on December 23, 2011, *see* August 30, 2011 Scheduling Order, DE 133, whereas the parties agreed to extend expert discovery only into January 2012. *See* DE 198 & DE 226. Thus, Defendants' reliance on the fact that the January 6, 2012 rebuttal report of their expert James Boyle referenced the names of three of the putative witnesses, or that they introduced (for the first time) a surprise affidavit from a fourth witness at the rebuttal deposition of Plaintiffs' expert Scott Zebrak, also in January 2012, *see* n.2 *infra*, does not help them: those references to the putative witnesses came after discovery was already over.

Contrary to Defendants' assertion, "oblique references to other places or documents that mention [a witness] are insufficient" to make the witness "known" to the opposing party for purposes of Rule 26. *Doe v. Freeburg Cmty. Consol. Sch. Dist. No. 70*, No. 10-cv-458-JPG, 2012 WL 4006339, at *2 (S.D. Ill. Sept. 12, 2012) (finding that, where individual was not disclosed as a witness in initial or supplemental disclosures, production of report that identified him as a potential source of information did not satisfy Rule 26); *see also Hertz v. Luzenac Am., Inc.*, No. CIVA04CV1961LTBCBS, 2006 WL 994431, at *18 (D. Colo. Apr. 13, 2006) (rejecting argument that supplementation of disclosures is unnecessary "if an opposing party is generally aware" of the information). "Rule 26, as all rules of federal procedure, was designed 'to secure the just, speedy, and inexpensive determination of every action and proceeding', Fed. R. Civ. P. 1, not to allow parties to play 'hide the ball.'" *Freeburg Cmty*, 2012 WL 4006339, at *2; *see also Luzenac*, 2006 WL 994431, at *18 (explaining that Rules 26(a) and 26(e) "seek to accelerate the exchange of essential information and eliminate surprise").

Here, Defendants' Opposition identifies only a few fleeting references to the five undisclosed witnesses from among the thousands of pages of deposition transcripts and documents exchanged in this case.[2] These oblique references did not put Plaintiffs on notice of the possibility that Defendants intended to call these individuals as trial witnesses, nor did they identify the subjects of these individuals' testimony as required by Rule 26(a). *See Wright v. Hyundai Motor Mfg. Alabama, LLC*, No. 08 cv 61, 2010 WL 4739486, at *3 (M.D. Ala. Nov. 16, 2010) (mention of witnesses in deposition did not make them known to opposing party, where deposition statements "did not suggest even remotely that he intended to or might offer

---

[2] Defendants contend that Plaintiffs should have somehow intuited that these undisclosed third-parties might be called as trial witnesses based on:
- A one-page affidavit from Leigh Mackay, dated January 19, 2012, which was one of 37 exhibits to a declaration by Defendants' counsel and which Defendants introduced as an exhibit at the rebuttal expert deposition of Plaintiffs' expert Scott Zebrak. *See* Opp. at 4.
- Short affidavits by Scott Wittenburg and Marc Schwegler and a one-page email by Aaron McParlan, which were exhibits to the January 6, 2012 rebuttal expert report of Defendants' expert witness James Boyle. *See* Opp. at 5-7.
- A one-page email authored by Thomas Rechenmacher, which was produced in discovery and attached to an attorney declaration at summary judgment. *See* Opp. at 4-5. Rechenbacher is nowhere mentioned in the other documents Defendants cite. Defendants' statement that "JDownloader and Mr. Rechenmacher were *again* referenced in the Declaration of both Dr. Matthew R. Lynde and Defendant Anton Titov," *see* Opp. at 5, is in accurate – those declarations discuss the JDownloader software, but not Rechenmacher personally.

3

testimony from either of these individuals"); *Moore v. BASF Corp.*, No. Civ. A-11-1001, 2012 WL 4344583, at *32(E.D. La. Sept. 21, 2012) (employees did were not "otherwise [] made known" in interrogatory response that mentioned employees but did not comply with Rule 26(a) requirements: response did not identify employees as potential witnesses and included "no mention of the subject of each individual's information"); *Paulsen v. State Farm Ins. Co.,* No. 06–9546, 2008 WL 449783, at *3 (E.D. La. Feb. 15, 2008) (striking undisclosed witness and holding that party's awareness of individual did not translate into knowledge that the person would be used as a witness). Defendants did not make "the additional or corrective information" known to Plaintiffs; they simply failed to comply with Rule 26.

The cases Defendants cite provide no support for their contrary position. Defendants cite only one case that addresses Rule 26 obligations regarding the disclosure of witnesses. In that case, *Campbell v. Moon Palace, Inc.*, the court found that Rule 26 was satisfied because the witness at issue *was actually disclosed* to the opposing party in their initial disclosures. No. 11-60274-CIV, 2012 WL 399218, at *4 (S.D. Fla. Feb. 7, 2012).[3] None of the other cases Defendants cite address the failure to disclose a witness, *see* Opp. at 2-3, and even a cursory review of these cases reveals the utter lack of support for Defendants' position.

Plaintiffs cannot be expected to ferret out Defendants' trial strategy; and the fact that witnesses were mentioned obliquely in documents or rebuttal expert reports and depositions after the close of fact discovery in no way excuses Defendants' failure to comply with their Rule 26 disclosure obligations.

## II. DEFENDANTS' FAILURE TO DISCLOSE WAS NEITHER JUSTIFIED NOR HARMLESS.

A party who fails to identify a witness as required by Rule 26 must show that its failure to disclose was substantially justified or harmless in order to use the witness at trial. Fed. R. Civ. P. 37(c)(1); *see also Roberts v. Scott Fetzer Co.*, No. 07-CV-80, 2010 WL 3546499, at *5 (M.D. Ga. Sept. 7, 2010) (party seeking to introduce testimony bears the burden of showing its failure to disclose was "substantially justified or harmless" (quoting *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009))). Defendants make no attempt to meet their burden of showing

---

[3] The dispute in *Campbell* arose because the initial disclosures listed the witness by her maiden name, whereas the witness's expert report included her married name. 2012 WL 399218, at *4. As the court noted, this confusion could have easily been remedied had the opposing party sought out information or deposed the witness during discovery. But "despite the opportunity to depose [the witness], Defendant did not do so." *Id.*

4

their Rule 26 violation was harmless or substantially justified—nor could they.  Because of Defendants' disregard of their disclosure obligations, Plaintiffs have not had an opportunity to take discovery from or depose the witnesses at issue in advance of trial.  *See, e.g.*, *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, No. 05-80183-CIV, 2006 WL 5309506, at *2 (S.D. Fla. Oct. 18, 2006) (admitting witness's testimony without allowing opposing party an opportunity to depose witness "would be inconsistent with the purpose and intent of the Rules"); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co*., 255 F.R.D. 645, 655-56 (N.D. Iowa 2009) (excluding testimony of witness who was disclosed after the close of discovery, even though witness was identified in 67 documents produced during discovery, because "references to a person in various documents produced in discovery . . . and use of some of those documents by the opposing party . . . is not a substantial justification for untimely identification"); *see also Moore v. Corp. Facilities Mgmt., L.L.C.*, No. 10-cv-3354, 2012 WL 4329288, at *5 (N.D. Ala. Sept. 17, 2012) (excluding undisclosed witness's testimony and stating that "the court would not expect plaintiff to depose a person that defendant did not intend to use as a witness").

      Nor does Defendants' Opposition make any argument as to why the previously undisclosed witnesses' testimony is important to their case.  *See Bearint ex rel. Bearint v. Dorrell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (identifying "the importance of the testimony" as a factor court should consider in determining whether to exclude testimony of undisclosed witnesses).  As set forth in Plaintiffs' opening memorandum in support of this motion, D.E. 579 at 4, the testimony of these witnesses is *not* important.  At most, it is cumulative of testimony that Hotfile intends to introduce through its expert witness James Boyle.[4]  Underscoring these witnesses' lack of importance, Defendants do not so much as mention any of these individuals by name in their summary judgment briefs.  Defendants will not be prejudiced by the exclusion of the cumulative and insignificant testimony of any of these previously undisclosed individuals.

---

[4] It is clear that much of the testimony Defendants seek to offer has no probative value at all.  For instance, in the sole email from Aaron M. McParlan of Opera.com, McParlan attempts to respond to an inquiry regarding a certain file but is unable to identify the file with certainty.  He states that "[a]ssuming the file" is a particular version, "Opera has no information" indicating that its use is infringing; however, "[i]f Opera were to determine that material on hotfile.com was infringing on Opera's rights, Opera would request that it be removed."  Ex. F. to Boyle Decl.  This equivocal statement does not tend to prove any fact at all.

## **CONCLUSION**

      For the foregoing reasons, Plaintiffs' motion should be granted, and Defendants should be precluded from introducing the testimony of Leigh Mackay, Thomas Rechenmacher, Scott Wittenburg, Aaron M. McParlan, and Marc Schwegler at trial.

DATED: November 13, 2013

Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION
 OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
David A. Handzo (*Pro Hac Vice*)
Kenneth L. Doroshow (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2013, I caused the following document to be served on all counsel of record on the attached service list via the Court's ECF System:

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF PREVIOUSLY UNDISCLOSED THIRD-PARTY WITNESSES**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson

Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201
*Attorney for Defendants Hotfile Corp. and Anton Titov*