UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO SET ORDER OF PROOF

This Court should grant Plaintiffs' motion to set the order of proof so that the jury assesses Plaintiffs' damages on the principal claim before it hears argument and evidence related to Hotfile's Counterclaim. Defendants never actually dispute that Plaintiffs will be substantially prejudiced by being forced to try their damages claim alongside Hotfile's counterclaim. Neither do Defendants contest that setting the proposed order of proof would be a wholly ordinary exercise of the Court's discretion that would substantially mitigate the risks of prejudice to Plaintiffs. *See, e.g.*, *Int'l Bhd of Teamsters v. United States*, 431 U.S. 324, 358-62 (1977); *Tetsuo Akaosugi v. Benihana Inc.*, No. 11-01272, 2012 WL 4513989, at *1 (N.D. Cal. Oct. 2, 2012);

*Berndt v. Levy*, No. 08-1067, 2010 WL 3913240, at *30 (D. Kan. Sept. 30, 2010); *EEOC v. Burlington Medical Supplies, Inc.*, 536 F.Supp.2d 647, 656 (E.D. Va. 2008).

Instead, Defendants' argument rests largely on assertions of marginal – and sometimes fictional – inefficiencies they claim would be generated by the proposed order of proof. Defendants also oppose the Motion based on unsupported claims that they would somehow be prejudiced by the inability to use evidence and argument about Hotfile's Counterclaim during the damages proceeding. Because the proposed order of proof successfully balances the need to permit Plaintiffs a fair adjudication of their damages claim with the efficiencies of deciding both claims in a single trial before a single jury, this Court should grant Plaintiffs' motion.

I. **THE PROPOSED ORDER OF PROOF CREATES NO INEFFICIENCIES AND, EVEN IF IT DID, SUCH MINOR INEFFICIENCIES WOULD BE SUBSTANTIALLY OUTWEIGHED BY MAKING THE TRIAL MORE FAIR.**

Plaintiffs' proposed order of proof accommodates the efficiency concerns that appear to have animated the Court's ruling on Plaintiffs' motion for bifurcation. Indeed, Defendants' own motion demonstrates that the proposal succeeds: Defendants are unable to identify any significant inefficiencies that Plaintiffs' proposed order of proof would cause. Instead, Defendants relitigate the last motion, and complain about inefficiencies that could arise from bifurcating the trials on the damages claim and the Counterclaim altogether. But those are the very inefficiencies that Plaintiffs' proposed order of proof avoids.

For example, Hotfile complains that setting the proposed order of proof would require "repeat testimony from multiple witnesses." Opp. at 2-3. Defendants point to only three witnesses – out of a total of up to thirty-seven witnesses – who might have testimony to offer pertinent to both the damages claim and the Counterclaim, and two of them are Plaintiffs' own experts (Dr. Ian Foster and Scott Zebrak) whose convenience is of no concern to Defendants. More importantly, the case Hotfile cites deals exclusively with bifurcation, and the very language quoted by Hotfile recognizes only that inefficiency arises from witnesses' "traveling back and forth" to testify. *Id.* at 3 (citing *In re Nitro Leisure Prods., L.L.C.*, 2003 U.S. Dist. LEXIS 27555 (S.D. Fla. Dec. 15, 2003)). As explained in the Motion and Memorandum of Law to Set the Order of Proof, the proposed order of proof will avoid this concern entirely, because the witnesses will need only to come to Miami once. Mot. at 4. Nor does any significant inefficiency arise because the witnesses would each testify twice. For all three witnesses (Dr. Foster, Mr. Zebrak, and Anton Titov), the damages testimony and the Counterclaim testimony

2

would be about entirely different topics. Whether a witness testifies once for an hour, or twice for thirty minutes each, has no adverse effect on the length or efficiency of the proceedings. To the contrary: separating the testimony of the potentially overlapping witnesses into discrete segments on different topics will make it much more comprehensible to the jury and avoid confusion.

There is no merit to Defendants' assertion that the proposed order of proof would require the presentation of factual issues more than once due to the claimed "overlap" of the two claims. As Plaintiffs have already shown, Defendants' claims that there are overlapping factual issues between the damages claim and the Counterclaim are exaggerated.[1] The only issues to which Defendants point are the fact that Hotfile offered its "Special Rightsholder Account" takedown tool to the Plaintiffs and the fact that Warner occasionally encountered errors in trying to identify infringing content on Hotfile. Opp. at 3. These are not "enormous efficiencies" as Defendants try to claim, but in fact are quite minor areas of overlap. Opp. at 2. And leaving aside the question of whether the second topic has any relevance to the damages inquiry at all (which Plaintiffs dispute), even this minor claimed overlap presents no inefficiency under Plaintiffs' proposal. A single jury would be tasked with deciding both claims. It could thus carry over knowledge about the basic background facts the jurors learned a few days earlier in the first phase of the trial into the second, avoiding any need for presenting such evidence twice.

The only remaining inefficiency of which Hotfile complains is that the parties would be required to make two opening and closing statements. Opp. at 2. But given that those opening and closing statements would be about wholly different topics (one of which relates to only one of the five plaintiffs), this would not be an inefficiency, but rather a necessary measure to prevent confusion. In any event, as with the testimony of Dr. Foster, Scott Zebrak, and Anton Titov, whether a single presentation addresses two issues, or two presentations each address one issue, has minimal or no impact on the length and efficiency of the proceedings, and will make the presentations more easily comprehensible to the jury. Indeed, Defendants do not even contend the opposite, nor do they propose any alternate trial procedures that could protect Plaintiffs from the prejudice of a combined proceeding.

---

[1] *See* Pls. Reply in Support of Mot. to Bifurcate, DE 552, at 7-9.

3

## II. THE PROPOSED ORDER OF PROOF CREATES NO UNDUE PREJUDICE TO DEFENDANTS.

Although Defendants claim that they would be prejudiced by the proposed order of proof, they are unable to identify any actual prejudice they would suffer. First, Defendants generically claim that the proposed order of proof would "hobble the Defendants' presentation of their defenses." Opp. at 4. But they provide no explanation of *how* their defense to the damages claim would be "hobbled," or even affected, by the proposed order of proof. Defendants similarly complain that they would be prejudiced by trying Hotfile's Counterclaim to jurors that have already been through a trial and are ready to return to their normal lives. *Id.* Regardless of the order in which the claims are tried, however, the total trial time would remain the same, so "juror fatigue" is not an issue. Moreover, any concerns that the jury would be surprised by the trial of the Counterclaim are easily avoided by simply instructing the jury at the beginning of the trial that there will be two phases to the trial.

Defendants argue that they would be prejudiced by Plaintiffs' proposed order of proof because the jury will have heard "nothing but good facts about the Plaintiffs" during the first phase. Opp. at 4. In essence, the "prejudice" Defendants claim is that they would not be able to use their Counterclaim evidence and arguments to present "bad facts" about the Plaintiffs during the damages phase that might persuade the jury to award less in damages. But that is the entire point of Plaintiffs' proposed order of proof. Defendants have no right to introduce irrelevant evidence about one of the Plaintiffs – Warner – on an unrelated claim merely to make all of the Plaintiffs look bad. Defendants' argument that they should have the right to balance this "one-sided presentation" by arguing the alleged wrongs committed by Warner conveniently highlights why the issues need to be separated from one another at trial: because Hotfile's Counterclaim would serve principally as a means of confusing the jury and creating bias against Plaintiffs when such issues have no role in the damages calculation.

## CONCLUSION

For the reasons stated, Plaintiffs' Motion to Set Order of Proof should be granted.

DATED:  November 13, 2013                    Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

MOTION PICTURE ASSOCIATION            JENNER & BLOCK LLP
 OF AMERICA, INC.                     Steven B. Fabrizio (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*)    David A. Handzo (*Pro Hac Vice*)
15301 Ventura Blvd.                   Kenneth L. Doroshow (*Pro Hac Vice*)
Building E                            Luke C. Platzer (*Pro Hac Vice*)
Sherman Oaks, CA 91403                1099 New York Ave., N.W.
Phone:  (818) 995-6600                Suite 900
Fax:  (818) 285-4403                  Washington, DC 20001
                                      Telephone: (202) 639-6000
                                      Facsimile:  (202) 639-6066

                                      *Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2013, I caused the following document to be served on all counsel of record on the attached service list via the Court's ECF System:

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ORDER OF PROOF**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201
*Attorney for Defendants Hotfile Corp. and Anton Titov*