UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**WARNER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE HOTFILE CORP. FROM OFFERING THE OPINIONS OF <u>DR. MATTHEW LYNDE AT TRIAL</u>**

## **TABLE OF CONTENTS**

**Page**

I.   THE METHOD USED IN DR. LYNDE'S REPORT IS UNRELIABLE AND THIS COURT HAS NEVER HELD OTHERWISE. ..................................................................1

II.   THE METHOD USED IN DR. LYNDE'S REPORT DOES NOT FOLLOW THE LEGAL STANDARD GOVERNING SECTION 512(F) CLAIMS ...................................3

III.   HOTFILE IS NOT PERMITTED TO RELY ON DR. LYNDE'S "BACKUP" THEORIES PRESENTED FOR THE FIRST TIME ON SUMMARY JUDGMENT .......3

CONCLUSION ................................................................................................................................6

# **TABLE OF AUTHORITIES**

**CASES**

*Allison v. McGhan Medical Corp.*, 184 F.3d 1300 (11th Cir. 1999) ................................................4

*Allstate Insurance Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398 (5th Cir. 2007) ..........3, 5

*Boca Raton Community Hospital, Inc. v. Tenet Healthcare Corp.*, No. 05-801083-CIV,
    2006 WL 5309506 (S.D. Fla. Oct. 18, 2006)...........................................................................5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)............................................4

*Loeffel Steel Products, Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794 (N.D. Ill. 2005) ...........3, 5

*McClain v. Metabolife International, Inc.*, 401 F.3d 1233 (11th Cir. 2005) ...................................4

*Minebea Co., Ltd v. Papst*, 231 F.R.D. 1 (D.D.C. 2005)..................................................................5

*OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344 (11th Cir. 2008) .......................6

*Shire Development LLC v. Watson Pharmaceuticals, Inc.*, 932 F. Supp. 2d 1349 (S.D.
    Fla. 2012) .................................................................................................................................5

*U.S. Gypsum Co. v. Lafarge North America Inc.*, 670 F. Supp. 2d 737 (N.D. Ill. 2009) ................4

*United States v. Orr*. 692 F.3d 1079 (10th Cir. 2012), *cert denied* 133 S. Ct. 1300 (2013).............3

**STATUTES**

17 U.S.C. § 512(f)............................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(a)(2)(D) ..............................................................................................................5

Unable to demonstrate that the damages calculation in Dr. Lynde's expert report is either reliable or helpful to the jury, Hotfile simply pretends that the Court's summary judgment decision resolved the admissibility of Dr. Lynde's damages theories.  But the Court on summary judgment had before it Dr. Lynde's *second* theory, presented in his summary judgment declaration, and not the completely different theory he had previously espoused in his report.  The *first* theory, in his report, is both unreliable and based on the wrong legal standard.  And the *second* theory, which the Court held was "non-speculative," was disclosed for the first time on summary judgment and Warner has never had an opportunity to question Dr. Lynde on it.  Dr. Lynde's first theory should be excluded as unreliable and predicated upon the wrong legal standard, and Hotfile should not be permitted to ambush Warner at trial with the second theory.[1]

## I.    THE METHOD USED IN DR. LYNDE'S REPORT IS UNRELIABLE AND THIS COURT HAS NEVER HELD OTHERWISE.

This Court should exclude Dr. Lynde's original theory – the damages calculation in his report – because his method fails the reliability requirements of Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*.  Hotfile never actually defends Dr. Lynde's method as reliable, nor does it attempt to defend the unjustified assumptions that underlie Dr. Lynde's calculations.  Instead, Hotfile relies almost entirely on the Court's determination at summary judgment that Dr. Lynde had offered a "non-speculative" damages theory.  *See* Opp. at 2.  But Hotfile's argument conflates Dr. Lynde's first theory, in his report (which simply assumed that *all* takedown notices cause damages in equal measure, and then purported to tabulate such damages for the Counterclaim notices) with Dr. Lynde's second – and wholly different – theory, in his summary judgment declaration (which attempted, for the first time, to trace Hotfile's claimed harm to the actual takedown notices at issue).

Hotfile makes much of the Court's statement on summary judgment that "Hotfile's expert can provide the jury with a non-speculative basis to assess damages."  *Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-civ-20427, slip op. at 98 (S.D. Fla. Aug. 28, 2013).  From there, Hotfile leaps to the conclusion that the Court's opinion endorses the theory in Dr. Lynde's expert report.

---

[1] As Hotfile's opposition notes, the parties have agreed to the supplementation of certain expert reports, including Dr. Lynde's, and his supplemental report and deposition may well moot the parties' dispute regarding his *second* theory.  In the event the matter is so resolved, the parties will inform the Court.  However, such stipulation would not resolve questions regarding the admissibility of Dr. Lynde's first theory unless Hotfile withdraws it.

1

But the theory in Dr. Lynde's expert report is not the one that Hotfile presented to the Court or relied upon at the summary judgment stage. Hotfile relied on Dr. Lynde's new, second theory, which has never been the subject of an expert report. The only evidence of damages Hotfile cited in its opposition to Warner's Motion for Summary Judgment came exclusively from Dr. Lynde's summary judgment declaration, *not* from his expert report.[2]

As explained in Warner's motion and Motion for Summary Judgment, the theory in Dr. Lynde's expert report lacks any reliable method. *See* Mot. at 5-7; Warner Bros. Entertainment Inc.'s Motion for Summary Judgment and Memorandum of Law in Support of Motion for Summary Judgment at 12 -14 (DE 301) [hereinafter "Warner Summary Judgment Motion"]. Rather than analyzing whether the takedown notices listed in the Counterclaim actually caused any injury to Hotfile, Dr. Lynde's report simply *assumed* that *all* takedown notices cause injury. From there, Dr. Lynde started with *all* of Hotfile's lost revenue from February to September 2011, assumed that *all* the lost revenue was caused by takedown notices, and then divided Hotfile's total lost profits by the total number of takedown notices Hotfile received (and then multiplied it by the number he approximated that Warner had sent) in order to reach a figure. *See* Expert Report of Matthew R. Lynde (October 28, 2013 Platzer Decl. Ex. 14) at 11. Dr. Lynde's assumption that all lost revenues during that period were caused by takedown notices is neither credible nor reliable, as he never considered whether Hotfile's lost revenues during that period could have any other causes, such as this lawsuit, Hotfile's implementation of a "three strikes" policy for repeat infringers in February 2011, and other significant changes to Hotfile's business practices. *See* Warner Summary Judgment Motion at 13. Dr. Lynde likewise assumed without basis that each takedown notice was responsible *in equal proportion* for Hotfile's losses, without analyzing whether any of the takedown notices actually caused any injury at all. *See id.* at 12, *see also* Deposition of Matthew Lynde, Declaration of Jennifer V. Yeh in Support of Warner Bros. Entertainment Inc.'s Motion for Summary Judgment, Ex. A at 75:5-17, 83:8-13

---

[2] *See, e.g.*, Memorandum of Law of Defendant/Counterclaimant Hotfile Corporation in Opposition to the Motion for Summary Judgment on Hotfile's Counterclaim filed by Plaintiff/Counter-defendant Warner Bros. Entertainment Inc. at 19-20 (citing to the Lynde declaration to support statements that "the improper deletion of these files has injured Hotfile," that "[t]here is significant evidence that the deletion of nine JDownloader files alone cause[d] Hotfile significant economic injury," and that "[t]he deletion of admittedly non-infringing files uploaded by those two users resulted in their termination. That action alone resulted in significant economic injury to Hotfile.") (filed under seal Feb. 27, 2012).

2

(filed under seal Feb. 9, 2012). Yet Dr. Lynde's own report recognized that few files in Hotfile's system generated premium subscriptions from users downloading those files, undercutting his assumption that all takedown notices result in equal losses. *See* Lynde Report (October 28, 2013 Platzer Decl. Ex. 14) at 10. Expert analysis based on unfounded assumptions is inherently unreliable and is therefore inadmissible under Rule 702(c). *See United States v. Orr*. 692 F.3d 1079, 1093 (10th Cir. 2012) (excluding expert testimony based on "unquestioned assumptions"), *cert denied* 133 S.Ct. 1300 (2013); *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 807-08 (N.D. Ill. 2005); *see also Allstate Ins. Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398, 412 (5th Cir. 2007). Hotfile makes no substantive effort to defend the obviously incorrect assumptions that underlie Dr. Lynde's report, and the theory espoused therein should be excluded under *Daubert*.

## II. THE METHOD USED IN DR. LYNDE'S REPORT DOES NOT FOLLOW THE LEGAL STANDARD GOVERNING SECTION 512(f) CLAIMS.

As Warner's motion made clear, the theory in Dr. Lynde's report is also inadmissible because it does not follow the legal standard governing damages, which requires that the damages be caused by the takedown notices sued upon. *See* Mot. at 2-5. Hotfile's Opposition argues that Dr. Lynde's report did, in fact, attempt to trace Hotfile's damages to the specific takedown notices in the Counterclaim. *See* Opp. at 3. But Dr. Lynde's report did nothing of the sort.

Section 512(f) limits a plaintiff's recovery to only those damages arising out of *specific* takedown notices the plaintiff shows to be knowingly false. 17 U.S.C. § 512(f). Thus, to be both useful to the jury and admissible under *Daubert* and Fed. R. Evid. 702, any expert damages theory would need to show a causal connection between the takedown notice and the damages allegedly suffered. As explained in Part I, *supra*, Dr. Lynde treated all takedown notices as fungible for damages purposes: he assumed that all takedown notices caused equal amount of damage. Rather than attempting to figure out whether Hotfile suffered any damages from the specific 890 notices at issue in the Counterclaim, he simply calculated a figure for the damages that *any* 890 takedown notices would cause under his assumptions. *See* Lynde Report (October 28, 2013 Platzer Decl. Ex. 14) at 14-15. This calculation bears no relationship to the relevant legal standard under Section 512(f).

Dr. Lynde cannot reliably treat his assumption about the damages that *any* 890 takedown notices would cause as a stand-in for the damages that the *actual* 890 takedown notices caused.

3

First, as explained in Part I *supra*, there is no basis for Dr. Lynde's assumption that all revenue Hotfile lost between February and September 2011 is attributable to takedown notices. Second, Dr. Lynde's own work demonstrates that the takedown notices in fact did *not* all cause identical damage. Dr. Lynde's summary judgment declaration, which actually attempted to connect damages to specific takedown notices, makes this clear. There, he considered two users whose accounts Hotfile terminated, noting that these two users had resulted in premium account subscriptions (one substantially more than the other), and, in his view, likely would have continued to generate premium subscriptions. Lynde Declaration (October 28, 2013 Platzer Decl. Ex. 15) at 2-3, ¶ 4. Thus, according to the reasoning in Dr. Lynde's *summary judgment declaration*, one of these accounts had in the past generated significantly more income for Hotfile than the other – which is flatly at odds with Dr. Lynde's assumption in his *report*, which is that all takedown notices cause harm in equal measure. The damages calculation contained in Dr. Lynde's report, in fact, fails to take this kind of difference into consideration at all, and fails to demonstrate that *any* of the *specific* 890 takedown notices at issue actually caused any damage.

      A damages estimate that is not based on the damages arising from the specific takedown notices listed in the Counterclaim is inadmissible, for at least two reasons. First, the calculation does not "fit" the issue before the jury as defined by Section 512(f) – the amount of damages, if any, that Hotfile suffered as a result of the specific misrepresentations made by Warner – and it will not help the jury resolve this issue. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 791 (1993); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999) (expert testimony "must have a valid [] connection to the disputed facts in the case"). Second, Dr. Lynde's damages calculation is inadmissible because it violates the applicable legal standard: that the damages arise from the specific 890 takedown notices upon which Hotfile has sued.[3]

---

[3] Hotfile claims that Dr. Lynde's report is nonetheless helpful to the jury, and therefore admissible, because it contains "voluminous and uncontroverted opinions about the general damages that a party like Hotfile suffers as a result of wrongful takedown notices." Opp. at 4. The report contains no evidence, however, that any of these alleged damages actually happened, let alone that they arose from the 890 takedown notices listed in the Counterclaim. As such, these opinions are mere inadmissible speculation. *See Daubert*, 509 U.S. at 590 (expert testimony permitted by Rule 702 must be "more than subjective belief or unsupported speculation"); *McClain v. Metabolife Intern., Inc.*, 401 F.3d 1233, 1238, 1240 (11th Cir. 2005)

4

*See U.S. Gypsum Co. v. Lafarge N. Am. Inc.*, 670 F. Supp. 2d 737, 744-45 (N.D. Ill. 2009) (excluding the testimony of plaintiffs' damages expert where the expert applied a "legally incorrect standard" for calculating damages under the Computer Fraud and Abuse Act); *see also Allstate Ins. Co.*, 501 F.3d at 413-14 (excluding expert testimony based on a representative sample where the sample did not differentiate between the losses resulting from fraud and losses resulting from other causes); *Loeffel Steel Prods.*, 387 F. Supp. at 803 (excluding an expert theory that was "impermissible as a matter of law"). This Court should therefore exclude Dr. Lynde's damages calculation.

### III. HOTFILE IS NOT PERMITTED TO RELY ON DR. LYNDE'S "BACKUP" THEORIES PRESENTED FOR THE FIRST TIME ON SUMMARY JUDGMENT.

As Hotfile notes, the parties have agreed to allow limited supplementations to certain expert reports and associated limited supplemental depositions. Until any supplemental report and deposition arising out of such stipulation has occurred, however, Hotfile is not permitted to use expert opinions first disclosed after expert discovery closed unless it is able to show that the delay in disclosure was substantially justified or harmless. *See* Fed. R. Civ. P. 26(a)(2)(D); *Shire Development LLC v. Watson Pharm., Inc.*, 932 F. Supp. 2d 1349 (S.D. Fla. 2012). Hotfile has not even attempted to make this showing.

Hotfile claims that Warner's argument is "disingenuous" because Dr. Lynde's backup theories were first disclosed in March 2012, and that Warner has therefore had a "reasonable opportunity to prepare for cross-examination." Opp. at 6. But this argument is beside the point. The problem with Hotfile's late disclosure is not that Warner has not had time to prepare to cross-examine Dr. Lynde at trial; the problem is Warner has never had the opportunity to *depose* Dr. Lynde about his new backup theory, disclosed for the first time during summary judgment briefing. It would be prejudicial to Warner to force it to question Dr. Lynde at trial on his new theory until Warner has had the opportunity to depose him on it first. *See Boca Raton Comty. Hosp., Inc. v. Tenet Healthcare Corp.*, No. 05-801083-CIV, 2006 WL 5309506, at *2 (S.D. Fla. Oct. 18, 2006) ("It would be inconsistent with the purpose and intent of the Rules to allow [plaintiff] to avoid its obligations to fully disclose [its expert's] opinions without the opportunity for [defendant] to challenge her opinions under oath in a deposition."); *see also Minebea Co., Ltd v. Papst*, 231 F.R.D. 1, 5-6 (D.D.C. 2005) ("The purpose of rule 26(a)(2) is to prevent unfair

---

(noting that *Daubert* requires that the court ensure that the jury does not hear "speculative and unreliable opinions," and rejecting an expert's opinions as speculative).

5

surprise at trial and to permit the opposing party to prepare rebuttal reports," and "prevent[] experts from 'lying in wait' to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the person's testimony."). As the Eleventh Circuit has explained, Rule 26(a) "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). Hotfile's springing Dr. Lynde's "backup" theory on Warner at summary judgment deprived Warner of this opportunity. Accordingly, Dr. Lynde's declaration, and the "backup" theories it contains, must be excluded.

## CONCLUSION

For the foregoing reasons, this Court should grant Warner's Motion in Limine to Preclude Hotfile from Offering the Opinions of Dr. Matthew Lynde at Trial.

DATED: November 13, 2013

Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION
 OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: (818) 995-6600
Fax: (818) 285-4403

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
David A. Handzo (*Pro Hac Vice*)
Kenneth L. Doroshow (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2013, I caused the following document to be served on all counsel of record on the attached service list via the Court's ECF System:

**WARNER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE HOTFILE CORP. FROM OFFERING THE OPINIONS OF DR. MATTHEW LYNDE AT TRIAL**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/ Karen L. Stetson
Karen L. Stetson

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201
*Attorney for Defendants Hotfile Corp. and Anton Titov*