UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**WARNER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION IN
LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING "PERJURY"
IN CONNECTION WITH COUNTERCLAIM**

   A party issuing a takedown notice under the Digital Millennium Copyright Act ("DMCA") who incorrectly identifies a noninfringing file as its own work has not made a false statement under penalty of perjury. All it has done is send an erroneous notice that may entitle the recipient of the notice to actual damages if the misidentification was both material and made knowingly. The only instance in which a takedown notice would contain a false statement "under penalty of perjury" would be if the sender impersonated and claimed authority from a

75318.1

copyright holder to take down that other copyright holder's work.  *See* Warner's Mot., D.E. 615-1, at 3-4.

Hotfile presents no real argument that Warner did anything of the sort.  Rather, Hotfile argues that it should be allowed to tar Warner with accusations of "perjury" at trial for every mistake that Warner made because Hotfile's website included "terms and conditions" that subjected copyright owners to heightened certification requirements – above and beyond what the DMCA provides – in order to send takedown notices.  Opp. at 2-3.  That is not how perjury works, not how the DMCA works, is irrelevant to the claims the jury must decide, and would unfairly prejudice the jury against Warner by suggesting that Warner's errors amounted to criminal acts.  Warner's motion should be granted and Hotfile precluded from characterizing Warner's errors as "perjury" at trial.

**I.      THE FACT THAT HOTFILE MADE COPYRIGHT OWNERS CLICK A BOX WITH THE WORD "PERJURY" IN IT DOES NOT MAKE IT SO.**

As Warner demonstrated in its motion, the errors in some of its takedown notices upon which Hotfile is suing were not the sort of errors that the DMCA subjects to a statement "under penalty of perjury."  Mot. at 2-4.  To recap: the DMCA does not subject to a perjury certification statements in a takedown notice that identify the infringing files or the works claimed to be infringed.  The DMCA only subjects to a "penalty of perjury" certification the statement of *who is issuing the notice*.  *Id*. at 3.  The errors in Warner's notices were of the first kind – misidentifying the infringing files – and not false claims that someone other than Warner was sending the notices.  Hotfile makes attempts to defend the compliance of its website's terms of service with the DMCA, but mostly argues that it is entitled through the "terms and conditions" of its website to subject DMCA complaints to a higher standard than the law requires.  Opp. at 2-3.  Both responses are meritless.

Hotfile first argues that the language on its website substantially complied with the DMCA and because Warner "was not the owner or authorized by the owner of the materials to issue the takedown notices," its takedown notices contained false statements under penalty of perjury.  Opp. at 3.  But Hotfile's argument is a sleight of hand that would transform *every* mistaken notice sent to Hotfile into a false statement under penalty of perjury.  The sender of a takedown notice who mistakes a file for an infringing copy of its work is *never* the "owner or authorized by the owner" of what the file *actually* is.  But the DMCA expressly does *not* require the sender of a notice to certify under penalty of perjury that they have correctly identified the

2

complained-of file as one of their works. A takedown notice's "[i]dentification of the copyrighted work claimed to have been infringed" is *not* made under penalty of perjury. 17 U.S.C. § 512(c)(3)(A)(ii). A statement under penalty of perjury, under the DMCA, applies *only* to the claim to represent the copyright owner of the specific right alleged to be infringed, *i.e.* instances in which a copyrighted work is identified by a notice and the issuer falsely claims to be the representative entitled to take down the work so identified. *See* 17 U.S.C. § 512(c)(3)(A)(vi). Hotfile makes no accusation, and has no evidence, that Warner ever falsely claimed to be acting on behalf of the true copyright owners of the files it accidentally took down (*e.g.*, that Warner, instead of misidentifying files as its own, ever identified them as the works of other copyright owners, but then claimed to represent those other owners).

      Second, Hotfile argues that "[w]ebsites' terms and conditions frequently impose conditions on use which go up and beyond those imposed by the law," Opp. at 3, and further argues that private agreements can impose certifications under oath that have legal effect under penalty of perjury. Opp. at 4. But that is not the law. Private citizens have no power to declare the acceptance of a website's terms of service to be "under penalty of perjury." The federal perjury statute, 18 U.S.C. § 1621, limits the crime of perjury to circumstances where one has "taken an oath *before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered*." (emphasis added). *See generally United States v. Hvass*, 355 U.S. 570, 574 (1958) (explaining "essential elements of the crime of perjury" to include "an oath authorized by law of the United States" that is "taken before a competent tribunal, officer or person"); *United States v. Debrow*, 346 U.S. 374, 376-77 (1953) (same). Although Hotfile argues that witnesses in this case have provided testimony "under the pains of perjury," Opp. at 4, that is because declarations in federal litigation are among the "case[s] in which a law of the United States authorizes an oath to be administered." 18 U.S.C. § 1621. The federal declaration statute, 28 U.S.C. § 1746, expressly authorizes statements under oath in such contexts.

      Leaving aside that Hotfile cannot seek the benefits of the DMCA if it deprives copyright holders of the benefits of the statute by forcing them to jump through additional hoops to issue takedown notices beyond those in the law, *see* 17 U.S.C. § 512(c)(3), Hotfile cannot simply use terms of service on a private website to summon perjury out of thin air. In addition to being irrelevant and unduly prejudicial, *see* Parts II and III *infra*, Hotfile's entire argument about

3

75318.1

"perjury" rests on a misunderstanding of the law.

## II. "PERJURY" ACCUSATIONS HAVE NOTHING TO DO WITH THE MERITS OF THIS CASE.

The issue to be tried on Hotfile's 512(f) Counterclaim is whether or not Warner knew, for each takedown notice still in issue, that the notice was erroneous at the time it sent it. *See* 17 U.S.C. § 512(f). Irrespective of the merits of those claims, arguments about whether or not Warner's takedown notices constituted "perjury" are irrelevant to that issue. Hotfile is unable to point in its Opposition to *any* reason that arguments about "perjury" are probative of any issue the jury will be called upon to decide. All Hotfile does is assert repeatedly that such relevance exists, without ever showing how or why. *See* Opp. at 3 (arguing that the fact that "Warner was willing to make such statements under the penalties of perjury … is certainly relevant to its liability under section 512"); *id*. at 4 (arguing generically that "the facts surrounding" Hotfile's SRA tool "are relevant to Hotfile's defenses"); *id*. at 4 (restating that such arguments are "clearly relevant"); *id*. at 5 ("clearly relevant").

These assertions are meritless. Either Warner knew that its notices were erroneous when it sent them, or it did not. That, and the actual damages Hotfile incurred, are the only two issues the jury needs to decide with respect to the Counterclaim. Whether or not the box Hotfile required copyright owners to check in order to send takedown notices somehow imposed a "perjury" certification above and beyond what the DMCA requires sheds no light on these two issues. Indeed, Hotfile's argument – that "Warner was willing to make such statements under penalty of perjury – knowing that such representations were not always true" – gets it backwards. Opp. at 3. What Hotfile would need to prove at trial is that Warner actually knew the relevant notices were wrong. The language in the box Warner checked to in order to send them is probative of nothing. Moreover, while Hotfile may want to argue that its offering of an SRA to copyright owners should mitigate its statutory damages liability, the certification it required from copyright owners in order to use it is again irrelevant. There is no reason that Hotfile's SRA language (which failed to comply with the DMCA), or the fact that Hotfile made Warner check a box agreeing to that language in order to send takedown notices, has anything to do with the issues the jury needs to decide in this case. Any argument or evidence that Warner's statements were "perjury" should accordingly be excluded as irrelevant under Rule 402.

## III. ACCUSATIONS OF PERJURY WOULD BE UNDULY PREJUDICIAL.

Hotfile also lacks any response to the central point of Warner's motion: that Hotfile's

accusations of perjury (a criminal offense) have the potential to prejudice Warner's defense at trial by essentially telling the jury that Warner engaged in criminal conduct. Such accusations are likely to confuse the jury by creating the false impression that Warner's conduct was somehow more blameworthy than the governing statute, Section 512(f) of the DMCA, would otherwise provide, or that Warner needs to be punished for criminal behavior above and beyond the civil remedy of actual damages that the DMCA authorizes.

Hotfile's sole response is that it "has every right to present facts and the story in the best light which such facts will allow." Opp. at 5. But that is simply another way of saying that Hotfile wants to use the accusation that Warner committed "perjury" in order to cast Warner in a bad light. Given that arguments about "perjury" have no role in the 512(f) analysis, *see* Part II *supra*, the sole effect of the criminal accusations that Hotfile wants to make would be to unfairly prejudice Warner. Such a trial strategy should not be permitted.

## CONCLUSION

Plaintiffs respectfully request that the Court preclude any argument or evidence that Warner committed "perjury" by submitting mistaken takedown notices.

5

DATED: November 13, 2013         Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

| | |
|---|---|
| MOTION PICTURE ASSOCIATION<br> OF AMERICA, INC.<br>Karen R. Thorland (*Pro Hac Vice*)<br><br>15301 Ventura Blvd.<br>Building E<br>Sherman Oaks, CA 91403<br>Phone: (818) 995-6600<br>Fax: (818) 285-4403 | JENNER & BLOCK LLP<br>Steven B. Fabrizio (*Pro Hac Vice*)<br>David A. Handzo (*Pro Hac Vice*)<br>Kenneth L. Doroshow (*Pro Hac Vice*)<br>Luke C. Platzer (*Pro Hac Vice*)<br>1099 New York Ave., N.W.<br>Suite 900<br>Washington, DC 20001<br>Telephone: (202) 639-6000<br>Facsimile: (202) 639-6066<br><br>*Attorneys for Warner* |

75318.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 13th day of November, 2013, I served the following document on all counsel of record on the attached by means of the Court's ECF system:

**Warner's Reply Memorandum of Law in Support of Motion in Limine to Preclude Evidence and Argument Regarding "Perjury" in Connection with Counterclaim**

I further certify that I am admitted to the United States Court for the Southern District of Florida and certify that this Certificate of Service was executed on this date.

By: /s/   Karen L. Stetson
Karen L. Stetson

75318.1

## SERVICE LIST

**Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
CASE NO. 11-C1V-20427-WILLIAMS-TURNOFF**

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorney for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201

*Attorney for Defendants Hotfile Corp. and Anton Titov*