UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**HOTFILE CORPORATION AND ANTON TITOV'S REPLY IN SUPPORT OF
DAUBERT MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF
<u>SCOTT ZEBRAK</u>**

Having essentially conceded the unreliability of the opinions and testimony of their

expert witness, Scott Zebrak, Plaintiffs now seek to have Attorney Zebrak's testimony

impermissibly admitted (a) simply because Attorney Zebrak has experience in the media

industry, or alternatively, (b) as a lay witness, despite having spent this entire litigation touting

Attorney Zebrak's expertise in the field (and, of course, designating him as an expert witness).

1

The binding precedent of this Circuit prohibits the admission of Attorney Zebrak under either of these two avenues, and therefore this Court should enter an order excluding the opinion, testimony and supporting exhibits of Scott Zebrak.

### I. Even Under *Kumho Tire* Series of Cases, Expert Testimony is Required to Be Reliable – A Factor Which Attorney Zebrak's Testimony Unequivocally Fails

Even in cases where "scientific" expert testimony is not at issue and therefore the four factors of reliability set out in *Daubert v. Merrel Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), do not apply, an expert's testimony must still fulfill the reliability requirements of the Federal Rule of Evidence 702.  *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) ("Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . is not only relevant, but reliable.' . . . We . . . believe that it applies to all expert testimony." (quoting *Daubert*, 509 U.S. at 589)).  Although the factors for determining reliability may be different, a non-scientific expert is required to be no less reliable than a scientific expert.  *Id.* at 152 ("The objective of [the gatekeeping requirement] is to ensure the reliability and relevancy of expert testimony.  It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.").  The burden of proving reliability, in addition to each of the other factors required by Rule 702, rests on the party proffering the putative expert witness.  *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005).

Moreover, the Eleventh Circuit has held that reliability does not stem simply from the putative expert's experience in the field.  "In *Kumho Tire*, the Supreme Court made it clear that testimony based solely on the experience of an expert would not be admissible." *Rider v. Sandoz*

2

*Pharm. Corp.*, 295 F.3d 1194, 1197 (11th Cir. 2002).  *See also Kilpatrick v. Berg, Inc.*, 613 F.3d

1329, 1336 (11th Cir. 2010) ("[T]here are instances in which a district court may determine the

reliability prong under *Daubert* based primarily upon an expert's experience and general

knowledge in the field . . . but at all times the district court must still determine the reliability of

the opinion, not merely the qualifications of the expert who offers it." (citing *United States v.*

*Brown*, 415 F.3d 1257 (11th Cir. 2005) and *Kumho Tire*, 526 U.S. at 149)).

However, Attorney Zebrak's testimony cannot satisfy any reasonable bar of reliability.

Although Plaintiffs have identified eight factors which Attorney Zebrak supposedly considered

in his analysis, these factors are neither reliable in themselves, nor were they reliably applied to

the facts of the case, therefore failing both Rule 702(c) and 702(d).   First, it should be noted that

Plaintiffs' Opposition is the first time Attorney Zebrak's "methodology" has ever been laid out.

However, a look at the cobbled-together citations for the methodology shows that these factors

were never a formalized consideration of Attorney Zebrak's, but a list hastily put-together once

Attorney Zebrak's analysis was put in jeopardy.  *See* Plaintiffs' Opposition, pp. 4-5.[1]

Attorney Zebrak did not reliably apply these factors, but instead relied on a hazily

explained (and only partially disclosed) "quilt" of information.  Zebrak Dec. 20, 2011 Tr. At

169:20.  Attorney Zebrak's failure to apply any sort of reliable method to his undertaking

(including keeping any sort of helpful documentation of the "important" materials that he

considered) has left him unable to explain how he reached his opinion regarding the infringement

status of any particular file.  *See Id.* at 234:19-235:18 and 228:12-14.  Even looking at the

material which he apparently relied upon for arriving at his conclusions, Attorney Zebrak could

---

[1] Of the eight "factors" listed in the Opposition, only 4 of them are referenced in any of Attorney Zebrak's written statements.  Specifically, Plaintiffs' point solely to Attorney Zebrak's very last written statement, a declaration in support of Plaintiffs' Motion for Summary Judgment, and not to either of Attorney Zebrak's Rule 26(a)(2)(B) reports (which do not attempt to explain in any detail Attorney Zebrak's methodology).  Opposition, p. 4-5.  The other four factors were cobbled together from three different portions of Attorney Zebrak's deposition transcript.  *Id.*

only assume as to why he reached his conclusions.  *See Id.* at 235:13-18 ("[S]eeing this material doesn't refresh my memory on this now, but I can only assume that I believed at the time that this was a copyrighted work being commercialized in a way that free distribution through Hotfile would not likely to be authorized.").

On the basis of the foregoing, and for the reasons set out in Defendants' Motion, it is clear therefore that Attorney Zebrak has not "reliably applied the principles and methods to the facts of the case" as required by Rule 702.  This reliability factor is required regardless of whether Attorney Zebrak is considered a scientific expert or otherwise.  *See*, *e.g.*, *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("[E]ven if we were to agree with the Browns that Stelle should have been qualified as an expert, we would still reject their argument that the district court erred in finding his method unreliable and unreliably applied.  The district court found that Stelle's methodology was unreliable because it produces 'skewed' and 'bizarre and curious' results . . . .").  It is not surprising then that Attorney Zebrak opinion is so far skewed in the favor of the Plaintiffs given the fact that Attorney Zebrak's methodology (if there was a methodology) was so unreliably applied to the facts.

These reliability failures in Attorney Zebrak's study also counteract Plaintiffs' assertions that Defendants' criticisms bear on the weight but not the admissibility of Attorney Zebrak's testimony.  *See* Opposition, p. 7-9.  As detailed in Defendants' Motion, it is true that Attorney Zebrak based his testimony on faulty suppositions.  However, as explain in Defendants' Motion and above, Attorney Zebrak's faulty suppositions were only the start of his errors.  The lack of a reliable methodology, compounded on an unreliable application of the unreliable methodology, compounded yet again on baseless assumptions makes Attorney Zebrak's testimony wholly unreliable.  On the basis of the foregoing, this Court should exercise its power as a gatekeeper of

4

reliable expert testimony and prohibit Attorney Zebrak from offering his opinions at trial. *See* Fed. R. Evid. 702 advisory committee's note (2000 amends.) ("The trial judge in *all* cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted." (emphasis added)).

## II.   Plaintiffs' Attempt to Classify Attorney Zebrak's Opinion as Rule 701 Law Opinion Testimony is Clearly Contradictory to Plaintiffs' Own Assertions and Prohibited by the Rules of Evidence

Plaintiffs have spent over two years touting Attorney Zebrak as an expert in Copyright law and have submitted reports by Attorney Zebrak pursuant to Rule 26(a)(2)(B), reports that are reserved for expert witnesses. After relying on Attorney Zebrak's testimony as expert through these years of litigation (and designating him as such), including using Attorney Zebrak's testimony in rebuttal to Hotfile's experts and as an integral part of Plaintiffs' motion practice in the summary judgment phase, it strains both credulity and the law for Plaintiffs to now argue that Attorney Zebrak is not now an expert, but simply a lay witness.

The only legal opinion that Plaintiffs rely on for their inexplicable change of heart is a non-binding case from the D.C. Circuit Court. *See Williams Enters., Inc. v. Sherman R. Smoot Co.*, 938 F.2d 230, 234 (D.C. Cir. 1991) ("The fact that the [witness] based his opinion on specialized knowledge and might have been able to offer his opinion as an expert does not mean he was required to do so."). However, even if the *Williams* opinion had any precedential value in this court (which it does not), it is irrelevant to the factors here.

First, the proffered witness in *Williams* was never previously proffered as an expert witness earlier in the litigation, as is the case here. Nothing in *Williams* even hints at the possibility that a party may change the designation of a witness from expert to lay on the eve of trial. Second, the *Williams* lay witness satisfied the then factors set out in Federal Rule of

Evidence 701 in that his testimony was (a) "rationally based on the perceptions of the witness" and (b) "helpful to a clear understanding of his testimony or the determination of a fact in issue." *Id.* at 233. Attorney Zebrak's opinions satisfy neither of these two factors in that (a) his opinions are neither rationally based (see above) nor based on his own perceptions given that he claims to have undertaken some form of methodological study to arrive at his conclusions,[2] and (b) given the unreliability of his study, his opinions cannot be of any help to the jury.

More importantly however, is the fact that in 2000, nine years after the *Williams* decision was issued, <u>Rule 701 was amended to add a third requirement which was inserted to specifically prohibit parties from attempting exactly what Plaintiffs are attempting to do here</u>. Rule 701(c) requires that the lay opinion's testimony is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The advisory committee amended Rule 701 specifically "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, Committee Notes on Rules – 2000 Amendment. *See also United States v. Jayyousi*, 657 F.3d 1085, 1102 (11th Cir. 2011). Plaintiffs' do not even lightly veil the fact that they are attempting to proffer an expert in a lay witnesses' clothing, and therefore their alternative theory of admissibility must be denied.

### III.   Attorney Zebrak's Opinions Designating Files as Infringing or Noninfringing Are, In Any Event, Wholly Inadmissible.

Finally, to the extent that the Plaintiffs argue that Attorney Zebrak's "methodology" is not, in reality, "scientific," but rather based on Attoreny Zebrak's "expertise," it is nonetheless inadmissible. The question of whether a work is infringing or non-infringing is either a legal one

---

[2] It should be noted that in every case referenced by Plaintiffs for their assertion that "Rule 701 is frequently invoked to permit law witnesses to testify on a variety of issues based upon their particularized knowledge," each of the referenced lay witnesses were offering testimony based on their first-hand perception of a specific aspect of their job which they had knowledge of prior to the litigation. Opposition, p. 12.

or, at a minimum, one which requires the application of legal conclusions to the facts of the case. In either case, expert opinions concerning such legal conclusions are inadmissible. *See, e.g., United States v. Long,* 300 Fed. Appx. 804, 814 (11th Cir. 2008) ("An expert witness may not testify as to his opinion regarding ultimate legal conclusions."); *Montgomery v. Aetna Cas. & Sur. Co.,* 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness . . . may not testify to the legal implications of conduct; the court must be the jury's only source of law."); United States v. Milton, 555 F.2d 1198, 1203 (5th Cir. 1977); *United States v. Milton,* 555 F.2d 1198, 1203 (5th Cir. 1977) ("[C]ourts must remain vigilant against the admission of legal conclusions."); *Kearney v. Auto-Owners Ins. Co.*, 2009 U.S. Dist. LEXIS 108918 (M.D. Fla. 2009) ("Courts, however, must remain vigilant against the admission of legal conclusions.  This is because an expert may not testify to the legal implications of conduct; the court must be the jury's only source of the law." (internal quotations omitted)).

        Particularly instructive is *Gable v. NBC*, 727 F. Supp. 2d. 815 (C.D. Cal. 2010).  There, the Court considered – and ultimately excluded – the proffered expert testimony of Professor David Nimmer, author of *Nimmer on Copyrights*.  While recognizing that Professor Nimmer "undoubtedly is an expert in the field of copyright law" whose expertise included being "the current author of the preeminent copyright treatise *Nimmer on Copyrights*, which is often cited by appellate courts including the Supreme Court," *Id.* at 833, nevertheless, the Court there excluded Professor Nimmer's report and testimony on two grounds.  First, the Court found that, although Professor Nimmer was an expert on copyright law, such expertise did not render him qualified to opine on the substantial similarity between two literary works (in that case, television shows).  As the Court noted, "It is not enough that the proposed expert have experience in an area of knowledge.  The expertise must be relevant to the determination of the

facts in issue." *Id.* at 833 (*quoting In re Canvas Specialty, Inc.*, 261 B.R. 12, 19 (C.D. Cal 2001)).

The *Gable* court went on to conclude that the remainder of Professor Nimmer's report – in which Professor Nimmer applied relevant Ninth Circuit precedent to the facts of the case and concluded that a triable issue of fact existed – while within Professor Nimmer's area of expertise, was nonetheless inadmissible. *Id.* at 835 ("It is well established that an expert may not state his or her opinion as to legal standards, nor may he or she state legal conclusions drawn by applying the law to the facts." (internal quotation marks and numerous citations omitted)).

For the same reasons articulated in *Gable*, Attorney Zebrak's report and testimony must be excluded here. First, even assuming that Attorney Zebrak is an expert in the area of copyright law, there is no evidence to suggest that he has any particular expertise in making a determination that a particular work is "highly likely infringing" (particularly where such a determination was made, by Attorney Zebrak's own admission, by surfing the web). Additionally, because a determination as to whether a work is infringing is, by definition, a legal conclusion drawn by applying the law to the facts, Attorney Zebrak's report and conclusions are impermissible and must be excluded.

## Conclusion

For the reasons herein and in the Motion, Defendants respectfully request that this Court enter an Order Excluding the Opinion, Testimony and Supporting Exhibits of Scott Zebrak and grant such further relief as it deems just and proper.

**Respectfully submitted:**

/s/ Brady J. Cobb, Esq.

Brady J. Cobb, Esq. (Fla. Bar No. 031018)
Email: bcobb@cemlaw.net
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Tel: 954-527-4111
Fax: 954-900-5507

/s/ Matthew Shayefar, Esq.

Matthew Shayefar, Esq. (*Pro Hac Vice*)
Email: matt@bostonlawgroup.com
Valentin D. Gurvits (*Pro Hac Vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802

/s/ Evan Fray-Witzer, Esq.

Evan Fray-Witzer, Esq. (*Pro Hac Vice*)
Email: Evan@CFWlegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: 617-426-0000
Fax: 617-423-4855

Dated: November 13, 2013

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 13th day of November, 2013.

/s/ Brady J. Cobb

Brady J. Cobb

**SERVICE LIST**

CASE NO: 11-20427-CIV-WILLIAMS

Karen L. Stetson, Esq. (Fla. Bar No. 742937)
Email: Karen.Stetson@gray-robinson.com
GRAY-ROBINSON, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Tel: 305-416-6880
Fax: 305-416-6887

Steven B. Fabrizio, Esq. (*pro hac vice*)
Email: sfabrizio@jenner.com
Luke C. Platzer, Esq. (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo, Esq. (*Pro Hac Vice*)
dhandzo@jenner.com
Kenneth L. Doroshow, Esq. (*Pro Hac Vice*)
kdoroshow@jenner.com
JENNER & BLOCK LLP
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Tel: 202.639.6000
Fax: 202.639.6066

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Email: Karen_Thorland@mpaa.org
Senior Content Protection Counsel
MOTION PICTURE ASSOCIATION OF
AMERICA, INC.
15301 Ventura Boulevard, Building E
Sherman Oaks, California 91403
Tel: 818-935-5812
Fax: 818-285-4403

*Counsel for Plaintiffs*

Brady J. Cobb, Esq. (Fla. Bar No. 031018)
Email: bcobb@cemlaw.net
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Tel: 954-527-4111
Fax: 954-900-5507

Evan Fray-Witzer, Esq. (*Pro Hac Vice*)
Email: Evan@CFWlegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: 617-426-0000
Fax: 617-423-4855

Matthew Shayefar, Esq. (*Pro Hac Vice*)
Email: matt@bostonlawgroup.com
Valentin D. Gurvits (*Pro Hac Vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802

*Counsel for Defendants*