UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**HOTFILE CORPORATION AND ANTON TITOV'S REPLY IN SUPPORT OF
DAUBERT MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF
<u>JENNIFER V. YEH</u>**

*How many legs does a calf have if you call the tail a leg?
Four. Calling a tail a leg doesn't make it a leg.*
       - Abraham Lincoln[1]

---

[1] *Reminiscences of Abraham Lincoln by distinguished men of his time / collected and edited by Allen Thorndike Rice* (1853-1889). New York: Harper & Brothers Publishers, 1909, Page 242.

1

Hotfile Corp. and Anton Titov's (collectively, "Defendants") hereby present this Reply brief in support of their *Daubert* Motion to Exclude the Testimony and Opinions of Jennifer V. Yeh (the "Motion"), and in reply to Plaintiffs' Opposition to the Motion. Subject to and without waiving Defendants' full arguments in the Motion, this Reply is limited to replying to Plaintiffs' arguments in the Opposition that (a) the opinion of Jennifer V. Yeh ("Attorney Yeh") regarding the infringing status of particular files found on the Hotfile status could properly be categorized as lay testimony, and (b) the testimony of Attorney Yeh does nothing more than serve the familiar role of verifying the authenticity of documents, as attorneys sometimes do in connection with dispositive motions. Additionally, Plaintiffs' attempt to classify Attorney Yeh's opinions as Rule 701 lay opinion testimony is contrary to Plaintiffs' own assertions in this case and is, in any case, prohibited by the Rules of Evidence.

## Argument

A. <u>Attorney Yeh's Testimony Is Not Admissible as "Lay" Testimony</u>

Exhibit 29 to Attorney Yeh's declaration in support of Plaintiffs' Motion for Summary Judgment against Defendants included a list of files downloaded from Hotfile which Attorney Yeh, in her own estimation, determined whether such files were "highly likely infringing." DE 324-2, pp. 552-56 (public redacted version). The extent to which Attorney Yeh explained her methodology for arriving at her conclusion is that the classification "was based off a number of factors, including whether the work at issue was being offered for sale, and if the particular URL had been posted on a link site associated with infringing content." Yeh Decl., DE 324-1, ¶ 30 (public redacted version). Attorney Yeh's testimony in this regard clearly does not satisfy any of the factors for expert testimony under Federal Rule of Evidence 702, and Plaintiffs do not even attempt to argue otherwise.

2

However, Plaintiffs suggest that Attorney Yeh's opinions regarding the infringement classification of files can be properly deemed lay witness opinion and permitted pursuant to Rule 701. However, such a classification is not permitted by Rule 701 and is in any case contradicted by Plaintiffs actions with regards to Plaintiffs' putative copyright expert Mr. Scott Zebrak. Plaintiffs engaged Mr. Zebrak as an expert witness at a cost of at least $45,000 to do the very same work which Attorney Yeh so haphazardly opines to in her Exhibit 29. *See* Declaration of Scott Zebrak, DE 301-1, ¶¶ 2-3.[2]

Rule 701 requires that lay opinion testimony satisfy the three requirements that it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." As an initial matter, Attorney Yeh's opinions do not satisfy the first two factors because (a) her opinions are not rationally based on her own perceptions because she has not presented any rational methodology for arriving at her conclusions and (b) given the unreliability of her opinions, they cannot be of any help to the jury.

Most important, however, is the third requirement. In 2000, Rule 701 was amended to add the third requirement to specifically prohibit parties from attempting exactly what Plaintiffs are attempting here. Rule 701(c) requires that the lay opinion's testimony is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The advisory committee amended Rule 701 specifically "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay

---

[2] Though Plaintiffs have recently also proffered Mr. Zebrak's testimony under a lay witness theory (*see* Plaintiffs' Opposition to *Daubert* Motion to Exclude Testimony of Scott Zebrak, DE 603, pp. 11-12), such an argument is simply preposterous and similarly prohibited. *See* Defendants' Reply in Support of *Daubert* Motion to Exclude Testimony of Scott Zebrak.

witness clothing."  Fed. R. Evid. 701, Committee Notes on Rules – 2000 Amendment.  *See also United States v. Jayyousi*, 657 F.3d 1085, 1102 (11th Cir. 2011).

Given that Plaintiffs hired and designated Mr. Zebrak as an expert to give the exact same testimony at issue as Attorney Yeh, it is inexplicable how Plaintiffs can now argue that Attorney Yeh's opinions are not expert opinions under Rule 702, but instead are simply lay testimony.  Plaintiffs' attempt to reclassify Attorney Yeh's testimony as opinion testimony is simply a lightly veiled attempt to proffer expert opinion in lay opinion clothing and should be denied.

B.  <u>Attorney Yeh Cannot Be Permitted To Testify As To Facts or Legal Conclusions</u>

Plaintiffs first argue that Attorney Yeh should be permitted to testify as to the authenticity of printouts from various websites, including websites showing the anonymous comments posted by those sites' visitors.  Attorney Yeh has no firsthand knowledge of the websites (other than having visited them on the web), or the comments made by the posters, yet the Plaintiffs hope to offer such sites for the truth of the matter asserted on such sites.  Whether as an expert or lay witness, Attorney Yeh has no basis for authenticating such documents.

Additionally, to the extent that the Plaintiffs hope to offer Attorney Yeh's assessment of whether certain files were infringing of the Plaintiffs' copyrights (something, which, as is discussed above, the Plaintiffs claim to be within the purview of their expert, when he offers similar opinions), allowing Attorney Yeh – who was a member of the Plaintiffs' trial team when she made her assessments and created the exhibits Plaintiffs seek to offer into evidence through her – to testify on the Plaintiffs' behalf would create an ethical conflict.  *See, e.g., United States v. Birdman,* 602 F.2d 547, 551 (3d Cir. 1979) ("The professional impropriety of assuming a dual role as advocate and witness has long been acknowledged by both the English and the American bars.  The ABA Code of Professional Responsibility states as an 'ethical consideration:' 'The

4

roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." (*citing* American Bar Association, Code of Professional Responsibility EC 5-9 (1978))). And, while it is true that Attorney Yeh is no longer employed by Jenner Block, the Plaintiffs' trial firm, it is equally true that, at the time Attorney Yeh formed her opinions, she was employed to advance the cause of the plaintiffs, not make an objective determination of fact.

### Conclusion

For the reasons herein and in the Motion, Defendants respectfully request that this Court enter an Order Excluding the Opinion, Testimony and Supporting Exhibits of Jennifer Yeh, Esquire, including, without limitation, striking Exhibit 29 from her testimony (or at the very least, the "Classification" column of that Exhibit), and granting such further relief as it deems just and proper.

**Respectfully submitted:**

/s/ Brady J. Cobb, Esq.
Brady J. Cobb, Esq. (Fla. Bar No. 031018)
Email: bcobb@cemlaw.net
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Tel: 954-527-4111
Fax: 954-900-5507

/s/ Matthew Shayefar, Esq.
Matthew Shayefar, Esq. (*Pro Hac Vice*)
Email: matt@bostonlawgroup.com
Valentin D. Gurvits (*Pro Hac Vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802

/s/ Evan Fray-Witzer, Esq.
Evan Fray-Witzer, Esq. (*Pro Hac Vice*)
Email: Evan@CFWlegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: 617-426-0000
Fax: 617-423-4855

Dated: November 13, 2013

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 13th day of November, 2013.

/s/ Brady J. Cobb
Brady J. Cobb

**SERVICE LIST**

CASE NO: 11-20427-CIV-WILLIAMS

Karen L. Stetson, Esq. (Fla. Bar No. 742937)
Email: Karen.Stetson@gray-robinson.com
GRAY-ROBINSON, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Tel: 305-416-6880
Fax: 305-416-6887

Steven B. Fabrizio, Esq. (*pro hac vice*)
Email: sfabrizio@jenner.com
Luke C. Platzer, Esq. (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo, Esq. (*Pro Hac Vice*)
dhandzo@jenner.com
Kenneth L. Doroshow, Esq. (*Pro Hac Vice*)
kdoroshow@jenner.com
JENNER & BLOCK LLP
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Tel: 202.639.6000
Fax: 202.639.6066

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Email: Karen_Thorland@mpaa.org
Senior Content Protection Counsel
MOTION PICTURE ASSOCIATION OF
AMERICA, INC.
15301 Ventura Boulevard, Building E
Sherman Oaks, California 91403
Tel: 818-935-5812
Fax: 818-285-4403

*Counsel for Plaintiffs*

Brady J. Cobb, Esq. (Fla. Bar No. 031018)
Email: bcobb@cemlaw.net
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Tel: 954-527-4111
Fax: 954-900-5507

Evan Fray-Witzer, Esq. (*Pro Hac Vice*)
Email: Evan@CFWlegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: 617-426-0000
Fax: 617-423-4855

Matthew Shayefar, Esq. (*Pro Hac Vice*)
Email: matt@bostonlawgroup.com
Valentin D. Gurvits (*Pro Hac Vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802

*Counsel for Defendants*