UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DEFENDANTS' OPPOSITION TO WARNER BROS. ENTERTAINMENT INC.'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WARNER'S AUGUST 2011
AUDITS OF ITS ANTI-PIRACY SYSTEM
<u>FOR THE PURPOSE OF SHOWING WARNER'S CULPABILITY</u>**

**[HIGHLY CONFIDENTIAL]**

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

# REDACTED – PUBLIC VERSION

1

After defendant Hotfile Corp. ("Hotfile") filed its counterclaims in this action, alleging that Warner Brothers Entertainment, Inc. ("Warner") was misusing the Special Rightsholder's Account ("SRA") that Hotfile had granted to it so that Warner might automatically remove files from the Hotfile system which infringed on Warner's copyrights by taking down materials to which it had no rights or interests, Warner conducted two audits of its automated takedown systems to determine why the automated systems were regularly flagging and removing materials to which Warner had no claim. Warner now seeks to preclude Hotfile from offering into evidence in support of its counterclaims certain exhibits – primarily emails – in which Warner discussed, among other things, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Preliminarily, it should be noted that Hotfile has proffered legitimate reasons why such exhibits are relevant to their defenses of the Plaintiffs' damages claims. For example, the difficulties Warner experienced in properly identifying allegedly infringing files is relevant to the question of what Hotfile could or should have been doing to deter infringement allegedly occurring on its system. Warner's motion is specifically *not* directed at the Defendants' assertions that these exhibits are properly admissible for this purpose.

Instead, Warner's argument is limited to asking the Court to preclude the use of such exhibits in connection with Hotfile's counterclaims. According to Warner, information concerning the audits is irrelevant to Hotfile's claims under §512(f) because the relevant question is what Warner knew at the time it sent the improper takedown notices. In so arguing, however, Warner is only half correct. While it is indeed true that the relevant inquiry for the counterclaims focuses on Warner's knowledge at the time the takedown notices were issued, the inquiry is not nearly as narrow as Warner would have the Court believe.

For the purposes of §512(f), "a party is liable if it 'knowingly' and 'materially' misrepresents that copyright infringement has occurred. 'Knowingly' means that a party actually knew, should have known if it acted with reasonable care or diligence, or would have had no substantial doubt had it been acting in good faith, that it was making misrepresentations." *Online Policy Group v. Diebold, Inc.,* 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004). *See also Ground Zero Museum Workshop v. Wilson,* 813 F. Supp. 2d 678, 704 (D. Md. 2011) ("There is not a great deal of case law interpreting this provision of DMCA, but district court cases that have addressed the provision offered additional gloss on the meaning of the terms 'knowing' and 'material misrepresentation' as used in § 512(f). 'Knowingly' has been interpreted to mean 'that a party actually knew, should have known if it acted with reasonable care or diligence, or would have had no substantial doubt had it been acting in good faith, that it was making misrepresentations'"). Because the information adduced at during Warner's audits – and the exhibits related to those audits – demonstrate rather persuasively what Warner would have known had it acted with reasonable care or diligence – the exhibits are directly relevant to the questions to be submitted to the jury.

Additionally, it can hardly be said that Warner had a good faith belief that it was entitled to take down the files at issue in the counterclaim where it failed to first engage in the relevant inquiry necessary to determine if it even owned the files which it claimed to have owned. *See, e.g.*, *Ouellette v. Viacom Int'l, Inc.*, 2012 U.S. Dist. LEXIS 68109, *5 (D. Mont. Apr. 25, 2012) ("To protect internet users from over-protective copyright enforcement by copyright owners, the Act requires a copyright owner's 'takedown' notice to include a statement, made under the penalty of perjury, that it 'has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.'").

3

In *Ouellette,* the plaintiff argued that defendant Viacom had utilized automated scanning software to identify allegedly infringing materials, despite the fact that "history establishes that it [Viacom] uses its software to abuse the takedown process, a form of 'internet bullying.'" The problem there, according to the *Ouellette* Court was not with the plaintiff's argument that the use of automated scanning software failed to meet the "good faith" test required under the DMCA, but rather that the Plaintiff had failed to argue that Viacom acted improperly in *his* case. In other words, although Ouellette had argued that Viacom was aware that its software historically produced false positives, he failed to allege that the software had produced false positive his case. Such is not the case here, where Hotfile intends to demonstrate at trial that Warner's improper reliance on ▓▓▓▓ which Warner knew (as that term has been defined by the Courts) ▓▓▓▓ resulted in some or all of the improper takedowns at issue in the counterclaims.

The exhibits which Warner seeks to preclude demonstrate, among other things, that once Warner took those steps which were necessary to suggest that Warner was acting with "reasonable care and diligence" it quickly learned that it was issuing takedown notices in violation of §512(f). Although it is true that such knowledge is not imputed retroactively, it is equally true that Warner should have known, had it exercised reasonable care and diligence, that it was making material misrepresentations under §512(f).

## Conclusion

Because the evidence concerning the audits demonstrates what Warner would have known had it exercised reasonable care and diligence," it should be admitted for all purposes at trial and Warner's Motion should be denied.

4

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ BRADY J. COBB
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via email on all counsel or parties of record on the attached service list this 6th day of November, 2013.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST:

CASE NO: 11-20427-CIV-WILLIAMS

*Counsel for Plaintiffs:*

JENNER & BLOCK LLP
Steven B. Fabrizio (*Pro Hac Vice*)
sfabrizio@jenner.com
Luke C. Platzer (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo (*Pro Hac Vice*)
dhandzo@jenner.com
Kenneth L. Doroshow (*Pro Hac Vice*)
kdoroshow@jenner.com
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone: 202.639.6000
Fax: 202.639.6066

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Senior Content Protection Counsel
Email: Karen_Thorland@mpaa.org
Motion Picture Association of America, Inc.
15301 Ventura Boulevard, Building E
Sherman Oaks, CA  91403-5885
Phone: 818.935.5812

GRAY-ROBINSON, P.A.
Karen L. Stetson
karen.stetson@gray-robinson.com
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
Phone: 305.416.6880
Fax: 305.416.6887

*Counsel for Defendants:*

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201