UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**HOTFILE CORP. AND ANTON TITOV'S MOTION TO DECLARE JAMES BOYLE AS AN UNAVAILABLE WITNESS AND TO HAVE THE EXPERT REPORT AND DEPOSITION TESTIMONY OF PROFESSOR JAMES BOYLE <u>PRESENTED AT TRIAL</u>**

Defendants Hotfile Corp. and Anton Titov (hereinafter, the "Defendants"), have recently been informed by one of their expert witnesses, Professor James Boyle ("Professor Boyle") that he will not and, and indeed refuses, to appear at trial to testify. Despite the Defendants' repeated efforts to persuade Professor Boyle to reconsider this decision, he has stated that he will not.

1

Accordingly, the Defendants respectfully request that this Honorable Court declare Professor Boyle to be an unavailable witness pursuant to FRE 804(a)(5) and permit Professor Boyle's expert reports and deposition testimony be admitted at trial in accordance with FRE 804(b) and FRCP 32. In support of this motion, the Defendants state as follows:

## I.     Introduction

Professor James Boyle is a Professor of Law at Duke University in North Carolina, where he also resides. Professor Boyle was retained on behalf of Defendants to provide important expert reports and testimony regarding: (a) the substantial legitimate uses of the Hotfile system and (b) to rebut the testimonies of the Plaintiffs' proffered expert witnesses, Dr. Richard Waterman and Attorney Scott Zebrak. Professor Boyle and his expert reports were subject to extensive deposition questioning by Plaintiffs' counsel on two separate occasions, on December 21, 2011 and January 19, 2012. It cannot be disputed that Professor Boyle's testimony is material to this case.

Professor Boyle has refused to testify at the trial in this action scheduled to start on December 9, 2013. After Defendants' current counsel was engaged as successor counsel, Professor Boyle made it clear that he is unwilling to appear at trial given, among other things, the numerous changes in the trial date (see, e.g., DE 133, 447, 492, 499, 522 (each setting a different trial date)) and his unavailability the week of December 9, 2013 due to a conference in Europe. *See* Declaration of Evan Fray-Witzer in Support of Defendants' Motion to Declare Professor James Boyle Unavailable to Testify at Trial, attached hereto as <u>Exhibit A</u>, ¶ 4 [hereinafter "Fray-Witzer Decl."]. Defendants' predecessor counsel has spent extended amounts of time on telephone calls with Professor Boyle in an attempt to persuade him to appear at trial. *See* Declaration of Deepak Gupta in Support of Defendants' Motion to Declare Professor James

Boyle Unavailable to Testify at Trial, attached hereto as Exhibit B, ¶ 4 [hereinafter "Gupta Decl."].

In addition, on or about October 31, 2013, Attorney Evan Fray-Witzer, current counsel for Defendants, travelled to Professor's Boyle's office in North Carolina in order to meet with Professor Boyle in a further attempt to convince him to appear at trial. *See* Fray-Witzer Decl., ¶ 7. Mr. Fray-Witzer spent as much time trying to persuade Professor Boyle as Professor Boyle would allow, but Professor Boyle refused to change his mind. *Id.* at ¶ 8. Professor Boyle stated in no uncertain terms that there was nothing Defendants or their counsel could do that would compel him to appear and testify at trial. *Id.*. Defendants' counsel continued to try to find other ways to accommodate Professor Boyle's travel schedule, but when counsel even attempted to approach Professor Boyle, he indicated that he was not even willing to discuss the matter any further. *Id.* at ¶ 9.

On the basis of Professor Boyle's unavailability to testify at trial, Defendants respectfully request that the Court allow Professor Boyle's expert reports and former testimony to be presented at trial.

## II.     Argument

### A.     Professor Boyle is an "Unavailable" Witness Pursuant to FRE 804(a)(5)

Rule 804(a)(5) of the Federal Rules of Evidence considers a witness unavailable, and therefore his testimony admissible pursuant to Rule 804(b)(1), if the witness "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance."

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants are unable to procure Professor Boyle's attendance at trial by means of process. Rule 45(b)(2) allows a

subpoena from this court to be served only: (a) within the district of this Court, (b) within 100 miles of the courthouse where the trial is to take place, (c) within the state if the rules of the state allow such service, or (d) upon the court's authorization for good cause and where federal statute allows.  Given that Professor Boyle resides in North Carolina, which is outside of the state of Florida and outside of 100 miles of the courthouse, Professor Boyle cannot be served with a trial subpoena pursuant to Rule 45(b)(2)(a)-(c).  There is also no statute available to Defendants under which Defendants may serve process on Professor Boyle pursuant to Rule 45(b)(2)(d).

"The Eleventh Circuit has held that 'under FRE 804 [proponent] must show appropriate diligence' in attempting to serve the witness." *In re Warmus*, 276 B.R. 688, 695 (S.D. Fla. 2002) (quoting *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1217 (11th Cir.1993)).  Given that the Rules of Federal Procedure do not allow for service of process in this situation, Defendants have satisfied the requirement of appropriate diligence in attempting to serve Professor Boyle.

Therefore, Defendants must only show then that Defendants have used reasonable means in an effort to procure Professor Boyle's attendance at trial.  Defendants have gone to great lengths to procure Professor Boyle's attendance, but Professor Boyle has steadfastly refused to appear.

Defendants' predecessor counsel spent extended amounts of time on telephone calls and emails with Professor Boyle in an attempt to persuade him to appear at trial.  *See* Gupta Decl., ¶ 4.  On or about October 31, 2013, Attorney Evan Fray-Witzer, current counsel for Defendants, travelled to Professor's Boyle's office in North Carolina in order to meet with Dr. Boyle in a further attempt to convince Professor Boyle to appear at trial.  *See* Fray-Witzer Decl., ¶ 7.  Mr. Fray-Witzer spent as much time trying to persuade Professor Boyle as Professor Boyle would allow, but Professor Boyle refused to change his mind.  *Id.* at ¶ 8.  Professor Boyle stated in no

4

uncertain terms that there was nothing Defendants or their counsel could do that would compel him to appear and testify at trial. *Id*. Defendants' counsel continued to try to find other ways to accommodate Professor Boyle's travel schedule, but when counsel even attempted to approach Professor Boyle, he indicated that he was not even willing to discuss the matter any further. *Id.* at ¶ 9.

Defendants have therefore made a good faith and reasonable attempt at procuring Professor Boyle's attendance at trial, and therefore he should be deemed unavailable pursuant to Rule 804(a). *See*, *e.g.*, *U.S. v. Samaniego*, 345 F.3d 1280, 1283-84 (11th Cir. 2003) ("Using the efforts of Iglesias's sister and mother, as Duran did, is a reasonable means of attempting to locate Iglesias in Panama and persuade him to travel to the United States to testify. It follows that Duran did establish Iglesias was unavailable to testify under Rule 804(a)(5) . . . ."). Moreover, given the circumstances of the case, it is clear that Defendants have not "procured or wrongfully caused" Professor Boyle's unavailability.[1] *See* FRE 804(a); Fray-Witzer Decl., ¶ 11; Gupta Decl., ¶ 5. Professor Boyle's is an important part of Defendants' case and it would be counter-productive to Defendants' case for Defendants to prevent Professor Boyle from attending or testifying.

### B. Professor Boyle's Former Testimony and Expert Reports Should be Admitted at Trial Pursuant to FRE 804(b)(1).

Federal Rule of Evidence Rule 804(b)(1) states that certain testimony is not excluded by the rule against hearsay if the testimony "(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Professor Boyle's statements at his depositions on December

---

[1] Indeed, given Professor Boyle's importance to the Defendants, it would have been absurd for them to attempt to render him unavailable at trial.

5

21, 2011 and January 19, 2012 uncontestably satisfy these requirements of FRE 804(b)(1). Professor Boyle's statements were at lawful depositions as part of this current proceeding and those depositions were both called by and taken by the Plaintiffs to this action, who had the same opportunity and motive to question Professor Boyle at the deposition as they would at trial.

Moreover, Professor Boyle's original Expert Report of November 18, 2011 (public redacted version filed as Exhibit 1 to D.E. 391-1), his Rebuttal Report of January 6, 2012 (public redacted version filed as Exhibit 2 to D.E. 391-1) and his Declaration of March 6, 2012 in support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment (public redacted version filed as D.E. 391-1, hereinafter "Declaration") should also be admitted pursuant to FRE 804(b)(1). Both of the Reports were subject to extensive questioning by Plaintiffs in the two depositions (the depositions having been called for the explicit purpose of questioning Professor Boyle on the reports) and were exhibits at the depositions. In his sworn Declaration, Professor Boyle affirmed, under the penalty of perjury, that his statements in his Expert Report and Rebuttal Report were true and correct. *See* Declaration, ¶¶ 6, 10. Therefore, given that Professor Boyle's testimony in the two reports were sworn to under the pains and penalties of perjury, were prepared in the course of the current litigation and were the subject of intense questioning by the Plaintiffs, Professor Boyle's testimony in the two reports and the Declaration regarding those two reports, should be admitted at trial in conjunction with his deposition testimony pursuant to FRE 804(b)(1).

### C.     Professor Boyle's Former Testimony and Expert Reports Should be Admitted at Trial Pursuant to FRCP 32(a).

In addition to the above, Federal Rule of Civil Procedure 32(a)(4)(B) allows for the use of a witness's deposition "for any purpose" where "that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's

6

absence was procured by the party offering the deposition." Similar to FRE 804(b)(1), FRCP 32(a)(1) requires that the party the deposition is being proffered against be "present or represented at the taking of the deposition or had reasonable notice of it" and that the deposition be used only to the extent that it would be admissible under the Rules of Evidence if the deponent was present and testifying at trial.

As detailed above, Professor Boyle is far more than 100 miles away from the courthouse and his absence was not procured by Defendants, satisfying the requirement of FRCP 32(a)(4)(B). Moreover, it is clear that Plaintiffs were present at the depositions of Professor Boyle, satisfying the requirement of FRCP 32(a)(1)(A). Finally, Professor Boyle's testimony will only be used to the extent allowed pursuant to the Federal Rules of Evidence, which as shown above, permits the introduction of his testimony and reports, therefore satisfying FRCP 32(a)(1)(B). On the basis of the foregoing, Professor Boyle's deposition testimony is admissible at trial given his unavailability. And for the same reasons as described above, Professor Boyle's reports and declaration should also be admitted. *See*, *e.g.*, *F.T.C. v. Neovi, Inc.*, 06-CV-1952 JLS JMA, 2012 WL 2859987 at *5-6 (S.D. Cal. July 11, 2012) (admitting depositions and deposition exhibits at trial pursuant to FRCP 32(a)(4)).

### III.     Conclusion

On the basis of the foregoing, Defendants respectfully request that this Honorable Court declare Professor Boyle to be an unavailable witness pursuant to FRE 804(a)(5) and permit Professor Boyle's expert reports and deposition testimony be admitted at trial in accordance with FRE 804(b) and FRCP 32.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that prior to filing this Motion, counsel for Defendants, Evan Fray-Witzer, Esq., conferred with counsel for Plaintiffs, Kenneth L. Doroshow, Esq., in a good faith effort to resolve this motion by agreement, but was unable to do so.

/s/ Evan Fray-Witzer
Evan Fray-Witzer

**Respectfully submitted:**

/s/ Brady J. Cobb, Esq.
Brady J. Cobb, Esq. (Fla. Bar No. 031018)
Email: bcobb@cemlaw.net
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Tel: 954-527-4111
Fax: 954-900-5507

/s/ Matthew Shayefar, Esq.
Matthew Shayefar, Esq. (*Pro Hac Vice*)
Email: matt@bostonlawgroup.com
Valentin D. Gurvits (*Pro Hac Vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802

/s/ Evan Fray-Witzer, Esq.
Evan Fray-Witzer, Esq. (*Pro Hac Vice*)
Email: Evan@CFWlegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: 617-426-0000
Fax: 617-423-4855

Dated: November 19, 2013

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 19th day of November, 2013.

/s/ Brady J. Cobb
Brady J. Cobb

**SERVICE LIST**

CASE NO: 11-20427-CIV-WILLIAMS

Karen L. Stetson, Esq. (Fla. Bar No. 742937)
Email: Karen.Stetson@gray-robinson.com
GRAY-ROBINSON, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Tel: 305-416-6880
Fax: 305-416-6887

Steven B. Fabrizio, Esq. (*pro hac vice*)
Email: sfabrizio@jenner.com
Luke C. Platzer, Esq. (*Pro Hac Vice*)
lplatzer@jenner.com
David A. Handzo, Esq. (*Pro Hac Vice*)
dhandzo@jenner.com
Kenneth L. Doroshow, Esq. (*Pro Hac Vice*)
kdoroshow@jenner.com
JENNER & BLOCK LLP
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
Tel: 202.639.6000
Fax: 202.639.6066

Karen R. Thorland, Esq. (*Pro Hac Vice*)
Email: Karen_Thorland@mpaa.org
Senior Content Protection Counsel
MOTION PICTURE ASSOCIATION OF
AMERICA, INC.
15301 Ventura Boulevard, Building E
Sherman Oaks, California 91403
Tel: 818-935-5812
Fax: 818-285-4403

*Counsel for Plaintiffs*

Brady J. Cobb, Esq. (Fla. Bar No. 031018)
Email: bcobb@cemlaw.net
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Tel: 954-527-4111
Fax: 954-900-5507

Evan Fray-Witzer, Esq. (*Pro Hac Vice*)
Email: Evan@CFWlegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: 617-426-0000
Fax: 617-423-4855

Matthew Shayefar, Esq. (*Pro Hac Vice*)
Email: matt@bostonlawgroup.com
Valentin D. Gurvits (*Pro Hac Vice*)
Email: vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802

*Counsel for Defendants*