UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DECLARATION OF EVAN FRAY-WITZER IN SUPPORT OF DEFENDANTS'
MOTION TO DECLARE PROFESSOR JAMES BOYLE UNAVAILABLE
TO TESTIFY AT TRIAL**

Evan Fray-Witzer, being duly sworn, does hereby affirm and attest as follows:

1.  My name is Evan Fray-Witzer. I am counsel to the Defendants in this action, admitted *pro hac vice* by this Court for the purposes of this matter. I am admitted to the bar, and am a member in good standing in the Commonwealth of Massachusetts, the State of New Hampshire, the Federal District Court of Massachusetts, the Federal District Court of New

Hampshire, the First Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the United States Supreme Court.  Unless otherwise stated, I make this declaration of my own personal knowledge.

2.	In October 2013, I was first retained, along with Val Gurvits and Matthew Shayefar of the Boston Law Group (collectively, "successor counsel"), to serve as trial counsel to the Defendants in this action.

3.	In late October, after being admitted *pro hac vice* by this Court, successor counsel began contacting the Defendants' expert witnesses both to inform them of the change in counsel and to begin to coordinate their trial testimony.

4.	After being contacted by Attorney Shayefar by email, Professor James Boyle – who lives and works in North Carolina – first began expressing his reluctance to testify at trial, citing primarily a speaking engagement in Amsterdam and related travel which conflicted with the rescheduled trial dates.  This was the first that successor counsel had heard of any conflict in Professor Boyle's schedule or any reluctance on his part to appear and testify at trial.

5.	Successor counsel immediately contacted predecessor counsel (who had worked with Professor Boyle through all earlier stages of the litigation) to express concern over Professor Boyle's email and to ask for their assistance in securing Professor Boyle's presence at trial.

6.	Predecessor counsel contacted Professor Boyle directly and spent considerable time on the telephone with him in an attempt to persuade Professor Boyle to appear in Florida to testify in the present matter.  Following this conversation, Professor Boyle agreed to consider predecessor counsel's arguments.  The next day, however, Professor Boyle informed predecessor counsel that he had decided he would not attend the trial and that his decision was final.

7.   Despite Professor Boyle's declaration that his decision was final, the undersigned wrote to him to ask for an in-person meeting in another attempt to persuade Professor Boyle to testify at trial.  Professor Boyle agreed to this meeting and, on October 31, 2013, I met with Professor Boyle at his office at Duke University School of Law.

8.   I spent approximately one hour with Professor Boyle attempting to convince him to change his mind and appear at trial.  At the conclusion of this meeting, Professor Boyle again reiterated his decision that he would not testify and that his decision was final.

9.   Approximately one week later, I emailed Professor Boyle in a last attempt to persuade him to reconsider his decision.  Professor Boyle refused my request for an additional phone conference and asked that he not be contacted any more concerning this case.

10.   Given that Professor Boyle lives and works more than 100 miles from the courthouse where this case will be tried, I am unaware of any way in which he could be compelled to testify at trial against his will.  It is also my understanding that the vast majority of case law on the subject indicates that, in general, an expert cannot be compelled to provide expert testimony against his will even if he resides within the court's subpoena power.

11.   Professor Boyle's unavailability was in no way procured by the Defendants and, to the contrary, defendants have taken every step possible to secure his presence at trial.

Signed under the pains and penalties of perjury this 19th day of November, 2013.

_____
Evan Fray-Witzer