UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.

_____/

## ORDER ADOPTING STIPULATION AND
## ENTERING JUDGMENT AND PERMANENT INJUNCTION

The Court has reviewed the foregoing Stipulation and [Proposed] Judgment and Permanent Injunction of the parties and hereby approves and adopts it as the Order of the Court, and enters it as the Judgment and Permanent Injunction against Defendants.

Done and Ordered at Miami, Florida this 3rd day of December, 2013.

Kathleen M. Williams
United States District Judge

cc: Counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

Plaintiffs,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

Defendants.
_____/

# STIPULATION AND [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studio Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc., and Paramount Pictures Corporation (collectively, "Plaintiffs"); and Defendants Hotfile Corp. and Anton Titov (collectively "Defendants"), by and through their undersigned counsel, hereby stipulate to the entry of Judgment and a Permanent Injunction in favor of the Plaintiffs according to the following terms.

1. For the purposes of this Judgment and Permanent Injunction, the following definitions shall apply:

    a. The "Hotfile System" shall mean the website hotfile.com and the service accessible through that website, as they existed at the commencement of this action and at the time the Court issued its summary judgment decision, and shall further include any servers, software and electronic data that make up or support such website and service.

    b. The "Copyrighted Works" shall mean any and all copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its

parents, subsidiaries, or affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106).

2. The Complaint in this action shall be deemed amended *nunc pro tunc* from the commencement of this action to include Paramount Pictures Corporation as a Plaintiff.

3. Defendants acknowledge that each of them been properly and validly served with the Summons and Complaint in this action.

4. Judgment shall be entered against the Defendants and in favor of Plaintiffs on Plaintiffs' claim of vicarious copyright infringement, and damages shall be awarded to Plaintiffs in the amount of US$80,000,000.

5. Defendant Hotfile Corp.'s Counterclaim against Warner Bros. Entertainment Inc. shall be dismissed in its entirety with prejudice.

6. Defendants, and each of them, and including their respective officers, agents, servants, employees, and attorneys, and such other persons who are in active concert or participation with any of the foregoing:

   a. Shall be permanently restrained and enjoined from infringing, by any means, directly or indirectly, any exclusive rights under the Copyright Act in the Copyrighted Works.

   b. Without limiting the generality of the foregoing, within twenty (20) days from the date of this Order, shall cease all operation of the Hotfile System and shutdown the Hotfile System entirely, unless and until Defendants have incorporated into the Hotfile System state-of-the-art content identification and filtering technology, from reliable third party technology providers, that prevents infringement of the Copyrighted Works to the greatest extent allowable by available technology. Such content identification and filtering technology shall be based on digital fingerprinting technology unless and until a different technology has been proven to be more effective at preventing infringement of the Copyrighted Works. Defendants shall fully cooperate with Plaintiffs to improve the filtering currently deployed in the Hotfile System to ensure that the filtering technology is implemented and operated to achieve maximum effectiveness in preventing infringement of the Copyrighted Works.

  c. Shall be further enjoined from operating any website, system or software that is substantially similar to the Hotfile System unless and until Defendants incorporate into such website, system or software state-of-the-art content identification and filtering technology as provided above.

  d. Shall be permanently enjoined and restrained from directly or indirectly releasing publicly, distributing, transferring, or giving away, for consideration or otherwise, any source code, object code, other technology, domain names, trademarks, brands, assets, or goodwill in any way related to the Hotfile System, except in compliance with paragraph 8 below.

  7. This Permanent Injunction shall not apply to any uses of the Copyrighted Works for which a Defendant has obtained a written license from the appropriate entity that owns or controls the rights to such work, for the use of the work at issue, to the extent the license remains in force and valid.

  8. If any Defendants sell, lease, license, convey, give away, or otherwise transfer or assign, any part of the source code, object code, other technology (excluding generic hardware, e.g., computer servers), domain names, trademarks, brands, assets, or goodwill in any way related to the Hotfile System, or otherwise cause or allow to occur a change of control of the business, operations, equity, or assets of Hotfile Corp., (collectively, a "Transfer"), they will require, as a condition of any such Transfer, that each purchaser, lessee, or other transferee or assignee (collectively, a "Transferee") (a) submit to this Court's jurisdiction and venue and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient, (b) agree to be bound by the injunctive terms herein, and (c) apply to the Court for an order adding them as a party to the permanent injunction entered by the Court against the Defendants. The Defendants shall not permit any Transfer to close unless and until the Court has entered such an order as to the Transferee. Defendants further shall not engage in a Transfer with or to any person whom Defendant knows to be engaged in, or intending to be engaged in, conduct that would violate the terms of Paragraph 6 above.

  9. The Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction, and notice and service of the entered Judgment and Permanent Injunction, and understand and agree that violation of the Judgment and Permanent Injunction will expose the Defendants to all penalties provided by law, including for contempt of Court.

10. The Defendants agree forthwith to give notice of this Judgment and Permanent Injunction to each of their officers, directors, agents, servants, employees, assigns, partners, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, licensees, and all those acting in concert or participation with each or any of them.

11. The Defendants consent to continuing jurisdiction of the Court for purposes of enforcement of the Judgment and Permanent Injunction, and irrevocably and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the final Judgment and Permanent Injunction.

12. For the purposes of clarity, as the Court has held that it has personal jurisdiction over Defendants and has concluded that the conduct of the Defendants amounts to vicarious infringement of the Copyrighted Works in the United States under the copyright laws of the United States, this Permanent Injunction enjoins the conduct of Defendants wherever they may be found, including, without limitation, outside of the United States.

13. The Defendants irrevocably and fully waive any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

14. Nothing contained in the Judgment and Permanent Injunction shall limit the right of any Plaintiff to recover damages for any and all infringements by the Defendants of any Copyrighted Works occurring after the date the Defendants execute this Stipulation and [Proposed] Judgment and Permanent Injunction.

15. The Defendants acknowledge that they have read this Stipulation and [Proposed] Judgment and Permanent Injunction and have had it explained by counsel of their choosing, and fully understand it and agree to be bound thereby, and will not deny the truth or accuracy of any term or provision herein.

16. The Plaintiffs shall not be required to post any bond or security, and the Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.

17. The undersigned counsel represent that they have been authorized to execute this Stipulation and [Proposed] Judgment and Permanent Injunction on behalf of their respective clients as set forth below.

DATED: December 2, 2013

*[signature]*

Steven B. Fabrizio (*Pro Hac Vice*)
JENNER & BLOCK LLP
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: 202-639-6000
Facsimile: 202-639-6066

JENNER & BLOCK LLP
David A. Handzo (*Pro Hac Vice*)
Luke C. Platzer (*Pro Hac Vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Telephone: 202-639-6000
Facsimile: 202-639-6066

GRAY-ROBINSON, P.A.
Karen L. Stetson, Florida Bar No. 742937
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: 305-416-6880
Facsimile: 305-416-6887

MOTION PICTURE ASSOCIATION
   OF AMERICA, INC.
Karen R. Thorland (*Pro Hac Vice*)
15301 Ventura Blvd.
Building E
Sherman Oaks, CA 91403
Phone: 818-995-6600
Fax: 818-285-4403

*Counsel for Plaintiffs*

Respectfully submitted,

*[signature]*

Valentin Gurvits (*Pro Hac Vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804
Facsimile: 617-928-1802

CIAMPA | FRAY-WITZER, LLP
Evan Fray-Witzer
Thomas M. Ciampa
20 Park Plaza, Suite 804
Boston, MA 02116
Phone: 617-426-0000
Facsimile: 617-423-4855

COBB EDDY MIJARES PLLC
Brady J. Cobb
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111
Facsimile: 954-900-5507

*Counsel for Defendants*