UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DECLARATION OF DAVID KAPLAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THE ELECTRONIC FRONTIER FOUNDATION'S MOTION TO UNSEAL DOCUMENTS RELATING TO SUMMARY JUDGMENT ON HOTFILE'S COUNTERCLAIM**

**[PUBLIC REDACTED VERSION]**

I, DAVID KAPLAN, declare as follows:

1. I hold the position of Senior Vice President, Intellectual Property Counsel, Worldwide Antipiracy Operations at Warner Bros. Entertainment Inc. ("Warner"). In that capacity, I oversee Warner's antipiracy efforts worldwide for audiovisual product, including with respect to so-called "locker" and "link" sites, including Hotfile. I make this declaration in support of Plaintiffs' Opposition to the Electronic Frontier Foundation's Motion to Unseal Documents Relating to Summary Judgment on Hotfile's Counterclaim. I have personal knowledge of all of the matters described herein.

### The Evolution of Warner's Locker Site Enforcement System

2. I have explained and described the basic nature and structure of Warner's copyright enforcement system in a prior declaration filed in this litigation. *See* Declaration of David Kaplan in Support of Warner Bros. Entertainment's Motion for Summary Judgment (filed under seal), dated February 8, 2012, ¶¶ 2-13.

3. My prior declaration described certain methods that Warner uses to search link and locker sites for content that infringes Warner's copyrights. These methods were discussed in the parties' briefs on motions for summary judgment in this case and remain in place today. They include:

   a. ███████████████████████████████████
      ███████████████████████████████████
      ███████████████████████████████████
      █████████████

   b. ███████████████████████████████████
      ███████████████████████████████████
      █████████████████████████

   c. ███████████████████████████████████
      ███████████████████████████████████
      ███████████████████████████████████
      ███████████████████████████████████
      ███████████████████████████████████
      ███████████████████████████████████
      ████████████████

2

d.  Because many link sites enable searching by content type (such as movies, music, games, software, etc.), Warner's system also takes advantage of this additional information whenever available. ███████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████

e.  ███████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████

4.  Although some of the ███████████████████████████████ have evolved, the basic structure of ████████████ and of Warner's antipiracy enforcement system has remained constant since before Warner filed for summary judgment on Hotfile's counterclaim. In particular, some of the searches Warner used to identify content that infringes its copyright are still employed by Warner. Similarly, although Warner has added to ████████████████████████████████████████ it continues to employ ████████████████ that Hotfile attached to its brief in opposition to Warner's motion for summary judgment. *See* Declaration of Roderick Thompson in Support of Defendants' Opposition to Plaintiff Warner Bros. Motion for Summary Judgment (filed under seal), dated February 27, 2012, Ex. 15.

5.  If putative infringers were to gain access to the confidential information regarding Warner's copyright enforcement system revealed at the summary judgment stage of this litigation, Warner would be significantly prejudiced because such information would give pirates multiple routes for evading detection and copyright enforcement. For example, ████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
Similarly, if the infringer learned ████████████████████████████████████
███████████████████████████████████████████████████████

3

███████████████████████████████████████████████████
████████████████████████████ If an infringer were to gain access to ████████████
████ that Hotfile attached to its summary judgment filing, he or she could evade detection by
███████████████████████████████████████████████████
████████████████████████████

### Criminal Copyright Enforcement

6. One of the purposes of Warner's antipiracy efforts is to identify and refer for criminal prosecution persons engaged in criminal infringement activity.

7. Warner has used – and, indeed, continues to use – information from the antipiracy system at issue in this litigation, including its antipiracy computer programs, in support of referrals to law enforcement agencies for criminal investigations of copyright infringement.

I declare under penalty of perjury that the foregoing in true and correct.

Executed in the state of California this 12th day of March, 2014.

*[signature]*
David Kaplan

4