**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**
**CASE NO.: 1:11-CV-20427-KMW Williams/Turnoff**

DISEY ENTERPRISES, INC, et al, )
                                  )
                 Plaintiffs, )
                                  )
         v. )
                                    )
HOTFILE CORP, et al, )
                                    )
               Defendants. )
                                    )
                                    )
_____ )

**<u>REPLY MEMORANDUM OF THE ELECTRONIC FRONTIER FOUNDATION IN
SUPPORT OF MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED
PURPOSE OF MOVING TO UNSEAL DOCUMENTS</u>**

# INTRODUCTION

The Electronic Frontier Foundation (EFF) moved to intervene for the limited purpose of filing a motion to unseal a small set of records pertaining to the Court's decision on Hotfile's counterclaim, in order to inform public debate over the use and abuse of Digital Millennium Copyright Act (DMCA) takedown notices. Although Plaintiffs informed counsel for EFF that they objected to EFF's motion to intervene, Plaintiffs' memorandum in opposition is silent on the issue of EFF's intervention in the case. Plaintiffs have waived that issue. *United States v. Levy*, 391 F.3d 1327 (11th Cir. 2004) ("[O]ur well-established rule [is] that issues and contentions not timely raised in the briefs are deemed abandoned."); *Smart v. City of Miami Beach*, No. 13-20699-CIV, 2014 WL 847814, *2 n.1 (S.D. Fla. Mar. 4, 2014) ("Arguments not properly presented in a party's initial brief . . . are deemed waived."). Because Plaintiff has conceded EFF's intervention in this matter and has instead focused its argument on the merits of the proposed motion to unseal, this Reply addresses Plaintiffs' Opposition to EFF's proposed motion to unseal documents (ECF No. 669-1).

Government and the public are hotly debating what constitutes unlawful abuse of Digital Millennium Copyright Act (DMCA) takedown notices. This Court considered that question with respect to plaintiff Warner Bros. Entertainment (Warner), one of the most prolific senders of takedowns. The Court found sufficient evidence to raise a jury question. Unfortunately, the public record to date does not disclose what that evidence was. The line that Warner may have crossed as a matter of law remains obscured, and neither copyright owners in Warner's position, nor Internet users such as Hotfile's former customers, nor participants in the legislative review (other than Warner itself), can use the Court's Order to conform their conduct or further their understanding of the law. That abuse of DMCA takedowns is a matter of immediate public concern, that Warner is one of the principal actors whose conduct has raised this concern, and that EFF has worked for many years to promote informed debate on this issue are all beyond serious dispute.

Set against this public concern, Plaintiffs' conclusory assertion that disclosing the basis

for the Court's decision will cause them serious harm is not compelling. An information security system that necessarily depends, by Plaintiffs' own admission, on the permanent secrecy of every detail, is inherently fragile and deserving of less judicial protection. Nor did Warner have a reasonable expectation that material submitted in connection with a dispositive motion, material which formed the basis for the Court's decision on that motion, would remain permanently secret.

Local Rule 5.4's presumption that filings and proceedings are public, coupled with the factors listed in *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007), favor unsealing of the records designated by EFF. Plaintiffs have not overcome "the tradition favoring access" to judicial records. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (2001).[1] As the Southern District of Florida has acknowledged, "[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2013 WL 5928586 (S.D. Fla. Nov. 1, 2013)(*quoting United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir.1978))(unsealing previously-sealed documents). This Court should order the records unsealed.

## I.     The Public Record On Hotfile's Counterclaim Is Not Sufficient.

In this case, Hotfile brought a counterclaim against Warner for violation of 17 U.S.C. § 512(f), for allegedly using a streamlined version of the DMCA takedown process to delete files from Hotfile's server "without ever checking their content." Hotfile's Answer and Counterclaims, ECF No. 121, at 19 ¶ 17. When Warner moved for summary judgment on the counterclaim, this Court ruled that evidence submitted by Hotfile about the design and operation

---

[1] EFF does not claim that sealing is subject to "heightened scrutiny" here. Plaintiffs' Opposition to EFF's Motion to Unseal Documents at 2 n.1. Nonetheless, public access to court records is the traditional norm, *Chicago Tribune*, 263 F.3d at 1312, because "the integrity of the judiciary is maintained by the public's right of access to court proceedings." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir.2007).

of Warner's takedown system was "sufficient to sustain an inference that Warner violated Section 512(f)." Order (ECF No. 534), at 97. Thus, although the case did not proceed to trial, the Court ruled as a matter of law that evidence of certain conduct by Warner was sufficient to raise a jury issue. The public version of the Order draws conclusions about this evidence: that it suggested "an illicit motive," *id.* at 33; that "Warner's efforts to police were at times overzealous and overreaching," *id.* at 34; and that "certain 'egregious' aspects of Warner's system that might have prevented it from acquiring subjective knowledge" of the legal status of files Warner deleted, *id.* at 94. The Order also refers to other redacted evidence that "can raise an inference that Warner is liable for possessing guilty knowledge," *id.* at 95, and evidence that could leave Warner "vulnerable to suit," *id.* at 96.

Although all of the evidence the Court referred to in support of these conclusions is redacted, the Court's denial of summary judgment was undoubtedly a legal decision on the merits of Warner's dispositive motion. Thus, it should be part of the public record. *Chicago Tribune*, 263 F.3d at 1312 ("[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of public access); Charles A. Wright, Arthur R. Miller, et al, 8A Fed. Prac. & Proc. Civ. § 2042 (3d ed.) ("The strongest arguments for access apply to materials used as the basis for a judicial decision of the merits of the case, as by summary judgment."). Plaintiffs' contention that "the court merely recounted Hotfile's allegations and did not reach the merits of the counterclaim" is incorrect, as the Court's decision was based on evidence, not allegations. Plaintiffs Opposition to the Electronic Frontier Foundation's Motion to Unseal Documents Relating to Summary Judgment on Hotfile's Counterclaim (ECF No. 669-1), at 6 ("Opp.").

The Court's bare conclusions, with factual bases redacted, are of little use to the public. The public version of the Order does not help copyright owners in Warner's position determine when a takedown process is "overzealous," nor what features of such a system were deemed to prevent a rightsholder from acquiring the substantive knowledge of infringement required by Sections 512(c) and (f), nor what sort of evidence raises an inference of guilty knowledge. The

public version of the opinion gives operators and users of sites like Hotfile no guidance as to when a suit under Section 512(f) will have merit.

## II.    The Court's Basis For Denying Summary Judgment On Hotfile's Counterclaim Is Of Vital Public Concern.

Plaintiffs cannot seriously contend that Warner's conduct on websites such as Hotfile, which are used by thousands of people for numerous purposes, is not a matter of public concern. As described in EFF's proposed motion to unseal, Warner is one of the most prolific senders of takedowns. ECF No. 667-1, at 4. Its actions with respect to one website alone (the Google search engine) have affected millions of Web pages, and Warner actively seeks the removal of third parties' communications from other websites as well. *Id*.; Warner Bros. Entertainment Inc.'s Motion for Summary Judgment and Memorandum of Law (ECF No. 301), at 4.

Warner, through its principal trade association, the Motion Picture Association of America, is actively seeking changes to Section 512 of the DMCA, the very section that the Court found Warner may have violated. *See* In the Matter of Request for Comments on Department of Commerce Green Paper, Copyright Policy, Creativity, and Innovation in the Digital Economy, Docket No. 130927852–3852–01, Comments of the Motion Picture Association of America 3-6 (filed January 17, 2004), available at http://www.ntia.doc.gov/ files/ntia/motion_picture_association_of_america_post-meeting_comments.pdf (decrying the "burdens placed on copyright owners" by Section 512's requirements and arguing that "true abuses" are "an infinitesimal fraction of the literally millions of takedown notices sent each month."). Of course, Warner chooses how many takedown notices it will send each month, and has its own definition of "true abuses" that cannot be independently verified without robust access to the public record of Section 512 litigation.

Other participants must engage in this process without the information necessary to verify claims about the volume of infringement and the accuracy of Warner's processes. Since EFF filed its Motion, the Judiciary Committee of the U.S. House of Representatives has held a

4

hearing on the DMCA notice-and-takedown system. *See* http://judiciary.house.gov/index.cfm/ hearings?ID=3A1D170D-D431-486F-AEFA-3724B0D95AE9.  The general counsel of a company that hosts Internet sites testified that "[W]e spend significant effort reviewing and trying to weed out overbroad and abusive DMCA takedown notices, so that our users' speech isn't needlessly censored. This is a real cost to us." Testimony of Paul Sieminski, Automattic Inc., at 3, *available at* http://judiciary.house.gov/index.cfm/hearings?Id=3A1D170D-D431- 486F-AEFA-3724B0D95AE9&Statement_id=720C9E26-1282-4E15-947E-ABC60A281B20.

The competing claims of Warner and other Internet users as to the accuracy and burden of takedown systems cannot fairly be resolved without equitable access to the public record on that issue. Although Warner attempts to minimize the importance of the full summary judgment record, evidence of the actual conduct of one of the heaviest users of Section 512 takedowns is highly important to the ongoing legislative and policy process.

A meaningful public record of the Court's decision is also important with respect to other litigation based on Section 512(f). That section reflects Congress's purpose to curb the abuse of takedown notices by providing a private cause of action. S. Rpt. 105-190, at 21 (May 11, 1998) (Section 512(f) promotes "end-users legitimate interests in not having material removed without recourse." Allowing the public, including those whose First Amendment rights have been infringed by improper takedowns, to understand what evidence may raise a jury question as to violation of Section 512(f) gives effect to Congress's purpose, and cannot be dismissed as "to promote scandal."  Opp. at 4-5. A full understanding of the Court's decision is particularly important here because few courts have had occasion to construe Section 512(f).

### III.    Plaintiffs' Rationales for Permanent Secrecy of the Court's Full Decision Are Weak.

Plaintiffs' proffered reasons why the full text of this Court's decision and its factual basis must forever remain secret law—at least insofar as Plaintiffs have disclosed their rationale on the public docket—are not compelling. Publicly, Plaintiffs express only their own conclusion that

disclosure of *any* of the information sought by EFF "would severely undermine the effectiveness of Warner's antipiracy system." Opp. at 2-3. This alone is insufficient. *Romero*, 480 F.3d at 1247 (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ("stereotyped and conclusory statements … do not establish good cause.").

Warner illustrates the flaws in its own position by concealing from EFF the very basis for its opposition behind yet more sealed filings, leaving EFF and the public once again in the dark. Plaintiffs should not be permitted to rely on sealed evidence and argument in support of their motion. EFF cannot respond, and cannot be required to respond to assertions to which it does not have access. *Morgan v. United States*, 304 U.S. 1, 18 (1938) ("The right to a hearing embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them. The right to submit argument implies that opportunity; otherwise the right may be but a barren one."). The Court should therefore disregard the redacted portions of Plaintiffs' Opposition and of the Declaration of David Kaplan filed in support of the Opposition (ECF No. 670-1).[2]

Assuming *arguendo* that the redacted portions of Plaintiffs' Opposition go beyond mere assertions of harm, Plaintiffs nonetheless imply that their system is so fragile, so likely to be undermined by the disclosure of even the mere summaries or examples included in the Court's Order, that it does not merit the Court's permanent protection. As EFF explained in its Motion, a dependence on secrecy of implementation makes a security system inherently weak. Plaintiffs assert that permanent secrecy of "the details" of Warner's takedown system, apparently including even the merest descriptions or quotes included in the Court's Order, are "essential to

---

[2] When the Court unseals the requested documents, it should also *sua sponte* unseal the Opposition.  See, e.g., *Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2013 WL 5928586 (S.D. Fla. Nov. 1 2013)(*sua sponte* ordering previously-sealed motions unsealed in keeping with other rulings on motions to seal).

the system's inability to function"—the very definition of a weak security system. Opp. at 7; *see* Bruce Schneier, *Secrets and Lies: Digital Security in a Networked World* 343-45 (2000) ("If a system is designed with security by obscurity, then that security is delicate… . A good system design is secure even if the details are public."). And regardless of whether "much of what was present in the system two years ago … remains part of the system's basic structure," Opp. at 3, Plaintiffs' legal interest in the *permanent* secrecy of two-year-old descriptions of its system is minimal.

Plaintiffs' assertion that their purported reliance on the blanket protective order in this case justifies permanent secrecy is inapposite. Opp. at 7-8 (citing *Chicago Tribune*, 263 F.3d at 1315 n.15). *Chicago Tribune* concerned the unsealing of discovery materials filed by an opposing party in connection with a motion to compel discovery. *Id.* at 1312-13. Those materials could fairly be classified as "discovery material" that did not form any part of a substantive decision by the Court. Plaintiffs here, in contrast, brought suit against Hotfile and moved for summary judgment on Hotfile's counterclaim. Plaintiffs could reasonably have expected that Hotfile would use evidence obtained through discovery to oppose summary judgment, and that the Court would incorporate that evidence into its decision on the merits. Generalized reliance on a blanket protective order cannot justify permanent sealing of *all* evidence produced in discovery where such evidence becomes part of the Court's decision. *See id.* at 1311 ("[F]ederal courts traditionally distinguish between those items which may properly be considered public or judicial records and those that may not."). Where, as here, the court has decided a substantive, potentially dispositive motion "of a nondiscovery nature" there is "a presumptive right of public access." *Romero*, 480 F.3d at 1246.

**IV.     Plaintiffs Cannot Defeat The Public's Right To Know By Concealing Which Materials Are Relevant.**

Plaintiffs contend that "the Court did not even discuss much of the information sought by EFF." Opp. at 6 n.5. This is a mischaracterization, as EFF seeks the full text of the Court's decision on Hotfile's counterclaim and the factual bases for that decision. Plaintiffs cannot, however, prejudice EFF's and the public's right to access substantive court records by asserting that their redactions conceal irrelevant material not identifiable from context. If Plaintiffs' over-designation of confidential material has rendered it impossible to determine which materials formed the basis for the Court's Order, then EFF requests that the Court determine which of the materials enumerated in EFF's Motion are germane and should be unsealed.

## CONCLUSION

The Court should grant EFF's Motion to Intervene, and permit EFF to bring its Motion to Unseal Documents based on the memoranda already submitted.

Respectfully submitted,

Dated: March 27, 2014                            ELECTRONIC FRONTIER FOUNDATION


                                                 /s/ *Dineen Pashoukos Wasylik*
                                                 Dineen Pashoukos Wasylik
                                                 Florida State Bar No. 191620
                                                 Dineen Pashoukos Wasylik, P.A.
                                                 P.O. Box 48323
                                                 Tampa, FL 33646
                                                 Phone: 813-778-5161
                                                 Email: dineen@ip-appeals.com

                                                 Mitchell L. Stoltz (admitted *pro hac vice*)
                                                 ELECTRONIC FRONTIER FOUNDATION
                                                 815 Eddy St.
                                                 San Francisco, CA 94109
                                                 Phone: (415) 436-9333
                                                 Email: mitch@eff.org
                                                 *Attorneys for the Electronic Frontier Foundation*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on March 27, 2014, I caused a true copy of the foregoing to be filed using the Court's Electronic Case Filing system, which served a copy on all counsel of record via e-mail.

<u>/s/ <em>Dineen Pashoukos Wasylik</em></u>
Dineen Pashoukos Wasylik
