# EXHIBIT D

**FILED UNDER SEAL**                               CASE NO.: 11-CIV-20427-WILLIAMS/TURNOFF

consistently misidentifying small single files as Warner movies, but it continued to delete those files anyway. As such, there is a question of fact as to whether Warner's misrepresentations of infringement as to those files were knowing under any standard.

Finally, Warner testified that it knew that copies of a non-infringing software program, JDownloader, were often posted on webpages containing other content Warner sought to delete, but despite this knowledge, Warner did not take steps to prevent the deletion of JDownloader files until August 2011 at the earliest. Thompson Decl. Ex. 4 (Kaplan Depo. 232:13-16). Also, since Warner claims to, as a matter of practice, review lists of files it had previously deleted, there is a question of fact as to whether Warner knew that it had been systematically deleting copies of JDownloader since 2009. *Id.* at 87:20-88:4.

### 3. There Is Evidence Suggesting That Warner "Deliberately" Deleted Files – Though Such Intent Is Not Necessary for § 512(f) Liability.

As noted, Warner was itself using JDownloader for locating allegedly infringing material. Thompson Decl. Ex. 14. Tellingly, though Warner had absolutely no authorization to delete JDownloader, Warner testified it may have had the right to delete files of JDownloader nonetheless because Warner suspected that it was being used to facilitate the downloading of its work: "I'm not prepared to say that we would have no legal right to take down JDownloader in some circumstances at least." Thompson Decl. Ex. 4 (Kaplan Depo. 236:9-18). On summary judgment, this statement is sufficient to raise a material issue as to whether Warner knew that its robots were systematically deleting copies of JDownloader typically posted on suspected "post pages," and refrained from correcting the error because Warner thought that eliminating JDownloader would serve its "anti-piracy" purposes.

### 4. Warner's Claimed Reliance On Human Review Of Files By Its Vendor LeakID At Best Raises Further Questions Of Material Fact.

Warner attempts to avoid liability for improper deletions made by its automated system by noting that many of the files identified in Hotfile's counterclaim were located by one of its vendors, LeakID, whose process for locating files purportedly "involved human scanning" of the links, though there is no evidence in the record regarding where or how LeakID found those files. (Kaplan Decl. ¶ 20); *see also* Thompson Decl. Ex. 23. At deposition, Warner testified that Warner's "system" for processing LeakID-provided links involved a Warner employee named Didier Wang manually reviewing and approving the text of the URLs of all such links before having Warner's robots send notices on those files. CSUF ¶ 5. As such, the only factual basis in