UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

 *Defendants*.
                                                              /

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
                                                              /

## PLAINTIFFS' PROPOSED SCHEDULE REGARDING THE UNSEALING OF THE SEALED DOCKET ENTRIES

Pursuant to this Court's order of September 25, 2014, Plaintiffs Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. (collectively "Plaintiffs") hereby submit a proposed schedule regarding the unsealing of the sealed docket entries in this matter.[1]

---

[1] Counsel for Plaintiffs has conferred with counsel for Defendant Hotfile Corp. and Anton Titov regarding the schedule proposed herein, and Defendants take no position with respect to the proposed schedule.

1

**PROPOSED SCHEDULE**

Plaintiffs have previously identified three categories of material that should remain under seal: material redacted on behalf of Plaintiff Warner Bros. Entertainment Inc. ("Warner"), identified in Exhibits A, B, and C to Plaintiffs' Response to the Court's Omnibus Order of November 26, 2013 (D.E. 666-2, -3, -5) and the Supplemental Designations attached to Plaintiffs' Motion and Memorandum of Law to Amend Plaintiffs' Response to the Court's Omnibus Order of November 26, 2013 (D.E. 668-2); material redacted on behalf of Plaintiff Columbia Pictures Industries ("Columbia"), identified in Exhibit D to Plaintiffs' Response to the Court's Omnibus Order of November 26, 2013 (666-4); and material redacted on behalf of Vobile Inc., identified in Exhibit F to Plaintiffs' Response to the Court's Omnibus Order of November 26, 2013 (D.E. 666-7). Plaintiffs propose the following schedule regarding the unsealing of these sealed docket entries:

| Description of Redacted Material | Location of Redacted Material | Period Before Material Should Be Unsealed |
|---|---|---|
| Redactions on Behalf of Plaintiff Warner Bros. Entertainment Inc. | Materials identified in D.E. 666-2, -3, -5 and 668-2, except to the extent that Plaintiffs have previously filed public, unredacted versions of these materials; <br><br> D.E. 666-1, at 1-8 <br><br> D.E. 666-2, at 1; <br><br> D.E. 668-1, at 1-2; <br><br> D.E. 668-2, at 1; <br><br> D.E. 669-1, at 3-4, 6; <br><br> D.E. 670-1, at 2-4. | No less than 18 months. |
| Redactions on Behalf of Plaintiff Columbia Pictures Industries | Material identified in D.E. 666-5; <br><br> D.E. 666-1, at 9-10; <br><br> Declaration of Sean Jaquez in Support of Plaintiffs' Proposed Schedule Regarding the Unsealing of the Sealed Docket Entries, attached hereto, at 2. | Indefinitely but no less than 10 years. |

| Redactions on behalf of Vobile Inc. | Material identified in Exhibit A hereto, included among material redacted in D.E. 390-19, at 105-07. | No less than 10 years. |
|---|---|---|
| | Material identified in Exhibit B hereto, included among material redacted in D.E. 390-19, at 105-07; <br><br> D.E. 394-1, at 6 | No less than 15 years. |

## ARGUMENT

### I. Redactions on Behalf of Plaintiff Warner Bros. Entertainment Inc.

Plaintiffs respectfully propose that material redacted on behalf of Warner in this proceeding, which pertains to the operation of Warner's antipiracy system and investigation thereof, should remain under seal for no less than eighteen months. As Plaintiffs have previously explained, disclosure of the information at issue here would undermine severely the effectiveness of Warner's antipiracy system by providing would-be infringers with highly specific information they could use to circumvent Warner's antipiracy system. *See* Plaintiffs' Response to the Court's Omnibus Order at 2-9, Jan. 31, 2014 (filed under seal) ("Plaintiffs' Jan. 31 Filing"); Declaration of David Kaplan in Support of Plaintiffs' Proposed Schedule Regarding the Unsealing of the Sealed Docket Entries ("Kaplan Decl."), ¶ 2. Moreover, Warner anticipates that the basic structure of its antipiracy system will remain similar, and thus similarly susceptible to circumvention, into the near future. *See* Kaplan Decl. ¶¶ 3-6. As a result, disclosure of the materials that Warner has requested remain under seal would compromise the efficacy of Warner's antipiracy system if disclosed in the short term. *Id.* ¶ 6.

Nonetheless, Warner predicts that the risk to the effectiveness of its antipiracy system from public disclosure of the information contained in the materials at issue will somewhat abate over time. In particular, Warner anticipates that it will in the upcoming years continue to incorporate technological advances that will reduce the extent to which its present antipiracy system and practices rely upon methods that can be circumvented utilizing information contained in the sealed summary judgment record in this litigation. *Id.* ¶ 7. Accordingly, based on Warner's current expectations regarding upcoming improvements in its antipiracy system, Plaintiffs propose that – if the Court unseals the portions of the record still under seal that have

3

been redacted at Warner's request, as identified above – that any such unsealing take place no sooner than eighteen months from this filing.[2]

## II.     Redactions on Behalf of Columbia Pictures Industries, Inc.

In contrast, the very small amount of material that remains under seal on behalf of Columbia, which pertains to broad policy decisions Columbia has made regarding online copyright enforcement, should remain sealed indefinitely, or at least for a period of no less than ten years.  Defendants have cited two specific pieces of information regarding Columbia's enforcement policies that, if revealed to the public, could compromise Columbia's ability to protect its copyrighted works.  *See* Plaintiffs' Jan. 31 Filing at 9.  As explained in Plaintiffs' January 31 Filing, information regarding Columbia's enforcement criteria and policies could be exploited by putative infringers if they were to become widely known.  Plaintiffs' Jan. 31 Filing at 9-10; *see also* Declaration of Sean Jaquez in Support of Plaintiffs' Proposed Schedule Regarding the Unsealing of the Sealed Docket Entries ("Jaquez Decl."), ¶¶ 2-3.

The sensitivity of those policies is unlikely to abate over time in any meaningful way.  Unlike the material redacted on behalf of Warner, which reflects specific and technical details of Warner's current antipiracy system that will become less sensitive as the underlying system changes, the material redacted on behalf of Columbia reflects broad policy decisions that Columbia has made regarding online copyright enforcement, and which Columbia intends to continue indefinitely.  Jaquez Decl. ¶¶ 2, 5.  Accordingly, Columbia does not believe that this material should be unsealed at all; however, if the Court chooses to unseal it, Columbia requests that any such unsealing take place at least ten years into the future in order to protect the integrity of Columbia's antipiracy efforts.

Moreover, Columbia has very conservatively limited its requests with regard to the information it requests to remain under seal.  Out of a record containing more than 150 sealed and redacted filings, Columbia seeks to preserve the confidentiality of only two pages of one exhibit, and a single sentence of Defendants' summary judgment filing.  *See* Plaintiffs' January

---

[2] Warner's request to keep sensitive materials under seal for eighteen months is not excessive. Courts frequently order that materials filed under seal remain sealed for more than eighteen months.  *See, e.g.*, *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 462 (10th Cir. 1980) (ordering that the record on appeal remain sealed for five years); *Estate of Martin Luther King Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1367 (N.D. Ga. 2002) (sealing the depositions at issue for an additional five years, such that the relevant testimony would be ten years old when unsealed).

31 Filing, Exhibit D.  Hotfile, not Columbia, chose to place this information regarding Columbia's enforcement policies into the record, which, in any event, played no role whatsoever in the Court's disposition of the case, as it was irrelevant to the issues presented by the decision. The modesty of this request demonstrates Columbia's effort to identify only the most sensitive information, and, coupled with the fact that the information at issue played no role in the Court's decision, should weigh in favor of granting Columbia's request to keep this sensitive information under seal for no less than ten years.  Federal courts routinely allow confidential information to remain under seal for ten or more years.  *See, e.g.*, *In re Northwest Airlines Corp. et al.*, No. 96-cv-74711, 2007 WL 445247, at *1-2 (E.D. Mich. Feb. 5, 2007) (noting that the sealed material at issue had been under seal for eleven years); *see also Estate of Martin Luther King Jr.*, 185 F. Supp. 2d 1353, 1367 (N.D. Ga. 2002) (sealing the depositions at issue for an additional five years, such that the relevant testimony would be ten years old when unsealed).  The Civil Local Rules for the Northern District of California, for example, specifically provide that documents filed under seal may be kept sealed for ten years, and that the ten-year period may be extended for "good cause."  *See* United States District Court, Northern District of California, Civil Local Rule 79-5(e).  In this matter, Plaintiffs have amply demonstrated "good cause" to keep Columbia's sensitive information under seal for a minimum of ten years.

### III.     Third-Party Redactions by Vobile, Inc.

The record also contains sealed information pertaining to the pricing structure and revenues from specific customers of Vobile, a third party to this litigation, which were redacted at Vobile's request.  Counsel for Plaintiffs have conferred with counsel for Vobile, and Vobile has requested that the specific prices paid by Hotfile remain sealed for no less than ten years from the date of the pricing at issue, and that its pricing to studio customers and pricing rationale remain sealed for no less than fifteen years from the date of the pricing at issue.  Vobile has provided Plaintiffs with narrowed proposed redactions reflecting these categories, limited to a few lines of a deposition transcript, which are attached to this filing as Exhibits A and B, and a single citation thereto.

As explained by Vobile's CEO Yangbin Wang in the accompanying Nov. 10, 2014 declaration ("Wang Declaration"), Vobile believes that prematurely publicizing its pricing data, structure, and rationale would unfairly put it at economic risk.  *See* Wang Decl. ¶ 9.  As a small, privately-held start-up company, Vobile requires that its pricing information be kept confidential

5

in order to ensure that it is able to aggressively price its product without being undercut by competitors, and without other customers being able to use public pricing information against Vobile in negotiations. *Id.* ¶ 7, 9. Vobile has informed Plaintiffs that it has worked diligently to ensure the secrecy of its pricing information, and has stated that it negotiates pricing with its customers on an individual basis based on a variety of factors, including the nature of the services provided and Vobile's relationship with the customer, and that its contracts with customers expressly provide that pricing information should be kept secret. *Id.* ¶ 9.

Further, Vobile believes that its pricing information will remain sensitive in the long term. *Id.* ¶ 9. For example, Vobile has informed Plaintiffs that it has kept the pricing it offered at its founding ten years ago secret today, demonstrating the necessity of ensuring the confidentiality of Vobile's pricing information for at least a decade. *Id.* ¶ 9. Vobile has expressed particular concern about the confidentiality of information regarding the prices paid by the Plaintiffs to this litigation, who are Vobile's largest and most critical customers, and has therefore requested that the pricing of the services it provides to Plaintiffs remain under seal for at least 15 years. *Id.* ¶¶ 9-10.

As with the materials redacted on behalf of Columbia, Hotfile placed Vobile's pricing information into the record in this case, but that pricing information played no role in the Court's disposition of the litigation. Moreover, the narrowness of Vobile's request – further narrowed in this filing – should further weigh in favor of continuing to keep Vobile's sensitive pricing information under seal. Vobile is a third-party to this litigation whose CEO testified in reliance on the protective order. Wang Decl. ¶¶ 6-7. Its interests in ensuring the confidentiality of information regarding its business are therefore entitled to a heightened degree of protection. *See* Plaintiffs' Jan. 31 Filing., Dkt. No. 664, at 10-12. Moreover, as explained in Plaintiffs' January 31 Filing, courts have long recognized that confidential pricing information is proprietary information that should typically be kept under seal. *Id.* at 11. Therefore, there is no compelling reason to unseal the limited redacted Vobile pricing information in the record, and the Court should unseal such information, if at all, only after a substantial period of time has elapsed.

## Conclusion

For the foregoing reasons, any unsealing of the remaining materials remain under seal in this case should take place according to the schedule proposed by Plaintiffs herein.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), U.S. District Court for the Southern District of Florida, counsel for Plaintiffs has conferred with counsel for Defendant Hotfile Corp. and Anton Titov in a good-faith efforts to resolve the issues raised in this Plaintiffs' Proposed Schedule Regarding the Unsealing of the Sealed Docket Entries without court action. Defendants take no position with respect to the issues raised in this Plaintiffs' Proposed Schedule Regarding the Unsealing of the Sealed Docket Entries.

DATED: November 10, 2014         Respectfully submitted,

By: /s/ Karen L. Stetson
Karen L. Stetson
GRAY-ROBINSON, P.A.
1221 Brickell Avenue
16th Floor
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

MOTION PICTURE ASSOCIATION         JENNER & BLOCK LLP
 OF AMERICA, INC.                  David A. Handzo (*Pro Hac Vice*)
Karen R. Thorland (*Pro Hac Vice*) Kenneth L. Doroshow (*Pro Hac Vice*)
15301 Ventura Blvd.                Luke C. Platzer (*Pro Hac Vice*)
Building E                         1099 New York Ave., N.W.
Sherman Oaks, CA 91403             Suite 900
Phone: (818) 995-6600              Washington, DC 20001
Fax: (818) 285-4403                Telephone: (202) 639-6000
                                   Facsimile: (202) 639-6066

                                   *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of November 2014, I served the following document on all counsel of record on the attached service list via their email address(es) pursuant to the parties' service agreement:

**Plaintiffs' Proposed Schedule Regarding the Unsealing of the Sealed Docket Entries**

By: /s/ Karen L. Stetson____<br>
Karen L. Stetson

## SERVICE LIST

### Disney Enterprises, Inc., et al. v. Hotfile Corp. et al.
### CASE NO. 11-CIV-20427-WILLIAMS-TURNOFF

BOSTON LAW GROUP, PC
Valentin Gurvits
vgurvits@bostonlawgroup.com
Matthew Shayefar
matt@bostonlawgroup.com
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Phone: 617-928-1804

*Attorneys for Defendants Hotfile Corp. and Anton Titov*

CIAMPA FRAY-WITZER, LLP
Evan Fray-Witzer
evan@cfwlegal.com
20 Park Plaza, Suite 804
Boston, MA 02116 Phone:617-426-0000

*Attorney for Defendants Hotfile Corp. and Anton Titov*

COBB EDDY MIJARES PLLC
Brady J. Cobb
bcobb@CEMLaw.net
642 Northeast Third Ave.
Fort Lauderdale, FL 33305
Phone: 954-527-4111, ext 201
*Attorney for Defendants Hotfile Corp. and Anton Titov*

9