UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20427-WILLIAMS/TURNOFF

DISNEY ENTERPRISES, INC.,
TWENTIETH CENTURY FOX FILM CORPORATION,
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,
COLUMBIA PICTURES INDUSTRIES, INC., and
WARNER BROS. ENTERTAINMENT INC.,

*Plaintiffs*,

v.

HOTFILE CORP., ANTON TITOV, and
DOES 1-10.

*Defendants*.
_____/

HOTFILE CORP.,

*Counterclaimant*,

v.

WARNER BROS. ENTERTAINMENT INC.,

*Counterdefendant*.
_____/

**DECLARATION OF DAVID KAPLAN IN SUPPORT OF PLAINTIFFS' PROPOSED SCHEDULE REGARDING THE UNSEALING OF THE SEALED DOCKET ENTRIES**

I, DAVID KAPLAN, declare as follows:

1. I hold the position of Senior Vice President, Intellectual Property Counsel, Worldwide Content Protection and Analytics at Warner Bros. Entertainment Inc. ("Warner"). In that capacity, I oversee Warner's antipiracy efforts worldwide, including with respect to so-called "locker" and "linking" sites, including Hotfile. I make this declaration in support of Plaintiffs' Proposed Schedule Regarding the Unsealing of the Sealed Docket Entries. Unless otherwise indicated, I have personal knowledge of all of the procedures and events described herein.

### The Evolution of Warner's Locker Site Enforcement System

2. I have explained and described the basic nature and structure of Warner's copyright enforcement system in a prior declaration filed in support of Warner Bros. Entertainment's Motion for Summary Judgment with respect to Hotfile's counterclaim. *See* Declaration of David Kaplan in Support of Warner Bros. Entertainment's Motion for Summary Judgment (filed under seal), ¶¶ 2-13. This prior declaration explained key facts regarding the methods Warner uses to search linking sites and locker sites for content that infringes Warner's copyright.

3. In a separate declaration, I have also explained that these facts regarding the structure and methods of Warner's antipiracy system were discussed in the parties' filings at summary judgment and remain true today. *See* Declaration of David Kaplan in Support of Plaintiffs' Opposition to the Electronic Frontier Foundation's Motion to Unseal Documents Relating to Summary Judgment on Hotfile's Counterclaim (filed under seal), ¶ 3.

4. As this declaration explained, although some of the specific algorithms employed by Warner's computer programs employ have evolved, the basic structure of Warner's antipiracy enforcement system has remained constant since before Warner filed for summary judgment on Hotfile's counterclaim. For example, some of the searches Warner used to identify content that infringes its copyright are still employed by Warner. *Id.*

5. If putative infringers were to gain access to confidential information regarding Warner's copyright enforcement system revealed at the summary judgment stage of this litigation, Warner would be significantly prejudiced because such information would give pirates multiple routes for evading detection and copyright enforcement. For example, were a putative infringer to learn the specific searches Warner used to identify content that infringes its

2

copyright, the infringer could evade detection by identifying infringing content using terms that would evade Warner's searches.

6.  I anticipate Warner's antipiracy enforcement system will continue to use the same basic structure, and remain susceptible to being circumvented were knowledge of its structure and methods to be publicly revealed, in the short term (*i.e.*, through at least the end of the next year). During this period, revealing confidential information regarding Warner's copyright enforcement system filed under seal in this litigation would continue to compromise Warner's copyright enforcement system and prejudice its ability to protect its copyrights online.

7.  Warner works continuously to update and improve its copyright enforcement efforts. As the tools and technologies for online copyright enforcement continue to evolve, and Warner adopts those evolving tools as part of its ongoing efforts to improve its antipiracy practices, Warner believes that the risk to the effectiveness of its antipiracy system from public disclosure of sealed evidence within the summary judgment record in this litigation will be reduced. Warner's expectation is that, by the end of the upcoming eighteen-month period, it will have changed its practices and the technologies it utilizes with respect to the detection and removal of unauthorized materials on linking and file-hosting sites to an extent that the sealed materials in the summary judgment record in this case will present a lower risk of undercutting its enforcement efforts.

I declare under penalty of perjury that the foregoing in true and correct.
Executed in the state of California this 10th day of November, 2014.

David Kaplan