UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-20427-WILLIAMS

DISNEY ENTERPRISES, INC., *et al.*,

    *Plaintiffs*,

vs.

HOTFILE CORP., *et al.*,

    *Defendants*.

_____/

**DECLARATION OF YANGBIN WANG**

I, Yangbin Wang, declare as follows:

1. My name is Yangbin Wang. I am more than 18 years of age and am qualified to make the statements below, which are based upon my personal knowledge.

2. I received my Bachelor of Science degree from Zhejiang University in China, and I received my MSEE degree from the University of Florida, Gainesville. I also completed the executive education program at the Stanford Graduate School of Business.

3. I am the founder of Vobile, Inc. ("Vobile") and I have been serving as its Chief Executive Officer since its formation in 2005.

4. Vobile has been informed that the Court has requested that the parties to the above-referenced lawsuit submit a schedule regarding the unsealing of documents that were filed under seal in this matter. Vobile was required to provide certain confidential information as a third party in this lawsuit. I am submitting this declaration to request that the information referenced below remain confidential for the periods specified in Plaintiffs' Proposed Schedule Regarding the Unsealing of the Sealed Docket Entries.

705576979v1

5. Vobile is a California corporation based in Santa Clara, California, that provides content identification and management products and services for content owners. Vobile is a relatively small privately-held company; among its customers are the major studios which are part of companies that are more than 1,000 times larger than Vobile.

6. Vobile was not a party to this litigation and testified only because Vobile was subpoenaed, as all of the major parties were its customers. Vobile was very concerned about confidentiality and reviewed and negotiated provisions of the protective order in advance of my deposition. I testified only after assurance that portions of my testimony concerning matters sensitive to Vobile would be attorneys-eyes only and would be kept confidential.

7. During the course of the above-referenced lawsuit, my deposition was taken as a representative of Vobile on December 22, 2011. During the deposition, I was asked about the monthly amounts paid to Vobile by Hotfile and by motion picture studio customers. As Vobile does not disclose such information, which is among its most valuable trade secrets, my response to this question was designated as "Attorneys' Eyes Only, Highly Confidential" pursuant to the protective order in this lawsuit. Based on the understanding that such information would remain confidential, I responded to these questions at pages 105, line 7 through page 107, line 22 of the transcript of my deposition.

8. Vobile has been informed that a portion of this confidential information was disclosed on page 6 of Hotfile's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and that this information was also similarly designated as confidential.

9. Vobile continues to regard information concerning the services requested by individual customers and the pricing and other key terms of its services to its customers as confidential. Vobile's agreements with its customers designate such information as confidential information which is subject to non-disclosure obligations. Vobile does not

705576979v1

publish a price list or publicly disclose its price information and takes reasonable measures to maintain such information as confidential.  Vobile also does not publicly disclose the nature of service subscribed by its customers, either presently or in the past.  Pricing is individually negotiated by Vobile with its customers based on a wide variety of factors including the nature of the services and the broader relationship.  Even today, Vobile's customers do not know the pricing offered to or services subscribed by other customers, either presently or in the past.  Vobile has never disclosed its customer pricing and in my opinion it would be detrimental to its business today were its present or past pricing for its customers, or the terms and conditions relating to such pricing, made publicly available.  For example, even now, in my opinion it would be detrimental to Vobile's business today if the pricing for its initial customers ten years ago was made publicly available.  Vobile is engaged in a highly competitive business and believes that the disclosure of such information would place it at a competitive disadvantage and have a serious adverse effect on its business and would be a breach of its customer agreements.

10. The services that Vobile provided to Hotfile were more limited during the period about which I testified in my deposition than Vobile's services for its major studio customers, who are its largest and most significant customers.  Accordingly, Vobile regards its pricing information relating to Hotfile as somewhat less sensitive than its pricing to its studio customers, albeit still highly confidential and sensitive.  Therefore, Vobile has requested that the information relating to its Hotfile pricing be kept confidential for another 10 years and that the information relating to its major studio pricing be kept confidential for another 15 years.

[Remainder of Page Left Intentionally Blank]

3

11. Vobile was not a party to this lawsuit and provided information as a third party in reliance on the assurance under the protective order in this matter that Vobile's confidential information would not be publicly disclosed. Vobile respectfully requests that the information referenced above be maintained as confidential in accordance with Plaintiffs' proposed schedule.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of November, 2014, at Santa Clara, California.

_____
Yangbin Wang

705576979v1